IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN (BALTIMORE) DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID J. BOSHEA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| | * | |
| COMPASS MARKETING, INC., | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

David J. Boshea respectfully moves this Court for an order striking the prefatory statement and the nine affirmative defenses filed by Compass Marketing, Inc. ("Compass"). In support, David Boshea states:

1. On February 5, 2021, David Boshea filed his two-count complaint against Compass for breach of contract in Count I and the violation of the Maryland Wage Payment and Collection Act in Count II.

2. On May 26, 2021, Compass filed its answer and affirmative defenses to the complaint.

3. Compass pleads each affirmative defense in an entirely conclusory fashion devoid of a solitary factual allegation.

4. Compass limited each affirmative defense to one sentence and failed to provide any facts supporting the defenses. The failure to plead any facts violates the Federal Rules of Civil Procedure's pleading requirements found in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5. Under the mandates required by *Twombly* and *Iqbal*, a party must plead an affirmative defense in a way that is "intelligible, gives fair notice, and is plausibly suggested by the facts." *Topline Solutions, Inc. v. Sandler Solutions, Inc.*, 2010 WL 2998836 (D. Md.), *1.

6. Because each affirmative defense fails to plead factual allegations in support, the Court should strike all of the defenses as inadequately pled.

7. In addition, Compass included an opening paragraph that does not conform with existing law. The Court should strike that paragraph. The opening portion of the affirmative defenses improperly seeks to shift the burden of proof to David Boshea and attempts to create a separate pleading order allowing Compass to amend its defenses.

8. David Boshea has set forth the legal bases for this motion in the supporting Memorandum of Law filed contemporaneously with this motion.

WHEREFORE, the plaintiff, David J. Boshea, respectfully requests this Court for an order striking the nine affirmative defenses filed by the defendant, Compass Marketing, Inc., and for such other and further relief this Court deems just.

**RESPECTFULLY SUBMITTED,**

/s/ Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. Clark Street, Suite 400
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

## **CERTIFICATE OF SERVICE**

I certify that on June 1, 2021, David J. Boshea served his Motion to Strike Defendant's Affirmative Defenses by CM/ECF on:

>Stephen B. Stern
>Heather K. Yeung
>Kagan Stern Marinello & Beard, LLC
>238 West Street
>Annapolis, Maryland 21401
>Email: stern@kaganstern.com
>Email: yeung@kaganstern.com

*Attorneys for Compass Marketing, Inc.*

>/s/ Gregory J. Jordan
>Gregory J. Jordan