IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN (BALTIMORE) DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID J. BOSHEA | * |
| Plaintiff, | * |
| v. | * Case No. 1:21-CV-00309-ELH |
| COMPASS MARKETING, INC. | * |
| Defendant. | * |

* * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff, David J. Boshea, through Thomas J. Gagliardo of the law firm of Gilbert Employment Law, P.C. and Gregory J. Jordan of the law firm of Jordan & Zito LLC, his counsel, submits the following memorandum in support of Plaintiff's Motion to Strike Defendant's Affirmative Defenses, stating:

### INTRODUCTION

As evidenced by the Compass Marketing, Inc Agreement Relating To Employment And Post-Employment Competition (the "Employment Agreement") (CM/ECF Doc. 1-3), David Boshea served as one of Compass Marketing, Inc.'s ("Compass") senior executives for virtually its entire existence.  After Compass let David Boshea go, Compass had to pay severance under the Employment Agreement.  Because Compass failed to honor its contractual obligations, David Boshea filed this diversity action to recover the money owed to him by Compass under the Employment Agreement.  The complaint contains two counts.  Count I sets forth a breach of contract claim.  Count II seeks to recover under the Maryland Wage Payment and Collection Act. (CM/ECF Doc. 1)(a copy of David Boshea's complaint is attached as Exhibit A).  On May 26,

2021, Compass filed an answer and nine affirmative defenses to the complaint. (CM/ECF Doc. 14) (a copy of Compass's an answer and affirmative defenses is attached as Exhibit B).

Although Compass lists nine affirmative defenses, the allegation of fraud in the third and fifth affirmative defenses contain the same words. None of the defenses is more than one sentence. All nine fail to meet the pleading standards required under the Federal Rules of Civil Procedure, as articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Compass pleads each defense in an entirely conclusory fashion.

This Court should strike all of the affirmative defenses. Most of them are devoid of even a single factual allegation. The reasoning in *Twombly* and *Iqbal* requires that a party plead an affirmative defense in a way that is "intelligible, gives fair notice, and is plausibly suggested by the facts." *Topline Solutions, Inc. v. Sandler Solutions, Inc.*, 2010 WL 2998836 (D. Md.), *1. "At a minimum, the facts asserted in an affirmative defense, and the reasonable inferences that may be drawn from those facts, must plausibly suggest a cognizable defense." *Id.* Due to the brevity of the defenses, David Boshea has no conception of what rationale underlies most of the defenses.

Because each of Compass's nine affirmative defenses fails to plead sufficient factual allegations to support a defense or fails to state a claim supported by existing law, the Court should strike them as inadequately pled under the *Twombly* and *Iqbal* standard and failing to meet the standards required under Rule 12(f)(2) of the Federal Rules of Civil Procedure.

## ARGUMENT

### REVIEW OF THE PLEADING STANDARD IN THIS DISTRICT

In fairness, courts in this District have not reached a consensus on whether the enhanced pleading standards articulated in *Twombly* and *Iqbal* apply to affirmative defenses. The court in

*Holden v. Bwell Healthcare Inc.*, No. CV SAG-19-760, 2020 WL 1285505 (D. Md. Mar. 18, 2020) summarized the situation as follows:

> To this Court's knowledge, neither the Supreme Court nor the Fourth Circuit has decided whether *Twombly* or *Iqbal* applies to affirmative defenses. *See Bakery & Confectionary Union*, 888 F.3d at 700 n.5 (noting that the question "continues to divide courts," but ultimately declining to resolve it). District Court judges in this District have reached different conclusions. *See Alston v. Transunion*, Civil No. GJH-16-491, 2017 WL 464369, at *2 (D. Md. Feb. 1, 2017) (comparing *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 595 (D. Md. 2013), with *Aguilar v. City Lights of China Rest., Inc.*, Civil No. DKC-11-2416, 2011 WL 5118325, at *4 (D. Md. Oct. 24, 2011)). At least two judges in this District have declined to apply the heightened pleading standard to affirmative defenses because of the "unfairness of holding defendants to as stringent a standard as plaintiffs, who have significantly more time to draft their complaint." *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387-88 (D. Md. 2014); *Lockheed Martin Corp.*, 973 F. Supp. 2d at 594. However, this Court, along with the majority of judges in this District, has held that the heightened *Twombly-Iqbal* pleading standard applies to affirmative defenses, because "it would be incongruous and unfair to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard." *Ultimate Outdoor Movies v. FunFlicks, LLC*, No. SAG-18-2315, 2019 WL 3323221, at *2 (D. Md. July 24, 2019) (quoting *Topline Sols., Inc. v. Sandler Sys., Inc.*, Civil No. ELH-09-3102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010)); *see also Topline Sols., Inc. v. Sandler Sys., Inc.*, Civil No. ELH-09-3102, 2017 WL 1862445, at *38-39 (D. Md. May 8, 2017) (collecting cases where the judges in this District applied the heightened pleading standard to affirmative defenses); *Blind Indus. & Servs. of Md. v. Route 40 Paintball Park*, Civil No. WMN-11-3562, 2012 WL 2946688, at *3 (D. Md. July 17, 2012). Despite Defendants' arguments to the contrary, *see* ECF 44 at 10-23, this Court will continue to adhere to its view that the *Twombly-Iqbal* standard applies to the pleading of affirmative defenses.

