# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN (BALTIMORE) DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID J. BOSHEA | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No. 1:21-CV-00309-ELH |
| v. | * | |
| | * | |
| COMPASS MARKETING, INC. | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT COMPASS MARKETING, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby answers the Complaint Breach of Contract ("Complaint") filed by Plaintiff David J. Boshea ("Boshea" or "Plaintiff") by responding to the numbered allegations in the Complaint, with the paragraph numbers below corresponding to those used in the Complaint.

### General Allegations

1.  The allegations in the first sentence of Paragraph 1 of the Complaint purport to characterize the nature of this lawsuit, to which no response is required. To the extent that a response is required, Compass Marketing denies that this lawsuit is for unpaid wages. The allegations in the first sentence of Paragraph 1 of the Complaint also purport to characterize the nature of this Court's jurisdiction over this dispute and Compass Marketing does not contest jurisdiction before this Court based on the current allegations in the Complaint. The allegations in part of the first sentence of Paragraph 1 of the Complaint and the second sentence of Paragraph 1 of the Complaint purport to identify and characterize a document attached to the Complaint as Exhibit A. The title and terms of the document speak for themselves and, to the extent that content

of the document attached to the Complaint as Exhibit A is inconsistent with the allegations in the Paragraph 1 of the Complaint, or that the document attached to the Complaint as Exhibit A is not authentic or otherwise was not entered into, the allegations are denied.

2. Compass Marketing denies the allegations in Paragraph 2 of the Complaint.

**Jurisdiction and Venue**

3. Upon information and belief, Compass Marketing admits the allegations in Paragraph 3 of the Complaint.

4. Compass Marketing admits the allegations in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of the Complaint contain legal conclusions, to which no response is required. To the extent that a response is required, Compass does not contest jurisdiction before this Court based on the current allegations in the Complaint.

6. The allegations in Paragraph 6 of the Complaint contain legal conclusions, to which no response is required. To the extent that a response is required, Compass Marketing does not contest venue before this Court based on the current allegations in the Complaint. The allegations in the third sentence purport to characterize certain terms of the document attached to the Complaint as Exhibit A. The terms of the document attached to the Complaint as Exhibit A speak for themselves and, to the extent that the content of the document attached to the Complaint as Exhibit A is inconsistent with the allegations of Paragraph 6 of the Complaint, or the document attached to the Complaint as Exhibit A is not authentic or otherwise was not entered into, the allegations are denied.

7. The allegations in Paragraph 7 of the Complaint purport to characterize certain terms of the document attached to the Complaint as Exhibit A. The terms of the document attached to the Complaint as Exhibit A speak for themselves and, to the extent that the content of the

document attached to the Complaint as Exhibit A is inconsistent with the allegations of Paragraph 7 of the Complaint, or the document attached to the Complaint as Exhibit A is not authentic or otherwise was not entered into, the allegations are denied.

8.     The allegations in Paragraph 8 of the Complaint contain legal conclusions, to which no response is required.  To the extent that a response is required, Compass Marketing does not contest personal jurisdiction before this Court based on the current allegations in the Complaint.

9.     The allegations in Paragraph 9 of the Complaint purport to characterize certain terms of the document attached to the Complaint as Exhibit A.  The terms of the document attached to the Complaint as Exhibit A speak for themselves and, to the extent that the content of the document attached to the Complaint as Exhibit A is inconsistent with the allegations of Paragraph 7 of the Complaint, or the document attached to the Complaint as Exhibit A is not authentic or otherwise was not entered into, the allegations are denied.  Compass Marketing denies the remaining allegations in Paragraph 9 of the Complaint.

