IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN (BALTIMORE) DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID J. BOSHEA | * |
| Plaintiff, | * |
| v. | * Case No. 1:21-CV-00309-ELH |
| COMPASS MARKETING, INC. | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, files this Opposition to Motion to Strike Defendant's Affirmative Defenses ("Motion to Strike") filed by Plaintiff David Boshea ("Plaintiff" or "Boshea").

## INTRODUCTION

The Motion to Strike is simply a waste of time and without merit. As an initial matter, Plaintiff fails to satisfy the criteria to grant a motion to strike. Moreover, the case law on which Plaintiff relies is unsettled and does not require more from a defendant in asserting affirmative defenses than what Compass Marketing has provided. Indeed, Compass Marketing's Answer satisfies the rather basic requirements of FED. R. CIV. P. 8.[1] In this regard, Compass Marketing's Answer clearly puts Plaintiff on notice of Compass Marketing's affirmative defenses, and this notice pleading requirement is a low threshold. Lastly, in the unlikely event that the Court determines that more is required of Compass Marketing, applicable case law overwhelmingly favors granting Compass Marketing leave to amend its answer.

---

[1] Because Plaintiff only challenges Compass Marketing's affirmative defenses, Compass Marketing will not address the other requirements of Rule 8.

## ARGUMENT

I. **STANDARD FOR MOTION TO STRIKE**

A court may strike from a pleading a defense only when it is "an insufficient defense or a[] redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike (like the one filed by Plaintiff) are viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Moreover, courts are disinclined "to employ the 'drastic remedy' of striking defenses unless the movant can 'demonstrate that [it] will be prejudiced if the defense is not stricken.'" *Topline Sols., Inc. v. Sandler Sys., Inc.*, Civil No. ELH-09-3102, 2017 WL 1862445, at *100 (D. Md. May 8, 2017). Plaintiff's Motion to Strike does not include any allegation, let alone proffer of proof, that Plaintiff has suffered any prejudice arising from the purported lack of detail in Compass Marketing's Answer. Plaintiff also failed to include any allegation (let alone prove) that Compass Marketing's affirmative defenses might "confuse the issues in the case" or that they do not "constitute valid defenses." *See Waste Mgmt.*, 252 F.3d at 347 (stating that "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted").

These defects alone provide ample grounds to deny Plaintiff's Motion to Strike.

II. **THE MOTION TO STRIKE HAS NO MERIT**

   A. **Plaintiff Does Not Rely on Settled Case Law**

To date "neither the Supreme Court nor the Fourth Circuit has indicated whether the heightened pleading standard of *Twombly* . . . and *Iqbal* . . . applies to affirmative defenses." *Topline,* 2017 WL 1862445 at *100-01. In the absence of such authority, courts in this District have applied the minimal requirements of Rule 8 of the Federal Rules of Civil Procedure. *See,*

2

*e.g.*, *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 594 (D. Md. 2013) (noting the absence of appellate court opinion on the issue and relying upon the minimal requirements of FED. R. CIV. P. 8 in holding that *Twombly* and *Iqbal* do not apply); *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 R.F.D. 385, 387-88 (D. Md. 2014) (following the logic of *Lockheed Martin* in rejecting the assertion that the *Twombly-Iqbal* standard applies to affirmative defenses).

In making his argument to the contrary, Plaintiff relies exclusively upon unreported cases from this District. *See generally* Motion to Strike. Plaintiff primarily relies on the unreported opinion in *Topline* to support his Motion to Strike. The decision in *Topline*, however, provides little analysis, as it summarily strikes the defendant's answer as being devoid of facts and too conclusory. *See Topline*, 2010 WL 2998836 at *4. Even though the pleading was insufficient, the court nevertheless gave the defendant 20 days to amend. *Id.* Moreover, when the plaintiff filed a new motion to strike the amended answer, the motion was denied. *Topline Sols., Inc. v. Sandler Sys., Inc.*, Civil No. ELH-09-3102, 2017 WL 1862445, at *103-08 (D. Md. May 8, 2017). In short, Plaintiff's entire argument is premised at best on unsettled case law (when there is ample, published contrary authority)[2] and, even that authority relied on by Plaintiff does not ultimately lead to the striking of the answer.

