# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Northern Division)

| | |
|---|---|
| **DAVID J. BOSHEA** | |
| Plaintiff/Counter-Defendant, | |
| v. | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | |
| Defendant/Counter-Plaintiff | |
| AND | |
| **COMPASS MARKETING, INC.** | |
| Third-Party Plaintiff, | |
| v. | |
| JOHN DOE(S) | |
| Third-Party Defendant(s). | |

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant/Counter-Plaintiff Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Counterclaim against Plaintiff/Counter-Defendant David J. Boshea ("Boshea"), and this Third-Party Complaint against currently unidentified John Doe(s), and in support of this Counterclaim, states as follows:

### Nature of the Action

1. This Counterclaim and Third-Party Complaint seeks monetary relief from Boshea and currently unidentified John Doe(s) for engaging in various torts, including specifically tortious interference with contractual relations and prospective economic advantage and civil conspiracy,

aimed at and, in fact injuring, Compass Marketing. This Counterclaim also seeks the recovery of funds from Boshea that he received above and beyond his agreed upon compensation during his employment with Compass Marketing, which he was not entitled to receive and, thus, was unjustly enriched.

## The Parties

2. Compass Marketing is a leading sales and marketing agency that helps its clients grow sales and market share. Compass Marketing's clients include some of the biggest companies in the world, including several Fortune 500 companies, with leading, well-known brands. Compass Marketing is incorporated in the Commonwealth of Virginia and its principal place of business is located in Annapolis, Maryland.

3. Boshea is an individual resident of the State of Illinois, who filed the Complaint in this action against Compass Marketing.

4. John Doe(s) presently is/are unknown individual(s) who, upon information and belief, aided, abetted, and conspired with Boshea (or whom Boshea aided, abetted, and conspired with) to harm Compass Marketing in the manner set forth in this Counterclaim and Third-Party Complaint.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a) because the dispute is between citizens of different states.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because the facts and events giving rise to Compass Marketing's claims occurred in this judicial district.

## Factual Allegations

7. Compass Marketing terminated Boshea's employment in or about March 2020.

8. At the time that Compass Marketing terminated Boshea's employment, Compass Marketing offered Boshea severance, in return for signing a release of claims, as it typically does when offering an employee severance.

9. Boshea, however, claimed that he was owed $540,000 in severance based on the terms of a purported employment agreement, although Boshea's attorney at the time acknowledged that Boshea did not have a signed copy of the employment agreement that formed the basis for his claim that he was entitled to $540,000 in severance.

10. Compass Marketing did not acknowledge or otherwise concede the existence of the alleged employment agreement and Boshea ultimately did not accept the severance package that Compass Marketing offered.

11. Nearly one year later, in or about February 2021, Boshea filed the Complaint in this lawsuit, claiming he is owed $540,000 in severance pursuant to the purported employment agreement.

12. The purported employment agreement upon which Boshea relied in filing the instant lawsuit is attached to the Complaint, but the purported employment agreement was not signed by Compass Marketing. Indeed, it is a forged document, as it was not signed by John White, Compass Marketing's CEO, and John White did not authorize anyone to sign the document on his behalf (in fact, it does not appear on the face of the document that anyone claimed to sign the document on John White's behalf because there are no initials of any other person to indicate the document was signed by someone other than John White).

13. Shortly after filing the Complaint, a copy of the Complaint was circulated anonymously to third parties doing business with Compass Marketing, including a real estate broker located in Annapolis, Maryland assisting Compass Marketing in its search for office space.

14. Shortly after receiving a copy of the Complaint, the real estate brokerage firm stopped doing business with Compass Marketing and Compass Marketing lost the opportunity to sign a lease for office space.

15. Upon information and belief, Boshea by himself and/or in coordination with John Doe(s) circulated the Complaint in this lawsuit to the real estate brokerage firm, and likely others, doing business with Compass Marketing.

16. Shortly after receiving a copy of the Complaint that contained false allegations against Compass Marketing, the real estate brokerage firm as well as an architecture firm that was working with Compass Marketing to design new office space stopped doing business with Compass Marketing.

