


UNITED STATES DISTRICT COURT
for the
District of Maryland

DAVID J. BOSHEA,
**Plaintiff**

v.

Civil Action No.
1-21-CV-00309-ELH

COMPASS MARKETING,
INC.,
**Defendant**

## NONPARTY DANIEL WHITE'S OBJECTION TO COMPASS MARKETING, INC.'S SUBPOENA DUCES TECUM AND MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER

Nonparty, Daniel J. White ("White"), *in Proper Person*, pursuant to Rule 45 of the Federal Rules of Civil Procedure objects to the Defendant Compass Marketing, Inc.'s demand to testify, and for the production, inspection and copying of the documents requested in the subpoena duces tecum, a copy of which is attached. Further, White moves this Court for the entry of: (1) an order quashing Defendant Compass Marketing, Inc.'s ("Compass") subpoenas; and (2) a protective order. In support thereof, White states:

1. White is not a party to this litigation, which involves a claim to recover wages and other damages by reason of a breach of an employment contract between David J. Boshea ("Boshea") and Compass.

2. The subpoena duces tecum served upon White is overly broad, unreasonable and oppressive because:

   A. The documents and information sought from White could be obtained - and are more readily available - from the Plaintiff.

   B. There are no temporal limitations to the requests for documents and information.

   C. The subpoena duces tecum is intended to continue a pattern of harassment against White and to discourage his participation in ongoing federal and state investigations into the actions of the management of Compass and its attorney, Stephen P. Stern ("Stern").

   D. The subpoena duces tecum requests production, inspection and copying of documents that are not relevant to the instant case, but instead are demanded as a sort of proxy war in a dispute among the shareholders on Compass, one of whom is a business partner of attorney Stern. White had no prior knowledge of, and did not participate in either the development, execution or ratification of the Boshea employment agreement with Compass. Further, White had no prior knowledge of, and did not participate in either the development, execution or ratification of the termination of Boshea's employment with Compass.

   E. The subpoena duces tecum was not properly issued, as attorney Stern is disqualified from serving as counsel for Compass under the Maryland Attorneys' Rules of Professional Conduct because, among other reasons, attorney Stern is

2

also the attorney for, and maintains an undisclosed financial interest in, Smart Retail, Inc. ("Smart Retail"), a business furtively established by Stern in Wyoming in 2019, and whose interests are directly and materially adverse to Compass.

F. The subpoena duces tecum was not properly issued, as attorney Stern is disqualified from serving as counsel for Compass under the Maryland Attorneys' Rules of Professional Conduct because, among other reasons, attorney Stern is also the attorney for, and recently testified in federal court on behalf of, and maintains an undisclosed financial interest in, Tagnetics, Inc., a business who is not an "affiliate" of Compass, and whose interests are directly and materially adverse to Compass.

G. The subpoena duces tecum was not properly issued, as attorney Stern is disqualified from serving as counsel for Compass because, among other reasons, Stern was not properly retained by Compass and was instead engaged by a single shareholder of Compass who shares with attorney Stern a financial interest in Smart Retail, Inc., whose interests are directly and materially adverse to Compass;

H. The subpoena duces tecum was not properly served upon White.

I. The information and the documents sought in the subpoena duces tecum are an invasion of the attorney/client privilege.

3. The subpoena duces tecum represents harassment against a nonparty, which should not be permitted by the court until it is shown that discovery has been exhausted against

parties to the litigation and until it has been demonstrated that the discovery is not intended to oppress White and to discourage him from continuing to participate in federal and state investigations into potential fraud committed by Tagnetics and Smart Retail.

4. White is prepared to meet with counsel to discuss the subpoena duces tecum, these objections and possible protective orders.

WHEREFORE, for these reasons, Nonparty, Daniel White, respectfully requests that this Court enter an order, pursuant to Rule 45 of the Federal Rules of Civil Procedure: (1) quashing the subpoena duces tecum; or in the alternative (2) entering a protective order.

August 16, 2021

*[signature]* 8/16/2021

Daniel J. White
*In Proper Person*
Post Office Box 1760
Leonardtown, MD 20650
Tel: (240) 298-8156
danieljwhite@msn.com

CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021, I served this Objection to Compass Marketing, Inc.'s Subpoena Duces Tecum and Motion to Quash Subpoenas via electronic mail to:


Thomas J. Gagliardo
Gilbert Employment Law, PC
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Email: tgagliardo@gelawyer.com

And

Gregory J. Jordan
Jordan & Zito, LLC
350 North LaSalle Street, Suite 1100
Chicago Illinois 60654
Email: gjordan@jz-llc.com

And

Stephen B. Stern
Kagan, Stern, Marinello & Beard, LLC
238 West Street
Annapolis, MD 21401
Email: stern@kaganstern.com


August 16, 2021

_/s/ Daniel J. White 8/16/2021_
Daniel J. White
*In Proper Person*
Post Office Box 1760
Leonardtown, MD 20650
Tel: (240) 298-8156
danieljwhite@msn.com

5