# Exhibit 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| David J. Boshea<br>*Plaintiff*<br>v.<br>Compass Marketing, Inc.<br>*Defendant* | )<br>)<br>)  Civil Action No. 1:21-CV-00309-ELH<br>)<br>)<br>) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Daniel J. White

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Notice of Deposition

| Place: Kagan Stern Marinello & Beard, LLC<br>238 West Street<br>Annapolis, MD 21401 | Date and Time:<br>Tuesday, August 24, 2021 at 9:30 am. |
|---|---|

The deposition will be recorded by this method: stenographically and video recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

see attached Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 28, 2021

CLERK OF COURT                                          OR

_____                         _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Compass Marketing, Inc. _____, who issues or requests this subpoena, are:

Stephen B. Stern, Esq. 238 West Street, Annapolis, MD 21401; stern@kaganstern.com; 410-216-7900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| DAVID J. BOSHEA | * |
| Plaintiff, | * |
| v. | * Case No. 1:21-CV-00309-ELH |
| COMPASS MARKETING, INC. | * |
| Defendant. | * |

* * * * * * * * * * * * *

## SCHEDULE A
## (ATTACHED TO SUBPOENA TO DANIEL J. WHITE)

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Compass Marketing, Inc. ("Compass Marketing"), requests that Daniel J. White, produce documents responsive to the following requests.

A. In producing documents requested, you are requested to furnish all documents in your possession, custody, or control, including both documents possessed directly by you and documents possessed by your agents, employees, representatives, investigators, and attorneys or their agents, employees, representatives, or investigators.

B. These requests for production of documents shall be deemed continuing in nature. If you at any time subsequent to the production of documents in response hereto, and prior to the rendering of judgment in this action, obtain additional documents responsive to these requests, you shall promptly provide such documents for inspection and copying in accordance with the Federal Rules.

C. These requests for production of documents seek production of every version of the documents requested, including, but not limited to, copies of the documents with marginalia,

1

additional attachments, additional printed or typed notes, indications or carbon copies, blind carbon copies or distribution lists, and drafts and revisions of the documents. Each and every document requested should be produced in its entirely, without abbreviation or expurgation and including all attachments or other matters affixed thereto.

      D.     If any of the requested documents cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

      E.     If any request is objected to as being unduly burdensome, produce all documents available without unreasonable burden and, for those you claim to be unduly burdensome, identify the number and nature of documents needed to be searched, the location of the documents, and the number of person hours and other costs required to conduct the search.

      F.     If any responsive documents requested no longer exist or have otherwise been destroyed or discarded, identify each such document by stating:

           a.     The nature of the document;

           b.     The author(s) and their address(es);

           c.     The date(s) of the document;

           d.     Any indicated (i.e., cc) or blind copies;

           e.     The document's subject matter, number of pages, and attachments or appendices;

           f.     All persons to whom the document was distributed;

           g.     The date of destruction or the date it was discarded; and

           h.     The persons authorizing or carrying out the destruction or discard.

G. The term "document" includes by way of illustration and not limitation, the following, whether written, printed, reproduced by any process, including recordings, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery: tapes; notes; analyses; computer printouts; information maintained on computer disks, flash drives, or hard drives (including metadata); correspondence; communications of any nature; electronic mail ("email"); text messages; websites and Internet history; telegrams; letters; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records or tapes of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; drafts, revisions of drafts; tape recordings; records and dictation belts. Any document with any marginalia, including marks on any sheet or side thereof, such as initials, stamped indicia, comments, or notations of any character not part of the original text, or any reproduction thereof, is not to be considered a separate document for purposes of this subpoena.

H. As used herein:

    a. The phrase "refer, reflect, or relate to" or any similar combination of these words is intended to have the broadest possible meaning, and includes any logical or factual connection with the matters discussed.

    b. The term "or" means "and/or."

    c. Any word written in the singular shall include the plural and vice versa.

    d. The term "any" means "each, any, and all."

      e.      When appropriate, the use of the masculine also includes the feminine, and vice versa.

I.      The term "Compass Marketing" shall mean Compass Marketing, Inc., the Defendant in the above-captioned litigation, and all of its affiliates, directors, employees, agents, successors, and assigns.

J.      The term "David Boshea" shall refer to David J. Boshea, the Plaintiff in the above-captioned litigation, and all of his affiliates, employees, and agents.

K.      If you object to fully producing a document or communication because of a privilege, you must provide the following information, unless divulging the information would disclose the privileged information:

      a.      the nature of the privilege asserted (including work product);

      b.      the date of the document or communication;

      c.      if a document, its type (e.g., letter, memorandum, facsimile, email), author, addressee(s), custodian, location, all recipients, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including, if not apparent, the relationship between the author and the addressee; and

      d.      the general subject matter of the document or communication.

### Documents to be Produced

1.      All documents that refer, reflect, or relate to communications with David Boshea.

2.      All documents that refer, reflect, or relate to David Boshea's employment with Compass Marketing.

3. All documents that refer, reflect, or relate to David Boshea's compensation from Compass Marketing.

4. All documents that refer, reflect, or relate to David Boshea's termination from employment with Compass Marketing.

5. All documents that refer, reflect, or relate to any agreement between David Boshea and Compass Marketing.

6. All documents that refer, reflect, or relate to the above-captioned litigation.

7. All documents sent to or received from any individual or entity that refer, reflect, or relate to David Boshea.

8. All documents sent to or received from any individual or entity that refer, reflect, or relate to the above-captioned litigation.

9. All documents sent to or received from Compass Marketing's resident agent since November 1, 2018.

10. All documents that refer, reflect, or relate to Business Filings International Inc., since November 1, 2018.

11. All documents sent to or received from Business Filings International Inc., since November 1, 2018.