UNITED STATES DISTRICT COURT
for the
District of Maryland

David J. Boshea
Plaintiff

v.

Compass Marketing, Inc
Defendant



Civil Action No.
1-21-CV-00309-ELF

MICHAEL R WHITE'S OBJECTION TO COMPASS MARKETING, INC.'S SUBPOENA DUCES
TECUM.  MICHAEL R WHITE'S OBJECTION TO SUBPONA TO TESTIFY AT DEPOSTTION.
MICHAEL R WHITE'S MOTION TO QUASH SUBPOENAS DUCES TECUM
MICHAEL R WHITE'S REQUESTS FOR A HEARING BEFORE THIS HONORABLE COURT

Michael R White ("M White") objects to the defendant Compass Marketing Inc's ("Compass") demand to testify, and to produce documents. A copy of the demand is attached. M. White requests this Court enter an Order quashing defendant Compass Marketing Inc's subpoena. M. White also requests a hearing before this Honorable Court to determine the legitimacy of Stephen Stern Esq and the law firm of Kagan Stern Marinello & Beard, LLC appearance into this case.  M White also requests a hearing before this Honorable Court to determine the legitimacy of Stephen Stern Esq as an officer of the court.  In support of this objection and request for hearing M. White states:

1	M. White is not a party to this litigation Boshea v. Compass Marketing Inc. The subpoena duces tecum served on M. White is overly broad, unreasonable and oppressive. The subpoena duces tecum is intended to continue a pattern of harassment against M. White. The subpoena duces tecum was not properly served.

2	The board of directors of Compass Marketing Inc has not authorized Stephen Stern Esq and the law firm of Kagan Stern Marinello & Beard, LLC appearance into this case.  Together, my brother Daniel White (also a non-party to this litigation) and I own 50% of the issued shares for Compass and are two of the three legitimate directors of Compass.  Stephen Stern's appearance and his yet to be entered "answer" have not been discussed or approved by the Compass Marketing Inc's Board of Directors.  M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct, for this reason.

3. Stephen Stern stole approximately $110,000.00 from my company Compass and laundered the funds through the law firm of Kagan Stern Marinello & Beard, LLC trust account, in an attempt to make it look like the funds were Tagnetics Inc funds used to pay settlement payments to plaintiffs in a Federal Bankruptcy. At various times, Stephen Stern, who has an undisclosed financial interest in Tagnetic's Inc, has represented to Federal and State Courts that Tagnetics is a "parent" or an "affiliate" of Compass Marketing Inc.  Under any definition

Tagnetics is not a "parent" or "affiliate" of Compass Marketing Inc, but is in fact directly adverse to Compass Marketing Inc.  M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct, for this reason.

4. Stephen Stern has diverted 401k retirement funds taken from Compass Marketing Inc employee's paychecks and sent some of the funds through the trust account of Kagan Stern Marinello & Beard, LLC, to Plaintiff's in the Tagnetics Federal Bankruptcy case.  M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct, for this reason.

5. Stephan Stern, using mis appropriated funds from my company Compass has tried to negotiate investments for Tagnetics with French, Chinese and Saudi Arabian companies. Stephen Stern knows that Tagnetics has no employees, has no bank accounts, is listed as "defunct" by the Delaware corporation commission, and has no income other than swindled investors, however he still uses Compass Marketing funds to further the Ponzi scheme. Tagnetics Inc has not had a shareholders meeting in over 10 years.  M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct for this reason.

6. In or about April of 2019, Stephen Stern, and the Law firm of Kagan Stern Marinello & Beard, LLC created and started a business in the state of Wyoming, Smart Retail, Inc. (Smart Retail). Stephan Stern owns 1% of the created company. Compass Marketing funds were used to create Smart Retail. Smart Retail then began to steal assets and intellectual property belonging to both my company Compass Marketing Inc and Tagnetics Inc. Stephan Stern knew that there were serious ethical issues to creating, owning, and operating the three separate companies who were adversarial companies, however Stephen Stern continued. He now claims to have authority to represent Compass Marketing Inc in this case. M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct for this reason.

7. Stephan Stern has threatened to file a "civil RICO" action against M White unless I immediately resign from Compass Marketing Inc and walk away from my ownership. Stern would benefit from such a filing both through stolen legal fees from my company Compass Marketing and the bankruptcy of Tagnetics Inc that Stephen Stern orchestrated, and by his ownership of Smart Retail Inc. M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct for this reason.

8. Stephan Stern has hired his personal Attorneys using Compass Marketing Inc funds to defend himself against interest conflicts of owning part of the Wyoming Company Smart retail.

