# EXHIBIT 1

LAW OFFICES

# KAGAN STERN MARINELLO & BEARD, LLC

238 WEST STREET

ANNAPOLIS MARYLAND 21401

Telephone (410) 216-7900

Facsimile (410) 705-0836

STEPHEN B. STERN

(410) 793-1610

STERN@KAGANSTERN.COM

WWW.KAGANSTERN.COM

June 11, 2019

**VIA EMAIL**

John White, CEO

Smart Retail, Inc.

222 Severn Avenue

Suite 200

Annapolis, Maryland 21403

　　　**Re:**　**Conflict of Interest Disclosure**

John:

　　As you know, you recently advised me that you are planning to form a new corporation called Smart Retail, Inc. ("Smart Retail"). Smart Retail will utilize radio frequency identification ("RFID") technology that will create new marketing opportunities for businesses, primarily by attaching to products (mostly in retail establishments) a label that contains a chip. You asked me and my firm to serve as outside counsel for Smart Retail to help the company address a number of legal issues. You later offered me the opportunity to become a minority shareholder in Smart Retail, with my initial ownership stake being at 1%. The opportunity to serve as outside counsel to Smart Retail and also become a shareholder is very exciting to me and I very much appreciate the opportunity to serve in both capacities. The dual role I am expected to have for Smart Retail, however, raises potential conflicts of interest under the Maryland Rules and, prior to proceeding any further, I believe it is necessary to disclose those potential conflicts to you in writing so that you fully understand them. If you feel comfortable proceeding with my dual role after disclosing these potential conflicts of interest, please indicate your consent by signing where indicated below in this letter.[1]

---

[1] We already discussed these issues by phone and you gave your verbal consent, but, pursuant to the Maryland Rules, it is necessary to address any actual or potential conflicts of interest in writing to avoid any misunderstandings and have your written consent in writing as well.

KAGAN STERN MARINELLO & BEARD, LLC

John White, CEO
Smart Retail, Inc.
June 11, 2019
Page 2 of 6

     Maryland Rule 19-301.8(a) states that an "attorney shall not enter into a business transaction with a client unless:  (1) the transaction and terms on which the attorney acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client; (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek independent legal advice on the transaction; and (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the attorney's role in the transaction, including whether the attorney is representing the client in the transaction."  I address each of these requirements below.

<u>Conflicts of Interest</u>

     After I sent you an engagement letter for me and my firm to serve as outside counsel on general business matters for Smart Retail,[2] you offered me the opportunity to become a shareholder in Smart Retail, with the initial opportunity to own 1% of the company.[3]  The amount of the initial investment has yet to be determined.[4]

     Initially, you asked me and my firm to help you form the company and draft the initial shareholder agreements.  With me becoming one of the early investors in Smart Retail, that poses a potential (but waivable) conflict of interest, even though I am not going to be the attorney who actually performs the work of forming the corporation and

---

[2] The original engagement letter dated May 1, 2019 was for SRL, Inc., but you later decided to change the name to Smart Retail, Inc., which led me to send this revised conflict disclosure letter and a new engagement letter for Smart Retail.

[3] You have made a similar offer to own 1% of Smart Retail to some other individuals (approximately seven) who are employees of other companies you own and/or manage and/or advisors to you in some capacity.

[4] I asked you what amount you are seeking for 1% of the company, and you advised me that there is no particular number at this point because the initial distribution of stock to the individuals who will own 1% of the company is not intended to raise capital; it is intended to give a few individuals who have helped you get to this point with this business opportunity to become early stakeholders in this new venture that will be known as Smart Retail.

KAGAN STERN MARINELLO & BEARD, LLC

John White, CEO
Smart Retail, Inc.
June 11, 2019
Page 3 of 6

drafting the initial documents, including the initial shareholder agreements.[5]  The reason for the potential conflict is that either I or my colleagues could potentially take advantage of the position of trust we hold and draft one or more documents or otherwise give advice that is more favorable to me and potentially less favorable to you.  I do not foresee a circumstance where I or my colleagues would engage in such conduct, but that risk does exist and must be disclosed to you.

You have since advised me that you may seek representation from Mitchell Goldsmith, of Taft Stettinius & Hollister, LLP, in connection with the formation of Smart Retail and drafting the initial documents, including the initial shareholder agreements, because you have worked with him for many years and you value his experience in drafting these sorts of documents and other corporate matters.  If you were to use Mitchell Goldsmith and his firm instead of mine, that would eliminate any potential conflict of interest for me and my firm, at least with the initial formation of Smart Retail and the drafting of the initial shareholder agreements.[6]

Although referring these initial tasks to Mitchell Goldsmith and his firm instead of my firm would eliminate any potential conflict of interest for me and my firm with respect to those initial tasks, I do not believe that fully eliminates all potential conflicts of interest for me and my firm.  In this regard, if Smart Retail goes through additional rounds of capital raising/seeking new investors, there is the potential for my interest in the company to be diluted, which could have a negative impact on the value of my interest in the company.  The potential adverse effect on my interest in Smart Retail could potentially influence the advice I (or my colleagues) give you and the company.  While I do not foresee a circumstance where my advice (or the advice of my colleagues) would be influenced by my interest in Smart Retail, it is possible and I would be remiss in failing to disclose that risk to you.

_____

[5] I would refer that work to my partner, Ryan Beard.  I am expected to assist on business contracts, employment issues, litigation (if litigation ever became necessary), and other risk management issues going forward.

[6] Regardless of which firm helps you form Smart Retail and drafts the initial documents (you also noted that you may use a combination of Mitchell's firm and my firm for these initial documents), including the initial shareholder agreements, the terms of the initial investment and shareholder agreement are expected to be in writing, which will further satisfy the requirements of Maryland Rule 19-301.8(a)(1).

KAGAN STERN MARINELLO & BEARD, LLC

John White, CEO
Smart Retail, Inc.
June 11, 2019
Page 4 of 6

Another area where a potential conflict of interest may arise concerns my billing practices. In this regard, because I am going to be a shareholder in Smart Retail, you may ask for or expect potential discounts on my firm's invoices or, alternatively, I may be incentivized to offer discounts on invoices to advance my financial interest in Smart Retail. While I and my colleagues may occasionally offer courtesy discounts to clients for certain tasks performed or write off or otherwise discount fees that are not reasonable under the circumstances, I am not permitted to offer any discounts to Smart Retail beyond what I might otherwise offer in the ordinary course of business. Any discount beyond what might be offered in the ordinary course of business is prohibited because discounting invoices to Smart Retail in that manner would potentially benefit me (indirectly) as a shareholder of Smart Retail to the detriment of my law firm partners, which would violate duties I owe to my law firm partners. Thus, during the course of my firm's representation of Smart Retail, I cannot discount my firm's invoices in any way based on my role as a shareholder of Smart Retail.

