IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| DAVID J. BOSHEA, | |
| Plaintiff, | |
| v. | |
| COMPASS MARKETING, INC. | Case No. 1:21-CV-00309-ELH |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH
SUBPOENA DUCES TECUM, OR IN THE ALTERNATIVE,
MOTION FOR PROTECTIVE ORDER**

Non-party, James C. DiPaula ("Mr. DiPaula"), through his undersigned attorneys and pursuant to Federal Rule 45, Federal Rule 26(c), and Local Rule 105.1, submits this Memorandum in support of his Motion to Quash the Subpoena Duces Tecum, or in the alternative, Motion for Protective Order on the grounds that the information sought by the Subpoena is beyond the scope of discovery and Mr. DiPaula lacks personal knowledge regarding the employment relationship at issue herein. For reasons set forth more fully below, the Motion to Quash should be granted.

**INTRODUCTION**

**I.      Allegations of the Instant Action**

This action was initiated on February 5, 2021 by Plaintiff David Boshea ("Mr. Boshea") against his former employer Defendant Compass Marketing Inc. ("Compass Marketing") for claims arising from Mr. Boshea's employment agreement and severance agreement with Compass Marketing. See ECF No. 1. Specifically, Mr. Boshea seeks damages for breach of contract and violations of the Maryland Wage Payment & Collection Act, Annotated Code of Maryland, Labor & Employment §§ 3-501, *et. seq*. *Id.* On May 26, 2021, Compass Marketing answered the Complaint and denied liability. The Court entered a scheduling Order on June 29, 2021 and

discovery proceeded. On July 29, 2021, Plaintiff filed a Motion to Amend his Complaint (ECF No. 24) and on August 5, 2021, that Motion was granted and the Amended Complaint was deemed filed. ECF No. 26. The Amended Complaint simply clarified the sums allegedly due and owing to Mr. Boshea as they had not been specified in the allegations of the initial Complaint. See ECF No. 24. As of the date of this Motion, Compass Marketing has not filed an Amended Answer.

## II. Mr. DiPaula's Prior Connection To Compass Marketing

Mr. DiPaula was an employee of Compass Marketing Inc. from 2010 until 2014 when he voluntarily resigned from Compass Marketing to pursue other opportunities. See Declaration of James C. DiPaula attached hereto as **Exhibit 1**, ¶¶ 2-3. At the time of his resignation, Mr. DiPaula held the title of Executive Vice President. *Id.* at ¶ 4. Relevant here, Mr. DiPaula, who joined Compass Marketing in 2010, was not involved in the 2007 hiring or supervision of Mr. Boshea, a member of the sales team. Exhibit 1, ¶¶ 5-7. Mr. DiPaula did not prepare or review Mr. Boshea's employment agreement. *Id.* Because he resigned from Compass Marketing in 2014, Mr. DiPaula was not involved in the decision to terminate Mr. Boshea in 2020. Yet, Compass Marketing now seeks testimony from Mr. DiPaula in this case which concerns Mr. Boshea's employment agreement with Compass Marketing and his severance therefrom.

## III. The DiPaula Subpoena

On or about August 4, 2021, Compass Marketing served a Subpoena Duces Tecum, attached hereto as **Exhibit 2**, upon Mr. DiPaula compelling his appearance for deposition on August 31, 2021 and compelling the production of three categories of documents on the same date (the "DiPaula Subpoena"). Specifically, the Subpoena compelled production of the following personal documents from Mr. DiPaula:

> (1) All documents that refer, reflect, or relate to any employment agreement(s) between ***you and Compass Marketing***;

(2) All documents that refer, reflect, or relate to any severance agreement(s) between *you and Compass Marketing*; and

(3) All documents that refer, reflect, or relate to any severance payment(s) or other post-employment payments *you received* from or on behalf of Compass Marketing.

**Exhibit 2** (emphasis added). Notably, none of the requested documents pertain to the Plaintiff herein and instead Compass Marketing seeks production of personal and private employment documents of Mr. DiPaula only.

