# EXHIBIT 4

# Meyer, Sarah

| | |
|---|---|
| **From:** | Meyer, Sarah |
| **Sent:** | Tuesday, August 17, 2021 6:17 PM |
| **To:** | 'stern@kaganstern.com' |
| **Cc:** | 'yeung@kaganstern.com'; 'tgagliardo@gelawyer.com'; 'gjordan@jz-llc.com' |
| **Subject:** | RE: David J. Boshea v. Compass Marketing, Inc., 1-21-CV-00309-ELH - Subpoena Duces Tecum to James C. DiPaula |
| **Attachments:** | 2021.08.17 - Correspondence re Notice of Objections to DiPaula Subpoena Duces Tecum - Revised.pdf |
| **dummymailid:** | |

Mr. Stern,

Please see the attached revised objections reflecting that Mr. DiPaula left the employ of Compass Marketing in 2014 and not 2016 as stated in my original correspondence.

Thank you,

Sarah Meyer

---

**From:** Meyer, Sarah
**Sent:** Tuesday, August 17, 2021 5:27 PM
**To:** 'stern@kaganstern.com' <stern@kaganstern.com>
**Cc:** 'yeung@kaganstern.com' <yeung@kaganstern.com>; 'tgagliardo@gelawyer.com' <tgagliardo@gelawyer.com>; 'gjordan@jz-llc.com' <gjordan@jz-llc.com>
**Subject:** David J. Boshea v. Compass Marketing, Inc., 1-21-CV-00309-ELH - Subpoena Duces Tecum to James C. DiPaula

Mr. Stern,

Please see the attached.

Thank you,

Sarah Meyer

*Counsel for James C. DiPaula*



**August 17, 2021**

**Via E-mail stern@kagenstern.com**

Stephen B. Stern
Law Offices of Kagan Stern Marinello & Beard, LLC
238 West Street
Annapolis, MD 21401

Womble Bond Dickinson (US) LLP

100 Light Street
26th Floor
Baltimore, MD 21202

t: 410.545.5800
f: 410.545.5801

Re: **REVISED NOTICE OF OBJECTIONS TO SUBPOENA AND NOTICE OF DEPOSITION SERVED UPON JAMES C. DIPAULA IN CASE NO. 1:21-CV-00309-ELH**

Sarah E. Meyer
Direct Dial: 410-545-5807
Direct Fax: 443-769-1507
E-mail: Sarah.Meyer@wbd-us.com

Mr. Stern:

As you know I represent James C. DiPaula ("Mr. DiPaula") with respect to the Subpoena to Testify At Deposition In A Civil Action along with a request for documents served upon him in *David J. Boshea v. Compass Marketing, Inc.*, 1-21-CV-00309-ELH (the "DiPaula Subpoena Duces Tecum"). I am writing to formally note objections to the DiPaula Subpoena Duces Tecum pursuant to Federal Rule of Civil Procedure 45(2)(B) and Federal Rule 26(b)(1) and to call upon you to withdraw the DiPaula Subpoena Duces Tecum.

It is my understanding that *Boshea v. Compass Marketing Inc.*, concerns claims relating to the Maryland Wage Payment & Collection Act and for breach of an employment contract between the Plaintiff therein and Compass Marketing Inc. ("Compass Marketing"). These claims do not, and are not alleged to, involve Mr. DiPaula in any way. In fact, Mr. DiPaula is not mentioned in the recently filed Amended Complaint and the exhibits thereto reflect that Mr. DiPaula was neither the signatory on the initial offer of employment correspondence dated May 16, 2007, the Agreement Relating to Employment and Post-Employment Competition, nor the March 3, 2020 letter terminating Mr. Boshea's employment.

In your email to me regarding the DiPaula Subpoena Duces Tecum, you indicated:

> Mr. DiPaula was the Executive Vice President of Compass Marketing, and Mr. Boshea's supervisor. Mr. DiPaula has knowledge of severance related matters that are relevant to this lawsuit. Therefore, we need the documents identified in the subpoena and his testimony on the relevant matters.

See the email attached hereto as **Exhibit A** to these Objections. Please note, Mr. DiPaula does not have information regarding Mr. Boshea's "severance related matters" because, as you know, Mr. DiPaula left the employment of Compass Marketing in 2014. Therefore, Mr. DiPaula would have no firsthand knowledge regarding any discussions or the circumstances surrounding Mr. Boshea's separation from Compass Marketing in March 2020.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.



Further, please note, contrary to your representation, Mr. DiPaula has advised that Mr. Boshea did not report to him while Mr. DiPaula was employed by Compass Marketing. Moreover, even if Mr. DiPaula has general knowledge of severance related matters of Compass Marketing, the same information is certainly available to your client and as such the request for testimony by Mr. DiPaula is beyond the scope of discovery as "the burden [and] expense of the proposed discovery outweighs its likely benefit" and Mr. DiPaula is without firsthand knowledge of the circumstances surrounding Mr. Boshea's employment and severance agreements. *In re Subpoena Duces Tecum to Verizon Wireless,* 2019 WL 4415538, *4 (D. Md. September 13, 2019).

Finally, the document requests attached to the DiPaula Subpoena Duces Tecum are wholly beyond the scope of discovery in this case as they seek *only* documents relating to the employment relationship and severance agreement **_between Mr. DiPaula and Compass Marketing_**. Specifically, your requests seek: "(1) All documents that refer, reflect, or relate to any employment agreement(s) between you and Compass Marketing; (2) All documents that refer, reflect, or relate to any severance agreement(s) between you and Compass Marketing; and (3) All documents that refer, reflect, or relate to any severance payment(s) or other post-employment payments you received from or on behalf of Compass Marketing." Notably, none of these requests seek discovery of any documents relating to Mr. Boshea's employment which is the subject of this suit. Mr. DiPaula's employment and severance agreements and the circumstances surrounding the same are in no way "relevant to any party's claim or defense" nor are they "proportional to the needs of the case, considering ... the parties' relative access to the relevant information ...." Fed. R. Civ. P. 26(b)(1); *see e.g., In re Subpoena Duces Tecum to Verizon Wireless,* 2019 WL 4415538 (D. Md. September 13, 2019). As such, Mr. DiPaula objects to the document requests as they are irrelevant, burdensome and intended to harass.

Mr. DiPaula reserves the right to seek a protective order from the U.S. District Court if we are unable to reach a mutually agreeable resolution to the above-noted objections by August 20, 2021. I look forward to discussing this matter by phone.

Sincerely,

**Womble Bond Dickinson (US) LLP**

*Sarah E. Meyer*

Sarah E. Meyer

Encl.
Cc: Thomas J. Gagliardo (via e-mail)
Gregory J. Jordan (via e-mail)

# EXHIBIT A

**Meyer, Sarah**

| | |
|---|---|
| **From:** | Stephen Stern <Stern@kaganstern.com> |
| **Sent:** | Thursday, August 12, 2021 12:01 PM |
| **To:** | Meyer, Sarah |
| **Subject:** | DiPaula Subpoena |

EXTERNAL EMAIL: Open Attachments and Links With Caution.

Ms. Meyer:

I received the message that you called. As Ms. Rudiger relayed to you, I am on vacation through August 17, returning to the office on August 18.

I understand you are questioning why we served a subpoena on your client, Mr. DiPaula. Mr. DiPaula was the Executive Vice President of Compass Marketing, and Mr. Boshea's supervisor. Mr. DiPaula has knowledge of severance related matters that are relevant to this lawsuit. Therefore, we need the documents identified in the subpoena and his testimony on the relevant matters.

Thank you,
Stephen

Get Outlook for iOS