**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **DAVID JOHN BOSHEA,** | * |
| **Plaintiff,** | * |
| v. | *    **Case No. 1:21-CV-00309-ELH** |
| **COMPASS MARKETING, INC.,** | * |
| **Defendant,** | * |
| and | * |
| | * |
| **COMPASS MARKETING, INC.** | |
| **Third-Party Plaintiff,** | * |
| v. | * |
| **JOHN DOE(S),** | * |
| **Third-Party Defendant(s).** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**SECOND AMENDED COMPLAINT**

David John Boshea ("Boshea") for his Second Amended Complaint against Compass Marketing, Inc. ("the Defendant"), states as follows:

**GENERAL ALLEGATIONS**

1. Boshea has initiated this diversity action to recover unpaid sums owing to him under an agreement titled "Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation" (the "Agreement").  A true and correct copy of the Agreement is attached as Exhibit A.

2. The parties to the Agreement are Compass Marketing, Inc. (the "Defendant") and Boshea.

## JURISDICTION AND VENUE

3.  Boshea is a resident of the state of Illinois.

4.  The Defendant is a Virginia corporation headquartered in the state of Maryland.

5.  This Court has subject matter jurisdiction over this dispute under 28 U.S.C. §1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and because the dispute is between citizens of different states.

6.  Venue is proper in Maryland under 28 U.S.C. §1391 as to the Defendant because it is subject to personal jurisdiction in Maryland.  Venue is proper in this judicial district as the facts and events giving rise to Boshea's claims occurred in this judicial district.  Further, under the terms of the Agreement, the Defendant required that Boshea submit to this Court's jurisdiction or a Maryland state court's jurisdiction.

7.  The Agreement in pertinent part provides, "For purposes of any action or proceeding, Employee irrevocably submits to the non-exclusive jurisdiction of the courts of Maryland and the courts of the United States of America located in Maryland for the purpose of any judicial proceeding arising out of or relating to this Agreement and acknowledges that the designated forum has a reasonable relation to the Agreement and to the parties' relationship with one another."  Agreement at Article 8, Section F.

8.  In addition to the forum selection clauses outlined in paragraphs 6 and 10 above, this Court has personal jurisdiction over the Defendant in this diversity action because a Maryland state court would have such jurisdiction under Maryland law, which is made applicable to a Maryland federal district court sitting in a diversity case under Federal Rule 4(k)(1)(A).

9.  The Agreement was made and delivered in Maryland and expressly acknowledges that "The terms of this Agreement shall be governed by the laws of the State of Maryland, without regard to conflicts of laws principles thereof."  Agreement at Article 8, Section F.

**FACTS**

10. On or about May 16, 2007, the Defendant extended a written offer of employment to Boshea. *See* Offer of Employment attached as Exhibit B.

11. In May 2007, Boshea and the Defendant signed the Agreement.

12. The Defendant employed Boshea under the Agreement from May 2007 to March 2020.

13. The Defendant's normal payroll cycle involved twice monthly payments of salary or wages.

14. The Agreement provides:

> ARTICLE 6. SEVERANCE:
>
> A. If Employee's employment is terminated by COMPASS for any reason other than Cause, Employee shall receive severance payments totaling $180,000 (one hundred and eighty thousand U.S. dollars) which will be divided up into twenty-four payments and will commence with the Employee's effective date of termination and shall be made in accordance with COMPASS's normal payroll cycle. The period during which Employee receives severance payments shall be referred to as the "Severance Pay Period" Severance will increase one month for every month employed to a maximum severance of $540,000.
>
> B There are no other post-employment benefits. Employee, however, shall have certain rights to continue the Medical Plan under COBRA.
>
> C Termination for "Cause shall be defined as termination of employment due to: (i) conviction of or entry of a plea of guilty or nolo contendere to any criminal charge ( or any similar crime for purposes of laws outside the United States), (ii) fraud or dishonesty, (iii) failure to perform assigned duties, (iv) working against the best interests of COMPASS, or (v) the violation of any of the covenants set forth in Articles 1, 2, 3 and 4 above.
>
> Agreement at Article 6.

15. The Defendant terminated Boshea's employment without cause on March 3, 2020.  *See* Termination Letter attached as Exhibit C.

16. The termination of Boshea's employment was involuntary.

## COUNT I – BREACH OF CONTRACT

17.     Boshea restates and realleges each of the allegations in ¶¶1 through 16 as if set forth in this paragraph.

18. Because the Defendant employed Boshea for at least 155 months, Boshea is entitled to receive the maximum severance of $540,000 under the Agreement (the "Wages Owing").

