# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No. 1:21-CV-00309-ELH** |
| | * | |
| **COMPASS MARKETING, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### DAVID BOSHEA'S RESPONSES TO DEFENDANT COMPASS MARKETING, INC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF DAVID J. BOSHEA

David Boshea, the plaintiff, ("Boshea") for his responses to Defendant Compass Marketing, Inc's First Set of Interrogatories to Plaintiff David J. Boshea served by Compass Marketing, Inc. (the "Defendant"), states:

### GENERAL OBJECTIONS

A.  In responding to the proponent's interrogatories, David Boshea does not concede that any of the information provided is relevant or material to this litigation's subject matter or any party's claims or defenses. David Boshea reserve the right to object to the admissibility at trial of any of the information or documents produced in response to these interrogatories.

B.  David Boshea objects to any request contained in the proponent's interrogatories to the extent that the request purports to impose any obligations upon David Boshea beyond the obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any applicable local rules or other court order.

C.  David Boshea objects to the proponent's interrogatories and every definition, instruction, and request therein, to the extent the information or documents sought: (a) contain privileged attorney-client communications; (b) constitute work product; (c) were prepared in anticipation of, or in connection with, litigation or trial; (d) disclose the mental impressions, conclusion, opinions, or legal theories of any attorney for, or other representative of, David Boshea; or (e) are otherwise privileged or exempt from discovery (collectively, "Privileged Documents"). David Boshea does not intend to produce any Privileged Documents or provide information concerning privileged or protected communications. Any disclosure of privileged or protected information or documents in response to any of the interrogatories is inadvertent and shall not be deemed a waiver of any applicable privileges or protections, and David Boshea requests that any such information or documents be returned promptly.

D.  Each response is subject to all objections to competency, relevancy, materiality, propriety, admissibility, and to all other objections and grounds that would require the exclusion of any

information identified herein if the information was asked of, or disclosed by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at a later date.

E.  David Boshea objects to the proponent's interrogatories on the ground and the extent to which they seek information that is not related to any party's claims or defenses in this action.

F.  David Boshea objects to the proponent's interrogatories on the ground and the extent to which they seek information that is not in the possession, custody, or control of David Boshea.

G.  David Boshea objects to the proponent's interrogatories on the ground and the extent to which they state a legal conclusion or assume or appear to assume that any fact or event is true.  By responding to any such interrogatory, David Boshea does not concede the accuracy of any such conclusion or assumption.

H.  David Boshea objects to the proponent's interrogatories on the ground and the extent that they are overly broad, unduly burdensome, and oppressive.

I.  David Boshea objects to the proponent's interrogatories on the ground and the extent to which they are vague, ambiguous, and lacking in particularization.

J.  David Boshea objects to the proponent's interrogatories on the ground and to the extent that they are not limited to the period relevant to this litigation and, therefore, seeking information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence.

K.  David Boshea objects to the proponent's interrogatories to the extent that they purport to seek information regarding persons or individuals that are not parties to this action. Such interrogatories are overly broad and call for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

L.  David Boshea provides these responses to the proponent's interrogatories based on its knowledge on the date of the responses and after a reasonable inquiry. Discovery is ongoing, and David Boshea' investigation continues. David Boshea reserves the right to supplement, amend, and correct these responses, if necessary, based on information later obtained through investigation, discovery, or otherwise.

M.  David Boshea objects to the proponent's interrogatories to the extent the burden or cost of the requested discovery outweighs its likely benefit or to the extent that the discovery is not reasonably accessible due to undue burden or expense, including, but not limited, to Internet "cookies," temporary Internet pages, and other machine-generated data on computer hard drives. Further, David Boshea objects to the proponent's interrogatories to the extent they seek electronically stored information ("ESI") that is not reasonably accessible, including but not limited to ESI that is on disaster recovery backup media and slack or fragmented data on hard drives that can be recovered only by using specialized forensic tools.

