Exhibit 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 (Involuntary) |
| | ) | |
| TAGNETICS INC., | ) | Case No. 19-30822 |
| | ) | |
| Alleged Debtor. | ) | |
| | ) | |

**TAGNETICS INC.'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF
DOCUMENTS FILED BY KAYSER VENTURES, LTD. AND S-TEK, INC.**

Tagnetics, Inc. ("Tagnetics"), by and through its undersigned counsel, hereby submits this

Opposition to the Motion to Compel Production of Documents that was filed by Kayser Ventures,

Ltd. ("KVL"), and S-Tek, Inc. ("S-Tek") (collectively, the "Alleged Corporate Creditors"). As

discussed below, the Motion to Compel should be denied for several reasons, including the Alleged

Corporate Creditors did not comply with applicable rules and the parties' settlement agreement

makes the need for discovery moot.

As an initial matter, the Motion to Compel was filed in violation of Rule 37(a)(1) of the

Federal Rules of Civil Procedure and the Local Rules of this Court. Rule 37(a)(1) of the Federal

Rules of Civil Procedure[1] requires that a motion to compel "include a certification that the movant

has in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action." Similarly, Rule 7026-1 of

the Local Rules of this Court provides that "*[n]o objections, motions, applications or requests

related to discovery disputes shall be filed pursuant to the provisions of Rules 7026 through 7037

unless extrajudicial means for the resolution of the discovery dispute have been exhausted.*" Local

---

[1] Rule 7037 of the Federal Rules of Bankruptcy Procedure makes Rule 37 of Federal Rules of Civil
Procedure applicable to bankruptcy proceedings.

{01341888-1}

Rule 7026-1(a) (emphasis added).  Local Rule 7026-1 further requires that any motion compel

must include "an affidavit of the attorney setting forth what extrajudicial means have been

attempted to resolve the discovery dispute, including a statement that the movant has met in person

or by telephone with the opposing attorney, or has offered in writing to meet in person or by

telephone with the opposing attorney on one or more specific dates and the offer has been refused,

or that the movant has not received a written response to the offer."  Local Rule 7026-1(b).  The

Alleged Corporate Creditors failed in this regard and did not comply either with Rule 37(a)(1) or

Local Rule 7026.

A cursory review of the Motion to Compel reveals that no certification or affidavit

regarding good faith efforts to resolve this "dispute" was included in the motion.  Indeed, the

Alleged Corporate Creditors did not undertake any good faith efforts to resolve this "dispute"

whatsoever, as there was no consultation or effort on the part of the Alleged Corporate Creditors

to discuss this potential "dispute."  The first time Tagnetics learned that there was any concern on

the part of the Alleged Corporate Creditors was when it received the Motion to Compel.  Thus, for

this reason alone, the Motion to Compel is defective and, according to the Court's Local Rules, it

must be denied.

The Motion to Compel should be denied for other reasons as well.  The Motion to Compel

implies that Tagnetics somehow acted in a nefarious manner by not producing documents to the

Alleged Corporate Creditors, stating that "no discovery whatsoever has been provided as of

7/10/19 by Tagnetics Inc."  The suggestion that Tagnetics deliberately refused to comply with its

discovery obligations is false.  Indeed, there was no need for Tagnetics to produce documents to

the Alleged Corporate Creditors upon reaching a settlement with the Alleged Corporate Creditors,

as confirmed by email on June 28, 2019. *See* Exhibit 1 (Email string between counsel for Tagnetics

and counsel for the Alleged Corporate Creditors). Notably, one of the conditions by the Alleged Corporate Creditors to enter into the settlement agreement did not include production of documents pursuant to the Agreed Order.

