IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| DAVID J. BOSHEA | * |
| Plaintiff/Counter-Defendant, | * |
| v. | * Case No. 1:21-CV-00309-ELH |
| COMPASS MARKETING, INC. | * |
| Defendant/Counter-Plaintiff | * |
| AND | * |
| COMPASS MARKETING, INC. | * |
| Third-Party Plaintiff, | * |
| v. | * |
| JOHN DOE(S) | * |
| Third-Party Defendant(s). | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DAVID BOSHEA'S ANSWER TO
COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

David Boshea for his answer to the Counterclaim filed by Compass Marketing, Inc. ("Compass Marketing") states:

**Nature of the Action**

1. This Counterclaim and Third-Party Complaint seeks monetary relief from Boshea and currently unidentified John Doe(s) for engaging in various torts, including specifically tortious interference with contractual relations and prospective economic advantage and civil conspiracy, aimed at and, in fact injuring, Compass Marketing. This Counterclaim also seeks the recovery of funds from Boshea that he received above and beyond his agreed upon

1

compensation during his employment with Compass Marketing, which he was not entitled to receive and, thus, was unjustly enriched.

**Answer:**   David Boshea admits Compass Marketing seeks the relief set forth in this paragraph but denies Compass Marketing is entitled to recover anything from David Boshea and otherwise denies the allegations in this paragraph.

## THE PARTIES

2. Compass Marketing is a leading sales and marketing agency that helps its clients grow sales and market share.  Compass Marketing's clients include some of the biggest companies in the world, including several Fortune 500 companies, with leading, well-known brands.  Compass Marketing is incorporated in the Commonwealth of Virginia and its principal place of business is located in Annapolis, Maryland.

   **Answer:**   David Boshea admits the allegations in this paragraph concerning the period in which Compass Marketing employed him.  Otherwise, David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis, denies them.

3. Boshea is an individual resident of the State of Illinois, who filed the Complaint in this action against Compass Marketing.

   **Answer:**   David Boshea admits the allegations in this paragraph.

4. John Doe(s) presently is/are unknown individual(s) who, upon information and belief, aided, abetted, and conspired with Boshea (or whom Boshea aided, abetted, and conspired with) to harm Compass Marketing in the manner set forth in this Counterclaim and Third-Party Complaint.

**Answer:** David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph concerning the existence of any John Doe(s). David Boshea otherwise denies the allegations in this paragraph.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a) because the dispute is between citizens of different states.

   **Answer:** David Boshea admits the allegations in this paragraph.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because the facts and events giving rise to Compass Marketing's claims occurred in this judicial district.

   **Answer:** David Boshea denies that any facts or events give rise to Compass Marketing's claims against David Boshea. David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph concerning the existence of any facts giving rise to claims against John Doe(s). David Boshea otherwise admits the allegations in this paragraph.

## FACTUAL ALLEGATIONS

7. Compass Marketing terminated Boshea's employment in or about March 2020.

   **Answer:** David Boshea admits the allegations in this paragraph.

8. At the time that Compass Marketing terminated Boshea's employment, Compass Marketing offered Boshea severance, in return for signing a release of claims, as it typically does when offering an employee severance.

   **Answer:** David Boshea admits that on March 3, 2020 Compass Marketing delivered unsigned correspondence terminating David Boshea's employment, which correspondence is the best evidence of its terms. To the extent the correspondence falls within the Compass Marketing's definition of "severance, in return for signing a release of claims, David Boshea

admits that Compass Marketing offered David Boshea severance, in return for signing a release of claims. To the extent the correspondence does not fall within the Compass Marketing's definition of "severance, in return for signing a release of claims, David Boshea denies that Compass Marketing offered David Boshea severance, in return for signing a release of claims. Otherwise, David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis, denies them.

9. Boshea, however, claimed that he was owed $540,000 in severance based on the terms of a purported employment agreement, although Boshea's attorney at the time acknowledged that Boshea did not have a signed copy of the employment agreement that formed the basis for his claim that he was entitled to $540,000 in severance.

    **Answer:** David Boshea has at all relevant times claimed he is owed $540,000 based on an employment agreement between Compass Marketing and David Boshea that includes John White's signature. Otherwise, David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis, denies them.

