UNITED STATES DISTRICT COURT
For The
District of Maryland

David J. Boshea
Plaintiff

v.

Compass Marketing, Inc
Defendant

Civil Action No.: **1-21-CV-00309-ELH**

FILED ___ ENTERED
___ LODGED ___ RECEIVED
SEP 15 2021
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DEPOSIT BOX

**NONPARTY MICHAEL WHITE'S REPLY TO DEFENDANT COMPASS MARKETING, INC.'S RESPONSE TO MICHAEL WHITE'S MOTION TO QUASH SUBPOENA AND REQUEST FOR HEARING TO DISQUALIFY STEPHEN STERN AS THE ATTORNEY FOR COMPASS MARKETING, INC.**

Nonparty Michael White files this Reply to Defendant Compass Marketing, Inc.'s Response to Michael White's Motion seeking to quash Defendant Compass Marketing's subpoena duces tecum. Michael White also requests that this Court schedule a hearing to determine whether Stephen Stern can/should/does represent Defendant Compass Marketing Inc. In support of this Reply Michael White states:

**1. Stephen Stern, apparently answering for himself and not with the approval of his client, alleges that "the two issues (the subpoena and counsel's qualifications) are not related to one another".** See Defendant Compass Marketing Inc's Response at page 1.

   A. To the contrary, the subpoena and counsel's actions and qualifications are absolutely related.

   B. The subpoena issued by Stephen Stern and all the allegations made by Stephen Stern (and memorialized in Michael White's Motion to Quash) are intended to harass Michael White and his family.

1

C. Both the subpoena and the actions of Stephen Stern are meant to slander and defame Michael White and his family and to discourage Michael White's participation in ongoing federal and state investigations into the actions of Stephen Stern and others. *See* Defendant Compass Marketing Inc's Response at page 8.

D. Stephen Stern, by use of the subpoena and other actions, is attempting to damage the reputation of Michael White and his family because he is a witness in ongoing federal and state investigations of John White and Stephen Stern. *See* Defendant Compass Marketing Inc's Response at page 10.

E. Stephen Stern created a fraudulent narrative around several payments made by Compass through Daniel White for a debt rightfully owed to former employee James Dipaula upon his exit from Compass, as Prop for his new scam. In fact, the settlement was a very fair concession by Mr. Dipaula. *See* Exhibit 3. Feeling pressure from Tagnetics / Powershelf / Smart Retail investors, and no longer being able to carry on the fake Smart Retail Label one-penny RFID scam, Stephen Stern and his partner John White created a new tale by telling swindled investors a story of a different (but just as fake) "pot of gold at the end of the rainbow" - a fake Civil RICO claim against Michael White, Daniel White and James Dipaula. The pot of gold created by this narrative would be used to pay back shareholders and creditors of Tagnetics / Powershelf / Smart Retail.

F. The pot of gold narrative created by Stephen Stern has been told to several Tagnetics / Powershelf / Smart Retail investors, creditors, former employees and even outside law firms who are investors in Tagnetics. *See* Exhibit 2. David Boshea, the plaintiff in this case, has been told this tale as well.

G. The only persons subpoenaed by Stephen Stern in this case between David Boshea and Compass Marketing are Michael White, Daniel White, and James Dipaula. Clearly, Stephen Stern has subpoenaed them in an attempt to harass them, and to create for disgruntled Tagnetics / Powershelf / Smart Retail investors an additional smoke screen for his new "civil RICO" Prop. The subpoena to Michael White is clearly oppressive.

H. Stephen Stern has twisted several lines of plaintiff David Boshea's answers to interrogatories to justify his "placing Michael White front and center as a critical witness". *See* Defendant Compass Marketing Inc's Response at page 5.

I. Stephen Stern and his business partner John White, with the use of armed and violent bodyguards, have locked Michael White and the other rightful owners / directors out of Compass Marketing and these owners / directors do not have access to the relevant documents there.

