# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| **DAVID J. BOSHEA** | * |
| Plaintiff, | * |
| v. | * Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT COMPASS MARKETING, INC.'S
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS
## FROM PLAINTIFF DAVID J. BOSHEA

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Motion to Compel Production of Documents from Plaintiff David J. Boshea ("Boshea"). For the reasons discussed below, Compass Marketing's Motion to Compel Production of Documents from Plaintiff David J. Boshea (the "Motion to Compel") should be granted because Boshea has not produced documents reflecting communications between him and certain third parties, including, but not limited to, Daniel White and Michael White.

## INTRODUCTION

As explained in greater detail below, Boshea – the party that initiated this lawsuit (under what Compass Marketing contends is the false premise of a forged document) – has either refused or been "unable" to produce responsive documents for more than two months that are clearly relevant to this lawsuit and in his possession, custody or control. Despite an instruction from this Court to produce responsive documents by September 15, 2021, and requests for three more extensions beyond the deadline set by this Court, Boshea still has not produced a single responsive

document reflective of communications he acknowledges having (as he must acknowledge based on his answers to interrogatories and the very limited documents he has produced so far).[1] The refusal/unwillingness to produce responsive documents raises a number of serious concerns, including potential spoliation and/or selective production, particularly in light of the fact that Daniel White, Michael White, and James DiPaula (three non-parties that have been subpoenaed) have likewise refused to produce responsive documents and desperately sought to avoid producing documents (or appear at deposition). There is no excuse for Boshea's ongoing refusal or "inability" to produce the responsive documents and Boshea should be compelled to produce responsive documents immediately.[2]

## **BACKGROUND**

On July 13, 2021, Compass Marketing served interrogatories and requests for production of documents on Plaintiff David J. Boshea ("Boshea"). *See* Exhibit 1 (Interrogatories); Exhibit 2 (Request for Production of Documents). Boshea served responses to those discovery requests on August 19, 2021. *See* Exhibit 3 (Answers to Interrogatories); Exhibit 4 (Responses to Requests for Documents).[3]

Boshea's responses to the document requests included (i) a purported transcript of a voicemail message that was purportedly prepared for and captioned with the case of *Daniel J. White, et al. v. Compass Marketing, Inc.*, in the Circuit Court for Arlington County, Virginia (a

---

[1] This Motion to Compel is exempt from the procedures detailed in Local Rule 104.8(a) based on Boshea's complete failure to produce any of the requested communications (and in light of the numerous efforts to resolve this dispute without Court intervention described herein, including the instructions of Judge Gauvey). *See* Local Rule 104.8. As such, this Motion to Compel is ripe for resolution by the Court without any further efforts by counsel to resolve this dispute without Court intervention.

[2] In filing this Motion to Compel, Compass Marketing reserves its right to inspect Boshea's computer(s), email account(s), and mobile device(s).

[3] The signature for the interrogatories was not provided until August 25, 2021. *See* Exhibit 5 (Signature for Interrogatory Answers)

2

case in which Boshea was not a party); (ii) a transcript of the testimony of undersigned counsel that was part of the record in the case, *In re Tagnetics, Inc.*, in the United States Bankruptcy Court for the Southern District of Ohio, Western Division at Dayton (another case in which Boshea was not a party), (iii) an undated and unexecuted letter from Daniel White to the United States Securities and Exchange Commission, and (iv) a digital audio recording of an alleged Michael White voicemail message transcribed in item (i). *See* Exhibit 6 (Documents Produced). By producing each of these documents, and by the nature of the document requests served on Boshea, Boshea seemingly confirmed that each of these documents came from Daniel White and/or Michael White. Indeed, in the email transmitting the few produced documents, counsel for Boshea indicated that "David is gathering his communications, which I will send on receipt." *See* Exhibit 7 (Email Dated August 19, 2021). Boshea has now been "gathering communications" since prior to August 19, 2021 – more than one and one-half months ago and presumably closer to two months based on when the document requests were served on Boshea – but Boshea has not produced a single communication between him and Daniel White or Michael White (whether in their individual capacities or purporting to act on behalf of Compass Marketing) or others.

