# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| **DAVID J. BOSHEA,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Case No. 1:21-CV-00309-ELH |
| | * |
| **COMPASS MARKETING, INC.,** | * |
| | * |
| Defendant. | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**RESPONSES TO DEFENDANT COMPASS MARKETING, INC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DAVID J. BOSHEA**

David Boshea, the plaintiff, ("Boshea") for his responses to Defendant Compass Marketing, Inc's First Request for Production of Documents to Plaintiff David J. Boshea served by Compass Marketing, Inc. (the "Defendant"), states:

**GENERAL OBJECTIONS**

A. In responding to the document requests, David Boshea does not concede that any of the information provided is relevant or material to this litigation's subject matter or any party's claims or defenses. David Boshea reserves the right to object to the admissibility at trial of any of the information or documents produced in response to these document requests.

B. David Boshea objects to any request contained in the document requests to the extent that the document request purports to impose any obligations upon David Boshea beyond the obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any applicable local rules or other court order.

C. David Boshea objects to the document requests and every definition, instruction, and request therein, to the extent that the information or documents sought: (a) contain privileged attorney-client communications; (b) constitute attorney work product; (c) were prepared in anticipation of, or connection with, litigation or trial; (d) disclose the mental impressions, conclusion, opinions, or legal theories of any attorney for, or other representative of, David Boshea; or (e) is otherwise privileged or exempt from discovery (collectively, "Privileged Documents"). David Boshea does not intend to produce any Privileged Documents. Any disclosure of privileged or protected information or documents in response to any of the document requests is inadvertent and shall not be deemed a waiver of any applicable privileges or protections. David Boshea requests that any such information or documents be returned promptly.

D. Each response is subject to all objections to competency, relevancy, materiality, propriety, admissibility, and to all other objections and grounds that would require the exclusion of any information identified herein if the information was asked of, or disclosed by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at a later date.

E. David Boshea objects to the document requests on the ground and to the extent that they seek information that is not related to any party's claims or defenses in this action.

F. David Boshea objects to the document requests on the ground and to the extent that they seek information that is not in the possession, custody, or control of David Boshea.

G. David Boshea objects to the document requests on the ground and the extent to which they state a legal conclusion or assume or appear to assume that any fact or event is true. David Boshea does not concede the accuracy of any such conclusion or assumption by responding to any such request.

H. David Boshea objects to the document requests on the ground and to the extent that they are overly broad, unduly burdensome, and oppressive.

I. David Boshea objects to the document requests on the ground and the extent to which they are vague, ambiguous, and lacking in particularization.

J. David Boshea objects to the document requests on the ground and to the extent that they are not limited to the period relevant to this litigation and thus seek information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence. The events at issue in this lawsuit occurred beginning in April 2007. David Boshea's records from years before the incident are not relevant to any of the claims, defenses, or issues in this litigation. Unless otherwise noted, David Boshea's responses to the requests are from April 1, 2007 to the present.

K. David Boshea objects to the document requests to the extent that the information sought is a matter of public record, which is equally accessible and available to the proponent, on the grounds that providing such information would impose an unreasonable burden and expense upon David Boshea.

L. David Boshea objects to the document requests to the extent that they purport to require information concerning persons that are not parties to this action. Such requests are overly broad and seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

M. David Boshea provides these responses to the document requests based on its knowledge as of the date of the responses and after a reasonable inquiry. Discovery is ongoing, and David Boshea's investigation continues. David Boshea reserves the right to supplement, amend, and correct these responses, if necessary, based on information later obtained through investigation, discovery, or otherwise.

N. David Boshea objects to the document requests to the extent the burden or cost of the requested discovery outweighs its likely benefit or to the extent that the discovery is not reasonably accessible due to undue burden or expense, including, but not limited, to Internet "cookies," temporary Internet pages, and other machine-generated data on computer hard drives. Further, David Boshea objects to the document requests to the extent they seek electronically stored information ("ESI") that is not reasonably accessible, including but not limited to ESI that is on disaster recovery backup media and slack or fragmented data on hard drives that can be recovered only by using specialized forensic tools.

O. David Boshea objects to the Documents requests to the extent that the proponent asks David Boshea to create documents.

P. David Boshea objects to the requirement that David Boshea produce documents at the proponent's counsel offices. David Boshea will make the documents available electronically. To the extent the proponent seeks to review original documents, which documents will be made available at its offices or the offices of its counsel.

Q. David Boshea incorporates each of these General Objections as if fully set forth in each answer and response below.

## RESPONSES TO DOCUMENT REQUESTS

**Request No. 1:** All documents that refer, reflect, or relate to your claim that you are entitled to the relief requested in the Complaint.

