# EXHIBIT 9

LAW OFFICES
# KAGAN STERN MARINELLO & BEARD, LLC
238 WEST STREET
ANNAPOLIS MARYLAND 21401
Telephone (410) 216-7900
Facsimile (410) 705-0836

STEPHEN B. STERN      STERN@KAGANSTERN.COM
HEATHER K. YEUNG      YEUNG@KAGANSTERN.COM
(410) 216-7900      WWW.KAGANSTERN.COM

September 2, 2021

**VIA EMAIL**: gjordan@jz-llc.com

Gregory J. Jordan
Jordan & Zito LLC
350 North LaSalle Street
Suite 1100
Chicago, IL 60654

    **Re:**     *Boshea v. Compass Marketing, Inc.*, Civil Action No. ELH-21-309
              <u>Deficiencies to Written Discovery Responses</u>

Dear Greg:

    We are in receipt of the responses David Boshea ("Mr. Boshea") served to the discovery requests propounded by Compass Marketing, Inc. ("Compass Marketing"). We write to address certain deficiencies with those responses and to request that the responses be amended and/or supplemented, as appropriate. In drafting the supplemental and amended responses, please be cognizant of the requirement of Rule 33(b)(1) of the Federal Rules of Civil Procedure, which requires a party to answer each interrogatory "fully."

## INTERROGATORIES

**Interrogatory No. 1:** Describe in detail the events surrounding the allegations in Paragraph 11 of the Complaint. Your response should include, but not be limited to, who was present, where the signing took place, and any other details to support your claim.

    **Response Provided:** Subject to the General Objections, David Boshea was employed by Energizer, when John White approached him to solicit him or work for Compass Marketing. John White, as Compass Marketing's CEO, offered David Boshea the compensation package outlined in the document produced CM 0131-32. David Boshea had several conversations with John and Dan White through which David Boshea and Compass Marketing agreed to the severance agreement, as defined in and attach to the complaint. In addition, David Boshea shared his signed severance agreement with John Mancini to entice Mr. Mancini to join Compass Marketing.

**Deficiency with Response:** This interrogatory specifically requested that Mr. Boshea's response include a detailed recitation of the facts/events surrounding the execution of the alleged agreement, and it specifically requests that Mr. Boshea include where the alleged signing occurred as well as who was present at the alleged signing. Your response does not provide any details about the alleged signing of the agreement, including, but not limited to, where the alleged signing occurred and who was present at the signing. Please supplement the response with this information.

**Interrogatory No. 2:** Describe in detail all facts that support for the allegations in Paragraph 19 of the Complaint.

**Response Provided:** Subject to the General Objections, David Boshea worked for Compass marketing in various roles in accordance with the obligations required of him and he was not terminated for cause.

**Deficiency with Response:** The response provided does not include about how her allegedly "performed all obligations required of him under the Agreement[,]" such as information about Mr. Boshea's job duties, the tasks he was asked to perform and the manner and degree to which he performed those duties. In addition, the response does not address Mr. Boshea's problems with alcohol and how that impacted his job performance. Please supplement the response accordingly.

**Interrogatory No. 3:** Describe in detail all facts surrounding your reduction in compensation in or about September 2015.

**Response Provided:** David Boshea restates the General Objections and further objections to this interrogatory as overbroad. Subject to the objections, Compass Marketing reduced David Boshea's compensation due to John White's mismanagement of Compass Marketing, which caused the company to experience financial problems. As a result of John White's failure to manage the company properly, Compass Marketing reduced the compensation of most executive personnel. John White told David Boshea that he would provide a bonus to David Boshea the following January equal to the amount of the reduction along with returning his compensation to $200,000 annually. At no time did John White or anyone else at Compass Marketing mention or refer to any change in David Boshea's severance agreement, which had no relationship to the reduction in compensation.

**Deficiency with Response:** Mr. Boshea's response asserts that the reduction in his compensation was the result of John White's mismanagement of Compass Marketing," but Mr. Boshea does not include any factual support for this broad, conclusory allegation. Please provide factual information to support this assertion and the source of that information (as it is unclear how or why Mr. Boshea would know how or why the

"company [was] experience[ing] financial problems." Similarly, Mr. Boshea's response states that "Compass Marketing reduced the compensation of most executive personnel" without providing any factual support for this conclusory statement or how he would even know this information. In addition, Mr. Boshea's response does not address the circumstances involving the written agreement that was provided to him regarding the reduction in compensation. Please supplement the response accordingly.

