IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| DAVID J. BOSHEA | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 1:21-CV-00309-ELH |
| COMPASS MARKETING, INC. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION FOR A CIVIL CONTEMPT SANCTION ON A NONPARTY

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Motion for a Civil Contempt Sanction on a Nonparty. As explained in greater detail below, Michael White should be held in civil contempt pursuant to Rule 45(g) of the Federal Rules of Civil Procedure for his noncompliance with the subpoena that was served on him and this Court's order denying his motion to quash that subpoena. Such flagrant disregard for this judicial system and rule of law should not go unsanctioned, and Compass Marketing requests that the Court enter an appropriate remedy to enforce compliance with this Court's subpoena and previous order.

## FACTUAL BACKGROUND

On August 10, 2021, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Compass Marketing served Michael White with a subpoena duces tecum and to provide deposition testimony in the above-captioned case. *See* Dkt. No. 42-3 (Subpoena); Exhibit 42-4 (Affidavit of Service). On August 23, 2021, Michael White filed Objections and Motion to Quash the subpoena

(the "Motion to Quash").[1] *See* Dkt. No. 33. Michael White hand-filed his Motion to Quash at approximately 2:14 p.m. on August 23, 2021 – without ever communicating with counsel his intent to file such a motion – when his deposition was scheduled for August 24, 2021 at 2:00 p.m. The belated filing without any advance communication or notice was an obvious, deliberate tactic to waste the time and resources of this Court and all parties involved, as a court reporter, videographer, undersigned counsel, and Plaintiff David Boshea's counsel all appeared at the designated time and place for Michael White's deposition. *See* Exhibit 42-1 (Transcript of Unattended Deposition).

On September 27, 2021, this Court issued a clear and unambiguous order requiring Michael White (and his brother Daniel White) to comply with the subpoena with respect to all document requests in Schedule A, except Request Nos. 9, 10, and 11, and to appear for a deposition. *See* Dkt. No. 52. On September 28, 2021, Compass Marketing's counsel emailed Michael White to request his availability on October 19, 20, and 21 to re-schedule his missed deposition, and to ask that all responsive documents to the subpoena be sent by October 4, 2021. *See* Exhibit 1 (Email from S. Stern to M. White dated September 28, 2021 at 6:04 pm, with attachment). On October 1, 2021, after not hearing back from Michael White regarding his availability, Compass Marketing's counsel sent a notice of deposition for Michael White to appear on October 21, 2021 at 10:00 a.m. *See* Exhibit 2 (Email from S. Stern to M. White dated October 1, 2021 at 10:23 pm, with attachment). Counsel for Mr. Boshea then responded three days later, noting that he was unable to attend the deposition in person on October 21, but he could participate by video if the deposition started at 11:00 am, instead of 10:00 am. *See* Exhibit 3 (Email from G. Jordan dated

---

[1] It is evident from even a cursory review of the Motion to Quash that the Motion to Quash was not about trying to quash the subpoena, but, rather, it was a diatribe of unfounded, false, and defamatory statements about undersigned counsel.

October 4, 2021 at 2:59 pm). Counsel for Compass Marketing accommodated the request and confirmed that the deposition would commence at 11:00 am on October 21 (while noting that he would circle back to confirm about video possibilities). *See* Exhibit 3 (Email from S. Stern to G. Jordan and M. White dated October 5, 2021 at 8:42 am). Compass for Compass Marketing later sent an Amended Notice of Deposition that further confirmed the 11:00 am start time for the deposition on October 5, 2021, and that video was available for Mr. Boshea's counsel to participate remotely. *See* Exhibit 3 (Email from S. Stern to G. Jordan and M. White dated October 14, 2021 at 7:41 pm, with attachment). *Michael White did not respond to any of these emails.*

Michael White also has not responded to the duces tecum portion of the subpoena, as he has failed to produce a single document. On October 5, 2021, after not receiving the documents on October 4 that were responsive to the subpoena, as Compass Marketing had requested once the Motion to Quash was denied, Compass Marketing's counsel followed up with Michael White via email, noting that Michael White had not produced the documents in response to the subpoena as required by the Court's Order. *See* Exhibit 4 (Email from S. Stern to M. White dated October 5, 2021 at 10:49 pm). After no response to the October 5 email, Compass Marketing followed up again on October 8, 2021, asking that all responsive documents be produced by October 11, 2021. *See* Exhibit 4 (Email from S. Stern dated October 8, 2021 at 5:40 pm). As of the filing of this Motion, Compass Marketing still has not received any responsive documents, even though they were originally due to be produced by August 24, 2021.

