## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CASE NO. 1:21-CV-00309-ELH** |
| | * | |
| **COMPASS MARKETING, INC.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

## DEFENDANT'S MOTION FOR A CIVIL CONTEMPT SANCTION ON A NONPARTY

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Motion for a Civil Contempt Sanction on a Nonparty. As explained in greater detail below, Daniel White should be held in civil contempt pursuant to Rule 45(g) of the Federal Rules of Civil Procedure for his noncompliance with the subpoena that was served on him and this Court's order denying his motion to quash that subpoena. Such flagrant disregard for this judicial system and rule of law should not go unsanctioned, and Compass Marketing requests that the Court enter an appropriate remedy to enforce compliance with this Court's subpoena and previous order.

### FACTUAL BACKGROUND

On August 2, 2021, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Compass Marketing served Daniel White with a subpoena duces tecum and to provide deposition testimony in the above-captioned case. *See* Dkt. No. 40-2 (Subpoena); Exhibit 40-6 (Affidavit of Service). On August 16, 2021, Daniel White filed Objections and Motion to Quash the subpoena (the

"Motion to Quash").[1]  *See* Dkt. No. 31.  On September 27, 2021, after considering the Motion to Quash, Compass Marketing's Opposition to the Motion to Quash, and Daniel White's Reply, this Court issued a clear and unambiguous order requiring Daniel White (and his brother Michael White) to comply with the subpoena with respect to all document requests in Schedule A, except Request Nos. 9, 10, and 11, and to appear for a deposition.  *See* Dkt. No. 52.  On September 28, 2021, Compass Marketing's counsel emailed Daniel White to request his availability on October 19, 20, and 21 to re-schedule his missed deposition, and to ask that all responsive documents to the subpoena be sent by October 4, 2021.  *See* Exhibit 1 (Email from S. Stern to D. White dated September 28, 2021 at 6:01 pm, without attachment).  On October 1, 2021, after not hearing back from Daniel White regarding his availability, Compass Marketing's counsel sent a notice of deposition for Daniel White to appear on October 19, 2021 at 10:00 a.m.  *See* Exhibit 2 (Email from S. Stern to D. White dated October 1, 2021 at 10:22 pm, with attachment).  *Daniel White did not respond to any of these emails.*[2]

Simultaneous with Compass Marketing's efforts to schedule Daniel White's deposition, it also attempted to receive documents responsive to the duces tecum portion of the subpoena, because Daniel White failed (and still refuses) to produce a single document.  On October 5, 2021, after not receiving the documents on October 4 as Compass Marketing had requested once the Motion to Quash was denied, Compass Marketing's counsel followed up with Daniel White via email, noting that Daniel White had not produced the documents in response to the subpoena as required by the Court's Order.  *See* Exhibit 1 (Email from S. Stern to D. White dated October 5,

---

[1] It is evident from even a cursory review of the Motion to Quash that the Motion to Quash was not about trying to quash the subpoena, but, rather, it was a diatribe of unfounded, false, and defamatory statements about undersigned counsel.

[2] In fact, Daniel White did not respond to any correspondence from Compass Marketing's counsel for ten more days. That response is discussed below.

2021 at 10:49 pm).  After receiving no response to the October 5 email, Compass Marketing followed up again (a third time) on October 8, 2021, asking that all responsive documents be produced by October 11, 2021.  *See* Exhibit 1 (Email from S. Stern dated October 8, 2021 at 5:38 pm).

Three days later, on October 11, 2021, Daniel White responded for the first time (to the email from Compass Marketing seeking to receive the documents responsive to the duces tecum portion of the subpoena), claiming that he had a three-day criminal trial scheduled on the date of his deposition.[3]  *See* Exhibit 1 (Email from D. White to S. Stern dated October 11, 2021 at 11:47 am).  In that same correspondence, Daniel White advised that he was going to retain counsel and he was not going to produce any responsive documents until the date of his deposition.  *Id.* Compass Marketing's counsel responded promptly to this belated claim of a scheduling conflict, asking Daniel White to identify the case that presented the alleged conflict and why the alleged conflict was only being revealed about one week prior to his deposition.  *See* Exhibit 1 (Email from S. Stern to D. White dated October 12, 2021 at 9:13 pm).  In that same email, Compass Marketing made its fourth request (post Court Order) for the documents responsive to the duces tecum portion of the subpoena and that those documents be produced "immediately[,]" noting that the document production was long overdue and that having them in advance of the deposition would streamline the deposition.  *Id.  Daniel White did not respond to either request.*

