**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| DAVID JOHN BOSHEA, | |
| Plaintiff, | |
| v. | Case No. 1:21-cv-00309-ELH |
| COMPASS MARKETING, INC. | |
| Defendant. | |

**NON-PARTY MICHAEL R. WHITE'S**
**OPPOSITION TO MOTION FOR A CIVIL CONTEMPT SANCTION**

Non-party Michael R. White, through his counsel, opposes the Motion for a Civil

Contempt Sanction (ECF 63) filed by Defendant/Counterclaimant Compass Marketing, Inc.

("Compass"), arising out of the failure to appear for a deposition noted for October 21, 2021.

For the reasons set forth, Compass's Motion should be denied.

**I.   PRELIMINARY STATEMENT**

The scheduling of the deposition in question was marred by miscommunications and

misunderstandings, but despite the animosity that is apparent in this litigation, there was no

purposeful or willful disobedience of this Court's Order or the subpoena by Michael White

("Michael").[1]  Because of prior disputes, Michael blocked Compass's counsel's email address, so

he did not receive the messages regarding scheduling until receiving later emails from another

attorney who was not blocked.  Therefore, Michael did not have actual or constructive notice of

---

[1] Mr. White is an Orphan's Court Judge in St. Mary's County, as noted in prior filings.  He is not a lawyer.  He is referred to by his first name in this paper because he is involved in a purely personal capacity, and to distinguish him from his brothers, John White (the principal of Compass), and Daniel White, another non-party witness.

the deposition noted for October 21, 2021 until after that date had already been chosen without his input.  *See* Ex. A, M. White Decl.; *see also* Letter from M. White to Judge Copperthite, ECF 62.

Compass's Motion, filed just after the unilaterally scheduled deposition, only creates more issues and solves none.  Michael is now represented by counsel, has offered a number of dates for his deposition, and has now specifically agreed to a December 1 deposition.  Michael, through counsel, is in the process of preparing documents for production and stands ready to be deposed.  Full compliance is imminent, and the delay in compliance has not been prejudicial to the parties.  Accordingly, Compass's requests for a litany of harsh sanctions should be denied in their entirety.

## II.  APPLICABLE LEGAL STANDARD

This court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all of the compliance sought by the subpoena."  Fed. R. Civ. P. 45, advisory committee note to 2013 amendment.

To prove contempt, the moving party must show the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (citation and internal punctuation omitted).  The clear and convincing evidence standard is conspicuously not mentioned in

Compass's Motion, despite being featured in the main case Compass cites.  *See Commonwealth Constr. Co. v. Redding*, No. 14-CV-3568-GLR, 2016 WL 8671536, at *2 (D. Md. May 6, 2016).

Even if Compass meets the four elements by clear and convincing evidence, that merely shifts the burden of production to the subject of the subpoena to raise a defense on an appropriate ground.  *Schwartz v. Rent-A-Wreck of Am.*, 261 F. Supp. 3d 607, 613 (D. Md. 2017).

## III.    ARGUMENT

### A.  The Circumstances of the Deposition Noted for October 21, 2021

Michael was first served with a document and deposition subpoena in this case on August 10, 2021.  In response, he filed a pro se Motion to Quash.  ECF 33.  Although Compass characterizes the Motion to Quash as "meritless" (Mot. at 6), this Court granted it in part and quashed certain aspects of the subpoena at issue.

Following this Court's order granting in part and denying in part Michael's Motion to Quash (ECF 52, Sept. 27, 2021), counsel for the parties began conferring by email to schedule the deposition.  Although Michael's email address was copied[2], Michael did not directly receive the emails attached to the Contempt Motion, as detailed below and in the Declaration of Michael White, Ex. A.

