| | |
|---|---|
| **From:** | Justin A. Redd |
| **Sent:** | Friday, November 12, 2021 3:25 PM |
| **To:** | 'Stephen Stern' |
| **Subject:** | RE: Michael White/Boshea v. Compass Marketing |

Confirmed Dec. 1. I will have to respond to the rest of your message sometime later to finish tonight's filing. Thanks for confirming.

Justin A. Redd
www.justinaredd.com
D 410-347-7432 | F 410-539-1269
jredd@kg-law.com | vCard | (he/him/his)

**KRAMON & GRAHAM PA**
ATTORNEYS AT LAW

One South Street | Suite 2600 | Baltimore, MD 21202
T 410-752-6030 | F 410-539-1269 | www.kramonandgraham.com

**From:** Stephen Stern <Stern@kaganstern.com>
**Sent:** Friday, November 12, 2021 3:05 PM
**To:** Justin A. Redd <JRedd@kg-law.com>
**Subject:** RE: Michael White/Boshea v. Compass Marketing

Justin:

Thank you for your email. One of the original dates you had proposed for your availability and Michael White's availability was November 18. I am not sure where that date went and why we cannot proceed on that date.

If November 18 is no longer available, then we will proceed with December 1 at 10:00 a.m. The deposition will be in-person at the Anne Arundel County Circuit Court, Conference Room 407. I will send a Notice of Deposition to confirm.

Your email, however, does not provide any confirmation for the production of documents. The documents from the original subpoena are now nearly three months overdue, and it has been more than a month and a half since the court found the original subpoena enforceable. Michael White does not get to continue postponing the production of documents by postponing his appearance for deposition. The documents responsive to the original subpoena should be produced immediately. When we will receive the documents that are long overdue?

To be clear, agreeing to conduct Michael White's deposition on December 1 does not postpone the production of documents until the deposition. Furthermore, as a reminder, the second subpoena (that is as a practical matter a subset of the original subpoena) requires the production of documents on November 16. That date is not being postponed or deferred in any respect.

1

Exhibit D

Lastly, as I mentioned previously, Compass Marketing is not withdrawing its motion for contempt (and it will not delay the briefing schedule) unless and until Michael White has (1) fully complied with the subpoena(s), which requires the production of all responsive documents and completing his deposition, and (2) paid the attorneys' fees and costs Compass Marketing has incurred in gaining his compliance. Michael White has disregarded court orders and discovery obligations in multiple actions (including unilaterally canceling a previously scheduled deposition in other litigation for no reason other than to delay the deposition) and, unfortunately, until his complete compliance is achieved, Compass Marketing cannot take comfort in any representations about his future actions.

Stephen



**Stephen B. Stern, Esq.**
stern@kaganstern.com

**Kagan Stern Marinello & Beard, LLC**
(410) 793-1610 (direct)
(410) 216-7900, ext. 1009
(410) 705-0836 (fax)
238 West Street
Annapolis, Maryland 21401
www.kaganstern.com

**From:** Justin A. Redd <JRedd@kg-law.com>
**Sent:** Thursday, November 11, 2021 4:09 PM
**To:** Stephen Stern <Stern@kaganstern.com>
**Subject:** RE: Michael White/Boshea v. Compass Marketing

Stephen,

Confirming Dec. 1 for Michael White's deposition, according to Judge Gauvey's letter clearing the dates for the 4 depos. We can start at 10:00 am. Please send the zoom details when you've arranged it. No need, of course, to issue another notice.

Also, I reiterate my request for you and your client to withdraw without prejudice the motion for sanctions, or agree to an extension of time to file an opposition, until after Mr. White has produced the documents and been deposed. Please consider allowing me to focus on the latter for the time being.

Regards,

**Justin A. Redd**
www.justinaredd.com
D 410-347-7432 | F 410-539-1269
jredd@kg-law.com | vCard | (he/him/his)

KRAMON & GRAHAM PA
ATTORNEYS AT LAW

One South Street | Suite 2600 | Baltimore, MD 21202
T 410-752-6030 | F 410-539-1269 | www.kramonandgraham.com

Exhibit D

**From:** Justin A. Redd
**Sent:** Wednesday, November 10, 2021 9:47 AM
**To:** 'Stephen Stern' <Stern@kaganstern.com>
**Subject:** RE: Michael White/Boshea v. Compass Marketing

Stephen,

11/29 is also an available date that Judge Gauvey asked me to clear.

