IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| DAVID JOHN BOSHEA, | : | |
| | : | |
| v. | : | Case No. 1:21-cv-00309-ELH |
| | : | |
| COMPASS MARKETING, INC. | : | |
| | : | |
| Defendant | : | |
| | : | |

**NON-PARTY DANIEL J. WHITE'S OPPOSITION
TO DEFENDANT'S MOTION FOR CIVIL CONTEMPT SANCTION**

Non-party Daniel J. White, by and through counsel Bruce L. Marcus, Esquire, and MarcusBonsib, LLC, hereby files this Opposition to the Motion for Civil Contempt Sanction (ECF 64) filed by Defendant Compass Marketing, Inc. ("Compass").

**INTRODUCTION**

Defendant Compass Marketing, Inc. asks this Court to hold non-party Daniel White in contempt of court for failing to be available on deposition dates unilaterally selected by Defendant. Compass objects to the fact that Mr. White has previously scheduled obligations on dates that Compass would like to depose him. Compass is aware that Mr. White is the Deputy State's Attorney in St. Mary's County, Maryland whose job requires him to be in court on a daily or near-daily basis for hearings and trials that are typically scheduled far in advance. *See* Ex. A, Daniel White Declaration.

Despite this knowledge and the apparently urgent need to depose Mr. White, Compass suggested no reasonable alternatives, such as conducting the deposition during the weekend or evening hours, nor any other good faith attempt to resolve a discovery dispute. Instead, Compass insisted upon and unilaterally noted deposition dates less than two weeks in advance with little to

no effort to identify Mr. White's availability on the date in question. Compass's actions appear to have been designed to generate a series of responses from Mr. White stating his inability to appear for a noticed deposition which Compass intended to use as grounds for the filing of a motion for contempt.

Indeed, when Mr. White offered a date that he was available to be deposed, Compass's only response was to file a Motion for Contempt five days later. In sum, Compass's actions indicate less of an interest in deposing Mr. White than in pursuing a motion for contempt against him.

At no time did Compass invite Mr. White to provide a list of his availability as one might do when trying to identify a mutually agreeable date. Instead, Compass made it difficult for Mr. White to even volunteer such a list by placing him in the constant position of having to explain his conflict with the most recent unilaterally noted deposition date. When despite Compass's efforts to make Mr. White appear uncooperative Mr. White notified Compass of a date that he was available to be deposed, Compass did not respond except to send a copy of their Motion for Contempt. The Motion makes clear that Compass and its counsel have no actual conflict on the date Mr. White offered for his deposition and simply chose not to depose him that day.

As of November 9, 2021, Mr. White was holding both November 22 and November 29 for his deposition while still having received no response from Compass as to either date. Through numerous conversations and correspondence with Judge Gauvey's chambers, as opposed to Compass, Mr. White's deposition has been scheduled for November 29, 2021. *See* Ex. B, Letter from Judge Gauvey.

On November 16, 2021, the return date on Compass's subpoena, Mr. White provided his document production to Compass, followed by a supplemental production on November 21,

2021. Accordingly, Mr. White is not in contempt of any subpoena or order of court. For all of the reasons set forth herein, Compass's Motion for Contempt should be denied.

## LEGAL STANDARD

This court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all of the compliance sought by the subpoena." Fed. R. Civ. P. 45, advisory committee note to 2013 amendment.

To prove contempt, the moving party must show the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result

*Ashcroft v. Conoco, inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (internal citation and quotation marks omitted).

If the movant meets his initial burden of showing these elements by clear and convincing evidence, the burden of production shifts to respondent to raise a defense on an appropriate ground. *Schwartz v. Rent-A-Wreck of Am.*, 261 F. Supp. 3d 607, 613 (D. Md. 2017).

## ARGUMENT

### A. Compass Failed to Make a Good Faith Effort to Coordinate Deposition Dates

Mr. White was first served with a subpoena by Compass in early August 2021, for a deposition on a date unilaterally selected by Compass. Ex. A, ¶ 4. Mr. White thereafter filed a

pro se Motion to Quash (ECF 31) pursuant to Rule 45(d). Fed. R. Civ. P. 45(d).  On September 27, 2021, this Court granted in part Mr. White's Motion to Quash. ECF 52.

