# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| DAVID J. BOSHEA | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 1:21-CV-00309-ELH |
| COMPASS MARKETING, INC. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR A CIVIL CONTEMPT SANCTION ON A NONPARTY

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Reply in Support of its Motion for a Civil Contempt Sanction on a Nonparty (the non-party being Michael White). As explained in greater detail below, Michael White's Opposition to Compass Marketing's Motion ("Opposition" or "Opp.") [Dkt. No. 67] does not provide any justification whatsoever for avoiding a civil contempt sanction; in fact, it underscores that Michael White has disregarded this Court's procedures and authority. As such, Michael White should be held in civil contempt pursuant to Rule 45(g) of the Federal Rules of Civil Procedure for his lengthy (and ongoing) noncompliance with the subpoena that was served on him and this Court's Order denying his motion to quash that subpoena. Indeed, if Compass Marketing did not file its pending Motion for Civil Contempt, Compass Marketing would still be trying to chase down Michael White to schedule a deposition and to receive the documents it is entitled to receive (and Compass Marketing is still trying to collect all responsive documents).

Michael White's Opposition contends that the primary reason for his delay in responding to Compass Marketing's efforts to obtain compliance with the subpoena that was served on him

[Dkt. No. 42-3], and this Court's Order compelling compliance [Dkt. No. 52], is the result of "miscommunications and misunderstandings." *See* Opp. at 1. According to Michael White, the "miscommunications and misunderstandings" stem from Michael White allegedly "block[ing] the email address of Compass[] [Marketing's] counsel, Stephen Stern" "based on investigations involving Mr. Stern." *See* Opp. at 3; *see also* Opp., Ex. A [Dkt. No. 67-1] at ¶ 4. He further contends that he "marked an email from Mr. Stern's email address [in November 2020] as 'junk' which caused that email address to be blocked thereafter." *See* Dkt. No. 67-1 at ¶ 5. This is a remarkable statement that defies credulity.

Michael White (along with his brother Daniel White) filed a lawsuit against Compass Marketing in December 2019 in the Circuit Court of Virginia for Arlington County in a case styled, *Daniel White, et al. v. Compass Marketing, Inc., et al.*, Case No. CL19-3628 (the "Virginia Litigation"). *See* Exhibit 1 (Petition for Judicial Dissolution).[1] Michael White (and Daniel White) were represented by counsel[2] throughout the duration of the Virginia Litigation. The Virginia Litigation remained pending until Daniel White and Michael White filed a non-suit, which was entered on April 2, 2021. *See* Exhibit 2 (Non-Suit). That means during the entirety of the Virginia Litigation, which commenced approximately one year prior to Michael White purportedly "blocking" undersigned counsel's emails, undersigned counsel was not permitted to communicate directly with Michael White without permission from Michael White's counsel. Indeed, undersigned counsel did not communicate directly with Michael White in November 2020 or at

---

[1] The Court may take judicial notice of matters from the Virginia Litigation, including publicly filed documents. *See* FED. R. EVID. 201(b); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (explaining federal courts may take judicial notice of proceedings in other courts of record). For the Court's convenience, Compass Marketing is attaching certain documents from the Virginia Litigation.

[2] Michael White and Daniel White ultimately were represented by four different law firms in the Virginia Litigation, with the two of the law firms having withdrawn as counsel prior to the lawsuit being dismissed. None of those four law firms is representing Michael White (or Daniel White) in connection with this matter.

any point while the Virginia Litigation was pending. The first time undersigned counsel communicated directly with Michael White was when undersigned counsel sent an email to Michael White dated September 28, 2021, in an effort to obtain compliance with the subpoena and Court Order. *See* Dkt. No. 63-1.[3] Thus, Michael White's assertion in his declaration (signed under the penalty of perjury) that he needed to "block" any email communications from undersigned counsel in November 2020 is false, as undersigned counsel could not and, indeed, did not, send any emails to Michael White during the time frame asserted by Michael White.[4] Thus, if the Court is going to give any consideration to this dubious story, which it should not, Michael White should be required to produce the alleged email(s) (in native format with metadata) that purportedly led to the "blocking" he claims to have implemented, and he should be required to produce electronic evidence of the "blocking" that was implemented, including electronic evidence of the date it was allegedly implemented.

