IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| DAVID JOHN BOSHEA, | * |
| Plaintiff, | * |
| v. | * Case No. 1:21-CV-00309-ELH |
| COMPASS MARKETING, INC., | * |
| Defendant, | * |
| and | * |
| COMPASS MARKETING, INC. | * |
| Third-Party Plaintiff, | * |
| v. | * |
| JOHN DOE(S), | * |
| Third-Party Defendant(s). | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DAVID BOSHEA'S MOTION FOR AN EXTENSION OF
THE DISCOVERY DEADLINE, FILING DISPOSITIVE
<u>MOTIONS, AND SUBMISSION OF A JOINT STATUS REPORT</u>**

Plaintiff and Counterdefendant David J. Boshea ("Boshea") moves this Court for an order granting an extension of the date for the parties to complete discovery, file dispositive motions, and submit a joint status report. In support of his motion, Boshea states:

**THE PLEADINGS**

1. On February 5, 2021, Boshea filed his Complaint for Breach of Contract.

2. On July 29, 2021, Compass filed its Counterclaim and Third-Party Complaint against Boshea and unknown third parties.

1

3. On August 5, 2021, Boshea filed his Amended Complaint for Breach of Contract to clarify certain facts.

4. On September 15, 2021, Boshea filed his Second Amended Complaint for Breach of Contract to include his alternative claim under the Illinois Wage Collection and Payment Act.

### THE COURT'S SCHEDULING ORDER

5. By its June 29, 2021 order (CM/ECF 20), the Court set December 1, 2021 as the discovery deadline and the date for submitting a joint status report in this lawsuit. The Court also limited the number of deposition hours to fifteen (15) and provided the parties with the opportunity to seek additional time for depositions. Neither party sought to expand the number of deposition hours.

6. In that order, the Court set January 7, 2022 as the last date for filing dispositive pretrial motions.

### BOSHEA SEEK ADDITIONAL TIME TO COMPLETE DISCOVERY, FILE DISPOSITIVE MOTIONS AND FILE A JOINT STATUS REPORT

7. The parties, in consultation with the Hon. Susan K. Gauvey, United States Magistrate Judge, determined that they require additional time to complete discovery in this lawsuit. Judge Gauvey contacted Boshea's counsel to prepare a proposed joint motion seeking the relief contained in this motion. In compliance with that suggestion, Boshea's counsel draft a joint motion and submitted the proposed motion to counsel for Compass Marketing, Inc. ("Compass"). The parties could not agree on the scope of the parties' request. Given the looming deadline, Boshea advised Compass that he would submit this motion to allow the Court sufficient time to consider the relief requested. Boshea did not hear from Compass concerning Boshea's intention to deliver this motion.

8. Boshea has a significant need for an extension of the discovery deadline. Boshea has advised Compass' counsel that Boshea requires that Compass produces certain documents it

2

identified in response to Boshea's interrogatories and produce several of its employees for depositions in this case. However, to date, Compass claims it does not have the documents it identified as existing and has refused to respond to Boshea's request that it obtain the documents, which are employment agreements, from its employees. In addition, Compass has ignored Boshea's requests for dates on which its employees can testify.

9. Compass has focused all of its energy on a collateral dispute with Daniel White, Daniel White, and George White rather than returning any of the numerous calls or responding to multiple emails in which Boshea has sought to schedule depositions and obtain documents. Every communication received from Compass concerns Daniel White, Daniel White, and George White, as Compass' counsel otherwise ignores Boshea's emails and messages.

### THE DISPUTE THAT LED TO BOSHEA FILING THIS MOTION

10. Compass and Boshea's dispute concerns Compass' request to expand the number of hours set aside to complete depositions of fact witnesses. Boshea did not seek or agree to increase the number of hours that the parties have available to examine fact witnesses beyond fifteen (15) hours. Compass, on the other hand, wants to expand the number of hours to twenty-five (25), even though it has not as of today's date identified or issued a subpoena to any witness that Boshea identified as knowing about Boshea's employment contract.

11. As a secondary matter, Compass asserts that it has not received documents it has requested; however, Boshea remains unclear on the documents to which Compass refers. Compass has received all of the documents it has requested from Boshea, other than a limited number of documents that are not yet due.

## COMPASS AND BOSHEA CANNOT AGREE ON THE SCOPE OF THE RELIEF REQUIRED DUE TO COMPASS' INTEREST IN SEEKING DISCOVERY UNRELATED TO THIS LAWSUIT

12. Boshea reasonably believes that Compass seeks to expand the number of hours in which to interrogate fact witnesses to perform discovery on matters outside the contours of this case.

13. Compass has scheduled Daniel and Michael White's depositions by Zoom on November 29 and December 1. Notwithstanding the Court's order limiting deposition hours for fact witnesses to fifteen (15) hours, Compass informed Boshea that it would seek to examine both Daniel and Michael White for a full seven hours each.

## THE WHITE FAMILY'S UNRELATED ISSUES DO NOT CREATE GROUNDS FOR EXTENDING THE NUMBER OF DEPOSITION HOURS

14. John White is Compass' fifty percent (50%) shareholder and was or is Compass' Chief Executive Officer. Daniel and Michael White are Compass shareholders claiming to hold fifty percent (50%) of Compass' shares. What appears most important is that John, Daniel, and Michael White are brothers, and John White has had a falling out with his entire family.

