IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| DAVID JOHN BOSHEA, <br><br> Plaintiff, <br><br> v. <br><br> COMPASS MARKETING, INC. <br><br> Defendant. | Case No. 1:21-cv-00309-ELH |

## NON-PARTY MICHAEL R. WHITE'S MOTION FOR LEAVE TO FILE SURREPLY IN FURTHER OPPOSITION TO MOTION FOR A CIVIL CONTEMPT SANCTION

Non-party Michael R. White ("Michael"), through his counsel, moves pursuant to Local Rule 1045.2.a, for leave to file a surreply in further opposition to the Motion for a Civil Contempt Sanction (ECF 63) filed by Defendant/Counterclaimant Compass Marketing, Inc. ("Compass").

A surreply is necessary to correct two inaccurate assertions in Compass's Reply (ECF 71), about the conduct of counsel for Michael regarding compliance with the subpoena at issue. In particular, Compass incorrectly asserts (ECF 71 at 8) that only one deposition date was offered for Michael — when in reality, many dates were offered — and incorrectly states (ECF 71 at 8 n.14) that Compass had not received production of the native format email and attachment requested in the subpoena — when in reality, the native files were already produced and received by Compass before the filing of the Reply.

These inaccurate statements in Compass's Reply raise for the first time events that took place after the undersigned began representing Michael, as well as events that took place after the filing of Michael's Opposition (ECF 67). Leave to file a surreply should be granted because

21337/0/03847660.DOCXv1

Michael would otherwise be unable to contest these matters. *Noohi v. Toll Bros.*, No. RDB–11–00585, 2012 WL 70648, at *1 (D. Md. Jan. 5, 2012) (granting leave to file surreply). While mindful of the general rule that a surreply is not the vehicle to contest misrepresentations wholesale, *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), this Court has recognized that in "appropriate circumstances" like Michael faces here, the concern should be brought to the Court's attention via a surreply request. *Cunney v. Patrick Commc'ns, LLC*, No. JKB-13-2519, 2016 WL 3997289, at *3 (D. Md. July 26, 2016), (citing *Khoury* and noting that a surreply would have been the proper means to correct specific misrepresentations that could affect the outcome of the motion), *aff'd sub nom. Cunney v. Patrick Commc'ns*, 703 F. App'x 204 (4th Cir. 2017).

Michael, through counsel, first brought these issues to Compass's attention over one week ago and explained why these two statements were not accurate. Compass refused to correct its errors. Without a surreply, these inaccurate statements will be left on the record, ostensibly to support Compass's request for various sanctions.[1] The three-page proposed surreply, attached as Exhibit A to this Motion, is limited to setting forth the reasons the statements are not correct and should not be considered as a basis for sanctions.

For the foregoing reasons, Non-Party Michael R. White requests that this Court grant this motion, deem the attached proposed surreply brief filed, and consider the surreply in deciding the Contempt Motion.

---

[1] Alternatively, Michael requests that the Court disregard these assertions as improperly raised. "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). The rationale behind this rule is "to avoid prejudice to the party who is not afforded a chance to rebut a new argument." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013).

                                                            Respectfully submitted,

Dated: December 7, 2021                           /s/
                                                    Justin A. Redd (Bar No. 18614)
                                                      KRAMON & GRAHAM, P.A.
                                                      One South Street, Suite 2600
                                                      Baltimore, Maryland 21202
                                                      (410) 752-6030
                                                      (410) 539-1269 (fax)
                                                      jredd@kg-law.com

                                                      *Attorneys for Non-Party Michael R. White*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of December, 2021, the foregoing was filed and served via CM/ECF on all counsel of record, and a paper copy will be submitted to the Clerk in accordance with Local Rule 105.1.a.

                                                         /s/
                                               Justin A. Redd