IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| DAVID JOHN BOSHEA, <br><br> Plaintiff, <br><br> v. <br><br> COMPASS MARKETING, INC. <br><br> Defendant. | Case No. 1:21-cv-00309-ELH |

### NON-PARTY MICHAEL R. WHITE'S SURREPLY IN FURTHER OPPOSITION TO MOTION FOR A CIVIL CONTEMPT SANCTION

Non-party Michael R. White, through his counsel, submits this surreply in further opposition to the Motion for a Civil Contempt Sanction (ECF 63) filed by Defendant Compass Marketing, Inc. ("Compass"), to correct two inaccurate assertions in Compass's Reply (ECF 71), which Compass cites as supposed reasons why sanctions should be levied against Michael White for non-compliance with his obligations in responding to the subpoenas at issue.

**A. Compass's assertion that Michael White only made himself available for deposition on one date is false.**

Contrary to Compass's Reply (ECF 71 at 8), Michael offered numerous dates, over several different communications to Compass's counsel, and in coordination with Judge Gauvey. The relevant correspondence was already attached as an exhibit to Michael's Opposition filed on November 12, 2021.  *See* ECF 67-4 at 3 (J. Redd emails offering November 16, 18, and 29); *id.* at 4 (S. Stern email noting that November 22 and 23 had been offered but rejecting both dates); *id.* at 2 (J. Redd email noting Judge Gauvey had cleared December 1 with all parties for the deposition).

21337/0/03847660.DOCXv1

In total, Michael communicated his availability on at least six dates, all within a few weeks and all within the original discovery deadline.  Under no interpretation of the communications and correspondence could Compass properly assert that only one date was offered.

> B. **Compass incorrectly asserts that the May 22, 2007 email was not produced in native format when the Reply was filed.**

Compass's assertion that Michael had not yet produced the particular email referred to in its Reply at page 8, footnote 14, is demonstrably inaccurate.  Michael indisputably produced the May 22, 2007 email in native format on November 18, 2021.  *See* Ex. 1 (email transmittal of files listing below the cover message files including an email with subject line "FW Your agreement is attached. Not signed off by our G.C. bu should ne tomorrow.").  Compass accessed the document production the following day.

Exhibit 2 is the report of the document transfer program showing all download activity from the domain @kaganstern.com.  There was no other download activity reported on any other date.  The electronic record demonstrates that Compass's counsel's office downloaded the native format email on November 19, 2021.  *See* Ex. 2 at lines 5, 8, 10, 12, 14, 15, 16, 17, 18 (showing download confirmation for the document production archive including the file "FW Your agreement is attached. Not signed off by our G.C. bu should ne tomorrow.").  Thus, Compass had the native email in its possession upon production by Michael.

Whether Compass had difficulty accessing it, or requested that it be produced by another means, or ultimately at a later time saved the native-format email and attachment it had already downloaded, is irrelevant.  The native file email with attachment was properly produced before the filing of the Reply, was never sent by any other means, and Compass's counsel's office had access to it the entire time.  Compass's assertion in the Reply is inaccurate.

### C. Compass's inaccurate assertions regarding Michael White's subpoena compliance cannot form any basis for sanctions.

In another context, these inaccurate assertions might not be material; here, however, Compass is relying on these incorrect statements as a partial basis to attempt to prove that Michael White should be sanctioned, including incarceration. Compass's refusal to correct its mistakes (at best), despite demonstrable electronic evidence to the contrary is troubling to say the least. Rather than a basis for sanctions by clear and convincing evidence, the true sequence of events demonstrates Michael's full, or at least substantial compliance. Accordingly, there is no contempt and no sanctions of any kind are warranted.

For the foregoing reasons, and the reasons set forth in the Opposition, Non-Party Michael R. White requests that this Court enter an Order denying Compass's Motion in its entirety.

Respectfully submitted,

Dated: December 7, 2021

/s/
Justin A. Redd (Bar No. 18614)
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030
(410) 539-1269 (fax)
jredd@kg-law.com

*Attorneys for Non-Party Michael R. White*