**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| **Plaintiff,** | * | |
| v. | * | **Case No. 1:21-CV-00309-ELH** |
| **COMPASS MARKETING, INC.** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DAVID BOSHEA'S LIMITED OBJECTION TO
### MOTION TO EXTEND DISCOVERY DEADLINE

Plaintiff, David J. Boshea, ("Boshea") files his limited objection to the Motion to Extend Discovery Deadline (CM/ECF 79 and 80) filed by Defendant, Compass Marketing, Inc., and states the following:

1. Compass' Motion to Extend Discovery Deadline (the "Motion") focuses on its desire to complete Michael and Daniel White's depositions and commence George White's testimony.

2. The Court might read the Motion to require the extension of discovery generally. However, David Boshea strongly objects to more than a limited extension of discovery.

3. As of January 14, 2022, the only depositions that the parties noticed but did not complete concern the testimony of David Boshea, John White, Daniel White, Michael White, George White, and Compass' expert Curt Baggett.

**DAVID BOSHEA SUPPORTS AN EXTENSION OF DISCOVERY FOR LIMITED PURPOSES**

4. While not noted in the Motion, David Boshea has a substantial need to complete the deposition of Compass' former chairman, John White. John White served as Compass'

chairman and signed the severance agreement at issue in this case, although Compass disputes the validity of his signature.

5. David Boshea noticed John White's deposition on two occasions, which the parties set by agreement for December 16, 2021, with David Boshea scheduled to sit on December 17.

6. On the eve of John White's testimony, Compass' counsel informed David Boshea's attorney that John White had been exposed to Covid-19 and was experiencing symptoms. Because of John White's illness, the parties postponed John White and David Boshea's depositions.

7. The parties rescheduled John White and David Boshea's depositions for January 13 and 14, 2022. On January 12, Compass' attorneys informed David Boshea's counsel that John White had once again been exposed to Covid-19 and was experiencing symptoms. According to counsel, John White's initial illness was not Covid. Due to John White's medical situation, the parties did not complete the depositions.

### DAVID BOSHEA DOES NOT OBJECT TO FURTHER EXAMINATION OF NON-PARTY WHITE FAMILY MEMBERS PROVIDED THE DEPOSITIONS FOCUS ON THIS LAWSUIT, RATHER THAN EFFORTS TO GAIN DISCOVERY IN OTHER LAWSUITS

8. John, Daniel, and Michael White are brothers and Compass shareholders. However, Daniel and Michael White disclosed that their relationship with their brother is far from harmonious.

9. When Daniel and Michael White sat for depositions, the questioning almost exclusively concerned a lawsuit they filed in Virginia against Compass and their brother, which they voluntarily dismissed, allegations about misdeeds regarding Compass' operations, assertions of mismanagement and misappropriation of assets, the brother's relative ownership of Compass stock, and disputes related to Stephen Stern, Compass' attorney.

10. Compass alleged during the depositions that questioning concerning the items outlined above went to the deponents' credibility and bias. However, Compass made little effort to garner facts about David Boshea's claims or Compass' defense during the depositions.

11. Daniel White's deposition transcript (CM/ECF 74-4) spans 223 pages, with his examination lasting four hours, including breaks. Michael White testified for almost 7.5 hours, including breaks, as shown by the 326 page transcript (CM/ECF 81-1).

12. David Boshea does not object to further examination of the White brothers, but he strenuously objects to questioning other than about issues in this lawsuit.

13. In the Motion, Compass notes that matters concerning credibility and bias are relevant and appropriate lines of questions for depositions. Motion at fn. 1. While those issues conceivably could have relevance at trial, the cumulative nature of the inquiries serves no purpose. After almost 11.5 hours and 549 pages of transcript, if Compass does not have the evidence it needs to question credibility and show bias, it never will obtain the evidence.

14. David Boshea does not object to further examining Daniel White and Michael White to the extent that Compass needs to pose questions related directly to the facts in the complaint and counterclaim. However, David Boshea objects to any examination beyond the allegations in the complaint or counterclaim. David Boshea seeks to avoid more questioning that strays into disputes between Compass and the White brothers, claims by or against John White and his brother or attempts to obtain more evidence of bias or challenging credibility.

