**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

DAVID J. BOSHEA                              *

     Plaintiff,                              *

                              **Case No. 1:21-CV-00309-ELH**

v.                                           *

COMPASS MARKETING, INC.                      *

     Defendant.                              *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**COMPASS MARKETING'S REPLY TO DAVID BOSHEA'S OBJECTION TO**
**MOTION TO EXTEND DISCOVERY DEADLINE**

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Reply to David Boshea's Objection to Motion to Extend Discovery Deadline.  While the parties agree that an extension of discovery is warranted in this case, Plaintiff David Boshea ("Boshea") incorrectly characterizes the scope of the issues that need to be addressed during the remainder of discovery as well as certain matters that have already transpired in this litigation, and seeks to impose a close of the discovery deadline and dispositive motion deadline that would be prejudicial to Compass Marketing.

1.     While Boshea is correct that the remainder of discovery is focused primarily on the completion of Daniel White's and Michael White's depositions, and the taking of George White's deposition, the issues to be addressed in those depositions are broader than what Boshea would like explored, but Boshea's desire to try to protect the credibility of Daniel White, Michael White, and George White (all of whom appear, according to facts uncovered during discovery in this litiation, to have aided and abetted Boshea in concocting this baseless lawsuit premised on a forged

document, as confirmed by two experts, neither of whom has been contradicted by Boshea's expert) does not justify the restrictions on discovery of relevant matters that Boshea has requested.

2.     As an initial matter, Boshea's objection appears to be seeking relief that is more properly requested in the form of a protective order, which he did not file and, on that basis alone, Boshea's Objection should be overruled in its entirety.

3.     Boshea is asking the Court to limit the subject matters that Compass Marketing can address in the depositions of Daniel White, Michael White, and George White.[1]  Additionally, if information obtained from Daniel White, Michael White, and/or George White is uncovered during depositions that leads to other witnesses needing to be deposed, Boshea wants the Court to preclude Compass Marketing from pursuing those leads.  Boshea's request is an improper limitation on discovery.

4.     Even if Boshea did file a motion for protective order or the Court were to treat Boshea's Objection as if it were a motion for protective order (which it should not), Boshea does not have standing to limit the questions posed to these (or other) third parties.  *See Robertson v. Cartinhour*, Civil Action No. AW-09-3436, 2010 U.S. Dist. LEXIS 16058, at *3 (D. Md. Feb. 23, 2010) ("A party does not have standing to challenge a subpoena issued to a non-party 'unless the party claims some personal right or privilege in the information sought by the subpoena.'") (internal citations omitted).

5.     In his Objection, Boshea characterized Compass Marketing's attempt at deposing Daniel White and Michael White[2] as being focused "almost exclusively" on the previously

---

[1] Boshea also notes the need for certain depositions that he would like to take in the extended discovery period, and Compass Marketing consents to the taking of those depositions.  Compass Marketing will comment further on those matters below.

[2] Compass Marketing characterizes it an attempt because Daniel White and Michael White did not answer most of the questions posed to them, particularly those that addressed concerns about their bias and credibility.  This has already been substantially detailed for the Court.  *See* Dkt. Nos. 74 and 81.

identified Virginia litigation.  A quick skim of those deposition transcripts will clearly demonstrate that Boshea's characterization of the questions posed to Daniel White and Michael White is simply incorrect.  Aspects of the Virginia litigation were addressed in those depositions because Daniel White and Michael White both claim to be owners of Compass Marketing (an issue they raised in this litigation themselves by making assertions regarding their alleged ownership interests in filings they submitted to this Court), but they took positions in the Virginia litigation and in other documents, including under oath, regarding their alleged ownership interests that are contradictory and also not true, which undermines their credibility and demonstrates a bias against Compass Marketing.

