IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| DAVID JOHN BOSHEA, <br><br> Plaintiff, <br><br> v. <br><br> COMPASS MARKETING, INC. <br><br> Defendant. | Case No. 1:21-cv-00309-ELH |

**NON-PARTY GEORGE M. WHITE'S**
**OPPOSITION TO MOTION TO EXTEND DISCOVERY DEADLINE**

Non-party George M. White ("George"),[1] through his counsel, opposes the Motion To Extend Discovery Deadline (ECF 80) filed by Defendant/Counterclaimant Compass Marketing, Inc. ("Compass Marketing").

1. George opposes an extension of discovery as to his deposition. Although it is not mentioned in either party's filings (ECF 80, 82, 88), George made himself available on numerous dates during the discovery period, as already extended. (ECF 73.) The deposition did not take place because of Compass Marketing's own lack of diligence. Therefore, the purported need to take George's deposition provides no basis to extend the discovery deadline.

2. George was served with a subpoena by Compass Marketing on November 4, 2021. The deposition date noted on the subpoena was unilaterally selected by Compass Marketing's counsel before serving the subpoena, and was not cleared with the non-party witness

---

[1] Because several members of the White family are involved as witnesses in this case, George White is referred to by his first name.

nor with counsel for Mr. Boshea.[2]  Ex. 2 (G. Jordan email to S. Stern, Nov. 22, 2021); Ex. 3 (G. Jordan email to S. Stern, Nov. 22, 2021).

3. George timely objected to the subpoena on November 18, 2021, and engaged in good faith efforts regarding this discovery dispute.  Ex. 1 (Objections); Ex. 2 (J. Redd emails to S. Stern, Nov. 22, 2021).  Despite George's lack of responsive information — he has no responsive documents in his possession, custody, or control — it was recognized that George has been mentioned by others in certain communications and discovery in the case.  Ex. 2 (J. Redd email to S. Stern, Nov. 22, 2021 11:59 am).  Accordingly, while maintaining that he does not have knowledge as to the events disputed in this case that warrants deposing him, George provided dates for a deposition on at least three occasions.  A total of 9 dates were offered.  Ex. 4.  Compass Marketing never responded as to any of those dates.  Compass Marketing also did not take any further action pursuant to Rule 45(d)(2)(B)(i) following George's subpoena objections.

4. Just before the close of discovery, on January 9, 2021, Compass Marketing asked to schedule George's deposition.[3]  Ex. 5.  With such short notice, it was not feasible to schedule

---

[2] It does not appear that Compass Marketing complied with Rule 45(a)(4) regarding notice to Mr. Boshea as a party of a subpoena seeking documents.  Ex. 2 (G. Jordan and J. Redd emails to S. Stern, Nov. 22, 2021).

[3] In its most recent communication, Compass Marketing noted that the deposition could proceed remotely and would last half a day at most.  Ex. 5.  Compass Marketing had previously insisted that the deposition would not be brief and that it must be held in person at the Anne Arundel County Circuit Court.  Compass Marketing never provided a reason for noting the deposition there.  Ex. 2 (J. Redd email to S. Stern, Nov. 22, 2021).  The undersigned finally called the clerk's office of the Anne Arundel County Circuit Court, to inquire whether a deposition was allowed to be held there under the current COVID-19 protocols.  The clerk's office informed the undersigned that a special request had been made by Mr. Stern based on security concerns, which the Anne Arundel County Circuit Court granted to allow the deposition to be held in the courthouse.  The purported security concerns have never been articulated by Compass Marketing.

the deposition before the end of the discovery period. *Id.* (J. Redd email to S. Stern, Jan. 11, 2021). George will, of course, comply with a valid subpoena (a he already has) or other order of the Court. As it stands now, though, George was not asked to consent to an extension of the discovery period, and did not consent to any extension.

5.  Compass Marketing's lack of diligence in pursuing the deposition of George within the discovery period should not be excused or rewarded. The basis to depose George is tenuous at best. As a non-party, any deposition is burdensome and not likely to lead to any information that justifies this burden. Rule 45(d)(1); Rule 26(g). Having already made himself available on numerous occasions, George should not be required to incur further expense and burdens on his time because of Compass Marketing's failure to timely cooperate as to its own subpoena.

6.  George takes no position as to the requested extension of discovery for the purposes of completing depositions of the parties and experts. No extension, however, is warranted based on any lack of opportunity to depose third parties, including George.

WHEREFORE, Non-Party George M. White requests that this Court enter an order denying the Motion To Extend Discovery Deadline as it pertains him.

                                                Respectfully submitted,

Dated:  January 28, 2022                      /s/
                                             Justin A. Redd (Bar No. 18614)
                                             KRAMON & GRAHAM, P.A.
                                             One South Street, Suite 2600
                                             Baltimore, Maryland 21202
                                             (410) 752-6030
                                             (410) 539-1269 (fax)
                                             jredd@kg-law.com

                                             *Attorneys for Non-Party George M. White*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of January, 2022, the foregoing was filed and served via CM/ECF on all counsel of record, and a paper copy will be submitted to the Clerk in accordance with Local Rule 105.1.a.

                                                                            /s/
                                                     Justin A. Redd