# EXHIBIT 1

LAW OFFICES
## KRAMON & GRAHAM, P. A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201

JUSTIN A. REDD
DIRECT DIAL
(410) 347-7432

TELEPHONE: (410) 752-6030
FACSIMILE: (410) 539-1269

www.kramonandgraham.com

E-MAIL
jredd@kg-law.com
DIRECT FACSIMILE
(410) 361-8228

November 18, 2021

*Via Email*
Stephen Stern
Stern@kaganstern.com

   Re: *Boshea v. Compass Marketing, Inc.*, No. 21-0309-ELH
      George White Subpoena

Dear Stephen:

  This firm represents George White ("George"), a non-party, in connection with the subpoena duces tecum served by Compass on November 4, 2021. George objects to the subpoena pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure.

  George only began administering the Compass email system well after the 2007 email and agreement in question, and left the company well before Mr. Boshea's termination. George has not worked on or had access to any Compass IT resources since leaving employment in approximately May of 2019.

  George has no documents in his possession, custody, or control that are responsive to the subpoena. In addition, the documents listed in the subpoena are already being sought from various sources, including the parties and other non-parties. Therefore, the subpoena runs afoul of the principles stated in *Richardson v. Sexual Assault/Spouse Abuse Rsch. Ctr., Inc.*, 270 F.R.D. 223, 226 (D. Md. 2010) (citing Rule 26(g)(1)(B)(ii)).

  The subpoena also violates the issuer's duty under Rule 45(d)(1) to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," not only with regard to the request for documents, but for the deposition as well. George has had no communications with Mr. Boshea that could be relevant or discoverable in this case. Indeed, Mr. Boshea does not even list George as a person with any knowledge. *See* Ans. No. 8, ECF 40-1. Without more, it is difficult to discern what the good-faith basis for this request may be. Rule 26(g) requires that every discovery request be signed by counsel, certifying "that to the best of [his] knowledge, information, and belief formed after a reasonable inquiry," the request is consistent with the federal rules, is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g)(B)(i)–(iii).

Stephen Stern
November 18, 2021
Page 2

      Based on the foregoing, there is no basis to depose George. Any deposition of George, a non-party, in this matter is not proportional to the needs of the case, and subjects him to an undue burden.

      If there is additional information that might articulate some entitlement to depose George in relation to the claims or defenses in this case, please provide it to the undersigned.

      Please let me know some timeframes in the coming days when we can schedule a call to attempt to resolve these issues, and work out a mutually agreeable time and place for a deposition if one really is warranted.

      Sincerely,

      /s/

      Justin A. Redd


cc:    David B. Irwin

21343/0/03830710.DOCXv1