# EXHIBIT 2

**Sandra R. Vogel**

| | |
|---|---|
| **From:** | Gregory Jordan <gjordan@jz-llc.com> |
| **Sent:** | Monday, November 22, 2021 8:55 PM |
| **To:** | Justin A. Redd; Stephen Stern |
| **Cc:** | David B. Irwin; Sandra R. Vogel; tgagliardo@gelawyer.com |
| **Subject:** | Re: Boshea v. Compass Marketing, Inc. - George White |

If the deposition will require attendance in person, I doubt any of the proposed dates work, but I will review. If the deposition occurs via Zoom, I can participate on each of the proposed dates other than December 2.

Gregory J. Jordan
Jordan & Zito LLC
350 North LaSalle Street, Suite 1100
Chicago Illinois 60654
(312) 854-7181 (Office)
(312) 543-7354 (Cellular)

---

**From:** Justin A. Redd <JRedd@kg-law.com>
**Sent:** Monday, November 22, 2021 7:50:47 PM
**To:** Stephen Stern <Stern@kaganstern.com>; Gregory Jordan <gjordan@jz-llc.com>
**Cc:** David B. Irwin <dirwin@kg-law.com>; Sandra R. Vogel <svogel@kg-law.com>; tgagliardo@gelawyer.com <tgagliardo@gelawyer.com>
**Subject:** RE: Boshea v. Compass Marketing, Inc. - George White

Stephen:

This deposition date was obviously also not cleared with the parties ahead of time, which is a separate issue that Greg has addressed a couple times now. It is also unclear whether or not Rule 45(a)(4) notice of the request for documents was given to the opposing party. Therefore, the deposition could not have properly gone forward tomorrow even if George and I were available.

In any event, there was no "sudden" unavailability. The date has been unavailable, and it should have been apparent from my letter with objections last week that a deposition would not go forward tomorrow but if presented with a basis to show that the deposition had any good faith basis for discoverability underlying it (although I still disagree that George White has any information relevant to this case), I would work to schedule a mutually convenient time as set forth in your Oct. 28 cover letter. Two calls from Greg and me to your office today to do just that went unreturned. Even so, George White's deposition can take place on Monday 11/29 after Daniel White, Tuesday 11/30 (1 pm or later), Wednesday 12/1 before or after Michael White, Thursday 12/2, or Friday 12/3 morning.

As I have noted in trying to schedule Michael White's deposition with you, this deposition cries out for being conducted remotely, to increase the available times for conducting it and to lessen the burden on the non-party witnesses. I do not see how George White's deposition could involve any appreciable number of documents. If you insist on conducting the depositions with all persons in the room masked for the entire time, then so be it. If it must be in person, I still have not heard any basis for having the deposition in the courthouse, as opposed to a law office. Can you please explain why the depositions have been noted for the courthouse?

The objections to the document subpoena stand, and there is no effort to delay based on those timely objections. I note your statement that there is no alternative to filing a motion, but we have not really been able to make sincere efforts to resolve this dispute yet. That is one of the reasons Greg and I tried to reach you by phone today. I also asked you to call me or tell me some times we could have such a call in my objection letter last week, but I have not heard back on that. Please let me know when you are available for a meet and confer call. Tomorrow at noon or 1 p.m. has opened back up for me. There are several issues that pertain to both my clients that have been laid out in emails and letters that we should discuss.

1

**Justin A. Redd**
www.justinaredd.com
D 410-347-7432 | F 410-539-1269
jredd@kg-law.com | vCard | (he/him/his)

**KRAMON & GRAHAM PA**
ATTORNEYS AT LAW
One South Street | Suite 2600 | Baltimore, MD 21202
T 410-752-6030 | F 410-539-1269 | www.kramonandgraham.com

---

**From:** Gregory Jordan <gjordan@jz-llc.com>
**Sent:** Monday, November 22, 2021 4:36 PM
**To:** Stephen Stern <Stern@kaganstern.com>; Justin A. Redd <JRedd@kg-law.com>
**Cc:** David B. Irwin <dirwin@kg-law.com>; Sandra R. Vogel <svogel@kg-law.com>; tgagliardo@gelawyer.com
**Subject:** Boshea v. Compass Marketing, Inc. - George White

Stephen,

I have no record of receiving a notice of George White's deposition or any subpoena. Moreover, I am not available tomorrow.

Not having the subpoena, I have no idea what documents you seek, but they would not involve any communication with David Boshea over the last several years. As I indicated earlier today, I have never communicated with George White. As to David Boshea, I confirmed today that he and George White has not spoken, texted, or emailed for several years.

