**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTICT OF MARYLAND**
**(Northern Division)**

DAVID JOHN BOSHEA,           :
                                  :
v.                                 :     Case No. 1:21-cv-00309-ELH
                                  :
COMPASS MARKETING, INC.    :
                                  :
        Defendant            :
                                  :

**NON-PARTY DANIEL J. WHITE'S**
**OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**
**AND MOTION TO EXTEND DISCOVERY DEADLINE**

Non-party Daniel J. White, by and through counsel Bruce L. Marcus, Esquire, and

MarcusBonsib, LLC, hereby files this Opposition to Compass Marketing, Inc.'s Motion to

Compel Deposition Testimony of Non-Parties Daniel White and Michael White and Extend

Number of Deposition Hours for Fact Witnesses ("Motion to Compel") (ECF 81) and Motion to

Extend Discovery Deadline (ECF 82).

**INTRODUCTION**

Defendant asks this Court to compel a further deposition of Daniel White for a total of

eleven hours and as reasons incorporates the arguments presented in its Reply in Support of the

Motion for Civil Contempt Sanction against Daniel White (ECF 64). ECF 81.  To that end, Mr.

White incorporates by reference his Opposition to the Motion for Civil Contempt Sanction (ECF

70) as if fully set forth herein.

Defendant argues that Mr. White should be compelled to sit for a further deposition

because he allegedly gave evasive answers and failed to answer questions about various

collateral matters, including employment agreements of former Compass employees not

involved in this litigation.  Defendant explains that all collateral matters bear on the credibility

and bias of Mr. White and are therefore relevant. Defendant does not assert a need to discover any facts pertinent to the claims in this litigation. Nor does Defendant assert that Daniel White is a critical witness such that his credibility, in particular, is key. Indeed, Plaintiff did not seek to depose Mr. White and has complained about Defendant's ongoing efforts to use the discovery in this action to pursue collateral matters related to White family disputes which have nothing to do with this lawsuit. ECF 72 at 4–5; ECF 82 at 3.  The circumstances of this case simply do not support Defendant's claimed need to depose Mr. White for additional hours on issues that bear on nothing more than his credibility.

Defendant used nearly the entirety of its deposition of Daniel White to inquire into collateral matters not related to this lawsuit, and matters that this court has already found to be beyond the scope of permissible discovery to non-parties. Contrary to the representations in the Motion to Compel, Mr. White answered all questions and cannot be characterized as "evasive" for failing to remember the specifics of conversations and events that took place between eight and fifteen years ago. The questions posed to Mr. White were aggressive, accusatory, and motivated by an intent to develop theories related to Defendant's false and defamatory allegations of an alleged fraud scheme involving Mr. White. Defendant continues to assert these unproven and baseless allegations in filings in this Court as if they were proven facts.[1]

It is transparent from Defendant's deposition questions and Motion to Compel that its desire to depose Mr. White is solely to investigate potential collateral claims against him and develop defenses to unrelated matters pending before administrative tribunals involving

---

[1] Defendant's most recent filing states that Daniel and Michael White, "engaged in various schemes to improperly extract funds from the company, including at least one other severance scheme involving multiple former employees that was concealed from the company." ECF 88 at 3.

Defendant and Defendant's counsel.[2]  Under these circumstances, an order forbidding additional discovery, or forbidding inquiry on all matters except the Plaintiff's claims is appropriate to protect Mr. White from further annoyance, embarrassment, oppression, and undue burden and expense. Fed. R. Civ. P. 26(c).  This Court should deny the Motion to Compel and reject Defendant's request for permission to use this discovery process to investigate collateral claims under the pretext that it is relevant to Mr. White's credibility as a potential minor witness in this litigation.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery of any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  However, the simple fact that information is discoverable under Rule 26(b), "does not mean that discovery must be had." *Nicholas Wyndham Int'l, Inc.,* 373 F.3d 537, 543 (4th Cir. 2004).  Instead, Rule 26(b) inserts a proportionality requirement that requires courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 26(b)(2)(C) likewise "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D.

---

[2] These observations are shared by the Plaintiff who noted that at the depositions of Daniel and Michael White, "the questioning almost exclusively concerned a lawsuit they field in Virginia against Compass and their brother, which they voluntarily dismissed, allegations about misdeeds regarding Compass' operations, assertions of mismanagement and misappropriation of assets, the brother's relative ownership of Compass stock, and disputes related to Stephen Stern, Compass' attorney." ECF 82 at 2. Plaintiff also observed that "Compass made little effort to garner facts about David Boshea's claims or Compass' defense during the depositions. ECF 82 at 3.

