## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

February 3, 2022

TO COUNSEL OF RECORD

    Re: *Boshea v. Compass Marketing, Inc.*, ELH-21-309

Dear Counsel:

    The Court is in receipt of Compass Marketing, Inc.'s ("Compass") Motion to Extend Time to Complete Discovery (ECF No. 79) and Motion to Compel Deposition Testimony of Non-Parties Daniel White and Michael White and Extend the Number of Deposition Hours (ECF No. 81). George White filed a response in opposition (ECF No. 90) to the Motion to Extend Time to Complete Discovery, and Daniel White and Michael White filed their responses in opposition (ECF Nos. 89, 91). The matters are fully briefed, and there is no need for a hearing. Loc.R. 105.7 (D.Md. 2021). For the reasons set forth below, ECF No. 79 and ECF No. 81 are DENIED. Accordingly, because ECF No. 81 is DENIED, Compass Marketing's two Motions for Sanctions (ECF Nos. 63, 64) are DENIED as MOOT, and the VIRTUAL SHOW CAUSE HEARING scheduled for March 29, 2022 (ECF No. 87) is stricken from the docket as MOOT.

    First, Compass failed to comply with Local Rules 104.7 and 104.8 (D.Md. 2021) in filing the Motion for Compel (ECF No. 81). Compass did not attempt to confer with counsel before filing ECF No. 81, did not file a Rule 104.7 certificate, and did not follow the procedures set forth in Rule 104.8. Unless otherwise directed by the Court, the Court will not consider a motion concerning discovery directed to a non-party until a conference has been held under Local Rule 104.8(b) and a certificate has been filed under Local Rule 104.8(c). The Court did not exempt Compass from the requirements of this Rule. In this case, a meet and confer would have been appropriate since ECF No. 81 was filed more than two months after the Motions for Sanctions (ECF Nos. 63, 64) again brought the third-parties before the Court. Instead, Compass chose to simply file their Motion. The Court agrees with the opposition, that Compass' "outright failure to follow this Court's procedures" warrants denial of their Motion to Compel. *See* ECF No. 89 at 9.

    Further, I view this dispute through the lens of third-party depositions. When discovery is sought from nonparties, its scope must be even more limited. *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). The Fourth Circuit reasoned that nonparties are outsiders to the litigation, and because they have "no dog in [the] fight," they "should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Id.* at 189 (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Compass already deposed Michael White for a full day. While there is a dispute over his responses and his counsel's objections, Michael is still a third-party dragged into this litigation as a part of what appears from the exhibits to be a fishing expedition by Compass. Compass likewise previously deposed Daniel White and now asks for additional hours. Based on the deposition transcript (ECF No. 74-2), I agree that the matters sought in the previous deposition appear to go outside of what was permitted in my previous Order denying in part the motion to quash (ECF No. 52). With respect to George White, George continues to state that he has no additional information,

*Boshea v. Compass Marketing, Inc.,* ELH-21-309
February 3, 2022
Page 2

and Compass has provided no information to convince the Court otherwise. There is no justification to drag George any further into this discovery process by enlarging the time to conduct further discovery.

Upon a party's motion and "for good cause shown," the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including, *inter alia,* an order forbidding the disclosure or discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed.R.Civ.P. 26(c). As stated previously, when discovery is sought from nonparties, its scope must be limited even more. *Jordan,* 921 F.3d at 189. Here, Compass failed to meet the procedural requirements of Local Rules 104.7 and 104.8. Even assuming *arguendo* that Compass complied with the Local Rules, the Court is not persuaded that the Motion to Compel the third parties, Michael and Daniel White, is warranted. The Court is similarly not persuaded that George White should be subject to further discovery.

Accordingly, ECF No. 79 and ECF No. 81 are DENIED, ECF No. 63 and ECF No. 64 are DENIED as MOOT, and the Virtual Show Cause Hearing (ECF No. 87) is STRICKEN as MOOT.

Very truly yours,

A. David Copperthite
United States Magistrate Judge