**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**STATUS REPORT**

Defendant/Counter-Plaintiff Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel and pursuant to the Court's Scheduling Order [Dkt. No. 20] and Order dated February 22, 2022 [Dkt. No. 94], submits this Status Report.

Because counsel for Plaintiff David Boshea ("Boshea") has indicated an unwillingness to try to find a mutually agreeable approach to this Status Report, Compass Marketing is left with no alternative but to file its own Status Report. Compass Marketing addresses the circumstances leading up to the filing of separate Status Reports in Item No. 8 (Other Matters) below, as it appears to be driven at least in part by Daniel White playing a role in advising Boshea.

1. <u>Status of Discovery</u>. Matters concerning discovery were discussed in detail in Compass Marketing's Motion to Extend Discovery Deadline (the "Motion to Extend") [Dkt. No. 80]. Boshea filed only a Limited Objection to the Motion to Extend [Dkt. No. 82]. The Court denied the Motion to Extend. Discovery is therefore complete.

2. <u>Pending Motions</u>. Compass Marketing filed a Partial Motion for Summary Judgment on February 15, 2022 ("Motion for Summary Judgment") [Dkt. No. 93] and Boshea

filed an Opposition on March 1, 2022 [Dkt. No. 95].  Compass Marketing intends to file a Reply on or before March 15, 2022.  The Motion for Summary Judgment raises issues that have not been resolved by the Maryland Court of Appeals concerning the extraterritorial reach of the Maryland Wage Payment and Collection Law ("MWCPL").[1]  Compass Marketing has requested that the issues concerning the MWCPL be certified to the Maryland Court of Appeals for resolution in light of the absence of case authority on the issues presented and, if this Court is evaluating whether to refer the matter to the Court of Appeals or decide the issue without certification, Compass Marketing has requested a hearing on the Motion for Summary Judgment.

      3.      <u>Dispositive Pretrial Motions</u>.  Please see Item No. 2 above.

      4.      <u>Jury Trial and Anticipated Length of Trial</u>.  Compass Marketing requested a jury trial.  *See* Dkt. No. 18.  The parties estimate one week for trial.

      5.      <u>Settlement Discussions</u>.  The parties have participated in two separate virtual mediations with Judge Gauvey on August 27, 2021 and November 16, 2021.  Boshea's counsel, Gregory Jordan, and Boshea participated on behalf of Boshea.  Compass Marketing's counsel, Stephen Stern, as well as John White and Ronald Bateman, participated on behalf of Compass Marketing.[2]  The parties have undertaken other discussions independently, via email and telephone (only counsel) that have not resulted in a resolution, but have been productive and positive, and the lines of communication remain open for potentially revisiting those discussions later.

---

[1] As Compass Marketing noted in its Motion for Summary Judgment, as recently as last month, this Court commented in *Poudel v. Mid Atl. Prof'ls, Inc.*, Civil Action No. TDC-21-1124, 2022 U.S. Dist. LEXIS 20458, at *6 (D. Md. Feb. 4, 2022), that "[t]he Court of Appeals of Maryland has not had the occasion to decide directly how the presumption against extraterritoriality applies in the context of Maryland wage laws."

[2] Mr. Bateman participated only in the second mediation with Judge Gauvey.

6. <u>Referral to Another Judge for ADR</u>. Although the lines of communication remain open to a potential resolution, the parties do not believe another formal ADR session with Judge Gauvey or a different Magistrate Judge will be fruitful at this time.

7. <u>Referral to Magistrate for Further Proceedings</u>. The parties do not consent to having all further proceedings referred to a Magistrate Judge.

8. <u>Other Matters</u>.

   a. <u>Separate Status Reports</u>. Counsel for Boshea shared a draft status report with counsel for Compass Marketing on March 7, 2022 shortly before counsel for Compass Marketing was about to send a draft status report for review and comment. The draft status report shared by Boshea went beyond the items the Court requested the parties include in the Status Report and, moreover, it included some factual inaccuracies, including the reason for previously postponed depositions[3] and matters the parties had (not) agreed upon.[4] Counsel for Compass Marketing noted there were some inaccuracies in the draft status report shared by counsel for Boshea and provided counsel for Boshea a more streamlined and limited draft status report (consistent with the Court's previous Order) that sought feedback on the draft. Counsel for Boshea responded by contending only that discovery with respect to John White was not complete. Counsel for Compass Marketing responded by noting that the parties had made the Court aware of the status of discovery in the Motion to Extend, the Court denied that Motion, and Compass Marketing was not going to ask the Court to revisit its previous decision. Counsel for Compass

---

[3] One instance in which depositions were postponed followed a confirmed exposure to COVID-19 and symptoms that ultimately was not COVID-19 (Boshea accurately reported this part), but the second instance was postponed because of a confirmed COVID-19 test result (Boshea did not accurately report this).

[4] After the Court denied Compass Marketing's Motion to Extend Discovery, which Boshea had largely consented to, other than as reflected in his Limited Objection, the parties did not agree to conduct further discovery. In fact, further discovery was not even discussed after entry of the Court's Order denying the Motion to Extend.

Marketing asked counsel for Boshea to reconsider his position. Counsel for Boshea replied that he would not reconsider.

While somewhat surprising that counsel for Boshea was unwilling to seek common ground on a Status Report, it actually is not surprising considering the email thread indicated that counsel for Boshea coordinated approval for his draft status report with counsel for Daniel White – a nonparty to this lawsuit who is a shareholder of Compass Marketing[5] – prior to communicating with counsel for Compass Marketing about the Status Report. According to the email thread, counsel for Boshea sent his draft status report to counsel for Daniel White on March 7, 2022 at 12:57 pm, and then forwarded a draft status report to counsel for Compass Marketing at 2:41 pm. Why is Boshea coordinating matters related to this litigation with Daniel White, who is not a party to this lawsuit?

Dated: March 8, 2022

Respectfully submitted,
/s/Stephen B. Stern
Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax): (410) 705-0836
Email: stern@kaganstern.com
Email: yeung@kaganstern.com

and

Brian A. Tollefson, Bar No. 16289
TOLLEFSON IP
326 First Street, #202
Annapolis, Maryland 21403
(Phone): (443) 699-2450
Email: brian@tollefsonip.com

*Counsel for Defendant/Counter-Plaintiff Compass Marketing, Inc.*

---

[5] Daniel White's status as an antagonist to Compass Marketing is well-documented in this case.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 8th day of March, 2022, the foregoing Status Report was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo<br>Gilbert Employment Law, PC<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, Maryland 20910<br>Email: tgagliardo@gelawyer.com | Gregory J. Jordan<br>Mark Zito<br>Jordan & Zito, LLC<br>350 N. LaSalle Drive, Suite 1100<br>Chicago, Illinois 60654<br>Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*


                                                */s/ Stephen B. Stern*_____
                                                Stephen B. Stern