**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| **DAVID J. BOSHEA** | |
| Plaintiff/Counter-Defendant, | |
| v. | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | |
| Defendant/Counter-Plaintiff | |
| AND | |
| **COMPASS MARKETING, INC.** | |
| Third-Party Plaintiff, | |
| v. | |
| **JOHN DOE(S)** | |
| Third-Party Defendant(s). | |

## DAVID J. BOSHEA'S STATUS REPORT

Plaintiff/Counter-Defendant David J. Boshea submit the following status report:

**Status of Pleadings**

1. On February 5, 2021, David Boshea initiated this lawsuit by filing a two-count complaint seeking to collect damages for breach of contract and the Violation of the Maryland Wage Payment and Collection Act.

2. David Boshea subsequently amended his complaint twice with the current Second Amended Complaint before the Court. The pending complaint contains claims for breach of contract and violation of the Maryland Wage Payment and Collection Law and a count pled in the alternative alleging a Violation of the Illinois Wage Payment and Collection Act.

3. Compass Marketing answered the pending complaint by generally denying the substantive allegations, including asserting that someone forged the signature of its chairman, John White.

4. Compass filed a counterclaim against David Boshea and unnamed John Doe parties alleging that David Boshea, in concert with the unknown parties, delivered a copy of his original complaint to a real estate broker and architect, who then stopped doing business with Compass Marketing. Compass Marketing also alleges in a second count that David Boshea received approximately $51,800.00 from Compass Marketing in "off payroll payment" in increments of approximately $350.00 that were above and beyond his agreed upon compensation.

5. David Boshea answered the counterclaim by generally denying the substantive allegations.

6. The time for amending pleading has passed.

**Progress of Discovery.** The parties have completed discovery other than the following:

1. The parties have exchanged written discovery, which they have answered except for Defendant Compass Marketing, Inc's Second Set of Interrogatories to Plaintiff David J. Boshea and Defendant Compass Marketing, Inc's Fourth Request for Production of Documents to Plaintiff David J. Boshea, which David Boshea asserts were untimely. Thus, David Boshea is not required to respond.

2. At this time, David Boshea has taken the deposition of John Adams, who is a Compass Marketing employee. Compass Marketing took Michael White and Daniel White depositions.

3. David Boshea scheduled the deposition of Compass Marketing's former chairman, John White, and Compass Marketing noticed David Boshea's deposition. On the eve of John White's testimony, Compass Marketing's attorneys informed David Boshea's attorney that John White had been exposed to Covid-19 and was experiencing symptoms. Because of John White's illness, the parties postponed John White and David Boshea's depositions. The parties

rescheduled John White and David Boshea's depositions for January 13 and 14, 2022. On January 12, Compass' attorneys informed David Boshea's counsel that John White had once again been exposed to Covid-19 and was experiencing symptoms. According to counsel, John White's initial illness was not Covid. Due to John White's medical situation, the parties postponed both depositions.

4. The parties discussed rescheduling John White and David Boshea's deposition during the week of January 24, 2022, which did not occur. In communications during the week of March 7, 2022, David Boshea learned that Compass refused to voluntarily present John White for his deposition, despite his declination to sit for his twice scheduled depositions before the discovery cutoff. As a result, David Boshea anticipates filing a motion allowing him to depose John White.

**Status of Unresolved Motions.** One motion pends before the Court:

5. On February 15, 2022, Compass Marketing filed Defendant/Counter-Plaintiff's Compass Marketing, Inc.'s Motion for Partial Summary Judgment (CM/ECF 93) and a supporting memorandum (CM/ECF 93-1). David Boshea timely filed his David J. Boshea's Response in Opposition to Compass Marketing, Inc.'s Motion for Partial Summary Judgment (CM/ECF 95). The deadline for Compass Marketing's reply, if any, will be March 15, 2022.

**Settlement Efforts.**

6. The parties have exchanged settlement proposals; however, the magistrate judge advised the parties that the likelihood of settlement through mediation appears remote.

Magistrate Judge

7. David Boshea, under 28 U.S.C. § 636(c), consents to have a United States Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial and entry of final judgment.

Dated: March 8, 2022

Respectfully submitted,

**DAVID JOHN BOSHEA**

By: /s/ Gregory J. Jordan

Gregory J. Jordan

Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Drive, Suite 1100
Chicago, IL 60654
(312) 854-7181
gjordan@jz-llc.com
mzito@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
(301) 608–0880
tgagliardo@gelawyer.com

Counsel for Plaintiff
Counsel for David J. Boshea

**CERTIFICATE OF SERVICE**

Gregory Jordan certifies that he served David J. Boshea's Status Report on counsel for Compass Marketing, Inc., through the Court's CM/ECF system and by email to stern@kaganstern.com, rudiger@kaganstern.com, and yeung@kaganstern.com on March 8, 2022.

/s/   Gregory J. Jordan
Gregory J. Jordan