UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **DAVID J. BOSHEA** | * |
| Plaintiff, | * |
| v. | * Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO EXTEND DISCOVERY AND
## TO COMPEL JOHN WHITE'S DEPOSITION

David J. Boshea moves for an order granting an extension of the date for the parties to complete discovery and compel John White's appearance at a deposition and states the following in support hereof.

1. On February 5, 2021, Boshea filed his Complaint for Breach of Contract.

2. By its June 29, 2021 order, this Court initially set a December 1, 2001 discovery deadline (CM/ECF 20).

3. On July 29, 2021, Compass Marketing, Inc. filed its Counterclaim and Third-Party Complaint against Boshea and unknown third parties.

4. On August 5, 2021, Boshea filed his Amended Complaint for Breach of Contract to clarify specific facts.

5. On September 15, 2021, Boshea filed his Second Amended Complaint for Breach of Contract to include his alternative claim under the Illinois Wage Collection and Payment Act.

6. In fall 2021, the parties attempted to settle this lawsuit, and at Magistrate Judge Susan K. Gauvey's suggestion, Boshea filed a joint motion to extend the discovery deadline.

7. The Court set January 14, 2021 as the discovery deadline. (CM/ECF 73).

8. By agreement, the parties had previously scheduled the date of John White's deposition for December 16, 2021. During David Boshea's employment with Compass, John White served as the defendant's CEO. Further, Mr. White signed the employment agreement underlying this lawsuit. Finally, Mr. White raises the dubious claim that someone forged his signature on the document he handed to Boshea in 2007. As such, John White's deposition represents a critical matter in this case.

9. On the day before John White's appearance, Compass' counsel informed Boshea's attorney that John White had been exposed to Covid-19, believed he had Covid-19, and was experiencing symptoms. Because of John White's illness, the parties postponed John White and David Boshea's depositions.

10. The parties rescheduled John White's deposition for January 13, 2022.

11. Once again, on January 12, 2022, Compass' attorneys informed Boshea's counsel that John White had once again been exposed to Covid-19, once again believed he suffered from the Covid-19 virus and had symptoms. According to counsel, John White's initial illness was not Covid. Due to John White's medical situation, the parties did not start the deposition.

12. Compass filed a motion to extend the discovery deadline in which it sought to depose third-party witnesses, i.e., members of John White's family.

13. Boshea filed a limited objection noting that the proposed deponents had little to say about this lawsuit but that he wished to take Mr. White's deposition and other depositions related to the case's issues. (CM/ECF 82).

14. This Court denied Compass' motion. (CM/ECF 92). In its order, the Court noted that Compass failed to follow Local Rule 104.8 and ruled, "Even assuming arguendo that Compass complied with the Local Rules, the Court is not persuaded that the Motion to Compel the third parties, Michael and Daniel White, is warranted. The Court is similarly not persuaded that George White should be subject to further discovery." *Id*. at p. 2.

15. The Court did not mention Boshea's limited objection in its order.

16. As Boshea noted in his limited objection, while the parties do not have a significant amount of discovery to complete, in February 2022, Boshea's primary counsel had to participate in two trials in the Illinois state court and submit a response brief in an appeal made to the Seventh Circuit Court of Appeals.

17. Boshea's counsel sent several emails to Stephen Stern, Compass' attorney, asked for a new date to depose John White, and sought a discovery conference to discuss the scheduling of John White's deposition.  Mr. Stern did not provide Mr. Jordan with a new date for John White's deposition but did not, until the week of March 7, 2022, mention that Mr. White would not sit for his deposition.

18. Professional courtesy often allows for the completion of depositions even when the discovery deadline has expired. Boshea had reason to believe the parties could proceed with John White's deposition since it did not occur, despite being scheduled in December and January, because Compass twice canceled John White's appearance due to his purported illness.

19. Since Compass takes the position that the expiration of the discovery deadline allows it to withhold John White for sitting for his deposition, Boshea seeks this Court intervention to enable him to depose John While as a critical witness.

20. Because Boshea cannot schedule the deposition of John White without this Court's intervention, Boshea requests the Court extend the discovery deadline to allow Boshea to depose John White and compel Compass to produce John White for deposition on or before April 8, 2022.

21. Boshea submits that Compass will not suffer prejudice if the Court extends the deadline to complete discovery since it agreed to produce John White on two occasions, and each time canceled the deposition.

22. Boshea's counsel attempted by email and voicemail to confer with Compass' counsel conferred in compliance with Local Rule 105.9 with Compass' counsel before filing this motion. Boshea's counsel's attempts to engage in such consultation were unsuccessful due to no fault of Boshea.

WHEREFORE, David J. Boshea respectfully requests this Court for an order extending the discovery deadline to April 8, 2022, to allow David Boshea to depose John White, and compelling Compass Marketing, Inc. to produce John White for deposition on or before April 8, 2022, and for such other relief as this Court deems appropriate.

Dated:  March 18, 2022                            Respectfully submitted,

/s/ Gregory J. Jordan

Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

        Thomas J. Gagliardo (Bar No. 08499)
        Of Counsel
        Gilbert Employment Law, P.C.
        1100 Wayne Ave, Suite 900
        Silver Spring, Maryland 20910
        tgagliardo@gelawyer.com

        **COUNSEL FOR DAVID J. BOSHEA**

## **CERTIFICATE OF SERVICE**

I certify that on March 18, 2022, I served this Motion to Extend Discovery and to Compel John White's Deposition via the Court's CM/ECF system to:

>Stephen B. Stern
>Heather K. Yeung
>Kagan Stern Marinello & Beard, LLC
>238 West Street
>Annapolis, Maryland 21401
>Email: stern@kaganstern.com
>Email: yeung@kaganstern.com
>
>Brian A. Tollefson
>TollefsonIP
>326 First Street, #202
>Annapolis, MD 21403
>brian@tollefsonip.com
>
>Attorneys for Defendant and Counterplaintiff

/s/ Gregory J. Jordan
Gregory J. Jordan