IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND TO COMPEL JOHN WHITE'S DEPOSITION**

Defendant/Counter-Plaintiff Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Opposition to the Motion to Extend Discovery and to Compel John White's Deposition (the "Motion") filed by Plaintiff David J. Boshea ("Boshea").

As explained below (and in Compass Marketing's Status Report [Dkt. No. 99]), the issue of continuing discovery has already been put before the Court when Compass Marketing filed a Motion to Extend Discovery Deadline [Dkt. No. 79], with Boshea's consent [Dkt. No. 82]. The Court denied that motion, however, putting an end to discovery in this case. *See* Dkt. No. 92.

On or about January 14, 2022, Compass Marketing filed a Motion to Extend Discovery Deadline [Dkt. No. 79]. In response, Boshea filed a Limited Objection to Motion to Extend Discovery Deadline ("Limited Objection"), which indicated Boshea's consent to the relief requested, but subject to a limited objection.[1] *See* Dkt. No. 82. In the Limited Objection, Boshea

---

[1] Boshea's limited objection sought to (improperly) limit the subjects that could be explored in depositions.

outlined which depositions had not yet been completed, including the depositions of Boshea, John White, the parties' expert witnesses,[2] as well as other potential witnesses. *Id.* at 1-2. The intent to take these depositions also was addressed in Compass Marketing's reply brief. *See* Dkt. No. 88 at 5-7. The Court specifically denied that motion to extend discovery. *See* Dkt. No. 92. As a result, discovery closed on January 14, 2022, in accordance with the Court's Scheduling Order [Dkt. No. 20] and the Order dated November 29, 2021 [Dkt. No. 73] that extended discovery. The Court noted this fact in its Order dated February 22, 2022. *See* Dkt. No. 94. In reliance on and in respect of the Court's decision to end discovery, Compass Marketing filed a motion for partial summary judgment on February 15, 2022 [Dkt. No. 93] in accordance with the Court's schedule.[3]

Boshea now attempts to bring the issue of discovery before the Court once again. As stated, *supra*, the Court already addressed this issue and denied the parties' request to extend discovery. In fact, the Court even acknowledged in its February 22, 2022 Order that Boshea had filed his Limited Objection with "an alternative extension proposal" of discovery, and the Court denied that request. *See* Dkt. No. 94.

Although Boshea has couched his Motion as one to extend discovery, as a practical matter, it is effectively either a motion for reconsideration, or it is an objection to a magistrate's order filed pursuant to 28 U.S.C. § 636(b) and Local Rule 301.5(a). Regardless of how the Court construes the Motion, it should be denied because Boshea failed to file it within fourteen (14) days of the Court's ruling [Dkt. No. 92], as required by Local Rules 105.10 (which applies to motions to reconsider) and 301.5(a) (which applies to objections to a nondispositive ruling by a magistrate judge). Thus, Boshea's Motion is untimely and should be denied on that ground alone.

---

[2] Boshea omitted reference to one of Compass Marketing's expert witnesses.

[3] That motion for summary judgment is now fully briefed.

Even if the Court were to entertain Boshea's untimely Motion, Boshea does not satisfy the criteria to grant a motion to reconsider, nor does he identify any portion of Judge Copperthite's Order that he considers "clearly erroneous or contrary to law" to give this Court grounds to "reconsider, modify, or set aside any portion of the magistrate judge's order." *See* 28 U.S.C. § 636(b); Local Rule 301.5(a) (D. Md. 2021).

