**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| | * | |
| **COMPASS MARKETING, INC.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**REPLY IN SUPPORT OF MOTION TO EXTEND**
**DISCOVERY AND TO COMPEL JOHN WHITE'S DEPOSITION**

David J. Boshea, for his Reply in Support of the Motion to Extend Discovery and Compel John White's Deposition, states as follows:

In its Opposition to Plaintiff's Motion to Extend Discovery and to Compel John White's Deposition, Compass Marketing, Inc. inaccurately characterizes David Boshea's Motion to Extend Discovery and Compel John White's Deposition as a "motion for reconsideration, or it is an objection to a magistrate's order filed under 28 U.S.C. § 636(b) and Local Rule 301.5(a)." Compass' Response at 2. Neither characterization is correct.

**COMPASS DOES NOT OBJECT TO THE MERITS OF DAVID BOSHEA'S MOTION**

Compass does not address the merits of the motion or contradict David Boshea's recitation of the facts, including that Compass, not David Boshea, canceled John White and David Boshea's depositions. Compass does not contest that David Boshea asked for dates on which John White could appear for deposition, with Compass refusing to respond. David Boshea filed this motion because Compass agreed to present John White without ever mentioning the discovery deadline that would occur on the day after John White's second scheduled date for appearance.

Without providing any supporting documentation, Compass' counsel claimed that John White suffered a bout of COVID-19 not once but twice within thirty days preventing him from sitting for either of his two scheduled depositions. On the second occasion, Compass explained that John White had been mistaken about his illness in the first instance but needed an extension of the scheduled date to present John White because of COVID-19. Both times, David Boshea remained ready to testify with Compass, rather than Mr. Boshea, declining to proceed. In good faith, David Boshea agreed to extend John White's deposition based on Compass' agreement to reschedule the deposition. Subsequently, Compass refused to honor its agreement.

Moreover, Compass incorrectly asserts in its response that the parties mutually agreed to postpone John White and David Boshea's depositions. On the contrary, David Boshea stood ready to sit for his deposition, but Compass chose not to proceed. Compass informed David Boshea that John White would not appear without offering David Boshea any say as to whether David Boshea's deposition would proceed as scheduled. To the extent Compass believes David Boshea implied that John White used COVID-19 as an excuse for not appearing, David Boshea does not know John White's medical situation other than what Compass said. However, David Boshea firmly states that Compass agreed to present John White for his deposition on a different date due to his illness and now refuses to allow John White to testify, claiming it has no obligation to do so because of the passage of the discovery deadline.

The issue before the Court does not center on whether John White indeed had COVID-19. Instead, David Boshea asks the Court to consider whether Compass can twice cancel John White's deposition, agree to reschedule it without regard to the discovery deadline, and then use the discovery deadline as an excuse to refuse to allow John White to appear.

David Boshea had no reason to believe that Compass would use the discovery deadline as a reason to refuse to present John White for his deposition after Compass unilaterally canceled twice because of illness.

### COMPASS' MOTION SOUGHT RELIEF SUBSTANTIALLY DIFFERENT FROM THAT WHICH DAVID BOSHEA SEEKS

David Boshea did not join Compass' Motion to Extend Discovery Deadline (CM/ECF 79), and he seeks relief that Compass did not ask the Court to grant.

Compass' motion to extend discovery narrowly focused on deposing members of its President, John White's, family. David Boshea objected to that motion and does not ask this Court to reconsider its order denying Compass' motion. Moreover, the discovery deadline would not have been an issue but for the fact that John White canceled his previously scheduled deposition, not once but twice, because of COVID-19, including on January 13, 2021, the eve of the discovery deadline.

Compass has focused substantial attention on its President, John White's, complaints, real or imagined, with his brothers and nephew. As a part of that obsession, Compass twice filed the same motion to extend the discovery deadline (CM/ECF 79 and 80) to allow it to depose only Daniel White, Michael White, and George White. However, the Court recognized that further examination of John White's brothers, Daniel and Michael, and his nephew, George, created a distraction and denied the motion.

