## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| | * | |
| **COMPASS MARKETING, INC.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| * * * * * * | * * * * * * | * |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
## EXTEND DISCOVERY TO CONDUCT DAVID BOSHEA'S DEPOSITION

David J. Boshea, in opposition to Defendant's Motion to Extend Discovery to Conduct David Boshea's Deposition ("Compass Second Motion to Extend")(CM/ECF 106), states:

One of the maxims of equity addresses Compass's situation, "… equity aids the vigilant, not those who sleep on their rights." *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir. 2001). Compass cannot claim it suffers from an inability to depose David Boshea. It had the chance on several occasions and declined to proceed.

As the Hon. Magistrate Judge A. David Copperthite stated in ruling on Boshea's Motion to Extend (CM/ECF 102), "Compass maneuvered the deposition dates of John White after agreeing to produce John White as a witness." (CM/ECF 105). Due to Compass's maneuvering, the Court extended the discovery deadline solely to allow David Boshea to depose John White. To enable Compass to depose David Boshea would reward Compass for its subterfuge.

In David Boshea's Motion to Extend Discovery and to Compel John White's Deposition ("Boshea Motion to Extend")(CM/ECF 102), Mr. Boshea noted that Compass had canceled David Boshea's deposition twice. Compass has now reminded David Boshea that Compass

canceled David Boshea's deposition not two, but three times. See Compass' counsel's November 3, 2021 email. (CM/ECF 106-2).

In Compass' Second Motion to Extend (CM/ECF 106), Compass Marketing, Inc. asks the Court to rely on a false premise, i.e., "Compass Marketing was not able to take Plaintiff David Boshea's deposition." (Compass Second Motion to Extend at ¶ 4). On the contrary, Compass chose not to take David Boshea's deposition. Therefore, Compass should have to live with its decision.

**DAVID BOSHEA SOUGHT TO CONDUCT DISCOVERY, WHILE COMPASS DRAGGED ITS FEET**

The Court's initial scheduling order set December 1, 2021 for the close of discovery. (CM/ECF 20).

David Boshea first proposed taking depositions on September 28, 2021, when it sent a notice of deposition for John White's deposition. From that date until the Court granted the Boshea Motion to Extend, Compass continuously found reasons to avoid conducting oral discovery.

The parties discussed having David Boshea sit for his deposition in early November; however, Compass prevented that from occurring because of its desire to depose John White's family members. The November 3, 2021 email (CM/ECF 106-2) in which Compass unilaterally canceled David Boshea's deposition concerned Compass' view that John White's brothers had something illuminating to reveal. Despite the December 1, 2021 discovery deadline, Compass scheduled Daniel and Michael White's depositions for November 29 and December 1, 2021. (CM/ECF 72 at ¶ 13). Based on the discovery deadline, Compass could not depose David Boshea before Daniel and Michael White's depositions. The brothers White eventually sat for depositions for approximately ten hours. They had little to say about this lawsuit.

## COMPASS SCHEDULED DAVID BOSHEA'S DEPOSITION
### TWICE IN DECEMBER AND CANCELED BOTH TIMES

As the initial December 1, 2021 discovery close loomed, David Boshea, without Compass joining, sought to extend the discovery deadline. (CM/ECF 72). This Court granted the motion and extended the close of discovery to January 14, 2022. (CM/ECF 73).

As noted in the Boshea Motion to Extend (CM/ECF 102), the parties agreed that John White would appear for his deposition on December 16, 2021. David Boshea's depositions would follow on the next day. However, due to Mr. White's alleged bout of COVID-19, the depositions were canceled. *See* Boshea Motion to Extend at ¶¶ 8-9 (CM/ECF 102).

The parties rescheduled both John White and David Boshea's depositions to proceed on January 13 and 14, 2022. Unsurprisingly, Compass unilaterally canceled again because, according to Compass, John White suffered from COVID-19 again. Boshea Motion to Extend at ¶¶ 10-11 (CM/ECF 102). As a result of Compass's decision to cancel David Boshea's deposition, the deadline passed without Compass allowing David Boshea to testify.

## COMPASS FILED A MOTION TO EXTEND DISCOVERY
### SOLELY TO DEPOSE JOHN WHITE'S FAMILY MEMBERS

After the January 14, 2022 discovery close, Compass went as far as to file its initial Motion to Extend Discovery Deadline (the "First Compass Discovery Motion")(CM/ECF 80), in which Compass sought to depose Daniel and Michael White further and take the initial deposition of Michael's son, George White. However, Compass did not ask to extend discovery to depose David Boshea.

In response to the First Compass Discovery Motion, David Boshea filed a limited objection in which he asked the Court to extend discovery for John White and expert depositions. (CM/ECF 82). Mr. Boshea noted in his limited objection that he did not oppose the White

brothers and son depositions, provided the Court limited questioning to matters germane to this lawsuit.

