**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| DAVID J. BOSHEA | * | |
| Plaintiff, | * | |
| | | Case No. 1:21-CV-00309-ELH |
| v. | * | |
| COMPASS MARKETING, INC. | * | |
| Defendant. | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### COMPASS MARKETING, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND DISCOVERY TO CONDUCT DAVID BOSHEA'S DEPOSITION

Defendant/Counter-Plaintiff Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Reply in Support of its Motion to Extend Discovery to Conduct David Boshea's Deposition.

Plaintiff David Boshea ("Boshea") is attempting to avoid testifying under oath prior to trial. There is no basis, and Boshea alleges none, for him to avoid his deposition. Boshea is the sole Plaintiff and primary witness to present his case. He should be required to testify at a deposition prior to trial.

Boshea's Opposition repeatedly seeks to divert and distract from his obligation to testify before trial and the agreement the parties reached in October 2021 pursuant to which Boshea's deposition and John White's deposition would occur on back-to-back dates, with John White's deposition occurring first and Boshea's deposition taking place the following day.[1] *See* Ex. 1 (Email dated October 22, 2021 at 1:29 pm). Boshea's contention that Compass Marketing

---

[1] For a variety of reasons, it became necessary to schedule these depositions on back-to-back dates to facilitate the scheduling of these depositions.

somehow abandoned its efforts to conduct his deposition is simply not true and contradicted by the facts. Throughout the process of trying to schedule these depositions, Compass Marketing has repeatedly sought to abide by the agreement the parties had reached. *See, e.g.*, Dkt. No. 106-2; Dkt. No. 106-3; Ex. 2 (Email dated December 14, 2021 at 12:17 pm). Thus, each time the parties had to postpone the depositions due to COVID-19, both parties agreed to reschedule. Offering a mutual rescheduling under the circumstances was the reasonable and appropriate thing to do under the circumstances to engage in fair, appropriate, cooperative, and responsible case management.

Boshea now suggests that he would have agreed to proceed with his deposition while agreeing to postpone only John White's deposition. Not only is this assertion irrelevant and not a basis to avoid his deposition, it is disingenuous at best. Imagine the outrage and accusations that would have been forthcoming from Boshea had Compass Marketing insisted on proceeding with Boshea's deposition while seeking to reschedule only John White's due to COVID-19 concerns.[2]

As previously articulated in Compass Marketing's Motion to Extend Discovery to Conduct David Boshea's Deposition [Dkt. No. 106], the depositions of John White and Boshea were inextricably linked. Beginning at least in November 2021, however, Compass Marketing made it clear that it would need to depose Daniel White and Michael White before it could depose Boshea. *See* Dkt. No. 106-2.[3] Compass Marketing then took the depositions of Daniel White and Michael White on November 29, 2021 and December 1, 2021 respectively. Based on Daniel White's and Michael White's attempts to evade answering numerous questions posed during their depositions,

---

[2] The parties agreed to the depositions occurring on December 16, 2021 and December 17, 2021. These depositions ultimately were postponed, however, after John White discovered that he had been exposed to COVID-19 and started to experience symptoms. Although he ultimately did not test positive for COVID-19 in December, he was still ill. The parties then agreed to reschedule the depositions on January 13, 2022 and January 14, 2022. John White subsequently contracted COVID-19 prior to the deposition dates and, thus, the parties again agreed to cancel the depositions for obvious health and safety reasons. *See* Exhibit 3 (COVID-19 Test Results for John White).

[3] This sequence also was approved by Magistrate Judge Gauvey who facilitated the scheduling of certain depositions.

Compass Marketing filed a Motion to Extend Discovery [Dkt. No. 80] and a Motion to Compel Deposition Testimony of Non-Parties Daniel White and Michael White and Extend Number of Deposition Hours for Fact Witnesses ('Motion to Compel") [Dkt. No. 81], which the Court denied on February 3, 2022.  *See* Dkt. No. 92.

