IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **DAVID J. BOSHEA** | * |
| Plaintiff, | * |
| v. | * Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DAVID J. BOSHEA'S MOTION TO AMEND SCHEDULING
ORDER AND FOR LEAVE TO FILE HIS PARTIAL MOTION
FOR SUMMARY JUDGMENT UNDER FED.R.CIV.P. 16(b)(4)**

David J. Boshea moves for the entry of an order amending the Court's scheduling order setting the deadline for dispositive motions, and granting him leave to file a motion for partial summary judgment on Counts I, II, and III of his Second Amended Complaint and Count III of Compass Marketing, Inc.'s Counterclaim and in support states:

1. By this motion, David Boshea seeks leave to file his Motion for Partial Summary Judgment (Exhibit A), Memorandum in Support of Motion for Partial Summary Judgment (Exhibit B), and Statement of Undisputed Material Facts in Support of Summary Judgment (Exhibit C).

2. The Court's November 29, 2021 Order (CM/ECF 72) set the deadline for the parties to file dispositive motions as February 15, 2022.

3. As of February 15, 2022, David Boshea did not possess sufficient evidence to justify filing a summary judgment motion because David Boshea could not depose John White before that date.

4. While David Boshea made several attempts to depose John White, those efforts did not bear fruit, including two depositions he scheduled before the discovery cutoff that Compass canceled. The depositions did not occur because John White claimed to suffer from COVID-19 not once but twice.

5. After the close of discovery, Compass Marketing refused to present John White for his deposition.

6. David Boshea reluctantly sought the Court's intervention to allow him to depose John White through his Motion to Extend Discovery and to Compel John White's Deposition (CM/ECF 102).

7. By its April 19, 2022 order (CM/ECF 105), the Court granted the motion to extend discovery and gave Compass Marketing thirty days to present John White for his deposition.

8. As the Court noted in its May 20, 2022 order (CM/ECF 109), "Compass Marketing manipulated the dates for deposition for John White to the detriment of Plaintiff Boshea." *Id.*

9. Initially, Compass Marketing offered the 28th or 29th day after the Court's order. See Exhibit D. After David Boshea sent a notice for a deposition on the first date, Compass advised him that the date no longer worked and required that the deposition occur on the second to last day of the period the Court set (See Exhibit E).

10. As a result of Compass Marketing's actions, David Boshea could not depose John White, Compass Marketing's Chairman and, until recently, its chief executive officer, until well after the date for filing dispositive motions.

11. As reflected in the proposed Memorandum in Support of Motion for Partial Summary Judgment, attached as Exhibit B, John White and David Boshea constitute the primary parties in the events underlying David Boshea's allegations in his complaint.

12. In addition to obtaining facts in support of his claims, David Boshea has diligently attempted to gather evidence to refute the allegations contained in Counts I and II of Compass' Counterclaim and Third-Party Complaint (the "Counterclaim") (CM/ECF 38).

13. Compass, in Count I of the Counterclaim, alleges David Boshea, by himself or in coordination with still unknown John Doe(s), circulated a copy of the complaint in this lawsuit to third parties - a real estate brokerage firm whom Compass claimed to have hired to negotiate a new office lease and an architecture firm with whom Compass had been working to design the new office space. Compass claimed David Boshea or the unknown John Does interfered with Compass' existing and potential business relationships.

14. In Count I of the Counterclaim, Compass alleged that both the real estate brokerage firm and the architecture firm cut off contact with Compass after receiving the complaint, thus damaging Compass financially.

15. Count II alleges a civil conspiracy for the same actions Compass alleged in Count I.

16. David Boshea did not know the name of the real estate brokerage and the broker with whom Compass had allegedly been negotiating and the architecture firm and the architect with whom Compass had allegedly been working until January 11, 2022, when Compass responded to David Boshea's Third Set of Interrogatories to Compass.

17. Since that time, David Boshea has acted with diligence by attempting to interview the real estate broker, John Gallagher, and the architect, Marcus Cross. David Boshea has learned that Compass' allegations lack merit and has sought to procure affidavits from those individuals to refute Compass' claims in Count I of the Counterclaim.

