**DAVID J. BOSHEA'S MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE HIS PARTIAL MOTION FOR SUMMARY JUDGMENT UNDER FED.R.CIV.P. 16(b)(4)**

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| | * | |
| Plaintiff/Counter-Defendant, | * | |
| | * | Case No. 1:21-CV-00309-ELH |
| v. | * | |
| | * | |
| **COMPASS MARKETING, INC.** | * | |
| | * | |
| Defendant/Counter-Plaintiff. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION FOR PARTIAL SUMMARY JUDGMENT

David J. Boshea respectfully moves this Court for an order granting partial summary judgment in his favor and against Compass Marketing, Inc. on all Counts of his Second Amended Complaint and Count III of the Compass Marketing, Inc.'s Counterclaim and Third-Party Complaint and Third-Party Complaint. In support, David J. Boshea states:

1. In or about May 2007, David Boshea and Compass entered into an agreement titled, "Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation" (the "Agreement").

2. Compass employed David Boshea from May 2007 until March 2020 under the Agreement.

3. Compass terminated David Boshea's employment without cause in March 2020.

4. The Agreement provides that if Compass terminated David Boshea for any reason other than for cause, David Boshea would receive severance payments totaling $180,000.00 paid over 24 months, commencing on David Boshea's effective termination date, and delivered following Compass' normal payroll cycle.

5. Compass' regular payroll schedule involved twice monthly payments of salary or wages.

6. Under the terms of the Agreement, had Compass terminated David Boshea without cause on the day after the parties entered into the contract, Compass would have owed David Boshea $180,000.00.

7. The Agreement further provides that David Boshea's severance would increase one month for every month employed to a maximum of $540,000.00.

8. Compass employed David Boshea for at least 155 months before his involuntary termination.

9. Because Compass employed David Boshea for at least 155 months, he is entitled to receive the maximum severance of $540,000.00 under the Agreement.

10. Notwithstanding the Agreement's terms, Compass has failed to pay David Boshea *any* of the severance pay owed.

11. Compass has not claimed that David Boshea failed to perform his obligations under the Agreement.

12. On September 15, 2021, David Boshea filed a three-count Second Amended Complaint against Compass. David Boshea sought judgment for breach of contract in Count I, the violation of the Maryland Wage Payment and Collection Act (the "MWPCL") in Count II. In addition, David Boshea filed a third count for Violation of the Illinois Wage Payment and Collection Act in the alternative to Count II.

13. Since the Agreement concerns a contract governed by Maryland law, David Boshea has provided evidence supporting each element required to establish a breach of contract, so he is entitled to recover his damages under Count I resulting from Compass' breach of contract.

14. Concerning Count II, the MWPCL applies to severance pay. See this Court's July 22, 2022 order (CM/ECF 110) and *Stevenson v. Branch Banking and Trust Corp.*, 159 Md. App. 620, 644 (2004).

15. Under the Agreement, Compass had to pay David Boshea severance payments through the end of February 2021.

16. Compass has failed to make any severance payment to David Boshea, thus violating § 3-502 or § 3-505 of the MWPCL, since more than two weeks had elapsed from the date on which Compass failed to pay the wages owing to David Boshea as of that date.

17. Compass' failure to pay David Boshea the severance payments he is due is not due to a bona fide dispute.

18. As a result of Compass' failure to timely pay the sums owing to David Boshea as of February 28, 2021, under the MWPCL, David Boshea is entitled to receive from Compass an award of an amount not exceeding three times the wages owing to him as of February 28, 2021, which wages equal $540,000.00, along with reasonable counsel fees and other costs. *See* § 3-507.1(b) of the MWPCL.

19. In the alternative and in an abundance of caution, as a result of Compass' failure to timely pay the sums owing to David Boshea as of February 28, 2021, under the Illinois Wage Payment and Collection Act, David Boshea is entitled to receive from Compass an award of the wages owed to him and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, along with reasonable counsel fees and other costs. *See* 820 ILCS 115/14.

20. David Boshea also requests that, should the Court grant this motion, it allow him to file a motion to recover his statutory attorney's fees and costs.

21. Compass' Chairman and, at all pertinent times, CEO, John White, does not rebut David Boshea's testimony. Instead, John White has no recollection of what terms he discussed concerning David Boshea's employment.

22. Because Compass has not put forth any credible evidence to refute David Boshea's version of the events surrounding his employment with Compass, the Court should accept David Boshea's unrebutted version of the events leading to the formation of the parties' contract.

23. David Boshea is entitled to summary judgment on Count II of Compass' Counterclaim and Third-Party Complaint. Compass claims in its counterclaim that David Boshea received certain unauthorized "off-payroll" payments in bi-weekly increments of $350.00, totaling $51,800.00 for his membership at the White Eagle Golf Club. The testimony of Michael White, who managed Compass' payroll, and Compass' payroll register produced in discovery directly contradict Compass' allegations in Count III. The payroll register shows Compass paid David Boshea's membership dues for years "on-payroll" while Compass employed David Boshea in $350 increments with taxes withheld.

WHEREFORE, plaintiff/counter-defendant, David J. Boshea, respectfully requests this Court for an order granting summary judgment in his favor and against defendant/counter-plaintiff, Compass Marketing, on Counts I, II, and III of the Second Amended Complaint and Count III of Compass Marketing, Inc.'s Counterclaim and Third-Party Complaint, his attorneys' fees, and costs, and for such other and further relief this Court deems just.

Dated:  July 31, 2022                                   Respectfully submitted,

                                                                            /s/Gregory J. Jordan
                                          Gregory J. Jordan (Admitted Pro Hac Vice)
                                          Jordan & Zito LLC
                                          350 N. LaSalle Street, Suite 1100
                                          Chicago IL 60654
                                          (312) 854-7181
                                          gjordan@jz-llc.com

>Thomas J. Gagliardo (Bar No. 08499)
>Of Counsel
>Gilbert Employment Law, P.C.
>1100 Wayne Ave, Suite 900
>Silver Spring, Maryland 20910
>tgagliardo@gelawyer.com

>Counsel for David J. Boshea