IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPASS MARKETING, INC.'S OPPOSITION TO DAVID J. BOSHEA'S MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE HIS PARTIAL MOTION FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 16(b)(4)**

Defendant/Counter-Plaintiff Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Opposition to David J. Boshea's Motion to Amend Scheduling Order and for Leave to File his Partial Motion for Summary Judgment under Fed. R. Civ. P. 16(b)(4) ("Motion").

1. Plaintiff David J. Boshea ("Boshea") initiated this lawsuit over a year and a half ago on February 5, 2021. *See* ECF 1 (the "Complaint").

2. Boshea has since filed an Amended Complaint (ECF 27) and a Second Amended Complaint (ECF 48).

3. Compass Marketing filed its Counterclaim against Boshea on August 26, 2021 (ECF 38), almost an entire year ago.

4. This Court issued the initial Scheduling Order on June 29, 2021 setting the discovery deadline as December 1, 2021 and the dispositive pretrial motions deadline as January 7, 2022. ECF 20 at 2.[1]

5. The Court modified the original Scheduling Order with an Order dated November 29, 2021, pursuant to which the discovery deadline was extended to January 14, 2022 and the dispositive pretrial motions deadline was extended to February 15, 2022. *See* ECF 73.

6. In accordance with the Court's November 29, 2021 Order, Compass Marketing filed a motion for partial summary judgment on February 15, 2022, which the Court denied on July 22, 2022. *See* ECF 110.

7. Boshea now moves, six months after the close of discovery and five months after the dispositive motions deadline, to amend the Scheduling Order so that he may file a Partial Motion for Summary Judgment. *See* ECF 113.

8. Notwithstanding the fact that this case hinges on a genuine dispute of material fact regarding whether Boshea forged the signature of Compass Marketing's CEO on the alleged employment agreement, a fact that this Court has expressly acknowledged in its own Memorandum Opinion,[2] Boshea's Motion comes entirely too late.

9. A scheduling order "may be modified only for good cause and with the judge's consent." *See* FED. R. CIV. P. 16(b)(4). "Under Rule 16, [g]ood cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and

---

[1] The additional time beyond 30 days from the close of discovery was to account for the holiday schedule in late December and New Year's Day.

[2] *See* ECF 110 (noting, "Compass has not provided evidence supporting its claim that the Agreement is a forgery. *However, it seems clear that this will be a significant factual dispute at trial.*") (emphasis added). As the Court noted in its Memorandum Opinion, Compass Marketing has two expert witnesses who have provided opinions that the employment agreement at issue was forged, and not signed by John White. This alone makes much of Boshea's proposed summary judgment motion a futile exercise and a waste of time and resources for the parties and Court.

2

whatever other factors are also considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *Ademiluyi v. Pennymac Mortg. Inv. Tr. Holdings I, LLC*, Civil Action No. ELH-12-0752, 2015 U.S. Dist. LEXIS 16386, at *12 (D. Md. Feb. 10, 2015) (internal citation omitted). In making that determination, courts may consider "'whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party.'" *Id.* (quoting *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014). "But, in any case, if the moving party was not diligent, the inquiry should end." *Id.* (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002)).

10. Boshea claims that he could not meet the February 15, 2022 deadline to file pretrial dispositive motions because "David Boshea could not depose John White before that date." *See* ECF 113 at ¶ 3.

11. Even taking that statement as true, Boshea deposed John White on May 18, 2022.[3] *He then waited seventy-four (74) days (i.e., nearly two and one-half months) to file this Motion*.

12. The amount of time that elapsed between John White's deposition and Boshea filing the instant Motion clearly shows a lack of diligence.

13. Even if the Court were to measure diligence from the date on which Boshea received John White's deposition transcript (as opposed to the date of the deposition, when Boshea and his counsel heard John White's testimony), Boshea still waited approximately 58 days (nearly two full months) to file his motion for leave. *See* Exhibit 1 (Email dated June 8, 2022 from G.

---

[3] *See* ECF 113-12.

Jordan to B. Tollefson, S. Stern, and A. Garten) (showing Boshea had possession of John White's deposition transcript on June 3, 2022).[4]

14. Boshea could have promptly moved to modify the Scheduling Order immediately following John White's deposition (or upon receiving a copy of the deposition transcript). But he did not. Instead, he waited an additional two and one-half months (or nearly two months) before filing his Motion. *See Hardie v. Deutsche Bank Tr. Co. Am.*, No. TDC-20-1135, 2022 U.S. Dist. LEXIS 84759, at *20-*21 (D. Md. May 10, 2022) (denying motion to modify for lack of diligence when counsel waited one month after he entered his appearance to move to modify the current scheduling order). Under these circumstances, Boshea did not exercise diligence in seeking leave to amend the Scheduling Order.

15. Boshea further states that he could not move for summary judgment on February 15, 2022 because, since January 11, 2022, "David Boshea has acted with diligence by attempting to interview [] real estate broker, John Gallagher, and [] architect, Marcus Cross," *see* ECF 113 at ¶ 16-17, in connection with Compass Marketing's Counterclaim.

16. These "attempts" allegedly "concluded on July 27, 2022, when it became clear that neither would respond further." *See* ECF 113 at ¶ 24. In other words, according to Boshea, it took him more time to conclude these witnesses would not cooperate with his requests than Boshea was allotted for all discovery under the original Scheduling Order.

17. By his own statement, Boshea has known about John Gallagher and Marcus Cross since at least January 11, 2022.[5] Upon learning their names (if you assume January 11, 2022 is

---

[4] In that June 8, 2022 email, counsel for Boshea tried to characterize a portion of John White's deposition testimony as being inconsistent with certain documents, but that characterization was demonstrated to be inaccurate in subsequent emails.

[5] Boshea's statement also presupposes there was no opportunity for diligence on these issues prior to January 11, 2022 during the original schedule for discovery.

4

the proper date to measure from), he never sought to subpoena either of them. Even after the discovery deadline of January 14, 2022, Boshea never moved to modify the Scheduling Order so that he could issue subpoenas to Mr. Gallagher and/or Mr. Cross. Indeed, consistent with Boshea's previous limited request for leave to extend discovery, the Court's Order dated April 19, 2022 granted Boshea leave only to conduct John White's deposition, not additional discovery. *See* ECF 105.

18. Again, this shows a lack of diligence on Boshea's part.

19. In short, Boshea is seeking more time from the close of discovery to file a dispositive motion than he (or Compass Marketing) was allotted under the Scheduling Order or Amended Scheduling Order (i.e., the Scheduling Order allotted the parties approximately thirty days; Boshea is seeking more than twice that amount of time), and Boshea is asking the Court to overlook his lack of diligence in seeking such leave. Neither of these requests is justified.

20. For the foregoing reasons, Boshea has failed to show good cause to modify the Scheduling Order and his Motion to Amend Scheduling Order and for Leave to File his Partial Motion for Summary Judgment under Fed. R. Civ. P. 16(b)(4) should be denied.

Dated: August 9, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/Stephen B. Stern*
　　　　　　　　　　　　　　　　　　　　Stephen B. Stern, Bar No.: 25335
　　　　　　　　　　　　　　　　　　　　Heather K. Yeung, Bar No.: 20050
　　　　　　　　　　　　　　　　　　　　KAGAN STERN MARINELLO & BEARD, LLC
　　　　　　　　　　　　　　　　　　　　238 West Street
　　　　　　　　　　　　　　　　　　　　Annapolis, Maryland 21401
　　　　　　　　　　　　　　　　　　　　(Phone): (410) 216-7900
　　　　　　　　　　　　　　　　　　　　(Fax):　 (410) 705-0836
　　　　　　　　　　　　　　　　　　　　Email: stern@kaganstern.com
　　　　　　　　　　　　　　　　　　　　Email: yeung@kaganstern.com

　　　　　　　　　　　　　　　　　　　　and

Brian A. Tollefson, Bar No. 16289
TOLLEFSON IP
326 First Street, #202
Annapolis, Maryland 21403
(Phone):  (443) 699-2450
Email:  brian@tollefsonip.com

*Counsel for Defendant/Counter-Plaintiff
Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 9th day of August, 2022, the foregoing Opposition to David J. Boshea's Motion to Amend Scheduling Order and for Leave to File his Partial Motion for Summary Judgment under Fed. R. Civ. P. 16(b)(4) was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo | Gregory J. Jordan |
| Gilbert Employment Law, PC | Mark Zito |
| 1100 Wayne Avenue, Suite 900 | Jordan & Zito, LLC |
| Silver Spring, Maryland 20910 | 350 N. LaSalle Drive, Suite 1100 |
| Email: tgagliardo@gelawyer.com | Chicago, Illinois 60654 |
| | Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*

                                        */s/ Stephen B. Stern*_____
                                        Stephen B. Stern