**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| | * | |
| **COMPASS MARKETING, INC.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF DAVID J. BOSHEA'S MOTION TO AMEND**
**SCHEDULING ORDER AND FOR LEAVE TO FILE HIS PARTIAL**
**MOTION FOR  SUMMARY JUDGMENT UNDER FED.R.CIV.P. 16(b)(4)**

For his reply in support of his motion to amend this Court's scheduling order and for leave to file his partial motion for summary judgment under Fed.R.Civ.P. 16(b)(4), David Boshea states:

**INTRODUCTION**

David Boshea's motion sets forth the specific reasons he has requested that the Court amend its scheduling order to grant him leave to file a partial motion for summary judgment. Those reasons show he acted with diligence. No one can dispute that David Boshea could not possibly have filed a dispositive motion by February 15, 2022, given Compass Marketing, Inc.'s refusal to allow John White to sit for a deposition. When he eventually appeared, Mr. White admitted Compass could not contest David Boshea's recollection of the facts, since he claimed to remember nothing, including whether David Boshea had a severance agreement. Compass, of course, claimed it could not produce it because someone prevented it from accessing its electronic records several yuears ago. For reasons unclear, Compass still cannot recover them, although it asserts they exist. Concerning its counterclaim, John White provided vague answers to the questions regarding its

asserted injury because of a realtor, who was not actually Compass' realtor, and an architect had purportedly received a copy of David Boshea's complaint.

Any delays fall on Compass' shoulders. Compass cannot complain of prejudice if the Court grants David Boshea's Motion for Leave at this point, given its responsibility for delaying this case. Compass' Opposition brief ignores the fact that John Gallagher, the realtor, cooperated with David Boshea until he stopped communicating in mid-July. Similarly, David Boshea made vigorous efforts to obtain the architect's affidavit. David Boshea's attempts only concluded when he could not secure the witness' cooperation on July 27, 2022, four days before filing his Motion for Leave on July 31, 2022.

**DAVID BOSHEA HAS SHOWN GOOD CAUSE FOR THIS COURT GRANTING THE RELIEF HE SEEKS**

David Boshea has diligently prosecuted his case despite obstacles Compass imposed on him. Accordingly, he submits that the Court should allow him to file his motion for summary judgment when weighing his efforts, the lack of prejudice Compass would suffer, and its positive impact on these proceedings by resolving substantially all of the contested issues.

> When evaluating excusable neglect, courts have discretion to accept late filings "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The determination of whether neglect is excusable "is at the bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These circumstances include: (1) "danger of prejudice"; (2) "length of delay and its potential impact on judicial proceedings"; (3) "reason for the delay"; and (4) "whether the movant acted in good faith." *Id.* at 395.
>
> *Fontell v. MCGEO UFCW Loc. 1994*, No. CIV. A AW-09-2526, 2010 WL 3086498, at *2 (D. Md. Aug. 6, 2010), *aff'd,* 410 F. App'x 645 (4th Cir. 2011)

David Boshea submits that he has shown good cause for granting the motion through his diligent efforts, so he should be allowed to prosecute his motion for partial summary judgment.

> Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P.

16(b)(4). Under Rule 16(b), good cause exists where the moving party has diligently made efforts to meet court imposed deadlines. *See Rassoull v. Maximus, Inc.,* 209 F.R.D. 372, 374 (D.Md.2002). The Fourth Circuit has noted that a finding of "good cause" is justified under Rule 16(b) where at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline. *See In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig.,* 19 F.3d 1429, 1994 WL 118475, at *11 (4th Cir. Apr. 7, 1994) (finding abuse of discretion in the district court's refusal to allow amendment to add a new claim after scheduling order deadline). The factors to be considered in determining whether there is good cause or "excusable neglect"[4] include the "danger of prejudice to the non-moving party, the length of delay *769 and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Rothenberg v. Marriott Int'l, Inc.,* No. CCB–08–173, 2008 WL 687033, at *1 (D.Md. Feb. 29, 2008) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

*Tawwaab v. Virginia Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010)

Despite Compass' protestations to the contrary, David Boshea has acted with diligence to meet the Court's deadlines. In sharp contrast, Compass delayed these proceedings, including refusing to present John White for a deposition until this Court ordered that he appear. As a result, David Boshea did not have the critical evidence necessary to file a motion for summary judgment by the February 15, 2022 discovery cutoff. As Compass points out, John White finally sat for his deposition on May 18, 2022, some three months after the deadline for filing dispositive motions. Moreover, as Compass notes in its opposition, David Boshea did not have the deposition transcript until June 3, 2022.

Compass' counterclaim centers on claims that David Boshea, who lives in Illinois, inexplicably knew Compass not only sought to lease different office space but also had identified the architect Compass hired and the real estate professional a third-party building owner retained to seek the space. David Boshea did not know of any of those events, so he needed third party support to show the claims lacked substance. First, David Boshea deposed John White, who claimed ignorance. Next, David Boshea's counsel worked vigorously to contact Marcus Cross, the

architect, and John Gallagher, the realtor, to secure their affidavits. Mr. Gallagher initially was willing to assist David Boshea, even going as far as reviewing a draft affidavit based on his statements to counsel. Unfortunately, Mr. Gallagher became less responsive over time and stopped responding in mid-July. Mark Zito, counsel for David Boshea, also left multiple messages for Marcus Cross on his firm's voicemail, to no avail. Thomas Gagliardo, David Boshea's Maryland counsel, finally communicated with Mr. Cross' attorney, Marc Engel, who confirmed Mr. Cross had not received a copy of the complaint but refused to get involved in the lawsuit. Mr. Cross would not sign an affidavit stating what he knew. David Boshea avoided causing either witness to become hostile and concluded on July 27, 2022, he could not obtain affidavits from Mr. Cross and Mr. Gallagher. On July 31, 2022, David Boshea filed his motion for leave to file his motion for partial summary judgment.

Under the standard for amending a pretrial order, "manifest injustice" must be prevented. *Koch v. Koch Industries*, 203 F.3d 1202, 1222-23 (10th Cir. 2000). Similarly, amending the scheduling order will serve the same purpose. David Boshea has been industrious in seeking information to resolve all issues and avoid needing a full trial. By granting his motion, the Court will allow the issues at trial to narrow substantially.

In *Stewart v. Coyne Textile Services*, 212 F.R.D. 494 (S.D.W. Va. 2003), the court considered an analogous situation in which the party seeking an amendment had to reach out to third parties to obtain information.

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.... Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving

4

party's reasons for seeking modification. (citing *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995).

*Id.*, 212 F.R.D. at 496.

No delay would have occurred if John White, Compass CEO, had been forthcoming in his

deposition.

> Q. Do you know anything about an architecture firm receiving a copy of the complaint, anonymously, or otherwise?
>
> A.    I remember that they did, but I don't recall who received it there.· I don't even remember the name of the firm.
>
> Q. Okay.· Do you have any facts?· ·Do you know of any facts that would support the allegation that because the architecture firm received the complaint, that they stopped working with Compass Marketing?
>
> A.    Only that they stopped communicating with us.
>
> Q. Okay.· So there was this stoppage of communication, and you don't know why they stopped communicating?
>
> A. Both Hyatt and the architecture firm stopped communicating instantly following the receipt of these anonymous mailings.
>
> John White May 18, 2022 Transcript 192:5-24

As a result of these responses, David Boshea sought the architect and broker's affidavits

to allow him to resolve all of the issues in the case and avoid the necessity of a trial. David

Boshea's actions evidence good cause for amending the scheduling order through his attempt to

take the necessary time to streamline the issues.

> A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "focuses on the timeliness of the submission, the reasons for its tardiness, and the danger of prejudice to the non-moving party." *Nguyen v. Jones*, No. 1:19-cv-00337-MR, 2020 WL 7264465, at *2 (W.D.N.C. Dec. 10, 2020). "The primary consideration is the diligence of the moving party." *Id.* With respect to successive motions for summary judgment, courts consider other factors, including whether the proposed motion would streamline issues for trial and promote judicial efficiency. *See, e.g., Toney ex rel. Toney v. Ability Ins. Co.*, C.A. No. 3:10-cv-2311-CMC, 2011 WL 4403295, at *1 (D.S.C. Sept. 21, 2011) (finding that "judicial economy favors consideration of the second motion for summary judgment because it may (and in fact does) resolve all issues for trial"); *United States v. Cohan*, No. 3:11-CV-412 (CSH), 2012 WL 4758142, at *2 (D. Conn. Oct. 5, 2012) ("[W]ith respect specifically to motions for leave to

file     an     untimely summary judgment motion,     courts     factor     in
judicial efficiency.").

*Remy Holdings Int'l, LLC v. Fisher Auto Parts, Inc.*, No. 5:19-CV-00021, 2022
WL 198851, at *1 (W.D. Va. Jan. 21, 2022)

The information David Boshea sought concerned the circumstances surrounding the allegations in Compass' counterclaim. Because of the vagueness of John White's deposition testimony, David Boshea had to obtain the information from alternative sources besides or in addition to Compass' responses.

Compass cannot claim prejudice if the Court were to grant the relief requested by the Motion for Leave, considering the delays it caused throughout discovery and, in particular, its refusal to allow John White to sit for a deposition. As David Boshea noted in his Motion for Leave, even after the Court ordered John White to sit for his deposition within thirty (30) days on May 20, 2022, Compass would not produce him until two days before the end of the 30-day period.

Here, the issue is a single amendment to the scheduling order to allow time for a motion that can resolve a substantial portion of the matters the parties would address at trial. Allowing David Boshea leave to file the motion for summary judgment does not substantively impact the content of the existing scheduling order, which should weigh in favor of allowing him to file the motion.

In short, David Boshea has diligently attempted to move this case along under the due diligence requirement of Fed.R.Civ.P. 16(b)(4), despite the best efforts of Compass to delay the proceedings. Accordingly, David Boshea requests that this Court grant the Motion for Leave.

WHEREFORE, David J. Boshea respectfully requests this Court for an Order amending the November 29, 2021 Order scheduling the deadline for dispositive motions under Fed.R.Civ.P. b(b) and 16(b)(4) and granting him leave to file a motion for partial summary judgment on Counts

I, II, and III of the Second Amended Complaint and Count III of the Counterclaim, and for such other just relief.

Dated:  August 19, 2022                    Respectfully submitted,

<u>/s/ Gregory J. Jordan</u>

Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

## **CERTIFICATE OF SERVICE**

I certify that on August 23, 2022, I served the Reply in Support of David J. Boshea's

Motion to Amend Scheduling Order and for Leave to File His Partial Motion for Summary

Judgment under Fed.R.Civ.P. 16(b)(4) via the Court's CM/ECF system to:

> Stephen B. Stern
> Heather K. Yeung
> Kagan Stern Marinello & Beard, LLC
> 238 West Street
> Annapolis, Maryland 21401
> Email: stern@kaganstern.com
> Email: yeung@kaganstern.com
>
> Brian A. Tollefson
> TollefsonIP
> 326 First Street, #202
> Annapolis, MD 21403
> brian@tollefsonip.com
>
> Attorneys for Defendant and Counterplaintiff

> /s/ Gregory J. Jordan
> Gregory J. Jordan