IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID J. BOSHEA,
   *Plaintiff*,

v.   Civil Action No.  ELH-21-309

COMPASS MARKETING, INC.,
   *Defendant*.

**MEMORANDUM**

Plaintiff David J. Boshea has filed suit against defendant Compass Marketing, Inc. ("Compass"), alleging that Compass owes him severance pay pursuant to an employment agreement. *See* ECF 1 (the "Complaint"); ECF 27 (the "First Amended Complaint"); ECF 48 (the "Second Amended Complaint").

The deadline for dispositive pretrial motions was initially set for January 7, 2022. *See* ECF 20 (Scheduling Order of 6/29/21). But, at Boshea's request, it was extended to February 15, 2022. *See* ECF 73. By this deadline, Compass moved for partial summary judgment, solely as to one claim. ECF 93. By Memorandum Opinion (ECF 110) and Order (ECF 111) of July 22, 2022, the Court denied the motion.

Thereafter, on July 31, 2022, Boshea filed a "Motion to Amend Scheduling Order and for Leave to File His Partial Motion for Summary Judgment Under Fed. R. Civ. P. 16(b)(4)." ECF 113 (the "Motion"). The Motion is accompanied by a proposed summary judgment motion (ECF 113-1) and other exhibits. ECF 113-2 to ECF 113-17. The Motion seeks leave to file an untimely motion for partial summary judgment.

Compass opposes the Motion (ECF 114, the "Opposition"), supported by one exhibit. ECF 114-1. Boshea has replied. ECF 116.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I. Procedural Background

Plaintiff filed suit on February 5, 2021. ECF 1. As noted, the suit concerns severance pay allegedly owed to Boshea after he left Compass. In the Second Amended Complaint, Boshea has lodged claims for breach of contract (Count I); violation of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code (2016 Repl. Vol., 2021 Supp.), §§ 3-501 *et seq*. of the Labor and Employment Article (Count II); and, in the alternative to Count II, violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. Ann. 115/1 *et seq*. (Count III). ECF 48, ¶¶ 17-39.

Compass has answered. *See* ECF 14 (Answer to Complaint); ECF 37 (Answer to First Amended Complaint); ECF 53 (Answer to Second Amended Complaint). In addition, Compass filed a Counterclaim against Boshea, as well as a Third Party Complaint against unidentified John Doe(s). ECF 38. Specifically, Compass has lodged a claim against Boshea and John Doe(s) asserting tortious interference with contractual relations and/or prospective economic advantage (Count I); a claim against Boshea and John Doe(s) for civil conspiracy (Count II); and a claim against Boshea for unjust enrichment (Count III). *Id*. ¶¶ 22-43. Boshea has answered the Counterclaim. ECF 45.

The parties engaged in discovery, pursuant to a Scheduling Order. ECF 20. The discovery deadline was twice extended. *See* ECF 73; ECF 105. Originally, discovery was scheduled to end on December 1, 2021, with dispositive pretrial motions due January 7, 2022. ECF 20. On motion

of Boshea (ECF 72), the Court extended the discovery deadline to January 14, 2022, with a new dispositive motions deadline of February 15, 2022. ECF 73.[1]

During the course of discovery, there were a significant number of discovery disputes. *See* ECF 31; ECF 33; ECF 36; ECF 54; ECF 63; ECF 64; ECF 79; ECF 80; ECF 81; ECF 102; ECF 106. In large part, these disputes related to efforts by defendant to depose several non-parties. The Court referred discovery and related scheduling matters to Magistrate Judge A. David Copperthite. ECF 58; ECF 83. He resolved those disputes. *See* ECF 52; ECF 61; ECF 92; ECF 105; ECF 109. Of relevance here, by Order of April 19, 2022 (ECF 105), he extended discovery so that the plaintiff could depose John White, the CEO of Compass at the relevant time.

As mentioned, Compass filed a timely partial summary judgment motion on February 15, 2022. ECF 93. Specifically, Compass sought summary judgment solely as to plaintiff's MWPCL claim (Count II), on the ground that application of the MWPCL would be improper because plaintiff, a resident of Illinois, performed limited work in Maryland. Boshea did not move for summary judgment, nor did he move for an extension of the motion deadline.

On March 18, 2022—approximately one month after the pretrial motions deadline, and while Compass's summary judgment motion was pending—Boshea moved to extend discovery, in order to compel Compass to produce the Compass CEO, John White, for a deposition by April 8, 2022. ECF 102. Boshea asserted that White's deposition was twice scheduled and then cancelled because White had been exposed to COVID-19, and that after the discovery deadline passed, counsel for Compass refused to reschedule the deposition. *See id*. ¶¶ 8-19.

---

[1] The Court's Order of November 29, 2021 (ECF 73) provided that any party could move to rescind the Order by December 13, 2021. No party so moved. *See* Docket.

After briefing (ECF 103; ECF 104), Judge Copperthite granted the motion by Order of April 19, 2022. ECF 105. He found that the matter was an "easy one to resolve," and that Compass "maneuvered the deposition dates of John White after agreeing to produce John White as a witness." ECF 105 at 1. Therefore, he ordered Compass to produce White within 30 days of the Order, and extended the discovery deadline for this "sole purpose." *Id*.

Thereafter, Compass moved for an extension of discovery in order to depose Boshea. ECF 106. Compass claimed that the parties had agreed to conduct the depositions of Boshea and White on back-to-back dates, such that postponement of White's deposition resulted in postponement of Boshea's, and that it would be "prejudicial . . . to permit such asymmetrical, one-sided discovery." *Id*. ¶ 5. After briefing (ECF 107; ECF 108), Judge Copperthite denied the motion. ECF 109 (Order of May 20, 2022). He stated, *id*.: "Compass Marketing manipulated the dates for deposition for John White to the detriment of Plaintiff Boshea. This Court allowed the extension of discovery solely to allow the deposition of John White. Compass Marketing has failed to establish and even address the issue of good cause to extend the discovery deadline to take the deposition of John Boshea."

According to briefing regarding the Motion, White was deposed on May 18, 2022, the second-to-last day permitted by Judge Copperthite's Order. ECF 113, ¶ 9; ECF 113-12 (White Depo. Tr.) at 2; ECF 114, ¶ 11. Following White's deposition, no party moved to modify the Scheduling Order or to extend the time for filing pretrial dispositive motions until July 31, 2022. On that date, some 74 days after the White deposition, Boshea filed the Motion. ECF 113.

Meanwhile, in the Memorandum Opinion (ECF 110) and Order (ECF 111) of July 22, 2022, the Court denied Compass's summary judgment motion. I ruled that, under relevant case law, the MWPCL applied to plaintiff's circumstances.

## II. Legal Standard

A scheduling order is not a "'frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375-76 (D. Md. 1999) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). To the contrary, scheduling orders serve a vital purpose in helping a court manage its civil caseload. *Gestetner Corp.*, 108 F.R.D. at 141; *see also Naughton v. Bankier*, 14 Md. App. 641, 653, 691 A.2d 712, 718 (1997) (recognizing that a scheduling order helps "to maximize judicial efficiency and minimize judicial inefficiency"). "In an era of burgeoning case loads and [crowded] dockets, effective case management has become an essential tool for handling civil litigation." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45 (1st Cir. 2002) (alteration added). To that end, a scheduling order is an important vehicle in "'securing the just, speedy, and inexpensive determination of every action.'" *Miller v. Transcend Services, Inc.*, 10 CV 362, 2013 WL 1632335, at *4 (M.D.N.C. Apr. 16, 2013) (citation omitted).

Modification of a scheduling order requires good cause. Fed. R. Civ. P. 16(b)(4). The "'touchstone'" of Rule 16(b)(4)'s "good cause requirement is 'diligence.'" *Faulconer v. Centra Health*, 808 Fed. App'x 148, 152 (4th Cir. 2020) (citation omitted). Indeed, "only diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Id*. at 152. The Fourth Circuit has endorsed this proposition several times, in line with other circuits. *Id*. at 152 n.1 (collecting cases). Accord *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'") (citation omitted).

In addition, courts may also consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party."

5

*Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014). However, "'[i]f the movant has not been diligent in meeting the scheduling order's deadlines,' then other factors . . . generally will not be considered.'" *Faulconer*, 808 Fed. App'x at 152 (quoting *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017)).

### III. Discussion

Boshea belatedly seeks leave to file a summary judgment motion (ECF 113-1) that addresses all three counts in the Second Amended Complaint, as well as Count III of Compass's Counterclaim, asserting unjust enrichment. *Id.* at 5; ECF 113-2 (memorandum in support of proposed motion).[2] But, the proposed summary judgment motion does not seek to resolve Counts I and II of the Counterclaim.

The Motion offers two major grounds for Boshea's bold attempt to file a significant summary judgment motion more than five months after the extended dispositive motions deadline, and after the Court already resolved Compass's timely summary judgment motion. First, the Motion points to the belated deposition of John White, a crucial witness, which did not occur until May 18, 2022, approximately four months after the close of discovery and three months after the dispositive motion deadline. ECF 113, ¶¶ 4-11.

Second, the Motion explains that plaintiff's counsel was attempting to gather evidence from two other individuals—John Gallagher and Marcus Cross—who are allegedly critical to refute the allegations contained in Counts I and II of Compass's Counterclaim. *Id.* ¶¶ 12-24. In

---

[2] At one point (ECF 113-1 at 5), the proposed motion refers to Count II rather than Count III of the Counterclaim. But, it is clear from context that this is a typographical error, as the motion otherwise refers to Count III. *See* ECF 113, ¶ 31; ECF 113-1 at 5; ECF 113-2 at 23-25.

Boshea acknowledges that his Count III (the IWPCA claim) was in the alternative to Count II (the MWPCL claim), and that the Court has ruled that the MWPCL applies. ECF 113-1 at 2-3. Nevertheless, he seeks summary judgment as to Count III "in an abundance of caution." *Id.* at 3.

Count I of the Counterclaim, alleging tortious interference, Compass claims that Boshea circulated a copy of the Complaint to a real estate brokerage firm and an architecture firm with which Compass was working, causing them to cut off contact with Compass. *See* ECF 38, 22-35. Count II of the Counterclaim, for civil conspiracy, is premised on Count I. *See id*. ¶¶ 36-39.

According to the Motion, Boshea did not learn the identity of the real estate broker (Gallagher) or the architect (Cross) until January 11, 2022, when Compass responded to plaintiff's third set of interrogatories. ECF 113, ¶ 16. After receiving this information, plaintiff's counsel contacted counsel for Gallagher and Cross, but these attempts "concluded on July 27, 2022, when it became clear neither would respond further" or provide an affidavit. *Id*. ¶ 24; *see id*. ¶¶ 16-23. At this point, Boshea accepted that he did not have evidence to warrant moving for summary judgment as to Counts I and II of the Counterclaim. *Id*. ¶¶ 24, 29. But, the Motion asserts that Boshea has diligently pursued the case and attempted to gather evidence, and should be permitted to file for summary judgment. *Id*. ¶¶ 25, 27, 30-31.

I am not persuaded by Boshea's arguments. White's delayed deposition could have, in the abstract, provided grounds for a belated summary judgment motion, particularly given that it was delayed by Compass's actions. But, the deposition occurred on May 18, 2022, and the Motion was not filed until July 31, 2022, approximately two and a half months later.

Moreover, plaintiff's counsel obtained a transcript of the White deposition by June 3, 2022. ECF 114-1 at 2 (email by plaintiff's counsel dated June 8, 2022, stating that he "received John White's deposition transcript on June 3, 2022"). Yet, even then, Boshea did not move for leave to file a summary judgment motion, nor request any other modifications to the Scheduling Order. As far as the Court was aware, there was no indication that such a step was even contemplated.

Boshea offers no real explanation for his significant delay in filing the Motion, aside from his desire to gather evidence from Gallagher and Cross relating to Counts I and II of the Counterclaim. It is somewhat unclear from the briefing why the identities of Gallagher and Cross did not surface until January 11, 2022, three days before the extended close of discovery. But, Boshea never moved to further extend discovery or modify the Scheduling Order on this basis. Nor did he otherwise alert the Court to an issue.

In a submission of January 17, 2022, responding to a motion by Compass to extend discovery, Boshea enumerated several issues for which he supported an extension of discovery, but did not mention any issue related to Gallagher or Cross. *See* ECF 82. Nor did Boshea mention any issue related to Gallagher or Cross in his post-discovery status report of March 8, 2022. *See* ECF 100. Additionally, on March 18, 2022, Boshea *did* file a motion to extend discovery—but solely as to White's deposition, and again without mentioning Gallagher or Cross. ECF 102.

Plaintiff's counsel appears to have attempted for months to gather evidence from Gallagher and Cross—even after the close of discovery and during the pendency of Compass's summary judgment motion. Notably, however, the quest for evidence pertained only to Counts I and II of the Counterclaim. ECF 113 at 3. It had nothing to do with the other claims for which Boshea has requested leave to file a belated summary judgment motion. In other words, Boshea could have filed a motion for partial summary judgment as to his other claims, even without evidence from Gallagher and Cross. In particular, Boshea now seeks to move for summary judgment as to all counts in his Second Amended Complaint as well as Count III of the Counterclaim. Yet, evidence from Gallagher and Cross had no bearing on the proposed motion as to those matters.

The Court has already ruled on the Compass Motion, expending considerable time addressing defendant's summary judgment motion. It would have been far more efficient for the

8

Court to address all summary judgment motions at the same time, to avoid unnecessary duplication of effort and the waste of valuable time.

## IV. Conclusion

In my view, Boshea has not demonstrated adequate diligence to justify such a serious modification of the Scheduling Order. Moreover, it is plain that granting Boshea leave to file the proposed summary judgment motion would prejudice Compass; the course of the case would be disrupted to accommodate briefing on the motion and time for the Court to rule, ultimately delaying the resolution of the case.

For the reasons stated above, I shall deny the Motion.

An Order follows.


Date: August 29, 2022                          /s/
                                   Ellen L. Hollander
                                   United States District Judge