**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **DAVID J. BOSHEA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No. 1:21-CV-00309-ELH** |
| | * | |
| **COMPASS M ARKETING, INC.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION *IN LIMINE* TO BAR COMPASS MARKETING, INC.**
**FROM PRESENTING ADVERSE TESTIMONY AT TRIAL**
**CONCERNING DAVID J. BOSHEA'S WORK PERFORMANCE**

David Boshea respectfully moves this Court *in limine* for an Order barring Compass Marketing, Inc. from presenting adverse testimony at trial concerning Boshea's work performance while he worked for Compass Marketing, Inc. ("Compass"). In support, David Boshea states:

### INTRODUCTION

David Boshea presents this motion to streamline the issues at trial by seeking to avoid the introduction of evidence unsupported by facts regarding David Boshea's performance of his duties while Compass employed him. From the moment Compass told David Boshea of its intention to end his employment after thirteen years and throughout discovery, Compass has not provided any discovery responses, documents, or testimony that would support the idea that Compass terminated David Boshea for cause. Accordingly, the Court should bar Compass from introducing any documents or soliciting testimony that might indicate it ended David Boshea's job for a reason other than a reduction in force.

### PURPOSE OF A MOTION IN LIMINE

This Court has identified the purpose of motions in limine in cases before it as follows:

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). The purpose of a motion in limine is " 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' " *United States v. Slagle*, No. SAG-15-392, 2015 WL 5897740, at *1 (D. Md. Oct. 6, 2015) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)). Stated differently, "motions in limine are meant 'to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues.' " *Osei v. Univ. of Maryland Univ. Coll.*, 202 F. Supp. 3d 471, 479 n.5 (D. Md. 2016) (Chasanow, J.) (quoting *Adams v. NVR Homes, Inc.*, 141 F. Supp. 2d 554, 558 (D. Md. 2001)).

Motions in limine help to streamline a case, because such motions "enable[ ] a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." *INSLAW, Inc. v. United States*, 35 Fed. Cl. 295, 303 (1996) (citation omitted); *see Changzhou Kaidi Elec. Co., Ltd. v. Okin America, Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (motions in limine "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.' " (internal quotation omitted)).

*Norris v. PNC Bank, N.A.*, No. CV ELH-20-3315, 2022 WL 5054099, at *2 (D. Md. Oct. 4, 2022).

David Boshea submits that the granting of a motion *in limine* concerning the exclusion of testimony concerning his work performance is appropriate at the trial set to begin March 7, 2023, because it will avoid the introduction of irrelevant testimony that has no bearing on Compass' reason for ending David Boshea's employment, streamline the proceedings, and eliminate unnecessary interruptions.

### Compass Has Admitted in Discovery that David Boshea's Performance Had No Bearing on Its Decision to Terminate Him

The jury will consider at trial, *inter alia*, David Boshea's allegations in his Second Amended Complaint (CM/ECF 48). In the complaint, David Boshea seeks damages for Breach of Contract (Count I), Violation of the Maryland Wage Payment and Collection Act (Count II), and, in the alternative to Count II, Violation of the Illinois Wage Payment and Collection Act (Count III). Each claim arises from David Boshea's employment at Compass from May 2007 to March

2020. Compass ended David Boshea's employment when it addressed and delivered a March 3, 2020 letter to him, a true and correct copy of the letter Compass produced in discovery attached as Exhibit A. In the letter, John White, Compass' CEO, stated:

> Regrettably, your position was one of the positions selected to be eliminated due to a necessary reduction in force. This letter confirms our discussion today that your employment with Compass Marketing Inc will terminate on March 3, 2020.
>
> We appreciate your service to the company, and it is with regret that we must terminate your employment. We want to assist as much as possible during this transition, as we do appreciate your tenure with Compass Marketing.
>
> *Id*.

David Boshea sought to eliminate any possibility of Compass claiming it possessed cause to end his employment. To that end, David Boshea served interrogatories on Compass, which included a request that Compass identify the reasons for his termination. On August 11, 2021, Compass delivered Defendant Compass Marketing, Inc's Answers to Plaintiff David J, Boshea's First Set of Interrogatories, attached as Exhibit B, in which it responded to Interrogatory No. 4 as follows:

> Interrogatory No. 4: State all reasons for the Defendant's termination of Boshea's employment.
>
> Response: Compass Marketing objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous and it seeks information that is not relevant to the claims in this lawsuit. Subject to and without waiving these objections, Compass Marketing responds as follows:
>
> Boshea's employment was terminated for the reasons set forth in the March 3, 2020 letter (which is included with Compass Marketing' document production), confirming his termination of employment.
>
> *Id*.

As noted above, John White stated in Compass' March 3, 2020 letter that the company eliminated David Boshea's position due to a reduction in force and regretted doing so. *See* Exhibit A.

To ensure no issue could arise, David Boshea questioned John White, Compass' CEO, on the matter at his May 18, 2022 deposition. *See* May 18, 2022 John White Deposition Transcript (the "John White Transcript"), attached as Exhibit C. During the deposition, David Boshea's counsel asked John White the following question, and Mr. White provided the following answer:

> Q.   Okay.  So is there any reason other than reduction in force for David Boshea's termination?
>
> A.  No
>
> John White Transcript, at 173:9-11.

David Boshea's attorney also asked John White the following question, and Mr. White gave the following answer:

> Q.  Okay. And David Boshea filed for unemployment, and do you have any knowledge of any contest of David Boshea's request for payment of unemployment benefits?
>
> A.  I do not have any knowledge.
>
> John White Transcript, at 173:12-16.

During John White's deposition, David Boshea's counsel asked Mr. White further questions, and Mr. White provided the following answers:

> Q.  Okay.  Do you know whether Compass Marketing ever reprimanded David Boshea for anything?
>
> A.  I don't.  I don't recall, but I can't speak for certainty about anything or ever.
>
> Q.   Okay.  Is there anything that would assist you in recalling whether David Boshea was ever reprimanded by Compass Marketing?
>
> A.  Yes, his personnel file
>
> Q.  Okay.  And is that -- that's the personnel file that's been produced in this case?
>
> A.   Yes.  That's the padded personnel file that Michael White admitted padding.
>
> Q.  Okay. But do you know of anything that was taken out of David Boshea's file regarding a reprimand?
>
> A.  I don't have any personal knowledge of anything that was taken out of his file regarding a reprimand.
>
> John White Transcript, at 173:17 – 174:10.

In its fourth document request, David Boshea that Compass produce "All Documents and ESI, including any email or other Communications, that relate to Boshea's Personnel File." In response to the requests, Compass provided Defendant Compass Marketing, Inc.'s Responses to Plaintiff David J. Boshea's First Set of Requests for Production of Documents. Exhibit D. The responses included, as an attachment, David Boshea's personnel file, which does not contain a single reprimand or other information that might give Compass a reason for any adverse action against David Boshea.

Compass, including its CEO, John White, confirmed that Compass Marketing terminated David Boshea because of a reduction in its workforce. Compass Marketing has no basis to elicit testimony to the contrary. Accordingly, this Court should bar questioning of or adverse testimony by any witness regarding problems with David Boshea's work performance. Compass Marketing, in its interrogatory response and through the testimony of John White, its CEO, has stated unequivocally in writing and orally that Compass Marketing terminated David Boshea solely due to a reduction in its workforce.

Any negative testimony concerning David Boshea's work performance is irrelevant to any issue in this case and highly prejudicial to David Boshea. Moreover, such testimony would have no relevance to the determination of this lawsuit since Compass Marketing does not assert that it possessed cause to terminate David Boshea.

As defined by the Federal Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. This case turns on whether David Boshea has valid contract rights that he can assert under the severance agreement he claims Compass Marketing provided to him.

5

While relevance is not a high bar to overcome, derogatory evidence concerning David Boshea's performance would serve no useful purpose or otherwise assist the jury in deciding the issues in this case. "Relevant evidence, of course, is evidence that helps "the trier of fact to understand the evidence or to determine a fact in issue." *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017) *Id.* at 591, 113 S.Ct. 2786 (quoting *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 591, 113 S. Ct. 2786 (1993)) (internal question marks omitted).

Because Compass Marketing's correspondence, discovery responses, and its CEO's testimony establish that Compass Marketing cannot assert that David Boshea's activities led to his dismissal, introducing negative testimony would create an unneeded diversion from the issues before the jury.

To the extent Compass Marketing attempts to use John White to complain about David Boshea's job performance, that testimony is similarly excludable. In *MMI Products, Inc. v. Long*, Civil No. PJM 03-2711, 2006 WL 6863706 (D. Md. July 17, 2006), this Court granted a similar motion *in limine* to exclude any testimony from a certain witness inconsistent with his deposition testimony. *Id.*, at *1.

By granting this motion *in limine*, the Court should exclude any derogatory testimony concerning David Boshea's work performance inconsistent with Compass Marketing's statements in its March 3, 2020 letter, its response to interrogatory no. 4, and John White's deposition testimony. Such an order would, therefore, narrow the evidentiary issues for trial and minimize unnecessary trial interruptions, including those that might result from impeachment.

WHEREFORE, the plaintiff, David J. Boshea, respectfully requests this Court for an Order barring any adverse testimony from Compass Marketing concerning David Boshea's work performance and for such other just relief.

**RESPECTFULLY SUBMITTED,**

/s/ Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Drive, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 18, 2022, David J. Boshea served his Motion *in Limine* to Bar Compass Marketing, Inc. from Presenting Adverse Testimony at Trial Concerning David J. Boshea's Work Performance by CM/ECF on:

>       Stephen B. Stern
>       Heather K. Yeung
>       Kagan Stern Marinello & Beard, LLC
>       238 West Street
>       Annapolis, Maryland 21401
>       Email: stern@kaganstern.com
>       Email: yeung@kaganstern.com
>
>       *Attorneys for Compass Marketing, Inc.*

>               /s/ Gregory J. Jordan
>               Gregory J. Jordan