# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | Case No. 1:21-CV-00309-ELH |
| v. | * | |
| | * | |
| **COMPASS MARKETING, INC.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * * * * *

## DEFENDANT COMPASS MARKETING, INC'S ANSWERS TO PLAINTIFF DAVID J. BOSHEA'S FIRST SET OF INTERROGATORIES

Defendant Compass Marketing, Inc. ("Defendant" or "Compass"), by and through its undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby responds to the First Set of Interrogatories propounded by Plaintiff David J. Boshea ("Plaintiff" or "Boshea"), as follows:

## GENERAL OBJECTIONS

The following General Objections are part of the response to each and every Interrogatory and are set forth here to avoid the duplication of restating each General Objection in each specific response. The General Objections may be specifically referred to in responses to certain Interrogatories for the purpose of clarity. However, the failure to specifically incorporate a General Objection into a response should not be construed as a waiver of any of the General Objections.

A. Compass objects to each Interrogatory to the extent that it seeks to impose obligations on Compass that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure, any other applicable law, or any court order that governs discovery in this case.

B.  Compass objects to each Interrogatory to the extent that it seeks information that is not discoverable under applicable law.

C.  Compass objects to each Interrogatory to the extent that it is over broad, unduly burdensome, or vexatious.

D.  Compass objects to each Interrogatory to the extent that it is vague and ambiguous or it does not describe the information sought with sufficient particularity.

E.  Compass objects to each Interrogatory to the extent that it seeks information that is neither relevant to the issues raised in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Nothing herein shall be construed as an admission by Compass with respect to the admissibility or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization, description, or definition contained in Boshea's Interrogatories.

F.  Compass objects to each Interrogatory to the extent that it is cumulative.

G.  Compass objects to each Interrogatory to the extent that Boshea has not provided sufficient information regarding the specific factual and/or legal bases of his claims to allow Compass to respond to the Interrogatory.

H.  Compass objects to each Interrogatory to the extent that it seeks information that is subject to the attorney-client, work product, or other privilege, immunity or protection under any and all applicable law.

I.  Compass objects to each Interrogatory to the extent that it is not limited in geography, time, or scope, or, if there is such a limitation, the limitation is not reasonable.

2

J.      Compass objects to each Interrogatory to the extent that it seeks information that is not within Compass' possession, custody, or control and to the extent that it requires Compass to respond on behalf of persons or entities not under Compass' control.

K.      Compass objects to each Interrogatory to the extent that it seeks information contained in electronic documents, including email, and the effort to restore or otherwise retrieve such electronic documents imposes and undue burden on Compass in terms of time and expense, among other things, that is inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure, any other applicable law, or any court order that governs discovery in this case. To the extent that Compass is obligated to restore or otherwise retrieve such electronic documents, Compass reserves the right to recover costs associated with such effort from Boshea.

L.      In addition to the objections listed above, Compass reserves the right to make further objections and assertions of privilege as applicable.

## PRELIMINARY STATEMENT

1.      The information supplied in these responses is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

2.      The word usage and sentence structure are that of the attorney(s) who in fact prepared these responses and the language does not purport to be the exact language of the executing party.

3.      The Interrogatories have been interpreted and answered in accordance with the Federal Rules of Civil Procedure, plain English usage and, to the extent not specifically challenged by objection, the definitions and instructions included with the Interrogatories.

4. Compass reserves the right to amend or supplement these responses as new material is discovered.

5. As a threshold matter, Compass is limited in its ability to provide information potentially responsive to Plaintiffs' Interrogatories. In or about July 2019, Michael White, who had been terminated from employment in November 2018, together with his son, George White, as administrators of Compass domain for electronic communications and documents, compassmarketinginc.com (the ".com domain"), prevented and continues to prevent Compass from accessing the records in the .com domain. Indeed, after July 2019, Compass had to create a new domain, compassmarketinginc.net, and at great effort and expense migrate its operations and communications networks to this new domain. Compass has had access to some incoming communications to the .com domain since July 2019 and will include those communications in its search for potentially responsive information.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:** Identify each person whom the Defendant believes has or may have knowledge of the facts and circumstances alleged in the Complaint, the Affirmative Defenses the Defendant filed in this action, or both. For each person so identified, describe the information and knowledge the Defendant believes such person possesses as to each of the Interrogatories set forth below.

**Response:** Compass objects to Interrogatory No. 1 on the grounds that it is vague and ambiguous in that it is not clear how Compass can identify who "may have" knowledge of facts and circumstances alleged in the Complaint. Subject to and without waiving these objections, Compass responds as follows:

David Boshea – Plaintiff.

Julie Boshea – Plaintiff's wife (who may now be an ex-wife) –Plaintiff used her email address at times to correspond with Compass and, therefore, she possesses relevant documents and information regarding Plaintiff's claims and the lack of merit thereof.

Rebecca Obarski – Plaintiff's counsel – 222 South Mill Street, Naperville, Illinois 60540, (630) 355-8100, attorney with Nagle, Obarski & Holzhauer, P.C. – Represented Boshea in this dispute prior to current counsel and has knowledge and information regarding the lack of an executed agreement upon which Boshea's claims are premised.

4

Michael White – current owner of Compass and former Compass executive – 39650 Hiawatha Circle, Mechanicsville, Maryland, (301) 481-5986, Orphan's Court Judge for St. Mary's County, Maryland – While employed at Compass, Michael White had oversight over personnel management and payroll. He would have been informed as to all the details of Boshea's hire and compensation package for administrative purposes, including the lack of a severance agreement of the kind described by Plaintiff. Michael White also participated in the decision in or about September 2015 to offer Boshea and other employees the option to reduce their compensation or be terminated from employment.

George White – former Compass employee – 15125 Woodville Road, Waldorf, Maryland 20601, (240) 419-2340, 1st Sgt. Maryland State Police – George White was the network administrator for Compass and also managed the timecard system. George White would have knowledge of Boshea's hiring because he administered Boshea's timecards, set up his email address, and set him up with a laptop.

Daniel White – current owner of Compass and former Compass executive – 21900 Fairway Drive, Leonardtown, Maryland 20650, (240) 298-8156, Deputy State's Attorney for St. Mary's County, Maryland – Daniel White was legal counsel for Compass at the time of Boshea's hiring. The terms of Boshea's compensation and employment package would have been communicated to Daniel White so that he could draft the applicable employment contracts. Later, Daniel White also participated in the decision in or about September 2015 to offer Boshea and other employees the option to reduce their compensation or be terminated from employment.

John White – CEO of Compass – As the CEO of Compass, John White had the final approval on all hiring and compensation decisions. John White has full knowledge of Boshea's compensation package(s) and employment terms for the duration of his employment with Compass. John White also participated in the decision in or about September 2015 to offer Boshea and other employees the option to reduce their compensation or be terminated from employment. John White also participated in the decision in 2020 to terminate Boshea's employment.

Jerry Cain – current President of Compass - Participated in the decision in 2020 to terminate Boshea's employment.

Erin Songer – current Chief Administrative Officer of Compass – Has knowledge of the termination of Boshea's employment in 2020, including issuance of his final paycheck, rollover of his 401(k), and miscellaneous post-employment wrap-up details.

Lou Fernandez – current SVP and Controller of Compass – Participated in the decision in 2020 to terminate Boshea's employment.

Dayna Acevedo – former Chief of Staff at Compass – 422 Porpoise Lane, Riva, Maryland 21140, (717) 383-1170 – Managed all personnel files; has knowledge of employment and severance contracts for Compass employees.

James Columbus (also known as "Chip") DiPaula – former EVP at Compass – 1249 Algonquin Road Crownsville, Maryland 21403 – 410-279-8564 – As a senior executive, Chip DiPaula has knowledge of the terms of various employment agreements of Compass employees, including Boshea, whom Chip DiPaula supervised.

John Greenwood – former Art Director at Compass – 842 Stonehurst Court, Annapolis, Maryland 21409 – (410) 271-2881 – Has knowledge of the terms of his Compass employment agreement.

Alisa Greenwood – former Marketing Manager at Compass – 842 Stonehurst Court, Annapolis, Maryland 21409 – (410) 241-7903 – Has knowledge of the terms of her Compass employment agreement.

Gary Panebianco – former VP Sales at Compass – 777 Springbloom Drive, Millersville, Maryland 21108 (443) 623-2083 – Has knowledge of the terms of his Compass employment agreement.

Jamie Nash – former Director Ecommerce at Compass – 501 East Prairie Avenue, Lombard, Illinois 60148 – (708) 296-0866 – Has knowledge of the terms of his Compass employment agreement.

Kevin Van Deusen – former Analyst at Compass – 8100 Main Creek Road, Pasadena, Maryland 21122 (443) 299-7938 – Has knowledge of the terms of his Compass employment agreement.

John Mancini – former Sr Account Executive at Compass – 108 Little Bridge Road, Hanover, Pennsylvania 17331 – (717) 465-5645 – Has knowledge of the terms of his Compass employment agreement.

Alex McCord – former VP Ecommerce at Compass – 1204 Basil Court, Belair, Maryland 21014 – (410) 268-0030 – Has knowledge of the terms of his Compass employment agreement.

Jonathan Staples – current CIO at Compass – has knowledge of the terms of his Compass employment agreement.

Drew Rayman – former Managing Director Marketing at Compass – 1 Columbus Place, Apt. N30B New York, New York 10019 – (917) 699-9133 – Has knowledge of the terms of his Compass employment agreement.

Shanda Trogdon – current Sales Executive at Compass – Has knowledge of the terms of her Compass employment agreement.

Frank Pellegrino – current Account Manager at Compass – Has knowledge of the terms of his Compass employment agreement.

Marty Monserez – current President Sales at Compass – Has knowledge of the terms of his Compass employment agreement.

John Adams – current Senior Account Executive at Compass – Has knowledge of the terms of his Compass employment agreement.

Jesse Williams – current VP Inside Sales at Compass – Has knowledge of the terms of his Compass employment agreement.

**Interrogatory No. 2:** Identify all Persons involved in or possessing knowledge concerning the negotiations or discussions occurring before the Defendant's employment of Boshea regarding the terms of any severance or termination amounts Boshea would accrue or be entitled to receive after Boshea's termination without cause.

**Response:** See response to Interrogatory No. 1.

**Interrogatory No. 3:** Identify all agreements between Boshea and the Defendant concerning the terms of Boshea's employment.

**Response:** Compass objects to Interrogatory No. 3 on the grounds to the extent that it seeks information that is not relevant to the claims in this lawsuit, as not every agreement necessarily concerns matters related to an alleged severance agreement. In addition, see General Objection K and Preliminary Statement 5. Subject to and without waiving these objections, Compass responds as follows:

In 2015, Compass offered Boshea (and other employees) either a reduction in his compensation or termination from employment. Boshea accepted the reduction in compensation and, as reflected in the offer, the modification to his compensation superseded any prior agreement(s) regarding his compensation.

**Interrogatory No. 4:** State all reasons for the Defendant's termination of Boshea's employment.

**Response:** Compass objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous and it seeks information that is not relevant to the claims in this lawsuit. Subject to and without waiving these objections, Compass responds as follows:

Boshea's employment was terminated for the reasons set forth in the March 3, 2020 letter (which is included with Compass' document production), confirming his termination of employment.

**Interrogatory No. 5:** Identify all facts that support the Defendant's affirmative defense that Boshea's claims are barred in whole or in part by unclean hands.

> **Response:** Compass objects to Interrogatory No. 5 on the grounds that it is vague and ambiguous. In addition, see General Objection K and Preliminary Statement 5. Subject to and without waiving these objections, Compass responds as follows:
>
> The alleged contract upon which Boshea relies (Exhibit A to the Complaint) was never executed. The signature that appears on Exhibit A above John White's typed name was not placed there by John White and was not authorized by John White. Moreover, prior to filing this lawsuit, Boshea admitted (through counsel) that he did not have a signed copy of Exhibit A (this document is included in Compass' document production). Based on these facts, either Boshea or someone collaborating with Boshea forged the alleged employment agreement for John White without his authorization.

**Interrogatory No. 6:** Identify all facts that support the Defendant's affirmative defense that Boshea's claims are barred in whole or in part by fraud.

> **Response:** See response to Interrogatory No. 5.

**Interrogatory No. 7:** Identify all facts that support the Defendant's affirmative defense that Boshea's claims are barred in whole or in part by estoppel.

> **Response:** See response to Interrogatory No. 5. In addition, to the extent that the agreement Boshea relies on in bringing these claims (Exhibit A to the Complaint) was entered into and binding at any point in time, the provisions concerning compensation, including any severance, were superseded by the 2015 agreement, which reduced Boshea's compensation. Please see the terms of the 2015 agreement.

**Interrogatory No. 8:** Identify all bona fide disputes between Boshea and the Defendant.

> **Response:** See response to Interrogatory No. 7.

**Interrogatory No. 9:** Identify all breaches by Boshea of any agreement between Boshea and the Defendant.

> **Response:** Compass objects to Interrogatory No. 9 on the grounds that it is vague and ambiguous. In addition, see General Objection K and Preliminary Statement 5. Subject to and without waiving these objections, Compass responds as follows:

8

Boshea breached his employment agreement with Compass by, among other things, failing to show up for work, attending work-related meetings intoxicated, and losing his driver's license due to multiple drunk driving incidents.

**Interrogatory No. 10:** Identify all facts and bases for the Defendant's denial of the allegations contained in paragraph 19 of the Complaint.

**Response:** See response to Interrogatory No. 9.

9

## Certification

I certify that I have read the foregoing answers and know the contents thereof; that said answers are based upon and, therefore, limited by, the information available to and thus far discovered by me; that I reserve the right to amend the answers if it appears to me at any time that omissions or errors have been made therein or that more accurate information has become available; and that subject to the limitations set forth herein, the answers are true to the best of my knowledge, information, and belief.

Dated: August 9, 2021

John White
CEO, Compass Marketing, Inc.

As to objections:

Respectfully submitted,

/s/ Stephen B. Stern
Stephen B. Stern, Bar No.:  25335
Heather K. Yeung, Bar No.:  20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Phone:         (410) 216-7900
Facsimile:    (410) 705-0836
Email:         stern@kaganstern.com
Email:         yeung@kaganstern.com

*Counsel for Defendant
Compass Marketing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of August, 2021, that a true and correct copy of the foregoing Responses to Plaintiff's First Set of Interrogatories was served upon the following counsel of record via email:

>Thomas J. Gagliardo
>Gilbert Employment Law, PC
>1100 Wayne Avenue, Suite 900
>Silver Spring, MD 20910
>Email: tgagliardo@gelawyer.com
>
>and
>
>Gregory J. Jordan
>Mark Zito
>Jordan & Zito, LLC
>55 West Monroe St., Suite 3600
>Chicago, IL 60603
>Email: gjordan@jz-llc.com
>
>*Attorneys for Plaintiff*
>*David Boshea*

>/s/ Stephen B. Stern
>Stephen B. Stern