# Exhibit F

| | |
|---|---|
| **From:** | Stephen Stern |
| **To:** | Gregory Jordan; Thomas J. Gagliardo |
| **Cc:** | Heather Yeung |
| **Subject:** | Boshea v. Compass Marketing, Inc. - Supplemental Document Production (Expert Related Documents) |
| **Date:** | Monday, September 27, 2021 10:20:42 PM |
| **Attachments:** | image001.png |
| | Doc Production - Bates 275-351 (Expert) redacted and emails removed.pdf |
| | Privilege Log (00152786xEC90E).pdf |

Greg/Tom:

Attached are documents bates labeled 275-351, which supplement Compass Marketing's document production by including expert related documents.

Your rebuttal expert disclosure is due two weeks from today (October 11).

Stephen



**Stephen B. Stern, Esq.**
stern@kaganstern.com

**Kagan Stern Marinello & Beard, LLC**
(410) 793-1610 (direct)
(410) 216-7900, ext. 1009
(410) 705-0836 (fax)
238 West Street
Annapolis, Maryland 21401
www.kaganstern.com

# *CURT BAGGETT*

**Expert Document Examiner**
533 Park Lane, Richardson, TX  75081
Phone: 972.644.0285
cbhandwriting@gmail.com
www.ExpertDocumentExaminer.com

Curt Baggett is a leading handwriting expert in the United States. He is also a skilled authority in document examination and as an expert witness and he has completed over 6.000 cases. Mr. Baggett has examined documents and/or testified in court cases as a handwriting expert in all 50 states, Washington, D.C., the Bahamas, Brazil, Canada, Chile, England, Ireland, Mexico, Pakistan, Puerto Rico, Thailand and New Zealand, Korea, China, Australia and Denmark.

The U.S. Department of Justice, the State of Arizona, State of Arkansas, the State of California, Louisiana Public Defender Board, and the State of Texas have retained him. Mr. Baggett has appeared as a handwriting expert on WOLF-BLITZER-CNN; CHARLES GIBSON-ABC, INSIDE EDITION, CBS Network Radio, CBS, CNBC, CNN, FOX, JUDGE ALEX, TEXAS JUSTICE and GOOD MORNING TEXAS and was a consultant as a forensic document examiner for a number one television show, "CSI: Crime Scene Investigation".  Mr. Baggett is the co-author of "The Handwriting Certification Home Study Course" and "How To Spot a Forgery" and has been a guest on various other television and radio programs discussing handwriting and forensic document examination.

Mr. Baggett once held the position as Dean of the School of Forensic Document Examination at Handwriting University.  In addition to lecturing and teaching document examination, Mr. Baggett has analyzed handwriting for over 40 years.  He has been qualified as an expert witness in Justice of the Peace, Municipal, District, State, U.S. District, and Federal Bankruptcy Courts, Eastern Caribbean Supreme Court, High Court of Tynwald British Isles and the Provincial Courts of Canada.

His education and training in document examination and psychology include: U.S. Army, Military Police Officer's School; B.A. and M.Ed., McNeese State University, Lake Charles, Louisiana; and post-graduate studies at the University of Houston, Houston, Texas.

Curt Baggett's library is extensive and includes literature on questioned document examination, forensic handwriting analysis, behavior profiling, and statement analysis.

Laboratory equipment used for examination consists of a Stereo Star Zoom American Optical 7x – 30x twin microscope; Micronta illuminated 30x microscope; stereo microscope S/ST series; universal DigiScoping adapter; numerous magnifying devices; protractor and metric measuring devices; Pentax ME camera; Pentax macro 1.4, 50mm flat copy lens; overhead projector; light table, and transparencies.

**Curt Baggett's Education and Training in Handwriting and Document Examination Include:**

An in person two-year apprenticeship with Dr. Ray Walker as a handwriting expert and questioned document examiner.  Dr. Walker's qualifications have been affirmed in the Court of Appeals, Fifth District of Texas at Dallas, and had historical rulings in his favor.  A leading authority in the field of handwriting analysis and document examination, Dr. Walker is the author of <u>The Questioned Document Examiner and the Justice System</u>.

The American Bureau of Document Examiners certifies Mr. Baggett.  He also has a certificate of completion from the American Institute of Applied Science.

**Lectures, Conferences, and Classes Attended:**

2004 School of Forensic Document Examination's Annual Conference, Dallas, Texas
    Attended classes taught by Reed Hayes, QDE, Katherine Koppenhaver, QDE, Bill Koppenhaver, QDE

2004 School of Forensic Document Examination's Teleclass Curriculum
    Examination of Anonymous Writing by Reed Hayes, QDE
    Document Examination Terminology by Don Lehew, QDE
    Notary Public by Don Lehew, QDE
    Advanced Forgery Identification by Don Lehew, QDE
    Instructor

2005 School of Forensic Document Examination's Annual Conference, Dallas, Texas
    Attended the following lectures, in addition to general sessions:
    Tremors and line Quality taught by Reed Hayes, QDE
    Demonstrative Evidence taught by Katherine Koppenhaver, QDE, Bill Koppenhaver, QDE
    Photography through microscopes by David Babb, QDE
    Paper and Watermarks by John McGuire, QDE
    Lecturer

2005 School of Forensic Document Examination's Teleclasses
    Natural Variation taught by Reed Hayes, QDE
    The Discrimination of Handwriting by Don Lehew, QDE
    Procedures for Examining Signatures by Don Lehew, QDE
    Courtroom Procedures and Roles by Don Lehew, QDE
    Instructor

2006 School of Forensic Document Examination's Annual Conference, Dallas, Texas
    Attended the following lectures, in addition to general sessions:
    Deposition and Cross Examinations by Dr. Richard Frazier, QDE
    Medical Problems Affecting handwriting by Dr. Richard Frazier, QDE
    Legal Issues for Document Examiners by Dr. Richard Frazier, QDE
    Deposition and Cross Examinations by Dr. Richard Frazier, QDE
    Health Factors Affecting Handwriting by Dr. Joe Alexander, QDE
    Prescription Forgery and Medical Crimes by Diane King,  Lecturer

2007 Handwriting University Annual Conference, Dallas, Texas
    Trainer and Instructor

2007 School of Forensic Document Examination's Teleclasses
    Instructor - Handwriting Basics and Exemplars
    Instructor - Multiple Classes on Case Studies and Examinations

2008 Handwriting University Annual Conference, Las Vegas, Nevada
    Trainer and Instructor

2009 School of Forensic Document Examination's Live Teleclasses
    Attended a variety of classes taught by Robert Baier, QDE, Police Instructor

2009 Handwriting University Annual Conference, Las Vegas, Nevada
    Critical Incident Stress:  Statement Analysis and Interview v. Interrogation by Faith Wood

Forensic Document Examination Application by Robert Baier, QDE, Police Instructor
Trainer and Instructor for Introduction to Forensic Document Examination

2010 Handwriting University Annual Conference, Las Vegas, Nevada
Advanced Statement Analysis by Faith Wood
Identity Theft and Prevention by Robert Baier, QDE, Police Instructor
Trainer and Instructor for Introduction to Forensic Document Examination

2010 Speaker – "Introduction to the Science of Handwriting and Forensic Document Examination", Clear Lake High School

2011 Lecturer and Instructor, "How to Spot a Forgery", Denver Elections Division, Denver, Colorado

2012 Lecturer and Instructor, "How to Spot a Forgery", Denver Elections Division, Denver, Colorado

2012 Speaker – "How to Avoid a Forgery", Military Order of Purple Hearts Annual Meeting, Dallas, Texas

2013 Speaker – "Introduction to the Science of Handwriting and Forensic Document Examination"; Appointment as Guest Lecturer and Consultant by Stefanie Page, Instructor, Forensic Science Department, Jesuit College Preparatory School of Dallas

2013 Speaker – "Introduction to the Science of Handwriting and Forensic Document Examination", Irma Lerma Rangel Young Women's Leadership School, Dallas, Texas

2016 Speaker – Handwriting University International Handwriting Conference in Las Vegas, NV (Sept.)

2018 Instructor via written presentation at the 18th Wroclaw Symposium of Questioned Document Examination at University of Wroclaw in Poland June 6-8, 2018

## Past and Present Memberships

American College of Forensic Examiners International
American Legion
Center of Forensic Profiling
Forensic Expert Witness Association
IMS Expert Services
Military Order of World Wars
National Questioned Document Association
Sheriff's Association of Texas
Texas Police Association
Veterans of Foreign Wars
World Federation of Handwriting Experts
National Association of Distinguished Professionals
SEAK-Expert Witness Resources

## Published Articles and Books

Ethics for Experts
Handwriting Certification Course
How to Help Attorneys With Your Case
How to Spot a Forgery
Taking the Witness Stand

# CURT BAGGETT
## FORENSIC DOCUMENT EXAMINER
### SUMMARY OF CASES

I have been qualified or appointed and/or accepted by a State or by the Court as an Expert and/or have
testified in trial or by deposition or made an appearance from 2013 through April 2020
in the following cases and/or cities.

| | |
|---|---|
| April 20, 2020 | In the 347th Judicial District Court, Nueces County, Texas<br>Cause No. 2019DCV-2377-H /<br>MO, JHO, MO, AO, RO, AG & JMO VS. Joe A. Ortiz & Maria Elena O. Valenzuela<br>Huseman Law Firm, PLLC; Atty. Paul Dodson for Joe A. Ortiz<br>Oral **DEPOSTITION** of Curt Baggett taken via Zoom Video Conference |
| February 26, 2020 | Probate Court No. 1, Tarrant County Courthouse in Fort Worth, TX 76196<br>No. 2019-PR01032-1 / Judge Chris Ponder / PH: 817-884-1200<br>In the Estate of Albert George Schaefer, Deceased<br>Atty. James Pratz for George Schaefer<br>Oral **DEPOSITION** of Curt Baggett taken in Bedford, TX by Atty. Benjamin Sauer |
| January 21, 2020 | In the Supreme Court of the Commonwealth of the Bahamas, Nassau, Bahamas<br>Common Law and Equity Division / No. 2018/CLE/gen/00517<br>Bernard C. Bain VS. Florinda Robins / Justice Keith Thompson<br>Michael W. Horton, Esq. for Bernard Bain<br>**Curt Baggett Approved as Expert by Court and Testified via Skype.** |
| January 6, 2020 | In the Third Judicial District Court, Union Parish, Farmerville, Louisiana 71241<br>No. 46540 / Judge Thomas W. Rogers / 2nd floor, Courtroom 2 318-368-3055<br>Betty Jean Glosson Hill VS. Tina Hill Conley and the Unopened Succession of<br>Dwayne Hill, specifically decedent Dwayne Hill<br>Atty. Barry Dowd for DeCarlos Hill<br>**Curt Baggett Approved as Expert by Court and Testified.** |
| December 16, 2019 | In the Probate Court No. 2, Harris County, Houston, TX 77002<br>Cause No. 473646 / Judge Michael Newman PH: 832-927-1402<br>Estate of Jim Howard Warren, Deceased<br>Atty. for Richard Crain, Defendant (Contestant of Will): Jimmy Walker<br>**Curt Baggett Approved as Expert by Court and Testified for Defendant.** |
| December 5, 2019 | In the 16th Judicial Circuit Court, Macomb County, Mt. Clemens, Michigan<br>File No. 2014-6592 DO/IV-D: 913207057 / Chief Judge James M. Biernat<br>Reynolds, Kenyana Williams VS. Carlton Reynolds<br>**Curt Baggett Approved as Expert by Court and Testified via Video / Computer.** |
| December 2, 2019 | In the 418th Judicial District Court, Montgomery County, Conroe, TX 77301<br>No. 1812-16596-CV / Judge Tracy A. Gilbert / PH: 936-538-3618<br>In the Matter of Natali M. Ormiston and Fred Ormiston and in the interest of Ava<br>Ormiston / Atty. for Natalie: Cheryl Ellsworth Jahani<br>**Curt Baggett Appearance only. Judge ordered mediation. Case Settled same day.** |

CM 0278

November 4, 2019 — In the 3rd Judicial District Court, Parish of Union, Farmerville, Louisiana 71241
Case No. 46540 / Betty Jean Closson Hill VS. No. 46,540 Tina Hill Conley and The Unopened Succession of Dwayne Hill, Specifically Decedent, Dwayne Hill
Judge Thomas W. Rogers, Courtroom 2, 2nd floor / Atty. for De Carlos Hill: Barry W. Dowd. **Curt Baggett Appearance only. Case continued to 1-6-20.**

October 25, 2019 — In the 294th Judicial District Court, Van Zandt County, Canton, Texas 75103
Cause No. 13-00076 / Judge Chris Martin / Court PH: 903-567-7555
Shawn Davis VS. Donnie Rae Thompson, Sr. / Atty. for Plaintiff: Brian Richardson
**Curt Baggett Approved as Expert by Court and Testified (for Plaintiff)**

October 24, 2019 — In the 11th Judicial Circuit Court, Circuit Civil Division, Miami-Dade County, FL
Case No. 16-023775 CA 32 / Moise Lamour, Plaintiff VS. Mount Sinai Medical Center of Florida, Inc. and Dr. Michael T. Dalley, Defendants
Atty. Benjamin Korn for Moise Lamour
**DEPOSITION** of Curt Baggett taken in Dallas, TX by Atty. Brandon

October 21, 2019 — In the Terrebonne Parish Court, Houma, Louisiana 70360 / PH: 985-868-5660
No. 024003 / Judge Randall Bethancourt, Division E
Atty. Gregory Schwab for Darlene Williams (Dorothy Stripling Triggs)
**Curt Baggett Approved as Expert by Court and Testified.**

October 17, 2019 — In the 269th Civil Court, Harris County, Houston, TX 77002
moved to the 127th District Civil Court / Case No / Judge R.K. Sandill
Able Castro VS. Larry Gomez / Atty. Mike Monks for Defendant
**Curt Baggett Approved as Expert by Court and Testified.**

October 11, 2019 — In the 39th Judicial District Court, Stonewall County, Texas
Cause No. 1908 / The State of Texas vs. Colton Kimmel / Judge Shane Hadaway
**Curt Baggett Appointed and Retained by Order of the Court as an Independent Expert for Colton Kimmel**

October 4, 2019 — In the Superior Court of Arizona, Maricopa County, Phoenix, AZ 85003
CV 2018-004234 / Judge Sherry Stephens / Courtroom 712
Jon C. Clark VS. Jennifer A. Clark / Atty. for Plaintiff: Cheri L. McCracken
**Curt Baggett Approved as Expert by Court and Testified for Plaintiff. Judge ruled in favor of Curt's Client, Plaintiff Jon Curtis Clark**

September 17, 2019 — Hearing In the United States of America Southern District of Ohio Western Division
Case No. 1:17-cr-117 / Honorable Judge Michael Barrett / Cincinnati, OH 45202
USA, Plaintiff VS. Qian Williams, Defendant / Atty. for Defendant: Richard Monahan
**Court Appointed Curt Baggett as Expert and Curt Testified** (for Defendant)

September 9, 2019 — In the Parish of DeSoto, Mansfield, Louisiana 71052
Docket No. 79,877-A / Judge Amy B. McCartney, 2nd floor
Verlene Buckley VS. Eliza Buckley / Atty. Rita K. Bacot for Verlene Buckley
**Curt Baggett Approved as Expert by Court and Testified (for Plaintiff) and won.**

| July 30, 2019 | In the Probate Court No. 1, Tarrant County, Fort Worth, Texas<br>Cause No. 2017-PR02025-1 / Judge Christopher W. Ponder / Room 260A<br>In the Estate of Edgar Allen Meredith / Atty. Morgan Burkhart for Jessica Meredith<br>**Curt Baggett Appearance only. Case Postponed.** |
|---|---|

| July 25, 2019 | In Cass County Probate Court, Linden, Texas 75563<br>Case No. D.O. 087 / Judge Donald Dowd / PH: 903-756-7511<br>Probate Hearing for Mae Frances Blick Bausley / Atty. J. Michael Brock for Lancelot Bausley / **Curt Baggett Approved as Expert by Court and Testified (for Lancelot Bausley). Curt won case for client and Judge ruled in favor of Lancelot Bausley.** |

| July 23, 2019 | In the 23rd Judicial District Court, Parish of Ascension, Gonzales, Louisiana 70737<br>Probate No. 18.573 Div A / Judge Jason Verdigets / PH: 225-621-8500<br>Succession of Robert E. Henry / Atty. Lana Ourso Chaney for Walter Smith<br>**Curt Baggett Approved as Expert by Court and Testified.** |

| June 26, 2019 | In Philadelphia City Hall, Courtroom 414 on 4th floor, Philadelphia, PA 19107<br>Case: 1560 PR of 2017 / Judge George Overton / PH: 215-686-1776<br>Re: Estate of Regina t. Haber / Atty. Thomas Cunningham for Jeanieann Ferrari<br>**Curt Baggett Appearance only.** |

| May 13, 2019 | In the 16th Judicial Circuit Monroe County Court, Florida 33070<br>Case No. 17-CA-000618 P / Judge Louis M. Garcia / PH: 305-292-3423<br>Bank of America, N.A. VS. Alina, Arlene & Ada Rodriguez<br>Atty. for Arlene Rodriguez, Omar Arcia Ph: 954-437-9066<br>**Curt Baggett Approved as Expert by Court and Testified. Judge ruled favorable to Curt's client, Defendant Arlene Rodriguez.** |

| April 17, 2019 | In the Galveston County Courthouse, Galveston, Texas 77550<br>Case No. 15-CV-1044 / Judge Patricia Grady / PH: 409-762-8621 / Jury Trial<br>James A. Green and Prince Ella Green V. Signora Lynch<br>Attorney for Greens, Plaintiffs: Andres Arguello PH: 281-884-3960<br>**Curt Baggett Approved as Expert by Court and Testified. After Curt's testimony, Judge ruled favorable to Curt's client, Plaintiffs Prince Ella & James Albert Green.** |

| April 16, 2019 | In the Circuit Court of Cook County, Illinois County Department, Chancery Division<br>No. 09 CH 12423 / Judge Sanjay T. Tailor / 20th floor / 312-603-4181<br>Elite Financial Investments, Inc., Plaintiff VS. Melissa Sweiss, Defendant<br>Attorney for Tom Kaput, Plaintiff: Lee Jacobson (312) 600-5038 / 773-343-3889<br>**Curt Baggett Approved as Expert by Court and Testified. Judge ruled favorable to Curt's client.** |

| April 9, 2019 | In the First Judicial District Court of Caddo Parish, Louisiana<br>Number 608, 673-B / Charles Lively Byrd, Jr., Independent Executor of the Succession of Joe Edmondson Fortson VS. Carol M. Cotton and Benjamin Patrick Cotten. Atty. for Carol & Benjamin Cotten: Richard E. Hiller, Esq.<br>**Curt Baggett Approved as an Expert following a Daubert Hearing - Appearance. CASE SETTLED favorable to Curt's client.** |

| | |
|---|---|
| April 5, 2019 | In the Superior Court of New Jersey Chancery Division – Family Part Middlesex County / Docket No.: FV-12-1003-19 / Kaitlin Guner, Plaintiff VS. Michael M. Satterfield, Defendant / **Curt Baggett Appearance. CASE SETTLED favorable to Curt's client.** |
| March 4, 2019 | In the 44th Civil Judicial District Court, Dallas County, Dallas, TX 75202<br>Cause No. DC-18-00202 / Judge Bonnie Lee Goldstein / 5th floor<br>Paul W. McCowan, Plaintiff VS. Santander Consumer USA Inc., et al, Defendant<br>**Curt Baggett Approved as Expert by Court following a Daubert Hearing and Testified.** Continued from 10-5-18 |
| February 18, 2019 | Justice of the Peace, Precinct 3, Place 2 in Richardson, Texas 75080<br>Case Number: JS-1700561N / Judge Steven L. Seider / PH: 214-904-3042<br>Nam, Soon Lee , Plaintiff VS. H5C LLC, Defendant<br>Atty. for Defendant: Selim Fiagome / Judge ruled in favor of Defendant<br>**Curt Baggett Approved as Expert by Court and Testified** (for Defendant) |
| January 29, 2019 | In The Probate Court 2 of Tarrant County, Fort Worth, Texas 76196<br>No. 218-PR00332-2 / Judge Brooke Allen<br>In The Estate of John Louis Wilson, Deceased<br>Atty. Alex Tandy for Defendant, Twila Byard<br>**Curt Baggett Approved as Expert by Court following Daubert Hearing** |
| November 16, 2018 | In the Collin County Court at Law No. 4, McKinney, Texas 75071<br>Cause No. 004-01142-2018 / Judge David Rippel<br>Drew Burgess, Petitioner VS. ASA Watkins, Collin County VSF, INC. & Safari Towing and Recovery, Co-Respondents / Attorney for Plaintiff: Bradley Voyles<br>**Curt Baggett Approved as Expert by Court and Testified** (for Plaintiff) |
| October 17, 2018 | In the 11th Judicial Circuit Court , Miami-Dade County, FL<br>Case No. 2017-002035-CA-01 (11) Civil Division<br>State Farm Mutual Automobile Insurance Company, Petitioner VS. Elba Barquero, individually, Respondents (Atty. for Respondent, Cam Justice)<br>Oral **DEPOSITION** of Curt Baggett taken in Plano, TX by Atty. Joel Bernstein |
| October 16, 2018 | In the Court of Common Pleas of Mercer County, Pennsylvania, Mercer, PA<br>No. 2013-3437 / Senior Judge Paul F. Lutty Jr.<br>Nationstar Mortgage LLC, Plaintiff VS. Rebecca A. Crimone and Raymond S. Crimone, Defendants Pro Se – Jury Trial<br>**Curt Baggett Approved as Expert by Court and Testified** (for Defendant) |
| October 5, 2018 | In the 44th Civil Judicial District Court, Dallas County, Dallas, TX 75202<br>Cause No. DC-18-00202 / Judge Bonnie Lee Goldstein / 5th floor<br>Paul W. McCowan, Plaintiff VS. Santander Consumer USA Inc., et al, Defendant<br>**Curt Baggett made appearance at Hearing for Plaintiff – Judge dismissed Defendant's Motion to disqualify Curt Baggett as an Expert.** Continued to 3-4-19 |

# Curt Baggett – Expert Document Examiner

| September 18, 2018 | In the 17th Judicial District Court of Tarrant County, Ft. Worth, TX 76196<br>No. 017-283888-16 / Judge Melody Wilkinson / PH: 817-884-1567 / 3rd floor<br>Ting Phetsalod, Plaintiff VS. Bounpanh Khounsaknarath, et al, Defendant<br>Attorney for Plaintiff, Rocky D. Crocker<br>**Curt Baggett Approved as Expert by Court and Testified** (for Plaintiff) |
|---|---|
| September 6, 2018 | In the 6th NH Circuit Court – Probate Division, Concord, New Hampshire<br>Docket No. 317-2017-EQ-00967<br>Jonathan S. Stankatis Revocable Trust, As Amended<br>Atty. for Jonathan S. Stankatis Revocable Trust: Robert D. Hunt, Esq.<br>Oral **DEPOSITION** of Curt Baggett taken in Plano, TX by Atty. Kevin M. O'Shea |
| September 4, 2018 | In the 4th Judicial Circuit Court of Duval County Div. FM-C Room 742<br>Case No. / Judge John I. Guy / Jacksonville, FL 32202<br>Esther L. Ash, Pro Se<br>Court Testimony by Affidavit and APPEARANCE by Curt Baggett |
| August 27, 2018 | Hearing In the United States of America Southern District of Ohio Western Division<br>Case No. 1:17-cr-117 / Honorable Judge Michael Barrett / Cincinnati, OH 45202<br>USA, Plaintiff VS. Qian Williams, Defendant / Atty. for Defendant: Bill Gallagher<br>**Court Appointed Curt Baggett as Expert and Curt Testified** (for Defendant) |
| August 23, 2018 | In the 73rd Judicial District Court of Bexar County, San Antonio, Texas 78205<br>No. 2017C118687 /<br>Christie Martinez-Encinas, et al, Plaintiff VS. Connie M. Mercado, Defendant<br>Atty. for Defendant: David Conrad Beyer<br>Order signed by Judge to Disallow QDE Expert Wendy Carlson's Testimony for Plaintiff<br>**Curt Baggett Court Appearance Only** for Hearing. Trial scheduled for 11-5-18. |
| August 21, 2018 | In the 325th Judicial District Associate Court of Tarrant County, Ft. Worth, TX 76196<br>No. 325-625377-17 / Judge Lori L. DeAngelis 5th floor<br>In the Matter of the Marriage of Ronald Wayne Hice, Jr. and Jessica Doris Hice<br>Atty. Andrew Howard & Atty. Ronald Harden for Jessica Hice<br>**Curt APPEARED,** and opposition attorney admitted to the court that Curt was right that the Notary falsified the document because she never saw or administered the oath to the signer. |
| August 9, 2018 | In the United States Middle District Court of Florida, Jacksonville Division<br>Case No. 3:17-00348-CIV-HES/MCR / Benjamin Michael DuBay, Plaintiff VS. Stephen King; Media Rights Capital; Imagine Entertainment; Sony Pictures Entertainment; Marvel Entertainment; Simon & Schuster, Defendants<br>Attorney for Plaintiff: Rob Cook, Esq in St. Augustine, FL<br>Oral **DEPOSITION** of Curt Baggett taken in Dallas, TX by Atty. Vincent Cox |
| July 30, 2018 | **Curt Baggett APPOINTED by Dept. of Justice, Federal Bureau of Prisons**<br>RE: 18875078, Buholtz, Kenneth for Buholtz Analysis<br>System Document Number T5141754 / United States Treasury |

# Curt Baggett – Expert Document Examiner

July 27, 2018          In the 160th Judicial District Court of Dallas County, Texas
                       Cause No. DC-17-11515 / Eva Shiells, Plaintiff VS. Ryan Hamilton, Mathew
                       Hamilton, and American General Life Insurance, Defendants
                       Attorney for Eva Shiells (wife of attorney): Theodore Shiells
                       Attorney for Defendants: Atty. Lauren Cadilac represented at Depo by Atty. Willie
                       Joseph for Defendants / Oral **DEPOSITION** of Curt Baggett taken at George Allen
                       Courts Building, Court 5B by Attorney Theodore Shiells

July 5, 2018           In the Circuit Court of Cook County, Illinois / County Department-Chancery Division
                       Case No. 2015 CH 02216 / Sherry Spellers, Plaintiff VS. Metropolitan Life
                       Insurance Co., et al, Defendant taken at Hyatt Place, Dallas, TX 75243
                       Eric M. White, Atty. for Plaintiff via cell phone / Phyllis Y. Price, Atty. for Defendant
                       Oral **DEPOSITION** of Curt Baggett taken in Dallas, TX by Atty. Phyllis Price.
                       Trial set for Sept. 10th & 11th, 2018 / **CASE SETTLED on 9-10-18**.

July 3, 2018           In the Superior Court of the State of Arizona, Count of Maricopa in Phoenix, Arizona
                       Case No.: CV 2015-013305 / Judge Margaret R. Mahoney / PH: 602-506-0387
                       Juan Thomas, Plaintiff, Pro Se VS. B.H. Madera At Metro LLC & Morrison, Ekre, &
                       Bart Management Services, Inc. / **Curt Baggett Approved as Expert by Court and
                       Testified** (for Plaintiff) via SKYPE on Computer

July 1, 2018           **COURT APPOINTED** In the United State of America Southern District of Ohio
                       Western Division / Case No. 1:17-cr-117 / Honorable Judge Michael Barrett
                       USA, Plaintiff VS. Qian Williams, Defendant

                       Bill Gallagher, Attorney for Defendant
                       **Order from Judge Barrett to Appoint Curt Baggett as Handwriting Expert**

June 27, 2018          In the 17th Judicial Circuit Court of Broward County, Ft. Lauderdale, FL 33301
                       Case No. CACE15018890 / Judge Barry Stone / Courtroom 4150, 4th floor
                       US Bank Nat. Assn., Plaintiff VS. Derelle W. Bunn, Defendant
                       Attorney Mark Klein for Defendant
                       Oral **DEPOSITION** of Curt Baggett taken in Courtroom

June 12, 2018          In the 15th Judicial Circuit Court of Palm Beach County, West Palm Beach, FL 33401
                       Case No.: 2018-CA-000154 / Judge Dana M. Santino / PH: 561-355-2431
                       Joshua Blanchard, Trustee, Plaintiff VS. John LeBeau; Unknown Tenant, Defendant
                       Atty. Labeed A. Choudhry for Defendant / Room 6A, 6th floor
                       Judge Dismissed in favor of Defendant
                       **Curt Baggett Approved as Expert by Court and Testified** (for Defendant)

June 6, 2018           In the 24th Judicial District Court of Victoria County, Texas 77902
                       Cause No. 16-10-80111-A / Court PH: 361-575-0581
                       Warren V. Alkek VS. Gary Branfman
                       Attorney Charlie J. Cilfone for Plaintiff
                       Court Ruled in favor of Plaintiff, Warren Alkek
                       **Curt Baggett Approved as Expert by Court and Testified** (for Plaintiff)

# Curt Baggett – Expert Document Examiner

May 29, 2018
For the 24th Judicial District Court of Victoria County, Texas  77902
Cause No. 16-10-80111-A
Warren V. Alkek  VS.  Gary Branfman
Attorney Charlie Cilfone for Plaintiff
Oral and Videotaped **DEPOSITION** of Curt Baggett at the offices of Werner Law Group in Victoria, Texas

May 23, 2018
In the Superior Courts of the Cordele Judicial Circuit, State of Georgia
Fitzgerald, GA  /  2nd floor
Case No.        /  Judge David Hobby
Atty. Kyle C. Cook for Estate of McDonald
**Curt Baggett Approved as Expert by Court and Testified**

May 17, 2018
In the 55th District Civil Court of Harris County, Houston, Texas 77002
Cause No. 2016-40009  /  Judge Jeff Shadwick  /  9th floor  PH: 832-927-2650
Fajardo, Miguel  VS.  Hernandez, Francisca Aida and Miguel
Attorney for Plaintiff, Louis A. McWherter  /  **Court Appearance Only**.  When Curt showed up to testify, Defendant admitted to forgery and so stipulated in court.

April 19, 2018
In the 17th Judicial Circuit Court of Broward County, Ft. Lauderdale, FL 33301
Case No. 14-018936  /  Judge Joel Lazarus  /  Courtroom 14160, 14th floor
HSBC Bank USA. Plaintiff  V.  Cary O. Lopez; Camille Lopez; et al, Defendants
Diana Ho-Yen, Esq. Attorney for Defendants  /  **Curt Testified**.

April 18, 2018
In the 17th Judicial Circuit Court of Broward County, Ft. Lauderdale, FL  33301
Case No. 14-008519 CF 10A  /  Judge Ernest A. Kollra  /  Courtroom 5750, 5th floor
State of Florida, Plaintiff  V.  John B. Robinson, Defendant
JURY Trial  /  Court PH: 954-831-7721  /  Bruce Raticoff, Esq. Atty. for Defendant
**Curt Baggett Approved as Expert by Court and Testified** (for Defendant).

April 10 & 11, 2018
In the 422nd Court of Kaufman County /  100 W. Mulberry, Kaufman, Texas 75142
Case No. 99505-422  /  Tracy Gray  V.  Dennis Jones  /  Visiting Judge Martin Lowry
Atty. Elizabeth Alvarez for Tracy Gray
**Curt Baggett Approved as Expert by Court and Testified** (for Judicial Candidate Tracy Gray).  Baggett's testimony helped the court rule for a Special Election and Tracy Gray won 2,253 to 1,849.

April 5, 2018
In the 301st Judicial District Court of Dallas County, Dallas, Texas
No. DF-1614244  /  Judge Mary Brown
In the Matter of the Marriage of Dawn Weeks Spalding and Stephen G. Spalding
Oral **DEPOSITION** of Curt Baggett recorded at Office of Robert Wood, Esq.,
Atty. for Steve Spalding  /  6688 N. Central Expy. #1000, Dallas TX 75206

March 29, 2018
International Chamber of Commerce / International Court of Arbitration
ICC Case 22192/RD/MK    Jack J. Grynberg (U.S.A.) and RSM Production Corporation (U.S.A.), Claimants  V.  Rodeo Resources. L.P. (U.S.A.) and Jim Ford (U.S.A.), Respondents  /  Arbitration Hearing at Office of Gary McGowan, 5009 Caroline St., Suite 100, Houston, TX 77004
Attorneys E. F. Mano DeAyala and Andrew C. Wright for Respondents

**Curt Baggett Approved as Expert by Court and Testified** (for Respondents).

| | |
|---|---|
| March 26, 2018 And Feb. 26, 2018 | In the 303rd District Court, Dallas District Court, Dallas, Texas 75201   4th floor |

March 26, 2018        In the 303rd District Court, Dallas District Court, Dallas, Texas 75201   4th floor
And Feb. 26, 2018     Cause No. DF-17-18700  In the Matter of the Marriage of Patrice Dianne Jennison
                      and Raymond Jennison   /   Judge Dennise Garcia
                      Anthony Green, Esq for Raymond Jennison
                      **Curt Baggett Sworn in as Expert Witness on 2-26-18 and present to testify on 3-26-18.  Case settled on 3-26-18 before Curt testified.**

February 15, 2018     In the 95th Judicial District Court of Dallas County, TX
                      No.  DC-17-16812
                      Marsha Lee, Executrix of the Estate of Josephine Dennis, Plaintiff
                      VS.  Brack Nelson and Herbert Harris, Defendants
                      Attorney for Plaintiff: Michael E. Robinson
                      Oral **DEPOSITION** – Curt testified in Plano, Texas – Collin County

February 12, 2018     Curt was **Court Appointed** and Court Approved as an Expert to render an opinion
                      In the United Stated District Court of South Dakota Western Division
                      United States of America, Plaintiff  VS.  Frank Gallardo, Defendant
                      Case No.  CR 15-50061
                      Expert Opinion Letter on signatures of Frank Thunder Hawk Gallardo
                      Date:  February 12, 2018

February 8, 2018      In the 15th Judicial Circuit Court in Palm Beach County, WBP, FL 33401
                      Case No. 50-2009-CA-025627 (AF)   /  Judge Edward L. Artau    PH: 561-355-2431
                      JP Morgan Chase Bank, Plaintiff  VS.  Yolette E. Sanguinetti, et al, Defendant
                      Attys. For Defendant:  Brian Korte & Daniel Bialczak  -  9th floor, Courtroom 9D
                      **Curt Baggett Approved as Expert by Court and Testified** (for Defendant).

January 5, 2018       In the Probate Court of Dekalb County, State of Georgia
                      Estate No. 2016-2288  /  In the Estate of Jean Mitchell Jones, Deceased
                      Thomas F. Jones, attorney for Jacqueline Woods
                      Oral **DEPOSITION** (Curt testified via skype)

December 20, 2017     In the 418th Judicial District Court of Montgomery County, Conroe, Texas 77301
And Dec. 27, 2017     Suite 217  /  Court PH: 936-538-3618
                      Judge Tracy A. Gilbert  /  Associate Judge Scharlene R. Overstreet
                      No. 17-03-04143  /  In the Matter of the Marriage of Kathryn M. Danner and
                      George Earl Danner  /  Robert Clements Atty. for Kathryn Danner
                      **Curt Baggett Approved as Expert by Court and Testified** (for Kathryn Danner).
                      Curt's client, Kathryn Danner won over 2 million dollars.

December 13, 2017     In the Justice of the Peace Court, Precinct 3, Place 1, Dallas County, TX
                      Docket Number: JS-16-00417-A  /  Judge Al Cercone  /  PH: 214-321-4106
                      James Elbaor, Plaintiff  VS.  The Manning Group, Defendant
                      Plaintiff's Atty. Matt McKool  /  Plaintiff won case.
                      **Curt Baggett Approved as Expert by Court and Testified** (for Plaintiff).

# Curt Baggett – Expert Document Examiner

November 29, 2017    In the Department of Workforce Development Equal Rights Division
ERD Case No. CR 201503242  /  EEOC Case No. 26G201600194C
Administrative Law Judge Alice DeLaO
819 N. 6th St. room 723, Milwaukee, WI 53203-1687
Client:  Kelvin Goodwin
**Curt Attended Mediation**.

October 17, 2017    In the New York Supreme Court in Kings County,  Brooklyn, NY
Courtroom 461  /  Judge Katherine A. Levine  /  PH: 347-404-9636
Case No. 5118215 LNT  /  Fredrick Rufrano  V.  Michael Yovino
Atty. Gerald Slotnik for Michael Yovino  /  Continued from 7-31-17
**Curt Baggett Approved as Expert by Court and Testified.**

October 3, 2017    In the Justice of the Peace Court Precinct 1, Place 2,  Lancaster, TX
Case No. JS-1700096K  /  Judge Valencia Nash  /  PH: 972-228-2272
Paul McCowan, Pro Se Plaintiff  VS.  Santander Consumer USA, Defendant
**Court Appearance Only.**

September 13, 2017    In the Court of Common Pleas, Ross County, Chillicothe, OH
Case No. 17CI000227  /  Judge Scott W. Nusbaum  /  Court Ph:  740-702-3032
Todd Holdren et al, Plaintiff  VS.  Ingle-Barr, Inc. et al, Defendant
Plaintiff Attorney Mark A. Preston
**Curt Baggett Approved as Expert by Court and Testified.**

August 11, 2017    In the Sixth Judicial Circuit of Pinellas County, St. Petersburg, Florida
Case No. 15 004281 CI 11  /  Judge Pamela A.M. Campbell
Daisy Datin  VS.  Arty Joe's, Inc.  /  Courtroom E,  3rd floor
Defendant Attorney Jawdet I. Rubaii  /  Non-Jury Trial
Case Continued from 7-27-17  /  **Court Appearance only.**
Directed Verdict in Favor of Arty Joe's, Inc. before Curt was to take the stand as
Expert Witness for Arty Joe's, Inc.

July 31, 2017    In the New York Supreme Court in Kings County,  Brooklyn, NY
Courtroom 461  /  Judge Katherine A. Levine  /  PH: 347-404-9636
Case No. 5118215 LNT  /  Fredrick Rufrano  V.  Michael Yovino
Atty. Gerald Slotnik for Michael Yovino  /  Continued from 3-2-17
**Curt Baggett Approved as Expert by Court and Testified.**  Continued to 10-17-17

July 27, 2017    In the Sixth Judicial Circuit of Pinellas County, St. Petersburg, Florida
Case No. 15 004281 CI 11  /  Judge Pamela A.M. Campbell
Daisy Datin  VS.  Arty Joe's, Inc.  /  Courtroom E,  3rd floor
Defendant Attorney Jawdet I. Rubaii  /  Non-Jury Trial
**Court Appearance only.**  Case Continued to 08-11-17

July 14, 2017    In the 134th Judicial District Court of Dallas County, Dallas, Texas
George L. Allen, Sr. Courts Building, 6th Floor West (old)
Cause No. DC09-13760   Judge Dale Tillery  /  Court PH: 214-653-6995
Comerica Bank  VS.  Emmanuel Mainoo
Defendant Attorney Rachel Khirallah

**Curt Baggett Approved as Expert by Court and Testified.**

June 20, 2017      In the Guadalupe County Court At Law, Seguin, Texas
Cause No. 2006-PC-0273    Judge Robin V. Dwyer  /  PH: 830-303-8869
In the Estate of Raymond Oatman Whipple, Jr., Deceased
Attorney John A. Mead   -   Jury Trial
**Curt Baggett Approved as Expert by Court and Testified.**

June 15, 2017      In the 153rd District Court of Tarrant County, Ft. Worth, Texas   76196
Tom Vandergriff Civil Courts Building, 3rd floor – 100 N. Calhoun Street
Judge Susan Heygood McCoy     PH:  817-884-2691
Case No.
Metro Mobile electronic LLC  VS.  Collie Duran
Defendant Attorney: Frank Newman, Jr., Esq.
**Curt Baggett Approved as Expert by Court and Testified.**   Continued from 6-9-17

June 15, 2017      In Dallas County Court at Law No. 2, Dallas, Texas
George L. Allen, Sr. Courts – 5th floor
Cause No. CC-17-01445-B       Judge King Fifer
Rafael Rivera, Plaintiff  VS.  Nenidia Guillen Robles and all
other occupants, Defendants
Attorney for Defendant, Thomas Jackson
**Curt Baggett Approved as Expert by Court and Testified.**

June 14, 2017      In the 431st Judicial District Court of Denton County, Denton, Texas
Cause No. 2011-70623-431    Judge Brody Shanklin
In the Matter of the Marriage of Farah Diba Deendar-Yacoob
And Tabrez Yacoob
Atty. Andrew Howard
**Curt Baggett Approved as Expert by Court and Testified.**   Case Continued

June 13, 2017      In the 322nd Judicial District Court of Tarrant County, Ft. Worth, Texas
No. 322-614688-17    Judge Nancy L. Berger
In the Matter of the Marriage of Maria Delgado Lopez Yammine
And Imad Joseph Yammine  /  **Court Appearance Only.**
Atty. Ryan Hardy    NO SHOW by other attorney – CONTINUED to 9-20-17

June 9, 2017      In the 153rd District Court of Tarrant County, Ft. Worth, Texas   76196
Tom Vandergriff Civil Courts Building, 3rd floor – 100 N. Calhoun Street
Judge Susan Heygood McCoy     PH:  817-884-2691
Case No.
Metro Mobile electronic LLC  VS.  Collie Duran
Defendant Attorney: Frank Newman, Jr., Esq.
**Curt Baggett Approved as Expert by Court and Testified. /** Continued to 6-15-17

May 26, 2017      In the 15th Judicial Circuit Court in Palm Beach County, WPB, FL  33401
JPMorgan Chase Bank, National Association Successor in Interest to Washington
Mutual Bank, Plaintiff V. Yolette E. Sanguinetti, et al, Defendants
Case No. 50-2009-CA-025627 (AF)  /  Court PH: 561-355-2431

Brian Korte, Esq. – Attorney for Defendants
Oral **DEPOSITION** (Curt Testified via Skype from Dallas, TX)

May 2, 2017    In the District Court Division, Rockingham County, North Carolina
14 CVD 1034  /  Judge James Allen Grogan  /  PH: 336-634-6012
Robert Lance Hash, Sr., Plaintiff  VS.  Kristen E. Kovach, Defendant
Atty. H. Craig Farver for Defendant
**Curt Baggett Approved as Expert by Court and Testified via Skype.**

April 11, 2017    In the Tarrant County Court at Law No. 1 in Fort Worth, Texas  76196
Case: 2017-000668-1  /  Judge Don Pierson  /  Court PH: 817-884-1457
TFHSP, LLP as Trustee  V.  Edgar Acosta and all occupants
4th Floor,  Room 490  /  Moses, Palmer, & Howell, LLP for Defendants
**Appearance Only.**  Mediation Ordered by Judge.

March 2, 2017    In the New York Supreme Court in Kings County,  Brooklyn, NY
Courtroom 461  /  Judge Katherine A. Levine  /  PH: 347-404-9636
Case No. 5118215 LNT  /  Fredrick Rufrano  V.  Michael Yovino
Atty. Gerald Slotnik for Michael Yovino
**Curt Baggett Approved as Expert by Court and Testified.**  Continued to 7-31-17

Feb. 24, 2017    In the Circuit Court of the Eleventh Judicial Circuit
for Dade County, Miami, Florida
US Bank NA  V.  The Estate of Orestes Guirola Et Al
Case No. 12-24740 CA  /  Job #: 2549280  PH: 817-456-3327
Attorneys Carlos D. Lerman & Steven Liberty
Oral **DEPOSITION** (Curt testified via Skype in Dallas, TX)

Feb. 2, 2017    In the Superior Court of Washington for King County, Seattle, WA
Case No. 15-2-03115-5 SEA  /  Hipps vs. Virginia Mason Medical Center
Clerk of Court PH: **(206) 296-9300**
Defendant Attorneys William J. Leedom & David M. Norman
BENNETT BIGELOW  & LEEDOM P.S. | BBLLAW.COM
Oral **DEPOSITION** (Curt testified via Skype in Plano, TX)

January 4, 2017    In the 310th Judicial District Court, Harris County, Houston, Texas
Cause No. 2015-24273  /  Judge Lisa Millard
Sylvia Jimenez Scott  VS.  Angel Fidencio Trevino
Atty. Duana Boswell-Loechel - Litigation Director- Lone Star Legal Aid
Curt Baggett Approved as Expert by Court and Testified

Oct. 20, 2016    In the Ninth Judicial Circuit Court, Orange County, Orlando, FL
Probate Division  /  Court Room 20A  /  Case Continued from 8-2-16.
Case No. 15-CP-1939  /  Judge Jose R. Rodriguez
In Re: Estate of Donald Leroy Hall
Petitioner Attorney Daniel de Paz
**Curt Baggett Approved as Expert by Court on 8-2-16 and Testified**
via Skype from Richardson, TX

**Curt Baggett – Expert Document Examiner**

| | |
|---|---|
| Sept. 8, 2016 | In The Supreme Court of the Commonwealth of the Bahamas |
| | Ansbacher House, Nassau, Bahamas |
| | 2013/CLE/gen/007823  /  Justice Ian Winder |
| | Clayton Hillgrove Taylor  V.  Bank of the Bahamas |
| | Attorney Arthur L. Minns |
| | **Curt Baggett Approved as Expert by Court and Testified.** |

Aug. 10, 2016     In the 18th District Court Johnson County, Cleburne, Texas
Guinn Justice Center, Room 204, 3rd floor
Case No. F50740  /  Judge John Neill  /  PH: 817-556-6820
Def. Attorney Don W. Bonner  /  Jury Trial
**Curt Baggett Approved as Expert by Court and Testified.**

Aug. 3, 2016     In the Probate Court No. 1 Dallas County, Dallas, Texas
No.  PR-13-968-1  Old Criminal Courts Building 2nd floor
Judge Brenda Hull Thompson  /  PH: 214-653-7236
Joe Davis Trial  /  Attorney Michael Todd
**Curt Baggett Approved as Expert by Court and Testified.**

Aug. 2, 2016     In the Circuit County for Orange County, Orlando, FL
Probate Division  /  Court Room 20A
Case No. 15-CP-1939  /  Judge Jose R. Rodriguez
In Re: Estate of Donald Leroy Hall
Petitioner Attorney Daniel de Paz
**Curt Baggett Approved as Expert by Court to testify on 10-20-16 via Skype.**
Case Continued to 10-20-16.

June 23, 2016     In the 201st Judicial District, Travis County, Austin, Texas
345th District Courtroom, 4th floor, #412   PH: 512-854-9457
Cause No. D-1-FM-14-005909  /  Judge Stephen Yelenosky
In the Matter of the Marriage of
Estela Trevino Dyer and Donald Edmund Dyer
Attorneys Cristi Trusler & Rebekah Duke Jury Trial.
**Curt Baggett Approved as Expert by Court and Testified.**

June 8, 2016     In the Supreme Court of the Commonwealth of the Bahamas
Probate Side,  No. 2015/PRO/cpr/00006  /  Justice Ian Winder
Eleanor Brennen  v.  Carlton McMinns
Michael W. Horton, Esq.  /  Nassau, Bahamas
**Curt Baggett Approved as Expert by Court and Testified.**

June 6, 2016     In the Supreme Court, Commonwealth of the Bahamas
Family Division,  No. 00145  /  Madam Justice Rhonda Bain
Steven Bernard D'Alewyn and Rosalyn Vanessa D'Alewyn
Alexander P. Maillis II, Esq.  /  Nassau, Bahamas
**Curt Baggett Approved as Expert by Court and Testified.**

Curt Baggett Court Case Summary

# Curt Baggett – Expert Document Examiner

June 2, 2016
In the Tarrant County Family Law Center  /  Ft. Worth, TX
Case No. 360-5933-76-16  /  Judge Cynthia Mendoza
360th Court  /  Ph:  817-884-2720
Tanner J. Lippert  V.  Savannah Rhea
Jeff Branch, Esq.
**Curt Baggett Approved as Expert by Court and Testified.**

May 16, 2016
In the 18th Judicial Circuit Court  /  Brevard County, Florida
Case No.  2010 CA 033662  /  Judge Lisa Davidson
Moore Justice Center  /  Courtroom 2b  /  Ph: 321-617-7281
PNC  V.  Courtney Roberts
**Curt Baggett Approved as Expert by Court and Testified.**

April 15, 2016
In The County Court at Law No. 1  /  Tarrant County, Texas
Cause No.  2014-000426-1  /  Judge Don Pierson
Court Clerk Ph:  817-884-2418  /  817-212-7074
David Hart v. Harley Davidson  /  Jack Peacock, Esq.
**Appearance.  Case Continued.**

April 13, 2016
Eighth Judicial District Court  /  Clark County, Las Vegas, Nevada
Regional Justice Center  /  Ph: 702-671-4344
Case # P-15-086345-E  /  Judge (Commissioner) Wesley Yamashita
Probate Estate of Wright, Charles Lowell / David C. Johnson, Esq.
**Curt Baggett Approved as Expert by Court and Testified.**

February 10, 2016
In The Essex County Superior Court  /  Newark, New Jersey
Case No. DC 010854-15  /  Judge Frank Covello
NJ Higher Education V. Manuel F. Ponte
Jose B. Moreira, Esq. Law Firm
**Immediately after Judge Covello approved Curt Baggett to testify in his court, the opposition attorney settled.**

January 14, 2016
In The Probate Court No. 1 of Dallas County, Texas
Cause No. PR-15-03152-1  /  Judge Brenda Hull Thompson
Estate of David Clemmons, Deceased
Susan M. Herndon, Esq.

December 17, 2015
Justice of the Peace, Precinct 3, Place 1  /  Dallas, Texas
Case # JS-1431021A  /  Judge Albert B. Cercone
Carol M. Kam  V.  Western Surety / Pyke, David   **Appearance only.**

December 15, 2015
Harris County 308th Judicial District Court / Houston, Texas
No. 2011-15816  /  Associate Judge Alyssa Lemkuil
Bishop  V.  Burroughs  /  Catherine Herrington Hale, Esq.

December 14, 2015
Cameron County Court at Law No 2  /  Brownsville, Texas
Judge Laura L. Betancourt
Robert Robertson, Esq.

| | |
|---|---|
| November 30, 2015 | Woods County Courthouse / Alva, Oklahoma<br>CF-2013-87 / Judge Justin Eilers<br>The State of Oklahoma  V.  Michael Lynn Freeman<br>Tim Pool, Esq. / **Appearance only.** Testimony filed. |
| November 19, 2015 | In the County Court at Law No. 1 / Dallas County, Texas<br>No. CC-15-04952-A / Judge D'Metria Benson<br>Investors Mgs. Center  V.  John Dobbins |
| November 18, 2015 | Court of Common Pleas in Franklin County, Ohio<br>Case No. 14 JU 11807 / Magistrate Sanchez<br>Criminal Division / State of Ohio V. Cassius Crome, Jr.<br>Byron Potts, Esq. / Columbus, Ohio |
| November 13, 2015 | The Circuit Court of Taney County / Branson, Missouri<br>Estate No. 10AF-PR00229 / Division 1 Judge Tony Williams<br>Regions Bank  V.  Ron Davis  -  Appearance only.<br>Diana Brazeale, Esq. and Kelley Webb, Esq. |
| October 14, 2015 | Harris County Civil Courts at Law #2,  (Houston) Texas<br>No. 947381  /  Judge Theresa W. Chang<br>Dixie Farm Texaco, Inc.  V.  Darinder Pal Singh, et al<br>Carl A. Parker, Esq. |
| October 8, 2015 | County Court at Law in Kerr County, Texas<br>Cause No. CCL 15-3  /  Judge Susan Harris<br>In the Matter of the Estate of Antonio Ayala, Jr.<br>Samira Mery Lineberger, Esq. |
| September 21, 2015 | State of Texas  V.  Judge Alfred Isassi<br>Case No. 15-CRF-0182 / Judge Robert Flores<br>105th District Court of Kleberg County Texas (Kingsville)<br>Eric Flores Esq. Attorney of Record |
| September 14, 2015 | Circuit Court of Taney County, Missouri / Probate Division<br>Page G. Schumacher Trust  V.  Regions Bank<br>Estate No. 10AF-PR00229<br>Branson, Missouri / Ron Davis Attorney of Record<br>Diana Brazeale, Esq. and Kelley Webb, Esq. |
| September 10, 2015 | Court of Common Pleas in Franklin County, Ohio<br>Criminal Division / State of Ohio  V.  Cassius Crome, Jr.<br>Case No. 14 JU 11807 / Judge Preisse<br>Byron Potts, Esq. / Columbus, Ohio |
| September 2, 2015 | 246th District Court of Harris County,  (Houston) Texas<br>Case No. 2014-01759 / Judge Charley E. Prine, Jr.<br>Zuraima Newson  V. Frank Newsom<br>Edmond N. O'Suji, Esq. |

# Curt Baggett – Expert Document Examiner

| | |
|---|---|
| August 17, 2015 | Appearance: Virginia In the Circuit Court of Orange<br>CL 13000165 Judge Gaylord Fincus<br>Robert Mayo, Plaintiff and Pro Se |
| August 12, 2015 | Herman Lee Gibbons Case Lee and Roman Gibbons Client<br>Dallas County Probate Court #3<br>Judge Margaret Jones Esq.<br>Bryan Bethune Attorney of record |
| July 30, 2015 | Betty Tillis Bankruptcy  /  Case No.  15-04059<br>Judge Michael D. Lynn<br>Northern District of Texas  /  Fort Worth, Texas<br>Andrew Dunlap Attorney of Record<br>**Curt Baggett Approved as Expert by Court and Testified** for Betty Tillis<br>Court ruled in favor of Curt's testimony for Betty Tillis |
| May 7, 2015 | Judge Clay Poynor<br>James Reed Level VS Jesse Sayles Level<br>Attorney George R. Bienfang<br>County court of law No. 2  /  Case No 14-04-258<br>Wise County Richport, Texas |
| May 15, 2015 | Deutsche Bank National Trust Company, As Trustee For American Home Mortgage Assets Trust 2006-6, Mortgage-Backed Pass-Through Certificates Series 2006-6 vs. Diane Mandel, et al.<br>Judicial Officer James R. Thompson<br>Case No. 2011-CA-055212<br>Twentieth Circuit Court, Lee County, Florida |
| March 27, 2015 | Dakota Land and Cattle Company and DesLacs Valley Land Corp.<br>V Jonathon Lochthowe<br>Case # 51-2013-CV00456  /  Judge Richard L. Hager<br>North Central Judicial District  /  Ward County Court House<br>315 SE 3rd St P.O Box 5005  /  Minot, ND 58702 |
| January 26, 2015 | AET Enterprises Inc. vs. AET Enterprise, LLC<br>Case No. CJ-2013-144 and Julie Pitts d/b/a AET Enterprise, LLC vs. The Coves et al.,Case No. CJ-2013-145<br>Dale Marler and Mark Antinaro Attorneys of Record<br>501 West 1st Street Claremore, Oklahoma 74017 |
| January 8, 2015 | Elaine Lett Murphy<br>Cause # 231-558967-14  /  Judge Sullivan presiding<br>Laurie Robinson R.N. Attorney of Record<br>Arbitration Sisemore Law Firm<br>Prenuptial Agreement and Property Dispute |
| December 8, 2014 | Farrell v. Farrell et All Cause # G -2010-992-T/I |

# Curt Baggett – Expert Document Examiner

Judge Dewayne Farrell
Jackson, Mississippi
Ross Barnett Attorney of Record

December 4, 2014

Mallard Point Golf Course Cause # 2013-449
Lonoke County Circuit Court / Lonoke Arkansas
Judge Sandy Huckabee
Jeff Moore Attorney of Record
Fraudulent Conveyance Suit

November 6, 2014

Kenneth Bryson V Kenneth Allison
207th District Court / Judge Bruce Boyer
Comal County Courthouse
New Braunfels, Texas
David Conrad Beyer Attorney of Record

October 23, 2014

Arapahoe County Elections
How To Spot A Forgery Lecture and Seminar
Corene Henage Interim Deputy of Elections
5334 Prince Street Littleton, Colorado 80120

October 10, 2014

Olympia Alvarado Vs Marla Alvarado Wolters et al.;
Cause No. 2013-CL-09746
150th Judicial District Court
Bexar County Texas
John Mead Attorney of Record  210-710-0981

October 3, 2014

Leonardo Hernandez Cause # 314-CV-02818-P
95th Judicial Court Dallas Texas
Judge Ken Molberg
Dallas County Court
600 Commerce Dallas, Texas
Sara Scott Attorney of Record

September 29, 2014

Elaine Lett Murphy
Laurie Robinson R.N. Attorney of Record
Cause # 231-558967-14 / Judge Jesus Navarez
231st Judicial Court
Fort Worth, Texas

September 19, 2014

National Union Fire Insurance
 Company of Pittsburgh, PA
Through its attorney of record Jeffrey R. Parsons
Dallas, Texas
Calvin Leavelle Deposition

September 18, 2014

Sate of Oklahoma County of Delaware
Jay, Oklahoma
Angela Girdner Deposition

Betty Cartwight Attorney of Record

September 17, 2014

Delaware County Court
Judge Berry Benney
13th Judical District Court
Cause # PB-06-84
327 5th Street Jay Oklahoma
 John Watermelon /Edna Sultzer

September 16, 2014

District Court of Gregg County
188th Judical Court
Judge Daniel Brabham
Hope McPherson v. Johnnie Gunn,Carolyn Gunn and John C.
Gunn Cause # 2011-2012A

August 13, 2014

NYI9879 Civil Court The City of New York
County of Richmond
Judge Teresa Cippoteal
Attorney of Record Gary Pillersdorf
Celina Pawlowska V.
New York City Transit Authority The Metropolitan Transportation
Authority and the City of New York

August 1, 2014

United States District Court for the District of Montana
Ahmed A. Al-Aissa V Sears, Roebuck and Co.
Law Office of Urgin, Alexander, Zadick and Higgins P.C.
Deposition

July 16, 2014

Surrogates Court of New York
Judge Diane A. Johnson
2 Johnson Street
Brooklyn, New York 11201
Cause # 2065/A-207
Respondent John James Rollins
In The Matter of the Proceeding of Raymond Rollins as
Administrator of the Estate of Pearl James

June 2, 2014

Surrogates Court of New York
Judge Diane A. Johnson
2 Johnson Street
Brooklyn, New York 11201
Cause # 2065/A-207
Respondent John James Rollins
In The Matter of the Proceeding of Raymond Rollins as
Administrator of the Estate of Pearl James

May 19, 2014

Cause No ESPR018476
Joanne Crew Probate

In The Iowa Probate Court in and for Cedar County
Judge Mike Lawson
Tipton, Iowa

May 15, 2014
Cause No DC-13-290
Israel Garcia V Zulema Gonzalez A.K.A Zulema Morin
In the District Court
229th Judicial Distict
Duval County, Texas
Deposition

May 11, 2014
San Antonio, Texas
No 2728;Cause No. 2012-CI-19200 Court 57 / Judge Phyllis Speedlin
In the Matter of the Marriage of Gobel
Attorney James E. Monnig

May 12, 2014
Cause DC-13-13137-D
Leonardo Hernandez Garcia V. General Packaging Corp.
Dallas County, Texas
95th Judical, District
Arnold, Arnold, & Itkin LLP Paul Skrabanek

April 22, 2014
In the County Court at Law, Harris County, Texas
Case No. 1035401
Angle Salon Corporation V. Dung Chau, Oanh Bui, Vi Phuong
Pham D/B/A Pro Salon Defendants
Attorney Allan Cease
Deposition

April 14, 2014
George Risner V. Harris County Republican Party
269 District Court
Harris County, Houston
Case 2014-02621 / Judge Don Burgess
Appeals Court Judge from Beaumont, Texas

March 10, 2014
The 42nd Judicial District of the *Louisiana* District Court
Mansfield, Louisiana at the DeSoto Parish Annex Bldg.
Judge Robert Burgess presiding
Cause # 74275 In Succession Kattie Russell –vs.–Ben Russell
Attorney of Record: Christopher Sices

March 5, 2014
Court of Common Place
Harrison County, OH
Case No. CVH 20130022 / Judge Lintons Lewis Jr.
Sharon Stitt vs. Jamie

February 13, 2014
Eastern Caribbean Supreme Court
Tortola British Virgin Islands
Robert J. Tarlecky case

**Curt Baggett – Expert Document Examiner**

|  |  |
|---|---|
|  | Attorney of Record: Bob W. Lentz |
| January 30, 2014 | In the Circuit Court of the First Judicial Circuit |
|  | Santa Rosa County, Florida |
|  | Case No. 2011 CA 000054 |
|  | Deposition |
|  | Wells Fargo Bank, NA vs. Douglas Paul Perryman, Tricia Rene |
|  | Simon  /  Attorney    Farrar |
| January 22, 2014 | In the Federal Court |
|  | New Orleans, LA |
|  | Hale Boggs Federal Building |
|  | Docket Number 2013-0190  /  Judge Bruce T. Smith |
|  | United States Coast Guard vs. Nelson G. Hopper |
|  | Attorney Bill Hidalgo (985) 249-5195 |
| January 16, 2014 | In the 138th District Court |
|  | Cameron County, Texas |
|  | Cause No. 2012-DCL-4772-B  /  Judge Arturu C. Nelson |
|  | Michelle Atkinson vs. Orlando Robles |
| January 10, 2014 | In the 302nd District Court |
|  | Dallas County, Texas |
|  | Cause No. 1200649-V  /  Judge Tena Callahan |
|  | In the interest of Elva Steele |
| January 9, 2014 | In the Branch 1 Court |
|  | Marathon County |
|  | Cause No. 2013-SC-669  /  Judge Jill Falstad |
|  | Stanley Miller Estate vs. Diane Story, Wausau, Wisconsin |
|  | Attorney Andrew Schmidt (715) 845-9621 |
| December 16, 2013 | Appeal Hearing |
|  | State of Georgia Employment Commission |
|  | Adam Carson vs. The State of Georgia |
|  | Hearing Officer: Jacqueline Kennedy Dvorak |
| November 5, 2013 | In the 224th District Court |
|  | Bexar County, Texas |
|  | Kader Solomon v. Wael M. Sulieman |
|  | Cause No. 2013-CI-06053  /  Judge Larry Noll |
| October 31, 2013 | In the 251st District Court |
|  | Randall County, Texas |
|  | Cause No. 63,887-C |
|  | Lawrence Schaeffer and Estelle Archer: Plaintiffs, |
|  | Counter-Defendants v. David Allison and Austin Equity Investor: |
|  | Ltd.,    Defendants, Counter-Plaintiffs and Richard K. Archer: |
|  | Intervenor and Eileen Allison: Intervenor |

Curt Baggett Court Case Summary

# Curt Baggett – Expert Document Examiner

| | |
|---|---|
| October 4, 2013 | In the 219th District Court |
| | Collin County, Texas |
| | Cause No. 219-02861-2013 |
| | Ex Parte V. Allison Moore  /  Judge Scott. J. Becker |
| | |
| October 2, 2013 | In the Chancery Court |
| Sparta, Tennessee | White County, Tennessee |
| Attorney Doug Fields | Cause No. 2012-CV-39 |
| | Robinson V. Robinson  /  Judge Ronald Thurman |
| | |
| August 27, 2013 | In the Chancery Court |
| Attorney Dantone, Frank | Washington County, Mississippi |
| | Cause No. 20120419  /  Judge Franklin S. Thackston |
| | |
| July 23, 2013 | In the 20th Judicial District |
| Attorney Walter L. Taylor | Milam County, Texas |
| | Shannon Farr v. Terry Nevitt Farr, et al. |
| | Cause No. CV-35-208  /  Judge John W. Youngblood |
| | |
| July 19, 2013 | U. S. Department of Justice, |
| Attorney Noaman Azhar | Executive Office for Immigration Review |
| | Dallas County, Texas |
| | In the Matter of Md. Rafiqul Islam Khan in Removal Proceedings |
| | Case No. A-203-278-078  /  Judge Robert Wayne Kimball |
| | |
| July 8, 2013 | Taverna v. Fonseca |
| | Miami Dade County, Florida |
| | Judge Rosa I. Rodriguez |
| | |
| June 17, 2013 | In the County Court In and For Broward County Florida |
| | Myriam Etienne v. Hope Health Career Institute |
| | Case No. 11-11558  /  Judge Luis H. Schiff |
| | |
| June 7, 2013 | In the Small Claims Division of the County Court |
| Attorney William H. Davie II | In and For Clay County, Florida |
| | Tiffany Raye Gaskell v. Alexandra Bethany Crystal Day |
| | Case No. 2012-SC-000157 |
| | |
| May 13, 2013 | Thirteenth Judicial Circuit Court |
| Attorney Jim Erwin | County of Pickens, South Carolina |
| | James Earl Shivers v. Mary Eugena Shivers |
| | Case No. 2008-DR-39-253  /  Judge Alvin Johnson |
| | |
| April 30, 2013 | County Court at Law 1 |
| Attorney Andres Reyes | Webb County, State of Texas |
| | In the Estate of Rosa Maria Mares, Deceased |
| | Case No. 2012PB5000008-L1  /  Judge Alvino Ben Morales |

**Curt Baggett – Expert Document Examiner**

April 22, 2013                          Collin County, State of Texas
Attorney Cyndi Nahas              State of Texas v. Allison Faye Moore
                                                File No. 416-81602-2012
*Court Appointed Expert*         Judge Chris Oldner

March 23, 2013                        19th Judicial District Court
Attorneys Fred Koenke and     Parish of East Baton Rouge
Scott Collier                             State of Louisiana
                                                State of Louisiana v. Dominique Smith
                                                No. 08-08-0005  /  Judge Anthony J. Marabella

February 11, 2013                    Circuit Court for Escambia County
Attorney Robert C. Allen          Probate Division, State of Florida
                                                In Re:  Estate of Erma Averhart
                                                File No. 1972-CP-3767  /  Judge J. Scott Duncan

**Ron Bateman**

| | |
|---|---|
| **From:** | Curt Baggett <cbhandwriting@gmail.com> |
| **Sent:** | Thursday, September 9, 2021 4:06 PM |
| **To:** | Ron Bateman |
| **Subject:** | To Ron Bateman / From the Office of Curt Baggett, Expert Document Examiner |
| **Attachments:** | Curt's CV 2021.docx; Payment Instructions for www.ExpertDocumentExaminer.docx; Where to Obtain Exemplars.docx; AFFIDAVIT for Client's Signatures.docx; 2021 Fee Schedule.docx |

To: Ron Bateman
PH: 443-623-1779
e-mail: rbateman@compassmarketinginc.net
Maryland

RE: Exams on questioned initials of John White on Post Employment Agreement

Greetings Ron,

Thanks for calling our office. It was a pleasure speaking with you.
Yes, Curt can help. Scan and email as a pdf attachment the questioned document, along with the known samples of John White's initials to cbhandwriting@gmail.com

The cost for one exam (one set of initials) is $400.00 and you may pay online at www.ExpertDocumentExaminer.com
If there are additional initials to be examined, we can offer you a discount or a flat rate for all of them. Let us know when you send the documents how many sets of John's initials you need to be examined.

Once we receive the documents and payment for the exam, Curt will begin his exam. We will call you with your verbal answer within 2 to 3 business days.
If Curt's findings meet your needs, you may order the written Notarized Expert Opinion Letter for an additional $300.00. We also have a Long Detailed Report for $1,000.00 which contains all the work product, enlargements and how the conclusion was reached. The Long Report takes about 2 weeks to complete.

Mr. Baggett is
a

Leading
 Document
E
xaminer in the U.S.
 (with 30 years experience)
 and has examined documents and/or testified
in all 50 states and in
over a dozen foreign countries

and has been approved as an Expert Witness by over 100 Federal and State Judges

CM 0299

just
in the last 6 years
.

sincerely,
Patty  972-644-0285


--
Office of Curt Baggett
Forensic Document Examiner
http://expertdocumentexaminer.com
Tel. 972-644-0285
e-mail: cbhandwriting@gmail.com

---

 Virus-free. www.avast.com

CM 0300

**Ron Bateman**

| | |
|---|---|
| **From:** | Auto-Receipt <noreply@mail.authorize.net> |
| **Sent:** | Friday, September 10, 2021 11:13 AM |
| **To:** | Ron Bateman |
| **Subject:** | Transaction Receipt from HANDWRITING EXPERT LLC for $700.00 (USD) |

Your case has been started by and order recieved from http://expertdocumentexaminer.com.

**Order Information**

Description:     Handwriting Expert LLC OrderId 341002180
Invoice Number   341002180

**Billing Information**                    **Shipping Information**
Ron Bateman
222 Severn Ave Building 14 suite 200
ANNAPOLIS, MD 21403
US
rbateman@compassmarketinginc.net
443-623-1779

**Total: $700.00 (USD)**

**Payment Information**

Date/Time:          10-Sep-2021 8:12:34 PDT
Transaction ID:     42922072074
Payment Method:     American Express xxxx1093
Transaction Type:   Purchase
Auth Code:          129602

**Merchant Contact Information**
HANDWRITING EXPERT LLC
RICHARDSON, TX 75081
US
support@expertdocumentexaminer.com
support@expertdocumentexaminer.com

CM 0301

| | |
|---|---|
| **From:** | Ron Bateman |
| **Sent:** | Friday, September 10, 2021 1:40 PM |
| **To:** | cbhandwriting@gmail.com; John White |
| **Subject:** | Forensic Document Analysis Docs |
| **Attachments:** | Forensic Document Analysis Docs.pdf |

Curt,

It was a pleasure talking with you on the phone. Using the documents attached, please analyze the document in question to determine:

1. If the signature on page 5 is John White's
2. If the signature on page 5 has similar writing characteristics to Michael White
3. If the signature on page 5 has similar writing characteristics to David Boshea.

I look forward to hearing from you,

Ron Bateman
Special Advisor to the CEO
Compass Marketing
443.623.1779

CM 0302

# Document in Question

John White's signature
on page 5

CM 0303

Case 1:21-cv-00309-ELH Document 1-3 Filed 02/05/21 Page 1 of 6 *bought/sold*

*Classify ~ as key*
*Player to know it*
*Connect.*

# COMPASS MARKETING, INC

## AGREEMENT RELATING TO EMPLOYMENT AND

## POST-EMPLOYMENT COMPETITION

This Agreement is between the David John Boshea, residing at 4839 Clearwater LN. Naperville, IL. 60564 ("Employee") and COMPASS MARKETING, INC ("COMPASS"), having a place of business at 612 Third Street, Annapolis

## RECITALS

WHEREAS, COMPASS is a leading provider of consumer products and more specifically, the marketing, distribution and sales services to retailers and non-traditional or alternative distributors in the following categories: food, health-beauty care, over the counter medicine, consumer products, and pet care.

WHEREAS, COMPASS has a proprietary interest in its business and financial plans and systems, methods of operation and other secret and confidential information, knowledge and data ("Proprietary Information") which includes, but is not limited to, all confidential, proprietary or non-public information, ideas and concepts, client names and contact information, annual and strategic business plans; financial plans, reports and systems including, profit and loss statements, sales, accounting forms and procedures and other information regarding costs, pricing and the financial condition of COMPASS and its business segments and groups; management development reviews, including information regarding the capabilities and experience of COMPASS employees; intellectual property including research and development, reports, protocols, computer software and databases; information regarding COMPASS's relationships with its clients, customers, and suppliers and prospective clients, partners, customers and suppliers, policy and procedure manuals, information regarding materials and documents in any form or medium (including oral, written, tangible, intangible, or electronic) concerning any of the above, or any past, current or future business activities of COMPASS that is not publicly available; compensation, recruiting and training, and human resource policies and procedures; and data compilations, research, reports, structures, compounds, techniques, methods, processes, and know-how.

WHEREAS, all such Proprietary Information is developed at great expense to COMPASS and is considered by COMPASS to be confidential trade secrets;

WHEREAS, Employee, as a senior executive, will have access to COMPASS's Proprietary Information, directly in the course of Employee's employment, and indirectly through interaction with and presentations by other COMPASS senior executives;

WHEREAS, COMPASS will introduce Employee to COMPASS clients, customers, suppliers and others, and will encourage, and provide resources for, Employee to develop personal relationships with COMPASS's clients, customers, suppliers and others;

WHEREAS, COMPASS will provide specialized training and skills to Employee in connection with the performance of Employee's duties at COMPASS which training involves the disclosure by COMPASS to Employee of Proprietary Information;

WHEREAS, COMPASS will be vulnerable to unfair post-employment competition by Employee because Employee will have access to and knowledge of COMPASS's Proprietary Information, will have a personal relationship with COMPASS's clients, customers, suppliers and others, and will generate good will which Employee acknowledges belongs to COMPASS;

NOW, THEREFORE, in consideration of Employee's employment with COMPASS, the severance benefit and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Employee agrees to enter into this Agreement with COMPASS as a condition of employment pursuant to which COMPASS will limit Employee's rights, including, but not limited to, the right to compete against COMPASS, during and following termination of employment on the terms set forth in this Agreement. Intending to be legally bound, the parties agree as follows:

## ARTICLE 1. NON-DISCLOSURE AND NON-DISPARAGEMENT:

Employee shall not, during or after termination of employment, directly or indirectly, in any manner utilize or disclose to any person, firm, corporation, association or other entity, except where required by law, any Proprietary Information which is not generally known to the public, or has not otherwise been disclosed or recognized as standard practice in the industries in which COMPASS is engaged. Employee shall, during and after termination of employment, refrain from making any statements or comments of a defamatory or disparaging nature to any third party regarding COMPASS, or any of COMPASS's officers, directors, personnel, policies or products, other than to comply with law.

## ARTICLE 2. NON-COMPETITION:

A. Subject to Article 2.B. below, Employee, during Employee's period of employment with COMPASS, and for a period of three years following the voluntary or involuntary termination of employment, shall not, without COMPASS's written permission, which shall be granted or denied in COMPASS's sole discretion, directly or indirectly, associate with (including, but not limited to, association as a sole proprietor, owner, employer, partner, principal, investor, joint venturer, shareholder, associate, employee, member, consultant, contractor or otherwise), or acquire or maintain ownership interest in, any Business which is competitive with that conducted by or developed for later implementation by COMPASS at any time during the term of Employee's employment, provided, however, if Employee's employment is involuntarily terminated by COMPASS for any reason other than Cause (as defined herein) then the term of the non-competition provision set forth herein will be modified to be one year following such termination of employment. For purposes of this Agreement, "Business" shall be defined as a person, corporation, firm, LLC, partnership, joint venture or other entity. Nothing in the foregoing shall prevent Employee from investing in a Business that is or becomes publicly traded, if Employee's ownership is as a passive investor of less than 1 % of the outstanding publicly traded stock of the Business.

B. The provision set forth in Article 2.A above, shall apply to (i) all fifty states, and (ii) each foreign country, possession or territory in which COMPASS may be engaged in, or have plans to engage in, business (x) during Employee's period of employment, or (y) in the case of a termination of employment, as of the effective date of such termination or at any time during the twenty-four month period prior thereto.

C. Employee acknowledges that these restrictions are reasonable and necessary to protect the business interests of COMPASS, and that enforcement of the provisions set forth in this Article 2 will not unnecessarily or unreasonably impair Employee's ability to obtain other employment following the termination (voluntary or involuntary) of Employee's employment with COMPASS. Further, Employee acknowledges that the provisions set forth in this Article 2 shall apply if Employee's employment is involuntarily terminated by COMPASS for Cause; as a result of the elimination of employee's position for performance-related issues; or for any other reason or no reason at all.

D.

## ARTICLE 3. NON-SOLICITATION:

A. During the period of Employee's employment with COMPASS and for a period of three years following the termination of Employee's employment, regardless of the reason for termination, Employee shall not, directly or indirectly: (i) induce or encourage any employee of COMPASS to leave the employ of COMPASS, (ii) hire any individual who is or was an employee of COMPASS, or (iii) induce or encourage any customer, client, potential client, supplier or other business relation of COMPASS to cease or reduce doing business with COMPASS or in any way interfere with the relationship between any such customer, client, supplier or other business relation and COMPASS.

B. A "customer of COMPASS" shall be defined to mean the entities or businesses to whom COMPASS sells the product lines of its clients.

C. A "client of COMPASS" shall be defined to mean the supplier of product lines to COMPASS, which product lines are sold by COMPASS to its customers.

D. A "potential client of COMPASS" shall be defined to mean the supplier of product lines to COMPASS that COMPASS is actively negotiating with to represent as a future COMPASS client, during the period of Employee's employment.

## ARTICLE 4. DISCOVERIES' AND WORKS:

Initial CM 0305

Employee hereby irrevocably assigns, transfers, and conveys to COMPASS to the maximum extent permitted by applicable law Employee's right, title and interest now or hereinafter acquired, in and to all Discoveries and Works (as defined below) created, invented, designed, developed, improved or contributed to by Employee, either alone or jointly with others, while employed by COMPASS and within the scope of Employee's employment and/or with the use of COMPASS's resources. The terms "Discoveries and Works" include all works of authorship, inventions, intellectual property, materials, documents. or other work product (including, without limitation, Proprietary Information, patents and patent applications, patentable inventions, research, reports, software, code, databases, systems, applications, presentations, textual works, graphics and audiovisual materials). Employee shall have the burden of proving that any materials or works created, invented, designed, developed, contributed to or improved by Employee that are implicated by or relevant to employment by COMPASS are not implicated by this provision. Employee agrees to (i) keep accurate records and promptly notify, make full disclosure to, and execute and deliver any documents and to take any further actions requested by COMPASS to assist it in validating, effectuating, maintaining, protecting, enforcing, perfecting, recording, patenting or registering any of its rights hereunder, and (ii) renounce any and all claims, including, without limitation, claims of ownership and royalty, with respect to all Discoveries and Works and all other property owned or licensed by COMPASS. Any Discoveries and Works that, within six months after the termination of Employee's employment with COMPASS, are made, disclosed, reduced to a tangible or written form or description, or are reduced to practice by Employee and which pertain to the business carried on or products or services being sold or developed by COMPASS at the time of such termination shall, as between Employee and COMPASS, be presumed to have been made during such employment with COMPASS. Employee acknowledges that, to the fullest extent permitted by law, all Discoveries and Works shall be deemed "works made for hire" under the Copyright Act of 1976, as amended, 17 U.S.C. Section 101. Employee hereby grants COMPASS a perpetual, nonexclusive, royalty-free, worldwide, assignable, sublicensable license under all rights and intellectual property rights (including patent, industrial property, copyright, trademark, trade secret, unfair competition and related laws) in any Works and Discoveries, for all purposes in connection with COMPASS's current and future business, that Employee has created, invented, designed, developed, improved or contributed to prior to Employee's employment with COMPASS that are relevant to or implicated by such employment ("Prior Works"). Any Prior Works are disclosed by Employee in Schedule 1.

## ARTICLE 5. REMEDIES:

Employee acknowledges that in the event of any violation by Employee of the provisions set forth in Articles 1, 2, 3 or 4 above, COMPASS will sustain serious, irreparable and substantial harm to its business, the extent of which will be difficult to determine and impossible to fully remedy by an action at law for money damages. Accordingly, Employee agrees that, in the event of such violation or threatened violation by Employee, COMPASS shall be entitled to an injunction before trial before any court of competent jurisdiction as a matter of course upon the posting of not more than a nominal bond, in addition to all such other legal and equitable remedies as may be available to COMPASS. If COMPASS is required to enforce the provisions set forth in Articles 2 and 3 above by seeking an injunction, Employee agrees that the relevant time periods set forth in Articles 2 and 3 shall commence with the entry of the injunction. Employee further agrees that, in the event any of the provisions of this Agreement are determined by a court of competent jurisdiction to be invalid, illegal, or for any reason unenforceable as written, such court shall substitute a valid provision which most closely approximates the intent and purpose of the invalid provision and which would be enforceable to the maximum extent permitted by law.

## ARTICLE 6. SEVERANCE:



A.    If Employee's employment is terminated by COMPASS for any reason other than Cause, Employee shall receive severance payments totaling $180,000 (one hundred and eighty thousand U.S. dollars) which will be divided up into twenty-four payments and will commence with the Employee's effective date of termination and shall be made in accordance with COMPASS's normal payroll cycle. The period during which Employee receives severance payments shall be referred to as the "Severance Pay Period." Severance will increase one month for every month employed to a maximum severance of $540,000.

B      There are no other post-employment benefits. Employee, however, shall have certain rights to continue the Medical Plan under COBRA.

C      Termination for "Cause shall be defined as termination of employment due to: (i) conviction of or entry of a plea of guilty or nolo contendere to any criminal charge (or any similar crime for purposes of laws outside the United States), (ii) fraud or dishonesty, (iii) failure to perform assigned duties, (iv) working against the best interests of COMPASS, or (v) the violation of any of the covenants set forth in Articles 1, 2, 3 and 4 above.

CM 0306

Initial

D.    If Employee is terminated by COMPASS for reasons other than Cause, Employee will receive the severance payments during the Severance Pay Period even if Employee commences other employment during such period provided such employment does not violate the terms of Article 1, 2, 3 and 4 of this Agreement.

E.    In addition to the remedies set forth in Article 5, COMPASS reserves the right to terminate all severance payments if Employee violates any covenants set forth in Articles 1, 2, 3 or 4 of this Agreement.

F.    Employee's receipt of severance under this Agreement is contingent on Employee's execution of a release in a form reasonably acceptable to COMPASS, except that such release shall not include any claims by Employee to enforce Employee's rights under, or with respect to, this Agreement or any COMPASS benefit plan pursuant to its terms, and that the employee not revoking the release prior to the expiration of the applicable Age Discrimination in Employment Act revocation period.

## ARTICLE 7. TERM OF EMPLOYMENT:

Employee acknowledges that COMPASS has the right to terminate Employee's employment at any time for any reason whatsoever, provided, however, that any termination by COMPASS for reasons other than Cause shall result in the severance described in Article 6 above, to become due in accordance with the terms of this Agreement subject to the conditions set forth in this Agreement. Employee further acknowledges that the severance payments provided by COMPASS are in full satisfaction of any obligations COMPASS may have resulting from COMPASS's exercise of its right to terminate Employee's employment, except for those obligations which are intended to survive termination such as the payments to be made pursuant to retirement plans, deferred compensation plans and conversion of insurance.

## ARTICLE 8. MISCELLANEOUS:

A.    As used throughout this Agreement, COMPASS includes COMPASS MARKETING, Inc. and its subsidiaries and affiliates or any corporation, joint venture, or other entity in which COMPASS MARKETING, Inc. or its subsidiaries or affiliates has an equity interest in excess of ten percent (10%).

B.    This Agreement shall supersede and substitute for any previous employment, post-employment or severance agreement between Employee and COMPASS.

C.    If Employee's employment with COMPASS terminates solely by reason of a transfer of stock or assets of, or a merger or other disposition of, a subsidiary of COMPASS (whether direct or indirect), such termination shall not be deemed a termination of employment by COMPASS for purposes of this Agreement, provided that COMPASS requires the subsequent employer, by agreement, to expressly assume and agree to perform this Agreement in the same manner and to the same extent that COMPASS would be required to perform it if no such transaction had taken place.

D.    Employee shall not be required to mitigate damages or the amount of any payment provided for under this Agreement by seeking other employment or otherwise.

E.    In the event any one or more of the provisions of this Agreement shall be or become invalid, illegal or unenforceable in any respect, the validity legality and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

F.    The terms of this Agreement shall be governed by the laws of the State of Maryland, without regard to conflicts of laws principles thereof. For purposes of any action or proceeding, Employee irrevocably submits to the non-exclusive jurisdiction of the courts of Maryland and the courts of the United States of America located in Maryland for the purpose of any judicial proceeding arising out of or relating to this Agreement, and acknowledges that the designated forum has a reasonable relation to the Agreement and to the parties' relationship with one another. Notwithstanding the provisions of this Article 8.F COMPASS may, in its discretion, bring an action or special proceeding in any court of competent jurisdiction for the purpose of seeking temporary or preliminary relief pending resolution of a dispute.

G.    Employee expressly consents to the application of Article 8.F to any judicial action or proceeding arising out of or relating to this Agreement. COMPASS shall have the right to serve legal process upon Employee in any manner permitted by law. In addition, Employee irrevocably appoints the General Counsel of COMPASS MARKETING, Inc. (or any successor) as Employee's agent for service of legal process in connection with any such action or proceeding and Employee agrees that service of legal process upon such agent, who shall promptly advise Employee of any such service of legal process at the address of

Initial

CM 0307

Employee then in the records of COMPASS, shall be deemed in every respect effective service of legal process upon Employee in any such action or proceeding.

H.    Employee hereby waives, to the fullest extent permitted by applicable law, any objection that Employee now or hereafter may have to personal jurisdiction or to the laying of venue of any action or proceeding brought in any court referenced in Article 8.F and hereby agrees not to plead or claim the same.

I.    Notwithstanding any other provision of this Agreement, COMPASS may, to the extent required by law, withhold applicable federal, state and local income and other taxes from any payments due to Employee hereunder.

J.    At any time during the validity of this Agreement, Employee agrees that COMPASS may notify third parties about Employee's rights and obligations under this Agreement.

K.    Employee affirms that Employee has read this Agreement and has asked questions needed to understand the terms, consequences and binding effect of this Agreement and fully understands them.

L.    Employee affirms that Employee has sought the advice of an attorney of his/her choice before signing this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound, the parties hereto have caused this Agreement to be signed.

by COMPASS MARKETING, INC.

Date:

/s/ _____

John D. White, CEO

by EMPLOYEE

Date:

/s/ _David J. Boshea_

David John Boshea

Initial _____

CM 0308

<u>Schedule 1</u>

**Prior Works***

---

\*        if no Prior Works are listed, Employee certifies that there are none.

Initial CM-0309

# John White's actual signature examples

Signature Page For John White

COMPASS MARKETING INC
222 SEVERN AVE, SUITE 200
ANNAPOLIS, MD 21403

Compass MARKETING

MANUFACTURERS & TRADERS TR CO
7-11/520

5253

08/02/2011

PAY TO THE
ORDER OF _____ Michael R White

$ *119,239.00

One hundred nineteen thousand two hundred thirty-nine and 00/100************************************************

DOLLARS

Michael R White
39650 Hiawatha Circle
Mechanicsville, MD  20659

MEMO     2010 Taxes $83118.00 Fed  $36121.00 state

⑆005253⑆ ⑆052000113⑆ 970081243

COMPASS MARKETING INC
08/02/2011          Michael R White

2010 Taxes $83118.00 Fed  $36121.00 state

5253
119,239.00

---

Checking – M&T Bank  2010 Taxes $83118.00 Fed  $36121.00 state

119,239.00

08/02/2011          Michael R White
COMPASS MARKETING INC

2010 Taxes $83118.00 Fed  $36121.00 state

119,239.00  5253

Checking – M&T Bank  2010 Taxes $83118.00 Fed  $36121.00 state

119,239.00

605935 (12/10)

007851


Rev 1010

CM 0312

# MANUFACTURERS AND TRADERS TRUST COMPANY
## CERTIFIED BANKING RESOLUTIONS OF CORPORATION

ACCOUNT NUMBER:    0091600420785238l

DEPOSITOR:    COMPASS MARKETING INC

| | |
|---|---|
| Name   JOHN D WHITE | Name |
| Title | Title |
| Address | Address |
| Telephone | Telephone |
| SSN | SSN |
| Signature | Signature |
| Name | Name |
| Title | Title |
| Address | Address |
| Telephone | Telephone |
| SSN | SSN |
| Signature | Signature |

I certify that the resolutions set forth below or provided separately to M&T Bank were duly adopted by the Board of Directors of Depositor, a corporation duly organized and validly existing under the laws of the State of _____ (the "Depositor"), by unanimous consent or at a meeting duly called and held on _____ that each of such resolutions is in full force and effect and none has been rescinded, revoked or modified; and that none of such resolutions nor any action pursuant thereto will violate any law, certificate of incorporation, by-law or agreement by which Depositor or any of its assets is bound. RESOLVED: that

1. Manufacturers and Traders Trust Company ("M&T Bank") is hereby designated a depository for the Depositor and the officers or employees named herein or on a Rider hereto are hereby authorized to open a deposit account (the "Account") on behalf of Depositor.

2. M&T Bank may purchase, give credit for, cash, accept, certify and pay from funds on deposit in the Account, without inquiry, all items signed, drawn, accepted or endorsed on behalf of Depositor, whether under a title, the words "Authorized Signature" or otherwise, with the actual or purported facsimile signature of any one of the persons whose names, titles and specimen signatures appear above or on a Rider hereto or his or her successor in office (each an "Authorized Signer"), regardless of the circumstances under which the signature shall have become affixed so long as the signature is the actual signature of an Authorized Signer or resembles the facsimile signature of an Authorized Signer previously certified to M&T Bank. Depositor shall indemnify M&T Bank against all claims, damages, liabilities, costs and expenses (including, but not limited to, attorneys' fees and disbursements) incurred by M&T Bank in connection with honoring any signature of any Authorized Signer (including any facsimile signature that resembles the facsimile signature of an Authorized Signer previously certified to M&T Bank) or any refusal to honor the signature of any person who is not an Authorized Signer. Depositor acknowledges and agrees that any requirement of Depositor that any item or other instrument for the payment of money signed, drawn, accepted or endorsed on behalf of Depositor bear the signature of more than one Authorized Signer is solely an internal requirement of Depositor and imposes no duty of enforcement on M&T Bank.

3. Any Authorized Signer may, on behalf of Depositor, transact with and through M&T Bank all such business as he or she deems advisable upon such terms as he or she deems proper, including, but not limited to, discounting, selling, assigning, delivering and negotiating items, guaranteeing the obligations of others, applying for and using any ATM or debit card providing access to the Account, contracting for automated clearing house ("ACH") payments and funds transfer services, cash management, trust and investment products and any other services and transactions in any way related to the Account or the funds on deposit from time to time therein, and pledging, assigning or granting security interests or other rights in the Account to M&T Bank or to third parties, and in connection with any such transaction of business, do or perform all such acts or other things as he or she shall deem proper, including, but not limited to, signing, drawing, accepting, endorsing, executing and delivering items, guaranties, assignments, pledges, receipts, waivers, releases, indemnities and other instruments, agreements and documents, accepting, receiving, withdrawing and waiving demands and notices and incurring and paying liabilities, costs and expenses.

4. In the event an Authorized Signer acting on behalf of Depositor shall apply to or contract with M&T Bank for any electronic funds transfer service that M&T Bank may make available to Depositor, including, but not limited to, any service that contemplates M&T Bank's execution of payment orders initiated by Depositor for the wire or ACH transfer of funds to or from an Account of Depositor, such Authorized Signer shall be empowered on behalf of Depositor to designate one or more persons (who may, but need not be, Authorized Signers), each of whom, acting alone, shall be authorized on behalf of Depositor to transmit payment orders to M&T Bank for the transfer of funds to or from Depositor's Account.

5. Each person identified as an Authorized Signer and each person or persons designated by an Authorized Signer to act on behalf of Depositor (who may, but need not be, Authorized Signers), shall have the power and authority to transact business and bind Depositor through electronic medium (e.g., the internet) and M&T Bank may rely on any of the following to the same extent as the actual signature and proof of identity of each such person to bind Depositor: any electronic signature or digital signature, under applicable law, of such person; any identifier issued by M&T Bank, its affiliates or any other party (e.g., Personal Identification Number associated with an ATM or other card or key access device); or such identifier on which M&T Bank may reasonably rely as an indicator of authentication for such person.

I further certify that each person whose name appears above or on a Rider hereto opposite an office has been duly elected or appointed to and now holds such office of Depositor; that each other person whose name thus appears is acting for Depositor in this capacity opposite such other person's name; and that each signature on this certification or a Rider hereto is a true specimen of the signature of the person whose signature it purports to be.

☐ I further certify that I am the sole owner of all the issued and outstanding stock of Depositor.

Signature of Corporate Secretary            Date

Print Name   John White.

Original - Account Services; Copy - Branch
PA046 (10/03)

         AN5

**A.** As used throughout this Agreement, COMPASS includes COMPASS MARKETING, Inc. and its subsidiaries and affiliates or any corporation, joint venture, or other entity in which COMPASS MARKETING, Inc. or its subsidiaries or affiliates has an equity interest in excess of ten percent (10%).

**B.** This Agreement shall supersede and substitute for any previous employment or post-employment agreements between Employee and COMPASS.

**C.** If Employee's employment with COMPASS terminates solely by reason of a transfer of stock or assets of, or a merger or other disposition of, a subsidiary of COMPASS (whether direct or indirect), such termination shall not be deemed a termination of employment by COMPASS for purposes of this Agreement, provided that COMPASS requires the subsequent employer, by agreement, to expressly assume and agree to perform this Agreement in the same manner and to the same extent that COMPASS would be required to perform it if no such transaction had taken place.

**D.** Removed.

**E.** In the event any one or more of the provisions of this Agreement shall be or become invalid, illegal or unenforceable in any respect, the validity legality and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

**F.** The terms of this Agreement shall be governed by the laws of the State of Maryland, without regard to conflicts of laws principles thereof. For purposes of any action or proceeding, Employee irrevocably submits to the non-exclusive jurisdiction of the courts of Maryland and the courts of the United States of America located in Maryland for the purpose of any judicial proceeding arising out of or relating to this Agreement, and acknowledges that the designated forum has a reasonable relation to the Agreement and to the parties' relationship with one another. Notwithstanding the provisions of this Article 8.F COMPASS may, in its discretion, bring an action or special proceeding in any court of competent jurisdiction for the purpose of seeking temporary or preliminary relief pending resolution of a dispute.

**G.**

**I.** Notwithstanding any other provision of this Agreement, COMPASS may, to the extent required by law, withhold applicable federal, state and local income and other taxes from any payments due to Employee hereunder.

**J.** At any time during the validity of this Agreement, Employee agrees that COMPASS may notify third parties about Employee's rights and obligations under this Agreement.

**K.** Employee affirms that Employee has read this Agreement and has asked questions needed to understand the terms, consequences and binding effect of this Agreement and fully understands them.

**L.** Employee affirms that Employee has sought the advice of an attorney of his/her choice before signing this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound, the parties hereto have caused this Agreement to be signed:

by COMPASS MARKETING, INC.

Date:

/s/

John D. White, CEO

by Kevin Van Deusen

Date: 9/26/17

/s/

agreement, to expressly assume and agree to perform this Agreement in the same manner and to the same extent that COMPASS would be required to perform it if no such transaction had taken place.

D. Employee shall not be required to mitigate damages or the amount of any payment provided for under this Agreement by seeking other employment or otherwise.

E. In the event any one or more of the provisions of this Agreement shall be or become invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

F. The terms of this Agreement shall be governed by the laws of the State of Maryland, without regard to conflicts of laws principles thereof. For purposes of any action or proceeding, Employee irrevocably submits to the non-exclusive jurisdiction of the courts of Maryland and the courts of the United States of America located in Maryland for the purpose of any judicial proceeding arising out of or relating to this Agreement, and acknowledges that the designated forum has a reasonable relation to the Agreement and to the parties' relationship with one another. Notwithstanding the provisions of this Article 8.F COMPASS may, in its discretion, bring an action or special proceeding in any court of competent jurisdiction for the purpose of seeking temporary or preliminary relief pending resolution of a dispute.

G. Employee expressly consents to the application of Article 8.F to any judicial action or proceeding arising out of or relating to this Agreement, COMPASS shall have the right to serve legal process upon Employee in any manner permitted by law. In addition, Employee irrevocably appoints the General Counsel of COMPASS MARKETING, Inc. (or any successor) as Employee's agent for service of legal process in connection with any such action or proceeding and Employee agrees that service of legal process upon such agent, who shall promptly advise Employee of any such service of legal process at the address of Employee then in the records of COMPASS, shall be deemed in every respect effective service of legal process upon Employee in any such action or proceeding.

H. Employee hereby waives, to the fullest extent permitted by applicable law, any objection that Employee now or hereafter may have to personal jurisdiction or to the laying of venue of any action or proceeding brought in any court referenced in Article 8.F and hereby agrees not to plead or claim the same.

I. Notwithstanding any other provision of this Agreement, COMPASS may, to the extent required by law, withhold applicable federal, state and local income and other taxes from any payments due to Employee hereunder.

J. At any time during the validity of this Agreement, Employee agrees that COMPASS may notify third parties about Employee's rights and obligations under this Agreement.

K. Employee affirms that Employee has read this Agreement and has asked questions needed to understand the terms, consequences and binding effect of this Agreement and fully understands them.

L. Employee affirms that Employee has sought the advice of an attorney of his/her choice before signing this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound, the parties hereto have caused this Agreement to be signed.

by COMPASS MARKETING, INC.

Date: _Aug 1, 2007_

/s/ _[signature]_

John D. White, CEO

by EMPLOYEE

Date: _July 21, 2007_

/s/ _[signature]_

John Mancini

CM 0315

Counsel of COMPASS MARKETING, Inc. (or any successor) as Employee's agent for service of legal process in connection with any such action or proceeding and Employee agrees that service of legal process upon such agent, who shall promptly advise Employee of any such service of legal process at the address of Employee then in the records of COMPASS, shall be deemed in every respect effective service of legal process upon Employee in any such action or proceeding.

H.    Employee hereby waives, to the fullest extent permitted by applicable law, any objection that Employee now or hereafter may have to personal jurisdiction or to the laying of venue of any action or proceeding brought in any court referenced in Article 8.F and hereby agrees not to plead or claim the same.

I.    Notwithstanding any other provision of this Agreement, COMPASS may, to the extent required by law, withhold applicable federal, state and local income and other taxes from any payments due to Employee hereunder.

J.    At any time during the validity of this Agreement, Employee agrees that COMPASS may notify third parties about Employee's rights and obligations under this Agreement.

K.    Employee affirms that Employee has read this Agreement and has asked questions needed to understand the terms, consequences and binding effect of this Agreement and fully understands them.

L.    Employee affirms that Employee has had the opportunity to seek the advice of an attorney of his/her choice before signing this Agreement.

**IN WITNESS WHEREOF**, and intending to he legally bound, the parties hereto have caused this Agreement to be signed:

By **COMPASS MARKETING, INC.**

Date: ___6/15/16___

/s/ _____

By **EMPLOYEE**

Date: ___6/15/16___

/s/ _____

Date: 6/15/16

Initial: CMS0316

## ARTICLE 6. MISCELLANEOUS:

A.     As used throughout this Agreement, COMPASS includes COMPASS MARKETING, Inc. and its subsidiaries and affiliates or any corporation, joint venture, or other entity in which COMPASS MARKETING, Inc. or its subsidiaries or affiliates has an equity interest in excess of ten percent (10%).

B.     This Agreement shall supersede and substitute for any previous employment or post-employment agreements between Employee and COMPASS.

C.     If Employee's employment with COMPASS terminates solely by reason of a transfer of stock or assets of, or a merger or other disposition of, a subsidiary of COMPASS (whether direct or indirect), such termination shall not be deemed a termination of employment by COMPASS for purposes of this Agreement, provided that COMPASS requires the subsequent employer, by agreement, to expressly assume and agree to perform this Agreement in the same manner and to the same extent that COMPASS would be required to perform it if no such transaction had taken place.

D.     Removed.

E.     In the event any one or more of the provisions of this Agreement shall be or become invalid, illegal or unenforceable in any respect, the validity legality and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

F.     The terms of this Agreement shall be governed by the laws of the State of Maryland, without regard to conflicts of laws principles thereof. For purposes of any action or proceeding, Employee irrevocably submits to the non-exclusive jurisdiction of the courts of Maryland and the courts of the United States of America located in Maryland for the purpose of any judicial proceeding arising out of or relating to this Agreement, and acknowledges that the designated forum has a reasonable relation to the Agreement and to the parties' relationship with one another. Notwithstanding the provisions of this Article 8.F COMPASS may, in its discretion, bring an action or special proceeding in any court of competent jurisdiction for the purpose of seeking temporary or preliminary relief pending resolution of a dispute.

G.

I.     Notwithstanding any other provision of this Agreement, COMPASS may, to the extent required by law, withhold applicable federal, state and local income and other taxes from any payments due to Employee hereunder.

J.     At any time during the validity of this Agreement, Employee agrees that COMPASS may notify third parties about Employee's rights and obligations under this Agreement.

K.     Employee affirms that Employee has read this Agreement and has asked questions needed to understand the terms, consequences and binding effect of this Agreement and fully understands them.

L.     Employee affirms that Employee has sought the advice of an attorney of his/her choice before signing this Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the parties hereto have caused this Agreement to be signed:

by COMPASS MARKETING, INC.

Date:    4/15/2019

/s/

John D. White, CEO

by Drew Rayman

Date:    4/10/19

/s/

agreement, to expressly assume and agree to perform this Agreement in the same manner and to the same extent that COMPASS would be required to perform it if no such transaction had taken place.

D. Employee shall not be required to mitigate damages or the amount of any payment provided for under this Agreement by seeking other employment or otherwise.

E. In the event any one or more of the provisions of this Agreement shall be or become invalid, illegal or unenforceable in any respect, the validity legality and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

F. The terms of this Agreement shall be governed by the laws of the State of Maryland, without regard to conflicts of laws principles thereof. For purposes of any action or proceeding, Employee irrevocably submits to the non-exclusive jurisdiction of the courts of Maryland and the courts of the United States of America located in Maryland for the purpose of any judicial proceeding arising out of or relating to this Agreement, and acknowledges that the designated forum has a reasonable relation to the Agreement and to the parties' relationship with one another. Notwithstanding the provisions of this Article 8.F COMPASS may, in its discretion, bring an action or special proceeding in any court of competent jurisdiction for the purpose of seeking temporary or preliminary relief pending resolution of a dispute.

G. Employee expressly consents to the application of Article 8.F to any judicial action or proceeding arising out of or relating to this Agreement. COMPASS shall have the right to serve legal process upon Employee in any manner permitted by law. In addition, Employee irrevocably appoints the General Counsel of COMPASS MARKETING, Inc. (or any successor) as Employee's agent for service of legal process in connection with any such action or proceeding and Employee agrees that service of legal process upon such agent, who shall promptly advise Employee of any such service of legal process at the address of Employee then in the records of COMPASS, shall be deemed in every respect effective service of legal process upon Employee in any such action or proceeding.

H. Employee hereby waives, to the fullest extent permitted by applicable law, any objection that Employee now or hereafter may have to personal jurisdiction or to the laying of venue of any action or proceeding brought in any court referenced in Article 8.F and hereby agrees not to plead or claim the same.

I. Notwithstanding any other provision of this Agreement, COMPASS may, to the extent required by law, withhold applicable federal, state and local income and other taxes from any payments due to Employee hereunder.

J. At any time during the validity of this Agreement, Employee agrees that COMPASS may notify third parties about Employee's rights and obligations under this Agreement.

K. Employee affirms that Employee has read this Agreement and has asked questions needed to understand the terms, consequences and binding effect of this Agreement and fully understands them.

L. Employee affirms that Employee has sought the advice of an attorney of his/her choice before signing this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound, the parties hereto have caused this Agreement to be signed.

by COMPASS MARKETING, INC.

Date: Aug 1, 2007

/s/

John D. White, CEO

by EMPLOYEE

Date: July 20, 2007

/s/

John Mancini

Page 4 of 5                                                         Initial

Date:

/s/

John D. White, CEO

Date:     3/6/2017

/s/     Jamie Nash

Jamie Nash

Date:_ 3/6/2017

Initial:_ $\mathcal{J}\mathcal{V}$

CM 0319

# Michael White's actual signature examples

FORM
# MW 507

**Purpose.** Complete Form MW507 so that your employer can withhold the correct Maryland income tax from your pay. Consider completing a new MW507 each year and when your personal or financial situation changes.

**Basic Instructions.** Enter on line 1 below, the number of personal exemptions that you will be claiming on your tax return; however, if you wish to claim more exemptions, or if your adjusted gross income will be more than $100,000 if you are filing single or married filing separately ($150,000, if you are filing jointly or as head of household), you must complete the Personal Exemption Worksheet on page 2. Complete the Personal Exemption Worksheet on page 2 to further adjust your Maryland withholding based upon itemized deductions, and certain other expenses that exceed your standard deduction and are not being claimed at another job or by your spouse. However, you may claim fewer (or zero) exemptions.

**Additional withholding per pay period under agreement with employer.** If you are not having enough tax withheld, you may ask your employer to withhold more by entering an additional amount on line 2.

**Exemption from withholding.** You may be entitled to claim an exemption from the withholding of Maryland income tax if:

a. last year you did not owe any Maryland income tax and had a right to a full refund of any tax withheld; AND

b. this year you do not expect to owe any Maryland income tax and expect to have a right to a full refund of all income tax withheld.

If you are eligible to claim this exemption, complete Line 3 and your employer will not withhold Maryland income tax from your wages.

Students and Seasonal Employees whose annual income will be below the minimum

filing requirements should claim exemption from withholding. This provides more income throughout the year and avoids the necessity of filing a Maryland income tax return.

**Certification of nonresidence in the State of Maryland.** Complete Line 4. This line is to be completed by residents of the District of Columbia, Pennsylvania, Virginia or West Virginia who are employed in Maryland and who do not maintain a place of abode in Maryland for 183 days or more.

Line 4 is NOT to be used by residents of other states who are working in Maryland, because such persons are liable for Maryland income tax and withholding from their wages is required.

If you are domiciled in the District of Columbia, Pennsylvania or Virginia and maintain a place of abode in Maryland for 183 days or more, you become a statutory resident of Maryland and are required to file a resident return with Maryland reporting your total income. You must apply to your domicile state for any tax credit to which you may be entitled under the reciprocal provisions of the law. If you are domiciled in West Virginia, you are not required to pay Maryland income tax on wage or salary income, regardless of the length of time you may have spent in Maryland.

Under the Service members Civil Relief Act, as amended by the Military Spouses Residency Relief Act, you may be exempt from Maryland income tax on your wages if (i) your spouse is a member of the armed forces present in Maryland in compliance with military orders; (ii) you are present in Maryland solely to be with your spouse; and (iii) you maintain your domicile in another state. If you claim exemption under the SCRA enter your state of domicile (legal residence) on Line 8; enter "EXEMPT" in the box to the right on Line 5; and attach a copy of your spousal military identification card to Form MW507.

**Duties and responsibilities of employer.** Retain this certificate with your records. You are required to submit a copy of this certificate and accompanying attachments to the Compliance Division, Compliance Programs Section, 301 West Preston Street, Baltimore, MD 21201, when received if:

1. you have any reason to believe this certificate is incorrect;

2. the employee claims more than 10 exemptions;

3. the employee claims an exemption from withholding because he/she had no tax liability for the preceding tax year, expects to incur no tax liability this year and the wages are expected to exceed $200 a week;

4. the employee claims an exemption from withholding on the basis of nonresidence; or

5. the employee claims an exemption from withholding under the Military Spouses Residency Relief Act.

Upon receipt of any exemption certificate (Form MW 507), the Compliance Division will make a determination and notify you if a change is required.

Once a certificate is revoked by the Comptroller, the employer must send any new certificates to the employee to the Comptroller for approval before implementing the new certificate.

If an employee claims exemption under 3 above, a new exemption certificate must be filed by February 15th of the following year.

**Duties and responsibilities of employee.** If, on any day during the calendar year, the number of withholding exemptions that the employee is entitled to claim is less than the number of exemptions claimed on the withholding exemption certificate in effect, the employee shall file a new withholding exemption certificate with the employer within 10 days after the change occurs.

FORM
# MW 507 — Employee's Maryland Withholding Exemption Certificate

Print full name: _MICHAEL R. WHITE_

Street Address, City, State, Zip: _37650 HIAWATHA CIRCLE_  County of Residence (or Baltimore City): _MECHANICSVILLE, MD ST. MARYS_

- [ ] Single  [ ] Married (surviving spouse or unmarried Head of Household) Rate  [ ] Married, but withhold at Single Rate

1. Total number of exemptions you are claiming not to exceed line f in Personal Exemption Worksheet on page 2 .... | 1. | 2

2. Additional withholding per pay period under agreement with employer ........................ | 2. | $

3. I claim exemption from withholding because I do not expect to owe any Maryland tax. See Instructions above and check boxes that apply.
   - [ ] a. Last year I did not owe any Maryland income tax and had a right to a full refund of all income tax withheld and
   - [ ] b. This year I do not expect to owe any Maryland income tax and expect to have the right to a full refund of all income tax withheld.
   (This includes seasonal and student employees whose annual income will be below the minimum filing requirements).
   If both a and b apply, enter year applicable _____ (year effective) Enter "EXEMPT" here... | 3.

4. I claim exemption from withholding because I am domiciled in one of the following states. Check state that applies.
   - [ ] District of Columbia  [ ] Pennsylvania  [ ] Virginia  [ ] West Virginia
   I further certify that I do not maintain a place of abode in Maryland as described in the instructions above. Enter "EXEMPT" here... | 4.

5. I certify that I am a legal resident of the state of _____ and am not subject to Maryland withholding because I meet the requirements set forth under the Servicemembers Civil Relief Act, as amended by the Military Spouse Residency Relief Act.
   Enter "EXEMPT" here............................................ | 5.

Under the penalty of perjury, I further certify that I am entitled to the number of withholding allowances claimed on line 1 above, or if claiming exemption from withholding, that I am entitled to claim the exempt status on line 3, 4 or 5, whichever applies.

Employee's Signature: _Michael White_  Date: _3-29-2017_

Employer's Name and address including zip code (For employer use only): _____  Federal employer Identification number: _____

COMRAD-036 10-49

# Form W-4 (2011)

**Purpose.** Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay. Consider completing a new Form W-4 each year and when your personal or financial situation changes.

**Exemption from withholding.** If you are exempt, complete only lines 1, 2, 3, 4, and 7 and sign the form to validate it. Your exemption for 2011 expires February 16, 2012. See Pub. 505, Tax Withholding and Estimated Tax.

**Note.** If another person can claim you as a dependent on his or her tax return, you cannot claim exemption from withholding if your income exceeds $950 and includes more than $300 of unearned income (for example, interest and dividends).

**Basic instructions.** If you are not exempt, complete the **Personal Allowances Worksheet** below. The worksheets on page 2 further adjust your withholding allowances based on itemized deductions, certain credits, adjustments to income, or two-earners/multiple jobs situations.

Complete all worksheets that apply. However, you may claim fewer (or zero) allowances. For regular wages, withholding must be based on allowances you claimed and may not be a flat amount or percentage of wages.

**Head of household.** Generally, you may claim head of household filing status on your tax return only if you are unmarried and pay more than 50% of the costs of keeping up a home for yourself and your dependent(s) or other qualifying individuals. See Pub. 501, Exemptions, Standard Deduction, and Filing Information, for information.

**Tax credits.** You can take projected tax credits into account in figuring your allowable number of withholding allowances. Credits for child or dependent care expenses and the child tax credit may be claimed using the **Personal Allowances Worksheet** below. See Pub. 919, How Do I Adjust My Tax Withholding, for information on converting your other credits into withholding allowances.

**Nonwage income.** If you have a large amount of nonwage income, such as interest or dividends, consider making estimated tax payments using

Form 1040-ES, Estimated Tax for Individuals. Otherwise, you may owe additional tax. If you have pension or annuity income, see Notice 1302, Supplemental Form W-4 Instructions to find out if you should adjust your withholding on Form W-4 or W-4P.

**Two earners or multiple jobs.** If you have a working spouse or more than one job, figure the total number of allowances you are entitled to claim on all jobs using worksheets from only one Form W-4. Your withholding usually will be most accurate when all allowances are claimed on the Form W-4 for the highest paying job and zero allowances are claimed on the others. See Pub. 919 for details.

**Nonresident alien.** If you are a nonresident alien, see Notice 1392, Supplemental Form W-4 Instructions for Nonresident Aliens, before completing this form.

**Check your withholding.** After your Form W-4 takes effect, use Pub. 919 to see how the amount you are having withheld compares to your projected total tax for 2011. See Pub. 919, especially if your earnings exceed $130,000 (Single) or $180,000 (Married).

## Personal Allowances Worksheet (Keep for your records.)

| | | |
|---|---|---|
| A | Enter "1" for yourself if no one else can claim you as a dependent . . . . . . . . . . . . . . . . . . | A ____ |
| B | Enter "1" if: { • You are single and have only one job; or | |
| | • You are married, have only one job, and your spouse does not work; or | B ____ |
| | • Your wages from a second job or your spouse's wages (or the total of both) are $1,500 or less.} | |
| C | Enter "1" for your spouse. But, you may choose to enter "-0-" if you are married and have either a working spouse or more than one job. (Entering "-0-" may help you avoid having too little tax withheld.) . . . . . | C ____ |
| D | Enter number of dependents (other than your spouse or yourself) you will claim on your tax return . . . . | D ____ |
| E | Enter "1" if you will file as head of household on your tax return (see conditions under Head of household above) | E ____ |
| F | Enter "1" if you have at least $1,900 of child or dependent care expenses for which you plan to claim a credit | F ____ |
| | (Note. Do not include child support payments. See Pub. 503, Child and Dependent Care Expenses, for details.) | |
| G | **Child Tax Credit** (including additional child tax credit). See Pub. 972, Child Tax Credit, for more information. | |
| | • If your total income will be less than $61,000 ($90,000 if married), enter "2" for each eligible child; then less "1" if you have three or more eligible children. | |
| | • If your total income will be between $61,000 and $84,000 ($90,000 and $119,000 if married), enter "1" for each eligible child plus "1" additional if you have six or more eligible children . . . . . . . . . | G ____ |
| H | Add lines A through G and enter total here. (Note. This may be different from the number of exemptions you claim on your tax return.) ▶ | H ____ |

For accuracy, complete all worksheets that apply.
- If you plan to itemize or claim adjustments to income and want to reduce your withholding, see the **Deductions and Adjustments Worksheet** on page 2.
- If you are single and have more than one job or are married and you and your spouse both work and the combined earnings from all jobs exceed $40,000 ($10,000 if married), see the **Two-Earners/Multiple Jobs Worksheet** on page 2 to avoid having too little tax withheld.
- If neither of the above situations applies, stop here and enter the number from line H on line 5 of Form W-4 below.

---------- Cut here and give Form W-4 to your employer. Keep the top part for your records. ----------

| Form **W-4** | **Employee's Withholding Allowance Certificate** | | OMB No. 1545-2169 |
|---|---|---|---|
| Department of the Treasury Internal Revenue Service | ▶ Whether you are entitled to claim a certain number of allowances or exemption from withholding is subject to review by the IRS. Your employer may be required to send a copy of this form to the IRS. | | **2011** |

| 1 Type or print your first name and middle initial. | Last name | 2 Your social security number |
|---|---|---|
| MICHAEL R. | WHITE | |

| Home address (number and street or rural route) | 3 [ ] Single [X] Married [ ] Married, but withhold at higher Single rate. |
|---|---|
| 39650 HIAWATHA CIRCLE | Note. If married, but legally separated, or spouse is a nonresident alien, check the "Single" box. |

| City or town, state, and ZIP code | 4 If your last name differs from that shown on your social security card, check here. You must call 1-800-772-1213 for a replacement card. ▶ [ ] |
|---|---|
| MECHANICSVILLE MD 20659 | |

| 5 | Total number of allowances you are claiming (from line H above or from the applicable worksheet on page 2) | 5 | |
|---|---|---|---|
| 6 | Additional amount, if any, you want withheld from each paycheck . . . . . . . . . . . | 6 | $ 2 |
| 7 | I claim exemption from withholding for 2011, and I certify that I meet **both** of the following conditions for exemption. | | |
| | • Last year I had a right to a refund of **all** federal income tax withheld because I had **no** tax liability **and** | | |
| | • This year I expect a refund of **all** federal income tax withheld because I expect to have **no** tax liability. | | |
| | If you meet both conditions, write "Exempt" here . . . . . . . . . . . ▶ | 7 | |

Under penalties of perjury, I declare that I have examined this certificate and to the best of my knowledge and belief, it is true, correct, and complete.

Employee's signature
(This form is not valid unless you sign it.) ▶ _Michael R. White_ Date ▶ 3-29-2012

| 8 Employer's name and address (Employer: Complete lines 8 and 10 only if sending to the IRS.) | 9 Office code (optional) | 10 Employer identification number (EIN) |
|---|---|---|
| | | |

For Privacy Act and Paperwork Reduction Act Notice, see page 2.  Cat. No. 10220Q  Form **W-4** (2011)

# PAYCHEX

## Direct Deposit Signup/Change Form

**WORKERS:** Retain a copy of this form for your records. Return the original to your employer.

**EMPLOYERS:** Return this form to your local Paychex office.

### WORKER – REQUIRED INFORMATION

*PLEASE PRINT IN BLACK INK ONLY*

Worker Name _____

Last four digits of Social Security Number _____

### COMPLETE TO ENROLL OR CHANGE ENROLLMENT IN DIRECT DEPOSIT – PLEASE PRINT IN BLACK INK ONLY

| Bank Account Number* | Type of Account | Bank Name | Deposit Type (check one): | Change My Deposit Amount to: |
|---|---|---|---|---|
| ▮▮▮▮ | ☐ Checking ☑ Savings ☐ Chase Pay Card *Plus* | ING DIRECT<br>If Chase Pay Card *Plus*, fill out attached application. | ☐ Remainder of Net Pay<br>☐ _____ % of Net<br>☑ Specific Dollar Amount $ _____ .00<br>200 00 | ☐ Remainder of Net Pay<br>☐ _____ % of Net<br>☐ Specific Dollar Amount $ _____ .00<br>☐ Remove from Direct Deposit |
|  | ☐ Checking ☐ Savings ☐ Chase Pay Card *Plus* | If Chase Pay Card *Plus*, fill out attached application. | ☐ Remainder of Net Pay<br>☐ _____ % of Net<br>☐ Specific Dollar Amount $ _____ .00 | ☐ Remainder of Net Pay<br>☐ _____ % of Net<br>☐ Specific Dollar Amount $ _____ .00<br>☐ Remove from Direct Deposit |

Please attach one of the following for Checking or Savings accounts (check one):
☐ Voided check with name imprinted (no starter checks)
☐ Deposit slip (only accepted if the verbiage "ACH R/T" appears before the routing number)
☐ Bank letter or specification sheet (the signature of your local bank representative MUST be included)

*Certain accounts may have restrictions on deposits and withdrawals. Check with your bank for more information specific to your account.

### WORKER CONFIRMATION STATEMENT

*PLEASE PRINT IN BLACK INK ONLY*

I authorize my employer to deposit my wages/salary into the bank accounts specified above. My signature below indicates that I am agreeing that I am either the accountholder or have the authority of the accountholder to authorize my employer to make direct deposits into the named account.

Worker Signature _~~~~~~~~~~~~~~

Accountholder Signature _~~~~~~~~~~~~~~~~~~    Date _4-15-2011_

(if worker's name does not appear on bank documentation)

### EMPLOYER SECTION ONLY

*PLEASE PRINT IN BLACK INK ONLY*

Company Name ___Compass Marketing Inc.___

Service Location/Client Number _____

Federal ID Number (last 4 digits) ___ ___ ___ ___

If bank documentation provided is different from what is listed above, the following must be completed by the employer:

I confirm that the above named employee has added or changed a bank account for direct deposit transactions processed by Paychex, Inc.

Employer Signature _~~~~~~~~~~~~~~~~~    Date _4-15-2011_

| Paychex Use Only | |
|---|---|
| Worker # _____ | Time & Date _____ |
| PRS _____ | Contact _____ |
| Verified By _____ | CSS _____ |
| Scanning instructions are located in Paychex Procedures. | |

DP0002  1/11

CM 0323

# Orange Savings Account – DIRECT DEPOSIT AUTHORIZATION FORM

To set up Direct Deposit into your Orange Savings Account:

**1.** Fill out this form

**2.** Sign it

**3.** Give it to your employer/financial institution that will be making deposits on your behalf

> Bank: ING DIRECT (ING Bank, fsb)
> **Account Number:** ████
> **Routing Number:** ████
> Fed Line Tran Code: #22
> Account Type: Orange Savings
> *Please Note: Voided checks are not provided for the Orange Savings Account.*

I authorize Compass Marketing Inc. _____ (the source of my payments) to initiate credit entries and if necessary, to initiate any debit entries to correct erroneous credit entries to my accounts at ING DIRECT. I understand that this authorization replaces any previous authorization and will remain in full force and effect until the company named above has received written notification from me of its termination in such time as to afford the company and depository a reasonable opportunity to act.

## *Please Deposit To:*

Account #1 - My Orange Savings Account (check one)

100% of my paycheck

____ % OR ⊙ $ 200.00

Account #2 (optional) (Example: An account at a different bank)

____ % OR $ ____               Bank Name ____

Account # ____               ABA/Routing # ____

Account Type: ⊙ Savings   ○ Checking

I would like this to take effect:

⊙ Immediately   ○ As of this date: ____

Name: Michael R White

Signature: _____   Date: 4-12-2011


FDIC   Check out ingdirect.com for more information


ING DIRECT
Save your money®

# PAYCHEX

**Beneficiary Designation Form**
**Qualified Retirement Plan**

## Employee Information *(print)*

Employer Name _____  Office/Client Number _____ /

Employee Name _MICHAEL R. WHITE_  Social Security Number ▓▓▓▓▓▓▓

Address _39650 HIAWATHA CIRCLE_

City _MECHANICSVILLE_  State _MD_  Zip Code _20659_

## Marital Status *(check the appropriate box)*

☑ **Married**
I understand that if I am married I may only have one Primary Beneficiary which is my spouse. However, I understand I may select a Primary Beneficiary other than my spouse if my spouse signs the section below entitled "Spousal Waiver."

☐ **Not Married**
I understand that if I am not married, I may designate any person(s) as the Primary and Secondary Beneficiaries. However, I further understand that if I become married, my spouse will be my Primary Beneficiary unless I complete a new Beneficiary Designation Form and my spouse consents to my designation.

## Primary Beneficiary *(print)*

I hereby designate the following person(s) as my beneficiary(ies) to receive any benefit which may become due at or after my death according to the terms of the Plan. I reserve the right to change this designation with the understanding that this designation, and any change thereof, will be effective only upon delivery to the Plan Administrator. The benefit will be paid to my Primary Beneficiaries if living. In the event that my Primary Beneficiaries are not living, benefits will be paid to my Secondary Beneficiary. All married individuals will have one primary beneficiary unless the Spousal Waiver section is completed and notarized.

**Primary Beneficiary Relationship**
☑ Spouse  ☐ Other  Share % _100_
Name _DEBRA J. WHITE_
Address _39650 HIAWATHA CIRCLE_
City _MECHANICSVILLE_ ST _MD_ Zip _20659_
SSN ▓▓▓▓▓▓▓

**Primary Beneficiary Relationship**
☐ Spouse  ☐ Other  Share % _____
Name _____
Address _____
City _____ ST _____ Zip _____
SSN ▓▓

## Secondary Beneficiary *(print)*

**Secondary Beneficiary Relationship**
☐ Spouse  ☑ Other  Share % _50_
Name _ROBERT M. WHITE_
Address _SAME_
City _____ ST _____ Zip _____
SSN ▓▓▓▓▓▓▓

**Secondary Beneficiary Relationship**
☐ Spouse  ☑ Other  Share % _50_
Name _GEORGE M. WHITE_
Address _SAME_
City _____ ST _____ Zip _____
SSN ▓▓▓▓▓▓▓

## Spousal Waiver *(must be notarized)*

I am the spouse of the participant named above. I consent to my spouse's election to identify a primary beneficiary other than myself (the participant's spouse). I consent to the above named primary beneficiary(ies). I recognize that if anyone other than me is designated as Primary Beneficiary on this form, I am waiving my rights to receive benefits under the plan when my spouse dies.

**Spouse Must Sign Here**
The signature of the spouse must be witnessed by a notary public.

Print Name _____

Signature _____

Today's Date _____/_____/_____

**Notary Completes This Section**

Subscribed and sworn to before me on this

_____ day of _____ _____ *(month, year)*

Notary Signature _____

## Authorization and Signature

☞ Employee Signs Here _[signature]_  Date _11/15/06_

**Return this completed form to your employer.**

RS0016  10/04  BC

CM 0325

# Account Agreement

## Institution Name & Address

Community Bank the Chesapeake
PO Box 38
Waldorf, MD 20604

### Internal Use

**Account Title & Address**

Woodville Pines Llc

15125 Woodville Rd
Waldorf, MD 20601

Enter Non-Individual Owner Information on page 2. There is additional Owner/Signer Information space on page 2.

☐ If checked, this is a temporary account agreement.
Number of signatures required for withdrawal: 1

## Owner/Signer Information 1

| | |
|---|---|
| Name | Ashley M White |
| Relationship | Auth signer |
| Address | 15125 Woodville Rd, Waldorf, MD 20601 |
| Mailing Address (if different) | |
| Gov't Issued Photo ID (type, number, state, issue date, exp. date) | Drivers License |
| | Maryland     05/24/2019 09/12/2022 |
| Other ID (description, details) | |
| Employer | Woodville Pines Llc |
| Previous Financial Inst. | |
| E-Mail | Ashleymarlewhite2009@Gmail.Com Primary |
| Work Phone | |
| Home Phone | Mobile Phone (301) 266-3491 Primary |
| Birth Date | 09/12/1985    SSN/TIN |

## Ownership of Account

The specified ownership will remain the same for all accounts.
☐ Individual
☐ Joint with Survivorship (not as tenants in common)
☐ Joint with No Survivorship (as tenants in common)

☐ Sole Proprietorship or Single Member LLC    ☐ Partnership
☒ LLC-enter tax classification (☐ C Corp ☐ S Corp ☐ Partnership)
☐ C Corporation ☐ S Corporation ☐
☐ Trust-Separate Agreement Dated: _____
☐

## Beneficiary Designation

(Check appropriate ownership above.)
☐ Revocable Trust      ☐ Pay-On-Death (POD)
☐

## Beneficiary Name(s), Address(es), and SSN(s)

(Check appropriate beneficiary designation above.)

### Signature(s)

The undersigned authorize the financial institution to investigate credit and employment history and obtain reports from consumer reporting agency(ies) on them as individuals. Except as otherwise provided by law or other documents, each of the undersigned is authorized to make withdrawals from the account(s), provided the required number of signatures indicated above is satisfied. The undersigned personally and as, or on behalf of, the account owner(s) agree to the terms of, and acknowledge receipt of copy(ies) of, this document and the following:

☒ Terms & Conditions   ☒ Truth in Savings   ☒ Funds Availability
☒ Electronic Fund Transfers   ☒ Privacy   ☐ Substitute Checks
☐ Common Features   ☐ _____

☐ Convenience Signer (See Owner/Signer Information for Convenience Signer designation(s).)

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

(1): [ x _Ashley M. White_ ]
Ashley M White
I.D. # _____ D.O.B. 09/12/1985

(2): [ x _Michael R White_ ]
Michael R White
I.D. # _____ D.O.B. 04/17/1959

(3): [ x _G. M. White_ ]
George M White
I.D. # _____ D.O.B. 10/12/1982

(4): [ x ]
I.D. # _____ D.O.B. _____

Date Opened: 08/20/2019
Signature Card-MD
Bankers Systems™ VMP®
Wolters Kluwer Financial Services ©2015

Acct #: 833161193

Opened by: Bryce P Ritt

MPMP-LAZ-MD 3/16/2015
Page 1 of 2

CM 0326

# David Boshea's actual signature examples

# Compass MARKETING
INCORPORATED

## H S A Salary Reduction Form
## January 1, 2010 - December 31, 2010

This Salary Reduction Agreement (SRA) authorizes your employer to reduce your salary to the indicated amount shown below for the exclusive purpose of facilitating a contribution to your Health Savings Account.

**HEALTH SAVINGS ACCOUNT ELIGIBILITY INFORMATION:** In order to establish a Health Savings Account, you must be classified as an "Eligible Individual" under IRC Section 223, applicable sub-sections and rulings, collectively called the "Code". You are eligible for an HSA ONLY if you can meet the following requirements: (1) you are covered by a high-deductible health plan (HDHP); (2) you are not covered by another health plan that is not a HDHP (including a general-purpose FSA set-up by you or your spouse); (3) you are not able to be claimed as a dependent by another taxpayer; (4) you are not entitled to benefits under Medicare.

By completing this agreement, you are indicating that as of the effective date of your contribution election, you are an "Eligible Individual" as defined above, and authorize your employer to facilitate your monthly contributions to your HSA on your behalf. Note: You may contribute the IRS maximum annual amount if enrolled in a eligible HSA-compatible health plan through the following calendar year in its entirety. You must remain in a HSA-compatible plan for this period to avoid tax penalties (January 2010 - December 2010).

### Instructions
**Step 1:**   Complete the **PERSONAL INFORMATION** section. All information is required.
**Step 2:**   Complete the **HSA CONTRIBUTION ELECTION** section with your total monthly contribution amount.
**Step 3:**   Sign in the **SIGNATURES** section and return to your employer for processing.

## PERSONAL INFORMATION

| Name: | First: David | Last: Boshea | MI: | S.S.# |
|---|---|---|---|---|
| Home Address: | Street: 4839 Clearwater Lane | | | Home Phone: 630-922-4552 |
| | City: Naperville | State: IL | Zip: 60564 | Date of Birth: 4-2-62 |

## HSA CONTRIBUTION ELECTION

**I ELECT A BI-WEEKLY CONTRIBUTION OF $ 150.00 TO MY HSA EFFECTIVE 1-15-2010**

**DO NOT INCLUDE ANY EMPLOYER CONTRIBUTIONS IN YOUR BI-WEEKLY ELECTION AMOUNT.**

The 2010 annual maximum contribution amount may not exceed $3,050 for individual coverage or $6,150 for family coverage. Individuals age 55 and older who are covered by a HDHP can make a calendar year catch-up contribution of $1,000 each year until enrolling in Medicare. **Attention** current MSA or H.S.A. account holders with accounts at other financial institutions, please remember that the total annual contributions to all accounts may not exceed federally mandated limits.

## SIGNATURES

**Employee Signature:** As of the effective date of my HSA Contribution Election, I certify that I am an "Eligible Individual" as defined by the Code and do hereby elect a Health Savings Account in accordance with Section 223 and Section 125 of the Internal Revenue Code. I understand this request will not be processed until all paperwork is completed, accepted and approved by my employer. I further understand that I am responsible for ensuring that all contributions made to my HSA do not exceed the annual maximum allowed by the IRS.

Signature: _David J Boshea_          Date: 1-10-2010

**Employer Signature:** The employee's election of the Health Saving's Account Contribution is accepted as of the date shown below.

Signature: _____          Date: _____

CM 0328

**Paychex Use Only**

Client Account Number _____ Date _____
Worker Number _____ Time _____
PRS _____ Contact _____
Verified By _____ CSS Initials _____
Scanning Instructions are located in Paychex Procedures.

# PAYCHEX
## Direct Deposit Signup Form

**Worker Instructions:**
1. Complete the "WORKER - Required Information" section.
2. Complete the Direct Deposit section to specify where you want your pay deposited.
3. Sign the bottom of the form.
4. Retain a copy of this form for your records. Return the original to your employer.

**Employer Instructions:**
1. Complete the "EMPLOYER - Required Information" section.
2. Return this form to your local Paychex office.*
*See below for acceptable bank documentation.

### WORKER -- Required Information
PLEASE PRINT

Worker Name _David Beshea_

Last four digits of Social Security Number _____

### EMPLOYER -- Required Information
PLEASE PRINT

Company Name _COMPASS MARKETING_

Service Location/Client Acct. Number _P526_

Federal ID Number _____

### Complete for Direct Deposit and Sign Below
**I authorize my employer to deposit my wages/salary to the following bank account(s):**

**Bank Account #1**
- ☒ Checking
  Bank Name _SANDY SPRING BANK_
- ☐ Savings
  Bank Name _____
- ☐ Chase Pay Card Plus
  Please complete the attached application if you would like to sign up for Chase Pay Card Plus.

I wish to deposit (check one):
- ☐ Remainder of Net Pay
- ☐ _____ % of Net
- ☐ Specific Dollar Amount $ _100._ .00

Please attach one of the following for Checking or Savings accounts (check one):
- ☐ Voided check
- ☐ Deposit slip (only accepted if the verbiage "ACH R/T" appears before the routing number)
- ☐ Bank letter or specification sheet (the signature of your local bank representative MUST be included)

**Bank Account #2**
- ☐ Checking
  Bank Name _____
- ☐ Savings
  Bank Name _____
- ☐ Chase Pay Card Plus
  Please complete the attached application if you would like to sign up for Chase Pay Card Plus.

I wish to deposit (check one):
- ☐ Remainder of Net Pay
- ☐ _____ % of Net
- ☐ Specific Dollar Amount $ _____ .00

Please attach one of the following for Checking or Savings accounts (check one):
- ☐ Voided check
- ☐ Deposit slip (only accepted if the verbiage "ACH R/T" appears before the routing number)
- ☐ Bank letter or specification sheet (the signature of your local bank representative MUST be included)

### Employer Section Only

If bank documentation provided is different from what is listed above, the following must be completed by the employer:

I confirm that the above named employee has added or changed a bank account for direct deposit transactions processed by Paychex, Inc.

Employer Signature _____

Worker Signature _____ Date _0 1 , 0 8 , 0 9_
By signing above, I am agreeing that I am either the accountholder or have the authority of the accountholder to authorize my employer to make direct deposits into the named account.

Accountholder Signature _____
(If worker doesn't have authority to authorize deposits to the accountholder's account.)

DP0002  12/03

CM 0329



# H S A Salary Reduction Form
## January 1, 2009 - December 31, 2009

This Salary Reduction Agreement (SRA) authorizes your employer to reduce your salary to the indicated amount shown below for the exclusive purpose of facilitating a contribution to your Health Savings Account.

**HEALTH SAVINGS ACCOUNT ELIGIBILITY INFORMATION:** In order to establish a Health Savings Account, you must be classified as an "Eligible Individual" under IRC Section 223, applicable sub-sections and rulings, collectively called the "Code". You are eligible for an HSA ONLY if you can meet the following requirements: (1) you are covered by a high-deductible health plan (HDHP); (2) you are not covered by another health plan that is not a HDHP (including a general-purpose FSA set-up by you or your spouse); (3) you are not able to be claimed as a dependent by another taxpayer; (4) you are not entitled to benefits under Medicare.

By completing this agreement, you are indicating that as of the effective date of your contribution election, you are an "Eligible Individual" as defined above, and authorize your employer to facilitate your monthly contributions to your HSA on your behalf. Note: You are eligible to make the IRS maximum contribution for an entire year if enrolled in a eligible HSA-compatible health plan for the entire 12-month period. You must remain in a HSA-compatible plan for this entire 12-month period to avoid tax penalties (January 2009 - December 2009).

## Instructions

**Step 1:** Complete the **PERSONAL INFORMATION** section. All Information is required.

**Step 2:** Complete the **HSA CONTRIBUTION ELECTION** section with your total monthly contribution amount.

**Step 3:** Sign in the **SIGNATURES** section and return to your employer for processing.

## PERSONAL INFORMATION

| Name: | First: David | Last: Boshea, Jr. | MI: John | S.S.# |
|---|---|---|---|---|

| Home Address: | Street: 4839 Clearwater LN. | Home Phone: 630-922-4552 |
|---|---|---|
| | City: Naperville   State: IL   Zip: 60564 | Date of Birth: 4-2-1962 |

## HSA CONTRIBUTION ELECTION

I ELECT A BI-WEEKLY CONTRIBUTION OF $ _100.00_ TO MY HSA EFFECTIVE _1-1-09_

DO NOT INCLUDE ANY EMPLOYER CONTRIBUTIONS IN YOUR BI-WEEKLY ELECTION AMOUNT.

The 2009 annual maximum contribution amount may not exceed $3,000 for individual coverage or $5,950 for family coverage. Catch-up contributions are allowed for employees aged 55+.

*Attention current MSA or H.S.A. account holders with accounts at other financial institutions, please remember that the total annual contributions to all accounts may not exceed federally mandated limits.*

## SIGNATURES

*Employee Signature:* As of the effective date of my HSA Contribution Election. I certify that I am an "Eligible Individual" as defined by the Code and do hereby elect a Health Savings Account in accordance with Section 223 and Section 125 of the Internal Revenue Code. I understand this request will not be processed until all paperwork is completed, accepted and approved by my employer. I further understand that I am responsible for ensuring that all contributions made to my HSA do not exceed the annual maximum allowed by the IRS.

Signature: _[signature]_                     Date: _12-18-08_

*Employer Signature:* The employee's election of the Health Saving's Account Contribution is accepted as of the date shown below.

Signature: _____          Date: _____



## Salary Reduction Form
## Plan Year ~ January 1, 2009 through December 31, 2009

**Your Information**

Name: David J. Boshea, Jr.    S.S.#: ▮▮▮▮▮

Address: 4839 Clearwater LN

City: Naperville    State: IL    Zip: 60564

Home Phone: 630 - 922 - 4552    Work Phone: 630 - 922 - 7965

Marital Status: ☐ Single/Divorced    ☒ Married    Date of Birth: 4 / 21 / 1962

Enrollment Type: ☒ Open Enrollment    ☐ New Hire    Effective Date of Coverage: 1 / 1 / 2009

**Medical & Dental Plan**

| Per Pay Deductions | | Employee | Emp/Child(ren) | Emp/Spouse | Family | Waiving |
|---|---|---|---|---|---|---|
| Medical | CareFirst - HSA HMO | ☐ $17.40 | ☐ $32.25 | ☐ $40.05 | ☐ $48.75 | ☐ $0.00 |
| Medical | CareFirst - HSA PPO | ☐ $60.40 | ☐ $111.25 | ☐ $139.05 | ☒ $169.25 | ☐ $0.00 |
| Dental | Sun Life - PPO | ☐ $5.20 | ☐ $16.20 | ☐ $22.20 | ☒ $29.20 | ☐ $0.00 |

**Authorization & Certification**

*I authorize Compass Marketing, Inc. to make the appropriate payroll deductions for the coverages that I elect. I understand that there can be no change permitted to the above elections during the plan year unless there is a change in my life status and I notify the Human Resources Department of this change in writing (within 30 days of the lifestatus change).*

Employee Signature: *David J Boshea*    Date: 12-18-08

**Waiver**

*I hereby certify that I have been offered the opportunity to participate in the Compass Marketing, Inc. benefits program and have decided NOT to elect coverages offered above. I understand that by waiving coverage now for me and/or my dependents, I will not be able to enroll again until the next open enrollment period (November 1st) unless I have a qualified life status change and I notify the Human Resources Department of this change in writing (within 30 days of the life status change).*

Employee Signature: _____    Date: _____

CM 0331



**United Way of Central Maryland**

uwcm.org

Learn. Give. Help.

## 1. My information
*Please print firmly and clearly. Your personal information is kept confidential.*

Female ☐  Male ☒  Birth year: 6 2  Emp ID #:

First Name: David   MI: J   Last Name: Boshea

Employer: Compass Marketing Inc   Work Phone: 443 758 5502

Home Address: 4839 Clearwater LN

Napervill e   State: IL   Zip: 60564   Home Phone: 630 922 4552

Home email:

### Leadership Society Challenge Match
☒ Please match my gift, so I may become a member of the Leadership Society at the $1,000 level today. (minimum gift of $750) See back for details.

☐ Please tell me how to include United Way of Central Maryland in my will or estate plan.

## 2. My total gift
$ 240.00

**Thank you.**

☐ **My Gift to United Way of Central Maryland:**
Where my gift will help the most people.   $

☒ **Invest in United Way's Impact Areas:**

DJS

299. Basic Needs $   599. Family Safety $

799. School Readiness $ 240.00   999. Youth Achieving Potential $

☒ **Designation Option** - A minimum gift of $50 per year is required for each designation made. If your designation is less than $50, it will revert to United Way of Central Maryland. Designations must be received by United Way of Central Maryland no later than March 1st. Must be a charitable health and human service tax exempt organization or other United Way in the United States. See www.uwcm.org for more details.

Program/Agency name and address: International Foundation for Research of Depression
WWW.depression.org   $ 240.00   Directory code   Per year

Program/Agency name and address   Directory code   Per year

Complete only if you wish to exclude a specific United Way Partner from receiving any part of your gift.
Partner exclusion(s):

United Way of Central Maryland applies a fee of 1.75 percent on designations. The fee will not exceed $375 for United Way partners.

## 3. Preferred payment method:
PLEASE CHOOSE A, B, C or D

**A.** ☒ Payroll deduction: $ 10.00 per pay period
for a total annual gift of $ 240 Per year

**B.** ☐ Charge   $ Per year
One-time $   Monthly $   Quarterly $
( ) Visa  ( ) MasterCard  ( ) Discover  ( ) American Express
Credit Card #
Expiration date ___/___ Please charge me on/or starting ___/___

**C.** ☐ Direct Debit or EFT
I would like to deduct $ _____ continuously each month by direct debit payment or electronic funds transfer.
Account Type: ☐ Checking ☐ Savings
Bank Account Number
Routing Number
Name on the Account
To be billed monthly starting ___ ___ ___
Month  Day  Year

**D.** ☐ Check (Payable to United Way of Central Maryland)
☐ Select here if you wish to remain anonymous. Otherwise, your name will be released to the designated program/agency.

## 4. Sign and date here to authorize pledge and payment method

Signature: David Boshea   2/29/08
mm/dd/yyyy

# Borrowers' Certification and Authorization

## CERTIFICATION

The Undersigned certify the following:

1. I/We have applied for a mortgage loan through **Midwest Equity Mortgage, LLC** . In applying for the loan, I/We completed a loan application containing various information on the purpose of the loan, the amount and source of the down payment, employment and income information, and the assets and liabilities. I/We certify that all of the information is true and complete. I/We made no misrepresentations in the loan application or other documents, nor did I/We omit any pertinent information.

2. I/We understand and agree that **Midwest Equity Mortgage, LLC** reserves the right to change the mortgage loan review processes to a full documentation program. This may include verifying the information provided on the application with the employer and/or the financial institution.

3. I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements when applying for this mortgage, as applicable under the provisions of Title 18, United States Code, Section 1014.

## AUTHORIZATION TO RELEASE INFORMATION

To Whom It May Concern:

1. I/We have applied for a mortgage loan through **Midwest Equity Mortgage, LLC** . As part of the application process, **Midwest Equity Mortgage, LLC** and the mortgage guaranty insurer (if any), may verify information contained in my/our loan application and in other documents required in connection with the loan, either before the loan is closed or as part of its quality control program.

2. I/We authorize you to provide to **Midwest Equity Mortgage, LLC** and to any investor to whom **Midwest Equity Mortgage, LLC** may sell my mortgage, any and all information and documentation that they request. Such information includes, but is not limited to, employment history and income; bank, money market and similar account balances; credit history; and copies of income tax returns.

3. **Midwest Equity Mortgage, LLC** or any investor that purchases the mortgage may address this authorization to any party named in the loan application.

4. A copy of this authorization may be accepted as an original.

Borrower Signature _____
David J Boshea

SSN: ▓▓▓▓▓▓         Date:  4/16/10

Co-Borrower Signature _____

SSN: _____   Date: _____

# Form W-4 (2006)

**Purpose.** Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay. Because your tax situation may change, you may want to refigure your withholding each year.

**Exemption from withholding.** If you are exempt, complete only lines 1, 2, 3, 4, and 7 and sign the form to validate it. Your exemption for 2006 expires February 16, 2007. See Pub. 505, Tax Withholding and Estimated Tax.

**Note.** You cannot claim exemption from withholding if (a) your income exceeds $850 and includes more than $300 of unearned income (for example, interest and dividends) and (b) another person can claim you as a dependent on their tax return.

**Basic instructions.** If you are not exempt, complete the Personal Allowances Worksheet below. The worksheets on page 2 adjust your withholding allowances based on itemized deductions, certain credits, adjustments to income, or two-earner/two-job situations. Complete all worksheets that apply. However, you may claim fewer (or zero) allowances.

**Head of household.** Generally, you may claim head of household filing status on your tax return only if you are unmarried and pay more than 50% of the costs of keeping up a home for yourself and your dependent(s) or other qualifying individuals. See line E below.

**Tax credits.** You can take projected tax credits into account in figuring your allowable number of withholding allowances. Credits for child or dependent care expenses and the child tax credit may be claimed using the Personal Allowances Worksheet below. See Pub. 919, How Do I Adjust My Tax Withholding, for information on converting your other credits into withholding allowances.

**Nonwage income.** If you have a large amount of nonwage income, such as interest or dividends, consider making estimated tax payments using Form 1040-ES, Estimated Tax for Individuals. Otherwise, you may owe additional tax.

**Two earners/two jobs.** If you have a working spouse or more than one job, figure the total number of allowances you are entitled to claim on all jobs using worksheets from only one Form W-4. Your withholding usually will be most accurate when all allowances are claimed on the Form W-4 for the highest paying job and zero allowances are claimed on the others.

**Nonresident alien.** If you are a nonresident alien, see the Instructions for Form 8233 before completing this Form W-4.

**Check your withholding.** After your Form W-4 takes effect, use Pub. 919 to see how the dollar amount you are having withheld compares to your projected total tax for 2006. See Pub. 919, especially if your earnings exceed $130,000 (Single) or $180,000 (Married).

**Recent name change?** If your name on line 1 differs from that shown on your social security card, call 1-800-772-1213 to initiate a name change and obtain a social security card showing your correct name.

---

## Personal Allowances Worksheet (Keep for your records.)

A  Enter "1" for yourself if no one else can claim you as a dependent  . . . . . . . . . . . . . . . . . . . . .   **A** _1_

B  Enter "1" if:
- You are single and have only one job; or
- You are married, have only one job, and your spouse does not work; or
- Your wages from a second job or your spouse's wages (or the total of both) are $1,000 or less.

**B** _0_

C  Enter "1" for your spouse. But, you may choose to enter "-0-" if you are married and have either a working spouse or more than one job. (Entering "-0-" may help you avoid having too little tax withheld.)  . . . . .   **C** _1_

D  Enter number of dependents (other than your spouse or yourself) you will claim on your tax return  . . . .   **D** _2_

E  Enter "1" if you will file as head of household on your tax return (see conditions under Head of household above)  . .   **E** _0_

F  Enter "1" if you have at least $1,500 of child or dependent care expenses for which you plan to claim a credit  . .   **F** _1_
   (Note. Do not include child support payments. See Pub. 503, Child and Dependent Care Expenses, for details.)

G  Child Tax Credit (including additional child tax credit):
- If your total income will be less than $55,000 ($82,000 if married), enter "2" for each eligible child.
- If your total income will be between $55,000 and $84,000 ($82,000 and $119,000 if married), enter "1" for each eligible child plus "1" **additional** if you have four or more eligible children.

**G** _0_

H  Add lines A through G and enter total here. (Note. This may be different from the number of exemptions you claim on your tax return.)  ▶   **H** _5_

For accuracy, complete all worksheets that apply.
- If you plan to itemize or claim adjustments to income and want to reduce your withholding, see the Deductions and Adjustments Worksheet on page 2.
- If you have more than one job or are married and you and your spouse both work and the combined earnings from all jobs exceed $35,000 ($25,000 if married) see the Two-Earner/Two-Job Worksheet on page 2 to avoid having too little tax withheld.
- If neither of the above situations applies, **stop here** and enter the number from line H on line 5 of Form W-4 below.

---

Cut here and give Form W-4 to your employer. Keep the top part for your records.

---

| Form **W-4** | **Employee's Withholding Allowance Certificate** | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | ▶ Whether you are entitled to claim a certain number of allowances or exemption from withholding is subject to review by the IRS. Your employer may be required to send a copy of this form to the IRS. | **2006** |

**1** Type or print your first name and middle initial.  David  J.
Last name  Boshea, Jr.

**2** Your social security number

Home address (number and street or rural route)  4839 Clearwater Lane

City or town, state, and ZIP code  Naperville, Il. 60564

**3** ☐ Single  ☒ Married  ☐ Married, but withhold at higher Single rate.
Note. If married, but legally separated, or spouse is a nonresident alien, check the "Single" box.

**4** If your last name differs from that shown on your social security card, check here. You must call 1-800-772-1213 for a new card. ▶ ☐

**5** Total number of allowances you are claiming (from line **H** above or from the applicable worksheet on page 2)  **5** _9_

**6** Additional amount, if any, you want withheld from each paycheck  . . . . . .  **6** $

**7** I claim exemption from withholding for 2006, and I certify that I meet **both** of the following conditions for exemption.
- Last year I had a right to a refund of **all** federal income tax withheld because I had **no** tax liability **and**
- This year I expect a refund of **all** federal income tax withheld because I expect to have **no** tax liability.

If you meet both conditions, write "Exempt" here  . . . . .  ▶  **7**

Under penalties of perjury, I declare that I have examined this certificate and, to the best of my knowledge and belief, it is true, correct, and complete.

Employee's signature (Form is not valid unless you sign it.) ▶  _[signature]_

Date ▶  6-12-07

**8** Employer's name and address (Employer: Complete lines 8 and 10 only if sending to the IRS.)

**9** Office code (optional)

**10** Employer identification number (EIN)

For Privacy Act and Paperwork Reduction Act Notice, see page 2.

Cat. No. 10220Q

Form **W-4** (2006)

CM 0334

Please read instructions carefully before completing this form. The instructions must be available during completion of this form. **ANTI-DISCRIMINATION NOTICE:** It is illegal to discriminate against work eligible individuals. Employers CANNOT specify which document(s) they will accept from an employee. The refusal to hire an individual because of a future expiration date may also constitute illegal discrimination.

**Section 1. Employee Information and Verification.** To be completed and signed by employee at the time employment begins.

| Print Name: Last | First | Middle Initial | Maiden Name |
|---|---|---|---|
| Bosbea, Jr | David | J | N/A |

| Address (Street Name and Number) | Apt. # | Date of Birth (month/day/year) |
|---|---|---|
| 4839 Clearwater LN | | 4/2/1962 |

| City | State | Zip Code | Social Security # |
|---|---|---|---|
| Naperville | IL | 60564 | |

I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form.

I attest, under penalty of perjury, that I am (check one of the following):
☒ A citizen or national of the United States
☐ A Lawful Permanent Resident (Alien #) A
☐ An alien authorized to work until
(Alien # or Admission #)

| Employee's Signature | Date (month/day/year) |
|---|---|
| David J Bosbea | 6/12/2007 |

**Preparer and/or Translator Certification.** (To be completed and signed if Section 1 is prepared by a person other than the employee.) I attest, under penalty of perjury, that I have assisted in the completion of this form and that to the best of my knowledge the information is true and correct.

| Preparer's/Translator's Signature | Print Name |
|---|---|
| | |

| Address (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|
| | |

**Section 2. Employer Review and Verification.** To be completed and signed by employer. Examine one document from List A OR examine one document from List B and one from List C, as listed on the reverse of this form, and record the title, number and expiration date, if any, of the document(s).

| List A | OR | List B | AND | List C |
|---|---|---|---|---|
| Document title: US PASSPORT | | | | |
| Issuing authority: USA | | | | |
| Document #: ████ | | | | |
| Expiration Date (if any): 02/2017 | | | | |
| Document #: | | | | |
| Expiration Date (if any): | | | | |

**CERTIFICATION** - I attest, under penalty of perjury, that I have examined the document(s) presented by the above-named employee, that the above-listed document(s) appear to be genuine and to relate to the employee named, that the employee began employment on (month/day/year) 6/5/07 and that to the best of my knowledge the employee is eligible to work in the United States. (State employment agencies may omit the date the employee began employment.)

| Signature of Employer or Authorized Representative | Print Name | Title |
|---|---|---|
| | M. K. White | VP. Operations |

| Business or Organization Name | Address (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|---|
| | | |

**Section 3. Updating and Reverification.** To be completed and signed by employer.

| A. New Name (if applicable) | B. Date of Rehire (month/day/year) (if applicable) |
|---|---|
| | |

C. If employee's previous grant of work authorization has expired, provide the information below for the document that establishes current employment eligibility.

| Document Title: | Document #: | Expiration Date (if any): |
|---|---|---|
| | | |

I attest, under penalty of perjury, that to the best of my knowledge, this employee is eligible to work in the United States, and if the employee presented document(s), the document(s) I have examined appear to be genuine and to relate to the individual.

| Signature of Employer or Authorized Representative | Date (month/day/year) |
|---|---|
| | |

NOTE: This is the 1991 edition of the Form I-9 that has been rebranded with a current printing date to reflect the recent transition from the INS to DHS and its components.

Form I-9 (Rev. 05/31/05)Y Page 2

CM 0335

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

DAVID J. BOSHEA

    Plaintiff,

v.

COMPASS MARKETING, INC.

    Defendant.

Case No. 1:21-CV-00309-ELH

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT COMPASS MARKETING, INC.'S EXPERT DISCLOSURE

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel and pursuant to Rule 26(a)(2)(C) as well as this Court's Scheduling Order [Dkt. No. 20], hereby makes the following Expert Disclosure.

1.    <u>Subject Matter on Which the Expert Witness is Expected to Present Evidence</u>. Compass Marketing has retained Curt Baggett, an expert document examiner, to provide an opinion as to whether the Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (the "Alleged Agreement") upon which Plaintiff David Boshea relies in bringing this lawsuit and which is attached to the Original Complaint for Breach of Contract (the "Original Complaint") and Amended Complaint for Breach of Contract (the "Amended Complaint") as Exhibit A was signed by John White, Compass Marketing's CEO. A copy of Mr. Baggett's CV is attached hereto and provided with this Expert Disclosure.

2.    <u>Summary of Facts and Opinions the Expert is Expected to Testify About</u>. Compass Marketing expects that Mr. Baggett will share an opinion, based on his analysis, that concludes

John White did not sign the Alleged Agreement and that the signature purporting to be John White's signature is indeed a forgery.

Dated: September 13, 2021

Respectfully submitted,

*/s/ Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Heather K. Yeung, Bar No.: 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax): (410) 705-0836
Email: stern@kaganstern.com
Email: yeung@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

2

CM 0337

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of September, 2021, the foregoing Defendant

Compass Marketing, Inc.'s Expert Disclosure was served on the following via email:

Thomas J. Gagliardo
Gilbert Employment Law, PC
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Email: tgagliardo@gelawyer.com

Gregory J. Jordan
Mark Zito
Jordan & Zito, LLC
350 N. LaSalle Drive, Suite 1100
Chicago, Illinois 60654
Email: gjordan@jz-llc.com

*Attorneys for Plaintiff David Boshea*

*/s/ Stephen B. Stern*
Stephen B. Stern

3

CM 0338

# *Handwriting Expert, LLC*
# *Curt Baggett*

Expert Document Examiner
533 Park Lane
Richardson, Texas 75081
Phone: 972.644.0285
cbhandwriting@gmail.com
**www.ExpertDocumentExaminer.com**

---

### Questioned Document Examiner Letter

Subject: **John D. White**
Date: September 21, 2021

I have examined eight (8) documents with the known signatures of John D. White. For the purpose of this examination I have labeled these exhibits 'K1' through 'K8'.

Today I have compared the signatures of John D. White on the 'K' documents to the John D. White signature on the questioned document, identified herein as **'Q1'**, to determine if the author of the John D. White signatures on the 'K' documents was the same person who authored the name of John D. White on the questioned document: **Compass Marketing, Inc AGREEMENT Relating to Employment and Post-Employment Competition between David John Boshea (Employee) and Compass Marketing, Inc (Compass) and purportedly signed by John D. White on page 5 of 6 (undated).**

An examination of handwriting includes establishing patterns of writing habits to help identify the author. Handwriting is formed by repeated habits of writing by the author, which are created by neuro-pathways established in the brain. These neuro-pathways control muscular and nerve movement for writing, whether the writing done is by the hand, foot or mouth.

In support of my opinion, I have included an excerpt from *Handwriting Identification, Facts and Fundamentals* by Roy A. Huber and A.M. Headrick (CRC Press LLC, 1999, pp 50-51) wherein the leading forefathers of document examination in the USA agree that one significant difference in the fundamental structure of a writing compared to another is enough to preclude common authorship:

> [Ordway] Hilton stated: "It is basic axiom of identification in document problems that a limited number of basic differences, even in the face of numerous strong similarities, are controlling and accurately establish nonidentity."

> [Wilson R.] Harrison made similar comments: "...the fundamental rule which admits of no exception when handwritings are being compared...is simple – whatever features two specimens of handwriting may have in common, they cannot be considered to be of common authorship if they display but a single consistent dissimilarity in any feature

which is fundamental to the structure of the handwriting, and whose presence is not capable of reasonable explanation."

[James V.P.] Conway expressed the same theme when he wrote: "A series of fundamental agreements in identifying individualities is requisite to the conclusion that two writings were authored by the same person, whereas a single fundamental difference in an identifying individuality between two writings precludes the conclusion that they were executed by the same person."

and finally,

[Albert S.] Osborn and others have generally agreed that despite numerous similarities in two sets of writings, a conclusion of identity cannot be made if there is one or more differences in fundamental features of the writings.

The techniques promulgated by the scientific community in the forensic document examination field generate reliable results and are generally accepted.

Based upon thorough analysis of these items, and from an application of accepted forensic document examination tools, principles and techniques, it is my professional expert opinion that **a different person authored the name of John D. White on the questioned document. Someone did indeed forge the signature of John D. White on the questioned document, 'Q1'.**

I am willing to testify to this fact in a court of law and I will provide exhibits to the Court showing that I had sufficient data and that my opinion is correct. My Curriculum Vitae is attached and incorporated herein by reference.

Respectfully submitted,

Curt Baggett

The above Letter of Opinion was sworn and subscribed before me by Curt Baggett this 21st day of _September_ , 2021.

State of Texas            §
                          §
                          §
County of Dallas          §

Patricia J. Hale
Notary Public – State of Texas

PATRICIA J. HALE
My Notary ID # 130525886
Expires February 5, 2024

# LEGAL DATA

## UNITED STATES v. JANET L. THORNTON

*Case No. 02-M-9150-01, decided January 24, 2003*

This issue is governed by Fed.R.Evid. 702, which states as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. [This rule was amended in 2000 in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) and *Kumho Tire Co. Ltd. v. Carmichael* (1999).]

In *Daubert*, the court, focusing on the admissibility of scientific expert testimony, held that the trial judge has the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. In *Kumho Tire*, the court held that a trial judge's gatekeeping obligation applies not only to testimony based on scientific knowledge, but also to testimony based on technical and other specialized knowledge.

Among the studies cited by Mr. Hammond is a study by Professor Sargur Srihari on the individuality of handwriting. Using handwriting of 1500 individuals, his conclusions were that, using computer software, they were able to establish with a 98% confidence that the writer can be identified. Taking the results over the entire population, they were able to validate handwriting individuality with a 96% confidence. By considering finer features, Professor Srihari opined that they should be able to validate handwriting individuality with a near 100% confidence. A study by Dr. Moshe Kam indicates that professional document examiners had only a 6.5% error rate compared to an error rate of 38.3% for nonprofessionals. Dr. Kam concluded by stating that professional document examiners possess writer identification skills absent in the general population. Another study by Professor Kam indicated that professionals concluded that forgeries were genuine 0.49% of the time whereas laypersons did so 6.47% of the time. Professionals mistakenly concluded that genuine signatories were forgeries 7.05% of the time; laypersons did so 26.1% of the time. Another study by Jodi Sita, Brian Found and others found that forensic document examiners made errors in 3.4% of their opinions, while 19.1% of the control group gave erroneous opinions.

The above studies provide solid evidence that handwriting individuality can be validated with a very high degree of confidence, and that professional forensic document examiners have developed an expertise and training that allow them to correctly identify a person's handwriting with a much lower error rate than laypersons. On the other hand, the affidavit of Dr. Saks raises legitimate questions concerning the validity of these studies and the accuracy of handwriting identification in general.

However, in *Daubert*, the U.S. Supreme Court made it clear that "it would be unreasonable to conclude that the subject of scientific testimony must be known to a certainty; arguably, there are no certainties in science. . . . Science . . . represents a process for proposing and refining theoretical explanations about the world that are subject to further testing and refinement." It is sufficient if the proposed testimony can be supported by appropriate validation, i.e., good grounds, based on what is known.

*[handwritten margin notes: bought / sold; Classify ... as key Player to house ... Connect.]*

# COMPASS MARKETING, INC

## AGREEMENT RELATING TO EMPLOYMENT AND

## POST-EMPLOYMENT COMPETITION

This Agreement is between the David John Boshea, residing at 4839 Clearwater LN. Naperville, IL. 60564 ("Employee") and COMPASS MARKETING, INC ("COMPASS"), having a place of business at 612 Third Street, Annapolis

### RECITALS

WHEREAS, COMPASS is a leading provider of consumer products and more specifically, the marketing, distribution and sales services to retailers and non-traditional or alternative distributors in the following categories: food, health-beauty care, over the counter medicine, consumer products, and pet care.

WHEREAS, COMPASS has a proprietary interest in its business and financial plans and systems, methods of operation and other secret and confidential information, knowledge and data ("Proprietary Information") which includes, but is not limited to, all confidential, proprietary or non-public information, ideas and concepts, client names and contact information, annual and strategic business plans; financial plans, reports and systems including, profit and loss statements, sales, accounting forms and procedures and other information regarding costs, pricing and the financial condition of COMPASS and its business segments and groups; management development reviews, including information regarding the capabilities and experience of COMPASS employees; intellectual property including research and development, reports, protocols, computer software and databases; information regarding COMPASS's relationships with its clients, customers, and suppliers and prospective clients, partners, customers and suppliers, policy and procedure manuals, information regarding materials and documents in any form or medium (including oral, written, tangible, intangible, or electronic) concerning any of the above, or any past, current or future business activities of COMPASS that is not publicly available; compensation, recruiting and training, and human resource policies and procedures; and data compilations, research, reports, structures, compounds, techniques, methods, processes, and know-how.

WHEREAS, all such Proprietary Information is developed at great expense to COMPASS and is considered by COMPASS to be confidential trade secrets;

WHEREAS, Employee, as a senior executive, will have access to COMPASS's Proprietary Information, directly in the course of Employee's employment, and indirectly through interaction with and presentations by other COMPASS senior executives;

WHEREAS, COMPASS will introduce Employee to COMPASS clients, customers, suppliers and others, and will encourage, and provide resources for, Employee to develop personal relationships with COMPASS's clients, customers, suppliers and others;

WHEREAS, COMPASS will provide specialized training and skills to Employee in connection with the performance of Employee's duties at COMPASS which training involves the disclosure by COMPASS to Employee of Proprietary Information;

WHEREAS, COMPASS will be vulnerable to unfair post-employment competition by Employee because Employee will have access to and knowledge of COMPASS's Proprietary Information, will have a personal relationship with COMPASS's clients, customers, suppliers and others, and will generate good will which Employee acknowledges belongs to COMPASS;

NOW, THEREFORE, in consideration of Employee's employment with COMPASS, the severance benefit and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Employee agrees to enter into this Agreement with COMPASS as a condition of employment pursuant to which COMPASS will limit Employee's rights, including, but not limited to, the right to compete against COMPASS, during and following termination of employment on the terms set forth in this Agreement. Intending to be legally bound, the parties agree as follows:

## ARTICLE 1. NON-DISCLOSURE AND NON-DISPARAGEMENT:

QDE
Exhibit
Q1

Initial _____ GM 0342

Employee then in the records of COMPASS, shall be deemed in every respect effective service of legal process upon Employee in any such action or proceeding.

H.  Employee hereby waives, to the fullest extent permitted by applicable law, any objection that Employee now or hereafter may have to personal jurisdiction or to the laying of venue of any action or proceeding brought in any court referenced in Article 8.F and hereby agrees not to plead or claim the same.

I.  Notwithstanding any other provision of this Agreement, COMPASS may, to the extent required by law, withhold applicable federal, state and local income and other taxes from any payments due to Employee hereunder.

J.  At any time during the validity of this Agreement, Employee agrees that COMPASS may notify third parties about Employee's rights and obligations under this Agreement.

K.  Employee affirms that Employee has read this Agreement and has asked questions needed to understand the terms, consequences and binding effect of this Agreement and fully understands them.

L.  Employee affirms that Employee has sought the advice of an attorney of his/her choice before signing this Agreement.

IN WITNESS WHEREOF, and intending to he legally bound, the parties hereto have caused this Agreement to be signed.

by COMPASS MARKETING, INC.

Date:

/s/

John D. White, CEO

$Q1$

by EMPLOYEE

Date:

/s/ David John Boshea

David John Boshea

QDE
Exhibit
Q1

CM 0343
Initial

Signature Page For John White

_[five handwritten signatures]_

QDE
Exhibit
K1

**ARTICLE 6. MISCELLANEOUS:**

A.     As used throughout this Agreement, COMPASS includes COMPASS MARKETING, Inc. and its subsidiaries and affiliates or any corporation, joint venture, or other entity in which COMPASS MARKETING, Inc. or its subsidiaries or affiliates has an equity interest in excess of ten percent (10%).

B.     This Agreement shall supersede and substitute for any previous employment or post-employment agreements between Employee and COMPASS.

C.     If Employee's employment with COMPASS terminates solely by reason of a transfer of stock or assets of, or a merger or other disposition of, a subsidiary of COMPASS (whether direct or indirect), such termination shall not be deemed a termination of employment by COMPASS for purposes of this Agreement, provided that COMPASS requires the subsequent employer, by agreement, to expressly assume and agree to perform this Agreement in the same manner and to the same extent that COMPASS would be required to perform it if no such transaction had taken place.

D.     Removed.

E.     In the event any one or more of the provisions of this Agreement shall be or become invalid, illegal or unenforceable in any respect, the validity legality and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

F.     The terms of this Agreement shall be governed by the laws of the State of Maryland, without regard to conflicts of laws principles thereof. For purposes of any action or proceeding, Employee irrevocably submits to the non-exclusive jurisdiction of the courts of Maryland and the courts of the United States of America located in Maryland for the purpose of any judicial proceeding arising out of or relating to this Agreement, and acknowledges that the designated forum has a reasonable relation to the Agreement and to the parties' relationship with one another. Notwithstanding the provisions of this Article 8.F COMPASS may, in its discretion, bring an action or special proceeding in any court of competent jurisdiction for the purpose of seeking temporary or preliminary relief pending resolution of a dispute.

G.

I.     Notwithstanding any other provision of this Agreement, COMPASS may, to the extent required by law, withhold applicable federal, state and local income and other taxes from any payments due to Employee hereunder.

J.     At any time during the validity of this Agreement, Employee agrees that COMPASS may notify third parties about Employee's rights and obligations under this Agreement.

K.     Employee affirms that Employee has read this Agreement and has asked questions needed to understand the terms, consequences and binding effect of this Agreement and fully understands them.

L.     Employee affirms that Employee has sought the advice of an attorney of his/her choice before signing this Agreement.

**IN WITNESS WHEREOF,** and intending to he legally bound, the parties hereto have caused this Agreement to be signed:

by COMPASS MARKETING, INC.

Date:     4/15/2019

/s/

John D. White, CEO

K2

by Drew Rayman

Date:     4/10/19

/s/

4-15-19
QDE
Exhibit
K2

A.      As used throughout this Agreement, COMPASS includes COMPASS MARKETING, Inc. and its subsidiaries and affiliates or any corporation, joint venture, or other entity in which COMPASS MARKETING, Inc. or its subsidiaries or affiliates has an equity interest in excess of ten percent (10%).

B.      This Agreement shall supersede and substitute for any previous employment or post-employment agreements between Employee and COMPASS.

C.      If Employee's employment with COMPASS terminates solely by reason of a transfer of stock or assets of, or a merger or other disposition of, a subsidiary of COMPASS (whether direct or indirect), such termination shall not be deemed a termination of employment by COMPASS for purposes of this Agreement, provided that COMPASS requires the subsequent employer, by agreement, to expressly assume and agree to perform this Agreement in the same manner and to the same extent that COMPASS would be required to perform it if no such transaction had taken place.

D.      Removed.

E.      In the event any one or more of the provisions of this Agreement shall be or become invalid, illegal or unenforceable in any respect, the validity legality and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

F.      The terms of this Agreement shall be governed by the laws of the State of Maryland, without regard to conflicts of laws principles thereof. For purposes of any action or proceeding, Employee irrevocably submits to the non-exclusive jurisdiction of the courts of Maryland and the courts of the United States of America located in Maryland for the purpose of any judicial proceeding arising out of or relating to this Agreement, and acknowledges that the designated forum has a reasonable relation to the Agreement and to the parties' relationship with one another. Notwithstanding the provisions of this Article 8.F COMPASS may, in its discretion, bring an action or special proceeding in any court of competent jurisdiction for the purpose of seeking temporary or preliminary relief pending resolution of a dispute.

G.

I.      Notwithstanding any other provision of this Agreement, COMPASS may, to the extent required by law, withhold applicable federal, state and local income and other taxes from any payments due to Employee hereunder.

J.      At any time during the validity of this Agreement, Employee agrees that COMPASS may notify third parties about Employee's rights and obligations under this Agreement.

K.      Employee affirms that Employee has read this Agreement and has asked questions needed to understand the terms, consequences and binding effect of this Agreement and fully understands them.

L.      Employee affirms that Employee has sought the advice of an attorney of his/her choice before signing this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound, the parties hereto have caused this Agreement to be signed:

by COMPASS MARKETING, INC.

Date:

/s/

John D. White, CEO

K3

by Kevin Van Deusen

Date: 9/26/17

/s/

9-26-17
QDE
Exhibit
K3

Date: _____

/s/ _____

John D. White, CEO

K4

Date: 3/6/2017 _____

/s/ Jamie Nash

Jamie Nash

3-6-17
QDE
Exhibit
K4

Date: 3/6/2017 _____

Initial: JN

Counsel of COMPASS MARKETING, Inc. (or any successor) as Employee's agent for service of legal process in connection with any such action or proceeding and Employee agrees that service of legal process upon such agent, who shall promptly advise Employee of any such service of legal process at the address of Employee then in the records of COMPASS, shall be deemed in every respect effective service of legal process upon Employee in any such action or proceeding.

H.    Employee hereby waives, to the fullest extent permitted by applicable law, any objection that Employee now or hereafter may have to personal jurisdiction or to the laying of venue of any action or proceeding brought in any court referenced in Article 8.F and hereby agrees not to plead or claim the same.

I.    Notwithstanding any other provision of this Agreement, COMPASS may, to the extent required by law, withhold applicable federal, state and local income and other taxes from any payments due to Employee hereunder.

J.    At any time during the validity of this Agreement, Employee agrees that COMPASS may notify third parties about Employee's rights and obligations under this Agreement.

K.    Employee affirms that Employee has read this Agreement and has asked questions needed to understand the terms, consequences and binding effect of this Agreement and fully understands them.

L.    Employee affirms that Employee has had the opportunity to seek the advice of an attorney of his/her choice before signing this Agreement.

**IN WITNESS WHEREOF,** and intending to he legally bound, the parties hereto have caused this Agreement to be signed:

By **COMPASS MARKETING, INC.**

Date: 6/15/16

/s/

K5

By **EMPLOYEE**

Date: 6/15/16

/s/

6-15-16
QDE
Exhibit
**K5**

Date: 6/15/16

Initial:

GM-0348

Compass MARKETING **COMPASS MARKETING INC**
222 SEVERN AVE, SUITE 200
ANNAPOLIS, MD 21403

MANUFACTURERS & TRADERS TR CO
7-11/520

**5253**

08/02/2011

PAY TO THE
ORDER OF _____ Michael R White

$ **119,239.00**

One hundred nineteen thousand two hundred thirty-nine and 00/100************************************************ DOLLARS

Michael R White
39650 Hiawatha Circle
Mechanicsville, MD 20659

MEMO 2010 Taxes $83118.00 Fed $36121.00 state

⑃005253⑃ ⑆052000113⑆ 970081243⑈

COMPASS MARKETING INC
08/02/2011        **Michael R White**

2010 Taxes $83118.00 Fed $36121.00 state     *K6*

**5253**
119,239.00

Checking - M&T Bank 2010 Taxes $83118.00 Fed $36121.00 state

119,239.00

08/02/2011
COMPASS MARKETING INC        **Michael R White**

2010 Taxes $83118.00 Fed $36121.00 state

119,239.00 **5253**

Checking - M&T Bank 2010 Taxes $83118.00 Fed $36121.00 state

*8-2-11*
QDE
Exhibit
*K6*

119,239.00




007951


Rev I1910

CM 0349

agreement, to expressly assume and agree to perform this Agreement in the same manner and to the same extent that COMPASS would be required to perform it if no such transaction had taken place.

D.     Employee shall not be required to mitigate damages or the amount of any payment provided for under this Agreement by seeking other employment or otherwise.

E.     In the event any one or more of the provisions of this Agreement shall be or become invalid, illegal or unenforceable in any respect, the validity legality and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

F.     The terms of this Agreement shall be governed by the laws of the State of Maryland, without regard to conflicts of laws principles thereof. For purposes of any action or proceeding, Employee irrevocably submits to the non-exclusive jurisdiction of the courts of Maryland and the courts of the United States of America located in Maryland for the purpose of any judicial proceeding arising out of or relating to this Agreement, and acknowledges that the designatedforum has a reasonable relation to the Agreement and to the parties' relationship with one another. Notwithstanding the provisions of this Article 8.F COMPASS may, in its discretion, bring an action or special proceeding in any court of competent jurisdiction for the purpose of seeking temporary or preliminary relief pending resolution of a dispute.

G.     Employee expressly consents to the application of Article 8.F to any judicial action or proceeding arising out of or relating to this Agreement. COMPASS shall have the right to serve legal process upon Employee in any manner permitted by law. In addition, Employee irrevocably appoints the General Counsel of COMPASS MARKETING, Inc. (or any successor) as Employee's agent for service of legal process in connection with any such action or proceeding and Employee agrees that service of legal process upon such agent, who shall promptly advise Employee of any such service of legal process at the address of Employee then in the records of COMPASS, shall be deemed in every respect effective service of legal process upon Employee in any such action or proceeding.

H.     Employee hereby waives, to the fullest extent permitted by applicable law, any objection that Employee now or hereafter may have to personal jurisdiction or to the laying of venue of any action or proceeding brought in any court referenced in Article 8.F and hereby agrees not to plead or claim the same.

I.     Notwithstanding any other provision of this Agreement, COMPASS may, to the extent required by law, withhold applicable federal, state and local income and other taxes from any payments due to Employee hereunder.

J.     At any time during the validity of this Agreement, Employee agrees that COMPASS may notify third parties about Employee's rights and obligations under this Agreement.

K.     Employee affirms that Employee has read this Agreement and has asked questions needed to understand the terms, consequences and binding effect of this Agreement and fully understands them.

L.     Employee affirms that Employee has sought the advice of an attorney of his/her choice before signing this Agreement.

**IN WITNESS WHEREOF,** and intending to he legally bound, the parties hereto have caused this Agreement to be signed.

by COMPASS MARKETING, INC.

Date: Au 1 2007

/s/

John D. White, CEO

K7

by EMPLOYEE

Date July 22, 2007

/s/ John A. Mancini

John Mancini

8-1-2007
QDE
Exhibit
K7

CM 0350

## MANUFACTURERS AND TRADERS TRUST COMPANY
### CERTIFIED BANKING RESOLUTIONS OF CORPORATION

ACCOUNT NUMBER:     00015004207852391

DEPOSITOR:     COMPASS MARKETING INC

| | |
|---|---|
| Name     JOHN D WHITE | Name |
| Title | Title |
| Address | Address |
| Telephone | Telephone |
| SSN | SSN |
| Signature | Signature |
| Name | Name |
| Title | Title |
| Address | Address |
| Telephone | Telephone |
| SSN | SSN |
| Signature | Signature |

I certify that the resolutions set forth below or provided separately to M&T Bank were duly adopted by the Board of Directors of Depositor, a corporation duly organized and validly existing under the laws of the State of _____ VA _____ (the "Depositor"), by unanimous consent or at a meeting duly called and held on _____ : that each of such resolutions is in full force and effect and none has been rescinded, revoked or modified; and that none of such resolutions nor any action pursuant thereto will violate any law, certificate of incorporation, by-law or agreement by which Depositor or any of its assets is bound. RESOLVED: that

1.     Manufacturers and Traders Trust Company ("M&T Bank") is hereby designated a depository for the Depositor and the officers or employees named herein or on a Rider hereto are hereby authorized to open a deposit account (the "Account") on behalf of Depositor.

2.     M&T Bank may purchase, give credit for, cash, accept, certify and pay from funds on deposit in the Account, without inquiry, all items signed, drawn, accepted or endorsed on behalf of Depositor, whether under a title, the words "Authorized Signature" or otherwise, with the actual or purported facsimile signature of any one of the persons whose names, titles and specimen signatures appear above or on a Rider hereto, or his or her successor in office (each an "Authorized Signer"), regardless of the circumstances under which the signature shall have become affixed so long as the signature is the actual signature of an Authorized Signer or resembles the facsimile signature of an Authorized Signer previously certified to M&T Bank. Depositor shall indemnify M&T Bank against all claims, damages, liabilities, costs and expenses (including, but not limited to, attorneys' fees and disbursements) incurred by M&T Bank in connection with honoring any signature of any Authorized Signer (including any facsimile signature that resembles the facsimile signature of an Authorized Signer previously certified to M&T Bank) or any refusal to honor the signature of any person who is not an Authorized Signer. Depositor acknowledges and agrees that any requirement of Depositor that any item or other instrument for the payment of money signed, drawn, accepted or endorsed on behalf of Depositor bear the signature of more than one Authorized Signer is solely an internal requirement of Depositor and imposes no duty of enforcement on M&T Bank.

3.     Any Authorized Signer may, on behalf of Depositor, transact with and through M&T Bank all such business as he or she deems advisable upon such terms as he or she deems proper, including, but not limited to, discounting, selling, assigning, delivering and negotiating items, guaranteeing the obligations of others, applying for and using any ATM or debit card providing access to the Account, contracting for automated clearing house ("ACH") payments and funds transfer services, cash management, trust and investment products and any other services and transactions in any way related to the Account or the funds on deposit from time to time therein, and pledging, assigning or granting security interests or other rights in the Account to M&T Bank or to third parties, and in connection with any such transaction of business, do or perform all such acts or other things  as he or she shall deem proper, including, but not limited to, signing, drawing, accepting, endorsing, executing and delivering items, guaranties, assignments, pledges, receipts, waivers, releases, indemnities and other instruments, agreements and documents, accepting, receiving, withdrawing and waiving demands and notices and incurring and paying liabilities, costs and expenses.

4.     In the event an Authorized Signer acting on behalf of Depositor shall apply to or contract with M&T Bank for any electronic funds transfer service that M&T Bank may make available to Depositor, including, but not limited to, any service that contemplates M&T Bank's execution of payment orders initiated by Depositor for the wire or ACH transfer of funds to or from an Account of Depositor, such Authorized Signer shall be empowered on behalf of Depositor to designate one or more persons (who may, but need not be, Authorized Signers), each of whom, acting alone, shall be authorized on behalf of Depositor to transmit payment orders to M&T Bank for the transfer of funds to or from Depositor's Account.

5.     Each person identified as an Authorized Signer, and each person or persons designated by an Authorized Signer to act on behalf of Depositor (who may, but need not be, Authorized Signers), shall have the power and authority to transact business and bind Depositor through electronic medium (e.g., the internet) and M&T Bank may rely on any of the following to the same extent as the actual signature and proof of identity of each such person to bind Depositor: any electronic signature or digital signature, under applicable law, of such person; any identifier issued by M&T Bank, its affiliates or any other party (e.g., Personal Identification Number associated with ATM or other card or any access device) to such person; or any other criteria that M&T Bank may reasonably rely on which may serve as an indicator of authentication for such person.

I further certify that each person whose name appears above or on a Rider hereto opposite an office has been duly elected or appointed to and now holds such office of Depositor; that each other person whose name thus appears is acting for Depositor in the capacity opposite such other person's name; and that each signature on this certification or a Rider hereto is a true specimen of the signature of the person whose signature it purports to be.

☐  I further certify that I am the sole owner of all the issued and outstanding stock of Depositor.

| | |
|---|---|
| Signature of Corporate Secretary | Date |

Print Name  John White.
Original - Account Services; Copy - Branch
PA046 (12/03)

ANS


QDE
Exhibit
K8

## DEFENDANT COMPASS MARKETING, INC.'S PRIVILEGE LOG

### *David J. Boshea v. Compass Marketing, Inc.*
### United States District Court for the District of Maryland
### Case No.: 1:21-CV-00309-ELH

All privileged/protected documents are in the possession of Kagan, Stern, Marinello & Beard, LLC

| Date | Identity/Position of Author | Identity/Position of Recipient | Description | Privilege(s)/Protection(s) |
|---|---|---|---|---|
| Sept 14, 2021 | Ron Bateman | Curt Baggett | Email includes portion of attorney discussion with client regarding litigation | Attorney-client privilege Work product |
| Sept 14, 2021 | Ron Bateman | Curt Baggett | Email includes portion of attorney discussion with client regarding litigation | Attorney-client privilege Work product |