# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Northern Division)

| | |
|---|---|
| DAVID J. BOSHEA, | * |
| Plaintiff, | * |
| v. | * Case No. 1:21-CV-00309-ELH |
| COMPASS MARKETING, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION IN LIMINE TO BAR COMPASS MARKETING, INC. FROM PRESENTING JEFFREY A. PAYNE AS AN EXPERT OR EXPERT REBUTTAL WITNESS AT TRIAL

David Boshea respectfully moves *in limine* for an Order barring Compass Marketing, Inc. ("Compass") from presenting Jeffrey A. Payne as an expert or expert rebuttal witness at the trial scheduled to begin March 7, 2023, and states:

### INTRODUCTION

Compass has identified two witnesses to provide expert testimony. It identified Curt Baggett as its expert witness and, Jeffrey Payne as a witness in rebuttal to David Boshea's expert's report. Specifically, David Boshea informed Compass that he had selected Donna Eisenberg as his witness in rebuttal to Curt Baggett's report. Although Ms. Eisenberg prepared her report to counter Curt Baggett's report, she has not analyzed Jeffrey Payne's work. As such, if David Boshea chooses not to present Donna Eisenberg as an expert witness, the Court should bar Jeffrey Payne from testifying at trial. Even if David Boshea presents Donna Eisenberg as an expert, the Court should bar Jeffrey Payne from testifying at trial for Compass' failure to disclosure him before the Court's deadline and failing to seek leave of the Court to make the disclosure.

## PURPOSE OF THIS MOTION IN LIMINE

David Boshea seeks to bar Compass from presenting Jeffrey Payne as an expert witness at trial, including in rebuttal, and barring Compass from offering into evidence Defendant Compass Marketing, Inc.'s Rebuttal Expert Disclosure (the "Compass Rebuttal Disclosure" -Exhibit A), and Compass Marketing's expert rebuttal report" (the "Compass Rebuttal Report" - Exhibit B) prepared by Mr. Payne.

If David Boshea determines that he will not present Donna Eisenberg as his expert, he requests that the Court grant this motion *in limine* to exclude Jeffrey Payne from testifying at trial. Further, if this Court grants David Boshea's companion motion *in limine* seeking to bar Curt Baggett as Compass' expert, David Boshea requests that the Court bar Compass from presenting Jeffrey Payne as its primary expert. Finally, if if the Court allowed Compass to present Mr. Payne as its primary expert, it would unfairly burden David Boshea, as his expert, Donna Eisenberg would not have had the opportunity to rebut his report, as provided in this Court's June 29, 2021 Scheduling Order (CM/ECF 20).

## THIS MOTION IS PROPERLY PRESENTED

As this Court has identified the purpose of motions in *limine*,

> Motions in limine help to streamline a case, because such motions "enable( ) a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.' " *INSLAW, Inc. v. United States*, 35 Fed. Cl. 295, 303 (1996) (citation omitted); *see Changzhou Kaidi Elec. Co., Ltd. v. Okin America, Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (motions in limine "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.' " (internal quotation omitted)).
>
> *Norris v. PNC Bank, N.A.*, No. CV ELH-20-3315, 2022 WL 5054099, at *2 (D. Md. Oct. 4, 2022).

Granting this motion will expedite the determination of evidentiary issues in advance of trial and streamline the testimony presented.

## UNDERLYING FACTS

David Boshea, through his Second Amended Complaint (CM/ECF 48), seeks to recover damages for Breach of Contract (Count I), Violation of the Maryland Wage Payment and Collection Act (Count II), and, in the alternative to Count II, Violation of the Illinois Wage Payment and Collection Act (Count III). David Boshea attached, as Exhibit A to his complaint, as amended, (CM/ECF 1, 27, and 48), his contract with Compass titled, "Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation" (the "Agreement"). Although the Agreement bears the signatures of David Boshea and John White, on Compass' behalf, Compass claimed someone forged John White's signature (CM/ECF 14, 37, and 53).

On June 29, 2021, this Court entered the Scheduling Order (CM/ECF 20) setting forth deadlines for both David Boshea and Compass' expert disclosures under Fed.R.Civ.P. 26(a)(2). Compass subsequently disclosed Curt Baggett as its expert witness. David Boshea offered Donna Eisenberg as a rebuttal expert to rebut Mr. Baggett's testimony. Through the parties' agreement as a result of Compass' tardy disclosure of its expert's reports, Ms. Eisenberg delivered her rebuttal report and eleven rebuttal charts to Compass in which she challenged matters Mr. Baggett raised in his October 18, 2021 expert report.

Although the deadlines the Court set in the Scheduling Order (CM/ECF 20) had passed, on November 1, 2021, Compass tendered the Compass Rebuttal Disclosure (Exhibit A) and the Compass Rebuttal Report (Exhibit B) to David Boshea. The Compass Rebuttal Disclosure (Exhibit A) disclosed Jeffrey A. Payne as a new, previously undisclosed expert. The Compass Rebuttal Report (Exhibit B) consists of Mr. Payne's letter in which he purports to rebut Donna Eisenberg's findings.

## THE COURT SHOULD NOT ALLOW JEFFREY PAYNE TO TESTIFY IF DAVID BOSHEA DOES NOT PRESENT DONNA EISENBERG AS HIS EXPERT

If the Court grants David Boshea's companion motion in *limine* to bar Curt Baggett's expert testimony, David Boshea will have no reason to present Donna Eisenberg as his expert. Since Compass offers Jeffrey Payne as a rebuttal witness to Donna Eisenberg's testimony and report, he would be rebutting nothing. Absent Ms. Eisenberg's testimony, no reason exists for Compass to present Mr. Payne. Thus, if David Boshea does not offer Donna Eisenberg's report into evidence or her testimony at trial, the Court should bar Jeffrey Payne from presenting a report, rebuttal or otherwise, and testifying at trial since his report and testimony would not rebut any contrary evidence.

## THE COURT SHOULD NOT ALLOW JEFFREY PAYNE TO TESTIFY DUE TO COMPASS' FAILURE TO COMPLY WITH THIS COURT'S ORDER

The Scheduling Order (CM/ECF 20) set deadlines for the parties to submit expert reports. While the Scheduling Order authorized David Boshea to present a rebuttal report, it did not give Compass the right to offer a rebuttal report. Furthermore, even if Compass had the right to submit a rebuttal report, the Court set October 4, 2021 as the last date to supplement disclosures and responses. *See* Scheduling Order (CM/ECF 20). Since the Court did not provide Compass with the right to file a rebuttal report, the Court should grant this motion and bar Jeffrey Payne from offering rebuttal testimony and also bar Compass from offering the Compass Rebuttal Disclosure (Exhibit A) and the Compass Rebuttal Report (Exhibit B) into evidence at trial.

When Compass delivered the Compass Rebuttal Report (Exhibit B) on November 1, 2021, it did not seek leave from this Court to amend the Scheduling Order (CM/ECF 20) to allow it to submit the Compass Rebuttal Disclosure (Exhibit A) or the Compass Rebuttal Disclosure (Exhibit B). Given Compass' late disclosure of Mr. Payne as an expert, including as an expert witness, and Compass's failure to comply with the Scheduling Order, this Court should grant this motion and

deny Compass from presenting Mr. Payne as an expert, including as a rebuttal expert or submitting the Compass Rebuttal Disclosure (Exhibit A) and the Compass Rebuttal Report (Exhibit B) as exhibits at trial.

WHEREFORE, the plaintiff, David J. Boshea, respectfully requests this Court for an Order barring Compass Marketing, Inc. from presenting Jeffrey A. Payne as an expert, including as its expert witness or a rebuttal expert witness, or from offering Defendant Compass Marketing, Inc.'s Rebuttal Expert Disclosure and Compass Marketing's expert rebuttal report into evidence at the trial of this matter if David Boshea chooses not to present Donna Eisenberg as an expert, and, further, the Court should bar Compass Marketing, Inc. from presenting Jeffrey A. Payne as an expert, including as its expert witness or a rebuttal expert witness, or from offering Defendant Compass Marketing, Inc.'s Rebuttal Expert Disclosure and Compass Marketing's expert rebuttal report into evidence at the trial of this matter due its failure to comply with this Court's Scheduling Order, and for other just relief.

**RESPECTFULLY SUBMITTED,**

/s/ Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Drive, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

## CERTIFICATE OF SERVICE

I certify that on November 18, 2022, I served David J. Boshea's Motion *in Limine* to Bar Compass Marketing, Inc. from Presenting Jeffrey A. Payne as an Expert Witness at Trial by CM/ECF on:

>Stephen B. Stern
>Heather K. Yeung
>Kagan Stern Marinello & Beard, LLC
>238 West Street
>Annapolis, Maryland 21401
>Email: stern@kaganstern.com
>Email: yeung@kaganstern.com
>
>*Attorneys for Compass Marketing, Inc.*

>/s/ Gregory J. Jordan
>Gregory J. Jordan