# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION *IN LIMINE* TO BAR COMPASS MARKETING, INC. FROM PRESENTING EVIDENCE OR ARGUMENT AT TRIAL CONTESTING THE APPLICABILITY OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

David Boshea respectfully moves this Court *in limine* for an Order barring Compass Marketing, Inc. ("Compass") from presenting evidence or argument at trial contesting the applicability of the Maryland Wage Payment and Collection Law (the "MWPCL"), Md. Code (2016 Repl. Vol., 2021 Supp.), §§ 3-501 *et seq*. of the Labor and Employment Article at trial. In support, David Boshea states:

### INTRODUCTION

Through this motion *in limine*, David Boshea seeks to narrow the issues and limit testimony to issues germane to this lawsuit. As such, the Court should exclude any evidence Compass might seek to present at trial contesting the applicability of the MWPCL to this case. Such an order would avoid distractions and narrow the evidentiary issues for the jury to decide at the trial in this matter

### THIS MOTION IS PROPERLY PRESENTED

As this Court has identified the purpose of motions in *limine*,

> Motions in limine help to streamline a case, because such motions "enable( ) a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.' " *INSLAW, Inc. v. United States*, 35 Fed. Cl. 295, 303 (1996) (citation

omitted); *see Changzhou Kaidi Elec. Co., Ltd. v. Okin America, Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (motions in limine "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.' " (internal quotation omitted)).

*Norris v. PNC Bank, N.A.*, No. CV ELH-20-3315, 2022 WL 5054099, at *2 (D. Md. Oct. 4, 2022).

Granting this motion will expedite the determination of evidentiary issues in advance of trial and streamline the testimony presented.

### THIS COURT HAS DETERMINED THAT THE MWPCL APPLIES IN THIS LAWSUIT

On February 15, 2022, Compass filed its Motion for Partial Summary Judgment (the "Partial MSJ") (CM/ECF 93) and its accompanying Memorandum in Support of its Motion for Partial Summary Judgment (the "Memorandum") (CM/ECF 93-1) in which it sought dismissal of Count II of the Second Amended Complaint, a claim brought under the MWPCL.

In its Memorandum, Compass argues that the MWPCL should not apply to the facts of this case because David Boshea performed the majority of his work for Compass in Illinois, not Maryland. Compass admits that during his nearly thirteen years of employment, David Boshea visited Maryland sporadically for work, but argues he only visited Maryland for work once in the last three (3) years of his employment. David Boshea presented extensive argument based on prevailing law showing the MWPCL applies to his claims.

After the parties fully briefed the issues, on July 22, 2022, the Court entered its Order denying the Partial MSJ (CM/ECF 111) and its Memorandum Opinion (CM/ECF 110) (the "Opinion"). In its Opinion (CM/ECF 110), the Court provided a detailed analysis of the law, finding that the MWPCL applies in this lawsuit. In particular, the Court determined that:

> Considering relevant decisions of the Maryland state courts, as well as several recent rulings of this Court applying these decisions, including in contexts similar to this case, I am satisfied that the MWPCL applies in plaintiff's case. The cases and arguments offered by Compass to the contrary are distinguishable or not persuasive.

Opinion (CM/ECF 110), at p. 22.

The Court analyzed the various cases the parties cited in their briefs and their applicability to the facts in this case, observing that:

> The "[t]he threshold for establishing employment in Maryland under the MWPCL is relatively low," such that "[t]he MWPCL . . . applies to a company that either allows an employee to work in Maryland or instructs the employee to be present at a work site in Maryland," and "[a]ll that is required is that the individual work to some extent in Maryland."
>
> Opinion (CM/ECF 110), at p. 32 (quoting *Hausfeld v. Love Funding Corp.*, 131 F. Supp. 3d 443, 445 (D. Md. 2015)).

The Court concluded that: "Based on this guidance from the Maryland courts, judges of this Court have 'similarly applied the Maryland wage laws to cases in which an employee worked in both Maryland and another state, even when the majority of the work occurred out-of-state.'" Opinion (CM/ECF 110), at p. 32 (quoting *Poudel v. Mid Atlantic Professionals, Inc.*, Civil Action No. TDC-21-1124, 2022 WL 345515 (D. Md. Feb. 4, 2022)).

Finally, the Court held that: "The undisputed facts in this case fit comfortably within those circumstances in which the courts have permitted the application of the MWPCL." Opinion (CM/ECF 110), at p. 33.

Given the Court's clear determination of the MWPCL's applicability in its Opinion (CM/ECF 110), any evidence or argument presented by Compass concerning the MWPCL's applicability would be confusing and improper. As such, any attempt by Compass' to present contrary evidence or argument would be irrelevant to any issue before the jury at trial.

While relevance is not a high bar to overcome, any evidence or argument Compass might seek to present contesting the applicability of the MWPCL to this case would serve no useful purpose or otherwise assist the jury in deciding the issues in this case. "Relevant evidence, of course, is evidence that helps "the trier of fact to understand the evidence or to determine a fact in

issue." *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017) *Id.* at 591, 113 S.Ct. 2786 (quoting *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 591, 113 S. Ct. 2786 (1993)) (internal question marks omitted). The applicability of the MWPCL to this case is not at issue after the Court entered its Opinion (CM/ECF 110).

By granting this motion *in limine*, the Court should bar Compass from presenting any evidence or argument at trial contesting the applicability of the MWPCL to this case. Such an order would narrow the evidentiary issues for the jury to decide at the trial in this matter

WHEREFORE, the plaintiff, David J. Boshea, respectfully requests this Court for an Order barring Compass from presenting any evidence or argument at trial contesting the applicability of the Maryland Wage Payment and Collection Law, Md. Code (2016 Repl. Vol., 2021 Supp.), §§ 3-501 *et seq*. of the Labor and Employment Article, and for such other just relief.

**RESPECTFULLY SUBMITTED,**

/s/ Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Drive, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

# CERTIFICATE OF SERVICE

I certify that on November 18, 2022, David J. Boshea served his Motion *in Limine* to Bar Compass Marketing, Inc. from Presenting Evidence or Argument at Trial Contesting the Applicability of the Maryland Wage Payment and Collection Law by CM/ECF on:

>Stephen B. Stern
>Heather K. Yeung
>Kagan Stern Marinello & Beard, LLC
>238 West Street
>Annapolis, Maryland 21401
>Email: stern@kaganstern.com
>Email: yeung@kaganstern.com

*Attorneys for Compass Marketing, Inc.*

>/*s*/ Gregory J. Jordan
>Gregory J. Jordan