IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPASS MARKETING, INC.'S MOTION IN LIMINE TO EXCLUDE
IRRELEVANT, INADMISSIBLE AND UNDULY PREJUDICIAL EVIDENCE
PROHIBITED UNDER FRE 401, 402, AND 403**

Defendant/Counter-Plaintiff Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Motion in Limine to Exclude Irrelevant, Inadmissible and Unduly Prejudicial Evidence under Federal Rules of Evidence 401, 402, and 403 ("Motion"). As explained in greater detail below, there are certain topics that have been raised in one form or another by Plaintiff David Boshea ("Boshea") during discovery in this case that are irrelevant and have no bearing on the outcome of the issue at the heart of this case – whether there is a binding agreement between Boshea and Compass Marketing that calls for the payment of more than $500,000 in severance to Boshea. The answer is no, and any allegations or purported evidence concerning claims of sexual harassment, company mismanagement, other entities owned in whole or in part by John White (the majority owner of Compass Marketing), or the availability of attorneys' fees in this litigation should be excluded from evidence at trial in this matter.

**INTRODUCTION AND BACKGROUND**

This case stems from Boshea's termination from Compass Marketing in March of 2020. Boshea subsequently initiated this lawsuit against Compass Marketing alleging claims of breach

of contract (Count I), violation of the Maryland Wage Payment and Collection Law ("MWPCL") (Count II), and, in the alternative, violation of the Illinois Wage Payment and Collection Act ("IWPCA") (Count III).  *See* ECF 48 at ¶¶ 17-39 (Second Amended Complaint).

Boshea alleges that he is owed Five Hundred Forty Thousand Dollars ($540,000.00), pursuant to a purported agreement titled the "'Compass Marketing, Inc. Agreement Relating to the Employment and Post-Employment Compensation'" (the "Agreement"), which Boshea and Compass Marketing entered into in or around May 2007 when Boshea commenced employment with Compass Marketing.  *See id.* at ¶¶ 10-16.  From the outset of this litigation, and even before Boshea initiated any legal action against Compass Marketing, Compass Marketing has denied ever entering into the Agreement with Boshea.  *See* ECF 14 at p. 7 (Defendant Compass Marketing, Inc.'s Answer to Plaintiffs' Complaint for Breach of Contract) (Sixth Affirmative Defense); *see also* ECF 53 at p. 8 (Defendant Compass Marketing, Inc.'s Answer to Plaintiff's Second Amended Complaint) (Fifth Affirmative Defense).[1]  Compass Marketing further asserts that the Agreement attached to Boshea's Complaint that purports to include the signature of John White, Compass Marketing's CEO at the time, was forged.  *See* Exhibit 1 (Defendant Compass Marketing, Inc's Answers to Plaintiff David J. Boshea's First Set of Interrogatories) at 8.

The entirety of this lawsuit hinges on the authenticity and enforceability of the alleged Agreement.  As such, Compass Marketing now moves to exclude any argument, testimony, statements, comments, questions, or references by Boshea, his counsel, or any witness on direct or cross-examination on any of the following irrelevant, inadmissible, and unduly prejudicial issues or topics:

---

[1] The Second Amended Complaint is the operative Complaint.

      A.      Any past sexual harassment allegations against Compass Marketing and/or its Chairman, John White;

      B.      Any allegations that John White mismanaged Compass Marketing (which would amount to nothing more than opinion testimony in any event);

      C.      Any businesses owned in whole or in part by Compass Marketing or John White, except as it relates to the ownership of the Defendant in this case, Compass Marketing;

      D.      The possibility of an award of attorneys' fees in this matter.

Neither topic is admissible because neither topic is relevant.

## ARGUMENT

**I.    MOTION IN LIMINE STANDARD**

"The primary purpose of an in limine ruling is to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues." *Adams v. NVR Homes, Inc.*, 141 F. Supp. 2d 554, 558 (D. Md. 2001) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd* 469 U.S. 38 (1984)). " Motions in limine help to streamline a case, because such motions 'enable[] a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'" *Jasaan Allah Qiydaar v. People Encouraging People, Inc.*, No. ELH-17-1622, 2020 U.S. Dist. LEXIS 132507, at *7 (D. Md. July 27, 2020) (alteration in original); *see also E.I. Dupont De Nemours & Co. v. Kolon Indus.*, 564 F. App'x 710, 715 (4th Cir. 2014) (noting usefulness of motions in limine for "streamlining trial generally and in fostering the orderliness of evidentiary presentations of complicated issues").

## II. RELEVANCY STANDARD

Pursuant to Federal Rule of Evidence 402, "only relevant evidence is admissible at trial." FED. R. EVID. 402; *see also United States v. Mosby*, No. 22-cr-00007-LKG, 2022 U.S. Dist. LEXIS 163001, at *13 (D. Md. Sep. 8, 2022). Federal Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *See* FED. R. EVID. 401. "And so, evidence is relevant only if it logically relates to matters that are at issue in the case." (citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008)). *Mosby*, 2022 U.S. Dist. LEXIS 163001 *, at *13

"However, relevance is not a talisman for admissibility. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Cleary v. Fager's Island, Ltd.*, No. 17-cv-02252-JMC, 2020 U.S. Dist. LEXIS 166281, at *4 (D. Md. Sep. 10, 2020) (citing FED. R. EVID. 403). In addition, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1).

## III. EVIDENCE UNRELATED TO THE FORMATION (OR LACK OF FORMATION) OF THE AGREEMENT IS NOT RELEVANT AND, THEREFORE, NOT ADMISSIBLE

### A. Evidence Concerning Past Allegations of Sexual Harassment is Irrelevant

Evidence pertaining to any past sexual harassment allegations and/or lawsuits against Compass Marketing, whether the allegations concern its Chairman, John White, or any other

4

employee of Compass Marketing, is not relevant to any fact of consequence in this case.[2] Whether Compass Marketing or John White has been accused of sexual harassment (which he has not) does not make it any more or less probable that he executed the Agreement on behalf of Compass Marketing in 2007 or that Boshea forged John White's signature on the Agreement. *See Topp v. James River Ins. Co.*, No. 20-1822-BAH, 2022 U.S. Dist. LEXIS 69884, at *10 (D. Md. Apr. 15, 2022) (finding evidence of prior lawsuits inadmissible); *see also Advance Wire Forming, Inc. v. Stein*, No. 1:18cv723, 2022 U.S. Dist. LEXIS 88055, at *14 (N.D. Ohio May 16, 2022) (excluding testimony regarding sexual harassment allegations because it had no relevance to a breach of contract action between former business partners). Even if the "evidence" related to the false and unfounded claim of harassment were somehow relevant, it should be excluded under Federal Rule of Evidence 403 because the probative value (none) would clearly outweigh the danger of unfairly prejudicing Compass Marketing. *See* FED. R. EVID. 403; *see also L-3 Communs. Corp. v. OSI Sys.*, 2006 U.S. Dist. LEXIS 19686, at *27 (S.D.N.Y. Apr. 11, 2006) (excluding evidence regarding allegations of sexual harassment as highly prejudicial in a breach of contract lawsuit).

**B.     Allegations that Compass Marketing has Been Mismanaged Are Irrelevant**

"Evidence" pertaining to John White's alleged mismanagement of Compass Marketing (which is nothing more than Boshea's biased and unsubstantiated opinion) is not relevant to Boshea's claims. John White's management of Compass Marketing is not of consequence in determining whether the purported Agreement at issue is binding and enforceable. This case is about the alleged Agreement and its' authenticity and enforceability, not about Compass Marketing's business practices. Thus, any evidence of John White's management of the company is not relevant and should be excluded from trial. *See United States v. Mosby*, No. 22-cr-00007-

---

[2] During discovery, Boshea produced documents and made assertions regarding (false and unfounded) claims of sexual harassment against Compass Marketing and falsely attributed them to John White.

LKG, 2022 U.S. Dist. LEXIS 163001, at *24, *36 (D. Md. Sep. 8, 2022) (excluding testimony about the mortgage lending industry as well as evidence about prior investigations involving other, unrelated, matters because such evidence had no relevance on the issue of whether the defendant committed perjury or made false statements on mortgage loan applications).

### C. References to Other Business Interests Owned in Whole or in Part by Compass Marketing or John White Are Irrelevant

The fact that John White or Compass Marketing may have other business interests (i.e., ownership of other businesses) is not relevant to any fact of consequence in this case. Other business dealings are not related to Boshea or the alleged Agreement in any way and, therefore, should be excluded from evidence at trial. *See Mosby*, *supra*; *Cleary v. Fager's Island, Ltd.*, No. 17-cv-02252-JMC, 2020 U.S. Dist. LEXIS 166281, at *4 (D. Md. Sep. 10, 2020) (citing FED. R. EVID. 403). The issues in this case revolve around the existence *vel non* of the alleged Agreement, and any reference to any businesses that Compass Marketing or John White may be involved in will only prejudice Compass Marketing. *See Cleary*, *supra*; FED. R. EVID. 403.

### D. Any Reference to the Potential for an Award of Attorneys' Fees Should be Excluded From the Jury

Whether attorneys' fees may be awarded in this case is a matter for this Court to decide, not the jury. *See* MD. CODE ANN. LAB. & EMPL. § 3-507.2 (b) (stating that "the court may award the employee . . . reasonable counsel fees and other costs"). There is no reason to raise this issue in the presence of the jury, as it will only serve to prejudice the jury. *See Cleary*, *supra*; FED. R. EVID. 403.

**CONCLUSION**

For the foregoing reasons, Compass Marketing respectfully requests that the Court enter an order in limine precluding Boshea from entering evidence on any of the irrelevant, inadmissible, and unduly prejudicial issues or topics outlined above.

Dated:  November 18, 2022              Respectfully submitted,

/s/Stephen B. Stern
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com

and

Brian A. Tollefson, Bar No. 16289
TOLLEFSON IP
326 First Street, #202
Annapolis, Maryland 21403
(Phone):  (443) 699-2450
Email:  brian@tollefsonip.com

*Counsel for Defendant/Counter-Plaintiff Compass Marketing, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of November, 2022, the foregoing Motion in Limine to Exclude Evidence was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo<br>Gilbert Employment Law, PC<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, Maryland 20910<br>Email: tgagliardo@gelawyer.com | Gregory J. Jordan<br>Mark Zito<br>Jordan & Zito, LLC<br>350 N. LaSalle Drive, Suite 1100<br>Chicago, Illinois 60654<br>Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*


*/s/ Stephen B. Stern*
Stephen B. Stern