IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| **Plaintiff/Counter-Defendant,** | * | |
| **v.** | * | **Case No. 1:21-CV-00309-ELH** |
| **COMPASS MARKETING, INC.** | * | |
| **Defendant/Counter-Plaintiff** | * | |
| **AND** | * | |
| **COMPASS MARKETING, INC.**<br>**Third-Party Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| **JOHN DOE(S)** | * | |
| **Third-Party Defendant(s).** | * | |

\*     \*     \*\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**JOINT PRETRIAL ORDER**

David Boshea and Compass Marketing, Inc. for their Pretrial Order, brought in accordance with the Court's December 12, 2022 Order (ECF 145), as amended by the May 12, 2023 Order (ECF 163) and the Court's standing order on the preparation of final pretrial orders state:

**STATEMENT OF FACTS** [1]

**DAVID BOSHEA'S STATEMENT OF FACTS THAT HE**
**PROPOSES TO PROVE IN SUPPORT OF HIS CLAIMS**

1.  David Boshea is a resident of the state of Illinois.

2.  Compass Marketing, Inc. is a Virginia corporation headquartered in Maryland.

---

[1] Each party has separately put forth their own statement of facts and do not agree to the characterizations set forth by the other party.

3. From its inception through the date of David Boshea's termination, Compass focused its business on providing services to companies in the consumer packaged goods industry.

4. In the early 1990's, John White worked under David Boshea at Advantage Sales & Marketing, at which time David Boshea mentored John White.

5. Subsequently, John White, his brothers, Michael and Daniel, and another person formed Compass.

6. David Boshea wrote Compass' business plan and assisted John White and Compass in obtaining its first customer.

7. Subsequently, John White, as Compass' CEO, regularly solicited David Boshea to join Compass. However, David Boshea declined since he held significant positions with well-known large corporations.

8. In early 2007, John White intensified Compass' pursuit of David Boshea.

9. In an April 1, 2007 email, John White emailed David Boshea to solicit him to join Compass in a senior position and introduced the idea of David Boshea receiving g an exit package:

> Also, you and I need to make sure we discuss an exit plan for you, even seperate [sic] from me selling Compass. We need to respect that we are friends and that working together could possibly hurt our relationship (has not happened before but I was always working for you!!!!). I just want to define expectations up front so we limit the chances of getting on two different tracks, but I want us both to agree how we can spit if we need to so we can be certain to save our friendship [sic].

> April 1, 2007 email from John White to David Boshea.

10. At that time, David Boshea was highly successful in the consumer packaged goods industry, holding a National Account Manager position with Energizer Holdings, Inc., the battery company.

11. David Boshea prepared and delivered to Compass a memo outlining the items he would need to consider, including contract terms, before deciding to join Compass.

2

12. On multiple occasions, including one on which his brother, Daniel, joined him, John White flew to Chicago to sell David Boshea on joining Compass.

13. On May 16, 2007, John White sent an offer letter on Compass' behalf in which Compass promised David Boshea a $180,000.00 annual salary, a bonus, health insurance, a car allowance, a 401k, a home office expense, a laptop, a copy machine, and reimbursement of all business-related travel expenses, plus two weeks' vacation in 2007 and three-weeks in 2008. In addition, in the letter, Compass offered to pay 100% percent of business-related country club membership fees up to $32,000.00 over three years and "an involuntary exit package' of 3 times your salary (1 year will be immediately vested, with the additional 2 years accrued over the next three years)."

14. After David Boshea received the May 16, 2007 letter, he and Compass agreed to the terms outlined in ¶9 above.

15. During that month, David Boshea and Compass, through John White, signed an agreement titled "Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation."

16. As evidence of the parties' agreement, John White blind-copied his brother, Daniel White, on a May 22, 2007 email John White sent at 1:24 a.m. to David Boshea, including a draft Word version of the same severance agreement referenced in ¶11 above as an attachment.

17. As evidence of the parties' agreement, John White provided Lawrence Scott, its then general counsel, with a version of the same severance agreement referenced in ¶11 above as an attachment.

18. The parties' agreement provides that if David Boshea is terminated for any reason other than for cause, David Boshea will receive severance payments totaling $180,000.00 paid over 24

months, commencing on his effective date of termination, and paid in accordance with Compass' normal payroll cycle.

19. The parties' agreement further provides that David Boshea's severance will increase one month for every month he is employed with Compass to a maximum severance of $540,000.00.

20. Because David Boshea was leaving his employment with Energizer Holdings, Inc., one of the world's largest manufacturers of batteries, to join Compass, a relatively small firm, the severance package was a strong driver in his decision to join Compass.

21. David Boshea began working at Compass Marketing on or around June 5, 2007.

22. Compass hired John Adams in 2007 and provided a written severance agreement bearing the same title as David Boshea's severance agreement and containing terms substantially similar to those in David Boshea's agreement.

23. Mr. Adams with the right to receive $120,000.00 in severance payments.

24. As Executive Vice President, David Boshea reported directly to John White, Compass' CEO, while John Adams described himself as being on a lower tier in Compass's flow chart.

25. Compass' regular payroll schedule involved twice monthly payments of salary or wages.

26. Compass had struggled financially for several years before Compass terminated David Boshea.

27. In 2019 and 2020, David Boshea engaged with Walgreens to open a new line of business for shelf tags.

28. In October 2019, the company Compass intended to use to produce shelf tags abruptly terminated its relationship with Compass.

29. Notwithstanding that termination, John White instructed David Boshea to move forward with the Walgreen shelf tag project, which would have allowed Compass to earn substantial profits.

30. On the day Compass terminated David Boshea, David Boshea had scheduled an important meeting with Walgreens to move the proposal to a commitment.

31. When Compass terminated David Boshea, Jerry Cain and Erin Songer of Compass told him that the only reason for firing him was a reduction in force, which was confirmed in a March 3, 2020 letter from Compass, which stated, "Regrettably, your position was one of the positions selected to be eliminated due to a necessary reduction in force."

32. After receiving the termination letter, David Boshea attempted to contact John White, but John White did not take his calls, respond to his emails, or otherwise contest David Boshea's demand.

33. David Boshea also sent Erin Songer an email on March 16, 2020 with a copy to John White, reminding him that Compass needed to pay the severance he was owed. He wrote:

> Hope your [sic] well. In follow up I wanted to follow up on my Compass exit payments:
> …
> "Misc Payments : My exit plan agreement with John White $540,000 earned after 3 years of service ( John White has agreement), …

(March 16, 2020 email.

34. No one at Compass ever disputed David's email request or even responded to it.

35. David Boshea's relationship with John White became particularly strained in the fall of 2019 after John White asked David Boshea to fly to Saudi Arabia with him and some other members of the Compass team to participate in a trip to raise investor money for a defunct company, Tagnetics.

36. David Boshea knew that Tagnetics had not been an active company for several years.

37. David Boshea did not want to be involved with raising investor funds for a defunct company, so he declined to join the trip.

38. The following spring, after nearly thirteen (13) years with the company, Compass eliminated David Boshea's position, i.e., Executive Vice President.

39. Compass employed David Boshea from May 2007 until March 2020, approximately 155 months before his involuntary termination.

40. Despite David Boshea's repeated demands, Compass has failed to pay him *any* of the severance pay it owed.

41. Compass has never claimed David Boshea failed to perform his obligations under the Agreement.

42. Under the terms of the Agreement, Compass was obligated to pay David Boshea severance payments through the end of February 2021.

43. Compass' CEO, John White, admits that he has no recollection of what terms he and David Boshea discussed when Compass hired him.

44. John White remembers nothing about his negotiations with David Boshea.

45. John White does not recall if David Boshea had a severance agreement.

46. Despite having no recollection of what he promised on Compass' behalf, John White claims he would never have agreed to the amount of severance contained in the severance agreement because it involved an extraordinarily large amount of money.

### DAVID J. BOSHEA'S LEGAL THEORIES IN SUPPORT OF EACH CLAIM

**Count I - Breach of Contract** –David Boshea is entitled to severance payments owed to him by Compass. The first part of the theory is that David Boshea can recover through his and Compass' agreement titled, "Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation," which David Boshea and Compass signed in May 2007. Second, David Boshea is entitled to severance payments owed to him by Compass under an oral agreement

made by David Boshea for himself and John White on Compass' behalf as its CEO. The above agreement, whether or not signed, John White's email and letter include the terms of the parties' oral agreement.

**Count II – Violation of Maryland Wage Payment and Collection Law** – As a result of the agreement for the payment of Post-Employment Compensation, whether signed or oral, David Boshea is entitled to recover wages owed to him under the Maryland Wage Payment and Collection Law (the "MWPCL"). The MWPCL provides that severance payments fall within the definition of "wages." Under the MWPCL, Compass is an "employer," and David Boshea is an "employee." The documents and testimony will show that Compass has no basis to believe it does not owe the wages to David Boshea or that, in any event any such claim of its belief is not objectively reasonable. Because no bona fide dispute exists concerning the severance payments owed to David Boshea, he is entitled to an award of up to three times the wages owed by Compass, reasonable counsel fees, and his costs subject to the Court's discretion.

## COMPASS MARKETING, INC.'S STATEMENT OF FACTS

Compass Marketing plans to prove that when the company hired David Boshea in 2007, Compass Marketing never entered into any agreement with David Boshea that called for the payment of severance upon the termination of David Boshea's employment.  Compass Marketing further plans to prove that the alleged 2007 agreement, relied on by David Boshea, is fraudulent and was never offered to David Boshea.  Compass Marketing further plans to prove that the signature on the agreement purporting to be John White's signature is a forgery.  Because the agreement is fraudulent, it is unenforceable and David Boshea is not entitled to any relief.

Ultimately, Compass Marketing plans to show that the claim brought by David Boshea is part of a severance scheme being perpetrated by Daniel White, George White, and Michael White

in collaboration with David Boshea in an attempt to defraud the company of funds and as part of the White's effort to dissolve and destroy the company.

### DAVID BOSHEA'S STATEMENT CONCERNING THE NEED TO MAKE ANY AMENDMENTS TO THE PLEADINGS HE HAS FILED

1. David Boshea does not request leave to amend any pleadings.

### COMPASS MARKETING, INC'S STATEMENT CONCERNING THE NEED TO MAKE ANY AMENDMENTS TO THE PLEADINGS IT HAS FILED

1. Compass Marketing does not request leave to amend any pleadings.

### DAVID BOSHEA'S STATEMENT CONCERNING THE NEED TO ABANDON ANY OF HIS PLEADINGS

1. Based on the Court's March 31, 2023 order (Dkt 161, David Boshea withdraws Count III of his pending complaint.

### COMPASS MARKETING, INC.'S STATEMENT CONCERNING THE NEED TO ABANDON ANY OF ITS PLEADINGS

1. Based on Defendant's inability to obtain certain evidence in discovery, Defendant reluctantly is withdrawing its counterclaim and third-party complaint.

### PROPOSED STIPULATED FACTS

1. David Boshea is a resident of the state of Illinois.

2. Compass Marketing is a Virginia corporation headquartered in Annapolis, Maryland.

3. Compass Marketing terminated David Boshea's employment in March 2020.

### DAVID BOSHEA'S DETAIL OF DAMAGES OWED BY COMPASS

**Count I - Breach of Contract** – David Boshea is entitled to recover $540,000.00 in severance payments. He calculated his damages by multiplying his $180,000.00 salary by three since he

remained employed by Compass for more than thirty-six months, as outlined in his agreement with Compass.

**Count II – Violation of Maryland Wage Payment and Collection Law** – David Boshea is entitled to wages owed to him in the form of severance payments under the Maryland Wage Payment and Collection Law (the "Law") of $1,620,000.00, which is equal to three times the wages owed to him by Compass. He is also entitled to receive reasonable counsel fees and his costs.

**DAVID BOSHEA'S EXHIBIT LIST** [2]

**See Exhibit A**

**COMPASS MARKETING, INC.'S PROPOSED EXHIBIT LIST** [3]

**See Exhibit B**

---

[2] Compass Marketing does not agree that any of David Boshea's proposed exhibits may be offered in evidence without the usual authentication.  Compass Marketing further reserves its right to object to each exhibit and does not waive any objections to the admissibility of any proposed exhibit by David Boshea.

[3] Except as specifically noted, David Boshea does not agree that any of Compass' proposed exhibits may be offered in evidence without the authentication under the Federal Rules of Evidence.  Except as specifically noted, David Boshea further reserves his right to object to each exhibit and does not waive any objections to the admissibility of any exhibit proposed by Compass.

### DAVID BOSHEA'S WITNESS LIST[4]

| Name | Contact Information | Expected to Call or May be Called? |
|------|---------------------|-----------------------------------|
| David Boshea | Who may be contacted through his counsel. | Expected to Be Called |
| John White | Who may be contacted through Compass' counsel. | Expected to Be Called |
| Lawrence Scott | 230 Wroxter Drive, Arnold, Maryland 21012, (240) 338-3187 | Expected to Be Called |
| Michael White | 39650 Hiawatha Circle, Mechanicsville, Maryland 20659, (301) 481-5986 | May Be Called |
| Daniel White | 21900 Fairway Drive, Leonardtown, Maryland 20650, (240) 298-6156. | May Be Called |
| John Adams | Who may be contacted through Compass' counsel. | Expected to Be Called |
| John Mancini | (717) 465-5645 | May Be Called |
| Compass Keeper of Payroll Records and Documents | Who may be contacted through Compass' counsel. | May Be Called |
| Donna Eisenberg | Who may be contacted through David Boshea's counsel. | Expected to Be Called |

### COMPASS MARKETING, INC.'S WITNESS LIST

| Name | Contact Information | Expected to Call or May be Called? |
|------|---------------------|-----------------------------------|
| John White | Contact through counsel | Expected to be Called |
| David Boshea | Contact through counsel | May be Called |

---

[4] Compass Marketing intends to object to the presentation of testimony from certain potential witnesses identified by David Boshea, on one or more grounds, including, but not limited to, certain witnesses were not properly identified prior to the submission of this Pre-Trial Order and improper communications with the company's former counsel.

| | | |
|---|---|---|
| Julie Boshea | 222 South Mill Street, Naperville Illinois 60540 (630) 355-8100 | May be Called |
| Rebecca Obarski | 222 South Mill Street, Naperville Illinois 60540 | May be Called |
| Michael White | 39650 Hiawatha Circle, Mechanicsville, Maryland (301) 481-5986 | May be Called |
| Daniel White | 21900 Fairway Drive, Leonardtown, Maryland 20650 (240) 298-6156 | May be Called |
| George White | 15125 Woodville Road, Waldorf, Maryland 20601 (240) 419-2340 | May be Called |
| Jerry Cain | Contact through counsel | May be Called |
| Erin Songer | Contact through counsel | Expected to be Called |
| Lou Fernandez | Contact through counsel | May be Called |
| Jonathan Staples | Contact through counsel | May be Called |
| Debra White | 39650 Hiawatha Circle, Mechanicsville, Maryland | May be Called |
| Kelly White | 21900 Fairway Drive, Leonardtown, Maryland | May be Called |
| Jeffrey Payne | Contact through counsel | Expected to be Called |
| Custodian of Records for Verizon Wireless | | May be Called |

## IDENTIFICATION OF EXPERTS DAVID BOSHEA EXPECTS AND THE SPECIALTIES OF THE EXPERT HE PROPOSES TO CALL AS A WITNESS

1. Donna Eisenberg of Forensic Document Examiner Services, LLC, who specializes in document and handwriting investigation and analysis.

## IDENTIFICATION OF EXPERTS COMPASS MARKETING, INC. EXPECTS AND THE SPECIALTIES OF THE EXPERT IT PROPOSES TO CALL AS A WITNESS

1. Jeffrey Payne - Certified Document Examiner

11

**DAVID BOSHEA'S DESIGNATION OF DEPOSITION TESTIMONY**

1. David Boshea designates the following portions of John Adams' October 28, 2021 Deposition

   Cover Page along with Page and line numbers: 4:8-18, 5:3-5, 6:6-13, 7:15-21, 8:7-14, 12:9-12, 15:9-24, 16:1-20 and 24, 17:1-9, 20:7-24, 21:1-10, 22:3-18 and 22-24, 23:1-18 and 23-24, 24:1-14, 25:3-14 and 22-24, 26:20-24, 27:1-11, 30:5-24, 31:1-24, 32:1-24, 33:1-24, 34:1-24, 35:1-24, 36:1-12, 42:21-24, 43:1-24, and 44:1-24

2. David Boshea designates the following portions of John White's May 18, 2023 Deposition:

   Cover Page along with Page and line numbers: 5:18-24, 6:1-5 and 9-12, 7:15-24, 8:2 and 11-15, 41:16-24, 42:1-7 and 12-15, 43:10-13, 44:12-15, 45:10-19, 47:7-13, 48:3-24, 49:1-15, 54:12-15 and 18-23, 56:19-24, 57:1-24, 58:12-24, 59:1-10 and 23-24, 60:1-13, 61:1-4 and 13-21, 62:6-15, 83:4-24, 84:1-14, 85:2-8 and 20-24, 86:1-24, 102:8-19 and 24, 103:1-14 and 20-24, 104:1-14, 105:11-17 and 23-24, 106:1-12, 107:4-24, 108:1-16 and 22-24, 109:1-24, 110:1-24, 111:1-22, 112:2-24, 113:1-24, 114:1-24,115:1-7 and 19-22, 116:15-21, 119:11-16, 120:16-24, 121:1-4 and 15-24, 122:1-3 and 12-23, 123:10-16, 125:6-16, 126:2-6, 127:17-24, 128:1-6 and  11-24,129:1-24,  130:1,  131:20-24,132:1-24,  133:1-2,  138:23-24,  139:1-8,  140:14-23,151:20-24, 156:18-21, 158:11-18, 165:7-10, 170:1-4, 171:17-22, 179:1-8, 182:1-24,183:1-11, 190:3-6. 205:6-11, 207:14-17, 207:21-24, 208:1-6

**COMPASS MARKETING, INC.'S OBJECTIONS AND , IN THE ALTERNATIVE, COUNTER-DESIGNATIONS TO JOHN ADAMS' DEPOSITION TESTIMONY**

## I.   Compass Marketing's Objections

### A.   General Objection to the Entirety of John Adams' Deposition Designations

Compass Marketing generally objects to the designations of John Adams' deposition testimony on relevance grounds, as John Adams' deposition testimony is irrelevant as to whether Compass Marketing entered into an agreement with David Boshea that included a provision that called for the payment of severance upon the termination of David Boshea's employment.  The testimony would confuse the jury and it would be more prejudicial than probative.

### B.   Objections to Specific Designations for John Adams' Deposition Testimony

Designation:  Pg 7:15-21
Objection:  Line 15 is not part of a question.

Designation:  Pg 8:7-14
Objection:  Line 7 is not part of a question.

12

Objection:  These lines acknowledge a standing objection to any documents subpoenaed by David Boshea from John Adams.  Compass Marketing objects to any documents introduced by David Boshea that he attached to John Adams' subpoena and any documents introduced during the deposition as having been produced by John Adams on authenticity grounds.

Designation:  Pg 22:3-18
Objection:  Relevance; Hearsay; Authentication.

Designation:  Pg 24:1-14
Objection:  Lines 12-14 are a question with no answer; there is no testimony.

Designation:  Pg 27:24 through Pg 28:16
Objection:  Relevance; Hearsay

Designation:  Pg 30:5 through Pg 36:12
Objection:  Relevance; Authentication; Hearsay

Designation:  Pg 42:21 through Pg 44:24
Objection:  Relevance; Hearsay
Objection:  Pg 44:2-24 – In addition to Relevance and Hearsay, Form and Asked and Answered (which are noted in the transcript)

**C.**      **General Objection to the Entirety of John White's Deposition Designations**

Compass Marketing generally objects to the designations of John White's deposition testimony, as John White is subject to the subpoena power of this Court and will be available to testify at trial.

**II.**      **Compass Marketing's Counter Designations, in the Alternative**

Compass Marketing reserves the right to determine at trial whether it would like to have the following counter-designations from John Adams' deposition testimony read into the record:

Pg 46:18 through Pg 47:4

David Boshea objects to Compass Marketing's reservation.

**PRETRIAL MATTERS, INCLUDING MOTIONS FILED**

1.      There are no current motions pending by either party.  The parties preserve their rights with respect to the issues decided by the Court in connection with the parties' various in limine motions.

## OTHER MATTERS

1.      Compass Marketing asks that the Court take judicial notice that, on March 23, 2023, George White and Michael White, who were Compass Marketing's network administrators, were found by the Circuit Court of Maryland for Anne Arundel County to have accessed the company's network after their employment ended.

2.      David Boshea requests that the Court take judicial notice that Maryland law generally and the Maryland Wage Payment and Collection Law governs in this lawsuit based on the Court's March 31, 2023 order (Dkt 161).[5]

Respectfully submitted,

Dated:  June 6, 2023


/s/ Gregory J. Jordan
Gregory J. Jordan
Mark Zito
Jordan & Zito, LLC
350 N. LaSalle Drive, Suite 1100
Chicago, Illinois 60654
Email:  gjordan@jz-llc.com

and

Thomas J. Gagliardo
Gilbert Employment Law, PC
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Email:  tgagliardo@gelawyer.com

*Attorneys for Plaintiff*
*David Boshea*

/s/ Stephen B. Stern
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  hayden@kaganstern.com

and

Brian A. Tollefson, Bar No. 16289
TOLLEFSON IP
326 First Street, #202
Annapolis, Maryland 21403
(Phone): (443) 699-2450
Email:  brian@tollefsonip.com

*Counsel for Defendant/Counter-Plaintiff*

---

[5] Compass Marketing, Inc. objects to the Court's taking judicial notice as David Boshea has requested. The matter on which David Boshea seeks judicial notice is not appropriate for consideration.

*Compass Marketing, Inc.*

**EXHIBIT A**

**DAVID BOSHEA'S EXHIBIT LIST**

| EXHIBIT NUMBER | DESCRIPTION | EXPECTED TO OFFER OF MAY BE OFFERED? | ENTERED INTO EVIDENCE WITHOUT OBJECTION |
|---|---|---|---|
| Boshea Exhibit 1 | David Boshea Resume | Expect to Offer | |
| Boshea Exhibit 2 | April 1, 2007, John White email to David Boshea | Expect to Offer | |
| Boshea Exhibit 3 | David Boshea April 2007 Memo to John White | Expect to Offer | |
| Boshea Exhibit 4 | May 16, 2007 John White offer letter to David Boshea | Expect to Offer | |
| Boshea Exhibit 5 | John White May 22, 2007 email to David Boshea blind copied to Daniel White and forwarded to Michael White | Expect to Offer | |
| Boshea Exhibit 6 | John White May 22, 2007 email attachment sent to David Boshea attached to Boshea Exhibit 5 | Expect to Offer | |
| Boshea Exhibit 7 | John White May 22, 2007 email information page for attachment sent to David Boshea | Expect to Offer | |
| Boshea Exhibit 8 | Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation | Expect to Offer | |
| Boshea Exhibit 9 | John Adams Severance Agreement | Expect to Offer | |
| Boshea Exhibit 10 | Pat Nemetz Post Employment agreement | Expect to Offer | |
| Boshea Exhibit 11 | Shanda Trogdan Employment Agreement | Expect to Offer | |

| Boshea Exhibit 12 | The contract between Wyeth and Compass | May Present | |
|---|---|---|---|
| Boshea Exhibit 13 | David Boshea 09-16-2015 Notes | Expect to Offer | |
| Boshea Exhibit 14 | Group Exhibit David Boshea 01/3/17 Paystub and email chain with Michael White | Expect to Offer | |
| Boshea Exhibit 15 | David Boshea Payroll Records | Expect to Offer | |
| Boshea Exhibit 16 | SES Walgreen Power Shelf Proposal | May Present | |
| Boshea Exhibit 17 | SES Termination of Compass Contacts Email | May Present | |
| Boshea Exhibit 18 | Walgreens Emails regarding Powershelf (Group Exhibit) | May Present | |
| Boshea Exhibit 19 | Compass Termination Notice | Expect to Offer | |
| Boshea Exhibit 20 | David Boshea March 12, 2020 email to John White | Expect to Offer | |
| Boshea Exhibit 21 | March 16, 2020 Email from David Boshea to Erin Songer Re: Follow Up on Separation | Expect to Offer | |
| Boshea Exhibit 22 | David Boshea October 22, 2020 email to John White | Expect to Offer | |
| Boshea Exhibit 23 | David Boshea December 7, 2020 email to John White | Expect to Offer | |
| Boshea Exhibit 24 | Donna Eisenberg Expert Report | Expect to Offer | |
| David Boshea adopts as one of his exhibits each exhibit offered by Compass to which he has stated that he has no objection to its entry into evidence | | | |

**Exhibit B**[*]

**Compass Marketing, Inc.'s Proposed Exhibit List**

| EXHIBIT NO. | DOCUMENT | BATES LABEL OR IDENTIFICATION | EXPECTED TO OFFER OF MAY BE OFFERED? | ENTERED INTO EVIDENCE WITHOUT OBJECTION |
|---|---|---|---|---|
| | March 2, 2020 David Boshea Termination Letter & Proposed Severance Agreement | CM 0001-0004 | Expected to Present | No objection |
| | May 24, 2007 Email from David Boshea to Michael White Re: Follow Up | CM 0101 | Expected to Present | |
| | June 12, 2007 Salary Reduction Form for David Boshea January 1, 2007 through December 31, 2007 | CM 0107 | May Present | |
| | Maryland New Hire Registry Reporting Form | CM 0108 | May Present | No objection |
| | Illinois Withholding Allowance Worksheet | CM 0110 | Expected to Present | No objection |
| | March 5, 2020 Email from Rebecca Obarski to John White Re: David Boshea Employment Terms | CM 0120 | Expected to Present | |
| | March 5, 2020 Email from Rebecca Obarski to Erin Songer Re: Personnel File of David Boshea | CM 0119 | Expected to Present | |
| | March 16, 2020 Email from David Boshea to Erin Songer Re: Follow Up on Separation | CM 0121 | Expected to Present | No Objection |
| | May 29, 2020 Email from David Boshea to John White FW: Dave Boshea Employment Terms | CM 0123-0124 | May Present | No Objection |
| | June 11, 2020 Email from David Boshea to John White Re: Loser | CM 0125 | May Present | |

---

[*] Compass Marketing, Inc. reserves the right to add, delete, or otherwise modify this list. David Boshea objects to Compass' reservation, which does not comply with the Court's direction.

| | | | |
|---|---|---|---|
| | August 1, 2020 Email from David Boshea to John White (No subject) | CM 0126 | May Present | |
| | August 11, 2020 Email from David Boshea to John White FW: Dave Boshea Employment Terms | CM 0127-0128 | May Present | No Objection |
| | December 7, 2020 Email from David Boshea to John White | CM 0137 | May Present | |
| | David Boshea Call Log | CM 0138-0143 | Expected to Present | |
| | October 31, 2021 John D. White Signature Examination by Jeffrey Payne | | Expected to Present | |
| | October 31, 2021 Rebuttal of the Findings of Donna O. Eisenberg by Jeffrey Payne | | Expected to Present | |
| | Jeffrey Payne Updated Testimony List | CM 0939-0941 | Expected to Present | |
| | January 4, 2021 Text between David Boshea, Daniel White, and Michael White | 01 12 2021 - 9,12 pm | Expected to Present | |
| | September 16-17, 2020 Text between David Boshea, Daniel White, and Michael White | 10 23 2020 - 4:42 pm | May Present | |
| | June 7, 2021 Email from David Boshea to Daniel White Re: Contracts | contracts | Expected to Present | |
| | June 16, 2021 Email from David Boshea to Daniel White (Untitled) | Untitled | Expected to Present | |
| | September 17, 2021 Email from Gregory Jordan to Michael White Re: John White Signature Samples | 9.17.21 11.32am | Expected to Present | |
| | December 28, 2020 Text Messages between David Boshea and Michael White | MRW0000 03-000004 | Expected to Present | |
| | September 17, 2021 Text Message between David Boshea, Michael White, and Daniel White | MRW0000 25 | May Present | |
| | January 12, 2021 Email from Daniel White to Gregory Jordan Re: David Bsohea | DJW00029 2-000293 | May Present | |

| | | | | |
|---|---|---|---|---|
| | December 27, 2020 Email from David Boshea to Gregory Jordan and Daniel White Re: Compass | DJW000294 | Expected to Present | |
| | David Boshea's Responses to Defendant Compass Marketing Inc.'s First Set of Interrogatories to Plaintiff David J. Boshea | | Expected to Present | |
| | David Boshea's Amended Responses to Defendant Compass Marketing's First Set of Interrogatories to Plaintiff David J. Boshea | | Expected to Present | |
| | December 27, 2020 Email from David Boshea to Daniel White Re: Greg | DJW000921 | Expected to Present | |
| | December 22, 2020 Email from David Boshea to Daniel White Re: Follow Up | DJW000922-DJW000925 | May Present | |
| | Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (Unexecuted) | Received via subpoena from R. Obarski | Expected to Present | |
| | Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (Executed) | Exhibit 3 to Complaint | Expected to Present | |
| | September 17, 2021 Email from Daniel White to Gregory Jordan | DJW000011-000020 | Expected to Present | |
| | September 13, 2021 Email from Gregory Jordan to Daniel White Re: Boshea v. Compass Marketing, Inc. - Compass Marketing's Expert Disclosure | DJW000312-DJW000316 | May Present | |
| | August 15, 2021 Email from Gregory Jordan to Daniel White Re: Dan Mike | DJW000493-000496 | May Present | |
| | January 15, 2021 Email from Gregory Jordan to Daniel | DJW000525-000526 | May Present | |

3

| | White Re: Local Counsel Referral | | | |
|---|---|---|---|---|
| | December 23, 2020 Email from Gregory Jordan to Daniel White Re: Follow Up | DJW000535-000536 | May Present | |
| | September 20, 2021 Email from Gregory Jordan to Michael White Re: Documents | DJW000581 | May Present | |
| | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition (revision 1) | CM0921-0926 | May Present | |
| | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition | CM0927-0932 | May Present | |
| | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition | CM0933-0938 | May Present | |