**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| **Plaintiff,** | * | |
| | | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| **COMPASS MARKETING, INC.** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT COMPASS MARKETING, INC.'S MOTION
TO REOPEN DISCOVERY TO CONDUCT THE DEPOSITIONS OF
<u>LAWRENCE SCOTT AND DAVID BOSHEA</u>**

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Motion to Reopen Discovery to Conduct the Depositions of Lawrence Scott and David Boshea.

As explained in greater detail below, the possibility that Lawrence Scott ("Scott"), Compass Marketing's former General Counsel, might be called to testify at trial in this matter came to light for the first time on June 1, 2023, when Compass Marketing received the fifth draft from Plaintiff David Boshea ("Boshea") of the parties' proposed Joint Pretrial Order, which was long after the close of discovery in this case and just one day before the parties were required to file the proposed Joint Pretrial Order. As a result of this belated attempt to involve Scott, discovery should be reopened so Compass Marketing can have the opportunity to depose Scott. In addition, with the fiercely contested factual issues surrounding the alleged employment agreement that is at center of this case – an alleged agreement that Compass Marketing contends has been forged –

Compass Marketing should be given the opportunity to depose Boshea and, without that opportunity, Compass Marketing will face substantial prejudice heading into trial.

1.      This lawsuit is about Boshea's contention that he is entitled to receive Five Hundred Forty Thousand Dollars ($540,000.00) pursuant to a purported agreement titled, "'Compass Marketing, Inc. Agreement Relating to the Employment and Post-Employment Compensation'" (the "Agreement"), an agreement that Boshea claims he and Compass Marketing allegedly entered into in or around May 2007, around the time that Boshea commenced employment with Compass Marketing.  *See* ECF 48 at ¶¶ 10-16 (Second Amended Complaint).[1]

2.      Compass Marketing has asserted from the outset (and even before the commencement) of this litigation that it never entered into the alleged Agreement and that the alleged Agreement that purports to include the signature of John White, Compass Marketing's CEO at the time, was forged.  *See* ECF 125-2 (Defendant Compass Marketing, Inc's Answers to Plaintiff David J. Boshea's First Set of Interrogatories) at 8; *see also* ECF 14 (Defendant Compass Marketing, Inc.'s Answer to Plaintiffs' Complaint for Breach of Contract) at p. 7 (Sixth Affirmative Defense); ECF 53 (Defendant Compass Marketing, Inc.'s Answer to Plaintiff's Second Amended Complaint) at p. 8 (Fifth Affirmative Defense).

3.      Indeed, when Boshea was first terminated from employment in March of 2020, and represented by prior counsel, Boshea was unable to locate a signed copy of the Agreement (because one did not exist).  *See* ECF 124-1 (Email from R. Obarski to J. White dated March 5, 2020).

---

[1] Based on these allegations, Boshea has filed claims for breach of contract (Count I), violation of the Maryland Wage Payment and Collection Law ("MWPCL") (Count II), and, in the alternative, violation of the Illinois Wage Payment and Collection Act ("IWPCA") (Count III).  *See id.* at ¶¶ 17-39.

4.      Almost one year later, Boshea claims to have found a "signed" version of the Agreement (a version that includes numerous annotations that are difficult to read and barely legible in many instances) that purports to include John White's signature.  *See* ECF 1-3.

5.      During discovery in this case, Compass Marketing designated forensic document examiner Jeffrey A. Payne ("Payne"), who determined that "John D. White . . . highly probably did not write the signature in his own name on [the Agreement]," and that John White's purported signature is actually "an attempt to simulate the signature of 'John D. White.'"  *See* ECF 142-4 (Expert Report of Jeffrey A. Payne) at p. 12.

6.      Even Boshea's own handwriting expert, Donna O. Eisenberg, could not refute Payne's determination; she could not reach a "conclusion" as to whether the Agreement had been forged.  *See* ECF 142-2 (Forensic Handwriting Report of Donna O. Eisenberg) at p. 8.

7.      In other words, this lawsuit hinges on the authenticity (including the circumstances surrounding both Boshea's and John White's alleged execution of the Agreement) and enforceability of the alleged Agreement.

8.      Pursuant to the Court's Scheduling Order (ECF 20) and Order dated November 29, 2021 (ECF 73), the deadline to complete discovery was January 14, 2022.

9.      Following the close of discovery, a five (5) day jury trial was set for March 6, 2023. *See* ECF 115 (August 9, 2022 Letter Order to Counsel).  A motions in limine hearing was scheduled for March 10, 2023 (what would have been the fifth day of trial), and trial was rescheduled to July 31, 2023.  *See* ECF 145 (December 12, 2022 Letter Order to Counsel). Following telephone conferences on June 13, 2023 and June 22, 2023, the trial was rescheduled to October 30, 2023.  *See* ECF 178 (June 23, 2023 Letter Order to Counsel).

10.     Before the trial was rescheduled to October 30, 2023, in accordance with the Court's June 2, 2023 Order extending the time for the parties to file their proposed Joint Pretrial Order, proposed joint voir dire, proposed joint jury instructions, and proposed joint verdict sheet (ECF 165), the parties filed their proposed Joint Pretrial Order on June 6, 2023.[2]

11.     Prior to the June 6, 2023 filing of the proposed Joint Pretrial Order, counsel for Boshea and Compass Marketing exchanged a number of drafts of the proposed Joint Pretrial Order. On May 24, 2023, counsel for Boshea sent the first draft of the proposed Joint Pretrial Order, which did not identify Scott as a potential witness at trial. *See* Exhibit 1 (Email from G. Jordan dated May 24, 2023 at 4:46 pm, with attachment).

12.     The following day, on May 25, 2023, counsel for Boshea sent a second draft of the proposed Joint Pretrial Order, which again did not identify Scott as a potential witness at trial. *See* Exhibit 2 (Email from G. Jordan dated May 25, 2023 at 10:26 am, with attachment).

13.     A day later, on May 26, 2023, counsel for Boshea sent a third draft of the proposed Joint Pretrial Order, which again did not identify Scott as a potential witness at trial. *See* Exhibit 3 (Email from G. Jordan dated May 26, 2023 at 3:42 pm, with attachment).

14.     Four days later, on May 31, 2023, counsel for Boshea sent a fourth draft of the proposed Joint Pretrial Order, and that too did not identify Scott as a potential witness at trial. *See* Exhibit 4 (Email from G. Jordan dated May 31, 2023 at 10:13 pm, with attachment).

15.     On June 1, 2023, while the parties were still operating under the June 2 deadline to file the various pretrial filings, including the proposed Joint Pretrial Order, counsel for Boshea sent a fifth draft of the pretrial order. For the first time, after four prior drafts of the proposed Joint Pretrial Order, and even though Boshea never identified Scott in any of his written discovery

---

[2] The filing deadline had been set for June 2, 2023, but, on June 2, 2023, it was extended to June 6, 2023 due to an hours long power outage that affected the Annapolis area on June 1 where Compass Marketing's counsel is based.

responses, Boshea identified Scott in his list of proposed witnesses as "expected to be called." *See* Exhibit 5 (Email from G. Jordan dated June 1, 2023 at 4:17 pm, with attachment).

16.     Compass Marketing noted its objections (verbally) to Scott being called as a witness at trial during the parties status conference with the Court on June 22, at which time the Court rescheduled the trial in this matter to begin on October 30, 2023.  At that time, the Court instructed Compass Marketing that it may file a motion to reopen discovery no later than July 14, 2023.  In response to that instruction, Compass Marketing files the instant Motion seeking to reopen discovery for the limited purposes of deposing Scott and Boshea.

17.     "The court has discretion in deciding whether to reopen discovery upon the request and a showing of good cause by a party." *InfoTek Corp. v. Preston*, 626 F. Supp. 3d 885, 896 (D. Md. 2022) (citing Fed. R. Civ. P. 16(b)(4)).  "'The primary consideration of the court in addressing whether 'good cause' has been shown under Rule 16(b) relates to the movant's diligence.'" *Id.* (quoting *Edwards v. Edwards*, Civil No. DKC-12-3761, 2014 U.S. Dist. LEXIS 54172, at *3 (D. Md. Apr. 18, 2014)).

18.     Prior to June 1, 2023, Compass Marketing was unaware that Scott may be called as a witness at trial in this matter.  Furthermore, Compass Marketing was unaware that Scott, its former General Counsel whose employment with Compass Marketing ended in or about May 2009, may have been contacted regarding this lawsuit and/or the alleged Agreement.

19.     Had Compass Marketing been aware that Scott would be identified as a witness for Boshea during or after discovery, Compass Marketing would have acted diligently and promptly in seeking to depose Scott.

20.     It only became clear to Compass Marketing that Boshea intended to call Scott as a witness on June 1, 2023, the day before the proposed Joint Pretrial Order was to be filed (which was subsequently extended to June 6, 2023).

21.     It is unclear to Compass Marketing whether Scott has already communicated with Boshea, but, to the extent that he has, it is imperative to know the context of any conversation(s) to ensure that information subject to the attorney-client privilege or any other information not appropriate for disclosure in an ex parte communication (whether knowingly or unknowingly) was disclosed. Rule 19-304.2 of the Maryland Attorneys' Rules of Professional Conduct [3] "does not impose an absolute bar preventing an attorney from contacting an organization's former employees," but, as this Court has stated "[t]o be clear, [a plaintiff] may not, by ex parte communication, contact former employees who possess confidential information." *Snodgrass v. Esper*, No. 18-cv-00450, 2020 U.S. Dist. LEXIS 166230, at *6 (D. Md. Sep. 3, 2020). Scott, by virtue of his position as former General Counsel, clearly possesses confidential information.

22.     While this situation is unusual (Compass Marketing seeking to depose its own prior General Counsel), courts have recognized "[w]hen [an] attorney is to be deposed as a fact witness, and the deposition seeks relevant, nonprivileged information, 'his or her deposition may be both necessary and appropriate.'" *Allen v. TV One, LLC*, Civil Action No. DKC 15-1960, 2016 U.S. Dist. LEXIS 169641, at *5 (D. Md. Dec. 8, 2016) (quoting *Carr v. Double T Diner*, 272 F.R.D. 431 (D.Md. 2010)). Further, while Compass Marketing recognizes that "all communications with in-house counsel are not necessarily privileged," *Allen*, 2016 U.S. Dist. LEXIS 169641, at *8,

---

[3] The United States District Court for the District of Maryland applies the Rules of Professional Conduct as they have been adopted by the Supreme Court of Maryland. *See* Local Rule 704 (D. Md. 2023).

"whether specific communications are privileged will also depend on the purpose and context for which they were made." *Id.* at *9.

23.     Under the circumstances, Compass Marketing should be permitted to reopen discovery to depose Scott.[4]

24.     In addition, as this Court has previously recognized, the testimony of a plaintiff "goes to the very heart of the case and [Compass Marketing as the Defendant in this case] cannot build an effective defense without it." *See, e.g.*, *Wake v. Amtrak*, No. PWG-12-1510, 2013 U.S. Dist. LEXIS 43392, at *10 (D. Md. Mar. 27, 2013).  Compass Marketing, however, has not had the opportunity to depose Boshea, the Plaintiff, in this case.  By being denied the opportunity to depose Boshea prior to trial,[5] Compass Marketing has been and will continue to be significantly prejudiced.  Boshea is the only person who is able to testify about the circumstances in which he allegedly executed the purported Agreement, how he belatedly found the alleged Agreement,[6] and the various markings/annotations on what he claims is the Agreement, among other details related to the execution and terms of the alleged Agreement.

25.     Under the circumstances, Compass Marketing also should be permitted to reopen discovery to depose Boshea as well.

---

[4] Compass Marketing anticipates that it will not need a lot of time to depose Scott.  Therefore, it is willing to offer to limit the length of Scott's deposition to four hours.

[5] Due to a multitude of reasons, explained more thoroughly in Compass Marketing's Opposition to Plaintiff's Motion to Extend Discovery and to Compel John White's Deposition (*see* ECF 103), Boshea was not deposed before the original discovery deadline.  When Compass Marketing sought leave to depose Boshea, Compass Marketing's request was denied.  *See* Paperless Order, ECF 109.

[6] In addition, numerous inappropriate email and other communications between Boshea and Dan and Mike White (the minority shareholders of Compass Marketing) came to light during discovery, where it appeared that the minority owners of Compass Marketing were collaborating with Boshea to try to assemble evidence against the company.  Dan and Mike White gave countless evasive answers to questions at their depositions, including questions related to their interactions with Boshea, but the Court denied Compass Marketing's motion to continue those depositions and get clarification on those evasive answers, in part because they were third parties.  Compass Marketing should have the opportunity to obtain discovery about those communications and various other issues related to Boshea's claim from Boshea himself, the Plaintiff in this litigation.

WHEREFORE, Defendant Compass Marketing respectfully requests that the Court grant this Motion and reopen discovery to conduct the depositions of Lawrence Scott and David Boshea.

## LOCAL RULE 104.7 CERTIFICATE

I HEREBY CERTIFY that on July 13, 2023, undersigned counsel for Defendant Compass Marketing, Inc. emailed Gregory Jordan, counsel for David Boshea. requesting to set up a telephone call to determine if David Boshea would consent to Compass Marketing, Inc.'s Motion to Reopen Discovery to Conduct the Depositions of David Boshea and Lawrence Scott.  Gregory Jordan replied to undersigned counsel's email stating that David Boshea would not consent to reopening discovery.

*/s/Shannon M. Hayden*
Shannon M. Hayden, Bar No.: 30380


Dated:  July 14, 2023                    Respectfully submitted,


*/s/Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  hayden@kaganstern.com

and

Brian A. Tollefson, Bar No. 16289
TOLLEFSON IP
326 First Street, #202
Annapolis, Maryland 21403
(Phone):  (443) 699-2450
Email:  brian@tollefsonip.com

*Counsel for Defendant/Counter-Plaintiff*
*Compass Marketing, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of July, 2023, the foregoing Motion to Reopen Discovery to Conduct the Depositions of David Boshea and Lawrence Scott was served via the CM/ECF system on the following counsel of record:

Thomas J. Gagliardo
Gilbert Employment Law, PC
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Email:  tgagliardo@gelawyer.com

Gregory J. Jordan
Mark Zito
Jordan & Zito, LLC
350 N. LaSalle Drive, Suite 1100
Chicago, Illinois 60654
Email:  gjordan@jz-llc.com

*Attorneys for Plaintiff*
*David Boshea*

*/s/ Stephen B. Stern*
Stephen B. Stern