## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID J. BOSHEA | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No. 1:21-CV-00309-ELH** |
| v. | * | |
| | * | |
| COMPASS MARKETING, INC. | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### DAVID J. BOSHEA'S RESPONSE IN OPPOSITION TO DEFENDANT, COMPASS MARKETING, INC.'S MOTION TO REOPEN DISCOVERY TO CONDUCT THE DEPOSITIONS OF LAWRENCE SCOTT AND DAVID BOSHEA

David J. Boshea, in response to Compass Marketing, Inc.'s Motion to Reopen Discovery to Conduct the Depositions of Lawrence Scott and David Boshea, states:

### INTRODUCTION

Compass asks the Court to reopen discovery for a third time. *See* Compass' motions filed at CM/ECF 81 and 106. Through its current motion, Compass seeks leave to depose Compass' former general counsel, Lawrence Scott, and once again asks the Court to allow it to obtain David Boshea's testimony. Whether Compass seeks Boshea's testimony solely concerning his communications with Scott or wants to depose him generally is unclear. Without regard to Compass' goals, it has not provided grounds for the Court's reconsideration of its previous rulings, so the Court should deny its request to depose Scott and Boshea.

## COMPASS HAS NOT ACTED IN GOOD FAITH
## THROUGHOUT THE DISCOVERY PROCESS

### COMPASS DID NOT DEPOSE BOSHEA DUE TO ITS OBSTRUCTION

The Court set December 1, 2021 as the initial discovery close. *See* June 29, 2021 Scheduling Order (CM/ECF 20). When the initial deadline loomed without Boshea having the opportunity to depose John White, Compass' CEO, Boshea filed a motion to extend the discovery deadline (CM/ECF 72), which Compass did not join. The Court granted Boshea's motion and extended the discovery close to January 14, 2021. *See* November 29, 2021 Order (CM/ECF 73).

Because of Compass' efforts, the discovery close came and went without Boshea deposing White. Although Boshea scheduled White's deposition three times before discovery closed, White did not sit for his deposition before the Court's deadline.

First, Compass unilaterally canceled the initial sitting due to its desire to depose White's brothers. Next, the parties scheduled White's deposition, which they continued because White claimed to have suffered from Covid-19 or Covid related symptoms. Again, after the parties rescheduled White's deposition for just before the discovery cutoff, White complained of Covid-19 or Covid related symptoms for a second time and canceled the depositions.

After the discovery cutoff, Compass moved to reopen discovery for the limited purpose of deposing White's brothers, but not Boshea or anyone else. Compass' goal in deposing White's brothers appeared primarily to concern a family dispute over Compass' operations unrelated to this lawsuit. The Court denied Compass' motion to further examine White's brothers. *See* February 3, 2022 Order (CM/ECF 92).

In 2022 and notwithstanding that Compass failed to present White for his deposition due to his claims of multiple bouts of Covid-19, Compass refused to submit White for examination. It

claimed Boshea lost the right to depose White because discovery had closed. Accordingly, Boshea

filed his Motion to Extend Discovery and to Compel John White's Deposition (CM/ECF 102).

The Court granted the motion, ruling:

> This matter is an easy one to resolve and is within the Court's discretion. Compass <u>maneuvered</u> the deposition dates of John White after agreeing to produce John White as a witness. Compass waited until the discovery deadline passed and then refused to produce the witness. Compass does not dispute this tactical maneuvering and does not dispute the facts set forth in Mr. Boshea's motion. See ECF No. 103 at 3 n.4. Mr. Boshea relied upon Compass' representations that John White would be available as a witness. The Court is satisfied with Mr. Boshea's representations that John White is a critical witness. Compass does not argue otherwise. The Motion (ECF No. 102) is GRANTED, and Compass is ORDERED to produce John White as a witness within 30 days of the date of this Order. The discovery deadline is extended for the sole purpose of deposing John White.
>
> April 19, 2022 Order (CM/ECF 105) (emphasis applied).

Notwithstanding the Court's admonishment of Compass for maneuvering discovery,

Compass filed a second motion to reopen discovery in which it sought to depose Boshea (CM/ECF

106). The Court denied the motion, stating:

> The Court is in receipt of ECF 106 -108. After reviewing the pleadings and this Courts related Order ECF 105, the Motion to Extend Discovery ECF 106 is DENIED. Compass Marketing manipulated the dates for deposition for John White to the detriment of Plaintiff Boshea. This Court allowed the extension of discovery solely to allow the deposition of John White. Compass Marketing has failed to establish and even address the issue of good cause to extend the discovery deadline to take the deposition of [David] Boshea. ECF 106 is DENIED.
>
> May 20, 2022 Order (CM/ECF 109).

## ARGUMENT

### THE COURT SHOULD DENY THE MOTION FOR FAILURE TO ESTABLISH THE GROUND REQUIRED BY RULE 60 OF THE F.R.C.P.

Although not stated directly, Compass' motion seeks a reconsideration of the Court's May

20, 2022 order under Rule 60 of the Federal Rules of Civil Procedure. In *Wells Fargo Bank, N.A.*

*v. AMH Roman Two NC, LLC*, 859 F. 3d 295 (4th Cir. 2017), the court noted the limitations placed

on a party seeking reconsideration under Rule 60.

> Rule 60(b) allows a court to "relieve a party ... from a final judgment, order or
> proceeding" on a limited number of grounds. Fed. R. Civ. P. 60(b). To prevail,
> a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of
> unfair prejudice to the opposing party, and (4) exceptional circumstances.
> *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).
> "After a party has crossed this initial threshold, [it] then must satisfy one of the
> six specific sections of Rule 60(b)." *Id.*
>
> *Id.* 859 F.3d at 299.

Compass bears the burden of demonstrating timeliness. "A party must make a Rule 60(b)

motion 'within a reasonable time,' Fed. R. Civ. P. 60(c)(1), and 'the movant bears the burden of

showing timeliness.'" *Wells Fargo Bank,* 859 F.3d at 300 (quoting *Moses v. Joyner*, 815 F.3d 163,

166 (4th Cir. 2016)). Compass has made no effort to explain why it waited for over a year to seek

a reconsideration of the order denying its motion seeking to require Boshea to sit for a deposition.

Compass cannot meet the timeliness requirement as nothing has changed regarding its desire to

depose Boshea since the discovery deadline and, indeed, not since it first sought the same relief.

Moreover, as noted below, White disclosed Scott as Compass' former general counsel at

his May 18, 2022 deposition. Yet, it did not seek his testimony until it filed its motion on July 14,

2023. Even if one were to believe Compass realized that Scott had knowledge of the events when

White testified regarding Scott's involvement (See Exhibit A – Excerpts of the May 18, 2022

Deposition of John White ("White Transcript")) in the creation of Compass Marketing, Inc.

Agreement Relating to Employment and Post-Compensation Competition ("Boshea's

Agreement") (CM/ECF 1-3), Compass failed to seek Scott's deposition for over a year. This delay

shows a lack of timeliness.

Further, White, Compass' CEO, signed Compass' discovery responses in this case (*See*

Defendant Compass Marketing, Inc's Answers to Plaintiff David J, Boshea's First Set of

Interrogatories at p 10, attached as Exhibit B) in which Boshea sought the identities of people with knowledge of the underlying facts. Compass knew or should have been aware of Scott's role regarding Boshea's Agreement from the outset. However, it withheld that information from Boshea until well after discovery closed.

Regarding the second factor, the existence of a meritorious defense, in seeking relief under Rule 60, Boshea will show at trial that Compass' expert admits that White has a wide variety of signatures. Because of that variety, Compass' defense rests on an expert who admits that White does not have an established signature. Similarly, Boshea's expert could not opine whether any signature was a proper exemplar of White's signature, including his signature on the subject agreement. Finally, the jury cannot rely on White's testimony since White admitted at his deposition that he has no recollection of the events occurring in 2007 concerning Boshea's Agreement.

After Compass manipulated and maneuvered the discovery process, granting the defendant the relief it seeks would unfairly prejudice Boshea, who, unlike Compass, has followed the Court's orders and complied with the Federal Rules of Civil Procedures' requirements. Boshea would suffer prejudice since granting the motion would reward Compass' bad behavior. Compass filed its motion only because Boshea learned that Compass hid Scott's role during discovery.

Finally, Compass has not claimed, nor can Boshea discern any exceptional circumstances beyond Compass' manipulation of the discovery process.

Even if Compass had made the initial showing necessary to be granted Rule 60 relief (which it has not), it must then satisfy the requirements of Rule 60(b):

> "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). In particular, Rule 60(b) allows a party to obtain relief from a final judgment based on the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

*Bank v. M/V "Mothership,"* 427 F. Supp. 3d 655, 660 (D. Md. 2019).

The Fourth Circuit delineated the constraints of the six factors as requiring extraordinary circumstances, which are not present here.

> Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6).[3] While this catchall reason includes few textual limitations, its context requires that it may be invoked in only "extraordinary circumstances" when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5). *See Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 n. 11, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)

*Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011)(footnote omitted).

Compass has not set forth facts in its motion that support grounds for reconsideration under any of the factors delineated in *Aikens*. On the contrary, none of the factors are present, and, in particular, Compass cannot claim mistake, inadvertence, surprise, or excusable neglect. In addition to its manipulation to take advantage of discovery deadlines, Compass acted in bad faith by failing to disclose Scott's involvement in the creation of Boshea's Agreement until its CEO, White, spilled the beans at his deposition, which only took place as a result of Boshea's motion (CM/ECF 102). The White Transcript (Exhibit A) shows he provided extensive testimony about Scott's role in drafting the parties' contract, so neither of the first two factors applies. Similarly, Boshea did nothing to prevent Compass from deposing Scott during the discovery period, so the third factor

has no application. Similarly, none of the remaining facts support the entry of an order reconsidering the prior ruling.

**AT HIS DEPOSITION, WHITE TESTIFIED EXTENSIVELY ABOUT SCOTT'S ROLE**

Boshea did not know of Scott's involvement until White sat for his deposition. The first portion of the excerpts from the White Transcript (Exhibit A) highlights a document produced in discovery in which White mentions that Compass had a general counsel who could write Boshea's Agreement, protect Boshea, and clarify everything. See White Transcript at 112:2 – 114:13 - concerning White's April 1, 2007 email to Boshea.

White testified that the general counsel was not White's brother but rather Scott, who White said he definitely copied on any offers of employment Compass made. *See* Exhibit A - White Transcript at 120:11 – 121:9.

White also testified regarding Scott's involvement in setting out the terms of Boshea's employment:

> Q.· ·Who else, other than David Boshea, would have knowledge? Not somebody who could look at a piece of paper because you're telling me that the paper is unreliable.· Is there anybody else who was employed or otherwise knew about the terms of David Boshea's employment, other than you and David Boshea, that you can identify?
>
> · · A.· ·Yes, it would be Lawrence Scott, the general counsel of the company.
>
> · · ·Q.· ·Okay. · And Lawrence Scott would know that terms of David Boshea's employment?
>
> · · A.· ·He likely drafted the terms, and I would have been copied on any emails regarding the offer itself.
>
> Exhibit A - White Transcript at 125:12 – 127:16,

White's testimony shows the depth of Compass' knowledge concerning Scott's involvement in drafting Boshea's Agreement. White testified similarly in the remaining excerpts from his deposition. *See* Exhibit A.

7

**BOSHEA SERVED INTERROGATORIES THAT COMPASS ANSWERED**
**WITHOUT DISCLOSING SCOTT'S KNOWLEDGE OF THE UNDERLYING EVENTS**

Boshea issued interrogatories at the outset of this lawsuit in which he asked Compass to identify people Compass believed had or may have had knowledge of the facts and circumstances.

> Interrogatory No. 1: Identify each person whom the Defendant believes has or may have knowledge of the facts and circumstances alleged in the Complaint, the Affirmative Defenses the Defendant filed in this action, or both. For each person so identified, describe the information and knowledge the Defendant believes such person possesses as to each of the Interrogatories set forth below.
>
> *See* Compass Answers to Boshea's First Set of Interrogatories dated August 9, 2021 at pp. 4-7, attached as Exhibit B.

Notwithstanding that White testified about Scott's substantial involvement in drafting Boshea's Agreement, Compass did not identify Scott as someone Compass believed had or may have had knowledge of the facts and circumstances alleged in Boshea's complaint. Instead, Compass identified twenty-five other potential witnesses, most of whom have little or no apparent information relevant to the lawsuit. Although White's testimony demonstrates he knew of Scott's role in the central issue in the case, Compass inexplicably declined to disclose Scott's involvement to Boshea. Notably, White signed the interrogatory answers knowing the responses did not reveal Scott as a person with knowledge.

**COMPASS CANNOT SHOW GOOD CAUSE FOR REOPENING DISCOVERY**

Putting aside the requirements of Rule 60, the question before the Court is whether Compass has even the slightest right to the discovery it seeks, which turns on whether good cause exists. "The court has discretion in deciding whether to reopen discovery upon the request and a showing of good cause by a party." *InfoTek Corp. v. Preston*, 626 F. Supp. 3d 885, 896 (D. Md. 2022) (citing FED. R. CIV. P. 16(b)(4)). Since Compass has not and cannot show good cause, the Court should deny the motion.

Compass must present a valid reason for needing to reopen discovery. Compass claims it needs to depose Scott because Boshea disclosed him as a witness in the pretrial order, which is incorrect. Compass' assertion ignores its prior knowledge of Scott and his role in creating Boshea's Agreement. Compass also ignores the reality that had it identified Scott as a witness in its answers to Boshea's interrogatories, either Boshea or Compass could have scheduled his deposition before discovery closed. Moreover, White identified Scott's role over one year ago, so its claim of good cause, because Boshea listed Scott as a witness, misstates the facts.

In its motion, Compass claims: "Had Compass Marketing been aware that Scott would be identified as a witness for Boshea during or after discovery, Compass Marketing would have acted diligently and promptly in seeking to depose Scott." Motion at ¶ 19. The facts recited above show a lack of diligence and promptness. Compass' statement elides the fact that, unlike Compass, Boshea was unaware of Scott's involvement in Boshea's Agreement or that Scott possessed information before the close of discovery. Boshea only learned of Scott's participation in drafting Boshea's Agreement when White disclosed Scott's role at his deposition.

Compass ignores the Court's reference to the need for a good reason to depose a third party. *See Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (cited in the February 3, 2022 Order (CM/ECF 92) referenced above) and has not shown a good reason why, while knowing of Scott's involvement throughout the case, it seeks his deposition only after its CEO disclosed his role:

Boshea identified Scott as a witness when his counsel reviewed White's testimony while preparing the pretrial order. Based on White's deposition testimony, the question arises as to whether Compass intentionally withheld Scott's role in drafting Boshea's Agreement. In its motion, Compass acknowledges Boshea's Agreement sits at the heart of the parties' dispute but

9

does not highlight Scott's role in drafting the agreement or Compass' knowledge of this fact. Because Compass' need to reopen discovery only arises because it abused the discovery process, no reasonable basis exists for its request.

**COMPASS HAS NO BASIS FOR OBTAINING LEAVE TO DEPOSE SCOTT**

In its motion, Compass claims it is unclear whether Boshea and Scott have communicated. They have not. Boshea and Scott have not spoken since Scott left Compass' employ many years before Compass terminated Boshea. While preparing the proposed pretrial order, Boshea's attorney reviewed White's deposition to designate testimony if White did not appear at the trial. A review of White's transcript reminded Boshea's counsel of White's testimony concerning Scott's involvement in drafting Boshea's Agreement. When Boshea's counsel contacted Scott, Boshea's attorney made clear that he had no interest in any attorney-client communications Scott may have had with anyone at Compass.

Scott's testimony will involve the existence of Boshea's Agreement, Scott's knowledge of its terms, and the execution of the document. In communicating with Scott, Boshea's counsel followed the requirements for dealing with former employees:

> These communications, however, are still governed by the MARPC. Plaintiff must (1) "ensure that the agent or employee is not an individual with whom communication is prohibited," (2) disclose[ ] to the individual the attorney's identity and the fact that the attorney represents a client who has an interest adverse to the organization," and (3) "not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person." MARPC 19-304.2; 19-304.4.
>
> As such, the potential fact witnesses are free to speak or decline to speak with Plaintiff's Counsel, contact Defense Counsel for representation, or otherwise engage private counsel.
>
> *Snodgrass v. Esper*, No. 18-CV-00450, 2020 WL 5265126, at *2 (D. Md. Sept. 3, 2020).

10

### BOSHEA HAS NOT AND WILL NOT SEEK TO PRESENT
### SCOTT REGARDING ANY CONFIDENTIAL MATTERS

Boshea has no interest in any discussions between White and Scott, any advice Scott provided to White or any other confidential information Scott possesses. Compass's motion evidences its belief concerning the existence of Boshea's Agreement as an essential part of this case. Boshea's counsel took information White provided after Compass had withheld it and followed up on that information by disclosing Scott as a witness at trial. Compass cites *Allen v. TV One, LLC*, No. CV DKC 15-1960, 2016 WL 7157420 (D. Md. Dec. 8, 2016), which by its terms does not preclude Boshea from seeking Scott's testimony at trial provided Scott possesses relevant, nonprivileged information. *Id.* Boshea is interested only in offering Scott's recollection of the facts concerning the creation and execution of the agreement, not any privileged communications between Scott and Compass.

Scott's deposition could have occurred before discovery closed, which presumes Compass had not chosen to withhold Scott's involvement in the creation and execution of Boshea's Agreement. While Compass claims it is necessary for it to depose its former general counsel, Scott, it neglects to mention that it could have done so by scheduling his deposition before the close of discovery or by disclosing his role and allowing Boshea to do so. Instead, it seeks to examine Scott regarding the extent of his role in the formation and execution of the agreement after discovery closed and after the Court denied Compass' previous motion to reopen discovery to take Boshea's deposition.

Much as Compass did previously, it maneuvered (*See* April 19, 2022 Order (CM/ECF 105)) and manipulated (*See* May 20, 2022 Order (CM/ECF 109)) information concerning Scott's role, which prevented Boshea, not Compass, from having the opportunity to depose Scott. Now that Boshea has uncovered Compass' deception, the Court should not reward Compass by granting

it leave to depose Scott. The underlying issue is not whether Boshea identified Scott as a witness in the pretrial order. Rather, the issue is why Compass knowingly withheld Scott's identity and role in the formation and execution of Boshea's Agreement.

**NO BASIS EXISTS FOR ALLOWING COMPASS TO DEPOSE BOSHEA**

Concerning Compass' need to conduct Boshea's deposition, Compass had ample opportunity to examine Boshea before discovery closed but declined to do so for its own reasons. The parties initially scheduled Boshea's deposition in October 2020, which Compass unilaterally canceled. The parties then scheduled the deposition of White for December 16, 2021, and Boshea for the following day. On the eve of Mr. White's testimony, Compass' counsel informed Boshea's attorney that White had been exposed to Covid-19 and was experiencing symptoms. As a result, the parties postponed White and Boshea's depositions. The parties rescheduled White and Boshea's depositions for January 13 and 14, 2022. On January 12, Compass' attorneys informed Boshea's counsel that White had again been exposed to Covid-19 and was experiencing symptoms. According to Compass' counsel, White's initial illness did not arise from exposure to Covid. Due to White's medical condition, the parties did not complete the depositions before the discovery deadline.

After discovery closed, Compass refused to present White for a deposition, arguing that the Court's discovery deadline had passed. Further, Compass did not attempt to depose Boshea until he filed, and the Court granted his motion compelling White's appearance at a deposition. Only then did Compass file a motion to compel Boshea's deposition, which the Court denied. As the Court ruled in its May 20, 2022 Order (CM/ECF 109), "Compass Marketing has failed to establish and even address the issue of good cause to extend the discovery deadline to take the deposition of [David] Boshea." Nothing has changed since that time.

"The court has discretion in deciding whether to reopen discovery upon the request and a showing of good cause by a party." *InfoTek Corp. v. Preston*, 626 F. Supp. 3d 885, 896 (D. Md. 2022) (citing FED.R.CIV. P. 16(b)(4)). In no sense does good cause exist.

WHEREFORE, David J. Boshea respectfully requests that this Court deny Compass Marketing, Inc.'s Motion to Reopen Discovery to Conduct the Depositions of Lawrence Scott and David Boshea and grant relief this Court deems just.

Dated:  July 28, 2023                          Respectfully submitted,

/s/Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

Counsel for David J. Boshea

**CERTIFICATE OF SERVICE**

Gregory Jordan certifies that he served David J. Boshea's Response in Opposition to Compass Marketing, Inc.'s Motion to Reopen Discovery to Conduct the Depositions of Lawrence Scott and David Boshea by service through the Court's CM/ECF system and by email to stern@kaganstern.com, hayden@kaganstern.com, and brian@tollefsonip.com on July 28, 2023.

/s/   Gregory J. Jordan
Gregory J. Jordan