# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

August 15, 2023

TO COUNSEL OF RECORD

Re: *Boshea v. Compass Marketing, Inc.,* ELH-21-309

Dear Counsel:

The Court is in receipt of Boshea's Motion to Reopen Discovery to conduct Depositions (ECF No. 179), Boshea's Response in Opposition (ECF No. 180) and Compass' Reply (ECF No. 183). The matters are fully briefed, and there is no need for a hearing. Loc.R. 105.7 (D.Md. 2021). For the reasons set forth below, the Motion to Reopen Discovery (ECF No. 179) is DENIED as to deposing Boshea and GRANTED as to deposing Scott as set forth below.

Defendant Compass asks the Court to Reopen discovery to conduct, once again, the deposition of Boshea and secondly the deposition of Lawrence Scott. This Court has previously DENIED Compass' motion to extend discovery to depose Boshea (ECF No. 106). The Court stands by its rulings and Compass has failed to provide good cause to reopen discovery which closed on January 14, 2022. Whether viewed as a motion to reopen discovery or for reconsideration of my prior Order (Fed. R. Civ. P. 60(b)) denying extending the discovery deadline to depose Boshea, no good cause has been shown for extending the deadline more than a year and a half after it closed. A schedule may be modified only for good cause and the judge's consent. Fed. R. Civ. P. 16(b)(4). "The primary consideration of the court in addressing whether 'good cause' has been shown under Rule 16(b) relates to the movant's diligence." *InfoTek Corp. v. Preston*, 626 F.Supp.2d 885, 896 (D.Md. 2022) (quoting *Edwards v. Edwards*, No. DKC-12-3761, 2014 WL 1573504, at *3 (D.Md. Apr. 18, 2014)). Here the Court has remarked repeatedly regarding the manipulations of Compass in discovery deposition dates and failure to act timely in compliance with the Court's scheduling order. Defendant was not previously diligent and nothing has changed.

With respect to reopening discovery regarding the Scott deposition Compass has shown good cause. Scott was disclosed as the former general counsel at White's deposition on May 18, 2022, fifteen months before the filing of this motion. At that time, Plaintiff had not disclosed Scott as a witness. Since Scott was General Counsel, it would be expected that attorney client privileged material would be at issue and Compass would not have expected his testimony at trial. Scott was not disclosed as a witness until the final draft of the Pretrial Order was submitted. Withholding disclosure until fifteen months after the discovery deadline provided an unfair advantage to Boshea. If Boshea intends to call Scott as a witness, Compass may depose Scott. The discovery deadline is extended solely to allow the deposition of Scott, which shall occur within fifteen days of this Order. If Boshea does not intend to call Scott as a witness, the discovery deadline will not be extended and the Motion will be DENIED. Compass may have a basis to exclude the testimony of Scott, *in limine* but if that motion is not granted, Boshea has gained an unfair advantage at trial.

*Boshea v. Compass Marketing, Inc.,* ELH-21-309
August 15, 2023
Page 2

Therefore, Defendant Compass Motion to Reopen Discovery (ECF No. 179) is DENIED as to Boshea's deposition and GRANTED as to Scott's deposition consistent with this Order. Despite its informal nature, this is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge