IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**COMPASS MARKETING, INC'S MOTION FOR LEAVE TO FILE
A MOTION IN LIMINE TO EXCLUDE LAWRENCE SCOTT AS A WITNESS AT TRIAL**

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Motion for Leave to File a Motion in Limine to Exclude Lawrence Scott as a Witness at Trial. In support, Compass Marketing states the following.

1. Pursuant to the Court's August 9, 2022 Order, motions in limine were to be filed "by the close of business on November 18, 2022." *See* ECF 115.

2. In accordance with that Order, on November 18, 2022, Compass Marketing filed two (2) motions in limine and Plaintiff David Boshea ("Boshea") filed four (4) motions in limine. On December 12, 2022, following a telephone conference, the Court entered an Order setting a hearing for the motions in limine to occur on March 10, 2023. *See* ECF 145 (December 12, 2022 Order). In that same Order, the Court ordered that the "proposed joint pretrial order; proposed joint voir dire; proposed joint jury instructions; and proposed joint verdict sheet are due by the close of business on May 26, 2023." *See id.* That date was later extended to June 2, 2023 by Order [ECF 163] and then again to June 6, 2023 by Order [ECF 165].

3. Prior to the June 6, 2023 filing of the proposed Joint Pretrial Order, counsel for Boshea and Compass Marketing exchanged a number of drafts of the proposed Joint Pretrial Order. In accordance with Local Rule 106.2, the parties included "[a] list for each party of the name, address, and telephone number of each witness . . . separately identifying those whom the party expects to present and those whom the party may call if the need arises." As Compass Marketing more fully explained in its Motion to Reopen Discovery to Conduct the Depositions of Lawrence Scott and David Boshea ("Motion to Reopen"), in the first four drafts of the Joint Pretrial Order, Boshea did not include Lawrence Scott ("Scott"), Compass Marketing's former General Counsel, in his list of proposed witnesses. *See* ECF 179 at 4-5. It was not until June 1, 2023 (while the parties were still operating the June 2, 2023 deadline to file the Joint Pretrial order), when Boshea sent the fifth draft of the Joint Pretrial Order, that Boshea first identified Scott as a trial witness and indicated that Scott was "expected to be called" to testify at trial. *See id.*

4. Compass Marketing noted its objections (verbally) to Scott being called as a witness at trial during the parties' status conference with the Court on June 22, 2023, at which time the Court rescheduled the trial in this matter to begin on October 30, 2023. At that time, the Court instructed Compass Marketing that it may file a motion to reopen discovery no later than July 14, 2023. *See* ECF 178 (June 23, 2023 Order).

5. Compass Marketing followed the Court's instructions and filed its Motion to Reopen on July 14, 2023. *See* ECF 179. The Motion to Reopen outlined, *inter alia*, that Scott had not been disclosed by Boshea as a witness during discovery and that, until the fifth and final draft of the Joint Pretrial Order exchanged by counsel for Boshea, Compass Marketing was unaware that Scott may be called as a witness or had even been contacted regarding this lawsuit. *See* ECF

2

179 at 4-5. Boshea filed a Response in Opposition on July 28, 2023 [ECF 180], to which Compass Marketing filed a Reply on August 11, 2023 [ECF 183].

6. On August 15, 2023, this Court found that Compass Marketing had shown "good cause" to reopen discovery and depose Scott, and granted Compass Marketing's Motion to Reopen with respect to Scott. In granting Compass Marketing the opportunity to depose Scott, the Court gave Compass Marketing fifteen (15) days from the date of the Order to conduct the deposition of Scott if Boshea intended to call Scott as a witness at trial. *See* ECF 184.

7. Notably, the Court found that "Scott was disclosed as the former general counsel at [John] White's deposition on May 18, 2022, fifteen months before the filing of [the Motion]," and, "[a]t that time, [Boshea] had not disclosed Scott as a witness." *See id.* As reflected in the Order, Boshea then waited fifteen months after the discovery deadline, and the last draft of the Joint Pretrial Order, before disclosing Scott as a witness, which "provided an unfair advantage to Boshea." *See id.*

8. In accordance with the Court's August 15, 2023 Order, counsel for Compass Marketing immediately reached out to counsel for Boshea to determine if Boshea intended to call Scott as a witness at trial. *See* Exhibit A-1 at 3 (Email from S. Hayden to G. Jordan dated August 15, 2023 at 2:00 p.m.). Counsel for Boshea informed counsel for Compass Marketing that Boshea "intends to seek Lawrence Scott's trial testimony." *See* Exhibit A-1 at 2 (Email from G. Jordan dated August 15, 2023 at 2:07 p.m.). Counsel for Compass Marketing then informed counsel for Boshea that Compass Marketing planned to take Scott's deposition on Tuesday, August 29, 2023 at 10:00 a.m. *See* Exhibit A-1 at 1 (Email from S. Stern to G. Jordan dated August 17, 2023 at 12:48 p.m.).

9. Compass Marketing then retained Freestate Investigations, LLC ("Freestate"), a private process server company to serve Scott with the Subpoena to testify at a Deposition in a Civil Action (the "Subpoena") that was specifically prepared for Scott. *See* Exhibit A-2 (Subpoena).

10. As expounded upon in Compass Marketing's proposed Motion in Limine to Exclude Lawrence Scott as a Witness at Trail ("Proposed Motion in Limine"), Freestate attempted to serve Scott eight times over a period of nine (9) days. *See generally* Exhibit A at 3-6 (Motion in Limine to Exclude Lawrence Scott as a Witness at Trial). Each attempt was unsuccessful.

11. Counsel for Compass Marketing even directly contacted Scott on two occasions - once by telephone call and once by email. *See* Exhibit A at 5. Counsel's phone call went unanswered and unreturned. Notably, Scott responded to counsel's email by stating, "This is a government email and not for personal use. Please refrain from sending personal communications to this email address. Thank you." *See* Exhibit A-5 (Email from L. Scott to S. Stern dated August 30, 2023 at 1:59 p.m.). Scott did not provide another method of communication.

12. Based on Compass Marketing's unsuccessful attempts to serve Scott with the Subpoena and otherwise communicate with him, Compass Marketing has not had an opportunity to depose Scott. As a result, and in accordance with the Court's August 15 Order [ECF 184], Compass Marketing now seeks leave of Court to file its Proposed Motion in Limine, which is attached to this Motion as Exhibit A.

13. Compass Marketing is aware that the deadline to file motions in limine has passed; however, good cause exists to allow Compass Marketing to file the Proposed Motion in Limine. *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the

4

judge's consent.").[1]  The "good cause" standard requires the movant to show "that, despite due diligence, it could not have brought the proposed claims in a reasonably timely manner." *Humane Soc'y of the United States v. Nat'l Union Fire Ins. Co.*, Civil Action No. DKC 13-1822, 2016 U.S. Dist. LEXIS 89326, at *6 (D. Md. July 11, 2016).

14. Here, Compass Marketing has shown that it could not have brought its Proposed Motion in Limine by November 18, 2022 because it did not know at that time that Scott was going to be identified by Boshea in his June 1, 2023 draft Joint Pretrial Order as a trial witness. Had Compass Marketing been aware, it would have filed an appropriate motion in limine sooner and consistent with the Court's scheduling for such motions. Following the late disclosure of Scott as a trial witness, Compass Marketing brought its objections to the Court's attention on June 22, 2023. *See* ECF 178. Compass Marketing then timely filed its Motion to Reopen on July 14, 2023. *See* ECF 179. After the Court granted Compass Marketing's Motion to Reopen, Compass Marketing diligently tried to serve Scott with the Subpoena. Compass Marketing ultimately was unsuccessful, necessitating the filing of this Motion for Leave requesting the opportunity to file the attached Proposed Motion in Limine.

15. Under these circumstances, Compass Marketing requests that the Court grant this Motion for Leave and accept the Proposed Motion in Limine for consideration.

---

[1] Compass Marketing recognizes that Order [ECF 115] setting the motions in limine deadline is not the Scheduling Order in this case, but, because it is an Order setting a schedule, Compass Marketing is applying the standard to modify a Scheduling Order.

Dated:  September 14, 2023					Respectfully submitted,


							*/s/Stephen B. Stern*
							Stephen B. Stern, Bar No.: 25335
							Shannon M. Hayden, Bar No.: 30380
							KAGAN STERN MARINELLO & BEARD, LLC
							238 West Street
							Annapolis, Maryland 21401
							(Phone): (410) 216-7900
							(Fax):  (410) 705-0836
							Email:  stern@kaganstern.com
							Email:  hayden@kaganstern.com

							and

							Brian A. Tollefson, Bar No. 16289
							TOLLEFSON IP
							326 First Street, #202
							Annapolis, Maryland 21403
							(Phone):  (443) 699-2450
							Email:  brian@tollefsonip.com

							*Counsel for Defendant/Counter-Plaintiff*
							*Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 14th day of September, 2023, the foregoing Motion for Leave to File a Motion in Limine to Exclude Lawrence Scott as a Witness was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo<br>Gilbert Employment Law, PC<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, Maryland 20910<br>Email: tgagliardo@gelawyer.com | Gregory J. Jordan<br>Mark Zito<br>Jordan & Zito, LLC<br>350 N. LaSalle Drive, Suite 1100<br>Chicago, Illinois 60654<br>Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*


                                        */s/ Stephen B. Stern*
                                        Stephen B. Stern