# United States District Court
## District Of Maryland

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

September 26, 2023

MEMORANDUM TO COUNSEL

Re: *David J. Boshea v. Compass Marketing, Inc.*
Civil Action No. 21-cv-00309

Dear Counsel:

As you know, by Letter Order of August 15, 2023 (ECF 184), Judge Copperthite granted in part and denied in part defendant's "Motion to Reopen Discovery to Conduct the Depositions of Lawrence Scott and David Boshea" (ECF 179). Specifically, Judge Copperthite stated, ECF 184 at 1:

> With respect to reopening discovery regarding the [Lawrence] Scott deposition Compass has shown good cause. Scott was disclosed as the former general counsel at White's deposition on May 18, 2022, fifteen months before the filing of this motion. At that time, Plaintiff had not disclosed Scott as a witness. Since Scott was General Counsel, it would be expected that attorney client privileged material would be at issue and Compass would not have expected his testimony at trial. Scott was not disclosed as a witness until the final draft of the Pretrial Order was submitted. Withholding disclosure until fifteen months after the discovery deadline provided an unfair advantage to Boshea. If Boshea intends to call Scott as a witness, Compass may depose Scott. The discovery deadline is extended solely to allow the deposition of Scott, which shall occur within fifteen days of this Order. If Boshea does not intend to call Scott as a witness, the discovery deadline will not be extended and the Motion will be DENIED. Compass may have a basis to exclude the testimony of Scott, *in limine* but if that motion is not granted, Boshea has gained an unfair advantage at trial.

On September 14, 2023, defendant filed a "Motion for Leave to File a Motion in Limine to Exclude Lawrence Scott as a Witness at Trial." ECF 187 ("Motion for Leave"). Defendant also filed a "Motion in Limine to Exclude Lawrence Scott as a Witness at Trial." ECF 187-1 ("Motion in Limine"). On September 15, 2023, this Court granted defendant's Motion for Leave (ECF 187), "provided, however, that by 9/25/23, plaintiff may move to rescind this Order as improvidently granted." ECF 188. On September 25, 2023, plaintiff filed a "Motion to Vacate September 15, 2023 Order Granting Motion in Limine." ECF 189 ("Motion to Vacate").

Plaintiff's Motion to Vacate (ECF 189) seems to characterize my Order of September 15, 2023 (ECF 188) as granting defendant's Motion in Limine. This is not correct. The Order of

September 15, 2023 (ECF 188) merely granted leave to defendant to file its motion in limine. The Motion in Limine itself is still pending. Therefore, I shall construe plaintiff's Motion to Vacate as an opposition to the Motion in Limine.

Both defendant's Motion in Limine and plaintiff's Motion to Vacate detail the parties' difficulties in deposing Lawrence Scott. Specifically, defendant asserts that, following the Letter Order of August 15, 2023, defendant's private process server "attempted to serve Scott eight times over a period of (9) days" to inform him of his upcoming deposition. ECF 187. Plaintiff also maintains that he had difficulty in serving Scott with a subpoena to attend the deposition, only reaching him on September 25, 2023. ECF 189 at 2. However, plaintiff states that he still plans to call Scott as a witness at trial, despite the fact that defendant has not yet had an opportunity to depose Scott. *Id.* at 2. Plaintiff also states that he expects Scott to appear for defendant's upcoming deposition via Zoom, scheduled for September 28, 2023. *Id.* at 2.

I agree with Judge Copperthite that "[i]f Boshea intends to call Scott as a witness, Compass may depose Scott." ECF 184 at 1. Moreover, if Compass is unable to depose Scott and Scott is allowed to testify at trial, "Boshea has gained an unfair advantage at trial." *Id.*

Accordingly, counsel are directed to advise the Court by September 29, 2023, as to whether defendant was able to depose Scott on September 28, 2023.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge