**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAVID J. BOSHEA                                    *

          Plaintiff                        *

          v.                                *

                                Civil No. ELH-21-00309

COMPASS MARKETING, INC.                    *

          Defendant                     *

*       *       *       *       *       *       *       *       *       *       *

**PRELIMINARY JURY INSTRUCTIONS**

      Members of the jury, we now begin the trial of the case that you heard about during the process of jury selection.  At the close of the evidence in this case, I will thoroughly explain the elements of the claims that the plaintiff has brought against the defendant.  Before the trial begins, however, there are certain instructions you should have in order to better understand the case which is to be presented to you.

      At the conclusion of the case, I will instruct you on the law as it applies in this case.  If anything I say then differs from anything I say now, what I say at the close of the case controls.  Your job will be to apply the law to the facts as you determine them to be.  You are the sole judges of the facts, and nothing I say or do should influence your decision as to what those facts are.  After your deliberations, you will return a verdict.

      You may have noticed that only ___ jurors were selected.  In this Court,

fewer than 12 people may sit on juries for civil actions.

Overview of the Case

This is a civil suit for money damages.  The plaintiff, David J. Boshea, has sued defendant Compass Marketing, Inc. ("Compass"), for breach of contract and for violation of a Maryland statute called the Maryland Wage Payment and Collection Law.  In particular, Mr. Boshea, a former employee of Compass, claims that Compass owes him $540,000 in damages for breach of a severance agreement. Compass denies that it entered into a severance agreement with plaintiff. Moreover, Compass claims that the signature on the alleged agreement, purporting to be that of John White, the CEO of Compass, is a forgery.

The trial will proceed in the following way.  You will first hear opening statements by the plaintiff.  Each party has the right to make an opening statement for the purpose of outlining for you what the party expects to prove.  The plaintiff will make the first opening statement and then the defendant's lawyers may choose whether to make an opening statement.  These opening statements are not evidence in the case.

The plaintiff will then present evidence.  After the plaintiff has presented its case, through witnesses and exhibits, the defendant will then have an opportunity to present evidence.  Each witness is first examined by the party who calls the witness to testify and then the opposing parties are permitted to cross-examine the

witness.

## Evidence:  Consists of Testimony and Exhibit

At the end of the case, it will be your duty to evaluate the evidence and to determine the facts based solely on the evidence presented in the case.  You are the sole judges of the facts, which must be determined based only on the evidence you saw or heard in the courtroom.

The evidence consists of the physical exhibits, such as documents or objects, which are admitted into evidence; stipulations between the parties, if any; facts that I have judicially noticed, if any; and testimony.  Testimonial evidence comes from the testimony that witnesses give in court, under oath, and sometimes by depositions, also under oath.  It will be your job to weigh and assess the credibility of all the witnesses, to decide whether each witness is telling the truth, in whole, in part, or not at all.

Some of the witnesses may be received as experts in certain fields.  It will be your job to decide whether or not to credit their opinions, in whole, in part, or not at all.

## Direct Versus Circumstantial Evidence

There are two types of evidence, direct and circumstantial, and both are admissible and can be considered by you.  Many people think circumstantial

evidence is not as reliable as direct evidence, but that is not necessarily true.  You may rely on it just as much as you rely on direct evidence.

Direct evidence is evidence where a witness tells you that he or she directly observed something with his or her senses, and thus has personal, firsthand knowledge of the matter about which he is testifying.  For example, the witness may testify that he saw a deer on the road.  This is direct evidence that there was, in fact, a deer on the road.

Circumstantial evidence is evidence which flows from a logical inference from a known, observed fact.  For example, the witness may say that he did not look outside last night, but he saw somebody come in the door from the outside; that person had an umbrella; and both the person and the umbrella were wet, with water all over them.  This is circumstantial evidence that it was raining.  You are free to make such logical inferences in your determination of the facts in this case.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience from an established fact the existence or the nonexistence of some other fact.  Circumstantial evidence is of no less value than direct evidence.  As a general rule, the law makes no distinction between direct and circumstantial evidence.

During the trial the lawyers may make objections to the introduction of evidence, or make motions concerning the law.  Arguments in connection with

objections or motions are not evidence, and are usually made out of the hearing of the jury.  This is because questions of law and questions as to the admissibility of evidence do not involve the jury; they are matters to be decided by the judge.

Please understand that it is the duty of the lawyers to make objections and motions which they believe are proper.  You should not be influenced by the fact that objections were made or by the number of objections which are made.  And, you should draw no conclusions from my rulings, either as to the merits of the case or as to my views regarding any witness or the case itself.

After the conclusion of the evidence, counsel will make their closing arguments.  In their arguments, they will point out to you what they contend the evidence has shown and the conclusions they would like you to draw from the evidence.  Plaintiff's counsel will make the first closing argument, then the defendant's lawyer will make a closing argument.  After the defendant's argument, the plaintiff's attorney will have an opportunity to make an argument in rebuttal to defense counsel's argument.

What the lawyers say in their opening statements, in their closing arguments, and in making objections or motions during the trial, is not evidence.  The reason the plaintiff goes first in each instance is because it is the plaintiff who has the burden of proof.

After closing arguments, I will instruct you in detail as to the law which is applicable to this case.  You must follow and apply the law as I will explain it to you.

For now, to help you to understand the presentation evidence, I will outline briefly the elements of plaintiff's claims.  As I said, I will provide more detail in my instructions at the end of the case.

<u>Plaintiff's Claims</u>

Plaintiff Boshea claims that Compass breached a contract between the parties for a severance payment.  Defendant Compass denies the existence of the contract. In addition, Compass contends that the signature on the agreement, purporting to be that of John White, CEO of Compass, was forged.

A contract is an agreement creating rights or obligations between two or more parties. It is a promise or set of promises for breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty.

A contract may be oral or written or established by conduct.  But, each party must agree to be bound by its terms.

To prevail, plaintiff must prove the following elements, by a preponderance of the evidence:

1.  The existence of a contract, including its essential terms; and

2.  that Compass breached a duty created by the contract.

The plaintiff also claims that the defendant violated the Maryland Wage Payment and Collection Law.

Under the Maryland Wage Payment and Collection Law, an employer must pay an employee all wages that the employee earned for work that the employee actually performed before the termination of employment.

Under the Maryland Wage Payment and Collection Law, wages include bonuses, commissions, fringe benefits, overtime wages, or any other remuneration promised for service.

A "bona fide dispute" is "'a legitimate dispute over the validity of the claim or the amount that is owing[]' where the employer has a good faith basis for refusing an employee's claim for unpaid wages."

If you find that the defendant withheld wages from the plaintiff, you must then determine whether the defendant withheld those wages as a result of a bona fide dispute.

<u>Admonitions</u>

After my instructions as to the law, you will retire to the jury room and begin your deliberations.  It will then be your function and responsibility to decide the facts. You must base your factual findings only upon the testimony, the exhibits received, into evidence, the stipulation[s] of the parties, if any, and any conclusions which may fairly be drawn from the evidence.

7

This case may take one week to conclude.  That is an estimate, not a promise. Generally, we sit each day from 9:30 to 4:30 or 5:00.  There are exceptions, however, such as for jury deliberations.  I will keep you posted about the schedule as much as possible.

During the trial, there will be recesses and adjournments of court when you will be excused.  From this point forward, until the case is over and you have rendered your verdict, you may not discuss the case with anyone or allow anyone to discuss the case with you.  This includes your family and friends.  Nor may you even discuss the case with each other during the trial.  You must wait until after you have heard all of the evidence, closing arguments, and my instructions as to the law, and the case is formally submitted to you.

Until the trial is over, you must avoid all contact of any kind with any of the participants in the trial.  This includes the parties, the lawyers, the witnesses, and any persons whom you see in close contact with these individuals.  You may not talk to them under any circumstances.  The only time you are permitted to discuss or consider the case is when it is submitted to you for your final consideration, that is, after all of the witnesses have testified, the lawyers have made their closing arguments, and the Court has instructed you on the law.

In fairness to the parties, you should keep an open mind throughout the trial. You must reach your final conclusions only during your deliberations, which occurs,

again, after you have heard all of the evidence, the lawyers' closing arguments, and my instructions as to the law.

Note Taking

If you wish to take notes during the course of the trial, you may do so.  If you do take notes, do not allow your note taking to interfere with your ability to listen to the evidence and to observe the witnesses.  And, do not discuss your notes or share them with any juror or other person before or during your deliberations.  Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  The fact that a particular juror has taken notes does not entitle that juror's views to greater weight than those of any other juror.  At the end of each day, you should hand your notes to the courtroom clerk, who will return them to you the following day.

If you choose not to take notes, remember that it is your own individual responsibility to listen carefully to the evidence.  You cannot give this responsibility to someone who is taking notes.  We depend on the judgment of all members of the jury; you all must remember the evidence in this case.

Evidence Consists Solely of What Occurs in This Courtroom

You must not be influenced by anything you may have seen or heard outside the courtroom regarding this case.  You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means

9

that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. You must not try to find out information from any source outside the confines of this courtroom.

As I said, until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, tablets, computers, the internet, and other tools of technology. You must not use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, Twitter, through any blog or website, including Facebook, LinkedIn, or YouTube. You may not use any social media in connection with this case, even if I have not specifically mentioned it here. I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

I do not anticipate news coverage of this case. Nonetheless, if there should be any, you are instructed not to read, listen to, or watch news media reports concerning

the case. Do not visit the scene of any place mentioned in the testimony or seek advice from friends or family as to any issues in this case.

Again, the only evidence you may consider is the evidence that is admitted in this courtroom during the trial.  At the end of the case, I will give you the controlling instructions on the law, which you are bound to follow when you retire to the jury room to deliberate.

When you do deliberate in this case, you will not receive a copy of the trial transcript in this case.  Thus, your recollection of the evidence controls.

You probably have many other questions that you may be wondering about, and I will try to answer them up front:

A. You will not be sequestered in a hotel during this trial.  You will be free to go home at the end of the day.

B. You will be able to leave the courthouse for lunch.

C. From time to time, I will have to attend to matters in other cases, which may affect our schedule.  I apologize in advance for any inconvenience.