IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID J. BOSHEA,
   *Plaintiff.*

v.

COMPASS MARKETING, INC.,
   *Defendant.*

Civil No. ELH-21-00309

## MEMORANDUM

This case concerns a dispute between plaintiff David Boshea and defendant Compass Marketing, Inc. ("Compass") with respect to an alleged severance agreement. Compass and its CEO, John White, dispute the validity of the agreement and contend that White's signature on the severance agreement was forged.

The case is scheduled to proceed to a jury trial beginning on October 30, 2023. Accordingly, the Court held a pretrial conference on October 13, 2023.

At the pretrial conference, the Court addressed various trial-related matters with counsel and reviewed portions of the parties' proposed "Joint Pretrial Order," filed on June 6, 2023. ECF 173 ("PTO"). Of relevance here, on page fourteen of the PTO, counsel for defendant asked the Court to take judicial notice with respect to a ruling made by the Circuit Court for Anne Arundel County on March 23, 2023, in a defamation case involving persons who are not parties to this case. The ruling concerned George White and Michael White, relatives of John White, in the case of *George White v. Ronald Bateman*, Case C-02-cv-21-000778.

In particular, ECF 173 at 14, ¶ 1 states: "Compass Marketing asks that the Court take judicial notice that, on March 23, 2023, George White and Michael White, who were Compass Marketing's network administrators, were found by the Circuit Court of Maryland for Anne

Arundel County to have accessed the company's network after their employment ended." The PTO does not contain any objection by plaintiff to the request. However, at the pretrial conference, plaintiff lodged an objection. Therefore, the Court asked defense counsel to submit a copy of the transcript of the State court proceedings held on March 23, 2023.

On October 18, 2023, defendant filed a "Request for Judicial Notice" (ECF 196, the "Motion"). In the Motion, Compass again asked the Court to "take judicial notice that, on March 23, 2023, George White and Michael White, who were Compass Marketing's network administrators, were found by the Circuit Court for Anne Arundel County to have accessed the company's network after their employment [with Compass had] ended." *Id.* ¶ 2 (citation omitted). The Motion is supported by the requested transcript of proceedings in the Circuit Court for Anne Arundel County on March 23, 2023. *See* ECF 196-1.

Also on October 18, 2023, the parties filed an Amended Joint Pretrial Order. ECF 195 ("Amended PTO"). In the Amended PTO, Compass renewed its request that "the Court take judicial notice that the Circuit Court for Anne Arundel County made a finding that 'immediately following his resignation [from Compass Marketing] George White and Michael [White] still had access to the [Compass Marketing] network.'" *Id.* at 13 (quoting transcript, ECF 196-1 at 14) (alterations in ECF 196). But, unlike ECF 173, ECF 195 notes the objection of the plaintiff. *Id.* at 13 n.5.

On October 19, 2023, plaintiff filed a "Response to Compass Marketing, Inc.'s Motion for Miscellaneous Relief and Request That the Court Take Judicial Notice." ECF 199. He argues, *inter alia*, that it would be inappropriate for the Court to take judicial notice under Rule 201 of the Federal Rules of Evidence ("F.R.E."). *Id.* ¶ 3. Boshea explains that the State case involved a claim of defamation. *Id.* ¶ 2. And, he disputes the defendant's construction of the State court's

2

comment, asserting, *id.* ¶ 6: "The context of the statement in the proceedings may be read as the court finding that George White did not meet his burden of showing that Ronald Bateman defamed him."

Additionally, Boshea argues that Compass has had seven years to prove that George and Michael White had access to the Compass network (*id.* ¶ 7); the transcript statement is mere "dicta" (*id.* ¶ 8); and "[t]aking judicial notice would unfairly prejudice David Boshea by allowing the finding, which is not central to the issue of whether David Boshea is entitled to receive a severance payment, to overshadow the case." *Id.* ¶ 10. Further, plaintiff argues that "George White is not a material witness in these proceedings" (*id.* ¶ 12; *see id.* ¶ 13) and that "judicial notice of Michael White's purported access to Compass' records" would be "completely unreliable and prejudicial." *Id.* ¶ 14; *see id.* ¶¶ 15, 16.

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I.     Procedural Background

Defendant's Motion relates to an evidentiary issue at trial. Therefore, I will construe it as a motion in limine.

By Order of August 9, 2022 (ECF 115), the Court set a deadline of November 18, 2022, for the filing of motions in limine. And, both sides timely filed motions in limine. *See* ECF 119, ECF 120, ECF 121, ECF 122, ECF 124, and ECF 125. Thereafter, on March 10, 2023, the Court held a hearing on the motions in limine. ECF 158. And, the Court resolved the motions by Memorandum Opinion and Order of March 31, 2023. ECF 160, ECF 161.

At that time, trial was set to begin on July 31, 2023. ECF 145. And, on June 6, 2023, in anticipation of that trial, and as required by the Court, the parties filed, *inter alia*, the PTO. ECF

173.  However, following the Court's telephone conferences with counsel on June 13, 2023, and June 22, 2023 (*see* Docket), and by Order of June 23, 2023 (ECF 178), the Court rescheduled the trial date to October 30, 2023.  In addition, the Court rescheduled the pretrial conference for October 13, 2023.  *See id.*

On October 18, 2023—just twelve days before trial—defendant filed its Motion.  ECF 196.  Understandably, Compass did not raise the matter of judicial notice when motions in limine were due, because the State court ruling had not yet occurred.  However, the ruling in the Circuit Court for Anne Arundel County was made months ago—on March 23, 2023.

Notably, the first mention of the matter at issue appears on page fourteen of the PTO, filed on June 6, 2023.  ECF 173.  As indicated, the PTO does not include an objection by plaintiff.  In any event, because the trial was postponed as of June 23, 2023, there was no need for the Court to review ECF 173 with counsel at that time.  Compass has not explained its delay in presenting the Motion to the Court on October 18, 2023.

## II.    Discussion

### A.  Motions in Limine

As indicated, the defendant's request is, in effect, a motion in limine.  "A motion in limine is a request for guidance by the court regarding an evidentiary question."  *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984).  The purpose of a motion in limine is "'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence.'"  *United States v. Slagle*, SAG-15-392, 2015 WL 5897740, at *1 (D. Md. Oct. 6, 2015) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)).

Notably, "motions in limine are meant 'to streamline the case for trial and to provide guidance to counsel [and the parties] regarding evidentiary issues.'" *Osei v. Univ. of Maryland Univ. Coll.*, 202 F. Supp. 3d 471, 479 n.5 (D. Md. 2016) (quoting *Adams v. NVR Homes, Inc.*, 141 F. Supp. 2d 554, 558 (D. Md. 2001)), *vacated and remanded on other grounds*, 710 Fed. Appx. 593 (4th Cir. 2018). Such motions help to streamline a case, because they enable "'a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'" *INSLAW, Inc. v. United States*, 35 Fed. Cl. 295, 303 (1996) (citation omitted); *see Changzhou Kaidi Elec. Co., Ltd. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (motions in limine "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions'" (internal quotation omitted)).

However, evidentiary rulings prior to trial are generally preliminary or tentative, made in the discretion of the court, for the purpose of assisting in preparation for trial. *Luce*, 713 F.2d at 1239–40; *see Adams*, 141 F. Supp. 2d at 558 ("A ruling on a motion in limine is no more than a preliminary or advisory opinion that falls entirely within the discretion of the district court."). When the evidence is actually offered at trial, the trial court may change its ruling. *Luce*, 713 F.2d at 1239.

A judge may defer an issue for trial, or make a definitive or final ruling on the merits. K. Broun, et al., *McCormick on Evidence*, § 52 at 353–54 (7th ed. 2013). If the Court makes a "definitive ruling" before trial, under F.R.E. 103(b), the non-prevailing party "need not renew an objection or offer of proof to preserve a claim of error for appeal." *See* C. Wright and K. Graham, *Federal Practice and Procedure, § 5037.16*, at 800 (2d ed. 2005). Generally, courts should grant a motion in limine that bars the introduction of evidence "only when the evidence is clearly inadmissible on all potential grounds." *Dorman v. Anne Arundel Med. Ctr.*, MJG-15-1102, 2018

WL 2431859, at *1 (D. Md. May 30, 2018) (quoting *Emami v. Bolden*, 241 F. Supp. 3d 673, 681 (E.D. Va. 2017)).

"'A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules.'" *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)). Under F.R.E. 402, "[r]elevant evidence is admissible" unless rendered inadmissible pursuant to some other legal provision, but "[i]rrelevant evidence is not admissible." And, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401.

Relevant evidence is not always admissible, however. Under F.R.E. 403, even if the evidence is relevant, the court "may exclude [it] if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See also United States v. Gondres-Medrano*, 3 F.4th 708, 719 (4th Cir. 2021).

Notably, "'[w]here evidence is probative, 'the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly.'" *United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023) (citations omitted) (alteration in *Miller*); *see also United States v. Udeozor*, 515 F.3d 260, 264–65 (4th Cir. 2008); *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008). In *Miller*, 61 F.4th 426, a criminal case, the Fourth Circuit characterized Rule 403 as setting a "high bar" for exclusion. *Id.* at 429. To exclude evidence, "it must be unfairly prejudicial." *Id.* And, the court "'will find undue prejudice only if there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence.'" *Gioiso v. Thoroughgood's Transport, LLC*, ADC-16-

3841, 2018 WL 5281903, at *3 (D. Md. Oct. 24, 2018) (quoting *Adams*, 141 F. Supp. 2d at 558); *see also United States v. Powers*, 59 F.3d 1460, 1468 (4th Cir. 1995).

As noted, the Motion was filed after the Court's deadline for the filing of motions in limine. The Court's deadline for motions in limine was, in effect, a type of scheduling order. Scheduling orders serve a vital purpose in helping a court to manage its civil caseload. *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985); *see also Naughton v. Bankier*, 114 Md. App. 641, 653, 691 A.2d 712, 718 (1997) (recognizing that a scheduling order helps "to maximize judicial efficiency and minimize judicial inefficiency"). A scheduling order is an important vehicle in "'securing the just, speedy, and inexpensive determination of every action.'" *Miller v. Transcend Servs., Inc.*, LPA-10-362, 2013 WL 1632335, at *4 (M.D.N.C. Apr. 16, 2013) (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D.W. Va. 1995)).

To be sure, Fed. R. Civ. P. 16 "recognize[s] . . . that the parties will occasionally be unable to meet . . . deadlines [in a scheduling order] because scheduling order deadlines are established relatively early in the litigation." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004) (citation omitted). But, a filing made after a deadline set forth in a court's scheduling deadline amounts to a request for modification of the scheduling order, which "may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4).

Under Rule 16(b)(4), a movant must demonstrate good cause to satisfy the requirement for a modification of the scheduling order. *See Faulconer v. Centra Health, Inc.*, 808 Fed. App'x 148, 152 (4th Cir. 2020); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Wonasue*, 295 F.R.D. at 106–07; *see also United States v. Hartford Accident & Indem. Co*., JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016) ("The burden for demonstrating good cause rests on the moving party."). The "'touchstone'" of Rule 16(b)(4)'s "good cause requirement is

7

'diligence.'" *Faulconer*, 808 F. App'x at 152 (citation omitted). "[O]nly diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Id.* at 152; *accord Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'") (citation omitted).

With respect to a request for modification, courts consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014). However, "'[i]f the movant has not been diligent in meeting the scheduling order's deadlines,' then other factors . . . generally will not be considered.'" *Faulconer*, 808 Fed. App'x at 152 (quoting *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017)).

It is obvious that Compass could not have met the original deadline for motions in limine as to the issue here, because the Circuit Court for Anne Arundel County had not yet made its ruling by the time the motions in limine were due. But, what is not obvious is the reason for defendant's inordinate delay in bringing the issue to the Court after the ruling was made on March 23, 2023.

Nonetheless, I will consider the merits of the Motion.

### B.  Judicial Notice

"[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). However, under F.R.E. 201, a court may take judicial notice of adjudicative facts only if they are "not subject to reasonable dispute," in that they are "(1) generally

known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Of relevance here, "a court should not take judicial notice of 'any specific factual finding, legal reasoning, or legal conclusion' from another case, as it would be 'inappropriate under Federal Rule of Evidence 201(b).'" *Corbitt v. Baltimore City Police Dep't*, RDB-20-3431, 2023 WL 3793997, at *6 (D. Md. June 2, 2023) (quoting *United States v. Daley*, 378 F. Supp. 3d 539, 546–47 (W.D. Va. 2019)).  Moreover, a court's finding resulting from a party's failure to meet a burden of proof does not establish the finding of a "fact" of which other courts may take judicial notice. *Corbitt*, 2023 WL 3793997, at *5 ("In taking judicial notice of records from prior judicial proceedings, 'generally, a court will recognize only indisputable court actions, such as the entry of a guilty plea or the dismissal of a civil action.'") (quoting *Daley*, 378 F. Supp. 3d at 547).

In the State defamation case, the judge stated, ECF 196-1 at 13–14 (emphasis added):

> Next, I'll address Mr. Bateman's statements that Mr. [George] White continued to access and assert control over Compass Marketing's compassmarketinginc.com domain after his employment with the company ended. This Court finds that Mr. White has **failed to meet his burden of proof that these statements are false**.
>
> There is significant dispute between the parties regarding Mr. White's actions following his resignation from Compass Marketing.  **This Court finds that immediately following his resignation George White and Michael White still had access to the network and several Compass Marketing employees were denied access to their compassmarketinginc.com emails after Mr. White ended his employment with Compass Marketing.**
>
> Mr. White strongly denies these allegations; however, his denial is not enough to establish by a preponderance of the evidence that Mr. Bateman's statements were false.  Mr. White **failed to present credible evidence proving that the statements were false the Court finds**.

The circuit court recognized that there was a "significant dispute between the parties regarding Mr. White's actions following his resignation from Compass Marketing." *Id.* at 14:4–

9

6. As the parties here note, facts that are significantly disputed are not appropriate for judicial notice. ECF 196, ¶¶ 6, 8; ECF 199, ¶¶ 3, 14. Under the rationale of *Corbitt*, 2023 WL 3793997, at *6, it would be inappropriate to take judicial notice of the circuit judge's legal reasoning or legal conclusions, which is precisely what Compass seeks in the Motion.

The parties have not addressed matters such as privity or the doctrine of collateral estoppel. Under the doctrine of collateral estoppel, issues of fact or law that have been conclusively determined in a previous lawsuit cannot be litigated in a subsequent suit brought by the same party. *In re Microsoft Corp. Antitrust Litigation*, 355 F.3d 322, 326 (4th Cir. 2004). Collateral estoppel applies if (l) the issue "is identical to the one previously litigated;" (2) the issue "was actually resolved in the prior proceeding;" (3) the issue "was critical and necessary to the judgment in the prior proceeding;" (4) the prior judgment "is final and valid;" and (5) "the party to be foreclosed by the prior resolution of the issue" had "a full and fair opportunity to litigate the issue . . . in the prior proceeding." *Id*.[1]

Significantly, Boshea was not a party to the State defamation case. Therefore, he had no opportunity to contest the facts or the law. Thus, Compass cannot use collateral estoppel to foreclose plaintiff's right to challenge the factual assertion in issue.

Nor is there any basis to conclude that Boshea is in privity with any litigant in the defamation case. Parties are in privity where they are "so identified in interest . . . that [they] represent[] precisely the same legal right in respect to the subject matter involved." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005) (discussing res judicata). In addition,

---

[1] As with res judicata, a court can consider collateral estoppel on its own under circumstances that call for the efficient use of judicial resources. *See Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Pfrommer*'s ruling that collateral estoppel may be applied *sua sponte*).

"where persons, although not formal parties of record, have a direct interest in the suit, and in the advancement of their interest take open and substantial control of its prosecution, or they are so far represented by another that their interests receive actual and efficient protection, any judgment recovered therein is conclusive upon them to the same extent as if they had been formal parties." *Ugast v. La Fontaine*, 189 Md. 227, 232–33, 55 A.2d 705 (1947).

In sum, Compass has not shown any factual basis that would permit this Court to bind plaintiff to a finding from a proceeding in which he was not a participant or in privity with a participant, and for which the issues were distinctly different from those in this case. Simply put, defendant has not provided the Court with any legal authority to support its requested use of the State court's ruling under the circumstances attendant here.

## C.

Defendant contends that the State court found as a "fact" that George and Michael White had access to Compass's computer network following their termination by Compass. But, it is not clear how such a "fact" would be of consequence here in regard to the alleged severance agreement between Boshea and Compass.

Apparently, both George White and Michael White previously worked at Compass. And, it appears that there is a serious rift among members of the White family. But, the defendant has not attempted to explain the relevance of the defamation case to this case. Nor has the defendant provided a basis to connect George and Michael White to this case. As discussed, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401.

In any event, if Compass seeks to prove that disgruntled family members falsified John White's signature on the severance agreement, or that these individuals had access to the computer system after termination, so as to manipulate documents, defendant can attempt to prove those facts in the usual way: through the introduction of evidence. This ruling does not foreclose that opportunity.

### III.     Conclusion

For the foregoing reasons, I shall deny the Motion (ECF 196).

An Order follows, consistent with this Memorandum.

Date: October 26, 2023                               /s/
                                        Ellen Lipton Hollander
                                        United States District Judge