IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID J. BOSHEA,
    *Plaintiff.*

    v.

COMPASS MARKETING, INC.,
    *Defendant*.

Civil No. ELH-21-00309

**MEMORANDUM**

This case concerns a dispute between plaintiff David Boshea and his former employer, defendant Compass Marketing, Inc. ("Compass"), with respect to an alleged severance agreement. Compass and its Chief Executive Officer ("CEO"), John White, dispute the validity of the agreement and contend that White's signature on the severance agreement was forged.

Trial was initially scheduled for March 6, 2023. *See* ECF 115. But, a postponement was necessary, and the trial has since been postponed on several occasions. *See* ECF 145, ECF 178, ECF 207, ECF 209. Most recently, the case was scheduled to proceed to a jury trial beginning on October 30, 2023. ECF 178. However, shortly before the trial, one of the lawyers contracted COVID-19. As a result, the trial was again postponed. ECF 207. The case is now scheduled to proceed to a jury trial beginning on February 20, 2024. ECF 209.

On November 13, 2023, after the most recent trial postponement, Compass filed a "Motion to Reopen Discovery to Conduct the Deposition of Plaintiff Boshea." ECF 210 (the "Motion"). One exhibit is appended to the Motion. ECF 210-2. Then, on November 21, 2023, Boshea filed a "Response in Opposition to Defendant Compass Marketing, Inc.'s Motion to Reopen Discovery to Conduct the Deposition of Plaintiff David Boshea." ECF 211 (the "Opposition"). He asks the

Court to deny the Motion and to "impose sanctions on Compass for filing its baseless motion that requires David Boshea to spend time and fees in responding to this motion." *Id.* at 2.[1]

No hearing is necessary to resolve the Motion.  Local Rule 105.6.  For the reasons that follow, I shall grant the Motion (ECF 210).  And, I shall deny plaintiff's request for sanctions (ECF 211).

## I.     Procedural Background

Boshea filed suit on February 5, 2021.  ECF 1.  Pursuant to the Scheduling Order of June 29, 2021 (ECF 20), the Court set a discovery deadline of December 1, 2021.  *Id.* at 2.  However, on November 24, 2021, Boshea moved to extend that deadline.  ECF 72.  Among other things, Boshea indicated that Compass had advised of "its interest in" deposing Boshea.  *Id.* at 6.  By Order dated November 29, 2021 (ECF 73), the Court extended the discovery deadline to the requested date of January 14, 2022.  And, the Court extended the dispositive motion deadline to February 15, 2021.  *Id.*

In November 2021, Compass sought to conduct the depositions of Daniel White and Michael White, brothers of John White, "prior to Boshea's deposition as documents produced during discovery demonstrated that Boshea (and his counsel) had been communicating with Daniel White and Michael White extensively about the case."  ECF 210 at 3–4.[2]  Defendant "took depositions of Daniel White and Michael White on November 29, 2021 and December 1, 2021 respectively."  *Id.* at 4.  Significantly, "Compass Marketing and Boshea agreed to the depositions of Boshea and John White occurring on December 16, 2021 and December 17, 2021."  *Id.*

---

[1] The time to reply to the Opposition has not yet expired.  However, because I shall grant the Motion, I need not wait for a reply.

[2] The relationship of the White brothers is far from harmonious.  To avoid confusion among the brothers, when I refer to John White, I will use his first name.

However, the depositions of Boshea and John White were postponed when John White informed the parties that he had been exposed to COVID-19 and was experiencing symptoms. *Id.*; *see also* ECF 103 at 4. The depositions were rescheduled for January 13, 2022, and January 14, 2022. ECF 210 at 4. As it turned out, however, John White did not have COVID-19 in December 2021. *See* ECF 103 at 4 n.4. But, "John White subsequently contracted COVID-19 prior to the [rescheduled] deposition dates [in January 2022], and thus, the parties again agreed to cancel the depositions for obvious health and safety reasons." ECF 210 at 4; *see also* ECF 108-3.

On January 14, 2022—the extended discovery deadline—Compass filed a "Motion to Extend Discovery Deadline." *See* ECF 79, ECF 80 (identical motion with proposed order attached). In that motion, Compass noted that a show cause hearing was scheduled for March 9, 2022, pertaining to the depositions of Daniel and Michael White. *Id.* Notably, the motion did not mention the need to depose plaintiff. However, Compass represented that Boshea generally consented to the extension request. *Id.* at 2. Also on January 14, 2022, Compass filed a "Motion to Compel Deposition Testimony of Non-Parties Daniel White and Michael White and Extend Number of Deposition Hours for Fact Witnesses." ECF 81.

On January 17, 2022, Boshea filed a "Limited Objection to Motion to Extend Discovery Deadline." ECF 82. Of import, he represented that the "depositions that the parties noticed but did not complete concern the testimony of David Boshea, John White, Daniel White, Michael White, George White, and Compass' expert Curt Baggett." *Id.* at 1. Further, Boshea stated, *id.* at 4: "The parties have discussed completing John White and David Boshea's depositions in the last week of January 2022." And, significantly, he asked the Court to extend the discovery deadline to March 31, 2022, "to allow for the depositions of David Boshea, John White, Daniel White, Michael White, George White, and the disclosed experts . . . ." *Id.* at 5.

The Court referred discovery disputes to Magistrate Judge A. David Copperthite.[3]  He denied these motions on February 3, 2022.  ECF 92.  He also denied, as moot, motions for civil contempt filed by Compass as to Michael White (ECF 63) and Daniel White (ECF 64).  *Id.*  No appeal was filed in this Court as to those rulings.

Thereafter, on February 15, 2022—the revised deadline for dispositive motions—Compass filed a motion for partial summary judgment.  ECF 93.  Compass explains that, "[u]nder the belief that discovery was closed, Compass Marketing took the position and reasonably understood that neither Boshea's nor John White's depositions would occur, which placed neither party at an unfair advantage or disadvantage over the other with respect to the depositions of the principal witnesses."  ECF 210 at 5.  However, after Compass moved for partial summary judgment, Boshea filed a "Motion to Extend Discovery and to Compel John White's Deposition."  ECF 102.  Compass opposed the motion, but "argued in the alternative that, if Boshea's deposition [of White] was allowed to occur, Compass Marketing should be allowed to take the deposition of Boshea."  ECF 210 at 5; *see* ECF 103.

By Order of May 20, 2022 (ECF 109), Judge Copperthite "allowed the extension of discovery solely to allow the deposition of John White."  But, he denied Compass's request to depose Boshea, stating that Compass "failed to establish and even address the issue of good cause to extend the discovery deadline to take the deposition of John Boshea."  *Id.*  Again, Compass did not appeal that ruling to this Court.

---

[3] By Order of August 17, 2021 (ECF 32), I referred the case to Magistrate Judge Copperthite for discovery, specifically as to ECF 31.  By orders of October 5, 2021 (ECF 56, ECF 58), I again referred the case to Judge Copperthite for discovery disputes, including ECF 54.  And, by Order of January 19, 2022 (ECF 83), I referred multiple discovery matters and related scheduling issues to Judge Copperthite.

By Memorandum Opinion and Order of July 22, 2022, I denied defendant's summary judgment motion.  ECF 110, ECF 111.  And, in December 2022, the Court scheduled the trial for July 31, 2023.  ECF 145.

Thereafter, both sides filed multiple motions in limine.  The motions were heard in open court  on March 10, 2023.  ECF 158.  Written rulings followed.  *See* ECF 160, ECF 161.

Trial was subsequently reset for October 30, 2023.  ECF 178.  And, as discussed in telephone conferences with counsel on June 13, 2023 and June 22, 2023 (*see* Docket), the Court was aware that, given the new trial date of October 30, 2023, defendant intended to move to reopen discovery, seeking to depose Boshea.  *See* ECF 178.

To that end, on July 14, 2023, Compass filed a "Motion to Reopen Discovery to Conduct the Depositions of Lawrence Scott and John Boshea."  ECF 179.  Scott was the former general counsel of Compass, and Compass only learned on June 1, 2023, that plaintiff might call him as a witness at trial.  ECF 179 at 1.  Boshea opposed the motion (ECF 180), to which Compass replied. ECF 183.

By Order of August 15, 2023 (ECF 184), Judge Copperthite denied Compass's request to depose Boshea but granted the defense request to depose Scott.  *Id.* at 1.  Judge Copperthite found that, with respect to Boshea, "Compass has failed to provide good cause to reopen discovery which closed on January 14, 2022."  *Id.*  Further, Judge Copperthite noted that "the Court has remarked repeatedly regarding the manipulations of Compass in discovery deposition dates and failure to act timely in compliance with the Court's scheduling order," and that "Defendant was not previously diligent."  *Id.*

Further, Judge Copperthite stated, *id.*: "If Boshea does not intend to call Scott as a witness, the discovery deadline will not be extended and the Motion will be DENIED."  On October 3,

2023, Boshea gave notice that he did not intend to call Scott as a witness, "due to Compass Marketing, Inc.'s inability to depose Lawrence Scott."  ECF 192.

As explained previously, shortly before the trial set for October 30, 2023, the trial was postponed due to a health emergency of one of the lawyers.  ECF 207.  The Motion followed on November 13, 2023.  ECF 210.

## II.    Discussion

### A.

Fed. R. Civ. P. 16 concerns scheduling and case management.  Scheduling orders serve a vital purpose in helping a court to manage its civil caseload.  *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985); *see also Naughton v. Bankier*, 114 Md. App. 641, 653 (1997) (recognizing that a scheduling order helps "to maximize judicial efficiency and minimize judicial inefficiency").  Indeed, a scheduling order is an important vehicle in "'securing the just, speedy, and inexpensive determination of every action.'"  *Miller v. Transcend Servs., Inc.*, LPA-10-362, 2013 WL 1632335, at *4 (M.D.N.C. Apr. 16, 2013) (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D.W. Va. 1995)).

Rule 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent."  When a party "moves to amend after the deadline established in the scheduling order for doing so, Rule 16(b)(4) becomes the starting point in the Court's analysis."  *Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 106 (D. Md. 2013); *see Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020).

To be sure, Rule 16 "recognize[s] . . . that the parties will occasionally be unable to meet . . . deadlines [in a scheduling order] because scheduling order deadlines are established relatively early in the litigation."  *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154

(1st Cir. 2004) (citation omitted).  But, under Rule 16(b)(4), a movant must demonstrate good cause to satisfy the requirement for a modification of the scheduling order.  *See Faulconer*, 808 F. App'x at 152; *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Wonasue*, 295 F.R.D. at 106–07; *see also United States v. Hartford Accident & Indem. Co.*, JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016) ("The burden for demonstrating good cause rests on the moving party.").

The "touchstone" of Rule 16(b)(4)'s "good cause requirement is 'diligence.'"  *Faulconer*, 808 F. App'x at 152 (internal quotation marks omitted).  Indeed, "only diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard."  *Id.* at 152; *see also id.* at 152 n.1 (collecting cases); *accord Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'") (citation omitted).

In evaluating diligence, courts mainly focus "'[on] the timeliness of the motion to amend and the reasons for its tardy submission.'"  *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (quoting *CBX Techs., Inc. v. GCC Techs., LLC*, JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (internal quotation marks omitted) (alteration in *Elat*).  "'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'"  *Wonasue*, 295 F.R.D. at 107 (quoting *CBX Technologies, Inc.*, 2012 WL 3038639, at *4).  If, for example, the "moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial [pleading], then the party" has not acted diligently, and therefore "cannot establish good cause under Rule 16."  *Faulconer*, 808 F. App'x at 152 (alteration added).

To determine whether the moving party has met its burden to show good cause, a court may also consider "whether the moving party acted in good faith, the length of the delay and its

effects, and whether the delay will prejudice the non-moving party." *Elat*, 993 F. Supp. 2d at 520. However, "'[i]f the movant has not been diligent in meeting the scheduling order's deadlines,' then other factors . . . generally will not be considered." *Faulconer*, 808 F. App'x at 152 (quoting *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017)); *see also Rassoull*, 209 F.R.D. at 374 ("'If [the moving] party was not diligent, the inquiry should end.'") (citation omitted) (alteration added); *Marcum*, 163 F.R.D. at 254 ("'[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.'") (citation omitted) (emphasis removed).

Ultimately, "[t]he court has discretion in deciding whether to reopen discovery upon the request and a showing of good cause by a party." *InfoTek Corp. v. Preston*, CCB-18-1386, 626 F. Supp. 3d 885, 896 (D. Md. 2022) (citing Fed. R. Civ. P. 16(b)(4)); *cf. Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962) (stating that a court's "inherent power" to dismiss a case for lack of prosecution is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs to as to achieve the orderly and expeditious disposition of case"); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (observing that courts' inherent power permits "dismissing a case as a sanction for a party's failure to obey court orders").

**B.**

Compass argues that it has demonstrated good cause for its Motion.  First, Compass points to its multiple efforts to depose Boshea, without success.  These efforts included scheduled depositions of Boshea on December 16, 2021, and January 13, 2022, both cancelled due to COVID-19 precautions concerning John White.  ECF 210 at 4.  And, Compass has repeatedly asked the Court for leave to depose Boshea.  *See* ECF 88, ECF 103, ECF 179, ECF 210.

Further, according to Compass, because Boshea deposed John White for seven and a half hours, "[i]t would be fundamentally unfair and prejudicial to Compass Marketing not to have the opportunity to depose the Plaintiff in this case – a case that involves a factual dispute regarding the validity of an alleged employment agreement that purports to include a severance provision." ECF 210 at 6.  Compass maintains that it "should be able to depose the Plaintiff in this case about the claims he has filed."  *Id.*  As Compass observes, "the testimony of a plaintiff 'goes to the very heart of the case and [Compass Marketing as the Defendant in this case] cannot build an effective defense without it."  *Id.* (citing *Wake v. Amtrak*, PWG-12-1510, 2013 WL 1316431, at *3 (D. Md. Mar. 27, 2013)) (alterations in ECF 210).

Further, Compass maintains that it "has been and will continue to be significantly prejudiced without having the opportunity to depose Boshea."  *Id.* at 7.  In its view, "Boshea is the only person who is able to testify about the circumstances in which he allegedly executed the purported Agreement, how he belatedly found the alleged Agreement, and the various markings/annotations on what he claims is the Agreement, among other details arising out of and related to the execution and terms of the alleged Agreement."  *Id.*  Compass asserts that a deposition of Boshea is consistent with the purpose of discovery in avoiding surprises at trial and "to assess the strengths and weaknesses of [the] respective claims."  *Id.*  Further, Compass states, *id.*: "Denying an equal opportunity to Compass Marketing to depose Boshea necessarily gives Boshea an unfair advantage and places Compass Marketing at an unfair disadvantage."

In addition, Compass posits that "the relief requested in this Motion does not seek to impose some obligation on Boshea that he was not expected to perform in the first place," as he is the plaintiff and thus he "expected to be deposed when he filed this lawsuit and he previously agreed to be deposed in the case."  *Id.* at 7–8.  Compass also explains that a deposition of Boshea

will promote "judicial efficiency and economy because Compass Marketing will have the opportunity to develop Boshea's testimony and the foundation of his claims, reduce surprises at trial, and ultimately streamline the trial process," as well as "avoid the need for extensive and time-consuming questioning during the trial itself" and "allow[] for a more organized and expeditious presentation of evidence and arguments." *Id.* at 8.

Conversely, Boshea argues that "Compass does not attempt to present <u>any</u> cause, good or otherwise, supporting the motion." ECF 211 at 2 (underlining in original). In his view, "[t]he Court continuing the trial date does not constitute good cause." *Id.*

Boshea summarizes Compass's good cause arguments as "limited to (a) the Court extending the trial date, and (b) noting David Boshea had the opportunity to depose John White, so Compass should be able to depose David Boshea." *Id.* at 4. He reiterates Judge Copperthite's finding that "'the Court has remarked repeatedly regarding the manipulations of Compass in discovery deposition dates and failure to act timely in compliance with the Court's scheduling order. Defendant was not previously diligent and nothing has changed.'" *Id.* (quoting ECF 184 at 1).

Further, Boshea argues that Compass's actions in deposing John White's brothers before deposing Boshea "show David Boshea's deposition was of secondary importance." ECF 211 at 5. And, Boshea notes that Compass did not depose Boshea during the two-week extension at the beginning of January 2022. *Id.* According to Boshea, "he will suffer prejudice if he must present himself for a deposition." *Id.* However, he fails to specify how he would suffer prejudice from submitting to a deposition, other than claiming that such a deposition would render his own cooperation with previous scheduling deadlines "meaningless." *Id.* at 10; *see also id.* at 5.

## C.

As indicated, Boshea suggests that Compass's failure to depose Boshea resulted from Compass's view of that deposition as one of "secondary importance." ECF 211 at 5.  He bases that assertion on defendant's decision to depose the brothers of John White, the CEO of Compass, with whom John White has an adversarial relationship, before deposing Boshea.  Thus,  Boshea implies that the failure of Compass to depose plaintiff is defendant's fault.  This claim is patently frivolous.  It is understandable that Compass preferred to proceed first with the deposition of Michael and Daniel White, before deposing Boshea.  Regardless, the wisdom of defendant's discovery strategy is not dispositive of the matter.

Boshea's effort to cast blame on Compass for failing to depose Boshea during the first two weeks of January 2022 is also unfounded.  *See* ECF 211 at 5.  The parties had agreed to deposition dates of January 13 and January 14, 2022.  ECF 210 at 4.  Therefore, defendant had no reason to depose Boshea prior to the agreed upon dates.

In any event, hindsight is always 20-20.  If defendant knew John White would become ill in mid-January, so as to require cancellation of the depositions of Boshea and John White, there could be merit to plaintiff's claim.  But, there are no facts to support such a contention.

Moreover, there is no indication that Compass otherwise acted in bad faith. *See Sall v. Bounassissi*, DKC-10-2245, 2011 WL 2791254, at *4 (D. Md. July 13, 2011).  As Boshea has acknowledged in earlier submissions, it is without question that Compass repeatedly sought to depose Boshea.  *See* ECF 210 at 4, 5; ECF 102; ECF 179; ECF 210.  Indeed, it borders on inconceivable that, in a federal civil case, the defendant would purposely fail to depose the plaintiff.

As explained previously, the parties fully intended to depose both Boshea and John White. That was well known and understood. To that end, the depositions of Boshea and John White were set for December 2021, but were postponed because of John White's exposure to COVID-19. *See* ECF 103. The depositions of Boshea and John White were then rescheduled for mid-January 2022. *Id.* But, they were again cancelled because John White contracted COVID-19. *Id.*; ECF 108-3.

Following the close of discovery, Compass moved for an extension of deadlines, *with the consent of Boshea*. ECF 79, ECF 80. Boshea also requested an extension, and even sought an extension of the discovery deadline to March 31, 2022, for the express purpose of taking "*the depositions of David Boshea*, John White, Daniel White, Michael White, George White, and the disclosed experts . . . ." ECF 82 at 5 (emphasis added). However, Judge Copperthite denied the request. ECF 92.

Following Judge Copperthite's decision, Compass moved for summary judgment, in accordance with the revised deadline. ECF 93. At that point, neither side had taken the deposition of either principal witness—Boshea and John White. So, both sides were equally disadvantaged.

However, after Compass moved for summary judgment, Boshea moved to take John White's deposition. ECF 102. Compass opposed the request, but it also argued in the alternative that, if Boshea were allowed to depose John White, Compass should be allowed to depose Boshea. ECF 103 at 4. Yet, by Order of May 20, 2022 (ECF 109), Judge Copperthite permitted only the deposition of John White.

Trial is now several months away, with ample time to take one additional deposition of a person central to the case. Of relevance, Boshea has not identified any prejudice that he would suffer if he were deposed by defendant. As Compass explains, given that Boshea is the plaintiff

in the case, he expected to be deposed and he agreed to be deposed.  Moreover, he even agreed to the extension of the discovery deadline to permit several depositions, including his own.  ECF 82 at 5.

Conversely, allowing the case to proceed without Compass's ability to depose plaintiff will undermine judicial efficiency, and introduce unnecessary surprise into the trial.  Delays may ensue, which would inconvenience the jury and the Court.

Therefore, I shall grant the Motion to Reopen Discovery to Conduct the Deposition of Plaintiff David Boshea (ECF 210).  However, Compass is forewarned that the deposition shall be limited solely to an examination relating to claims in this case, and not to include any examination relating to other litigation involving John White or his relatives.  The Court also expects the parties and counsel to cooperate in scheduling the deposition as soon as feasible.

### D.

Defendant asks the Court to "impose sanctions on Compass for filing its baseless motion that requires David Boshea to spend time and fees in responding to this motion."  ECF 211 at 2.  However, as discussed previously, the Court does not find Compass's motion to be "baseless," and has granted the Motion.  Thus, I shall deny Boshea's request for sanctions.

### III.     Conclusion

For the foregoing reasons, I shall grant defendant's Motion (ECF 210).  And, I shall deny plaintiff's request for sanctions (ECF 211).

An Order follows, consistent with this Memorandum.

Date: December 1, 2023

_____/s/_____
Ellen Lipton Hollander
United States District Judge

13