IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **DAVID J. BOSHEA** | * |
| Plaintiff, | * |
| v. | *   Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT COMPASS MARKETING, INC.'S MOTION TO COMPEL SUPPLEMENTAL PRODUCTION OF DOCUMENTS FROM PLAINTIFF DAVID J. BOSHEA

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Motion to Compel Supplemental Production of Documents from Plaintiff David J. Boshea ("Boshea"). As explained in greater detail below, Compass Marketing's Motion to Compel Supplemental Production of Documents from Plaintiff David J. Boshea (the "Motion to Compel") should be granted because Boshea has failed to supplement his document production to include additional text message communications between him and Daniel White ("Daniel") and/or Michael White ("Michael").[1] Boshea has further refused to produce additional communications between Boshea's agents and representatives (such as his counsel) and Daniel and/or Michael.

### BACKGROUND

The factual background and the parties' contentions in this case are well known to this Court. After Compass Marketing terminated the employment of Boshea in March 2020, Boshea

---

[1] Compass Marketing refers to Daniel White and Michael White by their first names only for ease of reference and clarity, and not out of disrespect.

initiated this lawsuit against Compass Marketing almost one year later in February 2021, alleging claims of breach of contract (Count I), violation of the Maryland Wage Payment and Collection Law (Count II), and, in the alternative, violation of the Illinois Wage Payment and Collection Act (Count III).[2]  *See* ECF 48 at ¶¶ 17-39 (Second Amended Complaint).  Boshea contends that he is entitled to receive Five Hundred Forty Thousand Dollars ($540,000.00) pursuant to a purported agreement titled, "'Compass Marketing, Inc. Agreement Relating to the Employment and Post-Employment Compensation'" (the "Agreement"), an agreement that Boshea claims he and Compass Marketing allegedly entered into in or around May 2007, around the time that Boshea commenced employment with Compass Marketing.  *See* ECF 48 at ¶¶ 10-16 (Second Amended Complaint).

From the outset of this litigation, and even before Boshea initiated any legal action against Compass Marketing, Compass Marketing has denied ever entering into the Agreement with Boshea and has asserted that the alleged Agreement that purports to include the signature of John White, Compass Marketing's CEO at the time, was forged.  *See* ECF 14 (Defendant Compass Marketing, Inc.'s Answer to Plaintiffs' Complaint for Breach of Contract) at p. 7 (Sixth Affirmative Defense); *see also* ECF 53 (Defendant Compass Marketing, Inc.'s Answer to Plaintiff's Second Amended Complaint) at p. 8 (Fifth Affirmative Defense).  In fact, when Boshea was first terminated from employment in March of 2020, and represented by prior counsel, Boshea was unable to locate a signed copy of the Agreement (because one did not exist).  *See* ECF 124-1 (Email from R. Obarski to J. White dated March 5, 2020).  Somehow, almost one year later, Boshea mysteriously "found" a signed version of the Agreement that purports to include John White's signature and attached it as an exhibit to the Complaint.  *See* ECF 1-3.

---

[2] Boshea has since withdrawn Count III of the Second Amended Complaint.  *See* ECF 195 (Amended Pretrial Order) at 6-7.

During discovery, Boshea did not articulate how he was able to obtain a "signed" Agreement, when less than one year earlier, he was unable to locate such a document. In his Responses to Compass Marketing's Interrogatories, Boshea stated that upon his termination from employment he spoke with Daniel and Michael, and "Daniel White reminded that [sic] David Boshea has the severance agreement and noted Compass Marketing's obligations." *See* ECF 40-1 (David Boshea's Responses to Defendant Compass Marketing, Inc.'s First Set of Interrogatories to Plaintiff David J. Boshea) at p. 4.[3] Compass Marketing determined "either Boshea or someone collaborating with Boshea forged the alleged [Agreement] for John White without his authorization." *See* ECF 125-2 (Defendant Compass Marketing, Inc.'s Answers to Plaintiff David J. Boshea's First Set of Interrogatories) at 8.

Compass Marketing then subpoenaed both Daniel and Michael and, to Compass Marketing's surprise, even though Daniel and Michael are owners of Compass Marketing and Daniel served as counsel to Compass Marketing at the time the alleged agreement in this case was entered into, there was substantial evidence of extensive collaboration between Boshea and/or his attorneys, Gregory Jordan ("Jordan") and Thomas Gagliardo ("Gagliardo"), on the one hand and Daniel and/or Michael on the other hand regarding this lawsuit.[4]

---

[3] Daniel and Michael are minority shareholders of Compass Marketing (who each own approximately 16.67% of Compass Marketing), with Daniel having previously served as counsel for Compass Marketing. They have falsely claimed to collectively own 50% of the shares of Compass Marketing (25% each) and, based on these false assertions, they have filed litigation twice in Virginia seeking the involuntary judicial dissolution of Compass Marketing. *See Michael White, et al. v. John White, et al.*, Case No. 013CL21004012-00 (Cir. Ct. Va., Arlington); *see also Daniel White, et al. v. Compass Marketing, Inc., et al.*, Case No. 19-3628 (Cir. Ct. Va., Arlington). Compass Marketing also has filed its own lawsuits against Daniel and Michael, and others, based on their efforts to inflict substantial economic and other harm on the company. *See Compass Marketing, Inc. v. Daniel White, et al.*, Case No.: C-02-CV-23-000601 (Cir. Ct. Md., Anne Arundel Co.); *see also Compass Marketing, Inc. v. Flywheel Digital, LLC, et al.*, Case No. 1:22-cv-00379-GLR (D. Md.), appeal docketed, No. 23-1324 (4th Cir. Mar. 24, 2023).

[4] In response to the Request for Production of Documents served on Boshea, Boshea only produced some (but not all) of the documents produced by Daniel and Michael that reflected the four individuals were having extensive communications about this lawsuit.

The collaboration started even before the commencement of the instant lawsuit. For example, on December 26, 2020, Boshea texted Michael that he was "working [with] Dan [White] and a lawyer [in Chicago]," and Boshea asked Michael if he had "the email or even better signed or initialed offer." *See* Exhibit 1 (Text Messages between D. Boshea and M. White). Presumably, this lawyer was Jordan, who had already been emailing Daniel as early as December 19, 2020. *See* Exhibit 2 (Email thread, most recent dated January 13, 2021 from G. Jordan to D. White) at 2-3 (Email dated December 19, 2020 at 12:50 PM). On December 27, 2020, Boshea emailed both Jordan and Daniel to ask that Daniel call Jordan about certain (allegedly) relevant documents pertinent to the case. *See* Exhibit 3 (Email from D. Boshea to G. Jordan and D. White dated December 27, 2020 at 12:38 AM). Additionally, on December 27, 2020, Boshea emailed Daniel and asked him to tell Jordan that Boshea and Daniel spoke and that "[Daniel] feel[s] [Jordan] has from [Boshea] everything [Jordan] needs to get the money." *See* Exhibit 4 (Email from D. Boshea to D. White dated December 27, 2020 at 12:51 AM). On January 12, 2021, Jordan emailed Daniel asking if he had "any suggestions for local counsel in Northern District of Maryland for Dave's lawsuit," to which Daniel replied that he would be "happy to help." *See* Exhibit 2 at 2-3. Daniel then connected Jordan with Gagliardo. *See* Exhibit 5 (Email from D. White to T. Gagliardo dated January 15, 2021 at 8:44 PM) at 3-4.[5]

The collaboration has continued throughout the entirety of this litigation as well. For example, Boshea has communicated with Daniel and Michael about obtaining documents from Compass Marketing's server, even after Daniel and Michael were no longer officers, directors, or

---

[5] To avoid inundating the Court with the entire universe of documents reflecting Boshea's collaboration with Daniel and Michael, Compass Marketing has only attached as exhibits to this Motion to Compel a portion of the emails and text messages between Boshea/Jordan and Daniel/Michael. The volume of communications is significantly greater than what is reflected in this Motion.

4

employees of the company. *See, e.g.*, Exhibit 6 (Email from D. Boshea to D. White dated June 7, 2021 at 7:24 AM, asking Daniel White if he "can check with George [White] to see if he can find these emails that [J]ohn sent me");[6] Exhibit 7 (Email from D. Boshea to D. White dated June 7, 2021 at 3:30 PM, asking Daniel White "[i]f George [White] can find those emails Bernie sent to me that would be great" and "[a]ny other info you think [G]reg can use to put [S]tern / Bernie down to settle");[7] Exhibit 15 (Email from D. Boshea to D. White dated June 16, 2021 at 8:35 PM, asking Daniel if "George can go back and find the email from Bernie to me back in May 2007"). And, somehow, Daniel and/or Michael obliged Boshea by providing Boshea with multiple email communications to/from John White to which neither Daniel, Michael, nor George White were parties. *See, e.g.*, Exhibit 8 (Email from M. White to D. Boshea dated June 18, 2022 at 10:08 PM).

Boshea further involved Daniel and/or Michael on communications related to:

- <u>Discovery</u> – *see, e.g.*, Exhibit 9 (Email from D. Boshea to D. White dated June 16, 2021 at 3:34 PM); Exhibit 10 (Email from D. Boshea to D. White dated June 21, 2021 at 6:16 PM); Exhibit 11 (Email from D. Boshea to G. Jordan dated July 6, 2021 at 1:11 PM); Exhibit 12 (Email from D. Boshea to D. White dated September 16, 2021 at 8:46 PM);

- <u>Settlement</u> – *see, e.g.*, Exhibit 13 (Email from D. Boshea to D. White dated June 29, 2021 at 2:20 PM, updating and possibly inquiring about D. White's availability for a settlement conference); Exhibit 14 (Email from D. Boshea to D. White dated July 1, 2021 at 3:30 PM);

- <u>Motions and other filings with this Court</u> – *see, e.g.*, Exhibit 16 (Email from D. Boshea to D. White dated May 4, 2021 at 9:45 PM, asking "[d]ose [sic] this all look good to you?" regarding the consent motion to extend the time to answer the complaint); Exhibit 17 (Email from D. Boshea to D. White dated June 25, 2021 at 2:15 PM, forwarding materials to Daniel White concerning an upcoming hearing regarding discovery issues).

---

[6] George White is the son of Michael, and was the former manager of technology at Compass Marketing until he resigned from employment with Compass Marketing on or about May 2, 2019.

[7] Bernie is referring to John White.

- <u>And other case management</u> – *see, e.g.*, Exhibit 18 (Email from D. Boshea to D. White dated January 7, 2021 at 9:48 AM, asking Daniel White to "[p]lease see attached and give me your thoughts/input");[8] Exhibit 19 (Email from D. White to D. Boshea dated December 21, 2021 at 11:12 PM, in a larger email string, "reminding" Boshea that his "contract is with Compass, not Tagnetics"); Exhibit 27 (Email from D. Boshea to G. Jordan dated January 19, 2024 at 8:33 AM, forwarding email from D. Boshea to D. White and M. White dated September 12, 2023 at 7:33 AM, requesting input on Boshea's trial preparation).

The collaboration was not limited only to communications directly between Boshea and Daniel or Michael. There was communication between Boshea's counsel, Jordan, and Daniel and/or Michael. For example, on September 13, 2021, Jordan asked Daniel if he could "assist" with retaining a handwriting expert for Boshea's case because Daniel had previously told Jordan that he "knew one or more former FBI agents, who could assist [Boshea] by acting as an expert on signatures. *See* Exhibit 20 (Email from G. Jordan to D. White dated September 13, 2021 at 5:33 PM). Also by way of example Jordan asked Daniel and Michael directly for documents and information. *See, e.g.*, Exhibit 21 (Email from G. Jordan to D. White dated August 15, 2021 at 4:03 PM, asking Daniel about Compass Marketing Board meeting minutes and the employment agreement he "anticipate[d] [Daniel] drafted"); Exhibit 22 (Email from G. Jordan to D. White and M. White dated October 4, 2021 at 3:00 PM, asking for "John Adam's home address"); Exhibit 23 (Email from G. Jordan to M. White dated September 20, 2021 at 10:05 AM asking for Michael to "send the entire agreement"); *see also* Exhibit 2, *supra* (offering to "send [Jordan] an email Monday with a few things that may be of use" in addition to offering other assistance in an email string).

---

[8] The attachment referenced in the email was not included with the document production and, thus, the document production is incomplete.

6

In anticipation of taking Boshea's deposition, as ordered by this Court, Compass Marketing asked Boshea to supplement his document production with additional communications between him/Jordan on the one hand and Daniel/Michael on the other hand.  In this regard, on December 21, 2023, Compass Marketing requested that Boshea supplement his document production with "any communications between David and Dan or Michael White, as well as with any communications between you [meaning Jordan] and Dan or Michael White."  *See* Exhibit 24 (Email thread between S. Stern and G. Jordan, most recent dated December 28, 2023 at 1:15 PM) at 4 (Email from S. Stern to G. Jordan dated December 21, 2023 at 2:42 PM).  When Jordan did not respond to Compass Marketing's request, on December 28, 2023, Compass Marketing again asked that Boshea "please supplement [his] document production with additional communications to/from Dan and/or Michael White."  *See id.*  After receiving no response yet again to the request to supplement, on January 10, 2024, Compass Marketing again requested that Boshea "supplement the document production by Friday [January 12, 2024], so [Compass Marketing] [has] adequate time to review and evaluate the supplemental production" prior to Boshea's scheduled deposition of January 17, 2024, which still has not been taken yet.[9]  *See* Exhibit 25 (Email thread between S.

---

[9] On December 7, 2023, within three days of this Court granting Compass Marketing's motion to depose Boshea (ECF 212 and 213), Compass Marketing reached out to Boshea's counsel to schedule Boshea's deposition.  *See* Exhibit 24 (Email from S. Stern to G. Jordan dated December 7, 2023 at 11:16 AM).  Boshea's counsel was in Florida at the time and stated he would "meet with David on my return and get back to you." *Id.* (Email from G. Jordan to S. Stern dated December 7, 2023 at 11:40 AM).  After not hearing back from Boshea's counsel for more than ten days, counsel for Compass Marketing followed up about scheduling Boshea's deposition, noting that the delay precluded the parties from completing the deposition before the end of the year and it would need to proceed in January.  *Id.* (Email from S. Stern to G. Jordan dated December 18, 2023 at 11:00 AM).  The following day, Boshea's counsel offered the first week of January or January 8, 2024 for Boshea's deposition but limited the time to start the deposition to 11:00 am, making those dates unrealistic because of the risk that the deposition could extend into the evening (plus Compass Marketing's counsel was not available during the first week of January).  *Id.* (Email from G. Jordan to S. Stern dated December 19, 2023 at 1:57 PM).  Ultimately, the parties agreed on January 17, 2024 to conduct Boshea's deposition.  *Id.* (Email from S. Stern to G. Jordan dated December 28, 2023 at 1:04 PM).  But, as explained below, the deposition did not take place on January 17.

While en route to Chicago to take Boshea's deposition, Boshea's counsel advised Compass Marketing that Boshea was ill.  As a result, Boshea's deposition on January 17 had to be canceled.  The communications related to the cancelation can be submitted to the Court for an *in camera* review if needed.  The parties have tentatively rescheduled

7

Stern and G. Jordan most recent dated January 11, 2024 at 5:06 PM). On January 11, 2024, Jordan responded to Compass Marketing's request stating, "As far as Compass' request for my communications, those documents are work product and we will not be making any further production." *See id.*

On January 22, 2024 – five days after the date on which Boshea's deposition was supposed to take place – Boshea made a limited supplemental document production of communications between him and Daniel and/or Michael. Based on the limited documents produced, Boshea forwarded a select group of emails to his counsel on January 19. *See, e.g.*, Exhibit 8 (Email from D. Boshea to G. Jordan dated January 19, 2024 at 8:03 AM, forwarding email from Michael White dated June 18, 2022 at 10:08 PM with various email attachments); Exhibit 26 (Email from D. Boshea to G. Jordan dated January 19, 2024 at 8:04 AM).[10] Boshea, however, failed to produce any supplemental communication between Jordan or Gagliardo and Daniel and/or Michael, even though at least one of the documents produced expressly asks that Daniel and/or Michael communicate directly with Jordan, just as they have throughout the case. *See, e.g.*, Exhibit 28 (Email dated May 28, 2023 at 7:56 PM). In addition, as of the date and time of filing, even though there is an extensive history of text message communications between Boshea and Daniel and Michael in this case, and Boshea has admitted to having additional text messages with Daniel and Michael, Boshea has failed to produce these additional text messages. *See, e.g.*, Exhibit 29 (Examples of text messages between D. White, M. White, and D. Boshea).

---

Boshea's deposition for January 29, 2024 – only approximately three weeks before the start of trial in this matter, which obviously inhibits and prejudices Compass Marketing's trial preparation.

[10] Notably, the limited documents produced reflect ongoing coordination between Boshea and Daniel and/or Michael. *See, e.g.*, Exhibit 27. Also by way of example, the limited documents produced include what appears to be emails Michael sent to Boshea that were sent to or received by John White, even though Michael was not a party to those emails and he somehow obtained those emails long after he was no longer employed by the company. *See, e.g.*, Exhibit 8.

8

Compass Marketing now moves to have this Court compel Boshea to complete his supplemental document production in this matter.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). In determining proportionality, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Federal Rule of Civil Procedure 34, which governs requests for production of documents, permits parties to request the production of any documents or electronically stored information within another party's possession, custody, or control. FED. R. CIV. P. 34(a).

Under Federal Rule of Civil Procedure 26(e), parties have a duty to obtain, and to supplement, all requested discovery. *See* FED. R. CIV. P. 26(e). Specifically, a party who has responded to a request for production "must supplement . . . its . . . response in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A). "[Parties] remain bound by this duty regardless of whether the Court compels the documents." *Al-Ameri v. Johns Hopkins Hosp.*, No. GLR-15-1163, 2016 U.S. Dist. LEXIS 68980, at *11 (D. Md. May 26, 2016).

**ARGUMENT**

**I.   COMMUNICATIONS BETWEEN BOSHEA'S COUNSEL AND DANIEL WHITE AND/OR MICHAEL WHITE ARE DISCOVERABLE**

On July 13, 2021, Compass Marketing served its First Request for Production of Documents on Boshea ("First Request for Production"). *See* Exhibit 30 (Defendant Compass Marketing, Inc.'s First Request for Production of Documents to Plaintiff David J. Boshea) at 9. As relevant to this Motion to Compel, Compass Marketing made the following requests:

**Request No. 7:**   All documents consisting of communications between you and Daniel White that refer, reflect, or relate to the terms of your employment with Compass Marketing, the termination of your employment with Compass Marketing, and/or any severance agreement you claim you entered into with Compass Marketing.

**Request No. 8:**   All documents consisting of communications between you and Michael White that refer, reflect, or relate to the terms of your employment with Compass Marketing, the termination of your employment with Compass Marketing, and/or any severance agreement you claim you entered into with Compass Marketing.

**Request No. 14:**   All documents that refer, reflect, or relate to any transaction, communication, or interaction between you and Daniel White since the termination of your employment with Compass Marketing.

**Request No. 15:**   All documents that refer, reflect, or relate to any transaction, communication, or interaction between you and Michael White since the termination of your employment with Compass Marketing.

*See* Exhibit 30 at 6-7.

As defined in the First Request for Production, "[t]he terms 'Plaintiff,' 'you,' and 'your,' refer to the Plaintiff in this action, David J. Boshea, as well as Plaintiff's officers, directors,

employees*, agents, representatives, and other persons acting on Plaintiff's behalf.*" See Exhibit 30 at 1.  Jordan and Gagliardo, as Boshea's attorneys, are agents of Boshea. "In general, an attorney is the agent of his or her client, and a client will be held responsible for the actions the attorney takes within the scope of the client's authorization." *Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 366 (D. Md. 2010). The attorney-client relationship is not only a fiduciary relationship, but also an agent-principal relationship. *See Seaboard Sur. Co. v. Boney*, 135 Md. App. 99, 111-12, 761 A.2d 985, 992 (2000); *see also Advance Fin. Co. v. Client Security Trust Fund*, 337 Md. 195, 201, 652 A.2d 660 (1995) ("agents are lawyers whose principals are clients")*; Henley v. Prince George's County,* 305 Md. 320, 340, n.5, 503 A.2d 1333, *aff'd in part and rev'd in part on other grounds,* 305 Md. 320 (1986) ("independent contractors generally considered to be agents include attorneys . . . and other similar persons who conduct transactions for their principal"). "A client's right to select and direct his or her attorney is a fundamental aspect of attorney-client relations. Thus, the principal-agent relationship between a client and an attorney is always a consensual one." *Seaboard Sur. Co. v. Boney*, 135 Md. App. 99, 111-12, 761 A.2d 985, 992 (2000) (citing *Restatement (Second) of Agency,* § 1(1) cmt. b; *id.* at § 401 cmt. a (1958)). Compass Marketing's document requests clearly request communications between Boshea's agent (Jordan or Gagliardo) and Daniel and/or Michael.

Boshea (and Jordan or Gagliardo) cannot hide behind a claim of work product in an effort not to produce these communications. The work product doctrine is embodied in Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure, which states:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But. . . those materials may be discovered if:
> (i) they are otherwise discoverable . . . ; and

11

> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

*Millennium Inorganic Chems. Ltd v. Nat'l Union Fire Ins. Co.*, Civil Action No. ELH-09-1893, 2011 U.S. Dist. LEXIS 41670, at *11-12 (D. Md. Apr. 15, 2011); *see also* FED. R. CIV. P. 26(b)(3)(A). As a preliminary matter, it is not Compass Marketing's burden to demonstrate its applicability, it is Boshea's. *See Maxtena, Inc. v. Marks*, Civil Action No. DKC 11-0945, 2014 U.S. Dist. LEXIS 121770, at *62 (D. Md. Sep. 2, 2014). Even so, the work product doctrine does not apply to communications between Jordan or Gagliardo and Daniel and/or Michael because Daniel and Michael are not agents of Boshea and such communications have been produced previously in this case. *See id.* at *65 (holding that communications with a third-party who could not demonstrate an agency relationship with the plaintiff were not protected by the work product doctrine); *see also Beyond Sys. v. Kraft Foods, Inc.*, Civil Action No. PJM-08-409, 2010 U.S. Dist. LEXIS 40423, at *13-14 (D. Md. Apr. 23, 2010) (finding work product protection was waived when no common interest between the plaintiff and the third-party existed).

Moreover, even if the communications between Jordan or Gagliardo and Daniel and Michael were protected work product, the protection has been waived because both Daniel and Michael already produced communications with Jordan, and so did Boshea. *See Hempel v. Cydan Dev., Inc.*, No. PX-18-3404, 2020 U.S. Dist. LEXIS 153208, at *17 (D. Md. Aug. 24, 2020) ("[D]isclosure of a document to third persons does not waive the work product immunity *unless* it has substantially increased the opportunities for potential adversaries to obtain the information.") (emphasis added) (internal citation omitted); *see also Continental Cas. Co. v. Under Armour, Inc.*, 537 F. Supp. 2d 761, 772 (D. Md. 2008) ("Work-product immunity is waived if the client, the client's lawyer, or another authorized agent of the client . . . discloses the material to third persons

in circumstances in which there is a significant likelihood that an adversary or potential adversary in anticipated litigation will obtain it."). In this case, as noted above and throughout this brief, substantial communications between Jordan and Daniel/Michael have already been produced – as they should because Daniel/Michael are third parties without a common interest with Boshea in this case. Indeed, Daniel and Michael are part owners of the party that Boshea is suing. Even if there could be some claimed protection, there is a significant likelihood that Compass Marketing would obtain Jordan's (and, to the extent they exist, Gagliardo's) communications (and it did obtain those commutations involving Jordan) from subpoenas to Daniel and Michael. Therefore, the work product protection has been waived and Boshea should be compelled to produce communications between Jordan and Daniel and Michael.

In addition, there are documents with attachments that were not produced. *See, e.g.*, Exhibit 18. Plus, Compass Marketing is entitled to receive any additional text messages between Boshea and Daniel and/or Michael.[11]

### CONCLUSION

For the foregoing reasons, Defendant Compass Marketing, Inc. respectfully requests that the Court grant this Motion to Compel, order Boshea to produce the requested documents, and grant such other relief as the Court deems just and proper.

---

[11] Furthermore, Compass Marketing is concerned that the documents produced were only those selectively identified by Boshea, as the documents produced were only those emails that Boshea forwarded on January 19 to his counsel (Jordan), who in turn forwarded them to Compass Marketing on January 22. Boshea must do a thorough examination of his email (and phone) to ensure that all responsive emails (and text messages) have been produced.

13

**CERTIFICATION**

       Pursuant to Local Rules 104.7, undersigned counsel certifies that on January 24, 2024 at 11:06 PM, he emailed counsel for Boshea requesting a phone call to discuss resolution of the instant discovery dispute.  Undersigned counsel further certifies that on January 25, 2024 at 3:06 PM, he emailed counsel for Boshea again suggesting a telephone call to discuss the instant discovery dispute.  Prior to those email requests, counsel for the parties exchanged emails on this issue on December 21, 2023, December 28, 2023, January 10, 2024, and January 11, 2024 as evidenced by Exhibits 24 and 25 to this Motion to Compel.  Counsel for Boshea, however, has made it clear that Boshea and his counsel do not plan to produce any further communications between Boshea's counsel and Daniel White and/or Michael White based on an objection pursuant to the work product doctrine.  Additionally, the parties exchanged multiple emails with case authority on January 25, 2024 regarding this very issue.  Unfortunately, the dispute regarding Boshea's failure to produce supplemental responsive documents has not been resolved, and the issues to be addressed by the Court have been itemized above.

                                                     */s/Stephen B. Stern*
                                                     Stephen B. Stern, Bar No.: 25335


Dated:  January 26, 2024                     Respectfully submitted,

                                                 */s/Stephen B. Stern*
                                                 Stephen B. Stern, Bar No.: 25335
                                                 Shannon M. Hayden, Bar No.: 30380
                                                 KAGAN STERN MARINELLO & BEARD, LLC
                                                 238 West Street
                                                 Annapolis, Maryland 21401
                                                 (Phone): (410) 216-7900
                                                 (Fax):  (410) 705-0836
                                                 Email:  stern@kaganstern.com
                                                 Email:  hayden@kaganstern.com

                                                 and

                                                 Brian A. Tollefson, Bar No. 16289
                                                 TOLLEFSON IP
                                                 326 First Street, #202
                                                 Annapolis, Maryland 21403
                                                 (Phone):  (443) 699-2450
                                                 Email:  brian@tollefsonip.com

                                                 *Counsel for Defendant/Counter-Plaintiff*
                                                 *Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 26th day of January, 2024, the foregoing Motion to Compel Supplemental Production of Documents from Plaintiff David J. Boshea was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo<br>Gilbert Employment Law, PC<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, Maryland 20910<br>Email: tgagliardo@gelawyer.com | Gregory J. Jordan<br>Mark Zito<br>Jordan & Zito, LLC<br>350 N. LaSalle Drive, Suite 1100<br>Chicago, Illinois 60654<br>Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*


                                        */s/ Stephen B. Stern*
                                        Stephen B. Stern