IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID J. BOSHEA,
   *Plaintiff.*

v.

COMPASS MARKETING, INC.,
   *Defendant*.

Civil No. ELH-21-00309

**MEMORANDUM**

This case is scheduled to proceed to trial on Tuesday, February 20, 2024.[1] That date was set on November 3, 2023. ECF 209.[2]

At 4:56 p.m. on February 14, 2024, defendant Compass Marketing, Inc. ("Compass") filed a "Motion in Limine to Exclude Evidence." ECF 217 (the "Motion"). The Motion includes several exhibits. *See* ECF 217-1 to ECF 217-3. In the Motion, Compass seeks the exclusion at trial of an exhibit described by plaintiff David Boshea as "'John White May 22, 2007 email information page for attachment sent to David Boshea.'" ECF 217 at 1 (quoting ECF 195 at 15).

No hearing is necessary. Local Rule 105.6. For the reasons that follow, I shall deny the Motion as untimely, and without prejudice to the right to renew the Motion at trial.

**A.**

According to Compass, the exhibit in issue (ECF 217-3) "exists in a series of three interrelated exhibits." ECF 217 at 1. Specifically, Compass argues that, because the exhibit

---

[1] Monday, February 19, 2024, is a federal holiday.

[2] Trial had been set for October 30, 2023. *See* ECF 207. But, it was postponed shortly before trial, when one of the attorneys tested positive for COVID-19. *See id.*

concerns the interpretation of metadata, it "should be excluded from evidence because it requires an expert to testify about its interpretation, and Boshea has not designated an expert to do so." *Id.* at 3.

The deadline for filing motions in limine has long since expired, and Compass has offered no explanation for its belated filing. In particular, by Order of August 9, 2022 (ECF 115), the Court set a deadline of November 18, 2022, for the filing of motions in limine. And, both sides timely filed such motions. *See* ECF 119, ECF 120, ECF 121, ECF 122, ECF 124, and ECF 125. Thereafter, on March 10, 2023, the Court held a hearing on the parties' motions in limine. ECF 158. And, the Court resolved the motions by Memorandum Opinion and Order of March 31, 2023. ECF 160, ECF 161.

At that time, trial was set to begin on July 31, 2023. ECF 145. And, on June 6, 2023, in anticipation of that trial, and as required by the Court, the parties filed, *inter alia*, a Joint Pretrial Order. ECF 173. However, following the Court's telephone conferences with counsel on June 13, 2023, and June 22, 2023 (*see* Docket), and by Order of June 23, 2023 (ECF 178), the Court rescheduled the trial date to October 30, 2023. In addition, the Court rescheduled the pretrial conference for October 13, 2023. *See id.* The Court convened the pretrial conference on that date. *See* Docket.

About six weeks before the pending trial date, on September 14, 2023, defendant filed a "Motion for Leave to File a Motion in Limine to Exclude Lawrence Scott as a Witness at Trial." *Id.* By Order of September 15, 2023, I granted permission to Compass to file the motion in limine. ECF 188. However, by Order of October 4, 2023 (ECF 193), I denied the motion in limine, as moot.

2

On October 18, 2023, following the pretrial conference held on October 13, 2023, the parties filed an Amended Joint Pretrial Order.  ECF 195.  Unfortunately, shortly before the trial was set to begin, one of the lawyers in the case contracted COVID-19.  ECF 207.  As a result, the case could not proceed on October 30, 2023.  As indicated, on November 3, 2023, the trial was rescheduled for February 20, 2024.  ECF 209.

Notably, the exhibit at issue in the Motion is referenced in the parties' Joint Pretrial Order filed on June 6, 2023.  ECF 173.  And, it appears in the Amended Joint Pretrial Order, filed on October 18, 2023.  ECF 195.  Specifically, Boshea included on his exhibit list "Boshea Exhibit 7," which is described as "John White May 22, 2007 email information page for attachment sent to David Boshea."  ECF 173 at 16; ECF 195 at 15.  And, in both submissions, Boshea indicated that he "expect[s] to offer" the exhibit at trial.  *Id.*

**B.**

"A motion in limine is a request for guidance by the court regarding an evidentiary question."  *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984).  The purpose of a motion in limine is "'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence.'"  *United States v. Slagle*, SAG-15-392, 2015 WL 5897740, at *1 (D. Md. Oct. 6, 2015) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)); *see Osei v. Univ. of Maryland Univ. Coll.*, 202 F. Supp. 3d 471, 479 n.5 (D. Md. 2016) ("[M]otions in limine are meant 'to streamline the case for trial and to provide guidance to counsel [and the parties] regarding evidentiary issues.'") (quoting *Adams v. NVR Homes, Inc.*, 141 F. Supp. 2d 554, 558 (D. Md. 2001)), *vacated and remanded on other grounds*, 710 Fed. Appx. 593 (4th Cir. 2018).

Evidentiary rulings prior to trial are generally preliminary or tentative, made in the discretion of the court, for the purpose of assisting in preparation for trial. *Luce*, 713 F.2d at 1239–40; *see Adams*, 141 F. Supp. 2d at 558 ("A ruling on a motion in limine is no more than a preliminary or advisory opinion that falls entirely within the discretion of the district court."). When the evidence is actually offered at trial, the trial court may change its ruling. *Luce*, 713 F.2d at 1239. Additionally, "'[a] district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules.'" *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)).

As discussed, defendant now seeks to exclude from trial the exhibit at ECF 217-3. Clearly, Compass has known about this exhibit since at least June 6, 2023, with the filing of the first proposed Joint Pretrial Order (ECF 173).

Critically, opposing counsel is entitled to an opportunity to respond to the Motion. And, the Court requires time to consider the merits of the Motion. Yet, because the Motion was filed a mere days before the start of trial, without justification, plaintiff does not have the time permitted under Local Rule 105(2)(a) to respond. That rule allows fourteen days to respond to a motion. *Id.*

Further, the Court's deadline for motions in limine was, in effect, a type of scheduling order. Scheduling orders serve a vital purpose in helping a court to manage its civil caseload. *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985); *see also Naughton v. Bankier*, 114 Md. App. 641, 653, 691 A.2d 712, 718 (1997) (recognizing that a scheduling order helps "to maximize judicial efficiency and minimize judicial inefficiency"). A scheduling order is an important vehicle in "'securing the just, speedy, and inexpensive determination of every

4

action.'" *Miller v. Transcend Servs., Inc.*, LPA-10-362, 2013 WL 1632335, at *4 (M.D.N.C. Apr. 16, 2013) (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D.W. Va. 1995)).

To be sure, Fed. R. Civ. P. 16 "recognize[s] . . . that the parties will occasionally be unable to meet . . . deadlines [in a scheduling order] because scheduling order deadlines are established relatively early in the litigation." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004) (citation omitted). But, a filing made after a deadline set forth in a court's scheduling deadline amounts to a request for modification of the scheduling order, which "may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4).

Here, without explanation, defendant filed the Motion well after the deadline for motions in limine had passed. Given that defendant has been aware of this exhibit for at least eight months, and has also known of the deadlines set by the Court, it is surprising that defendant offers no explanation for the untimeliness of the Motion.

Accordingly, I shall deny the Motion (ECF 217) as untimely, without prejudice to the right of defendant to object at trial to Boshea's use of this exhibit.

An Order follows.

Date: February 15, 2024                              /s/
                                                     Ellen Lipton Hollander
                                                     United States District Judge