IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT COMPASS MARKETING, INC.'S MOTION FOR SANCTIONS FOR SPOLIATION

Defendant Compass Marketing, Inc. ("Compass Marketing" or the "Company"), by and through its undersigned counsel, hereby files this Motion for Sanctions for Spoliation ("Motion for Sanctions") and requests that the Court enter sanctions allowed under Federal Rule of Civil Procedure 37 and pursuant to its inherent power to address the egregious failure of Plaintiff David Boshea ("Boshea") to preserve relevant evidence and timely produce that evidence.

Throughout the entirety of this litigation (and even before its inception), Boshea has been in constant contact with the minority shareholders of Compass Marketing, Daniel White ("Daniel") and Michael White ("Michael"),[1] about this very lawsuit. Discovery has shown that Daniel and Michael, who have filed multiple lawsuits against Compass Marketing seeking its dissolution, have been exerting substantial influence over Boshea in this litigation by providing Boshea with advice, documents (including confidential documents not relevant to this litigation), and more. Some of the assistance even appears to include instructions on how to testify.

---

[1] Compass Marketing refers to Daniel White and Michael White by their first names only for ease of reference and clarity, and not out of disrespect.

Compass Marketing files this Motion because Boshea has failed to preserve certain email communications from mid to late September 2023 between him and Michael regarding Boshea's trial preparation, testimony, and strategy.  Compass Marketing only learned about these emails on January 22, 2024, and it has continued to request that Boshea produce them.  On February 8, 2024, however, Boshea (through his counsel) represented that he no longer has the emails in question.  The only explanation for no longer having the emails is that Boshea purposefully deleted them when he was under a  duty to preserve emails.  Thus, Compass Marketing seeks an adverse inference jury instruction relating to Boshea's failure to preserve his emails.

### RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On July 13, 2021, Compass Marketing served its First Request for Production of Documents on Boshea ("First Request for Production").  *See* Exhibit A (Defendant Compass Marketing, Inc.'s First Request for Production of Documents to Plaintiff David J. Boshea).  The First Request for Production included the following requests that are relevant to this Motion:

**Request No. 7:**  All documents consisting of communications between you and Daniel White that refer, reflect, or relate to the terms of your employment with Compass Marketing, the termination of your employment with Compass Marketing, and/or any severance agreement you claim you entered into with Compass Marketing.

**Request No. 8:**  All documents consisting of communications between you and Michael White that refer, reflect, or relate to the terms of your employment with Compass Marketing, the termination of your employment with Compass Marketing, and/or any severance agreement you claim you entered into with Compass Marketing.

**Request No. 14:** All documents that refer, reflect, or relate to any transaction, communication, or interaction between you and Daniel White since the termination of your employment with Compass Marketing.

**Request No. 15:** All documents that refer, reflect, or relate to any transaction, communication, or interaction between you and Michael White since the termination of your employment with Compass Marketing.

*See* Exhibit A at 7-8.

The First Request for Production expressly noted that the First Request for Production were "continuing in nature so as to require Plaintiff to provide supplemental documents as set forth in Rule 26 of the Federal Rules of Civil Procedure." *See* Exhibit A at 6.

Following this Court's December 1, 2023 Order allowing the deposition of Boshea (ECF 213), on December 21, 2023, in preparation for Boshea's upcoming deposition, Compass Marketing requested that Boshea supplement his previous document production "with any communications between [Boshea] and Dan[iel] or Michael White." *See* Exhibit B (Email string, most recent dated December 28, 2023) at 4. Having received no response, on December 28, 2023, Compass Marketing again requested that Boshea supplement his document production "with additional communications to/from Dan[iel] and/or Michael White." *See* Exhibit B at 3. On January 10, 2024, with Boshea's deposition scheduled to take place on January 17, 2024 and still not having received any supplemental document production from Boshea, Compass Marketing again asked Boshea to produce "any supplemental production of documents regarding further communications between [Gregory Jordan] and Dan[iel]/Mi[chael] or David and Dan[iel]/Mi[chael]" by January 12, 2024. *See* Exhibit C (Email string, most recent dated January 17, 2024) at 8. After additional back and forth between counsel for both Compass Marketing and

3

Boshea (and after Boshea's deposition was postponed due to Boshea becoming ill) on January 22, 2024, Boshea produced certain additional emails between himself, Daniel, and Michael. One of the emails Boshea produced was an email from Boshea to Michael and Daniel dated Tuesday, September 12, 2023. *See* Exhibit D (Email from D. Boshea to M. White and D. White dated September 12, 2023). The subject of the email was "revision trial prep" and the body of the email was blank except for Boshea's signature. Attached to the email was a Microsoft Word document titled "Compass Trial Preparation." *See* Exhibit D. The attached document appears to be the story that Boshea will adhere to at trial in this case, and by emailing it to Daniel and Michael, it appears that Boshea was seeking their input on trial strategy and testimony. When Compass Marketing received this email on January 22, 2024, it already was suspicious that Boshea's production was incomplete because the subject of the email was "revision trial prep," which suggests Boshea and Michael and/or Daniel had previously communicated about this document and it had already been shared with Michael and/or Daniel. This suspicion was confirmed when Boshea made another supplemental document production on January 26, 2024 that included certain text messages between him and Michael White. Among those text messages was a message from Boshea to Michael dated September 18, 2023, which states, in part: "Also I made the revision on my pretrial write up u advised me Morgan had 25% at start and you were good with everything else ... I emailed it to you." *See* Exhibit E (Text Message between D. Boshea and M. White).[2]

When asked at his deposition about the September 12, 2023 email, Boshea admitted that he was seeking the input of Daniel and Michael and that there had been a previous draft of this

---

[2] The fact that Boshea now intends to testify about Robert Morgan's ownership interest in Compass Marketing (which ended in or about March 2004, more than three years before Boshea was even hired by Compass Marketing) and it had not been raised at all prior to Boshea's deposition (meaning, it is completely irrelevant to this litigation) shows indisputably that Daniel and Michael are using the Boshea litigation as a tool to advance their own disputes with John White and Compass Marketing.

4

Word document.  *See* Exhibit F (Excerpt of D. Boshea Deposition Transcript) at 329:1-331:18.  Boshea did not produce the email or Word document, however.  Boshea also testified that he did not ask for any other input from Daniel or Michael, *see id.*, but this clearly was not true, as Boshea's text messages with Michael show that just six days after the September 12, 2023 email, Boshea sent another version of the document to Michael for review.  *See* Exhibit E.  Following Boshea's deposition, on at least four different dates (February 2, 2024, February 6, 2024, and February 7, 2024, and February 8, 2024) Compass Marketing requested that Boshea produce additional communications related to the "revision trial prep" email, along with a few other emails and text messages that Boshea failed to produce.  *See* Exhibit G (Collection of Emails from S. Hayden to G. Jordan).  On February 8, 2024, Boshea, through counsel, stated that there were no other emails, which clearly means that Boshea purposefully, willfully, and in bad faith deleted relevant and discoverable emails during this litigation.  As a result, an adverse inference jury instruction is warranted due to Boshea's spoliation of evidence, which he has tried to cover up.

## **LEGAL STANDARD**

"Spoliation occurs when a party destroys or materially alters evidence or fails to preserve property that could be used as evidence in a pending or reasonably foreseeable case." *Jennings v. Frostburg State Univ.*, No. ELH-21-656, 2023 U.S. Dist. LEXIS 111478, at *22 (D. Md. June 27, 2023) (citing *Boone v. Everett*, 751 F. App'x 400, 401 (4th Cir. 2019)).  Sanctions are available to a court to address a party's spoliation of evidence.  *See Thompson v. United States HUD*, 219 F.R.D. 93, 100 (D. Md. 2003).  The Court derives its power to sanction a party for spoliation from Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent authority to control the judicial process.  *See Jennings*, 2023 U.S. Dist. LEXIS 111478, at *22.  Sanctions for the spoliation of ESI are governed by Rule 37(e) of the Federal Rules of Civil Procedure, which states:

> (e) **Failure to Preserve Electronically Stored Information**. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> > (A) presume that the lost information was unfavorable to the party;
> >
> > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> >
> > (C) dismiss the action or enter a default judgment.

See FED. R. CIV. P. 37(e). "To establish that spoliation occurred, the moving party must show that: '(1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it.'" *Jennings*, 2023 U.S. Dist. LEXIS 111478, at *87 (quoting *Goodman v. Praxair Servs.*, 632 F. Supp. 2d 494. 509 (D. Md. 2009)).

**ARGUMENT**

The Court should sanction Boshea for spoliation of evidence because Boshea has failed to preserve evidence relevant to Compass Marketing's defenses during this litigation by purposefully destroying the emails.

First, Boshea had a duty to preserve the emails between him and Michael and Daniel sent and received during this litigation. "The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri v. GMC*, 271 F.3d 583, 591 (4th Cir. 2001). "The duty to preserve encompasses any documents or tangible items authored or made by individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses." *Broccoli v. Echostar Communs. Corp.*, 229 F.R.D. 506, 510 (D. Md. 2005) (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217-18 (S.D.N.Y. 2003)). Clearly, Boshea was under a duty to preserve in September 2023, only four months ago, and over two years into this litigation.[3] Boshea's obligation to preserve indisputably arose when he first filed this lawsuit in February 2021 (though, based on documents produced in this litigation, the duty to preserve clearly arose before then).

Second, Boshea's failure to preserve was accompanied by a culpable mindset. "'[F]or a court to impose some form of sanctions for spoliation, any fault – be it bad faith, willfulness, gross negligence, or ordinary negligence – is a sufficiently culpable mindset.'" *De Simone v. VSL Pharm., Inc.*, No. TDC-15-1356, 2018 U.S. Dist. LEXIS 43398, at *12 (D. Md. Mar. 16, 2018) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 529 (D. Md. 2010)). "In the context of spoliation, ordinary negligence is the failure to identify, locate, and preserve evidence,

---

[3] In fact, as of September 2023, Boshea was under a continuing duty to supplement his production of documents. *See* Exhibit A at 6.

7

where a reasonably prudent person acting under like circumstances would have done so." *Id.* (citing *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig*, 299 F.R.D. 502, 519 (S.D.W. Va. 2014)). "A finding of gross negligence requires a similar showing as ordinary negligence, but to a greater degree." *Id.* Willfulness and bad faith will only be found where a party has engaged in "intentional, purposeful, or deliberate conduct." *Victor Stanley*, 269 F.R.D. at 529. "While bad faith requires the destruction of evidence 'for the purpose of depriving the adversary of the evidence,' *Goodman v. Praxair Servs.*, 632 F. Supp. 2d 494. 509. 520 (D. Md. 2009), willfulness only requires a demonstration of intentional or deliberate conduct resulting in spoliation." *Id.* (citing *Buckley v. Mukasey*, 538 F.3d 306, 323 (4th Cir. 2008)).

Boshea's destruction of this email was done in bad faith because the email contained communication between him and Michael White regarding strategy in this lawsuit. The Word document itself appears to reflect revisions made by Michael White. In other words, the email and Word document help establish the level of influence Michael (and likely Daniel too) have exerted on Boshea in this litigation, including how Michael (and likely Daniel) have instructed Boshea on how to testify in this case. Boshea obviously deleted the email with the intention to deprive Compass Marketing of the opportunity to see it. Indeed, Boshea clearly kept selected emails between him and Michael White which he produced, but he did not produce all the emails because he knows it would be harmful to this case. Instead, it appears he deleted these harmful emails.

Finally, Boshea's destruction of his emails has prejudiced Compass Marketing. Throughout this litigation, Compass Marketing has uncovered substantial evidence that Daniel and Michael have been directing this lawsuit, since even before its inception. Indeed, over the last three years through discovery, motions, and hearings, behind the scenes, Daniel and Michael have

been in constant contact with Boshea and his counsel.[4]  Daniel and Michael have shared thoughts on the identity of witnesses (both fact and expert witnesses), the retention of local counsel, the drafting of pleadings and other filings, and even shared numerous documents with Boshea and his counsel, including confidential Compass Marketing documents (unrelated to this litigation), in an effort to "assist" Boshea, harm Compass Marketing, and advance their own disputes with John White and Compass Marketing.  It should be no surprise then, when it came to Boshea's trial preparation, Michael (and likely Daniel) reviewed and revised Boshea's trial preparation Word document to exert their influence on trying to inflict as much harm on Compass Marketing. Clearly, any communications related to this Word document (and any iterations of the Word document itself) go to proving that Daniel and Michael have been influencing Boshea in an effort to take down the Company and these communications raise a number of credibility concerns for Boshea and the White brothers, all of which is highly relevant to Compass Marketing's defenses and which Compass Marketing is entitled to receive in discovery and explore at trial.

## CONCLUSION

For the foregoing reasons, Compass Marketing respectfully requests that the Court grant this Motion for Sanctions for Spoliation, and issue an adverse inference jury instruction relating to the destruction of emails by Boshea.

---

[4] For more detailed examples of Daniel's and Michael's involvement, please see Compass Marketing's Motion to Compel Supplemental Production of Documents from Plaintiff David J. Boshea filed on January 26, 2024 (ECF 214), which is incorporated herein by reference.

Dated:  February 15, 2024                             Respectfully submitted,

                                                  */s/Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  hayden@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of February, 2024, the foregoing Motion in Limine to Exclude Evidence was served via the CM/ECF system on the following counsel of record:

Thomas J. Gagliardo  
Gilbert Employment Law, PC  
1100 Wayne Avenue, Suite 900  
Silver Spring, Maryland 20910  
Email: tgagliardo@gelawyer.com

Gregory J. Jordan  
Mark Zito  
Jordan & Zito, LLC  
350 N. LaSalle Drive, Suite 1100  
Chicago, Illinois 60654  
Email: gjordan@jz-llc.com

*Attorneys for Plaintiff*  
*David Boshea*

*/s/ Stephen B. Stern*  
Stephen B. Stern