# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| Plaintiff, | * | |
| | * | Case No. 1:21-CV-00309-ELH |
| v. | * | |
| **COMPASS MARKETING, INC.** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT COMPASS MARKETING, INC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DAVID J. BOSHEA**

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Rule 104 of the Local Rules of this Court, hereby propounds the following Request for Production of Documents to Plaintiff David J. Boshea ("Boshea") and requests that they produce within thirty (30) days the requested documents within its possession, custody, or control for inspection and copying at the offices of Kagan Stern Marinello & Beard, LLC, 238 West Street, Annapolis, Maryland 21401:

**INSTRUCTIONS AND DEFINITIONS**

The following instructions and definitions are to be utilized in complying with these requests:

A.   The terms "Plaintiff," "you," and "your," refer to the Plaintiff in this action, David J. Boshea, as well as Plaintiff's officers, directors, employees, agents, representatives, and other persons acting on Plaintiff's behalf.

B.	These Requests are addressed to Plaintiff and any of Plaintiff's officers, directors, employees, agents, representatives, attorneys, or other persons acting on Plaintiff's behalf. If the requested information or documents are known by Plaintiff to exist and are not in the possession of Plaintiff, or Plaintiff's officers, directors, employees, agents, representatives, attorneys, or other persons acting on its behalf, Plaintiff should so indicate and provide the name of the person or entity maintaining the documents or possessing the information. Each Request not only calls for the knowledge of Plaintiff, but also for all knowledge that is available to Plaintiff, through reasonable inquiry, including inquiry of Plaintiff's representatives and agents.

C.	The terms "person" and "persons" shall mean and include a natural person, individual, partnership, firm, corporation, any kind of business or legal entity, any government entity (including any departments, agencies, or divisions thereof), its agents or employees.

D.	The term "document" is used herein with its customary broad meaning under the Federal Rules of Civil Procedure and, thus, includes by way of illustration and not limitation, the following, whether written, printed, reproduced by any process, including recordings, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery:  tapes; notes; analyses; computer printouts; information maintained on computer disks, flash drives, or hard drives (including metadata); correspondence; communications of any nature; electronic mail ("e-mail"); text messages; websites and Internet history; telegrams; letters; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records or tapes of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports and/or summaries of negotiations; court papers;

2

brochures; drafts, revisions of drafts; tape recordings; records and dictation belts.  Any document with any marginalia, including marks on any sheet or side thereof, such as initials, stamped indicia, comments, or notations of any character not part of the original text, or any reproduction thereof, is not to be considered a separate document for purposes of these Interrogatories. "Document" or "documents" include documents prepared by, for, or at the direction of Plaintiff (or those acting or purporting to act on its behalf) and documents prepared by, for, or at the direction of others.

   E. When referring to a natural person, "identify" means that you shall state the person's full name, present or last known address, telephone number, and position of employment at the time in question.

   F. When referring to a document, "identify" means that you shall state the general nature of the document, the author or the originator, each addressee, all individuals designated to receive or who otherwise have received a copy of the document, the date, title, general subject matter of the document, the present custodian of each copy, and the last known address of each such custodian.  To the extent that any document responsive to these Interrogatories has been destroyed or is no longer available, include the name of the document, the persons responsible for the destruction or unavailability of the document, the persons who actually destroyed the document or caused it to be unavailable, the reasons for the destruction or unavailability of the document, and all persons knowing said reasons, and all documents referring or relating to the document in question.

   G. When referring to an oral statement or conversation, "identify" means that you shall state the date and place the oral statement or conversation was made or took place, the identity of each person who made, participated in, or heard any part of the oral statement or

conversation, the substance of what was said by each person who made or participated in the oral statement or conversation, and the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such oral statement or conversation.

    H.    As used herein:

        1.    The phrase "refer, reflect, or relate to" or any similar combination of these words is intended to have the broadest possible meaning, and includes any logical or factual connection with the matters discussed.

        2.    The term "or" means "and/or."

        3.    Any word written in the singular shall include the plural and vice versa.

        4.    The term "any" means "each, any, and all."

        5.    When appropriate, the use of the masculine also includes the feminine, and vice versa.

    I.    The terms "Complaint," "this litigation," "this action," and "this lawsuit" shall mean the above-captioned lawsuit, *David J. Boshea v. Compass Marketing, Inc.*, Civil Action No.: 1:21-CV-00309-ELH (D. Md.), and includes the allegations made and documents filed therein.

    J.    If you object to fully identifying a document or oral communication because of a privilege, you must provide the following information, unless divulging the information would disclose the privileged information:

        1.    the nature of the privilege asserted (including work product);

        2.    the date of the document or oral communication;

   3. if a document, its type (e.g., letter, memorandum, facsimile), author, addressee(s), custodian, location, all recipients, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including, if not apparent, the relationship between the author and the addressee;

   4. if an oral communication, the place where it was made, the names of the persons present while it was made, the names of the persons not present who were told the substance of the communication, and, if not apparent, the relationship of the declarant to the persons present; and

   5. the general subject matter of the document or oral communication

  K. If any documents responsive to any Request have been lost, mutilated, or destroyed, state to which Request(s) the document would have been responsive and identify each such document, the date or approximate date on which the document was lost, mutilated, or destroyed, and any persons that may have witnessed the loss, mutilation, or destruction of the document(s).

  L. If there are no documents in Plaintiff's possession, custody, or control that are responsive to a particular Interrogatory, state so in response to each such Request.

  M. These discovery requests are continuing in nature so as to require Plaintiff to provide supplemental documents as set forth in Rule 26 of the Federal Rules of Civil Procedure.

## **DOCUMENT REQUESTS**

**Request No. 1:** All documents that refer, reflect, or relate to your claim that you are entitled to the relief requested in the Complaint.

**Request No. 2:** All documents consisting of communications between you and Compass Marketing that refer, reflect, or relate to your employment with Compass Marketing.

**Request No. 3:** All documents that refer, reflect, or relate to the terms and conditions of your employment with Compass Marketing.

**Request No. 4:** All documents consisting of communications between you and Compass Marketing that refer, reflect, or relate to the actual or potential termination of your employment with Compass Marketing.

**Request No. 5:** All documents that refer, reflect, or relate to the actual or potential termination of your employment with Compass Marketing.

**Request No. 6:** All documents consisting of communications between you and Compass Marketing that refer, reflect, or relate to any severance agreement you claim you entered into with Compass Marketing.

**Request No. 7:** All documents consisting of communications between you and Daniel White that refer, reflect, or relate to the terms of your employment with Compass Marketing, the termination of your employment with Compass Marketing, and/or any severance agreement you claim you entered into with Compass Marketing.

**Request No. 8:** All documents consisting of communications between you and Michael White that refer, reflect, or relate to the terms of you employment with Compass Marketing, the termination of your employment with Compass Marketing, and/or any severance agreement you claim you entered into with Compass Marketing.

**Request No. 9:** All documents that refer, reflect, or relate to the Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (attached as Exhibit A to the Complaint).

**Request No. 10:** All documents that refer, reflect, or relate to the Compass Marketing, Inc. Offer of Employment (attached as Exhibit B to the Complaint).

**Request No. 11:** All documents that refer, reflect, or relate to the Compass Marketing, Inc. termination letter (attached as Exhibit C to the Complaint).

**Request No. 12:** All documents that refer, reflect, or relate to the Compass Marketing, Inc. Severance Agreement (attached as Exhibit C to the Complaint).

**Request No. 13:** All documents that refer, reflect, or relate to the Compass Marketing, Inc. Non-Solicitation Agreement (attached as Exhibit C to the Complaint).

**Request No. 14:** All documents that refer, reflect, or relate to any transaction, communication, or interaction between you and Daniel White since the termination of your employment with Compass Marketing.

**Request No. 15:** All documents that refer, reflect, or relate to any transaction, communication, or interaction between you and Michael White since the termination of your employment with Compass Marketing.

**Request No. 16:** All documents that refer, reflect, or relate to any statement against interest Compass Marketing has allegedly made concerning the allegations in the Complaint.

**Request No. 17:** All documents sent to, shown to, or otherwise shared with you by any expert you intend to testify in this litigation.

**Request No. 18:** All documents that you referenced, reviewed, or otherwise relied on to draft the Complaint, and answer the Interrogatories served on you in this litigation.

**Request No. 19:** All documents that you intend to offer into evidence at trial in this litigation and any other documents that you received from a third party pursuant to a subpoena or any other request.

Date:  July 13, 2021	Respectfully submitted,

/s/ Stephen B. Stern
Stephen B. Stern, Bar No. 25335
Heather K. Yeung, Bar No. 20050
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  yeung@kaganstern.com

*Counsel for Defendant
Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July 2021, a true and correct copy of Defendant Compass Marketing, Inc's First Set of Requests for Production of Documents to Plaintiff David J. Boshea, was sent via email to the following:

> Thomas J. Gagliardo
> Gilbert Employment Law, PC
> 1100 Wayne Avenue, Suite 900
> Silver Spring, MD 20910
> Email:  tgagliardo@gelawyer.com
>
> and
>
> Gregory J. Jordan
> Mark Zito
> Jordan & Zito, LLC
> 55 West Monroe St., Suite 3600
> Chicago, IL 60603
> Email:  gjordan@jz-llc.com
>
> *Attorneys for Plaintiff*
> *David Boshea*

          */s/ Stephen B. Stern*
          Stephen B. Stern