IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.,** | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**TRIAL BRIEF CONCERNING COMPASS MARKETING, INC.'S
OBLIGATION TO PROVE BY CLEAR AND CONVINCING
EVIDENCE THAT JOHN WHITE'S SIGNATURE WAS FORGED**

David Boshea presents his trial brief regarding the affirmative defense Compass Marketing, Inc. raised concerning fraud and the applicable burden of proof.

**COMPASS' CLAIM OF A SIMULATION OF JOHN WHITE'S
SIGNATURE CONSTITUTES AN AFFIRMATIVE DEFENSE OF FRAUD**

Compass Marketing, Inc. asserts that John White's signature on Exhibit 8 is a forgery, or as both testifying experts have termed it, a simulation. Maryland courts view forgery as a species of fraud. *See Holliday v. Holliday*, No. 09-CV-01449-AW, 2012 WL 1409527, at *5 (D. Md. Apr. 20, 2012), *aff'd*, 522 F. App'x 174 (4th Cir. 2013). In keeping with that view, Compass raised an affirmative defense of fraud in asserting David Boshea seeks to enforce his signed employment agreement through a simulated signature.

Because Compass has raised this defense, it bears the burden of proving its defense. "Generally, the defendant who pleads an affirmative defense has the burden of proof." *Bengston v. Gibbs*, 884 F.2d 1387 (4th Cir. 1989). In Maryland, the burden of proof for fraud as an

affirmative defense rests on the defendant. *See Loyola Fed. Sav. & Loan Ass'n v. Trenchcraft, Inc.*, 17 Md. App. 646, 661, 303 A.2d 432, 440 (1973).

In Maryland, the affirmative defense of fraud necessitates that Compass prove its defense by clear and convincing evidence. "We conclude that clear and convincing evidence is the appropriate burden of proof for an affirmative defense of fraud, whether it is asserted as a common law defense or a contractual defense." *Simms v. Mut. Benefit Ins. Co.*, 137 F. App'x 594, 600 (4th Cir. 2005). Similarly, Maryland courts have adopted the same standard. Under Maryland law, "fraud must be proved by clear and convincing evidence." *Hoffman v. Stamper*, 385 Md. 1, 16, 867 A.2d 276, 285 (Md. 2005); See also, *See Loyola Fed.*, *Infra.*

Notwithstanding the existence of its burden, Compass' counsel asserted in Court two propositions that have no support in the law. First, Compass' counsel contended that Boshea must prove that the signature is not authentic. Second, he claimed that the burden of proof was a preponderance of the evidence. Notwithstanding those statements, Compass must prove its affirmative defense by presenting clear and convincing evidence. Since Compass incorrectly referred to both which party bears the burden of proof and the applicable standard, Boshea believes the Court must instruct the jury properly to avoid confusion and error.

### PROPOSED JURY INSTRUCTIONS

David Boshea proposes the following jury instruction regarding the elements required to find a simulation of John White's signature;

> The defense of the simulation of a signature has elements [1] a false making or material alteration, [2] with intent to defraud, [3] of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability.
>
> Defendant Compass Marketing, Inc. must prove each of the elements.
>
> *Mitchell v. Yacko*, 232 Md. App. 624, 640, 161 A.3d 14, 23 (2017)(quoting *Buckingham v. Fisher*, 223 Md.App. 82, 93, 115 A.3d 248 (2015).

David Boshea proposes the following jury instruction regarding Compass' burden of proof required to find a simulation of John White's signature;

> Defendant Compass Marketing, Inc. has asserted the claim of fraud in this case by claiming a simulation of John White's signature. A party who contends fraud on the part of another has the burden of proving the claim by clear and convincing evidence. This burden of proof requires more than a preponderance of the evidence but less than proof beyond a reasonable doubt.
>
> To be clear and convincing, evidence should be "clear" in the sense that it is certain, plain to the understanding, and unambiguous and "convincing" in the sense that it is so reasonable and persuasive as to cause you to believe it.
>
> **MPJI-Cv 1:15 Burden of Proof--Clear and Convincing Evidence Standard**

WHEREFORE, for the preceding reasons, this Court should instruct the jury that Compass Marketing, Inc. must establish the elements of simulation and that it must do so by clear and convincing evidence.

Dated:  February 25, 2024	Respectfully submitted,

/s/Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

## CERTIFICATE OF SERVICE

I certify that on February 25, 2024, David J. Boshea served by CM/ECF his Trial Brief Concerning Compass Marketing, Inc.'s Obligation to Prove by Clear and Convincing Evidence that John White's Signature Was Forged on:

>Stephen B. Stern
>Shannon Hayden
>Kagan Stern Marinello & Beard, LLC
>238 West Street
>Annapolis, Maryland 21401
>Email: stern@kaganstern.com
>Email: hayden@kaganstern.com

>*Attorneys for Compass Marketing, Inc.*

                                  /*s/* Gregory J. Jordan
                                  Gregory J. Jordan