IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 1:21-CV-00309-ELH** |
| **COMPASS MARKETING, INC.,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## TRIAL BRIEF CONCERNING THE STATUTE OF FRAUDS

The Court should deny Compass Marketing, Inc.'s untimely attempt to raise a statute of frauds affirmative defense.

In pertinent part, Rule 8 of the Federal Rules of Civil Procedure provides (c) AFFIRMATIVE DEFENSES. (1) *In General*. **In responding to a pleading**, a party **must** affirmatively state any avoidance or affirmative defense, including: . . . statute of frauds . . . ." (Emphasis added).

While Compass set forth ten affirmative defenses in its Compass Marketing, Inc.'s Answer to Plaintiff's Amended Complaint for Breach of Contract (CM/ECF 37),[1] it did not assert the

---

[1] In Compass's answer to Mr. Boshea's amended complaint, filed August 26, 2021 (**ECF 37**), it set forth the following: **[1]** First Affirmative Defense: Plaintiff's claims are barred to the extent that they **fail to state a claim** upon which relief may be granted. **[2]** Second Affirmative Defense Plaintiff's claims are barred in whole or in part by **unclean hands**. **[3]** Third Affirmative Defense: Plaintiff's claims are barred in whole or in part by **fraud**. **[4]** Fourth Affirmative Defense: Plaintiff's claims are barred in whole or in part by **estoppel**. **[5]** Fifth Affirmative Defense: Plaintiff's claims are barred in that the document attached to the Amended Complaint as Exhibit A is **not authentic**, as it was not entered into by Plaintiff and Compass Marketing. **[6]** Sixth Affirmative Defense: Plaintiff's claims are barred in whole or in part to the extent that Plaintiff is **not an employee** that is covered by the Maryland Wage Payment and Collection Law. **[7]** Seventh Affirmative Defense: Plaintiff's claims are barred in whole or in part to the extent the amount **sought does not constitute "wages"** as that term is defined by the Maryland Wage Payment and Collection Law. **[8]** Eighth Affirmative Defense: Plaintiff's claims are barred in whole or in part to the extent there is a **bona fide dispute** as to why the sums claimed by Plaintiff were not paid by

statute of frauds as one of them. Attempting to do so orally on the fourth day of trial and more than two years after answering the amended complaint is a violation of Rule 8.

BACKGROUND

Plaintiff David Boshea's amended complaint (CM/ECF 27) contains one count of breach of contract and another for violation of the Maryland Wage Payment and Collection Law. The operative facts are the same for each. He is seeking the equivalent of three years' salary or $540,000 for breach of contract and treble that amount for the statutory violation.

More specifically, Mr. Boshea claims he had an agreement with Compass Marketing that the defendant breached when, in March 2020, it terminated his employment without cause and failed to pay him the severance required by their agreement.

Compass now claims Mr. Boshea's recovery, if any, is limited by the statute of frauds to a single year's salary of $180,000. That claim, even if it was timely, is without merit.

The essence of Compass' defense is that its then CEO, John White, did not sign the agreement Mr. Boshea produced and that, in other words, Mr. Boshea is perpetrating a fraud[2] based on a forged document.

As more fully discussed below, it is Compass' burden to prove by clear and convincing evidence that the signature is forged.

If that burden is met and it is found that the signature is not Mr. White's, Mr. Boshea will nonetheless prevail because he can prove an agreement existed orally and in two writings, an offer

---

Compass Marketing. **[9]** Ninth Affirmative Defense: Plaintiff's claims are barred to the extent that **Plaintiff breached** one or more agreement(s) with Compass Marketing. **[10]** Tenth Affirmative Defense: Plaintiff's claims are barred to the extent that Compass Marketing is entitled to a **refund or set off**. (Emphasis added.)

[2] See Compass' "Third Affirmative Defense" (ECF 37))

letter dated May 16, 2007 (Plaintiff's Exhibit 4) and an unsigned employment agreement (Plaintiff's Exhibit 6) (See Jury Instruction 21).

Compass has created a controversy by denying the authenticity of the signature purporting to be Mr. White's.[3] This is a distraction. Even if it is determined that it is not Mr. White's or the identification of the signer remains unresolved, ample evidence exists that Mr. Boshea has an enforceable oral agreement, later reduced to an unsigned, but nonetheless binding, writing.

For example, both Mr. Boshea and his ex-wife Julie Boshea testified:

(1) John White for Compass and David Boshea reached an agreement that provided for the severance pay Mr. Boshea seeks;

(2) the Bosheas, Compass CEO and Chairman John White and others celebrated over dinner after the parties reached an agreement; and

(3) both of the Bosheas reviewed an offer letter including the severance provision, as well as, both an unsigned and a signed copy of an employment agreement containing all of which include the same severance provision.

Additionally, Mr. Boshea testified that having a severance provision was a critical factor in his decision to leave his then current position with a well-established enterprise (Energizer) to work with Compass, the future success of which Mr. Boshea could not have known at that time.

Even more evidence supporting Mr. Boshea's position is an April 1, 2020, email from John White to Mr. Boshea in which Mr. White said:

"Also, you and I need to make sure we discuss an exit plan for you, even seperate [sic.] from me selling Compass. We need to respect that we are friends and that working together could possibly hurt our relationship (has not happened

---

[3] Plaintiff's expert opined that it cannot be conclusively determined if Mr. White or someone else signed the contract. The defendant's expert says the signature it is not Mr. White's. No one disputes that Mr. Boshea signed the written agreement with Compass.

before but I was always working for you!!!!). I Just want to define expectations up front so we limit the chances of getting on two different tracks, but I want us both to agree how we can sp[l]it If we need to so we can be certain to save our friendship.

*Id*.

# ARGUMENT

### BOSHEA AND COMPASS COULD HAVE COMPLETED THEIR ORAL AGREEMENT WITHIN ONE YEAR. THE STATUTE OF FRAUDS DOES NOT IMPAIR ITS ENFORCEMENT

The Maryland Statute of Frauds provides:

Unless a contract or agreement upon which an action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged or another person lawfully authorized by that party, an action may not be brought:

…

(3) On any agreement that is not to be performed within 1 year from the making of the agreement.

Md. Code Ann., Cts. & Jud. Proc. § 5-901.

Compass hired David Boshea as an employee at will. *See Towson Univ. v. Conte,* 384 Md. 68, 79, 862 A.2d 941 (2004). By the severance agreement's terms, Compass had the ability to terminate without cause Boshea immediately after it hired him. If Compass did so, it would owe Boshea $180,000.00.

In *Griffith v. One Inv. Plaza Associates*, 62 Md. App. 1, 5, 488 A. 2d 182, 183 (1985), the parties entered into an oral agreement, terminable at will by either party, in which neither party alleged a term of employment. The *Griffith* court determined that the parties' oral contract constituted a contract of indefinite duration. In discussing when the statute of frauds barred a claim, the court noted that "there are two sets of circumstances under which the one-year provision of the Statute of Frauds will bar a claim. One occurs when the parties " 'expressly and specifically' agreed that their oral contracts were not to be performed within one year." *Id.,* at 5, 184 (quoting *Sun Cab Co. v. Carmody*, 257 Md. 345, 350, 263 A. 2d 1 (1970)). "The other occurs when it is

impossible by the terms of the contract for it to be performed fully within one year." *Griffith*, at 5, 184. Neither situation applies in this instance.

Under Subsection (3) of § 5-901, an enforceable contract exists if the parties can possibly perform it within one year from the date of contracting, whether or not it is not in writing.

> First, Maryland law is clear that § 5-901 does not apply "when a contract can be completed within the span of a year by *any* possibility, even if the parties intended for the contract to extend for a longer period of time." *Lacy v. Arvin*, 140 Md. App. 412, 429 n.5 (2001) (emphasis in original). *See also Pitman v. Aran*, 935 F. Supp. 637, 648 (D. Md. 1996) ("Maryland courts have strictly applied the 'one year' provision of the Statute of Frauds, whereby the statute will not apply where the contract can, by any possibility, be fulfilled or completed in the space of a year.") (cleaned up).
>
> *Pearson v. Sharpe*, No. 1504, Sept. term, 2020, 2022 WL 1498734, at *4 (Md. Ct. Spec. App. May 12, 2022).

In *Pearson*, the defendant asked to borrow $71,422.74 from the plaintiff, Pearson, to be repaid in installments of $1,500.00 per month. While the agreement contemplated payments over almost 48 months, the court noted that the defendant could have paid Pearson within one year and therefore held the statute of frauds did not bar her recovery.

Here, ample evidence exists that the parties agreed to the severance term. Although Compass contests John White's signature on David Boshea's severance agreement, David Boshea can still enforce it against Compass. On May 16, 2007, John White sent an offer letter that provided:

> In exchange for your execution of our company non-compete and non-disclosures we will offer an "involuntary exit package" of 3 times your salary (1 year will be immediately vested, with the additional 2 years accrued over the next three years). This will cover any involuntary termination from the company, other then for cause.
>
> (SOF 28).

No one contests that David Boshea signed the severance agreement, which constituted the sole requirement for making the "involuntary exit package" referenced in the May 16, 2007 offer letter enforceable. The offer letter did not require that Compass sign it to be enforceable.

The purpose of the statute of frauds is not to find a means to prevent a party from enforcing a contract; instead, the legislature enacted it to avoid fraud. As stated in a case under the Uniform Commercial Code's provision, citing the general statute, the court in *MEMC Elec. Materials, Inc. v. BP Solar Int'l, Inc.*, 196 Md. App. 318, 9 A.3d 508 (2010) stated,

> Furthermore, the purpose of the Statute is to avoid fraud—not to prevent enforcement of legitimate transactions. Consequently, in regard to that purpose, we have stated that the Statute is intended to prevent successful fraud [through] inducing the enforcement of contracts that were never in fact made. It is not to prevent the performance or enforcement of oral contracts that have in fact been made; it is not to create a loophole of escape for dishonest repudiators. Therefore, we should always be satisfied with "some note or memorandum" that is adequate, when considered with the admitted facts, the surrounding circumstances, and all explanatory and corroborative and rebutting evidence, to convince the court that there is no serious possibility of consummating a fraud by enforcement. *Collins v. Morris,* 122 Md. App. 764, 773–74, 716 A.2d 384 (1998). This purpose has guided our examination of the sufficiency of particular writings under the Statute.

> *Id.*, 196 Md. App. at 340, 521.

### BASED ON PROMISSORY ESTOPPEL, COMPASS MUST COMPLY WITH ITS PROMISES BY PAYING DAVID BOSHEA'S SEVERANCE

In *Pavel Enters. v. A.S. Johnson Co., Inc.,* 342 Md. 143, 674 A.2d 521 (1996), the court set forth a four-part test for determining whether promissory estoppel would take a contract outside the restrictions of the statute of frauds and noted that Maryland courts have long held that view. "This Court has decided cases based on detrimental reliance as early as 1854, and the general contours of the doctrine are well understood by Maryland courts. The historical development of promissory estoppel, or detrimental reliance, in Maryland has mirrored the development

nationwide." *Pavel*, 342 Md. at 164, 674 A.2d at 531. To resolve any confusion concerning the proper means for determining whether promissory estoppel occurred, the court mandated that,

> Maryland courts are to apply the test of the *Restatement (Second) of Contracts*
>
> § 90(1) (1979), which we have recast as a four-part test:
>
> 1. a clear and definite promise;
>
> 2. where the promisor has a reasonable expectation that the offer will induce action or forbearance on that part of the promisee;
>
> 3. which does induce actual and reasonable action or forbearance by the promisee; and
>
> 4. causes a detriment which can only be avoided by the enforcement of the premises.
>
> *Pavel,* 342 Md. at 166, 674 A.2d at 532.

Applying the test to the facts, (1) the severance agreement constitutes a clear and definite promise; (2) the severance agreement confirms John White's promises to David Boshea in his April 1, 2007 email and the May 16, 2007 offer letter; (3) based on the various documents and promises John White made to David Boshea, Compass had to reasonably expect its offer would induce action on David Boshea's part; and (4) the promise induced David to stay at Compass for almost thirteen years.

Since Compass now attempts to shirk its obligations, the detriment David Boshea suffered by leaving a substantial position with Energizer, a prominent American company, can be avoided only if the Court enforces the severance agreement.

## IN ADDITION TO PROMISSORY ESTOPPEL, THE STATUTE OF FRAUDS DOES NOT PREVENT DAVID BOSHEA FROM RECEIVING THE ENTIRE SEVERANCE COMPASS AGREED TO PROVIDE

The fact that a contract may be performed within one year and thus fall outside the Statute of Frauds restrictions does not limit David Boshea to a single year's severance payment. In *Griffith v. One Inv. Plaza Assocs.*, 62 Md. App. 1, 488 A.2d 182 (1985), the court held that the statute did not preclude Griffith's claims because the oral contract was capable of being performed within one

year, even though the measure of damages included those accruing after the first year. *See id.*, at 8, 185.

Other jurisdictions have considered instances involving both the statute of frauds and severance payments. In *Lunn Partners Multiple Opportunities Portfolio, L.P. v. Brakulis*, No. 03 C 3289, 2004 WL 2792835 (N.D. Ill. June 25, 2004), a Northern District of Illinois case, the defendant and counter-plaintiff, Brakulis, filed a counterclaim for breach of contract against the plaintiff and counter-defendant, Valley, alleging that Valley had failed to pay the entire severance due to him under an oral employment agreement between the parties. The oral employment agreement was an at-will agreement terminable at will by either party and provided for one year of severance salary. Valley terminated Brakulis' employment approximately one and a half years after entering into the oral agreement and began paying him severance in weekly installments of $2500/week. Valley made only 23 of 52 payments owed before stopping the payment of severance to Brakulis. The *Lunn Partners* court found that at-will employment contracts are enforceable even if orally made and even if actual performance took longer than one year. The court also found that complete performance by one party renders oral contracts enforceable under the statute of frauds, "particularly where the only performance obligation for the other party is the payment of money." *Id.*, at *2.

Valley first argued that because the performance of the contract took place over the span of more than one year, it was barred by the statute of frauds. It next argued that since the payment of severance was contingent upon Brakulis having worked for at least one day, and the severance package was structured to be payable over one year's time, the performance of the oral agreement required a minimum of a year and a day and was therefore barred by the statute. *See id.*, at *3. The *Lunn Partners* court found that because the severance agreement was an at-will agreement, Valley

could have terminated it at any time, and it could have structured the severance to be paid out in less than one year, as in one lump sum. Accordingly, the *Lunn Partners* court found that "[s]ince these conditions would have rendered the contract performance within a year, the statute of frauds does not apply." *Id.*

The *Lunn Partners* court further noted that in the context of employment agreements, full performance by the employee generally bars the application of the statute of frauds. *Id.*; *see also Mapes v. The Kalva Corp.*, 68 Ill. App. 3d 362, 386 N.E. 2d 148 (2d Dist. 1979). The *Lunn Partners* court cited *Reiss v. El Bauer Chevrolet Co.*, 96 Ill. App. 2d 266, 238 N.E. 2d 619 (1968) for the proposition that the "Statute of Frauds is no defense to an executed contract of employment, particularly where all that remains to be done by the other party is the payment of money." *Lunn Partners*, at *3 (quoting *Reiss*, at 269, 621).

Similarly, "[a] plaintiff in Maryland may effectively prevent a defendant from using the statute of frauds as a shield if the plaintiff can show it has substantially performed its part of the alleged oral agreement and plaintiff's performance evinces a clear indication of the existence of the agreement." *Heritage Oldsmobile-Imports v. Volkswagen of America, Inc.*, 264 F. Supp. 2d 282, 290 (D. Md. 2003). In Boshea's case, he performed his contractual responsibilities and, on termination without cause, immediately demanded his severance.

**BOSHEA'S DAMAGES ARE NOT LIMITED TO A SINGLE YEAR'S SEVERANCE**

In *Schara v. Commercial Envelope Mfg. Co.*, 321 F. 3d 240 (1st Cir. 2003), an employee, Schara, sued his former employer, Commercial, for bonuses not paid during Schara's three years of employment with Commercial under an alleged oral agreement between the parties. On appeal from a directed jury verdict for the employee, Schara, the court upheld the verdict, finding that the statute of frauds did not apply to the oral agreement even though the performance of the agreement

took place over three years and the alleged bonus was to be paid over the course of two years. In discussing the possible application of the statute of frauds, the court noted that "[o]ver the past century, there has been a general trend to cut back on the reach of the Statute." *Id.*, at 243. The court also noted that "New York has consistently chosen to construe the one-year provision of the Statute—the requirement that contracts not performable within a year fall within the Statute—narrowly." *Id.* "'Wherever an agreement has been found to be susceptible of fulfillment within that time, in whatever manner and however impractical, this court has held the one-year provision of the Statute to be inapplicable, a writing unnecessary, and the agreement not barred.'" *Id.* (quoting *D & N Boening, Inc. v. Kirsch Beverages, Inc.*, 63 N.Y. 2d 449, 455, 472 N.E. 2d 992, 994 (1984)).

The Schara court also found it noteworthy that the policy concerns underlying the application of the statute were not present in that case – Schara's claims were not based solely on oral testimony but were supported by various writings drafted and presented to him by Commercial. Although Commercial argued the two-year payout period for Schara's bonus sufficed to place the agreement within the statute of frauds, the court disagreed, stating that "[b]ecause 'the terms of the contract here … included an event which might end the contractual relationship of the parties within a year, defendant's possible liability beyond that time [does] not bring the contract within the statute.'" *Id.*, at 245 (quoting *Cron v. Hargro Fabrics, Inc.*, 91 N.Y. 2d 362, 370, 694 N.E. 2d 56, 60  (1998)) (itself quoting *Martocci v. Greater N.Y. Brewery, Inc.*, 301 N.Y. 57, 62, 92 N.E. 2d 887, 889 (1950)).

Similarly, in *White Lighting Co. v. Wolfson*, 68 Cal. 2d 336, 438 P. 2d 345 (Cal. 1968), an employer, White, sued an officer of the company, Wolfson, for return of money advanced to him against future commissions by the company. Wolfson counterclaimed, alleging an oral agreement with the company granting him one percent (1%) of the company's annual gross sales in excess of

million dollars. The lower court dismissed the claim, and Wolfson appealed. The Supreme Court of California overturned the lower court's ruling dismissing the counterclaim, ruling that the oral agreement for the commission was not invalid under the statute of frauds, even though the one percent (1%) commission on annual gross sales in excess of one million could not be computed until one year had elapsed. In making its determination, the *Wolfson* court found that the statute of frauds does not apply to oral agreements for an indefinite duration, even if the compensation for the services is to be measured by their value to the employer over a period of more than one year. The court also found that because Wolfson's employment could be terminated at will by either party, it could under its terms be performed within one year.

> When Wolfson's employment relationship with White was terminated, Wolfson had completely performed; White's performance consisted of nothing more than compensating Wolfson. Moreover, as we have explained, the inclusion of the provision for a bonus ascertainable only after one year does not invalidate the oral agreement under the statute of frauds.

> *Id.*, at 344, (Pacific Reporter citation not available).

In *Zulke v. AC&DC Power Technologies, LLC*, 356 Ga. App. 299, 846 S.E. 2d 624 (2020), a Georgia case, the appellate court reversed the lower court's grant of summary judgment in favor of the employer where a former employee sued his former employer for promissory estoppel and breach of contract. The claims were based on the employer's alleged failure to pay incentive and severance payments to the employee under an oral employment agreement where the parties performed for more than a year. The court found that, because the oral employment agreement was for an indefinite duration, the agreement was not subject to the statute of frauds. Further, the court found that the employee was entitled to a five percent (5%) incentive payment, along with his severance when he continued to work in his second year. In explaining how it reached its conclusion, the *Zulke* court stated,

> The fact that some contingencies in a contract, such as the second and third-year incentives in this agreement, might not come to pass if the contract is terminated within a year does not mean that the contract containing such contingencies is unenforceable. Rather, "if an agreement whose performance would otherwise extend beyond a year *may* be completely performed within a year on the happening of some contingency, it is *not* within the statute of frauds.

> *Id.*, at 301, 627 (emphasis in original).

The *Zulke* court found the employer's argument that incentive and severance payment terms at issue here were unenforceable as not vesting in Zulke before one year unavailing, noting that it had rejected such an argument in *E.D. Lacey Mills, Inc. v. Keith*, 183 Ga. App. 357, 359 S.E. 2d 148 (1987), quoting itself in that case, "[A]n employee may sue on an oral contract for employment terminable at will for the amount of compensation due him, *based upon services actually performed by him up to the time of his discharge*, and *not* for damages or for compensation for services *not* performed[.]" *Zulke*, at 302, 628 (quoting *E.D. Lacey*, at 359, 152). The *Zulke* court also found it noteworthy that the plaintiff had arguably earned his severance pay at the commencement of his second year. *See id.*

In another Georgia case, the court in *Vernon v. Assurance Forensic Accounting*, 33 Ga. App. 377, 774 S.E. 2d 197 (2015) found that an oral compensation agreement for the payment of severance did not implicate the statute of frauds because it could be performed within one year. In *Vernon*, an employer argued that an oral compensation agreement could not be performed within a year. The *Vernon* court found that even though the payment of severance did not actually begin within a year of making the agreement, where the agreement immediately went into effect when agreed to by parties, it was possible the employer could have terminated the employee the same day the parties entered into the contract, thereby triggering the severance pay obligation. *See id*, at 387, 208.

As was the case in *Vernon*, Compass' severance pay obligation went into effect the moment the parties entered into the severance agreement, even though the severance was not to be paid within a year of making the agreement, and the parties performed for more than one year. Accordingly, under the analysis contuttained in *Griffith*, *Lunn Partners*, *Schara*, *Wolfson*, *Zulke*, and *Vernon*, David Boshea is entitled to the entire three years of severance owed under the severance agreement.

WHEREFORE, for the preceding reasons, this Court should instruct the jury that the Statute of Frauds does not bar David Boshea's right to enforce his oral contract with Compass Marketing, Inc. and should instruct the jury that the Statute of Frauds does not limit David Boshea' damages to those accrued within one year of the contract's formation.

Dated:  February 25, 2024        Respectfully submitted,

/s/Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

## **CERTIFICATE OF SERVICE**

I certify that on February 25, 2024, David J. Boshea served by CM/ECF his Trial Brief Concerning the Statute of Frauds on:

Stephen B. Stern
Shannon Hayden
Kagan Stern Marinello & Beard, LLC
238 West Street
Annapolis, Maryland 21401
Email: stern@kaganstern.com
Email: hayden@kaganstern.com

*Attorneys for Compass Marketing, Inc.*

*/s/* Gregory J. Jordan
Gregory J. Jordan