IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID J. BOSHEA,
   *Plaintiff.*

v.

COMPASS MARKETING, INC.,
   *Defendant*.

Civil No. ELH-21-00309

**MEMORANDUM**

In February 2021, plaintiff David Boshea filed suit against his former employer, Compass Marketing, Inc. ("Compass").  John White is the CEO of Compass.  Michael and Daniel White are the brothers of John White and their relationship is acrimonious.

On the evening of Thursday, February 15, 2024, Compass filed a "Motion for Leave to File Motion for Sanctions for Spoliation."  ECF 224 (the "Motion for Leave").  The Motion for Leave contained the proposed "Motion for Sanctions for Spoliation" (ECF 224-2), and several exhibits. *See* ECF 224-3 to ECF 224-9.  By Order of February 16, 2024 (ECF 225), I granted the Motion for Leave, "[p]rovided, however, that by 9 a.m. on Feb. 20, 2024, plaintiff may move to rescind this Order as improvidently granted."   The Clerk docketed the "Motion for Sanctions for Spoliation" on February 16, 2024.  ECF 226 (the "Motion").

In the Motion, Compass alleges that Boshea "failed to preserve certain email communications from mid to late September 2023" between him, Michael White, and Daniel White, "regarding Boshea's trial preparation, testimony, and strategy."  *Id.* at 2.  Compass claims to have learned of the emails on January 22, 2024.  *Id.*  Therefore, Compass asks the Court to "enter sanctions allowed under Federal Rule of Civil Procedure 37 and pursuant to its inherent

power to address the egregious failure of" Boshea "to preserve relevant evidence and timely produce that evidence." *Id.* at 1.

Specifically, Compass "seeks an adverse inference jury instruction relating to Boshea's failure to preserve his emails." *Id.* at 2. Compass provided its proposed jury instruction in its proposed order. ECF 226-8. It reads, *id.*:

> The destruction of or the failure to preserve evidence by a party may give rise to an inference unfavorable to that party. If you find that the intent was to conceal the evidence, the destruction or failure to preserve must be inferred to indicate that the party believes that his or her case is weak and that he or she would not prevail if the evidence was preserved. If you find that the destruction or failure to preserve the evidence was negligent, you may, but are not required to, infer that the evidence, if preserved, would have been unfavorable to that party.
>
> MPJI-Cv 1:16[.]

The Court heard brief argument on the Motion on February 26, 2024, during the pendency of the trial. For the reasons that follow, I shall deny the Motion.

## I.      Background[1]

In August 2022, I set a trial date of March 6, 2023. *See* ECF 115. In December 2022, however, the Court rescheduled the trial for July 31, 2023. ECF 145. Trial was later reset for October 30, 2023. ECF 178. Shortly before the trial was to begin in October 2023, one of the lawyers contracted COVID-19. As a result, the trial was again postponed. ECF 207. It was rescheduled for February 20, 2024. ECF 209.

Compass claims it attempted to depose Boshea during the discovery period, but was unsuccessful. After the close of discovery, Compass sought leave to depose Boshea. *See* ECF

---

[1] The procedural history of this case has been set forth previously in several earlier opinions. *See*, *e.g.*, ECF 117, ECF 160, ECF 205, ECF 212, ECF 222. To the extent relevant, I incorporate the summaries from those opinions.

106, ECF 179.  For reasons not pertinent here, Magistrate Judge A. David Copperthite, to whom discovery disputes had been referred, denied Compass's requests.  *See* ECF 109, ECF 184.  Then, on November 13, 2023, after the most recent trial postponement, Compass again filed a "Motion to Reopen Discovery to Conduct the Deposition of Plaintiff Boshea."  ECF 210.  Boshea opposed that motion.  ECF 211.  By Memorandum and Order of December 1, 2023 (ECF 212, ECF 213), I granted defendant's "Motion to Reopen Discovery to Conduct the Deposition of Plaintiff Boshea" (ECF 210).  Boshea's deposition was conducted on January 29, 2024.  ECF 228 at 3.  To my knowledge, documents were produced by plaintiff in connection with that deposition.

## II.   The Motion

### A.

In defendant's Motion (ECF 226), Compass explains that, "[f]ollowing this Court's December 1, 2023 Order allowing the deposition of Boshea (ECF 213), on December 21, 2023, in preparation for Boshea's upcoming deposition, Compass Marketing requested that Boshea supplement his previous document production 'with any communications between [Boshea] and Dan[iel] or Michael White.'"  ECF 226 at 3 (quoting ECF 226-2 at 4).  Defendant claims that, "[h]aving received no response, on December 28, 2023, Compass Marketing again requested that Boshea supplement his document production . . . ."  ECF 226 at 3.  Defendant alleges that it requested the documents again on January 10, 2024.  *Id.*

According to defendant, on January 22, 2024, "Boshea produced certain additional emails between himself, Daniel, and Michael."  *Id.* at 4.  And, Compass claims that Boshea produced additional documents on January 26, 2024.  *Id.*  However, after Compass reviewed the production, it concluded that these productions were incomplete.  *Id.*  Specifically, Compass explains, *id.*:

One of the emails Boshea produced was an email from Boshea to Michael and Daniel dated Tuesday, September 12, 2023. *See* Exhibit D [ECF 226-4] (Email from D. Boshea to M. White and D. White dated September 12, 2023). The subject of the email was "revision trial prep" and the body of the email was blank except for Boshea's signature. Attached to the email was a Microsoft Word document titled "Compass Trial Preparation." *See* Exhibit D [ECF 226-4]. The attached document appears to be the story that Boshea will adhere to at trial in this case, and by emailing it to Daniel and Michael, it appears that Boshea was seeking their input on trial strategy and testimony. When Compass Marketing received this email on January 22, 2024, it already was suspicious that Boshea's production was incomplete because the subject of the email was "revision trial prep," which suggests Boshea and Michael and/or Daniel had previously communicated about this document and it had already been shared with Michael and/or Daniel. This suspicion was confirmed when Boshea made another supplemental document production on January 26, 2024 that included certain text messages between him and Michael White. Among those text messages was a message from Boshea to Michael dated September 18, 2023, which states, in part: "Also I made the revision on my pretrial write up u advised me Morgan had 25% at start and you were good with everything else ... I emailed it to you." *See* Exhibit E [ECF 226-5] (Text Message between D. Boshea and M. White).

Compass asserts, *id.* 4–5: "When asked at his deposition about the September 12, 2023 email, Boshea admitted that he was seeking the input of Daniel and Michael and that there had been a previous draft of this Word document. *See* Exhibit F [ECF 226-6] (Excerpt of D. Boshea Deposition Transcript) at 329:1-331:18."  But, Compass contends that "Boshea did not produce the email or Word document . . . ."  ECF 226 at 5.  And, Compass maintains that although Boshea "testified that he did not ask for any other input from Daniel or Michael . . . this clearly was not true, as Boshea's text messages with Michael show that just six days after the September 12, 2023 email, Boshea sent another version of the document to Michael for review."  *Id.* at 5.

As noted, defendant claims that it "only learned about" the emails and text messages at issue in its Motion "on January 22, 2024, and it has continued to request that Boshea produce them."  ECF 226 at 2.  Compass states: "Following Boshea's deposition [on January 29, 2024], on at least four different dates (February 2, 2024, February 6, 2024, and February 7, 2024, and February 8, 2024) Compass Marketing requested that Boshea produce additional communications

. . . ." ECF 226 at 5.  And, Compass alleges that "[o]n February 8, 2024, Boshea, through counsel, stated that there were no other emails . . . ."  *Id.*  Thus, Compass concludes that "[t]he only explanation for no longer having the emails is that Boshea purposefully deleted them when he was under a duty to preserve emails."  *Id.* at 2.

Therefore, Compass states: "The Court should sanction Boshea for spoliation of evidence because Boshea has failed to preserve evidence relevant to Compass Marketing's defenses during this litigation by purposefully destroying the emails."  *Id.* at 7.  It contends that "Boshea had a duty to preserve the emails between him and Michael and Daniel sent and received during this litigation."  *Id.*  Further, it argues that "Boshea's failure to preserve was accompanied by a culpable mindset."  *Id.*

According to Compass, the alleged deletion "was done in bad faith because the email contained communication between him and Michael White regarding strategy in this lawsuit."  *Id.* at 8.  And, Compass avers that "Boshea's destruction of his emails has prejudiced Compass Marketing."  *Id.*  In its view, it alleges that the missing emails and communications "go to proving that Daniel and Michael have been influencing Boshea in an effort to take down the Company and these communications raise a number of credibility concerns for Boshea and the White brothers, all of which is highly relevant to Compass Marketing's defenses and which Compass Marketing is entitled to receive in discovery and explore at trial."  *Id.* at 9.

Plaintiff did not move to rescind the Order granting the Motion for Leave.  *See* Docket.  Rather, on February 19, 2024, plaintiff filed a "Response in Opposition to Defendant Compass Marketing, Inc.'s Motion for Sanctions for Spoliation."  ECF 228 (the "Opposition").  The Opposition includes three exhibits.  ECF 228-1 to ECF 228-3.

Plaintiff advances several arguments, including that "the three documents which Compass Marketing claims Mr. Boshea failed to preserve are and have long been available from Daniel White and/or Michael White, both of whom were deposed by Compass Marketing – Michael White on December 1, 2021, and Daniel White on November 29, 2021." ECF 228 at 2.  Further, plaintiff contends that "because the documents are inadmissible as both irrelevant and immaterial their ostensible unavailability *ispo facto* cannot cause prejudice." *Id.*  And, plaintiff asserts that "there is no evidence . . . to suggest Mr. Boshea acted with intent to prevent Compass from knowing that he had communicated with both Daniel and Michael White about this litigation." *Id.*

Additionally, Boshea contends that communications between Boshea and Daniel and/or Michael White "are irrelevant to the issues in this matter, *viz.*, whether or not there was a binding agreement to pay Mr. Boshea severance in the amount he claims." *Id.* at 3; *see also id.* at 4–5. According to plaintiff, the allegedly missing communications are "cumulative of the documents [Compass] has identified as exhibits." *Id.*; *see also id.* at 4.  Further, plaintiff maintains that his counsel informed Compass "that David Boshea does not have the emails," and "Boshea never said he destroyed any documents." *Id.* at 7.

**B.**

At trial, the defense introduced two exhibits that are central to its Motion:  Defendant's Exhibit 52 and Defendant's Exhibit 54.  Defendant's Exhibit 52 is an email from Boshea to Michael White and Daniel White, dated September 12, 2023.  The subject line states:  "fw: revision trial prep."  And, the email contains an attachment titled "Compass Trial Preparation."  On January 19, 2024, plaintiff forwarded the email to his lawyer.

Defendant's Exhibit 54 is a text message from plaintiff to Michael White dated September 18.[2]  It states, in part:  "I made the revision on my pretrial write up u advised me . . . you were good with everything else."

Defense counsel questioned Boshea at trial about both documents.  As to Defendant's Exhibit 52, plaintiff believed his earlier communication took place by phone.

Compass contends that these exhibits demonstrate that there are other communications that were not produced.  Plaintiff argues that these documents are cumulative, as defendant has introduced other evidence that Boshea received help from Michael and Daniel White in preparing for the trial.

## C.

"'Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *See Boone v. Everett*, 751 F. App'x 400, 401 (4th Cir. 2019) (per curiam) (quoting *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)).  Federal courts derive the power to sanction spoliation from two sources of authority: Fed. R. Civ. P. 37(e), and the inherent authority to control the judicial process.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *EEOC v. Performance Food Grp., Inc.*, CCB-13-1712, 2019 WL 1057385, at *2 (D. Md. Mar. 6, 2019) (Gesner, M.J.); *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 103–04 (E.D. Va. 2018); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 517 (D. Md. 2010) (Grimm, M.J.),[3] *aff'd in part, modified in part on other grounds*, MJG-06-2662, 2010 WL 11747756 (D. Md. Nov.

---

[2] The year is not included in the exhibit.  But, it appears to have been September 18, 2023.

[3] Magistrate Judge Grimm later became a United States District Court Judge in Maryland. He has since retired.

1, 2010).  A court must exercise its inherent authority with restraint.  *See Chambers*, 501 U.S. at 44; *Victor Stanley, Inc.*, 269 F.R.D. at 518.

Rule 37(e) of the Federal Rules of Civil Procedure pertains to failure to preserve electronically stored information ("ESI").  *See Performance Food Grp.*, 2019 WL 1057385, at *12; *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 505–06 (D. Md. 2009) (Grimm, M.J.). Fed. R. Civ. P. 37(e) states:

> FAILURE TO PRESERVE ELECTRONICALLY STORED INFORMATION. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>>
>>> (A) presume that the loss of information was unfavorable to the party;
>>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>> (C) dismiss the action or enter a default judgment.

To establish that spoliation occurred, the moving party must show that: "'(1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it.'" *Goodman*, 632 F. Supp. 2d at 509 (quoting *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 101 (D. Md. 2003)).

In order to obtain sanctions for the spoliation of ESI, the moving party must satisfy four criteria: "(1) ESI should have been preserved; (2) ESI was lost; (3) the loss was due to a party's failure to take reasonable steps to preserve the ESI; and (4) the ESI cannot be restored or replaced through additional discovery." *Steves & Sons*, 327 F.R.D. at 104 (citation omitted); *see Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013) ("A party seeking sanctions based on the spoliation of evidence must establish, *inter alia*, that the alleged spoliator had a duty to preserve material evidence.").

The duty to preserve evidence arises "not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri*, 271 F.3d at 591 (citation omitted). "In order to fulfill the duty to preserve relevant evidence, '[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents.'" *Sampson v. City of Cambridge*, Md., 251 F.R.D. 172, 179 (D. Md. 2008) (quoting *Thompson*, 219 F.R.D. at 100) (alteration in *Sampson*). The Motion does not implicate pre-litigation conduct.

As to defendant's Exhibit 52, plaintiff disputed at trial that he sent an earlier version of his trial preparation to Michael White via email. He thought he discussed the matter by phone. Thus, it is not clear that there is other evidence on this point.

Even if other communications existed, the question is whether Boshea had a duty to preserve documents concerning communications with Boshea and Michael and/or Daniel White that took place shortly before trial. Compass asserts that the duty continued, and Boshea does not address this argument. *See* ECF 228. Therefore, I shall construe Boshea's lack of response to

mean that he does not dispute that he had a duty to preserve documents reflecting communications between himself and Michael and/or Daniel White that were made in preparation for trial.

Nonetheless, the communications at issue pertain to a period of time well after the relevant time frame. The alleged severance agreement dates from 2007, and Boshea was terminated in March 2020. Suit was filed in February 2021. ECF 1. The documents, if any, do not appear to relate to events in 2007, when the alleged employment agreement was allegedly executed, or 2020, when plaintiff was terminated. Moreover, to the extent that the documents are relevant to show that Boshea has a relationship with people whose interests are adverse to those of Compass and John White, defendant was able to make that point with the exhibits that were produced and introduced at trial.

The second criteria concerns whether "the destruction or loss was accompanied by a culpable state of mind." *Goodman*, 632 F. Supp. 2d at 509 (citation and internal quotation omitted). The Fourth Circuit has explained: "[S]poliation does not result merely from the 'negligent loss or destruction of evidence.' Rather, the alleged destroyer must have known that the evidence was relevant to some issue in the anticipated case, and thereafter willfully engaged in conduct resulting in the evidence's loss or destruction." *Turner*, 736 F.3d at 282 (quoting *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)) (internal citations omitted).

The scienter necessary to impose sanctions for spoliation of ESI is further clarified in Rule 37(e)(2). According to Rule 37(e), a court may only impose sanctions "upon finding that the party acted with the intent to deprive another party of the information's use in litigation." Fed. R. Civ. P. 37(e)(2) (emphasis added).

In order to impose sanctions for spoliation with respect to ESI, there is a heightened standard of culpability. In *Fowler v. Tenth Planet, Inc.*, JRR-21-02430, 2023 WL 3569816, at *7

(D. Md. May 19, 2023), Magistrate Judge Coulson addressed the recent shift in law as to spoliation

of ESI, stating:

> The Court pauses to emphasize the intent behind the most recent changes to Rule 37(e) in 2015 that created the exclusive analytical framework to be used in cases of alleged spoliation of ESI, such as the missing text messages at issue here. The pre-2015 caselaw on the authority for and availability of particular sanctions for spoliation of ESI and what level of intent sufficed lacked clarity and consistency. As the Advisory Committee makes plain, the 2015 amendments to Rule 37(e) were specifically designed to remedy that lack of clarity and consistency. Attempts at a wholesale reconciliation of pre-amendment jurisprudence with post-amendment Rule 37(e) risks a reinstatement of the ad hoc approach that the Advisory Committee sought to correct, where, under the talisman of "inherent authority," a court was free to grant or deny any potential sanction based on any state of mind from negligence to intentional bad faith. That said, it is certainly true (as some post-amendment cases point out) that some pre-amendment decisions approach ESI spoliation in a way consistent with current Rule 37(e), and such decisions remain helpful in applying Rule 37(e)(1) and (2). *See, e.g., McCoy v. Transdev Servs., Inc.*, No. DKC-19-2137, 2021 WL 1215770, at *1–3 (D. Md. Mar. 31, 2021) (citing certain pre-amendment decisions as support for the application of post-amendment Rule 37(e)). However, to the extent that such pre-amendment cases are explicitly inconsistent with current Rule 37(e)—such as justifying dismissal or an adverse inference instruction on conduct falling short of a specific finding of intent to deprive—the Court no longer views them as persuasive in addressing spoliation of ESI.

This analysis is bolstered by the Advisory Committee Notes as to the 2015 amendment of

Fed. R. Civ. P. 37(e):

> Adverse-inference instructions were developed on the premise that a party's intentional loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for loss or destruction of the evidence. Negligent or even grossly negligent behavior does not logically support that inference. Information lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information never would have.

Accordingly, in order to impose sanctions for spoliation of ESI, the Court must conclude

that plaintiff engaged in willful or intentional conduct.  "Willfulness is equivalent to intentional,

purposeful, or deliberate conduct."  *Victor Stanley, Inc.*, 269 F.R.D. at 530 (citing *Buckley v.*

*Mukasey*, 538 F.3d 306, 323 (4th Cir. 2008)).   And, the burden is on the moving party to "demonstrate that the failure to preserve was motivated by an intent to deprive the moving party of the use of the information in the litigation." *Fowler*, 2023 WL 3569816, at *6 (citing *Brittney Gobble Photography, LLC v. Sinclair Broad. Grp.*, Inc., SAG-18-3403, 2020 WL 1809191, at *4 (D. Md. Apr. 9, 2020)).   This is no simple task.   As then-Magistrate Judge Grimm stated in *Victor Stanley*, 269 F.R.D. at 516: "When the spoliation involves ESI, the related issues of whether a party properly preserved relevant ESI and, if not, what spoliation sanctions are appropriate, have proven to be one of the most challenging tasks for judges, lawyers, and clients."

In *Victor Stanley, Inc.*, 269 F.R.D. at 531, the district court concluded that defendants "set out to delete, destroy, or hide thousands of files containing highly relevant ESI pertaining to Plaintiff's claims" based on its findings that defendants "lied about their ESI production; obstructed the discovery process; and intentionally destroyed evidence when they were aware of the lawsuit." Specifically, the court noted that defendants "deleted thousands of files and ran programs to ensure their permanent loss immediately following preservation requests and orders, and immediately before scheduled discovery efforts," and that this was "compounded by their failure to comply with numerous court orders." *Id.*

Notably, the alleged missing documents apparently relate to plaintiff's contact in September 2023 with John White's brothers with respect to Boshea's trial preparation.   The deposition of Boshea was not authorized by the Court until December 1, 2023. *See* ECF 212, ECF 213.   Defendant speculates that Boshea intended to delete the documents in question.   Without evidence concerning the existence of the allegedly missing documents as of December 2023, Compass argues that Boshea destroyed them to prevent Compass from receiving them.

In my view, there is a serious lack of evidence supporting this assertion.  As I see it, defendant has not carried its burden to demonstrate an "intent to deprive," pursuant to Rule 37(e)(2).  *See Performance Food Grp., Inc.*, 2019 WL 1057385, at *5–6 ("[P]laintiff has not provided any evidence that defendant destroyed the paper applications 'for the purpose of depriving [plaintiff] of the evidence' or that defendant 'intended to destroy the evidence.' Rather, plaintiff's arguments focus on defendant's failure to implement a proper litigation hold."). Accordingly, defendant has not established that plaintiff acted willfully or in bad faith.

Further, Compass argues that "Boshea's destruction of his emails has prejudiced Compass Marketing."  ECF 226 at 8.  But, Compass has not shown an inability to obtain the documents from another source, such as Michael White and/or Daniel White.[4]

Additionally, the alleged missing documents appear tangential to the matters at issue in this case, and cumulative.  To the extent that they are relevant to Boshea's credibility, the jury was presented with evidence reflecting that Boshea sought assistance from Daniel and Michael White with regard to trial preparation.

Accordingly, I shall deny the Motion (ECF 226).

An Order follows.

Date: February 27, 2024                                             /s/
                                                                    Ellen Lipton Hollander
                                                                    United States District Judge

---

[4] Michael White was deposed on December 1, 2021, and Daniel White was deposed on November 29, 2021.  *See* ECF 74-4; ECF 154-1; *see also* ECF 210 at 4.