IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID J. BOSHEA** | * |
| | * |
| **Plaintiff** | * |
| | * |
| v. | *   Case No. 1:21-CV-00309-ELH |
| | * |
| **COMPASS MARKETING, INC.** | * |
| | * |
| **Defendant.** | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DAVID BOSHEA'S RESPONSE IN OPPOSITION TO TO DEFENDANT COMPASS MARKETING, INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**

David Boshea, in response in opposition to Defendant Compass Marketing, Inc.'s Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for a New Trial ("Compass Motion"), states:

In a six-day trial, David Boshea presented substantial testimony and documentary evidence to support the jury's verdicts. After being instructed in the law, the jury rendered verdicts in David Boshea's favor and against Compass Marketing, Inc. as to Counts I and II. Count I involved a breach of contract cause of action. The jury awarded and the Court entered a $193,000.00 judgment in David Boshea's favor, plus prejudgment interest at the rate of 6.00%, dating from March 3, 2020. As to Count II, which concerned a claim under the Maryland Wage Payment and Collection Law, the jury awarded and the Court entered a $540,000.00 judgment in favor of David Boshea, plus post-judgment interest at a rate that comports with federal law, i.e., 5.00%.

The evidence clearly supports the verdicts, so the Court should deny the Compass Motion.

1

## DAVID BOSHEA PRESENTED A STRONG BREACH
## OF CONTRACT CASE, WHICH THE JURY ACCEPTED

In 2007, while David Boshea held an important job at Energizer, the battery company, John White reached out to David in hopes that David would save Compass after John White's disastrous loss in a run for Congress. John White repeatedly reached out to David Boshea to beg him join Compass, which resulted in their meeting several times in Illinois and another time in Maryland. On certain trips to Illinois, David Boshea and John White met in Julie Boshea's presence; other times they met separately. John White delivered fawning emails to David Boshea imploring him to join Compass as an employee and promising the exit plan (the severance agreement) at issue in this case.

When Compass reneged on its agreement to pay David Boshea's severance, he sued and proceeded under two breach of contract theories and sought damages under the MWPCL. David Boshea introduced his intention to proceed under an alternative theory that an oral contract existed in 2022. Further, the Court's preliminary jury instructions alerted Compass to the fact that David Boshea could prove his case under an oral contract theory. On October 23, 2023, the Court published its preliminary jury instructions to the parties (CM/ECF 202).

> **A contract may be oral** or written or established by conduct. But, each party must agree to be bound by its terms.
>
> To prevail, plaintiff must prove the following elements, by a preponderance of the evidence:
>
> 1. The existence of a contract, including its essential terms; and
>
> 2. that Compass breached a duty created by the contract.
>
> The plaintiff also claims that the defendant violated the Maryland Wage Payment and Collection Law.
>
> Under the Maryland Wage Payment and Collection Law, an employer must pay an employee all wages that the employee earned for work that the employee actually performed before the termination of employment.

> Under the Maryland Wage Payment and Collection Law, wages include bonuses, commissions, fringe benefits, overtime wages, or any other remuneration promised for service.
>
> A "bona fide dispute" is "'a legitimate dispute over the validity of the claim or the amount that is owing[]' where the employer has a good faith basis for refusing an employee's claim for unpaid wages."
>
> If you find that the defendant withheld wages from the plaintiff, you must then determine whether the defendant withheld those wages as a result of a bona fide dispute.
>
> *Id*. Emphasis supplied.

Neither Compass nor David Boshea objected to the preliminary jury instructions. The trial proceeded after the Court read the above preliminary instructions to the jury. During David Boshea's opening statement, his counsel informed the jury that the plaintiff would proceed under both a written signed contract theory and an unsigned oral contract theory. Again, Compass did not object.

During the course of the trial, David Boshea presented evidence that established that (1) the elements of both a written signed breach of contract theory and an unsigned breach of contract theory match those the Court presented in its preliminary instructions. The jury determined that the evidence established that the parties entered into an oral agreement and awarded David Boshea $193,000.00 in damages on his oral contract claim in Count I and $540,000 on his MWPCL claim in Count II.

Regarding the plaintiff's claims, David Boshea and Julie Boshea provided detailed testimony concerning the parties' discussions and his efforts to obtain his severance payment. Compass presented only John White, its Chairman and former CEO, as a fact witness. He testified that David Boshea was to leave his position with Energizer Corporation and establish a company that purportedly would provide services for Compass, a small and generally unprofitable business. John White's testimony was inconsistent with his emails to David Boshea. As evidenced by the

judgment entered in David Boshea's favor, the jury believed David and Julie Boshea and discounted John White's fanciful story. The jury, however, faced a battle of experts and determined that David Boshea did not meet his burden of proof concerning the existence of a written signed contract.

### COMPASS HAS NO CLAIM UNDER FRCP RULE 50 OR 59 CONCERNING THE MWPCL

Regarding the MWPCL cause of action, while David Boshea repeatedly demanded payment of his severance, Compass failed to pay but never, even once, denied it owed the severance until after David Boshea sued. The failure to contest David Boshea's demand even once completely undercuts Compass' claim that a bona fide dispute existed. If Compass disputed the existence of the severance agreement, why did it fail to dispute David Boshea's repeated demands? The jury saw Compass for what it is: a company that used its employee and jettisoned him when it felt necessary.

Further, David Boshea presented evidence of his work activities in Maryland that form the basis for his claim under the MWPCL. The Court previously dealt with the question when ruling on Compass' motion for summary judgment, finding that David Boshea was an employee under that law. (CM/ECF 110) The only matter that changed was that Compass elicited testimony from David Boshea at trial that showed David spent substantially more time working in Maryland than he realized or that he related in his affidavit in opposition to Compass' motion for summary judgment.

Compass argues that "Also, Boshea testified at trial that he primarily worked for Compass Marketing from his home office in Naperville, Illinois. The jury, nevertheless, found (albeit implicitly) that Boshea was employed within the State of Maryland and, therefore, the MWPCL applies to Boshea's claims." Compass Motion at p. 4. If the issue of David Boshea's right to assert

he is an employee governed by the MWPCL is a jury question, the jury did not (as Compass admits) decide the issue. Thus, the Compass Motion is untimely as it had to file the pleading well before April 5. FRCP Rule 50(b) requires that:

> (b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—**or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged**—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59
>
> FRCP Rule 50(b) emphasis supplied.

The jury did not decide the issue of the MWPCL's application, so the early deadline (28 days from February 27th) applies and Compass missed the deadline.

### COMPASS BEARS A HEAVY BURDEN, WHICH IT HAS NOT MET

A motion under Rule 50(b) "assesses whether the claim should succeed or fail because the evidence developed at trial was insufficient as a matter of law to sustain the claim." *Belk, Inc. v. Meyer Corp.*, 679 F.3d 146, 155 (4th Cir. 2012). To obtain relief under Rule 50(b), Compass must show that it raised each issue on which its motion rests before the jury rendered its verdict. The rule plainly states that a FRCP Rule 50(b) motion renews an earlier FRCP Rule 50(a) motion made "before the case is submitted to the jury." Fed.R.Civ.P. 50(a). The Supreme Court has held that "[a] motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury." *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n. 5 (2008); See also, *Miller v. Premier Corp.,* 608 F.2d 973, 979 n. 3 (4th Cir.1979). As noted below, a substantial portion of the Compass Motion questions for the first time whether David Boshea established the elements of an oral agreement, which Compass raises for the first

5

time in the current motion. Although David Boshea met his burden of proof, Compass has waived that issue and argument even if he did not.

Even for matters raised in a Rule 50(a) motion, the standard is difficult to meet, and Compass failed to do so. "Under Rule 50, a court should render judgment as a matter of law when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (internal quotation marks omitted). The Fourth Circuit set forth substantially the same rule. "Judgment as a matter of law is proper only when there can be but one reasonable conclusion as to the proper judgment." *Volvo Cars of N. Am., LLC v. United States,* 571 F.3d 373, 381 (4th Cir.2009) (internal quotation marks omitted). Where, as here, sufficient evidence exists for a reasonable jury to find in David Boshea's (the non-movant's) favor, the Court must deny the Compass Motion. *Dotson v. Pfizer, Inc.,* 558 F.3d 284, 292 (4th Cir.2009), *cert. denied,* 558 U.S. 933, 130 S.Ct. 114, 175 L.Ed.2d 234 (2009); *see also Lack v. Wal–Mart Stores, Inc.,* 240 F.3d 255, 259 (4th Cir.2001) (emphasizing the court's limited purpose of evaluating the sufficiency of the evidence, as courts are "compelled to accord the utmost respect to jury verdicts and tread gingerly in reviewing them"). In making its determination, the trial court must consider "the record as a whole in the light most favorable to the non-movant." *Dotson,* 558 F.3d at 292.

Similarly, the Court may grant a motion for a new trial under FRCP Rule 59(a) on some or all of the issues "for any reason which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). Acceptable reasons include: "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would

6

prevent the direction of a verdict." *Cline v. Wal-Mart Stores*, 144 F.3d 294, 301 (4th Cir. 1998)(quoting Atlas Food Sys. & Servs., Inc. v. Crain Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996)).

Compass has not made any reasonable effort to show the jury's verdict is against the clear weight of the evidence. Instead, Compass offers John White's story as its preferred version. Such a position is untenable. Similarly, Compass has not shown that David Boshea based his case on false evidence or that a miscarriage of justice has occurred.

In deciding a FRCP Rule 59(a) motion, the Court may weigh the evidence and consider witness credibility. *Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429, 1433 (4th Cir. 1985) (citing *Wyatt v. Interstate & Ocean Transport Co.*, 623 F.2d 888, 891-92 (4th Cir. 1980)). "The grant or denial of a motion for new trial is entrusted to the sound discretion of the district court and will be reversed on appeal only upon a showing of abuse of discretion." Cline, 144 F.3d at 305 (citing Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 435 (1996)).

Compass' first point of contention is that the Court wrongly prevented Compass from offering an exhibit it did not list on its exhibit list despite the reality that Compass had it well before the October 13, 2023 pretrial conference. Neither the Court nor David Boshea impaired Compass from offering the document as an exhibit. The only party that prevented Compass from using the exhibit is Compass by failing to include it on its exhibit list.

Moreover, the jury heard John White's testimony about the exhibit's contents. Thus, the Court's decision to deny Compass' effort to admit an exhibit it did not include on its exhibit list is, at best, harmless error under FRCP Rule 61.

The Court has broad discretion in managing the factfinding process, including setting case deadlines. *Crawford-El v. Britton*, 523 U.S. 574 (1998). In this case, the Court set a deadline for

the parties to exchange exhibits tied to the final pretrial conference. There is good reason and justification for the deadlines. Compass cannot contest that their purported disclosure of exhibits was untimely, as they served their exhibits on the eve of the trial on David Boshea and did not file the amended list with the CM/ECF system. Compass had over 18 weeks to seek leave to amend its exhibit list and chose not to do so. It cannot blame David Boshea for his decision to withdraw his exhibit.

Moreover, John White testified (unconvincingly) concerning the substance of the exhibit. Despite Compass' claim that no contract existed, the jury did not agree. Neither FRCP Rule 50(b) nor 59 allows for reversing or vacating a jury verdict on these facts.

### COMPASS FAILED TO RAISED THE LEGAL INSUFFICIENCY OF BOSHEA'S ORAL CONTRACT CLAIM IN ITS RULE 50(A) MOTION

Compass falsely claims that it moved under FRCP Rule 50(a) for judgment as a matter of law specifically based on the legal insufficiency of David Boshea's oral contract claim. It did not. In its motion, Compass presents an argument concerning the elements of a breach of contract and why it claims David Boshea did not present sufficient evidence establishing those elements. Compass did not put forward that argument in its FRCP Rule 50(a) motion, which it made orally. Instead, Compass' sole focus was on the timeliness of the claim of an oral contract.

> "Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion." Fed. R. Civ. P. 50(b), advisory comm. note to 2006 am.; *see also* Fed. R. Civ. P. 50(b), advisory comm. note to 1991 am. ("A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion."); *Windsor v. Bd. of Educ. of Prince George's Cnty., Md.*, No. TDC-14-2287, 2018 WL 812952, at *1 (D. Md. Feb. 8, 2018) (noting "the district court only can grant the Rule 50(b) motion on the grounds advanced in the [Rule 50(a)] motion, because the former is conceived of only as a renewal of the latter" (quoting 9B Charles Allan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2537 (3d ed. 2010))).
>
> *Janson v. Reithoffer Shows, Inc.*, No. DLB-19-79, 2021 WL 5280894, at *5 (D. Md. Nov. 12, 2021), *aff'd,* No. 21-2374, 2023 WL 3750595 (4th Cir. June 1, 2023)

Compass' FRCP Rule 50(a) objection related only to its assertion that the oral contract was untimely. Thus, Compass waived its current argument.

Even as to that position, Compass asserts without basis that David Boshea did not testify as to the definite terms of any oral contract that he entered into with Compass Marketing. The statement grossly misrepresents David Boshea's testimony and the confirming testimony that Julie Boshea provided.

John White emailed the severance agreement to David Boshea. After receiving the contract and reviewing it, David Boshea contacted John White and accepted its terms. This led to John White's return trip to Chicago and a celebration dinner at which Mr. White, David Boshea, Julie Boshea, Rebecca Obarski, and Ms. Obarski's husband were present.

David Boshea subsequently traveled to Annapolis with the contract. When David Boshea arrived in Maryland, David said he had questions and suggestions. John White told David that Compass could not change the contract. This discussion led David Boshea and Compass, through its CEO and Chairman, to agree that each side was bound by the employment agreement John White emailed to David Boshea. Whether signed or not, the parties entered into a contract. Even if John White did not sign the document, the jury found David Boshea and Julie Boshea's testimony regarding the oral contract credible and did not believe John White's story. Compass improperly asks the Court to disregard each party's burden and decide that the jury was clearly wrong such that the evidence must be reweighed. No facts exist for a ruling under either FRCP Rule 50(b) or 59 for such a ruling.

Even if Compass had not waived its rights, David Boshea presented testimony and documents establishing the oral contract. David Boshea has presented the elements required under MPJI-Cv 9:2. The agreement had two parties, David Boshea and Compass. Both of them had the

legal capacity to agree. The parties' agreement was mutual. David Boshea and John White, Compass' then CEO and Chairman, orally agreed in both Illinois and at Compass' offices in Annapolis that each would be bound by the terms of the agreement John White delivered before the celebratory dinner. Since the oral agreement was shown by the document John White delivered, the agreement was stated with reasonable certainty. David Boshea worked for Compass from 2007 to 2020 so he provided consideration for the agreement. These facts meet the elements Compass set forth in the Compass Motion at p. 14.

## COMPASS KNEW LONG BEFORE TRIAL THAT DAVID BOSHEA INTENDED TO PRESENT AN ORAL CONTRACT THEORY

Compass makes the preposterous claim that it was unaware that Boshea would claim the parties entered into an oral contract. To the contrary, David Boshea gave Compass the better part of two years' notice of his intention to proceed under that theory.

David Boshea sought leave to file summary judgment in David J. Boshea's Motion to Amend Scheduling Order and for Leave to File His Partial Motion for Summary Judgment under Fed.R.Civ.P. 16(b)(4). Boshea filed the motion on July 31, 2022 (CM/ECF 113) over 81 weeks before the trial started. David Boshea argued in the memorandum in support of his motion for summary judgment that the Court should enter judgment in David Boshea's favor on an oral contract theory since John White's sole defense to the lawsuit was that he did not sign the parties' employment agreement. While John White contradicted his testimony at trial by asserting an elaborate and false claim about David Boshea joining Compass as a vendor, John White, at his deposition, said he remembered nothing about the parties' discussions or negotiations. Thus, due to John White's impeachment, the jury found John White could not rebut David Boshea's claim that he and Compass orally agreed on terms. To show no genuine issue of material fact existed, Boshea argued that, even if the trier of fact found John White's signature invalid, David Boshea

10

should succeed since his unrebutted testimony showed the existence of an oral agreement. Compass knew of Boshea's argument since it filed a response in opposition to the motion to amend on August 9, 2022 (CM/ECF 114). Moreover, in the present motion, Compass acknowledges that it knew of David Boshea's argument (Compass Motion at p. 9-10).

By raising the oral contract claim in the motion for summary judgment, David Boshea gave Compass 18 months to prepare for David Boshea's submitting testimony and argument that an oral agreement existed. Compass had the opportunity to depose David Boshea concerning the oral contract and took David Boshea's deposition before the trial. Thus, no prejudice exists. Making the existence of prejudice even more dubious, David Boshea, in his counsel's opening statement, laid out (without objection) his intention to offer the existence of an oral contract as an alternative.

Compass misreads *Fenton v. W. Clinic, PLLC*, No. 221CV02790SHLTMP, 2023 WL 5392766, at *9 (W.D. Tenn. Aug. 22, 2023). Unlike the facts in *Fenton*, Compass' acts and conduct in soliciting David Boshea and promising him severance in oral communications and through the agreement John White delivered amount to a representation that Compass would stand by its agreement and not use the statute of frauds to avoid performance. David Boshea relied on Compass' representation and worked for almost thirteen years knowing he had the severance if Compass let him go or more likely sold its business, as John White induced David Boseha to believe it was likely. The promise appeared reasonable since David Boshea had gone through a corporate sale and received a severance before. David Boshea performed his obligations under the oral contract so as to alter his position and incur an unjust and unconscionable loss. These facts meet the standard contained in *Buice v. Scruggs Equip. Co.*, 194 Tenn. 129, 250 S.W.2d 44 (Tenn. 1952), on which the Fenton court relied.

11

David Boshea has the right to enforce the severance agreement against Compass under the statute of frauds. The Maryland Statute of Frauds provides:

> Unless a contract or agreement upon which an action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged or another person lawfully authorized by that party, an action may not be brought:
>
> (1) To charge a defendant on any special promise to answer for the debt, default, or miscarriage of another person;
>
> (2) To charge any person on any agreement made on consideration of marriage; or
>
> (3) On any agreement that is not to be performed within 1 year from the making of the agreement.
>
> Md. Code Ann., Cts. & Jud. Proc. § 5-901 (West).

Compass hired David Boshea as an employee at will. *See Towson Univ. v. Conte,* 384 Md. 68, 79, 862 A.2d 941 (2004). By the severance agreement's terms, Compass would owe David Boshea $180,000.00 if it terminated him without cause the day after it hired him.

In *Griffith v. One Inv. Plaza Associates*, 62 Md. App. 1, 5, 488 A. 2d 182, 183 (1985), the parties entered into an oral agreement, terminable at will by either party, in which neither party alleged a term of employment. The *Griffith* court determined that the parties' oral contract constituted a contract of indefinite duration. In discussing when the statute of frauds barred a claim, the court noted that "there are two sets of circumstances under which the one-year provision of the Statute of Frauds will bar a claim. One occurs when the parties " 'expressly and specifically' agreed that their oral contracts were not to be performed within one year." *Id.,* at 5, 184 (quoting *Sun Cab Co. v. Carmody*, 257 Md. 345, 350, 263 A. 2d 1 (1970)). "The other occurs when it is impossible by the terms of the contract for it to be performed fully within one year." *Griffith*, at 5, 184.

Under Subsection (3) of § 5-901, an enforceable contract exists if the parties can possibly perform it within one year from the date of contracting, whether or not it is not in writing.

> First, Maryland law is clear that § 5-901 does not apply "when a contract can be completed within the span of a year by *any* possibility, even if the parties

12

> intended for the contract to extend for a longer period of time." *Lacy v. Arvin*, 140 Md. App. 412, 429 n.5 (2001) (emphasis in original). *See also Pitman v. Aran*, 935 F. Supp. 637, 648 (D. Md. 1996) ("Maryland courts have strictly applied the 'one year' provision of the Statute of Frauds, whereby the statute will not apply where the contract can, by any possibility, be fulfilled or completed in the space of a year.") (cleaned up).
>
> *Pearson v. Sharpe*, No. 1504, Sept. term, 2020, 2022 WL 1498734, at *4 (Md. Ct. Spec. App. May 12, 2022).

In *Pearson*, the defendant asked to borrow $71,422.74 from the plaintiff, Pearson, to be repaid in installments of $1,500.00 per month. While the agreement contemplated payments over almost 48 months, the court noted that the defendant could have paid Pearson within one year and therefore held the statute of frauds did not bar her recovery.

Here, ample evidence exists that the parties agreed to the severance term. Although Compass contests John White's signature on David Boshea's severance agreement, David Boshea can still enforce it against Compass. On May 16, 2007, John White sent an offer letter that provided:

> In exchange for your execution of our company non-compete and non-disclosures we will offer an "involuntary exit package" of 3 times your salary (1 year will be immediately vested, with the additional 2 years accrued over the next three years). This will cover any involuntary termination from the company, other then for cause.
>
> (SOF 28).

No one contests that David Boshea signed the severance agreement, which constituted the sole requirement for making the "involuntary exit package" referenced in the May 16, 2007 offer letter enforceable. The offer letter did not require that Compass sign it to be enforceable.

### DONNA EISENBERG'S TESTIMONY DID NOT PREJUDICE COMPASS

As an initial matter, Compass now disputes a fact it acknowledged during the trial. When the jury asked who provided the exemplars Donna Eisenberg used, Compass admitted it did so. Now, for the first time, it claims David Boshea gave Donna Eisenberg exemplars that were altered

13

in some fashion. No basis exists for that scurrilous allegation. Compass provided documents that David Boshea delivered to Donna Eisenberg. If an issue concerning quality exists, Compass bears the sole responsibility. When the Court asked the parties to respond to the jury's question, Compass volunteered that it provided the exemplars. Moreover, David Boshea agrees with Compass' statement at trial that it provided the exemplars. Compass notes that Donna Eisenberg used the signature page that Compass' expert used. If the quality of that document was deficient, Compass must answer for the situation.

As with the oral contract issue mentioned above, Compass did not raise the above claim in its FRCP Rule 50(a) motion and has waived it.

> Of course, "a Rule 50(a) motion is a prerequisite to a Rule 50(b) motion because the [moving party] must apprise the district court of the alleged insufficiency of [the] suit before the case is submitted to the jury." See Price v. City of Charlotte, N.C., 93 F.3d 1241, 1249 (4th Cir. 1996).
>
> *Bilenky v. Ryobi Technologies, Incorporated*, 666 F. App'x 271, 275 fn.4 (4th Cir. 2016)

Compass seeks a new trial based on Donna Eisenberg's testimony; however, it is difficult to understand how whatever occurred with Donna Eisenberg was, at worst, harmless error.

> Unless justice requires otherwise, no error in admitting or excluding evidence-- or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.
>
> Fed. R. Civ. P. 61

While Compass attempts to distract the Court from its errors, the larger question is, what relief does Compass seek? The jury believed Compass' expert since it found that the parties entered into an oral, rather than written, agreement. Donna Eisenberg's sole reason for testifying was to show that John White's signature appeared on the severance agreement. Compass claims it has

suffered prejudice but has failed to identify the wrong that resulted from Donna Eisnberg's report or testimony.

David Boshea did not file a motion to overturn the jury verdict regarding the existence of a signed agreement. While David Boshea does not favor extending this case further, he is uncertain whether or why Compass wants to relitigate whether David Boshea and Compass, through John White, signed the agreement and whether David Boshea is entitled to treble damages.

## CONCLUSION

The FRCP Rule 50 portion of the Compass Motion requires the Court to reweigh the evidence or consider the credibility of the witness, which it is not allowed to do. *Konkel v. Bob Evans Farms, Inc*., 165 F.3d 275, 279 (4th Cir. 1999). Moreover, the Court must view "all the evidence in the light most favorable to the prevailing party and draw all reasonable inferences in [the prevailing party's] favor." *Id*. A jury's verdict will withstand a motion under Rule 50 unless the Court "determines that the only conclusion a reasonable trier of fact could draw from the evidence is in favor of the moving party." Tools USA and Equip. Co. v. Champ. Frame Straightening Equip., Inc., 87 F.3d 654, 656-57 (4th Cir. 1996) (quoting Winant v. Bostic, 5 F.3d 767, 774 (4th Cir. 1993)); see also Konkel, 165 F.3d at 279. No basis exists for the Court to rule in Compass' favor on the record created at trial.

Similarly, Compass seeks a new trial on two issues: the prejudice suffered due to the absence of a claim for breach of an oral contract and Donna Eisnberg's testimony. Since Compass had substantial notice of the latter and the jury did not find that the parties entered into a written contract, the standard for a new trial does not exist. This Court summarized the Fourth Circuit's standard in *Hicks v. Ferreyra*, 582 F. Supp. 3d 269 (D. Md. 2022), *aff'd,* 64 F.4th 156 (4th Cir. 2023), <u>cert. denied,</u> 144 S. Ct. 555, 217 L. Ed. 2d 295 (2024):

> The Court must " 'grant a new trial[ ] if ... (1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.' " *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001) (quoting *Atlas Food Sys. & Serv., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996)).
>
> *Id. at* 286–87.

The evidence does not support the idea that David Boshea presented false evidence or that a miscarriage of justice has occurred. Thus, no basis exists for ordering a new trial.

WHEREFORE, David J. Boshea, respectfully requests this Court enter an order denying Defendant Compass Marketing, Inc.'s Renewed Motion For Judgment As A Matter Of Law, Or, In The Alternative, Motion For A New Trial, and for such other and further relief as this Court deems appropriate.

Dated:  April 19, 2024                    Respectfully submitted,

/s/ Gregory J. Jordan

Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

**CERTIFICATE OF SERVICE**

Gregory Jordan certifies that he served David J. Boshea's Response in Opposition to Defendant Compass Marketing, Inc.'s Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for a New Trial by service through the Court's CM/ECF system to stern@kaganstern.com, and hayden@kaganstern.com on April 19, 2024.

/s/   Gregory J. Jordan
Gregory J. Jordan