**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| *Plaintiff*, | * | |
| | | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| **COMPASS MARKETING, INC.** | * | |
| *Defendant*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**DEFENDANT COMPASS MARKETING, INC.'S REPLY TO PLAINTIFF DAVID
BOSHEA'S RESPONSE IN OPPOSITION TO DEFENDANT COMPASS MARKETING,
INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW,
OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its
undersigned counsel, files this Reply to the Response in Opposition to Defendant Compass
Marketing, Inc.'s Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion
for a New Trial ("Opposition") filed by Plaintiff David Boshea ("Boshea").  As explained in
greater detail below, Compass Marketing has demonstrated it is entitled to judgment as a matter
of law, or, alternatively, that the Court should order a new trial on the issue of whether an oral
contract existed, and Boshea's Opposition does not defeat these arguments.

As an initial matter, Boshea fails to oppose Compass Marketing's argument that his motion
for leave to amend the Complaint to add an oral breach of contract claim was untimely and,
therefore, should not have been permitted.  To the extent Boshea opposes the untimely amendment
argument, his argument seems to be premised on the notion that Compass Marketing had advance
notice that Boshea intended to assert a breach of oral contract claim, but that is not correct, it is

not the applicable standard, and, moreover, Compass Marketing has no obligation to defend against hypothetical claims that are not asserted in the operative complaint.

Boshea's Opposition focuses more on arguing that Compass Marketing failed to challenge the sufficiency of the evidence at trial as it relates to Boshea's untimely oral contract claim. This is incorrect. Compass Marketing raised this argument during its motion for judgment as a matter of law and, therefore, is permitted to raise it in Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for a New Trial ("Post-Judgment Motion"). If Compass Marketing failed to address the sufficiency of the evidence concerning Boshea's belated oral contract claim and, therefore, is deemed to have waived that argument, such a finding would only bolster Compass Marketing's position that the untimely amendment to the Complaint was prejudicial to Compass Marketing and should not have been permitted in the first place.

Boshea's Opposition also incorrectly asserts the statute of frauds does not apply. As Boshea concedes, to avoid the application of the statute of frauds (assuming the oral contract claim was properly before the Court and Boshea established all the oral contract's terms), the contract must be fully performed within one year, but it was impossible for Boshea to have performed the alleged contract in one year and earned the $540,000 awarded to him as unpaid wages because the only way to have earned such a payout would have been to work at least three years.

Boshea also argues Compass Marketing waived its ability to challenge the applicability of the Maryland Wage Payment and Collection Law ("MWPCL"), but this is not true because the issue of whether the MWPCL applied was never before the jury (other than to determine whether the failure to withhold wages was the result of a bona fide dispute), and legal issues (such as the application of the MWPCL) determined by the Court need not be included in post-trial motions.

Lastly, Boshea's argument that it is unclear why Compass Marketing included matters related to Donna Eisenberg's testimony in its Post-Judgment Motion is confusing because Compass Marketing explained that it would suffer prejudice from her testimony – the same prejudice it predicted it would suffer even before all the problems with her testimony came to light after trial – and, therefore, a new trial should be ordered as a result.

For these reasons, which are discussed in greater detail below and Compass Marketing's Post-Judgment Motion, Compass Marketing's Post-Judgment Motion should be granted in that judgment should be entered in Compass Marketing's favor or, in the alternative, a new trial solely on the oral contract claim should be awarded.

## ARGUMENT

I.  **BOSHEA DID NOT OPPOSE COMPASS MARKETING'S ARGUMENT ABOUT THE UNTIMELINESS OF BOSHEA'S AMENDMENT OF THE COMPLAINT**

Boshea failed to oppose Compass Marketing's argument that Boshea's untimely amendment of the operative Complaint should not have been permitted and judgment should be granted to Compass Marketing on Boshea's untimely breach of oral contract claim. Rather than addressing this issue directly, Bohea contends that Compass Marketing's assertion that it was not on notice of Boshea's breach of oral contract claim is "preposterous" because Boshea "gave Compass [Marketing] the better part of two years' notice of his intention to proceed under that theory." *See* ECF 261 (Opposition) at 10. This statement is demonstrably false.

On July 31, 2022, Boshea filed a Motion to Amend Scheduling Order and for Leave to File His Partial Motion for Summary Judgment Under Fed. R. Civ. P. 16(b)(4) ("Motion for Leave"). *See* ECF 113 (Motion for Leave). Boshea contends the Motion for Leave put Compass Marketing on notice of a possible breach of oral contract claim, but this is incorrect because the Motion for Leave did not address Boshea's oral contract theory. *See generally* ECF 113 (Motion for Leave).

In his Opposition, Boshea conflates the Motion for Leave with the Motion for Partial Summary Judgment and Memorandum in Support of Motion for Partial Summary Judgment, which were attached to the Motion for Leave as Exhibits A and B.  Even if the Motion for Partial Summary Judgment can be construed as the equivalent of the Motion for Leave, Compass Marketing was under no obligation to review and oppose the Motion for Partial Summary Judgment or supporting Memorandum because Boshea merely asked the Court to allow that substantive motion to be presented to the Court and the motion (along with the memorandum) was filed after the Scheduling Order's dispositive motion deadline.  In other words, the motion and memorandum were not properly before the Court.  In turn, Compass Marketing opposed the Motion for Leave and explained why Boshea should not be permitted to file a late motion for partial summary judgment; it properly did not address the merits of Boshea's untimely motion for partial summary judgment.  *See generally* ECF 114 (Compass Marketing, Inc.'s Opposition to David J. Boshea's Motion to Amend Scheduling Order and for Leave to File His Partial Motion for Summary Judgment Under Fed. R. Civ. P. 16(b)(4)).  Boshea later filed a reply to Compass Marketing's opposition to the Motion for Leave, and again there was no language in the reply brief regarding an oral contract theory.  *See generally* ECF 116 (Reply in Support of David J. Boshea's Motion to Amend Scheduling Order and for Leave to File His Partial Motion for Summary Judgment Under Fed. R. Civ. P. 16(b)(4)).  The Court subsequently issued a Memorandum (ECF 117) in which it denied Boshea leave to amend the Scheduling Order and file his motion for partial summary judgment.  As a result, Boshea is incorrect to assume that, because he included an argument on his oral contract theory in a filing that was never before the Court (and one which Compass Marketing was not even obligated to respond to), Compass Marketing was somehow put on notice of Boshea's intent to introduce an oral contract theory at trial.

Even if the Partial Motion for Summary Judgment is deemed to have been before the Court, the standard as to whether an amendment is timely and should be permitted is not premised on some ambiguous obligation to "read the tea leaves" to determine whether or when a plaintiff will amend a complaint and what particular allegations will be included in the hypothetical amended complaint.  If Boshea's intent to pursue an oral contract claim was so clear, he would have and should have amended his Complaint to include the breach of oral contract claim before trial commenced in the eighteen plus months that followed the filing of the Motion for Leave.  Instead, he chose not to file such an amendment or motion for leave to file such an amendment (further demonstrating the fallacy of Boshea's argument that Compass Marketing should have assumed otherwise).  Compass Marketing cannot be expected to defend against claims that are not properly asserted against it. As the Fourth Circuit has stated, "[t]he burden rests primarily upon the plaintiff to amend his complaint, not upon the defendant to anticipate a new claim." *See Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987).[1]  Indeed, like all defendants, Compass Marketing is obligated – and can only be expected – to defend against the claims that are put before it in the operative complaint.

Boshea also argues that the Court's preliminary jury instructions, which simply stated that "[a] contract may be oral or written or established by conduct" put Compass Marketing on notice of a breach of oral contract claim.  *See* ECF 261 (Opposition) at 2.  This too is nonsensical.  The jury instruction Boshea relies on is nothing more than a general statement of law that is not tailored to the particulars of this case, and a general statement of law as to what may constitute a contract,

---

[1] In *Deasy*, the Fourth Circuit rejected the plaintiff's argument that the defendant "was not surprised by the new claim because she had been made aware of it through the expert witness statements," and instead emphasized that "'a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent.  A party who delays in seeking an amendment is acting contrary to the spirit of the rule.'" *Id.* (quoting 6 Wright & Miller, *Federal Practice and Procedure* § 1488 (1971)).

which was drafted by the Court and not Boshea, could not be deemed to alert Compass Marketing to the fact that Boshea planned to introduce an oral contract claim at trial, especially when there was no claim in the Second Amended Complaint that alleged a breach of any agreement other than the alleged written agreement that was at issue at the trial. Moreover, if this jury instruction made Boshea's intent to include an alternative oral contract theory so apparent, the Court would not have expressed such surprise at Boshea's addition of an oral contract claim at trial.

The undeniable fact is that Boshea's Second Amended Complaint (the operative Complaint at trial) only included allegations about a breach of an alleged written contract. And testimony elicited at trial revolved around the terms of that alleged written contract, as well as negotiations that ultimately did not result in a written contract, not an alleged oral agreement. Had Compass Marketing understood that Boshea was proceeding on an alternative breach of oral contract theory, and Boshea's testimony surrounding the negotiations would actually serve to create a binding oral contract, Compass Marketing would have taken additional discovery focused on this alleged oral contract and questioned Boshea about the terms of an alleged oral agreement during his deposition.

Under the circumstances, Boshea's late amendment was improper and the jury should not have been allowed to render a verdict based on an alleged oral contract. Thus, judgment should be entered in Compass Marketing's favor on Boshea's breach of oral contract claim.

## II.  COMPASS MARKETING IS CORRECT ABOUT THE LEGAL INSUFFICIENCY OF BOSHEA'S BREACH OF ORAL CONTRACT CLAIM

### A.  Boshea's Waiver Argument is Without Merit and Illustrates How the Late Amendment Prejudices Compass Marketing and Should Not Be Permitted

Boshea's Opposition argues that Compass Marketing failed to move under Rule 50(a) of the Federal Rules of Civil Procedure as to "the legal insufficiency of David Boshea's oral contract claim," and, instead only focused on "the timeliness of the claim of an oral contract" in making its

motion for judgment as a matter of law.  *See* ECF 261 (Opposition) at 8.  Based on this assertion, Boshea argues Compass Marketing waived its right to contest Boshea's failure to establish the existence of an oral contract and its definite terms.  *See id.* at 8-10.

Boshea is incorrect, however, because Compass Marketing raised the issue of the legal insufficiency of Boshea's testimony to establish an oral contract <u>and</u> the prejudicial effect of the Court allowing Boshea to amend his Complaint after the close of evidence.  If Compass Marketing had not raised the issue of the legal insufficiency of Boshea's breach of oral contract claim, the Court would not have had to address the statute of frauds issue, among other issues, which it did.

Assuming *arguendo* Compass Marketing did not raise the legal insufficiency of Boshea's breach of oral contract claim (which it did), Boshea did not move to amend his Complaint to add the oral contract claim until after Compass Marketing had already made its motion for judgment as a matter of law.  Any finding that Compass Marketing somehow waived its right to argue the legal sufficiency of the evidence regarding the alleged breach of oral contract further illustrates why allowing the late amendment to include the breach of oral contract claim is prejudicial to Compass Marketing and should not be allowed.  It would be highly prejudicial for the Court to find that Compass Marketing waived its opportunity to argue Boshea failed to establish the existence of an oral contract when Compass Marketing was not on notice prior to trial that it needed to defend against an oral contract claim.  Such advance notice would allow Compass Marketing to prepare legal research regarding breach of oral contract claims, understand and focus on precisely what type of evidence is required to prevail (or defeat) an oral contract claim (both during discovery and at trial), and marshal the facts accordingly to properly argue such matters, but Boshea did not amend his Complaint to include such a claim until after Compass Marketing made its motion for judgment as a matter of law.

Lastly, Boshea offers little rebuttal regarding the substantive deficiencies with the evidence proffered in connection with his belated breach of oral contract claim. As for the exhibit that Compass Marketing was not permitted to admit into evidence, Boshea contends Compass Marketing could have added it to its exhibit list and did not. This is misleading at best because Compass Marketing could not have included the exhibit prior to October because, as Compass Marketing noted, it did not receive that exhibit until the time of the October pretrial conference. And, prior to trial, Compass Marketing did include it in an amended exhibit list that was circulated to Boshea and the Court, but not through the ECF system. Even if these factors do not warrant admission of the exhibit, Boshea fails to address any of the criteria noted in Compass Marketing's Post-Judgment Motion that a court is to apply when evaluating whether to admit such evidence – and all such criteria overwhelmingly favor admission for the reasons included in Compass Marketing's Post-Judgment Motion.[2] Boshea attempts to deflect attention away from these criteria by noting that John White was able to testify about the document, but John White was limited in what he could testify about the document and, more importantly, a picture is worth a thousand words and the jury was denied the opportunity to see Boshea's own written notes about the contract negotiations, including the specific changing negotiations related to severance that were detailed in the exhibit. The Court's error denying admission of that document warrants at least a new trial.

Additionally, Boshea grossly mischaracterized his trial testimony about the status of negotiations. He claimed in his Opposition (ECF 261 at 9) that his trip to Annapolis was merely to address "questions and suggestions." Boshea, however, clearly testified that he came to Annapolis to continue to negotiate terms of an alleged contract, which necessarily means there was no offer and acceptance of any oral contract (Boshea only testified his new terms were rejected).

---

[2] Boshea also fails entirely to respond to Compass Marketing's argument that Boshea's reliance on the alleged written agreement necessarily precludes any reliance on an alleged oral agreement. *See* ECF 255 at 16-17.

For these reasons, Boshea's claim for breach of an alleged oral contract necessarily fails and judgment should be entered in Compass Marketing's favor as a matter of law or, in the alternative, a new trial should be ordered.

**B.     Boshea's Oral Contract Claim is Barred or Limited by the Statute of Frauds**

Boshea did not testify at trial as to the definite terms of any oral contract he entered into with Compass Marketing.  His testimony was based solely on the alleged written agreement, and the jury found there was no breach of that contract (and, thus, presumably, there was no contract to breach).  Boshea's testimony did not establish there was an oral contract; it only established that the parties were negotiating the terms of Boshea's employment prior to him being hired.

Even if Boshea had amended his Complaint to include a breach oral contract count and elicited testimony at trial as to the terms of the alleged oral contract, the claim would be barred or at least substantially limited by the statute of frauds.  "Section 5-901 [of the Maryland Courts and Judicial Proceedings Article] requires that certain promises must be 'in writing and signed by the party to be charged' to be enforceable."  *Pease v. Wachovia SBA Lending, Inc.*, 416 Md. 211, 239 (2010). (citing MD. CODE ANN., CTS. & JUD. PROC. § 5-901).  The statute states in relevant part:

> Unless a contract or agreement upon which an action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged or another person lawfully authorized by that party, an action may not be brought: (3) [o]n any agreement that is not to be performed within 1 year from the making of the agreement.

MD. CODE ANN., CTS. & JUD. PROC. § 5-901.  "This section, by its plain terms, simply sets out the circumstances in which contracts must be in writing to be enforceable."  *Emerald Hills Homeowners' Ass'n v. Peters*, 446 Md. 155, 166, 130 A.3d 469, 475 (2016).  "Subsection 3 will bar a claim in two circumstances: first, when the parties expressly and specifically agree that the contract is not to be performed within one year; and second, when it is impossible by the terms of

the contract for it to be performed within one year." *Hernandez v. Woodstock Bar & Grill, LLC*,

Civil Action No. 18-1582, 2020 U.S. Dist. LEXIS 24755, at *3 (D. Md. Feb. 12, 2020) (citing

*Griffith v. One Inv. Plaza Assocs.*, 62 Md. App. 1, 5, 488 A.2d 182 (1985)).

While Boshea testified the parties agreed on a severance of up to $540,000, he never

testified how that payout would accrue or occur.  The only "evidence" he relied on regarding a

potential $540,000 payout was in the alleged written contract, the "Compass Marketing, Inc.

Agreement Relating to Employment and Post-Employment Competition" ("Agreement").   In

effect, Boshea is trying to rely on the terms of the alleged written Agreement (which the jury

rejected) to prove the terms of the alleged oral agreement (*see* ECF 261 at 10, 13), but Boshea

never testified to those terms.  That alleged Agreement provided in relevant part:

> If Employee's employment is terminated by COMPASS for any
> reason other than Cause, Employee shall receive severance
> payments totaling $180,000 (one hundred and eighty thousand U.S.
> dollars) which will be divided up into twenty-four payments and will
> commence with the Employee's effective date of termination and
> shall be made in accordance with COMPASS's normal payroll
> cycle.   The period during which Employee receives severance
> payments shall be referred to as the "Severance Pay Period."
> Severance will increase one month for every month employed to a
> maximum severance of $540,000.

On the face of that alleged Agreement, Boshea would not be eligible to receive $540,000 in

severance within one year of commencing employment, meaning any agreement to receive

severance needed to be in writing and signed by John White in order to be enforceable.  If there

was an oral agreement that had the same terms as the alleged (written) Agreement, Boshea would

not be entitled to more than one year of severance pay because he could not have earned more than

$180,000 in severance within the one-year period following the commencement of employment.

"In *Learning Works', Inc. v. The Learning Annex, Inc.*, the Fourth Circuit found, applying

Maryland law, that the statute of frauds barred the enforcement of an oral contract because 'the

parties had agreed that Learning Annex was to pay for the assets it purchased over a three-year period.  Because the parties agreed that full performance of their contract was not to be rendered within one year, enforcement of the alleged oral agreement would be barred by the one-year provision of the Maryland statute of frauds.'"  *Hernandez v. Woodstock Bar & Grill, LLC*, Civil Action No. 18-1582, 2020 U.S. Dist. LEXIS 24755, at *3 (D. Md. Feb. 12, 2020) (quoting *Learning Works'*, 830 F.2d at 544).  "Similarly, in *Halpert v. Dental Care Alliance, LLC*, the court found the statute of frauds applicable when the third installment payment was not due until more than a year after the alleged oral contract was entered into."  *Hernandez*, 2020 U.S. Dist. LEXIS 24755, at *3 (citing *Halpert v. Dental Care Alliance, LLC*, No. CIV A RDB 05-2776, 2007 U.S. Dist. LEXIS 31890, 2007 WL 1295805, at *13 (D. Md. May 1, 2007)).[3]

Other courts have found the statute of frauds *does not bar recovery* in cases of oral contracts between an employer and employee when a commission or bonus *could be earned* during the first year of employment, even if the actual amount of the commission or bonus could not be calculated or paid until after one year.  *See, e.g., Thompson v. Paul G. White Tile Co.*, Case No. 19-cv-513-SM 2019 U.S. Dist. LEXIS 146156, 2019 WL 4060375 (D.N.H. Aug. 28, 2019); *Schlossberg v. Schwartz*, 2013 N.Y. Misc. LEXIS 6815, 2013 NY Slip Op 33861(U) (Sup. Ct.).  In other words, courts look at the period when the wage is earned to determine whether the statute of frauds applies.

In *Thompson*, the parties entered into an oral agreement pursuant to which the defendant "promised [Thompson] an annual base salary of $185,000 plus a 'commission of 10% of the gross profits.'"  *Thompson*, 2019 U.S. Dist. LEXIS 146156, at *2.  After the defendant terminated Thompson's employment and refused to pay him a commission, Thompson sued to recover those

---

[3] In his Opposition, Boshea also acknowledges that the statute of frauds requires a written agreement "when it is impossible by the terms of the contract for it to be *performed fully within one year*."  *See* ECF (Post-Judgment Motion) 261 at 12 (quoting *Griffth v. One Inv. Plaza Assocs.*, 62 Md. App. 1, 5, 488 A.2d 182, 184 (1985) (emphasis added).

funds.  The defendant argued that Thompson's claims were barred by the statute of frauds because the commission could be calculated only after the close of each fiscal year, so "the calculation necessarily could not be completed within one year of the date on which the parties entered into their employment agreement."  *Thompson*, 2019 U.S. Dist. LEXIS 146156, at \*4.  The court rejected the defendant's argument, finding "the statute of frauds does not apply to oral commission agreements with employees at will when those agreements contemplate payment of commissions *earned* during the period of employment."  *Id.* at \*5 (emphasis added).  In the instant case, unlike *Thompson*, there was no scenario in which, and there was no evidence whatsoever to support the notion that, Boshea could earn severance in the amount of $540,000 within one year of the commencement of his employment with Compass Marketing.

Similarly, New York courts have found that "when the employment relationship is terminable within a year and the measure of compensation has become *fixed and earned* during the same period, the sole obligation to calculate such compensation will not bring the contract within the one-year proscription of the Statute of Frauds."  *Cron v. Hargro Fabrics*, 91 N.Y.2d 362, 370, 670 N.Y.S.2d 973, 977, 694 N.E.2d 56, 60 (1998) (emphasis added).  Again, as with the other cases, the difference is the amount due to the employee became fixed and earned within the one-year period, which is not possible in the instant case if the payout is going to be $540,000.

The Supreme Court of Maryland has explained that, "in accordance with the policy underlying the M[WPCL], an employee's right to compensation vests when the employee does everything required to earn the wages."  *Medex v. McCabe*, 372 Md. 28, 41, 811 A.2d 297, 305 (2002).  The same logic applies here.  Assuming Boshea proved his case, which he did not, Boshea could earn $540,000 in severance only if he worked three years under the terms of the agreement, which means it was impossible for the alleged agreement (whether written or oral) to have been

fully performed within one year of Boshea commencing employment with Compass Marketing. Therefore, if an oral agreement is going to be upheld, the statute of frauds should limit any recovery to a maximum of $180,000 (the amount of severance Boshea could have earned in one year).

Boshea's reliance on *Pearson v. Sharpe*, No. 1504, 2022 Md. App. LEXIS 361 (Md. App. May 12, 2022), is misplaced.  In *Pearson*, the plaintiff loaned the defendant a total of $71,422.74 to be repaid in monthly installments of $1,500.  *See id.* at *3.  The circuit court found enforcement of the loan agreement to be barred by the statute of frauds because the loan repayment could not be completed in one year.  *See id.* at *7.  The appellate court reversed the judgment of the circuit court, finding that, "[b]ecause [the defendant] *could* have paid off [the plaintiff's] loan within one year, § 5-901 [the statute of frauds] does not apply to this case."  *Id.* at *11 (emphasis added). *Pearson* is distinguishable from the instant case because, based on the terms of the alleged Agreement (or any other evidence proffered by Boshea), it would be impossible for Boshea to earn $540,000 in severance within only one year.[4]  Thus, if the Court denies Compass Marketing's requested relief for judgment as a matter of law or a new trial, in the alternative, the Court should limit Boshea's recovery under the alleged oral contract to the maximum Boshea could have earned within one year of employment with Compass Marketing, which is $180,000, not $540,000.

## III.   COMPASS MARKETING DID NOT WAIVE ITS ARGUMENTS REGARDING THE INAPPLICABILITY OF THE MWPCL

Boshea relies on Rule 50(b) of the Federal Rules to argue Compass Marketing should have filed its motion contesting the application of the MWPCL prior to April 5, 2024 and, by not doing

---

[4] To the extent any oral evidence on this issue is ambiguous as to how much Boshea would be entitled to receive after one year of employment, the (written) Agreement would constitute evidence that Boshea understood the alleged oral agreement called for him to earn severance over a three year period and he would be entitled to receive a maximum of $180,000 after only one year of employment.

so, waived its right to contest application of the MWPCL because the jury "did not decide the issue

of the MWPCL's application."  *See* ECF 261 (Opposition) at 5.  Rule 50(b) states in relevant part:

> (b) Renewing the Motion After Trial; Alternative Motion for a New
> Trial.  If the court does not grant a motion for judgment as a matter of law
> made under Rule 50(a), the court is considered to have submitted the action
> to the jury subject to the court's later deciding the legal questions raised by
> the motion.  No later than 28 days after the entry of judgment—**or if the
> motion addresses a jury issue not decided by a verdict, no later than 28
> days after the jury was discharged**—the movant may file a renewed
> motion for judgment as a matter of law and may include an alternative or
> joint request for a new trial under Rule 59.

FED. R. CIV. P. 50(b) (emphasis added by Boshea).

As an initial matter, the applicability of the MWPCL is a question of law to be decided by

the Court and, thus, it is not a "jury issue."  *Cf. Pinnacle Grp., LLC v. Kelly*, 235 Md. App. 436,

471-72, 178 A.3d 581 (2018), *cert. denied sub nom. Pinnacle Grp. v. Kelly*, 459 Md. 188, 185

A.3d 72 (2018).  Indeed, the jury did not decide and was not called on to decide the issue of the

applicability of the MWPCL.  Rather, the jury applied the MWPCL with respect to finding there

was no bona fide dispute regarding the alleged failure to pay wages (which was an issue for the

jury to decide), and Compass Marketing challenged that finding in its Post-Judgment Motion (*see*

ECF 255 (Post-Judgment Motion) at Section III).  Thus, Compass Marketing has not waived its

right to contest the applicability of the MWPCL.[5]

As explained in the Post-Judgment Motion, because the jury's verdict regarding certain

aspects of Boshea's MWPCL claim can be sustained only by a finding in favor of the applicability

of the MWPCL – for which there is no legally sufficient evidentiary basis – the issue of whether

---

[5] Indeed, because the applicability of the MWPCL is a legal issue for the Court to decide, Compass Marketing does
not even have to raise this issue in its Post-Judgment Motion.  *See Dupree v. Younger*, 598 U.S. 729, 143 S. Ct. 1382,
1389, 215 L.Ed.2d 636, 644 (2023) ("[A] post-trial motion under Rule 50 is not required to preserve for appellate
review a purely legal issue resolved at summary judgment.")

the MWPCL applies should be resolved against Boshea and judgment should be entered as a matter of law in favor of Compass Marketing pursuant to Federal Rule of Civil Procedure 50(b).

## IV.   COMPASS MARKETING DEMONSTRATED THE PREJUDICIAL EFFECT OF DONNA EISENBERG'S TESTIMONY

Boshea in short disputes that Compass Marketing was prejudiced by Donna Eisenberg's testimony and that, even if there was prejudice, there is no remedy for Compass Marketing. This is simply not true.

Boshea does not provide any factual support to rebut the prejudicial nature of Ms. Eisenberg's testimony, as explained by Compass Marketing in its Post-Judgment Motion. As Compass Marketing explained, it anticipated it would suffer certain prejudice as a result of the improper inferences the jury could draw about the samples and questioned document that was presented to Ms. Eisenberg and, in fact, it has suffered such prejudice. As a result, a new trial should be ordered for the reasons articulated in the Post-Judgment Motion.

## CONCLUSION

Based on Boshea's untimely amendment to his Second Amended Complaint, his failure to establish a legally sufficient evidentiary basis for a jury to find in his favor on the issue of whether an oral contract existed, the barring of his oral contract claim by the statute of frauds, the inapplicability of the MWPCL (and the inconsistency of the verdict regarding the finding of a bona fide dispute), and the prejudice suffered by Compass Marketing stemming from Ms. Eisenberg's testimony, Compass Marketing respectfully requests that the Court enter judgment as a matter of law in its favor and against Boshea, or, in the alternative, order a new trial on the issue of whether an oral contract existed, or, in the alternative, limit the amount of wages awarded to Boshea to $180,000, and such other relief as the Court may deem just and appropriate.

Dated:  May 3, 2024     Respectfully submitted,

             */s/Stephen B. Stern*
             Stephen B. Stern, Bar No.: 25335
             Shannon M. Hayden, Bar No.: 30380
             KAGAN STERN MARINELLO & BEARD, LLC
             238 West Street
             Annapolis, Maryland 21401
             (Phone): (410) 216-7900
             (Fax):  (410) 705-0836
             Email:  stern@kaganstern.com
             Email:  hayden@kaganstern.com

             *Counsel for Defendant*
             *Compass Marketing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May, 2024, the foregoing Reply to Plaintiff David J. Boshea's Response in Opposition to Defendant Compass Marketing, Inc.'s Renewed Motion for Judgment as a Matter of Law was served via the CM/ECF system on the following counsel of record:

Thomas J. Gagliardo  
Gilbert Employment Law, PC  
1100 Wayne Avenue, Suite 900  
Silver Spring, Maryland 20910  
Email:  tgagliardo@gelawyer.com

Gregory J. Jordan  
Mark Zito  
Jordan & Zito, LLC  
350 N. LaSalle Drive, Suite 1100  
Chicago, Illinois 60654  
Email:  gjordan@jz-llc.com

*Attorneys for Plaintiff*  
*David Boshea*

/s/ Stephen B. Stern  
Stephen B. Stern