David Boshea, Plaintiff,
v.
Compass Marketing, Inc., Defendant.
No. 1:21-cv-00309-ELH

Motion for Sanctions

---

Michael R. White ("Movant"), moves under Fed. R. Civ. P. 11, 28 U.S.C. § 1927[1], and the Court's inherent authority, for entry of an Order imposing sanctions against Defendant Compass Marketing, Inc. ("Compass") and their counsel, Stephen B. Stern (Bar No. 25335), and Heather K. Yeung (Bar No. 20050), and Kagan, Stern, Marinello & Beard, LLC, jointly and severally, in the form of an award of reasonable attorneys' fees, costs, and damages to Movant. Movant submits the following in support of their motion.

While generally, non-parties to a case in litigation may not bring motions for sanctions, individuals who, like Movant, are brought in or attempted to be brought into litigation by one process or another can have standing to seek sanctions. *"Those non-parties who are brought in or are attempted to be brought into litigation involuntarily by one process or another have standing."* Houchen v. Bobst Grp., Inc., 198 F.R.D. 11, 15 (D. Mass. 2000). The purpose of *Rule 11* is to deter dilatory and abusive tactics in litigation by lessening frivolous claims or defenses. See *Fed.R.Civ.P. 11, advisory notes.* To achieve these goals, *Rule 11* requires attorneys to take responsibility for the claims and defenses they represent ... to assure that the claims, defenses, and positions represented by them are well-grounded in both law and fact and are not intended to serve an improper purpose, such as harassment or delay.

Movant asks this Court to find good cause to grant Movant standing here. This Court twice scheduled hearings and considered similar motions for sanctions by Compass and their counsel against Movant, so fairness would suggest that the Court give Movant's motion even consideration.

In *Westmoreland v. CBS, Inc.*, 770 F.2d 1168 (D.C. Cir., 1985) the Court allowed a non-party deponent to bring a *Rule 11* motion against an attorney who improperly attempted to have the court find the deponent in contempt. In that case, former CIA Director Richard Helms, a non-party to the litigation, was subpoenaed to appear for a deposition. He appeared but refused to consent to have the deposition videotaped. Prior permission from the Court to tape the deposition had not been obtained. Nonetheless, CBS sought to have Helms held in contempt for refusing to permit the deposition to be videotaped. Helms successfully defended against the motion that he be held in contempt, and he sought *Rule 11* sanctions against CBS. The District Judge denied the motion and Helms appealed. *Westmoreland,* 770 F.2d at 1171-72. The Court of Appeals held that it was error for the District Court to have denied Helms' *Rule 11* motion. *Id.* at

---

[1] Under 28 U.S.C. § 1927, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."

1

1173. In so doing, it is clear that the Court implicitly found that Helms, a non-party, had standing to prosecute the *Rule 11* motion.

Compass and their counsel have violated *Rule 11* and Compass' counsel have violated the prohibitions in 28 U.S.C. § 1927 by vexatiously[2] filing and continuing to prosecute claims against Movant that have no basis in fact - and were instead designed specifically to embarrass and oppress Movant, expose Movant to undue burden and expense, discourage Movant from participating in this instant matter, and penalize Movant for reporting Compass and their counsel to law enforcement and participating in the subsequent federal investigation concerning the sale of securities. Movant identified these improper strategies and motives for the actions of Compass and their counsel when they first tried to drag Movant into this case, and repeatedly attempted to discourage Compass and their counsel from pursuing them at the outset of this litigation. (ECF 031, 033, 036, 042 and 044). Movant has been required to expend substantial time and resources and incur significant attorney fees and costs to defend against these outrageous claims. Movant's attorney fees directly related to the defense of these continuing malicious claims are $44,237.97 – so far. (Exhibit 9). Under these circumstances, where Compass and their counsel took actions in bad faith and for an improper purpose, finding good cause to grant Movant standing and the imposition of sanctions are appropriate.

INTRODUCTION

Compass is a Virginia Corporation that was headquartered in Maryland. The owners of Compass are Daniel White ("Daniel"), Michael White ("Michael"), and John White ("John")[3]. John and his counsel sometimes pretend that John is the "CEO" of Compass, but he is not.

At the outset of this litigation, Compass and their counsel filed a Motion for Civil Contempt Sanctions on a Nonparty (ECF 063), improperly seeking to have the Court hold Movant in contempt, sought punitive damages payable to Compass and counsel, and literally asked this Court to incarcerate Movant. After a full day deposing Movant, Compass and their counsel filed a Motion to Compel and Extend the Number of Deposition Hours of Nonparties against Movant. (ECF 081). The Court referred those motions to United States Magistrate Judge

---

[2] Behavior is "vexatious" when it is harassing or annoying, regardless of whether it is intended to be so. Vexatious means that the actions were 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

[3] A review of the records of the Virginia State Corporation Commission indicates that John has during this litigation in a musical chairs fashion given himself various corporate roles including "CEO", Executive Chairman, Chairman, President, Director, sole Director, etc. During this litigation, John and his counsel also presented Todd Mitchell and Larry McWilliams as "co-CEO" and "CEO" of Compass, and numerous parties as "President" and "Directors". John is not the "CEO", the "Executive Chairman", or "the majority shareholder" of Compass - nor any of the other disguises he assigns himself. John did not "terminate" Daniel or Michael, nor did he have the authority to terminate them.

A. David Copperthite, who scheduled them for a hearing. Judge Copperthite determined, based upon review of the deposition transcripts and exhibits in this case, that *"Michael is a third-party dragged into this litigation as part of what appears to be a fishing expedition"* and *"[b]ased on the deposition transcript (ECF No. 74-02), I agree that the matters sought in the previous deposition appear to go outside of what was permitted in my previous Order ..."*. (ECF 092)[4]. As described below, these actions by John and his counsel were much more than a fishing expedition – they were retribution for Movant's exposing illegal conduct by Compass and their counsel and preparation for a companion malicious lawsuit against Movant, which the Court, United States Chief Judge Russell presiding, recognized as inherently incredible and dismissed without a hearing.

On August 26, 2021, Compass and their counsel attempted to drag Movant further into this *Boshea* litigation through a thinly veiled (and false) "John Doe" Counterclaim and Third-Party Complaint. (ECF 038). Included as part of the nonsense third-party accusations, Compass, and their counsel, alleged that Boshea had conspired with "John Doe" to "receive additional 'off-payroll payments' in bi-weekly increments of $350 ... which Boshea was not entitled to receive". (ECF 038). Compass later admitted that John did authorize the payments and that they were plainly included in Boshea's paychecks and taxable income for more than 12 years in more than 250 payroll statements. Nevertheless, Compass and their counsel kept this charade up against Movant until they finally "reluctantly" withdrew their false claims with a single sentence buried in the Amended Pretrial Order on the eve of the trial more than two years later. (ECF 195).

Compass and their counsel filed their motions for sanctions against Movant (ECF 063), additional deposition hours (ECF 081), and third-party complaint (ECF 038) in bad faith and for the improper purpose of embarrassing Movant, imposing undue burden and expense, discouraging Movant from participating in this instant matter, and in retribution against Movant for reporting Compass and their attorneys to law enforcement concerning an on-going securities fraud. *Rule 11* and § 1927 sanctions are proper under the circumstances. In every instance, Movant defeated Compass and their counsel and exposed their bad faith and corrupt motives.

BACKGROUND

In November 2018, Movant reported John and his associates, including several attorneys, to the U.S. Securities and Exchange Commission for using Compass as a shell to operate a Ponzi scheme named Tagnetics, purporting to manufacture and sell electronic shelf labels. Under federal subpoenas, Movant provided documents to appropriate authorities. In response, on May 1, 2019, John and Mr. Stern changed the locks at Compass' offices and hired armed "bodyguards" to simultaneously block Movant's access to Compass offices and records and perform "investigation services" for Compass counsel. Compass and their counsel also

---

[4] Magistrate Judge Copperthite also determined that there was no justification to drag Movant's son into this litigation, which Compass and their counsel had attempted in bad faith to harass Movant. (ECF 092).

3

wrongfully seized Movant's funds held by Compass. Some of those "bodyguards"/investigators hired by John and his counsel accompanied them to trial in this *Boshea* matter[5].

Immediately after locking Movant out of the Compass office, John and Mr. Stern, along with members of his firm, secretly established a separate Wyoming business together, Smart Retail, Inc., to continue the Tagnetics scheme. (Exhibits 1 and 2). They also began a campaign of reprisal, retribution, and public embarrassment against Movant and his family that continues and includes their actions in this instant case ("*Boshea*"). John and his counsel have seized every opportunity to harass, oppress, embarrass, and offend Movant - including by filing capricious motions and false third-party complaints in this *Boshea* case.

Immediately after conducting Movant's deposition, John and Mr. Stern delivered a copy of the transcript to the Maryland Judicial Disabilities Commission ("MJDC") and made false allegations about Movant to the MJDC, including that portions of the deposition in this matter were false.

Even a cursory review of the deposition of Movant by Compass and their counsel in this matter will show that the purpose was not to develop information in *Boshea* (ECF 092) but rather to create the false report to MJDC and also to fabricate a basis for a fraudulent companion case that John and Mr. Stern filed shortly after Movant's deposition in this matter: *Compass Marketing, v. Flywheel, et al.* 1:22-cv-00379-GLR ("*Flywheel*"). Movant requests the Court consider both the actions of John and his counsel in *Boshea* and *Flywheel* together because they are both filed in this Court and share a common scheme and purpose – retribution against Movant for exposing their unlawful activity.

The *Flywheel* case is simply untrue in every respect. While Movant does not ask the Court to determine the falsity of every aspect of the *Flywheel* matter here, some of the fraudulent nature and its connection to the *Boshea* matter can be found in the written statements of counsel in *Boshea* and *Flywheel* that directly contradict a central underpinning of the claims that he made in the *Boshea* filings against Movant and the *Flywheel* complaint and the pending appeal. USCA4 Appeal: 23-1324.

In their *Flywheel* filings, John and Mr. Stern repeatedly and specifically indicate that they did not know that Compass "trade secrets" had been "stolen" until <u>January 20, 2020</u>, when Compass "Controller" Luis Fernandez[6] ("Fernandez") supposedly discovered a 2015 article

---

[5] One of the "bodyguards" who was present with John during the trial assisted him in making a ridiculous 911 call police report of an attempt by Movant to kidnap John during this *Boshea* case. (Exhibit 3). That "bodyguard" also has previously been arrested and charged with domestic battery. (Exhibit 4). The other "bodyguard" appears on Mr. Stern's invoices to Compass as his "investigator", and as one of the "investigators" still looking for the "kidnappers" after the police unwound the scam.

[6] Not surprisingly, Fernandez is also the "Controller" for the Tagnetics and Smart Retail schemes. It is telling that in the *Boshea* case, John and Mr. Stern pretend in the 103.3 disclosure that "Tagnetics, Inc., is an affiliate of Compass Marketing, Inc., under the laws of certain states.

written by Flywheel on the internet website Profitero.com. *See* USCA4 Appeal 1324 at p. 2, 9, 10, 11, 16 (twice), 17, 23, 24 (four times), 29, 3032, 34, 37, JA57, JA19-20 ¶11, and JA60 ¶191. Compass and their counsel repeatedly allege that they had absolutely no idea there was a basis to concoct a "RICO complaint" against Movant and Flywheel until January 2020 when Fernandez performed a Google search and discovered the five-year-old Flywheel article on Profitero.com.

However, when dealing with the *Boshea* case, John and his counsel write the exact opposite on numerous occasions. One of John's "bodyguards" that the Court witnessed accompany him to the trial each day in the *Boshea* case (while taking a break from looking for the real kidnappers) is a Compass employee called Chuck Rubac ("Rubac"). Rubac sent John an email in 2019 with that exact website and article highlighted. (Exhibit 5). Rubac also appears as an "investigator" on Mr. Stern's invoice to Compass in July 2019, while he and John were starting Smart Retail together, where Mr. Stern charges Compass for time spent concocting "RICO" allegations against Movant (and Ascential). (Exhibit 6). Moreover, in 2019, Mitch Goldsmith, another long-time Tagnetics attorney, repeatedly emailed Mr. Stern and John indicating that he was willing to engage a partner of his firm to help fabricate a "RICO" lawsuit against "Chip and Dan" but that the statute of limitations was quickly running out in 2019 - if it hadn't already. (Exhibit 7). On numerous occasions, Mr. Goldsmith's partner gave them the same warning about the statute of limitations running out in 2019. (Exhibit 8).

The *Flywheel* "RICO" case filed by John and Mr. Stern is an outrageous continuation of the conduct of Compass and their counsel against Movant in the *Boshea* case. It is all a continuation of years of retribution by John and his counsel for Movant's reporting of their securities scheme. Their conduct in this *Boshea* case against Movant, particularly their unsuccessful motions for sanctions, request for additional deposition time, lunatic request to incarcerate Movant, false third-party complaint, false claims to MJDC, and the "fishing expedition" deposition itself are the epitome of bad faith and improper motives envisioned by Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

For the reasons stated above, under Fed. R. Civ. P. 11, 28 U.S.C. § 1927 and the Court's inherent authority, the Court should award sanctions in the form of attorney's fees, costs, and damages against Compass and their counsel.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests this Court enter an Order sanctioning both Plaintiff and his counsel and awarding Movant attorneys' fees and costs incurred in connection with this action, and in bringing this Motion, and associated damages, and any further appropriate remedies.

---

To this end, Compass Marketing owns at least 10% of the shares and options of Tagnetics, Inc." (ECF 017). When they filed the *Flywheel* case, their new joint business Smart Retail had been exposed, so they denied any affiliation in that disclosure statement.

5

Respectfully Submitted,

_____

Michael R. White
39650 Hiawatha Circle
Mechanicsville, MD 20659
301-481-5986
michaelrwhite@comcast.net

David Boshea, Plaintiff,
v.
Compass Marketing, Inc., Defendant.
No. 1:21-cv-00309-ELH

Order

## ORDER ON MOVANT MICHEAL R. WHITE'S MOTION FOR SANCTIONS

After considering Movant Micheal R. White's motion for sanctions and the response, after receiving evidence, and after a hearing, the Court

FINDS that Defendant Compass Marketing, Inc. ("Compass") and their counsel, Stephen B. Stern, Heather K. Yeung, and Kagan, Stern, Marinello & Beard, LLC violated Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 by their conduct in this *Boshea* case against Movant, particularly their unsuccessful motions for sanctions, request for additional deposition time, request to incarcerate Movant, false third-party complaint, false claims to MJDC, and the "fishing expedition" deposition itself in bad faith and for improper motives.

The Court, therefore, GRANTS Movant's motion and ORDERS Defendant Compass Marketing, Inc. ("Compass") and their counsel, Stephen B. Stern, Heather K. Yeung, and Kagan, Stern, Marinello & Beard, LLC, jointly and severally, to pay Movant's attorney fees in the amount: _____ .

The Court further FINDS that under its inherent power, the Court may sanction Stephen B. Stern, Heather K. Yeung, and Kagan, Stern, Marinello & Beard, LLC for the described conduct. The Court therefore ORDERS Stephen B. Stern, Heather K. Yeung, and Kagan, Stern, Marinello & Beard, LLC to pay, jointly and severally, damages to Movant in the amount: _____ .

SIGNED on _____, 2024.

_____
U.S. DISTRICT JUDGE

Respectfully Submitted,

_____
Michael R. White
39650 Hiawatha Circle
Mechanicsville, MD 20659
301-481-5986
michaelrwhite@comcast.net

1

## Certificate of Service

I hereby certify that on this 21st day of May 2024, a copy of this notice letter was sent via first class mail, postage paid to:

Stephen B. Stern Esq
Kagan Stern Marinello & Beard LLC
238 West Street
Annapolis Maryland 21401

Heather K. Yeung Esq
Davis, Agnor, Rapaport & Skalny LLC
11000 Broken Land Parkway, Suite 600
Columbia Md 21044

Gregory J. Jordan Esq
Jordan & Zito LLC
350 North LaSalle Street Suite 1100
Chicago IL 60654

Thomas J. Gagliardo Esq
Gilbert Employment Law PC
1100 Wayne Ave Suite 900
Silver Spring Maryland 20910

Jonathan P. Kagan
Managing Partner
Kagan Stern Marinello & Beard LLC
238 West Street
Annapolis Maryland 21401

*/s/ Michael R White*

Michael R White
39650 Hiawatha Circle
Mechanicsville Md. 20659
michaelrwhite@comcast.net