**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| *Plaintiff*, | * | |
| | | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| **COMPASS MARKETING, INC.** | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO NON-PARTY MICHAEL R. WHITE'S MOTION FOR SANCTIONS

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Opposition[1] to the Motion for Sanctions filed by Non-Party Michael R. White (the "Motion" or "Motion for Sanctions"). As explained in greater detail below, Michael White's Motion for Sanctions should be denied on multiple procedural grounds (and, in fact, multiple procedural defects mandates denial of Michael White's Motion) and because there is absolutely no merit whatsoever to the assertions of wrongdoing (which should be evident on the face of the Motion).

## INTRODUCTION

Michael White seeks sanctions against Compass Marketing and its attorneys (one of whom withdrew from representing Compass Marketing on or about November 18, 2022 (ECF 123)),

---

[1] Compass Marketing notes that Local Rule 105.8(b) does not require a party to respond to any motion filed pursuant to FED. R. CIV. P. 11 or 28 U.S.C. § 1927 unless the Court requests a response. Although this Court has not yet requested that Compass Marketing respond to Michael White's Motion, and it should be abundantly clear from a cursory reading of Michael White's Motion that the Motion is frivolous and intended to annoy and harass Compass Marketing and its counsel so that they spend wasteful time and resources responding to a frivolous motion, Compass Marketing does not want to leave Michael White's baseless and defamatory allegations left unrebutted.

when she resigned from employment with undersigned counsel's firm)[2] related to the filing of the following pleadings: Compass Marketing's Counterclaim and Third-Party Complaint (ECF 38), filed on August 26, 2021; Compass Marketing's Motion for a Civil Contempt Sanction on a Non-Party (ECF 63), filed on October 25, 2021; and Compass Marketing's Motion to Compel Deposition Testimony of Non-Parties Daniel White and Michael White and Extend Number of Deposition Hours for Fact Witnesses (ECF 81), filed January 14, 2022.  None of those filings by Compass Marketing, however, are frivolous or warrant sanctions.

Beyond those three filings, Michael White's Motion largely follows his prior efforts to tarnish Compass Marketing and its counsel with unsubstantiated false accusations.  Indeed, after refusing to pay his counsel for more than two years (on matters obviously beyond this litigation, which is evident from a cursory review of Exhibit 9 to the Motion), Michael White has resorted to his familiar tactic of fabricating stories about and blaming Compass Marketing and its counsel for problems he has created for himself, with him now asking the Court to require Compass Marketing and its counsel to cover the attorneys' fees and costs he has refused to pay.  Michael White's rambling and largely incoherent Motion for Sanctions amounts to nothing more than screed that repeats frivolous and defamatory allegations that he has asserted in multiple forums on multiple occasions without any success.  In each instance where Michael White has asserted his baseless accusations of wrongdoing against Compass Marketing and its counsel, he has been unable to

---

[2] Because Ms. Yeung is no longer employed by undersigned counsel's firm, she has not reentered her appearance in this case to oppose the Motion, but, nevertheless, she has had the opportunity to review this Opposition and concurs with the positions taken herein.

substantiate them and the accusations either have been rejected, withdrawn (by dismissing the entirety of the lawsuit) before the allegations could be ruled on,[3] and/or simply disregarded.[4]

At bottom, Michael White's Motion is itself frivolous and filed in bad faith, and he should be sanctioned for filing the Motion.  The frivolous and bad faith nature of his Motion can be discerned not only from the lack of substance/evidence to support his wild and unfounded accusations, but also from the numerous procedural defects that are fatal to the Motion (and, in fact, multiple procedural defects mandate denial of Michael White's Motion) that range from failure to follow mandatory procedures to timeliness issues, and more.

For these reasons, which are discussed in greater detail below, the Motion for Sanctions should be denied and Michael White should be sanctioned for filing the Motion.

## ARGUMENT

### I.   STANDARDS OF REVIEW APPLICABLE TO MICHAEL WHITE'S MOTION FOR SANCTIONS

Michael White purports to bring his Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the "Court's inherent authority."  *See* ECF 269 (Motion for Sanctions) at 1.  But Michael White's Motion fails to address the standard of review for each basis upon which he purports to file his Motion.   Because Michael White's Motion fails at each of these basic requirements, his Motion should be denied without even reaching the Motion's (lack of) merits.

---

[3] *See, e.g., Daniel White, et al. v. Compass Marketing, Inc.*, Case No. CL19003628-00 (Arlington Cty, Cir. Ct.) (non-suit order dated April 2, 2021).

[4] *See, e.g.*, *Boshea v. Compass Marketing, Inc.*, Case No. 1:21-CV-00309-ELH (D. Md.) (ECF 52) (denying Michael White's Motion to Quash in part).

### A.   **Motions Under Rule 11 of the Federal Rules of Civil Procedure**

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, an attorney or self-represented party presenting any document to the Court must certify that to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:"

(1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(B).   A lawyer violates Rule 11 when, "'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'"   *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002)). Factual allegations "fail to satisfy Rule 11(b)(3) when they are 'unsupported by any information obtained prior to filing.'"   *Morris*, 448 F.3d at 277 (quoting *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)).

Subpart (c) of Rule 11 permits a court to impose sanctions for violations of Rule 11, including "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."   FED. R. CIV. P. 11(c)(4).

4

Pursuant to Rule 11(c)(2), however, a motion for sanctions must be served upon the opposing party, "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c)(2). "In other words, Rule 11's 'safe harbor' provision requires the party seeking sanctions to provide his adversary with notice and an opportunity to withdraw the offensive pleading prior to filing a motion for sanctions with the court." *Crete Carrier Corp. v. Sullivan & Sons, Inc.*, Civil Action No. ELH-21-328, 2022 U.S. Dist. LEXIS 38623, at *11-12 (D. Md. Mar. 4, 2022) (citing *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 388-89 (4th Cir. 2004)). "If this requirement is not satisfied, 'the district court lacks authority to impose the requested sanctions.'" *Id.* (quoting *Brickwood Contractors, Inc.*, 369 F.3d at 389).

Further, "[b]ecause a motion for sanctions demands the Court's immediate attention and consumes limited resources, such a motion is appropriate only in instances of egregious misconduct." *Scott v. Lori*, Civil Action No. ELH-19-2014, 2020 U.S. Dist. LEXIS 31453, at *5 (D. Md. Feb. 24, 2020) (citing FED. R. CIV. P. 11 advisory committee notes (1993)). "Indeed, the filing of a frivolous motion for sanctions is itself sanctionable conduct." *Id.* (citing Local Rule 105.8(a) ("The Court will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions.") (also citing *Sokos v. Hilton Hotels Corp.*, 283 F. Supp. 2d 42, 54-56 (D.D.C. 2003) (imposing sanctions on a party for bringing a frivolous motion for sanctions)). "And, although self-represented litigants are held to less stringent standards than attorneys . . . they are not exempt from Rule 11's strictures." *Id.* at *5 (citing *Hill v. SJV LLC*, 1:16-cv-00193, GLB-TCB, 2017 U.S. Dist. LEXIS 175422, 2017 WL 4476831, at *1 (E.D. Va. July 28, 2017), and

detailing Rule 11's application to pro se filings).  Thus, a *pro se* plaintiff who improperly files motions for sanctions may himself draw the Court's ire.[5]

### B.      The Court's Inherent Authority to Sanction

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U. S. 626, 630-631 (1962)).  That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U. S. 32, 44-45 (1991).  However, "such authority 'ought to be exercised with great caution, in circumstances such as those involving the very temple of justice being defiled.'" *Powers v. Braun*, Civil Action No. ELH-13-01622, 2013 U.S. Dist. LEXIS 151281, at *6 (D. Md. Oct. 21, 2013) (quoting *Sanford v. Commonwealth of Virginia*, 689 F. Supp. 2d 802, 805 (E.D. Va. 2010)).  A court is permitted to impose sanctions pursuant to its inherent authority only "for bad faith conduct." *Md. Restorative Justice Initiative v. Hogan*, Civil Action No. ELH-16-1021, 2021 U.S. Dist. LEXIS 99125, at *16 (D. Md. May 26, 2021) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).  Clearly, there is no bad faith conduct by Compass Marketing or its counsel (but the filing of such an untimely and obviously meritless motion for sanctions by Michael White that failed to comply with mandatory procedures is evidence of bad faith on his part).

### C.      28 U.S.C. § 1927

28 U.S.C. § 1927 provides that an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess

---

[5] In this case, although Michael White is not a lawyer, he is an Orphan's Court Judge in Maryland, and, as a result, Michael White should not receive the benefit of having less stringent standards applied to him.  In fact, because Michael White is a judge, the high standards to which judges are held should apply.

costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Section 1927 addresses a narrower field of conduct than that which may be addressed under the court's inherent authority because § 1927 permits sanctions only for bad-faith conduct that wrongfully multiplies proceedings." *See Six v. Generations Fed. Credit Union*, 891 F.3d 508, 520 (4th Cir. 2018). "An award of costs, expenses, and attorneys' fees pursuant to § 1927 is compensatory in nature-- not punitive." *Id.* "It requires the court to show a causal link between wrongful conduct and an unreasonable and vexatious multiplication of proceedings, then to connect the costs wrongfully incurred as a result of the sanctioned attorney's conduct to the amount awarded to the moving party." *Id.* (citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 n.5 (2017)).  None of the actions taken by Compass Marketing or its counsel come remotely close to the vexatious multiplication of proceedings § 1927 seeks to address, but Michael White's untimely and meritless Motion that failed to comply with mandatory procedures is an example of the vexatious multiplication of proceedings that § 1927 seeks to avoid and sanction.

## II.     THE MOTION FOR SANCTIONS MUST BE DENIED BECAUSE MICHAEL WHITE FAILED TO COMPLY WITH RULE 11'S SAFE HARBOR PROVISION

To the extent that Michael White seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Motion for Sanctions must be denied because he failed to comply with the "safe harbor" provision of Rule 11 and, as a result, this Court lacks the authority to impose sanctions (even if sanctions were warranted, which they are not).

"The requirements of the rule are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion."  *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004).  Further, "[i]t is clear from the language

of the rule that it imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions." *Id.* (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) ("The plain language of [Rule 11] indicates that this notice and opportunity prior to filing is mandatory.  Plaintiffs did not comply with this procedural prerequisite.  Therefore, the sanction and payment of costs and attorneys' fees ordered by the district court cannot be upheld under Rule 11.") (alterations added)).  "Rule 11(c)[] thus establishes conditions precedent to the imposition of sanctions under the rule.  If those conditions are not satisfied, the Rule 11 motion for sanctions may not be filed with the district court.  If a non-compliant motion nonetheless is filed with the court, the district court lacks authority to impose the requested sanctions."  *Brickwood Contractors, Inc.*, 369 F.3d at 389.

Michael White never served the Motion for Sanctions on Compass Marketing or its counsel prior to the filing of the Motion on May 21, 2024, thereby failing to comply with Rule 11(c)(2).  In fact, Michael White does not even purport to have complied with the procedural requirements of filing such a motion.  To the contrary, the certificate of service attached to the Motion for Sanctions indicates that the Motion for Sanctions was mailed to Compass Marketing's counsel on May 21, 2024, the same day that it was filed by Michael White.  "And, '[p]resumably,' if [Michael White] 'had complied with [Rule 11(c)(2)]' [he] 'would have indicated as such.'"  *Crete Carrier Corp. v. Sullivan & Sons, Inc.*, Civil Action No. ELH-21-328, 2022 U.S. Dist. LEXIS 38623, at *12 (D. Md. Mar. 4, 2022) (quoting *Echeverria v. Samuel I. White, P.C.*, 1:18-cv-30 (TSE/TCB), 2019 U.S. Dist. LEXIS 54787, 2019 WL 1375587, at *3 (E.D. Va. Feb. 12, 2019)).

The Rule clearly mandates that a party/attorney that is the subject of the motion must be given the opportunity to withdraw the pleading/paper or otherwise correct the conduct that is potentially sanctionable within twenty-one days after service of the motion and failure even to give

the party that corrective opportunity necessitates denying the motion.  *See Brickwood Contractors*, 369 F.3d at 389.  Here, Michael White clearly failed to comply with the conditions precedent to filing a motion pursuant to Rule 11 and that alone is fatal to his Motion.  As such, the Motion for Sanctions must be denied.

Moreover, if Michael White truly believed any of the three filings he has identified as the basis for his Motion[6] were sanctionable, he should have served his (vexatious) Motion contemporaneously with each of those filings, or at least at some point before the Court ruled on each of those filings so that Compass Marketing and its counsel would have been given the opportunity to evaluate whether they should be withdrawn.[7]  The fact that Michael White waited more than two years to file the Motion for Sanctions after the last of the three identified filings (and nearly three years since the first of the three identified filings) alone demonstrates his bad faith in filing the instant Motion, which alone warrants a sanction against Michael White (which at a minimum should be an order requiring Michael White to pay the attorneys' fees and other costs Compass Marketing incurs having to respond to Michael White's vexatious Motion that was filed in bad faith).

## III.   THE MOTION FOR SANCTIONS MUST BE DENIED BECAUSE IT IS UNTIMELY

Apart from the fact that Michael White failed to comply with Rule 11's "safe harbor" provision, the Motion for Sanctions is untimely.  The trial in this case occurred from February 20,

---

[6] The three filings Michael White contends are sanctionable are:  Compass Marketing's Counterclaim and Third-Party Complaint (ECF 38), filed on August 26, 2021; Compass Marketing's Motion for a Civil Contempt Sanction on a Non-Party (ECF 63), filed on October 25, 2021; and Compass Marketing's Motion to Compel Deposition Testimony of Non-Parties Daniel White and Michael White and Extend Number of Deposition Hours for Fact Witnesses (ECF 81), filed January 14, 2022.

[7] Of course, none of the identified filings even remotely approaches sanctionable conduct and none of them warranted withdrawal.

2024 to February 28, 2024, and judgment was entered on March 8, 2024, administratively closing the case.[8]  As stated *supra*, Michael White requests that this Court impose sanctions based on filings made by Compass Marketing *over two years ago (and in some cases nearly three years ago).*

The time between the filing of Compass Marketing's Counterclaim and Third-Party Complaint (ECF 38) and the filing of the Motion for Sanctions (ECF 269) is 2 years, 8 months, and 25 days.  Similarly, the time between when Compass Marketing filed the Motion for a Civil Contempt Sanction on a Non-Party (ECF 63) and the Motion for Sanctions (ECF 269) is 2 years, 6 months, and 26 days.  And the time between Compass Marketing's Motion to Compel Deposition Testimony of Non-Parties Daniel White and Michael White and Extend Number of Deposition Hours for Fact Witnesses (ECF 81) and the Motion for Sanctions (ECF 269) is 2 years, 4 months, and 7 days.

"It is important that [a Rule 11] motion be 'served promptly after the inappropriate paper is filed, and, if delayed too long, [it] may be viewed as untimely.'"  *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002) (quoting FED. R. CIV. P. 11 Advisory Committee's Note (1993)).  "Moreover, consistent with the [Advisory Committee's Note], the Fourth Circuit has interpreted the 'safe harbor' provisions of Rule 11(c)(2) to *preclude the serving and filing of any Rule 11 motion after conclusion of the case*."  *Sterling v. Ourisman Chevrolet of Bowie, Inc.*, No. PWG-12-3193, 2016 U.S. Dist. LEXIS 18136, at *7 (D. Md. Feb. 12, 2016) (internal quotation omitted and emphasis added).  In this instance, Michael White failed in his obligation to "notify[] his opponent and the court of his intention to pursue sanctions at the earliest possible date."  *In re Kunstler*, 914 F.2d 505, 513 (4th Cir. 1990).  Michael White chose to wait *over two years and until*

---

[8] On April 5, 2024, Compass Marketing filed a Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for New Trial.

*after the trial concluded in this case* to file his (vexatious) Motion for Sanctions (in bad faith). Clearly, the Motion for Sanctions is untimely, which provides additional grounds upon which it must be denied.

The principles underlying sanctions also make the Motion untimely to the extent it is filed pursuant to the Court's "inherent authority" and/or 28 U.S.C. § 1927.  In this regard, "[s]anctions should operate as educational tools, and this 'exemplary function is ill served when sanctions are delayed.'" *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002) (quoting *Prosser v. Prosser*, 186 F.3d 403, 405 (3d Cir. 1999)).  Because the purpose and "exemplary function" behind sanctions cannot be served in this case (even if the Motion was meritorious, which it is not), the Motion should be denied as untimely regardless of which ground Michael White relies on in bringing the Motion.

## IV.    RULE 11 DOES NOT APPLY TO DISCOVERY MOTIONS

Even if Michael White had complied with Rule 11's "safe harbor" provision (which he did not) and the Motion for Sanctions was timely filed (which it was not), Michael White cannot ask this Court to sanction Compass Marketing and its attorneys for their filing of Compass Marketing's Motion to Compel Deposition Testimony of Non-Parties Daniel White and Michael White and Extend Number of Deposition Hours for Fact Witnesses (ECF 81) ("Motion to Compel").  Rule 11 "does not apply to discovery motions under Rules 26 through 37." *Brethren Mut. Ins. Co. v. Sears, Roebuck & Co.*, No. WDQ-12-0753, 2014 U.S. Dist. LEXIS 94547, at *18 (D. Md. July 10, 2014); *see also* FED. R. CIV. P. 11(d) (stating "[t]his rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37").

The Motion to Compel was filed pursuant to Rule 30 of the Federal Rules of Civil Procedure and, thus, it cannot be part of a motion filed pursuant to Rule 11.  Thus, to the extent

that Michael White seeks sanctions pursuant to Rule 11, the Court may not consider Compass Marketing's Motion to Compel.

## V.   OTHER INDICATIONS THAT THE MOTION FOR SANCTIONS IS FRIVOLOUS AND PROCEDURALLY DEFICIENT

Not only did Michael White fail to address each of the three filings he claims are sanctionable at the time they were filed more than two years ago (which is strong evidence that the Motion was filed in bad faith and is intended to harass and annoy Compass Marketing and its counsel), but the timing of his former counsel's request to withdraw from representation further illustrates the frivolity of the Motion for Sanctions.  Although Michael White has not been part of these proceedings in more than two years,[9] his (former) counsel curiously filed a motion to withdraw from representation on May 10, 2024 (ECF 264)[10] (almost three months after the trial in this matter), which was after this case was administratively closed (ECF 254) and while post-trial motions were pending.  Only eleven days after the motion to withdraw was filed, on May 21, 2024, Michael White filed the Motion for Sanctions *pro se*.  *See* ECF 269.  It is abundantly clear that Michael White insisted that his counsel file the instant Motion for Sanctions, but counsel refused (presumably on ethical grounds) and, as a result, he determined he had to withdraw from representing Michael White.  The lack of representation, however, does not make Michael White's Motion for Sanctions any less frivolous or vexatious, and he should be sanctioned as a result.

---

[9] Michael White voluntarily inserted himself into this action by continuing to collaborate with Boshea through the trial (*see, e.g.*, ECF 243 at 6 (Compass Marketing's Trial Exhibit 52)) and he was even on Boshea's trial witness list (*see* ECF 195 at 9), but, prior to filing the Motion for Sanctions, he filed nothing with the Court since approximately January 28, 2022.

[10] The Motion to Withdraw from representation has never actually been granted.  Nevertheless, to be clear, Compass Marketing and undersigned counsel do not attribute any misconduct whatsoever to Michael White's (former) counsel in connection with the filing of the instant Motion.

Additionally, it should be noted that Michael White seeks reimbursement for the attorneys'
fees that he claims he has incurred in this litigation.  "In this regard, it is significant that 'the
purpose of Rule 11 sanctions is to deter rather than to compensate,' and therefore, 'if a monetary
sanction is imposed, it should ordinarily be paid into court as a penalty.'"  *Sterling v. Ourisman
Chevrolet of Bowie, Inc.*, No. PWG-12-3193, 2016 U.S. Dist. LEXIS 18136, at *8 (D. Md. Feb.
12, 2016) (quoting FED. R. CIV. P. 11 Advisory Committee's Note (1993)).  "It is only under
unusual circumstances, particularly for (b)(1) violations, that the sanction not only requires the
person violating the rule to make a monetary payment, but also directs that some or all of this
payment be made to those injured by the violation."  *Id.* (internal quotations omitted).  Thus,
Michael's request for monetary relief is not proper as well.

## VI.   THE MOTION FOR SANCTIONS IS BASELESS

### A.   None of the Three Filings Identified by Michael White in his Motion for Sanctions Are Sanctionable

None of the three filings from this litigation that are identified in the Motion for Sanctions[11]
reflect sanctionable conduct.  The absence of sanctionable conduct is so apparent that Michael
White does even not articulate how or provide any evidence to support his conclusory claim that
Compass Marketing and its counsel engaged in sanctionable conduct with respect to the identified
filings or otherwise.  Indeed, it is not the job of this Court to ferret out potential violations of Rule
11 (or other bases for sanctions) from hints or inferences of misconduct.  *Cf. United States v.
Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in
briefs."); *see also Brethren Mut. Ins. Co. v. Sears, Roebuck & Co.*, No. WDQ-12-0753, 2014 U.S.
Dist. LEXIS 94547, at *18 n.21 (D. Md. July 10, 2014).  Notwithstanding this void in Michael

---

[11] *See* ftnt. 6, *supra*.  The Motion for Sanctions also refers to numerous other filings in other litigated matters, none of
which are before this Court.

White's baseless Motion, Compass Marketing briefly illustrates below how each of the identified filings do not reflect sanctionable conduct.

The earliest of the filings from this litigation that is identified in the Motion for Sanctions is the Counterclaim and Third-Party Complaint (ECF 38), but Michael White does not identify any misconduct associated with this filing or how/why it is sanctionable. Michael White appears to contend that Compass Marketing's ultimate decision to dismiss the Third-Party Complaint when it determined after discovery that it could not prove the allegations it asserted somehow amounts to sanctionable conduct. *See* Mot. at 3. How such a decision is sanctionable is beyond comprehension, especially where the Third-Party Complaint did not expressly identify Michael White as one of the bad actors, but only named John Doe defendants. *See* ECF 38. The conduct on which Michael White seemingly focuses is not only not sanctionable, it exemplifies ethical conduct once a lawyer determines claims that have been filed cannot be proven. *See* MD. RULE 19-301.1.[12]

Moreover, Michael White does not articulate how the Third-Party Complaint allegedly implicated him improperly. If anything, Michael White appears to have made a rather stunning admission that tacitly implicated himself as one of the John Doe defendants. In this regard, Michael White described the Third-Party Complaint as "a thinly veiled" "attempt[] to drag [Michael White] further into this litigation." *See* Mot. at 3. In making this assertion, Michael White seems to acknowledge that he should have been one of the named defendants in the Third-Party Complaint. Additionally, he clearly connected the instant lawsuit filed by Boshea to the lawsuit filed against him and others by referring to the other lawsuit (what he refers to as the

---

[12] When an issue raised involves the Rules of Professional Conduct, the United States District Court for the District of Maryland applies those Rules as adopted by the Supreme Court of Maryland. *See* Local Rule 704.

Flywheel lawsuit) as a "companion . . . lawsuit."  *See* Mot. at 3.[13]  This alone (and further) illustrates that the Third-Party Complaint is not sanctionable.

While Michael White implies that the Third-Party Complaint somehow "further" involved him in this litigation, he does not identify how that is so.  Rather, he was involved in this litigation because Boshea identified him as a fact witness in this case (and, as was later discovered but which did not require Michael White to make any filings with the Court or appear at any deposition or court proceeding, because he was collaborating with Boshea to bring his lawsuit against the company Michael White partly owns).  Despite Michael White's protests to the contrary, this Court specifically found that Michael White was relevant to this litigation – based on Boshea's allegations, including in Boshea's answers to interrogatories – and, thus, ordered Michael White to be deposed and produce documents responsive to the subpoena that was served on him.  *See* ECF 52.  This alone demonstrates unequivocally that the Motion for Civil Contempt (ECF 63) does not reflect sanctionable conduct.

Lastly, Michael White cites the Motion to Compel (ECF 81) as grounds to sanction Compass Marketing and its counsel.  *See* Mot. at 2-3.  The Motion to Compel was filed because, among other things, Daniel and Michael White were evasive in their depositions and did not answer numerous questions in an effort to "run out the clock" at their depositions.  *See* ECF 81 at 7 (noting, by way of example, that Michael White responded "I do not know" or with some

---

[13] That "companion . . . lawsuit" was not dismissed for being "inherently incredible" as alleged by Michael White. *See* Mot. at 3.  Rather, the two federal causes of action were dismissed on statute of limitations grounds and the Court specifically instructed Compass Marketing to file the related tort claims in Maryland Circuit Court.  *See Compass Mktg. v. Flywheel Digit., LLC*, Civil Action No. GLR-22-379, 2023 WL 2213687, 2023 U.S. Dist. LEXIS 31392, at *31 (D. Md. Feb. 24, 2023).  Additionally, the fact that Michael White referred to the Flywheel lawsuit as a "companion . . . lawsuit" further illustrates why it was error for the Court to prohibit Compass Marketing from questioning Boshea at trial about Michael White's (and Daniel White's) efforts to assist Boshea with his litigation against the company, as that other lawsuit is in large part about Michael White's (and Daniel White's) efforts to conspire among themselves and with others to destroy Compass Marketing, including by filing or assisting others with filing baseless lawsuits against the company.

variation of that response to more than 75 questions).[14]   In the Motion to Compel, Compass Marketing argued that it should be permitted to depose Michael White a second time in order, for example, to ask questions regarding his purported ownership interest in Compass Marketing and understand why he was providing substantial assistance to David Boshea in the litigation Boshea was pursuing against the company Michael White claimed to own.  *See* ECF 81 at 9-10.  Compass Marketing further requested, by way of example, that it be permitted (and Michael White be compelled to answer) questions regarding other alleged severance schemes that he had been involved in with other former Compass Marketing employees.  *See* ECF 81 at 10-12.

The Court's Order (ECF 92) in denying the Motion to Compel, however, did not find or even suggest that Compass Marketing or its counsel engaged in sanctionable conduct.  Rather, the Court denied the Motion to Compel based on Compass Marketing's failure to confer with counsel prior to filing the Motion to Compel.  *See* ECF 92.  Furthermore, the Court even acknowledged that Michael White's responses were potentially evasive.  *See id.* at 1 (acknowledging that "there is a dispute over [Michael White's] responses and his counsel's objections").  The Court, however, took a narrow view of what was relevant based on Michael White's status as a third-party witness and, even then, the Court was not unequivocal in its finding about additional discovery from Michael being out of bounds.  *See id.* (finding only that "the matters sought in the previous deposition *appear* to go outside of what was permitted in my previous Order" and that it "*appears* from the exhibits to be a fishing expedition") (emphasis added).  Even though the Court did not agree with Compass Marketing's position that it should be permitted to depose Michael White a

---

[14] Notably, Michael White was later found by the Maryland Judicial Disabilities Commission to have failed to answer numerous questions of him in an honest and forthright manner.  *See* Exhibit 1 ("Judge White lacked candor and credibility by not answering truthfully and honestly under oath during a deposition, particularly when it came to recognizing his signature.  Throughout Judge White's deposition, he was asked on numerous occasions to verify his signature made on various documents, to which the judge responded "I don't know.").

second time due to his evasive responses to questions, the Court's disagreement with Compass Marketing's position does not mean that Compass Marketing engaged in sanctionable conduct. As the Fourth Circuit has recognized "maintaining a legal position to a court is only sanctionable when, in 'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Givens v. O'Quinn (In re Johnson)*, 186 F. App'x 390, 394 (4th Cir. 2006) (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002)).  Compass Marketing maintains that its reasons for requesting that Michael White be deposed a second time were legally justified.  Indeed, if Compass Marketing's or its counsel's conduct in connection with its Motion to Compel were so far out of bounds to warrant condemnation from the Court, it could have done so at the time, but it did not because there was nothing sanctionable about Compass Marketing's or its counsel's conduct or request.

For these (additional) reasons, the Motion for Sanctions is meritless and should be denied.

### B.  Other Allegations of Misconduct in the Motion Are Baseless

The remainder of Michael White's frivolous Motion concerns matters that are the subject of other litigation that Michael White seemingly wants to try before this Court without having filed a claim in this action.  In this regard, he refers to the Flywheel litigation,[15] a company called Tagnetics, a company called Smart Retail, a complaint he allegedly filed with the United States Securities and Exchange Commission, undersigned counsel's engagement letter(s) to other entities owned by John White, undersigned counsel's invoices to Compass Marketing, and more. *See generally* Motion.  Not only does Michael White fail to proffer any evidence of wrongdoing

---

[15] *See Compass Marketing, Inc. v. Flywheel Digital, LLC, et al.*, Case No. 1:22-cv-00379-GLR (D. Md.), appeal docketed, No. 23-1324 (4th Cir. Mar. 24, 2023); *see also Compass Marketing, Inc. v. Daniel White, et al.*, Case No.: C-02-CV-23-000601 (Cir. Ct. Anne Arundel Co., Md.)

related to any of these other matters, none of these matters are relevant or properly before the Court for consideration in this case.  Yet, as a practical matter, Michael White is asking this Court to have an evidentiary hearing on each of these other matters.  For these reasons, Compass Marketing and undersigned counsel are not going to dignify any of these other allegations with a substantive response, other than to clearly and unequivocally deny any wrongdoing whatsoever (and to note that many of these allegations of wrongdoing have previously either been rejected, voluntarily dismissed by Michael White, and/or disregarded by this Court.  *See supra* at 3.

### C.      Michael White's Motion Raises Significant Concerns That He Has Put Before The Court That The Court Should Address

Michael White attached to the Motion for Sanctions a number of exhibits that have no bearing on this case whatsoever, but a number of attachments to his Motion raise serious concerns about a judge trying to weaponize privileged communications.  In this regard, there is no indication whatsoever that Michael White was a sender or recipient, let alone an authorized sender or recipient of Exhibit 1 (which includes conflict disclosure letters from undersigned counsel, as well as an engagement letter from undersigned counsel regarding another entity), Exhibit 6 (an invoice to Compass Marketing regarding work performed by undersigned counsel defending Compass Marketing in litigation brought by Michael White seeking to dissolve Compass Marketing), Exhibit 7 (emails to/from other counsel representing Compass Marketing regarding potential claims against Michael White and others), and Exhibit 8 (an email string from other counsel representing Compass Marketing regarding potential claims against Michael White and others).  Indeed, Exhibits 1, 6, 7, and 8 to Michael White's Motion all involve privileged communications between Compass Marketing and its counsel or other entities and their counsel or potential counsel.  Additionally, each of these documents is dated after Michael White was terminated from

employment by Compass Marketing and some of the communications appear to concern Michael White.

Michael White should be made to answer under oath before this Court how he came to obtain these privileged communications and why a judge would try to weaponize and use as evidence privileged communications that he knows he cannot possess or use.  Michael White could be found liable under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq.*, which "prohibits any person from intentionally intercepting any wire, oral or electronic communication."  *See Sharma v. Howard Cty.*, No. 12-cv-2269-JKB, 2013 U.S. Dist. LEXIS 18890, at *19 (D. Md. Feb. 12, 2013) (citing  18 U.S.C. § 2511(1)(a)).  In *Sharma v. Howard County*, this Court found that the plaintiff had adequately stated a claim for which relief can be granted under the ECPA when the plaintiff alleged that the defendants "'hacked into [his] personal computer located in his home' and reviewed personal email communication between [p]laintiff and his attorney."  *See id.* at *19 (internal citation omitted).[16]  Further, Michael White is forbidden from using these privileged communications in support of his Motion for Sanctions under the ECPA, which states in relevant part:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter

*See* 18 U.S.C. § 2515.

---

[16] Michael White also may be found liable under the Maryland Wiretap Act, MD. CODE ANN., CTS. & JUD. PROC. §§ 10-401, *et seq.*, and the Maryland Stored Communications Act, MD. CODE ANN., CTS. & JUD. PROC. §§ 10-4A-01 *et seq.*

Moreover, it undermines confidence in the judiciary if a judge like Michael White does not comply with basic norms and requirements that are designed to protect the sanctity of our legal system, such as the preservation and protection of the attorney-client privilege and the prohibition on the use of certain materials in proceedings when such use is precluded by statute. The fact that Michael White – a sitting Orphan's Court Judge – even possesses privileged communications about claims or potential claims against him or other privileged communications and he in turn has made them public in an effort (albeit unsuccessfully) to weaponize those privileged communications in litigation alone warrants sanctions against Michael White now that he has placed these privileged communications at issue before this Court.

## CONCLUSION

For the foregoing reasons, the Motion for Sanctions should be denied, Michael White should be made to answer under oath at a hearing before this Court about his possession of communications identified as being privileged, and he should be sanctioned for filing a frivolous sanctions motion and disregarding the sanctity of the attorney-client privilege.

Dated: June 27, 2024

Respectfully submitted,

*/s/Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax): (410) 705-0836
Email: stern@kaganstern.com
Email: hayden@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

20

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 27th day of June, 2024, the foregoing Opposition to Michael R. White's Motion for Sanctions was served via the CM/ECF system on the following counsel of record:

Thomas J. Gagliardo                     Gregory J. Jordan
Gilbert Employment Law, PC              Mark Zito
1100 Wayne Avenue, Suite 900           Jordan & Zito, LLC
Silver Spring, Maryland 20910          350 N. LaSalle Drive, Suite 1100
Email:  tgagliardo@gelawyer.com        Chicago, Illinois 60654
                                        Email:  gjordan@jz-llc.com

*Attorneys for Plaintiff*
*David Boshea*


And by first-class mail, postage prepaid, on the following:

Michael R. White
39650 Hiawatha Circle
Mechanicsville, Maryland 20659


                                        */s/ Stephen B. Stern*
                                        Stephen B. Stern