# EXHIBIT 1

**STATE OF MARYLAND**

**BEFORE THE COMMISSION ON JUDICIAL DISABILITIES**

| | |
|---|---|
| IN THE MATTER OF: | * |
| THE HONORABLE MICHAEL R. WHITE * | Case No. CJD 2022-023 |
| Judge of the Orphans' Court of | * |
| Maryland for St. Mary's County | |
| | * |

## **REPRIMAND**

Pursuant to Maryland Rule 18-427(b)(5), the Maryland Commission on Judicial Disabilities ("Commission") held a proceeding on June 26, 2023 to determine if the disposition of a Reprimand should be issued to Judge Michael R. White (" Judge White"). Tanya C. Bernstein, Esq., Investigative Counsel, and Derek A. Bayne, Esq., Deputy Assistant Investigative Counsel, prosecuted this matter against Judge White. Judge White was present and proceeded without counsel. At all times relevant to this case, Judge White was, and is, a judge of the Orphans' Court for St. Mary's County.

The following Commission Members participated in the proceeding: Honorable Michael W. Reed, Chair; Chaz R. Ball, Esq; Tara A. Barnes, Esq.; Kimberly A. Howell; Honorable Lisa Hall Johnson; Sophia D. Jones; Andrea M. Rhodes; Sally McLane Young Ridgely; and Marisa A. Trasatti, Esq. The nine (9) Commission Members present at the proceeding constituted a quorum, pursuant to Md. Rule 18-411(f)(1).

The Commission specifically finds that the proceeding was conducted according to the rules, statutes, and procedures required by law.

1

The underlying facts considered by the Commission were:

1. Judge White lacked candor and credibility by not answering truthfully and honestly under oath during a deposition, particularly when it came to recognizing his signature. Throughout Judge White's deposition, he was asked on numerous occasions to verify his signature made on various documents, to which the judge responded, "I don't know".

2. Judge White was reticent and lacked cooperation with disciplinary authorities which unnecessarily prolonged and extended the investigation conducted by Investigative Counsel.

3. Judge White filed Financial Disclosure Statements containing inaccuracies.

Upon private deliberations immediately following the proceeding, the Commission considered all of the exhibits provided, and the proffers from Judge White and Investigative Counsel. The Commission unanimously concluded that Judge White committed sanctionable conduct that justified some form of discipline, specifically finding the conduct cited in underlying facts two (2) and (3), referenced above, constituted sanctionable conduct. The Commission further concluded that the sanctionable conduct was not so serious, offensive, or repetitious as to justify the filing of charges and that a reprimand is an appropriate disposition under the circumstances. The Commission found that Investigative Counsel did not establish by clear and convincing evidence that Judge White's conduct in the deposition, underlying fact one (1), was sanctionable.

The Commission hereby issues a Reprimand, pursuant to Md. Rule 18-435(c), to Judge Michael R. White.

**CONCLUSION**

1. The Commission finds by clear and convincing evidence Judge White's conduct constitutes sanctionable conduct as defined in Md. Rule 18-402(m), finding Judge White

2

violated the Maryland Code of Judicial Conduct, specifically Md. Rules 18-101.1 (Compliance with the Law), 18-101.2(a) (Promoting Confidence in the Judiciary), 18-102.16 (Cooperation with Disciplinary Authorities), and 18-103.15 (Reporting Requirements).

2. After due consideration, the Commission, pursuant to Md. Rule 18-435(c), concludes that a Reprimand is the appropriate disposition under the circumstances.

3. The Commission believes that this sanction is commensurate with the gravity of Judge White's conduct and will sufficiently impress upon Judge White the fundamental requirements of the Maryland Code of Judicial Conduct.

**IT IS SO FOUND** by the Maryland Commission on Judicial Disabilities.

*Judge Michael Reed*  JUNE 30, 2023

The Honorable Michael W. Reed, Chair   Date

3