**David Boshea, Plaintiff,**

v.

**Compass Marketing, Inc., Defendant.**
No. 1:21-cv-00309-ELH

---

**Reply to Compass Marketing's Opposition to Sanctions**

---

    Michael R. White ("Movant"), moved this Court, under Fed. R. Civ. P. 11, 28 U.S.C. §1927, and the Court's inherent authority, for entry of an Order imposing sanctions against Defendant Compass Marketing, Inc. ("Compass") and their counsel, Stephen B. Stern, Heather K. Yeung, and Kagan, Stern, Marinello & Beard, LLC, jointly and severally, in the form of an award of reasonable attorneys' fees, costs, and damages to Movant. **(ECF 269)**. On June 27, 2024, Compass filed an Opposition to the Motion for Sanctions **(ECF 272)** and this Reply addresses that Opposition by Compass. Stephen B. Stern, Heather K. Yeung, and Kagan, Stern, Marinello & Beard, LLC have declined to file any opposition.

## INTRODUCTION

    Two seemingly unrelated events in late 2018 intersected in the corrupt activities against Movant by John White ("John"), Stephen Stern, his law firm, and several others in this *Boshea* case for which Movant seeks sanctions. First, Movant told John and his "business partners" in the Tagnetics Ponzi scheme (including Mr. Stern) that they could not continue to use Movant's company, Compass Marketing, as a subterfuge for their fraudulent sales of Tagnetics securities. When they would not cease using Compass as cover, Movant reported their fraudulent business activities to the United States Securities and Exchange Commission and provided supporting materials to the Commission pursuant to a subpoena. Second, it was publicly reported in numerous business journals that the hard work, tenacity, and good fortune of Chip Dipaula and Patrick Miller, two former Compass employees, had resulted in an agreement to sell their business (Flywheel) to Ascential. However, the reports indicated that the sale required approval by Ascential shareholders, and the final price was an estimated range based upon future earnings instead of a fixed number – making Chip and Patrick perfect targets (in John and his partners' minds) for a shakedown.

    In response to these two events, John, Mr. Stern, and their partners began a campaign to discredit and penalize Movant and his family which continues to this day and includes their dishonest activities in the *Boshea* case (Corrupt Motive 1). At the same time, they also began devising a plan to threaten Chip/Flywheel through a Blackmail Scam "RICO" case (herein "BSRICO case") (Corrupt Motive 2)[1]. Every single action taken by John and Mr. Stern since 2018, including their actions in this *Boshea* case for which Movant seeks sanctions, has been in

---

[1] On July 3, 2024, the Court of Appeals for the Fourth Circuit affirmed the Opinion of the District Court of Maryland (1:22-cv-00379-GLR at ECF 064) and dispatched the BSRICO case in a 3-page unpublished per curium opinion. See USCA4 No. 23-1324.

1

pursuit of these two devious goals – destroying/discrediting Movant (Corrupt Motive 1) and blackmailing Chip/Flywheel (Corrupt Motive 2)[2].

Compass (John) and counsel filed their outrageous motion for sanctions against Movant (ECF 063), unwarranted additional deposition hours (ECF 081), and ridiculous third-party complaint (ECF 038) in bad faith and for the improper purpose of embarrassing Movant, imposing undue burden and expense, discouraging Movant from participating in this instant matter, and in retribution against Movant for reporting Compass and their attorneys to law enforcement concerning an on-going securities fraud. *Rule 11* and § 1927 sanctions are proper under the circumstances, as is an action under the Court's inherent authority to address such conduct and discourage the same in the future.

RESPONSE

On May 1, 2019, as part of Corrupt Motive 1, John and Mr. Stern illicitly blocked access to Compass offices and bank accounts, hired dangerous armed "bodyguards", and used Compass funds, employees, and reputation to transform the Tagnetics electronic shelf label scam into their new "Smart Retail" one-penny RFID shelf label scam. **(ECF 269-1, 269-2, 033, 036, 042 and 044)**. David Boshea spent the last five years of his career at Compass peddling a Tagnetics "prototype" shelf label to Walgreens until he was terminated when John and Mr. Stern, with the assistance of Mr. Stern's law partner Ryan Beard, shifted the Tagnetics shell game to their secret new Wyoming creation "Smart Retail, Inc." – using Compass' bank accounts, employees, and address. **(ECF 269-1, 269-2)**. When Boshea filed this instant lawsuit against Compass for his unpaid severance, John and Mr. Stern saw another opportunity to pursue their real goals – discrediting and destroying Movant (Corrupt Motive 1) and blackmailing Chip/Flywheel (Corrupt Motive 2).

John White is not the legitimate CEO of Compass Marketing, and he is not the majority owner or the sole director. **(ECF 033, 036, 042 and 044)**. Mr. Stern is a business partner with John in Smart Retail, and neither one properly represents Compass. Movant was not "terminated" from Compass - John and Mr. Stern changed the locks, hired "bodyguards" and pretended like they had terminated Movant.

John and Mr. Stern sometimes pretend that John is the "CEO", the "Executive Chairman" or the sole director, but he is not. Some of the officer/director musical chairs at Compass just during the pendency of this *Boshea* case: On July 10, 2020, John and Mr. Stern registered Compass with the Virginia State Corporation Commission falsely naming John as "Chief Executive Officer" and pretending that Jerry Cain (Tagnetics/Smart Retail investor) was the "President" and a "Director", while others were named as illegitimate "Chief Administrative Officer" and "Chief Strategy Officer". Luis Fernadez (Tagnetics/Smart Retail investor) was falsely reported as the "SVP and Corporate Controller". See Exhibit 1. Fernandez also pretends to be the "Chief Financial Officer" of Tagnetics and Smart Retail, of course, illegitimately "loaning" Compass money to Tagnetics and Smart Retail. By December 15, 2020, Cain was out

---

[2] John and Mr. Stern also subpoenaed Mr. DiPaula for deposition (Corrupt Motive 2), but that process was rightfully quashed by the Court.

as a "Director" but still the fake "President" of Compass (and Tagnetics) and there was a newly minted "Chief Strategy Officer" (Tagnetics/Smart Retail investor) and "Chief Technology Officer" (Tagnetics/Smart Retail investor). See Exhibit 1. Immediately after filing the BSRICO Complaint, on March 7, 2022, John was simply listed on a new SCC registration as "OWNER" and P. Todd Mitchell (Tagnetics/Smart Retail investor) was (falsely) listed as the new "Chief Executive Officer". The "Chief Technology Officer" had morphed into the "Chief Innovation Officer". See Exhibit 1. A few months later, on December 27, 2022, P. Todd Mitchell (Tagnetics/Smart Retail investor) was still pretending to be the Chief Executive Officer, but John had transformed himself into the "Chairman" and Luis Fernandez (Tagnetics/Smart Retail investor) had promoted himself to the "Chief Financial Officer" – the title he used when applying for phony COVID-19 loans. See Exhibit 1. By March 13, 2023, P. Todd Mitchell was out as "Chief Executive Officer", and John was now the "Executive Chairman and CEO". The phony "Chief Strategy Officer" was also out. See Exhibit 1. All these officers and directors running around, and yet somehow none have managed to make a single report to shareholders in over five years – much less hold a single shareholder meeting.

The Opposition filed by Compass is an incoherent string of personal attacks, but this is an attempt to address them generally in the order they appear:

> Ms. Yueng. While she resigned from Mr. Stern's firm, Ms. Yueng was a signatory to the outrageous Motion for Sanctions against Movant **(ECF 063)** requesting Movant's incarceration and the nonsense Counter-Claim they knew was false when they filed it with the Court **(ECF 038)**. Ms. Yueng was also an active participant in the defamatory reports to the Circuit Court for Anne Arundel advising them that Movant was so dangerous a deponent that they needed to use the courthouse metal detectors for their safety (Corrupt Motive 1). See Exhibit 2.
>
> Movant Refusing to Pay Counsel. False. As the invoices indicate, the amounts in the invoices have been paid. Besides being false this allegation would be irrelevant, except that it is yet another opportunity for Mr. Stern to discredit Movant in retaliation for reporting his Tagnetics/Smart Retail scam. Ironically, while paying his own attorneys, Movant has also paid the enormous legal bills of Mr. Stern, Ms. Yueng, and their dozens co-counselors through funds that they pilfered with John from the Compass accounts. Not only have they used Movant's funds at Compass for Compass "legal work", they have also laundered payments through their client trust accounts for the "legal services" to Tagnetics, Smart Retail, and their COVID-19 racket "Safe-Annapolis".
>
> Complaint for Dissolution of Compass. Again, this allegation is false. There is an active Complaint for the Dissolution of Compass in the Circuit Court for Arlington, Virginia. Movant is not seeking to "destroy" Compass but rather to be divorced from the criminal conduct of John, Mr. Stern and their business partners. See Exhibit 3.
>
> Request for Movant to pay Mr. Stern's costs for this Motion. Movant has already paid all of the enormous illegitimate costs for Mr. Stern's firm – with Movant's funds held at Compass that John and Mr. Stern pilfered from the Compass accounts. Compass has also paid Mr. Stern's firm (and other law firms) for their illegitimate work on Tagnetics,

3

Smart Retail, Safe-Annapolis, and everything else with Compass funds (i.e. Movant's funds) - and with several fraudulent COVID-19 loans they took without shareholder approval or notice. A quick search of the public records of the numerous judgments against Compass (and John) would indicate that they have moved any remaining Compass funds to Smart Retail bank accounts.

Safe Harbor Notice. Movant notified Compass, Mr. Stern, Ms. Yueng, their law firm, and the Court of the corrupt motives behind these subpoenas and nonsense counterclaims as soon as they were filed. Movant also documented that John and Mr. Stern were not proper or legitimate representatives of Compass in this matter. **(ECF 033, 036, 042, and 044).** Movant identified these improper strategies and motives for the actions of Compass and their counsel, repeatedly attempted to discourage Compass and their counsel from pursuing them, and requested the Court intervene at the outset of this litigation. **(ECF 033, 036, 042 and 044).** Moreover, there is nothing left in the *Boshea* case for Compass or the attorneys to withdraw – their damage has been done.

Movant's Request for Sanctions is Untimely. John, Mr. Stern, and his law firm began using the *Boshea* case as part of their corrupt attempts to destroy/discredit Movant (Corrupt Motive 1) at the outset of the litigation, but they have never ceased doing so, and so this Request is timely. For example, in their Amended Pretrial Order, John and Mr. Stern wrote: *"Ultimately, Compass Marketing plans to show that the claim brought by David Boshea is part of a severance scheme being perpetrated by Daniel White, George White, and Michael White in collaboration with David Boshea in an attempt to defraud the company of funds and as part of the White's effort to dissolve and destroy the company."* (ECF 195 p. 7 – filed 10/18/2023). Further, they left the fraudulent counterclaim pending until the last minute when they finally had to admit that it was a complete fabrication: *"COMPASS MARKETING, INC.'S STATEMENT CONCERNING THE NEED TO ABANDON ANY OF ITS PLEADINGS 1. Based on Defendant's inability to obtain certain evidence in discovery, Defendant reluctantly is withdrawing its counterclaim and third-party complaint."* (ECF 195 p. 8 – filed 10/18/2023).

Movant's Failure to Identify His Signature. Interestingly, Mr. Stern attaches a copy of the Maryland Commission on Judicial Disabilities ("MCJD") Report dated June 30, 2023, as some evidence that Movant lacked candor in his deposition in this *Boshea* case. **(ECF 272-1).** However, the report indicates the opposite - the Commission found that the evidence did *not* support Mr. Stern's corrupt allegations of lack of candor during movant's *Boshea* deposition. During the public hearing, the Commission heard and received evidence that John and Mr. Stern regularly used fabricated documents, forged signatures, and other fraudulent means in pursuit of their attempts to destroy and discredit Movant, including faking an attempted kidnapping of John and reporting it to the police – and Mr. Stern's favorite tabloid. See Exhibit 4

At Movant's *Boshea* deposition, the Compass representatives were Mr. Stern, Ms. Yueng, and their "bodyguard" Ron Bateman (who helped with the false kidnapping report). As United States Magistrate Judge A. David Copperthite determined after review of Movant's deposition transcript: **"Michael is a third-party dragged into this litigation**

*as part of what appears to be a fishing expedition"* and *"[b]ased on the deposition transcript (ECF No. 74-02), I agree that the matters sought in the previous deposition appear to go outside of what was permitted in my previous Order ...".* **(ECF 092).** Magistrate Judge A. David Copperthite reviewed the attempt by Mr. Stern, Ms. Yueng, and Mr. Bateman to present documents over a Zoom screen for a few seconds and have Movant "authenticate" them. Not only did the purported documents have nothing to do with the *Boshea* matter, but they also had nothing to do with Compass Marketing. Based upon John and Mr. Stern's history of using fabricated and forged documents, the Commission determined it was reasonable to decline to authenticate anything flashed over a Zoom screen by them.

Before the ink was dry on Movant's deposition transcripts, John and Mr. Stern and Ms. Yueng had sent them to their favorite tabloid and the Maryland Judicial Disabilities Commission, exposing their true corrupt motive – destroy and discredit Movant for having exposed their Ponzi scheme.

Tagnetics is "Unrelated" to Compass Marketing. First, Mr. Stern's and Ms. Yueng's fraudulent gibberish in their Disclosure Of Corporate Affiliations filing in the Boshea case **(ECF 017)** contradicts this argument. *"2. Tagnetics, Inc., is an affiliate of Compass Marketing, Inc., under the laws of certain states. To this end, Compass Marketing owns at least 10% of the shares and options of Tagnetics, Inc."* **(ECF 017)**. When it is convenient for laundering Tagnetics investor payoffs and legal invoices through their trust account, Tagnetics is an affiliate of Compass under the laws of certain states (whatever that means), but when exposed as a Ponzi scheme and corrupt motive for sanctionable conduct in this case, they claim it is a completely unrelated entity.

Sanctions Should Be Paid to the Court. On this claim, Compass may have a point. In addition to the sanctions due to Movant, the Court should consider sanctions due to the Court for John and Mr. Stern spending all of these months and years pretending they were legitimate representatives of Compass Marketing while they made zero attempt to resolve the matter with Mr. Boshea and instead pursued only their personal corrupt goals - and made Compass practically judgment-proof by moving all of Compass funds into Smart Retail, "Safe Annapolis", and personal bank accounts. **(See ECF 033, 036, 042 and 044 and Exhibit 3).**

Rule 11 Sanctions Not Applicable to Discovery. In *Westmoreland v. CBS, Inc.,* 770 F.2d 1168 (D.C. Cir., 1985) the Court allowed a non-party deponent, like Movant, to bring a *Rule 11* motion against an attorney, like Mr. Stern and Ms. Yueng, who improperly attempted to have the court find the deponent in contempt. Helms, like Movant, successfully defended against the motion that he be held in contempt, and he sought *Rule 11* sanctions against CBS. The District Judge denied the motion and Helms appealed. *Westmoreland,* 770 F.2d at 1171-72. The Court of Appeals held that it was error for the District Court to have denied Helms' *Rule 11* motion. *Id.* at 1173. In so doing, it is clear that the Court implicitly found that Helms, a non-party, had standing to prosecute the *Rule 11* motion.

5

USDC- GREENBELT MD
'24 JUL 11 PM 4:06

<u>Frivolous</u>. Movant will, of course, respect whatever decision the Court ultimately makes in terms of granting a hearing or ordering sanctions for Compass' outrageous conduct. However, it certainly is not frivolous to Movant to have to spend nearly $50,000 as a non-party to defend against corrupt actions by Compass (John) and their attorneys.

At the outset of this litigation, Compass and their counsel filed a Motion for Civil Contempt Sanctions on a Nonparty (ECF 063), improperly seeking to have the Court hold Movant in contempt, sought punitive damages payable to Compass and counsel, and literally asked this Court to incarcerate Movant. After a full day deposing Movant, Compass and their counsel filed a Motion to Compel and Extend the Number of Deposition Hours of Nonparties against Movant. (ECF 081). Based upon review of Movant's deposition transcripts and exhibits in this case, United States Magistrate Judge A. David Copperthite determined that ***"Michael is a third-party dragged into this litigation as part of what appears to be a fishing expedition"*** and ***"[b]ased on the deposition transcript (ECF No. 74-02), I agree that the matters sought in the previous deposition appear to go outside of what was permitted in my previous Order …"***. (ECF 092). These corrupt actions by John and his counsel were retribution for Movant's exposing illegal conduct by Compass and their counsel and preparation for a blackmail scheme against Chip DiPaula and Flywheel. <u>*Rule 11*</u> and § 1927 sanctions are proper under the circumstances, as is the exercise of the Court's inherent authority.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests this Court enter an Order sanctioning both Plaintiff and his counsel and awarding Movant attorneys' fees and costs incurred in connection with this action, and in bringing this Motion, and associated damages, and any further appropriate remedies.

Respectfully Submitted,

*/s/ Michael R. White*

Michael R. White
39650 Hiawatha Circle
Mechanicsville, MD 20659
301-481-5986
michaelrwhite@comcast.net

## Certificate of Service

I hereby certify that on this 11th day of July 2024, a copy of this notice letter was sent via first class mail, postage paid to:

Stephen B. Stern Esq
Kagan Stern Marinello & Beard LLC
238 West Street
Annapolis Maryland 21401

Heather K. Yeung Esq
Davis, Agnor, Rapaport & Skalny LLC
11000 Broken Land Parkway, Suite 600
Columbia Md 21044

Gregory J. Jordan Esq
Jordan & Zito LLC
350 North LaSalle Street Suite 1100
Chicago IL 60654

Thomas J. Gagliardo Esq
Gilbert Employment Law PC
8403 Colesville Rd STE 1000
Silver Spring Maryland 20910-6378

Jonathan P. Kagan
Managing Partner
Kagan Stern Marinello & Beard LLC
238 West Street
Annapolis Maryland 21401

*[signature]*

Michael R White
39650 Hiawatha Circle
Mechanicsville Md. 20659
michaelrwhite@comcast.net