IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID JOHN BOSHEA,** | |
| **Plaintiff,** | |
| v. | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.,** | |
| **Defendant,** | |

## THIRD AMENDED COMPLAINT

David John Boshea ("Boshea"), for his Third Amended Complaint against Compass Marketing, Inc. ("the Defendant"), states as follows:

### JURISDICTION AND VENUE

1. Boshea is an Illinois resident.

2. The Defendant is a Virginia corporation headquartered in the state of Maryland.

3. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. §1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and because the dispute is between citizens of different states.

4. Venue is proper in Maryland under 28 U.S.C. §1391 as to the Defendant because it is subject to personal jurisdiction in Maryland. Venue is proper in this judicial district as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

5. This Court has personal jurisdiction over the Defendant in this diversity action because a Maryland state court would have such jurisdiction under Maryland law, which is made applicable to a Maryland federal district court sitting in a diversity case under Federal Rule 4(k)(1)(A).

## FACTS

6. John White, as the Defendant's Chairman/CEO, ("White") solicited Boshea to join the Defendant as a senior sales executive.

7. The solicitation included White visiting Boshea in Illinois and sending writings, including a May 16, 2007 letter White delivered by email to Boshea, which set forth the material terms of the parties' contract. Boshea has attached a true and correct copy of the May 16, 2007 letter as Exhibit A.

8. The Defendant memorialized the parties' agreement through a contract John White emailed to Boshea titled "Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation" (the "Agreement"). Boshea has attached a true and correct copy of the Agreement as Exhibit B.

9. The Agreement provides:

    ARTICLE 6. SEVERANCE:

    A. If Employee's employment is terminated by COMPASS for any reason other than Cause, Employee shall receive severance payments totaling $180,000 (one hundred and eighty thousand U.S. dollars) which will be divided up into twenty-four payments and will commence with the Employee's effective date of termination and shall be made in accordance with COMPASS's normal payroll cycle. The period during which Employee receives severance payments shall be referred to as the "Severance Pay Period" Severance will increase one month for every month employed to a maximum severance of $540,000.

    B There are no other post-employment benefits. Employee, however, shall have certain rights to continue the Medical Plan under COBRA.

    C Termination for "Cause shall be defined as termination of employment due to: (i) conviction of or entry of a plea of guilty or nolo contendere to any criminal charge ( or any similar crime for purposes of laws outside the United States), (ii) fraud or dishonesty, (iii) failure to perform assigned duties, (iv) working against the best interests of COMPASS, or (v) the violation of any of the covenants set forth in Articles 1, 2, 3 and 4 above.

    Agreement at Article 6.

10. Shortly after Defendant delivered the Agreement, Boshea spoke with John White, who confirmed the Agreement contained the Defendant's offer of employment, at which time Boshea orally accepted the offer.

11. The Defendant employed Boshea as a senior executive, and Boshea provided services as a senior executive from on or about May 2007 to March 2020.

12. The Defendant's normal payroll cycle involved twice monthly payments of salary or wages.

13. The Defendant terminated Boshea's employment on March 3, 2020. Boshea has attached a true and correct copy of his termination letter as Exhibit C.

14. The termination of Boshea's employment was involuntary and for a reason other than Cause.

## COUNT I - BREACH OF ORAL CONTRACT

15. Boshea restates and realleges each of the allegations in ¶¶ 1 through 14 as if set forth in this paragraph.

16. The parties entered into a contract based on the Defendant's oral offer to employ Boshea as a senior executive, which the Defendant memorialized in the Agreement and Boshea's acceptance of the Defendant's offer.

17. Boshea satisfied his contractual obligations.

18. Because the Defendant terminated Boshea's employment involuntarily for a reason other than Cause and the Defendant employed Boshea for at least 155 months, Boshea is entitled to receive the maximum severance of $540,000.00 under the Agreement.

19. The Defendant has not paid any severance owed to Boshea.

20. The Defendant breached the Agreement by failing to pay Boshea $540,000.00 in severance.

21. Despite numerous demands for payment, Defendant did not pay the severance payments; however, the Defendant never disputed that Boshea was entitled to receive the severance payments outlined in the Agreement until after Boshea filed this lawsuit.

22. Defendant's breach of the Agreement caused Boshea to suffer damages of $540,000.00, plus prejudgment interest.

WHEREFORE, the plaintiff, David John Boshea, prays for the entry of a $540,000.00 judgment in his favor and against the defendant, Compass Marketing, Inc., owing under the oral agreement David John Boshea and Compass Marketing, Inc. entered into as memorialized in Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation along with prejudgment interest, his costs, and for other just relief.

## COUNT II - BREACH OF WRITTEN CONTRACT

23. Boshea restates and realleges each of the allegations in ¶¶ 1 through 14 as if set forth in this paragraph.

24. After the parties agreed on the terms of their contract, the Defendant required that Boshea travel to Annapolis, Maryland.

25. When Boshea traveled to Annapolis, Maryland, Boshea met with White. At that meeting, Boshea signed the Agreement and received a version of the Agreement, which John White acknowledged contained his signature. Boshea has attached a true and correct copy of the signed agreement as Exhibit D.

26. Boshea satisfied his contractual obligations,

27. Because the Defendant terminated Boshea's employment involuntarily for a reason other than Cause and the Defendant employed Boshea for at least 155 months, Boshea is entitled to receive the maximum severance of $540,000.00 under the Agreement.

28. The Defendant breached the signed Agreement by failing to pay Boshea $540,000.00 in severance.

29. Despite numerous demands for payment, Defendant did not pay the severance payments; however, the Defendant never disputed that Boshea was entitled to receive the severance payments outlined in the signed Agreement until after Boshea filed this lawsuit.

30. Defendant's breach of the signed Agreement caused Boshea to suffer damages of $540,000.00, plus prejudgment interest.

WHEREFORE, the plaintiff, David John Boshea, prays for the entry of a $540,000.00 judgment in his favor and against the defendant, Compass Marketing, Inc., owing under the Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation along with prejudgment interest, his costs, and other just relief.

### COUNT II – VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION ACT

31. Boshea restates and realleges each of the allegations in ¶¶ 1 through 29 as if set forth in this paragraph.

32. The Defendant orally offered to employ Boshea as a senior executive and Boshea accepted its offer to provide those services under the terms of the Agreement.

33. After the parties agreed on the terms of their contract, the Defendant required that Boshea travel to Annapolis, Maryland.

34. When Boshea traveled to Annapolis, Maryland, Boshea met with White. At that meeting, Boshea signed the Agreement and received a version of the Agreement, which John White acknowledged contained his signature. Boshea has attached a true and correct copy of the signed agreement as Exhibit D.

35. Boshea and the Defendant are parties to a contract under the terms of the Agreement, whether signed or not by White.

36. Boshea satisfied his obligations under the Agreement, whether signed or not.

37. Because the Defendant terminated Boshea's employment involuntarily for a reason other than Cause and the Defendant employed Boshea for at least 155 months, Boshea is entitled to receive the maximum severance of $540,000.00 under the Agreement.

38. The Defendant has not paid any severance owed to Boshea.

39. The Defendant breached the signed Agreement by failing to pay Boshea $540,000.00 in severance.

40. Despite numerous demands for payment, the Defendant did not pay the severance payments; however, the Defendant never disputed that Boshea was entitled to receive severance payments until after Boshea filed this lawsuit.

41. The Defendant is an employer as that term is defined in and interpreted under the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. Art., § 3-501 et seq.

42. Boshea was an employee of the Defendant as that term is defined and interpreted under the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. Art., § 3-501 et seq.

43. Under the Agreement, the Defendant made an outright and unconditional promise to pay the severance payments owing as of the date of this complaint as remuneration for Boshea's labor. *See* Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. Art., §§3-501(c)(2).

44. Under the Agreement, the Defendant made an outright and unconditional promise to pay the severance payments through the end of February 2021 as remuneration for Boshea's labor. *See* Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. Art., §§ 3-501(c)(2).

45. As of the date of this complaint, the Defendant has failed to pay Boshea severance of $540,000.00 under the Agreement in accordance with § 3-502 or § 3-505 of the Maryland Wage Payment and Collection Law, Labor and Employment.

46. As evidenced by the fact that the Defendant did not contest Boshea's right to receive severance payments until after Boshea filed this lawsuit, there is no bona fide dispute that the Defendant owed the severance payments to Boshea as of the date of this complaint.

47. As a result of the Defendant's failure to timely pay the sums owing, Boshea is entitled to receive an award of an amount not exceeding three times the $540,000.00 in wages owing along with reasonable counsel fees and other costs.

WHEREFORE, the plaintiff, David John Boshea, prays for judgment in his favor and against the defendant, Compass Marketing, Inc., an award of an amount not exceeding three times the wages owing of $540,000.00, reasonable counsel fees, his costs, and other just relief.

Dated: August 23, 2024 **DAVID JOHN BOSHEA**

/s/ Gregory J. Jordan

Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID JOHN BOSHEA

**CERTIFICATE OF SERVICE**

Gregory Jordan certifies that he served David John Boshea's Third Amended Complaint through the Court's CM/ECF system to:

stern@kaganstern.com,
hayden@kaganstern.com,
david.hamilton@us.dlapiper.com,
ashley.stinebaugh@us.dlapiper.com,
docklitbalt@us.dlapiper.com,
paula.palmere@us.dlapiper.com,
bmarcus@marcusbonsib.com, and
jpmclane@marcusbonsib.com

on August 23, 2024.

/s/   Gregory J. Jordan
     Gregory J. Jordan