IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| *Plaintiff,* | * | Case No. 1:21-CV-00309-ELH |
| v. | * | |
| **COMPASS MARKETING, INC.** | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT COMPASS MARKETING, INC.'S MOTION FOR RECONSIDERATION
OF ORDER DENYING RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR
RECONSIDERATION OF ORDER GRANTING A NEW TRIAL ON ALL CLAIMS**

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel and pursuant to Local Rule 105.10 and the Court's Letter Order dated August 21, 2024 (ECF 277), hereby files this Motion for Reconsideration of Order Denying Renewed Motion for Judgment as Matter of Law, or, in the Alternative, Motion for Reconsideration of Order Granting a New Trial on All Claims. As explained in greater detail below, the Court should reconsider its August 7, 2024 Order (ECF 276) granting Plaintiff David Boshea ("Boshea") leave to amend his Complaint and a new trial or, in the alternative, the portion of the Order granting a new trial on all of Boshea's claims upon amending the Complaint because the Court lacks authority to take any action other than to enter judgment for Compass Marketing.

**INTRODUCTION**

On August 7, 2024, the Court issued a Memorandum Opinion (ECF 275) and an Order (ECF 276) that denied Compass Marketing's motion for judgment as a matter of law with respect to Boshea's belated request to amend this Complaint and granted Compass Marketing's motion

for a new trial. In its decision, the Court properly found it was prejudicial to allow Boshea to amend his Complaint after the close of all the evidence at trial and the Court properly vacated the jury verdict awarding Boshea damages on his purported breach of oral contract claim. However, the Court's decision to grant Boshea leave to amend his Complaint after trial to include a late claim for breach of a purported oral contract and order a new trial on that oral contract claim (as well as Boshea's written contract claim) constitutes error and does not comport with the requirements of Rule 15(b)(1) or Rule 15(b)(2) of the Federal Rules of Civil Procedure.[1]

As explained in greater detail below, the Court cannot allow Boshea to amend his Complaint pursuant to Rule 15(b)(1) at this late stage of the litigation for at least three reasons: (1) the Court does not have authority to allow an amendment in the absence of Compass Marketing objecting to the evidence of an alleged oral contract at trial and Compass Marketing made no such objection; (2) any amendment cannot include a claim that includes different legal standards from the claim already pending before the Court and, as the Court found, claims for breach of an oral contract and breach of a written contract "are distinct;" and (3) the Fourth Circuit has explained at length that amendments before trial generally are prejudicial to defendants and should not be permitted, and that prejudice is even greater when the new claim invokes new legal standards and/or is made mid-trial like the amendment in this case that was made after the close of all the evidence (and now after the trial). With respect to Rule 15(b)(2), as explained in greater detail below, amendment is not proper when the unpled issue was tried without the defendant's consent and there is no dispute that Compass Marketing did not consent to a trial of a breach of oral contract claim. As such, the Court should reverse its decision to allow Boshea to amend his Complaint after trial to include a claim for breach of an oral contract, which in turn would leave the jury's

---

[1] Rule 15(b) is the only Rule upon which a late amendment can potentially be made.

verdict on Boshea's breach of written contract claim intact and avert the need to conduct a new trial.

In the alternative, although the Order does not specify whether the new trial is limited to Boshea's breach of oral contract theory as Compass Marketing had requested, the Order implies (based on the reopening of expert discovery) and the Court explained during a telephonic Status Conference conducted on August 21 that, the new trial the Court ordered would be on both of Boshea's breach of oral contract theory and his breach of written contract theory.  If the Court orders a new trial, which it could not, any retrial of Boshea's breach of written contract claim would not be proper, however, because (1) the Court can and should order a trial on less than all the issues presented as long as the issues for retrial are separate and distinct, as they are here, (2) the only request for a new trial was made by Compass Marketing and that request was limited to the issue of Boshea's breach of oral contract claim, and (3) granting a new trial on Boshea's breach of written contract claim would be highly prejudicial to Compass Marketing considering there was no error found with the jury's verdict on the written contract claim and a new trial on the written contract claim would effectively punish Compass Marketing while rewarding Boshea for waiting until after the close of all the evidence (and now after trial) to amend his Complaint.  Thus, to the extent that the August 7, 2024 Order (ECF 276) grants a new trial on both the oral and written contract theories (as well as the overlapping wage payment claim), the Court should reconsider its Order and limit the scope of the new trial only to the breach of oral contract claim (and Boshea's wage payment claim, which may be premised solely on an oral contract theory) and not reopen expert discovery.

**ARGUMENT**

**I.     STANDARD OF REVIEW**

While the Fourth Circuit has not clarified the precise standard applicable to interlocutory motions for reconsideration,[2] it has stated that motions for reconsideration "are not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Rules 59(e) and 60(b).  *See Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (emphasis omitted) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)); *see also Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991) (expressing "vigorous[] disagree[ment]" with a trial court's use of a Rule 60(b) standard in reconsidering its previous order on a Rule 12(b)(6) motion).  Courts, however, frequently look to the standards used to adjudicate Rule 59(e) and Rule 60(b) motions for guidance when considering Rule 54(b) motions for reconsideration.  *See Carrero*, 310 F. Supp. 3d at 584; *Butler*, 307 F.R.D. at 449; *Cohens v. Md. Dep't of Human Res.*, 933 F. Supp. 2d 735, 741 (D. Md. 2013); *see also Fayetteville Invs.*, 936 F.2d at 1470 (positively discussing a district court's reference, but not strict adherence, to the Rule 60(b) standards in reconsidering its prior ruling while citing, *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102 (M.D. Pa. 1989)).

Motions to amend final judgments under Rule 59(e) may be granted, *inter alia*, "to correct a clear error of law or prevent manifest injustice."  *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  Federal Rule of Civil Procedure 60(b) also explicitly provides that a court may afford a party relief from a final judgment based on "any . . . reason that justifies relief."

---

[2] *See Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015).

**II. THE COURT'S AUGUST 7, 2024 ORDER DENYING COMPASS MARKETING'S MOTION FOR JUDGMENT AS A MATTER OF LAW WAS BASED ON A CLEAR ERROR OF LAW AND SUBSTANTIALLY PREJUDICES COMPASS MARKETING**

In its Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for a New Trial, Compass Marketing argued that "[t]he timing of [Boshea's oral contract claim] amendment, coupled with the nature of the amendment, substantially prejudiced Compass Marketing and it was an error for the Court to allow the amendment." *See* ECF 255 at 7. The Court, in its Memorandum Opinion, expressly agreed with this argument. *See* ECF 275 at 16 (stating that the Court "agree[s]" with Compass Marketing's argument that "[t]he timing of this amendment, coupled with the nature of the amendment, substantially prejudiced Compass Marketing and it was error for the Court to allow the amendment"). Instead of entering judgment as a matter of law in favor of Compass Marketing, however, the Court held that Boshea can nevertheless amend his Complaint after trial and granted a new trial (on both the written and oral contract claims). The Court should reconsider its August 7, 2024 Order in this regard because it is based on a clear error of law and substantially prejudices Compass Marketing.

The only method for a party to amend a pleading during and after trial is governed by Federal Rule of Civil Procedure 15(b), and the Court cited both Rule 15(b)(1) and 15(b)(2) in its Memorandum Opinion as grounds to permit Boshea to amend his Complaint. *See* ECF 275 at 22. Neither Rule 15(b)(1) nor Rule 15(b)(2), however, permits Boshea to amend his Complaint after the close of all the evidence at trial and now after the trial for the reasons discussed below. As a result, amendment of Boshea's Complaint should not be permitted and judgment as a matter of law should be entered in favor of Compass Marketing and against Boshea as to his breach of oral contract claim (which in turn would leave the jury's verdict on Boshea's breach of written contract claim in favor of Compass Marketing intact and upheld without the need for a new trial).

5

A.      **Rule 15(b)(1) Does Not Allow For Boshea to Amend His Complaint**

Federal Rule of Civil Procedure 15(b)(1) provides as follows:

> (b)     AMENDMENTS DURING AND AFTER TRIAL.
>
> (1)     *Based on an Objection at Trial.* If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

FED. R. CIV. P. 15(b)(1). There are at least three bases upon which it constitutes error for the Court to allow Boshea to amend his Complaint pursuant to Rule 15(b)(1).

First, an "amendment under [Rule 15(b)(1)] is triggered [only] by an objection made by the parties." *See Dank v. Shinseki*, 374 F. App'x 396, 400 (4th Cir. 2010). As the text of Rule 15(b)(1) requires, and as the Fourth Circuit explained in *Dank*, the objection must be "that [the] evidence is not within the issues raised in the pleadings." *See* FED. R. CIV. P. 15(b)(1); *see also Dank*, 374 F. App'x at 400. As this Court is well aware, Compass Marketing did not make any objection at trial regarding the introduction of any evidence that purportedly supported a breach of oral contract claim. Indeed, the Court noted in its Memorandum Opinion that Compass Marketing (and the Court) "always understood the issue in this case [to be] whether there was a written contract between the parties" and Compass Marketing "was entitled to prepare for trial and expect to try the case only on claims that were asserted in the [Second Amended Complaint]." *See* ECF 275 at 16 and 23. Just as the court lacked authority to permit the requested amendment in *Dank* based on a failure to object to the introduction of the evidence, *see Dank*, 374 F. App'x at 400-01, this Court "lack[s] authority under the Federal Rules of Civil Procedure to consider [Boshea's]

6

mid- [or post-] trial amendment" pursuant to Rule 15(b)(1) "because such amendment was not properly triggered by the parties." *See id.* at 400.

Second, even if this Court had the authority to consider an amendment pursuant to Rule 15(b)(1), which it does not, such an amendment would be permissible only if the legal standards for the amended claim (i.e., Boshea's breach of oral contract claim) were the same as the standards for the claim already pending before the Court (i.e., Boshea's breach of written contract claim). *See Dank*, 374 F. App'x at 401 (stating that, "even if a party's objection had triggered the application of Rule 15(b)(1), the grant of the amendment would still be in error if . . . the legal standards for [the two claims] differ"). This is so because, where "the standard of proof . . . [is] different" or "more stringent" with respect to the amended claim, "the amendment would . . . change[] the character of the case and would . . . clearly prejudice[] the [defendant's] 'defense on the merits.'" *Id*.[3] In the instant case, as the Court expressly noted in its Memorandum Opinion that, although claims for breach of an oral and written contract "may be related," "*the elements of the two claims are distinct*." *See* ECF 275 at 23 (emphasis added). Thus, because Boshea's requested amendment to include a claim for breach of an alleged oral contract would change the character of Compass Marketing's defense, the Court necessarily is precluded from relying on Rule 15(b)(1) to allow Boshea to amend his Complaint.

Third, prejudice suffered by a defendant precludes mid- and post- trial amendments. As the Fourth Circuit explained, "*an amendment [particularly one that includes a different legal standard] shortly **before trial** would be prejudicial* because '[t]he proof required to defend against

---

[3] In *Dank*, the plaintiff had brought a claim under Section 504 of the Rehabilitation Act and sought to amend her complaint to include a claim under Section 501 of the Rehabilitation Act. The trial court permitted the amendment only because it concluded "the standards of proof for both sections were identical." *Id.* The Fourth Circuit concluded allowing the amendment was error, however, because the standards of proof under Sections 501 and 504 were in fact different, but the amendment was deemed to constitute harmless error only because the plaintiff suffered no prejudice as a result of the amendment with the jury finding against the plaintiff. *Id.*

this new claim would be of an entirely different character than the proof which the defendant had been led to believe would be necessary.'" *Dank*, 374 F. App'x at 401 (citing *Deasy v. Hill*, 833 F.2d 38 (4th Cir. 1987) (emphasis added and alteration in *Dank*). It is for this reason that "[b]elated claims which change the character of litigation are not favored." *Id.* That disfavor for belated amendments is even stronger when they occur mid-trial, and even more so when they seek to introduce different legal issues. *See id.* (explaining that the prejudice analysis in *Deasy* involving pre-trial amendments "applies with even greater force to mid-trial amendments," and further finding that, if the standards for claims under Sections 501 and 504 do indeed differ, such an amendment "would have been erroneously granted . . . because it would have significantly prejudiced the [defendant]"). These considerations led the Fourth Circuit to find in *Dank* that prejudice to the defendant was "especially evident given that [the plaintiff] moved for the amendment on the last day on which the parties presented evidence, thereby denying the [defendant] any opportunity to amend the presentation of the case." *See id.* at 401 (citing *Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 94 (2d Cir. 2000) ("Generally, introducing new claims for liability on the last day of trial will prejudice the defendant.")). All the same factors that led the Fourth Circuit to conclude in *Dank* that the defendant suffered prejudice and the amendment should not have been allowed are present in this case – but they are even stronger here considering that Boshea sought to amend his Complaint even later than the plaintiff in *Dank*, with Boshea seeking to amend after the close of all the evidence during Compass Marketing's motion for judgment as a matter of law.[4] Moreover, by permitting Boshea to amend his Complaint at this late stage of the litigation even though the Court found that Compass Marketing has been prejudiced

---

[4] Boshea's attempt at such a late amendment to his Complaint is particularly surprising considering it was Boshea's counsel who made these very same errors and arguments in *Dank* and lost. Just as the Fourth Circuit ruled against the late amendment in *Dank*, this Court should likewise rule against the late amendment in this case.

8

as a result, the Court would effectively punish Compass Marketing and reward Boshea for his late and prejudicial amendment, which is highlighted in no small part by the fact that Boshea was aware of a purported potential oral contract claim at least one and one-half years prior to trial but failed to amend his Complaint until after the close of all the evidence at trial (and now after trial).

Thus, for these reasons, it constitutes an error of law to allow Boshea to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(b)(1). As such, the Court should not allow Boshea to amend his Complaint pursuant to Rule 15(b)(1) and it should enter judgment as a matter of law in favor of Compass Marketing and against Boshea as to his breach of oral contract claim, which in turn would leave the jury's verdict in favor of Compass Marketing regarding Boshea's breach of written contract claim intact and upheld while also averting the need for a new trial.

### B.     Rule 15(b)(2) Does Not Allow For Boshea to Amend His Complaint

To the extent the Court is permitting Boshea to amend his Complaint pursuant to Rule 15(b)(2), it also is an error of law. Federal Rule of Civil Procedure 15(b)(2) provides as follows:

> (b)     AMENDMENTS DURING AND AFTER TRIAL.
>
> . . . .
>
> (2)     *For Issues Tried by Consent*. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

FED. R. CIV. P. 15(b)(2).

The plain language of 15(b)(2) specifically refers to an unpled issue tried by express or implied consent. As such, consent is a requirement under Rule 15(b)(2) for there to be a trial of an unpled issue. "'Because notice to the defendant of the allegations to be proven is essential to

sustaining a cause of action, Rule 15(b) applies *only* when the defendant *has consented* to trial of the non-pled factual issues and will not be prejudiced by amendment of the pleadings to include them.'" *Feldman v. Pro Football, Inc.*, 419 F. App'x 381, 389 (4th Cir. 2011) (emphasis added) (quoting *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 901 (4th Cir. 1996)). "Thus, Rule 15(b)(2) requires that a party expressly or impliedly consent to trial on an unpled claim and not be prejudiced by doing so." *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 783 F.3d 976, 983 (4th Cir. 2015).

In this case, Boshea did not try his breach of oral contract claim either with express or implied consent. In fact, as is well documented, Compass Marketing vehemently opposed the amendment when it was made (and is still vigorously opposing it). The fact that Boshea introduced evidence at trial without objection that could potentially support a claim for breach of oral contract has no bearing on the Court's analysis here because the same evidence also was being offered to support Boshea's breach of written contract claim and, thus, it was "germane" to Boshea's breach of written contract claim. As the Fourth Circuit has explained, although "admission without objection of evidence related to the unpled claim may be an indicium of implied consent to trial of that claim[,]" *see Dan Ryan Builders, Inc.*, 783 F.3d at 984 (internal quotation omitted), "if that evidence is also 'germane' to claims expressly in the pleadings, its admission 'cannot be treated as implied consent' to trial of the unpled claim." *Id.* (quoting *McLeod v. Stevens*, 617 F.2d 1038, 1040-41 (4th Cir. 1980)). In this case, the Court has already found that "[t]he evidence adduced by [Boshea] in support of the written Agreement included events that preceded the alleged execution of the written Agreement, on which [Boshea] relies with respect to the establishment of a claim for an oral contract" and Compass Marketing "had no reason to challenge alleged shortcomings in the proof of an oral contract." *See* ECF 275 at 23. Indeed, it would be

incomprehensible to find Compass Marketing should have objected to such evidence when the Court found that "Boshea engaged in trial by ambush[,]" and turned "[t]rial in federal court [into] a game of 'gotcha.'" *Id.* at 21 and 23. As a result, allowing Boshea to amend his Complaint pursuant to Rule 15(b)(2) constitutes an error of law.

For these reasons, it constitutes an error of law to allow Boshea to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(b)(2). Accordingly, the Court should not allow Boshea to amend his Complaint pursuant to Rule 15(b)(2) and it should enter judgment as a matter of law in favor of Compass Marketing and against Boshea as to his breach of oral contract claim, which in turn would leave the jury's verdict in favor of Compass Marketing regarding Boshea's breach of written contract claim intact and upheld while also averting the need for a new trial.

### III. ALTERNATIVELY, A NEW TRIAL ON ALL ISSUES PUNISHES COMPASS MARKETING FOR BOSHEA'S ERRORS AND, IF THE COURT IS GOING TO GRANT A NEW TRIAL, IT SHOULD DO SO ONLY ON THE BREACH OF ORAL CONTRACT CLAIM

Alternatively, if the Court were to deny Compass Marketing's request to enter judgment as a matter of law in its favor with respect to Boshea's attempt to amend his Complaint and include a claim for breach of a purported oral contract, which it should not, the Court at the very least should leave intact the jury's verdict in favor of Compass Marketing on the written contract claim and order a new trial solely on the oral contract claim (and the related/overlapping wage payment claim, as limited by the Court's August 7, 2024 Memorandum Opinion). To rule otherwise would constitute error.

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, a court may "grant a new trial on all or some of the issues." *See* FED. R. CIV. P. 59(a)(1). A partial new trial on some issues may be granted if "it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Prods. Co. v. Champlin*

11

*Refining Co.*, 283 U.S. 494, 500 (1931).  "Most commonly courts have granted a partial new trial confined only to damages, *see, e.g.*, *Great Coastal Express, Inc. v. International Bhd. of Teamsters*, 511 F.2d 839, 846-48 (4th Cir. 1975), *cert. denied*, 425 U.S. 975 (1976), but a new trial can be limited to any 'separable matter[].'  11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2814 (2d ed. 1995); *see also, e.g.*, *Atlas Food Sys. & Serv., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 599 (4th Cir. 1996) (rejecting argument that new trial should encompass liability and compensatory damages and upholding new trial limited only to punitive damages); *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 20-21 (2d Cir. 1996) (limiting new trial to determination of past and future lost earnings)."  *Rice v. Cmty. Health Ass'n*, 203 F.3d 283, 290 (4th Cir. 2000)

"[T]he propriety of granting a new trial on fewer than all of the issues in a case hinges on whether the issues to be retried are sufficiently 'distinct and separable from the others that a trial of [those issues] alone may be had without injustice.'"  *Atlas Food Sys. & Servs. v. Crane Nat'l Vendors*, 99 F.3d 587, 599 (4th Cir. 1996) (quoting *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931)).  "Considerations of economy, fairness, and repose may provide justification for preserving a jury's liability determination that has been fairly and fully made and ordering only a new trial on damages 'where there is no substantial indication that the liability and damage issues are inextricably interwoven, or that the first jury verdict was the result of a compromise of the liability and damage questions.'"  *Id.* (quoting *Great Coastal Express, Inc. v. International Brotherhood of Teamsters*, 511 F.2d 839, 846-47 (4th Cir. 1975)).  Moreover, "[w]here the issues are separable and error is found in the trial of only one, a new trial may be had as to that issue alone where no injustice will result therefrom."  *Mason v. Mathiasen Tanker Indus.*, 298 F.2d 28, 33 (4th Cir. 1962).

This is a case where the issues under consideration for retrial "are sufficiently distinct and separable." Indeed, as the Court noted in its Memorandum Opinion (ECF 275), "the elements of the two claims [meaning the breach of written contract claim and breach of oral contract claim] are *distinct*." *See* ECF 275 at 23 (emphasis added). Thus, on this basis alone, retrial solely on the breach of oral contract claim is proper (if the Court were to allow Boshea to amend his Complaint in the first place).

Furthermore, retrial solely on the issue of the breach of oral contract claim would be consistent with the request made to this Court, as the only request for the Court's consideration was to grant a new trial solely on the issue of Boshea's breach of oral contract claim. Notably, Boshea did not file a motion seeking a new trial on his breach of written contract claim and he did not otherwise ask the Court to vacate the jury's verdict on his breach of written contract claim. Rather, the only motion before the Court was the one filed by Compass Marketing and, in its Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for a New Trial (ECF 255), as well as its Reply brief, (ECF 263), Compass Marketing specifically requested that the Court order a new trial only on one distinct issue, "Boshea's breach of oral contract claim." *See* ECF 255 at 17.[5] Thus, reopening discovery on the expert issues and ordering a new trial on

---

[5] *See also id.* at 21 ("Alternatively, the Court should grant a new trial on the issue of whether there was a breach of an oral contract because the jury's verdict goes against the clear weight of the evidence and Compass Marketing was prejudiced in its ability to defend against the alleged breach of oral contract claim in this case."); *id.* at 22 ("As such, at a minimum, judgement should be entered in Compass Marketing's favor on the issue of a bona fide dispute or, in the alternative, a new trial on the alleged oral contract and wage payment claim should be ordered."); *id.* at 27 ("Alternatively, Compass Marketing requests that the Court order a new trial on the issue of whether an oral contract existed."); ECF 263 (Compass Marketing's Reply to the Response in Opposition to Defendant Compass Marketing, Inc.'s Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for a New Trial) at 1 ("[T]he Court should order a new trial on the issue of whether an oral contract existed, and Boshea's Opposition does not defeat these arguments."); *id.* at 3 ("Compass Marketing's Post-Judgment Motion should be granted in that judgment should be entered in Compass Marketing's favor or, in the alternative, *a new trial solely on the oral contract claim should be awarded*.") (emphasis added).

13

Boshea's breach of written contract claim was not even presented to the Court and should not be granted for this reason as well.

Lastly, despite the substantial prejudice the Court found that Compass Marketing suffered as a result of Boshea's late amendment to include a breach of oral contract claim, which inhibited Compass Marketing's ability to defend against Boshea's separate and distinct legal theory (*see* ECF 275 at 23),[6] the Court has ruled that Boshea can amend his Complaint and have another opportunity to prevail on his breach of oral contract theory. Allowing Boshea the opportunity to amend his Complaint to include a breach of oral contract theory and retry that particular claim, however, does not warrant or otherwise justify vacating the jury's verdict that found there was no merit to Boshea's breach of written contract claim.[7] As this Court noted, Boshea engaged in "trial by ambush" and turned "[t]rial in federal court [into] a game of 'gotcha'" with respect to his alleged breach of oral contract claim. *See* ECF 275 at 21, 23. If the Court were to grant Boshea the opportunity to retry his breach of written contract claim – *a claim where the Court did not find that Boshea suffered any prejudice or that the Court committed any error that disadvantaged Boshea with respect to his breach of written contract claim* – the Court will effectively punish Compass Marketing and reward Boshea for his late amendment. In other words, Boshea would benefit from prejudicing Compass Marketing. There is no reason to overturn or vacate the jury's verdict with respect to Boshea's breach of written contract claim and allow Boshea a "re-do" of all of his claims, including the claim on which the jury ruled against him. Such an outcome would

---

[6] Furthermore, the Court's finding in its Memorandum Opinion that Boshea presented sufficient evidence to support a breach of oral contract claim fails to take into account Compass Marketing was not even contemplating or defending against a breach of oral contract claim, as discussed above in Section II.A. Had Compass Marketing been able to defend against that claim, Boshea would not have been able to present sufficient evidence (despite the Court's finding, Compass Marketing maintains that Boshea did not proffer sufficient evidence to support a breach of oral contract claim).

[7] Based on Compass Marketing's defense, the jury's verdict in this regard effectively determined that Boshea's breach of written contract claim was premised on a forged document.

14

constitute a gross miscarriage of justice and would be inconsistent with the "considerations of economy, fairness and repose." *See Atlas*, 99 F.3d at 599.  As such, any new trial the Court orders should be limited to Boshea's breach of oral contract claim (and the corresponding wage payment claim that could potentially overlap with the oral contract claim).

Accordingly, the Court should reconsider its August 7, 2024 Order granting a new trial and limit the new trial only to the breach of oral contract claim (and the overlapping wage payment claim).

## IV. THE COURT SHOULD RECONSIDER ITS ORDER PERMITTING ADDITIONAL EXPERT DISCOVERY

The Court's August 7, 2024 Order permits the Boshea "to request additional handwriting exemplars from John White," and allows both experts to revise or supplement their reports based on the new exemplars. *See* ECF 276.  It further allows the parties to conduct depositions of the experts "limited to revisions or supplements to the expert reports." *See id.*  Compass Marketing requests that the Court reconsider its Order to allow for additional expert discovery.  Additional expert discovery is relevant only to the breach of written contract claim.  Because the jury already ruled that there was no breach of the written contract, there is no reason to reopen discovery on the issue (if the Court allows Boshea to amend his Complaint).  Again, it would be prejudicial to Compass Marketing to allow Boshea to re-litigate his claim of breach of written contract when there is no reason to overturn the jury's verdict in that regard.

Moreover, when a plaintiff does not request additional discovery before, during, or even after a trial, that should be the end of the matter and not an opportunity for a plaintiff to reopen discovery and have another bite at the apple (so to speak).  *See, e.g., Level 3 Communications LLC v. City of St. Louis,* No. 4:04-CV-1046 CAS (E.D. Mo. Sep. 25, 2007) ("It is well-established that a party who fails to introduce at trial all evidence necessary to obtain judgment has generally made

a fatal error." (citations omitted)).  Here, Boshea made no request for additional discovery, but Boshea is being given the benefit of trying to establish additional evidence in discovery on his failed breach of written contract claim – where the lack of evidence was the result of his own doing (including his own failure to produce the rebuttal expert report until the middle of trial).  Thus, any reopening of discovery constitutes error.

## **CONCLUSION**

For the foregoing reasons, Compass Marketing respectfully requests that the Court reconsider its August 7, 2024 Order denying Compass Marketing's Renewed Motion for Judgment as a Matter of Law because the Court erred in allowing Boshea to amend his Complaint after the close of evidence at trial, and, likewise would be error to allow Boshea to amend his Complaint after trial.  Therefore, judgment should be entered in favor of Compass Marketing and against Boshea on the oral contract claim (which in turn would result in the Court leaving intact the jury's verdict in favor or Compass Marketing on Boshea's breach of written contract claim and avert the need for a new trial).  Alternatively, Compass Marketing respectfully requests that the Court reconsider its August 7, 2024 Order ordering a new trial on all issues, and, instead, limit the new trial to the breach of oral contract claim (and the related/overlapping wage payment claim, as limited by the Court's August 7, 2024 Memorandum Opinion) while not reopening expert discovery.

Dated:  September 5, 2024

Respectfully submitted,

*/s/Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  hayden@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of September, 2024, the foregoing Defendant Compass Marketing, Inc.'s Motion for Reconsideration was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo | Gregory J. Jordan |
| Gilbert Employment Law, PC | Mark Zito |
| 1100 Wayne Avenue, Suite 900 | Jordan & Zito, LLC |
| Silver Spring, Maryland 20910 | 350 N. LaSalle Drive, Suite 1100 |
| Email: tgagliardo@gelawyer.com | Chicago, Illinois 60654 |
| | Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*

                                                */s/ Stephen B. Stern*
                                                Stephen B. Stern