IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT COMPASS MARKETING, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Answer to the Third Amended Complaint ("TAC") filed by Plaintiff David J. Boshea ("Boshea" or "Plaintiff") by responding to the numbered allegations in the TAC, with the paragraph numbers below corresponding to those used in the TAC.

### Jurisdiction and Venue

1. Upon information and belief, Compass Marketing admits the allegations in Paragraph 1 of the TAC.

2. Compass Marketing admits the allegations in Paragraph 2 of the TAC.

3. The allegations in Paragraph 3 of the TAC contain legal conclusions, to which no response is required. To the extent that a response is required, Compass Marketing does not contest jurisdiction before this Court based on the current allegations in the TAC.

4. The allegations in Paragraph 4 of the TAC contain legal conclusions, to which no response is required. To the extent that a response is required, Compass Marketing does not contest venue before this Court based on the current allegations in the TAC.

5. The allegations in Paragraph 5 of the TAC contain legal conclusions, to which no response is required. To the extent that a response is required, Compass Marketing does not contest jurisdiction before this Court based on the current allegations in the TAC.

**Facts**

6. Compass Marketing denies the allegations in Paragraph 6 of the TAC.

7. The allegations in Paragraph 7 of the TAC purport to characterize certain terms of the document attached to the TAC as Exhibit A. The terms of the document attached to the TAC as Exhibit A speak for themselves and, to the extent that the content of the document attached to the TAC as Exhibit A is inconsistent with the allegations of Paragraph 7 of the TAC, or the document attached to the TAC as Exhibit A is not authentic or otherwise was not entered into, the allegations are denied.

8. The allegations in Paragraph 8 of the TAC purport to characterize certain terms of the document attached to the TAC as Exhibit B. The terms of the document attached to the TAC as Exhibit B speak for themselves and, to the extent that the content of the document attached to the TAC as Exhibit B is inconsistent with the allegations of Paragraph 8 of the TAC, or the document attached to the TAC as Exhibit B is not authentic or otherwise was not entered into, the allegations are denied.

9. The allegations in Paragraph 9 of the TAC purport to characterize certain terms of the document attached to the TAC as Exhibit B. The terms of the document attached to the TAC as Exhibit B speak for themselves and, to the extent that the content of the document attached to the TAC as Exhibit B is inconsistent with the allegations of Paragraph 9 of the TAC, or the document attached to the TAC as Exhibit B is not authentic or otherwise was not entered into, the allegations are denied.

10. Compass Marketing denies the allegations in Paragraph 10 of the TAC.

11. Compass Marketing admits the allegations in Paragraph 11 of the TAC.

12. Without a timeframe referenced in Paragraph 12 of the TAC, Compass Marketing is unable to admit or deny the allegations in Paragraph 12 as written. Compass Marketing admits the allegations in Paragraph 12 of the TAC only to the extent the allegations in Paragraph 12 of the TAC refer to the March 2020 timeframe.

13. The allegations in Paragraph 13 of the TAC purport to characterize certain terms of the document attached to the TAC as Exhibit C.  The terms of the document attached to the TAC as Exhibit C speak for themselves and, to the extent that the content of the document attached to the TAC as Exhibit C is inconsistent with the allegations of Paragraph 13 of the TAC, or the document attached to the TAC as Exhibit C is not authentic or otherwise was not entered into, the allegations are denied.  Compass Marketing admits that it terminated Boshea's employment on March 3, 2020.

14. Compass Marketing admits the allegations in Paragraph 14 of the TAC.

**COUNT I**
**BREACH OF ORAL CONTRACT**

15. Compass Marketing repeats and realleges the responses to the allegations in Paragraphs 1 through 14 of the TAC as if fully set herein.

16. Compass Marketing denies the allegations in Paragraph 16 of the TAC.

17. Compass Marketing denies the allegations in Paragraph 17 of the TAC.

18. Compass Marketing denies the allegations in Paragraph 18 of the TAC.

19. Compass Marketing admits the allegations in Paragraph 19 of the TAC.

20. Compass Marketing denies the allegations in Paragraph 20 of the TAC.

21. Compass Marketing admits that Boshea made "demands for payment," and that Compass Marketing did not pay Boshea the severance he claimed. Compass Marketing denies the remaining allegations in Paragraph 21 of the TAC.

22. Compass Marketing denies the allegations in Paragraph 20 of the TAC.

The final, unnumbered paragraph in Count I of the TAC, which starts with "WHEREFORE," constitutes Plaintiff's request for relief with respect to Count I, to which no response is required. To the extent that a response is required, Compass Marketing denies that Plaintiff is entitled to any relief in this action.

## COUNT II
## BREACH OF WRITTEN CONTRACT

23. Compass Marketing repeats and realleges the responses to the allegations in Paragraphs 1 through 14 of the TAC as if fully set herein.

24. Compass Marketing denies the allegations in Paragraph 24 of the TAC.

25. Compass Marketing admits that Boshea met with John White in Annapolis, Maryland prior to beginning his employment with Compass Marketing. Other allegations in Paragraph 25 of the TAC purport to characterize certain terms of the document attached to the TAC as Exhibit D. The terms of the document attached to the TAC as Exhibit D speak for themselves and, to the extent that the content of the document attached to the TAC as Exhibit D is inconsistent with the allegations of Paragraph 25 of the TAC, or the document attached to the TAC as Exhibit D is not authentic or otherwise was not entered into, the allegations are denied. Compass Marketing denies that John White acknowledged his signature on the document attached to the TAC as Exhibit D and denies having placed his signature on the document attached to the TAC as Exhibit. Compass Marketing denies the remaining allegations in Paragraph 25 of the TAC.

26. Compass Marketing denies the allegations in Paragraph 26 of the TAC.

27. Compass Marketing denies the allegations in Paragraph 27 of the TAC.

28. Compass Marketing denies the allegations in Paragraph 28 of the TAC.

29. Compass Marketing denies the allegations in Paragraph 29 of the TAC.

30. Compass Marketing denies the allegations in Paragraph 30 of the TAC.

The final, unnumbered paragraph in Count II of the TAC, which starts with "WHEREFORE," constitutes Plaintiff's request for relief with respect to Count II, to which no response is required. To the extent that a response is required, Compass Marketing denies that Plaintiff is entitled to any relief in this action.

## COUNT III[1]
## VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION ACT

31. Compass Marketing repeats and realleges the responses to the allegations in Paragraphs 1 through 30 of the TAC as if fully set herein.

32. Compass Marketing denies the allegations in Paragraph 32 of the TAC.

33. Compass Marketing denies the allegations in Paragraph 33 of the TAC.

34. Compass Marketing admits that Boshea met with John White in Annapolis, Maryland prior to beginning his employment with Compass Marketing. Compass Marketing denies the remaining allegations in Paragraph 34 of the TAC.

35. Compass Marketing denies the allegations in Paragraph 35 of the TAC.

36. Compass Marketing denies the allegations in Paragraph 36 of the TAC.

37. Compass Marketing denies the allegations in Paragraph 37 of the TAC.

38. Compass Marketing admits the allegations in Paragraph 38 of the TAC.

39. Compass Marketing denies the allegations in Paragraph 39 of the TAC.

---

[1] Boshea erroneously labeled Count III as Count II.

40. Compass Marketing admits that Boshea made "demands for payment," and that Compass Marketing did not pay Boshea the severance he claimed. Compass Marketing denies the remaining allegations in Paragraph 40 of the TAC.

41. The allegations in Paragraph 41 of the TAC contain legal conclusions, to which no response is required. To the extent that a response is required, Compass Marketing does not contest that it is an employer to certain employees under the Maryland Wage Payment and Collection Law, but denies that it is an employer under the statute in connection with the facts of this case.

42. The allegations in Paragraph 42 of the TAC contain legal conclusions, to which no response is required. To the extent that a response is required, Compass Marketing denies that Boshea was an employee under the Maryland Wage Payment and Collection Law.

43. Compass Marketing denies the allegations in Paragraph 43 of the TAC.

44. Compass Marketing denies the allegations in Paragraph 44 of the TAC.

45. Compass Marketing denies the allegations in Paragraph 45 of the TAC.

46. Compass Marketing denies the allegations in Paragraph 46 of the TAC.

47. Compass Marketing denies the allegations in Paragraph 47 of the TAC.

The final, unnumbered paragraph in Count III of the TAC, which starts with "WHEREFORE," constitutes Plaintiff's request for relief with respect to Count III, to which no response is required. To the extent that a response is required, Compass Marketing denies that Plaintiff is entitled to any relief in this action.

ed to any relief in this action.

## DENIAL OF MATTERS NOT SPECIFICALLY ADMITTED

Compass Marketing denies each and every allegation in the TAC not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Compass Marketing asserts the following affirmative defenses to the TAC, but does not assume a burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Compass Marketing reserves the right to assert other affirmative and additional defenses, to delete and withdraw defenses, and to amend this Answer upon discovery of facts or evidence rendering such action appropriate. Moreover, all affirmative defenses are pled in the alternative and do not constitute an admission of liability that Plaintiff is entitled to any relief. Furthermore, by filing this Answer, Compass Marketing does not waive, retract, rescind, or otherwise limit any of the arguments it included in its Motion for Reconsideration filed on September 5, 2024 (ECF 279).

**First Affirmative Defense**

Plaintiff's claims are barred to the extent that they fail to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred in whole or in part by unclean hands.

**Third Affirmative Defense**

Plaintiff's claims are barred in whole or in part by fraud.

**Fourth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by estoppel.

**Fifth Affirmative Defense**

Plaintiff's claims are barred in that the documents attached to the TAC as Exhibits B and D are not authentic, as they were not entered into by Plaintiff and Compass Marketing.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff is not an employee that is covered by the Maryland Wage Payment and Collection Law.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent the amount sought does not constitute "wages" as that term is defined by the Maryland Wage Payment and Collection Law.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent there is a bona fide dispute as to why the sums claimed by Plaintiff were not paid by Compass Marketing.

### Ninth Affirmative Defense

Plaintiff's claims are barred to the extent that Plaintiff breached one or more agreement(s) with Compass Marketing.

### Tenth Affirmative Defense

Plaintiff's claims are barred to the extent that Compass Marketing is entitled to a refund or set off.

### Eleventh Affirmative Defense

Plaintiff's claims are barred to the extent they are barred by the applicable statute of limitations.

### Twelfth Affirmative Defense

Plaintiff's claims are barred to the extent that it is legal error not to grant Compass Marketing's Renewed Motion for Judgment as a Matter of Law and/or its Motion for Reconsideration.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred to the extent that they are barred by the statute of frauds.

\* \* \* \* \*

WHEREFORE, Compass Marketing respectfully requests that this Court enter judgment in its favor, dismiss Plaintiff's claims with prejudice, award Compass Marketing all fees and costs it incurs in connection with this lawsuit as a prevailing party, and such other relief as the Court deems appropriate.

Dated:  September 6, 2024

Respectfully submitted,

*/s/Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  hayden@kaganstern.com

*Counsel for Defendant
Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 6th day of September, 2024, the foregoing Defendant Compass Marketing, Inc.'s Answer to Plaintiff's Third Amended Complaint was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo | Gregory J. Jordan |
| Gilbert Employment Law, PC | Mark Zito |
| 1100 Wayne Avenue, Suite 900 | Jordan & Zito, LLC |
| Silver Spring, Maryland 20910 | 350 N. LaSalle Drive, Suite 1100 |
| Email: tgagliardo@gelawyer.com | Chicago, Illinois 60654 |
| | Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*


                                        */s/ Stephen B. Stern*
                                        Stephen B. Stern