# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| | * | |
| **COMPASS MARKETING, INC.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DAVID J. BOSHEA'S RESPONSE IN OPPOSITION TO DEFENDANT COMPASS MARKETING, INC.'S MOTION FOR RECONSIDERATION OF ORDER DENYING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION OF ORDER GRANTING A NEW TRIAL ON ALL CLAIMS

David J. Boshea, for his response in opposition to Compass Marketing, Inc.'s Motion for Reconsideration of Order Denying Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for Reconsideration of Order Granting a New Trial on All Claims, states:

Compass' motion fails as the Court correctly allowed David Boshea to amend his pleading under Rule 15(b)(2) of the Federal Rules of Civil Procedure, which states:

> ***For Issues Tried by Consent.*** When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.
>
> *Id.*

Contrary to Compass' claims, it consented to David Boshea proceeding on his oral contract claim through its actions. In fact, David Boshea informed Compass of his oral contract claim several times, including more than once before the trial. Compass never objected.

David Boshea initially responded to Compass' first set of interrogatories; however, Compass objected stating that Boshea's responses were insufficient. Boshea amended his interrogatory responses to provide a detailed recitation of what occurred to avoid a discovery fight and delivered the responses to Compass on September 20, 2021. Boshea specifically and fulsomely advised Compass of his oral contract claim in his amended responses.

### ANSWERS AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:** Describe in detail the events surrounding the allegations in Paragraph 11 of the Complaint. Your response should include, but not be limited to, who was present, where the signing took place, and any other details to support your claim.

**Answer:** Subject to the General Objections, David Boshea was employed by Energizer, when John White approached David Boshea in or about March 2007 to solicit him to work for Compass Marketing. John White traveled to Naperville, Illinois at least twice in March 2007 to recruit David Boshea. The meetings covered a total of five to six days. John White delivered an email on April 1, 2007 (CM 0133), which David Boshea delivered to Compass Marketing's counsel by email on August 9, 2021 at 4:07 pm. In that email, John White stated:

Dave,

I know you very very well, and have been waiting a long time to be able to work beside you again. i' miss all the years of both fun and getting big things done. From working with Larry/Marty, to Mccready, to Sam ...

I can't wait to do this, think we will have a ton of fun and make lots of money! I agree they should work under you, but you should be certain they are on board with that. I'd be most worried about Jim or Arnie but you will have to measure that.

Also, you and I need to make sure we discuss an exit plan for you, even seperate

from me selling Compass. We need to respect that we are friends and that working together could possibly hurt our relationship (has not happened before but I was always working for you!!!!). I just want to define expectations up front so we limit the chances of getting on two different tracks, but I want us both to agree how we can spit if we need to so we can be certain to save our freindshlp.

Lets you and I plan on spending some time together. Dan may be coming out with me on Sunday (just for the night) if you want to meet or discuss anything with him. I can handle it and we now have a full time general counsel so they can write it all up to protect you and to clarify everything. I'll be real careful to both protect our friendship, and your family. Again, you may want to start part time until you feel secure on the revenue side:

Lets diuscuss this weekend. Can't wait to get started!

John

p.s. I want to see pictures of the vacation!

John White and David Boshea met in Naperville, Illinois on the following Sunday, April 8, 2007 at which time, John White discuss the terms of the exit plan discussed in the April 1, 2007 email that mirror the terms of the severance agreement. John White, as Compass Marketing's CEO, offered David Boshea the compensation package outlined in the document produced CM 0131-32. **David Boshea had several conversations with John and Dan White during April 2007 and May 2007 during which David Boshea and Compass Marketing agreed to the terms of David Boshea' employment, including the terms contained in the severance agreement attached to the complaint.** In addition, David Boshea shared his signed severance agreement with John Mancini to entice Mr. Mancini to join Compass Marketing.

…

David Boshea Response to Interrogatory No. 1 (Emphasis Supplied).

The response notified Compass of the existence of the oral contract.

Compass even examined David Boshea concerning his interrogatory response. On January 29, 2024, shortly before the trial, Compass deposed Boshea and inquired about the oral contract reflected in his interrogatory responses:

> Q. Okay. And [as read]: Offered David Boshea the compensation package outlined in the document produced, CM0131-32. David Boshea had several conversations with John and Dan White during April 2007 and May 2007 during which David Boshea and Compass Marketing agreed to the terms that David Boshea's employment, including the terms contained in the severance agreement attached to the complaint. Do you see that?
> A. Yes.
> Q. That's accurate?
> A. Yes.

January 29, 2024 Deposition of David J. Boshea at 66:11-23.

3

Boshea directly raised the issue of the oral contract when he sought leave to file his motion for summary judgment, explaining the oral contract met the standards under the statute of frauds. *See* Exhibit B to  David J. Boshea's Motion to Amend Scheduling Order and for Leave to File His Partial Motion for Summary Judgment under Fed.R.Civ.P. 16(B)(4) (CM/ECF 113-2). at Compass could not be surprised that David Boshea claimed an oral contract existed, given its receipt of the motion. Compass not only had the opportunity to respond to the motion, but it did also so. Thus, Compass had to read David Boshea's memorandum.

At the trial, which commenced on February 20, 2024, David Boshea's counsel, during his opening statement, told the jury that the contract could be oral or written. See Trial Transcript Vol I-27.

Even more on point, in a sidebar during the opening statement, Boshea's counsel advised the Court and Compass: "We're trying to streamline the case because it is a case about whether or not -- actually, whether the contract was signed or not doesn't even matter. They either had an agreement or they didn't have an agreement." See Trial Transcript Vol I-13.

During the trial, David and Julie Boshea both testified in detail that the parties agreed on the contract terms orally and went to dinner to celebrate. Similarly, David Boshea testified he went over the terms with John White after receiving multiple emails that outlined the terms and received a draft agreement. Subsequently, John White and David Boshea agreed on the terms. The agreement led to the celebration referenced above.

Finally, the jury instructions included instructions under which it could find the existence of an oral contract. No indication exists that the proofs were insufficient to show an oral contract rather than a written agreement since the jury awarded damages on the oral contract claim. If, as Compass admits in its motion:

4

> This is a case where the issues under consideration for retrial "are sufficiently
> distinct and separable." Indeed, as the Court noted in its Memorandum Opinion
> (ECF 275), "the elements of the two claims [meaning the breach of written
> contract claim and breach of oral contract claim] are *distinct*." *See* ECF 275 at
> 23 (emphasis added). Thus, on this basis alone, retrial solely on the breach of
> oral contract claim is proper (if the Court were to allow Boshea to amend his
> Complaint in the first place).

Compass Motion at 13. (CM/ECF 279.

Further, if the proofs are the same, why would the jury render a verdict in Boshea's favor on only the oral contract claim? The difference between the two is that only the written contract requires a writing.

While John White disputed the terms of the contract in his testimony, the emails he sent were authenticated, and he did not challenge the claim that the parties went to dinner at which they celebrated Boshea and Compass reaching an agreement.

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006). Notably, the cited materials are conjunctive. While admittedly, David Boshea moved during the trial; his motion did not require the gathering and analysis of any facts that Compass had not considered. Prejudice arises from surprise; however, Compass knew full well that David Boshea possessed an oral contract claim and would present it.

Despite receiving the interrogatory answer, questioning Boshea on that answer, hearing Boshea's counsel explain that Boshea could succeed during the sidebar, and listening to David and Julie Boshea's testimony on the oral agreement, Compass's counsel neither objected nor raised a concern regarding Boshea seeking to prove his oral contract claim. Further, Compass did not object

when counsel specifically referenced the oral contract claim in the sidebar before either party presented any testimony.

Thus, Compass misunderstands the holding in *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 783 F.3d 976, 983, 984 (4th Cir. 2015). In keeping with the holding in that case, Boshea introduced evidence at trial without objection that could potentially support his oral contract claim for breach of oral contract because the oral contract evidence differed from the evidence concerning Boshea's breach of written contract claim. An oral contract does not require a signed document – "whether the contract was signed or not doesn't even matter." See the Sidebar Statement above. The testimony that the parties reached an oral contract was not "germane" to Boshea's breach of written contract claim since the written contract claim relied on a signed writing. In contrast, an oral contract, by its nature, does not require a signed writing.

Boshea has met his burden under Maryland law. When John White, David Boshea, Julie Boshea, and Rebecca Boyd-Obarski went to dinner after Compass and Boshea agreed to their contract. Boshea worked for twelve years; he relied on John White's word to his detriment by working for Compass for 12 years. *Braude v. Robb*, 255 Md. App. 383, 398, 279 A.3d 1153, 1162 (2022).

While the Court comments on prejudice Compass suffered, no prejudice exists given the number of times David Boshea made it aware that an oral contract existed.

Given the number of times David Boshea raised the oral contract claim, Compass understood and impliedly consented to the trial of the oral contract issue. *See Feldman v. Pro Football, Inc.*, 419 F. App'x 381, 390 (4th Cir. 2011). Compass claims the Court does not have the authority to allow an amendment in the absence of Compass Marketing objecting to the evidence of an alleged oral contract at trial falls since Compass Marketing knew of David Boshea's

6

intentions and made no objection. Thus, the implied consent stated in F.R.C.P. Rule 15(b)(2) is evident.

When Boshea moved to amend his pleading to conform the pleadings to the proof before the jury retired, the Court analyzed the factors under F.R.C.P. Rule 15 and determined that it would permit the amendment since it would aid in presenting the merits and Compass, as the objecting party, failed to satisfy the Court that the evidence would prejudice Compass' defense on the merits. See F.R.CP. 15(b)(2). Compass did not seek to recall any witnesses or otherwise seek to recall any witnesses. On the contrary, the claim for an oral contract requires the same initial proof as a claim for a written contract. The difference being that the written contract claim concerned the authenticity of signatures.

As this Court noted, F.R.C.P. Rule 15(b)(2) allows David Boshea to move to amend at any time: "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue." August 7, 2024 Order at 22 (CM/ECF 275).

> Courts are permitted to grant amendments to the pleadings even during trial or at the close of evidence. *See, e.g., Pomer v. Schoolman*, 875 F.2d 1262, 1268 (7th Cir. 1989) ("The close of the evidence is awfully late in a lawsuit to move for an amendment to the complaint, unless the purpose is merely to conform the pleadings to the evidence; such an amendment is not untimely even if sought after judgment."); *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 598 (5th Cir. 1981) ("[M]ere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment. Amendment can be appropriate as late as trial or even after trial.").
>
> August 7, 2024 Order at 22 (CM/ECF 275).

7

David Boshea sought "merely to conform the pleadings to the evidence" so his motion was timely. *Id*.

A critical focus concerns prejudice suffered by the opposing party. While the Court mentioned prejudice in its order, Compass suffered none. The Fourth Circuit explained in *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006):

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." [*Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).] An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").
>
> *Id.* at 427.

As the Court stated, "However, because I believe that Boshea presented a viable claim for an oral contract, discussed infra, I shall deny Compass's request for entry of judgment under Rule 50. Instead, I shall grant Compass's motion for a new trial, pursuant to Rule 59." August 7, 2024 Order at 24 (CM/ECF 275).

### A NEW TRIAL ON ALL ISSUES IS APPROPRIATE

Setting a new trial on all issues eliminates Compass' concerns regarding confusion. The Court entered its order granting Compass' motion for a new trial; it did so to remedy any confusion. As Compass notes,"…a new trial can be limited to any 'separable matter[].' 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2814 (2d ed. 1995); *see also, e.g.*, *Atlas Food Sys. & Serv., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 599 (4th Cir. 1996). However, the Court's discretion is not so limited, as the *Atlas* court uses the word "can," not must be limited. While Compass says it only sought a retrial on the oral contract issue, none of the cases cited limit this

Court's discretion to retry both the oral and written contract claims. Thus, a court has the discretion to order a new trial on some or all issues. "The authority to grant a new trial, moreover, is confided almost entirely to the exercise of discretion on the part of the trial court. Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S. Ct. 188, 191, 66 L. Ed. 2d 193 (1980)(quoting *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666, 98 S.Ct. 2552, 2559, 57 L.Ed.2d 504 (1978) (plurality opinion). Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is "clear and indisputable." *Atlas Food Systems and Services, Inc. v. Crane Nat. Vendors, Inc.*, 99 F.3d 587 (1996)). This authority is explicitly provided for by rule. Specifically, the F.R.C.P. Rule 59, which  states that a court may, on motion, grant a new trial on all or some of the issues to any party. While Compass argues the issues are distinct, the exposition of all evidence and all claims will allow a new jury the ability to understand the parties' relationship.

By granting a new trial on all issues, this Court eliminates any chance of prejudice. The court in *Johnson v. Oroweat Foods Co.*, 785 F.2d 503 (4th Cir. 1986) stated,

> Since the case must be remanded for a new trial, we need not determine whether the district court erred in finding that a grant of leave to amend would have resulted in prejudice to Oroweat. Circumstances will be quite different, with a new trial not so imminent. A prompt request repeating the application for leave to amend could hardly merit the description as prejudicial. It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial. *See Roberts v. Arizona Board of Regents,* 661 F.2d 796, 798 (9th Cir.1981); *Lyons v. Board of Ed. of Charleston,* 523 F.2d 340, 348 (8th Cir.1975); *Head v. Timken Roller Bearing Co.,* 486 F.2d 870, 873 (6th Cir.1973).
>
> *Id.*, 785 F.2d  at 510

Given the substantial amount of time Compass will have to prepare for trial, it suffers no prejudice by the Court's order allowing a trial on all matters.

### FURTHER EXPERT DISCOVERY ALLOWS FOR A FULL AIRING OF ALL MATTERS

Allowing further expert discovery will allow for a full examination of the handwriting issue. As Donna Eisenberg noted, the exemplars she received were of poor quality, which limited her ability to provide a fulsome response. Compass has not provided a reference to any published opinions that prevent this Court from reopening discovery to allow for a complete review of the handwriting issue. As the Court noted, Compass chose not to depose Donna Eisenberg.

> Compass complains that if it had known about the Surrebuttal Report, it would have deposed Eisenberg and prepared differently for the trial. ECF 255 at 25. The defendant's suggestion that disclosure of an additional expert report would have led defendant to depose the plaintiff's expert, when it otherwise had not done so, is dubious. This is particularly so when the additional report reached the exact same conclusion that was set forth in the original expert report.

August 7, 2024 Order Footnote 14 at 40 (CM/ECF 275).

WHEREFORE, David J. Boshea respectfully requests this Court deny Compass Marketing, Inc.'s Motion for Reconsideration of Order Denying Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for Reconsideration of Order Granting a New Trial, and for other just relief.

Dated:  September 26, 2024                    Respectfully submitted,

                                              /s/ Gregory J. Jordan
                                              Gregory J. Jordan (Admitted Pro Hac Vice)
                                              Jordan & Zito LLC
                                              350 N. LaSalle Street, Suite 1100
                                              Chicago IL 60654
                                              (312) 854-7181
                                              gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

**CERTIFICATE OF SERVICE**

Gregory Jordan certifies that he served David J. Boshea's Response in Opposition to Compass Marketing, Inc.'s Motion for Reconsideration of Order Denying Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for Reconsideration of Order Granting a New Trial through the Court's CM/ECF system to stern@kaganstern.com, and hayden@kaganstern.com on September 26, 2024.

/s/   Gregory J. Jordan
Gregory J. Jordan