**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| *Plaintiff*, | * | |
| | * | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| **COMPASS MARKETING, INC.** | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT COMPASS MARKETING, INC.'S REPLY TO PLAINTIFF**
**DAVID J. BOSHEA'S RESPONSE IN OPPOSITION TO DEFENDANT COMPASS**
**MARKETING, INC.'S MOTION FOR RECONSIDERATION OF ORDER DENYING**
**RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE**
**ALTERNATIVE, MOTION FOR RECONSIDERATION OF ORDER GRANTING A**
**NEW TRIAL ON ALL CLAIMS**

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Reply to the Response in Opposition to Compass Marketing's Motion for Reconsideration of Order Denying Renewed Motion for Judgment as Matter of Law, or, in the Alternative, Motion for Reconsideration of Order Granting a New Trial on All Claims ("Opposition") filed by Plaintiff David J. Boshea ("Boshea").

As explained in greater detail below and in Compass Marketing's Motion to Reconsider, the Court erred as a matter of law when it allowed Boshea to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(b)(1) or 15(b)(2), and Boshea's Opposition does not provide any lawful basis to deny Compass Marketing's Motion to Reconsider in this regard. As a result, the Court should reconsider its August 7, 2024 Order (ECF 276) permitting Boshea to amend his Complaint, as any amendment of Boshea's Complaint at this late juncture should not be permitted, and judgment as a matter of law should be entered for Compass Marketing and against Boshea

with regard to Boshea's breach of oral contract claim (in which case there would be no need for a new trial because the jury's verdict with respect to Boshea's written contract claim would be sustained).  Alternatively, in the event the Court permits the late and prejudicial amendment, the Court should reconsider its Order and limit the scope of the new trial only to the breach of oral contract claim (and Boshea's wage payment claim to the extent it is premised solely on an oral contract theory), in which case it would be unnecessary to reopen expert discovery.

## ARGUMENT

## I.   COMPASS MARKETING DID NOT CONSENT TO BOSHEA TRYING A BREACH OF ORAL CONTRACT CLAIM

Boshea erroneously argues that Compass Marketing consented to Boshea's breach of oral contract claim "through its actions."  *See* ECF 285 (Opposition) at 2.  Boshea asserts that he "informed Compass [Marketing] of his oral contract claim several times, including more than once before trial."  *See id.*  This assertion is unfounded and unsupported by the record.

In a failed attempt to support his assertion, Boshea references an excerpt from his Answers to Interrogatories that were served on September 20, 2021.  Boshea points to one answer in which he stated that "David Boshea had several conversations with John and Dan White during April 2007 and May 2007 during which David Boshea and Compass Marketing agreed to the terms of David Boshea's employment, including the terms contained in the severance agreement attached to the Complaint."  *See* ECF 285 at 3 (emphasis omitted).  Boshea now contends that "[t]his response notified Compass [Marketing] of the existence of the oral contract."  *See id.*  Boshea's contention, however, is belied by the Second Amended Complaint (the operative Complaint at the time) he filed just six (6) days earlier, in which he unequivocally asserted his claims were based solely on an alleged written agreement.  The very first paragraph of that Second Amended Complaint clearly and unambiguously stated: "Boshea has initiated this diversity action to recover

unpaid sums owing to him *under an agreement titled 'Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation*.'" *See* ECF 48 (Second Amended Complaint) at ¶ 1 (emphasis added). Additionally, the Second Amended Complaint specifically alleged that Compass Marketing "extended a written offer of employment to Boshea" and, in May 2007, "Boshea and the Defendant signed the Agreement." *See id.* at ¶¶ 10-11. Meanwhile, conspicuously absent from the Second Amended Complaint is any reference to any alleged oral contract. *See generally* ECF 48. If Boshea wanted to change his theory upon serving his Answers to Interrogatories just six days after filing his Second Amended Complaint, Boshea would have moved to amend the Second Amended Complaint to include a breach of oral contract claim, but he did not. Instead, Boshea now contends that Compass Marketing should have ignored the terms of the Second Amended Complaint he filed just six days earlier and surmised from a single, vague statement in his Answers to Interrogatories – a statement that does not allude to any oral contract and, at best, only identifies alleged negotiations related to his alleged written contract – that Boshea meant to include a breach of oral contract claim in his Second Amended Complaint (even though he himself did not include such a claim or later seek to amend the Complaint to include such a claim prior to trial). This is nonsensical and illogical.

Boshea next asserts that Compass Marketing consented to Boshea's breach of oral contract claim because it asked him about his Answers to Interrogatories at his deposition, but it is unclear how that should have put Compass Marketing on notice that Boshea was pursuing a breach of oral contract claim against Compass Marketing. As the Court has noted, "[t]he purpose of a discovery deposition is to discover information." *Payne Inc. v. Bore Express, Inc.*, Civil No. 1:21-cv-00048-JMC, 2023 U.S. Dist. LEXIS 148966, *4 (D. Md. Aug. 22, 2023) (internal citation omitted). To that end, Boshea of course was asked about his Answers to Interrogatories during his deposition,

but that does not in any way demonstrate that Compass Marketing consented to try a purported breach of oral contract claim.  As the Fourth Circuit has found, "a complaint is not amended  by facts contained in responses to interrogatories."  *Jedrowicz v. Giant Foods, Inc.*, No. 99-2219, 2000 U.S. App. LEXIS 11981, at *2-3 (4th Cir. May 31, 2000) (citing *Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 775 (4th Cir. 1991)).

Next, Boshea bizarrely asserts that Compass Marketing consented to try his potential breach of oral contract claim because he mentioned it in a proposed motion – a motion that this Court ruled did not even require a response from Compass Marketing.  This argument fails for multiple reasons.  First, Boshea did not mention the oral contract claim in the motion that was actually pending before the Court, which was the motion for leave to file a motion for summary judgment.  He mentioned it only in the proposed motion for summary judgment that he was seeking permission from the Court to file, and the Court denied his motion for leave, ruling that Compass Marketing did not have to respond to the proposed motion for summary judgment.  Second, Boshea "[was] bound by the allegations contained in [his] complaint and [could not], through the use of motion briefs, amend the complaint."  *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748, n.4 (D. Md. 1997).  Boshea's untimely motion for summary judgment that is not even deemed filed with the Court and that supposedly put Compass Marketing on notice of a potential breach of oral contract claim is of no consequence because the purported breach of oral contract claim was not a claim in the original or amended complaints.  Indeed, Compass Marketing had no duty to respond to potential claims that were not filed with the Court.  *See Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with FED. R. CIV. P. 15(a).  A plaintiff may not amend [his] complaint through argument in a brief opposing

summary judgment.") (citation omitted).  Moreover, the mere mention of a potential breach of oral contract claim in the untimely motion to which Compass Marketing had no obligation to respond does not mean an oral contract claim necessarily will be presented at trial.

Boshea also cites his counsel's sidebar remark that "whether the contract was signed or not doesn't even matter."  *See* ECF 285 at 4.  That comment about the written contract did not put the Court or Compass Marketing on notice that Boshea wanted to try an unpleaded oral contract claim. Boshea bore the burden of clearly notifying Compass Marketing of the claims it would need to defend against at trial; it was not Compass Marketing's burden to discern whether Boshea may have been subtly hinting at a potential claim that he neglected to plead in the original or amended complaints.  Indeed, the cited statement could mean lots of things that do not even remotely approach a purported oral contract claim was at issue and it is not Compass Marketing's duty to speculate.  Notably, Boshea's counsel did not ask for leave to amend the Second Amended Complaint at the time of this alleged assertion.  Similarly, any reference to an alleged oral contract during Boshea's opening statement did not put Compass Marketing on notice that Boshea was seeking to prove there was an oral contract independent of the forged written document.

Likewise, testimony by Boshea and Julie Boshea about alleged oral conversations did not put Compass Marketing on notice that Boshea intended to pursue an unpleaded claim for breach of oral contract.  Boshea argues that "the oral contract evidence differed from the evidence concerning Boshea's breach of written contract claim."  *See* ECF 285 at 6.  This assertion is simply untrue and ignores the Court's finding on this very issue explaining why Compass Marketing had no reason to object to the testimony.  In this regard, the referenced testimony could potentially support Boshea's breach of written contract claim (i.e., the claim that was pending before the Court in the operative Complaint), which is what Compass Marketing understood the evidence was being

offered to prove.  The Court specifically found that "[t]he evidence adduced by [Boshea] in support of the written Agreement included events that preceded the alleged execution of the written Agreement, on which [Boshea] relies with respect to the establishment of a claim for an oral contract" and Compass Marketing "had no reason to challenge alleged shortcomings in the proof of an oral contract."  *See* ECF 275 at 23.  The overlapping nature of the purported evidence necessarily is fatal to Boshea's argument, as the Fourth Circuit has explained that, although "admission without objection of evidence related to the unpled claim *may* be an indicium of implied consent to trial of that claim[,]" *see Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 783 F.3d 976, 984 (4th Cir. 2015) (emphasis added), "if that evidence is also 'germane' to claims expressly in the pleadings, its admission '*cannot be treated as implied consent*' to trial of the unpled claim." *Id.* (quoting *McLeod v. Stevens*, 617 F.2d 1038, 1040-41 (4th Cir. 1980)) (emphasis added).[1]

While the evidence of negotiations was directly pertinent to Boshea's written contract claim, as the Court found, it also was germane and directly pertinent to Compass Marketing's theory of the case it has relied on since the inception of this litigation.  At issue in this case, at least as Compass Marketing (and the Court) understood at the inception of the trial, was whether Compass Marketing and Boshea entered into a written agreement.  Compass Marketing has always maintained the signature of Compass Marketing's CEO was forged.  *See* ECF 125-2 (Defendant Compass Marketing, Inc's Answers to Plaintiff David J. Boshea's First Set of Interrogatories) at 8; *see also* ECF 14 (Defendant Compass Marketing, Inc.'s Answer to Plaintiffs' Complaint for Breach of Contract) at p. 7 (Sixth Affirmative Defense); ECF 53 (Defendant Compass Marketing, Inc.'s Answer to Plaintiff's Second Amended Complaint) at p. 8 (Fifth Affirmative Defense).  It

---

[1] It bears noting that the term "may" by definition is permissive and not mandatory, while the term "cannot" is mandatory and precludes a specific outcome.

was imperative that Compass Marketing elucidate the circumstances under which Boshea claimed that John White allegedly signed the purported written agreement. As such, testimony regarding the details about the supposed circumstances surrounding when and how John White signed the written agreement, which included testimony about the parties' discussions, was germane to Compass Marketing's defense that Boshea (or someone else) forged John White's signature.

Boshea further argues that when he moved to amend his pleading, "Compass did not seek to recall any witnesses or otherwise seek to recall any witnesses." *See* ECF 285 at 7. This straw-man argument completely disregards the fact that both parties had rested, and Compass Marketing was making its motion for judgment at a matter of law. Thus, there was no recalling any witnesses at that point without reopening the case and further extending the trial (which already had been extended beyond its original schedule in large part due to Boshea's surprise use of Donna Eisenberg's supplemental report).[2]

Clearly, Compass Marketing never consented to a trial that included a breach of oral contract claim and, as this Court found, Compass Marketing was prejudiced by the late amendment. The Court expressly found that "Boshea engaged in trial by ambush[,]" and turned "[t]rial in federal court [into] a game of 'gotcha.'" *See* ECF 275 (Memorandum Opinion) at 21 and 23.[3] As the Court noted, Boshea supported his belated "claim of an oral contract" by relying on evidence "adduced by [Boshea] in support of the written Agreement . . . that preceded the alleged execution of the written Agreement." *See* ECF 275 at 23. But "Compass had no reason

---

[2] Boshea's argument in this regard further illustrates the theme of several arguments he has made in this case – to place the onus on Compass Marketing to remedy the shortcomings in Boshea's case/arguments.

[3] The "game of gotcha" and "trial by ambush" characterizations not only refer to Boshea's extraordinarily late and prejudicial attempt to amend his Complaint, but also his failure to disclose the supplemental report prepared by Donna Eisenberg, which Compass Marketing only discovered by happenstance while Ms. Eisenberg was testifying at trial. Such trials by ambush are highly disfavored. *See, e.g.*, *Dank v. Shinseki*, 374 F. App'x 396 (4th Cir. 2010) (finding Boshea's counsel improperly filed a late amended complaint).

to challenge the alleged shortcomings in the proof of an oral contract" at trial because Boshea's claims all were based on an alleged written contract, as expressly alleged in the Second Amended Complaint. *See id.* Furthermore, the Court "barred Compass from introducing the 2007 Memo" but "may have well ruled otherwise if [the Court] knew of Boshea's [unpled] oral contract claim." *Id.* In addition, Compass Marketing's "defense of the statute of frauds" was "briefed only on the fly" because Boshea had not pled an oral contract claim, and "the parties never addressed the statute of frauds in connection with the MWPCL claim." *Id.* at 24. As the Court held, "allowing Boshea to amend his suit after the presentation of evidence, to add an oral contract claim, resulted in a miscarriage of justice." *Id.* The prejudice to Compass Marketing is undeniable.

Lastly, Boshea did not cite any cases where implied consent was found to permit a late amendment under Rule 15. Such findings are seldom, if ever, made. *See, e.g.*, *Feldman v. Pro Football, Inc.*, 419 F. App'x 381 (4th Cir. 2011) ("[A]lthough 'a party's failure to object to evidence regarding an unpleaded issue may be evidence of implied consent to trial of an issue, it must appear that the party understood the evidence was introduced to prove the unpleaded issue.' There is no indication of such an understanding on this record."); *Dan Ryan Builders*, 783 F. 3d at 983 ("[A party]'s single reference to a breach of the slope fill contract in its pre-trial memorandum does not constitute consent."); *St. Annes Dev. Co., LLC v. Trabich*, CIVIL NO.: WDQ-07-1056, 2012 U.S. Dist. LEXIS 4323, at *22, n. 22 (D. Md. Jan. 13, 2012) (finding that even if a defendant failed to object to evidence of an unpleaded claim, the court "would not infer [defendant's] consent" because "[plaintiff] is not entitled to amend his complaint because evidence that proved properly pleaded claims . . . also tended to prove an unpled claim"); *Steves & Sons, Inc. v. JELD-WEN, Inc.*, Civil Action No. 3:16-cv-545, 2018 U.S. Dist. LEXIS 168504, at *37-38 (E.D. Va. Sep. 28, 2018)

("Although [plaintiff] noted [defendant's] refusal to negotiate [at trial], more is needed to show [defendant's] implied consent to trial on an unpled claim than failing to object to a single remark.").

For the above-stated reasons, it constitutes an error of law to allow Boshea to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(b)(2).[4]  Accordingly, the Court should not allow Boshea to amend his Complaint pursuant to Rule 15(b)(2), it should strike the Third Amended Complaint, and it should enter judgment as a matter of law in favor of Compass Marketing.  Upon such a ruling, this case will be concluded, and final judgment should be entered for Compass Marketing because the jury's verdict in favor of Compass Marketing on Boshea's breach of an alleged written contract would remain intact and stand.

## II.     ALTERNATIVELY, IF THE COURT ALLOWS BOSHEA'S LATE AND PREJUDICIAL AMENDMENT, THE COURT SHOULD GRANT A NEW TRIAL ONLY ON BOSHEA'S BREACH OF ORAL CONTRACT CLAIM

Alternatively, if the Court were to deny Compass Marketing's request to enter judgment as a matter of law in its favor with respect to Boshea's attempt to amend his Complaint and include a claim for breach of a purported oral contract, which it should not, the Court should leave intact the jury's verdict in favor of Compass Marketing on Boshea's written contract claim and order a new trial solely on the oral contract claim (and the related/overlapping wage payment claim, as limited by the Court's August 7, 2024 Memorandum Opinion).

Although Boshea never identified any flaw in the jury's rejection of his written contract claim, he argues that the Court should nevertheless order a new trial on those claims for just one reason: to "allow a new jury the ability to understand the parties' relationship."  *See* ECF 285 at 9. Boshea's argument is illogical.  Whether this Court admits evidence about the parties' relationship to prove a supposed oral contract is independent of whether Boshea should get a second bite at the

---

[4] Boshea appears to have conceded that amendment under Rule 15(b)(1) is not proper, as Boshea raises only Rule 15(b)(2) arguments in his Opposition.

apple on his failed written contract claim.  To retry that claim, for that reason no less, would be terribly unfair to Compass Marketing.  Boshea had a full and fair  opportunity to prove his alleged breach of written contract claim the first time, and the jury found that he failed to prove his case. The jury's unanimous conclusion that Boshea failed to prove the existence of the alleged written contract is fatal to the claim he chose to pursue and, to the extent the Court orders a new trial, the new trial should be limited only to the breach of oral contract claim (and the overlapping wage payment claim).

Furthermore, as Compass Marketing noted in its Motion to Reconsider, "the propriety of granting a new trial on fewer than all of the issues in a case hinges on whether the issues to be retried are sufficiently 'distinct and separable from the others that a trial of [those issues] alone may be had without injustice.'"  *Atlas Food Sys. & Servs. v. Crane Nat'l Vendors*, 99 F.3d 587, 599 (4th Cir. 1996) (quoting *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931)).  The Court already found that "the two claims [the written and oral contract claims] are distinct."  *See* ECF 275 at 23.  Requiring Compass Marketing to retry a distinct claim that was fully litigated and resulted in a favorable jury verdict would be a grave injustice.  *See Atlas Food*, 99 F.3d at 599 (quoting *Great Coastal Express, Inc. v. International Brotherhood of Teamsters*, 511 F.2d 839, 846-47 (4th Cir. 1975)) ("Considerations of economy, fairness, and repose may provide justification for preserving a jury's liability determination that has been fairly and fully made . . .").

## **CONCLUSION**

For the foregoing reasons, and the reasons in the Motion to Reconsider, Compass Marketing respectfully requests that the Court reconsider its August 7, 2024 Order denying Compass Marketing's Renewed Motion for Judgment as a Matter of Law.  The Court erred by

allowing Boshea to amend his Complaint after the close of evidence at trial and, likewise, it would be error to allow Boshea to amend his Complaint after the trial in this case. Therefore, consistent with the jury's verdict, the Court should enter judgment for Compass Marketing and against Boshea on Boshea's written contract claim and the Court should deny Boshea's motion to amend the Complaint, eliminating the need for a new trial. Alternatively, if the Court allows Boshea's highly prejudicial late amendment, notwithstanding the amendment's failure to satisfy the requirements of Rule 15, Compass Marketing respectfully requests that the Court reconsider its August 7, 2024 Order and limit the new trial to the breach of oral contract claim (and the related/overlapping wage payment claim, as limited by the Court's August 7, 2024 Memorandum Opinion) without reopening expert discovery.


Dated:  October 10, 2024                         Respectfully submitted,

                                                 */s/Stephen B. Stern*
                                                 Stephen B. Stern, Bar No.: 25335
                                                 Shannon M. Hayden, Bar No.: 30380
                                                 KAGAN STERN MARINELLO & BEARD, LLC
                                                 238 West Street
                                                 Annapolis, Maryland 21401
                                                 (Phone): (410) 216-7900
                                                 (Fax):  (410) 705-0836
                                                 Email:  stern@kaganstern.com
                                                 Email:  hayden@kaganstern.com

                                                 *Counsel for Defendant*
                                                 *Compass Marketing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October, 2024, the foregoing Defendant Compass Marketing, Inc.'s Reply to the Response in Opposition to Compass Marketing's Motion for Reconsideration of Order Denying Renewed Motion for Judgment as Matter of Law, or, in the Alternative, Motion for Reconsideration of Order Granting a New Trial on All Claims was served via the CM/ECF system on the following counsel of record:

Thomas J. Gagliardo
Gilbert Employment Law, PC
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Email: tgagliardo@gelawyer.com

Gregory J. Jordan
Mark Zito
Jordan & Zito, LLC
350 N. LaSalle Drive, Suite 1100
Chicago, Illinois 60654
Email: gjordan@jz-llc.com

*Attorneys for Plaintiff*
*David Boshea*

/s/ Stephen B. Stern
Stephen B. Stern