IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DAVID J. BOSHEA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| | * | |
| **COMPASS MARKETING, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION *IN LIMINE* TO ALLOW DAVID J. BOSHEA TO ALLOW EVIDENCE AND ARGUMENT TO ENFORCE THE MULTI-YEAR SEVERANCE PROVISION**

David Boshea moves *in limine* for an Order allowing him to present evidence and argument showing he may enforce the multi-year severance provision in the employment agreement between the parties. In support, David Boshea states:

### INTRODUCTION

The question before the Court concerns whether David Boshea may seek to recover more than one year's severance if the jury finds that David Boshea and Compass Market, Inc. entered into an oral employment agreement Through this motion *in limine*, David Boshea asks the Court to order as a matter of law that the Statute of Frauds does not limit his recovery of the full $540,000 in severance.

### THIS MOTION IS PROPERLY PRESENTED

As this Court has identified the purpose of motions in *limine*,

> Motions in limine help to streamline a case, because such motions "enable( ) a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.' " *INSLAW, Inc. v. United States*, 35 Fed. Cl. 295, 303 (1996) (citation omitted); *see Changzhou Kaidi Elec. Co., Ltd. v. Okin America, Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (motions in limine "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.' " (internal quotation omitted)).

*Norris v. PNC Bank, N.A.*, No. CV ELH-20-3315, 2022 WL 5054099, at *2 (D. Md. Oct. 4, 2022).

Granting this motion will expedite the determination of evidentiary issues before trial and streamline the testimony presented.

### THE MARYLAND STATUTE OF FRAUDS LIMITS THE ENFORCEMENT OF CONTRACTS THAT CANNOT BE PERFORMED IN ONE YEAR

Maryland Statute of Frauds, C.J. § 5-901, titled "Executory contracts," provides (emphasis added):

> Unless a contract or agreement upon which an action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged or another person lawfully authorized by that party, an action may not be brought:
>
> (1) To charge a defendant on any special promise to answer for the debt, default, or miscarriage of another person;
>
> (2) To charge any person on any agreement made on consideration of marriage; or
>
> (3) On any agreement that is not to be performed within 1 year from the making of the agreement.
>
> *Id.*

Generally, the Maryland statute of frauds bars the enforcement of a contract that cannot be performed within one year unless the agreement "or some memorandum or note of it, is in writing and signed by the party to be charged." *Salisbury Bldg. Supply Co. Inc. v. Krause Marine Towing Corp.*, 162 Md. App. 154, 160, 873 A.2d 452, 456 (2005) (citing C.J. § 5-901(3) and *General Federal Construction, Inc. v. James A. Federline, Inc.*, 283 Md. 691, 693, 393 A.2d 188 (1978)).

### DAVID BOSHEA WAS AN AT WILL EMPLOYEE WHOSE EMPLOYMENT COMPASS COULD TERMINATE AT ANY TIME

David Boshea contends that he and John White, on Compass' behalf, agreed to an employment agreement, both orally and in writing. Without regard to whether they signed the contract, the parties' agreement contained the terms outlined in the Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition attached as Exhibit A.

Article 6 of the agreement provided:

> If Employee's employment is terminated by COMPASS for any reason other than Cause Employee shall receive severance payments totaling $180,000 (one hundred and eighty thousand U.S. dollars) which will be divided into twenty-four payments and will commence with the Employee's effective date of termination and shall be made in accordance with COMPASS's normal payroll cycle. The period during which Employee receives severance payments shall be referred to as the "Severance Pay Period." Severance will increase one month for every month employed to a maximum severance of $540,000.
>
> …
>
> If Employee is terminated by COMPASS for reasons other than CAUSE, Employee will receive the severance payments during the Severance Pay Period even if Employee commences other employment during such period provided such employment does not violate the terms of Article 1, 2, 3 and 4 of this Agreement.

Employment Agreement, Article 6 at p. 3-4.

As noted above, a party generally cannot enforce a contract that cannot be performed in one year absent the agreement "or some memorandum or note of it, is in writing and signed by the party to be charged." *Salisbury Bldg. Supply Co. Inc. v. Krause Marine Towing Corp.*, 162 Md. App. 154, 160, 873 A.2d 452, 456 (2005) (citing C.J. § 5-901(3) and *General Federal Construction, Inc. v. James A. Federline, Inc.*, 283 Md. 691, 693, 393 A.2d 188 (1978)). However, the general rule does not apply in this case since no doubt exists that the agreement could have been performed within the initial year. Specifically, the agreement allowed Compass to terminate David Boshea at any time for or without cause. Thus, under Maryland law, David Boshea was an at-will employee. "In Maryland, an employment contract of indefinite duration is considered employment "at will" which, with few exceptions, may be terminated without cause by either party at any time." *Castiglione v. Johns Hopkins Hosp.*, 69 Md. App. 325, 338, 517 A.2d 786, 792 (1986); *see also Adler v. Am. Standard Corp.*, 291 Md. 31, 35, 432 A.2d 464, 467 (1981); *Molesworth v. Brandon*, 341 Md. 621, 628–29, 672 A.2d 608, 612 (1996).

3

In *Griffith v. One Inv. Plaza Associates*, 62 Md. App. 1, 5, 488 A. 2d 182, 183 (1985), the parties entered into an oral agreement, terminable at will by either party, in which neither party alleged a term of employment. The *Griffith* court determined that the parties' oral contract constituted a contract of indefinite duration. In discussing when the Statute of Frauds barred a claim, the court noted that "there are two sets of circumstances under which the one-year provision of the Statute of Frauds will bar a claim. One occurs when the parties " 'expressly and specifically' agreed that their oral contracts were not to be performed within one year." *Id.* at 5, 184 (quoting *Sun Cab Co. v. Carmody*, 257 Md. 345, 350, 263 A. 2d 1 (1970)). "The other occurs when it is impossible by the terms of the contract for it to be performed fully within one year." *Griffith*, at 5, 184.

Under Subsection (3) of § 5-901, an enforceable contract exists if the parties can possibly perform it within one year from the date of contracting, whether or not it is not in writing.

> First, Maryland law is clear that § 5-901 does not apply "when a contract can be completed within the span of a year by *any* possibility, even if the parties intended for the contract to extend for a longer period of time." *Lacy v. Arvin*, 140 Md. App. 412, 429 n.5 (2001) (emphasis in original). *See also Pitman v. Aran*, 935 F. Supp. 637, 648 (D. Md. 1996) ("Maryland courts have strictly applied the 'one year' provision of the Statute of Frauds, whereby the statute will not apply where the contract can, by any possibility, be fulfilled or completed in the space of a year.") (cleaned up).
>
> *Pearson v. Sharpe*, No. 1504, Sept. term, 2020, 2022 WL 1498734, at *4 (Md. Ct. Spec. App. May 12, 2022).

In *Pearson*, the defendant asked to borrow $71,422.74 from the plaintiff, Pearson, to be repaid in installments of $1,500.00 per month. While the agreement contemplated payments over almost 48 months, the court noted that the defendant could have paid Pearson within one year and, therefore, held the Statute of Frauds did not bar her recovery.

The Restatement (Second) of Contracts § 130 (1981) explains that the Statute of Frauds does not prevent the enforcement of Compass' promise to pay the full severance.

4

§ 130 Contract Not to Be Performed Within a Year

- (1) Where any promise in a contract cannot be fully performed within a year from the time the contract is made, all promises in the contract are within the Statute of Frauds until one party to the contract completes his performance.

- (2) When one party to a contract has completed his performance, the one-year provision of the Statute does not prevent enforcement of the promises of other parties.

Restatement (Second) of Contracts § 130 (1981)

First, the parties could have performed the contract within the first year. Had Compass terminated David Boshea on the second day of his employment, Compass would have owed $180,000 to David Boshea. If Compass had refused to pay the severance, the Statute of Frauds would not have prevented David Boshea from enforcing the contract.

Compass employed David Boshea from 2007 to 2020. Without a doubt, if the jury determines that the parties signed the employment agreement, Compass owes David Boshea $540,000 in severance. If the jury finds the employment agreement was oral, the question arises as to whether the Statute of Frauds bars David Boshea from receiving the full severance amount rather than severance for only the first year. The Restatement (Second) of Contracts § 130 comment states that contracts of indefinite duration fall entirely outside the Statute of Frauds:

> *a. Possibility of performance within one year.* The English Statute of Frauds applied to an action "upon any agreement that is not to be performed within the space of one year from the making thereof." The design was said to be not to trust to the memory of witnesses for a longer time than one year, but the statutory language was not appropriate to carry out that purpose. The result has been a tendency to construction narrowing the application of the statute. **Under the prevailing interpretation, the enforceability of a contract under the one-year provision does not turn on the actual course of subsequent events, nor on the expectations of the parties as to the probabilities. Contracts of uncertain duration are simply excluded; the provision covers only those contracts whose performance cannot possibly be completed within a year**.

Restatement (Second) of Contracts § 130 (1981)(Emphasis supplied).

The bolded portion of the Restatement speaks directly to the issue here.

5

The Restatement also contains an illustration concerning an employment contract that goes well beyond the situation in this lawsuit.

**Illustrations:**

- 2. A orally promises to work for B, and B promises to employ A during A's life at a stated salary. The promises are not within the one-year provision of the Statute, since A's life may terminate within a year.

Restatement (Second) of Contracts § 130 (1981).

### BOSHEA CAN COLLECT MORE THAN ONE YEAR OF DAMAGES UNDER THE EMPLOYMENT AGREEMENT'S MULTI-YEAR SEVERANCE PROVISION

Even though this Court previously determined the Statute of Frauds does not apply to the employment agreement between Boshea and Compass Marketing because it is possible for it to have been performed within a year, Boshea may enforce the multi-year severance provision in the contract. Although there does not appear to be any case law in Maryland on this issue, Boshea looked to other jurisdictions to determine whether he was entitled to enforce the multi-year severance provision because the Statute of Frauds does not apply to the employment agreement.

David Boshea and Compass entered into an executory contract that continued unless Compass terminated David Boshea either for or without cause. After he worked for Compass nearly thirteen years, Compass terminated David Boshea without cause. Since David Boshea worked beyond the three years required to vest in the full severance amount contained in the employment agreement, he is entitled to full payment even if the parties' contract was oral. "[T]he Statute of Frauds is a bar only to proof of executory, that is unperformed, contracts and is not a bar to proof of executed contracts." *Aldape v. State*, 98 Idaho 912, 913, 575 P.2d 891, 892 (1978). Since David Boshea worked at Compass from 2007 to 2020, and Compass terminated his employment, the parties no longer had an executory contract.

The decision in *Zulke v. AC&DC Power Technologies*, LLC, 356 Ga. App. 299, 846 S.E.2d 624 (2020) is instructive since it concerns facts that correlate to those present here. A former

6

employee brought an action against his former employer for breach of an employment contract. The plaintiff, Zulke, sought to enforce the incentive and severance terms in his oral employment agreement under which the parties had performed for more than a year. Zulke's employment was for an indefinite duration, with both sides contemplating that he could be terminated for any reason during the first year.

'The *Zulke* court found that because the employment agreement was for an indefinite duration, the contract was terminable at will, and therefore, Georgia's Statute of Frauds did not prohibit its enforcement. The Georgia law provides: " 'Any agreement that is not to be performed within one year from the making thereof' must be in writing and signed by the party to be charged in order to be binding on the promisor." *Id.* at 300, 626 (quoting *Parker v. Crider Poultry*, 275 Ga. 361, 361 (1) n. 1, 565 S.E.2d 797, 798 (2002)). The *Zulke* court found that it is of no consequence if the employment lasts several years as long as there is some possibility the parties could have performed the contract within a year. *Id.* at 300, 626. The *Zulke* court also found that even if the agreement contains contingencies lasting more than one year, it is still enforceable if it could have possibly been performed within one year. "The fact that some contingencies in a contract, such as the second and third-year incentives in this agreement, might not come to pass if the contract is terminated within a year does not mean that the contract containing such contingencies is unenforceable." *Id.*

The *Zulke* court quoted Williston on Contracts (4th ed.), § 24:3, which set forth the black letter law on the issue of enforcing contacts, such as the Compass – David Boshea agreement:

> Williston puts the same matter this way:
>
>> It is well settled that the oral contracts made unenforceable by the statute because they are not to be performed within a year include *only* those which *cannot* be performed within that period. A promise which is not likely to be performed within a year, and which in fact is not performed within a year, is not within the

> statute if at the time the contract is made there is a possibility in law and in fact that full performance such as the parties intended may be completed before the expiration of a year. Moreover, *the fact that an at-will contract of employment actually lasts several years does not bring the contract within the statute, since either party could put an end to the contract within one year, and the contract would thereby be fully performed.*
>
> *Zulke*, 356 Ga. App. at 301, 846 S.E.2d at 627. (quoting Williston on Contracts (4th ed.), § 24:3 (Footnotes omitted; emphasis supplied.)

Similarly, in *Vernon v. Assurance Forensic Accounting, LLC*, 333 Ga. App. 377, 774 S.E.2d 197 (2015), a former employee sued his former employer for breach of contract, seeking unpaid commissions under a severance agreement. The *Vernon* court found that the oral compensation agreement between the parties was not subject to the Statute of Frauds because it was capable of being performed within one year even though the payment of severance did not begin within a year of making the agreement. *Id.* at 387, 208. The *Vernon* court found that the agreement immediately went into effect when the parties agreed to it, and the parties agreed that severance pay would go into effect if the plaintiff was terminated because of a disagreement over his compensation or for some other reason. *Id.* Thus, it was possible that the defendant could have terminated the plaintiff the same day the parties entered into the agreement, triggering the severance pay obligation. *Id.*

Likewise, in *Moshan v. PMB, LLC*, 141 A.D.3d 496, 36 NYS.3d 445 (2016 N.Y. Slip Op. 05664), a former employee sued a former employer for unpaid commissions under an unsigned, written commission agreement. The only difference between that agreement and David Boshea's contract is that David Boshea seeks to recover severance payments.

> Contracts that are terminable at will are capable of performance within a year (*Cron v Hargro Fabrics*, 91 NY2d 362, 367 [1998]). This includes commission agreements, but only to the extent they contemplate payment of commissions earned *during* the period of employment (even if paid afterward) (*id.* at 370). Plaintiff asserts that his claims are based only on the commissions he earned while he was employed by defendants and, as so construed, the agreement is capable of completion within one year.

8

*Id.* at 497, 445 (internal citations omitted).

David Boshea seeks severance payments he earned while employed by Compass, so the Statute of Frauds does not bar their recovery.

In *Kieper v. Fusco Group Partners Inc.*, 152 A.D.3d 1030, 59 N.Y.S.3d 561 (2017), the court reached a similar result as that in *Moshan* concerning commissions, stating:

> Turning first to plaintiff's claim for unpaid commissions, at the outset, we reject defendants' assertion that such claim is barred by the statute of frauds. "An agreement to pay an at-will employee commissions earned during the period of his or her employment is capable of performance within one year and does not violate the [s]tatute of [f]rauds" (*Strauss v Fleet Mtge. Corp.*, 282 AD2d 736, 736 [2001] [citations omitted]; *see Cron v Hargro Fabrics*, 91 NY2d 362, 371 [1998]; *Moshan v PBM, LLC*, 141 AD3d 496, 497 [2016]; *Gold v Benefit Plan Adm'rs*, 233 AD2d 421, 421 [1996]). Here, the gravamen of plaintiff's complaint is not about renewal commissions that accrued after his resignation from WorldClaim (*see e.g. Gersten-Hillman Agency, Inc. v Heyman*, 68 AD3d 1284, 1287 [2009]; *Guterman v RGA Accessories*, 196 AD2d 785, 785 [1993]; *Warner & Whitney v Union Camp Corp.*, 166 AD2d 776, 776-777 [1990]). Rather, plaintiff seeks the payment of commissions that he claims were earned while he was still employed by WorldClaim (*cf. Miloscia v B.R. Guest Holdings, LLC*, 94 AD3d 563, 564 [2012]). Indeed, the complaint alleged that plaintiff, "[d]uring the period from approximately April 2011 to January 2012, . . . earned $104,525 in commissions from sales, [and] $25,000 in monthly bonuses." Given that plaintiff was still employed by WorldClaim during this alleged time period, the statute of frauds does not bar plaintiff's claim for unpaid commissions (*see White v Purchasing Support*, 249 AD2d 991, 991 [1998]; *Murphy v CNY Fire Emergency Servs.*, 225 AD2d 1034, 1035 [1996]).
>
> To that end, the question distills to whether plaintiff earned the commissions alleged in the complaint. " 'Once the commission is earned, it cannot be forfeited' " (*Devany v Brockway Dev., LLC*, 72 AD3d 1008, 1009 [2010], quoting *Arbeeny v Kennedy Exec. Search, Inc.*, 71 AD3d 177, 182 [2010]). "Whether a commission is earned is dependent upon the terms of the agreement providing for such commission" (*Gennes v Yellow Book of N.Y., Inc.*, 23 AD3d 520, 521 [2005] [citations omitted]).
>
> *Kieper.*, 152 A.D.3d at 1031, 59 N.Y.S.3d 561.

The *Kieper* court's final comment is instructive. Once David Boshea earned the full severance, Compass cannot claim that he forfeited the payments because the agreement was oral. The agreement did not require David Boshea to work for three years and receive three years' severance. Instead, the contract provided that David Boshea would accrue three years of severance payments if he worked for three years. Just as the various employees whose cases David Boshea cites above earned money after the first year that the courts ruled they could recover, David Boshea, by working for over three years, accrued the full severance and can recover it because the agreement falls outside the Statute of Frauds.

Finally, in another case involving a claim for unpaid commissions, *Johnson v. Harrywell, Inc.*, 47 Ark.App. 61, 885 S.W.2d 25 (1994), the plaintiff asserted that he had entered into an oral agreement for employment with his employer under which the employer agreed to pay him a 10 percent commission on all sales made to customers he acquired. After thirteen months of employment, the employer discharged the plaintiff and refused to pay any further commissions on sales to customers he acquired. The employer raised the Statute of Frauds as a bar to its obligation to pay the commissions. The Arkansas Appellate court ruled in the plaintiff's favor, citing an Arkansas Supreme Court case, *Township Builders, Inc. v. Kraus Construction Co.*, 286 Ark. 487, 491-92, 696 S.W.2d 308 (1085):

> There, the court stated that the statute of frauds applies to agreements which are incapable of performance within a year and that a contract is not within the provisions of the statute of frauds where the proof demonstrates that it was capable of performance within one year, even if there was a possibility or even a probability that it might require a longer time.

*Id.* at 64, 26.

The *Johnson* court also cited another Arkansas Appellate court case, *Country Corner Food & Drug, Inc. v. Reiss,* 22 Ark.App. 222, 225–26, 737 S.W.2d 672 (1987), explaining its reasoning:

> [T]he statute of frauds did not apply to the employment contract in question [in that case] because it was for an indefinite duration. We also noted that, even if the statute of frauds had applied, the appellant employer would still be liable to the appellee employee for the entire compensation promised him in exchange for his services. There, the appellee had sued for the benefits of family health insurance coverage promised him as part of his compensation. We noted that, even in situations where the statute of frauds does apply, the employer is still liable for whatever service was rendered.

*Id.* at 64, 26-27.

Again citing *County Corner*, the *Johnson* court invoked detrimental reliance to support its holding, stating:

> Further, in *Country Corner Food & Drug, Inc. v. Reiss,* 22 Ark.App. at 225–26, 737 S.W.2d 672, we stated that an employment contract may also be taken out of the operation of the statute of frauds if sufficient detrimental reliance is shown; where one has acted to his detriment solely in reliance on an oral agreement, an estoppel may be raised to defeat the defense of the statute of frauds.

*Id.*

Even though the plaintiff in *Johnson v. Harrywell, Inc.* sought commissions earned during a period that extended beyond a year, the statute of frauds did not bar recovery. Similarly, David Boshea's accrual of severance payments beyond the first year does not prevent him from recovering the full $540,000.

In *Kalmus v. Oliver*, 390 S.W.3d 586 (Tex. App. 2012), an employer fired its employee after four years and refused to pay commissions earned. The Texas Appellate Court ruled that the Statute of Frauds did not prevent the employee from recovering all earned commissions.

> Hopes and expectations are insufficient to show performance within a year is impossible. *See Montgomery County,* 965 S.W.2d at 503–04 (employee's hope to work as long as she wanted did not show an agreement for many years of job security); *Abatement, Inc. v. Williams,* 324 S.W.3d 858, 859 (Tex.App.-Houston [14th Dist.] 2010, pet. denied) ("hopes and expectations are not enough to show performance within a year is impossible"); *Chacko,* 2008 WL 2390486, at *3 ("[a] contract does not fall within the statute of frauds based on the absence of a requirement to complete performance within a year; the lack of any expectation that performance will be completed within a year; or the fact that completion within a year proved to be impossible in light of later circumstances") (citing

11

> *Beverick.,* 186 S.W.3d at 149–50). An employment contract that does not specify a definite duration or prescribe conditions from which its duration can be determined is presumed to be terminable at will. *See, e.g., Montgomery County,* 965 S.W.2d at 502. The evidence in this case shows only an oral at-will employment agreement with an indefinite duration, and such agreements do not fall within the statute of frauds' one-year provision. *See id.* at 503 (noting that "[a]n employment contract for an indefinite term is considered performable within one year" and that vague, indefinite, and general comments cannot create a definite term of employment). As a result, the statute of frauds does not bar enforcement of the alleged agreement, and summary judgment was not warranted. Because we sustain appellant's first issue, we do not reach appellant's remaining arguments on appeal.
>
> *Kalmus v. Oliver*, 390 S.W.3d 586, 593 (Tex. App. 2012) (footnote omitted).

Further, the Arkansas Appellate Court's view of detrimental reliance and estoppel in *Johnson* is also instructive. David Boshea left his employment at Energizer Holdings, Inc. for Compass Marketing in reliance on John White's promise to pay Boshea severance at three (3) times his salary. David Boshea and his wife had concerns about leaving his position at Energizer, a Fortune 100 Company where he worked as a National Accounts Director, to join a start-up and wanted some assurances from Compass.

In summary, Courts are unified in their view that, as long as an employment agreement is outside of the Statute of Frauds, it does not matter if the agreement contains provisions for severance payments or commissions paid based on length of employment for more than one year.

### BASED ON PROMISSORY ESTOPPEL, COMPASS MUST COMPLY WITH ITS PROMISE TO PAY DAVID BOSHEA'S SEVERANCE

The *Kalmus v. Oliver* court's view of detrimental reliance and estoppel in *Johnson* is also instructive. David Boshea left his employment at Energizer Holdings, Inc. for Compass Marketing in reliance on John White's promise to pay Boshea severance at three (3) times his salary. Boshea and his wife had concerns about leaving his position at Energizer, a Fortune 100 Company, where he was National Accounts Director, for a start-up and wanted some assurances.

12

In *Pavel Enters. v. A.S. Johnson Co., Inc.,* 342 Md. 143, 674 A.2d 521 (1996), the court set forth a four-part test for determining whether promissory estoppel would take a contract outside the restrictions of the Statute of Frauds and noted that Maryland courts have long held that view. "This Court has decided cases based on detrimental reliance as early as 1854, and the general contours of the doctrine are well understood by Maryland courts. The historical development of promissory estoppel, or detrimental reliance, in Maryland has mirrored the development nationwide." *Pavel*, 342 Md. at 164, 674 A.2d at 531. To resolve any confusion concerning the proper means for determining whether promissory estoppel occurred, the court mandated that,

> Maryland courts are to apply the test of the *Restatement (Second) of Contracts* § 90(1) (1979), which we have recast as a four-part test:
>
> 1. a clear and definite promise;
>
> 2. where the promisor has a reasonable expectation that the offer will induce action or forbearance on that part of the promisee;
>
> 3. which does induce actual and reasonable action or forbearance by the promisee; and
>
> 4. causes a detriment which can only be avoided by the enforcement of the premises.
>
> *Pavel,* 342 Md. at 166, 674 A.2d at 532.

Applying the test to the facts, (1) the severance agreement constitutes a clear and definite promise; (2) the severance agreement confirms John White's promises to David Boshea in his April 1, 2007 email and the May 16, 2007 offer letter; (3) based on the various documents and promises John White made to David Boshea, Compass had to reasonably expect its offer would induce action on David Boshea's part; and (4) the promise induced David to stay at Compass for almost thirteen years.

Since Compass now attempts to shirk its obligations, the detriment David Boshea suffered by leaving a substantial position with Energizer, a prominent American company, can be avoided only if the Court enforces the severance provision in the employment agreement.

## CONCLUSION

By granting this motion *in limine*, the Court should allow Boshea to present evidence and argument he is entitled to enforce the multi-year severance provision in the employment agreement between the parties. Such an order would narrow the issues for the jury to decide at the trial.

WHEREFORE, the plaintiff, David J. Boshea, respectfully requests this Court for an Order allowing him to introduce evidence and argument he is entitled to enforce the multi-year severance provision in the employment agreement between the parties and for other just relief.

**RESPECTFULLY SUBMITTED,**

/s/ Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Drive, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

'

## **CERTIFICATE OF SERVICE**

      I certify that on November 4, 2024, David J. Boshea served his Motion *in Limine* to Allow David J. Boshea to Present Evidence and Argument He Is Entitled to Enforce the Multi-Year Severance Provision in the Employment Agreement between the Parties by CM/ECF on:

      Stephen B. Stern
      Shannon Hayden
      Kagan Stern Marinello & Beard, LLC
      238 West Street
      Annapolis, Maryland 21401
      Email: stern@kaganstern.com
      Email: hayden@kaganstern.com

      *Attorneys for Compass Marketing, Inc.*

                */s/* Gregory J. Jordan
                Gregory J. Jordan