IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID J. BOSHEA,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No. 1:21-CV-00309-ELH |
| | * |
| **COMPASS MARKETING, INC.,** | * |
| | * |
| Defendant. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY IN SUPPORT OF MOTION *IN LIMINE* TO ALLOW
DAVID J. BOSHEA TO PRESENT EVIDENCE AND ARGUMENT
TO ENFORCE THE MULTI-YEAR SEVERANCE PROVISION**

David J. Boshea, for his Reply in Support of Motion *in Limine* to Allow David J. Boshea to Present Evidence and Argument to Enforce the Multi-Year Severance Provision, states:

**No Question Exists Concerning David Boshea's Entitlement
to Receive a Minimum of One Year's Salary as Severance**

The statute of frauds does not bar David Boshea's recovery of severance earned during the first twenty-four months Compass employed him.

Compass has argued that John White, its CEO, did not sign the Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (the "Employment Agreement" attached as Exhibit A). Even if the jury agrees the parties do not have a signed agreement, David Boshea and Compass entered into an oral agreement based on the Employment Agreement, whose severance portion provides:

> A. If Employee's employment is terminated by COMPASS for any reason other than Cause, Employee shall receive severance payments totaling $180,000 (one hundred and eighty thousand U.S. dollars) which will be divided up into twenty-four payments and will commence with the Employee's effective date of termination and shall be made in accordance with COMPASS's normal payroll cycle. The period during which Employee receives severance payments shall be referred to as the "Severance Pay

> Period." Severance will increase one month for every month employed to a maximum severance of $540,000.

Employment Agreement, Article 6A at p. 3.

If the jury finds that the parties did not have a signed agreement, David Boshea is entitled to a minimum of $360,000 in severance payments representing the amount accrued in the first year of employment. David Boshea vested in the initial $180,000 on his first day of work and accrued an additional $15,000 per month through the end of the first year.

Under Maryland law, David Boshea is entitled to the $540,000 the parties agreed on. The parties' agreement provided that Compass could terminate David Boshea on his first day of employment, and so long as Compass did not fire David Boshea for cause, he would receive one year's salary as severance. Each month after that he accrued additional severance up to the maximum amount. Thus, David Boshea had fully performed the oral agreement for severance on his first day of employment, and the agreement to pay the initial $180,000 is outside of the statute of frauds. Similarly, since Compass could have terminated David Boshea without cause after he worked one year, the law does not impair his right to receive $360,000 ($15,000 times 12).

The fact that his employment spanned more than one year is immaterial, as the oral agreement is outside the statute of frauds. The three-year covenant not to compete is likewise immaterial because Compass acknowledges it is invalid, illegal, or unenforceable, and the Employment Contract contains a severability clause. Therefore, the Court should allow David Boshea to present evidence and argument to enforce the multi-year severance provision in the parties' oral Employment Agreement.

**ARGUMENT**

**The Three-Year Noncompete Provision Does Not Affect David Boshea's Severance Claim**

In its Response to David Boshea's Motion *in Limine*, Compass initially argues that the statute of frauds bars David Boshea's oral contract claim for severance because the contract contains a three-year noncompete term. As Compass notes, the court in *Collection & Investigation Bureau, Inc. v. Linsley*, 37 Md. App. 66, 375 A.2d 47 (1977) held that an oral covenant not to compete "for a period of two . . . years immediately following termination of employment" "is unmistakably within the scope of the statute [of frauds] for the reason that it cannot be performed within the space of one year." *See* Response at p. 8 (quoting *Linsley*, 37 Md. App. at 72, 375 A.2d at 51). Neither David Boshea nor Compass has claimed the noncompete is at issue. Thus, Compass' argument that the theoretical enforcement of the noncompete somehow affects the parties' agreement to pay David Boshea severance is without basis. Moreover, even if Compass sought to enforce the noncompete, it could not do so, and its effort would not impair David Boshea's right to receive his severance. The Employment Agreement states that invalid, illegal, or unenforceable terms do not affect the enforcement of other provisions, such as the severance term:

> In the event any one or more of the provisions of this Agreement shall be or become invalid, illegal or unenforceable in any respect, the validity legality and enforceability of the remaining provisions of this Agreement shall not be affected thereby.
>
> Employment Agreement, Article 8.E., p. 4.

Since Compass argues the noncompete is invalid, illegal, unenforceable, or all of the above, it is severed from the contract. The Employment Agreement's language is consistent with Maryland law, which allows provisions in an employment agreement to be severed with the agreement otherwise unaffected:

> The types of restrictions which typically have been held to be separable fall into four categories: (1) restrictions which cover an excessive area; (2) restrictions

3

> which cover an excessive time; (3) restrictions which are too broad in the nature of business included; and (4) restrictions which are too broad in the classes of persons with whom the promisor engages not to compete. Williston, supra, s 1647B n. 14; Restatement of Contracts, supra, s 581 comment (a).
>
> *Hebb v. Stump, Harvey & Cook, Inc.*, 25 Md. App. 478, 491, 334 A.2d 563, 571 (1975)

Most importantly, *Linsley* and the noncompete provision have no bearing on this case because Compass does not seek to enforce any post-employment restriction.

As to the initial $180,000 severance payment, David Boshea earned it when he showed up for work at Compass on the first day, at which time he fully performed his obligations to receive severance under the agreement. *See*, Employment Agreement, Art. 6.A.

If Compass terminated David Boshea without cause after he worked one day, he was vested in his initial severance. He then earned $15,000 in severance each month thereafter up to the $540,000 maximum. At the end of the first year, David Boshea held vested severance benefits of $360,000.

The parties agreed that David Boshea would receive severance payments in accordance with Compass' normal payroll cycle, which was biweekly. Thus, Compass would pay the entire $540,000 severance in 24 installments. Since there are 26 biweekly pay periods in a year, the payment period would not span more than one year. *See* Exhibit A, Art. 6.A. ("*will commence with the Employee's effective date of termination and shall be made in accordance with COMPASS's normal payroll cycle*"). Compass argues that the contract does not mean what it explicitly says - instead, claiming that David Boshea would have to wait two years before the payments would start. *See* Response at p. 7-8; Exhibit A, Art. 6.D. ("Employee will receive the severance payments during the Severance Pay Period even if Employee commences other employment during such period *provided* such employment does not violate Article 1, 2, 3, and 4 of this Agreement."). Compass, however, misinterprets the agreement's terms. The phrase "even if" indicates that he

4

would receive the severance no matter what happens. The qualifier "provided" shows that if David Boshea took other employment, and if he violated the (unenforceable) noncompete, Compass had the right to stop paying. Compass has never claimed David Boshea violated the noncompete, so it has no bearing on this case. Moreover, the law requires this Court harmonize terms to give effect to all provisions.

> We have previously indicated that, when interpreting contracts, "[w]e also attempt to construe contracts as a whole, to interpret their separate provisions harmoniously, so that, if possible, all of them may be given effect." *Walker v. Dep't of Human Res.*, 379 Md. 407, 421, 842 A.2d 53, 61 (2004) (citing *Jones v. Hubbard*, 356 Md. 513, 534–35, 740 A.2d 1004, 1016 (1999)).
>
> *Credible Behav. Health, Inc. v. Johnson*, 466 Md. 380, 396–97, 220 A.3d 303, 312 (2019).

Under the parties' agreement, the severance payments would commence immediately after termination. *See* Exhibit A, Art. 6.A. Thus, if David Boshea took another job, he would still receive severance unless he went to work for a competitor. The preceding harmonizes the provisions and undercuts Compass' argument that David Boshea would have to wait two years before he received payment.

The statute of frauds does not bar David Boshea's claim for severance because, under the Employment Agreement's terms, he earned severance immediately on termination, which could happen at any time. *See* Exhibit A, Art. 6.A. and 7. Accordingly, David Boshea's oral contract claim for severance is not within the statute of frauds.

### Because David Boshea's Claim for Severance Is Not Within the Statute of Frauds, He Is Entitled to Collect His Full Severance.

In the Response, Compass argues that even if the Court does not dismiss David Boshea's claim for severance in its entirety, it should limit his recovery to one year of severance. *See* Response at p. 9. Compass, however, again misreads the law.

5

Compass first relies upon *Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541 (4th Cir. 1987) to support its flawed conclusion. Compass points out that the *Learning Works* court held that "[b]ecause the parties agreed that full performance of their contract was not to be rendered within one year, enforcement of the alleged oral agreement would be barred by the one-year provision of the Maryland statute of frauds." Response at p. 9. *Learning Works* is inapposite here, however, because David Boshea would have fully performed the severance provision granting him $180,000 immediately and $360,000 over one year had Compass terminated him in his first year of employment. *See* Exhibit A, Art. 6.A. and 7.

Maryland courts have long held that the statute of frauds does not bar the enforcement of a contract that could by any possibility be performed within one year, even if the parties anticipated part or parts of the performance would span a longer period:

> In Ellicott v. Peterson, 4 Md. 476, 487-91 (1853), Chief Judge Le Grand carefully reviewed for our predecessors the law relative to the Statute of Frauds and contracts to be performed within one year. Judge McWilliams again examined the law for this Court in Sun Cab Co. v. Carmody, 257 Md. 345, 349-51, 263 A.2d 1 (1970). He found that since the time of Ellicott the law has been well established in this State that where there is a Possibility that a contract may be performed within a year the remedy for breach of the contract is not barred by the Statute of Frauds, notwithstanding the fact that the parties might have intended that operation should extend through a much longer period. The old Maryland authority, W. Brantly, Law of Contracts s 59 at 139 (2d ed. 1922), states, "The statute does not apply if the contract can by any possibility be completed within a year, although the parties may have intended that its operation should extend through a much longer period and in fact it does so extend."
>
> *Gen. Fed. Const., Inc. v. James A. Federline, Inc.*, 283 Md. 691, 694–95, 393 A.2d 188, 190 (1978).

Moreover, this Court recently reaffirmed the vitality of *Federline's* essential holding. *See Horowitz v. Crossroads Advisors, LLC*, No. CV 22-00139-BAH, 2024 WL 4336467, at *11 (D.

6

Md. Sept. 26, 2024). Thus, under well-established Maryland law, Compass' agreement to pay David Boshea severance is not within the statute of frauds.

Further, Compass' reliance on *Hernandez v. Woodstock Bar & Grill, LLC*, No. CV 18-1582, 2020 WL 705303, at *2 (D. Md. Feb. 12, 2020) is misplaced. In *Hernandez*, the defendants agreed to make payments over two years. In this case, the Employment Agreement calls for twenty-four payments, which would be completed within one year. Thus, the period in which Compass was to make the payments does not place the agreement within the statute of frauds.

### THE MARYLAND STATUTE OF FRAUDS DOES NOT BY NECESSITY PREVENT THE ENFORCEMENT OF CONTRACTS THAT MIGHT NOT BE PERFORMED IN ONE YEAR

In a case similar to *Federline*, the court in *Zulke v. AC&DC Power Technologies, LLC*, 356 Ga. App. 299, 846 S.E. 2d 624 (2020) explained: "The fact that some contingencies in a contract, such as the second and third-year incentives in this agreement, might not come to pass if the contract is terminated within a year does not mean that the contract containing such contingencies is unenforceable." *Id.* at 301, 627. Compass attempts to distinguish *Zulke* by arguing that "unlike the instant case, the plaintiff in *Zulke* "'arguably earned severance pay in a sum certain for services already performed at the commencement of the agreement's second year[,]' which precluded the application of the statute of frauds." Response at pp. 13-14. Compass, however, conveniently omits the sentence immediately before the one it quotes:

> As we have explained, this employment agreement was capable of being performed within one year because it was terminable at any time by either party. Further, Zulke arguably earned severance pay in a sum certain for services already performed at the commencement of the agreement's second year.

> *Zulke*, 356 Ga. App. at 303, 846 S.E. 2d at 628.

The critical consideration for the *Zulke* court was that the "employment agreement was capable of being performed within one year because it was terminable at any time by either party." *Id.* Compass also ignores the *Zulke* court's citation to *E.D. Lacey Mills, Inc. v. Keith*, 183 Ga. App.

357, 359 S.E.2d 148 (1987), in which the court had previously "rejected an attack on the enforcement of a commission already earned" by the employee:

> [A]n employee may sue on an oral contract for employment terminable at will for the amount of compensation due him, *based upon services actually performed by him up to the time of his discharge*, and *not* for damages or for compensation for services *not* performed[.]
>
> *Id.* at 303, 628 (quoting *E.D. Lacey*, at 359, 153) (emphasis in original).

Thus, the *Zulke* court explicitly endorses David Boshea's theory of the case that he is due the severance he actually earned rather than Compass' incorrect view that he is entitled to severance for only one year.

Compass also argues David Boshea's reliance on *Griffith v. One Inv. Plaza Assocs.*, 62 Md. App. 1, 488 A.2d 182 (1985) is misplaced because "Griffith could have performed all his contractual obligations within one year by leasing all of the space (and that generated commissions for years to come)," and "[t]he same is not true in this case." Response at p. 12. Regardless of whether the facts of the *Griffith* case differ from the facts here, David Boshea cites *Griffith* to support his argument that contracts of indefinite duration are not within the statute of frauds, as is the agreement here. *See* Motion *in limine* at p. 4.

Compass also argues that David Boshea's reliance on *Pearson v. Sharpe*, No. 1504, Sept. term, 2020, 2022 WL 1498734 (Md. Ct. Spec. App. May 12, 2022) "is misplaced, as the case similarly is not applicable to the circumstances at issue here." Response at p. 12. Once again, regardless of whether the facts of *Pearson* are similar to those in this case, David Boshea cites *Pearson* in his Motion *in limine* to support the argument that the statute of frauds does not bar recovery under an agreement contemplating payments over 48 months because the defendant could have paid the plaintiff, Pearson, within one year. *See* Motion *in limine* at p. 4. David Boshea does not cite *Pearson* to support the argument that he is entitled to severance earned over a period longer

8

than one year.

Compass also attempts to refute David Boshea's argument he should be entitled to his entire severance by arguing that:

> [o]ther jurisdictions have found the statute of frauds does not bar recovery in cases of oral contracts between an employer and employee regarding commission or bonuses, as long as the commissions were earned during the first year of employment, even if the actual amount of the commission could not be calculated or paid out until after the one year performance period. See Thompson v. Paul G. White Tile Co., Case No. 19-cv-513-SM 2019 U.S. Dist. LEXIS 146156, 2019 WL 4060375 (D.N.H. Aug. 28, 2019); Schlossberg v. Schwartz, 2013 N.Y. Misc. LEXIS 6815, 2013 NY Slip Op 33861(U) (Sup. Ct.).

Response at p. 14.

Compass argues this case is not like the aforementioned cases. Yet, it does not follow from the holdings in the cases Compass cites that Boshea is not entitled to his entire severance. Instead, those cases held that the statute of frauds *did not bar recovery*.

Compass also recites the holding in *Thompson*, which mirrors Maryland law:

> The court rejected defendant's argument, finding that "the statute of frauds does not apply to oral commission agreements with employees at will when those agreements contemplate payment of commissions *earned* during the period of employment. That is true even if payment of the commission may be made beyond one year." *Id.* at *5 (emphasis added).

Response at 15 (quoting *Thompson* at *5.).

As in *Thompson*, under Maryland law, David Boshea's full performance under the agreement mandates that he receive his entire severance:

> As a result, part performance **"is adequate to remove the bar of the statute of frauds when there is 'full and satisfactory evidence' of the terms of the agreement and the acts constituting part performance."** *Beall,* 291 Md. at 230, 434 A.2d at, 1019 (citation omitted). Although part performance can show mutual assent, it **"is not enough that it [be] evidence of *some* agreement, but it must relate to and be unequivocal evidence of the *particular* agreement."** *Beall,* 291 Md. at 230, 434 A.2d at 1019.
>
> *Shay v. Stevens*, No. 0669 Sept. Term 2015, 2016 WL 2346734, at *6 (Md. Ct. Spec. App. May 4, 2016) (emphasis added in the original)

9

No question exists that Compass employed David Boshea for 13 years and terminated him without cause. By the time Compass terminated him, David Boshea had earned his full severance.

Compass cites *Medex v. McCabe*, 372 Md. 28, 41, 811 A.2d 297, 305 (2002) for the proposition that "'in accordance with the policy underlying the Maryland [Wage Payment and Collection Law], *an employee's right to compensation vests when the employee does everything required to earn the wages*.'" Response at p. 15 (quoting *Medex* at 41, 305) (emphasis added by Compass).

Compass' citation of *Medex*, however, is misplaced. First, Compass miscalculates the amount of severance earned in the first year. $180,000 accrued immediately and thereafter in $15,000 per month increments. Under the terms of the agreement, by the end of the first year, David Boshea had accrued $360,000 in severance. Second, *Medex* does not mention the statute of frauds. David Boshea agrees with the Medex holding, "an employee's right to compensation vests when the employee does everything required to earn the wages." The ruling, to the extent it interprets the statute of frauds supports the idea that the statute of frauds does not bar recovery for compensation or severance once fully earned.

Courts are uniform in that if an agreement between employer and employee is not within the statute of frauds, an employee is entitled to receive any compensation earned over a period greater than one year, regardless of whether it was earned in the employee's first year. In its Response, Compass completely ignores David Boshea's citation to *Vernon v. Assurance Forensic Accounting, LLC*, 333 Ga. App. 377, 774 S.E.2d 197 (2015), which is directly on point. The *Vernon* court found that the oral agreement went into effect immediately and that severance pay would go into effect if the plaintiff were terminated because of a disagreement over his compensation or another reason, which could have occurred the same day of the agreement. *See*

10

*id.* at 387, 208.

Compass also ignores David Boshea's citation to *Moshan v. PMB, LLC*, 141 A.D.3d 496, 36 NYS.3d 445 (2016 N.Y. Slip Op. 05664), in which the plaintiff was due *all* of his commissions earned while employed by the defendant where the oral commission agreement was not within the statute of frauds. *See id.* at 497, 445.

Likewise, Compass ignores David Boshea's citation to *Kieper v. Fusco Group Partners Inc.*, 152 A.D.3d 1030, 59 N.Y.S.3d 561 (2017), in which the court found that *all* commissions earned under an oral agreement not within the statute of frauds must be paid to the plaintiff.

Just like the plaintiffs in the cases cited above in which the courts ruled they could recover all monies earned after the first year by remaining employed by Compass until fully accruing his severance, David Boshea is entitled to his full severance because the oral agreement between the parties was for an indefinite period and therefore not within the statute of frauds.

Another case David Boshea cited, which Compass ignored, is *Johnson v. Harrywell, Inc.*, 47 Ark.App. 61, 885 S.W.2d 25 (1994), in which the court found that the plaintiff, who was terminated after thirteen months, was due all of his commissions. The *Johnson* court cited another case, *Country Corner Food & Drug, Inc. v. Reese*, 22 Ark.App. 222, 225-226, 737 S.W.2d 672 (1987), to support its holding, explaining that in *Country Corner*, while the statute of frauds did not apply to the agreement which was of indefinite duration, "even if the statute of frauds had applied, the appellant employer would still be liable to the appellee employee for the entire compensation promised him in exchange for his services." *Id.* at 64, 26-27. Thus, even though the *Johnson* plaintiff sought commissions earned over a period longer than a year, the statute of frauds did not bar his recovery of the entire amount of commissions owed by his employer. *Id.* This analysis mirrors the part performance analysis found in *Shay, supra,* and is also consistent with

the holding in both *Federline, supra*, and *Horowitz, supra.*

Yet another case cited by David Boshea in his Motion *in limine* and ignored by Compass in its Response is *Kalmus v. Oliver*, 390 S.W.3d 586 (Tex. App. 2012), in which the Texas Appellate Court ruled that the statute of frauds did not prevent an employee from recovering all commissions earned over four years of employment after his employer fired him.

Finally, Compass does not address the black letter law in the Restatement that supports David Boshea's entitlement to receive his full severance. *See*, Restatement (Second) of Contracts § 130 (1981).

In sum, Compass relies on cases whose holdings do not preclude recovery by David Boshea yet ignores all of the cases directly on point David Boshea cited that demonstrate the statute of frauds does not bar his claim for recovery of severance pay earned over a period longer than one year.

### DAVID BOSHEA CAN ASSERT PROMISSORY ESTOPPEL EVEN THOUGH HE HAS ALLEGED THE EXISTENCE OF BOTH A WRITTEN AND AN ORAL AGREEMENT.

In the Response, Compass argues that "Boshea is precluded from relying on the doctrine of promissory estoppel, however, because he has alleged there are two valid and enforceable contracts that Boshea and Compass Marketing entered into." Response at p. 16. Compass' argument, however, is completely inaccurate.

Under Maryland law, promissory estoppel is an alternative theory of proving a breach of contract. *Whiting-Turner Contracting Co. v. Liberty Mut. Ins. Co.*, 912 F. Supp. 2d 321, 343 (D. Md. 2012). "'[T]here are different ways to prove that a contractual relationship exists.... Traditional bilateral contract theory is one. Detrimental reliance [a.k.a. promissory estoppel] can be another.'" *Id.* "[T]he nature of a lawsuit in which promissory estoppel is invoked remains that of an action to enforce a contract. *Suburban Hosp., Inc. v. Sampson*, 807 F. Supp. 31, 33 (D. Md.

1992).

In *Whiting-Turner*, the court found that even though the plaintiff had alleged the existence of a contract, it could still plead promissory estoppel, finding that:

> [I]f Whiting–Turner prevails as to breach of contract, it will not be able to proceed as to promissory estoppel. But, on the current state of the record, it appears to be hotly disputed whether Whiting–Turner in fact entered into a valid contract with Liberty Mutual. If no valid contract was formed, but Whiting–Turner is able to marshal evidence to satisfy the elements of promissory estoppel, its claim of promissory estoppel may succeed.
>
> *Id.* at 343–44 (D. Md. 2012).

Although Compass claims David Boshea cannot argue promissory estoppel here because he "has failed to plead any promissory estoppel claim in the Third Amended Complaint," Compass is wrong because "Maryland does not recognize an independent cause of action labeled 'promissory estoppel.'" *Id.*

Thus, contrary to Compass' position, David Boshea may invoke promissory estoppel to prove his breach of contract claims and statutory violation.

WHEREFORE, the plaintiff, David J. Boshea, respectfully requests this Court for an Order allowing him to introduce evidence and argument he is entitled to enforce the multi-year severance provision in the employment agreement between the parties, and for other just relief.

**RESPECTFULLY SUBMITTED,**

/s/ Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Drive, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

>Thomas J. Gagliardo (Bar No. 08499)
>Of Counsel
>Gilbert Employment Law, P.C.
>1100 Wayne Ave, Suite 900
>Silver Spring, Maryland 20910
>tgagliardo@gelawyer.com

## **CERTIFICATE OF SERVICE**

I certify that on December 2, 2024, David J. Boshea served his Reply in Support of Motion *in Limine* to Allow David J. Boshea to Present Evidence and Argument to Enforce The Multi-Year Severance Provision by CM/ECF on:

>Stephen B. Stern
>Shannon Hayden
>Kagan Stern Marinello & Beard, LLC
>238 West Street
>Annapolis, Maryland 21401
>Email: stern@kaganstern.com
>Email: hayden@kaganstern.com

*Attorneys for Compass Marketing, Inc.*

>/s/ Gregory J. Jordan
>Gregory J. Jordan