IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| DAVID J. BOSHEA, | * |
| Plaintiff, | * |
| v. | *   Case No. 1:21-CV-00309-ELH |
| COMPASS MARKETING, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION *IN LIMINE* TO BAR MATTERS REGARDING THE FIRST TRIAL**

David Boshea moves *in limine* for an Order providing that counsel and all witnesses are barred from making any reference to the first trial, through argument, or on direct or cross-examination, excepting testimony presented for impeachment (collectively "evidence"). To the extent any party refers to testimony provided at the previous trial, counsel shall refer to the trial as the "prior proceedings." In support, David Boshea states:

**INTRODUCTION**

This Court should bar the admission of any evidence of the first trial in this matter. First, evidence of the first trial constitutes inadmissible hearsay without an exception, thus barred under Fed. R. Evid. 802. Second, the prejudicial effect of any reference to the first trial outweighs the probative value of any such reference and is therefore inadmissible under Fed. R. Evid. 403. Accordingly, David Boshea requests that this Court bar any evidence presented or introduced by Compass' counsel or any witness on direct or cross-examination to the first trial.

**THIS MOTION IS PROPERLY PRESENTED**

As this Court has identified the purpose of motions in *limine*:

> Motions in limine help to streamline a case, because such motions "enable( ) a court to rule in advance on the admissibility of documentary or testimonial

evidence and thus expedite and render efficient a subsequent trial.' " *INSLAW, Inc. v. United States*, 35 Fed. Cl. 295, 303 (1996) (citation omitted); *see Changzhou Kaidi Elec. Co., Ltd. v. Okin America, Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (motions in limine "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.' " (internal quotation omitted)).

*Norris v. PNC Bank, N.A.*, No. CV ELH-20-3315, 2022 WL 5054099, at *2 (D. Md. Oct. 4, 2022).

Granting this motion will expedite the determination of evidentiary issues before trial and streamline the testimony presented.

## RELEVANCY STANDARD

Under Rule 402 of the Federal Rules of Evidence, only relevant evidence is admissible at trial. See Fed. R. Evid. 402. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. And so, evidence is relevant only if it logically relates to matters at issue in the case. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387, 128 S.Ct. 1140, 170 L.Ed.2d 1 (2008). Federal Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." See Fed. R. Evid. 401. "And so, evidence is relevant only if it logically relates to matters that are at issue in the case. *United States v. Mosby*, 626 F. Supp. 3d 847, 856 (D. Md. 2022)*(c*iting Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 387 (2008)). "However, relevance is not a talisman for admissibility. Even relevant evidence may be excluded 'if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.' Fed. R. Evid. 403." *Cleary v. Fager's Island, Ltd.*, No. 17-CV-02252-JMC, 2020 WL 5500166, at *2 (D. Md. Sept. 10, 2020).

**ARGUMENT**

I. **THIS COURT SHOULD BAR THE ADMISSION OF ANY EVIDENCE OF THE FIRST TRIAL AT THE NEW TRIAL UNDER FED. R. EVID. 802.**

Because evidence concerning the first trial is inadmissible hearsay without an exception, this Court should bar all references to the first trial under Fed. R. Evid. 802. In *United States v. Thomas*, 214 F. Supp. 3d 187 (E.D.N.Y. 2016), following a mistrial, the defendant was charged by superseding indictment, and the government filed a motion *in limine* to bar any reference to the "first trial." *Id.*, 214 F. Supp. 3d at 194.

The defendant, Thomas, argued that the court should allow him to bring the first trial to the jury's attention if the government presented arguments inconsistent with the theory it advanced at the first trial. In granting the plaintiff's motion to bar any mention of the first trial, the court found that "any reference to a 'prior trial' was inappropriate 'because it is inadmissible hearsay, irrelevant to this trial, and will potentially confuse the jury.'" *Id.*, 214 F. Supp. 3d at 194. The *Thomas* court also held that any reference to the prior trial must be to a 'prior proceeding,' a term broad enough to encompass a deposition, hearing, or trial." *Id.*

Similarly, in *Rambus, Inc. v. Infinion Technologies AG*, 222 F.R.D. 101 (E.D. Va. 2004), the defendant, Infinion, filed a motion to exclude the admission or any mention or use of a previous fifty-four day administrative proceeding at the trial in the matter. Both parties in *Rambus* agreed the earlier proceeding was inadmissible hearsay. Still, the plaintiff argued the issue fell under the hearsay rule's public records and reports exception. (Fed. R. Evid. 803(8)(C)) (Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.). The *Rambus* court disagreed and found that the public records hearsay exception did not cover the prior proceeding.

3

In *Nipper v. Snipes*, 7 F. 3d 415 (4th Cir. 1993), held the public records exception had no application.

> Rule 803(8)(C), on its face, does not apply to judicial findings of fact; it applies to "factual findings resulting from an investigation made pursuant to authority granted by law." Fed.R.Evid. 803(8)(C). A judge in a civil trial is not an investigator, rather a judge. In fact, a review of the advisory committee note to Rule 803 makes plain that the drafters intended this portion of the rule to relate to findings of agencies and offices of the executive branch. See Advisory Committee's Note, 56 F.R.D. 183, 311–313; see also *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* 505 F.Supp. 1125, 1185 (E.D.Pa.1980) ("[A] review of the advisory committee note makes it clear that judicial findings are not encompassed; not only is there not the remotest reference to judicial findings, but there is a specific focus on the findings of officials and agencies within the executive branch."). There is not the slightest hint, from either the text of the rule or the advisory committee note, that the rule applies to judicial findings of fact.
>
> We note that at common law a judgment from another case would not be admitted. 5 John H. Wigmore, *Wigmore on Evidence* § 1671a (James H. Chadbourn rev. 1974); 1 *McCormick on Evidence* § 298 (John W. Strong ed., 4th ed. 1992); 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 803(22)[01] (1993). We also note that when the drafters of the Federal Rules of Evidence wanted to allow the admission of judgments or their underlying facts, they did so expressly. See Fed.R.Evid. 803(22) (previous conviction); Fed.R.Evid. 803(23) (personal history, etc., boundaries). Therefore, we can find no basis on which to imply that Rule 803(8)(C) applies to judicial findings of fact.
>
> *Id.*, 7 F.3d 415, 417.

Similarly, in this case, the factual findings from the jury in the first trial do not constitute "factual findings resulting from an investigation." Fed. R. Evid. 803(8)(C).

The *Rambus* court also noted that the finality of the proceeding is of particular importance when determining whether the public records exception applies to the prior proceeding. As a part of its analysis, the court discussed the holding in *Zeus Enters., Inc. v. Alphin Aircraft, Inc.*, 190 F. 3d 238 (4th Cir. 1999), in which the court found the public records exception applied to the prior administrative decision. In making a distinction between *Zeus* and the case before it, the *Rambus* court explained that although the *Zeus* court held that the public records exception applied to the

4

decision of an administrative judge after an evidentiary hearing, that decision was final as opposed to the one before it. *Rambus*, 222 F.R.D at 107. The same situation has occurred in this case since no final adjudication occurred because of this Court's orders. The *Rambus* court noted that although the decision in *Zeus* had initially been appealed, the appeal was subsequently dismissed, thus making the decision final. *Id.* Here, the fact that a new trial will proceed necessarily means the jury's verdict in the first trial is not final.

For the preceding reasons, this Court should find that evidence of the first trial is inadmissible hearsay without an exception and should, therefore, bar any reference to evidence under Fed. R. Evid. 802.

## II. EVEN IF THE COURT FINDS THAT EVIDENCE OF THE FIRST TRIAL IS NOT INADMISSIBLE HEARSAY WITHOUT AN EXCEPTION, IT SHOULD EXCLUDE EVIDENCE OF THE FIRST TRIAL UNDER FED. R. EVID. 403.

If this Court were to find that evidence of the first trial is not inadmissible hearsay without an exception, it should nevertheless exclude evidence of the first trial under Fed. R. Evid. 403 because the prejudicial effect of its admission would substantially outweigh its probative value.

As the court in Rambus explained,

> The applicable analysis begins with the recognition that the Federal Rules of Evidence do not make relevance the sole criterion of admissibility; rather, even relevant evidence must be excluded if its probative value is substantially outweighed by the prejudicial effect that its admission may cause. Fed.R.Evid. 403. In other words, although relevant evidence is, as a general proposition, admissible, if the prejudicial effect that would result from the introduction of a relevant piece of evidence substantially exceeds the gains that would ensue, it should be excluded.

*Rambus*, *supra*, 222 F.R.D. at 109.

The *Rambus* court found that, although evidence of the initial administrative decision was relevant to several issues in the case, it should be excluded under Fed.R.Evid. 403 "because its probative value is substantially outweighed by the danger of unfair prejudice and its tendency to

mislead the jury, confuse the issues, and waste time." *Id.*, 222 F.R.D. at 110. The court found that the jury "likely would give undue weight to the findings" of the administrative law judge and undermine "the jurors' ability to reach their own determinations respecting the facts at issue," if the Court admitted evidence of the administrative decision. *Id.* The *Rambus* court cited *Steven P. Grossman & Stephen J. Shapiro, The Admission of Government Fact Findings Under Federal Rule of Evidence 803(8)(C): Limiting the Danger of Unreliable Hearsay*, 38 U. Kan. L.Rev. 767 (1990) for the proposition that:

> Jurors learning that a presumably objective public official has reached a certain conclusion after hearing evidence similar to what they have heard may have difficulty reaching an opposite conclusion. Further, the jury is likely to deliberate on the correctness of the previous fact finding, rather than retaining the open-minded, first impression approach to the issues our system prefers.
>
> *Id.*, 222 F.R.D. at 110.

Here, the same is true. Admitting evidence from the first trial would likely cause the jurors in the new trial to give undue weight to the factual findings of the jury in the first trial and undermine their ability to reach their independent determination of facts. *See* Rambus, 222 F.R.D. at 110. It is also likely the jury would deliberate on whether the jury's fact-finding in the first trial was correct rather than providing its first impression of the evidence giving rise to the facts in the new trial. "Similarly, the jurors' ability to reach their own determinations respecting the facts at issue in this case would be undermined by the admission of the Initial Decision." Rambus, 222 F.R.D. at 110.

Finally, the *Rambus* court noted that "admission of the Initial Decision would create confusion of the issues and would create a serious risk of misleading the jury." *Rambus*, 222. F.R.D. at 110. Again, the same here is true. This Court allowed David Boshea to amend his complaint to add an oral contract claim. The Court charged the jury in the first trial with determining the existence of a written contract. The Court granted Compass' motion for a new

6

trial based upon its decision to allow David Boshea to amend his complaint to add an oral contract claim. *See* August 7, 2024 Memorandum Opinion (ECF 275) at 41. Particularly in this instance, if the Court admitted evidence from the first trial, it "would create confusion of the issues and would create a serious risk of misleading the jury." *Rambus*, 222. F.R.D. at 110.

In *United States v. Miller*, 644 F. Supp. 3d 373, 375 (E.D. Ky. 2022), which involved a second trial in a criminal case after a hung jury, the court excluded evidence from the earlier trial:

> In this case, evidence of the defendant's previous trial, or of the jury's inability to reach a verdict in that trial, is not probative of the defendant's guilt or innocence and so is irrelevant. *See Crouch v. John Jewell Aircraft, Inc.*, No. 3:07-CV-638, 2016 WL 9459354, at * 2 (W.D. Ky. Mar. 29, 2016) (granting motion *in limine* to exclude evidence of a prior trial, "including the verdict resulting from the action, or otherwise indicat[ing] that other litigation between [the parties] has occurred," and noting that while "referring to the verdict of a prior case is typically prohibited, ... mentioning testimony that was provided in a prior trial is not categorically prohibited"); *see also United States v. Arrington*, No. 15-CR-33, 2022 WL 4077685, at *3 (W.D. N.Y. Sept. 6, 2022) (granting government's motion to exclude reference to prior trial, as "the Court cannot fathom how mentioning the prior trial or its result would be relevant in the retrial"). *See generally United States v. Benton*, 852 F.2d 1456, 1462 (6th Cir. 1988).
>
> *Id.* 644 F. Supp. 3d at 375.

David Boshea does not seek to prevent any witness from relating the same testimony or seeking to impeach a party should a witness provide conflicting testimony. However, the parties previously conducting a trial has no relevance to the truth or falsity of any evidence presented at the upcoming trial. The *Miller* court's holding is apt in this instance:

> But even if mention of the previous trial was relevant, it should be excluded under Rule 403 because "remarking on the prior trial or its outcome would certainly confuse and mislead the new jury, and unfairly prejudice the government." *Arrington*, 2022 WL 4077685, at *3. Accordingly, the parties, attorneys and witnesses will be prohibited from referring to the defendant's prior trial or otherwise suggesting that this case has been previously tried. If either party seeks to impeach a witness with that witness's testimony from the first trial, the party should refer to the witness's testimony in a prior "proceeding" without commenting that the "proceeding" was an earlier trial of the defendant's case.
>
> Id, 644 F. Supp. 3d at 375.

7

## CONCLUSION

Because evidence of the first trial is inadmissible hearsay without exception, this Court should bar any argument, testimony, statements, comments, questions, or references by Compass' counsel or any witness on direct or cross-examination to the first trial under Fed. R. Evid. 802. Likewise, this Court should do the same under Fed. R. Evid. 403 because the danger of unfair prejudice and the likelihood of misleading the jury, confusing the issues, and wasting time substantially outweighs the probative value of admitting evidence of the first trial. *See Rambus*, 222 F.R.D. at 110.

WHEREFORE, the plaintiff, David J. Boshea, respectfully requests this Court for an order providing that counsel and all witnesses are barred from making any reference to the first trial, through argument, or on direct or cross-examination, excepting testimony presented for impeachment, and for other just relief.

**RESPECTFULLY SUBMITTED,**

By: /s/ Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Drive, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

'

**CERTIFICATE OF SERVICE**

     I certify that on December 23, 2024, David J. Boshea served his Motion *in Limine* to Bar Matters Regarding the First Trial by CM/ECF on:

>Stephen B. Stern
>Shannon Hayden
>Kagan Stern Marinello & Beard, LLC
>238 West Street
>Annapolis, Maryland 21401
>Email: stern@kaganstern.com
>Email: hayden@kaganstern.com

*Attorneys for Compass Marketing, Inc.*

                                               */s/* Gregory J. Jordan
                                               Gregory J. Jordan