IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **DAVID J. BOSHEA** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT COMPASS MARKETING, INC.'S OPPOSITION TO PLAINTIFF DAVID BOSHEA'S MOTION IN LIMINE TO BAR MATTERS REGARDING THE FIRST TRIAL

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Opposition to the Motion in Limine to Bar Matters Regarding the First Trial ("Motion in Limine") filed by Plaintiff David J. Boshea ("Boshea"). In his Motion in Limine, Boshea seeks an Order from this Court barring the introduction of "any argument, testimony, statements, comments, questions, or references by Compass [Marketing's] counsel or any witness on direct or cross-examination" regarding the first trial in this matter. *See* ECF 293 (Motion in Limine) at 8. For the reasons explained in greater detail below, the Court should deny the Motion in Limine because the relief it seeks is extraordinarily overbroad and it would preclude reference to aspects of the first trial that are admissible (such as prior inconsistent statements). To the extent that any prejudice would result from noting there was a first trial in this case (which such references alone are not prejudicial), any potential prejudice could be cured by referring to the first trial as "prior proceedings" or a "prior proceeding."

**INTRODUCTION**

On February 5, 2021, Boshea filed a two-count Complaint against Compass Marketing alleging breach of contract (Count I) and violation of the Maryland Wage Payment and Collection Law ("MWPCL") (Count II). *See* ECF 1 (Complaint). Boshea's Complaint was filed "to recover unpaid sums owing to him under an agreement titled 'Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation.'" *See* ECF 1 at ¶ 1. Attached as Exhibit A to the Complaint was the purported written contract entered into between Boshea and Compass Marketing titled "Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation" ("Agreement") that formed the entire basis of Boshea's claims against Compass Marketing. Indeed, Boshea had always alleged that Boshea and Compass Marketing entered into a *written* contract in 2007. *See* ECF 27 at ¶ 10 (Amended Complaint) and ECF 48 at ¶ 11 (Second Amended Complaint) (alleging, "[i]n May 2007, Boshea and Defendant signed the Agreement").

Compass Marketing has always denied that it entered into the alleged Agreement and that the alleged signature of John White, the Company's CEO at the time, was forged. *See* ECF 125-2 (Defendant Compass Marketing, Inc's Answers to Plaintiff David J. Boshea's First Set of Interrogatories) at 8; *see also* ECF 14 (Defendant Compass Marketing, Inc.'s Answer to Plaintiffs' Complaint for Breach of Contract) at p. 7 (Sixth Affirmative Defense); ECF 53 (Defendant Compass Marketing, Inc.'s Answer to Plaintiff's Second Amended Complaint) at p. 8 (Fifth Affirmative Defense).

The parties proceeded to a jury trial in this case on both of Boshea's claims (breach of contract and violation of the MWPCL) that occurred from February 20, 2024 to February 27, 2024. During the trial, Boshea testified that the parties also entered into an oral contract, a claim he never

previously alleged in his original Complaint or either of his Amended Complaints. After the close of evidence, but before the case was submitted to the jury, Compass Marketing moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure specifically based on the legal insufficiency of Boshea's new oral contract claim, noting that it was not a matter that was alleged in the Complaint (or Amended Complaints). While Compass Marketing was in the middle of making the argument that Boshea had never alleged an oral contract existed between the parties, Boshea moved to amend his Complaint pursuant to Rule 15(b) of the Federal Rules of Civil Procedure to include the new claim, which the Court granted. The Court then denied Compass Marketing's Rule 50(a) motion because it allowed Boshea to amend his Complaint to include a claim for breach of an alleged oral contract. The jury returned a verdict in favor of Compass Marketing on Boshea's breach of written contract claim (a verdict for which no party has alleged and the Court has not found there were any errors), but, on the claim that was not properly before the Court, the jury returned a verdict for Boshea on his breach of oral contract claim (a verdict for which Compass Marketing has argued and the Court has found there were errors).

Following the trial, on April 5, 2024, Compass Marketing filed a Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for a New Trial (ECF 255). On August 7, 2024, the Court issued a Memorandum Opinion (ECF 275) and an Order (ECF 276) that denied Compass Marketing's motion for judgment as a matter of law with respect to Boshea's belated request to amend this Complaint and granted Compass Marketing's motion for a new trial. On September 5, 2024, Compass Marketing filed a Motion for Reconsideration of Order Denying Renewed Motion for Judgment as Matter of Law, or, in the Alternative, Motion for Reconsideration of Order Granting a New Trial on All Claims (ECF 279), which this Court denied

on November 8, 2024 (ECF 289). The parties are currently scheduled to begin the second trial in this case on February 24, 2025. Boshea is proceeding on the Third Amended Complaint in this action, which pleads the following counts: breach of oral contract (Count I); breach of written contract (Count II); and violation of the MWPCL (Count III).

Boshea now seeks an extraordinarily broad Order that would bar "counsel and all witnesses . . . from making any reference to the first trial, through argument, or on direct or cross-examination, excepting testimony presented for impeachment" during the second trial. *See* ECF 293 at 1. According to Boshea, reference to the first trial in its entirety "constitutes inadmissible hearsay" and "the prejudicial effect of any reference to the first trial outweighs the probative value of any such reference and is therefore inadmissible." *See id.* Both of Boshea's arguments fail and this Court should not categorically bar all references to the first trial. First, Boshea fails to cite any applicable authority to support his argument. Indeed, not all references to the first trial constitute hearsay, and, therefore, the relief sought in the Motion in Limine is overbroad and would necessarily preclude reference to relevant and admissible evidence. Instead of barring all references to the first trial, the admissibility of any reference should be considered individually on a case-by-case basis as the need may arise during the second trial. For example, prior testimony can be admitted as an admission against interest or prior testimony can be referenced as a prior inconsistent statement. Also by way of example, there is no basis upon which the Court should bar any reference to the findings of fact made by the jury in the first trial that Compass Marketing did not breach any alleged written agreement with Boshea, as there is no error whatsoever with that verdict, which is a finding of this Court. To the extent that there could be any prejudicial effect by referencing the first trial, the parties can cure this by only referring to "prior proceedings" or a "prior proceeding."

**ARGUMENT**

**I.    THE MOTION IN LIMINE IS TOO BROAD AND VAGUE TO GRANT THE REQUESTED RELIEF**

Boshea's requested relief, to bar "counsel and all witnesses . . . from making *any* reference to the first trial, through argument, or on direct or cross-examination, excepting testimony presented for impeachment" during the second trial is overly broad, vague, and improper.  *See* ECF 293 at 1 (emphasis added).    It is unclear what evidence Boshea may be referring to, and without knowing the specifics of what Boshea is seeking to exclude, Compass Marketing is unable to fully articulate why certain evidence is admissible.   Generally, courts should grant a motion in limine "*only* when the evidence is clearly inadmissible on all potential grounds." *Dorman v. Anne Arundel Med. Ctr.*, No. 15-1102, 2018 U.S. Dist. LEXIS 89627, 2018 WL 2431859, at *1 (D. Md. May 30, 2018) (emphasis added) (quoting *Emami v. Bolden*, 241 F. Supp. 3d 673, 681-82 (E.D. Va. 2017)).   This is not such a case.

As explained, *infra*, not all evidence from the first trial constitutes inadmissible hearsay. In fact, pursuant to Federal Rule of Evidence 801, both a declarant-witness's prior statement and an opposing party's statement are not hearsay.   FED. R. EVID. 801(d)(1)-(2).   Thus, there is evidence related to the first trial that is both relevant and admissible, such as Boshea's prior testimony.   At this point in time, it would be premature to categorically bar all reference to the first trial. The Court has the ability to make rulings on relevance and admissibility as issues arise during trial. Moreover, this District Court has held that "[w]here, as here, a party seeks a general exclusion of a broad or vaguely defined category of evidence, 'the best course of action is to deny the motion and see how the case unfolds.'" *Championship Tournaments, LLC v. United States Youth Soccer Ass'n*, No. SAG-18-02580, 2022 U.S. Dist. LEXIS 62326, at *11 (D. Md. Apr. 4, 2022) (quoting *A.Hak Indus. Servs. BV v. TechCorr USA*, LLC, 2014 U.S. Dist. LEXIS 174733,

5

2014 WL 12591696, at *1 (N.D.W. Va. Dec. 18, 2014) (citing *E.I. DuPont De Nemours & Co. v. Kolon Indus., Inc.*, 564 Fed. Appx. 710 (4th Cir. 2014)).

Thus, based on the overbroad nature of the Motion in Limine, this alone provides ample grounds for the Court to deny Boshea's Motion in Limine, as the Court has the ability to rule on the admissibility of any reference to the first trial during the second trial on a case-by-case basis, depending on the context in which it arises.

## II.     **EVIDENCE FROM THE FIRST TRIAL IS ADMISSIBLE AND RELEVANT**

The Motion in Limine argues, *inter alia*, "evidence concerning the first trial is inadmissible hearsay without an exception." *See* ECF 293 at 3.  In support of this assertion, Boshea cites *Rambus, Inc. v. Infineon Techs. AG*, 222 F.R.D. 101 (E.D. Va. 2004), stating that, in *Rambus*, "the defendant, Infinion, filed a motion to exclude the admission or any mention or use of a previous fifty-four day administrative proceeding at the trial in the matter." *See* ECF 293 at 3.  The motion in limine in *Rambus*, however, only sought to exclude the decision of the administrative law judge ("ALJ"), and not, as Boshea requests, "any mention or use of a previous fifty-four day administrative proceeding." *See Rambus*, 222 F.R.D. at 103-04 ("This matter is before the Court on Infineon's Motion *In Limine* to Exclude the FTC ALJ's Initial Decision[]"); *see also id.* at 104 ("Infineon has moved to exclude the admission, or any mention or use, of the Initial Decision at trial.").  Thus, the decision in *Rambus* is irrelevant and inapt, as the entire analysis pertained to whether the ALJ's "Initial Decision" would be admissible at a subsequent civil trial involving another party that was not a party to the Federal Trade Commission's administrative proceeding. *See id.* at 104.  The decision in *Rambus* also is inapplicable because there is no "Initial Decision" at issue here and Compass Marketing does not intend to introduce into evidence the Verdict Sheet

6


from the first trial.[1] Similarly, Boshea's reliance on *Zeus Enters. v. Alphin Aircraft, Inc.*, 190 F.3d 238 (4th Cir. 1999), is misplaced because, as with *Rambus*, the Fourth Circuit was considering whether it was proper for the district court to admit into evidence a decision of an ALJ under the public records exception to the hearsay rule (Federal Rule of Evidence 803(8)). *See Zeus Enters. v. Alphin Aircraft, Inc.*, 190 F.3d 238, 241 (4th Cir. 1999). The public records exception to the hearsay rule does not apply in this case because it only applies to a "record or statement of a public office if it sets out" (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel, or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation, none of which is present in this case. *See* FED. R. EVID. 803(8). Therefore, Boshea's reliance on that rule is misplaced.

Evidence from the first trial may come in through Boshea or another testifying witness pursuant to Federal Rule of Evidence 802(d). Rule 802(d) identities which statements are not hearsay, such as a statement made by a party opponent (FED. R. EVID. 802(d)(2)) or a declarant witness's prior statement (FED. R. EVID. 802(d)(1)). Boshea seems to acknowledge that these statements may be admitted into evidence (*see, e.g.*, ECF 293 at 7), but he suggests that their admission would be limited only when used for impeachment purposes, which is incorrect, because it would limit Compass Marketing's ability to call Boshea and question him about his prior testimony as a witness during its case-in-chief if it so desires.

Additionally, by way of example, a finding of this Court – a verdict in this case that Compass Marketing did not breach any alleged written agreement with Boshea (a verdict that is

---

[1] That is not to say that Compass Marketing should be barred from introducing the findings of this Court in the first trial, in which the jury rejected Boshea's breach of written contract claim – a claim/verdict for which there were no errors.

7

not the result of any errors alleged by any of the parties in this case or that were found to have occurred by this Court) – does not constitute inadmissible hearsay.

Again, the Court should deny the Motion in Limine because Boshea's request to bar "any reference" to the first trial is overbroad and Compass Marketing has demonstrated that there is evidence that could reference the first trial in this matter that is admissible.

### III.   ANY POTENTIAL PREJUDICE IS CURABLE

Boshea finally argues that even "[i]f this Court were to find that evidence of the first trial is not inadmissible hearsay without an exception, it should nevertheless exclude evidence of the first trial under Fed. R. Evid. 403 because the prejudicial effect of its admission would substantially outweigh its probative value." *See* ECF 293 at 5.  Boshea asserts that "[a]dmitting evidence from the first trial would likely cause the jurors in the new trial to give undue weight to the factual findings of the jury in the first trial and undermine their ability to reach their independent determination of facts." *See id.* at 6.  The issue with Boshea's assertion is that his definition of evidence is entirely overbroad and he seeks to preclude any reference to evidence from the first trial.  It is unclear what exactly Boshea is seeking to preclude.  To the extent that the jury could become confused by reference to the first trial, this can be cured by both parties agreeing to refer to the first trial as "prior proceedings" or a "prior proceeding" as Boshea suggests.  Therefore, the Motion in Limine should be denied.

Moreover, precluding certain references to the prior trial would be prejudicial to the parties. For example, if a party can introduce a statement against interest or a prior inconsistent statement from the prior trial, it should be permitted to do so and it would be prejudicial to exclude that evidence.  It also is fundamentally unfair and prejudicial to Compass Marketing to preclude any reference to the jury's prior verdict on Boshea's breach of written contract claim.  To do so requires

Compass Marketing and this Court to pretend that a perfectly legitimate verdict – one that did not result from any errors – does not exist. There is nothing about that initial verdict that would be "confusing" to the jury in the second trial and it should know that a finding by this very Court occurred in this case that did not contain any errors. Indeed, in *Guidi v. Inter-Continental Hotels Corp.*, 95 Civ. 9006 (LAP), 2003 U.S. Dist. LEXIS 6385 (S.D.N.Y. Apr. 16, 2003), the court did not admit the results of a prior court proceeding only because (1) it was a result from a foreign court (in Egypt), "operating under unfamiliar rules and under unfamiliar procedural circumstances[,]" making any inferences the jury may draw "not entirely reliable or certain[;]" (2) it would result in a trial within a trial due to the fact that "the Egyptian facts and results are subject to some doubt . . . and were elicited under circumstances not congruent with those presented here[;]" and (3) the jury likely would believe "the issue of liability [was] decided when, in fact, the Egyptian court's determination of liability is not entitled to collateral estoppel effect in" the U.S. court. None of those circumstances apply here. In fact, there was not a single defect that this Court found with the jury's verdict in favor of Compass Marketing with respect to Boshea's breach of written contract claim. Therefore, Compass Marketing should be able to present such a factual finding of this Court to the jury and, to rule otherwise, would be highly prejudicial to Compass Marketing, as there is no reason why this Court must pretend that verdict never occurred.

## **CONCLUSION**

For the foregoing reasons, Compass Marketing respectfully requests that Boshea's Motion in Limine to Bar Matters Regarding the First Trial be denied, and that Compass Marketing be permitted to present evidence referencing the first trial during the second trial in this case.

Dated:  January 10, 2025                    Respectfully submitted,

*/s/Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  hayden@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 10th day of January, 2025, the foregoing Defendant Compass Marketing, Inc.'s Opposition to Plaintiff David J. Boshea's the Motion in Limine to Bar Matters Regarding the First Trial was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo<br>Gilbert Employment Law, PC<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, Maryland 20910<br>Email: tgagliardo@gelawyer.com<br><br>*Attorneys for Plaintiff*<br>*David Boshea* | Gregory J. Jordan<br>Mark Zito<br>Jordan & Zito, LLC<br>350 N. LaSalle Drive, Suite 1100<br>Chicago, Illinois 60654<br>Email: gjordan@jz-llc.com |

                                            */s/ Stephen B. Stern*
                                            Stephen B. Stern