**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **THE ESTATE OF DAVID J. BOSHEA** | * | |
| *Plaintiff*, | * | **Case No. 1:21-CV-00309-ELH** |
| v. | * | |
| **COMPASS MARKETING, INC.** | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT COMPASS MARKETING, INC.'S PROPOSED VERDICT SHEET

1. Do you find that the document titled "Compass Marketing, Inc. Agreement Relating to Employment Post-Employment Competition" was signed by John White on behalf of Compass Marketing, Inc.?

    YES_____      NO_____

    If you answered "YES" to Question No. 1, please proceed to Question No. 2. If you answered "NO" to Question No. 1, you have found in favor of Compass Marketing, Inc., on the breach of written contract claim. You must skip Question No. 2 and proceed to Question No. 3.

2. Do you find that Compass Marketing breached the agreement titled "Compass Marketing, Inc. Agreement Relating to Employment Post-Employment Competition" by failing to pay David J. Boshea severance amount of $540,000?

    YES_____      NO_____

    If you answered "YES" to Question No. 2, you have found in favor of the Estate of David J. Boshea on the breach of written contract claim. If you answered "NO" to Question No. 2, you have found in favor of Compass Marketing, Inc., on the breach of written contract claim. No matter what you answered in response to Question No. 2, please proceed to Question No. 3

3.  Do you find that John White on behalf of Compass Marketing, Inc., verbally offered David J. Boshea a contract for employment that included a severance provision entitling him to $540,000 if he (1) worked for at least three years, (2) was terminated without cause, and (3) complied with multiple post-employment restrictions?

    YES_____    NO_____

    If you answered "YES" to Question No. 3, please proceed to Question No. 4.  If you answered "NO" to both Question No. 1 and Question No. 4, you have found in favor of Compass Marketing, Inc. on all claims.  The jury foreperson must date and sign below and instruct the Bailiff that you have reached a verdict.  If you answered "NO" to Question No. 1 but "YES" to Question No. 3, please proceed to Question No. 4.

4.  Do you find that David J. Boshea verbally accepted the offer as presented, without making a counteroffer?

    YES_____    NO_____

    If you answered "YES" to Question No. 4, you must skip Question No. 5 and proceed to Question No. 6.  If you answered "NO" to Question No. 4, please proceed to Question No. 5.

5.  Do you find that Compass Marketing, Inc. accepted any counteroffer proposed by David J. Boshea and an agreement was formed?

    YES_____    NO_____

    If you answered "YES" to Question No. 5, please proceed to Question No. 6.  If you answered "NO" to Question No. 5, you have found in favor of Compass Marketing, Inc., on the breach of oral contract claim.

    If you have found in favor of Compass Marketing, Inc. on both the breach of written contract claim and breach of oral contract claim, you have found in favor of Compass Marketing on all claims.  The jury foreperson must date and sign below and instruct the Bailiff that you have reached a verdict.

    If you have found in favor of Compass Marketing, Inc. on either the breach of written contract claim or the breach of oral contract claim (i.e., you have only found in favor of Compass Marketing, Inc. on one breach of contract claim but not both), please proceed to Question No. 7.

2

6. Do you find that Compass Marketing, Inc. breached the verbal agreement by failing to pay David J. Boshea a severance amount of $540,000?

    YES_____        NO_____

    If you answered "YES" to Question No. 6, you have found in favor of the Estate of David J. Boshea on the breach of oral contract claim. Please proceed to Question No. 7. If you answered "NO" to Question No. 6, you have found in favor of Compass Marketing, Inc. on the breach of oral contract claim.

    If you have found in favor of Compass Marketing, Inc. on either the breach of written contract claim or the breach of oral contract claim (i.e., you have only found in favor of Compass Marketing, Inc. on one breach of contract claim but not both), please proceed to Question No. 7.

7. Do you find that Compass Marketing, Inc. had a good faith basis to believe that it did not owe David J. Boshea a severance payment of $540,000?

    YES_____        NO_____

    If you answered "YES" to Question No. 7, David J. Boshea is not entitled to enhanced damages. The jury foreperson must date and sign below and instruct the Bailiff that you have reached a verdict. If you answered "NO" to Question No. 7, please proceed to Question No. 8.

8. Do you find that Compass Marketing's lack of a good faith basis to believe that it did not owe David J. Boshea the severance payment of $540,000 warrants awarding David J. Boshea enhanced damages? You have the discretion to decline to award enhanced damages.

    YES_____        NO_____

    If you answered "YES" to Question No. 8, please proceed to Question No. 9. If you answer "NO" to Question No. 8, you must skip Question No. 9. The jury foreperson must date and sign below and instruct the Bailiff that you have reached a verdict.

9. Having found that the Estate of David J. Boshea is entitled to $540,000 in severance due to breach of contract, what amount, if any, do you award the Estate of David J. Boshea in enhanced damages? You do not have to award enhanced damages, but, if you do, you may award an amount anywhere from $1.00 up to $1,080,000.

    $_____

3

Proceed to date and sign and notify the Bailiff that you have reached a verdict.

**JURY FOREPERSON DATE AND SIGN IMMEDIATELY BELOW.  YOU HAVE NOW COMPLETED YOUR DELIBERATIONS.**

**Date:**_____         _____
                                                                                  **Jury Foreperson**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 17th day of March, 2025, the foregoing Proposed Verdict Sheet was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo<br>Gilbert Employment Law, PC<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, Maryland 20910<br>Email: tgagliardo@gelawyer.com | Gregory J. Jordan<br>Mark Zito<br>Jordan & Zito, LLC<br>350 N. LaSalle Drive, Suite 1100<br>Chicago, Illinois 60654<br>Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*The Estate of David J. Boshea*


                                            */s/Stephen B. Stern*
                                            Stephen B. Stern