IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THE ESTATE OF DAVID J. BOSHEA** | * | |
| *Plaintiff*, | * | Case No. 1:21-CV-00309-ELH |
| v. | * | |
| **COMPASS MARKETING, INC.** | * | |
| *Defendant*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT COMPASS MARKETING, INC.'S PRETRIAL ORDER

Defendant Compass Marketing, Inc. ("Compass Marketing" or "the Company"), by and through its undersigned counsel, and pursuant to Local Rule 106.2, hereby submits this Pretrial Order.[1]

    **A.**    **Facts that Compass Marketing Intends to Prove or Rely Upon as a Defense**

Compass Marketing intends to prove that when the Company hired Plaintiff David J. Boshea ("Boshea") in 2007, Compass Marketing never entered into any contract, either oral or written, with Boshea that called for the payment of severance upon the termination of Boshea's employment. Compass Marketing further intends to prove that Boshea and Compass Marketing engaged in negotiations to purchase a company owned by friends of Boshea, but they failed to reach a final agreement. Compass Marketing also intends to show that, when those negotiations did not result in an agreement, Boshea and Compass Marketing decided to enter into an

---

[1] Despite inquiring on multiple occasions as to whether Plaintiff will file a motion to substitute parties, including inquiring on the afternoon of March 17, 2025 (i.e., the deadline for the parties to file the parties' pretrial order, jury instructions, voir dire, and verdict sheet), moments before the filing deadline, Compass Marketing learned for the first time that Plaintiff was in fact filing such a motion pursuant to Rule 25 of the Federal Rules of Civil Procedure. Although the parties exchanged drafts of the pretrial filings, there was insufficient notice about the motion to substitute to allow the parties to coordinate filing a joint pretrial order and counsel for Plaintiff advised counsel for Compass Marketing that Compass Marketing should submit its own jury instructions, voir dire, and verdict sheet. Compass Marketing reserves the right to object to the motion to substitute.

employment relationship, but they never entered into a written employment agreement or an oral agreement that called for Boshea to receive a severance payment if he was terminated from employment without cause. Compass Marketing further intends to prove that the written agreement titled "Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation" ("Agreement"), relied on by Boshea, is fraudulent, was never signed by John White, and the signature on the Agreement purporting to be John White's signature is a forgery. Compass Marketing further intends to prove that it had a good faith basis not to pay Boshea the $540,000 in severance he claimed he was owed when he demanded it because Compass Marketing never entered into the alleged agreement with Boshea, so it had no obligation or reason to pay Boshea the claimed severance. Because the Agreement is fraudulent, it is unenforceable. Further, because the parties never agreed to a severance payment orally, Boshea's estate is not entitled to any relief.

    **B.**    **Any Amendments Required of Pleadings**

None are anticipated at this time.

    **C.**    **Any Issue in Pleadings to Be Abandoned**

None.

    **D.**    **Proposed Stipulations of Fact**

    1.    David Boshea was a resident of the state of Illinois and remained a resident of the state of Illinois throughout his employment with Compass Marketing.

    2.    During his employment with Compass Marketing, David Boshea did not pay any state income taxes to the state of Maryland.

    3.    Compass Marketing is a Virginia corporation headquartered in Annapolis, Maryland.

4.   Compass Marketing terminated David Boshea's employment in March 2020.

### E.   Damages Claimed by Plaintiff

Boshea claims he is owed $540,000 in wages pursuant to the Agreement and/or pursuant to an oral contract that he allegedly entered into with John White on behalf of Compass Marketing that included a severance provision.  Boshea also has brought a claim for violation of the Maryland Wage Payment and Collection Law ("MWPCL") based on the alleged failure to pay wages under the Agreement and/or oral contract and, in connection with that claim, Boshea is seeking enhanced damages of up to three times the wages owed (i.e., treble damages), the maximum of which would be $1,620,000.00.

### F.   Compass Marketing's Exhibits

See Exhibit A.

### G.   Compass Marketing's Witnesses

| Name | Contact Information | Expected to Call or May be Called? |
|---|---|---|
| John White | Contact through counsel | Expected to be Called |
| David Boshea | Deceased | Testimony to be read into record.[2] |
| Ronald Bateman | Contact through counsel | May be Called |
| Michael White | 39650 Hiawatha Circle, Mechanicsville, Maryland (301) 481-5986 | May be Called |
| Daniel White | 21900 Fairway Drive, Leonardtown, Maryland 20650 (240) 298-6156 | May be Called |

---

[2] Compass Marketing objects to admitting into evidence testimony by David Boshea from the first trial or his deposition that relates to his claim for breach of an oral contract.  Compass Marketing's objections will be explained in further detail in a Motion to Exclude David Boshea's Testimony.  Compass Marketing is noting the inclusion of Boshea's testimony only in the alternative in the event the Court were to overrule Compass Marketing's objections and deny Compass Marketing's Motion to Exclude.

| | | |
|---|---|---|
| George White | 15125 Woodville Road, Waldorf, Maryland 20601 (240) 419-2340 | May be Called |
| Jerry Cain | Contact through counsel | May be Called |
| Erin Songer | Contact through counsel | Expected to be Called |
| Lou Fernandez | Contact through counsel | May be Called |
| Jonathan Staples | Contact through counsel | May be Called |
| Debra White | 39650 Hiawatha Circle, Mechanicsville, Maryland | May be Called |
| Kelly White | 21900 Fairway Drive, Leonardtown, Maryland | May be Called |

**H.      Compass Marketing's Expert Witness**

Jeffrey Payne – Certified Document Examiner

**I.       Deposition Testimony to Be Offered**

None at this time. Compass Marketing reserves the right to make counter-designations of Boshea's testimony or any other testimony that may be offered as deposition testimony if a proper motion to substitute parties ultimately is filed.

**J.       Any Other Pretrial Relief**

Compass Marketing intends to file a Motion for Leave to File a Motion to Exclude the Testimony of Boshea relating to his claim for breach of oral contract pursuant to Rule 804(b)(1) of the Federal Rules of Evidence.

Compass Marketing also intends to file a Motion to Exclude reference to John White's run for political office. During the first trial in this matter, counsel for Plaintiff mentioned Mr. White's run for political office, including party affiliation, and who he ran against during Plaintiff's opening statement, but never put such testimony into evidence. Such evidence is not relevant and any potential relevance is outweighed by the prejudice it would cause. Thus, Plaintiff should be

4

precluded not only from seeking to put such testimony into evidence, Plaintiff also should be precluded mentioning such matters in opening statements or in other arguments.

In addition, in light of the Court's rulings at the first trial precluding questions about Compass Marketing owners Daniel and Michael White's, and former Compass Marketing IT manager George White's involvement in Boshea's claim against Compass Marketing, rather than taking trial time to address these issues for preservation purposes, Compass Marketing requests that the Court enter an order that recognizes all of Compass Marketing's arguments concerning questions/testimony related to Daniel White, Michael White, and/or George White and the related lawsuit pending in the Circuit Court for Anne Arundel County are preserved for appeal purposes.

## Exhibit A

## Defendant Compass Marketing, Inc.'s Exhibit List

| *Exhibit No.* | *Identification* | *Admitted* | *Description* |
|---|---|---|---|
| 1 | | | March 2, 2020 David Boshea Termination Letter & Proposed Severance Agreement |
| 2 | | | May 24, 2007 Email from David Boshea to Michael White Re: Follow Up |
| 3 | | | June 12, 2007 Salary Reduction Form for David Boshea January 1, 2007 through December 31, 2007 |
| 4 | | | Maryland New Hire Registry Reporting Form |
| 5 | | | Illinois Withholding Allowance Worksheet |
| 6 | | | March 5, 2020 Email from Rebecca Obarski to John White Re: David Boshea Employment Terms |
| 7 | | | March 5, 2020 Email from Rebecca Obarski to Erin Songer Re: Personnel File of David Boshea |
| 8 | | | March 16, 2020 Email from David Boshea to Erin Songer Re: Follow Up on Separation |
| 9 | | | May 29, 2020 Email from David Boshea to John White FW: Dave Boshea Employment Terms |
| 10 | | | June 11, 2020 Email from David Boshea to John White Re: Loser |

| Exhibit No. | Identification | Admitted | Description |
|---|---|---|---|
| 11 | | | August 1, 2020 Email from David Boshea to John White (No subject) |
| 12 | | | August 11, 2020 Email from David Boshea to John White FW: Dave Boshea Employment Terms |
| 13 | | | David Boshea Call Log |
| 14 | | | March 3, 2025 John D. White Signature Examination by Jeffrey Payne |
| 15 | | | October 31, 2021 Rebuttal of the Findings of Donna O. Eisenberg by Jeffrey Payne |
| 16 | | | January 4, 2021 Text between David Boshea, Daniel White, and Michael White |
| 17 | | | June 7, 2021 Email from David Boshea to Daniel White Re: Contracts |
| 18 | | | June 16, 2021 Email from David Boshea to Daniel White (Untitled) |
| 19 | | | September 17, 2021 Email from Gregory Jordan to Michael White Re: John White Signature Samples |
| 20 | | | December 28, 2020 Text Messages between David Boshea and Michael White |
| 21 | | | September 17, 2021 Text Message between David Boshea, Michael White, and Daniel White (Redacted) |

| Exhibit No. | Identification | Admitted | Description |
|---|---|---|---|
| 22 | | | January 12, 2021 Email from Daniel White to Gregory Jordan Re: David Boshea |
| 23 | | | December 27, 2020 Email from David Boshea to Gregory Jordan and Daniel White Re: Compass |
| 24 | | | David Boshea's Responses to Defendant Compass Marketing Inc.'s First Set of Interrogatories to Plaintiff David J. Boshea (Redacted) |
| 25 | | | David Boshea's Amended Responses to Defendant Compass Marketing's First Set of Interrogatories to Plaintiff David J. Boshea (Redacted) |
| 26 | | | December 27, 2020 Email from David Boshea to Daniel White Re: Greg |
| 27 | | | Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (Unexecuted) (Nagle, Obarski & Holzhauer, P.C.) |
| 28 | | | Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (Executed) |
| 29 | | | September 17, 2021 Email from Daniel White to Gregory Jordan |

| Exhibit No. | Identification | Admitted | Description |
|---|---|---|---|
| 30 | | | September 13, 2021 Email from Gregory Jordan to Daniel White Re: Boshea v. Compass Marketing, Inc. - Compass Marketing's Expert Disclosure |
| 31 | | | August 15, 2021 Email from Gregory Jordan to Daniel White Re: Dan Mike |
| 32 | | | January 15, 2021 Email from Gregory Jordan to Daniel White Re: Local Counsel Referral |
| 33 | | | December 23, 2020 Email from Gregory Jordan to Daniel White Re: Follow Up |
| 34 | | | September 20, 2021 Email from Gregory Jordan to Michael White Re: Documents |
| 35 | | | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition (revision 1) |
| 36 | | | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition |
| 37 | | | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition |
| 38 | | | June 3, 2021 Email from David Boshea to Daniel White FW: Compass Marketing Severance Agreement |

| *Exhibit No.* | *Identification* | *Admitted* | *Description* |
|---|---|---|---|
| 39 | | | January 5, 2021 Email from David Boshea to Daniel White and Michael White (No subject) |
| 40 | | | January 7, 2021 Email from David Boshea to Daniel White Re: Compass |
| 41 | | | December 21, 2020 Email from Daniel White to David Boshea Re: Follow Up |
| 42 | | | June 16, 2021 Email from David Boshea to Daniel White (No subject) |
| 43 | | | June 21, 2021 Email from David Boshea to Daniel White Re: see attached |
| 44 | | | June 29, 2021 Email from David Boshea to Daniel White FW: 1:21-cv-00309-ELH Boshea v. Compass Marketing, Inc. |
| 45 | | | July 6, 2021 Email from David Boshea to Gregory Jordan and Daniel White Re: dpose |
| 46 | | | June 27, 2023 Email from David Boshea to Michael White and Gregory Jordan (No subject) |
| 47 | | | September 12, 2023 Email from David Boshea to Michael White and Daniel White Re: revision trial prep |
| 48 | | | October 6, 2023 Email from Michael White to David Boshea (No subject) |

| *Exhibit No.* | *Identification* | *Admitted* | *Description* |
|---|---|---|---|
| 49 | | | September 18, 2023 Text Message from David Boshea to Michael White |
| 50 | | | September 13, 2021 Email from Daniel White to Gregory Jordan Re: Boshea v. Compass Marketing, Inc. – Compass Marketing's Expert Disclosure |
| 51 | | | October 5, 2021 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to John Adams |
| 52 | | | June 30, 2023 State of Maryland Commission on Judicial Disabilities Reprimand |
| 53 | | | Paycheck Protection Program Borrower Application Form executed by Michael White on April 25, 2020 |
| 54 | | | December 1, 2008 Compass Marketing, Inc. County First Bank Signature Card |
| 55 | | | June 15, 2009 Compass Marketing, Inc. County First Bank Signature Card |
| 56 | | | January 26, 2021 Email from D. Boshea to Daniel White FW: Document |
| 57 | | | April 2007 David Boshea Memo to John White |
| 58 | | | October 18, 2023 Text Message between Daniel White and Gregory Jordan |

11

| *Exhibit No.* | *Identification* | *Admitted* | *Description* |
|---|---|---|---|
| 59 | | | February 9, 2016 $450,000 Check Paid out of Compass Marketing, Inc. Checking Account to Michael White |
| 60 | | | Michael White's W-2: Wage and Tax Statement for 2018 |
| 61 | | | Michael White's 2018 Financial Disclosure |

Dated:  March 17, 2025	Respectfully submitted,

	*/s/Stephen B. Stern*
	Stephen B. Stern, Bar No.: 25335
	Shannon M. Hayden, Bar No.: 30380
	KAGAN STERN MARINELLO & BEARD, LLC
	238 West Street
	Annapolis, Maryland 21401
	(Phone): (410) 216-7900
	(Fax):  (410) 705-0836
	Email:  stern@kaganstern.com

	*Counsel for Defendant*
	*Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 17th day of March, 2025, the foregoing Defendant Compass Marketing, Inc.'s Pretrial Order was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo | Gregory J. Jordan |
| Gilbert Employment Law, PC | Mark Zito |
| 1100 Wayne Avenue, Suite 900 | Jordan & Zito, LLC |
| Silver Spring, Maryland 20910 | 350 N. LaSalle Drive, Suite 1100 |
| Email: tgagliardo@gelawyer.com | Chicago, Illinois 60654 |
| | Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*The Estate of David J. Boshea*

                */s/Stephen B. Stern*
                Stephen B. Stern