**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| DAVID J. BOSHEA[1] | * |
|     Plaintiff, | * |
|     v. | *  Case No. 1:21-CV-00309-ELH |
| COMPASS MARKETING, INC. | * |
|     Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PRETRIAL ORDER**

David J. Boshea ("David Boshea") for his Pretrial Order[2], brought in accordance with the Court's January 14, 2025 Order (ECF 296) and the Court's standing order on the preparation of final pretrial orders states:

**STATEMENT OF FACTS**

**DAVID BOSHEA'S STATEMENT OF FACTS THAT HE
PROPOSES TO PROVE IN SUPPORT OF HIS CLAIMS**

1. David Boshea is deceased and at all relevant times was a resident of Illinois.

2. Compass Marketing, Inc. is a Virginia corporation headquartered in Maryland.

3. From its inception through the date of David Boshea's termination, Compass focused its business on providing services to companies in the consumer packaged goods industry.

---

[1] Counsel for David J. Boshea filed a Suggestion of Death and requested that the Court allow the case to proceed as Ashley Boshea, Administrator for the Estate of David John Boshea.

[2] On March 6, 2025, Counsel for David Boshea submitted to Compass Marketing's attorneys a version of the Pretrial Order, including David Boshea's proposed items and language that Compass Marketing included in the final pretrial order found at CM/ECF 196. Late on March 16, 2025, Compass provided its portion of the Pretrial Order, which did not include David Boshea's proposed submission. Today, David Boshea's counsel asked that Compass Marketing combine the documents, which apparently, Compass Marketing declined to do without advising David Boshea's counsel.

4. In the early 1990's, John White worked under David Boshea at Advantage Sales & Marketing, at which time David Boshea mentored John White.

5. Subsequently, John White, his brothers, Michael and Daniel, and another person formed Compass.

6. David Boshea wrote Compass' business plan and assisted John White and Compass in obtaining its first customer.

7. Subsequently, John White, as Compass' CEO, regularly solicited David Boshea to join Compass. However, David Boshea declined since he held significant positions with well-known large corporations.

8. In early 2007, John White intensified Compass' pursuit of David Boshea.

9. In an April 1, 2007 email, John White emailed David Boshea to solicit him to join Compass in a senior position and introduced the idea of David Boshea receiving g an exit package:

> Also, you and I need to make sure we discuss an exit plan for you, even seperate [sic] from me selling Compass. We need to respect that we are friends and that working together could possibly hurt our relationship (has not happened before but I was always working for you!!!!). I just want to define expectations up front so we limit the chances of getting on two different tracks, but I want us both to agree how we can spit if we need to so we can be certain to save our friendship [sic].

April 1, 2007 email from John White to David Boshea.

10. At that time, David Boshea was highly successful in the consumer packaged goods industry, holding a National Account Manager position with Energizer Holdings, Inc., the battery company.

11. David Boshea prepared and delivered to Compass a memo outlining the items he would need to consider, including contract terms, before deciding to join Compass.

12. On multiple occasions, including one on which his brother, Daniel, joined him, John White flew to Chicago to sell David Boshea on joining Compass.

13. On May 16, 2007, John White sent an offer letter on Compass' behalf in which Compass promised David Boshea a $180,000.00 annual salary, a bonus, health insurance, a car allowance, a 401k, a home office expense, a laptop, a copy machine, and reimbursement of all business-related travel expenses, plus two weeks' vacation in 2007 and three-weeks in 2008. In addition, in the letter, Compass offered to pay 100% percent of business-related country club membership fees up to $32,000.00 over three years and "an involuntary exit package' of 3 times your salary (1 year will be immediately vested, with the additional 2 years accrued over the next three years)."

14. After David Boshea received the May 16, 2007 letter, he and Compass agreed to the terms outlined in ¶9 above.

15. During that month, David Boshea and Compass, through John White, signed an agreement titled "Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation."

16. As evidence of the parties' agreement, John White blind-copied his brother, Daniel White, on a May 22, 2007 email John White sent at 1:24 a.m. to David Boshea, including a draft Word version of the same severance agreement referenced in ¶11 above as an attachment.

17. The parties' agreement provides that if David Boshea is terminated for any reason other than for cause, David Boshea will receive severance payments totaling $180,000.00 paid over 24 months, commencing on his effective date of termination, and paid in accordance with Compass' normal payroll cycle.

18. The parties' agreement further provides that David Boshea's severance will increase one month for every month he is employed with Compass to a maximum severance of $540,000.00.

3

19. Because David Boshea was leaving his employment with Energizer Holdings, Inc., one of the world's largest manufacturers of batteries, to join Compass, a relatively small firm, the severance package was a strong driver in his decision to join Compass.

20. David Boshea began working at Compass Marketing on or around June 5, 2007.

21. Compass hired John Adams in 2007 and provided a written severance agreement bearing the same title as David Boshea's severance agreement and containing terms substantially similar to those in David Boshea's agreement.

22. Mr. Adams' agreement provided him with the right to receive $120,000.00 in severance payments.

23. As Executive Vice President, David Boshea reported directly to John White, Compass' CEO, while John Adams described himself as being on a lower tier in Compass's flow chart.

24. Compass' regular payroll schedule involved twice monthly payments of salary or wages.

25. After nearly thirteen (13) years with the company, Compass eliminated David Boshea's position, i.e., Executive Vice President.

26. When Compass terminated David Boshea, Jerry Cain and Erin Songer of Compass told him that the only reason for firing him was a reduction in force, which was confirmed in a March 3, 2020 letter from Compass, which stated, "Regrettably, your position was one of the positions selected to be eliminated due to a necessary reduction in force."

27. After receiving the termination letter, David Boshea attempted to contact John White, but John White did not take his calls, respond to his emails, or otherwise contest David Boshea's demand.

28. David Boshea also sent Erin Songer an email on March 16, 2020 with a copy to John White, reminding him that Compass needed to pay the severance he was owed. He wrote:

> Hope your [sic] well. In follow up I wanted to follow up on my Compass exit payments:
>
> …
>
> "Misc Payments : My exit plan agreement with John White $540,000 earned after 3 years of service ( John White has agreement), …
>
> (March 16, 2020 email.

29. No one at Compass ever contacted David Boshea to dispute David's email request or even responded to it.

30. Compass employed David Boshea from May 2007 until March 2020, approximately 155 months before his involuntary termination.

31. Despite David Boshea's repeated demands, Compass has failed to pay him any of the severance pay Compass owed.

32. Compass has never claimed David Boshea failed to perform his obligations under the Agreement.

33. Under the terms of the Agreement, Compass was obligated to pay David Boshea severance payments through the end of February 2021.

### DAVID J. BOSHEA'S LEGAL THEORIES IN SUPPORT OF EACH CLAIM

**Count I - Breach of Oral Contract** - David Boshea is entitled to severance payments owed to him by Compass. David Boshea and Compass entered into a contract based on Compass' oral offer to employ David Boshea as a senior executive, which Compass Marketing memorialized in Compass' agreement titled, "Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation," and David Boshea's acceptance of the offer. David Boshea worked for Compass from 2007 to March 2020, thus satisfying his contractual obligations. Because Compass terminated David Boshea's employment involuntarily for a reason other than cause and David Boshea is entitled to receive the maximum severance of $540,000.00 under the agreement. Compass has not paid any severance owed to David Boshea. Compass breached the

5

Agreement by failing to pay Boshea $540,000.00 in severance despite numerous demands for payment, Compass never disputed that David Boshea was entitled to receive the severance payments outlined in the Agreement until after David Boshea filed this lawsuit. Compass' breach of the Agreement caused Boshea to suffer damages of $540,000.00, plus prejudgment interest.

**Count II - Breach of Written Contract** –David Boshea is entitled to severance payments owed to him by Compass. David Boshea and Compass entered into a contract titled, "Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation," which David Boshea and Compass signed in May 2007. David Boshea worked for Compass from 2007 to March 2020, thus satisfying his contractual obligations. Because Compass terminated David Boshea's employment involuntarily for a reason other than cause and David Boshea is entitled to receive the maximum severance of $540,000.00 under the agreement. Compass has not paid any severance owed to David Boshea. Compass breached the Agreement by failing to pay Boshea $540,000.00 in severance despite numerous demands for payment, Compass never disputed that David Boshea was entitled to receive the severance payments outlined in the Agreement until after David Boshea filed this lawsuit. Compass' breach of the Agreement caused Boshea to suffer damages of $540,000.00, plus prejudgment interest.

**Count II – Violation of Maryland Wage Payment and Collection Law** – As a result of the agreement for the payment of Post-Employment Compensation, whether signed or oral, David Boshea is entitled to recover wages owed to him under the Maryland Wage Payment and Collection Law (the "MWPCL"). The MWPCL provides that severance payments fall within the definition of "wages." Under the MWPCL, Compass is an "employer," and David Boshea is an "employee." The documents and testimony will show that Compass has no basis to believe it does not owe the wages to David Boshea or that, in any event any such claim of its belief is not objectively

6

reasonable. Because no bona fide dispute exists concerning the severance payments owed to David Boshea, he is entitled to an award of up to three times the wages owed by Compass, reasonable counsel fees, and his costs subject to the Court's discretion.

### DAVID BOSHEA'S STATEMENT CONCERNING THE NEED TO MAKE ANY AMENDMENTS TO THE PLEADINGS HE HAS FILED

1. David Boshea does not request leave to amend any pleadings.

### DAVID BOSHEA'S STATEMENT CONCERNING THE NEED TO ABANDON ANY OF HIS PLEADINGS

1. David Boshea does not request leave to abandon any pleadings.

### PROPOSED STIPULATED FACTS

1. David Boshea is a resident of the state of Illinois.

2. Compass Marketing is a Virginia corporation headquartered in Annapolis, Maryland.

3. Compass Marketing terminated David Boshea's employment in March 2020.[3]

### DAVID BOSHEA'S DETAIL OF DAMAGES OWED BY COMPASS

**Count I - Breach of Oral Contract** – David Boshea is entitled to recover $540,000.00 in severance payments. He calculated his damages by multiplying his $180,000.00 salary by three since he remained employed by Compass for more than thirty-six months, as outlined in his agreement with Compass.

**Count II - Breach of Written Contract** – David Boshea is entitled to recover $540,000.00 in severance payments. He calculated his damages by multiplying his $180,000.00 salary by three

---

[3] Compass Marketing has listed proposed stipulations in its form of Pretrial Order without consulting with counsel for David Boshea. David Boshea does not stipulate to any facts other than those set forth in this proposed order, which are identical to the stipulations agreed upon before in 2024.

7

since he remained employed by Compass for more than thirty-six months, as outlined in his agreement with Compass.

**Count III – Violation of Maryland Wage Payment and Collection Law** – David Boshea is entitled to wages owed to him in the form of severance payments under the Maryland Wage Payment and Collection Law (the "Law") of $1,620,000.00, which is equal to three times the wages owed to him by Compass. He is also entitled to receive reasonable counsel fees and his costs.

### DAVID BOSHEA'S EXHIBIT LIST

### See Exhibit A

### COMPASS MARKETING, INC.'S PROPOSED EXHIBIT LIST 2F

Compass Marketing, Inc. submitted its list of exhibits late on Sunday, March 16, 2025. Because Compass Marketing has not provided sufficient time to object to the exhibits, David Boshea objects to the foundation for each exhibit, materiality, prejudice, and hearsay.

### DAVID BOSHEA'S WITNESS LIST

| Name | Contact Information | Expected to Call or May be Called? |
|---|---|---|
| David Boshea | Who may be contacted through his counsel. | Expected to Be Called |
| Julie Boshea | 222 South Mill Street, Naperville Illinois 60540 (630) 355-8100 | Expected to Be Called |
| John White | Who may be contacted through Compass' counsel. | Expected to Be Called |
| John Adams | Who may be contacted through Compass' counsel. | Expected to Be Called |
| Jim Wenz | (630) 992-5604 | May Be Called |
| John Mancini | (717) 465-5645 | May Be Called |

| | | |
|---|---|---|
| Compass Keeper of Payroll Records and Documents | Who may be contacted through Compass' counsel. | May Be Called |
| Donna Eisenberg | Who may be contacted through David Boshea's counsel. | Expected to Be Called |

### IDENTIFICATION OF EXPERTS DAVID BOSHEA EXPECTS AND THE SPECIALTIES OF THE EXPERT HE PROPOSES TO CALL AS A WITNESS

1. Donna Eisenberg of Forensic Document Examiner Services, LLC, who specializes in document and handwriting investigation and analysis.

### DAVID BOSHEA'S DESIGNATION OF DEPOSITION TESTIMONY

1. David Boshea designates the following portions of his testimony appearing in Vol II of the February 21, 2024 Trial Transcript

   P. 9 Line 21-22, except the words "yes, your honor."; P. 10, Line 1, P. 10, Line 9-15, P. 11 Line 2 to 7; P. 11 Line 10 to P. 12 Line 3; P. 12 Line 6-20; P. 12 Line 25 to P. 13 Line 1; P. 13 Line 4 to 13 Line 9; P. 13 Line 17 to P. 14 Line 6; P. 14 Line 12-21; P. 15 Line 3 to P. 17 Line 10; P. 17 Line 12 to P. 17 Line 21; P. 19 Line 11 to P. 21 Line 4; P. 21 Line 12-16; P. 22 Line 4 to P. 25 Line 14; P. 22 Line 14-15; P. 29 Line 3-7; P. 29 Line 10 to P. 31 Line 14 up to but not including "We provided a hearsay exception and a 901."; P. 32 Line 19 to P. 35 Line 14; P. 35 Line 25 to P. 36 Line 24; P. 37 Line 15 to P. 37 Line 22; P. 37 Line 25; P. 38 Line 9-16; P. 39 Line 2 to P. 44 Line 3; P. 45 Line 5-6; P. 45 Line 9-16; P. 45 Line 22 to P. 46 Line 4; P. 46 Line 10-12; P. 46 Line 15 to P. 47 Line 4; P. 47 Line 9-18; P. 53 Line 12 to P. 55 Line 4; P. 53 lines 12-25; P. 54 lines 1-4, 19-25; P. 55 lines 1-25; P. 56 lines 1-25; P. 57 lines 1-25; P. 58 lines 1-25; P. 59 lines 1-13, 17-25; P. 60 lines 1-25; P. 61 lines 1-6, 10-14, 17-20, 25; P. 62 lines 1-3, 5-8, 12-21, ; P. 67 lines 4-5, 9-25; P. 68 lines 1-4; P. 69 lines 7-16, 20-23; P. 71 lines 7-25; P. 72 lines 1-25; P. 73 lines 1-25; P. 74 lines 1-25; P. 75 lines 1-2, 11-25; P. 76 lines 1-12; P. 77 lines 11-25; P. 78 lines 1-4, 6-19; P. 79 lines 6-13, 18-19; P. 80 lines 1-22; P. 81 lines 2-13, 21-25; P. 82 line 1 ; P. 84 lines 3-8, 10-11, 18-25; P. 85 lines 1-5, 13-25; P. 86 lines 1-25; P. 87 lines 1-25; P. 88 lines 1-9, 14-25; P. 89 lines 1-23; P. 90 lines 4-25; P. 91 lines 1-8; and P. 105 lines 14-25

2. David Boshea designates the following portions of John Adams' October 28, 2021 Deposition

   Cover Page along with Page and line numbers: 4:8-18, 5:3-5, 6:6-13, 7:15-21, 8:7-14, 12:9-12, 15:9-24, 16:1-20 and 24, 17:1-9, 20:7-24, 21:1-10, 22:3-18 and 22-24, 23:1-18 and 23-24, 24:1-14, 25:3-14 and 22-24, 26:20-24, 27:1-11, 30:5-24, 31:1-24, 32:1-24, 33:1-24, 34:1-24, 35:1-24, 36:1-12, 42:21-24, 43:1-24, and 44:1-24

**PRETRIAL MATTERS, INCLUDING MOTIONS FILED**

1. No current motions are pending by either party. The parties preserve their rights with respect to the issues decided by the Court in connection with the parties' various in limine motions.

Dated: March 17, 2025

        **Respectfully submitted,**

        */s/ Gregory J. Jordan*

        Gregory J. Jordan
        Mark Zito
        Jordan & Zito, LLC
        350 N. LaSalle Drive, Suite 700
        Chicago, Illinois 60654
        Email:  gjordan@jz-llc.com

        and

        Thomas J. Gagliardo
        Gilbert Employment Law, PC
        1100 Wayne Avenue, Suite 900
        Silver Spring, Maryland 20910
        Email:  tgagliardo@gelawyer.com

        *Attorneys for Plaintiff David J. Boshea*

**EXHIBIT A**

**DAVID BOSHEA'S EXHIBIT LIST**

David Boshea's Exhibit List

| Exhibit | Description | Identification | Admitted |
|---|---|---|---|
| Exhibit 1 | David Boshea Resume | | |
| Exhibit 2 | April 1, 2007, John White email to David Boshea | | |
| Exhibit 3 | David Boshea April 2007 Memo to John White | | |
| Exhibit 4 | May 16, 2007 John White offer letter to David Boshea | | |
| Exhibit 5 | John White May 22, 2007 email to David Boshea blind copied to Daniel White and forwarded to Michael White | | |
| Exhibit 6 | John White May 22, 2007 email attachment sent to David Boshea attached to Boshea Exhibit 5 | | |
| Exhibit 7 | John White May 22, 2007 email information page for attachment sent to David Boshea | | |
| Exhibit 8 | Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation | | |
| Exhibit 9 | John Adams Severance Agreement | | |
| Exhibit 10 | David Boshea 09-16-2015 Notes | | |
| Exhibit 11 | Group Exhibit David Boshea 01/3/17 Paystub and email chain with Michael White | | |
| Exhibit 12 | David Boshea Payroll Records | | |
| Exhibit 13 | Compass Termination Notice | | |

| | | | |
|---|---|---|---|
| Exhibit 14 | David Boshea March 12, 2020 email from John White | | |
| Exhibit 15 | March 16, 2020 Email from David Boshea to Erin Songer Re: Follow Up on Separation | | |
| Exhibit 16 | David Boshea October 22, 2020 email to John White | | |
| Exhibit 17 | David Boshea December 7, 2020 email to John White | | |
| Exhibit 18 | Donna Eisenberg Expert Report | | |
| David Boshea adopts each exhibit offered by Compass as one of his exhibits to which he has stated that he has no objection to its entry into evidence. | | | |

Despite having David Boshea's Exhibit List since March 6, 2025, and the exhibits in 2024, Compass Marketing did not submit any objections to the admissibility of David Boshea's exhibits.