IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **DAVID J. BOSHEA**[1] | * |
| **Plaintiff,** | * |
| v. | *  Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * |
| **Defendant.** | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PROPOSED VOIR DIRE QUESTIONS**[2]

The Estate of David John Boshea ("David Boshea") [and Compass Marketing, Inc.] for it [their] Proposed Voir Dire Question to be presented to the jurors at the trial scheduled to commence April 21, 2025 proposes [propose] the following:

Question 1. I am Judge Ellen Hollander, and I will be presiding during the trial of this case. Do you know me or any member of my immediate family or my judicial staff?

Question 2. This is a civil case titled The Estate of David Boshea v. Compass Marketing, Inc. Based on the brief description that I gave you a moment ago, do you have any knowledge about this case from any source whatsoever, beside what I just told you?

Question 3. The plaintiff is the Estate of David Boshea. Did you know David Boshea, or any members of his immediate family?

---

[1] Counsel for David J. Boshea filed a Suggestion of Death and requested that the Court allow the case to proceed as Ashley Boshea, Administrator for the Estate of David John Boshea.

[2] David Boshea obtained the proposed voir dire questions from the February 20 2024 transcript. Minimal editing to replace the estate in place of David Boshea and adjustments for grammar and usage were made without meaningfully altering the instructions. With those exceptions, the voir dire questions are the questions presented by the Court in 2024.

Question 4. The plaintiff is represented by Gregory Jordan of Jordan & Zito, LLC in Chicago. I ask Mr. Jordan to stand. The plaintiff is also represented by Thomas Gagliardo of Gilbert Employment Law, PC in Silver Spring. I ask Mr. Gagliardo to stand. Do you know Mr. Jordan or Mr. Gagliardo personally or professionally or have you had any dealings with their firms?

Question 5. The defendant is Compass Marketing Inc. Have you or any members of your immediate family ever worked for Compass?

Question 6. Compass Marketing, Inc. is represented by Stephen Stern and Shannon Hayden of the law firm of Kagan, Stern, Marinello & Beard, LLC in Annapolis. I ask them to please stand, Mr. Stern and Ms. Hayden. Do you know Mr. Stern or Ms. Hayden personally or professionally or have you had any dealings with their firm?

Question 7. John White is Compass Marketing Inc.'s CEO or Chief Executive Officer. I ask Mr. White to please stand. Do you know Mr. White personally or professionally or have you had any dealings with him?

Question 8. Do you know or are you, any member of your immediate family, or any of your close friends related to any judge, law clerk, or court personnel of this federal court, the United States District Court for the District of Maryland?

Question 9. I am going to give you a list of witnesses in the case. They may either testify or they just may be mentioned and not actually testify. When we get to John White, I am going to ask him to stand because he is the CEO of Compass, so I want to be sure you know who he is. He is present at counsel table. I am going to read this list to you now. Please listen carefully. If you know even one of the people, you have to answer "yes."

Julie Boshea, John Adams, Jim Wenz, John Mancini, Donna Eisenberg, Rebecca Obarski, Michael White, Daniel White, George White, Jerry Cain, Erin Songer, Lou Fernandez, Jonathan Staples, Debra White, Kelly White, and Jeffrey Payne.

of these names are common names and you might know someone. It could be a very different person than the one the lawyers mean, but I do not have descriptions, so this is all I can do is give you these names.

Question 10. Have you, any member of your immediate family, or your closest friends, ever attended law school, had legal training, or worked for a lawyer or a law firm?

Question 11. Have you previously served as a juror in a civil case, either in a federal or state court?

Question 12. If you previously served as a juror in a civil case, did the jury find in favor of the plaintiff?

Question 13. If you previously served as a juror in a civil case, is there anything about your prior experience that would make it difficult for you to serve fairly and impartially as a juror in this case?

Question 14. Are you now or were you ever a plaintiff or a defendant in any civil case in any federal or state court?

Question 15. Have you ever been a witness at a trial of a civil case?

Question 16. If you have ever been the owner of a business, were you ever involved in a pay dispute with an employee?

Question 17. Have you or any member of your immediate family ever been involved in a legal dispute arising from an employment relationship?

Question 18. Have you or any member of your immediate family ever been terminated from a job or had a job position that was eliminated?

Question 19. Have you or any member of your immediate family ever entered into a severance agreement with an employer?

Question 20. Have you or any member of your immediate family ever claimed that an employer refused or failed to pay wages or other sums that were owed?

Question 21. Have you or any member of your immediate family ever been accused of refusing or failing to pay an employee what the employee was owed?

Question 22. Do you have any specific training or experience in personnel matters or human resources?

Question 23. The plaintiff is an estate, while the defendant is a corporation. Under the law, all parties are entitled to a fair and impartial trial, regardless of whether they are persons or business entities. Would the fact that the Plaintiff is the estate of an individual, and/or that the defendant is a company, bias you or prejudice you for or against either side?

Question 24. Do you have any bias or prejudice for or against corporations such that it would prevent you from serving fairly and impartially as a juror in this case?

Question 25. Would you tend to give more or less weight to the testimony of a witness merely because the plaintiff calls that witness?

Question 26. Would you tend to give more weight or less weight to the testimony of a witness merely because the defendant calls the witness?

Question 27. Do you have any views concerning the administration of the justice system, including the courts, that would affect your ability to render a fair and impartial verdict if you were selected to serve as a juror in this case?

Question 28. Do you hold any beliefs related to race, color, religion, sex, ethnicity, national origin, or other personal attributes that would make it difficult for you to render a fair and impartial verdict based solely on the evidence and the law as the Court explains it to you?

Question 29. At the end of the trial, I will instruct you on the law that the jurors must follow in deciding the case. A juror must follow the Court's instructions on the law, even if the juror personally does not agree with the law as the Court describes it. If a juror has an opinion about what the law should be, but that opinion is different from the judge's instructions on what the law is, the juror is required to follow the judge's instructions. Would you have difficulty following or abiding by the Court's instructions on the law?

Question 30. Do you have any difficulty with reading, writing, hearing, or understanding the English language, such that it would impair your ability to understand what occurs in court or such that it would impair your ability to read any documents submitted as evidence?

Question 31. I anticipate that this trial will last approximately one week. Do you have any medical, physical, or emotional condition that would make it difficult for you to give your full attention and fair, impartial, and complete consideration to the case if you were selected to serve as a juror?

Question 32. If you are selected to sit as a juror, you are required by law to continue on jury duty until the case is completed. Recognizing that jury service is inconvenient for everyone, if you have a compelling reason that makes it impossible for you to serve for the entire time, if chosen, the Court has limited authority to excuse you. Do you have a severe hardship that would make it impossible for you to serve as a juror if you were chosen?

Question 33. Will you have any difficulty following whatever instructions I might choose to give you?

Question 34. You are required to tell the Court immediately if for some reason you feel ill during the course of the trial or are exposed to someone feeling ill. Will you adhere to this instruction?

Question 35. Do you know of any reason you could not sit with absolute impartiality to both sides if chosen as a juror in this case?

Question 36. Is there anything else, something that I have already asked you about or something that I haven't asked you about that on reflection you believe would interfere with your ability to serve as a fair and impartial juror in this case?

/s/ Gregory J. Jordan

Gregory J. Jordan
Mark Zito
Jordan & Zito, LLC
350 N. LaSalle Drive, Suite 700
Chicago, Illinois 60654
Email:  gjordan@jz-llc.com

and

Thomas J. Gagliardo
Gilbert Employment Law, PC
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Email:  tgagliardo@gelawyer.com

Attorneys for Plaintiff, the Estate of David John Boshea