**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| **DAVID J. BOSHEA**[1] | * |
|     **Plaintiff,** | * |
|     v. | *   Case No. 1:21-CV-00309-ELH |
| **COMPASS MARKETING, INC.** | * |
|     **Defendant.** | * |
| | * |

\* * * * * * * * * * * * *

**VERDICT FORM**[2]

**I. Breach of Contract**

1. Do you find that Plaintiff the Estate of David John Boshea has proven by a preponderance of the evidence that Plaintiff the Estate of David John Boshea and Defendant Compass Marketing, Inc. entered into a contract whereby Compass Marketing, Inc. agreed to pay Plaintiff a severance payment up to $540,000.00?

    YES _____     NO _____

    If you answered "YES" to Question No. 1, please proceed to Question No. 2. If you answered "NO" to Question No. 1, please proceed to the date and signature lines on page 3 and notify the Marshal you have reached a verdict.

2. If you answered "YES" to Question No. 1, please indicate whether Plaintiff David John Boshea and Defendant Compass Marketing, Inc. entered into a written contract and/or an oral contract (if appropriate, you may pick more than one).

    WRITTEN _____   ORAL _____   BOTH _____

    Please proceed to Question No. 3.

---

[1] Counsel for David J. Boshea filed a Suggestion of Death and requested that the Court allow the case to proceed as Ashley Boshea, Administrator for the Estate of David John Boshea.

[2] David Boshea obtained the proposed Verdict Forms from CM/ECF 246, which is the form prepared by the Court.

1

3. Do you find that Plaintiff the Estate of David John Boshea has proven by a preponderance of the evidence that Defendant Compass Marketing Inc. breached a contract with Plaintiff the Estate of David John Boshea by failing to pay him as severance?

   YES _____    NO _____

   If you answered "YES" to Question No. 3, please proceed to Question No. 4. If you answered "NO" to Question No. 3, please proceed to the date and signature lines on page 3 and notify the Marshal that you have reached a verdict.

4. What amount of damages do you award to Plaintiff the Estate of David John Boshea against Defendant Compass Marketing, Inc. for breach of contract?

   $_____

   Please proceed to Question 5.

5. Do you find that Plaintiff the Estate of David John Boshea has proven by a preponderance of the evidence that he is entitled to receive prejudgment interest on the amount owed calculated at the legal rate of 6% per year from the date of his termination?

   YES _____    NO _____

   Please proceed to Question No. 6.

**II. Maryland Wage Payment and Collection Law**

6. Do you find by a preponderance of the evidence that Defendant Compass Marketing Inc. violated Plaintiff the Estate of David John Boshea's rights under the Maryland Wage Payment and Collection Law for failing to pay him severance he earned?

   YES _____    NO _____

   If you answered YES" to Question No. 6, please proceed to Question No. 7.

   If you answered "NO" to Question No. 6, please proceed to the date and signature lines on page 3 and notify the Marshal that you have reached a verdict.

7. What is the amount of severance owed to Plaintiff the Estate of David John Boshea by Defendant Compass Marketing, Inc.?

   $_____

   Please proceed to Question No. 8.

8. Do you find that Defendant Compass Marketing, Inc. has proven by a preponderance of the evidence that its failure to pay Plaintiff the Estate of David John Boshea severance was the result of a bona fide dispute (i.e., in good faith)?

   YES _____    NO _____

    If you answered 'YES" to Question No. 8, please proceed to the date and signature line on page 3 and notify the Marshal that you have reached a verdict.

    If you answered "NO" to Question No. 8, please proceed to Question No. 9.

9. Do you find that the lack of a bona fide dispute as to severance owed to Plaintiff the Estate of David John Boshea warrants the award to Plaintiff the Estate of David John Boshea of additional damages under the Maryland Wage Payment and Collection Law?

    YES _____    NO _____

    If you answered "YES" to Question No. 9, please proceed to Question No. 10.

    If you answered 'NO" to Question No. 9, please proceed to the date and signature lines below and notify the Marshal that you have reached a verdict.

10. Additional damages under the Maryland Wage Payment and Collection Law may be anywhere from $0 to a maximum of no more than three (3) times the amount of the unpaid wages that you awarded, if any, in answer to Question No. 7. What additional damages, if any, do you award to Plaintiff the Estate of David John Boshea under the Maryland Wage Payment and Collection Law?

    $_____

    Proceed to date and signature lines below and notify the Marshal that you have reached a verdict.

    FOREPERSON MUST DATE AND SIGN IMMEDIATELY BELOW.

    Date:_____          _____

    Please inform the Marshal that you have reached a verdict.

Dated:  March 17, 2025

        **Respectfully submitted,**

        */s/ Gregory J. Jordan*

        Gregory J. Jordan
        Mark Zito
        Jordan & Zito, LLC
        350 N. LaSalle Drive, Suite 700
        Chicago, Illinois 60654
        Email:  gjordan@jz-llc.com

        and

        Thomas J. Gagliardo
        Gilbert Employment Law, PC
        1100 Wayne Avenue, Suite 900
        Silver Spring, Maryland 20910
        Email:  tgagliardo@gelawyer.com

        *Attorneys for Plaintiff David J. Boshea*