IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THE ESTATE OF DAVID J. BOSHEA** | * | |
| *Plaintiff*, | * | Case No. 1:21-CV-00309-ELH |
| v. | * | |
| **COMPASS MARKETING, INC.** | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR LEAVE TO FILE MOTION IN LIMINE TO EXCLUDE PRIOR TESTIMONY OF DAVID J. BOSHEA RELATED TO THE FORMATION AND EXISTENCE OF AN ALLEGED ORAL CONTRACT**

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Motion for Leave to File Motion in Limine to Exclude Prior Testimony of David J. Boshea Related to the Formation and Existence of an Alleged Oral Contract. In support, Compass Marketing states as follows:

1. Pursuant to the Court's August 21, 2024 Order, the deadline to file any motions in limine prior to the second trial in this case was 5:00 PM on December 23, 2024 and the second trial was scheduled to start on February 24, 2025.

2. Subsequently, by Order dated January 14, 2025, the second trial in this case was rescheduled to April 21, 2025. *See* ECF 296. The Court's January 14, 2024 Order did not address the filing of any additional motions in limine.

3. On January 28, 2025, Plaintiff David J. Boshea ("Boshea") unexpectedly passed away.

4. Compass Marketing did not learn of Boshea's death until February 2025.

5. Due to Boshea's passing, counsel for Boshea was required to file a motion pursuant to Rule 25 of the Federal Rules of Civil Procedure in order to substitute the proper party to this action, i.e., the Estate of David J. Boshea. *See* FED. R. CIV. P. 25(a). Until the filing of such a motion, Compass Marketing understood there to be no Plaintiff in this case and no attorney-client relationship, as the Appellate Court of Maryland (formerly the Court of Special Appeals) has held that upon the death of a client and the attorney's notice of the death, the authority of the agent (i.e., the attorney) ceases. *See Rosebrock v. E. Shore Emergency Physicians, LLC*, 221 Md. App. 1, 12, 108 A.3d 423, 429-30 (2015) ("An attorney does not have authority to note an appeal on behalf of a client who has died."); RESTATEMENT (THIRD) OF LAW GOVERNING LAWYERS § 31(2)(b) (stating that "a lawyer's actual authority to represent a client ends when . . . the client dies").

6. Counsel for Compass Marketing inquired as to whether and when a motion to substitute parties would be filed, but Gregory Jordan, counsel for Boshea, never responded to Compass Marketing's requests.

7. Due in part to the delay in substituting the proper party, Compass Marketing was forced to file a Motion for Extension to File Proposed Joint Pretrial Order, Voir Dire, Jury Instructions, and Verdict Sheet. *See* ECF 306. The parties were supposed to file joint pretrial documents, but because no motion to substitute had been filed, Boshea could not join in the motion to substitute or submit any joint pretrial documents to the Court.

8. On March 17, 2025, when the Parties were due to file their joint pretrial documents, at 3:17 PM, due to the fact that a motion to substitute had not yet been filed, Compass Marketing again inquired into whether Mr. Jordan planned to file the motion to substitute parties. Mr. Jordan did not respond to Compass Marketing's question.

9. Finally, around 4:00 PM on Monday, March 17, 2025, the motion to substitute parties was filed. The motion was granted on March 18, 2025, and Ashley Boshea, administrator of the Estate of David John Boshea, became the Plaintiff in this action.

10. Now that Compass Marketing is on notice that this case is moving forward, Compass Marketing seeks leave of Court to file the attached Motion in Limine to Exclude Prior Testimony of David J. Boshea Related to the Formation and Existence of an Alleged Oral Contract ("Motion in Limine). *See* Exhibit A (Motion in Limine)

11. The Motion in Limine could not be filed before the December 23, 2024 deadline because at that time Boshea was still alive, and the Motion in Limine was not necessary.

12. Nor could the Motion in Limine be filed immediately following the death of Boshea because there was no Plaintiff in this case and it was unclear whether the filing of such a motion was even necessary until late Monday afternoon when Compass Marketing learned for the first time that the motion to substitute was in fact filed. And it was not until yesterday, March 18, 2025, that the motion to substitute was granted.

13. Therefore, Compass Marketing requests that the Court grant this Motion for Leave to File Motion in Limine to Exclude Prior Testimony of David J. Boshea Related to the Formation and Existence of an Alleged Oral Contract, and docket the Motion in Limine.

Dated:  March 19, 2025

Respectfully submitted,

*/s/Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  hayden@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 19th day of March, 2025, the foregoing Defendant Compass Marketing, Inc.'s Motion for Leave to File Motion in Limine to Exclude the Prior Testimony of David J. Boshea Related to the Formation and Existence of an Oral Contract was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo | Gregory J. Jordan |
| Gilbert Employment Law, PC | Mark Zito |
| 1100 Wayne Avenue, Suite 900 | Jordan & Zito, LLC |
| Silver Spring, Maryland 20910 | 350 N. LaSalle Drive, Suite 1100 |
| Email: tgagliardo@gelawyer.com | Chicago, Illinois 60654 |
| | Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*


                                               */s/ Stephen B. Stern*
                                               Stephen B. Stern