# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THE ESTATE OF DAVID J. BOSHEA** | * | |
| *Plaintiff*, | * | |
| | | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| **COMPASS MARKETING, INC.** | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT COMPASS MARKETING, INC.'S MOTION IN LIMINE TO EXCLUDE PRIOR TESTIMONY OF DAVID J. BOSHEA RELATED TO THE FORMATION AND EXISTENCE OF AN ALLEGED ORAL CONTRACT

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Motion in Limine to Exclude Prior Testimony of David J. Boshea Related to the Formation and Existence of an Alleged Oral Contract. As explained in greater detail below, Compass Marketing did not have the motive to develop the testimony of David J. Boshea ("Boshea") related to his belated oral contract claim during the first trial in this case. Due to the unexpected death of Boshea[1] prior to the upcoming second trial, Compass Marketing will never have the opportunity to develop Boshea's testimony regarding an alleged oral contract. Therefore, Boshea's prior trial testimony that may relate to the formation and existence of an alleged oral contract is not admissible pursuant to Rule 804(b)(1) of the Federal Rules of Evidence, and the Court should not allow such testimony into evidence at the second trial, currently scheduled to begin on April 21, 2025.

---

[1] Boshea passed away on January 28, 2025.

**ARGUMENT**

I. **MOTION IN LIMINE STANDARD**

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). The purpose of a motion in limine is "'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *United States v. Slagle*, No. SAG-15-392, 2015 U.S. Dist. LEXIS 136059, 2015 WL 5897740, at *1 (D. Md. Oct. 6, 2015) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)). Stated differently, "motions in limine are meant 'to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues.'" *Osei v. Univ. of Maryland Univ. Coll.*, 202 F. Supp. 3d 471, 479 n.5 (D. Md. 2016) (quoting *Adams v. NVR Homes, Inc.*, 141 F. Supp. 2d 554, 558 (D. Md. 2001)).

II. **COMPASS MARKETING DID NOT HAVE THE MOTIVE TO DEVELOP BOSHEA'S TESTIMONY REGARDING AN ALLEGED ORAL CONTRACT DURING THE FIRST TRIAL**

Federal Rule of Evidence 804(b)(1) establishes a hearsay exception for prior testimony when the declarant is unavailable as a witness. Pursuant to Rule 804(b)(1), the prior testimony of an unavailable declarant[2] is permitted into evidence only when it "was given as a witness at trial, hearing, or lawful deposition" and "is now offered against a party who had . . . an opportunity *and similar motive* to develop it by direct, cross-, or redirect examination." *See* FED. R. EVID. 804(b)(1) (emphasis added). "To be 'similar,' the motives to develop the testimony should be 'of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue.'"

---

[2] "A declarant is considered to be unavailable as a witness if the declarant: . . . (4) cannot be present or testify at the trial or hearing because of death[.]" FED. R. EVID. 804(a)(4).

2

*See Fed. Hous. Fin. Agency v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 26130, at *4 (S.D.N.Y. Feb. 28, 2014) (quoting *United States v. DiNapoli*, 8 F.3d 909, 914-15 (2d Cir. 1993)). "If a fact is critical to a cause of action at a second proceeding but the same fact was only peripherally related to a different cause of action at a first proceeding, no one would claim that the questioner had a similar motive at both proceedings to show that the fact had been established (or disproved)." *See United States v. DiNapoli*, 8 F.3d 909, 912 (2d Cir. 1993).

As this Court clearly recognized in its previous findings, Compass Marketing did not have the motive to develop Boshea's testimony regarding an alleged oral contract at the first trial in this case, and "[i]n a situation in which the motives differ, the testimony may not be introduced." *Horne v. Owens-Corning Fiberglas Corp.*, 4 F.3d 276, 282 (4th Cir. 1993); *see also Stanley Martin Cos. v. Universal Forest Prods. Shoffner LLC,* 396 F. Supp. 2d 606, 613 (D. Md. 2005) (excluding prior deposition testimony in part because the proponent's motive in developing the testimony differed from its current litigation strategy).

Boshea initially brought this lawsuit against his former employer, Compass Marketing, "to recover unpaid sums owing to him u*nder an agreement titled 'Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation*.'" *See* ECF 1 (Complaint) at ¶ 1 (emphasis added). Prior to the first trial in this case, Boshea amended his Complaint, not once, but twice, and failed to include a claim for breach of oral contract. In fact, the Second Amended Complaint contained the exact same language as the original Complaint, and the first paragraph of that Second Amended Complaint clearly and unambiguously stated: "Boshea has initiated this diversity action to recover unpaid sums owing to him *under an agreement titled 'Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation*.'" *See* ECF 48 (Second Amended Complaint) at ¶ 1 (emphasis added). Also, similar to the original

3

Complaint, the Second Amended Complaint specifically alleged that Compass Marketing "extended a written offer of employment to Boshea" and, in May 2007, "Boshea and the Defendant signed the Agreement." *See id.* at ¶¶ 10-11. The Second Amended Complaint was the operative Complaint at the time of the first trial in this case.

Because Boshea failed to amend the Second Amended Complaint before the first trial, Compass Marketing only prepared for and only defended against Boshea's breach of written contract claim (rather than a breach of oral contract claim that was not pled). Boshea bore the burden to clearly notify Compass Marketing and the Court of the claims Compass Marketing would need to defend against at trial; it was not Compass Marketing's burden to speculate whether Boshea may add any new claims after the close of the evidence that he neglected to plead in the original or amended complaints.

The Court noted in its Memorandum Opinion on Compass Marketing's Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for a New Trial, that Compass Marketing (and the Court) "always understood the issue in this case [to be] whether there was a written contract between the parties" and Compass Marketing "was entitled to prepare for trial and expect to try the case only on claims that were asserted in the [Second Amended Complaint]." *See* ECF 275 (Memorandum Opinion) at 16 and 23. This belief explained Compass Marketing's "decision to prepare for trial only on the claims based on a written agreement." *See* ECF 275 at 20. Indeed, the Court determined that Boshea "engaged in trial by ambush" because "he was aware since at least July 2022 . . . that he had a claim based on an oral contract[,] [but] failed to move to amend his complaint at any time in the period between July 2022, with the filing of ECF 113, and the trial in February 2024." *See* ECF 275 at 23. The Court further found that "[t]he evidence adduced by [Boshea] in support of the written Agreement included events that preceded

4

the alleged execution of the written Agreement, on which [Boshea] relies with respect to the establishment of a claim for an oral contract[,]" but Compass Marketing "*had no reason to challenge alleged shortcomings in the proof of an oral contract.*" See ECF 275 at 23 (emphasis added). Compass Marketing's lack of motive to illustrate the shortcomings of an alleged oral contract are further supported by the fact that the "elements of the two claims [breach of written contract and breach of oral contract] are distinct, and [Compass Marketing] understandably was focused on disputing the validity of the written Agreement." *See* ECF 275 at 23. In other words, the Court has already acknowledged and found that Compass Marketing did not have the motive to develop Boshea's testimony regarding an alleged breach of oral contract.

Maryland law further supports Compass Marketing's position to exclude Boshea's testimony. In this regard, Maryland law "generally requires giving legal effect to the clear terms of a contract and bars the admission of prior or contemporaneous agreements or negotiations to vary or contradict a written contractual term." *Equitable Trust Co. v. Imbesi*, 287 Md. 249, 271-72, 412 A.2d 96, 107 (1980). "Under the parol evidence rule, a written agreement 'discharges prior agreements,' thereby rendering legally inoperative communications and negotiations leading up to the written contract." *Calomiris v. Woods*, 353 Md. 425, 432-33, 727 A.2d 358, 361-62 (1999) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 213 (1979)). This concept under Maryland law of rendering the negotiations leading up to the written agreement inoperable is reinforced even further in this case *with the purported agreement on which Boshea relied in bringing his breach of written contact claim* expressly stating that "[t]his Agreement shall supersede and substitute for any previous employment, post-employment or severance agreement between Employee and COMPASS." *See* ECF 1 (Complaint), Exhibit 3 at Article 8.B. Based on the well-known parol evidence rule and the principle exhibit on which Boshea relied to bring his

5

breach of written contract claim, Compass Marketing had no reason to make objections to Boshea's testimony that may relate to an alleged oral contract because it always understood the actual claim it was defending against was one for breach of written contract and there was no possibility of Boshea relying on any of the proffered evidence to assert a breach of oral contract claim. Therefore, the alleged communications that Boshea testified to were "legally inoperative" in the case that Compass Marketing was defending against. Boshea's testimony (as Compass Marketing understood it) only added context to the written contract claim that was before the Court. *See, e.g.*, Exhibit 1 (Trial Testimony of D. Boshea) at 16:12-17:21, 19:15-21:1, 21:12-16, 22:4-25:14, 29:3-31:14, 32:19-35:14.[3]

Had Compass Marketing been aware that Boshea also was trying to assert and support an alleged oral contract claim, it would have objected to the testimony that was admitted, and/or developed the testimony on cross-examination. But Compass Marketing had no reason to develop this testimony any further at the time. And now, it will never have the opportunity to do so. Because Compass Marketing did not have a similar motive to develop Boshea's testimony related to an oral contract claim, Rule 804(b)(1) of the Federal Rules of Evidence is not applicable and Boshea's prior testimony related to any purported oral contract is inadmissible.

## CONCLUSION

For the foregoing reasons, the Court should exclude all of Boshea's prior testimony related to the formation and existence of an oral contract at the second trial because Compass Marketing did not have the motive to develop Boshea's testimony related to an oral contract at the first trial and the admission of such testimony would be highly prejudicial to Compass Marketing.

---

[3] The cited provisions are those designated by the Estate of Boshea in the Pretrial Order and the testimony that Compass Marketing seeks to exclude pursuant to this Motion in Limine. *See* ECF 317 at 9.

Dated:  March 19, 2025	Respectfully submitted,

/s/Stephen B. Stern
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  hayden@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 19th day of March, 2025, the foregoing Defendant Compass Marketing, Inc.'s Motion in Limine to Exclude the Prior Testimony of David J. Boshea Related to the Formation and Existence of an Oral Contract was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo | Gregory J. Jordan |
| Gilbert Employment Law, PC | Mark Zito |
| 1100 Wayne Avenue, Suite 900 | Jordan & Zito, LLC |
| Silver Spring, Maryland 20910 | 350 N. LaSalle Drive, Suite 1100 |
| Email: tgagliardo@gelawyer.com | Chicago, Illinois 60654 |
| | Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*


                                                      */s/ Stephen B. Stern*
                                                      Stephen B. Stern