IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE ESTATE OF DAVID J. BOSHEA | * | |
| *Plaintiff*, | * | |
| | | Case No. 1:21-CV-00309-ELH |
| v. | * | |
| COMPASS MARKETING, INC. | * | |
| *Defendant*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>**DEFENDANT COMPASS MARKETING, INC.'S AMENDED PRETRIAL ORDER**</u>

Defendant Compass Marketing, Inc. ("Compass Marketing" or "the Company"), by and through its undersigned counsel, and pursuant to Local Rule 106.2, hereby submits this Amended Pretrial Order.[1]

### A.    Facts that Compass Marketing Intends to Prove or Rely Upon as a Defense

Compass Marketing intends to prove that when the Company hired Plaintiff David J. Boshea ("Boshea") in 2007, Compass Marketing never entered into any contract, either oral or written, with Boshea that called for the payment of severance upon the termination of Boshea's employment. Compass Marketing further intends to prove that Boshea and Compass Marketing engaged in negotiations to purchase a company owned by friends of Boshea, but they failed to reach a final agreement. Compass Marketing also intends to show that, when those negotiations

---

[1] On March 25, 2025, Compass Marketing filed a Motion to Rescind March 17, 2025 Order (ECF 326) because the Court's order (ECF 322) granting the Plaintiff's Suggestion of Death on the Record Under Rule 25(a)(1) and Motion for Substitution of Party (ECF 310) was improvidently granted for the reasons set forth in the Motion to Rescind. Compass Marketing incorporates by reference its Motion to Rescind. Compass Marketing objects to admitting into evidence testimony by David Boshea from the first trial or his deposition that relates to his claim for breach of an oral contract. Compass Marketing's objections are further explained in Compass Marketing's Proposed Motion in Limine to Exclude Prior Testimony of David J. Boshea Related to the Formation and Existence of an Oral Contract. See ECF 323-1. Compass Marketing is noting the inclusion of Boshea's testimony only in the alternative in the event the Court were to overrule Compass Marketing's objections and deny Compass Marketing's Motion in Limine.

did not result in an agreement, Boshea and Compass Marketing decided to enter into an employment relationship, but they never entered into a written employment agreement or an oral agreement that called for Boshea to receive a severance payment if he was terminated from employment without cause.   Compass Marketing further intends to prove that the written agreement titled "Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation" ("Agreement"), relied on by Boshea, is fraudulent, was never signed by John White, and the signature on the Agreement purporting to be John White's signature is a forgery.  Compass Marketing further intends to prove that it had a good faith basis not to pay Boshea the $540,000 in severance he claimed he was owed when he demanded it because Compass Marketing never entered into the alleged agreement with Boshea, so it had no obligation or reason to pay Boshea the claimed severance.  Because the Agreement is fraudulent, it is unenforceable. Further, because the parties never agreed to a severance payment orally, Boshea's estate is not entitled to any relief.

>   **B.**     **Any Amendments Required of Pleadings**

None are anticipated at this time.

>   **C.**     **Any Issue in Pleadings to Be Abandoned**

None.

>   **D.**     **Proposed Stipulations of Fact**

1.     David Boshea was a resident of the state of Illinois and remained a resident of the state of Illinois throughout his employment with Compass Marketing.

2.     During his employment with Compass Marketing, David Boshea did not pay any state income taxes to the state of Maryland.

3.      Compass Marketing is a Virginia corporation headquartered in Annapolis, Maryland.

4.      Compass Marketing terminated David Boshea's employment in March 2020.

**E.      Damages Claimed by Plaintiff**

Boshea claims he is owed $540,000 in wages pursuant to the Agreement and/or pursuant to an oral contract that he allegedly entered into with John White on behalf of Compass Marketing that included a severance provision.  Boshea also has brought a claim for violation of the Maryland Wage Payment and Collection Law ("MWPCL") based on the alleged failure to pay wages under the Agreement and/or oral contract and, in connection with that claim, Boshea is seeking enhanced damages of up to three times the wages owed (i.e., treble damages), the maximum of which would be $1,620,000.00.

**F.      Compass Marketing's Exhibits**

See Exhibit A.

**G.      Compass Marketing's Witnesses**

| Name | Contact Information | Expected to Call or May be Called? |
|---|---|---|
| John White | Contact through counsel | Expected to be Called |
| David Boshea | Deceased | Testimony to be read into record.[2] |
| Ronald Bateman | Contact through counsel | May be Called |
| Michael White | 39650 Hiawatha Circle, Mechanicsville, Maryland (301) 481-5986 | May be Called |

---

[2] Compass Marketing objects to admitting into evidence testimony by David Boshea from the first trial or his deposition that relates to his claim for breach of an oral contract.  Compass Marketing's objections are further explained in Compass Marketing's Proposed Motion in Limine to Exclude Prior Testimony of David J. Boshea Related to the Formation and Existence of an Oral Contract.  *See* ECF 323-1. Compass Marketing is noting the inclusion of Boshea's testimony only in the alternative in the event the Court were to overrule Compass Marketing's objections and deny Compass Marketing's Motion in Limine.

| | | |
|---|---|---|
| Daniel White | 21900 Fairway Drive, Leonardtown, Maryland 20650 (240) 298-6156 | May be Called |
| George White | 15125 Woodville Road, Waldorf, Maryland 20601 (240) 419-2340 | May be Called |
| Jerry Cain | Contact through counsel | May be Called |
| Erin Songer | Contact through counsel | Expected to be Called |
| Lou Fernandez | Contact through counsel | May be Called |
| Jonathan Staples | Contact through counsel | May be Called |
| Debra White | 39650 Hiawatha Circle, Mechanicsville, Maryland | May be Called |
| Kelly White | 21900 Fairway Drive, Leonardtown, Maryland | May be Called |

### H. Compass Marketing's Expert Witness

Jeffrey Payne – Certified Document Examiner

### I. Deposition Testimony to Be Offered

**Compass Marketing's Objections and, in the Alternative, Counter-Designations to David J. Boshea's Prior Trial Testimony**

Compass Marketing generally objects to the designations of David Boshea's prior trial testimony that may relate to the formation and existence of an alleged oral contract as set forth in the Motion in Limine to Exclude Prior Testimony of David J. Boshea Related to the Formation and Existence of an Alleged Oral Contract (ECF 323-1). To the extent that Compass Marketing's Motion to Exclude is denied in whole or in part, Compass Marketing reasserts and incorporates by reference any objections it asserted at trial to specific questions and/or answers (including the introduction of any exhibits) that the Estate of David J. Boshea seeks to designate for admission during the upcoming trial in this matter. Additionally, Compass Marketing requests the following counter-designations to David J. Boshea's trial testimony on February 21, 2024, except that any

counter-designations that may be related to the formation and existence of an alleged oral contract

are requested if and only if the Motion in Limine to Exclude Prior Testimony is denied in whole

or in part.

Designation: Pg 106:16-21
Designation: Pg 106:24 – 107:2
Designation: Pg 108:4-21
Designation: Pg 108:25 – 110:2
Designation: Pg 110:19 111:19
Designation: Pg 112:5-15
Designation: Pg 116:13-20
Designation: Pg 117:16 – 119:2
Designation: Pg 119:4 (starting with "were") – 120:19 (ending with "it")
Designation: Pg 120:25 – 121:22
Designation: Pg 122:6-19
Designation: Pg 123:23-24
Designation: Pg 124:6
Designation: Pg 135:19 – 136:5
Designation: Pg 136:19-21
Designation:  Pg 146:10 (starting with "In the event") – 13
Designation:  Pg 146:15 – 147:8
Designation: Pg 147:22 – 149:5
Designation: Pg 157:20-22
Designation: Pg 158:10 (starting with "Can you pull up")
Designation: Pg 158:16-22
Designation: Pg 159:1:11
Designation: Pg 160:13 – 162:13
Designation: Pg 164:23 – 167:10
Designation: Pg 168:6 – 169:24
Designation: Pg 170:18 – 172:9
Designation: Pg 173:4-8
Designation: Pg. 173:15-18
Designation: Pg 174:2-5
Designation: Pg 174:17-24
Designation: Pg 176:15-24
Designation: Pg 177:12-22
Designation: Pg 178:4-5
Designation: Pg 190:9 – 191:2
Designation: Pg 191:7 – 192:5
Designation: Pg 193:13 – 194:9
Designation: Pg 195:4-11
Designation: Pg 200:23-24
Designation: Pg 201:5-19
Designation: Pg 204:6-7

Designation: Pg 209:19 – 210:2
Designation: Pg 210:10 – 211:1
Designation: Pg 211:5-11
Designation: Pg 211:15-16
Designation: Pg 211:21 – 213:12
Designation: Pg 214:9 – 216:21
Designation: Pg 224:22 – 225:4
Designation: Pg 225:19
Designation: Pg 227:24 – 231:3 (ending with "yes")
Designation: Pg 232:9 – 233:25
Designation: Pg 234:4-6
Designation: Pg 234:12 (starting with "All right") – 236:19
Designation: Pg 237:9 -10

**Compass Marketing's Objections, and, in the Alternative, Counter-Designations to John Adams' Deposition Testimony**

**A.    General Objection to the Entirety of John Adams' Deposition Designations**

Compass Marketing generally objects to the designations of John Adams' deposition testimony on relevance grounds, as John Adams' deposition testimony is irrelevant as to whether Compass Marketing entered into an agreement with David Boshea that included a provision that called for the payment of severance upon the termination of David Boshea's employment.  The Court ruled on this issue during the first trial, in which it stated, "How is it relevant about somebody else's agreement as to whether [Boshea] had the agreement?  Now here's where I think it's possibly admissible, and that would be in rebuttal."  *See* Trial Tr. vol. 3, 5:12-15.  Regarding John Adams, nothing has changed from the first trial to the second trial.  Therefore, for the exact reasons that the Court found that the testimony was not relevant in the first trial, the Court should find the same in the second trial as the testimony would confuse the jury and it would be more prejudicial than probative.

**B.    Objections to Specific Designations for John Adams' Deposition Testimony**

Designation:  Pg 7:15-21
Objection:  Line 15 is not part of a question.

6

Designation:  Pg 8:7-14
Objection:  Line 7 is not part of a question.
Objection:  These lines acknowledge a standing objection to any documents subpoenaed by David Boshea from John Adams.  Compass Marketing objects to any documents introduced by David Boshea that he attached to John Adams' subpoena and any documents introduced during the deposition as having been produced by John Adams on authenticity grounds.

Designation:  Pg 22:3-18
Objection:  Relevance; Hearsay; Authentication.

Designation:  Pg 24:1-14
Objection:  Lines 12-14 are a question with no answer; there is no testimony.

Designation:  Pg 27:24 through Pg 28:16
Objection:  Relevance; Hearsay

Designation:  Pg 30:5 through Pg 36:12
Objection:  Relevance; Authentication; Hearsay

Designation:  Pg 42:21 through Pg 44:24
Objection:  Relevance; Hearsay
Objection:  Pg 44:2-24 – In addition to Relevance and Hearsay, Form and Asked and Answered (which are noted in the transcript)

## C.    Compass Marketing's Counter Designations, in the Alternative

Compass Marketing reserves the right to determine at trial whether it would like to have the following counter-designations from John Adams' deposition testimony read into the record: Pg 46:18 through Pg 47:4.

## J.    Any Other Pretrial Relief

Compass Marketing intends to file a Motion to Exclude reference to John White's run for political office.  During the first trial in this matter, counsel for Plaintiff mentioned Mr. White's run for political office, including party affiliation, and who he ran against during Plaintiff's opening statement, but never put such testimony into evidence.  Such evidence is not relevant and any potential relevance is outweighed by the prejudice it would cause.  Thus, Plaintiff should be

precluded not only from seeking to put such testimony into evidence, Plaintiff also should be precluded mentioning such matters in opening statements or in other arguments.

In addition, in light of the Court's rulings at the first trial precluding questions about Compass Marketing owners Daniel and Michael White's, and former Compass Marketing IT manager George White's involvement in Boshea's claim against Compass Marketing, rather than taking trial time to address these issues for preservation purposes, Compass Marketing requests that the Court enter an order that recognizes all of Compass Marketing's arguments concerning questions/testimony related to Daniel White, Michael White, and/or George White and the related lawsuit pending in the Circuit Court for Anne Arundel County are preserved for appeal purposes.

**Exhibit A**

**Defendant Compass Marketing, Inc.'s Exhibit List**

| Exhibit No. | Identification | Admitted | Description |
|---|---|---|---|
| 1 | | | March 2, 2020 David Boshea Termination Letter & Proposed Severance Agreement |
| 2 | | | May 24, 2007 Email from David Boshea to Michael White Re: Follow Up |
| 3 | | | June 12, 2007 Salary Reduction Form for David Boshea January 1, 2007 through December 31, 2007 |
| 4 | | | Maryland New Hire Registry Reporting Form |
| 5 | | | Illinois Withholding Allowance Worksheet |
| 6 | | | March 5, 2020 Email from Rebecca Obarski to John White Re: David Boshea Employment Terms |
| 7 | | | March 5, 2020 Email from Rebecca Obarski to Erin Songer Re: Personnel File of David Boshea |
| 8 | | | March 16, 2020 Email from David Boshea to Erin Songer Re: Follow Up on Separation |
| 9 | | | May 29, 2020 Email from David Boshea to John White FW: Dave Boshea Employment Terms |
| 10 | | | June 11, 2020 Email from David Boshea to John White Re: Loser |

| Exhibit No. | Identification | Admitted | Description |
|:---:|:---:|:---:|:---|
| 11 | | | August 1, 2020 Email from David Boshea to John White (No subject) |
| 12 | | | August 11, 2020 Email from David Boshea to John White FW: Dave Boshea Employment Terms |
| 13 | | | David Boshea Call Log |
| 14 | | | March 3, 2025 John D. White Signature Examination by Jeffrey Payne |
| 15 | | | October 31, 2021 Rebuttal of the Findings of Donna O. Eisenberg by Jeffrey Payne |
| 16 | | | January 4, 2021 Text between David Boshea, Daniel White, and Michael White |
| 17 | | | June 7, 2021 Email from David Boshea to Daniel White Re: Contracts |
| 18 | | | June 16, 2021 Email from David Boshea to Daniel White (Untitled) |
| 19 | | | September 17, 2021 Email from Gregory Jordan to Michael White Re: John White Signature Samples |
| 20 | | | December 28, 2020 Text Messages between David Boshea and Michael White |
| 21 | | | September 17, 2021 Text Message between David Boshea, Michael White, and Daniel White (Redacted) |

| Exhibit No. | Identification | Admitted | Description |
|---|---|---|---|
| 22 | | | January 12, 2021 Email from Daniel White to Gregory Jordan Re: David Boshea |
| 23 | | | December 27, 2020 Email from David Boshea to Gregory Jordan and Daniel White Re: Compass |
| 24 | | | David Boshea's Responses to Defendant Compass Marketing Inc.'s First Set of Interrogatories to Plaintiff David J. Boshea (Redacted) |
| 25 | | | David Boshea's Amended Responses to Defendant Compass Marketing's First Set of Interrogatories to Plaintiff David J. Boshea (Redacted) |
| 26 | | | December 27, 2020 Email from David Boshea to Daniel White Re: Greg |
| 27 | | | Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (Unexecuted) (Nagle, Obarski & Holzhauer, P.C.) |
| 28 | | | Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (Executed) |
| 29 | | | September 17, 2021 Email from Daniel White to Gregory Jordan |

| Exhibit No. | Identification | Admitted | Description |
|---|---|---|---|
| 30 | | | September 13, 2021 Email from Gregory Jordan to Daniel White Re: Boshea v. Compass Marketing, Inc. - Compass Marketing's Expert Disclosure |
| 31 | | | August 15, 2021 Email from Gregory Jordan to Daniel White Re: Dan Mike |
| 32 | | | January 15, 2021 Email from Gregory Jordan to Daniel White Re: Local Counsel Referral |
| 33 | | | December 23, 2020 Email from Gregory Jordan to Daniel White Re: Follow Up |
| 34 | | | September 20, 2021 Email from Gregory Jordan to Michael White Re: Documents |
| 35 | | | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition (revision 1) |
| 36 | | | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition |
| 37 | | | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition |
| 38 | | | June 3, 2021 Email from David Boshea to Daniel White FW: Compass Marketing Severance Agreement |

| Exhibit No. | Identification | Admitted | Description |
|---|---|---|---|
| 39 | | | January 5, 2021 Email from David Boshea to Daniel White and Michael White (No subject) |
| 40 | | | January 7, 2021 Email from David Boshea to Daniel White Re: Compass |
| 41 | | | December 21, 2020 Email from Daniel White to David Boshea Re: Follow Up |
| 42 | | | June 16, 2021 Email from David Boshea to Daniel White (No subject) |
| 43 | | | June 21, 2021 Email from David Boshea to Daniel White Re: see attached |
| 44 | | | June 29, 2021 Email from David Boshea to Daniel White FW: 1:21-cv-00309-ELH Boshea v. Compass Marketing, Inc. |
| 45 | | | July 6, 2021 Email from David Boshea to Gregory Jordan and Daniel White Re: dpose |
| 46 | | | June 27, 2023 Email from David Boshea to Michael White and Gregory Jordan (No subject) |
| 47 | | | September 12, 2023 Email from David Boshea to Michael White and Daniel White Re: revision trial prep |
| 48 | | | October 6, 2023 Email from Michael White to David Boshea (No subject) |

13

| Exhibit No. | Identification | Admitted | Description |
|---|---|---|---|
| 49 | | | September 18, 2023 Text Message from David Boshea to Michael White |
| 50 | | | September 13, 2021 Email from Daniel White to Gregory Jordan Re: Boshea v. Compass Marketing, Inc. – Compass Marketing's Expert Disclosure |
| 51 | | | October 5, 2021 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to John Adams |
| 52 | | | June 30, 2023 State of Maryland Commission on Judicial Disabilities Reprimand |
| 53 | | | Paycheck Protection Program Borrower Application Form executed by Michael White on April 25, 2020 |
| 54 | | | December 1, 2008 Compass Marketing, Inc. County First Bank Signature Card |
| 55 | | | June 15, 2009 Compass Marketing, Inc. County First Bank Signature Card |
| 56 | | | January 26, 2021 Email from D. Boshea to Daniel White FW: Document |
| 57 | | | April 2007 David Boshea Memo to John White |
| 58 | | | October 18, 2023 Text Message between Daniel White and Gregory Jordan |

| Exhibit No. | Identification | Admitted | Description |
|---|---|---|---|
| 59 | | | February 9, 2016 $450,000 Check Paid out of Compass Marketing, Inc. Checking Account to Michael White |
| 60 | | | Michael White's W-2: Wage and Tax Statement for 2018 |
| 61 | | | Michael White's 2018 Financial Disclosure |
| 62 | | | Demonstrative Poster – John D. White Signature Comparison |
| 63 | | | Demonstrative Poster – Signs Showing Evidence of a Simulation |

Dated:  March 26, 2025                    Respectfully submitted,

                                          */s/Stephen B. Stern*_____
                                          Stephen B. Stern, Bar No.: 25335
                                          Shannon M. Hayden, Bar No.: 30380
                                          KAGAN STERN MARINELLO & BEARD, LLC
                                          238 West Street
                                          Annapolis, Maryland 21401
                                          (Phone): (410) 216-7900
                                          (Fax):  (410) 705-0836
                                          Email:  stern@kaganstern.com

                                          *Counsel for Defendant*
                                          *Compass Marketing, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of March, 2025, the foregoing Defendant Compass Marketing, Inc.'s Pretrial Order was served via the CM/ECF system on the following counsel of record:

Thomas J. Gagliardo                     Gregory J. Jordan
Gilbert Employment Law, PC              Mark Zito
1100 Wayne Avenue, Suite 900            Jordan & Zito, LLC
Silver Spring, Maryland 20910           350 N. LaSalle Drive, Suite 1100
Email:  tgagliardo@gelawyer.com         Chicago, Illinois 60654
                                        Email:  gjordan@jz-llc.com

*Attorneys for Plaintiff*
*The Estate of David J. Boshea*


*/s/Stephen B. Stern*
Stephen B. Stern

17