**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

April 3, 2025

The Honorable David Garcia
Judge, Will County Circuit Court
Will County Court House
100 W. Jefferson Street
Joliet, Illinois 60432

    Re:    *Estate of David John Boshea*
             Case No. 2025PR000183
             Circuit Court of Cook County, Illinois

             and

             *David J. Boshea v. Compass Marketing, Inc.*
             Civil No.: ELH-21-0309
             U.S. District Court, District of Maryland

Dear Judge Garcia:

      I write to bring to your attention the pendency of a case filed by the late David J. Boshea in February 2021 in the United States District Court for the District of Maryland. *See* case ELH-21-0309. Compass Marketing, Inc. ("Compass") is the sole defendant in the case.

      Compass's principal office is located in Maryland. Mr. Boshea, who died in January 2025, at the age of 62, was domiciled in Illinois. Jurisdiction in Maryland is founded on diversity of citizenship. *See* 28 U.S.C. § 1332.

      Mr. Boshea was an employee of Compass for some thirteen years. It is undisputed that Mr. Boshea, an at will employee, was terminated by Compass, without cause, in March 2020. The suit involves Mr. Boshea's claim that, pursuant to an agreement with Compass, he was entitled to a severance payment of $540,000.

      Initially, the suit included claims for breach of a written contract and alternative claims under both the Maryland and Illinois wage payment and collection laws. John White, the CEO of Compass, claims that his signature on the written contract was forged. I determined that the Maryland Wage Payment And Collection Act applies, rather than the Illinois statute.

The case proceeded to a jury trial in February 2024. Mr. Boshea and Mr. White, the CEO of Compass, both testified. At trial, Mr. Boshea moved to amend the suit to add a claim for breach of oral contract. Despite the belated request, I allowed him to do so, because the evidence was largely the same.

The jury found in favor of Mr. Boshea for breach of oral contract, but not for breach of written contract. And, it found in favor of Mr. Boshea under Maryland's Wage Act. The jury awarded Mr. Boshea $540,000 in damages. Under the Wage Act, however, the jury could have trebled those damages. And, under the Wage Act, plaintiff's counsel may recover attorney's fees.

After trial, Compass moved, in the alternative, for a new trial. For reasons that are not pertinent here, I granted Compass's post-trial motion for a new trial. That trial is set for April 21, 2025.[1]

The case has been quite contentious and rancorous. This has necessitated an unusual number of judicial opinions. Recently, for example, the defense sought to bar the use of portions of Mr. Boshea's trial testimony at the upcoming retrial. I denied that motion by written opinion. For your convenience, I have enclosed the docket sheet for the case, which reflects the various filings.

Today, I was informed by counsel for the late Mr. Boshea in the Maryland case that Cindy Johnson, Esquire appeared on behalf of Compass at a hearing you conducted concerning the proposed appointment of Ashley Boshea as administrator of her father's estate. To my surprise, counsel related that Compass asserted an objection to Ms. Boshea's appointment, and also indicated that Compass is considering whether to lodge a claim against Mr. Boshea's estate. I do not know the nature or basis of the claim.

However, it is my understanding that, as a result of what transpired, no administrator was appointed for Mr. Boshea's estate. Instead, the case was continued to June 17, 2025. Without an administrator to serve as a substitute plaintiff in the Maryland case, however, the case cannot proceed. Indeed, Compass's Maryland lawyer has moved to rescind my prior Order substituting Ms. Boshea as the plaintiff, issued by me under the belief that Ms. Boshea had already been appointed as administrator. *See* ECF 310, ECF 322, ECF 326. That motion is pending. And, Compass's Maryland counsel objected to the rescheduling of the trial, on the ground that there is no proper substitute plaintiff in the case.

A review of the Maryland case will reveal that Compass had filed a Counterclaim against David Boshea on August 26, 2021. *See* ECF 38. In the Counterclaim, Compass asserted claims of tortious interference (Count I); civil conspiracy (Count II); and unjust enrichment (Count III). But, in a filing on October 18, 2023, counsel for Compass withdrew the Counterclaim. *See* ECF 195 at 8.

---

[1] The retrial had been set for February 2025, but was postponed at the request of Compass's counsel.

      Of note, the federal case has been pending for several years. In all this time, I have not been made aware of any potential claim that Compass might assert against Mr. Boshea. Compass has left no stone unturned in its defense, and yet no such claim has been made known to me. Therefore, I am extremely concerned that the issue presented to you regarding a possible meritorious claim by Compass against the Boshea estate is bogus, and was raised in an attempt by Compass to delay or obstruct the Maryland federal case.[2]

      As it stands, I had no choice but to postpone the trial in the federal case, set for April 21, 2025, because there is yet no administrator for the late Mr. Boshea. It is my understanding, however, that the matter has been reset before you for June 17, 2025. With that date in mind, and after conferring with the lawyers in the Maryland case, I have rescheduled the federal trial for August 4, 2025.

      As you would expect, I told the lawyers in the Maryland case of my intention to inform you of the status of the Maryland case. If you have any questions, please do not hesitate to contact me.

                                               Very truly yours,

                                               /s/
                                            Ellen L. Hollander
                                            United States District Judge

Enclosure: Docket Sheet

cc:      Alexandra R. Benigni, Esquire
         w/out enclosure
         Cindy Johnson, Esquire
         w/out enclosure
         Counsel of record in ELH-21-0309
         w/out enclosure

---

[2] I have no reason to believe that Ms. Johnson has any knowledge of the particulars of the Maryland case or that she knowingly misled the court.