IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID J. BOSHEA,<br> *Plaintiff*, | |
| v. | Civil No. ELH-21-309 |
| COMPASS MARKETING, INC.,<br> *Defendant*. | |

**MOTION TO RESCIND THE COURT'S APRIL 3 LETTER TO JUDGE GARCIA OF THE WILL COUNTY CIRCUIT COURT AND CORRECT THE RECORD**

  Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, respectfully requests that the Court rescind its April 3, 2025 letter to Judge David Garcia of the Will County Circuit Court (in Illinois) and correct the record. As explained in greater detail below, the Court made several incorrect assumptions based on false information provided by the former Plaintiff in this case and the Court's April 3 letter materially prejudices Compass Marketing in the probate proceeding pending before Judge Garcia in the Will County Circuit Court in a case styled, Estate of David John Boshea, Case No. 2025PR000183 (the "Illinois Probate Case").

  1. While the history of what transpired before this Court on April 3, 2025 generally is not disputed, a short recap is warranted. On that day, Greg Jordan, counsel for the former Plaintiff in this case,[1] wrote to this Court advising that the court in the Illinois Probate Case "indicated it would enter [an] order [appointing "Ashley Boshea as independent administrator for David

---

[1] Although this Court has granted a motion to substitute parties filed by Ashley Boshea, with Ashley Boshea claiming to be the Independent Administrator of the Estate of David Boshea (ECF 322), it is undisputed that Ashley Boshea has not been appointed as the Independent Administrator of the Estate. Thus, as noted in Compass Marketing's motion to strike the order granting the motion to substitute (ECF 326), which has not yet been ruled on by the Court, there is no properly substituted Plaintiff as of this date. As a result, references to Mr. Jordan either will be by name or as counsel for the former Plaintiff.

Boshea's estate"] until Compass [Marketing's] attorney raised technical objections to block Ashley Boshea's appointment." *See* Exhibit A (Declaration of Cindy M. Johnson), Exhibit 1 (Email from G. Jordan to K. Warren dated April 3, 2025 at 10:40 am). This is an inaccurate portrayal of what transpired in the Illinois Probate Case that day. Mr. Jordan's email continued by asserting, "As a result, the Court denied the application, gave leave to amend any technical issues, and set a hearing on June 17, 2025 for the appointment and any objections." *Id.*

2. Following receipt of the factually inaccurate information in Mr. Jordan's email, the Court held a telephone status conference starting at noon that same day. During that status conference, undersigned counsel was unable to respond substantively to the false assertions made by Mr. Jordan, as undersigned counsel did not participate in the Illinois Probate Case hearing earlier that day and did not know the particulars of the arguments or what was transpiring in the Illinois Probate Case that day. Ultimately, this Court sent a letter to Judge Garcia in the Illinois Probate Case later that afternoon that asserted, among other things, the Court is "extremely concerned that the issue presented to you [Judge Garcia] regarding a possible meritorious claim by Compass [Marketing] against the Boshea estate is bogus, and was raised in an attempt by Compass [Marketing] to delay or obstruct the Maryland federal case." *See* ECF 332. Even though the Court acknowledged it did "not know the nature or basis of the claim," the Court further noted it was "surprise[d] counsel related that Compass [Marketing] asserted an objection to Ms. Boshea's appointment, and also indicated that Compass [Marketing] is considering whether to lodge a claim against Mr. Boshea's estate." *Id.*

3. After that April 3 status conference and this Court's letter, undersigned counsel learned that there were substantial and significant misrepresentations to the Court regarding what transpired related to the Illinois Probate Case. The Court's letter is premised in large part, if not

2

entirely, on these misrepresentations, and the Court's letter has now prejudiced Compass Marketing's interests in connection with the Illinois Probate Case. As a result, Compass Marketing respectfully requests that the Court rescind its letter to Judge Garcia and correct the record by affirmatively advising Judge Garcia that the Court was not aware of the facts of what transpired at the probate hearing or that Compass Marketing has standing to assert its interests in the Illinois Probate Case.

4. The details of what transpired in and related to the Illinois Probate Case are outlined in a detailed Declaration attached hereto as Exhibit A from Cindy M. Johnson, Compass Marketing's counsel in the Illinois Probate Case. As Ms. Johnson explains in Paragraph 5 of her Declaration, she provided the Declaration to (a) correct the misleading and incorrect information Mr. Jordan included in this April 3 email to this Court and (b) clarify the basis of Compass Marketing's claim in the Illinois Probate Case while addressing the inaccuracies in this Court's letter to Judge Garcia.

5. As an initial matter, Ms. Johnson explained in her Declaration that "Judge Garcia did not say he would grant the motion [to appoint Ashley Boshea], and he certainly *did not indicate that he 'would enter the order'* as Mr. Jordan's email had stated." *See* Exhibit A at ¶ 7(a) (emphasis added).

6. Ms. Johnson further explained that "[c]ontrary to Mr. Jordan's characterization in his April 3, 2025 email to Judge Hollander's chambers, the objections I asserted were not merely 'technical objections;' rather, *they were serious substantive objections, bordering on fraud*." *See* Exhibit A at ¶ 7(c) (emphasis added).

7. Contrary to Mr. Jordan's representations to this Court contending that Compass Marketing simply raised "technical objections," Ms. Johnson raised several substantive objections

3

to the appointment of Ashley Boshea as the independent administrator of the estate of David Boshea, including, but not limited to:

    a.    "The petition for Letters of Administration signed by Ashley Boshea, certified at the 'Attorney Certification' line by Mr. Jordan, states that the approximate value of the estate is $3,000.00, despite the fact that the Petitioner knew that the amount claimed in the [above captioned litigation] used to secure the Emergency Petition hearing was $1.6 million."

    b.    "The Emergency Petition filed by Mr. Jordan on behalf of Ashely Boshea again stated that 'David John Boshea has approximately $3,000.00 in assets and limited debts that are less than the amount owed.'" But, in filing the Emergency Petition, Ms. Johnson noted that the Petitioner "omitted mention of the $1.6 million claim that is being made" before this Court, even though that $1.6 million claim is "*the specific reason* Petition requested the Emergency Motion itself." (emphasis in original).

    c.    "Ashley Boshea signed under oath the Small Estate Affidavit (notarized by and filed by Mr. Jordan), in which she states that the gross value of the decedent's entire personal estate . . . *does not exceed* $100,000.00." (emphasis in original).

    d.    "Despite the fact that Mr. Jordan himself is a creditor based upon the fees he is to be paid out of any proceeds from [the above captioned litigation], Mr. Jordan and Ashley Boshea did not list him as a creditor in the Small Estate Affidavit."

    e.    "Despite the fact that Mr. Jordan and Ashely Boshea are aware that Julie Boshea (David Boshea's ex-wife) would be owed pursuant to a divorce decree 50% of any proceeds that may be awarded [in the above captioned litigation], Mr. Jordan and Ashley Boshea also did not list Julie Boshea as a creditor in the Small Estate Affidavit.

    f.    "On or about March 5, 2025, Mr. Jordan, purporting to represent the Estate of Mr. Boshea sent a letter making a settlement demand of Compass Marketing . . . for over $1 million. At the time of the demand, Mr. Jordan knew there was no probate estate and no Administrator of the estate for Mr. Boshea, as the Probate Case was not even filed until March 21, 2025 (sixteen days after the demand was made). In other words, at the time of the demand, Mr. Jordan knew there was no authorized representative appointed by any probate court to represent the estate; yet, he offered to settle an asset that likely would be considered the largest asset of Mr. Boshea's estate."

g. Mr. Jordan filed a suggestion of death in the above captioned case on March 17, 2025 that also asked this Court to substitute Ashley Boshea as the Plaintiff in this case, even though Mr. Jordan knew that the Illinois Probate Case had not even been filed yet and, thus, Ashley Boshea could not have been appointed as administrator by any probate court.[2]

h. "On or about March 19, 2025, Ashley Boshea signed a power of attorney as the 'Independent Administrator of the Estate of David Boshea' and appointed her mother . . . 'to determine the appropriate amount to offer, negotiating the terms of settlement and accept settlement [of the above captioned litigation].' This power of attorney signed by Ashley Boshea states on its face that it was prepared by Mr. Jordan. Moreover, it presents certain concerns regarding the petition filed in the Probate Case two days later on March 21, 2025, in that Ashely Boshea, the person asking the probate court to appoint her as an independent administrator to protect and administer the estate's assets, had already assigned to a third-party (who remains an undisclosed creditor of the estate) the estate's decision-making authority in connection with certain settlement negotiations regarding what appears to be the estate's largest asset."

*See* Exhibit A at ¶¶ 7(d)(i) – (ix).

8. Upon hearing these serious and substantive factual matters asserted by Ms. Johnson, Judge Garcia stated he was going to deny the Emergency Petition and he was going to schedule an evidentiary hearing to address these concerns. *See* Exhibit A at ¶ 7(e).

9. Judge Garcia then proposed scheduling the hearing during the first week of May, but Mr. Jordan said he was unavailable then. Judge Garcia then suggested a date during the second week of May, but Ms. Johnson had 341(a) hearings to conduct as a Chapter 7 bankruptcy trustee. Judge Garcia suggested three additional dates in May, and Mr. Jordan said he was unavailable on any of those dates. Ultimately, Judge Garcia offered June 17 as the hearing date and the attorneys all indicated they were available on that date. *See* Exhibit A at ¶¶ 7(f) – (i).

10. Notably, at the hearing in the Illinois Probate Case on April 3, Mr. Jordan did not object to Compass Marketing's standing. *See* Exhibit A at ¶ 8. Mr. Jordan likely did not assert a

---

[2] Mr. Boshea died intestate.

5

standing objection because Mr. Jordan exchanged emails with Ms. Johnson before the April 3 hearing in the Illinois Probate Case and, attached to an email from Ms. Johnson dated April 1, 2025, Ms. Johnson included a copy of the Second Amended Complaint Compass Marketing filed in the litigation pending in the Circuit Court of Maryland for Anne Arundel County styled, *Compass Marketing, Inc. v. White, et al.*, Case No. C-02-CV-230000601 (the "Maryland State Court Litigation").  Moreover, in her email to Mr. Jordan, Ms. Johnson specifically noted where the allegations and the basis of Compass Marketing's claims could be found (starting at Paragraph 250).  *See* Exhibit A at ¶¶ 8-11.  This email exchange follows a letter Mr. Jordan received last year from another attorney representing Compass Marketing .  *See* Exhibit A at ¶ 10.  Additionally, Mr. Jordan invoked the above-captioned case as the basis to file the Emergency Petition in the Illinois Probate Case.

11. As Ms. Johnson explained further in her Declaration, she is confident that this Court "would not have sent [the] April 3, 2025 letter to Judge Garcia, casting aspersions on Compass Marketing . . . and expressing [the Court's] belief that Compass Marketing, Inc., was motivated to take action in the Probate Case to obstruct justice in [the above captioned litigation] if Mr. Jordan (an officer of the court) had accurately advised Judge Hollander in his email that Judge Garcia did *not* indicate he was going to rule in favor of Ashley Boshea, Compass Marketing['s] . . . objections were *not* merely technical and if he had corrected Judge Hollander's misimpression during the call that Compass Marketing . . . had no claim against David Boshea (now his estate) by advising her that – although he may have disagreed with the claim – Mr. Jordan knew from multiple communications that Compass Marketing . . . had been insistent with Mr. Jordan that it has specific claims against David Boshea (now his estate)."  *See* Exhibit A at ¶ 12.

6

12. Notably, on May 19, 2025, more than one month after the April 3 status conference and only after this Court issued its April 3 letter to Judge Garcia did Ashley Boshea raise for the first time in the Illinois Probate Case objections to Compass Marketing's standing and its basis for asserting its claim against Mr. Boshea (or, now, his estate). In making these new arguments, Ashley Boshea even relied on this Court's April 3 letter and submitted it as her sole exhibit on May 19, 2025, thus further illustrating the prejudice to Compass Marketing from the April 3 letter.[3]

13. Now that the record has been set straight as detailed by Ms. Johnson, it still does not address all of Compass Marketing's concerns. As Ms. Johnson explains, this Court's April 3 letter "cast doubt on whether Compass Marketing . . . had *any* [ ] claim [against Mr. Boshea or his estate] and whether it can be asserted in good faith. The letter further implied that [Ms. Johnson] must not have conducted sufficient investigation of [Compass Marketing's] claim and portrayed certain actions taken by Compass Marketing . . . in [the above captioned litigation] in an unfavorable light. Taken in its entirety, the letter cast substantial doubt about Compass Marketing, Inc's conduct in an Illinois proceeding, including its motivations and the propriety of its conduct, none of which had been presented to Judge Hollander, other than through Mr. Jordan's biased and inaccurate portrayals." *See* Exhibit A at ¶ 13 (emphasis in original).

14. Additionally, the April 3 letter, when read as a whole, strongly suggests that Ashley Boshea should be appointed as the independent administrator of David Boshea's estate, even though Compass Marketing has asserted numerous, serious and substantive objections, thereby prejudicing Compass Marketing's interests in the Illinois Probate Case. Such a suggestion is especially prejudicial, as Illinois law does not create an absolute right for an individual to be

---

[3] Perhaps in an effort to distance herself from Mr. Jordan's prior misrepresentations, these latest arguments relying on this Court's April 3 letter were made by an attorney other than Mr. Jordan, who does not appear to have signed the filings submitted in the Illinois Probate Case on May 19, 2025.

7

appointed administrator of an estate, particularly when there is no will in which the decedent named an executor, and appointment of "a disinterested and competent stranger" may be appropriate.[4]

15.     Accordingly, Compass Marketing respectfully requests that this Court rescind its letter to Judge Garcia in the Illinois Probate Case, explaining that the Court now has a better understanding of what has transpired in the Illinois Probate Case and its letter was premised on the unfortunate misimpression of facts and circumstances of what has transpired in matters before and related to the Illinois Probate Case.

Dated:  May 23, 2025                           Respectfully submitted,


/s/Stephen B. Stern
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

---

[4] *See, e.g.*, *Est. of Roselli*, 70 Ill. App. 3d 116, 122, 388 N.E.2d 87, 92 (1979) (explaining that a court has large discretion in appointing an administrator when no will exists); *In re Abell's Est.*, 395 Ill. 337, 343-47, 70 N.E.2d 252, 255-57 (1946) (explaining that appointment of administrator does not confer an absolute right to persons within one of the eight enumerated classes under the statute and a person within one of the preferred classes may be considered unsuitable to administer by reason of an adverse interest of some kind or hostility to those immediately interested in estate whether as creditors or distributees, or an interest adverse to estate itself as well as for statutory grounds of incompetence, and that appointment of a disinterested and competent stranger may be appropriate).

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 23rd day of May, 2025, the foregoing Motion to Rescind the Court's April 3 Letter to Judge Garcia of the Will County Circuit Court and Correct the Record was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo<br>Gilbert Employment Law, PC<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, Maryland 20910<br>Email: tgagliardo@gelawyer.com | Gregory J. Jordan<br>Mark Zito<br>Jordan & Zito, LLC<br>350 N. LaSalle Drive, Suite 1100<br>Chicago, Illinois 60654<br>Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*

                                                            */s/Stephen B. Stern*
                                                            Stephen B. Stern