**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| **ASHLEY BOSHEA, ADMINISTRATOR** | * |
| **OF THE ESTATE OF DAVID JOHN** | * |
| **BOSHEA (PETITION PENDING),** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * |
| | * |
| **COMPASS MARKETING, INC.** | * |
| | * |
| **Defendant.** | * |

**Case No. 1:21-CV-00309-ELH**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**RESPONSE TO MOTION TO RESCIND THE COURT'S APRIL 3 LETTER TO JUDGE GARCIA OF THE WILL COUNTY CIRCUIT COURT AND CORRECT THE RECORD**

Ashley Boshea, proposed administrator of the Estate of David John Boshea[1], for her response in opposition to Compass Marketing, Inc.'s Motion to Rescind the Court's April 3 Letter to Judge Garcia of the Will County Circuit Court and Correct the Record, states:

Compass, through its motion and Cindy Johnson's Declaration, seeks to recharacterize what occurred in the Will County Circuit Court on April 3, 2025. The Hon. David Carcia stood ready to appoint Ashley Boshea as administrator until Compass' counsel raised technical issues. The Court, having a long call that day, did not address any of the matters Compass raised.

While Cindy Johnson asserts that she raised substantive objections, her claim lacks merit. Moreover, Ms. Johnson is a bankruptcy and creditors' rights attorney who does not hold herself out as experienced in probate matters. See, Recitation of Expertise, Service Area, and Ms. Johnson's description of her practice at http://jnlegal.net/.

---

[1] The Court's March 18, 2025 Order designates the proper caption and parties to this lawsuit to which the respondent adheres. The Estate of David Boshea's petition to allow Ashley Boshea to serve is pending a hearing on June 17, 2025.

While this Court is unlikely to be in a position to weigh on issues of Illinois probate law, the approximate value of David Boshea's estate is $3,000. Although unnecessary, the Small Estate Affidavit filed in the Will County Court notes, "$3,000 and unknown proceeds from litigation." See Exhibit A. Perhaps due to her lack of experience in probate matters, Ms. Johnson and Stephen Stern are unaware that a contingent claim is not an estate until realized. Similarly, Gregory Jordan would recover his fees and expenses from the successful prosecution of the above-captioned lawsuit. Similarly, Julie Boshea does not have a right to 50% of anything until the contingency blossoms into a judgment. Clearly, Compass, as well as the Respondent, expects the jury in this case to enter judgment against Compass in an amount exceeding the initial award.

Regarding the settlement demand referenced in the motion, such communication is improper under Rule 408 of the Federal Rules of Evidence. Compass uses the offer to prove the amount of the estate's assets. As the rule states in pertinent part, "Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim …" Fed. R. Evid. 408. Moreover, only if Compass had agreed to a settlement would the estate's value increase from the amount now existing.

It is important to note that the Estate of David Boshea has filed a response challenging Compass' standing. See, Exhibit B. Further, the Respondent agrees with the Court's view that Compass was and is motivated to take action in the Probate Case to avoid a trial. A trial at which it most likely will lose.

Compass does not possess an actual claim against David Boshea's estate. In its state court complaint Compass filed against two of its shareholders and others, Compass refers to the purported forgery of the contact that John White assuredly signed. Even if Compass had a claim, the statute of limitations for bringing that claim has expired.

**RESPECTFULLY SUBMITTED,**

/s/ Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Drive, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 6, 2025, Ashley Boshea, as the proposed administrator of the Estate of David J. Boshea served her Response to Motion to Rescind the Court's April 3 Letter to Judge Garcia of the Will County Circuit Court and Correct the Record through the Court's CM/ECF system on:

> Stephen B. Stern
> Shannon Hayden
> Kagan Stern Marinello & Beard, LLC
> 238 West Street
> Annapolis, Maryland 21401
> Email: stern@kaganstern.com
> Email: hayden@kaganstern.com
> *Attorneys for Compass Marketing, Inc.*

> <u>*/s/* Gregory J. Jordan</u>
> Gregory J. Jordan