# Exhibit A

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2025PR000183
Filed Date: 3/21/2025 5:12 PM
Envelope: 31938478
Clerk: TS

**Affidavit to Obtain Payment or Delivery of the Assets of a Decedent Whose Estate Does Not Exceed One Hundred Thousand Dollars**

755 ILCS 5/25-1
5/ 25-1. Payment or delivery of small estate of decedent upon affidavit.

(a) When any person, corporation or financial institution (1) indebted to or holding personal estate of a decedent, (2) controlling the right of access to decedent's safe deposit box or (3) acting as registrar or transfer agent of any evidence of interest, indebtedness, property or right is furnished with a small estate affidavit in substantially the form hereinafter set forth, that person, corporation or financial institution shall pay the indebtedness, grant access to the safe deposit box, deliver the personal estate or transfer or issue the evidence of interest, indebtedness, property or right to persons and in the manner specified in the affidavit or to an agent appointed as hereinafter set forth.

2025PR000183

**STATE OF ILLINOIS**                                                     **COUNTY OF WILL**

# SMALL ESTATE AFFIDAVIT

I, __Ashley Boshea__ on oath state:

1) (a) my post office address is __1520 Cooley Street, Apt. 7, Missoula, MT 59802__
   (b) my residence address is __1520 Cooley Street, Apt. 7, Missoula, MT 59802__
   (c) I understand, if I am an out-of-state resident, I submit myself to the jurisdiction of Illinois courts for all matters related to the preparation and use of this affidavit. My agent for service of process in Illinois is:
   NAME __Gregory Jordan__
   ADDRESS __312 Park Avenue, Suite 164__
   CITY & ZIP CODE __Clarendon Hills 60514__
   TELEPHONE (if any) __(312) 854-7181__
   I understand that if no person is named above as my agent for service, or if for any reason, service on the named person cannot be effectuated, the Clerk of the Circuit Court of the 12th Judicial Circuit, Will County, Illinois is recognized by Illinois law as my agent for the service of process.

2) The decedent's name is __David John Boshea, Jr.__.

3) The date of the decedent's death was __January 28, 2025__, and I have attached a copy of the death certificate hereto.

4) The decedent's place of residence immediately before death was __2651 Showplace Drive, Unit 104, Naperville, Illinois 60564__.

5) No letters of office are now outstanding on the decedent's estate and no petition for letters is contemplated or pending in Illinois, or in any other jurisdiction, to my knowledge.

6) The gross value of the decedent's entire personal estate, including the value of all property passing to any party either by intestacy or under a will, does not exceed $100,000.00 (list each asset, e.g., cash, stock and its fair market value): __$3,000.00 and unknown proceeds from litigation.__

(attach a separate sheet if necessary).

7) (a) All of the decedent's funeral expenses and other debts have been paid, **OR** (b) all of the decedent's known unpaid debts are listed and classified as follows (include the name, post office address and amount):
[Strike either (a) or (b)]

| NAME AND POST OFFICE ADDRESS | AMOUNT |
|---|---|
| N/A | |
| Belfor USA Group, Attn: Janelle Hansen, 1938 University Lane, Suite A, Lisle, IL 60532 | $14,113.34 |
| Tapestry Naperville, 2703 Showplace Dr. Naperville, IL 60564 | $ 1,080.98 |

**Class 1:** funeral and burial expenses, which include reasonable amounts paid for a burial space, crypt, or niche; a marker on the burial space; and care of the burial space, crypt or niche; expenses of administration; and statutory custodial claims as follows: __N/A__

(attach a separate sheet if necessary).

**Class 2:** the surviving spouse's award or child's award, if applicable, as follows: __Ashley Boshea and Stephanei Boshea, daughters.__

(attach a separate sheet if necessary).

**(SEE REVERSE SIDE)**

29C (page 1 of 4) (Revised 03/15)

**Class 3:** debts due to the United States, as follows:
N/A

(attach a separate sheet if necessary).
**Class 4:** money due employees of the decedent of not more than $800.00 for each claimant for services rendered within four (4) months prior to the decedent's death and expenses attending the last illness, as follows:
N/A

(attach a separate sheet if necessary).
**Class 5:** money and property received or held in trust by the decedent which cannot be identified or traced, as follows: N/A

(attach a separate sheet if necessary).
**Class 6:** debts due the State of Illinois and any county, township, city, town, village or school district located within Illinois, as follows: N/A

(attach a separate sheet if necessary).
**Class 7:** all other claims, as follows: N/A

(attach a separate sheet if necessary).

7.5) I understand that all valid claims against the decedent's estate described in paragraph 7 must be paid by me from the decedent's estate before any distribution is made to any heir or legatee. I further understand that the decedent's estate should pay all claims in the order set forth above, and if the decedent's estate is insufficient to pay the claims in any one class, the claims in that class shall be paid pro rata.

8) There is no known unpaid claimant or contested claim against the decedent, except as stated in paragraph 7.

9) (a) The names and places of residence of any surviving spouse, minor children, and adult dependent* child(ren) of the decedent are as follows:

| NAME AND RELATIONSHIP | PLACE OF RESIDENCE | AGE OF MINOR CHILD |
|---|---|---|
| N/A | | |

(b) The award allowable to the surviving spouse of a decedent who was an Illinois resident is $ N/A  ($20,000.00 plus $10,000.00 multiplied by the number of minor children and adult dependent children who resided with the surviving spouse at the time of the decedent's death. If any such child did not reside with the surviving spouse at the time of the decedent's death, so indicate.)

(*NOTE: An adult dependent child is one who is unable to maintain himself and is likely to become a public charge)

29C (page 2 of 4) (Revised 03/15)

(c) If there is no surviving spouse, the award allowable to the minor children and adult dependent children of a decedent who was an Illinois resident is $ N/A _____ ($20,000.00 plus $10,000.00 multiplied by the number of minor children and adult dependent children), to be divided among them in equal shares.

10) (a) The decedent left no will. The names, places of residence and relationships of the decedent's heirs, and the portion of the estate to which each heir is entitled under the law where the decedent died intestate are as follows:

| NAME, RELATIONSHIP & PLACE OF RESIDENCE - AGE OF MINOR CHILD | PORTION OF THE ESTATE |
|---|---|
| Ashley Boshea, 1520 Cooley Street, Apt. 7, Missoula, MT 59802 | |
| Stephanie Boshea, 5823 Ravenswood Ave, #102, Chicago, IL 60660 | |

OR:

(b) the decedent left a will, which has been filed with the clerk of an appropriate court. A certified copy of the will on file is attached. To the best of my knowledge and belief the will on file is the decedent's last will and was signed by the decedent and the attesting witnesses as required by law and would be admittable to probate. The names and places of residence of the legatees and the portion of the estate, if any, to which each legatee is entitled are as follows:

| NAME, RELATIONSHIP & PLACE OF RESIDENCE - AGE OF MINOR CHILD | PORTION OF THE ESTATE |
|---|---|
| N/A | |

[Strike either (a) or (b)]

(c) Affiant is unaware of any dispute or potential conflict as to the heirship or will of the decedent.

10.3) My relationship to the decedent or the decedent's estate is as follows: _____
Daughter

10.5) **I understand that the decedent's estate must be distributed first to satisfy claims against the decedent's estate as set forth in paragraph 7.5 of this affidavit before any distribution is made to any heir or legatee. By signing this affidavit, I agree to indemnify and hold harmless all creditors of the decedent's estate, the decedent's heirs and legatees, and other persons, corporations, or financial institutions relying upon this affidavit who incur any loss because of reliance on this affidavit, up to the amount lost because of any act or omission by me. I further understand that any person, corporation or financial institution recovering under this indemnification provision shall be entitled to reasonable attorney's fees and the expenses of recovery.**

11) After payment by me from the decedent's estate of all debts and expenses listed in paragraph 7, any remaining property described in paragraph 6 of this affidavit should be distributed as follows:

| NAME | SPECIFIC SUM OR PROPERTY TO BE DISTRIBUTED |
|---|---|
| Ashley Boshea - 50% | |
| Stephanie Boshea - 50% | |

*The foregoing statement is made under the penalties of perjury.

_____
Signature of Affiant

Signed and Sworn before me on March 18, 2025

_____
(Notary Public)

OFFICIAL SEAL
GREGORY J JORDAN
Notary Public, State of Illinois
Commission No. 752637
My Commission Expires July 03, 2027

(SEE REVERSE SIDE)

29C (page 3 of 4) (Revised 03/15)

(*NOTE: A fraudulent statement made under penalties of perjury is perjury as defined in section 32-2 of the Criminal Code of 2012)

(c) Appointment of Agent. If safe deposit access is involved or if sale of any personal property is desirable to facilitate distribution pursuant to the small estate affidavit, the affiant under the small estate affidavit may in writing appoint one or more persons as the affiant's agent for that purpose. The agent shall have power, without court approval, to gain access to, sell, and distribute the property in the manner specified in paragraph 7.5 and 11 of the affidavit; and the payment, delivery, transfer, access or issuance shall be made or granted to or on the order of the agent. The affiant may appoint himself or herself as the designated representative to exercise the powers and perform the duties of an agent described in this subsection (c).

(d) Reliance and Release. Any person, corporation or financial institution who acts in good faith reliance on a copy of a document purporting to be a small estate affidavit that is substantially in compliance with subsection (b) of this Section shall be fully protected and released upon payment, delivery, transfer or issuance pursuant to such a document to the same extent as if the payment, delivery, transfer, access or issuance had been made or granted to the representative of the estate. Such person, corporation, or financial institution is not required to see to the application or disposition of the property; but each person to whom a payment, delivery, transfer, access or issuance is made or given is answerable therefore to any person having a prior right and is accountable to any representative of the estate.

(e) Distributions pursuant to an affidavit substantially in the form set forth in subsection (b) of the Section may be made to the affiant, if so specified in paragraph 11, notwithstanding the disclosure of known unpaid debts. The affiant, acting on behalf of the decedent's estate, is obligated to pay all valid claims against the decedent's estate before any distribution is made to any heir or legatee. The affiant signing the small estate affidavit prepared pursuant to subsection (b) of this Section shall indemnify and hold harmless all creditors, heirs and legatees of the decedent and other persons, corporations or financial institutions relying upon the affidavit who incur loss because of such reliance. That indemnification shall only be up to the amount lost because of the act or omission of the affiant. Any person, corporation, or financial institution recovering under this subsection (e) shall be entitled to reasonable attorney's fees and the expenses of recovery.

(f) The affiant of a small estate affidavit who is a non-resident of Illinois submits himself or herself to the jurisdiction of Illinois courts for all matters related to the preparation or use of the affidavit. The affidavit shall provide the name, address, and phone number of a person who the affiant names as his agent for the service of process. If no such person is named or if, for any reason, service on the named person cannot be effectuated, the clerk of the circuit court of the county or judicial circuit of which the decedent was a resident at the time of his death shall be the agent for service of process.

(g) Any action properly taken under this Section, as amended by Public Act 93-877, on or after August 6, 2004 (the effective date of Public Act 93-877) is valid regardless of the date of death of the decedent.

(h) The changes made by this amendatory Act of the 96th General Assembly apply to a decedent whose date of death is on or after the effective date of this amendatory Act of the 96th General Assembly.

(i) The changes made by this amendatory Act of the 98th General Assembly apply to a decedent whose date of death is on or after the effective date of this amendatory Act of the 98th General Assembly.

(Source: P.A. 97-1150, eff. 1-25-13; 98-836, eff. 1-1-15.)

**ANDREA LYNN CHASTEEN, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

29C (page 4 of 4) (Revised 12/16)