# Exhibit B

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2025PR000183
Filed Date: 5/19/2025 11:30 AM
Envelope: 32760898
Clerk: KB

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS – IN PROBATE**

| | | | |
|---|---|---|---|
| Estate of | ) | | |
| | ) | | |
| DAVID JOHN BOSHEA, | ) | No. | 2025PR000183 |
| | ) | | |
| Deceased. | ) | | |

**ASHLEY BOSHEA'S REPLY IN SUPPORT OF HER**
**AMENDED PETITION FOR LETTERS OF ADMINISTRATION**

Ashley Boshea ("Ashley" or "Petitioner") for her Reply in Support of her Amended Petition for Letters of Administration seeking appointment as Independent Administrator of the Estate of her father, David John Boshea ("Estate"), states as follows:

**I.      Background and Compass Marketing Inc.'s Objection.**

1.      Compass Marketing, Inc. ("Compass"), claiming to be a creditor of this Estate, filed an Objection to Ashley Boshea being appointed as Administrator of the Estate of David John Boshea on May 8, 2025 (the "Objection"). Compass' alleged involvement in this Estate stems from a potential claim Compass alleges it possesses related to a lawsuit in which David Boshea was not named a party.

2.      Compass asserts it holds a claim based on its allegation that David Boshea presented a fraudulently signed agreement as valid (as indicated in its lawsuit styled as *Compass Marketing, Inc. v. Daniel White et al.*, Case Number: C-02-CV-230000601 filed in the Circuit Court of Maryland for Anne Arundel County (the "Maryland State Lawsuit")). It also alleges David Boshea's death prevented it from filing a lawsuit.

3.      First, Compass filed its Amended Complaint in the Maryland State Lawsuit on January 8, 2025, before David Boshea's passing. Thus, its assertion that David Boshea's passing prevented it from naming him as a defendant is demonstrably false.

4.      Second, to the extent Compass believes it holds a cause of action against David Boshea or his Estate, the claim relates to David Boshea's use of a signed severance agreement in the lawsuit styled as *David J. Boshea v. Compass Marketing, Inc.*, Case No. 1:21-CV-00309-ELH filed in the United States District Court for the District of Maryland (the "Maryland Federal Litigation"). Despite asserting someone forged the severance agreement, Compass never filed what it alleges to be its claim as a counterclaim.

5.      As Compass acknowledges, this Court needs to appoint an administrator of this Estate for the Maryland Federal Litigation to proceed.  (See Objection, ¶ 1).  Yet it has not sought the appointment of one as the statute provides:

> Two avenues exist for a potential creditor seeking to file a claim relating to a debt or obligation of a deceased individual. Where a probate estate is open and a representative is appointed by the court, a potential creditor can file a claim in the probate estate. *In re Estate of Strong*, 2020 IL App (3d) 190158, ¶ 19; 755 ILCS 5/18-1. Where a probate estate is not opened, however, Illinois law gives a creditor the right to seek court appointment of a special representative of the estate, against whom an action might be filed. 735 ILCS 5/13-209(b; see also Ill. S. Ct. R. 113(i)

*In re Est. of Topal*, 2022 IL App (4th) 210613, ¶ 16, 214 N.E.3d 243, 247

6.      Instead of allowing the Estate to move forward, by filing the Objection, Compass prolonged the opening of this Estate by several months. It thus delayed the trial date set in the Maryland Federal Litigation.  Compass' purpose in making its Objection amounts to an attempt to delay or obstruct the Maryland Federal Litigation rather than facilitating the proper administration of this Estate.  *See* April 3, 2025 Letter from District Court Judge Ellen Lipton Hollander, page 3, attached as **Exhibit A**.

7.      Moreover, the proper place to bring Compass' purported claim should have been in the Maryland Federal Litigation. Compass had the opportunity to file a counterclaim since its

counsel filed an affirmative defense on May 6, 2021 raising what it now views as its claim against the Estate.

8. Since four years have passed, Compass claims the status of being a creditor is dubious. In the Maryland State Lawsuit, Compass alleges it holds a fraud claim; however, Maryland's statute of limitations for such claims is three years. Md. Code Ann., Cts. & Jud. Proc. § 5-101. Whatever claim Compass believes it had accrued when it knew of its existence in 2021. *See Estate of Adams v. Cont'l Ins. Co.*, 233 Md. App. 1, 161 A.3d 70, 72 (2017). Due to the passage of time, whatever cause of action might have existed has expired.

9. Given the failure to file a counterclaim, David Boshea had and has no reason to believe Compass holds a valid claim.

10. Importantly, Compass lacks standing to bring any objection with regard to the Petition to open this Estate. *See In re Trost's Estate*, 292 Ill. App. 60, 63 (3rd Dist. 1937) (finding that a decedent's potential debtors have no right to petition for the removal of the administrator of the decedent's estate).

11. In its Objection, Compass claims to be a creditor of the Estate. Once the Estate is opened, Compass may file its claim with the Court. 755 ILCS 5/18-1, and the Administrator will contest it based on the law recited above. The Objection is not the proper method for Compass to bring its claim.

12. Because Compass lacks standing to object to Ashley's appointment as Independent Administrator, and because Compass' Objection is for the sole purpose of delaying the Maryland Federal Litigation, this Court should strike Compass' Objection and appoint Ashley as Independent Administrator.

## II.    Ashley's Petition for Letters of Administration is Proper, and Ashley Meets the Statutory Requirements to Serve as an Independent Administrator.

13.    The assertion that Gregory Jordan, an attorney, jumped ahead and filed a notice before Ashley's appointment has no bearing on whether she should serve as the administrator. Compass does not explain why, even if she knew of Gregory Jordan's actions, she could not rely on their propriety and his advice.

14.    Ashley has filed a proper Petition for Letters of Administration and meets the statutory requirements to serve as an Independent Administrator.

15.    As reflected in the Petition, the Decedent died unmarried and was survived by his two daughters, Ashley and Stephanie Boshea.  Ashley and Stephanie are the only heirs to this Estate.  Stephanie signed a waiver form indicating her support for Ashley's appointment. Further, Ashley, as the Decedent's daughter, has a preference to serve as the Independent Administrator. 755 ILCS 5/9-3(c).

16.    As required by the Illinois Probate Act and the form provided by the Circuit Court of the Twelfth Judicial Circuit, Ashley listed the approximate value of the Decedent's Estate on her Petition.  *See* 755 ILCS 5/9-4(c) ("The petition shall state, if known:. . . the approximate value of the decedent's real and personal estate in this State").[1]

17.    Because Compass has no actual claim and no right to object to the appointment of Ashley as Independent Administrator of her father's Estate, and because Ashley meets the statutory requirements to serve as Independent Administrator, this Court should appoint Ashley as the Independent Administrator of the Estate of David John Boshea.

---

[1] Contrary to Compass' assertions - unsupported by any law or case law - Ashley was not required to include assets not currently held in the Estate on her Petition. Thus, the speculative and undetermined proceeds of the Maryland Federal Litigation were properly excluded from the Petition.

4

WHEREFORE, the Petitioner, Ashley Boshea, respectfully requests that this Court deny Compass Marketing, Inc.'s Objection to Ashley Boshea Being Appointed as Administrator of the Estate of David John Boshea, appoint Ashley as Independent Administrator of the Estate of David John Boshea, and for any other and further relief this Court deems just.

Dated: May 19, 2025                              Respectfully submitted,

                                                 ASHLEY BOSHEA

                                                 _/s/ Alexandra R. Benigni_
                                                 One of Her Attorneys

Alexandra R. Benigni (6335557)
abenigni@agdglaw.com
Aronberg Goldgehn Davis & Garmisa
301 South County Farm Road, Suite A
Wheaton, IL 60187
(312) 755-3141
4906-8351-8789, v. 1

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

April 3, 2025

The Honorable David Garcia
Judge, Will County Circuit Court
Will County Court House
100 W. Jefferson Street
Joliet, Illinois 60432

Re:    *Estate of David John Boshea*
Case No. 2025PR000183
Circuit Court of Cook County, Illinois

and

*David J. Boshea v. Compass Marketing, Inc.*
Civil No.: ELH-21-0309
U.S. District Court, District of Maryland

Dear Judge Garcia:

I write to bring to your attention the pendency of a case filed by the late David J. Boshea in February 2021 in the United States District Court for the District of Maryland. *See* case ELH-21-0309. Compass Marketing, Inc. ("Compass") is the sole defendant in the case.

Compass's principal office is located in Maryland. Mr. Boshea, who died in January 2025, at the age of 62, was domiciled in Illinois. Jurisdiction in Maryland is founded on diversity of citizenship. *See* 28 U.S.C. § 1332.

Mr. Boshea was an employee of Compass for some thirteen years. It is undisputed that Mr. Boshea, an at will employee, was terminated by Compass, without cause, in March 2020. The suit involves Mr. Boshea's claim that, pursuant to an agreement with Compass, he was entitled to a severance payment of $540,000.

Initially, the suit included claims for breach of a written contract and alternative claims under both the Maryland and Illinois wage payment and collection laws. John White, the CEO of Compass, claims that his signature on the written contract was forged. I determined that the Maryland Wage Payment And Collection Act applies, rather than the Illinois statute.

The case proceeded to a jury trial in February 2024. Mr. Boshea and Mr. White, the CEO of Compass, both testified. At trial, Mr. Boshea moved to amend the suit to add a claim for breach of oral contract. Despite the belated request, I allowed him to do so, because the evidence was largely the same.

The jury found in favor of Mr. Boshea for breach of oral contract, but not for breach of written contract. And, it found in favor of Mr. Boshea under Maryland's Wage Act. The jury awarded Mr. Boshea $540,000 in damages. Under the Wage Act, however, the jury could have trebled those damages. And, under the Wage Act, plaintiff's counsel may recover attorney's fees.

After trial, Compass moved, in the alternative, for a new trial. For reasons that are not pertinent here, I granted Compass's post-trial motion for a new trial. That trial is set for April 21, 2025.[1]

The case has been quite contentious and rancorous. This has necessitated an unusual number of judicial opinions. Recently, for example, the defense sought to bar the use of portions of Mr. Boshea's trial testimony at the upcoming retrial. I denied that motion by written opinion. For your convenience, I have enclosed the docket sheet for the case, which reflects the various filings.

Today, I was informed by counsel for the late Mr. Boshea in the Maryland case that Cindy Johnson, Esquire appeared on behalf of Compass at a hearing you conducted concerning the proposed appointment of Ashley Boshea as administrator of her father's estate. To my surprise, counsel related that Compass asserted an objection to Ms. Boshea's appointment, and also indicated that Compass is considering whether to lodge a claim against Mr. Boshea's estate. I do not know the nature or basis of the claim.

However, it is my understanding that, as a result of what transpired, no administrator was appointed for Mr. Boshea's estate. Instead, the case was continued to June 17, 2025. Without an administrator to serve as a substitute plaintiff in the Maryland case, however, the case cannot proceed. Indeed, Compass's Maryland lawyer has moved to rescind my prior Order substituting Ms. Boshea as the plaintiff, issued by me under the belief that Ms. Boshea had already been appointed as administrator. *See* ECF 310, ECF 322, ECF 326. That motion is pending. And, Compass's Maryland counsel objected to the rescheduling of the trial, on the ground that there is no proper substitute plaintiff in the case.

A review of the Maryland case will reveal that Compass had filed a Counterclaim against David Boshea on August 26, 2021. *See* ECF 38. In the Counterclaim, Compass asserted claims of tortious interference (Count I); civil conspiracy (Count II); and unjust enrichment (Count III). But, in a filing on October 18, 2023, counsel for Compass withdrew the Counterclaim. *See* ECF 195 at 8.

---

[1] The retrial had been set for February 2025, but was postponed at the request of Compass's counsel.

Of note, the federal case has been pending for several years. In all this time, I have not been made aware of any potential claim that Compass might assert against Mr. Boshea. Compass has left no stone unturned in its defense, and yet no such claim has been made known to me. Therefore, I am extremely concerned that the issue presented to you regarding a possible meritorious claim by Compass against the Boshea estate is bogus, and was raised in an attempt by Compass to delay or obstruct the Maryland federal case.[2]

As it stands, I had no choice but to postpone the trial in the federal case, set for April 21, 2025, because there is yet no administrator for the late Mr. Boshea. It is my understanding, however, that the matter has been reset before you for June 17, 2025. With that date in mind, and after conferring with the lawyers in the Maryland case, I have rescheduled the federal trial for August 4, 2025.

As you would expect, I told the lawyers in the Maryland case of my intention to inform you of the status of the Maryland case. If you have any questions, please do not hesitate to contact me.

Very truly yours,

/s/

Ellen L. Hollander
United States District Judge

Enclosure: Docket Sheet

cc:    Alexandra R. Benigni, Esquire
       w/out enclosure
       Cindy Johnson, Esquire
       w/out enclosure
       Counsel of record in ELH-21-0309
       w/out enclosure

---

[2] I have no reason to believe that Ms. Johnson has any knowledge of the particulars of the Maryland case or that she knowingly misled the court.

3