IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID J. BOSHEA, *Plaintiff*, | |
| v. | Civil No. ELH-21-309 |
| COMPASS MARKETING, INC., *Defendant*.[1] | |

**DEFENDANT COMPASS MARKETING, INC.'S REPLY IN SUPPORT OF MOTION TO RESCIND THE COURT'S APRIL 3 LETTER TO JUDGE GARCIA OF THE WILL COUNTY CIRCUIT COURT AND CORRECT THE RECORD**

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Reply in Support of its Motion to Rescind the Court's April 3 Letter to Judge Garcia of the Will County Circuit Court and Correct the Record. As explained in greater detail below, the Response to Motion to Rescind the Court's April 3 Letter to Judge Garcia of the Will County Circuit Court and Correct the Record filed by Plaintiff's counsel (the "Response"), fails to rebut the central points of Compass Marketing's Motion to Rescind (ECF 333) – that the April 3 letter was based on materially inaccurate representations made by Plaintiff, has since been weaponized to Compass Marketing's detriment in the Illinois probate proceeding despite the inaccuracies contained in that letter, and should be rescinded.

---

[1] On March 17, 2025, Gregory Jordan, Esq. as "*[c]ounsel for David John Boshea*" filed a document titled "Suggestion of Death on the Record Under Rule 25(a)(1) and Motion for Substitution of Party." *See* ECF 310 at 1 (emphasis added). Mr. Jordan's signature block also indicated that he filed the document as "*Attorneys for David John Boshea*." *See id.* at 2 (emphasis added).

ECF 310, however, does not constitute a valid suggestion of death on the record because, as this Court has explained "the law does not permit an attorney to file the notice because his agency relationship with [the] [p]laintiff ceased on [the] [p]laintiff's death." *Coppinger v. Schantag*, Civil Action No. DKC 2005-2380, 2006 U.S. Dist. LEXIS 222, at *1 (D. Md. Jan. 5, 2006). And, of import, "[n]or does the filing suffice as a suggestion of death under Fed. R. Civ. P. 25." *See id.* Therefore, because Mr. Jordan's filing was not valid and there could not have been a valid substitution of parties in this case, Compass Marketing adheres to the correct case caption.

As an initial matter, there is a factual dispute as to whether Judge Garcia of the Will County Circuit Court in Illinois was going to appoint Ashley Boshea as the administrator for the Estate of David J. Boshea on April 3, 2025. As evidenced by the Motion to Rescind, and supported by Cindy M. Johnson's Declaration, during the April 3 hearing, "Judge Garcia did not say he would grant the motion [to appoint Ashley Boshea], and he certainly did not indicate that he 'would enter the order' as Mr. Jordan's email had stated." *See* ECF 333 (Motion to Rescind) at ¶ 5; *see also* ECF 331-1 (Exhibit A – Declaration of Cindy M. Johnson) at ¶ 7(a). To rebut Compass Marketing's assertion, the Response simply proffers in a conclusory manner that "[t]he Hon. David Carcia [sic] stood ready to appoint Ashley Boshea as administrator until Compass' counsel raised technical issues." *See* ECF 337 (Response) at 1. It is unclear and unfair at best how the Response reaches this conclusion, as Judge Garcia did not verbally state that he was going to appoint Ashley Boshea (as supported by Ms. Johnson's Declaration). Furthermore, the conclusory assertion in the Response is not supported by affirmation, declaration, or other admissible evidence. Therefore, the Court should give this factually inaccurate conclusory assertion no weight.

Notwithstanding the inaccuracy of this assertion, the Response attempts to deflect from the substance of Compass Marketing's objections by directing personal attacks at Compass Marketing's Illinois probate counsel, Cindy M. Johnson, by questioning her qualifications. *See* ECF 337 ("Ms. Johnson is a bankruptcy and creditors' rights attorney who does not hold herself out as experienced in probate matters.") at 1. While Ms. Johnson does not advertise herself as a probate attorney on her website, she is a licensed Illinois attorney and a seasoned bankruptcy and business litigation practitioner. *See* ECF 333-1 at ¶ 1; *see also Cindy M. Johnson*, JOHNSON LEGAL GROUP LLC, http://www.jnlegal.net/folder1/cindy-m-johnson-bio.htm (last visited June 10, 2025). Further, it should be noted that probate proceedings are not dissimilar to bankruptcy proceedings

2

– as both areas of law involve marshalling assets and reviewing and paying claims. Ms. Johnson is clearly competent to research Illinois law, reach legal conclusions, and raise legal objections in probate court, as her sworn Declaration demonstrates a careful and accurate understanding of the issues. Notably, Gregory Jordan, who initiated the probate case and filed emergency pleadings on behalf of Ashley Boshea, also does not appear to have any specific background in probate law. *See Biography, Gregory J. Jordan*, JORDAN & ZITO, https://www.jz-llc.com/attorney/jordan-gregory-j/ (last visited June 10, 2025). Thus, his critique of Ms. Johnson's experience rings hollow.

More importantly, however, the Response misstates Illinois law. The Response argues, without citing legal authority, that Compass Marketing has a "contingent" claim against the Estate of David J. Boshea and "that a contingent claim is not an estate until realized." *See* ECF 337 at 2. Compass Marketing's claim is not contingent, however. "A contingent claim is 'one in which liability is dependent upon the uncertain occurrence of a future event, the happening of which is not within the control of either party.'" *Henry v. Gallagher (In re Estate of Gallagher)*, 383 Ill. App. 3d 901, 903, 322 Ill. Dec. 330, 333, 890 N.E.2d 1249, 1252 (2008) (quoting *Freedom Sav.-Winter Park v. Kolman (In re Estate of Mackey)*, 139 Ill. App. 3d 126, 128, 93 Ill. Dec. 637, 638, 487 N.E.2d 81, 82 (1985)).

Compass Marketing's claim against David Boshea (now the Estate, once a proper administrator is validly appointed) is not contingent because liability does not depend on an uncertain future event. Rather, the basis for liability against the Estate of David J. Boshea is predicated on events that occurred prior to Mr. Boshea' death – specifically, his misappropriation of Compass Marketing's trade secrets in 2023. This is clear in the allegations contained in the litigation pending in the Circuit Court for Anne Arundel County, Maryland styled, *Compass Marketing, Inc. v. White, et al.*, Case No. C-02-CV-230000601 (the "Maryland State Court

3

Litigation"). The Second Amended Complaint in the Maryland State Court Litigation asserts the following:

<u>Boshea Theft of Trade Secrets</u>

> 257. During the Sham litigation brought by Boshea in coordination with Michael and Daniel White (David J. Boshea v. Compass Marketing Inc., Case No. 1:21-CV-00309-ELH), several of the documents Boshea produced in discovery appear on their face to have included highly confidential information of Compass that qualify for trade secret protection, such as customer lists and financial records.
>
> 258. For instance, Boshea produced significant amounts of text and email communications between Boshea and Flywheel Defendants Daniel and Michael White, including emails dated May 29 and 30, 2023. These communications show Boshea solicited highly confidential Compass information from Michael and Daniel White pertaining to Compass's operations from 2006 through 2020.
>
> 259. The date and time stamp on the bottom of the documents, suggest that these numerous highly confidential and proprietary Compass documents were accessed and printed on May 29, 2023, and then communicated to Boshea by Michael White within a few minutes later in an email titled "CMI Income."
>
> 260. Not only do Boshea's solicitation and acquisition of these documents constitute misappropriation in itself, but these communications demonstrate that Defendants Daniel and Michael White continue to wrongfully exercise possession over and/or access to Compass's trade secrets and have unlawfully provided such to third parties, including in May of 2023.

*See* ECF 333-3 (Exhibit 2 to Declaration of Cindy Johnson, Second Amended Complaint) at 63. Plaintiff's counsel (Mr. Jordan) was made aware of the trade secret misappropriation issues contemporaneously with the misappropriation when he received a letter dated February 16, 2024 that specifically addressed the misappropriation issues. *See* Exhibit 1 (Letter from B. Tollefson to G. Jordan dated February 16, 2024). Plus, Mr. Jordan was made aware of the issue again by Ms. Johnson when she provided him with a copy of the Second Amended Complaint by email before

4

a hearing in the Illinois proceeding. *See* ECF 333-3 at 2. Despite having been made well aware of the trade secret misappropriation on multiple occasions, Plaintiff's counsel tries to obfuscate the basis of Compass Marketing's claim by misrepresenting in the Response that Compass Marketing's claim relates to the forgery committed by David J. Boshea.

And, contrary to the false assertion in the Response,[2] the allegations in the Second Amended Complaint clearly demonstrate that the claim is not time-barred. A misappropriation of trade secrets claim brought pursuant to the Maryland Uniform Trade Secrets Act and/or the Defend Trade Secrets Act, as is the case in the Second Amended Complaint, is subject to a three-year statute of limitations. *See Compass Mktg. v. Flywheel Digit., LLC*, Civil Action No. GLR-22-379, 2023 U.S. Dist. LEXIS 31392, at *17, 2023 WL 2213687 (D. Md. Feb. 24, 2023) (quoting 18 U.S.C. § 1836(d)) ("Trade secret appropriation under the DTSA [and MUTSA] 'may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered.'"). Thus, the statute of limitations has not run on Compass Marketing's trade secret claims against David Boshea.

Because Compass Marketing's claim is not contingent, it has a right to pursue it against the Estate of David J. Boshea. Moreover, Compass Marketing has an obligation to timely pursue its claims against the Estate of David J. Boshea as "[t]imely filing a claim against an estate preserves a claimant's chance to have a debt—presently due or not—paid out of estate assets. Even if a claim is not presently due, but only becomes due at some future date, it must still be timely filed. The Probate Act specifically envisions the filing of claims that are 'not due' and

---

[2] *See* ECF 337 at 2 ("Even if Compass had a claim, the statute of limitations for bringing that claim has expired.").

specifies how payment of those claims are to be handled." *See Smith v. Associated Bank, N.A. (Estate of Topal)*, 2022 IL App (4th) 210613, ¶ 20, 464 Ill. Dec. 797, 802, 214 N.E.3d 243, 248. In other words, even though Compass Marketing's claim is "not yet due," Compass Marketing has an absolute right to pursue it against David J. Boshea's estate.

Most importantly, Compass Marketing has been substantially prejudiced by the Court's April 3 letter, in which this Court stated that it was "extremely concerned" that any claim presented to Judge Garcia by Compass Marketing "is bogus, and was raised in an attempt by Compass to delay or obstruct the Maryland federal case," even though the Court admittedly stated that it did not "know the nature or basis of the claim." *See* ECF 332 at 2-3. As demonstrated above and in Compass Marketing's Motion to Rescind (ECF 333), Compass Marketing has a legitimate claim. If the Court's letter alone was not enough to prejudice Compass Marketing, Ashley Boshea has now affirmatively weaponized the April 3 letter to attack Compass Marketing's standing and credibility in the probate case — not just in argument, but by attaching the letter as an exhibit in her own pleadings as if it were evidence of the veracity of her position that Compass Marketing has no claim against David J. Boshea.[3] That misuse is precisely the harm Compass Marketing feared. If the Court does not rescind the letter, the Court will have tipped the scales of justice in the Illinois proceeding based on factually inaccurate information presented to the Court, leading the Court to make incorrect assumptions and inferences, and, thus, substantially prejudicing

---

[3] The Court, in its May 30, 2025 Letter Order (ECF 334), admonished Compass Marketing again, this time contending that it "elected to wait more than seven weeks to file its Motion, with full knowledge of the impending probate hearing on June 17, 2025." *See* ECF 334 at 2. However, the Motion to Rescind became necessary once Ashley Boshea utilized the Court's April 3 letter as an exhibit to her May 19, 2025 filing in the Illinois probate case. Compass Marketing acted expeditiously in this regard and filed its Motion to Rescind only four days later on May 23, 2025.

6

Compass Marketing in that proceeding. This result would be unjust, given the fact that Compass Marketing did nothing wrong.

Further belying the notion that Compass Marketing is being obstructionist, as it has been wrongfully accused, is the fact that, after Mr. Boshea's passing, counsel for Compass Marketing reminded (or perhaps even alerted) Mr. Jordan to the fact that the parties must be substituted pursuant to Rule 25(a) of the Federal Rules of Civil Procedure and, rather than file a joint motion as counsel had originally contemplated, Compass Marketing filed the motion to avoid having Mr. Jordan file anything with the Court impermissibly. *See* ECF 306 (Motion for Extension to File Proposed Joint Pretrial Order, Voir Dire, Jury Instructions, and Verdict Sheet) at 1 (stating "Former Plaintiff David J. Boshea passed away on January 28, 2025. Mr. Jordan, Mr. Boshea's counsel, has represented to Compass Marketing for weeks that he will be representing the Estate of David J. Boshea, but, as of the time of this filing, no motion for substitution of parties pursuant to Rule 25 of the Federal Rules of Civil Procedure has been filed. Thus, as of this filing, it appears that Mr. Jordan/Plaintiff is not able to file or formally join in this Motion or file any of the pretrial submissions noted above."). It was not until March 17, 2025 (after being asked yet again by Compass Marketing's counsel), that Mr. Jordan (improperly) filed a factually inaccurate Suggestion of Death on the Record Under Rule 25(a)(1) and Motion for Substitution of Party. *See* ECF 310. In that Motion, Mr. Jordan requested that "Ashley Boshea, administrator of the Estate of David John Boshea, Deceased" be substituted in place of 'David John Boshea' as plaintiff in this action," even though he knew that Ashley Boshea had not even filed a request to become the administrator of Mr. Boshea's estate. *See* ECF 326 (Defendant Compass Marketing, Inc.'s Motion to Rescind March 17, 2025 Order). Thus, it was not Compass Marketing that delayed or obstructed the April trial date in this case, but the failure of David Boshea's own counsel to take the proper

7

steps to ensure that an estate was opened and that an administrator was appointed in a timely manner by following the proper procedure to do so.

Because the Response provides no legal basis to maintain the April 3 letter, which was premised on multiple factually incorrect statements made by Gregory Jordan, and the Response does not refute the substantial showing of prejudice caused by that letter's transmission, the Court should rescind the April 3 letter to Judge Garcia.

WHEREFORE, Defendant Compass Marketing, Inc., respectfully requests that the Court rescind its April 3, 2025 letter to Judge Garcia and issue a corrective communication clarifying that the Court's prior letter was based on inaccurate factual representations of what has transpired in matters before and related to the Illinois Probate Case.

Dated:  June 12, 2025                                         Respectfully submitted,

*/s/Stephen B. Stern*
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com

*Counsel for Defendant*
*Compass Marketing, Inc.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 12th day of June, 2025, the foregoing Reply in Support of Motion to Rescind the Court's April 3 Letter to Judge Garcia of the Will County Circuit Court and Correct the Record was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo | Gregory J. Jordan |
| Gilbert Employment Law, PC | Mark Zito |
| 1100 Wayne Avenue, Suite 900 | Jordan & Zito, LLC |
| Silver Spring, Maryland 20910 | 350 N. LaSalle Drive, Suite 1100 |
| Email: tgagliardo@gelawyer.com | Chicago, Illinois 60654 |
| | Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*


                                         */s/Stephen B. Stern*
                                         Stephen B. Stern