IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID J. BOSHEA, *Plaintiff*, v. COMPASS MARKETING, INC., *Defendant*. | Civil No. ELH-21-309 |

**MEMORANDUM**[1]

This Memorandum addresses an unusual issue in a case that is awaiting trial. It concerns a motion filed by the defendant, asking this Court to withdraw correspondence that the Court sent to a judge presiding over probate proceedings in Illinois concerning the deceased plaintiff. The probate proceedings have a direct bearing on the Court's ability to proceed in the case *sub judice*.

**I.**

This federal litigation is rooted in a dispute between the late David Boshea ("Boshea" or "Decedent") and his former employer, Compass Marketing, Inc. ("Compass"), with respect to an alleged severance agreement. Boshea, who lived in Illinois, worked for Compass for thirteen years and was terminated without cause in March 2020.[2] In February 2021, Boshea filed suit against Compass, contending, *inter alia*, that Compass owed him $540,000 pursuant to a written severance

[1] The parties are familiar with the factual and procedural background. Moreover, the Court has written numerous opinions in the case. *See* ECF 110, ECF 117, ECF 160, ECF 205, ECF 275, ECF 288, ECF 304, ECF 328. To the extent relevant, I incorporate here the factual and procedural summaries in the earlier opinions.

[2] Jurisdiction is predicated on diversity of citizenship. 28 U.S.C. § 1332.

agreement. Compass and its owner, John White,[3] contested the validity of the severance agreement. In particular, defendant maintained that White's signature was a forgery.

The case proceeded to a six-day jury trial that began on February 20, 2024. ECF 230. The Second Amended Complaint (ECF 48) was the operative pleading. At trial, the parties presented expert witnesses concerning the authenticity of White's signature. In addition, Boshea belatedly sought leave to add a claim for breach of oral contract.

On February 27, 2024, the jury returned a verdict in favor of Boshea with respect to his claim for breach of oral contract and for violation of the Maryland Wage Payment and Collection Law, Md. Code (2016 Repl. Vol., 2021 Supp.) §§ 3-501 *et seq*. of the Labor and Employment Article ("MWPCL"). ECF 246. The jury awarded Boshea the sum of $540,000 in compensatory damages. For reasons set forth in my Memorandum Opinion and Order of August 7, 2024 (ECF 276, ECF 277), and revisited in my Memorandum Opinion and Order of November 8, 2024 (ECF 288, ECF 289), I granted Compass's request for a new trial.

On January 28, 2025, while awaiting the retrial, Boshea died in Illinois at the age of 62. ECF 310.[4] As a result, this case requires a substitute plaintiff in order to proceed to trial.

On March 17, 2025, Gregory Jordan, counsel for Boshea, filed a "Suggestion of Death on the Record Under Rule 25(a)(1) and Motion for Substitution of Party." ECF 310. In that filing, counsel stated that "Ashley Boshea will serve as the appointed administrator of the estate of David John Boshea." *Id*. at 1. And, Mr. Jordan asked the Court to issue an Order substituting Ashley

[3] In this case, John White has been understood to be an owner and the CEO of Compass and, at one time, a friend of Boshea. He was identified as CEO in Compass's filings and testified to that fact at trial. *See*, *e.g.*, 315 at 2 (proposed Preliminary Jury Instructions by Compass); ECF 301 (Transcript, 2/26/24), at 64.

[4] The retrial was initially set for February 24, 2025. ECF 277. But, on January 14, 2025, at the request of Compass's counsel, it was rescheduled to April 21, 2025. ECF 296.

Boshea, administrator of Boshea's estate, as plaintiff in the case. *Id.* By Order of March 25, 2025, I granted the motion. ECF 322. However, I also granted Compass leave to move to rescind the Order. *Id.* Compass moved to rescind. ECF 326. That motion remains pending.

On April 3, 2025, in Illinois, in Will County Circuit Court, Judge David Garcia did not appoint an administrator for Boshea's estate. ECF 330. He postponed the probate matter to June 17, 2025. *Id.*

Also on April 3, 2025, in response to an email communication to Chambers from Mr. Jordan (ECF 330), I held an emergency telephone conference with counsel in this case. ECF 331. Mr. Jordan advised during the telephone conference that, at the probate hearing in Illinois on that date, Compass's Illinois attorney raised "technical objections to block" the appointment of Ashley Boshea as administrator of the estate of her father, David Boshea. In addition, Mr. Jordan related that the lawyer for Compass told Judge Garcia that Compass was considering filing a claim against Mr. Boshea's estate. According to Mr. Jordan, these issues resulted in the postponement of proceedings in Illinois.

At the time of the telephone conference, this case was scheduled for trial on April 21, 2025. However, in the absence of a substitute plaintiff for the Decedent, this Court could not proceed to trial. As a result, I had no choice but to postpone the trial. ECF 296. Trial has been reset for August 4, 2025. ECF 331.

During the telephone conference, I informed counsel that I intended to contact Judge Garcia, the probate judge, to advise him of the pendency of this case. No objection was stated. However, defense counsel asserts that he "was unable to respond substantively to the false assertions made by Mr. Jordan" because he "did not participate in the Illinois Probate Case hearing . . . and did not know the particulars" of what transpired. ECF 333, ¶ 2.

Following the telephone conference, I wrote to Judge Garcia by letter dated April 3, 2025. ECF 332. I brought to Judge Garcia's attention the pendency of this case and presented background information about the case. *Id.* at 1–2. I also expressed surprise that Compass asserted an objection to the proposed appointment of Ashley Boshea as administrator her father's estate, and also that Compass indicated that it might lodge a claim against the Boshea estate. *Id.* at 2. In addition, I indicated to Judge Garcia that, in the absence of a substitute plaintiff, this Court had no choice but to postpone the federal trial date, because this case cannot proceed without a substitute plaintiff. *Id.* at 3.

As to Compass's potential claim against the Boshea estate, I related to Judge Garcia that on August 26, 2021, Compass had filed a counterclaim against Boshea in the federal case, asserting multiple claims. *Id.* at 2; *see* ECF 38. I also told him that Compass withdrew that counterclaim on October 18, 2023. ECF 332 at 3; *see* ECF 195 at 8.[5] And, I informed Judge Garcia that "I have not been made aware of any potential claim that Compass might assert against Mr. Boshea," even though "Compass has left no stone unturned in its defense." *Id.* Moreover, I expressed concern as to whether a claim by Compass against the Boshea estate is "bogus" and whether the potential claim was "raised in an attempt by Compass to delay or obstruct the Maryland federal case.[]"

It is noteworthy that Compass has known of my letter to Judge Garcia since April 3, 2025. *See* Docket. But, it was not until May 23, 2025, that Compass filed a "Motion to Rescind the Court's April 3 Letter to Judge Garcia of the Will County Circuit Court and Correct the Record." ECF 333 (the "Motion"). The Motion is supported by several exhibits. In sum, Compass complains that this Court's letter is "based on false information provided by the former Plaintiff"

[5] Of course, this is information that it is readily available to the public. *See* Docket.

and the letter "materially prejudices Compass Marketing in the probate proceeding pending before Judge Garcia in the Will County Circuit Court." *Id.* at 1.

According to Compass, the Court's letter "is premised in large part, if not entirely," on "substantial and significant misrepresentations [by Boshea's counsel] to the Court regarding what transpired related to the Illinois Probate Case." ECF 333, ¶ 3. And, Compass contends that "the Court's letter has now prejudiced Compass Marketing's interests in connection with the Illinois Probate Case." *Id*. Therefore, Compass asks the Court to "rescind its letter to Judge Garcia and correct the record by affirmatively advising Judge Garcia that the Court was not aware of the facts of what transpired at the probate hearing or that Compass Marketing has standing to assert its interests in the Illinois Probate Case." *Id*.

In its Motion, Compass also brings to this Court's attention "litigation pending in the Circuit Court of Maryland for Anne Arundel County styled, *Compass Marketing, Inc. v. Daniel White, et al.*, Case No. C-02-CV-230000601" ("Maryland State Case"). ECF 333, ¶ 10; *see* ECF 333-3 at 3–115. The Maryland State Case, discussed *infra*, was instituted in 2023.[6]

In support of the Motion, Compass has submitted, *inter alia*, the Declaration of Cindy Johnson, Esquire, an attorney in Illinois. ECF 333-1. She represents Compass's "interests with respect to the probate matter" of David Boshea. *Id.* ¶ 2. Johnson asserts, *inter alia*, that Mr.

[6] Notably, the Maryland State Case was instituted just weeks after now Chief Judge Russell dismissed all federal claims filed by Compass in a suit filed by Compass in 2022 against "Daniel and Michael White, John's brothers, George White, John's nephew, DiPaula and Miller, former Compass employees, and Flywheel and Ascential, PLC, Compass' competitors," in the case of *Compass Marketing, Inc. v. Flywheel Digital LLC, et al.*, GLR-22-379, 2023 WL 2213687 (D. Md. Feb. 24, 2023), *aff'd*, No. 23-1324, 2024 WL 3292676 (4th Cir. July 3, 2024). Relevant here, Judge Russell concluded that Compass's claims under the Defend Trade Secrets Act were barred by the statute of limitations. *Id.* at 8. And, the court declined to exercise supplemental jurisdiction over the remaining State claims and advised that they "should be presented to a state court." *Id.* at *11.

Jordan, counsel for Boshea, "was made aware over a year ago that Compass Marketing, Inc., had claims against David Boshea under the Maryland Uniform Trade Secrets Act, by way of a letter to Mr. Jordan dated February 16, 2024 from an attorney who was representing Compass Marketing, Inc., Brian A. Tollefson." *Id.* ¶ 10. And, Ms. Johnson alleges that Mr. Jordan's awareness of this issue is "likely" why he "did not assert any objection based on standing" during the Illinois probate proceeding. *Id.* ¶ 9.

In addition, Compass submitted as an exhibit the letter that Tollefson sent to Mr. Jordan on February 16, 2024. ECF 333-4. Tollefson addresses documents produced by Boshea in discovery in the federal case. *Id.* at 2. According to Tollefson, "it appears Mr. Boshea solicited confidential Compass information from Michael and Daniel [White] spanning the years 2006 through 2020." *Id*. And, Tollefson contends that the information obtained by Boshea "constitutes trade secrets within the meaning of the Defense of Trade Secrets Act ('DTSA') and the Maryland Uniform Trade Secrets Act ('MUTSA')." *Id*. Further, he alleges that Boshea obtained the documents for a commercial, competitive purpose, and that his "possession and use of this information each constitutes misappropriation under both the DTSA and the MUTSA." *Id.* at 3. Therefore, he demanded that "Mr. Boshea cease using Compass's trade secrets immediately" and return "confidential documents." *Id.*

Compass also submitted as an exhibit the Second Amended Complaint filed by Compass in February 2025 in the Maryland State Case. ECF 333-3 at 3–115. It names sixteen defendants, including Daniel and Michael White, the brothers of John White, and contains forty-one counts, consuming 112 pages. In sum, Compass alleges a conspiracy and "extensive, pervasive, wrongful, and actionable misconduct by" numerous defendants, which "continues to cause grievous financial harm to Compass, the value of which—based upon current assessments by damages experts—

exceeds $24,000,000,000." ECF 333-3 at 5, ¶ 1. The suit also claims that the federal case lodged by Boshea is "Sham litigation." *See id.* at 63, ¶ 257. Yet, as late as February 2025, Compass did not name Boshea as a party to the suit.

Johnson points to paragraphs 250 through 260 of the Second Amended Complaint, titled "Boshea Severance Scheme" and "Boshea Theft of Trade Secrets," as the basis for Compass's standing in the Illinois probate proceedings. ECF 333-1, ¶ 11. In the suit, Compass alleges that John White's brothers, Daniel and Michael, and his nephew, George White, "tried to support" Boshea in the federal case by "searching through Compass's old emails" and other documents. ECF 333-3 at 62, ¶ 253.[7] Compass also claims that Daniel and Michael White supported Boshea in his federal litigation by "finding Boshea a lawyer to sue Compass, . . . providing documents voluntarily to Boshea's counsel, and . . . providing information to Boshea (much of which is factually inaccurate) to try to tarnish John White's reputation in an attempt to pressure John White to agree to a settlement on behalf of Compass." *Id.* at 63, ¶ 254. And, Compass alleges that "the purported agreement upon which Boshea relies in bringing his lawsuit is a forgery." *Id.* at 63, ¶ 255.

Further, Compass alleges in the Maryland State Case that "several of the documents Boshea produced in discovery [in the federal case] appear on their face to have included highly confidential information of Compass that qualify for trade secret protection, such as customer lists and financial records." *Id.* at 63, ¶ 257. For example, Compass asserts that "Boshea produced significant amounts of text and email communications between Boshea and Flywheel Defendants Daniel and Michael White, including emails dated May 29 and 30, 2023. These communications show Boshea solicited highly confidential Compass information from Michael and Daniel White

[7] To avoid confusion, I refer to members of the White family by first and last names.

pertaining to Compass's operations from 2006 through 2020." *Id.* at 63, ¶ 258. And, Compass alleges that "Boshea's solicitation and acquisition of these documents constitute misappropriation in itself." *Id.* at 64, ¶ 260.

Ashley Boshea, proposed administrator of her father's estate, responded to the Motion on June 6, 2025. ECF 337 ("Opposition"). Her filing was submitted by Mr. Jordan. *Id.* Ms. Boshea seeks to refute Compass's allegations that Mr. Jordan mischaracterized the events at the probate hearing before Judge Garcia. *Id.* at 1. And, the Opposition indicates that "the Estate of David Boshea has filed a response challenging Compass' standing" in the Illinois proceeding. *Id.* at 2. Moreover, the Opposition asserts, *id.*: "Compass does not possess an actual claim against David Boshea's estate. In its state court complaint Compass filed against two of its shareholders and others, Compass refers to the purported forgery of the contact that John White assuredly signed. Even if Compass had a claim, the statute of limitations for bringing that claim has expired."

Also on June 6, 2025, the Court received from Daniel White a copy of a letter dated April 28, 2025, which he apparently sent to Judge Garcia. ECF 338. As noted, Daniel White is a brother of John White. *See* ECF 40 at 2; ECF 42 at 2; ECF 110 at 5. The relationship of the White brothers is obviously acrimonious.[8]

Daniel White claims that he "founded [Compass] in 1998 alongside David Boshea," and "served as a director of Compass Marketing with [his] brothers, Mike and John, from its founding in 1998 until 2019, when the board of directors ceased to function." *Id.* at 1. In the letter, he also states: "Neither I nor Compass Marketing, Inc. object to the appointment of David Boshea's

[8] *See, e.g.*, *Compass Marketing, Inc. v. Flywheel Digital LLC, et al.*, GLR-22-379 (D. Md.), *aff'd*; *Compass Marketing, Inc. v. Flywheel Digital LLC*, 2024 WL 3292676 (4th Cir. July 3, 2024) (per curiam); *Michael White, et al. v. John White, et al.*, Case No. 013CL21004012-00 (Cir. Ct. Va., Arlington) (seeking the dissolution of Compass).

daughter, Ashley, as the administrator of his estate. . . . I find any objection to her appointment, particularly by an attorney purporting to represent Compass Marketing, Inc., to be not only meritless but despicable. And sad." *Id.*

Moreover, Daniel White asserts that "John White is not, and has not been, the Chief Executive Officer of Compass Marketing, Inc. *at least* since his resignation in 2021." *Id.* (emphasis in ECF 338). To support this contention, Daniel White attached "filings made with the Virginia State Corporation Commission" and an update to Compass's website. *Id.* at 2; *see id.* at 3–5. The filing is a "Stock Corporation – Annual Report" for Compass, submitted to the Virginia State Corporation Commission on March 7, 2022. ECF 338 at 3. Notably, it lists John White as the "Owner" of Compass and P. Todd Mitchell as the "Chief Executive Officer." *Id*. Moreover, the exhibit includes a "Q+A" with the "new CEO," Todd Mitchell. *Id.* at 4.

Yet, throughout this litigation, the Court was told that John White was the CEO of Compass. For example, in Compass's motion for partial summary judgment, filed February 15, 2022, Compass identified John White as "CEO of Compass Marketing." *See* ECF 93-1 at 1; *see also, e.g.*, ECF 166 (proposed Preliminary Jury Instructions filed by Compass in June 2023). As recently as March 17, 2025, Compass stated in its submissions to this Court that John White is the CEO of Compass. *See* ECF 315 at 2 (proposed Preliminary Jury Instructions by Compass). Moreover, in John White's testimony during trial, he identified himself as the "chairman and the Chief Executive Officer" of Compass. ECF 301 (Transcript, 2/26/24), at 64.

Compass replied on June 12, 2025. ECF 339 ("Reply"). In the Reply, Compass again refers to the Maryland State Case, filed in 2023. As noted, Boshea is not a defendant in that case.

Defendant reiterates that "several of the documents Boshea produced in discovery [in the federal case] appear on their face to have included highly confidential information of Compass

that qualify for trade secret protection, such as customer lists and financial records." *Id.* at 4 (quoting *Compass Marketing, Inc. v. White, et al.*, Case No. C-02-CV-230000601, Second Amended Complaint, ¶ 257). Therefore, Compass argues that it "has a legitimate claim" against Boshea's estate for Boshea's misappropriation of trade secrets. ECF 339 at 6.

Further, the Reply asserts that Mr. Jordan "tries to obfuscate the basis of Compass Marketing's claim by misrepresenting" that Compass's claim "relates to the forgery committed by David J. Boshea." *Id.* at 5. Compass maintains that by letter in February 2024, and again by counsel for Compass prior to the Illinois hearing, Mr. Jordan "was made aware of the trade secret misappropriation issues," which is the basis for Compass's potential claim against the Boshea estate. *Id.* at 4–5.

In addition, Compass refutes Boshea's contentions that Compass's claim is "contingent," arguing that "liability does not depend on an uncertain future event. Rather, the basis for liability against the Estate of David J. Boshea is predicated on events that occurred prior to Mr. Boshea' death – specifically, his misappropriation of Compass Marketing's trade secrets in 2023." *Id.* at 3. Compass also disputes that the statute of limitations has lapsed on its "trade secrets claim brought pursuant to the Maryland Uniform Trade Secrets Act and/or the Defend Trade Secrets Act." *Id.* at 5.

Moreover, Compass underscores that it "has been substantially prejudiced by the Court's April 3 letter." *Id.* at 6. There, I expressed my concern that the claim Compass presented to Judge Garcia may be "'bogus, and was raised in an attempt by Compass to delay or obstruct the Maryland federal case.'" *Id.* (quoting ECF 332 at 2–3).

**II.**

Under the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1831 *et seq*., "An owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The term "trade secret" is defined as follows, 18 U.S.C. § 1839(3):

> [A]ll forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—
>
> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]

To prevail on a DTSA claim, the plaintiff must establish: "(1) the existence of a trade secret, (2) the trade secret's misappropriation, and (3) that the trade secret implicates interstate or foreign commerce." *dmarcian, Inc. v. dmarcian Eur. BV*, 60 F.4th 119, 141 (4th Cir. 2023) (citing *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021)).

Like the DTSA, the Maryland Uniform Trade Secrets Act (MUTSA), Md. Code (2013 Repl. Vol., 2022 Supp.), § 11-1201 *et seq.* of the Commercial Law Article, requires a plaintiff to show that the material at issue "are trade secrets and that the defendant misappropriated those trade secrets." *Aarow Elec. Sols. v. Tricore Sys., LLC*, 693 F. Supp. 3d 525, 538 (D. Md. 2023); *see also* C.L. §§ 11-1201–03.[9] "The DTSA and the MUTSA define a trade secret in 'substantially the same manner.'" *Aarow Elec. Sols.*, 693 F. Supp. 3d at 538 (citation omitted).

---

[9] Unlike the DTSA, there is no requirement in the MUTSA that the trade secret be used in or intended for use in interstate or foreign commerce.

Specifically, the MUTSA defines the term trade secret as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." C.L. § 11-1201(e).

With this very brief statutory review, it is not readily apparent from the allegations that Boshea's conduct during discovery in this case amounts to misappropriation of trade secrets by Boshea. In any event, Boshea is not a party to the Maryland State Case. Suit in the Maryland State Case was filed on March 27, 2023. Compass knew of its potential claim against Boshea as of February 2024. Yet, Compass did not name Boshea in an amended complaint filed on January 8, 2025, *i.e.*, *before* Mr. Boshea's death.

Compass filed another amended complaint on February 13, 2025, *i.e.*, approximately two weeks *after* Mr. Boshea's death. Still, Boshea was not named as a defendant. Ms. Johnson, Illinois counsel for Compass, contends that neither Boshea nor his estate was named at that time "because Mr. Boshea had recently passed away and Compass Marketing could not name or serve any person/entity on David Boshea's behalf until an independent administrator for his estate had been appointed." ECF 333-1, ¶ 11.

Even assuming that Compass's claim against the Boshea estate is legitimate, it is unclear why Compass would find it necessary to object to the appointment of Boshea's daughter as administrator of the Decedent's estate. In fact, Compass asserts it was waiting for an administrator to be appointed before naming the estate as a defendant in the Maryland State Case. ECF 333-1, ¶ 11. Therefore, it would seem to be to Compass's benefit to avoid delay in the appointment of

the administrator. Yet, it is Compass that has stood in the way of a seemingly routine appointment of an administrator of the Decedent's estate.

**III.**

My concern about Compass's timing in raising a purported claim against Boshea's estate stands. The federal case has been pending before this Court for more than four years. The Maryland State Case has been pending for more than two years and was amended just a few weeks before Mr. Boshea's untimely death. Yet, Mr. Boshea was not made a party to that case, even though, at least since February 2024, Compass accused Boshea of misappropriation of trade secrets.

Compass expresses concern that my letter to Judge Garcia was "based on factually inaccurate information presented to the Court, leading the Court to make incorrect assumptions and inferences, and, thus, substantially prejudicing Compass Marketing in that [probate] proceeding." ECF 339 at 6–7. Compass asks the court to "affirmatively advis[e] Judge Garcia that the Court was not aware of the facts of what transpired at the probate hearing." ECF 333, ¶ 3. Judge Garcia is well aware that this Court was not present at the hearing in Illinois. What this Court did not know is whether Judge Garcia was familiar with the status of the federal case, which is impacted by any unnecessary delay in the appointment of an administrator of the Decedent's estate.

As to Compass's delay in filing the Motion, Compass claims that it only became necessary to complain when Ashley Boshea attached this Court's letter to Judge Garcia as an exhibit to her submission to Judge Garcia. ECF 339 at 6. Compass contends that Ashley Boshea used the letter "as if it were evidence of the veracity of her position that Compass Marketing has no claim against

David J. Boshea" and that "is precisely the harm Compass Marketing feared." *Id.* Defendant asserts, *id.*:

> Ashley Boshea has now affirmatively weaponized the April 3 letter to attack Compass Marketing's standing and credibility in the probate case — not just in argument, but by attaching the letter as an exhibit in her own pleadings as if it were evidence of the veracity of her position that Compass Marketing has no claim against David J. Boshea.[] That misuse is precisely the harm Compass Marketing feared. If the Court does not rescind the letter, the Court will have tipped the scales of justice in the Illinois proceeding based on factually inaccurate information presented to the Court, leading the Court to make incorrect assumptions and inferences, and, thus, substantially prejudicing Compass Marketing in that proceeding. This result would be unjust, given the fact that Compass Marketing did nothing wrong.

In my view, the excuse is specious. Whether Ashley Boshea attached the letter as an exhibit is of no moment. Judge Garcia has had this Court's letter on or about April 3, 2025. That was the time for Compass to complain to this Court.

Instead, because of Compass's delay, this matter only became ripe on June 12, 2025, just days before the next probate court hearing. In order to resolve the Motion by the probate hearing on June 17, 2025, I have had to put aside other pressing matters to resolve an emergency that was created by counsel's delay in filing the Motion.

**IV.**

As stated, I presided over a six-day jury trial in February 2024. *See* ECF 230; ECF 231; ECF 233; ECF 235; ECF 238; ECF 241. And, I accurately portrayed to Judge Garcia that this case is contentious. *See*, *e.g.*, discovery disputes: ECF 31; ECF 33; ECF 36; EC 54; ECF 63; ECF 64; ECF 81; ECF 102; ECF 106; ECF 179; ECF 210; ECF 214.

The retrial has now been postponed more than once. *See* ECF 296; ECF 331. In my view, it was appropriate for me to bring to Judge Garcia's attention the pendency of the federal case, because the timing of his decisions could (and did) affect this Court's ability to retry this case. In

addition, I informed Judge Garcia that this Court had no choice but to postpone the federal trial date, because this case cannot proceed without a substitute plaintiff. Moreover, I brought to his attention that Compass had a counterclaim that it voluntarily withdrew, and I questioned its assertion of a claim against the Decedent's estate.

I decline to rescind my letter to Judge Garcia. To the extent that Compass is concerned that Judge Garcia has not been presented with all relevant facts or arguments, or accurate facts, Compass is free to advance the very same arguments to Judge Garcia that it made in its Motion.

An Order follows.

Date: June 16, 2025

/s/
Ellen L. Hollander
United States District Judge