**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **ASHLEY BOSHEA, ADMINISTRATOR OF THE ESTATE OF DAVID JOHN BOSHEA, DECEASED** | * | |
| | * | |
| **Plaintiff,** | * | **Case No. 1:21-CV-00309-ELH** |
| **v.** | * | |
| **COMPASS MARKETING, INC.** | * | |
| **Defendant.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### AMENDED PRETRIAL ORDER

Ashley Boshea, administrator of the Estate of David John Boshea, Deceased ("David Boshea"), for her Pretrial Order, brought in accordance with the Court's January 14, 2025 Order (ECF 296), and the Court's standing order on the preparation of final pretrial orders states:

### STATEMENT OF FACTS

#### DAVID BOSHEA'S STATEMENT OF FACTS THAT HE PROPOSES TO PROVE IN SUPPORT OF HIS CLAIMS

1. David Boshea is deceased and at all relevant times was a resident of Illinois.

2. Compass Marketing, Inc. is a Virginia corporation headquartered in Maryland.

3. From its inception through the date of David Boshea's termination, Compass focused its business on providing services to companies in the consumer packaged goods industry.

4. In the early 1990's, John White worked under David Boshea at Advantage Sales & Marketing, at which time David Boshea mentored John White.

5. Subsequently, John White, his brothers, Michael and Daniel, and another person formed Compass.

6. David Boshea wrote Compass' business plan and assisted John White and Compass in obtaining its first customer.

7. Subsequently, John White, as Compass' CEO, regularly solicited David Boshea to join Compass. However, David Boshea declined since he held significant positions with well-known large corporations.

8. In early 2007, John White intensified Compass' pursuit of David Boshea.

9. In an April 1, 2007 email, John White emailed David Boshea to solicit him to join Compass in a senior position and introduced the idea of David Boshea receiving g an exit package:

> Also, you and I need to make sure we discuss an exit plan for you, even seperate [sic] from me selling Compass. We need to respect that we are friends and that working together could possibly hurt our relationship (has not happened before but I was always working for you!!!!). I just want to define expectations up front so we limit the chances of getting on two different tracks, but I want us both to agree how we can spit if we need to so we can be certain to save our friendship [sic].

> April 1, 2007 email from John White to David Boshea.

10. At that time, David Boshea was highly successful in the consumer packaged goods industry, holding a National Account Manager position with Energizer Holdings, Inc., the battery company.

11. David Boshea prepared and delivered to Compass a memo outlining the items he would need to consider, including contract terms, before deciding to join Compass.

12. On multiple occasions, including one on which his brother, Daniel, joined him, John White flew to Chicago to sell David Boshea on joining Compass.

13. On May 16, 2007, John White sent an offer letter on Compass' behalf in which Compass promised David Boshea a $180,000.00 annual salary, a bonus, health insurance, a car allowance, a 401k, a home office expense, a laptop, a copy machine, and reimbursement of all business-related travel expenses, plus two weeks' vacation in 2007 and three-weeks in 2008.

In addition, in the letter, Compass offered to pay 100% percent of business-related country club membership fees up to $32,000.00 over three years and "an involuntary exit package' of 3 times your salary (1 year will be immediately vested, with the additional 2 years accrued over the next three years)."

14. After David Boshea received the May 16, 2007 letter, he and Compass agreed to the terms outlined in ¶9 above.

15. During that month, David Boshea and Compass, through John White, signed an agreement titled "Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation."

16. As evidence of the parties' agreement, John White blind-copied his brother, Daniel White, on a May 22, 2007 email John White sent at 1:24 a.m. to David Boshea, including a draft Word version of the same severance agreement referenced in ¶11 above as an attachment.

17. The parties' agreement provides that if David Boshea is terminated for any reason other than for cause, David Boshea will receive severance payments totaling $180,000.00 paid over 24 months, commencing on his effective date of termination, and paid in accordance with Compass' normal payroll cycle.

18. The parties' agreement further provides that David Boshea's severance will increase one month for every month he is employed with Compass to a maximum severance of $540,000.00.

19. Because David Boshea was leaving his employment with Energizer Holdings, Inc., one of the world's largest manufacturers of batteries, to join Compass, a relatively small firm, the severance package was a strong driver in his decision to join Compass.

20. David Boshea began working at Compass Marketing on or around June 5, 2007.

21. Compass hired John Adams in 2007 and provided a written severance agreement bearing the same title as David Boshea's severance agreement and containing terms substantially similar to those in David Boshea's agreement.

22. Mr. Adams' agreement provided him with the right to receive $120,000.00 in severance payments.

23. As Executive Vice President, David Boshea reported directly to John White, Compass' CEO, while John Adams described himself as being on a lower tier in Compass's flow chart.

24. Compass' regular payroll schedule involved twice monthly payments of salary or wages.

25. After nearly thirteen (13) years with the company, Compass eliminated David Boshea's position, i.e., Executive Vice President.

26. When Compass terminated David Boshea, Jerry Cain and Erin Songer of Compass told him that the only reason for firing him was a reduction in force, which was confirmed in a March 3, 2020 letter from Compass, which stated, "Regrettably, your position was one of the positions selected to be eliminated due to a necessary reduction in force."

27. After receiving the termination letter, David Boshea attempted to contact John White, but John White did not take his calls, respond to his emails, or otherwise contest David Boshea's demand.

28. David Boshea also sent Erin Songer an email on March 16, 2020 with a copy to John White, reminding him that Compass needed to pay the severance he was owed. He wrote:

> Hope your [sic] well. In follow up I wanted to follow up on my Compass exit payments:
> …
> "Misc Payments : My exit plan agreement with John White $540,000 earned after 3 years of service ( John White has agreement), …
>
> (March 16, 2020 email.

29. No one at Compass ever contacted David Boshea to dispute David's email request or even responded to it.

30. Compass employed David Boshea from May 2007 until March 2020, approximately 155 months before his involuntary termination.

31. Despite David Boshea's repeated demands, Compass has failed to pay him any of the severance pay Compass owed.

32. Compass has never claimed David Boshea failed to perform his obligations under the Agreement.

33. Under the terms of the Agreement, Compass was obligated to pay David Boshea severance payments through the end of February 2021.

**FACTS THAT COMPASS MARKETING INTENDS TO PROVE OR RELY UPON AS A DEFENSE**

A. Compass Marketing intends to prove that when the Company hired David J. Boshea ("Boshea") in 2007, Compass Marketing never entered into any contract, either oral or ritten, with Boshea that called for the payment of severance upon the termination of Boshea's employment. Compass Marketing further intends to prove that Boshea and Compass Marketing engaged in negotiations to purchase a company owned by friends of Boshea, but they failed to reach a final agreement. Compass Marketing also intends to show that, when those negotiations did not result in an agreement, Boshea and Compass Marketing decided to enter into an employment relationship, but they never entered into a written employment agreement or an oral agreement that called for Boshea to receive a severance payment if he was terminated from employment without cause. Compass Marketing further intends to prove that the written agreement titled "Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Compensation"

("Agreement"), relied on by Boshea, is fraudulent, was never signed by John White, and the signature on the Agreement purporting to be John White's signature is a forgery. Compass Marketing further intends to prove that it had a good faith basis not to pay Boshea the $540,000 in severance he claimed he was owed when he demanded it because Compass Marketing never entered into the alleged agreement with Boshea, so it had no obligation or reason to pay Boshea the claimed severance. Because the Agreement is fraudulent, it is unenforceable. Further, because the parties never agreed to a severance payment orally, Boshea's estate is not entitled to any relief.

### DAVID J. BOSHEA'S LEGAL THEORIES IN SUPPORT OF EACH CLAIM

**Count I - Breach of Oral Contract** - David Boshea is entitled to severance payments owed to him by Compass. David Boshea and Compass entered into a contract based on Compass' oral offer to employ David Boshea as a senior executive, which Compass Marketing memorialized in Compass' agreement titled, "Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation," and David Boshea's acceptance of the offer. David Boshea worked for Compass from 2007 to March 2020, thus satisfying his contractual obligations. Because Compass terminated David Boshea's employment involuntarily for a reason other than cause and David Boshea is entitled to receive the maximum severance of $540,000.00 under the agreement. Compass has not paid any severance owed to David Boshea. Compass breached the Agreement by failing to pay Boshea $540,000.00 in severance despite numerous demands for payment, Compass never disputed that David Boshea was entitled to receive the severance payments outlined in the Agreement until after David Boshea filed this lawsuit. Compass' breach of the Agreement caused Boshea to suffer damages of $540,000.00, plus prejudgment interest.

**Count II - Breach of Written Contract** –David Boshea is entitled to severance payments owed to him by Compass. David Boshea and Compass entered into a contract titled, "Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation," which David Boshea and Compass signed in May 2007. David Boshea worked for Compass from 2007 to March 2020, thus satisfying his contractual obligations. Because Compass terminated David Boshea's employment involuntarily for a reason other than cause and David Boshea is entitled to receive the maximum severance of $540,000.00 under the agreement. Compass has not paid any severance owed to David Boshea. Compass breached the Agreement by failing to pay Boshea $540,000.00 in severance despite numerous demands for payment, Compass never disputed that David Boshea was entitled to receive the severance payments outlined in the Agreement until after David Boshea filed this lawsuit. Compass' breach of the Agreement caused Boshea to suffer damages of $540,000.00, plus prejudgment interest.

**Count II – Violation of Maryland Wage Payment and Collection Law** – As a result of the agreement for the payment of Post-Employment Compensation, whether signed or oral, David Boshea is entitled to recover wages owed to him under the Maryland Wage Payment and Collection Law (the "MWPCL"). The MWPCL provides that severance payments fall within the definition of "wages." Under the MWPCL, Compass is an "employer," and David Boshea is an "employee." The documents and testimony will show that Compass has no basis to believe it does not owe the wages to David Boshea or that, in any event any such claim of its belief is not objectively reasonable. Because no bona fide dispute exists concerning the severance payments owed to David Boshea, he is entitled to an award of up to three times the wages owed by Compass, reasonable counsel fees, and his costs subject to the Court's discretion.

### STATEMENT CONCERNING THE NEED
#### TO MAKE ANY AMENDMENTS TO THE PLEADINGS HE HAS FILED

1. The parties do not request leave to amend any pleadings.

### STATEMENT CONCERNING THE
### NEED TO ABANDON ANY OF HIS PLEADINGS

1. The parties not request leave to abandon any pleadings.

### PROPOSED STIPULATED FACTS

1. David Boshea is a resident of the state of Illinois.

2. Compass Marketing is a Virginia corporation headquartered in Annapolis, Maryland.

3. Compass Marketing terminated David Boshea's employment in March 2020.[1]

### DAVID BOSHEA'S DETAIL OF DAMAGES OWED BY COMPASS

**Count I - Breach of Oral Contract** – David Boshea is entitled to recover $540,000.00 in severance payments. He calculated his damages by multiplying his $180,000.00 salary by three since he remained employed by Compass for more than thirty-six months, as outlined in his agreement with Compass.

**Count II - Breach of Written Contract** – David Boshea is entitled to recover $540,000.00 in severance payments. He calculated his damages by multiplying his $180,000.00 salary by three since he remained employed by Compass for more than thirty-six months, as outlined in his agreement with Compass.

**Count III – Violation of Maryland Wage Payment and Collection Law** – David Boshea is entitled to wages owed to him in the form of severance payments under the Maryland Wage Payment and Collection Law (the "Law") of $1,620,000.00, which is equal to three times the

---

[1] Compass Marketing has listed proposed stipulations in its form of Pretrial Order without consulting with counsel for David Boshea. David Boshea does not stipulate to any facts other than those set forth in this proposed order, which are identical to the stipulations agreed upon before in 2024.

wages owed to him by Compass. He is also entitled to receive reasonable counsel fees and his costs.

### DAVID BOSHEA'S EXHIBIT LIST

### See Exhibit A

### COMPASS MARKETING, INC.'S PROPOSED EXHIBIT LIST

### See Exhibit B

### DAVID BOSHEA'S WITNESS LIST

| Name | Contact Information | Expected to Call or May be Called? |
|---|---|---|
| David Boshea | Who may be contacted through his counsel. | Expected to Be Called |
| Julie Boshea | 222 South Mill Street, Naperville Illinois 60540 (630) 355-8100 | Expected to Be Called |
| John White | Who may be contacted through Compass' counsel. | Expected to Be Called |
| John Adams | Who may be contacted through Compass' counsel. | Expected to Be Called |
| Jim Wenz | (630) 992-5604 | May Be Called |
| John Mancini | (717) 465-5645 | May Be Called |
| Compass Keeper of Payroll Records and Documents | Who may be contacted through Compass' counsel. | May Be Called |
| Donna Eisenberg | Who may be contacted through David Boshea's counsel. | Expected to Be Called |

### COMPASS MARKETING'S WITNESSES

| Name | Contact Information | Expected to Call or May be Called? |
|------|---------------------|-------------------------------------|
| John White | Who may be contacted through his counsel. | Expected to Be Called |
| David Boshea | Deceased | Testimony to be read into record |
| Ronald Bateman | Contact Through Counsel | May Be Called |
| Michael White | 39650 Hiawatha Circle, Mechanicsville, Maryland (301) 481-5986 | May Be Called |
| Daniel White | 21900 Fairway Drive, Leonardtown, Maryland 20650 (240) 298-6156 | May be Called |
| George White | 15125 Woodville Road, Waldorf, Maryland 20601 (240) 419-2340 | May be Called |
| Jerry Cain | Contact through counsel | May be Called |
| Erin Songer | Contact through counsel | Expected to be Called |
| Lou Fernandez | Contact through counsel | May be Called |
| Jonathan Staples | Contact through counsel | May be Called |
| Debra White | 39650 Hiawatha Circle, Mechanicsville, Maryland | May be Called |
| Kelly White | 21900 Fairway Drive, Leonardtown, Maryland | May be Called |

### IDENTIFICATION OF EXPERTS DAVID BOSHEA EXPECTS AND THE SPECIALTIES OF THE EXPERT HE PROPOSES TO CALL AS A WITNESS

Donna Eisenberg of Forensic Document Examiner Services, LLC, who specializes in document and handwriting investigation and analysis.

**IDENTIFICATION OF EXPERTS COMPASS MARKETING EXPECTS AND THE
SPECIALTIES OF THE EXPERT HE PROPOSES TO CALL AS A WITNESS**

Jeffrey Payne – Certified Document Examiner.

**DAVID BOSHEA'S DESIGNATION OF DEPOSITION TESTIMONY**

1. David Boshea designates the following portions of his testimony appearing in

**Vol II of the February 21, 2024 Trial Transcript**

P. 9 Line 21-22, except the words "yes, your honor."; P. 10, Line 1, P. 10, Line 9-15, P. 11 Line 2 to 7; P. 11 Line 10 to P. 12 Line 3; P. 12 Line 6-20; P. 12 Line 25 to P. 13 Line 1; P. 13 Line 4 to 13 Line 9; P. 13 Line 17 to P. 14 Line 6; P. 14 Line 12-21; P. 15 Line 3 to P. 17 Line 10; P. 17 Line 12 to P. 17 Line 21; P. 19 Line 11 to P. 21 Line 4; P. 21 Line 12-16; P. 22 Line 4 to P. 25 Line 14; P. 22 Line 14-15; P. 29 Line 3-7; P. 29 Line 10 to P. 31 Line 14 up to but not including "We provided a hearsay exception and a 901."; P. 32 Line 19 to P. 35 Line 14; P. 35 Line 25 to P. 36 Line 24; P. 37 Line 15 to P. 37 Line 22; P. 37 Line 25; P. 38 Line 9-16; P. 39 Line 2 to P. 44 Line 3; P. 45 Line 5-6; P. 45 Line 9-16; P. 45 Line 22 to P. 46 Line 4; P. 46 Line 10-12; P. 46 Line 15 to P. 47 Line 4; P. 47 Line 9-18; P. 53 Line 12 to P. 55 Line 4; P. 53 lines 12-25; P. 54 lines 1-4, 19-25; P. 55 lines 1-25; P. 56 lines 1-25; P. 57 lines 1-25; P. 58 lines 1-25; P. 59 lines 1-13, 17-25; P. 60 lines 1-25; P. 61 lines 1-6, 10-14, 17-20, 25; P. 62 lines 1-3, 5-8, 12-21, ; P. 67 lines 4-5, 9-25; P. 68 lines 1-4; P. 69 lines 7-16, 20-23; P. 71 lines 7-25; P. 72 lines 1-25; P. 73 lines 1-25; P. 74 lines 1-25; P. 75 lines 1-2, 11-25; P. 76 lines 1-12; P. 77 lines 11-25; P. 78 lines 1-4, 6-19; P. 79 lines 6-13, 18-19; P. 80 lines 1-22; P. 81 lines 2-13, 21-25; P. 82 line 1 ; P. 84 lines 3-8, 10-11, 18-25; P. 85 lines 1-5, 13-25; P. 86 lines 1-25; P. 87 lines 1-25; P. 88 lines 1-9, 14-25; P. 89 lines 1-23; P. 90 lines 4-25; P. 91 lines 1-8; and P. 105 lines 14-25, P. 106:1-15, P. 106:22-23, P. 110:7-14, P 112:22-113:8, P. 113:12-115:3, P. 115:16-23, P.116:1-12, P. 120:20-24, P. 121:23, P. 122:1-3, P. 123:15-22,

P. 147:9-10, P. 147:19-21, P. 159:14-19, P. 160:2-12,  P. 172:9-19, P. 174:6-16, P. 180:18-24, P.

181:1-12, P. 186:5-24, P. 187:1-4, P. 187:19-24, P. 188:1-13, P. 189:1-11, P. 191:3-6, P. P. 234:1-3,

**Vol III of Trial Transcript February 22, 2024**

P 10:14-22, P. 39:2-24.

### COMPASS MARKETING'S OBJECTIONS AND, IN THE ALTERNATIVE, COUNTER-DESIGNATIONS TO DAVID J. BOSHEA'S PRIOR TRIAL TESTIMONY

Compass Marketing generally objects to the designations of David Boshea's prior trial testimony that may relate to the formation and existence of an alleged oral contract as set forth in the Motion in Limine to Exclude Prior Testimony of David J. Boshea Related to the Formation and Existence of an Alleged Oral Contract (ECF 323-1). To the extent that Compass Marketing's Motion to Exclude is denied in whole or in part, Compass Marketing reasserts and incorporates by reference any objections it asserted at trial to specific questions and/or answers (including the introduction of any exhibits) that the Estate of David J. Boshea seeks to designate for admission during the upcoming trial in this matter. Additionally, Compass Marketing requests the following counter-designations to David J. Boshea's trial testimony on February 21, 2024, except that any  counter-designations that may be related to the formation and existence of an alleged oral contract are requested if and only if the Motion in Limine to Exclude Prior Testimony is denied in whole or in part.

Designation: Pg 106:16-21
Designation: Pg 106:24 – 107:2
Designation: Pg 108:4-21
Designation: Pg 108:25 – 110:2
Designation: Pg 110:19 111:19
Designation: Pg 112:5-15
Designation: Pg 116:13-20
Designation: Pg 117:16 – 119:2
Designation: Pg 119:4 (starting with "were") – 120:19 (ending with "it")
Designation: Pg 120:25 – 121:22
Designation: Pg 122:6-19
Designation: Pg 123:23-24
Designation: Pg 124:6
Designation: Pg 135:19 – 136:5

Designation: Pg 136:19-21
Designation: Pg 146:10 (starting with "In the event") – 13
Designation: Pg 146:15 – 147:8
Designation: Pg 147:22 – 149:5
Designation: Pg 157:20-22
Designation: Pg 158:10 (starting with "Can you pull up")
Designation: Pg 158:16-22
Designation: Pg 159:1:11
Designation: Pg 160:13 – 162:13
Designation: Pg 164:23 – 167:10
Designation: Pg 168:6 – 169:24
Designation: Pg 170:18 – 172:9
Designation: Pg 173:4-8
Designation: Pg. 173:15-18
Designation: Pg 174:2-5
Designation: Pg 174:17-24
Designation: Pg 176:15-24
Designation: Pg 177:12-22
Designation: Pg 178:4-5
Designation: Pg 190:9 – 191:2
Designation: Pg 191:7 – 192:5
Designation: Pg 193:13 – 194:9
Designation: Pg 195:4-11
Designation: Pg 200:23-24
Designation: Pg 201:5-19
Designation: Pg 204:6-7
Designation: Pg 209:19 – 210:2
Designation: Pg 210:10 – 211:1
Designation: Pg 211:5-11
Designation: Pg 211:15-16
Designation: Pg 211:21 – 213:12
Designation: Pg 214:9 – 216:21
Designation: Pg 224:22 – 225:4
Designation: Pg 225:19
Designation: Pg 227:24 – 231:3 (ending with "yes")
Designation: Pg 232:9 – 233:25
Designation: Pg 234:4-6
Designation: Pg 234:12 (starting with "All right") – 236:19
Designation: Pg 237:9 -10

2. David Boshea designates the following portions of John Adams' October 28, 2021 Deposition

   Cover Page along with Page and line numbers: 4:8-18, 5:3-5, 6:6-13, 7:15-21, 8:7-14, 12:9-12, 15:9-24, 16:1-20 and 24, 17:1-9, 20:7-24, 21:1-10, 22:3-18 and 22-24, 23:1-18 and 23-24, 24:1-14, 25:3-14 and 22-24, 26:20-24, 27:1-11, 30:5-24, 31:1-24, 32:1-24, 33:1-24, 34:1-24, 35:1-24, 36:1-12, 42:21-24, 43:1-24, and 44:1-24

COMPASS MARKETING'S OBJECTIONS, AND, IN THE ALTERNATIVE, COUNTER-DESIGNATIONS TO
JOHN ADAMS' DEPOSITION TESTIMONY

### A.  General Objection to the Entirety of John Adams' Deposition Designations

Compass Marketing generally objects to the designations of John Adams' deposition testimony on relevance grounds, as John Adams' deposition testimony is irrelevant as to whether Compass Marketing entered into an agreement with David Boshea that included a provision that called for the payment of severance upon the termination of David Boshea's employment. The Court ruled on this issue during the first trial, in which it stated, "How is it relevant about somebody else's agreement as to whether [Boshea] had the agreement? Now here's where I think it's possibly admissible, and that would be in rebuttal." See Trial Tr. vol. 3, 5:12-15. Regarding John Adams, nothing has changed from the first trial to the second trial. Therefore, for the exact reasons that the Court found that the testimony was not relevant in the first trial, the Court should find the same in the second trial as the testimony would confuse the jury and it would be more prejudicial than probative.

### B.  Objections to Specific Designations for John Adams' Deposition Testimony

Designation: Pg 7:15-21
Objection: Line 15 is not part of a question.
Designation: Pg 8:7-14
Objection: Line 7 is not part of a question.
Objection: These lines acknowledge a standing objection to any documents subpoenaed by David Boshea from John Adams. Compass Marketing objects to any documents introduced by David Boshea that he attached to John Adams' subpoena and any documents introduced during the deposition as having been produced by John Adams on authenticity grounds.
Designation: Pg 22:3-18
Objection: Relevance; Hearsay; Authentication.
Designation: Pg 24:1-14
Objection: Lines 12-14 are a question with no answer; there is no testimony.
Designation: Pg 27:24 through Pg 28:16
Objection: Relevance; Hearsay
Designation: Pg 30:5 through Pg 36:12
Objection: Relevance; Authentication; Hearsay
Designation: Pg 42:21 through Pg 44:24

Objection: Relevance; Hearsay
Objection: Pg 44:2-24 – In addition to Relevance and Hearsay, Form and Asked and Answered (which are noted in the transcript)

**C.** Compass Marketing's Counter Designations, in the Alternative

Compass Marketing reserves the right to determine at trial whether it would like to have the following counter-designations from John Adams' deposition testimony read into the record:

Pg 46:18 through Pg 47:4.

**PRETRIAL MATTERS, INCLUDING MOTIONS FILED**

1.  No current motions are pending by either party. The parties preserve their rights with respect to the issues decided by the Court in connection with the parties' various in limine motions.

2.  Compass Marketing intends to file a Motion to Exclude reference to John White's run for political office. During the first trial in this matter, counsel for Plaintiff mentioned Mr. White's run for political office, including party affiliation, and who he ran against during Plaintiff's opening statement, but never put such testimony into evidence. Such evidence is not relevant and any potential relevance is outweighed by the prejudice it would cause. Thus, Plaintiff should be precluded not only from seeking to put such testimony into evidence, Plaintiff also should be precluded mentioning such matters in opening statements or in other arguments.

    In addition, in light of the Court's rulings at the first trial precluding questions about Compass Marketing owners Daniel and Michael White's, and former Compass Marketing IT manager George White's involvement in Boshea's claim against Compass Marketing, rather than taking trial time to address these issues for preservation purposes, Compass Marketing requests that the Court enter an order that recognizes all of Compass Marketing's arguments concerning

15

questions/testimony related to Daniel White, Michael White, and/or George White and the related lawsuit pending in the Circuit Court for Anne Arundel County are preserved for appeal purposes.

Dated:  July 28, 2025

**Respectfully submitted,**

*/s/ Gregory J. Jordan*

Gregory J. Jordan
Mark Zito
Jordan & Zito, LLC
350 N. LaSalle Drive, Suite 700
Chicago, Illinois 60654
Email:  gjordan@jz-llc.com

and

Thomas J. Gagliardo
Gilbert Employment Law, PC
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910
Email:  tgagliardo@gelawyer.com

*Attorneys for Plaintiff David J. Boshea*

**EXHIBIT A**

**DAVID BOSHEA'S EXHIBIT LIST**

David Boshea's Exhibit List

| Exhibit | Description | Identification | Admitted |
|---------|-------------|----------------|----------|
| Exhibit 1 | David Boshea Resume | | |
| Exhibit 2 | April 1, 2007, John White email to David Boshea | | |
| Exhibit 3 | David Boshea April 2007 Memo to John White | | |
| Exhibit 4 | May 16, 2007 John White offer letter to David Boshea | | |
| Exhibit 5 | John White May 22, 2007 email to David Boshea blind copied to Daniel White and forwarded to Michael White | | |
| Exhibit 6 | John White May 22, 2007 email attachment sent to David Boshea attached to Boshea Exhibit 5 | | |
| Exhibit 7 | John White May 22, 2007 email information page for attachment sent to David Boshea | | |
| Exhibit 8 | Compass Marketing, Inc. Agreement Related to Employment and Post-Employment Compensation | | |
| Exhibit 9 | John Adams Severance Agreement | | |
| Exhibit 10 | David Boshea 09-16-2015 Notes | | |
| Exhibit 11 | Group Exhibit David Boshea 01/3/17 Paystub and email chain with Michael White | | |
| Exhibit 12 | David Boshea Payroll Records | | |
| Exhibit 13 | Compass Termination Notice | | |

| Exhibit 14 | David Boshea March 12, 2020 email from John White | | |
| Exhibit 15 | March 16, 2020 Email from David Boshea to Erin Songer Re: Follow Up on Separation | | |
| Exhibit 16 | David Boshea October 22, 2020 email to John White | | |
| Exhibit 17 | David Boshea, December 7, 2020 email to John White | | |
| Exhibit 18 | Donna Eisenberg Expert Report | | |
| Exhibit 19 | David Boshea Trial Testimony | | |
| Exhibit 20 | John Adams Deposition Testimony | | |
| David Boshea adopts each exhibit offered by Compass as one of his exhibits to which he has stated that he has no objection to its entry into evidence. | | | |

| Defendant Compass Marketing, Inc.'s Exhibit List | | | |
|---|---|---|---|
| **Exhibit No.** | **Identification** | **Admitted** | **Description** |
| 1 | | | March 2, 2020 David Boshea Termination Letter & Proposed Severance Agreement |
| 2 | | | May 24, 2007 Email from David Boshea to Michael White Re: Follow Up |
| 3 | | | June 12, 2007 Salary Reduction Form for David Boshea January 1, 2007 through December 31, 2007 |
| 4 | | | Maryland New Hire Registry Reporting Form |
| 5 | | | Illinois Withholding Allowance Worksheet |
| 6 | | | March 5, 2020 Email from Rebecca Obarski to John White Re: David Boshea Employment Terms |
| 7 | | | March 5, 2020 Email from Rebecca Obarski to Erin Songer Re: Personnel File of David Boshea |

2

| | | | |
|---|---|---|---|
| 8 | | | March 16, 2020 Email from David Boshea to Erin Songer Re: Follow Up on Separation |
| 9 | | | May 29, 2020 Email from David Boshea to John White FW: Dave Boshea Employment Terms |
| 10 | | | June 11, 2020 Email from David Boshea to John White Re: Loser |
| 11 | | | August 1, 2020 Email from David Boshea to John White (No subject) |
| 12 | | | August 11, 2020 Email from David Boshea to John White FW: Dave Boshea Employment Terms |
| 13 | | | David Boshea Call Log |
| 14 | | | March 3, 2025 John D. White Signature Examination by Jeffrey Payne |
| 15 | | | October 31, 2021 Rebuttal of the Findings of Donna O. Eisenberg by Jeffrey Payne |
| 16 | | | January 4, 2021 Text between David Boshea, Daniel White, and Michael White |
| 17 | | | June 7, 2021 Email from David Boshea to Daniel White Re: Contracts |
| 18 | | | June 16, 2021 Email from David Boshea to Daniel White (Untitled) |
| 19 | | | September 17, 2021 Email from Gregory Jordan to Michael White Re: John White Signature Samples |
| 20 | | | December 28, 2020 Text Messages between David Boshea and Michael White |

| | | | |
|---|---|---|---|
| 21 | | | September 17, 2021 Text Message between David Boshea, Michael White, and Daniel White (Redacted) |
| 22 | | | January 12, 2021 Email from Daniel White to Gregory Jordan Re: David Boshea |
| 23 | | | December 27, 2020 Email from David Boshea to Gregory Jordan and Daniel White Re: Compass |
| 24 | | | David Boshea's Responses to Defendant Compass Marketing Inc.'s First Set of Interrogatories to Plaintiff David J. Boshea (Redacted) |
| 25 | | | David Boshea's Amended Responses to Defendant Compass Marketing's First Set of Interrogatories to Plaintiff David J. Boshea (Redacted) |
| 26 | | | December 27, 2020 Email from David Boshea to Daniel White Re: Greg |
| 27 | | | Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (Unexecuted) (Nagle, Obarski & Holzhauer, P.C.) |
| 28 | | | Compass Marketing, Inc. Agreement Relating to Employment and Post-Employment Competition (Executed) |
| 29 | | | September 17, 2021 Email from Daniel White to Gregory Jordan |
| 30 | | | September 13, 2021 Email from Gregory Jordan to Daniel White Re: Boshea v. Compass Marketing, Inc. - Compass Marketing's Expert Disclosure |
| 31 | | | August 15, 2021 Email from Gregory Jordan to Daniel White Re: Dan Mike |

| 32 | | | January 15, 2021 Email from Gregory Jordan to Daniel White Re: Local Counsel Referral |
|---|---|---|---|
| | | | December 23, 2020 Email from Gregory Jordan to Daniel White Re: Follow Up |
| 34 | | | September 20, 2021 Email from Gregory Jordan to Michael White Re: Documents |
| 35 | | | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition (revision 1) |
| 36 | | | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition |
| 37 | | | Compass Marketing, Inc Agreement Relating to Employment and Post-Employment Competition |
| 38 | | | June 3, 2021 Email from David Boshea to Daniel White FW: Compass Marketing Severance Agreement |
| 39 | | | January 5, 2021 Email from David Boshea to Daniel White and Michael White (No subject) |
| 40 | | | January 7, 2021 Email from David Boshea to Daniel White Re: Compass |
| 41 | | | December 21, 2020 Email from Daniel White to David Boshea Re: Follow Up |
| 42 | | | June 16, 2021 Email from David Boshea to Daniel White (No subject) |
| 43 | | | June 21, 2021 Email from David Boshea to Daniel White Re: see attached |
| 44 | | | June 29, 2021 Email from David Boshea to Daniel White FW: 1:21-cv-00309-ELH Boshea v. Compass Marketing, Inc. |

| 45 | | | July 6, 2021 Email from David Boshea to Gregory Jordan and Daniel White Re: dpose |
| 46 | | | June 27, 2023 Email from David Boshea to Michael White and Gregory Jordan (No subject) |
| 47 | | | September 12, 2023 Email from David Boshea to Michael White and Daniel White Re: revision trial prep |
| 48 | | | October 6, 2023 Email from Michael White to David Boshea (No subject) |
| 49 | | | September 18, 2023 Text Message from David Boshea to Michael White |
| 50 | | | September 13, 2021 Email from Daniel White to Gregory Jordan Re: Boshea v. Compass Marketing, Inc. – Compass Marketing's Expert Disclosure |
| 51 | | | October 5, 2021 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to John Adams |
| 52 | | | June 30, 2023 State of Maryland Commission on Judicial Disabilities Reprimand |
| 53 | | | Paycheck Protection Program Borrower Application Form executed by Michael White on April 25, 2020 |
| 54 | | | December 1, 2008 Compass Marketing, Inc. County First Bank Signature Card |
| 55 | | | June 15, 2009 Compass Marketing, Inc. County First Bank Signature Card |
| 56 | | | January 26, 2021 Email from D. Boshea to Daniel White FW: Document |

| 57 | | | April 2007 David Boshea Memo to John White |
| 58 | | | October 18, 2023 Text Message between Daniel White and Gregory Jordan |
| 59 | | | February 9, 2016 $450,000 Check Paid out of Compass Marketing, Inc. Checking Account to Michael White |
| 60 | | | Michael White's W-2: Wage and Tax Statement for 2018 |
| 61 | | | Michael White's 2018 Financial Disclosure |
| 62 | | | Demonstrative Poster – John D. White Signature Comparison |
| 63 | | | Demonstrative Poster – Signs Showing Evidence of a Simulation |