IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ASHLEY BOSHEA, ADMINISTRATOR OF THE ESTATE OF DAVID J. BOSHEA, *DECEASED* | |
| *Plaintiff*, | Civil No. ELH-21-309 |
| v. | |
| COMPASS MARKETING, INC., | |
| *Defendant*. | |

## **PROPOSED JOINT JURY INSTRUCTIONS**

Plaintiff Ashley Boshea, Administrator of the Estate of David J. Boshea, Deceased ("David Boshea"), and Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through their undersigned counsel, pursuant to Local Rule 106.8 and the Court's January 14, 2025 Letter Order (ECF 296), hereby submit the following joint jury instructions to be read to the jury prior to deliberations in this case. These jury instructions were derived from the prior trial's transcript..

## TABLE OF CONTENTS -FINAL JURY INSTRUCTIONS

# Contents

Consideration Of Witness Testimony ........................................................................................4

Testimony Read Into The Record ..............................................................................................6

What Is And Is Not Evidence ....................................................................................................7

Lawyers' Objections ..................................................................................................................8

The Plaintiff's Burden Of Proof ..............................................................................................12

Direct And Circumstantial Evidence .......................................................................................13

Weighing Testimony ................................................................................................................15

Expert Witnesses .....................................................................................................................17

Discrepancies In A Witness' Testimony ..................................................................................18

Contract--Defined ....................................................................................................................20

Elements Of Breach Of Contract ............................................................................................21

Contract Formation: Oral Agreements And Contemplated Writings ......................................23

Violation Of Maryland Wage Payment And Collection Law .................................................24

Damages As A Remedy For Breach Of Contract ....................................................................25

Damages As A Remedy Under The Mwpcl .............................................................................27

Prejudgment Interest ................................................................................................................28

Conclusion - Final Instructions ...............................................................................................29

## FINAL JURY INSTRUCTIONS

Members of the jury, you have now heard all of the evidence in the case, as well as the final arguments of the lawyers. You are about to undertake your final duty which is to decide the fact issues in the case.

At the outset, I want to thank you for your patience and your attention throughout this case, including during recesses and delays when it has been necessary for me to hear counsel out of your presence. I also want to thank you for your promptness and I apologize for any delays when you were ready, but we weren't.

I will now instruct you as to the law that applies to this case. You must pay close attention. I will go as slowly as I can, and I will try to be as clear as possible.

## <u>CONSIDERATION OF WITNESS TESTIMONY</u>

As I told you at the start of the trial, your principal function during the presentation of evidence was to listen carefully and observe each witness who testified.  It has been obvious that you have faithfully discharged this duty.  Your interest never waned and it is evident that you followed the testimony with close attention.  I ask that you give me the same careful attention as I instruct you on the law that governs this case.

It has been my duty to preside over the trial and to decide what testimony and what evidence is relevant under the law for your consideration.  It is now my duty to instruct you as to the applicable law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters you must take the law as I give it to you without regard to what you think the law is or should be.  If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  In my instructions to you on the law of this case if I state any rule, direction, or idea in varying ways, no emphasis is intended by me and none may be inferred by you.  You should not single out any instruction as alone stating the law and ignore the others.

Rather, you should consider my instructions as a whole and you are to regard each instruction in light of all others.  You should not, any of you, be concerned about the wisdom of any rule that I state regardless of any opinion that you may have as to what the law may be or ought to be.  It would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Your duty is to pass upon and decide the fact issues in the case.  You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence.  You

determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  I shall later discuss with you how to pass upon the credibility or believability of the witnesses.

## **TESTIMONY READ INTO THE RECORD**

During the trial, certain testimony was presented to you by the reading of a transcript . You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Seventh Circuit Pattern Jury Instructions - 1.05 Deposition Testimony

## <u>WHAT IS AND IS NOT EVIDENCE</u>

In determining the facts, and you've heard me say this several times, you must rely upon your own recollection of the evidence.  What counsel have said in their opening statements, in their closing arguments, in their objections or in their questions, none of that is evidence.  Nor is anything I may have said during the trial or may say now during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection of the evidence.

In other words, what I say is not evidence.  The evidence before you consists of the answers given by witnesses, that is, the testimony they gave as you recall it whether in person or by deposition; the exhibits that were received in evidence; the stipulations of the parties, if any; and any facts for which the Court took judicial notice.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case by a preponderance of the evidence.

You may not draw any inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witnesses.

You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.  So if any expression of mine or anything I may or may not have done or said would seem to indicate any opinion relating to any factual matters, I instruct you to disregard it.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias, sympathy, or prejudice as to any party.

## LAWYERS' OBJECTIONS

You must understand, ladies and gentlemen, that it is the duty of a lawyer to object when the other side offers testimony, or evidence, or argument that the attorney believes is not admissible. The lawyers have the right and the duty to ask the Court to make rulings of law and to request conferences out of the hearing of the jury.

Questions of law must be decided by the judge. You should not show any prejudice against the litigant, an attorney, or his client because an objection was made, or because a request was made for a conference out of the hearing of the jury, or because the Court was asked to make a ruling on the law. You must not be influenced by the fact that objections were made regardless of how I may have ruled on them.

So as you know, it was my duty to rule on questions of law such as matters concerning the admissibility of evidence, the form of questions, and other legal points. I have tried to do so, insofar as it was practicable, out of your hearing. You must not speculate as to the reason a question was asked or the reason for an objection. You must not speculate about the nature or effect of any colloquy heard outside of your hearing. And you must not concern yourself with the reasons for my rulings as to the merits of the case or my views regarding the case itself.

As to any questions for which an objection was sustained, you must not guess what the answer might have been if I had allowed the question. Of course, you must dismiss from your mind entirely any evidence that I have stricken or that I have instructed you to disregard.

Whether evidence is admissible at a trial is purely a question of law and therefore, within the sole province of the judge. In admitting evidence to which an objection has been made, the Court does not determine what weight should be given to such evidence, nor does it pass on the

credibility of the evidence. Again, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Your authority is not to be exercised arbitrarily. Rather, it must be exercised with sincere judgment, sound discretion, with complete fairness and impartiality and in accordance with the rules of law that I give you.

In determining the facts, ladies and gentlemen, you are reminded that before each of you was accepted and sworn to act as a juror, you were asked questions concerning competency, qualifications, fairness, and freedom from prejudice and bias.

On the faith of those answers, each juror was accepted by the parties. Therefore, those answers are as binding on each of you now as they were then when you were selected and should remain so until the jury is discharged from consideration of this case.

It is for you alone to decide whether the plaintiff, Ashley Boshea, Administrator of the Estate of David J. Boshea, has proven its claims by a preponderance of the evidence. You must do so solely on the basis of the evidence presented in this courtroom and subject to the law as I charge you.

Under your oath as jurors, you may not be swayed by sympathy, bias, or prejudice for any party. You are to be guided solely by the evidence in the case or the lack of evidence. It must be clear to you that once you let fear, or prejudice, or bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

As I've said, your verdict must be based solely on the evidence presented in this case or the lack of evidence. Let me review with you what the evidence consists of. The evidence consists of the sworn testimony of the witnesses, whether in court, sometimes by deposition; the exhibits received in evidence; the stipulations of the parties; and any facts for which the Court has made

judicial notice.  Agreement that a certain fact is true.  And so you should regard certain agreed facts as true.

A deposition is testimony provided by a witness out of court under oath.  You should consider deposition testimony in the same manner as you would if the witness had testified in this courtroom.

A Court may take judicial notice of matters of public record and any other information that is not subject to reasonable dispute.  So, for example, I could take judicial notice that the date this trial began, August 4, 2025, fell on a Monday.

Exhibits that were merely marked for Identification but not received into evidence may not be considered by you as evidence.  Only those exhibits received into evidence may be considered as evidence.

Also, a question posed to a witness is not evidence.  Similarly, as I said before, statements, objections, and arguments of a party or counsel, are not evidence.  And as I said previously, you are to disregard any testimony if I have ordered it to be stricken.

You should consider the evidence in light of your own common sense and experience and you may draw reasonable inferences from the evidence.  Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

You are the sole judges of the evidence and it is your recollection of the evidence that controls.  If any references are made to the evidence by the Court or counsel and those references do not coincide with your own recollection of that evidence, it is your recollection which controls.

As I mentioned, a stipulation is an agreement of the parties that a certain fact is true.  In this case, the parties have stipulated to the following facts: David Boshea was a resident of the state of Illinois.  Compass Marketing, Inc. is a Virginia corporation headquartered in Annapolis,

Maryland.  Compass Marketing, Inc. terminated David Boshea's employment in March 2020. These facts are not in dispute and should be considered proven.

As I said, a question put to a witness either by the lawyer or the Court is not evidence. Only the answers are evidence.

At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of a statement and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

## THE PLAINTIFF'S BURDEN OF PROOF

As you know, ladies and gentlemen, this is a civil case.

The plaintiff is the party who asserts a claim.  The entity in this case that is sued is called the defendant.  Plaintiff, as the party who has filed the suit and lodged the claims, has the burden of proving each claim by what we call a preponderance of the evidence.  To establish a claim by a preponderance of the evidence means to prove that the matter is more likely so than not so.  In other words, a preponderance of the evidence means such evidence which when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that it is more likely true than not true.

In determining whether the plaintiff has met the burden of proof by a preponderance of the evidence, you should consider the quality and persuasiveness of the evidence, regardless of who called the witness or introduced the exhibits.  And regardless of the number of witnesses or exhibits which one party or the other may have produced.

If you believe that the evidence is evenly balanced on an issue, then your finding on that issue must be against the party who has the burden of proving it.

On the other hand, if after considering all of the evidence you are satisfied that the party has carried this burden on each essential point as to which he or it has the burden of proof by a preponderance of the evidence, then you must find for the party who has met the burden of proof.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Ladies and gentlemen, in deciding whether or not the plaintiff has met his burden of proof, you may consider both direct and circumstantial evidence.  As you may recall at the outset of the trial, I explained that direct evidence is evidence that proves a disputed fact directly.  For example, when a witness testifies to what he or she saw, heard, or observed, that is called direct evidence .  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you couldn't look outside.  Then later as you were sitting here, someone walked in with a dripping wet umbrella.  And soon after, somebody else walked in with a dripping wet raincoat.  Now on our assumption of facts you couldn't look outside the courtroom, so you couldn't see whether or not it was raining.  So, you have no direct evidence of that fact,  but on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.  That's all there is to circumstantial evidence. Using your reason and experience you infer from established facts the existence or the nonexistence of some other fact.  But this is not a matter of speculation or guess.  It's a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you may consider either or both and give them such weight as you conclude is warranted.

So, during the trial and argument or in these instructions from time to time you may have heard the word "inference."  I know I've used it in these instructions.  Counsel may have asked you to infer on the basis of your reason, experience, and common sense from one or more established facts the existence of some other fact. An inference is not a suspicion or a guess.  It's

a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from the facts whether proved by direct or circumstantial evidence.  One side may ask you to draw one inference, while the other side asks you to draw another.  And it is for you and you alone to decide what inferences you will draw.  The process of drawing inferences from facts in evidence, again, is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw, but not required to draw from the facts which have been established either by direct or circumstantial evidence.

In drawing inferences, you should exercise your common sense.  So while you are considering the evidence that was presented to you, you are permitted to draw from the facts which you find to be proven such reasonable inferences as would be justified in light of your experience.

## WEIGHING TESTIMONY

You have had the opportunity to observe the witnesses.

It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now, ladies and gentlemen, that you are being called upon to resolve various issues in the face of different issues painted by the parties. You will now have to decide where the truth lies. And an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.

In making those judgments, you should carefully scrutinize all of the testimony of each witness; the circumstances under which each witness testified; and any other matters in evidence which may help you to decide the truth and importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how the witness impressed you. Was the witness candid, frank, and forthright? Or did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination? Was the witness consistent in his or her testimony or did he or she contradict himself or herself? Did the witness appear to know what he or she was talking about?

And did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kind of common sense questions you should ask yourselves in deciding whether a witness was or was not truthful.

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the party which may affect how he or she testified? Does the witness have some incentive, loyalty, interest, or motive that might cause him or her to shade the

truth? Or does the witness have some bias, prejudice, or hostility that may have caused the witness consciously or not,  to give you something other than a completely accurate account of the facts to which that witness testified?

Even if the witness was impartial you should consider whether or not the witness had an opportunity to observe the facts that he or she testified about and you should also consider the witness' ability to express himself or herself.

Ask yourself whether the witness' recollection of the facts stand up in light of all the other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in that person's recollection.

In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

## EXPERT WITNESSES

You also heard testimony from two people who are received as expert witnesses. An expert is a witness who has special training or experience in a given field.  You should give expert testimony the weight and value you believe it should have.  You are not required to accept any expert's opinion and you should consider an expert's opinion together with all the other evidence.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit or disbelieve such testimony.

## DISCREPANCIES IN A WITNESS' TESTIMONY

Evidence of discrepancies in a witness' testimony or between that witness' testimony and the testimony of others does not necessarily mean that the witness' testimony should be discredited. Two or more persons witnessing an incident may see or hear it differently – an innocent misrecollection, like failure of recollection, is not an uncommon experience. People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself.

In weighing the effect of inconsistencies or discrepancies if you find that there are any, you should consider whether they pertain to a matter of importance or an unimportant detain, and whether they result from innocent error or willful falsehood. It is for you to decide based on your total impression of the witness how to weigh the discrepancies, if any, in the testimony. You should, as always, use common sense and your own good judgment.

After you have considered all of the factors bearing upon the credibility of a witness that I've mentioned to you, you may conclude to reject all of the testimony of a particular witness, none of the testimony of a particular witness, or part of the testimony of a particular witness. In other words, you may give the testimony of any witness such credibility and weight, if any, as you think it deserves.

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of the case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of the testimony. But this is not to suggest that a

witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

Members of the jury, the law does not require a party to call as witnesses all persons who may have been present at any time or place pertaining to the case. Nor does the law require a party to call every person who has some knowledge of the matters in issue. You should not speculate as to what a witness would have said if he or she had been called to testify.

You are not bound to decide any issue of fact in accordance with the testimony of the greater number of witnesses on that issue. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness and which evidence appeals to your minds as being most accurate and otherwise trustworthy.

The testimony of a single witness that produces in your mind a belief in the likelihood of its truth is sufficient for the proof of any fact and would justify a verdict in accordance with such testimony even though a number of witnesses may have testified to the contrary, if after consideration of all the evidence in the case you hold a greater belief in the accuracy and reliability of the one witness.

## CONTRACT--DEFINED

The Estate of Mr. Boshea has sued Compass Marketing, Inc., which I may sometimes call Compass – for breach of a written contract and breach of an oral contract.  Compass denies the claim.  A contract is an agreement creating rights or obligations between two or more parties.  A contract is a promise or set of promises for breach of which the law gives a remedy or the performance of which the law in some way recognizes as a duty.  In general, a contract may be oral or written.  Whether oral or written, a contract is not enforceable unless the parties agree to the terms, and the contract expresses with definiteness and certainty the nature and extent of the parties' obligations, as well as the essential terms of the agreement.

A promise is an expression by word or conduct that a person will perform or not perform certain acts.  A contract requires an offer and acceptance of the offer.  An offer is a reasonably definite proposal made by one party to another under circumstances indicating an intent to enter into a contract.  Acceptance is an agreement by the party to whom an offer has been made to unconditionally accept the terms of the offer.  To create a contract, each party must agree to be bound by its terms and conditions.

## ELEMENTS OF BREACH OF CONTRACT

To prove a contract was made, the plaintiff must establish five elements by a preponderance of the evidence as follows: One, that there were two or more parties; number two, the parties must have legal capacity to make the agreement; three, the agreement must be mutual; four, the agreement must be stated with reasonable certainty; and five, there must be consideration for the agreement.

If the signature of a party to a written contract is a forgery, then that party is not bound by the written contract.

As I stated, for an agreement to be binding, it must involve consideration. Consideration can be anything of value to the other party.

An agreement to make an agreement in the future does not constitute an enforceable contract.

A party to whom an offer is made may respond by making a counteroffer.  A counteroffer terminates the original offer.

MPJI-Cv (Maryland Civil Pattern Jury Instructions)  9:6

Generally, a breach of contract is defined as a failure without legal excuse to perform any promise that forms the whole or part of a contract.  The elements of a claim for breach of contract are contractual obligation, breach, and damages.

To prevail on a claim of breach of contract, the plaintiff must prove the following by a preponderance of the evidence: The existence of a contract, including its essential terms as I discussed; that the defendant breached a duty created by the contract; and that plaintiff suffered damages as a result of the breach.

21

As I indicated, in an action for breach of contract, the plaintiff has the burden to prove damages. And I'm going to discuss damages in a bit more detail shortly.

When a person's employment is not for a set or definite duration or a specified period of time, an employee can be discharged at any time for any reason or no reason, just as an employee can quit work at any time without penalty. This general rule is subject to an exception when the employee's discharge violates a clearly expressed public policy.

## CONTRACT FORMATION: ORAL
## <u>AGREEMENTS AND CONTEMPLATED WRITINGS</u>

It is possible for parties to enter into a binding informal or oral agreement to execute a written contract; and if the parties contemplate that an agreement between them shall be reduced to writing before it shall become binding and complete, there is no contract until the writing is signed.

*Eastover Stores, Inc. v. Minnix*, 219 Md. 658, 662, 150 A.2d 884, 886 (1959).


In other words, [i]f the parties do not intend to be bound until a final agreement is executed, there is no contract."

*Cochran v. Norkunas*, 398 Md. 1, 14, 919 A.2d 700, 708 (2007).

Parties who contemplate that their agreement will be reduced to a final writing before it becomes binding are at liberty to withdraw from negotiations prior to when the final writing is signed.


*See Cochran v. Norkunas*, 398 Md. 1, 19, 919 A.2d 700, 711 (2007) (citing *Eastover Stores, Inc. v. Minnix*, 219 Md. 658, 665, 150 A.2d 884, 888 (1959)).


On the other hand, parties can intend to be bound by an oral agreement, even if a confirmatory written agreement is contemplated.

*See Peoples Drug Stores v. Fenton Realty Corp.*, 191 Md. 489, 493, 62 A.2d 273, 275 (1948).

## VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION LAW

The plaintiff, Mr. Boshea's estate, also claims that the failure of Compass to pay him the severance that's in dispute constitutes a violation of a Maryland statute, the Maryland Wage Payment and Collection Law. Under the Maryland Wage Payment and Collection Law, an employer must pay an employee all wages that the employee earned for work that the employee actually performed before the termination of employment.

Under the Maryland Wage Payment and Collection Law, wages include bonuses, commissions, fringe benefits, overtime wages, or any other remuneration promised for service such as severance pay.

If you find that there was an enforceable contract and find that the defendant withheld severance pay from the plaintiff in violation of the Maryland Wage Payment and Collection Law, then you must determine whether the defendant withheld the payment as a result of a bona fide dispute. A bona fide dispute, ladies and gentlemen, is a legitimate dispute over the validity of the claim or the amount that is owing where the employer has a good faith basis for refusing an employee's claim for unpaid wages. The inquiry into whether an employer's withholding of wages was the result of a bona fide dispute is one that's concerned with the employer's actual subjective belief that the party's position is objectively and reasonably justified. The burden is on the defendant to prove by a preponderance of the evidence that there was a bona fide dispute.

## <u>DAMAGES AS A REMEDY FOR BREACH OF CONTRACT</u>

If you find by a preponderance of the evidence that the defendant is liable with respect to one or more of plaintiff's claims, then you must determine the damages to which plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the element of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so you will have guidance should you decide that the plaintiff is entitled to recover.

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from the violation of the plaintiff's rights by the defendant. If you find that the defendant is liable, then you must award the plaintiff sufficient damages to compensate him for any injuries caused by the conduct of the defendant.

If you find, ladies and gentlemen, that plaintiff and defendant were parties to an enforceable contract and that defendant breached the contract, you should award an amount of money that will fairly and adequately compensate plaintiff for the harm caused by the breach. The burden is on the plaintiff to prove by a preponderance of the evidence each item of damage claimed to be caused by the defendant. You may award damages for breach of contract, but only for injuries that plaintiff has proven were actually and foreseeably caused by defendant's alleged breach of contract. Damages for a breach of contract should place the wronged party in as good a position as that party would have been had the breaching party fully performed its obligations under the contract. The damages that you award must be fair and reasonable, neither inadequate nor excessive.

You should not award damages for speculative injuries, but only for those injuries that plaintiff has actually suffered that were caused by the defendant's breach.

In all instances, you are to use sound discretion in affixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in the case.

## **DAMAGES AS A REMEDY UNDER THE MWPCL**

If you find that Compass Marketing, Inc. failed to pay David Boshea a severance payment in violation of the Maryland Wage Payment and Collection Law, and that defendant's failure to pay the severance was not the result of a bona fide dispute, then you must consider whether the plaintiff is entitled to additional damages. In particular, under the Maryland Wage Payment Law, you may in your discretion, award in addition to the unpaid severance, a maximum of up to three times the amount of the unpaid severance if it was not the subject of a bona fide dispute. However, you are not required to award enhanced damages.

## PREJUDGMENT INTEREST

If you decide that the plaintiff, Ashley Boshea, Administrator of the Estate of David J. Boshea, is entitled to recover damages for breach of an enforceable contract, then you must decide whether he should also receive prejudgment interest as to the amount of his economic loss. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the plaintiff's ability to use his funds. In Maryland, the rate of prejudgment interest is 6 percent per year. Whether the plaintiff should receive an award of prejudgment interest is within your discretion. You must record your verdict on prejudgment interest on the special verdict form that you will receive.

## <u>CONCLUSION - FINAL INSTRUCTIONS</u>

Members of the jury, you are about to enter the jury room and begin your deliberations. During your deliberations you will be provided with two copies of these instructions. I don't tell you that in advance because I need to be sure you're paying attention. The exhibits will also be sent to you in the jury room. You will not be permitted to bring your cell phones or other electronic devices into the jury room during your deliberations. The clerk will hold them for you until you are through deliberating for the day.

By now you know that until this case is over you must not communicate with or provide any information to anyone by any means. So that is why you may not use any electronic devices or social media to communicate to anyone any information about this case or to conduct any research about this case until such time as I accept your verdict. In other words, you can't talk to anyone on the phone; you can't correspond with anyone; you can't communicate with anyone about this case, electronically or otherwise. And you may only discuss this case in the jury room when all of your fellow jurors are present. Along the same lines, you may not access any information about the case or do any research on any issue that arose during the trial from any outside source such as dictionaries, reference books, anything on the internet.

That's why we go to such extreme lengths to make sure that this can't be violated. Information that you would find on the internet perhaps or in a printed reference might be incorrect or incomplete. And in our system of justice, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence or lack of evidence that was presented to you in this courtroom.

A verdict form has been prepared for your convenience. It will be your duty to return your verdict in the form of written answers to the written questions submitted to you.

Your answers will constitute your verdict. So, you will take that form to the jury room and if you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in and then date and sign the form.

So, in order to return a unanimous verdict, it is necessary that each juror agree with it. On the form you will see there are instructions and spaces to indicate your responses. Each answer is to be written in the space provided after the question. It is your duty to answer the questions or question in accordance with the evidence in the case and my instructions as to the law. Remember, your verdict must be unanimous and must reflect the conscientious judgment of each and every juror.

After you have completed the verdict form, please advise the Court by sending a note through the marshal that you have reached a verdict. And the marshal is outside the jury room door. Don't reveal what your verdict is. State only that you have reached a verdict. Do not hand the special verdict form to anyone until you are asked to do so.

When I receive that note, I will call counsel and the parties together and then that is when I will have you return your verdict in this courtroom.

Juror No. 1 will act as your foreperson. If it becomes necessary during deliberations to communicate with the Court, you may do so by sending a note by way of the marshal posted outside the door. The note must be signed by your foreperson or by one or more members of the jury. No member of the jury should communicate with the Court by any means other than a signed writing and the Court will not communicate with any member of the jury on any subject touching on the merits of the case other than in writing or orally here in open court.

You will note from the oath about to be taken by the marshal that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind that you may not reveal to any person, not even to the Court, how the jury stands numerically or otherwise on the questions before you.

Again, to prevail plaintiff must prove the essential elements of his claims by a preponderance of the evidence as explained in these instructions. To report a verdict it must be unanimous. Your function is to weigh the evidence in the case and determine whether or not the plaintiff is entitled to prevail based solely upon the evidence and these instructions.

Each juror is entitled to his or her opinion. Each should, however, exchange views with your fellow jurors. That is the very purpose of jury deliberations. To discuss and consider the evidence, to listen to the arguments of fellow jurors, to present your individual views, to consult with one another, and to reach an agreement based solely and wholly on the evidence, if you can do so without violence to your own individual judgment. Each of you must decide the case for yourself, but only after careful and impartial consideration with your fellow jurors of all the evidence in the case.

In the course of your deliberations, ladies and gentlemen, you should not hesitate to reexamine your views and change an opinion if after discussion with your fellow jurors you conclude that it was erroneous. However, if after carefully considering all the evidence and the arguments of your fellow jurors you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered. Do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Your final vote must reflect your

conscientious conviction as to how the issues should be decided.  Again, your verdict must be unanimous.

Dated: August 1, 2025                    Respectfully submitted,


*/s/ Gregory J. Jordan*                   */s/ Stephen B. Stern*
Gregory J. Jordan                         Stephen B. Stern, Bar No.: 25335
Mark Zito                                 Shannon M. Hayden, Bar No.: 30380
Jordan & Zito, LLC                        KAGAN STERN MARINELLO & BEARD, LLC
350 N. LaSalle Drive, Suite 1100          238 West Street
Chicago, Illinois 60654                   Annapolis, Maryland 21401
Email:  gjordan@jz-llc.com                (Phone): (410) 216-7900
                                          (Fax):  (410) 705-0836
and                                       Email:  stern@kaganstern.com
                                          Email:  hayden@kaganstern.com
Thomas J. Gagliardo
Gilbert Employment Law, PC                and
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910             Brian A. Tollefson, Bar No. 16289
Email:  tgagliardo@gelawyer.com           TOLLEFSON IP
                                          326 First Street, #202
*Counsel for Plaintiff*                   Annapolis, Maryland 21403
*Ashley Boshea, administrator of the*     (Phone): (443) 699-2450
*Estate of David John Boshea, Deceased*   Email:  brian@tollefsonip.com


                                          *Counsel for Defendant/Counter-Plaintiff*
                                          *Compass Marketing, Inc.*