

Daniel J. White
Post Office Box 1760
Leonardtown, Maryland 20650

Thursday, August 7, 2025

Via U.S. Post & Chambers Courtesy Copy

The Honorable Ellen L. Hollander
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

**Re: Ashley Boshea, Administrator of the Estate of David John Boshea v. Compass Marketing, Inc., Civil Action No. ELH-21-0309**

Dear Judge Hollander:

I write in my individual capacity as a non-party shareholder of Compass Marketing, Inc. ("Compass"), to respectfully notice the Court once again that, in my opinion, Compass is not legitimately represented in the above referenced matter[1]. I was surprised to see on PACER that the case appears to currently be proceeding in a jury trial.

I attached to this letter a sworn Declaration by Alvin I. Frederick, Esq. filed this week on behalf of Joyce Smithey, John White's attorney and Stephen Stern's co-counsel in the bogus $24,000,000,000 (insert eye roll) Anne Arundel Case[2]. [See Exhibit 1]. Mr. Alvin's Declaration states that Ms. Smithey and her firm should be allowed to immediately withdraw from pretending to represent Compass as Mr. Stern's co-counsel on an "emergency" basis[3]. Further, Mr. Frederick attests that if Ms. Smithey is required to continue as John White's attorney and Mr. Stern's co-counsel "one or more of the lawyers whose appearance is entered in this matter [Anne Arundel Case] will violate the MRPC ... in direct contravention to the express dictates of 19-301.16(a)(1)[4].

---

[1] See ECF 31, ECF 31-2 ECF 338.

[2] *Compass Marketing, Inc. v. Daniel White, et al.*, Case No. C-02-CV-23-0000601 (Cir. Ct. Anne Arundel Cnty., Md.) (the "Anne Arundel Case").

[3] "It is my opinion, within a reasonable degree of legal probability, as well as my training and over 48 years of experience, that if the Smithey Law Group is required to continue as counsel in this matter one or more of the lawyers whose appearances are entered in this matter will violate the MRPC in doing so, which is in direct contravention to the express dictates of 19-301.16(a)(1)." Declaration, Alvin J. Frederick, Esq., August 3, 2025. [Exhibit 1].

[4] Maryland Rule 19-301.16 (a)(1) states: "An attorney shall inquire into and assess the facts and circumstances of each representation to determine whether the attorney may accept or continue

1