EXHIBIT 2

IN THE CIRCUIT COURT FOR
ANNE ARUNDEL COUNTY, MARYLAND

COMPASS MARKETING, INC.            \*

        Plaintiff,              \*

       v.                   \*      Case No. C-02-CV-23-000601

DANIEL WHITE, *et al.*           \*

        Defendants.        \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### DECLARATION OF ALVIN I. FREDERICK, ESQ.

Alvin I. Frederick, in accordance with Maryland Rule 1-304, states as follows:

1.    I am over 18 years of age and am competent to testify in this matter.

2.    I am a lawyer admitted to practice before the Supreme Court of Maryland and am Of Counsel to Ayres, Jenkins Gordy & Almand, P.A.

3.    I focus my legal practice on representing attorneys and judges in the State of Maryland in matters related to their professional obligations to clients and tribunals, including, but not limited to, considerations pertaining to an attorney's mandatory obligation and/or permissive right to withdraw as counsel of record in litigation pending before the Circuit Courts of the State of Maryland.

4.    On July 31, 2025, SLG engaged me as outside counsel and to provide counseling with respect to SLG's pending Motion to Withdraw, adjudication of which has presently been deferred until August 14, 2025.

5.    I have reviewed and/or discussed the material documents underlying SLG's still-pending Motion to Withdraw, including the operative pleadings and the motion. I further discussed

the grounds for SLG's requested withdrawal with Joyce E. Smithey, Esq., Managing Partner of SLG.

6.  It is my opinion, within a reasonable degree of legal probability, as well as my training and over 48 years of experience, that if the Smithey Law Group is required to continue as counsel in this matter one or more of the lawyers whose appearances are entered in this matter will violate the MRPC in so doing, which is in direct contravention to the express dictates of 19-301.16 (a)(1);

7.  SLG's grounds for withdrawal include attorney-client privileged information that should not be disclosed in open Court for fear of violating 19-301.6. In addition moving counsel does not want to put its client in a poor light, disclosing confidential information other than *ex parte* would likely have that effect.

8.  It is respectfully suggested that this motion be referred for an *ex* parte hearing to another member of this Honorable Court who is not scheduled to preside over this matter. That person can hear the reasons why continued representation would cause violation of a Rule and then report back to this court advising either 'yes' there are legitimate grounds for striking the appearance of counsel or 'no' if she or he disagrees. I am available to appear at that hearing if doing so would assist the tribunal. Allowing the proposed procedure causes no prejudice to anyone, preserves the ability of this Honorable Court to preside over this matter and enables moving counsel to satisfy their ethical obligations to the Tribunal and their client.

9.  Having SLG continue to represent Compass as ordered will prejudice both SLG and Compass and will result in SLG suffering substantial and immediate harm.

10. Further, Declarant sayeth naught.

I solemnly affirm under penalties of perjury and upon personal knowledge that the contents of this document are true.

_____/s/ Alvin I. Frederick_____
Alvin I. Frederick, Esq.

Dated: August 3, 2025

IN THE CIRCUIT COURT FOR
ANNE ARUNDEL COUNTY, MARYLAND

| | | |
|---|---|---|
| **COMPASS MARKETING, INC.** | * | |
| **Plaintiff,** | * | |
| | * | **Case No. C-02-CV-23-000601** |
| v. | * | |
| **DANIEL WHITE,** *et al.* | * | |
| **Defendants.** | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**EMERGENCY MOTION FOR
THE IMMEDIATE GRANTING OF MOTION TO WITHDRAW OR,
IN THE ALTERNATIVE, FOR AN EMERGENCY *IN CAMERA* HEARING**

Smithey Law Group LLC and its attorneys Joyce E. Smithey, Reuben W. Wolfson, David

M.E. Moon, and Liesel J. Schopler (collectively "SLG"), pursuant to Maryland Rules 2-311(a) and

2-132(b), respectively move this Court to immediately grant SLG's pending Motion to Withdraw

under Maryland Rule 19-301.16(a)(1) or, in the alternative, for an emergency *in camera* hearing

concerning SLG's need to withdraw as counsel of record for Plaintiff Compass Marketing, Inc.

("Compass") in the above-captioned matter under 19-301.16(b). Without an emergency *in camera*

hearing, SLG and its client, Compass Marketing, Inc., will incur serious and immediate harm.

In support of this motion, SLG submits herewith a memorandum of law, as well as the

supporting Declaration of Joyce E. Smithey, Esq., David M.E. Moon, Esq. and Alvin I. Frederick,

Esq. A proposed Order granting the relief requested hereinabove is also submitted for the Court's

convenience.

WHEREFORE, for the reasons set forth in the attached memorandum of law, SLG

respectfully requests that this Court immediately grant SLG's pending Motion to Withdraw

pursuant to Maryland Attorneys' Rule of Professional Conduct 19-301.16(a)(1) or, alternatively,

grant its motion for an emergency *in camera* hearing.

Respectfully submitted,

SMITHEY LAW GROUP, LLC


_/s/ Joyce E. Smithey_
Joyce E. Smithey (AIS No. 0406150286)
Reuben W. Wolfson (AIS No. 1212130309)
David M.E. Moon (AIS No. 1512160128)
Liesel J. Schopler (AIS No. 0712110174)
706 Giddings Avenue, Suite 200
Annapolis, Maryland 21401
Phone: (410) 919-2990
Fax: (410) 280-1602
joyce.smithey@smitheylaw.com
reuben.wolfson@smitheylaw.com
david.moon@smitheylaw.com
liesel.schopler@smitheylaw.com

*Counsel for Plaintiff Compass Marketing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of August, 2025, a copy of the foregoing Motion

for an Emergency *In Camera* Hearing, Memorandum of Law in Support thereof, Declaration of

Joyce E. Smithey, Esq., Declaration of David M. E. Moon, Esq. and Declaration of Alvin I.

Frederick, Esq. and Proposed Order were electronically filed via MDEC and thereby served on all

counsel of record.


_/s/ Joyce E. Smithey_
Joyce E. Smithey

IN THE CIRCUIT COURT FOR
ANNE ARUNDEL COUNTY, MARYLAND

| | | |
|---|---|---|
| **COMPASS MARKETING, INC.** | * | |
| **Plaintiff,** | * | |
| | * | **Case No. C-02-CV-23-000601** |
| v. | * | |
| **DANIEL WHITE,** *et al.* | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR THE IMMEDIATE GRANTING OF MOTION TO WITHDRAW OR, IN THE ALTERNATIVE, FOR AN EMERGENCY *IN CAMERA* HEARING

Smithey Law Group LLC and its attorneys Joyce E. Smithey ("Smithey"), Reuben W. Wolfson, David M.E. Moon ("Moon"), and Liesel J. Schopler (collectively, "SLG"), in support of SLG's Motion for this Court's Immediate Granting of the Motion to Withdraw or, in the Alternative for an Emergency *In Camera* Hearing concerning SLG's motion to withdraw as counsel of record for Plaintiff Compass Marketing, Inc. ("Compass") in the above-captioned matter, states as follows:

### I.    BACKGROUND[1]

1.    On July 10, 2025, in accordance with Maryland Rule 2-132(b), SLG sent notice to Compass of its intent to move for withdrawal via electronic mail and United States Postal Service, and further advised Compass Marketing, Inc. to have another attorney enter an appearance. *See* Declaration of Joyce E. Smithey, Esq. (hereafter "Smithey Declaration"), at ¶ 6.

---

[1] All internal quotations, citations, and alterations have been omitted, and all ellipses and emphases have been added unless stated otherwise.

2.     On July 15, 2025, Defendant George White's ("George's") counsel sent a letter to Smithey claiming that there was a conflict of interest between Smithey and George because, in August 2022, Smithey had served as a court-appointed mediator in an unrelated dispute wherein George sued a Ronald Bateman ("Bateman"), who is not a party to the matter at hand, for defamation.[2] *See* Smithey Declaration ¶ 7; *id.* at Ex. 1 (Letter, dated July 15, 2025, from Jeffrey M. Schwaber, Esq. ("Schwaber") to Smithey). The letter demanded that Smithey, who was out of town at the time, respond by close of business that very same day.[3] *Id.* at Ex. 1.

3.     Although Ms. Smithey had previously analyzed the issue and related Rules of Professional Conduct, given the seriousness of the accusation, she retained outside ethics counsel, Steve Brennan, to provide an opinion on whether a conflict exists and guidance on the response. *See* Smithey Declaration ¶ 8. On July 18, 2025, Smithey responded via a detailed letter that there is no conflict under Maryland Attorneys' Rules of Professional Conduct between Smithey and her representation of Compass in this matter resulting from the fact that she had served as a mediator in the unrelated action between George and Bateman. *See id.* at ¶ 9, *id.* at Ex. 3 (Letter, dated July 18, 2025, from Smithey to Schwaber).  It is respectfully submitted that issue is moot as Smithey is seeking withdrawal as counsel – albeit for unrelated reasons but nonetheless the result would be identical—withdrawal—if approved by this Honorable Court.

4.     On July 22, 2025, SLG informed counsel for all then-named Defendants of SLG's intent to file a motion to withdraw. *See* Smithey Declaration ¶ 10; *id.* at Ex. 4 (July 22, 2025 Email

---

[2] The mediation was unsuccessful and, following trial, George lost in the action. *See George White v. Ronald Bateman,* Circuit Court for Anne Arundel County, Case No. C-02-CV-21-000778.

[3] While Schwaber stated in Defendants Michael White's ("Michael's") and George's Response to SLG's Motion to Withdraw, at ¶ 2, that "it took two follow up emails—and a threat of action before this Court—before [Smithey] responded," that is not the case. SLG Senior Paralegal Donna McHugh ("McHugh") responded on Smithey's behalf on July 16, 2025, noting that Smithey was out of town and would respond "ASAP." *See* Smithey Declaration ¶ 7; *id.* at Ex. 2 (Email, dated July 16, 2025, from McHugh to Schwaber).

from Moon to all counsel of record). In that email correspondence, SLG made it clear that the need for withdrawal preceded Schwaber's letter raising the alleged conflict by almost one week. Accordingly, the misplaced allegations in Schwaber's letter on behalf of George could not have played any role in SLG seeking withdrawal.

5.      That same day: (i) counsel for Defendants Flywheel Digital LLC, James Columbus DiPaula, Jr., Patrick Miller, Alexander McCord, Ascential Ltd, and Informa plc (collectively, "Flywheel") responded by telephone and by email that Flywheel takes no position as to the Motion to Withdraw, *see* Smithey Declaration ¶ 11; *id.* at Ex. 5 (July 22, 2025 Email from Ty Kelly, Esq. to Moon); Moon Declaration ¶ 7; (ii) counsel for Daniel White responded by email that its clients take no position as to the Motion to Withdraw, *see* Smithey Declaration at ¶ 12; *id.* at Ex. 6 (July 22, 2025 Email from Sydney M. Patterson, Esq. to Moon); and (iii) counsel for Defendants Michael and George responded by email that its clients do not object to the motion to withdraw, *see id.* at ¶ 13; *id.* at Ex. 7 (July 22, 2025 Email from Judith G. Cornwell, Esq. to Moon).

6.      On June 22, 2025, Compass, via email, consented to SLG's withdrawal as counsel for Compass. *See* Smithey Declaration ¶ 14.

7.      On July 23, 2025, SLG filed a motion to withdraw ("Motion to Withdraw"), expressly noting that Compass consented thereto and that SLG would provide the Court with the underlying reasons for the withdrawal via *in camera* review.

8.      On July 26, 2025, Flywheel, contrary to its prior representation to SLG, filed an opposition to the Motion to Withdraw, which states several inaccuracies and misconstrues the facts and procedural posture of this case to date. *See* Smithey Declaration ¶ 16.

9.      On the morning of July 28, 2025, the date of a scheduled motions hearing in this matter, George and Michael (collectively, "White Defendants") filed a response to the Motion to

3

Withdraw, stating the White Defendants have "no opposition to the withdrawal of Ms. Smithey and her firm as counsel in this matter," and further claiming that the White Defendants will file a motion to disqualify SLG in the event that the Motion to Withdraw is denied. The White Defendants' response makes several misrepresentations. *See* Smithey Declaration ¶ 17.

10.     On July 28, 2025, just a few hours following the White Defendants' above-mentioned filing, this Court conducted the scheduled hearing in this matter. At the hearing, SLG requested to present evidence to the Court *in camera* to support SLG's Motion to Withdraw, but SLG's request was denied. Instead, the Court ordered a hearing on all outstanding motions, including the Motion to Withdraw, on August 14, 2025.

11.     SLG hereby files this motion, as SLG and its client, Compass, will suffer substantial and immediate harm if its Motion to Withdraw is not granted or, alternatively if it is not provided an emergency *in camera* hearing on its motion to withdraw *prior to* the scheduled August 14 motions hearing. *See* Smithey Declaration ¶ 19.

12.     After consulting with SLG's expert and consultant, Alvin I. Frederick, Esq., on Thursday, July 31, 2025, SLG determined that it must withdraw from this lawsuit immediately. *See* Declaration of Alvin I. Frederick, Esq., at ¶ 6. Every day without successor counsel increases the risk of procedural default or tactical disadvantage.

13.     To avoid prejudicing these proceedings and/or Compass, and to the extent this Court requires an *ex parte* hearing for consideration of SLG's submission of evidence warranting withdrawal, SLG respectfully requests that this motion be directed to another Circuit Court Judge and/or magistrate for *in camera* consideration of SLG's arguments and evidence in support of withdrawal

## II.    LEGAL STANDARD

Maryland Rule of Civil Procedure 2-132 governs the striking of an attorney's appearance and states, in pertinent part:

> (b) By Motion. When an attorney is not permitted to withdraw an appearance by notice under section (a) of this Rule, the attorney wishing to withdraw an appearance shall file a motion to withdraw. Except when the motion is made in open court, the motion shall be accompanied by the client's written consent to the withdrawal or the moving attorney's certificate that notice has been mailed to the client at least five days prior to the filing of the motion, informing the client of the attorney's intention to move for withdrawal and advising the client to have another attorney enter an appearance or to notify the clerk in writing of the client's intention to proceed in proper person. Unless the motion is granted in open court, the court may not order the appearance stricken before the expiration of the time prescribed by Rule 2-311 for responding. The court may deny the motion if withdrawal of the appearance would cause undue delay, prejudice, or injustice.

Maryland Rule 2-132(b).

The Maryland Attorneys' Rules of Professional Conduct establish the ethical duties and obligations of a Maryland attorney. *See e.g.*, *Atty. Griev. Comm'n v. Bleecker*, 414 Md. 147, 994 (2010). Rule 19-301.16 governs an attorney's termination of representation, and subsection a of that rule states that "an attorney . . . *shall withdraw* from the representation of a client if: (1) the representation will result in violation of the Maryland Attorneys' Rules of Professional Conduct or other law." Rule 19-301.16(a)(1) (emphasis added). Withdrawal under this subsection is mandatory, and is not subject to opposition by any other party.

Further, subsection b of Rule 19-301.16 provides:

> (b) Except as stated in section (c) of this Rule, an attorney may withdraw from representing a client if:
>     (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the attorney's services that the attorney reasonably believes is criminal or fraudulent;

(3) the client has used the attorney's services to perpetrate a crime or fraud;

(4) the client insists upon action or inaction that the attorney considers repugnant or with which the attorney has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the attorney regarding the attorney's services and has been given reasonable warning that the attorney will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the attorney or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

Rule 19-301.16(b).

Comments 7 and 8 to Rule 19-301.16 state, respectively, that "[t]he attorney may also withdraw where the client insists on taking action or inaction that the attorney considers repugnant or with which the attorney has a fundamental disagreement," and that " [a]n attorney may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation."

## III.    ARGUMENT

SLG, which was not involved in the prior federal action, seeks to withdraw as counsel in this matter, which is still in the early stages of litigation with pending motions to dismiss. SLG's client, Compass, consents to SLG's withdrawal. *See* Smithey Declaration ¶ 14.

There are urgent and significant reasons for SLG's withdrawal as counsel for Compass. *See id.* at ¶ 3. Indeed, this is a matter where SLG *must withdraw* pursuant to Rule 19-301.16(a)(1). *Id.* Due to SLG's duty of confidentiality, as well as its duties to protect attorney-client privileged communications and to avoid foreseeable prejudice to the rights of a client, SLG is unable to

publicly disclose the reasons underlying its motion to withdraw. *Id.*; Rule 19-301.6 (confidentiality of information); *E.I. du Pont de Nemours & Co. v. Forma-Pack, Inc.*, 351 Md. 396, 415 (1998) (legal advice made in confidence may not be disclosed where attorney-client privilege is not waived). *See also, e.g., Hampton v. McDonough*, 2023 U.S. Dist. LEXIS 73731, at *4 (E.D.N.Y. Apr. 27, 2023)[4] (noting the "interplay between motions to withdraw and the duty of confidentiality owed to clients" and an "outgoing lawyer always has the duty to take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of a client," and observing "that outgoing counsel are sometimes left with walking the tightrope of disclosing sufficient information to establish grounds for withdrawal on the one hand, while not disclosing privileged or client confidences on the other").

Where counsel is unable to disclose the reasons for needing to withdraw from representation publicly due to their ethical duties, a statement by counsel that professional considerations require termination of representation are sufficient. *See, e.g., Solorzano v. 30 Cooper Square P'ship*, 2025 NYLJ LEXIS 326, at *6 (Queens Cnty. Sup. Ct. Jan. 10, 2025) ("Where withdrawal may be accomplished simply on the basis of counsel's statement that professional considerations require it, no more should be disclosed[.]"); *State v. Miller*, 975 N.W.2d 807, 809 (Iowa 2022) (holding that the lower court, despite being unaware of the specific grounds for withdrawal, did not abuse its discretion in granting a motion to withdraw based solely

---

[4] There appears to be a dearth of Maryland case law concerning motions to withdraw, *see, e.g., Turner v. State*, 2020 Md. App. LEXIS 55, at *24 (Md. Ct. Spec. App. Jan. 17, 2020) ("Our research found a dearth of Maryland cases that discuss the degree to which counsel and client's relationship must deteriorate to merit counsel's request to withdraw from representation."), and, in such cases, it is appropriate to consider caselaw from other jurisdictions as guidance. *See Matthew Bender & Co. v. Comptroller of Treasury*, 67 Md. App. 693, 701 (1986) (where "[t]here is a dearth of Maryland law addressing" an issue, the court "must look to other sources for an analogy"); *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 724 (2000) (where there is "a dearth of authority in Maryland" addressing an issue, Maryland courts "need not consider the [matter] in a void" where "there exists an abundance of cases from other jurisdictions, federal and state, that have analyzed [the issue under a rule] either identical to or similar to Maryland's rule); *State v. Payne*, 440 Md. 680, 709 (2014) (where there is "a dearth of authority in Maryland" addressing an issue, Maryland courts "turn to our federal counterparts for assistance").

on "counsel's statements that professional considerations required termination of the representation."); *United States v. Centene Corp.*, 2022 U.S. Dist. LEXIS 220222, at *3-4 (W.D. Wash. Dec. 2, 2022) (finding that by "citing professional considerations," counsel provided an adequate reason for withdrawal as a "lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient."); *McGill v. McGill*, 2022 WY 149, P12 (Wyo. 2022):

> Under [Rule 1.16], while an attorney must obtain a court order allowing withdrawal after appearing in an action and support such request with an adequate basis, counsel must also be careful to keep confidential certain facts and not disclose facts that might prejudice the court against his client. Thus, an artful balance between confidentiality and providing an adequate basis for withdrawal must be obtained by counsel requesting to withdraw. A lawyer's general statements that professional considerations require termination of the representation ordinarily should be accepted by the court as sufficient.

Further, "it is appropriate for a Court considering a counsel's motion to withdraw to consider *in camera* submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw." Indeed, in such cases, the "correct practice" is "to serve the defendant with a bare-bones motion and to submit the supporting papers to the court for *in camera* inspection." *Weinberg v. Syncom Pharms., Inc.*, 2005 U.S. Dist. LEXIS 60492, at *2 (E.D.N.Y. May 6, 2005). *See also ISC Holding AG v. Nobel Biocare Invs., N.V.*, 759 F. Supp. 2d 289, 293 (S.D.N.Y. 2010) ("Petitioner submits that it was improper to hear [withdrawing counsel] *in camera*. On the contrary, it is normal practice and there is no impropriety."); *Weinberger v. Provident Life & Cas. Ins. Co.*, 1998 U.S. Dist. LEXIS 19859, at *2-3 (S.D.N.Y. Dec. 21, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider *in camera* submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw." (Citing cases)).

Despite needing to withdraw as counsel, *see* Smithey Declaration ¶¶ 3-5, SLG has been ordered to argue all pending motions on August 14, 2025, without this Court having provided the opportunity to present its reasons *in camera* for needing to withdraw. This will prejudice both Compass and SLG. *Id.* at ¶ 19. SLG does attest that the purported conflict between Smithey and George, which was raised for the first time by Schwaber approximately nine months after SLG entered its appearance in this matter and *after* SLG had already provided Compass notice of its intent to withdraw, is not a grounds for SLG's motion to withdraw, as there is no conflict due Smithey having served as a mediator in an unrelated matter between George and an individual who is not a party to this lawsuit.[5] *Id.* at ¶ 9; *id.* at Ex. 3.

As this Court noted at the hearing on July 28, 2025, SLG's withdrawal as counsel of record will necessarily require this Court's extension of the remaining litigation deadlines and/or the staying of these proceedings until Compass secures successor counsel. Although Defendants now argue that any modification to the scheduling order would somehow be prejudicial, these same Defendants firmly supported extending the remaining pretrial deadlines as recently as April 29, 2025, including extending the time to complete all discovery *for another twelve months through June of 2026*. *See* Consent Motion to Modify the Scheduling, dated April 29, 2025, executed by counsel of record for all Defendants. None of the Defendant articulated a compelling reason in

---

[5] Moreover, there is also no reason why George, who—unlike Compass—was a party to the *Bateman* litigation, failed to raise his misplaced concerns regarding a potential conflict immediately upon SLG entering its appearance in this action in October of 2024. Even if a conflict had existed, George waived such due to his transparently tactical delay *of nine months* raising this issue either with SLG or the Court. *See Balt. County v. Barnhart*, 201 Md. App. 682, 711-15 (Md. Ct. Spec. App. 2011) (considering whether a litigant's delay in raising a perceived conflict of interest was tactical in nature, and holding that, "through the County's inaction, despite ample prior notice of appellee's representation of Willis, and indeed, Rowe, the County waived the ability to request appellee's disqualification.").

recent briefing for this notable change in position or why this Court granting a brief extension to permit SLG's withdrawal and Compass to secure new counsel would unduly prejudice these proceedings.[6]

SLG and its client, Compass, will incur serious and immediate harm if the pending Motion to Withdraw is not immediately granted or, alternatively, not provided an *in camera* hearing prior to any remaining deadlines and/or events in this litigation. *See* Smithey Declaration ¶ 19. Accordingly, SLG hereby respectfully moves this Court to immediately grant its Motion to Withdraw under Rule 19-301.16(a)(1) or, alternatively, schedule an emergency *in camera* hearing *prior to* any further litigation deadline and/or even scheduled in this action, including the August 14 motions hearing, to present its reasons for needing to withdraw as counsel for Compass in this matter.

IV.   **CONCLUSION**

For the reasons discussed herein, SLG respectfully requests that the Court immediately grant its Motion to Withdraw under 19-301.16(a)(1) or in the alternative, schedule an *In Camera* Hearing on SLG's Motion to Withdraw to take place prior to any scheduled litigation event and/or deadline in this matter.

---

[6] Because SLG is unable to continue as counsel in this matter and a Circuit Court's denial of a Motion to Withdraw is subject to interlocutory appeal, it is likely that Defendants' continued objection to SLG withdrawing from the matter could *significantly* delay these proceedings. *See In re Franke*, 55 A.3d 713 (Md. Ct. Spec. App. 2012) (holding that a trial court's denial of an attorney's motion to withdraw is subject to immediate interlocutory appeal because any other result "would effectively deny the bar any means for seeking the reversal of what may prove to be an erroneous and extremely burdensome ruling, because to defer an appellate challenge to such a ruling until final judgment essentially renders it moot on arrival.")

Respectfully submitted,

SMITHEY LAW GROUP, LLC

_/s/ Joyce E. Smithey_
Joyce E. Smithey (AIS No. 0406150286)
Reuben W. Wolfson (AIS No. 1212130309)
David M.E. Moon (AIS No. 1512160128)
Liesel J. Schopler (AIS No. 0712110174)
706 Giddings Avenue, Suite 200
Annapolis, Maryland 21401
Phone: (410) 919-2990
Fax: (410) 280-1602
joyce.smithey@smitheylaw.com
reuben.wolfson@smitheylaw.com
david.moon@smitheylaw.com
liesel.schopler@smitheylaw.com
_Counsel for Plaintiff Compass Marketing, Inc._

**IN THE CIRCUIT COURT FOR**
**ANNE ARUNDEL COUNTY, MARYLAND**

COMPASS MARKETING, INC.       *

      Plaintiff,          *

                               **Case No. C-02-CV-23-000601**

v.                     *

DANIEL WHITE, *et al.*        *

      Defendants.       *

*    *    *    *    *    *    *    *    *    *    *    *    *

**DECLARATION OF JOYCE E. SMITHEY, ESQ.**

Joyce E. Smithey, Esq., in accordance with Maryland Rule 1-304, states as follows:

1.     I am over 18 years of age and am competent to testify in this matter.

2.     I am the managing partner of Smithey Law Group LLC ("SLG").

3.     There are urgent and significant reasons for SLG's withdrawal as counsel for Plaintiff Compass Marketing, Inc. ("Compass"). Notably, further representation of Compass by SLG in this matter would result in SLG violating the Maryland Attorneys' Rules of Professional Conduct and/or other laws. I cannot be more specific without violating attorney-client privilege and breaching SLG's duty of confidentiality and duty to avoid foreseeable prejudice to the rights of a client.

4.     SLG has tried unsuccessfully to resolve the issues.

5.     SLG is therefore required to withdraw from further representation of Compass pursuant to Maryland Attorneys' Rule of Professional Conduct 19-301.16(a)(1).

6.     On July 10, 2025, in accordance with Maryland Rule 2-132(b), SLG sent notice to Compass of its intent to move for withdrawal via electronic mail and USPS, and further advised

1

Compass Marketing, Inc. to have another attorney enter an appearance or to have another attorney enter an appearance.

7.    After having served Compass with SLG's notice of intent to withdraw, I received a letter, dated July 15, 2025, from Jeffrey M. Schwaber, Esq. ("Schwaber"), counsel for Defendants Michael White ("Michael"), Debra White and George White ("George"), alleging that I had a conflict from representing Compass in this matter because, in August 2022, I had served as a court-appointed mediator in an unrelated dispute wherein George sued a Ronald Bateman ("Bateman"), who is not a party to the matter at hand, for defamation. A true and correct copy of that letter is attached hereto as Exhibit 1. The letter demanded that I, who was out of town at the time, respond by close of business that very same day. SLG Senior Paralegal Donna McHugh responded on my behalf on July 16, 2025, noting that I was out of town and would respond "ASAP." A true and correct copy of that letter is attached hereto as Exhibit 2.

8.    Although I had previously analyzed the issue and related Rules of Professional Conduct and determined that there is no such conflict, given the seriousness of the accusation, I obtained an ethics opinion on whether a conflict exists and guidance on the response.

9.    I responded to Schwaber via letter, dated July 18, 2025, with a detailed explanation that, contrary to his allegations, there is no conflict in my representation of Compass due to having served as a court-appointed mediator in the unrelated defamation action between George and Bateman. A true and correct copy of that letter is attached hereto as Exhibit 3. Schwaber never responded to that letter and, as of the date of this filing, I have not received any direct communication from Schwaber about the purported conflict thereafter to further discuss or counter my explanation that his accusation is baseless.

10. On July 22, 2025, SLG informed opposing counsel via email of its intent to file a motion to withdraw. A true and correct copy of that email is attached hereto as Exhibit 4.

11. On July 22, 2025, Ty Kelly, Esq., counsel for Defendants Flywheel Digital LLC, James Columbus DiPaula, Jr., Patrick Miller, Alexander McCord, Ascential Ltd, and Informa plc (collectively, "Flywheel") responded by telephone and by email that Flywheel takes no position as to the Motion to Withdraw. A true and correct copy of that email is attached hereto as Exhibit 5.

12. On July 22, 2025, Sydney M. Patterson, Esq., counsel for Daniel and Kelly White responded by email that its clients take no position as to the Motion to Withdraw. A true and correct copy of that email is attached hereto as Exhibit 6.

13. On July 22, 2025, Judith G. Cornwell, Esq., counsel for Defendants Michael, Debra and George White, responded by email that her clients do not object to the motion to withdraw. A true and correct copy of that email is attached hereto as Exhibit 7.

14. On July 22, 2025, Compass, via email, consented to SLG withdrawing as its counsel.

15. On July 23, 2025, SLG filed a motion to withdraw ("Motion to Withdraw"), expressly noting that Compass consented thereto and that SLG would provide the Court with the underlying reasons for the withdrawal via in camera review.

16. On July 26, 2025, Flywheel, contrary to its prior representation to SLG, filed an opposition to the Motion to Withdraw, which states several inaccuracies and misconstrues the facts.

17. On the morning of July 28, 2025, the date of this Court's scheduled hearing on the Motion to Withdraw, as well as other motions, George and Michael (collectively, "White Defendants") filed a response to the Motion to Withdraw, stating the White Defendants have "no opposition to the withdrawal of Ms. Smithey and her firm as counsel in this matter," and further

3

claiming that the White Defendants will file a motion to disqualify SLG in the event that the Motion to Withdraw is denied. The White Defendants' response makes several egregious misrepresentations.

18.    Following a motions hearing before the Court on July 28, 2025, the Court ordered a hearing on all outstanding motions, including the Motion to Withdraw, on August 14, 2025.

19.    Having SLG continue to represent Compass as ordered will prejudice both SLG and Compass and will result in SLG suffering substantial and immediate harm.

20.    Further, Affiant sayeth naught.

I solemnly affirm under penalties of perjury and upon personal knowledge that the contents of this document are true.

_____/s/ Joyce Smithey_____
Joyce E. Smithey, Esq.

Dated:  August 4, 2025

4