*Holden*, 2020 WL 1285505 at *5.

When viewing the affirmative defenses Compass filed, David Boshea asserts that the better view is to require a party pleading affirmative defenses to meet the *Twombly-Iqbal* pleading standard. Compass appears to have done no more than review a list of affirmative defenses and recite several of them without providing any facts in support. While the courts in *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard* and *Lockheed Martin Corp.* noted that plaintiffs have significantly more time to prepare their pleading; Compass had extra time to craft its affirmative

defenses as it did not respond to the complaint in a timely fashion, thus receiving additional time to prepare and file its affirmative defenses. David Boshea submits that this Court should follow the majority rule noted in *Holden* that requires that a party who pleads an affirmative defense must meet the *Twombly-Iqbal* pleading standard.

### THE PREFACE TO THE AFFIRMATIVE DEFENSES IS IMPROPER

Compass's affirmative defenses begin with a preface that states:

> Compass Marketing asserts the following affirmative defenses to Plaintiff's Complaint, but does not assume a burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Compass Marketing reserves the right to assert other affirmative and additional defenses, to delete and withdraw defenses, and to amend this Answer upon discovery of facts or evidence rendering such action appropriate. Moreover, all affirmative defenses are pled in the alternative and do not constitute an admission of liability that Plaintiff is entitled to any relief.
>
> (CM/ECF Doc. 14, p. 7).

In the opening paragraph of the affirmative defenses, Compass improperly seeks to shift the burden of proof to David Boshea and aims to create a separate pleading order for Compass to amend its defenses freely. Further, the preface does not set forth an affirmative defense. Under Rule 12(f), a 'court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Topline Solutions, Inc. v. Sandler Solutions, Inc.*, 2010 WL 2998836 (D. Md.), *1. The preface is immaterial to the allegations contained in the complaint. Accordingly, the Court should strike it from the pleading under Fed.R.Civ.P. 12(f).

### FIRST AFFIRMATIVE DEFENSE

Compass's first affirmative defense states, "Plaintiff's claims are barred to the extent that they fail to state a claim upon which relief may be granted." (CM/ECF Doc. 14, p. 7). Compass does not attempt to explain why this general statement applies. In *Topline supra*, the Court struck the same affirmative defense when it was pleaded in a conclusory manner, such as it is here. In

support of its decision to strike the affirmative defense, the *Topline* court struck a defense that contained no facts and "was too conclusory to provide fair notice of the grounds upon which" it stood. *Topline*, 2010 WL 2998836 (D. Md.), *2. For the same reasons, this Court should strike Compass's first affirmative defense.

### SECOND AFFIRMATIVE DEFENSE

Compass's second affirmative defense states, "Plaintiff's claims are barred in whole or in part by unclean hands." (CM/ECF Doc. 14, p. 7).

> The doctrine of unclean hands prevents a plaintiff from obtaining equitable relief if the plaintiff has been "guilty of any inequitable or wrongful conduct with respect to the transaction or subject matter sued on." *Richards v. Musselman,* 221 Va. 181, 267 S.E.2d 164, 166 n. 1 (1980) (quoting W. deFuniak, Handbook of Modern Equity § 24 (2d ed.1956)). A showing that the plaintiff engaged in inequitable conduct does not automatically bar equitable relief. Rather, a defendant raising an unclean hands defense must demonstrate "a close nexus between a party's unethical conduct and the transactions on which that party seeks relief.
>
> *Worldcom, Inc. v. Boyne*, 68 F. App'x 447, 451 (4th Cir. 2003) (quoting *In re Uwimana,* 274 F.3d 806, 810 (4th Cir.2001)).

The second affirmative defense does not indicate the inequitable conduct in which David Boshea purportedly engaged or how it relates to the Employment Agreement. Like the first affirmative defense, Compass pleads no facts in support of the defense, making it so conclusory that it does not provide fair notice of the ground on which it stands. Accordingly, this Court should strike Compass's second affirmative defense.

### THIRD AND FIFTH AFFIRMATIVE DEFENSES

Compass's third and fifth affirmative defenses both state that "Plaintiff's claims are barred in whole or in part by fraud." Again, Compass had pleaded no facts to support a fraud defense. When alleging fraud, Rule 9(b) requires that a party plead the cause of action with particularity. In *Bakery & Confectionary Union & Industry International Pension Fund v. Just Born II,*

5

*Incorporated*, 888 F. 3d 696 (4th Cir. 2018), the Court stated, "As an initial matter, we hold that defendants must satisfy Rule 9(b) when they plead affirmative defenses sounding in fraud." *Id.*, 888 F. 3d at 704. "This conclusion arises from the plain language of Rule 9(b), which states, 'In alleging fraud or mistake, *a party* must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.'" *Id.* (quoting Fed.R.Civ.P. 9(b)). Because Compass has pled no facts to support a fraud defense, it cannot meet the particularity standard. As such, this Court should strike Compass's third and fifth affirmative defenses.

### FOURTH AFFIRMATIVE DEFENSE

Compass's fourth affirmative defense states, "Plaintiff's claims are barred in whole or in part by estoppel. David Boshea has no way of knowing whether Compass alleges equitable estoppel, promissory estoppel, or some other action that gives rise to an estoppel defense. For the same reasons the previous defenses fail, this one also fails. This defense is conclusory, and Compass has pleaded no facts to support it. Accordingly, this Court should strike Compass's fourth affirmative defense.

### SIXTH AFFIRMATIVE DEFENSE

Compass asserts, as its sixth affirmative defense, that "Plaintiff's claims are barred in that the document attached to the complaint as Exhibit A is not authentic, as it was not entered into by Plaintiff and Compass Marketing." How this allegation constitutes an affirmative defense is unclear. Accordingly, this Court should strike Compass's sixth affirmative defense.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent the amount sought does not constitute "wages" as the Maryland Wage Payment and Collection Law defines that term. The

seventh affirmative defense is not an affirmative defense, and it incorrectly recites the law. The Employment Agreement provides that David Boshea has an entitlement to receive severance pay unless Compass terminated him for cause:

> A. If Employee's employment is terminated by COMPASS for any reason other than Cause, Employee shall receive severance payments totaling $180,000 (one hundred and eighty thousand U.S. dollars) which will be divided up into twenty-four payments and will commence with the Employee's effective date of termination and shall be made in accordance with COMPASS's normal payroll cycle. The period during which Employee receives severance payments shall be referred to as the "Severance Pay Period." Severance will increase one month for every month employed to a maximum severance of $540,000.
>
> Employment Agreement at p. 3.

This Court's decision in *Gresham v. Lumberman's Mut. Cas. Co.*, 426 F. Supp. 2d 321, 324 (D. Md. 2005), *aff'd sub nom. Gresham v. Lumbermen's Mut. Cas. Co.*, 173 F. App'x 220 (4th Cir. 2006) is directly on point.

> In *Stevenson v. Branch Banking & Trust Corp.,* 159 Md.App. 620, 861 A.2d 735, 749 (2004), the Court of Special Appeals opined that "a severance benefit that is based upon the length and/or nature of the employee's service and promised upon termination, may be recoverable under the Wage Payment Act." Because the severance benefit in *Stevenson* was tied to a non-compete agreement, the court found that the severance pay did not represent deferred compensation but was a *quid pro quo* for the noncompete agreement. *Id.* at 749–50. In contrast, in the present case the severance payment to which plaintiff was entitled related solely to his satisfactory service during the period of employment. The parties' agreement was that the benefit was to be paid if plaintiff was terminated without cause. Kemper makes no contention that Gresham engaged in any conduct that constituted cause for his discharge. To the contrary, he was a well regarded and highly performing executive. Accordingly, his severance benefit constitutes wages within the meaning of the WPA. *Cf. Provident Bank of Maryland v. McCarthy,* 2005 WL 2016923, at *2 (D.Md. Aug. 23, 2005) (finding that an imputed interest payment conditioned in part on the employee's termination without cause qualified as wages under the WPA).
>
> *Gresham*, 426 F. Supp. 2d at 324.

Like the court in *Stevenson*, the *Gresham* court has held that the Maryland Wage Payment and Collection Law includes severance payments within the definition of wages. Accordingly,

7

this Court should strike Compass's seventh affirmative defense for failure to state a claim under FRCP 12(f)(2).

### EIGHTH AND NINTH AFFIRMATIVE DEFENSES

In the Eighth Affirmative Defense, Compass claims, "Plaintiff's claims are barred in whole or in part to the extent there is a bona fide dispute as to why the sums claimed by Plaintiff were not paid by Compass Marketing." The Ninth Affirmative Defense states that "Plaintiff's claims are barred to the extent that Plaintiff breached one or more agreement(s) with Compass Marketing." Compass has failed to explain the bona fide dispute and also failed to delineate David Boshea's breaches to the extent these sentences even constitute affirmative defenses. Accordingly, this Court should strike Compass's eighth and ninth affirmative defenses.

WHEREFORE, the plaintiff, David J. Boshea, respectfully requests this Court for an order striking the nine affirmative defenses filed by the defendant, Compass Marketing, Inc., and for such other relief this Court deems just.

**RESPECTFULLY SUBMITTED,**

/s/ Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. Clark Street, Suite 400
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

## **CERTIFICATE OF SERVICE**

I certify that on June 1, 2021, David J. Boshea served his Memorandum in Support of Plaintiff's Motion to Strike Defendant's Affirmative Defenses by CM/ECF on:

>Stephen B. Stern
>Heather K. Yeung
>Kagan Stern Marinello & Beard, LLC
>238 West Street
>Annapolis, Maryland 21401
>Email: stern@kaganstern.com
>Email: yeung@kaganstern.com
>
>*Attorneys for Plaintiff*
>*Compass Marketing, Inc.*

                                                 */s/* Gregory J. Jordan_____
                                                      Gregory J. Jordan