10.    The allegations in Paragraph 10 of the Complaint purport to identify and characterize a document that is attached to the Complaint as Exhibit B.  The terms of the document attached to the Complaint as Exhibit B speak for themselves and, to the extent that the content of the document attached to the Complaint as Exhibit B is inconsistent with the allegations in Paragraph 10 of the Complaint, or the document attached to the Complaint as Exhibit B is not authentic or otherwise was not sent or signed by Compass Marketing, the allegations are denied.  Compass Marketing denies the remaining allegations in Paragraph 10 of the Complaint.

11.    Compass Marketing denies the allegations in Paragraph 11 of the Complaint.

12.    Compass Marketing denies the allegations in Paragraph 12 of the Complaint.

13. Without a timeframe referenced in Paragraph 13 of the Complaint, Compass Marketing is unable to admit or deny the allegations in Paragraph 13 as written. Compass Marketing admits the allegations in Paragraph 13 of the Complaint only to the extent the allegations in Paragraph 13 of the Complaint refer to the March 2020 timeframe.

14. The allegations in Paragraph 14 of the Complaint purport to characterize certain terms of the document attached to the Complaint as Exhibit A. The terms of the document attached to the Complaint as Exhibit A speak for themselves and, to the extent that the content of the document attached to the Complaint as Exhibit A is inconsistent with the allegations of Paragraph 14 of the Complaint, or the document attached to the Complaint as Exhibit A is not authentic or otherwise was not entered into, the allegations are denied.

15. The allegations in Paragraph 15 of the Complaint purport to identify and characterize the document attached to the Complaint as Exhibit C. The terms of the document attached to the Complaint as Exhibit C speak for themselves and, to the extent that the content of the document attached to the Complaint as Exhibit C is inconsistent with the allegations of Paragraph 15 of the Complaint, or the document attached to the Complaint as Exhibit C is not authentic or otherwise was not sent or signed by Compass Marketing, the allegations are denied. Compass Marketing denies the remaining allegations in Paragraph 15 of the Complaint.

16. Compass Marketing admits the allegations in Paragraph 16 of the Complaint.

## COUNT 1
## BREACH OF CONTRACT

17. Compass Marketing repeats and realleges the responses to the allegations in Paragraphs 1 through 16 of the Complaint as if fully set herein.

18. Compass Marketing denies the allegations in Paragraph 18 of the Complaint.

19. Compass Marketing denies the allegations in Paragraph 19 of the Complaint.

20. Compass Marketing admits that it has not paid Boshea severance. Compass Marketing denies the remaining allegations in Paragraph 20 of the Complaint.

21. Compass Marketing admits that it has not paid Boshea severance. Compass Marketing denies the remaining allegations in Paragraph 21 of the Complaint.

22. Compass Marketing denies the allegations in Paragraph 22 of the Complaint.

23. Compass Marketing denies the allegations in Paragraph 23 of the Complaint.

24. Compass Marketing denies the allegations in Paragraph 24 of the Complaint.

25. Compass Marketing denies the allegations in Paragraph 25 of the Complaint.

The final, unnumbered paragraph in Count I of the Complaint, which starts with "WHEREFORE," constitutes Plaintiff's request for relief with respect to Count I, to which no response is required. To the extent that a response is required, Compass Marketing denies that Plaintiff is entitled to any relief in this action.

## COUNT II
## VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION ACT

26. Compass Marketing repeats and realleges the responses to the allegations in Paragraphs 1 through 22 of the Complaint as if fully set herein.[1]

27. The allegations in Paragraph 27 of the Complaint contain legal conclusions, to which no response is required. To the extent that a response is required, Compass Marketing does not contest that it is an employer under the Maryland Wage Payment and Collection Law.

28. The allegations in Paragraph 28 of the Complaint contain legal conclusions, to which no response is required. To the extent that a response is required, Compass Marketing does not contest that Boshea was an employee under the Maryland Wage Payment and Collection Law.

---

[1] Compass Marketing is not admitting or otherwise neglecting to address the allegations in Paragraphs 23, 24, or 25 of the Complaint with respect to Count II of the Complaint, as the allegations in Paragraph 26 of the Complaint only incorporate by reference Paragraphs 1 through 22 of the Complaint.

5

29. Compass Marketing denies the allegations in Paragraph 29 of the Complaint.

30. Compass Marketing denies the allegations in Paragraph 30 of the Complaint.

31. Compass Marketing denies the allegations in Paragraph 31 of the Complaint.

32. Compass Marketing denies the allegations in Paragraph 32 of the Complaint.

33. Compass Marketing denies the allegations in Paragraph 33 of the Complaint.

34. Compass Marketing denies the allegations in Paragraph 34 of the Complaint.

35. Compass Marketing denies the allegations in Paragraph 35 of the Complaint.

36. Compass Marketing denies the allegations in Paragraph 36 of the Complaint.

37. Compass Marketing denies the allegations in Paragraph 37 of the Complaint.

38. Compass Marketing denies the allegations in Paragraph 38 of the Complaint.

39. Compass Marketing denies the allegations in Paragraph 39 of the Complaint.

40. Compass Marketing denies the allegations in Paragraph 40 of the Complaint.

41. Compass Marketing denies the allegations in Paragraph 41 of the Complaint.

42. Compass Marketing denies the allegations in Paragraph 42 of the Complaint.

The final, unnumbered paragraph in Count II of the Complaint, which starts with "WHEREFORE," constitutes Plaintiff's request for relief with respect to Count II, to which no response is required. To the extent that a response is required, Compass Marketing denies that Plaintiff is entitled to any relief in this action.

## **DENIAL OF MATTERS NOT SPECIFICALLY ADMITTED**

Compass Marketing denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Compass Marketing asserts the following affirmative defenses to Plaintiff's Complaint, but does not assume a burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Compass Marketing reserves the right to assert other affirmative and additional defenses, to delete and withdraw defenses, and to amend this Answer upon discovery of facts or evidence rendering such action appropriate. Moreover, all affirmative defenses are pled in the alternative and do not constitute an admission of liability that Plaintiff is entitled to any relief.

### First Affirmative Defense

Plaintiff's claims are barred to the extent that they fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by fraud.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by fraud.

### Sixth Affirmative Defense

Plaintiff's claims are barred in that the document attached to the Complaint as Exhibit A is not authentic, as it was not entered into by Plaintiff and Compass Marketing.

**Seventh Affirmative Defense**

Plaintiff's claims are barred in whole or in part to the extent the amount sought does not constitute "wages" as that term is defined by the Maryland Wage Payment and Collection Law.

**Eighth Affirmative Defense**

Plaintiff's claims are barred in whole or in part to the extent there is a bona fide dispute as to why the sums claimed by Plaintiff were not paid by Compass Marketing.

**Ninth Affirmative Defense**

Plaintiff's claims are barred to the extent that Plaintiff breached one or more agreement(s) with Compass Marketing.

\* \* \* \* \*

WHEREFORE, Compass Marketing respectfully requests that this Court enter judgment in its favor, dismiss Plaintiff's claims with prejudice, award Compass Marketing all fees and costs it incurs in connection with this lawsuit as a prevailing party, and such other relief as the Court deems appropriate.

Dated:  May 26, 2021                Respectfully submitted,

*/s/ Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  yeung@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 26th day of May, 2021, the foregoing Answer to Complaint for Breach of Contract was served via the CM/ECF system on the following counsel of record:

>Thomas J. Gagliardo
>Gilbert Employment Law, PC
>1100 Wayne Avenue, Suite 900
>Silver Spring, MD 20910
>Email: tgagliardo@gelawyer.com
>
>and
>
>Gregory J. Jordan
>Mark Zito
>Jordan & Zito, LLC
>55 West Monroe St., Suite 3600
>Chicago, IL 60603
>Email: gjordan@jz-llc.com
>
>*Attorneys for Plaintiff*
>*David Boshea*

>/s/ Stephen B. Stern
>Stephen B. Stern