### B. Compass Marketing Satisfied the Low Threshold Requirements of Rule 8

Federal Rule 8 requires parties responding to a pleading only "state in short and plain terms its defenses to each claim." FED. R. CIV. P. 8(b)(1). Rule 8(b) even allows parties to generally deny the allegations of the complaint (in certain circumstances). FED. R. CIV. P. 8(b)(2). As noted by the court in *Lockheed Martin*, "it would be anomalous if Rule 8(b) allowed parties to

---

[2] Unreported cases are not precedent. *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 219 (4th Cir. 2006) (stating "we ordinarily do not accord precedential value to our unpublished decisions [and] those decisions have no precedential value").

3

generally deny the allegations in the complaint yet required them to plead facially plausible affirmative defenses." *Lockheed Martin*, 973 F. Supp. 2d at 594.  Consistent with the Federal Rules and the stated position of the Court that abbreviated affirmative defenses are sufficient, the manner in which Compass Marketing asserted its affirmative defenses fully satisfies the low threshold requirements of the Federal Rules.

### 1. The Prefatory Statement Does Not Shift Any Burdens of Proof

The Motion to Strike begins with a claim that the prefatory statement to the affirmative defenses section of the Answer is "improper" and should be stricken because "Compass [Marketing] improperly seeks to shift the burden of proof to David Boshea." *See* Mtn. at 4. Plaintiff's interpretation of the prefatory statement is inconsistent with the plain and unambiguous terms of the prefatory statement.  Indeed, Compass Marketing clearly stated that it "does not assume a burden of proof of any such [affirmative] defenses *except as required by applicable law* with respect to the particular defense asserted." *See* Answer at 7.  To interpret Compass Marketing's Answer any way other than Compass Marketing assumes any burdens of proof as required by applicable law would be to disregard the usual and customary meaning of the words used in the prefatory statement. *See Griffin v. Oceanic Contractors*, 458 U.S. 564, 570 (1982) (explaining the Plain Meaning Doctrine in the context of statutory interpretation); *IMWA Equities IX Co. v. WBC Assoc. Ltd. Partnership*, 961 F.2d 480, 484 (4th Cir. 1992) (describing the Plain Meaning Rule of interpreting contracts).

Next, Plaintiff claims that Compass Marketing is attempting to "create a separate pleading order for Compass [Marketing] to amend its defenses freely." *See* Mtn. at 4.  This is a bizarre assertion that disregards the Federal Rules of Civil Procedure, which clearly allow parties to add defenses, delete defenses, and/or amend defenses.  *See* FED. R. CIV. P. 15 (allowing amendment

4

of pleadings 21 days after service and thereafter with leave of court).  Clearly there is no merit to Plaintiff's quibbles with Compass Marketing's prefatory statement, as it is not "redundant, immaterial, impertinent, or scandalous" and there is no reason for it to be stricken.  FED. R. CIV. P. 12(f).

### 2. The First Affirmative Defense Should Not be Stricken

The Federal Rules of Civil Procedure specifically contemplate a defense premised on the "failure to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6).  There is no requirement in the Rule that the defense may be asserted only on a motion to dismiss, which necessarily allows a party to preserve the defense by including it in its answer for a later motion.[3]  Thus, Plaintiff's argument is wrong and misguided.

### 3. The Second Affirmative Defense Should Not be Stricken

As to Compass Marketing's second affirmative defense, Plaintiff argues it should be stricken because it does not set forth an unassailable defense.  *See* Mtn. at 5.  It appears that Plaintiff is seeking to impose some burden of proof on Compass Marketing in asserting affirmative defenses, which is not proper at the answer stage.  Indeed, as noted above, Compass Marketing's only burden at this juncture is notice pleading, not any proof.  *See Topline*, 2017 WL 1862445, at *103-08 (stating that the "pleading standard does not require the assertion of all supporting evidentiary facts").  The case cited by Plaintiff, *WorldCom, Inc. v. Boyne*, 68 Fed. Appx. 447, 450-51 (4th Cir. 2003), imposed the burden of proof on the defendant only at trial.  Thus, Plaintiff is incorrect about Compass Marketing's second affirmative defense.

---

[3] Indeed, asserting this affirmative defense is common practice in litigation.

### 4. The Third and Fifth Affirmative Defenses Should Not be Stricken

As noted above, Plaintiff has failed to set forth any prejudice resulting from Compass Marketing's affirmative defense of fraud.[4] Moreover, Compass Marketing has satisfied the minimal standard of notice pleading by asserting the affirmative defense of fraud. To the extent the Court is inclined to grant Plaintiffs' request to strike this defense, Compass Marketing requests leave to amend.[5]

### 5. The Fourth Affirmative Defense Should Not be Stricken

For its fourth affirmative defense, Compass Marketing stated that Plaintiff's claims are barred in whole or in part by estoppel. As set forth elsewhere in the Answer (e.g., Paragraphs 6, 7, 9, and 10), Compass Marketing is contesting the authenticity of the purported agreement on which Plaintiff relies. These (and other) averments in the Answer, along with the affirmative defense of estoppel, give Plaintiff notice that Compass Marketing is relying on certain representations Plaintiff has made that would allow Compass Marketing to rely on the fact that the purported agreement is not authentic and, therefore, not enforceable. Thus, Plaintiff has sufficient notice of Compass Marketing's position.

### 6. The Sixth Affirmative Defense Should Not be Stricken

Plaintiff's assertion that it is unclear how the sixth affirmative defense is an affirmative defense is disingenuous. "An affirmative defense is the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *See Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 271 (4th Cir. 2003). Plaintiff's entire Complaint is premised on the existence, validity, and

---

[4] Compass Marketing's fifth affirmative defense unintentionally was a repeat of its third affirmative defense – fraud.

[5] Leave to amend is an appropriate remedy for the reasons discussed below.

enforceability of an employment contract between Plaintiff and Compass Marketing. If, as Compass Marketing asserts, the employment control is not authentic (e.g., it is a forged document), Plaintiff's claims necessarily will be defeated. There is no reason to strike the sixth affirmative defense.

### 7. The Seventh Affirmative Defense Should Not be Stricken

Plaintiff contends that the seventh affirmative defense should be stricken because he believes that Compass Marketing is legally incorrect regarding the meaning of "wages" under applicable law. This is not a proper basis to strike an affirmative defense – certainly not at this stage of the proceeding – because it imposes a burden of proof on Compass Marketing, which is not required of a defendant at the pleading stage. *See Ezshield, Inc. v. Harland Clarke Corp.*, Civil Action No. MJG-13-0001, 2013 U.S. Dist. LEXIS 208120, at *3-4 (D. Md. Sept. 3, 2013) (noting that "an affirmative defense is not a claim for relief" and that FED. R. CIV. P. 8 does not require the complainant "to 'show' the entitlement to relief").

A defendant is not required to fulfill its burden of *proof* at the pleading stage, and its failure to do so anticipatorily has no bearing on whether the affirmative defense is "redundant, immaterial, impertinent, or scandalous," nor does it create an "insufficient defense." *See* FED. R. CIV. P. 12(f).

### 8. The Eighth and Ninth Affirmatives Defenses Should Not be Stricken

As specifically permitted by the Federal Rules, a party may plead defenses in the alternative. *See* FED. R. CIV. P. 8(d). Compass Marketing's eighth and ninth affirmative defenses are pled in the alternative to defenses one through seven. Although Compass Marketing maintains that the agreement relied upon by Plaintiff is not valid or enforceable, the eighth and ninth defenses cover alternative defenses in the event that the Court were to find the purported agreement enforceable. In setting forth these affirmative defenses, Compass Marketing has clearly asserted

the existence of a bona fide dispute and the allegation that Plaintiff breached the agreement thereby barring him from relief.

Additionally, as noted above, Plaintiff has failed to allege *any* prejudice from Compass Marketing's manner of presenting its defenses to the Complaint. There simply are no grounds to grant the "extreme relief" requested by Plaintiff.

### C. If Needed, Compass Marketing Should be Granted Leave to Amend

To the extent that Compass Marketing's Answer is somehow deficient, Compass Marketing requests leave to amend its Answer. "Whenever a motion to strike affirmative defenses in granted, the defendant is generally given leave to amend." *Topline*, Civil No. ELG-09-3102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010) (citing 5C Wright & Miller § 1381 (3d ed. 2004)). Moreover, in each and every case Plaintiff cited for the proposition that *Twombly* and *Iqbal* apply to answers, the defendant was granted leave to amend its answer. *Id.* at *4 (granting 20 days to amend); *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, Civil Action No. DKC 16-0793, 2017 U.S. Dist. LEXIS 17554, at *30 (D. Md. Feb. 8, 2017) (giving three weeks to amend); *Alston v. Transunion*, Civil No. GJH-16-491, 2017 WL 464369, at *12 (D. Md. Feb. 1, 2017) (granting leave to amend while striking only certain defenses); *Ultimate Outdoor Movies v. FunFlicks, LLC*, No. SAG-18-2315, 2019 WL 3323221, at *7 (D. Md. July 24, 2019) (granting 20 days to amend); *Holden v. Bwell Healthcare Inc.*, No. CV SAG-19-760, 2020 U.S. Dist. LEXIS 46975 (D. Md. Mar. 18, 2020) (giving 30 days to amend). In the interests of justice, should the Court be inclined to grant all or part of Plaintiff's Motion to Strike, Compass Marketing requests leave to amend its operative answer. Any other outcome would result in a "drastic remedy" that directly contravenes the directive of FED. R. CIV. P. 8(e) that "pleadings must be construed so as to do justice."

## **CONCLUSION**

For these reasons, Plaintiff's Motion to Strike should be denied and, in the event any affirmative defenses may need clarification, leave to amend should be granted.

Dated:  June 16, 2021                                  Respectfully submitted,

                                                                            */s/ Stephen B. Stern*_____
                                                                            Stephen B. Stern, Bar No.: 25335
                                                                            Heather K. Yeung, Bar No.: 20050
                                                                            KAGAN STERN MARINELLO & BEARD, LLC
                                                                            238 West Street
                                                                            Annapolis, Maryland 21401
                                                                            (Phone): (410) 216-7900
                                                                            (Fax):  (410) 705-0836
                                                                            Email:  stern@kaganstern.com
                                                                            Email:  yeung@kaganstern.com

                                                                            *Counsel for Defendant*
                                                                            *Compass Marketing, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th day of June, 2021, the foregoing Opposition to Motion to Strike Defendant's Affirmative Defenses was served via the CM/ECF system on the following counsel of record:

>Thomas J. Gagliardo
>Gilbert Employment Law, PC
>1100 Wayne Avenue, Suite 900
>Silver Spring, MD 20910
>Email:  tgagliardo@gelawyer.com
>
>and
>
>Gregory J. Jordan
>Mark Zito
>Jordan & Zito, LLC
>55 West Monroe St., Suite 3600
>Chicago, IL 60603
>Email:  gjordan@jz-llc.com
>
>*Attorneys for Plaintiff*
>*David Boshea*

>>*/s/ Stephen B. Stern*_____
>>Stephen B. Stern, Bar No.: 25335