17. It is apparent that the purpose behind circulating the Complaint to third parties doing business with Compass Marketing was to spread false information about Compass Marketing by insinuating (falsely) that it is a company that cannot be trusted and it is a company that does not honor its contractual obligations.

18. Compass Marketing suffered damages as a result of false information that was circulated to the real estate broker in the form of the Complaint, including, but not limited to, $3,500 spent on architecture fees, numerous hours devoted by Compass Marketing employees to designing and making plans for the new office space, and damage to its reputation.

19. Upon information and belief, one or more presently unknown individuals, identified herein as John Doe(s), have aided, abetted, and conspired with Boshea, or with whom

Boshea has aided, abetted, and conspired, to harm Compass Marketing in the manner set forth herein.

20. Separate and apart from the malicious distribution of the Complaint to third parties doing business and/or potentially doing business with Compass Marketing, Boshea improperly received approximately $51,800 from Compass Marketing in "off payroll payment" in increments of approximately $350 that were above and beyond his agreed upon compensation. As a result of the receipt of these "off payroll payments," Boshea has been unjustly enriched.

## COUNT I
## TORTIOUS INTERFERENCE
### (Against Boshea and John Doe(s))

21. Compass Marketing relies on and incorporates by reference Paragraphs 1 through 20 above.

22. Compass Marketing entered into a contract with a real estate brokerage company to help it find office space to lease. Although no formal agreement was signed, the real estate brokerage firm had been engaged by Compass Marketing to assist Compass Marketing with its search for office space. The real estate brokerage firm was able to bring to Compass Marketing a proposed lease to rent office space.

23. Compass Marketing also entered into a contract with an architecture firm to design the office space Compass Marketing planned to rent. Compass Marketing paid the architecture firm $3,500 before the architecture firm stopped doing business with Compass Marketing.

24. Boshea filed the Complaint in this action, alleging Compass Marketing breached a contract with Boshea, but the contract upon which Boshea relies is a forgery. Boshea knows or reasonably should know that the purported contract on which he relies in bringing this lawsuit is a forgery because he, through his former attorney, acknowledged that he did not have a signed copy

of the alleged contract. Boshea also knows or should know that the purported contract on which he relies in bringing this lawsuit is a forgery because he should know that the signature on the purported agreement for John White is not John White's signature and there are no initials indicating that someone else signed the agreement for John White with John White's consent/authority.

25. Despite knowing or having reason to know that the premise of the Complaint is false, and the accusation that Compass Marketing breached its alleged contract is false, Boshea by himself and/or in coordination with John Doe(s) circulated a copy of the Complaint anonymously to third parties doing business with Compass Marketing, including the real estate brokerage firm helping Compass Marketing find office space to lease.

26. Compass Marketing believes Boshea had assistance from John Doe(s) because, to the best of Compass Marketing's knowledge, Boshea did not know at the time of the termination of his employment about Compass Marketing's relationship with the real estate brokerage firm that was providing services to Compass Marketing.

27. The Complaint was circulated to third parties doing business with Compass Marketing and/or planning to do business with Compass Marketing for the purpose of trying to interfere with Compass Marketing's existing and potential business relationships and encourage those and other third parties not to do business with Compass Marketing.

28. Shortly after receiving a copy of the Complaint, the real estate brokerage firm stopped doing business with Compass Marketing and Compass Marketing lost an opportunity to sign a lease for a location it desired to rent.

29. Shortly after the real estate brokerage firm received a copy of the Complaint, the architecture firm Compass Marketing had retained to assist it with designing the office space stopped doing business with Compass Marketing.

30. As a result of the Complaint that contains false allegations against Compass Marketing being circulated to third parties, Compass Marketing has suffered harm to its reputation, and it has suffered economic losses in the amount of at least $3,500, plus many lost hours of work by employees on the office space that Compass Marketing desired to rent.

31. Upon information and belief, Compass Marketing has suffered additional harm in the form of other lost opportunities not yet identified because Compass Marketing does not know the entire universe of recipients of the Complaint that contains false allegations against it.

32. Based on the foregoing, Boshea and/or John Doe(s) have engaged in tortious interference with contractual relations and/or tortious interference with prospective economic advantage.

33. The circulation of the Complaint with false allegations to third parties was done with malice and for the purpose of harming Compass Marketing's reputation and business relationships.

WHEREFORE, Compass Marketing respectfully requests that this Court enter judgment in its favor and order:

    a. Boshea and/or John Doe(s) make Compass Marketing whole (jointly and severally to the extent that Boshea did act in coordination with John Doe(s)) for the losses it has suffered;

    b. Boshea and/or John Doe(s) compensate Compass Marketing (jointly and severally to the extent that Boshea did act in coordination with John Doe(s))

for any expenses and other costs it has incurred to try to repair and protect its reputation and goodwill resulting from the acts of tortious interference described herein;

c. Boshea and/or John Doe(s) pay Compass Marketing (jointly and severally to the extent that Boshea did act in coordination with John Doe(s)) for any other damages Compass Marketing has incurred as a result of the tortious interference described herein;

d. Boshea and/or John Doe(s) pay Compass Marketing punitive damages;

e. Such other relief the Court deems just and proper.

## COUNT II
## CIVIL CONSPIRACY
### (Against Boshea and John Doe(s))

34. Compass Marketing relies on and incorporates by reference Paragraphs 1 through 33 above.

35. Upon information and belief, Boshea has conspired with one or more presently unidentified third parties to commit the tortious conduct described herein.

36. Even if Boshea has not conspired with one or more presently unidentified third parties to commit the tortious conduct described herein, the third parties (if there are two or more) have conspired among themselves to commit the tortious conduct described herein.

37. The conspiracy to circulate the Complaint with false allegations to third parties was done with malice and for the purpose of harming Compass Marketing's reputation and business relationships.

WHEREFORE, Compass Marketing respectfully requests that this Court enter judgment in its favor and order:

a. Boshea and/or John Doe(s) make Compass Marketing whole (jointly and severally to the extent that Boshea did act in coordination with John Doe(s)) for the losses it has suffered;

b. Boshea and/or John Doe(s) compensate Compass Marketing (jointly and severally to the extent that Boshea did act in coordination with John Doe(s)) for any expenses and other costs it has incurred to try to repair and protect its reputation and goodwill resulting from the civil conspiracy to commit the tortious acts described herein;

c. Boshea and/or John Doe(s) pay Compass Marketing (jointly and severally to the extent that Boshea did act in coordination with John Doe(s)) for any other damages Compass Marketing has incurred as a result of the civil conspiracy to commit the tortious interference described herein;

d. Boshea and/or John Doe(s) pay Compass Marketing punitive damages;

e. Such other relief the Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT
### (Against Boshea Only)

38. Compass Marketing relies on and incorporates by reference Paragraphs 1 through 20 above.

39. Boshea had an agreed upon salary he was to receive from Compass Marketing in return for performing his job duties for Compass Marketing.

40. Unbeknownst to Compass Marketing's CEO and majority owner, Boshea regularly received additional "off payroll payments" in biweekly increments of $350 totaling approximately $51,800, which Boshea was not entitled to receive.

41. As a result of these "off payroll payments," Boshea has been unjustly enriched to Compass Marketing's detriment.

WHEREFORE, Compass Marketing respectfully requests that this Court enter judgment in its favor and order:

    a. Boshea return to Compass Marketing all "off payroll payments" he received that were above and beyond his agreed upon salary and compensation.

    b. Such other relief the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Defendant/Counter-Plaintiff and Third-Party Plaintiff Compass Marketing, Inc., hereby request a jury trial of its claims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 29, 2021

Respectfully submitted,

*/s/ Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax): (410) 705-0836
Email: stern@kaganstern.com
Email: yeung@kaganstern.com

*Counsel for Defendant/Counter-Plaintiff/*
    *Third-Party Plaintiff*
*Compass Marketing, Inc.*