Attorneys for Stephen Stern have filed misleading and untruthful motions to state courts on behalf of Stephen Stern.  M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct for this reason

9. Stephan Stern falsely reported a fake Compass Marketing stockholder meeting at his former Law Office Hyatt & Weber PA 200 Westgate Circle Suite 500 Annapolis Maryland 21401. Although the unannounced meeting was a complete fraud, Stephen Stern created "meeting minutes" and emailed them to John White, his business partner.  Stephen Stern is using the "meeting minutes" to justify many of the unethical things he is doing.   M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct for this reason.

10. Steven Stern on his own initiative and without authority from anyone passed false and misleading information about an owner of Compass Marketing Inc, to the United States Attorney. This was done in an attempt to harass one of the owners of Compass Marketing Inc (Daniel White) and discourage his participation in on going Federal and State investigations into the actions of Stephen Stern and others.  M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct for this reason

11. Stephen Stern produced a false "Declaration" of Luis A Fernandez". The false declaration was made in an attempt to fraudulently hide the theft and laundering of stolen funds from my company Compass Marking Inc.  Stephen Stern then delivered to false declaration causing a fraud on the court in the name of my company Compass Marketing Inc.  The declaration stated that Luis Fernandez was the Senior Vice President / Controller of Compass Marketing Inc and at the same time was Chief Financial Officer of Tagnetics, Inc.  Stephen Stern attached a promissory note to the declaration, signed by Luis Fernandez as both the lender (Compass Marketing Inc Senior Vice President / Controller) and as the Borrower (Chief Financial Officer) Fernandez signed and approved both sides of the loan to a company , Tagnetics Inc that does not have an office, that has not filed a tax report in over 10 years, that has not had a shareholders meeting in over 9 years, that does not have a bank account, that is listed as defunct in the Delaware Corporation Commission, and that is currently under investigation by the Security and Exchange Commission.  The date on the promissory note is also fraudulent.  M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct for this reason.

12. Stephen Stern, through a partner in his Tagnetics Inc business obtained copies of my financial disclosure reports to the Administrative Office of the Courts.  He then obtained personal confidential federal tax reports from a different business partner in his fraudulent Wyoming business. After putting the two items together, Stephen Stern then released those reports and those confidential records to third parties, as a form of extortion and in an attempt

to intimidate me, and my attorney. In doing so, Mr. Stern not only violated federal statutes related to the disclosure of my personal tax returns, but Maryland Rules on the disclosure of personal information. Stephen Stern violated Maryland Criminal Code Title 3 subtitle 7    M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct for this reason.

13.    Stephen Stern filed a disclosure of corporate interest with the court in this case. The disclosure of interest is a fraud committed on the court. Stephen Stern traveled to Ohio as lead counsel for Tagnetics Inc and called himself as the only witness and testified between his opening and closing. Interesting, Stephen Stern admits during that testimony that he created the deceptive Tagnetics ownership schedule that would make Tagnetics Inc, and my company Compass Marketing Inc, "affiliates under Ohio law" Stephen Stern had gotten himself so mixed up in personal financial conflicts and trust fund violations and lies that he had no choice but to tell his client to stay home while he flew to the hearing in another state Pro hac vice, and called himself as the only witness. Stephen Stern violated The Maryland Attorney's Rules of Conduct Rule 3.7 when he testified as a witness and was a client advocate.   Stephan Stern also left out some very important information in his/the disclosure filing.    M. White requests a hearing before this Honorable Court to determine if Stephan Stern is disqualified from serving as counsel for Compass Marketing Inc under the Maryland Attorney's Rules of Professional Conduct for this reason.

WHEREFORE for these reasons, Michael R White respectfully request that this Honorable Court enter an order, pursuant to Rule 45 of the Federal Rules of Civil Procedure quashing the subpoena duces tecum; and schedule a hearing before this court to determine the disqualification of Stephen Stern and the Law firm of Kagan, Stern, Marinello & Beard LLC

August 23, 2021

_____
Michael R White
39650 Hiawatha Circle
Mechanicsville Maryland 20659

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, I served this Objection and Motion to Quash Compass Marketing Inc's Subpoena Duces Tecum via USPS First Class Post to:

Thomas J. Gagliardo Esq
Gilbert Employment Law PC
1100 Wayne Avenue Suite 900
Silver Spring, Maryland 20910
Email tgagliardo@gelawyer.com

Gregory J. Jordan Esq
Jordan & Zito LLC
350 North LaSalle Street Suite 1100
Chicago Illinois 60654
Email: gjordan@jz-llc.com

Stephen B. Stern
Kagan, Stern, Marinello & Beard LLC
238 West Street
Annapolis Maryland 21401
Email: stern@kaganstern.com

Heather K. Yeung Esq
Kagan, Stern, Marinello & Beard LLC
238 West Street
Annapolis Maryland 21401
Email: yeung@kaganstern.com


August 23, 2021
Michael R White
39650 Hiawatha Circle
Mechanicsville Maryland 20659