As you know, as CEO of Compass Marketing, Inc. ("Compass"), and Tagnetics, Inc. ("Tagnetics"), you have retained me and my firm to represent Compass and Tagnetics in various capacities, including on advisory matters and litigation related matters. While I do not have any ownership interest in either Compass or Tagnetics, and I have not been offered the opportunity to become an investor in either company, my ownership interest in Smart Retail could potentially have an adverse effect on my representation of Compass and Tagnetics. In this regard, I could potentially give tasks performed for Compass or Tagnetics a lower priority than tasks that need to be performed for Compass or Tagnetics. I do not foresee a circumstance where I or my colleagues would act in such a manner. Nevertheless, I believe I am obligated to make this disclosure to you. In addition, for the reasons discussed above, I am not permitted to offer any discounts in legal fees to Compass or Tagnetics outside of what might be offered in the ordinary course of business as an indirect benefit to you for allowing me the opportunity to become an investor in Smart Retail.

Besides the potential conflicts of interest described above, other potential conflicts of interest may arise related to liquidity events concerning the shares I and other shareholders own in Smart Retail. In addition, potential conflicts of interest may arise in connection with the legal work you and I anticipate I will perform on behalf of Smart Retail. The precise contours of these potential conflicts are unclear at this time, as we do

KAGAN STERN MARINELLO & BEARD, LLC

John White, CEO
Smart Retail, Inc.
June 11, 2019
Page 5 of 6

not know exactly what circumstances will arise and exactly what legal issues I will be working on at a given time in the future.   Nevertheless, I wanted to note these possibilities to you in the interest of full disclosure.  As we discussed, if there comes a time where I am able to identify an actual or potential conflict of interest in connection with a particular task/project I am asked or my firm is asked to perform on behalf of Smart Retail (or even Compass or Tagnetics), I will disclose it to you as promptly as I can and address it with you (and identify whether it is waivable or not).

### Seek Other/Independent Counsel

As you know, the potential conflicts of interest identified in this letter raise important issues for you to consider so that you can be sure you are comfortable that your interests (actually, the interests of Smart Retail and your other companies) are adequately represented and not unfairly influenced by my anticipated financial interest in Smart Retail.  To this end, I must advise you that it may be in your interest to seek counsel other than me to discuss the issues I have raised in this letter and help you evaluate the potential conflicts of interest related to my anticipated ownership interest in Smart Retail.  While I can recommend attorneys to you, I know you know several attorneys with whom you can consult (including, but not limited to, Mitchell Goldsmith).  Nevertheless, if you would like me to refer you to one or more other attorneys, please let me know.

### Informed Consent

If you conclude after reviewing this letter and/or seeking counsel from another attorney with respect to the issues I have raised in this letter that I and my firm will fairly and zealously represent Smart Retail (and Compass and Tagnetics), even when I am a shareholder of Smart Retail, please sign where indicated below.  By signing below, you represent the following:  (1) you believe you have been adequately informed of the actual and potential conflicts of interest that exist with me being an investor in Smart Retail and me and my firm serving as outside counsel to Smart Retail (and Compass and Tagnetics); (2) you believe my firm and I will fairly and zealously represent Smart Retail (and Compass and Tagnetics), even when I am a shareholder of Smart Retail; (3) you consent to me and my firm serving as outside counsel to Smart Retail (and Compass and Tagnetics); and (4) you consent to me being a shareholder in Smart Retail.[7]

---

[7] To ensure complete transparency in every respect, this letter has been reviewed by the Managing Member of my law firm, Jonathan Kagan.

KAGAN STERN MARINELLO & BEARD, LLC

John White, CEO
Smart Retail, Inc.
June 11, 2019
Page 6 of 6

If you have any questions, believe any the issues raised in this letter are not clear, or would like to discuss any of these issues further, please let me know. Of course, if you do not consent to all four of the foregoing items, please let me know and either I will not become a shareholder of Smart Retail or, if there is a concern that you believe can be remedied, we should discuss that potential remedy.

Very truly yours,

KAGAN STERN MARINELLO & BEARD, LLC

Stephen B. Stern

AGREED AND ACCEPTED:

By: _____        Dated: _____
        John White, individually and as
                CEO, Smart Retail, Inc.
                CEO, Compass Marketing, Inc.
                CEO, Tagnetics, Inc.

# EXHIBIT 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland ▼

| | |
|---|---|
| David J. Boshea | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:21-CV-00309-ELH |
| Compass Marketing, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        Michael R. White

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See attached Notice of Deposition

| Place: Kagan Stern Marinello & Beard, LLC | Date and Time: |
|---|---|
| 238 West Street | |
| Annapolis, MD 21401 | Tuesday, August 24, 2021 at 2:00 pm. |

The deposition will be recorded by this method:   stenographically and video recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

see attached Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   July 28, 2021

|      *CLERK OF COURT*       |   OR   |                            |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Compass Marketing, Inc. _____ , who issues or requests this subpoena, are:

Stephen B. Stern, Esq. 238 West Street, Annapolis, MD 21401; stern@kaganstern.com; 410-216-7900

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00309-ELH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

      ❒  I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____102.28_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

      I declare under penalty of perjury that this information is true.

Date: _____

                                 _____
                                       *Server's signature*

                                 _____
                                       *Printed name and title*

                                 _____
                                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| | * | |
| **COMPASS MARKETING, INC.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**SCHEDULE A
(ATTACHED TO SUBPOENA TO MICHAEL R. WHITE)**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Compass Marketing, Inc. ("Compass Marketing"), requests that Michael R. White, produce documents responsive to the following requests.

A.      In producing documents requested, you are requested to furnish all documents in your possession, custody, or control, including both documents possessed directly by you and documents possessed by your agents, employees, representatives, investigators, and attorneys or their agents, employees, representatives, or investigators.

B.      These requests for production of documents shall be deemed continuing in nature. If you at any time subsequent to the production of documents in response hereto, and prior to the rendering of judgment in this action, obtain additional documents responsive to these requests, you shall promptly provide such documents for inspection and copying in accordance with the Federal Rules.

C.      These requests for production of documents seek production of every version of the documents requested, including, but not limited to, copies of the documents with marginalia,

1

additional attachments, additional printed or typed notes, indications or carbon copies, blind carbon copies or distribution lists, and drafts and revisions of the documents. Each and every document requested should be produced in its entirely, without abbreviation or expurgation and including all attachments or other matters affixed thereto.

D.      If any of the requested documents cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

E.      If any request is objected to as being unduly burdensome, produce all documents available without unreasonable burden and, for those you claim to be unduly burdensome, identify the number and nature of documents needed to be searched, the location of the documents, and the number of person hours and other costs required to conduct the search.

F.      If any responsive documents requested no longer exist or have otherwise been destroyed or discarded, identify each such document by stating:

      a.      The nature of the document;

      b.      The author(s) and their address(es);

      c.      The date(s) of the document;

      d.      Any indicated (i.e., cc) or blind copies;

      e.      The document's subject matter, number of pages, and attachments or appendices;

      f.      All persons to whom the document was distributed;

      g.      The date of destruction or the date it was discarded; and

      h.      The persons authorizing or carrying out the destruction or discard.

G.      The term "document" includes by way of illustration and not limitation, the following, whether written, printed, reproduced by any process, including recordings, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery: tapes; notes; analyses; computer printouts; information maintained on computer disks, flash drives, or hard drives (including metadata); correspondence; communications of any nature; electronic mail ("email"); text messages; websites and Internet history; telegrams; letters; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records or tapes of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; drafts, revisions of drafts; tape recordings; records and dictation belts.  Any document with any marginalia, including marks on any sheet or side thereof, such as initials, stamped indicia, comments, or notations of any character not part of the original text, or any reproduction thereof, is not to be considered a separate document for purposes of this subpoena.

H.      As used herein:

      a.      The phrase "refer, reflect, or relate to" or any similar combination of these words is intended to have the broadest possible meaning, and includes any logical or factual connection with the matters discussed.

      b.      The term "or" means "and/or."

      c.      Any word written in the singular shall include the plural and vice versa.

      d.      The term "any" means "each, any, and all."

e.   When appropriate, the use of the masculine also includes the feminine, and vice versa.

I.   The term "Compass Marketing" shall mean Compass Marketing, Inc., the Defendant in the above-captioned litigation, and all of its affiliates, directors, employees, agents, successors, and assigns.

J.   The term "David Boshea" shall refer to David J. Boshea, the Plaintiff in the above-captioned litigation, and all of his affiliates, employees, and agents.

K.   If you object to fully producing a document or communication because of a privilege, you must provide the following information, unless divulging the information would disclose the privileged information:

a.   the nature of the privilege asserted (including work product);

b.   the date of the document or communication;

c.   if a document, its type (e.g., letter, memorandum, facsimile, email), author, addressee(s), custodian, location, all recipients, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including, if not apparent, the relationship between the author and the addressee; and

d.   the general subject matter of the document or communication.

## Documents to be Produced

1.   All documents that refer, reflect, or relate to communications with David Boshea.

2.   All documents that refer, reflect, or relate to David Boshea's employment with Compass Marketing.

4

3.      All documents that refer, reflect, or relate to David Boshea's compensation from Compass Marketing.

4.      All documents that refer, reflect, or relate to David Boshea's termination from employment with Compass Marketing.

5.      All documents that refer, reflect, or relate to any agreement between David Boshea and Compass Marketing.

6.      All documents that refer, reflect, or relate to the above-captioned litigation.

7.      All documents sent to or received from any individual or entity that refer, reflect, or relate to Daid Boshea.

8.      All documents sent to or received from any individual or entity that refer, reflect, or relate to the above-captioned litigation.

9.      All documents sent to or received from Compass Marketing's resident agent since November 1, 2018.

10.     All documents that refer, reflect, or relate to Business Filings International Inc., since November 1, 2018.

11.     All documents sent to or received from Business Filings International Inc., since November 1, 2018.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| | * | |
| **COMPASS MARKETING, INC.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### NOTICE OF DEPOSITION OF PLAINTIFF MICHAEL R. WHITE

PLEASE TAKE NOTICE THAT Defendant Compass Marketing, Inc., by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, will take the deposition on oral examination of Michael R. White.  The deposition will take place at 238 West Street, Annapolis, Maryland 21401 or at another mutually agreeable location, commencing at 2:00 p.m. on August 24, 2021, and may be continued from day to day or to such other date as may be necessary until completed.

The deposition will be taken before a court reporter or other person authorized to administer oaths and will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the applicable rules.  The deposition will be recorded stenographically and will be videotaped.

Dated: July 28, 2021                    Respectfully submitted,

                                        _____
                                        Stephen B. Stern, Bar No. 25335
                                        Heather K. Yeung, Bar No. 20050
                                        KAGAN STERN MARINELLO & BEARD, LLC
                                        238 West Street
                                        Annapolis, Maryland 21401
                                        Telephone:    (410) 216-7900
                                        Facsimile:    (410) 705-0836
                                        Email:        stern@kaganstern.com
                                        Email:        yeung@kaganstern.com

                                        *Counsel for Defendant*
                                        *Compass Marketing, Inc.*

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of July, 2021, the foregoing Notice of Deposition for Michael R. White was served via electronic mail to:

> Thomas J. Gagliardo
> Gilbert Employment Law, PC
> 1100 Wayne Avenue, Suite 900
> Silver Spring, MD 20910
> Email: tgagliardo@gelawyer.com
>
> and
>
> Gregory J. Jordan
> Mark Zito
> Jordan & Zito, LLC
> 55 West Monroe St., Suite 3600
> Chicago, IL 60603
> Email: gjordan@jz-llc.com
>
> *Attorneys for Plaintiff*
> *David Boshea*
>
> _____
> Stephen B. Stern

3

**KAGAN STERN MARINELLO & BEARD, LLC • OPERATING ACCOUNT**                                       2227

| | |
|---|---|
| DATE : | July 28, 2021 |
| CHE # : | 2227 |
| AMOUNT : | $102.28 |
| ACCOUNT : | 1 |
| PAID TO : | Michael R. White |

| | |
|---|---|
| DETAIL : | Time and travel for deposition on Friday 8-24-2021 |
| CLIENT : | Compass Marketing Inc. |
| MATTER : | 210065 |

TO VERIFY AUTHENTICITY, SEE REVERSE SIDE FOR DESCRIPTION OF THE 11 SECURITY FEATURES

**KAGAN STERN MARINELLO & BEARD, LLC**
OPERATING ACCOUNT
238 WEST STREET
ANNAPOLIS, MARYLAND 21401
410-216-7900

BB&T

65-330/550

2227                                                                                         2227

28/100

PAY One Hundred Two ***********************************************************************

TO THE
ORDER OF

Michael R. White

| DATE | AMOUNT |
|---|---|
| Jul 28, 2021 | $102.28 |

AUTHORIZED SIGNATURE

CLIENT : Compass Marketing Inc.

⑈"002227"⑈ ⑆055003308⑆ 000525202268 8"⑈

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## FOR THE
## District of Maryland

David J. Boshea
Plaintiff

v.

Compass Marketing, Inc
Defendant

Civil Action No.
1-21-CV-00309-ELF

# Affidavit of Michael R. White

1. I am over eighteen years of age and competent to testify before this court
2. I am NOT a party to this litigation
3. I am a retired Maryland State Trooper with 23 years' experience as a criminal Investigator.
4. I am well versed in the recognition, detection, and investigation of criminal behavior, and the apprehension of persons who have committed crimes
5. I am a 25% shareholder of my company, Compass Marketing Incorporated ("Compass")
6. Together, my brother Daniel White and I own 50% of the issued shares for Compass and are two of the three legitimate directors of Compass
7. Stephen Stern Esq and the law firm of Kagan Stern Marinello & Beard, LLC have stolen funds from my company Compass and laundered the funds through the law firms trust account to pay settlement payments to Tagnetics Inc plaintiffs in a Federal Bankruptcy case.
8. Stephen Stern Esq and the law firm of Kagan Stern Marinello & Beard, LLC have stolen funds from my company Compass and laundered the funds through their working fund to create and fund a criminal corporation in the State of Wyoming. "Smart Retail"
9. Stephen Stern Esq and the law firm of Kagan Stern Marinello & Beard, LLC have stolen funds from my company Compass and laundered the funds through their working fund to create and fund a criminal corporation in the State of Florida "East Port Partner's

10. Stephen Stern Esq and the law firm of Kagan Stern Marinello & Beard, LLC have entered their appearance in this case without approval of the board of directors of Compass

11. I do not approve or consent to the appearance of Stephen Stern Esq and the law firm of Kagan Stern Marinello & Beard, LLC in this case, Boshea v. Compass 1-21-CV-00309-ELH

12. I do not waive any criminal or civil conflicts Stephen Stern Esq and the law firm of Kagan Stern Marinello & Beard, LLC created by fraudulently entering this case

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY AND UNDER OATH THAT THE CONTENTS OF THE THIS AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Michael R White

8-23-2021

Date

# EXHIBIT 4



SHARES

150

NUMBER

***5***

INCORPORATED UNDER THE LAWS OF THE STATE OF VIRGINIA

## COMPASS MARKETING, INC.

AUTHORIZED CAPITAL STOCK 1,500 COMMON SHARES NO PAR VALUE PER SHARE

**This Certifies that** Michael Robert White is the owner of One Hundred and Fifty Shares (150)

fully paid and non-assessable *Shares of the Capital Stock of* the above named *Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.*

**In Witness Whereof,** *the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this* 11th *day of* June A.D. 20 2001

SECRETARY

PRESIDENT

CSC-103



NUMBER

***4***

SHARES

300

INCORPORATED UNDER THE LAWS OF THE STATE OF VIRGINIA

## COMPASS MARKETING, INC.

AUTHORIZED CAPITAL STOCK 1,500 COMMON SHARES NO PAR VALUE PER SHARE

**This Certifies that** John David White is the

owner of Three Hundred (300) Shares of the Capital Stock of the above named

fully paid and non-assessable Shares of the Capital Stock of the above named

Corporation transferable only on the books of the Corporation by the holder hereof in per-

son or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

**In Witness Whereof,** the said Corporation has caused this Certificate to be signed

by its duly authorized officers and its Corporate Seal to be hereunto affixed

this ____11th____ day of ____June____ A.D. 20 2001

SECRETARY

PRESIDENT

CSC-103

Document Received by the US DC Arlington Fin Credit Court.



Document received by the MD Arlington Circuit Court.

# EXHIBIT 5

**From:** Stephen Stern <Stephen.Stern@sdhm.com>
**Sent:** Friday, January 24, 2020, 12:24 PM
**To:** John White
**Subject:** FW: Compass Marketing - Insurance Applications Signed by Daniel White, with Assistance from Another State's Attorney

fyi

**From:** Stephen Stern
**Sent:** Friday, January 24, 2020 12:21 PM
**To:** Erin E. Pulice (Erin.Pulice@usdoj.gov) <erin.pulice@usdoj.gov>
**Cc:** Jason Bender (jcbender@fbi.gov) <jcbender@fbi.gov>
**Subject:** Compass Marketing - Insurance Applications Signed by Daniel White, with Assistance from Another State's Attorney

Erin:

Attached please find four professional liability insurance applications signed by Daniel White from 2016 through 2019. As you will see, in each instance, he signed claiming to be the CEO of Compass Marketing, which he was not. In addition, you will see that he signed the 2019 application on February 27, 2019, which was after his employment was terminated and after he was voted off the Board of Directors (on February 14, 2019). None of these insurance policies were authorized or expected expenditures by the company.

Part of the evidence that these applications were not authorized by the company is that another "ghost" employee was used to receive/send emails for these applications. As previously noted, it appears that Daniel White was receiving assistance to process these applications from Julie White

# EXHIBIT 6

VIRGINIA:

IN THE CIRCUIT COURT OF ARLINGTON COUNTY

DANIEL J. WHITE

and

MICHAEL R. WHITE

on behalf of themselves and, derivatively, on
behalf of COMPASS MARKETING, INC.,

Plaintiffs,

v.

COMPASS MARKETING, INC.,

and

JOHN D. WHITE

Defendant.

Case No. CL 19003628-00

## DECLARATION OF LUIS A. FERNANDEZ

I, Luis A. Fernandez, being first sworn, do declare as follows:

1.      I am over the age of 18 and fully competent to make this declaration. The facts stated herein are true and correct and are based on my personal knowledge.

2.      I am Senior Vice President/Controller of Compass Marketing, Inc.("Compass").

3.      I am also the Chief Financial Officer of Tagnetics, Inc. ("Tagnetics").

4.      Attached hereto as Exhibit A is true and correct copy of a Promissory Note that I signed on behalf of Tagnetics in favor of Compass to secure repayment of amounts paid for a settlement of certain claims in the Tagnetics involuntary bankruptcy proceedings.

149369894.1

Document received by the VA Arlington 17th Circuit Court.

5.      Attached hereto as <u>Exhibit B</u> is true and correct copy of Invoice No. JW-19-Q3 from Compass to John White for $1,039.00 for legal fees paid for Smart Retail, and reflecting that the invoice is paid in full.

6.      Attached hereto as <u>Exhibit C</u> is true and correct copy of journal entry recorded in the QuickBooks system for Compass on September 30, 2019, reducing the amount owed by Compass to John White by $1,039.00.

7.      Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Meeting Minutes from a Special Meeting of the Stockholders of Compass held on February 14, 2019.

8.      Attached hereto as <u>Exhibit E</u> are true and correct copies of the Minutes of a Special Meeting of the Shareholders and Minutes of a Special meeting of the Board of Directors of Compass, both held on June 1, 2001.

9.      Attached hereto as <u>Exhibit F</u> are true and correct copies of Compass Stock Certificate Nos. 4, 5, and 6.

10.     Attached hereto as <u>Exhibit G</u> is true and correct copy of a Resolution of the Board of Compass dated July 20, 2015.

11.     The documents attached as Exhibits A through G are kept by Compass in the regular course of its business.

12.     It is the regular practice of Compass for an employee or representative with knowledge of the act, event, incident, order, transaction, invoice, condition, photo, video recording, audio recording, opinion, or diagnosis, to make the record, or to transmit information thereof to be included in such record.

13.     Exhibits A through G were made at or near the time of occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

- 2 -

Document received by the VA Arlington 17th Circuit Court.

14.     Exhibits A through G attached hereto are exact duplicates of the originals.


Pursuant to Va. Code Ann. § 8.01-4.3, I declare under penalty of perjury that the foregoing is true and correct.



Dated: August 27, 2020                    By: _____
                                               Luis A. Fernandez

149369894.1

Document received by the VA Arlington 17th Circuit Court.

# PROMISSORY NOTE

## July 18, 2019

### 1.  BORROWER'S PROMISE TO PAY

In return for a loan that TAGNETICS, INC. ("Borrower"), a Delaware Corporation with its mailing address of 222 Severn Avenue, Building 14, Suite 200, Annapolis, MD 21403 received, Borrower promises to pay Ninety Two Thousand, One Hundred Fifty Three and 79/100 dollars ($92,153.79) (this amount will be called "principal"), plus interest, to the order of COMPASS MARKETING, INC., a Virginia Corporation, with a mailing address of 222 Severn Avenue, Building 14, Suite 200, Annapolis, MD 21403.  The Maturity Date of this note shall be July 18, 2022

### 2.  INTEREST

Borrower will pay interest at a rate of eight percent (8.0%).  Interest will be charged on that part of principal which has not been paid.  Interest will be charged beginning on the date of the Note and continuing until the full amount of principal has been paid.

### 3.  PAYMENTS

There are no monthly payments.  On the Maturity Date, the Borrower agrees to pay the full amount of the principal still due and owing to the Lender, including interest on the principal as provided in Section 2 of this Note.

Borrower will make all payments to the Lender at:

> Compass Marketing, Inc.
> 222 Severn Avenue, Building 14, Suite 200
> Annapolis, MD. 21403

### 4.  BORROWER'S RIGHT TO MAKE PREPAYMENTS

The Borrower has the right to make payments of the principal and interest amounts before they are due.  Any payment made before it is due is known as a "prepayment."  A prepayment of only part of the unpaid principal is known as a "partial prepayment."

If the Borrower makes a partial prepayment, there will be no delays in the due dates or changes in the amounts of the Borrower's monthly payments (if any) unless the Lender agrees in writing to those delays or changes.  The Lender will use all of the Borrower's prepayments to reduce the amount of principal that the Borrower owes under this Note.

Document received by the VA Arlington 17th Circuit Court.

There will be no prepayment charges or penalties paid by the Borrower to the Lender.

**5. GIVING OF NOTICES**

Any notice that must be given to the Borrower or Lender under this Note must be given by delivering the notice via certified mail, return receipt requested to the address identified in Section 1 of this Note.

Borrower:

TAGNETICS, INC.

By: _____

Luis A. Fernandez

Its:   Chief Financial Officer

Date:  July 18, 2019

Document received by the VA Arlington 17th Circuit Court.

# EXHIBIT 7

KAGAN, STERN, MARINELLO & BEARD, LLC   Filed 06/15/20   Entered 06/15/20 09:02:10   Desc Main   1457
IOLTA ACCOUNT   Document   Page 2 of 2
238 WEST STREET
ANNAPOLIS, MARYLAND 21401   65-330/550
410-216-7900

*** Seven Hundred Forty Eight ********************************************************************************* 74/100

PAY
TO THE
ORDER
OF

Kenneth Kayser

DATE   Jun 10, 2020   AMOUNT   $748.74

CLIENT:   Tagnetics, Inc.   AUTHORIZED SIGNATURE

⑈"001457"⑈ ⑈055003308⑈:0005252022696"

---

KAGAN, STERN, MARINELLO & BEARD, LLC   BB&T   1462   1462
IOLTA ACCOUNT
238 WEST STREET
ANNAPOLIS, MARYLAND 21401   65-330/550
410-216-7900

*** Seven Hundred Forty Eight ********************************************************************************* 74/100

PAY
TO THE
ORDER
OF

Ronald Earley

DATE   Jun 12, 2020   AMOUNT   $748.74

CLIENT:   Tagnetics, Inc.   AUTHORIZED SIGNATURE

⑈"001462"⑈ ⑈055003308⑈:0005252022696"

---

KAGAN, STERN, MARINELLO & BEARD, LLC   BB&T   1459   1459
IOLTA ACCOUNT
238 WEST STREET
ANNAPOLIS, MARYLAND 21401   65-330/550
410-216-7900

*** Seven Hundred Forty Eight ********************************************************************************* 74/100

PAY
TO THE
ORDER
OF

Jonathan Hager

DATE   Jun 10, 2020   AMOUNT   $748.74

CLIENT:   Tagnetics, Inc.   AUTHORIZED SIGNATURE

⑈"001459"⑈ ⑈055003308⑈:0005252022696"

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN (BALTIMORE) DISTRICT OF MARYLAND

DAVID J. BOSHEA                           *
                                          *
          Plaintiff,                      *
                                          *
v.                                        *      Case No. 1:21-CV-00309-ELH
                                          *
COMPASS MARKETING, INC.                   *
                                          *
          Defendant.                      *
                                          *
*       *       *       *       *       *       *       *       *       *       *       *       *

ENTRY OF APPEARANCE

Please enter the appearance of Stephen B. Stern, Esq., Heather K. Yeung, Esq., and the

law firm of Kagan Stern Marinello & Beard, LLC, on behalf of Defendant Compass Marketing,

Inc., in the above-captioned matter.

Dated:  May 4, 2021                       Respectfully submitted,

                                            /s/ Stephen B. Stern
                                          Stephen B. Stern, Esq., Bar No. 25335
                                          Heather K. Yeung, Esq., Bar No. 20050
                                          KAGAN STERN MARINELLO & BEARD, LLC
                                          238 West Street
                                          Annapolis, Maryland 21401
                                          Telephone:  (410) 216-7900
                                          Facsimile:  (410) 705-0836
                                          Email:  stern@kaganstern.com
                                          Email:  yeung@kaganstern.com

                                          Counsel for Defendant
                                          Compass Marketing, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2021, this Entry of Appearance was served via CM/ECF to:

Thomas J. Gagliardo
Gilbert Employment Law, PC
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Email: tgagliardo@gelawyer.com

and

Gregory J. Jordan
Mark Zito
Jordan & Zito, LLC
55 West Monroe St., Suite 3600
Chicago, IL 60603
Email: gjordan@jz-llc.com

*Attorneys for Plaintiff*
*David Boshea*

    */s/ Stephen B. Stern*
Stephen B. Stern

# EXHIBIT 9

Compass MARKETING          **John White <jwhite@compassmarketinginc.com>**

---

## RE: FW: Notice and Subpoena
1 message

---

**Stephen Stern** <Stern@kaganstern.com>          Wed, Jul 17, 2019 at 3:10 PM
To: John White <jwhite@compassmarketinginc.com>
Cc: Nena Willingham <nena@kaganstern.com>

If early enough, the answer is yes (the only reason for the limited time window is because we need certain people available to make it happen and I am dealing with multiple schedules on that front). I am in court tomorrow morning – I am copying Nena Willingham on this email so you can coordinate with her about the wire transfer. She is on vacation tomorrow, but will come to the office to coordinate on this wire transfer, as long as she knows when to arrive. I need to tell her a time.

Also, call me to fill me in on the meetings.

Stephen

**From:** John White <jwhite@compassmarketinginc.com>
**Sent:** Wednesday, July 17, 2019 3:07 PM
**To:** Stephen Stern <Stern@kaganstern.com>
**Subject:** Re: FW: Notice and Subpoena

I'll execute tonight. On way home from NYC. Can't we both wire into your trust acct in am and out to them same day (tomorrow) ?

John White
Chairman/CEO
Compass Marketing Inc
www.compassmarketinginc.com

On Wed, Jul 17, 2019, 2:57 PM Stephen Stern <Stern@kaganstern.com> wrote:

It is coming from the lawyer representing Kayser's company (KVL). Dan has to be volunteering if he appears in court – a federal court in Ohio cannot compel someone from Maryland to appear in court in Ohio to testify.

**M&T** Bank

FOR INQUIRIES CALL:   CHARLOTTE HALL
(301) 290-1538

| ACCOUNT TYPE | |
|---|---|
| M&T ADVANCED BUSINESS CHECKING | |
| **ACCOUNT NUMBER** | **STATEMENT PERIOD** |
| 970081243 | 07/01/19 - 07/31/19 |

**COMPASS MARKETING INC**

## ACCOUNT ACTIVITY

| POSTING DATE | TRANSACTION DESCRIPTION | DEPOSITS & OTHER CREDITS (+) | WITHDRAWALS & OTHER DEBITS (-) | DAILY BALANCE |
|---|---|---|---|---|
| 07/12/2019 | ALLERGAN USA, IN CORP PYMNT 012900840204262 | 21,182.08 | | |
| 07/12/2019 | MARS DRINK N1741 CASH DISB | 9,576.00 | | |
| 07/12/2019 | R & B FOODS INC. PAYMENT | 8,540.05 | | |
| 07/12/2019 | PROCTER GAMBLE EDI PAYMNT  7221704285 | 1,217.17 | | |
| 07/12/2019 | RICOLA USA INC CORP PAY   530 | 169.87 | | |
| 07/12/2019 | OUTGOING FEDWIRE FUNDS TRANSFER BRANCH KELLY & ASSOCIATES FINANCIAL | | 250,600.00 | |
| 07/15/2019 | MCCORMICK & CO., ACH DISB | 326.61 | | 43,762.66 |
| 07/16/2019 | DEPOSIT | 22,938.69 | | 44,089.27 |
| 07/16/2019 | KIMBERLY CL6933 EDI PAYMNT 5402396139 | 18,033.20 | | |
| 07/16/2019 | Mainspring Holdi Bill.com  016GYVOJV141CYH | 7,390.47 | | |
| 07/16/2019 | CHECK NUMBER    12616 | | 3,170.84 | 89,280.79 |
| 07/17/2019 | J & J SERVICES PAYMENTS   130D11415521119 | 170,225.36 | | |
| 07/17/2019 | J & J SERVICES PAYMENTS   130D11415488019 | 51,000.00 | | |
| 07/17/2019 | NBTY INC NEW OPE US_LE   358926 | 16,283.23 | | |
| 07/17/2019 | CHECK NUMBER    12624 | | 1,420.52 | 325,368.86 |
| 07/18/2019 | MARS DRINK N1741 CASH DISB | 12,582.00 | | |
| 07/18/2019 | OUTGOING FEDWIRE FUNDS TRANSFER BRANCH KAGAN STERN MARINELLO & BEARD LLC | | 92,153.79 | |
| 07/18/2019 | OUTGOING FEDWIRE FUNDS TRANSFER BRANCH KELLY & ASSOCIATES FINANCIAL | | 52,000.00 | |
| 07/18/2019 | THE HARTFORD PACERPYRLC   30WECEL9339 | | 1,375.11 | |
| 07/18/2019 | CHECK NUMBER    12628 | | 1,572.91 | 190,849.05 |
| 07/19/2019 | THEJMSMUCKERCO VENDOR PMT  299119 | 26,404.60 | | |
| 07/19/2019 | PROCTER GAMBLE EDI PAYMNT  7221712406 | 7,151.00 | | 224,404.65 |
| 07/22/2019 | DEPOSIT | 8,229.59 | | |
| 07/22/2019 | PHLVARIABLEINSCO ALLPAYMENT 40100291 | | 351.67 | |
| 07/22/2019 | HRPB SOLUTIONS L SALE | | 10,065.00 | |
| 07/22/2019 | AMEX EPAYMENT ACH PMT    S2928 | | 37,794.11 | 184,423.46 |
| 07/23/2019 | KELLY & ASSOCIAT COLLECTION 175583 | | 53,141.88 | |
| 07/23/2019 | CHECK NUMBER    12627 | | 2,131.29 | 129,150.29 |
| 07/24/2019 | DURACELL DISTRIB 9609576000 | 36,789.24 | | |
| 07/24/2019 | INCOMING FEDWIRE FUNDS TRANSFER DL DISTRIBUTION LLC | 1,123.25 | | |
| 07/24/2019 | THE HARTFORD PACERPYRLC   30WECEL9339 | | 288.09 | 166,774.69 |
| 07/26/2019 | COLGATE 9437 EDI PAYMNT   2300012971 | 42,785.44 | | |
| 07/26/2019 | FERRERO PAYMENTS      DOC000004200525 | 30,117.19 | | |
| 07/26/2019 | PF CONHEALTH 1 L 2000210070 312000210070 | 14,545.73 | | |
| 07/26/2019 | OBAGI COSMECEUTI EFTPAY | 1,836.03 | | |
| 07/26/2019 | IRIS OPERATING CASH DISB   905179 | 1,722.90 | | |

GTR WASHINGTON COMMERCIAL BANK
1 RESEARCH CT SUITE 400 ROCKVILLE MD  20850

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF OHIO (DAYTON)

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 19-30822 |
| TAGNETICS INC. | * | JUDGE HUMPHREY |
| INVOLUNTARY DEBTOR | * | CHAPTER 7 |

## MOTION TO WITHDRAW FROM BAKRUPTCY PROCEEDINGS OF PETITIONING CREDITOR S-TEK, INC.

Now comes the Petitioning Creditor S-TEK, INC., by and through its counsel Christopher L. Wesner, and does hereby move this Court to allow S-Tek, Inc.'s withdraw as a petitioning creditor in the above entitled case.

## MEMORANDUM IN SUPPORT

S-Tek, Inc.'s claim in this case has reached a settlement.  As S-Tek, Inc.'s Claim has been paid in full, it is hereby requested that the Court issue an order approving the Motion of S-Tek, Inc. to withdraw from any further bankruptcy proceedings in this matter as per the telephonic pretrial conference held on July 19, 2019.

Dated:  7/19/2019

Respectfully submitted,
/s/ Christopher L. Wesner
Christopher L. Wesner (0082699)
Miller, Luring Venters & Wesner Co., L.P.A.
314 W. Main Street.
Troy, OH 45373
Phone: (937)-339-2627
chriswesnerlaw@gmail.com
Attorney for S-Tek and Kayser Ventures Ltd.

1

## CERTIFICATE OF SERVICE

I hereby certify that this document was served by email (when the email address of the party was available to me) and regular U.S. mail this day of July 19, 2019 upon the following:

**John White**
**Care of Stephen B. Stern**
238 W. Street
Annapolis, MD 21401
Counsel for Tagnetics Inc.

**Robert Kracht**
101 W. Prospect Avenue, Suite 1800
Cleveland, OH 44115
Counsel for Tagnetics Inc.

**Kenneth W Kayser**
PO Box 115
Catawba, VA 24070

**Ronald E. Early**
6429 Winding
Tree Dr New
Carlise, OH
45344

**Kayser Ventures Ltd**
1872 Pratt Dr
Ste 1800
Blacksburg, VA 24060

**Jonathan Hager**
2170 River Oaks Drive
Salem, VA 24153

**Robert Strain**
427 Artell St.
Marcengo, IL 60512

**S-Tek Inc.**
1100 Wayne St
Suite 5000
Troy, OH 45373

/s/ Christopher L. Wesner

2

# EXHIBIT 10

# STATE OF WYOMING
## Office of the Secretary of State

I, EDWARD A. BUCHANAN, Secretary of State of the State of Wyoming, do hereby certify that the filing requirements for the issuance of this certificate have been fulfilled.

## CERTIFICATE OF INCORPORATION

**Smart Retail, Inc.**

I have affixed hereto the Great Seal of the State of Wyoming and duly executed this official certificate at Cheyenne, Wyoming on this **2nd** day of **August, 2019** at **2:39 PM.**



Remainder intentionally left blank.



Filed Date: 08/02/2019

Secretary of State

Filed Online By:

Ryan Beard

on 08/02/2019

Business Center

<u>Online Services</u>   <u>Search</u>

# DETAIL

<u>RETURN TO YOUR SEARCH</u>     <u>FILE YOUR ANNUAL REPORT</u>

Smart Retail, Inc.

This detail reflects the current data for the filing in the system.

<u>Print</u>

**Name**
Smart Retail, Inc.

**Filing ID**
2019-000868971

**Type**
Profit Corporation - Domestic

**Status**
Active

**Sub Status**
Current

**Initial Filing**
08/02/2019

**Fictitious Name**

**Standing - Tax**
Good

**Standing - RA**
Good

**Standing - Other**
Good

**Term of Duration**
Perpetual

**Formed In**
Wyoming

**Principal Office**
222 Severn Avenue
Building 14
Suite 200
Annapolis, MD 21403
USA

**Mailing Address**
222 Severn Avenue
Building 14
Suite 200
Annapolis, MD 21403
USA

<u>Additional Details</u>

**Registered Agent:**
C T Corporation System
1908 Thomes Ave
Cheyenne, WY 82001 USA

**Latest AR/Year**

**AR Exempt**

**License Tax Paid**

**Common Shares**
1,000

**Common Par Value**

**Preferred Shares**

Preferred Par Value

History

## Initial Filing - See Filing ID

Date: 08/02/2019

Public Notes

No Public Notes Found...

Parties

John White (Incorporator)

Organization:
Address: 222 Severn Avenue, Building 14, Suite 200, Annapolis, Maryland 21403

**Wyoming Secretary of State**
2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

For Office Use Only
WY Secretary of State
**FILED: Aug  2 2019  2:39PM**
**Original ID: 2019-000868971**

*Wyoming*
Secretary of State

# Profit Corporation

# Articles of Incorporation

**I. The name of the corporation is:**

Smart Retail, Inc.

**II. The name and physical address of the registered agent of the corporation is:**

C T Corporation System
1908 Thomes Ave
Cheyenne, WY 82001

**III. The mailing address of the corporation is:**

222 Severn Avenue
Building 14
Suite 200
Annapolis, MD 21403

**IV. The principal office address of the corporation is:**

222 Severn Avenue
Building 14
Suite 200
Annapolis, MD 21403

**V. The number, par value, and class of shares the corporation will have the authority to issue are:**

Number of Common Shares:   1,000          Common Par Value:    $0.0000
Number of Preferred Shares:   0             Preferred Par Value:   $0.0000

**VI. The name and address of each incorporator is as follows:**

John White
222 Severn Avenue, Building 14, Suite 200, Annapolis, Maryland 21403

**Signature:** *Ryan Beard*                          Date:  **08/02/2019**

Print Name:     **Ryan Beard**

Title:          **Attorney**

Email:          **beard@kaganstern.com**

Daytime Phone #:   **(410) 216-7900**

**Wyoming Secretary of State**
2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

☑ I am the person whose signature appears on the filing; that I am authorized to file these documents on behalf of the business entity to which they pertain; and that the information I am submitting is true and correct to the best of my knowledge.

☑ I am filing in accordance with the provisions of the Wyoming Business Corporation Act, (W.S. 17-16-101 through 17-16-1804) and Registered Offices and Agents Act (W.S. 17-28-101 through 17-28-111).

☑ I understand that the information submitted electronically by me will be used to generate Articles of Incorporation that will be filed with the Wyoming Secretary of State.

☑ I intend and agree that the electronic submission of the information set forth herein constitutes my signature for this filing.

☑ I have conducted the appropriate name searches to ensure compliance with W.S. 17-16-401.

☑ I affirm, under penalty of perjury, that I have received actual, express permission from each of the following incorporators to add them to this business filing: John White

**Notice Regarding False Filings: Filing a false document could result in criminal penalty and prosecution pursuant to W.S. 6-5-308.**

---

**W.S. 6-5-308. Penalty for filing false document.**

(a) A person commits a felony punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both, if he files with the secretary of state and willfully or knowingly:

(i) Falsifies, conceals or covers up by any trick, scheme or device a material fact;

(ii) Makes any materially false, fictitious or fraudulent statement or representation; or

(iii) Makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry.

---

☑ I acknowledge having read W.S. 6-5-308.

**Filer is:**    ☑ An Individual        ☐ An Organization

## Filer Information:

**By submitting this form I agree and accept this electronic filing as legal submission of my Articles of Incorporation.**

Signature:    *Ryan Beard*                          Date:  08/02/2019

Print Name:    **Ryan Beard**

Title:    **Attorney**

Email:    **beard@kaganstern.com**

Daytime Phone #:    **(410) 216-7900**



**Wyoming Secretary of State**
2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

## Consent to Appointment by Registered Agent

**C T Corporation System**, whose registered office is located at **1908 Thomes Ave, Cheyenne, WY 82001**, voluntarily consented to serve as the registered agent for **Smart Retail, Inc.** and has certified they are in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

I have obtained a signed and dated statement by the registered agent in which they voluntarily consent to appointment for this entity.

Signature:   *Ryan Beard*                           Date:  08/02/2019

Print Name:   **Ryan Beard**

Title:   **Attorney**

Email:   **beard@kaganstern.com**

Daytime Phone #:   **(410) 216-7900**

# EXHIBIT 11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (NORTHERN DIVISION)

**DAVID J. BOSHEA**

    *Plaintiff,*

**v.**

**COMPASS MARKETING, INC.**

    *Defendant.*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

    \*

    \*    Civil No.: 1:21-cv-00309-ELH

    \*

    \*

    \*

    \*

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to FED. R. CIV. P. 7.1 and Local Rule 103.3, Defendant Compass Marketing, Inc., by and through its undersigned counsel, hereby provides the following information:

1.    No parent entity exists for the named Defendant.

2.    Tagnetics, Inc., is an affiliate of Compass Marketing, Inc., under the laws of certain states.  To this end, Compass Marketing owns at least 10% of the shares and options of Tagnetics, Inc.

3.    No other corporation, unincorporated association, partnership, or other business entity not a party to the case has any financial interest in the outcome of the litigation.

1

Dated: June 2, 2021

Respectfully submitted,

_____/s/ Stephen B. Stern_____
Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Phone:      (410) 216-7900
Facsimile:   (410) 705-0836
stern@kaganstern.com
yeung@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of June, 2021, I served via the CM/ECF

e-filing system the above filing on all counsel of record entitled to service.

_____/s/ Stephen B. Stern_____
Stephen B. Stern, Bar No.: 25335

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| _____ | \* | |
| **Plaintiff,** | | |
| | \* | |
| **v.** | | **Case No.** _____ |
| | \* | |
| _____ | | |
| **Defendant.** | \* | |

## <u>DISCLOSURE OF CORPORATE INTEREST</u>

**Check all that apply:**

☐  I certify, as party/counsel in this case that _____
(name of party)

is not an affiliate or parent of any corporation, and no corporation, unincorporated association, partnership or other business entity, not a party to the case, has a financial interest in the outcome of this litigation as defined in Local Rule 103.3 (D. Md.).

☐  The following corporate affiliations exist with _____:
(name of party)

_____
(names of affiliates)

☐  The following corporations, unincorporated associations, partnerships or other business entities which are not parties may have a financial interest in the outcome of this litigation:

_____
(names of entities with possible financial interests)

DisclosureCorpInterest (03/2015)

☐ In a case based on diversity jurisdiction, the following is a list of all members of

_____ and their states of citizenship:
<span style="font-size:small">(name of LLC party)</span>

| | |
|---|---|
| _____ | _____ |
| (name of member) | (state of citizenship) |
| _____ | _____ |
| (name of member) | (state of citizenship) |
| _____ | _____ |
| (name of member) | (state of citizenship) |
| _____ | _____ |
| (name of member) | (state of citizenship) |

Note: If there are additional LLC members, please provide their names and states of citizenship on a separate sheet of paper.


_____

Date

_____

Signature

_____

Printed name and bar number

_____

Address

_____

Email address

_____

Telephone number

_____

Fax number

2

# EXHIBIT 12

# CERTIFICATE OF RESOLUTIONS

I, the undersigned CEO of Tagnetics, Inc., a Delaware corporation (the "Corporation") doe hereby certify that the following resolutions were duly adopted by the Directors of the Corporation on July 26, 2019 as the action of the Corporation:

"**RESOLVED,** that it is desirable and in the best interest of the Corporation, its creditors, shareholders and other interested parties, that the Company consent to the entry of an order for relief by the Corporation seeking relief under the provisions of Chapter 11, of the United States Code (the "Bankruptcy Code"); and it is further

**RESOLVED,** that the form of Chapter 11 petition shall be as required by law and is approved and adopted in all respects, and that John White, CEO, be, and hereby is authorized and directed, on behalf of and in the name of the Corporation, to execute and verify a petition substantially in such form and to cause the same to be filed with the United States Bankruptcy Court for the Southern District of Ohio (Dayton), at such time as John White executing said petition on behalf of the Corporation shall determine; and it is further

**RESOLVED,** that on behalf of the Corporation, John White shall be, and hereby is authorized to execute and file all petitions, schedules, lists and other papers and to take any and all action which he may deem necessary or proper in connection with the Chapter 11 case; and it is further

**RESOLVED,** that John White on behalf of the Corporation be, and hereby is authorized and directed to employ: (i) Douglas S. Draper and the law firm of Heller, Draper, Hayden, Patrick & Horn, LLC as bankruptcy counsel ("Heller Draper") to represent and assist the Corporation in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Corporation's rights, including filing and pleading, and in connection therewith, John White hereby is authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case (the "Case") and to cause an appropriate application for authority to retain the services of Heller Draper; and (ii) Hahn Loeser & Parks LLP ("Hahn Loeser") as local counsel to represent and assist the Corporation as local counsel with respect to the aforesaid bankruptcy proceedings and in connection therewith John White is authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing the Case and to cause an appropriate application of authority to retain the services of Hahn Loeser.

**RESOLVED,** that Lou Fernandez is hereby appointed CFO and Assistant Secretary of the Company.

In witness wherefore, I have hereunto set my and this 26th day of July, 2019.

Tagnetics, Inc.

By:_____
    John White, CEO

25571590.1

# EXHIBIT 13

# Special Meeting of the Stockholders
## of
# COMPASS MARKETING, INC.

### Meeting Minutes

A special meeting of the stockholders of COMPASS MARKETING, INC. was held at 1:00 p.m. on February 14, 2019, at 200 Westgate Circle, Suite 500, Annapolis, Maryland 21401.

The following stockholders were present in person, and represented the number of shares set opposite their names:

| Name | Number of shares |
|------|------------------|
| John D. White | 600 |

John D. White, Chairman/CEO of the corporation, presided over the meeting and recorded the minutes.

The Chairman/CEO announced that the purpose of the meeting was to consider and vote upon the election of the Board of Directors of the Corporation to replace Michael R. White and Daniel J. White, with the following individuals being nominated to serve on the Board of Directors: (1) John White; (2) Larry McWilliams; (3) Todd Mitchell; (4) Jerry Cain; and (5) Colin McKay.

The stockholders of the corporation entitled to vote on the Board of Directors voted as follows:

| | Shares Voted FOR | Shares Voted AGAINST | Shares NOT VOTING |
|------|------------------|----------------------|-------------------|
| JOHN WHITE | 600 | —— | 300 |
| LARRY MCWILLIAMS | —— | 600 | 300 |
| TODD MITCHELL | 600 | —— | 300 |
| JERRY CAIN | 600 | —— | 300 |
| COLIN MCKAY | —— | 600 | 300 |

John D. White was reelected to the Board of Directors. Todd Mitchell and Jerry Cain were elected to serve and replace Michael R. White and Daniel J. White on the Board of Directors.

There being no further business to transact, the meeting was adjourned.

John D. White, Chairman/CEO

# EXHIBIT 14

DIVISION OF CORPORATIONS



## Detail by Entity Name

Florida Limited Liability Company
EASTPORT PARTNERS LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L21000073345 |
| **FEI/EIN Number** | NONE |
| **Date Filed** | 02/11/2021 |
| **Effective Date** | 02/12/2021 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

121 CYPRESS WAY
ELLENTON, FL 34222

**Mailing Address**

121 CYPRESS WAY
ELLENTON, FL 34222

**Registered Agent Name & Address**

NORTHWEST REGISTERED AGENT
7901 4TH ST N
SUITE 300
ST. PETERSBURG, FL 33702

**Authorized Person(s) Detail**

**Name & Address**

Title CEO

WILLIAMS, JESSE D
121 CYPRESS WAY
ELLENTON, FL 34222

**Annual Reports**

**No Annual Reports Filed**

**Document Images**

02/11/2021 -- Florida Limited Liability      View image in PDF format