IV. **Efforts to Confer Were Unsuccessful**

Beginning August 10, 2021, the undersigned counsel for Mr. DiPaula, Sarah Meyer, attempted to reach out to Mr. Stephen Stern, Esq., counsel for Compass Marketing and the issuing attorney, to resolve this discovery dispute. On August 12, 2021, Ms. Meyer received the email attached hereto as **Exhibit 3**. On August 17, 2021, in accordance with Fed. R. Civ. P. 45(d)(2)(B), the Revised Notice of Objections was served upon Mr. Stern. A copy of the Revised Notice of Objections is attached hereto as **Exhibit 4** and incorporated herein. Specifically, Mr. DiPaula objected to the DiPaula Subpoena on the grounds that it sought production and disclosure of information from Mr. DiPaula which was beyond the scope of discovery in this case. *Id.* In response, on August 19, 2021, Mr. Stern wrote:

> While I appreciate your focus on the allegations in the complaint, your arguments against Mr. DiPaula's involvement do not account for Compass Marketing's defenses to the claims made by Mr. Boshea. In this regard, Compass Marketing's practices as it relates to employment agreements and severance agreements or lack of severance agreements to many employees are a critical part of Compass Marketing's defense and that is why we need Mr. DiPaula to respond to the subpoena. The fact that Mr. DiPaula signed an employment agreement like so many other Compass Marketing employees is thus relevant to Compass Marketing's defense and Compass Marketing needs his testimony on matters related to that agreement and other related matters

See Email dated August 19, 2021 attached hereto as **Exhibit 5**. A telephone conference occurred on August 20, 2021 between Ms. Meyer and Mr. Stern, during which Mr. Stern refused to withdraw the DiPaula subpoena. Mr. Stern also reiterated that the purpose of seeking the

3

deposition testimony and document production from Mr. DiPaula was to show that when Mr. DiPaula left the employ of Compass Marketing (*seven years* before Mr. Boshea's termination from Compass Marketing), Mr. DiPaula was due to receive less than what Mr. Boshea now claims he is entitled to in the form of a severance payment. Therefore, no agreement to limit or withdrawn the subpoena was reached between counsel. As such, Mr. DiPaula now seeks the Court's intervention.

## ARGUMENT

Given that Mr. DiPaula's personal employment relationship with Compass Marketing which ended seven years ago has no bearing on Mr. Boshea's contractual employment relationship, Mr. DiPaula moves to quash the subpoena or in the alternative, seeks a protective order to protect against the disclosure of his private personal information including his salary, the terms of his employment with Compass Marketing generally, and any severance payment to which he was entitled and/or received.

### V. The DiPaula Subpoena Should Be Quashed In Its Entirety

"On a timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). The Fourth Circuit has held that "[a]ll civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways. First, the matter sought must be "relevant to any party's claim or defense." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir.), *cert. denied*, 140 S. Ct. 672, 205 L. Ed. 2d 438 (2019) (quoting Fed. R. Civ. P. 26(b)(1)). While "[r]elevance is not, on its own, a high bar ... [w]hen discovery is sought from nonparties, however, its scope must be limited even more." *Id.* at 188-189. The Fourth Circuit reasoned that nonparties are akin to bystanders who "should not be drawn into the parties' dispute without some

4

good reason, even if they have information that falls within the scope of party discovery." *Id.* at 189.

Here, Mr. DiPaula questions how his contractual agreement(s) with Compass Marketing seven years earlier could be classified as "information that falls within the scope of party discovery." He further questions the admissibility and relevance of *his* contractual agreement(s) with Compass Marketing to any claim or defense asserted in this case which is plainly an employment dispute arising out of a written contract between Mr. Boshea and Compass Marketing.

Finally, to the extent that Mr. DiPaula is called to testify about Mr. Boshea's employment with Compass Marketing, Mr. DiPaula has no personal knowledge regarding the allegations of this suit. See **Exhibit 1**. In an initial email from Mr. Stern, counsel for Compass Marketing, he indicated "I understand you are questioning why we served a subpoena on your client, Mr. DiPaula. Mr. DiPaula was the Executive Vice President of Compass Marketing, and Mr. Boshea's supervisor. Mr. DiPaula has knowledge of severance related matters that are relevant to this lawsuit. Therefore, we need the documents identified in the subpoena and his testimony on the relevant matters." **Exhibit 3**. As made clear in his Declaration, Mr. DiPaula was not Mr. Boshea's supervisor and has no knowledge regarding the "severance related matters" in this lawsuit as Mr. DiPaula left the employ of Compass Marketing in 2014 – <u>*seven years before*</u> Mr. Boshea was terminated. See **Exhibit 1, ¶¶** 5-9.

Thus, Mr. DiPaula's subpoenaed testimony and document production regarding his own employment with Compass Marketing are outside the scope of discovery in this case and improperly seek disclosure of protected matter – i.e. his private personal financial information concerning his employment, salary and severance payments from seven years ago. It is also apparent that the DiPaula Subpoena seeks to unduly burden Mr. DiPaula. *If* the information sought

5

was relevant herein, the DiPaula Subpoena would still be improper as Compass Marketing was a party to the agreements requested in the DiPaula Subpoena and thus should have copies of the same. Instead, Compass Marketing seeks to draw Mr. DiPaula into this dispute without any good reason for doing so other than to subject him to this undue burden. As such, the DiPaula Subpoena in its entirety should be quashed and Mr. DiPaula should not be required to comply with it in any form.

### VI. A Protective Order Is Appropriate If Any Portion of the Subpoena Survives the Motion To Quash

To the extent any portion of the Subpoena remains in effect, Mr. DiPaula seeks a protective order to prevent any discovery – documentary or testamentary - relating to his personal employment with Compass Marketing including his resignation and any severance payments which may have been made to him.

> Under Rule 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed.R.Civ.P. 26(c) (2018).
>
> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery ... [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.
>
> *Id*. To establish good cause, the movant must present particular and specific facts as to why a protective order should be issued. *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (quoting Write [sic], Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2035 (1994)). The movant "must demonstrate that the discovery sought lacks relevance" in that "the likelihood and severity of the harm or injury caused ... outweighs any need for the information." *Id*. (quoting *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988)).
>
> Rule 26(c) grants district courts broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Id*. (citing *Furlow v. United States*, 55 F.Supp.2d 360, 366 (D. Md. 1999)).

*Green Mountain Cap. LLC v. Federal Insurance Co.*, 2020 WL 4575856, at *2 (D. Md. Aug. 7, 2020) (alterations in original). Here, Mr. DiPaula has presented the particular and specific facts

6

to demonstrate that the discovery lacks any relevance and is intended to unduly burden Mr. DiPaula. The documents requested and the testimony sought based on the representations of Mr. Stern described above are in no way "relevant to any party's claim or defense" nor are they "proportional to the needs of the case, considering ... the parties' relative access to the relevant information." Fed. R. Civ. P. 26(b)(1); *see also*, *In re Subpoena Duces Tecum to Verizon Wireless*, 2019 WL 4415538 (D. Md. September 13, 2019). Instead, the DiPaula Subpoena is unduly burdensome and beyond the scope of discovery. As such, Mr. DiPaula requests that this Court enter a Protective Order precluding any party from compelling the appearance, testimony of and document production by Mr. DiPaula relative to his employment with Compass Marketing Inc.

## CONCLUSION

For the foregoing reasons, the DiPaula Subpoena should be quashed and Mr. DiPaula should be relieved of any duty to comply therewith.

    /s/ *David B. Hamilton*
David B. Hamilton (Bar No. 04308)
Sarah E. Meyer (Bar No. 29448)
WOMBLE BOND DICKINSON (US) LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
(t) (410) 545-5800
(f) (410) 545-5801
David.Hamilton@wbd-us.com
Sarah.Meyer@wbd-us.com

*Attorneys for Non-Party James C. DiPaula*