19. Boshea performed all obligations required of him under the Agreement and is not otherwise in default.

20. Notwithstanding the Agreement's terms, the Defendant has not paid any of the severance pay owed to Boshea.

21. Despite repeated demands made by Boshea upon the Defendant to pay the amount due under the Agreement, the Defendant has failed to pay the outstanding balance owing to Boshea.

22. The Defendant breached the Agreement's provisions, and as a result, Boshea has sustained substantial pecuniary damage.

23. As a result of the Defendant's breach of the Agreement, the Wages Owing of $540,000 remain unpaid to Boshea.

24. Boshea is entitled to receive an award of prejudgment interest from the date payment was due because the obligation to pay him and the amount due are certain, definite, and liquidated by a specific date before judgment.

        WHEREFORE, the plaintiff, David John Boshea, prays for judgment in his favor and against the defendant, Compass Marketing, Inc., for the sums owing under the Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation along with prejudgment interest, his costs, and for such other relief as the Court deems proper.

## COUNT II – VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION ACT

25. Boshea restates and realleges each of the allegations in ¶¶1 through 22 as if set forth in this paragraph.

26. The Defendant is an employer as that term is defined in and interpreted under the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. Art., § 3-501 et seq.

27. Boshea was an employee of the Defendant as that term is defined and interpreted under the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. Art., § 3-501 et seq.

28. Under the Agreement, the Defendant made an outright and unconditional promise to pay the severance payments owing as of the date of this complaint as remuneration for Boshea's labor. *See* Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. Art., §§3-501(c)(2).

29. Under the Agreement, the Defendant made an outright and unconditional promise to pay the severance payments through the end of February 2021 as remuneration for Boshea's labor. *See* Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. Art., §§ 3-501(c)(2).

30. As of the date of this complaint, the Defendant has failed to pay Boshea the Wages Owing in accordance with § 3-502 or § 3-505 of the Maryland Wage Payment and Collection Law, Labor and Employment.

31. There is no bona fide dispute that the Defendant owes Boshea the severance payments owing as of the date of this complaint.

32. As a result of the Defendant's failure to timely pay the sums owing, Boshea is entitled to receive an award of an amount not exceeding three times the wages owing to him along with reasonable counsel fees and other costs.

WHEREFORE, the plaintiff, David John Boshea, prays for judgment in his favor and against the defendant, Compass Marketing, Inc., an award of an amount not exceeding three times the wages owing of $540,000, reasonable counsel fees, his costs, and for such other relief as the Court deems proper.

### COUNT III – VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (IN THE ALTERNATIVE TO COUNT II)

33. Boshea restates and realleges each of the allegations in ¶¶1 through 22 as if set forth in this paragraph.

34. The Defendant is an employer as that term is defined in and interpreted under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.

35. Boshea was an employee of the Defendant as that term is defined and interpreted under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.

36. Under the Agreement, the Defendant made an outright and unconditional promise to pay the severance payments owing as of the date of this complaint as final compensation for Boshea's labor.  *See* Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

37. Under the Agreement, the Defendant made an outright and unconditional promise to pay the severance payments through the Defendant's last payroll period in February 2021 as final compensation for Boshea's labor. *See* Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

38. As of the date of this complaint, the Defendant has failed to pay Boshea the wages owing to him in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/4 or 820 ILCS 115/5.

39. As a result of the Defendant's failure to timely pay the sums owing, Boshea is entitled to receive an award of the wages owed to him and damages of 5% of the amount of any such

underpayments for each month following the date of payment during which such underpayments remain unpaid, along with reasonable counsel fees and other costs, 820 ILCS 115/14.

WHEREFORE, the plaintiff, David John Boshea, prays for judgment in his favor and against the defendant, Compass Marketing, Inc., an award of the final compensation owing of $540,000, plus 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, reasonable counsel fees, his costs, and for such other relief as the Court deems proper.

Dated: August 31, 2021                    **DAVID JOHN BOSHEA**

                                          /s/ Gregory J. Jordan

                                          Gregory J. Jordan (Admitted Pro Hac Vice)
                                          Jordan & Zito LLC
                                          350 N. LaSalle Street, Suite 1100
                                          Chicago IL 60654
                                          (312) 854-7181
                                          gjordan@jz-llc.com

                                          Thomas J. Gagliardo (Bar No. 08499)
                                          Of Counsel
                                          Gilbert Employment Law, P.C.
                                          1100 Wayne Ave, Suite 900
                                          Silver Spring, Maryland 20910
                                          tgagliardo@gelawyer.com

                                          COUNSEL FOR DAVID JOHN BOSHEA