N. David Boshea incorporates each of these General Objections as if fully set forth in each answer and response below.

ANSWERS AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:** Describe in detail the events surrounding the allegations in Paragraph 11 of the Complaint. Your response should include, but not be limited to, who was present, where the signing took place, and any other details to support your claim.

> **Answer:** Subject to the General Objections, David Boshea was employed by Energizer, when John White approached him to solicit him to work for Compass Marketing. John White, as Compass Marketing's CEO, offered David Boshea the compensation package outlined in the document produced CM 0131-32. David Boshea had several conversations with John and Dan White through which David Boshea and Compass Marketing agreed to the severance agreement, as defined in and attach to the complaint. In addition, David Boshea shared his signed severance agreement with John Mancini to entice Mr. Mancini to join Compass Marketing.

**Interrogatory No. 2:** Describe in detail all facts that support for the allegations in Paragraph 19 of the Complaint.

> **Answer:** Subject to the General Objections, David Boshea worked for Compass Marketing in various roles in accordance with the obligations required of him and he was not terminated for cause.

**Interrogatory No. 3:** Describe in detail all facts surrounding your reduction in compensation in or about September 2015.

> **Answer:** David Boshea restates the General Objections and further objects to this interrogatory as overbroad. Subject to the objections, Compass Marketing reduced David Boshea's compensation due to John White's mismanagement of Compass Marketing, which caused the company to experience financial problems. As a result of John White's failure to manage the company properly, Compass Marketing reduced the compensation of most executive personnel. John White told David Boshea that he would provide a bonus to David Boshea the following January equal to the amount of the reduction along with returning his compensation to $200,000 annually. At no time did John White or anyone else at Compass Marketing mention or refer to any change in David Boshea's severance agreement, which had no relationship to the reduction in compensation.

**Interrogatory No. 4:** Describe in detail the substance of each communication you had with anyone acting on behalf of Compass Marketing that refers, reflects, or relates to your compensation. Your response should include, but not be limited to, the identity of each person who participated in those communications, the method of communication (e.g., in-person, text message, email, phone call), and the date of each communication.

> **Answer:** Subject to the General Objections, David Boshea restates the General Objections and further objects to this interrogatory as overbroad. Due to the breadth of

this interrogatory, David Boshea cannot answer this interrogatory outside of the context of more specific questions posed at a deposition.

**Interrogatory No. 5:** Describe in detail the substance of each communication you had with anyone acting on behalf of Compass Marketing that refers, reflects, or relates to any time your employment with Compass Marketing was terminated or any time in which the actual or potential termination of your employment with Compass Marketing was discussed. Your response should include, but not be limited to, the identity of each person who participated in those communications, the method of communication (e.g., in-person, text message, email, phone call), and the date of each communication.

>   **Answer:**     Subject to the General Objections, David Boshea Erin Songer and Jerry Cain communicated through emails.  David Boshea called John White; however, Mr. White did not return any calls.  Erin Songer and Jerry Cain called David Boshea and advised Mr. Boshea that the company considered him a great and valuable employee, but the company was terminating his position.   David Boshea and Ms. Songer had a subsequent conversation concerning transferring his telephone while keeping the cellular number.  David Boshea had conversations with Daniel and Michael White, who were and to David Boshea's knowledge are Compass Marketing shareholders.  Mr. Boshea advised Messrs. White of his termination.  Daniel White reminded that David Boshea has the severance agreement and noted Compass Marketing's obligations.

**Interrogatory No. 6:** Describe in detail the substance of each communication you had with anyone acting on behalf of Compass Marketing that refers, reflects, or relates to the alleged severance you claim you are owed. Your response should include, but not be limited to, the identity of each person who participated in those communications, the method of communication (e.g., in-person, text message, email, phone call), and the date of each communication.

>   **Answer:**     Subject to the General Objections, David Boshea received the outline of the agreement produced by Compass Marketing as document produced CM 0131-32.  John White solicited David Boshea by claiming David Boshea is the best saleman he had met and wanted to do whatever it takes to convince David Boshea to join Compass Marketing under the terms of the severance agreement.  Daniel White and John White flew to Chicago to meet David Boshea to sell him on Compass Marketing and the opportunities Compass Marketing presented.  David Boshea and John White had multiple telephone conversations regarding David Boshea's prospective employment including the severance agreement.   David Boshea and Daniel White had multiple telephone conversations regarding David Boshea's prospective employment including the severance agreement.  David Boshea had conversations with Michael White concerning David Boshea's prospective employment and the company's need to hire Mr. Boshea to turn the company around.

**Interrogatory No. 7:** Identify all statements against interest Compass Marketing has allegedly made concerning the allegations in the Complaint.

>   **Answer:**     Subject to the General Objections, David Boshea and John White had a disagreement at White Eagle Gold Club in 2012 at which time David Boshea threatened

to leave and John White asked David Boshea to settle down and they would work things out.  John White and David Boshea met a number of times at Ruth Chris Steakhouse in Annapolis and John White repeatedly reminded David Boshea that if anything happened to John White or David Boshea, David Boshea and his family had the protection of the severance agreement attached to the complaint.

**Interrogatory No. 8:** Identify each person who possesses information relevant to the allegations in the Complaint and describe the substance of the information you believe he or she possesses.

> **Answer:**     Subject to the General Objections, the following persons have knowledge concerning David Boshea and Compass Marketing's agreement under the Agreement attached to the complaint, David Boshea, Julie Boshea, John White, Daniel White, Michael White, John Mancini, Owen McGreevey, and Ralph Panebianco.  David Boshea, John White, Erin Songer, and Jerry Cain have knowledge concerning David Boshea's termination without cause.

**Interrogatory No. 9:** Describe in detail the substance of each communication you had with Michael White that refers, reflects, or relates since November 1, 2018. Your response should include, but not be limited to, the identity of each person who participated in those communications, the method of communication (e.g., in-person, text message, email, phone call), and the date of each communication.

> **Answer:**     Subject to the General Objections, David Boshea cannot respond to this interrogatory because it is unintelligible.  To the extent the interrogatory seeks information discussed between Michael White and David Boshea concerning Compass Marketing, Michael White recalled that David Boshea and Compass entered into the severance agreement attached to the complaint and that Michael White anticipated that John White would continue to cause Compass Marketing to avoid paying the amounts owing to David Boshea notwithstanding John White's knowledge of David Boshea' exemplary performance on Compass Marketing's behalf and Compass Marketing's obligations under the severance agreement.

**Interrogatory No. 10:**     Describe in detail the substance of each communication you had with Michael White that refers, reflects, or relates since November 1, 2018.  Your response should include, but not be limited to, the identity of each person who participated in those communications, the method of communication (e.g., in-person, text message, email, phone call), and the date of each communication.

> **Answer:**     Subject to the General Objections, David Boshea cannot respond to this interrogatory because it is unintelligible.  David Boshea otherwise incorporates his response to Interrogatory No. 9.

Dated: August 19, 2021

**DAVID J. BOSHEA**

/s/ Gregory J. Jordan

Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. Clark Street, Suite 400
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

### CERTIFICATE OF SERVICE

The undersigned, as counsel of record for David Boshea, served Defendant's Responses to Responses to Defendant Compass Marketing, Inc's First Set of Interrogatories to Plaintiff David J. Boshea on the following persons:

> Stephen B. Stern
> Heather K. Yeung
> Kagan Stern Marinello & Beard, LLC
> 238 West Street
> Annapolis, Maryland 21401
> Email: stern@kaganstern.com
> Email: yeung@kaganstern.com
> *Attorneys for Plaintiff*
> *Compass Marketing, Inc.*

on August 19, 2021 via Electronic Mail.

/s/ Gregory J. Jordan_____

Gregory J. Jordan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No. 1:21-CV-00309-ELH** |
| | * | |
| **COMPASS MARKETING, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

*********************************************************************

       In accordance with 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that David Boshea's Responses to Defendant Compass Marketing, Inc's First Set of Interrogatories to Plaintiff David J. Boshea contain my responses to those interrogatories and that my statements are true and correct.

David J. Boshea