The fact of the settlement is and was significant, as Tagnetics did not settle this case with all the alleged creditors. Rather, three of the alleged creditors have not settled their claims with Tagnetics, and the three alleged creditors who have not reached a settlement with Tagnetics received Tagnetics' document production in accordance with the Agreed Order. *See* Exhibit 2 (Email from Tagnetics' counsel dated June 28, 2019 producing documents pursuant to Agreed Order).[2]

Thus, in light of settlement, which obviated the need for Tagnetics to produce documents to the Alleged Corporate Creditors, and the Alleged Corporate Creditors' silence about the need for documents from Tagnetics since reaching the settlement, Tagnetics was surprised to receive the Motion to Compel filed by the Alleged Corporate Creditors, which Tagnetics' counsel did not receive until after 4:30 on July 11, 2019. *See* Exhibit 3 (Email from the Alleged Corporate Creditors' counsel dated July 11, 2019, serving the Motion to Compel). Tagnetics responded almost immediately, reminding the Alleged Corporate Creditors there was no need to produce the documents in light of the settlement and, in any event, the Alleged Corporate Creditors never communicated with Tagnetics in an effort to obtain the documents. *See id.* (Email from Tagnetics' counsel to the Alleged Corporate Creditors' counsel dated July 11, 2019).

---

[2] The allegation that KVL, one of the Alleged Corporate Creditors, is somehow harmed by not directly receiving Tagnetics' document production is further belied by the fact that the owner of KVL, Kenneth Kayser, received Tagnetics' document production on June 28, 2019, in his individual capacity, as one of the parties that did not settle with Tagnetics. *See* Exhibit 2 (showing Tagnetics' document production was provided to Kenneth Kayser).

3

Counsel for Tagnetics and the Alleged Corporate Creditors ultimately spoke by telephone, and the Alleged Corporate Creditors agreed to withdraw their Motion to Compel within 24 hours of receiving payment pursuant to the settlement agreement.  The provision of settlement agreement specifically provides:[3]

> Within twenty-four (24) hours of receipt of their respective portion of the Settlement Payment, any party to this Agreement that filed a motion to compel discovery, including, but not limited to, the motion to compel the production of documents filed by KVL and S-Tek on or about July 11, 2019, shall file an appropriate motion or other document with the court in which the Bankruptcy Proceeding is pending that advises the court that the motion to compel discovery is withdrawn as moot.

The Alleged Corporate Creditors did not provide an executed copy of the settlement agreement to Tagnetics until late afternoon on July 16, 2019.[4]  The Tagnetics representative who signed the agreement was not available to sign the agreement on July 16 or 17, 2019.  Tagnetics has circulated a fully executed copy of the settlement agreement to the settling parties as of the time of this filing, and Tagnetics expects to   effectuate payment pursuant to the settlement agreement by the close of business on July 18, 2019, or before the Status Conference on July 19, 2019.

For these reasons, the Court should deny the Motion to Compel production of documents filed by the Alleged Corporate Creditors.[5]

---

[3] The parties were in the process of finalizing the written terms of the settlement agreement, as drafts had already been circulated when the Motion to Compel was filed.  Thus, the parties agreed to modify the settlement agreement further to provide for the withdrawal of the motion to compel.

[4] The lone individual who entered into a settlement with Tagnetics, Robert Strain, had previously returned an executed copy of the settlement agreement.

[5] Tagnetics understands that, in the unlikely event that the settlement agreement somehow is not finalized or performed, it is under an obligation to promptly produce to the Alleged Corporate Creditors, and Mr. Strain, the documents it produced to the other alleged creditors who did not reach a settlement with Tagnetics.

{01341888-1}

Respectfully submitted,

/s/ Robert R. Kracht
Robert R. Kracht (0025574)
MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., LPA
101 West Prospect Avenue, Suite 1800
Cleveland, Ohio 44115
Telephone:  (216) 696-1422
Facsimile:  (216) 696-1210
Email:  rrk@mccarthylebit.com

and

/s/ Stephen B. Stern
Stephen B. Stern, Admitted *Pro Hac Vice*
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Telephone:  (410) 216-7900
Facsimile:  (410) 705-0836
Email:  stern@kaganstern.com

*Counsel for Alleged Debtor*
*Tagnetics, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2019, a copy of the foregoing *Reply in Support of Motion to Dismiss and Compel Arbitration* was served (i) **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) electronically by email on counsel for Tagnetics, Inc., Stephen Stern, Esq. (stern@kaganstern.com), Douglas Draper, Esq. (ddraper@hellerdraper.com) and Leslie Collins, Esq. (lcollins@hellerdraper.com), and (iii) by **ordinary U.S. Mail** on July 18, 2019 addressed to:

**Kenneth W Kayser**
PO Box 115
Catawba, VA 24070

**Ronald E. Early**
6429 Winding Tree Drive
New Carlisle, OH 45344

**Jonathan Hager**
842 Paint Bank Road
Salem, VA 24153

**Robert Strain**
427 Artell Street
Marengo, IL 60152

**Bryan K. Stewart, Esq.**
104 West Main Street
Tipp City, OH 45371

**Stephen Stern, Esq.**
Kagan Stern Marinello & Beard, LLC
238 West Street
Annapolis, Maryland 21401

**Douglas S. Draper, Esq.**
Heller, Draper, Patrick, Horn
650 Poydras Street, Suite 2500
New Orleans, LA 70130

**Leslie A. Collins, Esq.**
Heller, Draper, Patrick, Horn
650 Poydras Street, Suite 2500
New Orleans, LA 70130

**Tagnetics, Inc.**
3415 Route 36
Piqua, OH 45356


*/s/ Robert R. Kracht*
Robert R. Kracht (#0025574)

{01341888-1}

Case 1:21-cv-00309-ELH   Document 44-14   Filed 09/07/21   Page 8 of 15
Case 3:19-bk-30822   Doc 61-1   Filed 07/18/19   Entered 07/18/19 12:02:26   Desc
Exhibit - 1 - Email string between counsel for Tagnetics and counsel for the All   Page 1 of 4

# EXHIBIT 1

Case 1:21-cv-00309-ELH   Document 44-14   Filed 09/07/21   Page 9 of 15
Case 3:19-bk-30822   Doc 61-1   Filed 07/18/19   Entered 07/18/19 12:02:26   Desc
Exhibit - 1 - Email string between counsel for Tagnetics and counsel for the All   Page 2 of 4

## Stephen Stern

| | |
|---|---|
| **From:** | Stephen Stern |
| **Sent:** | Friday, June 28, 2019 6:06 PM |
| **To:** | Chris Wesner Law |
| **Cc:** | Douglas S. Draper (ddraper@hellerdraper.com); Leslie Collins; Robert R. Kracht (rrk@mccarthylebit.com); Nicholas R. Oleski |
| **Subject:** | RE: Settlement Offer |

Chris:

The purpose of this email is to confirm that Tagnetics agrees to the additional terms you have proposed on behalf of your clients.  To this end, Tagnetics agrees to pay:



We are glad that we were able to get this resolved.  In the meantime, if you have any questions, please let me know.

Stephen

**From:** Chris Wesner Law <chriswesnerlaw@gmail.com>
**Sent:** Thursday, June 27, 2019 1:02 PM
**To:** Stephen Stern <Stern@kaganstern.com>
**Subject:** RE: Settlement Offer

1

Case 1:21-cv-00309-ELH  Document 44-14  Filed 09/07/21  Page 10 of 15

Case 3:19-bk-30822  Doc 61-1  Filed 07/18/19  Entered 07/18/19 12:02:26  Desc
Exhibit - 1 - Email string between counsel for Tagnetics and counsel for the All    Page 3 of 4

So I know what to report to my client, I assume that your counteroffer includes voluntary dismissal of the claims, which was one of the terms I communicated to you. Please confirm. – Yes.

Also, please explain the need for depositing the settlement sums into escrow prior to payment. I am not sure I understand the need for such a step if the voluntarily dismissal is conditioned on payment to your clients. In other words, if the payment is never made, we would not be able to insist that the claims are dismissed. – My Clients want to make sure there are funds available prior to the Motion for Voluntary Dismissal would ever be filed. Escrow seems to be a perfect vehicle for this, but I am open to pass along other ideas which your client may wish to present.

Lastly, is it your contention that your clients are entitled to recover their attorneys' fees if they prevailed at trial in this matter? I don't believe so. If so, please let me know the basis for the claim.

I will share your requests with my client to consider, but I want to make sure my client and I understand the context/bases for these added requests.

Thank you,
Stephen

Get Outlook for iOS

**From:** Chris Wesner Law <chriswesnerlaw@gmail.com>
**Sent:** Thursday, June 27, 2019 8:05:57 AM
**To:** Stephen Stern
**Cc:** drkwkayser@gmail.com; bob@stek-inc.com
**Subject:** Settlement Offer

Mr. Stern,

Tenatively, both KVL and S-Tek would be in agreement with a full and complete settlement as offered by Tagnetics, provided that their ███████████ would be covered by Tagnetics. I would estimate that those ███████████████████ ███████████████████████████████ Additionally, they would require that good funds be deposited or held in escrow prior to the entering into such an agreement. I believe that all petitioning creditors would, of course, need to be made aware of any such arrangement prior to it's proposed execution.

Thanks,

Chris

**Christopher L. Wesner, esq.**
**Miller, Luring, Venters & Wesner Co., L.P.A.**
**314 West Main Street**
**Troy, OH 45373**
**(937) 339-8001**
**(855) 339-8001 Toll Free**
**(855) 339-5440 Fax**
**www.Chriswesnerlaw.com**

NOTICE

Privileged/confidential information may be contained in this message and may be subject to legal privilege. Access to this e-mail by anyone other than the intended is unauthorized. If you are not the intended recipient (or responsible for

Case 1:21-cv-00309-ELH   Document 44-14   Filed 09/07/21   Page 11 of 15
Case 3:19-bk-30822   Doc 61-1   Filed 07/18/19   Entered 07/18/19 12:02:26   Desc
Exhibit - 1 - Email string between counsel for Tagnetics and counsel for the All    Page 4 of 4

delivery of the message to such person), you may not use, copy, distribute or deliver to anyone this message (or any part of its contents ) or take any action in reliance on it. In such case, you should destroy this message, and notify us immediately. If you have received this e-mail in error, please notify us immediately by e-mail or telephone and delete the e-mail from any computer.

If you or your employer does not consent to internet e-mail messages of this kind, please notify us immediately.

All reasonable precautions have been taken to ensure no viruses are present in this e-mail. As our company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments we recommend that you subject these to your virus checking procedures prior to use.
The views, opinions, conclusions and other information expressed in this electronic mail are not given or endorsed by the company unless otherwise indicated by an authorized representative independent of this message.

Virus-free. www.avast.com

Case 1:21-cv-00309-ELH   Document 44-14   Filed 09/07/21   Page 12 of 15
Case 3:19-bk-30822   Doc 61-2   Filed 07/18/19   Entered 07/18/19 12:02:26   Desc
Exhibit - 2 - Email from Tagnetics counsel dated June 28   2019 producing d   Page 1 of 2

# EXHIBIT 2

Case 1:21-cv-00309-ELH   Document 44-14   Filed 09/07/21   Page 13 of 15
Case 3:19-bk-30822   Doc 61-2   Filed 07/18/19   Entered 07/18/19 12:02:26   Desc
Exhibit - 2 - Email from Tagnetics counsel dated June 28   2019 producing d   Page 2 of 2

## Stephen Stern

| | |
|---|---|
| **From:** | Stephen Stern |
| **Sent:** | Friday, June 28, 2019 6:34 PM |
| **To:** | drkwkayser@gmail.com; Ronald Earley; ctravlr@comcast.net |
| **Cc:** | Douglas S. Draper (ddraper@hellerdraper.com); Leslie Collins; Robert R. Kracht (rrk@mccarthylebit.com); Nicholas R. Oleski |
| **Subject:** | Tagnetics, Inc. - Case No.: 19-30822 - Tagnetics' Confidential Document Production |
| **Attachments:** | Agreed Order Documents (00062435xEC90E).pdf |

Messrs Kayser, Earley, and Hager:

Pursuant to the Court's order set forth during the status conference on June 10 (which still has not been entered, as we are still waiting on some signatures from parties to get it submitted to the court and entered), attached are the documents from Tagnetics' document production (Bates Labeled TAG00001-TAG00018).  As set forth in Paragraph 2 of the Agreed Order, these documents and the information contained in them are to be kept confidential and used only in connection with this litigation.

The order provides that Tagnetics is supposed to produce quarterly financial statements for 2018 and 2019 "to the extent such documents exist."  Tagnetics does not have such documents to produce.

The order also provides that Tagnetics is supposed to provide a list of all creditors (i.e., accounts payable) for 2019 "to the extent such documents exist."  It does not have such a list prepared.  Instead, it has a list of creditors as of December 31, 2018, and that document is included in Tagnetics' document production.

If you have any questions, please let me know.

Thank you,
Stephen



**Stephen B. Stern, Esq.**
stern@kaganstern.com

**Kagan Stern Marinello & Beard, LLC**
(410) 793-1610 (direct)
(410) 216-7900, ext. 1009
(410) 705-0836 (fax)
238 West Street
Annapolis, Maryland 21401
www.kaganstern.com

Case 1:21-cv-00308-ELH   Document 44-14   Filed 09/07/21   Page 14 of 15

Case 3:19-bk-30822   Doc 61-3   Filed 07/18/19   Entered 07/18/19 12:02:26   Desc
Exhibit  - 3 Email from the Alleged Corporation Creditors counsel dated Ju    Page 1 of 2

# EXHIBIT 3

Case 1:21-cv-00309-ELH  Document 44-14  Filed 09/07/21  Page 15 of 15
Case 3:19-bk-30822  Doc 61-3  Filed 07/18/19  Entered 07/18/19 12:02:28  Desc
Exhibit - 3 Email from the Alleged Corporation Creditors counsel dated Ju    Page 2 of 2

## Stephen Stern

| | |
|---|---|
| **From:** | Stephen Stern |
| **Sent:** | Thursday, July 11, 2019 4:43 PM |
| **To:** | Andrew Luring; Chris Wesner; rrk@mccarthylebit.com; bob@stek-inc.com; Ken Kayser; Ronald Earley; ctravlr@comcast.net; rstrain01@yahoo.com |
| **Subject:** | RE: Motion to Compel Production of Documents |

Mr. Wesner:

You never emailed me asking for any of the documents.  You never inquired about the status of our document production.  Documents were served on the non-settling parties in accordance with the agreed order.  I never served them on you because we agreed to settle the case prior to the service deadline.  I urge you to withdraw the motion or we will seek fees incurred for having to oppose it.

Stephen


**From:** Andrew Luring <andrewluring@gmail.com>
**Sent:** Thursday, July 11, 2019 4:37 PM
**To:** Chris Wesner <chriswesnerlaw@gmail.com>; Stephen Stern <Stern@kaganstern.com>; rrk@mccarthylebit.com; bob@stek-inc.com; Ken Kayser <drkwkayser@gmail.com>; Ronald Earley <ronald.earley1@gmail.com>; ctravlr@comcast.net; rstrain01@yahoo.com
**Subject:** Motion to Compel Production of Documents

Dear All,

Please find attached to this document a pdf copy of the Motion to Compel that was filed with the court on this day at approximately 4:12pm.

Hard copies will be mailed to you by the end of the day.

Andrew R. Luring
paralegal for Chris Wesner.


NOTICE IS HEREBY GIVEN that any dissemination, distribution or copying of any of this communication is strictly prohibited. This document being e-mailed is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and protected from disclosure under applicable law.  If the reader of this message is not the intended recipient (or the employee or agent responsible for delivering the message to the intended recipient), please contact this office immediately as you have received this communication in error.