10. Compass Marketing did not acknowledge or otherwise concede the existence of the alleged employment agreement and Boshea ultimately did not accept the severance package that Compass Marketing offered.

    **Answer:** David Boshea denies that Compass Marketing did not acknowledge or otherwise concede the existence of the parties' employment agreement before March 2, 2020. David Boshea admits that on and after March 2, 2020, contrary to its previously stated position, Compass Marketing did not acknowledge or otherwise concede the existence of the parties' employment agreement. David Boshea admits that on March 3, 2020 Compass Marketing delivered unsigned correspondence terminating David Boshea's employment, which

correspondence is the best evidence of its terms. To the extent the correspondence falls within the Compass Marketing's definition of "the severance package that Compass Marketing offered", David Boshea admits that David Boshea did not accept the severance package that Compass Marketing offered. To the extent the correspondence does not fall within the Compass Marketing's definition of "the severance package that Compass Marketing offered", David Boshea denies that Boshea did not accept the severance package that Compass Marketing offered.

**Answer:**

11. Nearly one year later, in or about February 2021, Boshea filed the Complaint in this lawsuit, claiming he is owed $540,000 in severance pursuant to the purported employment agreement.

    **Answer:** David Boshea admits that he sought to enforce the employment agreement between him and Compass Marketing when he filed the initial Complaint for Breach of Contract on February 5, 2020. In Count I of that complaint, he seeks $540,000 in damages for breach of contract, and that in Count II of that complaint, he seeks $1,620,000 in monetary damages, prejudgment interest, and attorneys' fees.

12. The purported employment agreement upon which Boshea relied in filing the instant lawsuit is attached to the Complaint, but the purported employment agreement was not signed by Compass Marketing. Indeed, it is a forged document, as it was not signed by John White, Compass Marketing's CEO, and John White did not authorize anyone to sign the document on his behalf (in fact, it does not appear on the face of the document that anyone claimed to sign the document on John White's behalf because there are no initials of any other person to indicate the document was signed by someone other than John White).

    **Answer:** David Boshea denies the allegations of this paragraph.

13. Shortly after filing the Complaint, a copy of the Complaint was circulated anonymously to third parties doing business with Compass Marketing, including a real estate broker located in Annapolis, Maryland, assisting Compass Marketing in its search for office space.

    **Answer:**   David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

14. Shortly after receiving a copy of the Complaint, the real estate brokerage firm stopped doing business with Compass Marketing and Compass Marketing lost the opportunity to sign a lease for office space.

    **Answer:**   David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

15. As a result of the lost opportunity to lease the office space, Compass Marketing lost the opportunity to reduce its costs by more than $2.5 million over a period of at least seven years.

    **Answer:**   David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

16. Upon information and belief, Boshea by himself and/or in coordination with John Doe(s) circulated the Complaint in this lawsuit to the real estate brokerage firm, and likely others, doing business with Compass Marketing.

    **Answer:**   David Boshea denies the allegations in this paragraph.

17. Shortly after receiving a copy of the Complaint that contained false allegations against Compass Marketing, the real estate brokerage firm as well as an architecture firm that was working with Compass Marketing to design new office space stopped doing business with Compass Marketing.

**Answer:** David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

18. It is apparent that the purpose behind circulating the Complaint to third parties doing business with Compass Marketing was to spread false information about Compass Marketing by insinuating (falsely) that it is a company that cannot be trusted and it is a company that does not honor its contractual obligations.

    **Answer:** David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

19. Compass Marketing suffered damages as a result of false information that was circulated to the real estate broker in the form of the Complaint, including, but not limited to, $3,500 spent on architecture fees, numerous hours devoted by Compass Marketing employees to designing and making plans for the new office space, and damage to its reputation.

    **Answer:** David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

20. Upon information and belief, one or more presently unknown individuals, identified herein as John Doe(s), have aided, abetted, and conspired with Boshea, or with whom Boshea has aided, abetted, and conspired, to harm Compass Marketing in the manner set forth herein.

    **Answer:** David Boshea denies the allegations in this paragraph.

21. Separate and apart from the malicious distribution of the Complaint to third parties doing business and/or potentially doing business with Compass Marketing, Boshea improperly received approximately $51,800 from Compass Marketing in "off payroll payment" in increments of approximately $350 that were above and beyond his agreed upon compensation. As a result of the receipt of these "off payroll payments," Boshea has been unjustly enriched.

**Answer:**   David Boshea denies the allegations in this paragraph.

COUNT I
<u>TORTIOUS INTERFERENCE</u>
(AGAINST BOSHEA AND JOHN DOE(S))

22. Compass Marketing relies on and incorporates by reference Paragraphs 1 through 21 above.

    **Answer:**   David Boshea relies on and incorporates by reference his answers to Paragraphs 1 through 21 above.

23. Compass Marketing entered into a contract with a real estate brokerage company to help it find office space to lease. Although no formal agreement was signed, the real estate brokerage firm had been engaged by Compass Marketing to assist Compass Marketing with its search for office space. The real estate brokerage firm was able to bring to Compass Marketing a proposed lease to rent office space.

    **Answer:**   David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

24. Compass Marketing also entered into a contract with an architecture firm to design the office space Compass Marketing planned to rent. Compass Marketing paid the architecture firm $3,500 before the architecture firm stopped doing business with Compass Marketing.

    **Answer:**   David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

25. Boshea filed the Complaint in this action, alleging Compass Marketing breached a contract with Boshea, but the contract upon which Boshea relies is a forgery. Boshea knows or reasonably should know that the purported contract on which he relies in bringing this lawsuit is a forgery because he, through his former attorney, acknowledged that he did not have a signed copy of the alleged contract. Boshea also knows or should know that the purported contract on which he relies in bringing this lawsuit is a forgery because he should know that

the signature on the purported agreement for John White is not John White's signature and there are no initials indicating that someone else signed the agreement for John White with John White's consent/authority.

**Answer:**   David Boshea denies the allegations of this paragraph.

26. Despite knowing or having reason to know that the premise of the Complaint is false, and the accusation that Compass Marketing breached its alleged contract is false, Boshea by himself and/or in coordination with John Doe(s) circulated a copy of the Complaint anonymously to third parties doing business with Compass Marketing, including the real estate brokerage firm helping Compass Marketing find office space to lease.

**Answer:**   David Boshea denies the allegations of this paragraph.

27. Compass Marketing believes Boshea had assistance from John Doe(s) because, to the best of Compass Marketing's knowledge, Boshea did not know at the time of the termination of his employment about Compass Marketing's relationship with the real estate brokerage firm that was providing services to Compass Marketing.

**Answer:**   David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph concerning Compass Marketing's beliefs, and on that basis, denies them.  David Boshea affirmatively states that at the time of his employment and thereafter, he has no knowledge of Compass Marketing's relationship with any real estate brokerage firm, and whether such real estate brokerage firm did or did not provide services to Compass Marketing.

28. The Complaint was circulated to third parties doing business with Compass Marketing and/or planning to do business with Compass Marketing for the purpose of trying to interfere with

Compass Marketing's existing and potential business relationships and encourage those and other third parties not to do business with Compass Marketing.

**Answer:**   David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

29. Shortly after receiving a copy of the Complaint, the real estate brokerage firm stopped doing business with Compass Marketing and Compass Marketing lost an opportunity to sign a lease for a location it desired to rent.

**Answer:**   David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

30. As a result of the lost opportunity to lease the office space, Compass Marketing lost the opportunity to reduce its costs by more than $2.5 million over a period of at least seven years.

**Answer:**   David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

31. Shortly after the real estate brokerage firm received a copy of the Complaint, the architecture firm Compass Marketing had retained to assist it with designing the office space stopped doing business with Compass Marketing.

**Answer:**   David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

32. As a result of the Complaint that contains false allegations against Compass Marketing being circulated to third parties, Compass Marketing has suffered harm to its reputation, and it has suffered economic losses in the amount of at least $3,500, plus many lost hours of work by employees on the office space that Compass Marketing desired to rent.

**Answer:** David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

33. Upon information and belief, Compass Marketing has suffered additional harm in the form of other lost opportunities not yet identified because Compass Marketing does not know the entire universe of recipients of the Complaint that contains false allegations against it.

**Answer:** David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

34. Based on the foregoing, Boshea and/or John Doe(s) have engaged in tortious interference with contractual relations and/or tortious interference with prospective economic advantage.

**Answer:** David Boshea denies the allegations of this paragraph directed at him. David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations directed at any John Doe(s) contained in this paragraph, and on that basis, denies them.

35. The circulation of the Complaint with false allegations to third parties was done with malice and for the purpose of harming Compass Marketing's reputation and business relationships.

**Answer:** David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis, denies them.

WHEREFORE, David John Boshea prays that the Court grant judgment in his favor and against Compass Marketing, Inc. as to Count I, award him his costs, and such other proper relief.

### COUNT II
### CIVIL CONSPIRACY
### (AGAINST BOSHEA AND JOHN DOE(S))

36. Compass Marketing relies on and incorporates by reference Paragraphs 1 through 35 above.

**Answer:** David Boshea relies on and incorporates by reference his answers to Paragraphs 1 through 35 above.

37. Upon information and belief, Boshea has conspired with one or more presently unidentified third parties to commit the tortious conduct described herein.

    **Answer:** David Boshea denies the allegations of this paragraph.

38. Even if Boshea has not conspired with one or more presently unidentified third parties to commit the tortious conduct described herein, the third parties (if there are two or more) have conspired among themselves to commit the tortious conduct described herein.

    **Answer:** David Boshea denies the allegations of this paragraph directed at him. David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations directed at any third parties contained in this paragraph, and on that basis, denies them.

39. The conspiracy to circulate the Complaint with false allegations to third parties was done with malice and for the purpose of harming Compass Marketing's reputation and business relationships.

    **Answer:** David Boshea denies the allegations of this paragraph directed at him. David Boshea lacks knowledge or information sufficient to form a belief about the truth of the allegations directed at any third parties contained in this paragraph, and on that basis, denies them.

    WHEREFORE, David John Boshea prays that the Court grant judgment in his favor and against Compass Marketing, Inc. as to Count II, award him his costs, and such other proper relief.

## COUNT III
## UNJUST ENRICHMENT
### (Against Boshea Only)

40. Compass Marketing relies on and incorporates by reference Paragraphs 1 through 21 above.

    **Answer:** David Boshea relies on and incorporates by reference his answers to Paragraphs 1 through 21 above.

41. Boshea had an agreed upon salary he was to receive from Compass Marketing in return for performing his job duties for Compass Marketing.

    **Answer:** David Boshea denies the allegations of this paragraph. Notwithstanding the preceding, David Boshea does not admit that he received the same amount of salary during the term of his employment.

42. Unbeknownst to Compass Marketing's CEO and majority owner, Boshea regularly received additional "off payroll payments" in biweekly increments of $350 totaling approximately $51,800, which Boshea was not entitled to receive.

    **Answer:** David Boshea denies the allegations of this paragraph.

43. As a result of these "off payroll payments," Boshea has been unjustly enriched to Compass Marketing's detriment.

    **Answer:** David Boshea denies the allegations of this paragraph.

    WHEREFORE, David John Boshea prays that the Court grant judgment in his favor and against Compass Marketing, Inc. as to Count II, award him his costs, and such other proper relief.

Dated: September 13, 2021                    Respectfully submitted,

                                             **DAVID J. BOSHEA**

                                             /s/ Gregory J. Jordan
                                             Gregory J. Jordan (Admitted Pro Hac Vice)
                                             Jordan & Zito LLC
                                             350 N. LaSalle Street, Suite 1100
                                             Chicago IL 60654
                                             (312) 854-7181
                                             gjordan@jz-llc.com

                                             Thomas J. Gagliardo (Bar No. 08499)
                                             Of Counsel
                                             Gilbert Employment Law, P.C.

1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

**CERTIFICATE OF SERVICE**

Gregory Jordan certifies that he served David Boshea's Answer to Counterclaim and Third-Party Complaint on counsel for Compass Marketing, Inc., by service through the Court's CM/ECF system and by email to stern@kaganstern.com, rudiger@kaganstern.com, and yeung@kaganstern.com on September 13, 2021.

                                                /s/ Gregory J. Jordan
                                                Gregory J. Jordan