**2. Stephen Stern should not be representing my company, Compass Marketing, simply because he says he is, or because he says he has been authorized by only a single shareholder - his business partner. Michael White renews his request for a hearing, where the Court should determine whether Stephen Stern should be representing Compass Marketing.**

a. Stephen Stern states in his Response that laundering of Compass Marketing funds through the escrow account of Kagan Stern Marinello & Beard, undisclosed financial interests in Tagnetics, misrepresentation about the relationship between Compass Marketing and Tagnetics and Smart Retail, diversion of funds from the retirement plans of Compass Marketing employees, negotiation with directors and creditors and potential investors in Tagnetics, operation of a Ponzi scheme, hidden investments in Smart Retail, theft of assets

and intellectual property, personal use of Compass Marketing funds, fabrication of stockholder meetings, harassment of Daniel White, fraud on this Court, violation of federal statutes and Maryland Rules, incorrect corporate disclosure filings, and improper participation in Tagnetics bankruptcy proceedings all have nothing to do with the instant lawsuit. See Defendant Compass Marketing Inc's Response at pages 12 & 13.

    b. Michael White disagrees with Stephen Stern's assertion that his laundry list of crimes and unethical behavior have nothing to with the current case. They have everything to do with a lawyer who wants to properly represent a client (my company) and be an officer of the Court. Michael White believes this Court has a responsibility to make sure that a lawyer for a party has properly entered a case, is not committing a fraud on the Court when they enter a case, does not use his position as a representative in the case to continue criminal activity and unethical behavior, does not use their position as an officer of the Court to cover up criminal actions, and does not use their position as an officer of the Court to harass and disparage opposition parties - and that all lawyers uphold the highest standards of the legal profession.

    c. Stephen Stern simply dismisses concerns brought by Michael White to the attention of the Court as "rantings" and does not respond to them – but that should not make them any less serious to the Court. See Defendant Compass Marketing Inc's Response at page 1.

**3. Ownership of Compass Marketing Inc.**

a. Stephen Stern, and only Stephen Stern, claims that he has permission from his business partner John White to represent Compass Marketing, Inc. in this case. *See* Defendant Compass Marketing Inc's Response at page 11.

b. John White is not the CEO or Executive Chairman (or majority owner) of Compass Marketing Inc. *See* Exhibit 1.

c. Stephen Stern created yet another Prop to trick and then created a false narrative around the Prop - a fraudulent "Resolution of the Board" dated July 20, 2015. *See* Defendant Compass Marketing Inc's Response at page 13.

d. Stephen Stern does not set any basis for the Exhibit so we can only assume that it was created by Stephen Stern to support his tale that his business partner John White is the majority owner. The fraudulent Exhibit was created and forged using an actual "Resolution of the Board" dated July 17, 2015. *See* Exhibit 2 and attached Affidavit of Michael White.

e. On or about April 8, 2018, John White circulated an email to the Board of Directors of Compass Marketing. *See* Exhibit 5. That email falsely claimed that the board had convened a directors meeting, agreed to John White as being the majority owners of Compass Marketing, and asked that the directors sign an attached "resolution". Surprisingly the wording on the resolution was almost word for word identical to the Prop "resolution" supplied by Stephen Stern in his Response. *See Defendant* Exhibit 13.

f. Michael White is in possession of copies of federal and state corporate tax returns filed for Compass Marketing, for the years 2010 through 2018. I have personal knowledge that each tax return was filed with the United States Internal Revenue

5

Service and Maryland Comptroller's Office. Those tax returns contain each shareholder's share of income, deductions, and credits, along with each owner's Schedule K-1. *See* Exhibit 6. Each K-1 clearly shows each shareholders percentage of stock ownership in Compass Marketing. Each K-1 clearly shows that Michael White and Daniel White each own 25% of the issued stock and John White owns 50% of the issue stock.

g. Stephen Stern in his pleading put forth another Prop and then created a false narrative around the Prop. *See* Defendant Compass Marketing, Inc's Response at page 9. Stephen Stern took the Prop of a shareholder meeting held 21 years ago, marched it through serpentine logic, and concluded that Compass Marketing had a majority owner who could hire Stephen Stern. Stephen Stern concluded that the majority owner was his business partner John White. It should be noted that Stephen Stern did not create a basis for this Prop either, so we are left with the conclusion that Stephen Stern is the sole creator of the false narrative that goes with this Prop.

h. Using the Prop of the 2001 Compass Marketing Shareholder meeting and the false narrative, Stephen Stern again created a Prop. This time the Prop is an unannounced shareholder meeting where the only persons who are present are Stephen Stern and his business partner John White. Stephen Stern spins a false narrative about a shareholder meeting taking place. During this fantasy meeting Michael White and Daniel White are removed from the Board of Directors. This "Special Meeting of the Stockholders" is nonsense and facially ridiculous. A "special meeting" supposedly held with only John White and his business partner Stephen Stern nearly two years ago, where John White nominated 5 individuals and then immediately

voted against 2 of them. Again, Stephen Stern used the false narrative that Compass Marketing had a majority owner who could have a single person meeting as described. According to the Prop, the meeting was held at the Law Offices of Hyatt & Weber. The Managing Partner of Hyatt & Weber was contacted and has so far been unable to verify a shareholder meeting took place at his law firm.

i. The federal and state tax returns filed by John White for the tax years 2010 through 2015 clearly show that John White used the Compass Marketing K-1's to report his income to both the IRS and the Maryland Comptroller. *See* Exhibit 6. John White's reported income was based on the percentage of stock / ownership of Compass Marketing Inc and each time John White reported income based on 50% of the stock / ownership. Surely John White would not have under-reported his taxable income while actually owning 66% of the stock / ownership as reported by Stephen Stern. Again, Stephen Stern is the only one spinning the self-serving narrative that his business partner John White was the majority owner of Compass Marketing Inc.

**4. Stephen Stern has serious conflict issues and has not been candid with the Court.**

a. Stephen Stern has attempted to shield himself from the fact that he is an investor and owner of Smart Retail Inc. *See* Exhibit 8. His has used "privileged communications", accusations of violations of criminal law, and Props gathered from other improper subpoenas - all in an attempt to shield himself from his own actions. It is clear that expressing to the Court that Stephen Stern's statement that he does not have ownership or ownership rights to Smart Retail is false and he is not being candid with the Court. *See* Exhibit 8.

b. Stephen Stern and John White were discovered to have created Smart Retail, Inc. with Compass Marketing funds and those of Tagnetics investors that passed through Stephen Stern's client escrow account. Hopefully these actions by Stephen Stern can be explored during a hearing before the Court.

WHEREFORE, for these reasons Michael White respectfully requests that this Honorable Court enter an order pursuant to Rule 45 of the Federal Rules of Civil Procedure quashing the subpoena duces tecum; and schedule a hearing before this Court to consider the disqualification of Stephen Stern and the Law firm of Kagan, Stern, Marinello & Beard. LLC.

September 15th 2021

*[signature]*

Michael R. White
39650 Hiawatha Circle
Mechanicsville Maryland 20659
michaelrwhite@comcast.net
301-481-5986

## CERTIFICATE OF SERVICE

I hereby certify that on September 15th, 2021, I served this REPLY TO COMPASS MARKETING'S RESPONSE TO MICHAEL WHITE'S MOTION TO QUASH SUBPOENA AND REQUEST FOR HEARING via USPS First Class mail to:

Thomas J. Gagliardo, Esq.
Gilbert Employment Law PC
1100 Wayne Avenue Suite 900
Silver Spring, Maryland 20910
Email tgagliardo@gelawyer.com

AND

Gregory J. Jordan, Esq.
Jordan & Zito LLC
350 North LaSalle Street Suite 1100
Chicago Illinois 60654
Email: gjordan@jz-llc.com

AND

Stephen B. Stern
Kagan, Stern, Marinello & Beard LLC
238 West Street
Annapolis Maryland 21401
Email: stern@kaganstern.com

AND

Heather K. Yeung, Esq.
Kagan, Stern, Marinello & Beard LLC
238 West Street
Annapolis Maryland 21401
Email: Yeung@kaganstern.com

*[signature]* 9-15-2021

Michael R. White