Counsel for Boshea also stated, "In response to your client's document requests, David refers to documents previously provided." *See* Exhibit 7. In so stating, he referred to: (a) Boshea's resume; (b) a 2007 email between himself and John White; (c) Boshea's offer letter from Compass Marketing; (d) an allegedly signed version of the Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (the "Agreement"); (e) a Maryland New Hire Registry Reporting Form; (f) a 2020 letter from Compass Marketing terminating Boshea's employment; (g) a 2020 letter from Compass Marketing that included unsigned severance and non-solicitation agreements; (h) a 2020 email from Chicago attorney Rebecca Obarski to Compass

3

Marketing, confirming that the alleged agreement was unsigned at the time of her inspection; (i) a notice of Boshea's claim for unemployment benefits; and (j) a copy of Compass Marketing's payroll register as it pertained to Boshea. Each of these documents, except for the contested Agreement, were actually produced *to* Boshea *by* Compass Marketing as part of its document production. In other words, Boshea, as a practical matter, has produced 197 pages of material – 189 of which is an irrelevant transcript, even though he acknowledges having substantially more communications with Daniel White, Michael White, and other witnesses that have not yet been produced.

On August 27, 2021, the parties participated in a court-ordered mediation session before the Honorable Susan K. Gauvey. *See* Dkt. No. 39. Subsequent to that session, Judge Gauvey ordered Compass Marketing to send its discovery deficiency letter to Boshea by September 3, 2021. *See* Exhibit 8 (Gauvey Order). Judge Gauvey also order Boshea to respond to the deficiencies *and provide additional documents,* including texts and emails, by September 15, 2021. *Id.*

On September 2, 2021, Compass Marketing sent a detailed discovery deficiency letter to Boshea. *See* Exhibit 9 (Deficiency Letter). When the September 15 deadline came for Boshea to produce the already tardy documents, he sought a two-day extension, to which Compass Marketing agreed. *See* Exhibit 10 (Email String Dated September 15 and 18, 2021).[4] When the documents were not produced after the two-day extension, Compass Marketing requested the documents again, *advising Boshea that it would file a motion to compel if the documents were not produced*. *Id.* Boshea requested yet another one or two-day extension, to which Compass Marketing

---
[4] Boshea has served supplemental and amended answers to interrogatories, but those discovery responses are not subject to this Motion to Compel.

4

acquiesced, while noting its confusion as to why Boshea could not produce the withheld documents. *See* Exhibit 11 (Email String, Most Recent Dated September 21, 2021, with attachment). Compass Marketing even suggested an alternative approach to the document production and simply requested that Boshea produce each of the emails by printing them (leaving it open-ended on how Boshea would handle the production of the text messages). *Id.* Boshea did not acknowledge or respond to the suggested alternative solution or clarify the so-called technical difficulties[5] he was experiencing; rather, he simply produced an unsigned copy of the alleged Agreement that was long overdue. *Id.*[6]

Now, an additional nine days have passed since Boshea last promised Compass Marketing it would receive his document production (and more than two weeks have passed since the Court imposed a due date for Boshea to produce documents, which were originally due more than one and one-half months ago), and Boshea has remained noncommunicative, without producing a single document (other than the unsigned copy of the alleged Agreement) reflecting Boshea's communications with others and without giving any indication as to when/if the overdue documents will be produced.

Making matters even worse, Boshea's counsel acknowledged "receiv[ing] [Boshea's] email" on September 27, 2021. *See* Exhibit 13 (Email String, Most Recent Dated September 27, 2021 at 5:33 p.m.). Upon acknowledging being in possession of Boshea's email communications (not text messages), Compass Marketing requested a confirmation as to when the documents would be produced and asked about the status of text messages. *Id.* Boshea never responded to

---

[5] According to Boshea's counsel, "David has encountered difficulty transferring files from his work computer and phone. As a result, he is meeting with an IT professional to transfer the files to a medium that I can transmit to you. If all goes well, you should receive the files tomorrow [September 21] or Wednesday [September 22]."

[6] As expected, the unsigned copy of the Agreement further supports Compass Marketing's position that the alleged Agreement upon which Boshea relies is a forgery. Indeed, Compass Marketing has obtained the opinion of an expert, whose opinion is that the agreement at issue is a forgery. *See* Exhibit 12 (Report of C. Baggett).

5

this inquiry. Rather, during the past week (since Boshea's counsel acknowledged receiving Boshea's emails), Boshea's counsel has communicated with Compass Marketing several times about other matters, but without once communicating anything about the status of the still unproduced email communications or when Compass Marketing can expect to receive Boshea's text messages. When Compass Marketing's counsel noted that Boshea was still not fulfilling his obligation to produce the requested documents, Boshea's counsel responded by stating, "I do not know why you waste my time." *See* Exhibit 14 (Email String, Most Recent Dated September 28, 2021 at 5:34 p.m.). Additional days have passed with still no response or communication about the production of Boshea's emails or text messages.

Among the documents clearly not produced are emails and text messages to/from Daniel White and Michael White (and there could be many other documents, including communications with other individuals responsive to Compass Marketing's document requests). The time has come where there are no more excuses and Boshea should be compelled to produce the requested documents. As such, Compass Marketing's Motion to Compel should be granted.

## ARGUMENT

### I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure as well as orders of this Court govern the content and timing of discovery in this case. Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure states that the production (of responsive documents) must be completed "no later than the time for inspection specified in the request." In this case, the original deadline for production was August 12, 2021 (based on a July 13, 2021 service date of the request for production of documents).

Rule 26(e)(1)(B) of the Federal Rules of Civil Procedure also requires a party to supplement discovery responses "as ordered by the court." Here, Judge Gauvey's August 27, 2021

letter to counsel then mandated a September 15, 2021 deadline (which was more than one month after the original deadline for Boshea to complete his document production) for Boshea to "provide additional documents, if any, including texts and emails."

None of those deadlines were met and Boshea has now failed to provide the requested documents or otherwise respond after at least four (arguably more) additional extensions have passed, with no apparent end in sight as to when the documents will actually be produced. "[A] response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond." *See Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997).

## II. <u>BOSHEA'S FAILURE TO PRODUCE</u>

In response to Compass Marketing's request for documents, Boshea has produced an irrelevant voice mail, a transcript from an irrelevant bankruptcy case, an irrelevant letter to the SEC, and an unsigned version of the alleged Agreement, the authenticity of which is contested by Compass Marketing. *See* Exhibit 6; Exhibit 11.

Boshea has completely failed to produce, *inter alia*, the communications referenced in his Answers to Interrogatories with Michael White, Daniel White; the communication where he shared his severance agreement with John Mancini (answer to Interrogatory No. 1 and 8); or documents evidencing Boshea's receipt of the bankruptcy transcript, the voicemail (both the transcript version and the electronic recording), and the SEC letter.[7]

---

[7] Compass Marketing does not intend to imply or otherwise accept that these identified documents represent the entire scope of the unproduced documents; rather, these identified documents are the ones that can be confirmed based on the documents received so far and the initial answers to interrogatories.

Quite conspicuous is the complete failure to produce any text messages or emails, including, but not limited to text messages and emails to/from Daniel White and Michael White. Boshea resided in Chicago the entire time he was employed by Compass Marketing, which is headquartered in Annapolis (and Daniel and Michael White are residents of Maryland, as reflected in their respective Motions to Quash). It is unfathomable to imagine that Boshea communicated with Compass Marketing personnel exclusively through verbal communications. Indeed, Boshea does not even contend that he did, as he acknowledges that there are a number of communications that have not been produced yet (and it would defy logic for him to contend otherwise, as the documents that were produced appear to have come from Daniel White and/or Michael White and they likely were transmitted electronically). Furthermore, Boshea's purported technological difficulties lack credence. He has already produced an audio recording in electronic form, but not the corresponding electronic communication in which it was delivered to him. Thus, Boshea is delaying his production of documents intentionally, which raises substantial concerns, including concerns about spoliation.

The fact that Compass Marketing has met so much resistance to obtaining documents from Boshea, as well as Daniel White and Michael White, all of whom now appear to have conspired to fabricate this scheme of a forged severance agreement, raises substantial concerns about spoliation of evidence and/or a selective production of documents. This concern about spoliation is not speculative or theoretical either, as Compass Marketing recently discovered that Michael White and George White (Michael White's son and a former Compass Marketing employee) have failed to pay Google to maintain the compassmarketinginc.com email accounts that they have unlawfully blocked Compass Marketing from accessing. *See* Exhibit 15 (Email Notifications to Michael White and George White Dated September 22, 2021 Advising of Failure to Pay).

8

Compass Marketing believes there are a substantial number of communications between Boshea, Daniel White, and Michael White, as well as others, contained in those email accounts (as well as in text messages) that will substantiate the severance scheme(s) and Compass Marketing's claims in this case, but Michael White's and George White's apparent failure to pay the Google account invoice while Compass Marketing has been seeking production of such materials in this case through properly issued subpoenas gives rise to substantial spoliation concerns.[8]

As such, the Court should order the immediate production of all responsive documents from Boshea (as well as Daniel White and Michael White, as argued in the oppositions to the motions to quash), while remain prepared to address these issues further in the event there is any evidence to suggest spoliation and/or a limited production of responsive documents. The relevant document requests and responses are set forth below:

**Request No. 6:** All documents consisting of communications between you and Compass Marketing that refer, reflect, or relate to any severance agreement you claim you entered into with Compass Marketing.
**Response:** Subject to the General Objections, David had provided all responsive documents to Compass Marketing.

**Request No. 7:** All documents consisting of communications between you and Daniel White that refer, reflect, or relate to the terms of your employment with Compass Marketing, the termination of your employment with Compass Marketing, and/or any severance agreement you claim you entered into with Compass Marketing.
**Response:** Subject to the General Objections, David has no responsive documents.

**Request No. 8:** All documents consisting of communications between you and Michael White that refer, reflect, or relate to the terms of your employment with Compass Marketing, the termination of your employment with Compass Marketing, and/or any severance agreement you claim you entered into with Compass Marketing.
**Response:** Subject to the General Objections, David has no responsive documents.

**Request No. 9:** All documents that refer, reflect, or relate to the Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (attached as Exhibit A to the Complaint).

---

[8] In furtherance of this concern, it appears that Michael White and/or George White have paid the Google invoices each month since their employment with Compass Marketing ended as part of their effort to inflict harm on Compass Marketing. *See* Exhibit 16 (Sample Google Invoice Email to Michael White and Invoice Addressed to George White).

9

**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 14:** All documents that refer, reflect, or relate to any transaction, communication, or interaction between you and Daniel White since the termination of your employment with Compass Marketing.
**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 15:** All documents that refer, reflect, or relate to any transaction, communication, or interaction between you and Michael White since the termination of your employment with Compass Marketing.
**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

*See* Exhibit 4.

As explained above, the representation from Boshea that he has provided all responsive documents to Compass Marketing is simply not true. As such, Compass Marketing's Motion to Compel should be granted.

## CONCLUSION

For these reasons, Compass Marketing's Motion to Compel should be granted and Boshea should be compelled to produce the requested documents. The Court also should grant such other relief as it deems appropriate.

## CERTIFICATION

Pursuant to Local Rules 104.7 and 104.8, undersigned counsel has attempted on multiple occasions to confer with opposing counsel to resolve this dispute. The dates and times of those efforts to resolve this dispute without Court intervention are set forth in the exhibits attached hereto. Unfortunately, the dispute regarding Boshea's failure to produce numerous responsive documents has not been resolved, and the issues to be addressed by the Court have been itemized above.

Dated: October 1, 2021

Respectfully submitted,

*/s/ Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax): (410) 705-0836
Email: stern@kaganstern.com
Email: yeung@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September, 2021, the foregoing Defendant Compass Marketing, Inc.'s Motion to Compel Discovery Responses from Plaintiff David J. Boshea was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo<br>Gilbert Employment Law, PC<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, MD 20910<br>Email: tgagliardo@gelawyer.com | Gregory J. Jordan<br>Mark Zito<br>Jordan & Zito, LLC<br>350 N. LaSalle Drive, Suite 1100<br>Chicago, Illinois 60654<br>Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff David Boshea*

*/s/ Stephen B. Stern*
Stephen B. Stern