> **Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 2:** All documents consisting of communications between you and Compass Marketing that refer, reflect, or relate to your employment with Compass Marketing.

> **Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 3:** All documents that refer, reflect, or relate to the terms and conditions of your employment with Compass Marketing.

> **Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 4:** All documents consisting of communications between you and Compass Marketing that refer, reflect, or relate to the actual or potential termination of your employment with Compass Marketing.

> **Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 5:** All documents that refer, reflect, or relate to the actual or potential termination of your employment with Compass Marketing.

>**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 6:** All documents consisting of communications between you and Compass Marketing that refer, reflect, or relate to any severance agreement you claim you entered into with Compass Marketing.

>**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 7:** All documents consisting of communications between you and Daniel White that refer, reflect, or relate to the terms of your employment with Compass Marketing, the termination of your employment with Compass Marketing, and/or any severance agreement you claim you entered into with Compass Marketing.

>**Response:** Subject to the General Objections, David has no responsive documents.

**Request No. 8:** All documents consisting of communications between you and Michael White that refer, reflect, or relate to the terms of you employment with Compass Marketing, the termination of your employment with Compass Marketing, and/or any severance agreement you claim you entered into with Compass Marketing.

>**Response:** Subject to the General Objections, David has no responsive documents.

**Request No. 9:** All documents that refer, reflect, or relate to the Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (attached as Exhibit A to the Complaint).

>**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 10:** All documents that refer, reflect, or relate to the Compass Marketing, Inc. Offer of Employment (attached as Exhibit B to the Complaint).

>**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 11:** All documents that refer, reflect, or relate to the Compass Marketing, Inc. termination letter (attached as Exhibit C to the Complaint).

>**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 12:** All documents that refer, reflect, or relate to the Compass Marketing, Inc. Severance Agreement (attached as Exhibit C to the Complaint).

**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 13:** All documents that refer, reflect, or relate to the Compass Marketing, Inc. Non-Solicitation Agreement (attached as Exhibit C to the Complaint).

**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 14:** All documents that refer, reflect, or relate to any transaction, communication, or interaction between you and Daniel White since the termination of your employment with Compass Marketing.

**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 15:** All documents that refer, reflect, or relate to any transaction, communication, or interaction between you and Michael White since the termination of your employment with Compass Marketing.

**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 16:** All documents that refer, reflect, or relate to any statement against interest Compass Marketing has allegedly made concerning the allegations in the Complaint.

**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 17:** All documents sent to, shown to, or otherwise shared with you by any expert you intend to testify in this litigation.

**Response:** Subject to the General Objections, David has not identified any expert at this time.

**Request No. 18:** All documents that you referenced, reviewed, or otherwise relied on to draft the Complaint, and answer the Interrogatories served on you in this litigation.

**Response:** Subject to the General Objections, David has provided all responsive documents to Compass Marketing.

**Request No. 19:** All documents that you intend to offer into evidence at trial in this litigation and any other documents that you received from a third party pursuant to a subpoena or any other request.

**Response:** Subject to the General Objections, David has not determined which documents he will present at trial. David has provided all responsive documents received from third parties to Compass Marketing.

Dated: August 19, 2021

        **DAVID J. BOSHEA**

        /s/ Gregory J. Jordan

        Gregory J. Jordan (Admitted Pro Hac Vice)
        Jordan & Zito LLC
        350 N. Clark Street, Suite 400
        Chicago IL 60654
        (312) 854-7181
        gjordan@jz-llc.com

        Thomas J. Gagliardo (Bar No. 08499)
        Of Counsel
        Gilbert Employment Law, P.C.
        1100 Wayne Ave, Suite 900
        Silver Spring, Maryland 20910
        tgagliardo@gelawyer.com

        COUNSEL FOR DAVID J. BOSHEA

**CERTIFICATE OF SERVICE**

  The undersigned, as counsel of record for David Boshea, served Defendant's Responses to Defendant Compass Marketing, Inc's First Request for Production of Documents to Plaintiff David J. Boshea on the following persons:

    Stephen B. Stern
    Heather K. Yeung
    Kagan Stern Marinello & Beard, LLC
    238 West Street
    Annapolis, Maryland 21401
    Email: stern@kaganstern.com
    Email: yeung@kaganstern.com
    *Attorneys for Plaintiff*
    *Compass Marketing, Inc.*

on August 19, 2021 via Electronic Mail.

          */s/* Gregory J. Jordan_____
           Gregory J. Jordan