**Interrogatory No. 4:** Describe in detail the substance of each communication you had with anyone acting on behalf of Compass Marketing that refers, reflects, or relates to your compensation. Your response should include, but not be limited to, the identity of each person who participated in those communications, the method of communication (e.g., in-person, text message, email, phone call), and the date of each communication.

**Response Provided:** Subject to the General Objections, David Boshea restates the General Objections and further objects to this interrogatory as overbroad. Due to the breadth of this interrogatory, David Boshea cannot answer this interrogatory outside of the context of more specific questions posed at a deposition.

**Deficiency with Response:** The response provided is not compliant with Rule 33(b)(1) of the Federal Rules of Civil Procedure, which requires a party to answer each interrogatory "fully." Reference to outside material, such as a deposition, is improper. *See, e.g.*, *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29 (D.D.C. 2007). Moreover, Boshea refers to multiple communications with individuals on behalf of Compass Marketing throughout his responses (e.g. "several conversations with John and Dan White" referenced in response to Interrogatory No. 1; "John White told David Boshea that he would provide a bonus" referenced in response to Interrogatory No. 3; "Erin Songer and Jerry Cain called David Boshea" referenced in response to Interrogatory No. 5, "Daniel White reminded that David Boshea has the severance agreement" referenced in response to Interrogatory No. 5; "John White solicited David Boshea" referenced in response to Interrogatory No. 6; "David Boshea had conversations with Michael White" referenced in response to Interrogatory No. 6; "Michael White recalled that David Boshea and Compass entered into the severance agreement" referenced in response to Interrogatory No. 9).[1] At a minimum, each of these general references to communications, as well as the others referenced in Mr. Boshea's responses, should be detailed as requested. Please supplement the response with the details of each communication including, but not limited to, the identity of each person who participated in the communication, the method of communication, the date of each communication, and the substance of each communication.

---

[1] Please also note that Mr. Boshea specifically stated in response to Interrogatory No. 5 that he communicated with Daniel White and Michael White because he believed they "were and to David Boshea's knowledge are Compass Marketing shareholders."

**Interrogatory No. 5:** Describe in detail the substance of each communication you had with anyone acting on behalf of Compass Marketing that refers, reflects, or relates to any time your employment with Compass Marketing was terminated or any time in which the actual or potential termination of your employment with Compass Marketing was discussed. Your response should include, but not be limited to, the identity of each person who participated in those communications, the method of communication (e.g., in-person, text message, email, phone call), and the date of each communication.

**Response Provided:** Subject to the General Objections, David Boshea Erin Songer and Jerry Cain communicated through emails. David Boshea called John White; however, Mr. White did not return any calls. Erin Songer and Jerry Cain called David Boshea and Advised Mr. Boshea that the company considered him a great and valuable employee, but the company was terminating his position. David Boshea and Ms. Songer had a subsequent conversation concerning transferring his telephone while keeping the cellular number. David Boshea had conversations with Daniel and Michael White, who were and to David Boshea's knowledge are Compass Marketing shareholders. Mr. Boshea advised Messrs. White of his termination. Daniel White reminded that David Boshea has the severance agreement and noted Compass Marketing's obligations.

**Deficiency with Response:** The response provided is not fully responsive. In particular, the dates and substance of the emails referenced with Erin Songer and Jerry Cain are not provided. The dates of the unreturned calls to John White are not provided. The date of the phone call from Erin Songer and Jerry Cain is not provided. The date of the subsequent phone call regarding cell phone transfer is not provided. No information regarding the method(s) of communication, dates, or content of the "conversations with Daniel and Michael White" are provided. The requested information regarding Boshea's advising "Messrs. White of his termination" is not provided. The form of communication, date, and content of the "reminder" from Daniel White also is not provided. Please supplement the response accordingly.

**Interrogatory No. 6:** Describe in detail the substance of each communication you had with anyone acting on behalf of Compass Marketing that refers, reflects, or relates to the alleged severance you claim you are owed. Your response should include, but not be limited to, the identity of each person who participated in those communications, the method of communication (e.g., in-person, text message, email, phone call), and the date of each communication.

**Response Provided:** Subject to the General Objections, David Boshea received the outline of the agreement produced by Compass Marketing as document produced CM 0131-32. John White solicited David Boshea by claimng David Boshea is the best salesman he had met and wanted to do whatever it takes to convince David Boshea to join Compass Marketing under the terms of the severance agreement. Daniel White and John White flew to Chicago to meet David Boshea to sell him on Compass Marketing and the opportunities Compass Marketing presented.

David Boshea and John White had multiple telephone conversations regarding David Boshea's prospective employment including the severance agreement. David Boshea and Daniel White had multiple telephone conversations regarding David Boshea's prospective employment including the severance agreement. David Boshea had conversations with Michael White concerning David Boshea's prospective employment and the company's need to hire Mr. Boshea to turn the company around.

> **Deficiency with Response:** The response provided is not fully responsive. No information regarding the method of communication, date, or identity of the individuals involved when Mr. Boshea "reached the outline of the agreement" are provided. No information regarding the date(s) or method(s) of communication are provided regarding John White's solicitation of Boshea. No dates are provided regarding Daniel and John White's visit to Chicago. No dates or details of communications are provided regarding the telephone conversations between Mr. Boshea and John White regarding Mr. Boshea's prospective employment. No dates or details of communications are provided regarding the multiple telephone conversations between Daniel Whtie and Mr. Boshea. No dates, method of communication, or content of communication is provided for the conversations with Michael White, including the communication(s) identified in response to Interrogatory No. 9 where Mr. Boshea contends that Michael White "recalled that David Boshea and Compass [Marketing] entered into the severance agreement attached to the complaint." Please supplement the response accordingly.

**Interrogatory No. 7:** Identify all statements against interest Compass Marketing has allegedly made concerning the allegations in the Complaint.

**Response Provided:** Subject to the General Objections, David Boshea and John White had a disagreement at White Eagle Gold Club in 2012 at which time David Boshea threatened to leave and John White asked David Boshea to settle down and they would work things out. John White and David Boshea met a number of times at Ruth Chris Steakhouse in Annapolis and John White repeatedly reminded David Boshea that if anything happened to John White or David Boshea, David Boshea and his family had the protection of the severance agreement attached to the complaint.

> **Deficiency with Response:** This interrogatory asked you to "identify" all statements. Per the definition of identify provided in the instruction, Mr. Boshea is required to state the date and place the oral statement or conversation was made or took place, the identity of each person who made, participated in, or heard any part of the oral statement or conversation, the substance of what was said by each person who made or participated in the oral statement or conversation, and the identity and present custodian of any writing or recording of such conversation. Other than the locations of the two statements/conversations Mr. Boshea identified, Mr. Boshea's response fails to provide any of the other requested information. Please supplement and fully answer this response.

**Interrogatory No. 8:** Identify each person who possesses information relevant to the allegations in the Complaint and describe the substance of the information you believe he or she possesses.

>**Response Provided:** Subject to the General Objections, the following persons have knowledge concerning David Boshea and Compass Marketing's agreement under the Agreement attached to the complaint, David Boshea, Julie Boshea, John White, Daniel White, Michael White, John Mancini, Owen McGreevey, and Ralph Panebianco. David Boshea, John White, Erin Songer, and Jerry Cain have knowledge concerning David Boshea's termination without cause.

>>**Deficiency with Response:** Interrogatory No. 8 asked you to "identify" each person. Per the definition of identify provided in the instructions, Mr. Boshea is required to "state the person's full name, present or last known address, telephone number, and position of employment at the time in question." While it is not necessary to include that information for current employees of Compass Marketing, Mr. Boshea's response provided the names of 10 individuals, not all of whom are currently employed by Compass Marketing, and Mr. Boshea's response did not include any of the requested identifying information for any of the individuals identified, including the individuals who are no longer affiliated with Compass Marketing. Additionally, Mr. Boshea was asked to describe the substance of the information he believes the identified individuals possess. Mr. Boshea's response that the identified individuals "have knowledge" is not fully responsive. Please supplemental the response accordingly.

**Interrogatory No. 9:** Describe in detail the substance of each communication you had with Michael White that refers, reflects, or relates since November 1, 2018. Your response should include, but not be limited to, the identity of each person who participated in those communications, the method of communication (e.g., in-person, text message, email, phone call), and the date of each communication.

>**Response Provided:** Subject to the General Objections, David Boshea cannot respond to this interrogatory because it is unintelligible. To the extent the interrogatory seeks information discussed between Michael White and David Boshea concerning Compass Marketing, Michael Whtie recalled that David Boshea and Compass entered into the severance agreement attached to the complaint and that Michael White anticipated that John White would continue to cause Compass Marketing to avoid paying the amounts owing to David Boshea notwithstanding John White's knowledge of David Boshea' exemplary performance on Compss Marketing's behalf and Compass Marketing's obligations under the severance agreement.

>>**Deficiency with Response:** As you correctly identified, this Interrogatory included a typographical error. As you correctly deduced, however, the Interrogatory seeks information regarding the substance of each communication with Michael White that

refers, reflects, or relates to David Boshea and his employment with Compass Marketing and, in particular, each such communication since November 1, 2018. Mr. Boshea's response is deficient because it fails to identify the method or date of communication with Michael White in each instance where there was a communication, including the communication where Michael White allegedly "recalled" that Mr. Boshea had a severance agreement and anticipated the actions of John White. Please supplement the response accordingly.

**Interrogatory No. 10:** Describe in detail the substance of each communication you had with Michael White that refers, reflects, or relates since November 1, 2018. Your response should include, but not be limited to, the identity of each person who participated in those communications, the method of communication (e.g., in-person, text message, email, phone call), and the date of each communication.

**Response Provided:** Subject to the General Objections, David Boshea cannot respond to this interrogatory because it is unintelligible. David Boshea otherwise incorporates his response to Interrogatory No. 9.

**Deficiency with Response:** This Interrogatory unfortunately also had a typographical error. It was intended to request the same details of communications requested in Interrogatory No. 9, but with Daniel White instead. To that end, the response provided is not deficient. Please supplement the response accordingly.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Each of the Requests directed to Mr. Boshea seek documents. Documents are specifically defined as including "communications of any nature; electronic mail ("e-mail"); text messages . . . [and] summaries or records of personal conversations." Many of the Requests seek "documents consisting of communications." (e.g., Request Nos. 2, 4, 6, 7, 8, 14, and 15). Mr. Boshea's answers to Interrogatories reference numerous communications with a variety of individuals, including, but not limited to, Daniel White and Michael White. The documents Mr. Boshea produced, however, do not include any emails, text messages, notes of conversations, or any other documents concerning the communications identified. Please provide all documents that reflect these communications and, if no such documents exist, please clarify and state so specifically.

Mr. Boshea produced a transcript of a voice message by Marty Monserez (plus an electronic copy of that voice message),[2] a transcript of a hearing that took place in federal court in Ohio, and a letter to the SEC sent by Daniel White. It is unclear how (e.g., mail, email, text message) or when (e.g., date) Mr. Boshea received these documents, which is information that is

---

[2] Mr. Boshea was not the recipient of that voice message.

required to be included in the answers to Interrogatories. If he received any of these documents via U.S. Mail, presumably a cover letter would be included (for at least some of the documents). Alternatively, he could have received them via email or text message, but no emails or text messages of any kind were produced. And we know that he must have received at least the electronic version of the voice message involving Mr. Monserez must have been received electronically (otherwise Mr. Boshea would not have been able to produce the electronic version of it). Mr. Boshea's document production needs to be supplemented to address these issues as well.

The absence of any emails/text messages of any kind raises other questions. Emails and text messages responsive to any of the document requests should be included. Likewise, if Mr. Boshea possesses any notes of any of the verbal conversations he had, including any of the alleged negotiations or the post-employment discussions with Daniel White, Michael White, or others, those notes need to be produced as well.

Also included in the definition of documents is "agreements and contracts, including all modifications or revisions thereof." The definition of document also specifically includes "drafts" and "revisions of drafts." The documents produced by Mr. Boshea, however, do not include the unsigned copy of that agreement referenced by attorney Obarski in her March 5, 2020 email to John White. A copy of this email was attached as Exhibit H to the settlement demand you forwarded to our office on August 10, 2021. Document Request Nos. 1, 2, 3, 6, 9, 10, and 18 all seek documents that would include production of the unsigned agreement, but that unsigned agreement was not included in Mr. Boshea's production. Please include the copy of the unsigned agreement referenced in your letter and that was provided to Ms. Obarski. In addition, Compass Marketing would like the opportunity to inspect the original of the alleged employment agreement. We can discuss making arrangements for that inspection.

We look forward to receiving your client's supplemental and amended responses to discovery by September 15, 2021.

Very truly yours,

KAGAN STERN MARINELLO & BEARD, LLC

*/s/ Stephen B. Stern*
Stephen B. Stern
Heather K. Yeung

cc: Thomas J. Gagliardo, Esquire