The only response from Michael White came on October 19, 2021 in a letter to this Court (not a motion) dated October 14, 2021, in which Michael White (who is an Orphans' Court Judge in St. Mary's County, Maryland) claimed that Compass Marketing (and Mr. Boshea) "unilaterally scheduled the deposition and document production without consideration of [his] schedule" (which

3

obviously is not true as reflected in the correspondence attached to this Motion) and stated that he would not attend the deposition. *See* Dkt. No. 62. Michael White also claimed that he was not available on October 21, but he gave no explanation. *Id.* If Michael White truly was unavailable on October 21, he could have and should have communicated the alleged conflict in response to one of the many emails he received about the deposition. Apart from the deposition, Michael White's letter gave no reason as to why he has not produced any documents responsive to the subpoena (because there is no justifiable reason for him not to produce the responsive documents). In addition, as further evidence of Michael White's delays and dilatory tactics, he represented on October 14 (the date of his letter) that he would be retaining counsel, but it has been more than ten days since then and no attorney has contacted counsel for Compass Marketing claiming to represent Michael White. Thus, this "letter" and Michael White's refusal to appear for deposition (and refusal to produce responsive documents) is yet another example of his flagrant disregard of this Court's Order and deliberate attempt to avoid producing information (including testimony) that likely will be harmful to himself[2] and Mr. Boshea's case.[3]

---

[2] Compass Marketing filed a Counterclaim and Third-Party Complaint that included claims against John Does [Dkt. No. 38], as Compass Marketing has reason to believe that Mr. Boshea has engaged in a conspiracy with others to harm Compass Marketing and Michael White's extreme resistance to participating in this lawsuit, even in the face of a valid subpoena and Court Order, strongly suggests he is trying to hide material and damaging information.

[3] This is not the first time that Michael White has taken extreme measures to avoid testifying under oath or producing documents that are likely to expose him to liability. For example, in his Motion to Quash, Michael White referred to an affidavit in litigation he (and his brother Daniel White) filed in Virginia against Compass Marketing and John White. *See* Dkt. No. 33-1 (Exhibit 6); *see also* Dkt. No. 42 at 8-11. The purpose of that litigation was to dissolve Compass Marketing, either by judicial order or by incurring such outrageous costs it would be driven into bankruptcy. Michael White (and his brother Daniel White) refused to produce documents or answer interrogatories for several months in that litigation (which included refusing to turn over access to the compassmarketinginc.com email accounts and other accounts) and they also refused to testify under oath for several months. The court in the Virginia litigation ultimately compelled Michael White (and Daniel White) to produce documents responsive to discovery requests, answer interrogatories, and sit for depositions. However, rather than sit for depositions, answer interrogatories, or produce documents, they voluntarily dismissed the lawsuit (called a non-suit in Virginia). Thus, these delay tactics are not new to Michael White, nor his brother Daniel White. In fact, since the Court's order denying the motions to quash (filed by Michael White and Daniel White), Daniel White also has refused to produce a single document responsive to the subpoena and has continued to avoid sitting for his deposition, with the most recent delay tactic involving a belated retention of counsel. Compass Marketing anticipates having to file a motion for civil contempt against Daniel White in the near future as well.

## ARGUMENT

I. **MICHAEL WHITE SHOULD BE HELD IN CIVIL CONTEMPT FOR REFUSING TO APPEAR FOR DEPOSITION AND FAILING TO PRODUCE ALL RESPONSIVE DOCUMENTS IN COMPLIANCE WITH THE SUBPOENA THIS COURT REFUSED TO QUASH**

Rule 45(g) of the Federal Rules of Civil Procedure allows a district court to hold a nonparty in civil contempt when the nonparty "fails without adequate excuse to obey [a] subpoena or an order related to it." *See* FED. R. CIV. P. 45(g). To establish civil contempt, the following four elements must be met: (1) "the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge[;]" (2) "the decree was in the movant's 'favor[;]'" (3) "the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations[;]" and (4) "[the] movant suffered harm as a result." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (quoting *Colonial Williamsburg Found. v. The Kittinger Co.*, 792 F. Supp. 1397, 1405-06 (E.D. Va. 1992)). A party that does not comply with a subpoena, in whole or in part, may be found in civil contempt. *See, e.g., Commonwealth Constr. Co. v. Redding*, No. 1:14-CV-3568-GLR, 2015 U.S. Dist. LEXIS 24209, at *3-5 (D. Md. Feb. 27, 2015) (explaining that a subpoena, letter order, and court order setting evidentiary hearing on the matter are all final decrees). Here, a civil contempt sanction is appropriate under Rule 45(g) because all four elements of *Ashcraft* are satisfied.

First, Michael White unquestionably had knowledge of the subpoena served on him, as evidenced by the fact that he filed a Motion to Quash [Dkt. No. 33]. Moreover, the signed affidavit of service of the subpoena at the very least shows constructive knowledge. *See Commonwealth Constr.*, 2015 U.S. Dist. LEXIS 24209, at *5 (explaining an affidavit of service of a subpoena is enough to establish constructive knowledge). Michael White also was well aware of the efforts to enforce the subpoena, as evidenced by his letter to this Court stating he was aware of the specific

5

date of his scheduled deposition; yet he refused to comply (or even communicate about it). *See* Dkt. No. 62.

Second, the Court has previously ruled in Compass Marketing's favor by denying Michael White's Motion to Quash (with the limited exception of three categories of documents in the duces tecum portion of the subpoena). *See* Dkt. No. 52. In other words, the Court found the subpoena to testify and the duces tecum component enforceable (with respect to document request numbers one through eight).

Third, Michael White knowingly, or at the very least constructively, violated the terms of the subpoena and this Court's order. In *Commonwealth Construction Co.*, even though a nonparty (to the litigation) appeared for a deposition in response to a subpoena, this Court found that nonparty in civil contempt when that nonparty only partially responded to a subpoena's request for documents. *See Commonwealth Constr.*, 2015 U.S. Dist. LEXIS 24209, at *4-5. The circumstances are materially worse here than those in *Commonwealth Construction*. In this case, Michael White did not appear for his deposition (two separate times, including the first time when he belatedly filed his meritless Motion to Quash), and he has not produced a single document responsive to the subpoena (even though the documents were originally due for production in August, which is more than two months ago). Moreover, Michael White has completely ignored all the attempts made by Compass Marketing to get him to comply with the subpoena and the Court's Order. Noncompliance in any form with a subpoena is grounds for a civil contempt sanction here, just as it was in *Commonwealth Construction Co.*[4]

---

[4] Michael White cannot claim ignorance or a lack of understanding either (not that ignorance or lack of understanding is an excuse for noncompliance with a subpoena or court order), because he is an Orphans' Court Judge in St. Mary's County, Maryland. To the extent that Michael White tries to claim any ignorance or lack of understanding of the process (again, which does not excuse noncompliance), such a claim would be belied by the fact that he knew enough to file a motion to quash when he received the subpoena and from his own familiarity of subpoenas and court orders by serving as an Orphans' Court Judge. In other words, Michael White is familiar with court procedures and duties in responding to subpoenas and court orders.

6

Fourth, Compass Marketing has suffered significant harm as a result of Michael White's flagrant disregard for the judicial system. There are tangible and intangible costs associated with Michael White avoiding a properly scheduled deposition (on multiple occasions), as well as defying multiple attempts to receive documents relevant to this pending litigation. In addition to having incurred the costs associated with the court reporter and videographer (for the noticed deposition), Compass Marketing has incurred attorneys' fees and it has been denied (for several months now) documents and testimony that it is entitled to receive to help defend itself against this specious lawsuit brought by Mr. Boshea.[5]

For these reasons, Michael White has knowingly violated a valid subpoena and Court Order by refusing to comply with the subpoena that was served on him (and each of the follow up attempts to gain compliance with that subpoena and Court Order). As a result, this Court should find that Michael White is in civil contempt and fashion an appropriate remedy to obtain his compliance.

## II. THIS COURT SHOULD CRAFT AN APPROPRIATE REMEDY TO ACCOMPANY A FINDING OF CIVIL CONTEMPT TO COMPENSATE COMPASS MARKETING AND ENFORCE MICHAEL WHITE'S COMPLIANCE

Once the finding of civil contempt has been made, a district court has "broad discretion" to fashion a remedy. *See In re General Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995) (awarding "expenses related to correcting the effects [of the] misconduct" and "costs and attorney's fees for [the] proceeding"). The appropriate remedy may consist of "ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees." *Id.* (citing *United States v. Trudell*, 563 F.2d 889, 891 (8th Cir. 1977)). Remedies range from "'a coercive daily fine . . . [to]

---

[5] As the adage states, "justice delayed is justice denied." Moreover, all citizens, including Compass Marketing, suffer a loss when individuals or entities disregard the rule of law and tax our judicial system through noncompliance with valid subpoenas and court orders.

7

coercive incarceration.'" *Harris v. McCarthy*, No. JKB-18-3562, 2021 U.S. Dist. LEXIS 172463, at *4 (D. Md. Sept. 9, 2021) (quoting *F.T.C. v. RCA Credit Servs.*, LLC, No. JDW-08-2062, 2011 U.S. Dist. LEXIS 133014, at *5 (M.D. Fla. Oct. 5, 2011)).

At the very least, Compass Marketing should be permitted to submit a fee petition to receive the fees and expenses it has incurred in connection with pursuing Michael White's compliance with the subpoena. Awarding Compass Marketing its fees and costs would not be enough, however. Indeed, for such blatant disregard for this Court's procedures and authority – particularly by a judge – additional remedies should be ordered. For example, Compass Marketing requests that this Court require Michael White to produce *all* responsive documents within three (3) days of the Court's order granting this Motion, and require Michael White to appear for his deposition within ten (10) days of the Court's order granting this Motion (or such other time that Compass Marketing is willing to conduct the deposition). In addition, daily monetary penalties should be imposed on Michael White until complete compliance is achieved.

This is a case that calls for severe remedial measures, not only because Michael White has repeatedly refused to comply with a valid subpoena and this Court's Order enforcing that subpoena, but also because Michael White is a judge and he should know better. The effectiveness of our judicial system requires respect for its procedures and compliance with its orders. To allow a judge to disregard those procedures and this Court's Order without severe remedies would send an alarming message to the citizens of the State of Maryland, implying that a judge receives "special treatment" or is otherwise "above the law" and it could lead to further disregard for judicial procedures and this Court's orders. As a result, this Court should consider imposing not only the remedies noted above, but also coercive incarceration. *See, e.g., Enovative Techs., LLC*

*v. Leor*, 110 F. Supp. 3d 633, 637 (D. Md. 2015) ("Incarceration . . . is proper upon a finding of civil contempt as long as the purpose is to coerce compliance . . . rather than to punish.").

## CONCLUSION

For these reasons, Michael White should be found in civil contempt and appropriate remedies should be implemented to compensate Compass Marketing and to incentivize compliance with the subpoena and Court Order.

Dated: October 25, 2021    Respectfully submitted,

*/s/ Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax): (410) 705-0836
Email: stern@kaganstern.com
Email: yeung@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of October, 2021, the foregoing Motion for Civil Contempt Sanction on a Nonparty was served via the CM/ECF system on the following counsel of record:

Thomas J. Gagliardo
Gilbert Employment Law, PC
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Email: tgagliardo@gelawyer.com

Gregory J. Jordan
Mark Zito
Jordan & Zito, LLC
350 N. LaSalle Drive, Suite 1100
Chicago, Illinois 60654
Email: gjordan@jz-llc.com

*Attorneys for Plaintiff
David Boshea*

and via first-class mail, postage prepaid

Michael White
39650 Hiawatha Circle
Mechanicsville, MD 20659

*pro se*

/s/ Stephen B. Stern
Stephen B. Stern

10