Counsel for Plaintiff David Boshea ("Mr. Boshea") responded, however, and noted his availability for October 25, which is the date that Compass Marketing suggested for rescheduling

---

[3] The alleged trial obviously was not first scheduled a mere eight days before it began.  If Daniel White legitimately had a trial scheduled on October 19, and if Daniel White was acting in good faith, he would have put Compass Marketing on notice of the purported scheduling conflict much sooner, but, instead, he waited at least thirteen (13) days to share the alleged conflict for the first time.  This of course begs the question whether the conflict was legitimate and, if it was, when did Daniel White first learn of the alleged conflict and why did he delay in putting Compass Marketing on notice.

Daniel White's deposition. *See* Exhibit 3 (Email from G. Jordan to S. Stern dated October 13, 2021 at 3:19 pm). In response to that email, Compass Marketing sent an Amended Notice of Deposition to Daniel White, scheduling his deposition for October 25, 2021. *See* Exhibit 3 (Email form S. Stern to G. Jordan and D. White dated October 14, 2021 at 7:40 pm, with attachment).

Then, on October 21, 2021, counsel for Daniel White first contacted Compass Marketing's counsel, even though Daniel White advised Compass Marketing ten days earlier that he was retaining counsel. *See* Exhibit 4 (Email from B. Marcus to S. Stern dated October 21, 2021 at 5:12 pm). In that email, counsel for Daniel White claimed for the first time that Daniel White had another trial conflict and included the case name, asked for other dates to schedule the deposition, but did not provide any information about responsive documents.[4]  *Id.*  Compass Marketing's counsel responded the following day, noting skepticism about the alleged back-to-back trials and the delays in sharing that information, but, nevertheless, offered to schedule Daniel White's deposition on November 1 or November 2, while reiterating (for the fifth time) Compass Marketing's demand for the documents responsive to the duces tecum portion of the subpoena. *See* Exhibit 4 (Email from S. Stern to B. Marcus dated October 22, 2021 at 2:51pm).

The following day, counsel for Daniel White amazingly feigned not hearing from Compass Marketing's counsel (hence, delaying the process even more). *See* Exhibit 5 (Email from B. Marcus to S. Stern dated October 23, 2021 at 6:30 am). Compass Marketing's counsel responded less than three hours later, identifying the precise time of his response, and reiterated the November 1 and November 2 dates for the deposition while noting (for the sixth time) that Compass Marketing had not yet received any responsive documents and that no explanation had been provided for the failure to produce the documents. *See* Exhibit 5 (Email from S. Stern to B. Marcus

---

[4] Notably, the case name/information concerning the alleged conflict on October 19 was not provided and it still has not been provided.

dated October 23, 2021 at 9:09 am).  Counsel for Daniel White responded a few minutes later, claiming not to be available on November 1 and November 2, while offering availability on November 4 and November 5, while again ignoring Compass Marketing's request for responsive documents.  *See* Exhibit 5 (Email from B. Marcus to S. Stern dated October 23, 2021 at 9:33 am).

Counsel for Compass Marketing responded shortly thereafter, advising of his availability for Daniel White's deposition on November 4 and November 5 while asking for Daniel White's counsel to confirm Daniel White's availability.  *See* Exhibit 5 (Email from S. Stern to B. Marcus dated October 25, 2021 at 8:19 pm).  In that same email, counsel for Compass Marketing reiterated (for the seventh time) that Daniel White needed to produce immediately the documents responsive to the duces tecum portion of the subpoena, and that the documents originally were due two months earlier.[5]  *Id.*  Counsel for Compass Marketing waited three days for a response – received none – and then noticed Daniel White's deposition for November 4, one of the dates offered by Daniel White's counsel.  *See* Exhibit 6 (Email from S. Stern to B. Marcus dated October 28, 2021 at 11:06 pm, with attachment).  After ignoring Compass Marketing's request to confirm November 4 as the deposition date for at least three days, counsel for Daniel White responded a few hours later, asking to conduct Daniel White's deposition on November 22 – without giving any explanation as to why the deposition could not proceed on November 4 (or November 5, or any other day during the intervening three weeks between November 4 and November 22).[6]  *See* Exhibit 5 (Email from B. Marcus to S. Stern dated October 29, 2021 at 3:09 am).[7]

---

[5] Counsel for Compass Marketing also noted that his request for the responsive documents were being ignored, without explanation or even any acknowledgement.

[6] Counsel for Daniel White finally acknowledged the document request, but only offered that he "hope[d]" to have documents available in advance of the deposition.

[7] The "request" to conduct the deposition three weeks later was only if it was conducted via Zoom, as opposed to being in-person.  Each of the prior notices of deposition indicated the deposition would be in-person and further noted that the deposition would be conducted at the Anne Arundel County Circuit Court, where masks are required while

In response, counsel for Compass Marketing called out the charade being perpetrated to postpone Daniel White's deposition, noting that no excuse was given for the new delay and there was no excuse not to produce the documents that were due more than two months earlier (and with this Court ordering the deposition and document production more than one month earlier). *See* Exhibit 5 (Email from S. Stern to B. Marcus dated November 1, 2021 at 10:08 am). Additionally, since no legitimate explanation was offered for not proceeding on November 4 – the date offered by Daniel White's counsel – Compass Marketing's counsel advised that the deposition would proceed on November 4, as scheduled. *Id.*

Counsel for Daniel White responded, now claiming a medical reason for his unavailability (for November 4 only) while inquiring only about November 22 for a video deposition. *See* Exhibit 5 (Email from B. Marcus to S. Stern dated November 1, 2021 at 12:01 pm). Rather than postpone the deposition several weeks, counsel for Compass Marketing advised that the deposition should proceed on November 5 – the other date "originally offered" by Daniel Whtie's counsel and that no conflict was noted for that date in the latest email. *See* Exhibit 5 (Email from S. Stern to B. Marcus dated November 1, 2021 at 11:09 am).[8] And counsel for Compass Marketing further noted (for the ninth time) that Daniel White had to produce documents responsive to the duces tecum portion of the subpoena "immediately" because there was no excuse for any further delay. *Id.*

Counsel for Daniel White then responded by claiming to have a conflict with November 5. *See* Exhibit 5 (Email from B. Marcus to S. Stern dated November 1, 2021 at 6:34 pm).

---

indoors at all times. Indeed, in light of the many exhibits that are likely to be shown to Daniel White and his desperate attempts to avoid sitting for his deposition, Compass Marketing is requiring that the deposition be conducted in-person (and, with Daniel White purportedly appearing for trials, he does not have any bona fide reason for refusing to appear in-person). *Id.*

[8] The actual time of the email was 2:09 pm. Counsel for Compass Marketing was experiencing some issues with his Outlook clock, which was operating on PST at the time.

Remarkably, counsel for Daniel White also insisted that, if the deposition did not proceed on November 22 ("as indicated in [his] correspondence" i.e., by video), which is the week of Thanksgiving,[9] it would have to proceed on a "date[] in late December." *Id.* Counsel for Daniel White also refused to produce or commit to producing documents responsive to the duces tecum portion of the subpoena. *Id.*

As of the filing of this Motion, Compass Marketing still has not received any responsive documents, even though they were originally due to be produced by August 24, 2021 (approximately two and one-half months ago). And Daniel White continues to evade this Court's Order that requires him not only to produce documents but also testify under oath for a deposition. The chicanery and refusal to appear for deposition (by extensive delays and fake offers to appear for deposition that later get postponed unilaterally) and refusal to produce responsive documents illustrates his flagrant disregard of this Court's Order and deliberate attempts to avoid producing information (including testimony) that likely will be harmful to himself[10] and Mr. Boshea's case.[11]

---

[9] Ron Bateman, Compass Marketing's Special Investigator, is not available on November 22 to attend the deposition and he plans to attend Daniel White's deposition as the company representative.

[10] Compass Marketing filed a Counterclaim and Third-Party Complaint that included claims against John Does [Dkt. No. 38], as Compass Marketing has reason to believe that Mr. Boshea has engaged in a conspiracy with others to harm Compass Marketing and Daniel White's extreme resistance to participating in this lawsuit, even in the face of a valid subpoena and Court Order, strongly suggests he is trying to hide material and damaging information.

[11] This is not the first time that Daniel White has taken extreme measures to avoid testifying under oath or producing documents that are likely to expose him to liability. For example, in his Motion to Quash, Daniel White noted his objection to Compass Marketing's retention of the undersigned counsel "in any other matter," which is a reference to litigation he (and his brother Michael White) filed in Virginia against Compass Marketing and John White. *See* Dkt. No. 31-2 (Exhibit 2 at ¶ 17); *see also* Dkt. No. 42 at 8-11. The purpose of that litigation was to dissolve Compass Marketing, either by judicial order or by incurring such outrageous costs it would be driven into bankruptcy. Daniel White (and his brother Michael White) refused to produce documents or answer interrogatories for several months in that litigation (which included refusing to turn over access to the compassmarketinginc.com email accounts and other accounts) and they also refused to testify under oath for several months. The court in the Virginia litigation ultimately compelled Daniel White (and Michael White) to produce documents responsive to discovery requests, answer interrogatories, and sit for depositions. Rather than sit for depositions, answer interrogatories, or produce documents, they voluntarily dismissed the lawsuit (called a non-suit in Virginia). Thus, these delay tactics are not new to Daniel White, nor his brother Michael White. In fact, because Michael White, one of Daniel White's co-conspirators, also has refused to produce a single document responsive to the subpoena and has continued to avoid sitting for his

## ARGUMENT

I.  **DANIEL WHITE SHOULD BE HELD IN CIVIL CONTEMPT FOR REFUSING TO APPEAR FOR DEPOSITION AND FAILING TO PRODUCE ANY RESPONSIVE DOCUMENTS IN COMPLIANCE WITH THE SUBPOENA THIS COURT REFUSED TO QUASH**

Rule 45(g) of the Federal Rules of Civil Procedure allows a district court to hold a nonparty in civil contempt when the nonparty "fails without adequate excuse to obey [a] subpoena or an order related to it." *See* FED. R. CIV. P. 45(g).   To establish civil contempt, the following four elements must be met: (1) "the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge[;]" (2) "the decree was in the movant's 'favor[;]'" (3) "the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations[;]" and (4) "[the] movant suffered harm as a result." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (quoting *Colonial Williamsburg Found. v. The Kittinger Co.*, 792 F. Supp. 1397, 1405-06 (E.D. Va. 1992)).   A party that does not comply with a subpoena, in whole or in part, may be found in civil contempt. *See, e.g.*, *Commonwealth Constr. Co. v. Redding*, No. 1:14-CV-3568-GLR, 2015 U.S. Dist. LEXIS 24209, at *3-5 (D. Md. Feb. 27, 2015) (explaining that a subpoena, letter order, and court order setting evidentiary hearing on the matter are all final decrees).   Here, a civil contempt sanction is appropriate under Rule 45(g) because all four elements of *Ashcraft* are satisfied.

First, Daniel White unquestionably had knowledge of the subpoena served on him, as evidenced by the fact that he filed a Motion to Quash [Dkt. No. 31].   Moreover, the signed affidavit of service of the subpoena at the very least shows constructive knowledge. *See Commonwealth Constr.*, 2015 U.S. Dist. LEXIS 24209, at *5 (explaining an affidavit of service of a subpoena is

---

deposition, Compass Marketing has filed a Motion for Civil Contempt against Michael White as well. *See* Dkt. No. 63.

enough to establish constructive knowledge). Daniel White also was well aware of the efforts to enforce the subpoena, as evidenced by the many emails back and forth between Compass Marketing's counsel and Daniel White's counsel (and, prior to Daniel White retaining counsel, email communications between Compass Marketing's counsel and Daniel White).

Second, the Court has previously ruled in Compass Marketing's favor by denying Daniel White's Motion to Quash (with the limited exception of three categories of documents in the duces tecum portion of the subpoena). *See* Dkt. No. 52. In other words, the Court found the subpoena to testify and the duces tecum component enforceable (with respect to document request numbers one through eight).

Third, Daniel White knowingly, or at the very least constructively, violated the terms of the subpoena and this Court's order. In *Commonwealth Construction Co.*, even though a nonparty (to the litigation) appeared for a deposition in response to a subpoena, this Court found that nonparty in civil contempt when that nonparty only partially responded to a subpoena's request for documents. *See Commonwealth Constr.*, 2015 U.S. Dist. LEXIS 24209, at *4-5. The circumstances are materially worse here than those in *Commonwealth Construction*. In this case, Daniel White has not appeared for his deposition for more than one month since the Court found the subpoena enforceable, and he continues to come up with new excuses as to why he is not available, with those excuses now extending into late December[12] (which would be three months after this Court issued its Order on September 27 enforcing the subpoena served on Daniel White).[13] Plus, Daniel White has not produced a single document responsive to the subpoena

---

[12] Seemingly offering availability for deposition on only one date (i.e., November 22) on terms other than those noted by Compass Marketing during the entire three-month period since the Court ordered Daniel White to appear for deposition while continuing to refuse to produce documents responsive to the duces tecum portion of the subpoena does not demonstrate any reasonable effort to respond appropriately to the subpoena or this Court's Order.

[13] If Compass Marketing did not file this Motion and agreed either to the November 22 date, which presents a conflict for Compass Marketing, or some date in late December, it is a virtual certainty that a new excuse would arise shortly

(even though the documents originally were due for production in August, which is more than two months ago, and even though Compass Marketing has requested the documents at least nine times since the Court issued its Order on September 27). Noncompliance in any form with a subpoena is grounds for a civil contempt sanction here, just as it was in *Commonwealth Construction Co.*

Fourth, Compass Marketing has suffered significant harm as a result of Daniel White's flagrant disregard for the judicial system. There are tangible and intangible costs associated with Daniel White avoiding a properly scheduled deposition (on multiple occasions), as well as defying multiple attempts to receive documents relevant to this pending litigation. For example, Compass Marketing has incurred attorneys' fees and it has been denied (for several months now) documents and testimony that it is entitled to receive to help defend itself against this specious lawsuit brought by Mr. Boshea.[14] Moreover, the delay in deposing Daniel White and receiving documents from him has necessarily delayed Compass Marketing's ability to depose the Plaintiff in this case, Mr. Boshea.[15]

For these reasons, Daniel White has knowingly violated a valid subpoena and Court Order by refusing to comply with the subpoena that was served on him (and each of the follow up

___

before any agreed upon date, as has been Daniel White's pattern of behavior throughout this case, and even dating back to the Virginia litigation.

[14] As the adage states, "justice delayed is justice denied." Moreover, all citizens, including Compass Marketing, suffer a loss when individuals or entities disregard the rule of law and tax our judicial system through noncompliance with valid subpoenas and court orders.

[15] As reflected in Mr. Boshea's answers to interrogatories, among other documents, Daniel White has substantial information relevant to this lawsuit and Compass Marketing believes it is of substantial strategic value to depose Daniel White (and receive documents from Daniel White) in advance of Mr. Boshea's deposition. Indeed, there is substantial evidence (from emails produced by Mr. Boshea in native format, although not all responsive documents have been produced yet by Mr. Boshea) of Daniel White collaborating and conspiring with Mr. Boshea to fabricate this lawsuit, improperly access Compass Marketing files, and try to extract money from Compass Marketing through this lawsuit. *See, e.g.*, Exhibit 7 (Email from D. Boshea to D. White dated June 7, 2021 at 3:31 pm) (asking Daniel White for "some help" to get documents, including photos of "Bernie," having his nephew George White "find those emails," and "[a]ny other info you think greg can use to put stern / Bernie down to settle"); Exhibit 8 (Email from G. Jordan to D. White dated July 29, 2021 at 6:28 pm, without attachments) (asking to discuss Compass Marketing issued subpoenas with Daniel White); Exhibit 9 (Email from D. Boshea to D. White dated June 16, 2021 at 3:28 pm) (asking Daniel White to discuss a plan for discovery in this case).

attempts to gain compliance with that subpoena and Court Order). As a result, this Court should find that Daniel White is in civil contempt and fashion an appropriate remedy to obtain his compliance.

## II.   THIS COURT SHOULD CRAFT AN APPROPRIATE REMEDY TO ACCOMPANY A FINDING OF CIVIL CONTEMPT TO COMPENSATE COMPASS MARKETING AND ENFORCE DANIEL WHITE'S COMPLIANCE

Once the finding of civil contempt has been made, a district court has "broad discretion" to fashion a remedy. *See In re General Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995) (awarding "expenses related to correcting the effects [of the] misconduct" and "costs and attorney's fees for [the] proceeding"). The appropriate remedy may consist of "ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees." *Id.* (citing *United States v. Trudell*, 563 F.2d 889, 891 (8th Cir. 1977)). Remedies range from "'a coercive daily fine . . . [to] coercive incarceration.'" *Harris v. McCarthy*, No. JKB-18-3562, 2021 U.S. Dist. LEXIS 172463, at *4 (D. Md. Sept. 9, 2021) (quoting *F.T.C. v. RCA Credit Servs.*, LLC, No. JDW-08-2062, 2011 U.S. Dist. LEXIS 133014, at *5 (M.D. Fla. Oct. 5, 2011)).

At the very least, Compass Marketing should be permitted to submit a fee petition to receive the fees and expenses it has incurred in connection with pursuing Daniel White's compliance with the subpoena. Awarding Compass Marketing its fees and costs would not be enough, however. Indeed, for such blatant disregard for this Court's procedures and authority – particularly by a prosecuting attorney – additional remedies should be ordered. For example, Compass Marketing requests that this Court require Daniel White to produce *all* responsive documents within three (3) days of the Court's order granting this Motion, and require Daniel White to appear for his deposition within ten (10) days of the Court's order granting this Motion

(or such other time that Compass Marketing is willing to conduct the deposition).[16]  In addition, daily monetary penalties should be imposed on Daniel White until complete compliance is achieved.

This is a case that calls for severe remedial measures, not only because Daniel White has repeatedly refused to comply with a valid subpoena and this Court's Order enforcing that subpoena, but also because Daniel White is a prosecutor[17] and he should know better.   The effectiveness of our judicial system requires respect for its procedures and compliance with its orders.   To allow a prosecuting attorney to disregard those procedures and this Court's Order without severe remedies would send an alarming message to the citizens of the State of Maryland, implying that a prosecutor receives "special treatment" or is otherwise "above the law" and it could lead to further disregard for judicial procedures and this Court's orders.   As a result, this Court should consider imposing not only the remedies noted above, but also coercive incarceration.   *See, e.g.*, *Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633, 637 (D. Md. 2015) ("Incarceration . . . is proper upon a finding of civil contempt as long as the purpose is to coerce compliance . . . rather than to punish.").

## CONCLUSION

For these reasons, Daniel White should be found in civil contempt and appropriate remedies should be implemented to compensate Compass Marketing and to incentivize compliance with the subpoena and Court Order.

---

[16] Compass Marketing should have the right to take Daniel White's deposition before any deposition of Mr. Boshea.

[17] Daniel White is a State's Attorney in St. Mary's County, Maryland.

Dated:  November 3, 2021    Respectfully submitted,

           */s/ Stephen B. Stern*
           Stephen B. Stern, Bar No.: 25335
           Heather K. Yeung, Bar No.: 20050
           KAGAN STERN MARINELLO & BEARD, LLC
           238 West Street
           Annapolis, Maryland 21401
           (Phone): (410) 216-7900
           (Fax):  (410) 705-0836
           Email:  stern@kaganstern.com
           Email:  yeung@kaganstern.com

           *Counsel for Defendant*
           *Compass Marketing, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of November, 2021, the foregoing Motion for Civil Contempt Sanction on a Nonparty was served via the CM/ECF system on the following counsel of record:

Thomas J. Gagliardo  
Gilbert Employment Law, PC  
1100 Wayne Avenue, Suite 900  
Silver Spring, Maryland 20910  
Email:  tgagliardo@gelawyer.com

Gregory J. Jordan  
Mark Zito  
Jordan & Zito, LLC  
350 N. LaSalle Drive, Suite 1100  
Chicago, Illinois 60654  
Email:  gjordan@jz-llc.com

*Attorneys for Plaintiff*  
*David Boshea*

and via email to:

Bruce L. Marcus, Esquire  
MarcusBonsib, LLC  
6411 Ivy Lane, Suite 116  
Greenbelt, Maryland 20770  
bmarcus@marcusbonsib.com

*Counsel for Non-Party*  
*Daniel White*

*/s/ Stephen B. Stern*  
Stephen B. Stern

14