In or around November of 2020, before this lawsuit was initiated, and before Michael first was served with a subpoena in August of 2021, he blocked the email address of Compass's counsel, Stephen Stern.  Ex. A ¶ 4.  Michael did so based on investigations involving Mr. Stern. *Id.* ¶ 4.  Specifically, Michael marked an email from Mr. Stern's email address as "junk" which

---

[2] It was not unreasonable for the attorneys in the case to coordinate deposition scheduling by email, and not unreasonable to believe that the emails reached their intended recipient. Nevertheless, this situation illustrates some of the reasons why email alone does not constitute service of process absent a court's order for alternative service, or indeed service of court filings or discovery material absent an agreement of counsel or the parties.

caused that email address to be blocked thereafter.  *Id.* ¶ 5.  Mr. Stern's email address was, at the relevant time, on the "blocked sender list," so those emails were routed to the junk email folder, and did not reach Michael's inbox. *Id.* ¶ 5.  Since blocking Mr. Stern's email address, Michael had only corresponded with him by mail. *Id.* ¶ 5.  Michael did not receive any of the emails attached as exhibits to Compass's Motion (ECF 63) directly from Mr. Stern.  *Id.* ¶ 5.

The first notice that Michael received regarding the deposition that was noted for October 21, 2021 was via a reply-all email from counsel for Mr. Boshea, Gregory Jordan on October 4, 2021.  Ex. A ¶ 6; *see also* Compass Mot. Ex. 3 (ECF 63-3 at 2).  Michael was already scheduled to attend to other matters on October 21, 2021.  Ex. A ¶ 6; *see also* ECF 62.  He received another email from Mr. Jordan on October 11, inquiring whether the deposition would proceed on October 21, 2021.  Ex. A ¶ 7; Ex. B.  During this time period, Michael started contacting attorneys to assist me with regard to the document and deposition subpoenas, but did not immediately hire one.  Mr. Jordan sent another email on October 14, asking about the status of the deposition.  Ex. A ¶ 9; Ex. C.

On October 14th, Michael filed a letter (docketed on October 19, ECF No. 62), stating that the October 21, 2021 date was selected without consideration of his schedule, that he was not available on that date, and that he would not be attending.  He believed he was not required to appear for the deposition scheduled October 21, 2021 because he had not been involved in scheduling the deposition, was not available on the scheduled date, and gave notice before the scheduled date that he would not be able to appear.  Ex. A ¶ 12.  He also believed that he was not required to produce documents until actually appearing for the deposition, when properly

scheduled.[3]  *Id.* ¶ 13.  Moreover, although a copy of the deposition notice was sent by email (albeit not received), Michael was never served with the notice by mail.  *See* Certificates of Service, ECF 63-2 at 6 and ECF 63-3 at 8; *see also* Ex. A ¶ 11.

Compass's Contempt Motion was filed just days after the deposition date, with no apparent follow-up communication to Michael.  Even putting aside the misunderstanding of counsel's good faith efforts under L.R. Appendix A, Guideline 4 to clear deposition dates, Compass should not have filed the Contempt Motion without any further contact to Michael.  This Court's Local Rules require more, even after that date came and went.  L.R. 104.7; L.R. 105.8.

For his part, Michael was already in the process of finding counsel, and retained the undersigned to represent him.  Since then, the undersigned has engaged by phone and email with Compass's counsel to schedule the deposition.  Ex. D, Emails of Nov. 8-12, 2021.

On November 4, 2021, Compass served a second subpoena on Michael, seeking more detailed information about certain documents.  Collection and review of documents for production in response to both subpoenas is underway.

For his deposition, December 1, 2021 was recently cleared by all parties, and has been confirmed by Michael and his counsel.  *Id.*

---

[3] Although the Rules still apply to pro se parties, non-attorneys are accorded leniency in how their filings are construed and as to their legal interpretations.  *E.g., Aramayo v. Johns Hopkins Home Care Grp., Inc.*, No. CV ELH-20-3275, 2021 WL 3883264, at *3 (D. Md. Aug. 31, 2021) ("the Court is mindful that 'pro se litigants deserve a degree of leniency in navigating a complicated legal system for which they possess no professional expertise.'" (quoting *McCaskey v. Henry*, No. 3:10-cv-390-GCM, 2012 WL 2451862, at *2 (W.D.N.C. June 27, 2012)).  A similar measure of leniency should color the Court's view of the facts in this case and Michael's efforts in compliance with the Court's Order and the subpoena process.

### B.  Compass has not shown by clear and convincing evidence that the four elements of civil contempt are met

Michael did not have actual or constructive notice that the deposition was noted for October 21, 2021 until it was already scheduled without his input, and on a day he could not appear.

Michael does not contest that the subpoena was a valid decree that he would have been bound to follow, *see Commonwealth Constr. Co. v. Redding*, No. 1:14-CV-3568-GLR, 2015 WL 877406, at *2 (D. Md. Feb. 27, 2015) ("the Subpoena, this Court's December 9, 2014 Letter Order (ECF No. 10), and this Court's Order Setting Evidentiary Hearing (ECF No. 11) are valid decrees"), but as a factual matter, Michael did not have actual or constructive knowledge of the deposition until after it had already been scheduled on a date he was not available.  Ex. A, M. White Decl.  Moreover, the notice of deposition was not served by one of the means set forth in Rule 5.  The notice element required for a finding of contempt is not present here.

Michael's prior actions in response to Court orders in this case also counsel against a finding of adequate notice.  When served with the prior subpoena, Michael invoked the Court's power to quash, and was partially successful.  ECF 33; ECF 52.  Likewise, he promptly filed a letter addressing the Court and the parties when finally learning of the October 21, 2021 deposition notice.  ECF 62.  This conduct upon receiving notice of Court orders contrasts with *Commonwealth Construction*, the principal case relied on by Compass.  In that case, the recipient of the subpoena had appeared at a deposition and partially produced documents, but then did not appear at an evidentiary hearing set by the Court.  *Commonwealth Constr. Co. v. Redding*, No. 14-CV-3568-GLR, 2016 WL 8671536, at *1 (D. Md. May 6, 2016).  This particularly egregious failure to appear before the Court is materially different from a deposition subpoena issued by an attorney for a party in the case.  *See* Fed. R. Civ. P. 45(e) advisory committee note (1991

amend.) (stating that "because the command of the subpoena is not in fact one uttered by a judicial officer, contempt should be very sparingly applied when the non-party witness has been overborne by a party or attorney"). Thus, *Commonwealth Construction* is instructive, but not for the reasons cited by Compass. Additionally, here, Michael gave notice ahead of the scheduled deposition that he was not available and could not appear. ECF 62.

Also, at an earlier stage in *Commonwealth Construction*, which was closer to the procedural posture of the instant dispute, this Court found relevant Defendant's lack of representation by counsel, and temporarily reserved in ruling as to contempt sanctions. *Commonwealth Constr. Co. v. Redding*, No. 1:14-CV-3568-GLR, 2015 WL 877406, at *1 (D. Md. Feb. 27, 2015). Only after repeated disobedience of Court orders over another year's time did this Court find contempt. 2016 WL 8671536, at *1.

Michael did not have actual or constructive knowledge until he received an unblocked email about the deposition from Mr. Boshea's counsel. Accordingly, Compass has not carried its burden — by clear and convincing evidence — to prove that Michael is in contempt of any of this Court's orders.

### C.  Michael White has defenses to a finding of contempt

Even if Michael's non-willful failure to fully comply with the subpoena on October 21, 2021 is found to technically constitute contempt, Michael's conduct provides defenses that preclude the contempt finding.

In the Fourth Circuit, defenses to contempt include substantial compliance, good faith attempt to comply, and inability to comply. *See Dunkin' Donuts, Inc. v. Three Rivers Ent. & Travel*, 42 F. App'x 573, 575 (4th Cir. 2002) (citing *United States v. Darwin Constr. Co., Inc.*, 873 F.2d 750, 754 (4th Cir. 1989) (citing *Consolidation Coal Co. v. Local 1702, United Mineworkers of America*, 683 F.2d 827, 832 (4th Cir. 1982) (noting "a good faith attempt to

comply, as well as substantial compliance or the inability to comply, can be defenses to a civil contempt order.")).

In this case, Michael attempted to comply, but was unable to fully comply at the time the parties had selected.  Through miscommunications due to Michael's email settings, he did not get the chance to fully comply because the deposition was scheduled without his clearance.  And, since that time, he made good faith attempts to comply by filing the letter alerting the parties he was unavailable, engaging an attorney, and coordinating a viable deposition date and related production of documents.   While he was still pro se, he filed the letter (ECF 62) on October 14, 2021, one week before the noted date.[4]  More recently, the undersigned has had multiple communications with Compass's counsel in good faith compliance with the subpoena that is the subject of the Contempt Motion, as well as a second subpoena that is returnable on November 16, 2021.  As such, Michael will be in substantial compliance in the near future, and as soon as the December 1, 2021 proceeds, Michael will have fully complied.[5]

Therefore, no contempt finding is appropriate.

### D.  Compass's requested sanctions are inappropriate and unwarranted

If, however, the Court is inclined to find contempt, any remedy should be limited to the actual expenses, if any, of rescheduling the deposition.  Compass states that videographer and

---

[4] Although the letter was not docketed and served electronically on counsel until October 19th, that was still two days before the date in the notice

[5] Alternatively, contempt under Rule 45 requires that the failure was *without adequate excuse* to. Fed. R. Civ. P. 45(e); *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001) (noting that "adequate excuse" is not defined in the Rule).  Although Michael's email settings led to an unfortunate misunderstanding, the late stage at which he received notice, the fact that his schedule could not accommodate the deposition on that date, and his efforts to inform the parties and this Court that he would not be able to comply on that date all should constitute an "adequate excuse."

court reporter fees were incurred (Mot. at 7), but there is currently no apparent record that any party, attorney, court reporter, or other person showed up for the October 21, 2021 deposition. Indeed, Michael gave clear notice, well in advance, that he could not make it.  Given the inappropriate haste with which the Motion was filed, just days after the deposition in question, with no further communication about rescheduling, no reimbursement of those fees is warranted.

Nor are attorneys' fees warranted.  As this Court has held, "attorney's fees should only be awarded if the contemnor's actions 'rise at least to the level of 'obstinence or recalcitrance,' *see Capital Source Fin., LLC v. Delco Oil, Inc.*, 520 F. Supp. 2d 684, 687 (D. Md. 2007), which often requires a showing of wilful conduct on behalf of the contemnor. *Columbia Gas Transmission Corp. v. Mangione Enters.*, 964 F. Supp. 199, 204 (D. Md. 1996) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975))." *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network*, No. CIV. AW 12-954, 2013 WL 2444132, at *6 (D. Md. June 4, 2013) (no fees warranted where violation was promptly corrected), *report and recommendation adopted sub nom. Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, No. 12-CV-00954-AW, 2013 WL 3967934 (D. Md. July 31, 2013). Rather than obstinance, recalcitrance, or willfulness, Michael's conduct was reasonable in alerting the parties in advance of October 21 that he could not appear, and promptly engaging counsel to assist him to fully comply with his obligations under this Court's orders.

In contrast, Compass now seems to be resisting getting what it says it wants via the subpoenas.  Scheduling the deposition was difficult.  The undersigned asked, given Michael's current efforts to produce documents and schedule the deposition, that the Motion be withdrawn without prejudice to the right to re-file if Michael failed to appear or produce the requested documents, or at least to stipulate to an extension of the time to file this Opposition until after

Michael's full compliance.  These attempts to resolve the dispute, by giving Compass exactly what it is seeking in discovery, were refused.  Ex. D.

The additional harsh sanctions that Compass seeks are patently inappropriate.  Especially given Michael's ongoing efforts to comply with the subpoena — now with the assistance of counsel, he is in the process of producing documents and has cleared a firm deposition date — no fine is necessary and would not have any effect on the speed of compliance.  Finally, Compass's vindictive request for incarceration hardly needs to be addressed other than to say it is unwarranted.

In sum, no sanction is necessary or appropriate.

## IV.    CONCLUSION

For the foregoing reasons, Non-Party Michael R. White requests that this Court enter an Order denying Compass's Motion.

Respectfully submitted,

Dated:  November 12, 2021                      _____/s/_____

Justin A. Redd (Bar No. 18614)
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030
(410) 539-1269 (fax)
jredd@kg-law.com

*Attorneys for Non-Party Michael R. White*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of November, 2021, the foregoing was filed and served via CM/ECF on all counsel of record, and a paper copy will be submitted to the Clerk in accordance with Local Rule 105.1.a.

_____/s/_____
Justin A. Redd