Justin A. Redd
www.justinaredd.com
D 410-347-7432 | F 410-539-1269
jredd@kg-law.com | vCard | (he/him/his)

KRAMON & GRAHAM PA
ATTORNEYS AT LAW

One South Street | Suite 2600 | Baltimore, MD 21202
T 410-752-6030 | F 410-539-1269 | www.kramonandgraham.com

**From:** Justin A. Redd
**Sent:** Wednesday, November 10, 2021 9:21 AM
**To:** 'Stephen Stern' <Stern@kaganstern.com>
**Subject:** RE: Michael White/Boshea v. Compass Marketing

Stephen,

My email following our call did not purport to recount every single thing we discussed. Your email was a little surprising given what I perceived as a very collegial call we had. What I did write accurately reflects the status of my request that you withdraw the motion for contempt sanctions; my offer to hold the afternoon of the 23rd on my schedule while I checked at your request whether we could have the deposition on the 18th; and my proposal to proceed remotely. I do not know how those words could be construed to be attempting to show you promised something that you did not, or lock you into a date unilaterally.

I understand from speaking with Judge Gauvey that the parties have cleared certain dates. Of those, Mr. White and I are available on 12/1, but not on 11/17 or 12/3. Mr. White and I are also available on the following: 11/16 (the date listed in Compass's second subpoena), 11/18 (which you also asked me to look into). It appears that 11/23 in the afternoon is no longer under consideration, but a reiterate that Mr. White can do that afternoon, subject to rescheduling the deposition you have noted of George White, or holding them back to back the same day).

As I mentioned, a remote deposition could expand the timeframes available on some of these dates, and I have found that using documents can proceed smoothly and efficiently on zoom. If we must proceed in person, I propose that we hold the deposition at your law office, another Annapolis law firm, or a court reporter's facility, rather than at the courthouse.

In response to your statement that production of documents was not addressed, we did discuss that I would work to produce documents in advance of the deposition and my email does refer to producing documents. I note that the second subpoena is not returnable until the 16th. In any event, a deposition this week is not feasible.

Exhibit D

Finally, if your client is not willing to withdraw the motion for sanctions, I request that your client agree to stipulate to an extension of time to file a response to allow the focus to be on the discovery you are seeking, and not what occurred before my involvement. If that is agreeable, I will prepare a draft stipulation and proposed order for your review.

I look forward to hearing from you on these matters.


Justin A. Redd
www.justinaredd.com
D 410-347-7432 | F 410-539-1269
jredd@kg-law.com | vCard | (he/him/his)

KRAMON & GRAHAM PA
ATTORNEYS AT LAW

One South Street | Suite 2600 | Baltimore, MD 21202
T 410-752-6030 | F 410-539-1269 | www.kramonandgraham.com


**From:** Stephen Stern <Stern@kaganstern.com>
**Sent:** Tuesday, November 9, 2021 12:09 PM
**To:** Justin A. Redd <JRedd@kg-law.com>
**Subject:** RE: Michael White/Boshea v. Compass Marketing

Justin:

Thank you for your call yesterday afternoon. I think a few things in your email need to be clarified because they do not accurately reflect what we discussed. Plus, there are other items missing from your email that we discussed.

First, as far as Michael White's availability goes, please let me know each date he is available for an in-person deposition. As I mentioned during our call, the notices of deposition call for an in-person deposition and the reason for that is I expect that there will be a fair amount of documents to present to Mr. White. As you understood, video depositions do not go as smoothly or quickly when dealing with exhibits, even with the screen share technology. With Michael White apparently conducting his duties as a judge in court, I do not see any reason why the deposition cannot proceed in-person.

Second, I did not indicate a willingness to withdraw the motion for sanctions. In response to your request to withdraw the motion, I specifically stated that my client likely would not be willing to withdraw the motion until we receive all the documents from Michael White that are responsive to the subpoenas and until Michael White's deposition is completed. Nevertheless, as a courtesy to you, I indicated I would ask my client's views on withdrawing the motion before compliance with the subpoena is completed. I have conferred with my client and Compass Marketing is not willing to withdraw the motion unless and until compliance is completed (and Michael White reimburses Compass Marketing for all the attorneys' fees and expenses Compass Marketing incurred in its efforts to obtain compliance with the subpoenas).

Third, as for the dates you indicated below, I made no offer or commitment about November 23. In response to your multiple requests to conduct the deposition on November 22, I noted that date posed a conflict for my client. I then noted that November 23 also presents a conflict because George White (Michael White's son) is subject to a subpoena that has scheduled his deposition November 23, but, if Michael White is available on November 23, I would consider scheduling Michael White's deposition on November 23 only if George White

Exhibit D

committed in writing as to when his deposition would take place (which of course would have to be a mutually agreeable date and time). I further noted that since George is Michael's son and I assume that they communicate with one another often, I figured it would not be difficult to obtain that commitment in writing if the only date on which Michael is available is November 23. I also note that you suggested that Michael White may not be available until at least 1:30 in the afternoon if the deposition is in-person and I am not sure it would be completed in that period of time if we began the deposition that late. Thus, that does not appear to be a viable option.

Fourth, your email does not reference or acknowledge the need for Michael White to produce responsive documents (which you did acknowledge during our phone call). There is no reason why Michael White cannot produce the responsive documents immediately. Furthermore, since you were inquiring as to how long I anticipated the deposition would take and you and I both acknowledged that depended in large part on how forthright Michael White is in responding to the questions that are asked (and you intimated that you/he did not want the deposition to last all day), it would seem that Michael White has every incentive to produce the responsive documents well enough in advance of the deposition so that we can be adequately prepared and not be reviewing them for the first time during the deposition. Plus, the subpoena that calls for the production of ESI/metadata necessarily requires production in advance of the deposition so that it can be reviewed by appropriate personnel with technical expertise and it can be used appropriately in the deposition.

Please keep in mind that we have been trying to obtain compliance from Michael White for approximately three months. It should not take several more weeks to schedule a deposition or produce responsive documents. Please also do not misinterpret any reference to November 18 or November 23 as "offers" for Michael White's deposition when we have been trying to obtain his compliance for so long. For example, we can look into conducting his deposition this week. That is partly why I would like to know every date on which he is available for his deposition between now and December 3. He has delayed long enough; it is time for him to comply and comply expeditiously. I think his delay tactics should be self-evident, especially considering that he represented to the court in a letter dated October 14 that he would be seeking representation and it was November 8 (after 4:00 pm) when I first heard from his counsel and, regardless of whether he has legal counsel, there is no excuse for not producing the documents that were subpoenaed.

Thank you,
Stephen



**Stephen B. Stern, Esq.**
stern@kaganstern.com

**Kagan Stern Marinello & Beard, LLC**
(410) 793-1610 (direct)
(410) 216-7900, ext. 1009
(410) 705-0836 (fax)
238 West Street
Annapolis, Maryland 21401
www.kaganstern.com

**From:** Justin A. Redd <JRedd@kg-law.com>
**Sent:** Monday, November 8, 2021 4:31 PM
**To:** Stephen Stern <Stern@kaganstern.com>
**Subject:** Michael White/Boshea v. Compass Marketing

Exhibit D

Stephen,

Thanks for speaking with me just now. I am optimistic that we can work productively to get documents produced to you in response to the 2 subpoenas, and set and conduct the deposition of Michael White.

To that end, I appreciate your willingness to have your client consider withdrawing the motion for contempt sanctions. As the opposition is not due until Friday Nov. 12th, withdrawing the motion for the time being would allow us to focus on resolving the underlying issues, which I am sure the Court would appreciate.

I will check on the 18th for a deposition, and in the meantime will be holding the afternoon of the 23rd as we discussed.

I look forward to hearing back from you as to whether I can stand down for the moment on briefing, and whether we can lock in the 23rd and if we can plan to proceed remotely.

Regards,

**Justin A. Redd**
www.justinaredd.com
D 410-347-7432 | F 410-539-1269
jredd@kg-law.com | vCard | (he/him/his)

**KRAMON & GRAHAM** PA
ATTORNEYS AT LAW

One South Street | Suite 2600 | Baltimore, MD 21202
T 410-752-6030 | F 410-539-1269 | www.kramonandgraham.com

This communication is from a law firm and may contain confidential or privileged information. Unauthorized retention, disclosure, or use of this information is prohibited and may be unlawful under 18 U.S.C. §§ 2510-2521. Accordingly, if this email has been sent to you in error, please contact the sender by reply email or by phone at 410-752-6030.
This communication is from a law firm and may contain confidential or privileged information. Unauthorized retention, disclosure, or use of this information is prohibited and may be unlawful under 18 U.S.C. §§ 2510-2521. Accordingly, if this email has been sent to you in error, please contact the sender by reply email or by phone at 410-752-6030.

Exhibit D