On the evening of Tuesday, September 28, 2021, Compass emailed Mr. White to request that he produce all documents in four business days and provide his availability for a deposition on three dates within the next two weeks. *See* Ex. A, ¶ 5; Compass Mot. Ex. 2 (ECF 64-2). Compass's email did not request an immediate response and did not indicate that a failure to reply by a certain date would result in Compass unilaterally selecting a date.  Nevertheless, just three days later, on Friday, October 1, 2021, Compass informed Mr. White by email that his deposition had been unilaterally noted for October 19, 2021. *See* Ex. A, ¶ 6; Compass Mot. Ex. 2 (ECF 64-2).

The email address that Compass used to contact Mr. White regarding this litigation is his personal email which he does not monitor during the workday. *See* Ex. A, ¶ 3. Mr. White is a non-party whose connection to this litigation is unrelated to his job as a prosecutor.  Like all personal matters, it is something he is expected to address after business hours or on weekends during his personal time. Compass is aware of these facts yet appears to suggest that, perhaps because he is an attorney, Mr. White should be as involved and attentive to all aspects of this litigation as though he were a party or counsel in the case.

Because Compass had unilaterally noted Mr. White's deposition without allowing him a reasonable time to reply, Mr. White did not believe further direct communication with Compass would be productive and began contacting attorneys to secure representation in relation to the document and deposition subpoenas. *See* Ex. A, ¶ 7.

However, because Mr. White's attempts to retain counsel were still ongoing as of October 11, 2021, Mr. White notified Compass by email that he was unavailable on the

unilaterally noticed date of October 19, 2021 because he was scheduled to be in a criminal trial. *See* Ex. A, ¶ 8; Compass Mot. Ex. 1 (ECF 64-1). Mr. White further informed Compass that he was working to engage counsel, and that he intended to comply with the subpoena by producing all responsive documents at the deposition. *See* Ex. A, ¶ 8; Compass Mot. Ex. 1 (ECF 64-1).

In response, Compass instructed Mr. White to "please advise your counsel to plan for October 25." Compass Mot Ex.1 (ECF 64-1); *see* Ex. A, ¶ 10. Compass made no effort to inquire as to Mr. White's availability and showed no intent to make a good faith effort under L.R. Appendix A, Guideline 4, to coordinate deposition dates with Mr. White or his counsel. Nor did Compass make a good faith effort to coordinate the date with counsel for Plaintiff who immediately notified Compass that he had a hearing in Illinois on October 25 and 25, 2021. *See* Compass Mot. Ex. 3 (ECF 64-3). In response, Compass sent Mr. White and all counsel an amended notice of deposition for October 25, 2021. *See id*; Ex. A, ¶ 11.

On October 21, 2021, Mr. White had successfully retained counsel who emailed Compass to advise that the second unilaterally noticed deposition date did not work for Mr. White who was scheduled to be in trial. *See* Ex. A, ¶ 13; Compass Mot. Ex. 4 (ECF 64-4). Mr. White, through counsel, requested that Compass advise him on the discovery schedule in the case and the dates that may be available to all counsel. *See* Compass Mot. Ex. 4 (ECF 64-4).

Despite having never asked Mr. White about his availability on October 25, 2021 prior to sending the amended notice of deposition, Compass responded with skepticism about Mr. White's trial and the fact that it had not heard about it before. *See id.* Rather than providing dates that all counsel were available, as Mr. White's counsel requested, Compass replied that the deposition could be either November 1 or 2, 2021—dates that were nine and ten days away, respectively. *See id*.

5

Thereafter, Mr. White, through counsel replied that he was unavailable on November 1 and 2, but was "available on the 4th and 5th, assuming, of course, Mr. White and other counsel are available." *See* Compass Mot. Ex. 5 (ECF 64-5). Two days later, on October 25, 2021, Compass replied that it was available November 4 and 5. *See* Compass Mot. Ex. 6 (ECF 64-6). Plaintiff's counsel had not yet replied to indicate whether or not they were available on these dates.

Nevertheless, on October 28, 2021, Compass stated that it had "taken [Mr. White's counsel] up on [his] offer and scheduled the deposition to begin at 12:30 p.m. on November 4." *Id.* The second amended notice of deposition attached to Compass's October 28, 2021 email constituted the third unilaterally noticed deposition date following the initial subpoena. *See id.*; Ex. A, ¶ 15.

On October 29, 2021, Mr. White, through counsel, advised that November 4 did not work, and that at no time had counsel ever indicated that Mr. White was available that day. *See id.* Mr. White's counsel advised, however, that Mr. White was available on November 22 for his deposition. *See* Compass Mot. Ex. 5 (ECF 64-5). Again, Compass responded in similar fashion by dictating dates with less than a week notice and demanding availability of all parties and counsel with no effort to discuss and coordinate dates in good faith. *See id.*

Compass did not acknowledge or respond to Mr. White's October 29, 2021 email regarding the proposed date of November 22, 2021. Nor did Compass respond to a follow-up letter from Mr. White, through counsel, regarding the same. *See* Ex. C, Letter to S. Stern, November 5, 2021.

Compass failed to make any good faith effort to coordinate this deposition date under L.R. Appendix A, Guideline 4, or resolve the dispute prior to filing its Motion for Contempt as

the Court's Local Rules require. L.R. 104.7; L.R. 105.8. Compass simply assigned dates with less than two weeks' notice with no legitimate basis for doing so, and certainly not one that was articulated to Mr. White or his counsel.

### B. Compass has not demonstrated by clear and convincing evidence that the four elements of civil contempt are met

Compass has failed to meet their burden to show the elements of civil contempt by clear and convincing evidence. *See Ashcroft v. Conoco, Inc.,* 218 F.3d 228, 301 (4th Cir. 2000). As set forth above, Mr. White has complied with outstanding subpoenas and is scheduled to sit for a deposition on November 29, 2021. He is not in contempt of any subpoena or court order and it is unclear what conduct Compass contends Mr. White took in violation of either.

This Court's order which granted, in part, Mr. White's Motion to Quash did not order Mr. White to sit for a deposition on a date certain. ECF 52. Compass cannot seek to hold Mr. White in contempt of the subpoena and successive unilateral notices of deposition issued with less than two weeks advance notice and without a good faith attempt to coordinate with Mr. White.

Compass does not and cannot allege that Mr. White did *not* have mandatory court appearances on the dates in question. *See* Ex. A. ¶¶ 9, 14, 16.  Nor does Compass suggest to this Court that Mr. White should have failed to appear for those court dates in order to sit for a deposition in this case. Contempt under Rule 45 requires that the failure was without adequate excuse. Fed. R. Civ. P. 45(e); *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001) (noting that "adequate excuse" is not defined in the Rule). A prior noticed trial in a criminal matter where constitutionally imposed time constraints are at play is certainly more than an "adequate excuse" and Compass does not argue to the contrary.

Significantly, Compass has suffered no harm that it did not generate by its own actions and refusal to coordinate in good faith with Mr. White and his counsel on deposition dates.

Despite Compass's professed urgent need to depose Mr. White, this case was filed and pending for six months before Compass served Mr. White with a subpoena. Because Compass served an overly broad non-party subpoena, Mr. White was required to file a motion and seek relief from the Court which granted, in part, his request. ECF 31; ECF 52.  Compass did not contact Mr. White during the pendency of the motion to request they identify and hold mutually agreeable dates in October for depositions in the event the motion was denied.  The fact that Mr. White, a prosecutor, would have many court dates scheduled in advance was a foreseeable issue that Compass chose not to avoid by requesting to clear dates in advance.

### C. Daniel White has defenses to a finding of contempt

Even if Mr. White's non-willful failure to fully comply with a subpoena and notices of deposition, Mr. White's has cognizable defenses that preclude a finding of contempt.

In the Fourth Circuit, defenses to contempt include substantial compliance, good faith attempt to comply, and inability to comply.  *See Dunkin' Donuts, Inc. v. Three Rivers Ent. & Travel,* 42 F. App'x 573, 575 (4th Cir. 2002) (citing *United States v. Darwin Constr. Co., Inc.,* 873 F.2d 750, 754 (4th Cir. 1989) (citing *Consolidation Coal Co. v. Local 1702, United Mineworkers of America*, 683 F.2d 827, 832 (4th Cir. 1982) (noting "a good faith attempt to comply, as well as substantial compliance or the inability to comply, can be defenses to a civil contempt order.")).

Here, Mr. White attempted to comply but was unable to fully do so due to obligations to appear in court proceedings as part of his duty as Deputy State's Attorney for St. Mary's County, Maryland. He made good faith attempts to comply by informing Compass of his conflict; retaining his own counsel to oversee the scheduling of the deposition and engage with counsel and the Court; by offering dates he was available for depositions and holding them open for the

purpose of a deposition; and by producing responsive documents by the November 16, 2021 return date on the subpoena. Mr. White's deposition will proceed on November 29, 2021, at which time Mr. White will be in compliance with the requests for deposition. No finding of contempt is therefore appropriate.

### D. The sanctions requested by Compass are inappropriate and unnecessary

To the extent this Court believes a finding of contempt is warranted here, any sanction imposed should be limited to the payment of actual expenses, if any, of rescheduling the deposition. However, it is unlikely that such expenses were incurred as Mr. White gave notice of his conflicts well in advance of the deposition dates obviating the need for any party or court reporter to appear on the designated day. In addition, Compass has not substantiated or documented in any fashion the expenses allegedly incurred.

Compass's request for attorneys' fees is also inappropriate given the lack of good faith effort to coordinate dates or to advise that a failure to respond immediately to any given email would result in a deposition date unilaterally selected by Compass.

As this Court has held, "attorney's fees should only be awarded if the contemnor's actions 'rise at least to the level of 'obstinance or recalcitrance,' *see Capital Source Fin., LLC v. Delco Oil, Inc.*, 520 F. Supp. 2d 684, 687 (D. Md. 2007), which often requires a showing of willful conduct on behalf of the contemnor. *Columbia Gas Transmission Corp. v. Mangione Enters.*, 964 F. Supp. 199, 204 (D. Md. 1996) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975))." *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network*, No. CIV. AW 12-954, 2013 WL 2444132, at *6 (D. Md. June 4, 2013) (no fees warranted where violation was promptly corrected), report and recommendation adopted

sub nom. *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, No. 12-CV-00954-AW, 2013 WL 3967934 (D. Md. July 31, 2013).

Here, Mr. White's previously scheduled court obligations cannot be construed as willfulness, obstinance, or recalcitrance. After notifying Compass of his prior obligations, Mr. White attempted in good faith to offer dates that he was available for his deposition. Compass chose not to respond to this offer or to suggest a discovery conference or any other means of seeking to resolve the discovery dispute in lieu of filing their Motion for Contempt. This conduct militates heavily against an award of attorneys' fees.

Lastly, Compass's assertion that incarceration is an appropriate sanction here speaks volumes about the merit of their Motion for Contempt as a whole.

As set forth above, Mr. White has complied with outstanding subpoenas and is scheduled to sit for a deposition on November 29, 2021. Consequently, a finding of contempt is unwarranted and a sanction is neither appropriate nor necessary to incentivize compliance.

## CONCLUSION

For the foregoing reasons, Non-Party Daniel J. White respectfully requests that this Court enter an Order denying Compass's Motion.

    Respectfully submitted,

    MARCUSBONSIB, LLC

    /s/*Bruce L. Marcus*
    Bruce L. Marcus, Esquire
    Bar No.: 06341
    6411 Ivy Lane, Suite 116
    Greenbelt, Maryland 20770
    (301) 441-3000
    (301) 441-3003 (facsimile)
    bmarcus@marcusbonsib.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November, 2021, the foregoing was filed and served electronically filed on all counsel of record.

>                                   /s/ *Bruce L. Marcus*
>                                   Bruce L. Marcus