In examining the credibility – or lack thereof – of Michael White's statement under oath, the Court should bear in mind that Michael White has made prior false statements under oath when it has suited his interests. In this regard, on or about April 25, 2020, *while the Virginia Litigation was pending in which Michael White alleged that he owns 25% of the outstanding common stock*

---

[3] On March 10, 2021, undersigned counsel hit "reply all" when replying to an email from Michael White's (and Daniel White's) counsel where the parties were trying to obtain a link from the court for a video hearing in the Virginia Litigation, and that "reply all" included Michael White because Michael White's counsel added him to the previous email in the string for the purpose of obtaining the link for the video hearing (and undersigned counsel obviously included Michael White's counsel on the reply as well as all other individuals who were on the email string). *See* Exhibit 5 (Emails Dated March 4, 5, 8, and 10, 2021).

[4] Additionally, Michael White's assertion is nonsensical on its face, as it makes no sense that he would "block" any emails "based on investigations involving counsel for Compass Marketing." What does that even mean? Indeed, Michael White does not even contend that undersigned counsel was communicating directly with him in or about November 2020. This odd language "based on investigation involving counsel for Compass Marketing" and his purported "blocking" of counsel's emails should be rejected outright by the Court or, at the very least, it warrants further inquiry.

3

*of Compass Marketing*,[5] Michael White certified in a PPP loan application to the U.S. Government that *he is not "an owner of any other business, or have common management with, any other business[,]" except for his ownership interest is Woodville Pines, LLC*. *See* Exhibit 4 at pg. 1, Question No. 3 (Woodville Pines PPP Loan Application) (emphasis added).[6] At least one of these two statements under the penalty of perjury necessarily is false.[7] Thus, Michael White should not be given a free pass based on his naked assertion that his delay in responding was the result of "miscommunications and misunderstandings."

Even if Michael White conceivably could establish that he was in fact blocking undersigned counsel's emails, that does not justify the substantial delays and evasive tactics Michael White has undertaken to avoid compliance with a properly served subpoena in this case, and sanctions are still warranted. According to Michael White, he first learned of Compass Marketing's efforts to obtain compliance with the Court Order on October 4, 2021. *See* Opp. at 4. Assuming *arguendo* this is true, that means Michael White remained willfully ignorant of his compliance obligations for at least seven days, as evidenced by the fact that Michael White learned of the Court's Order [Dkt. No. 52] from Plaintiff David Boshea's counsel in an email dated September 27, 2021. *See* Exhibit 6 (Email from G. Jordan to Daniel White and Michael White

---

[5] *See* Exhibit 1 at ¶ 3 (pending since December 2019). Michael White later reiterated that allegation in an affidavit dated July 9, 2020, by "declar[ing] under the penalty of perjury" that "Michael White owns 150 shares or 25%" of Compass Marketing. *See* Exhibit 3 (Affidavit of Michael White) at ¶ 3.

[6] In that PPP Loan Application, Michael White certified that all "the information provided in this [PPP Loan] application . . . is true and accurate in all material respects." *Id.* at pg. 2. In making that certification, Michael White "undest[oo]d that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000." *Id.*

[7] Compass Marketing contends they are both false.

dated September 27, 2021 at 3:24 pm).[8] As an Orphans' Court Judge, Michael White understands the significance of subpoenas and court orders and, upon learning that his motion to quash had been denied almost in its entirety, he had to expect some communication from Compass Marketing's counsel. His willful ignorance cannot be excused.

Even taking Michael White's explanation on its face as true, his failure to comply in a timely and complete manner does not add up or excuse him from sanctions. Michael White claims to have first learned of Compass Marketing's counsel's efforts to obtain compliance on October 4, but, upon learning of Compass Marketing's efforts, he did not communicate directly with Compass Marketing's counsel to (1) acknowledge the efforts to obtain compliance, (2) schedule his deposition, or (3) indicate when documents will be produced. Rather, Michael White did not file a proper motion, did not contact Compass Marketing's counsel, remained silent, and waited at least ten days (October 14) before mailing a letter to the Court. *See* Dkt. No. 62. In that letter, which undersigned counsel did not receive until it was e-filed by the Court on October 19, 2021, Michael White simply indicated he was not going to appear for his deposition – he did not indicate any dates when he was available to schedule his deposition and he did not indicate when he would produce responsive documents. *Id.* Moreover, in that same letter, he indicated that he was going to retain counsel to assist him with responding to the subpoena. *Id.* Yet, Michael White waited almost an entire month to retain counsel – *and until five days after Compass Marketing filed its Motion for Civil Contempt (filed on November 3, 2021)* – and communicate with Compass Marketing's counsel, which first occurred on November 8, 2021. *See* Opp., Exhibit D [Dkt. No. 67-4]. Thus, Michael White waited more than one month to retain counsel from when he claims

---

[8] Email traffic produced so far (it is evident from the emails that not all have been produced) indicates that Mr. Boshea and his counsel have substantially coordinated matters related to this case – including before its inception – with Daniel White and Michael White.

to have first learned about Compass Marketing's efforts to obtain compliance with the subpoena and Court Order (and nearly a month and a half from when he first learned that the Court denied his motion to quash). Such deliberate delays – from an Orphans' Court Judge no less – reflect a disdain for this Court's authority and further demonstrate Michael White's sanctionable conduct.[9] Indeed, it is now more than three months since the response date on the subpoena and nearly two months since this Court found the subpoena enforceable, and Compass Marketing is still trying to obtain complete compliance with the subpoena and Court Order.

Another one of Michael White's "excuses" is the assertion that "[h]e believed he was not required to appear for the deposition scheduled for October 21, 2021 because he had not been involved in scheduling the deposition, was not available on the scheduled date, and gave notice before the scheduled date that he would not be able to appear." *See* Opp. at 4. This is a remarkable statement, again coming from an Orphans' Court Judge. As a judge, Michael White knows that refusing to participate in the scheduling of a deposition does not excuse the witness from appearing at the deposition. And, as a judge, Michael White knows that he has an obligation to try to communicate with the counsel scheduling the deposition and trying to obtain the documents. Michael White did no such thing, however. Rather, he waited ten days from the date he allegedly learned of his deposition to communicate his alleged conflict and, in communicating his alleged conflict (which he refuses to identify), he only communicated in a letter to the Court, rather than making any proposals about his future appearance. During the one-month period in which he allegedly was looking to retain counsel, he never once communicated with counsel for Compass

---

[9] Michael White's ploy likely was aimed at "running out the clock" on discovery, as he likely knew that the existing close of discovery is scheduled for December 1, 2021 based on the extensive coordination on matters related to this lawsuit between him, Daniel White, and Mr. Boshea and Mr. Boshea's counsel. *See, e.g.*, Motion for Civil Contempt, Exhibit 9 [Dkt. No. 64-9] (coordinating discovery plan with Daniel White, Michael White's collaborator who seeks dissolution of Compass Marketing).

Marketing to provide any status updates or propose a schedule.[10] The only reasonable inference that can be taken from Michael White's approach is that he sought to avoid all together, or at the very least delay and postpone, his compliance with the subpoena and Court Order.

On top of these lengthy and inexcusable (and disingenuous) delays, Michael White still has failed to produce all documents responsive to the *duces tecum* portion of the subpoena. In this regard, on November 18, 2021 (nearly two full months after this Court denied Michael White's motion to quash and three full months since the documents were originally due), Michael White produced only 118 pages of documents. Compass Marketing can attest that this limited document production is incomplete (even though Michael White seemingly is portraying it as his complete response to the subpoena). For example, Michael White withheld numerous communications with Mr. Boshea's counsel, Daniel White, and/or other individuals that are responsive to the subpoena and should have been produced. *See, e.g.*, Exhibit 7 (Email String dated September 16-17, 2021, without attachments); Exhibit 8 (Email String dated September 19-20, 2021, without attachments);[11] Exhibit 9 (Emails dated May 23, 2019);[12] Exhibit 10 (Email String, Most Recent

---

[10] Michael White suggests that Compass Marketing should not have filed the Motion for Civil Contempt without further communication with Michael White or his counsel and that Compass Marketing somehow did not comply with the Local Rules as a result. *See* Opp. at 5. This too is nonsensical, as the first indication that Michael White's alleged lack of compliance was the result of "miscommunications and misunderstandings" was when Michael White filed his Opposition. This purported "defense" was not even communicated to Compass Marketing when Michael White retained counsel. *See* Dkt. No. 67-4. Michael White's deliberate efforts to avoid communicating with Compass Marketing's counsel cannot be rewarded with a denial of Compass Marketing's Motion for Civil Contempt, particularly when he was advised of Compass Marketing's efforts to obtain compliance and he waited more than one additional month without communicating whatsoever with Compass Marketing's counsel, either directly or through counsel.

[11] Exhibits 7 and 8 are a small sample of the extensive collaboration on this litigation among Michael White, Daniel White, and Mr. Boshea and his counsel.

[12] Exhibit 9 is significant because it is one of many emails where Michael White is forwarding emails from his (former) compassmarketinginc.com email to himself and Daniel White after he was terminated from employment and removed from the Board of Directors. Moreover, Exhibit 9 illustrates how Michael White appears to be accessing emails that were not even sent to or received by him, as he was not the sender or one of the recipients of Exhibit 9. Emails such as this one are significant because it establishes that Michael White improperly accessed Compass Marketing's domain and email servers, including its document management system, even after his employment terminated, which enabled him to potentially fabricate documents. Compass Marketing contends that the agreement at issue in this case is not

Dated April 3, 2019 at 7:08 pm); Exhibit 11 (Email String Dated August 29, 2021, with attachment).[13] These five emails are just a small sample of the many documents that are clearly in Michael White's possession, custody, or control, but which he has not produced in response to the subpoena.[14] Thus, Michael White cannot avoid sanctions by mere partial compliance – particularly where that partial compliance falls woefully short of what he should be producing without Compass Marketing pointing out the deficiencies and resorting to Court action.

Lastly, in trying to schedule Michael White's deposition, it is unlikely a coincidence that the only date Michael White has made himself available for deposition is December 1 – the last date of discovery under the current schedule. The fact that he selected the last date under the current discovery schedule should not be overlooked, especially considering that it has been communicated through the mediation magistrate that it would be prejudicial to Compass

---

real (two experts in this case have confirmed it is a forgery and Mr. Boshea's expert is unable to reach any conclusions), and this sham of a lawsuit is largely, if not entirely, the brainchild of Daniel White and Michael White, as part of their ongoing campaign to try to destroy Compass Marketing. As part of that campaign, Compass Marketing no longer has access to the compassmarkertinginc.com emails, even though it is owned by Compass Marketing, because Michael White, Daniel White, and/or George White have refused to turn over the account information to Compass Marketing since their employment was terminated.

[13] Like Exhibit 9, Exhibit 11 illustrates Michael White's improper access to the Compass Marketing domain (which he should not have access to) and accessing emails where he was not a recipient.

[14] Although the subpoena at issue should account for the production of ESI without further elaboration or request, in an abundance of caution, Compass Marketing served a second subpoena on Michael White specifically for the purpose of obtaining ESI related to emails in one particular string and a particular document. The response to that subpoena was due on November 16. Compass Marketing has inquired about the status of Michael White's response to that subpoena and has been advised by Michael White's counsel that it is in the process of being delivered, but it has not been received yet. If the responsive information is not received in short order, Compass Marketing will be left with no alternative but to file yet another motion to obtain responsive information. Meanwhile, Daniel White was served with a nearly identical subpoena related to ESI as the one that was served on Michael White, and he (through counsel) has not responded with responsive documents (which were due on November 16) or to Compass Marketing's inquiry about the status of his response to the (second) subpoena (which was sent on November 17).

Marketing to have to depose Mr. Boshea before completing the depositions of Daniel White[15] and Michael White or before receiving all documents responsive to the subpoenas served on them.[16]

## CONCLUSION

For these reasons, as well as those set forth in Compass Marketing's Motion for Civil Contempt, Michael White should be found in civil contempt and appropriate remedies should be implemented to compensate Compass Marketing and to incentivize complete compliance with the subpoena and Court Order.

Dated: November 24, 2021

Respectfully submitted,

/s/ Stephen B. Stern
Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax): (410) 705-0836
Email: stern@kaganstern.com
Email: yeung@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

---

[15] Notably, Daniel White claimed to be available only for a half day of deposition before Mr. Boshea's deposition.

[16] Similarly, Michael White's long delayed appearance for deposition does not excuse him from being sanctioned considering the extensive lengths he has gone to avoid appearing and, moreover, if Michael White spends much of the deposition giving evasive/non-responsive answers, as expected based on his course of conduct, such behavior cannot be considered compliance and should not be rewarded as a basis to deny the sanctions requested by Compass Marketing.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of November, 2021, the foregoing Reply in Support of Motion for Civil Contempt Sanction on a Nonparty was served via the CM/ECF system on the following counsel of record:

Thomas J. Gagliardo
Gilbert Employment Law, PC
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Email: tgagliardo@gelawyer.com

Gregory J. Jordan
Mark Zito
Jordan & Zito, LLC
350 N. LaSalle Drive, Suite 1100
Chicago, Illinois 60654
Email: gjordan@jz-llc.com

*Attorneys for Plaintiff*
*David Boshea*

and

Justin A. Redd
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
Email: jredd@kg-law.com

*Counsel for Non-Party*
*Michael R. White*

/s/ Stephen B. Stern
Stephen B. Stern