15. Daniel and John White founded Compass. Michael later joined the company, and the three of them ran the company.

16. For many years, Daniel, Michael, and John White have been involved in a dispute concerning John White's actions and failures as Compass' chief executive officer. In 2019, John White fired his brothers, while Daniel and Michael claimed John White did not have the right or ability to do so. Documents produced in the lawsuit show Daniel White communicated with the Securities and Exchange Commission concerning John White's violations of various securities laws. Further, as a part of their discovery dispute, both Compass and Daniel and Michael White have filed pleadings showing Daniel and Michael White sued Compass and John White regarding John White's diversion of corporate funds and assets, waste, fraudulent conveyances, the appointment of a receiver, an accounting, John White's defamatory statements, and sought

4

Compass' dissolution. Daniel and Michael White withdrew the lawsuit with leave to reinstate. Compass similarly alleged in pleadings relating to Daniel and Michael White's motions to quash subpoenas that Daniel and Michael White opened a bank account in Compass' name and have sought to destroy Compass.

17. These facts are important to the White family, but they have nothing to do with this lawsuit.

18. While Daniel and Michael White have knowledge concerning the allegations in this lawsuit, no reason exists for taking a whole day to depose each of John White's brothers.

**COMPASS SEEKS TO EXPAND THE NUMBER OF DEPOSITION HOURS TO DEPOSE A WITNESS WHO HAS NO USEFUL INFORMATION BUT HAPPENS TO BE RELATED TO JOHN WHITE**

19. George White is John White's nephew and Michael White's son. While Boshea is not sure, it seems likely that George and his uncle are not on speaking terms since John White has sued his nephew.

20. According to George White's attorney, Compass served a subpoena on George White and requested documents several weeks ago. Since Compass never provided a copy of the subpoena to Boshea and has not responded to Boshea's multiple requests for a copy of the subpoena, Boshea does not know what documents Compass seeks. Boshea does, however, know that George White has no documents, including communications with Boshea, that have any relevance to this lawsuit since George White's counsel copied Boshea on an email in which he stated that George White has no responsive documents.

21. While Boshea identified George White as knowledgeable about Boshea's performance as a Compass employee, George White will not provide testimony relevant to this lawsuit.

22. Boshea's performance is not at issue in this lawsuit, given that Compass admitted in response to an interrogatory that Compass terminated Boshea due to a reduction in force rather

5

than for cause. Moreover, when Boshea disclosed George White as a person with potential knowledge, Compass had not confirmed that Boshea's performance is not at issue in this lawsuit.

23. Boshea advised Compass that Boshea had not spoken, emailed, or texted with George White since well before Compass terminated Boshea. Boshea has not and does not assert that George White has knowledge regarding any issue that is likely to arise at trial. Notwithstanding these facts, Compass had indicated it would need to examine George White for several hours. Boshea reasonably believes Compass' interest in deposing George White concerns its or John White's claims against George White that are not related to this lawsuit.

### EXPANDING THE DEPOSITION HOURS WILL UNNECESSARILY DELAY THE RESOLUTION OF THIS LAWSUIT

24. While the allegations and cross-allegations may be of interest to those parties, they do not provide a basis for expanding the number of hours within which the parties may depose fact witnesses.

25. If Compass examines Daniel and Michael for fourteen hours, only one hour will remain to depose George White and no time to examine Boshea or anyone else. Based on the facts known to Boshea, very little of the deposition time will focus on the issues in this lawsuit, notwithstanding orders limiting the scope of their examinations. Extending the deposition hours would be a disservice to Boshea and the Court.

26. Compass has not advised Boshea of its interest in deposing any other witness other than Boshea; however, Boshea has identified other witnesses with knowledge of his employment agreement. Presumably, Compass might wish to depose those individuals.

### BOSHEA'S LIMITED REQUEST FOR AN EXTENSION OF TIME

27. Boshea provided a proposed joint motion to extend discovery to counsel for the Defendant and Counterplaintiff, Compass Marketing, Inc. ("Compass"). However, Compass has declined to

participate in a joint motion seeking the extension Boshea requests in this motion. For that reason, Boshea requests that the Court extend the discovery deadline within which the parties can complete discovery and the date for the submission of a joint status report to January 14, 2022. The proposed extension conforms to Judge Gauvey's suggestion.

28. Boshea proposes that the Court extend the date for the parties to file dispositive pretrial motions to February 15, 2022. Similarly, this request conforms to Judge Gauvey's suggested extension.

29. Boshea submits that the parties will not be prejudiced if the Court extends the deadline to complete discovery and file a dispositive motion and for the parties to submit a joint status report.

30. Boshea, therefore, respectfully requests this Court for an extension of the date of the completion of discovery, filing dispositive motions, and submission of a joint status report.

WHEREFORE, for the preceding reasons, Plaintiff and Counterdefendant, David J. Boshea respectfully requests that this Court grant its motion for an extension of the time within which the parties may complete discovery in this case currently scheduled for December 1, 2021, and for David Boshea's filing of a dispositive motion in this case currently scheduled for January 7, 2022, and for such other and further relief as this Court deems just.

Dated: November 24, 2021  **DAVID J. BOSHEA**

/s/ Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. Clark Street, Suite 400
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

CERTIFICATE OF SERVICE

Gregory Jordan certifies that he served David Boshea's Uncontested Motion for Extension of the Discovery Deadline and Submission of a Joint Status Report by service through the Court's CM/ECF system and email to [stern@kaganstern.com](mailto:stern@kaganstern.com), [rudiger@kaganstern.com](mailto:rudiger@kaganstern.com), and [yeung@kaganstern.com](mailto:yeung@kaganstern.com) on November 24, 2021.

/s/ Gregory J. Jordan
Gregory J. Jordan