### DAVID BOSHEA DOES NOT OBJECT TO COMPASS DEPOSING GEORGE WHITE, IF THE EXAMINATION FOCUSES ON THIS LAWSUIT AND NOT OUTSIDE DISPUTES

15. David Boshea has advised Compass that he has no reason to believe George White has any information pertinent to this lawsuit. David Boshea told Compass that he has no plans to

call George White as a witness at trial. David Boshea is, however, aware that George White

is a party to litigation that either Compass or his uncle, John White, filed against him. If

Compass wishes to depose George White, the Court should limit the examination to the

issues in this lawsuit. If Compass or John White desires to obtain facts relevant to other

proceedings, Compass should not force David Boshea to participate.

### DAVID BOSHEA SUPPORTS AN EXTENSION TO COMPLETE EXPERT DISCOVERY

16. Finally, each party disclosed an expert witness or witnesses that the other party had not

deposed. The expert testimony concerns opinions about the validity of John White's

signature on David Boshea's severance agreement.

17. Before David Boshea can depose the expert witness and rebuttal expert witness Compass

disclosed, he needs to examine John White concerning his signature on the most important

document in this lawsuit.

18. David Boshea does not object to extending the discovery cutoff to allow the parties to

examine expert witnesses.

### THE PARTIES SHOULD SUBMIT THEIR JOINT STATUS REPORT AFTER COMPLETING DISCOVERY

19. The parties have discussed completing John White and David Boshea's depositions in the

last week of January 2022. However, even if the parties complete those examinations

within that period, the parties will need to schedule the White brothers, George White, and

the expert's deposition.

20. While the parties do not have a significant amount of discovery to complete, in February

2022, David Boshea's primary counsel has to participate in two trials in the Illinois state

court and submit a response brief in an appeal made to the Seventh Circuit Court of

Appeals. As a result, David Boshea proposes that the Court extend the discovery deadline

to March 15, 2022, with the joint status report due on that date. Further, to the extent either party seeks to file a dispositive motion, David Boshea requests that the Court set a March 30, 2022 deadline.

**THE COURT SHOULD EXTEND THE DISPOSITIVE MOTION DEADLINE TO MARCH 30, 2022**

21. Given David Boshea's lead counsel's trial and appeal schedule, David Boshea submits that a March 30, 2022 dispositive motion deadline would be appropriate.

WHEREFORE, David J. Boshea respectfully requests this Court enter an order extending discovery to allow for the depositions of David Boshea, John White, Daniel White, Michael White, George White, and the disclosed experts, but limit the scope of inquiry at Daniel White, Michael White, and George White's depositions to testimony directly concerning the facts in the complaint and counterclaim filed in this lawsuit, bar further efforts to obtain testimony to show Daniel White and Michael White's bias or questioning their credibility, require the parties submit a joint status report on or before March 15, 2022, set March 31, 2022 as the deadline for filing dispositive motions, and for such other relief as this Court deems appropriate.

Dated:  January 17, 2022                     Respectfully submitted,

                                             /s/ Gregory J. Jordan
                                             Gregory J. Jordan (Admitted Pro Hac Vice)
                                             Jordan & Zito LLC
                                             350 N. LaSalle Street, Suite 1100
                                             Chicago IL 60654
                                             (312) 854-7181
                                             gjordan@jz-llc.com

                                             Thomas J. Gagliardo (Bar No. 08499)
                                             of Counsel
                                             Gilbert Employment Law, P.C.
                                             1100 Wayne Ave, Suite 900
                                             Silver Spring, Maryland 20910
                                             tgagliardo@gelawyer.com

                                             COUNSEL FOR DAVID J. BOSHEA

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 17, 2022, I caused David Boshea's Limited Objection To Motion to Extend Discovery Deadline to be served via CM/ECF on:


Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
Kagan Stern Marinello & Beard, LLC
238 West Street
Annapolis, Maryland 21401
*Email: stern@kaganstern.com*
*Email: yeung@kaganstern.com*
*Attorneys for Defendant and Counterplaintiff*
*Compass Marketing, Inc.*

and via email to:

Justin A. Redd
Kramon & Graham, P.A.
1 South Street, Suite 2600
Baltimore, Maryland 21202
Email: jredd@kg-law.com
*Counsel for Non-Parties Michael White*
*and George White*

Bruce L. Marcus, Esquire
MarcusBonsib, LLC
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
Email: bmarcus@marcusbonsib.com
*Counsel for Non-Party Daniel White*

/s/ Gregory J. Jordan
Gregory J. Jordan