6.      Compass Marketing also addressed in their partial depositions various instances in which Daniel White and Michael White have tried to cause harm to Compass Marketing (the company they claim to own).  For example, the Virginia litigation filed by Daniel White and Michael White sought the judicial dissolution of Compass Marketing.  In addition, they engaged in various schemes to improperly extract funds from the company, including at least one other severance scheme involving multiple former employees that was concealed from the company. Considering the substantial efforts they have undertaken to support Boshea in this litigation (against the company they claim to own), exploring these factual matters is clearly appropriate because these factual matters concern Daniel White's and Michael White's credibility and bias, which are necessarily discoverable.  *See, e.g.*, *Behler v. Hanlon*, 199 F.R.D. 553, 556-57 (D. Md. 2001) (citing *United States v. Abel*, 469 U.S. 45, 49-52 (1984)) ("Although not directly covered by a specific rule of evidence, a witness may be impeached by showing that he or she is biased, has an interest in the outcome of the litigation, is prejudiced in some relevant way, or has a motive to testify in a particular way."); *see also id.* at 555 n.3 ("Similarly, *information that could be used*

*to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable*.") (emphasis added); *Pete v. Big Picture Loans, LLC*, Civil Action No. 3:17-cv-461, 2020 U.S. Dist. LEXIS 124060, at *14-*15 (E.D. Va. July 14, 2020) (noting that deposition discovery rules "are to be accorded a broad and liberal treatment" and finding that "the scope of discovery is broad and easily encompasses questions regarding [witness'] potential bias and credibility"); Commentary to Rule Changes, Court Rules, 192 F.R.D. 340, 389 (stating "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable").

7.      Boshea portrays these efforts to obtain discovery from Daniel White and Michael White as making "little effort to garner facts about . . . Boshea's claims or Compass' defense[,]" but that self-serving false characterization completely ignores Compass Marketing's position, which has been stated repeatedly in this litigation – that Daniel White and Michael White have aided and abetted Boshea in bringing this baseless lawsuit[3] premised on a forged document to extract substantial funds from Compass Marketing through a severance scheme as part of their ongoing effort to bring down and ultimately dissolve Compass Marketing.  Because Daniel White and Michael White (and George White as well to a lesser extent) have an extensive history of engaging in behavior that indicates a desire to see the demise of Compass Marketing, and they appear to have provided substantial support to Boshea in connection with this litigation against the company they purport to own, it is not only reasonable, it is appropriate for Compass Marketing to explore these matters during discovery.

---

[3] The extensive assistance provided by Daniel White and Michael White includes many communications before and during the litigation – both with Boshea and his counsel – regarding claims to be made, documents to be introduced into evidence/discovery, settlement strategy, and more.

4

8.      While Boshea suggests that Compass Marketing has already deposed Daniel White and Michael White for several hours, Boshea's "counting of the hours" obviously disregards the extensive gamesmanship undertaken by Daniel White, Michael White, and their respective attorneys (and Boshea's counsel to some extent) to evade relevant questions, make speaking objections, argue over relevance, and undertake other efforts to prolong the depositions needlessly, which is all documented in the deposition transcripts submitted to this Court.[4]

9.      Although Boshea does not object to Compass Marketing deposing George White, Boshea oddly notes in his Objection that he believes that George White does not have any pertinent information about this lawsuit.  It is unclear why Boshea would articulate such a position in his Objection if he is consenting to extending discovery in part to schedule George White's deposition. Moreover, Boshea's contention that George White has no information relevant to this lawsuit is false and disingenuous.  *See, e.g.*, Dkt. No. 64-7 (demonstrating Boshea asked Daniel White on June 7, 2021 – which was during this litigation and years after Daniel White, Michael White, and George White ceased employment with Compass Marketing – to see "[i]f George [White] can find those emails Bernie [code name for John White] sent to me" to try to obtain "info you think [G]reg can use to put [S]tern / Bernie down to settle").  The fact that Boshea's email to Daniel White suggests George White could source emails to which he was not a party and from a company that no longer employed him raises obvious concerns and certainly suggests that George White has at least some "pertinent information" about this lawsuit.  Thus, deposing George White in this

---

[4] Ordinarily, Compass Marketing would not submit entire deposition transcripts to the Court, but, in this case, it was necessary to show the pervasive efforts undertaken by Daniel White, Michael White, and their respective attorneys, to avoid answering questions that go to their bias and credibility.  If they did not want to be witnesses in this lawsuit, they easily could have and should have not collaborated with Boshea to bring it.

litigation is certainly appropriate and all matters concerning his credibility and bias are appropriate issues to be explored.

10.     The fact that Boshea is boldly seeking to prevent Compass Marketing from addressing these bias/credibility issues is quite revealing, but also is not appropriate because such evidence undermines the credibility of Boshea's claim

11.     In his Objection, Boshea recounts the history of scheduling John White's deposition and the need to reschedule it.  In doing so, Boshea implies (he does not come out and expressly make the accusation) that the COVID-19 related concerns surrounding his deposition were fabricated.  This is not only unfair and irresponsible during a pandemic, it is simply not true, as multiple members of the Compass Marketing team who have played a significant role in this litigation have contracted COVID-19.[5]  Under the circumstances, the health and safety of the parties and their respective counsel and families required the postponement of certain depositions.

12.     In his Objection, Boshea notes that he does not object to depositions being taken during the extended discovery of the three experts designated in this case – two by Compass Marketing, one by Boshea.  Although Compass Marketing did not expressly identify these depositions in its Motion to Extend as being warranted during extended discovery, Compass Marketing is amenable to conducting those depositions, if requested, during extended discovery.

13.     With respect to expert depositions, Boshea does not account for recently raised issues concerning ESI (metadata to be specific).  Compass Marketing is evaluating whether it would like to designate an expert to address those issues.  Thus, there may be a need for additional expert designation(s) and depositions.

---

[5] Compass Marketing's Chairman, John White, tested positive for COVID-19 on or about January 13, 2022, as confirmed by a test administered by the Anne Arundel County Department of Health, and Ronald Bateman, a Compass Marketing employee substantially involved in deposition and litigation preparation, also has tested positive.

14.     In his Objection, Boshea requests that discovery be extended only to March 15, 2022, which would precede the Show Cause Hearing that has been rescheduled to March 29, 2022. This premature close to discovery necessarily leaves Compass Marketing insufficient time to schedule the remainder of Daniel White's deposition and Michael White's deposition.  In addition, until Compass Marketing has the opportunity to complete the depositions of Daniel White and Michael White (and George White), it is unclear whether either or both of them will identify additional witnesses that need to be deposed in connection with Compass Marketing's defense of Boshea's claim or in connection with its affirmative claim concerning the anonymous mailings that caused harm to Compass Marketing (as described in Compass Marketing's Counterclaim). Thus, discovery should be extended at least 30 days following the Court's ruling on the Show Cause Hearing.

15.     In his Objection, Boshea seeks a dispositive motion deadline that is only 15 days following Boshea's proposed close of discovery.  Such a short time frame for the filing of dispositive motions following the close of discovery would be prejudicial to Compass Marketing, as the typical time frame for the filing of dispositive motions is at least 30 days following the close of discovery and such a short window (as proposed by Boshea) does not even account for any potential delays in obtaining deposition transcripts that may be taken in the final days of discovery (and the typical turnaround time for deposition transcripts without having to pay expedited fees is approximately 10 to 14 days).  Thus, Compass Marketing believes that any dispositive motion deadline should be at least 30 days following the close of discovery.

Dated:  January 25, 2022

Respectfully submitted,

/s/Stephen B. Stern
Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  yeung@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2022, the foregoing Reply to Objection to Motion to Extend Discovery Deadline was served via the CM/ECF system on the following counsel of record:

Thomas J. Gagliardo
Gilbert Employment Law, PC
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Email: tgagliardo@gelawyer.com

Gregory J. Jordan
Mark Zito
Jordan & Zito, LLC
350 N. LaSalle Drive, Suite 1100
Chicago, Illinois 60654
Email: gjordan@jz-llc.com

*Attorneys for Plaintiff*
*David Boshea*

Justin A. Redd
Kramon & Graham, P.A.
1 South Street, Suite 2600
Baltimore, Maryland 21202
Email: jredd@kg-law.com

*Counsel for Non-Party*
*Michael White*

Bruce L. Marcus, Esquire
MarcusBonsib, LLC
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
Email: bmarcus@marcusbonsib.com

*Counsel for Non-Party*
*Daniel White*

*/s/ Stephen B. Stern*
Stephen B. Stern