Gregory J. Jordan
Licensed in Illinois and Indiana
**NOTE OUR NEW ADDRESS:**
Jordan & Zito LLC
350 North LaSalle Street, Suite 1100
Chicago Illinois 60654
(312) 854-7181 (Office)
(312) 543-7354 (Cellular)
gjordan@jz-llc.com

**Notice from Jordan & Zito LLC **

To comply with United States Treasury regulations, I advise you that any discussion of Federal tax issues in this communication was not intended or written to be used and cannot be used by any person (a) to avoid penalties that may be imposed by the Internal Revenue Service, or (b) to promote, market or recommend to another party any matter addressed herein. This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom this sender addressed the email. If you have received this in error, please do not forward or use this information. If an error has occurred, contact me immediately. I do not intend that my information block, typed name, or anything else in this message constitutes my electronic signature unless I make a specific statement contrary to this message.

Jordan & Zito LLC

---

**From:** Stephen Stern <Stern@kaganstern.com>
**Sent:** Monday, November 22, 2021 3:22 PM
**To:** Justin A. Redd <JRedd@kg-law.com>
**Cc:** David B. Irwin <dirwin@kg-law.com>; Sandra R. Vogel <svogel@kg-law.com>; Gregory Jordan <gjordan@jz-llc.com>; tgagliardo@gelawyer.com
**Subject:** RE: Boshea v. Compass Marketing, Inc. - George White

Justin:

I do not understand how George White suddenly became unavailable less than 24 hours before the start of his deposition. Please advise as what his sudden conflict is and when it came about.

Your assertions that George White does not have any documents responsive to the subpoena is belied by the documents I provided to you (plus the evidence that he along with Michael have been accessing compassmarketinginc.com emails long after they were terminated from employment). If George White continues to dig in with this implausible position, we will be left with no alternative but to file an appropriate motion.

This is an obvious ploy to delay his deposition as long as possible. If there was an intent/desire to get it rescheduled promptly, I am sure he could have offered multiple alternative dates, but none were provided.

Please identify each date between now and December 1 when George White is available for deposition. And your date proposals should not presume it will be "a very short deposition."

Stephen



**Stephen B. Stern, Esq.**
stern@kaganstern.com
**Kagan Stern Marinello & Beard, LLC**
(410) 793-1610 (direct)
(410) 216-7900, ext. 1009
(410) 705-0836 (fax)
238 West Street
Annapolis, Maryland 21401
www.kaganstern.com

---

**From:** Justin A. Redd <JRedd@kg-law.com>
**Sent:** Monday, November 22, 2021 11:59 AM
**To:** Stephen Stern <Stern@kaganstern.com>
**Cc:** David B. Irwin <dirwin@kg-law.com>; Sandra R. Vogel <svogel@kg-law.com>
**Subject:** RE: Boshea v. Compass Marketing, Inc. - George White

Stephen,

I write to follow up on Greg Jordan's email regarding deposition scheduling and his unavailability tomorrow. My client and I are also not available for a deposition tomorrow. It is my understanding that this date was not cleared with any party or non-party. The October 28, 2021 cover letter from your office states as much. In any event, tomorrow is not viable.

Nothing about the documents you sent to me changes the facts set forth in my letter — George has no responsive documents in his possession, custody, or control and does not have information relevant to the issues in this case. George has not misrepresented anything, and it is disappointing that you resort so quickly to such unfounded accusations. I recognize, however, that the presence of George's name on some documents in the case may in the Court's determination meet the low bar of discoverability, so am attempting in coordination with Mr. Jordan to schedule the deposition on a mutually convenient date as stated in your letter.

Please call us back so we can block off a time for what should be a very short deposition.

Thanks,

**Justin A. Redd**
www.justinaredd.com
D 410-347-7432 | F 410-539-1269
jredd@kg-law.com | vCard | (he/him/his)

**KRAMON & GRAHAM PA**
ATTORNEYS AT LAW
One South Street | Suite 2600 | Baltimore, MD 21202
T 410-752-6030 | F 410-539-1269 | www.kramonandgraham.com

---

**From:** Stephen Stern <Stern@kaganstern.com>
**Sent:** Sunday, November 21, 2021 11:04 PM
**To:** Sandra R. Vogel <svogel@kg-law.com>
**Cc:** Justin A. Redd <JRedd@kg-law.com>; David B. Irwin <dirwin@kg-law.com>
**Subject:** RE: Boshea v. Compass Marketing, Inc. - George White

Justin:

I am in receipt your letter regarding your representation of George White.

With respect to George White's objections to the document requests, it appears that Mr. White has misrepresented his IT access to you. It is a known fact to all involved that George White still has access to the Compass Marketing's network, including the compassmarketinginc.com domain, which includes emails and other documents. As you can see from the attached invoices dated August 31, 2021 and September 30, 2021, George White has been receiving and paying invoices to maintain the compassmarketinginc.com email

accounts for Compass Marketing (and it is my understanding he has been receiving these invoices via email). Apparently Michael White (your other client in this litigation) and Daniel White have boasted about their access to the compassmarketinginc.com email accounts, as Mr. Boshea has expressly requested that George White access the accounts to send him information for purposes of this litigation. By way of example only, in an email dated June 7, 2021 (produced by Mr. Boshea, attached for your convenience), Mr. Boshea requested, "[i]f George [White] can find those emails Bernie [referring to John White] sent to me that would be great." In addition, you should examine the court filings your other client (Michael White) has made in this litigation, as he has attached emails from the compassmarketinginc.com email accounts that post date his termination from employment and his removal from the Board of Directors. Thus, Compass Marketing has very legitimate grounds to subpoena the requested documents from George White (and Michael White and Daniel White). You are also incorrect that seeking production of the same or similar documents from more than one source is somehow improper. In doing so, you cite to a case that is not on point (it states that a "subpoena is not a proper means for obtaining documents previously sought through a Rule 34 production request, after the adverse party objected to the request"). In this instance, there is documentation clearly pointing to George White as a custodian of documents relevant to this litigation and, as a result, he has an obligation to produce them. Even if documents that purport to be responsive were obtained from Mr. Boshea or other third parties (which they were not), that would not preclude Compass Marketing from obtaining the documents from George White to ensure that ALL responsive documents have been produced.

Your objection that the documents requested in the *duces tecum* portion of the subpoena are unduly burdensome is a bald assertion with no substance to it whatsoever. You do not explain how the document requests are unduly burdensome. Indeed, you cannot reasonably contend that a document request aimed two discrete documents is unduly burdensome. In this regard, the subpoena requests all documents and communications (including ESI) related to a particular email dated May 22, 2007 and all documents and communications (including ESI) related to a particular draft contract. This is a narrowly tailored request for documents with a very limited universe of responses (unless perhaps George White has been privy to many communications about the documents in question). Such a discrete document request cannot be considered unduly burdensome. Moreover, Mr. White was formerly employed as the head of IT for Compass Marketing. He certainly has the technological ability to conduct a search for the digital data requested of him.

Lastly, the subpoena was properly served on George White and is most certainly enforceable. While your objections to the document requests are without merit, I note that your letter does not assert any basis for George White not to appear at his deposition. Indeed, there is no basis George White not to appear at his deposition on Tuesday, November 23, 2021 at 10:00 a.m. Please confirm that he will be in attendance.

Thank you,
Stephen



**Stephen B. Stern, Esq.**
stern@kaganstern.com
**Kagan Stern Marinello & Beard, LLC**
(410) 793-1610 (direct)
(410) 216-7900, ext. 1009
(410) 705-0836 (fax)
238 West Street
Annapolis, Maryland 21401
www.kaganstern.com

**From:** Sandra R. Vogel <svogel@kg-law.com>
**Sent:** Thursday, November 18, 2021 4:15 PM
**To:** Stephen Stern <Stern@kaganstern.com>
**Cc:** Justin A. Redd <JRedd@kg-law.com>; David B. Irwin <dirwin@kg-law.com>
**Subject:** Boshea v. Compass Marketing, Inc. - George White

Mr. Stern,

Attached is correspondence from Justin A. Redd regarding the above referenced matter.

**Sandra R. Vogel**
**Legal Assistant to Justin A. Redd**
D 410-319-0472
svogel@kg-law.com

KRAMON & GRAHAM PA
ATTORNEYS AT LAW
One South Street | Suite 2600 | Baltimore, MD 21202
T 410-752-6030 | F 410-539-1269 | www.kramonandgraham.com

This communication is from a law firm and may contain confidential or privileged information. Unauthorized retention, disclosure, or use of this information is prohibited and may be unlawful under 18 U.S.C. §§ 2510-2521. Accordingly, if this email has been sent to you in error, please contact the sender by reply email or by phone at 410-752-6030.
This communication is from a law firm and may contain confidential or privileged information. Unauthorized retention, disclosure, or use of this information is prohibited and may be unlawful under 18 U.S.C. §§ 2510-2521. Accordingly, if this email has been sent to you in error, please contact the sender by reply email or by phone at 410-752-6030.
This communication is from a law firm and may contain confidential or privileged information. Unauthorized retention, disclosure, or use of this information is prohibited and may be unlawful under 18 U.S.C. §§ 2510-2521. Accordingly, if this email has been sent to you in error, please contact the sender by reply email or by phone at 410-752-6030.