497, 523 (D. Md. 2010). Under this subsection, on motion or on its own, the Court "must limit the frequency or extent of discovery" if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).
> Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

Further, upon motion of a party and "for good cause shown," the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including, *inter alia,* an order forbidding the disclosure or discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ.P. 26(c).

When discovery is sought from nonparties, its scope must be limited even more. *Virginia Dep't of Corr. v. Jordan,* 921 F.3d 180, 189 (4th Cir. 2019). The Fourth Circuit reasoned that nonparties are outsiders to the litigation, and because they have "'no dog in [the] fight,'" they "should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Id*. at 189 (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)).

## ARGUMENT

### A.  The Motion to Compel should be denied for failure to comply with Local Rule 104.7 and 104.8

Defendant Compass Marketing, Inc. ("Compass") deposed Non-Party Daniel White on November 29, 2021. Defendant has made no attempt to contact Mr. White, through counsel, at any time since the November deposition to confer in an effort to resolve this dispute without

court involvement as required under Local Rules 104.7 and 104.8.  Defendant's Motion to Compel is not accompanied by a Local Rule 104.7 certificate, nor could it have been. Defendant also failed to provide Mr. White with copies of the Motion to Compel at any time prior to filing it.

On these grounds alone, this Court should deny the Motion to Compel.  *See, e.g.*, *Mezu v. Morgan State Univ.,* 269 F.R.D. 565, 585 (D. Md. 2010) (refusing to consider a motion to compel where the movant had not complied with Rule 37(a)(1) or Local Rule 104.7); *Anderson v. Lighthouse Recovery Associates, LLC*, CIV. MJG-12-2255, 2013 WL 363752, at *1 (D. Md. Jan. 29, 2013) (denying discovery motion for failure to comply with Local Rule 104.7).

### B.  The Motion to Compel should be denied because it seeks information that is outside the scope of discovery as defined by this Court's Order

Mr. White was first served with a subpoena by Compass in early August 2021 and thereafter filed a pro se Motion to Quash (ECF 31) pursuant to Rule 45(d). Fed. R. Civ. P. 45(d). Two other non-parties, Michael White and James DiPaula, were also served with subpoenas by Compass and filed motions to quash. ECF 33, ECF 36.  All motions to quash were referred to United States Magistrate Judge A. David Copperthite (ECF 32, 51), who issued a consolidated Memorandum and Order on September 27, 2021. ECF 52.

In its Memorandum and Order, this Court denied, in part, Daniel White's Motion to Quash as to the categories of interest identified in the subpoena that directly related to the litigation, to wit: documents that refer, reflect, or relate to: communications with David Boshea, David Boshea's employment with Compass Marketing, David Boshea's termination from employment with Compass Marketing, any agreement between David Boshea and Compass Marketing, and the above-captioned litigation. ECF 52 at 7. This Court granted Daniel White's

Motion to Quash as to three categories in the subpoena which were not "related to the allegedly forged Employment Agreement at issue in this action." ECF 52 at 9.

Defendant's subpoena to non-party James DiPaula sought information related to his former employment with Compass and any severance payment he received. In opposition to DiPaula's motion to quash, Defendant argued that DiPaula's employment agreement and testimony were directly relevant to Defendant's principal defense that the employment agreement upon which Mr. Boshea relies is a forgery. ECF 43.  Part of this defense, Defendant explained, was showing that "employment agreements actually executed by the company," such as that with Mr. DiPaula, had similar terms in their employment agreements, but no similar severance provision. ECF 43 at 2.  Defendant further argued that credibility was a key issue which calls upon Defendant "to show that Boshea's story stands in stark contrast to that of other Compass employees." ECF 43 at 5. This Court rejected Defendant's arguments as to relevancy, noting that DiPaula began his employment before Boshea and resigned before Boshea was terminated. ECF 52 at 11.  Accordingly, the Court found that the discovery sought from DiPaula was beyond the limited scope permissible for non-parties and granted the motion to quash. ECF 52 at 11.

Here, Defendant seeks permission to continue to examine non-party Daniel White on the very subject that this Court prohibited the Defendant from exploring through the testimony and documents of James DiPaula. The Court's Memorandum and Order denied, in part, Mr. White's motion to quash because the categories of interest identified in the subpoena were specifically related to the allegations in the litigation. Defendant has now made clear, however, that it has no intention of exploring facts relating to the litigation and intends to pursue, among other things, the very subject of the DiPaula subpoena that was found to be outside the scope of discovery. *See*

ECF 74 at 8; ECF 81 at 10–12. Defendant makes the same arguments here that the Court considered and rejected in ruling on DiPaula's motion to quash. *See* ECF 43.

Under the pretext of deposing Mr. White about the claims in the litigation, Defendant improperly questioned Mr. White about this topic despite the Court's Order[3] and now seeks permission to do so again in a further deposition. *See* Daniel White Deposition Transcript, November 29, 2021, ECF 74-2 ("DW Dep.") at 157–187. Defendant took full advantage of the opportunity to explore this topic exhaustively and is still unable to support its allegations and theories, much less connect them to the claims in this litigation:

> **Q   Have you undertaken any other severance related schemes to extract money from Compass marketing previously?**
>
> MR. MARCUS:  Objection.
>
> MR. JORDAN:  Objection to the use of the word "scheme" which is argumentative and the relevance of the question.
>
> BY MR. STERN:
>
>  Mr. White?
>
> A  Would you ask the question again?
>
> **Q   Have you undertaken any other scheme that you, Michael White have undertaken to extract money through severance from Compass Marketing for other employees?**
>
> MR. JORDAN:  Same objection.
>
> A  I don't understand the question.
>
> BY MR. STERN:

---

[3] Both counsel for Mr. White and Plaintiff objected on these grounds throughout the deposition to no avail. *See* DW Dep. 183–187.  Defendant invited the objections by inquiring into matters the Court deemed irrelevant, and now seeks to compel further depositions as a result of counsel's objections. ECF 81 at 11. Moreover, the objections interposed by counsel were not "speaking objections," but, rather, were properly limited to the form of objections set forth in the Local Rules Discovery Guidelines.

**Q  Have you ever concocted a severance -- a story about a severance agreement for an employee of Compass Marketing to extract money from the company when there was really no severance agreement?**

MR. JORDAN:  Restate my previous objection.

A  I don't understand your question.

BY MR. STERN:

**Q I'll ask it again.**

**Have you and Michael White engaged in any prior plan to create a severance scheme or -- let me ask the question differently.**

**Have you and Michael White previously created a false severance plan for an employee of Compass Marketing to extract money from the company?**

MR. JORDAN:  Objection, relevance and argumentative.

MR. MARCUS:  Objection.  Answer.

A  I have no idea what you're talking about, Mr. Stern.

DW Dep. 152:4–153:20 (emphasis added).

Defendant requests a second deposition to pose the same line of questions in the hopes of eliciting different answers. Defendant does not argue to the contrary, but merely suggests it all bears on credibility. The Court rejected this argument before and should reject it again.

**C.  Defendant's request for a further deposition of Mr. White is inconsistent with Rule 26(b)(1)**

Under Rule 30(d)(1), a request to extend the presumptive time limit of a deposition must comport with Rule 26(b)(1). Defendant's request for seven additional hours of deposition testimony from Mr. White is disproportionate to the needs of the case and is contrary to Rule 26(b)(1).

First, in determining whether Defendant's request is proportional, the Court should consider the fact that Mr. White is employed full-time as the Deputy State's Attorney for St. Mary's County, Maryland, with a workload that requires him to be in a court on a near daily basis for hearings and trials that are scheduled well in advance. Mr. White is not a party to this litigation yet has already devoted a significant amount of time and resources responding to a document subpoena, sitting for a deposition, preparing for deposition, and, unfortunately, engaging in unproductive back-and-forth with Defendant in an effort to have his deposition scheduled on a date that he and his counsel were available. *See* ECF 70, at 1–3 (D. White Opp. to Motion for Civil Contempt). The process of preparing and sitting for a deposition is taxing, particularly where the questions posed were accusatory and aggressive in nature and have nothing to do with this litigation.

Following the unnecessarily antagonistic behavior that was exhibited in the scheduling of the deposition, Mr. White was required to retain counsel due to an inability to devote substantial hours of his day to participating in correspondence regarding this litigation. The need to retain counsel has required him to expend significant resources participating in discovery and motions practice in a lawsuit to which he is not a party.  The burden that the totality of the document production, depositions, and motions practice have placed on Mr. White, and the disruption that it causes to his full-time job, outweighs any purported need Defendant has identified, none of which are compelling or have any relation to this litigation.

Second, no further deposition of Mr. White is warranted given that Defendant has still not bothered to depose the Plaintiff in this case and has not made its own corporate representative

available for deposition.[4] Defendant has conducted a deposition of non-parties Daniel White and Michael White, and obtained documents from both. In light of the fact that the parties themselves have not sat for depositions, further depositions of the non-parties would be disproportionate.

Third, a further deposition of Mr. White is not justified by Defendant's purported need for additional information about Mr. White's emails with Plaintiff and Plaintiff's counsel regarding this litigation. Defendant has already examined Mr. White extensively about these emails which speak for themselves. Any further information Defendant purports to need can be obtained from the Plaintiff who is a party to all of the same communications and has not been deposed. Moreover, the questions posed to Mr. White at his deposition indicate that the information Defendant seeks can *only* be obtained from the Plaintiff:

> Q  Mr. White, why was Mr. Boshea sending you the fee agreements with counsel?  (78:19-20)

> Q  Do you know then why [Mr. Boshea] was expecting you to tell him what to do? (82:9-10)

> Q  Do you know why Mr. Boshea would be asking you to send Mr. Jordan a document? (86:20-21)

> Q  Do you know why Mr. Boshea would ask you to send documents to Mr. Jordan in connection with Mr. Boshea's lawsuit against the company? (87:8-10)

> Q  Do you know why [Mr. Boshea] sent you an e-mail to discuss a discovery plan? (106:1-2)

> Q  Do you know why [Mr. Boshea] sent you the interrogatories and document requests that he drafted? (109:14-16)

DW Dep. 78, 82, 86, 106, 109.

---

[4] Defendant's corporate representative, John White, has had his deposition scheduled twice and has conveniently claimed to have contracted or been exposed to COVID-19 on the eve of both depositions, as well as on the eve of the most recent mediation date. ECF 82, at 2.

Fourth, Defendant's purported need for a further deposition stems from its own failure to use its deposition time wisely.  Defendant had ample time to question Mr. White about all of the matters now asserted as a basis for requesting additional time.  Defendant had the ability to use the allotted deposition time at its discretion and chose to prioritize matters collateral to this litigation and outside the scope of discovery. Defendant alone decided what to cover in the deposition. The failure to prioritize does not support the assertion that additional hours of deposition are proportional to the needs of the case, particularly when the information sought involves matters completely unrelated to the claims in the litigation.

Contrary to Rule 30(d)(1), Defendant's request for permission to depose Mr. White for seven additional hours, for a total of eleven hours, does not comport with Rule 26(b)(1) and should be denied.

### D.  Defendant's request for a further deposition of Mr. White fails a Rule 26(b)(2)(C) analysis

An extension of the time for a deposition is only proper if the extension is consistent with Rule 26(b)(2). *See* Fed. R. Civ. P. 30(d)(1).  Under Rule 26(b)(2)(C), the court is *required* to limit the frequency or extent of a deposition if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* (emphasis added).

Defendant's request runs afoul of Rule 26(b)(2)(C) in numerous ways. As set forth above, it is both cumulative and duplicative, as Mr. White has already been deposed extensively on each of the topics Defendant sets forth as an area that it must further explore. Moreover, Defendant has pursued the same information on the same topics in a deposition of non-party Michael White.  Any further information sought by Defendant on these subjects can be obtained from other more convenient, less burdensome sources, such as a review of the documents

11

produced by Mr. White, and a deposition of Plaintiff David Boshea. Defendant's request for additional deposition time is not appropriate under Rule 26(b)(2)(C).

**E.  Good cause does not exist to order a further deposition**

Defendant has failed to assert a compelling need to further depose Daniel White. The purported needs identified in the Motion relate exclusively to unrelated collateral matters which Defendant asserts are relevant to Mr. White's credibility and bias. Defendant's filings say nothing of the need to obtain any facts pertaining to this lawsuit.  Indeed, at Mr. White's deposition, Defendant asked less than a handful of questions having to do with David Boshea or his allegations against Compass.

It is evident from a review of Defendant's filings that it has all the information it needs to be able to argue, as it has done extensively, that Mr. White is allegedly biased in favor of the Plaintiff and that his trial testimony, if any, should be weighed accordingly.  Defendant's request to conduct a further examination of Mr. White solely to explore and create credibility issues should be rejected as unnecessary and disproportionate.  The Court should also consider the deposition of Mr. White that has already taken place and was devoted almost entirely to these same collateral matters. The questions were not in good faith and demonstrated that Defendant seeks to use the deposition as a pretext to conjure up potential claims against Mr. White and level accusations about specious allegations of fraud. In all of Defendant's filings, it has failed to allege the existence of any fact which supports these theories. Good cause does not exist to continue to allow Mr. White, a non-party, to be further subjected to the undue burden of sitting for questioning on subjects whose connection to this lawsuit is tangential at best.

## CONCLUSION

For the foregoing reasons, Non-Party Daniel J. White respectfully requests that this Court enter an Order denying Compass's Motion to Compel and Motion to Extend Discovery Deadlines as it relates to Daniel White.

Respectfully submitted,

MARCUSBONSIB, LLC

/s/ *Bruce L. Marcus*
Bruce L. Marcus, Esquire
Bar No.:  06341
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
(301) 441-3003 (facsimile)
bmarcus@marcusbonsib.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January, 2022, the foregoing was filed and served electronically filed on all counsel of record.

/s/ *Bruce L. Marcus*
Bruce L. Marcus

13