In fact, Boshea does not proffer a single reason to reverse the Court's earlier decision. "[R]econsideration of an interlocutory order is within the plenary powers of the Court and can be made 'as justice requires.'" *See Beyond Sys. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 U.S. Dist. LEXIS 78689, 2010 WL 3059344, at *1 (D. Md. Aug. 4, 2010) (quoting 7 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 60.20 (2d ed.1966)). "In this posture, the Court may reconsider an interlocutory order only to address: '(1) a change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice.'" *Bank of Am., N.A. v. Jericho Baptist Church Ministries Inc.*, Civil Action No. PX 15-02953, 2018 U.S. Dist. LEXIS 190060, at *4-5 (D. Md. Nov. 6, 2018) (quoting *Beyond Sys.*, 2010 U.S. Dist. LEXIS 78689, 2010 WL 3059344, at *2). The Court may not be asked simply "to rethink what the Court had already thought through – rightly or wrongly." *See Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001). At most, Boshea believes the Court should extend discovery (only for Boshea to complete) out of a "[p]rofessional courtesy." *See* Mtn. at 3. Requesting a "professional courtesy" does not satisfy the criteria to grant a motion for reconsideration.[4] Thus, even if Boshea's Motion were not untimely, Boshea does not satisfy the criteria to reconsider and reverse the Court's prior decision.

---

[4] In requesting the deposition of John White only, Boshea's counsel stated that he sent "several emails" to Compass Marketing's counsel asking for new deposition dates for John White. *Id.* This is simply not true. In reviewing his files, undersigned counsel found email requests for John White's rescheduled deposition after the first postponement on January 21, 2022 (after Compass Marketing filed its Motion to Extend Discovery) and March 7, 2022 (which was

3

Moreover, if this Court construes Boshea's Motion as an objection to a magistrate's order made pursuant to U.S.C. § 636(b) and Local Rule 301.5(a), Boshea has made no showing, nor could he, that the Court's decision was "clearly erroneous" or "contrary to law." *See* 28 U.S.C. § 636(b); Local Rule 301.5(a) (D. Md. 2021).

Lastly, even if the Court were to entertain Boshea's Motion, the asymmetrical, one-sided discovery Boshea seeks is no basis to reverse the Court's prior decision. Furthermore, such asymmetrical, one-sided discovery is improper and highly prejudicial to Compass Marketing, as there is no basis for only one party to complete the party depositions it desires while precluding the other party from completing the party depositions it desires, as well as those of expert witnesses and other witnesses.

Thus, for these reasons, Boshea's Motion should be denied.[5]

---

made as a precursor to the filing of the instant Motion). In addition, Boshea implies that John White was not being truthful about his health when his depositions needed to be rescheduled. As explained to this Court (and to Boshea's counsel), one instance in which depositions (both John White's and Boshea's) were postponed followed a confirmed exposure to COVID-19 where John White experienced symptoms, but ultimately did not test positive for COVID-19, while the second instance where John White's and Boshea's depositions were postponed was due to a confirmed positive test for COVID-19. In each instance, counsel for Boshea agreed to cancel/postpone the depositions for obvious safety reasons – this was not done unilaterally (and it should be noted further that the parties had agreed earlier in discovery that John White's deposition and David Boshea's deposition would be taken on back to back days; thus, when one deposition was canceled/postponed, the other necessarily was as well).

[5] In the unlikely event that the Court considers granting Boshea's Motion, Compass Marketing should be given the opportunity to identify each of the depositions it should be allowed to take and complete.

Dated:  April 4, 2022 			Respectfully submitted,

                                        /s/Stephen B. Stern
                                        Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  yeung@kaganstern.com

and

Brian A. Tollefson, Bar No. 16289
TOLLEFSON IP
326 First Street, #202
Annapolis, Maryland 21403
(Phone):  (443) 699-2450
Email:  brian@tollefsonip.com

*Counsel for Defendant/Counter-Plaintiff*
*Compass Marketing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of March, 2022, the foregoing Status Report was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo | Gregory J. Jordan |
| Gilbert Employment Law, PC | Mark Zito |
| 1100 Wayne Avenue, Suite 900 | Jordan & Zito, LLC |
| Silver Spring, Maryland 20910 | 350 N. LaSalle Drive, Suite 1100 |
| Email: tgagliardo@gelawyer.com | Chicago, Illinois 60654 |
| | Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*

                                        /s/ Stephen B. Stern
                                        Stephen B. Stern