### DAVID BOSHEA DOES NOT SEEK RECONSIDERATION OF A PREVIOUS ORDER

In its response to David Boshea's motion, Compass asks the Court to deny the motion solely "because Boshea failed to file it within fourteen (14) days of the Court's ruling [Dkt No. 92], as required by Local Rules 105.10 (which applies to motions to reconsider) and 301.5(a) (which applies to objections to a nondispositive ruling by a magistrate judge)." *Id.* David Boshea

does not object to the Court's order denying Compass' motion to extend the discovery deadline since Compass used its motion to seek irrelevant information concerning John White's disputes with his family members. As a result, the relief that a party would seek under Rule 59 does not fall within the relief David Boshea seeks. "Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Bank v. M/V "Mothership,"* 427 F. Supp. 3d 655, 659 (D. Md. 2019)(quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). Boshea's motion does not seek any such relief. Similarly, David Boshea does not object to the magistrate judge's ruling.

Compass, not David Boshea, filed the Motion to Extend Discovery Deadline. David Boshea opposed Compass' motion and does not seek a motion for reconsideration or object to the magistrate's order. If he did, the Court would deny David Boshea's motion. "In keeping with that corrective function, "federal courts generally have [used] Rule 59(e) only" to "reconsider[ ] matters properly encompassed in a decision on the merits." *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 451, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982). In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703, 207 L. Ed. 2d 58 (2020). David Boshea seeks entirely different relief in his motion.

**THE COURT HAS NEVER ADDRESSED DAVID BOSHEA'S REQUEST**

Magistrate Copperwhite did not address David Boshea's Limited Objection (CM/ECF 82) in his order (CM/ECF 92). This Court addressed the limited objection only in passing by noting David Boshea filed it. (CM/ECF 94).

In its order, the Court noted that Compass failed to follow Local Rule 104.8 and ruled, "Even assuming arguendo that Compass complied with the Local Rules, the Court is not persuaded that the Motion to Compel the third parties, Michael and Daniel White, is warranted. The Court is similarly not persuaded that George White should be subject to further discovery." (CM/ECF 92 at p. 2).

Only when Compass advised David Boshea during the week of March 7, 2022, that John White would not sit for his deposition based on the discovery deadline that the deadline became an issue. David Boshea raised the issue of taking John White's deposition on March 7, 2022, by sending an email to Bruce Marcus, a Maryland attorney who has not appeared in this case who Compass designated as a contact person for settlement, discovery, and other issues. David Boshea next emailed Stephen Stern, Compass' lead counsel, providing a proposed joint status report referring to the need to complete John White's deposition. Compass responded by deleting the reference to taking John White and other individuals' depositions. Before filing this Motion, David Boshea's counsel attempted to speak to Mr. Stern, who did not return any messages. Finally, David Boshea's attorney emailed Mr. Stern asking Mr. Stern to call him to discuss whether it would be necessary for David Boshea to file his motion. Again, Mr. Stern did not respond.

Because Compass now uses the discovery deadline's expiration as an excuse to withhold John White from sitting for his deposition. David Boshea seeks this Court's intervention to enable him to depose Mr. White, a crucial witness to David Boshea's case. *See* Motion at ¶ 19.

**COMPASS WILL NOT SUFFER PREJUDICE IF THIS COURT GRANTS DAVID BOSHEA'S MOTION**

Compass claims it will suffer prejudice if the Court allows David Boshea to take John White's deposition. That position, however, lacks merit, given that Compass had no problem previously agreeing twice to present John White for his deposition and unilaterally canceling both depositions because of John White's illness. Compass now refuses to allow Mr. White to appear without explaining a substantive basis as to its purported prejudice.

WHEREFORE, David J. Boshea respectfully requests this Court for an order extending the discovery deadline to a date thirty (30) days after the Court rules on his motion to allow him to depose John White and compelling Compass Marketing, Inc. to produce John White for deposition on or before that date, for its costs and attorneys' fees in bringing this motion, and for such other relief as this Court deems appropriate.

Dated:  April 14, 2022                    Respectfully submitted,

/s/ Gregory J. Jordan

Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

**COUNSEL FOR DAVID J. BOSHEA**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 14, 2022, I served this Motion to Extend Discovery and to Compel

John White's Deposition via the Court's CM/ECF system to:

> Stephen B. Stern
> Heather K. Yeung
> Kagan Stern Marinello & Beard, LLC
> 238 West Street
> Annapolis, Maryland 21401
> Email: stern@kaganstern.com
> Email: yeung@kaganstern.com
>
> Brian A. Tollefson
> TollefsonIP
> 326 First Street, #202
> Annapolis, MD 21403
> brian@tollefsonip.com
>
> Attorneys for Defendant and Counterplaintiff

> /s/ Gregory J. Jordan
> Gregory J. Jordan