Compass took the opportunity to file a reply in support of its motion (CM/ECF 88) but avoided mentioning David Boshea's request to extend the deadline to take John White's deposition or express a need to depose David Boshea. The Court denied the First Compass Discovery Motion. (CM/ECF 92).

### COMPASS DID NOT SEEK TO DEPOSE DAVID BOSHEA WHEN MR. BOSHEA MOVED TO EXTEND DISCOVERY TO OBTAIN JOHN WHITE'S TESTIMONY

David Boshea prepared to testify in January 2022 after Compass chose to unilaterally cancel both John White and David Boshea's depositions. Similarly, Compass promised to present Mr. White for his deposition until later refusing to do so. Based on Compass' change of position, David Boshea filed his Motion to Extend (CM/ECF 102), which the Court granted. (CM/ECF 105).

Although this Court granted the Boshea Motion to Extend (CM/ECF 102), it did so over Compass' objection. (CM/ECF 103). Compass did not, even in the alternative, argue that it would suffer prejudice if it did not have the opportunity to depose David Boshea. On the contrary, Compass argued about the timeliness of David Boshea's motion based on a Fed.R.Civ.P. Rule 59 motion. Clearly, from its pleading, Compass did not want any depositions to occur.

### COMPASS CANNOT SHOW GOOD CAUSE FOR GRANTING ITS MOTION

In determining whether to afford Compass the relief it seeks, the Court should examine whether Compass has acted with diligence in seeking to extend discovery. While the Courts in the Fourth Circuit have not articulated a standard for granting similar motions, in the context of a motion to file a complaint concerning the nondischargeability complaint in a bankruptcy case,

the court in *In re Browning* noted that the creditor had to establish a reasonable degree of due diligence to be accorded an extension. *See In re Browning*, 1997 WL 470109, at *2 (Bankr. D. Md. Aug. 14, 1997). Similarly, under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff has to show good cause to obtain an extension of time to avoid the dismissal of a complaint for failure to serve a summons. *See* Fed.R.Civ.P. 4(m). To find good cause, the court must find that the plaintiff "acted in good faith and demonstrate[d] some form of due diligence in attempting service." *Perry v. I.R.S.*, No. 5:05-CV-843-D, 2006 WL 4732617, at *2 (E.D.N.C. Oct. 31, 2006), *aff'd*, 234 F. App'x 64 (4th Cir. 2007)(quoting *Elkins v. Broome,* 213 F.R.D. 273, 276 (M.D.N.C.2003).

To the extent the court views Compass' motion as a motion to amend its earlier request for an extension, it would have to show due diligence, which it has not attempted to exhibit. *See German Am. Cap. Corp. v. Morehouse*, No. GJH-13-296, 2017 WL 3411941, at *3 (D. Md. Aug. 4, 2017), *aff'd*, 714 F. App'x 286 (4th Cir. 2018).

### EXTENDING DISCOVERY TO DEPOSE DAVID BOSHEA WOULD LIKELY FOCUS ON MATTER OTHER THAN THIS LAWSUIT

David Boshea notes that Daniel and Michael White's initial depositions strayed into areas that had almost nothing to do with this lawsuit. Instead, the questioning appears to have formed the basis for Compass's lawsuit styled as *Compass Marketing, Inc. v. Flywheel Digital, LLC, et al.*, Case No. 22-cv-00379. In that lawsuit, Compass makes various broad claims against Daniel, Michael, and George White, who are co-defendants. Similarly, given its general lack of interest in David Boshea's testimony, Compass would most likely question Mr. Boshea about matters it believes might help in the *Flywheel Digital* lawsuit rather than questions germane to these proceedings.

## SUMMARY

In summary, Compass has sought to maneuver the discovery process to obtain facts to support the *Flywheel* lawsuit and avoid presenting John White for his deposition in this lawsuit. Only after its efforts in those regards failed did Compass grudging seek to obtain David Boshea's testimony. Since Compass has attempted to avoid conducting discovery, the Court should reject Compass's request to depose David Boshea filed several months after the discovery close.

WHEREFORE, David J. Boshea respectfully requests this Court enter an order denying Defendant's Motion to Extend Discovery to Conduct David Boshea's Deposition, and for such other relief as this Court deems appropriate.

Dated:  May 5, 2022

Respectfully submitted,

/s/ Gregory J. Jordan

Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

## **CERTIFICATE OF SERVICE**

I certify that on May 5, 2022, I served David Boshea's Response in Opposition to Defendant's Motion to Extend Discovery to Conduct David Boshea's Deposition via the Court's CM/ECF system to:

> Stephen B. Stern
> Heather K. Yeung
> Kagan Stern Marinello & Beard, LLC
> 238 West Street
> Annapolis, Maryland 21401
> Email: stern@kaganstern.com
> Email: yeung@kaganstern.com
>
> Brian A. Tollefson
> TollefsonIP
> 326 First Street, #202
> Annapolis, MD 21403
> brian@tollefsonip.com
>
> Attorneys for Defendant and Counterplaintiff

/s/ Gregory J. Jordan
Gregory J. Jordan