In accordance with the Court's Scheduling Order [Dkt. No. 20] and the Order dated November 29, 2021 [Dkt. No. 73] that extended discovery (and the Court's denial of Compass Marketing's motion to compel), discovery in this case closed on January 14, 2022.  Compass Marketing then filed a motion for partial summary judgment on February 15, 2022 [Dkt. No. 93] in accordance with the Court's schedule.

Under the belief that discovery was closed, Compass Marketing took the position and reasonably understood that neither Boshea's nor John White's depositions would occur.  In response, Boshea filed a Motion to Extend Discovery and to Compel John White's Deposition. *See* Dkt. No. 102.  Compass Marketing opposed this Motion on the same basis that it had previously expressed to Boshea's counsel; discovery was now closed.  *See* Dkt. No. 103.

In its opposition though, and contrary to Boshea's Response in Opposition to Defendant's Motion to Extend Discovery to Conduct David Boshea's Deposition [Dkt. No. 107], Compass Marketing expressly stated that affording Boshea the opportunity to depose John White without providing Compass Marketing the opportunity to depose Boshea would be highly prejudicial.  *See* Dkt. No. 104 at 4.  Boshea deposed John White for approximately seven and one-half hours (clock time).  It would be fundamentally unfair and prejudicial to Compass Marketing not to have the opportunity to depose the Plaintiff in this case – a case that involves a factual dispute regarding the validity of an employment agreement that purports to include a severance provision.  Compass Marketing has contended since the inception of this case that the purported agreement is not valid

for a variety of reasons, including that it was forged.  Compass Marketing should be able to depose Boshea, the Plaintiff in this case, about the claims he has filed and the claims that Compass Marketing has asserted in response.[4]

It was disingenuous for Boshea to seek an extension of discovery only to take the deposition of John White, particularly knowing the agreement that the parties had reached regarding depositions and that there are a number of contested factual issues.  Boshea cannot now state that Compass Marketing missed its chance to depose Boshea or that it voluntarily chose not to depose him.

For these reasons, Compass Marketing respectfully requests that the Court grant Compass Marketing's Motion to Extend Discovery and order Plaintiff David Boshea to appear for his deposition in this litigation.

---

[4] Boshea's contention that the deposition "likely" will "focus on matters other than this lawsuit" is nothing more than unfounded conjecture that is not true and does not dignify a response other than to note that such an absurd contention reflects Boshea's desperate attempt to deflect from his misguided effort to bring this meritless lawsuit against Compass Marketing.  Clearly such unsubstantiated speculation does not provide any basis whatsoever to deny Compass Marketing the opportunity to depose Boshea.  Even if Boshea's contention were true, which it is not, the proper procedure would be to file a motion to limit the scope of the deposition under Rule 30(d)(3) – which Boshea has not filed – not preclude Compass Marketing from taking the deposition all together.

Dated:  May 19, 2022                   Respectfully submitted,

*/s/Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  yeung@kaganstern.com

and

Brian A. Tollefson, Bar No. 16289
TOLLEFSON IP
326 First Street, #202
Annapolis, Maryland 21403
(Phone):  (443) 699-2450
Email:  brian@tollefsonip.com

*Counsel for Defendant/Counter-Plaintiff*
*Compass Marketing, Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 19th day of May, 2022, the foregoing Reply in Support of Motion to Extend Discovery to Conduct David Boshea's Deposition was served via the CM/ECF system on the following counsel of record:

Thomas J. Gagliardo                  Gregory J. Jordan
Gilbert Employment Law, PC        Mark Zito
1100 Wayne Avenue, Suite 900       Jordan & Zito, LLC
Silver Spring, Maryland 20910        350 N. LaSalle Drive, Suite 1100
Email:  tgagliardo@gelawyer.com    Chicago, Illinois 60654
                                    Email:  gjordan@jz-llc.com

*Attorneys for Plaintiff*
*David Boshea*

*/s/ Stephen B. Stern*
Stephen B. Stern

5