18. David Boshea's counsel spoke with John Gallagher by phone and through email. Mr. Gallagher, a commercial real estate broker who works as a Vice President - Sales & Leasing

for Hyatt Commercial in Annapolis, Maryland, confirmed that Compass never hired him or his company. While Mr. Gallagher apparently received a copy of David Boshea's complaint anonymously, Mr. Gallagher still sent a proposed lease to Compass. Moreover, Mr. Gallagher related that the lease discussions ended because Compass stopped communicating with him after it received the draft lease.

19. Mr. Gallagher's receipt of the document had no impact on the parties' negotiations on lease terms, the landlord, 410 Rowe Boulevard LLC's, interest in leasing space to Compass Marketing, Inc., or Mr. Gallagher's interest in consummating a lease between 410 Rowe Boulevard LLC and Compass Marketing, Inc.

20. After obtaining this information orally from Mr. Gallagher, David Boshea's attorneys, including local counsel, attempted to obtain Mr. Gallagher's affidavit to refute the allegations in Count I of the Compass' counterclaim.

21. After communicating on several occasions by email, Mr. Gallagher stopped responding to counsel's emails, and the proposed affidavit remains unsigned.

22. Over the course of several months, David Boshea's Illinois counsel attempted to reach Marcus Cross, the architect, and, on several occasions, left voicemail messages.

23. Thomas Gagliardo, David Boshea's counsel in Annapolis, reached Mr. Cross' attorney, Marc Engel, who told Mr. Gagliardo that Mr. Cross never received a copy of the complaint in this lawsuit, and to Mr. Cross' knowledge, no one else at his firm did either. Notwithstanding the preceding, Mr. Engel advised David Boshea's attorney that Mr. Cross did not wish to get involved and declined to sign an affidavit stating he did not receive the complaint.

24. The efforts to obtain affidavits delayed David Boshea's filing of the motion for summary judgment (Exhibit A) and related documents. Attempts to contact Messrs. Gallagher and Cross concluded on July 27, 2022, when it became clear neither would respond further.

25. David Boshea has worked diligently to obtain the facts necessary to present a motion for summary judgment that he believes would conclude this lawsuit.

26. The primary consideration under Rule 16(b)'s "good cause" standard is the movant's diligence. Lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (quoting *West Virginia Housing Dev. Fund v. Ocwen Technology Xchange, Inc.,* 200 F.R.D. 564, 567 (S.D.W.Va.2001).

27. David Boshea has worked diligently to bring the entire lawsuit to a close. Only when it became clear that he could file only a motion for partial summary judgment did he proceed with this motion for leave to file and the underlying motion.

28. "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end.*" *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) *Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D.W.Va. 1995) (itself *quoting Johnson v. Mammoth Creations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (emphasis in original).

29. At this time, David Boshea has the evidence to merit the entry of partial summary judgment against Compass on all counts of David Boshea's Second Amended Complaint (CM/ECF 48) and Count III of the Counterclaim (CM/ECF 38).

30. Because of Compass' gameplaying, and Mr. Gallagher and Mr. Cross' recalcitrance concerning signing affidavits in support of a motion for summary judgment, David Boshea has been prevented from filing a motion that would resolve all of the issues in this lawsuit.

31. David Boshea has diligently pursued his case throughout the life of this lawsuit. The parties have engaged in substantial motion practice and multiple discovery disputes. David Boshea's reason for not filing a dispositive motion by February 15, 2022 is not the result of his lack of diligence or carelessness. Therefore, David Boseah asks the Court for leave to allow him to present his evidence in support of a motion for partial summary judgment on all counts of the Second Amended Complaint (CM/ECF 48) and Count III of the Counterclaim (CM/ECF 38).

WHEREFORE, David J. Boshea respectfully requests this Court for an Order amending the November 29, 2021 Order scheduling the deadline for dispositive motions under Fed.R.Civ.P. 16(b)(4) and granting him leave to file a motion for partial summary judgment on Counts I, II, and III of the Second Amended Complaint and Count III of the Counterclaim, and for such other and further relief as this Court deems appropriate.

Dated:  July 31, 2022                    Respectfully submitted,

/s/ Gregory J. Jordan

Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA