# EXHIBIT 3

# SMITHEY
# LAW GROUP

LABOR & EMPLOYMENT LAW

Joyce E. Smithey, Esq.
joyce.smithey@smitheylaw.com
Phone: (410) 919-2990

July 18, 2025

**VIA E-MAIL: jschwaber@steinsperling.com**

Jeffrey M. Schwaber, Esq.
Stein Sperling Bennet DeJong Driscoll, P.C.
1101 Wootton Parkway
Suite 700
Rockville, Maryland 20852

   Re: *Compass Marketing, Inc. v. Daniel White, et al.*
       Case No. C-02-CV-23-000601

Dear Mr. Schwaber:

   In your letter dated July 15, 2025, you requested a "written response from [me] to set forth [my] position as to why [I] feel [I am] not conflicted from undertaking [my] role here as counsel suing George White." This letter constitutes my response.

   As your letter implicitly acknowledges, George White is not a former client of me or my law firm. For that matter, none of the Defendants in the above-referenced case are former clients or me or my law firm.

   In August 2022, I acted as the court-appointed mediator in the case *George White v. Ronald Bateman*, Circuit Court for Anne Arundel County, Case No. C-02-CV-21-000778 ("Prior Action"). While I had no recollection of the Prior Action until you wrote to me, your letter refreshed my recollection that the Prior Action was a lawsuit brought by George White against Ronald Bateman ("Mr. Bateman") for defamation. The Prior Action was not resolved by the parties. Rather, the Prior Action went to trial, and as the docket reflects, George White lost the Prior Action claim before I began to represent Compass Marketing, Inc. ("Compass") in the pending lawsuit that is the subject of your letter.

   Compass was not a party to the Prior Action. Mr. Bateman is not a party to the pending action in which I represent Compass. The pending action does not involve a defamation claim. I disagree, therefore, with your contention that the pending action in which I represent Compass is a "related matter" to the Prior Action.

   In your letter, you correctly observe that the position of my client, Compass, is "directly adverse to George White[.]" As noted above, however, George White is not a former client of me or my law firm in any matter, much less a former client in the same or a substantially related

Jeffrey M. Schwaber, Esq.
July 18, 2025
Page 2

matter. Maryland Attorneys' Rule of Professional Conduct ("MARPC") 19-301.9, therefore, is inapplicable. Even if MARPC 19-301.9 were applicable, furthermore, the Prior Action is not the same or a substantially related matter to the pending action in which I represent Compass.

MARPC 19-301.12 applies to, *inter alia*, attorneys who serve as mediators. MARPC 19-301.12 prohibits an attorney who has participated personally and substantially as a mediator from subsequently representing anyone in the matter in which the mediation occurred unless all parties to that proceeding give informed consent, confirmed in writing. If George White or Mr. Bateman had requested after the mediation that I represent them in the Prior Action in which I served as mediator, MARPC 19-301.12 would have applied. MARPC 19-301.12 is inapplicable, however, to my representation of Compass in the pending action. MARPC 19-302.4 establishes, *inter alia*, that parties to an action in which an attorney serves as mediator are not clients of the attorney who serves as mediator. Similar to the plain language of MARPC 19-301.12, *supra*, Comment 4 to MARPC 19-302.4 also establishes that the scope of conflicts of interest for an attorney who serves as mediator in a matter is limited to situations in which the attorney is subsequently asked to represent a client in the same matter: "An attorney who serves as a third-party neutral subsequently may be asked to serve as an attorney representing a client in the same matter. The conflicts of interest that arise for both the individual attorney and the attorney's law firm are addressed in Rule 19-301.12 (1.12)."

My representation of Compass in the pending action is also consistent with The Maryland Standards of Conduct for Mediators adopted by the Supreme Court of Maryland (formerly Court of Appeals of Maryland). I have no attorney-client relationship in the pending action with a person who was a participant in the mediation in the Prior Action. The subject of the dispute in the Prior Action was whether Mr. Bateman defamed George White. The subject of the dispute in the pending action in which I represent Compass is not whether Mr. Bateman defamed George White. There are no defamation claims in the pending action in which I represent Compass. A significant amount of time had elapsed, moreover, between the court-ordered mediation in the Prior Action and the commencement of my representation of Compass in the pending action, and in the interim the Prior Action had already gone to trial and concluded.

Maryland Rule 17-105 and the Maryland Mediation Confidentiality Act, Maryland Code Annotated, Courts and Judicial Proceedings Article("CJP") §§3-1801-3-1806, establish that mediation communications are confidential, subject to the exceptions in CJP §3-1804. I have no specific recollection of mediation communications made by George White or Mr. Bateman in the Prior Action. If I did have a specific recollection of mediation communications made by George White or Mr. Bateman in the Prior Action, however, I would abide by Maryland Rule 17-105 and CJP §3-1803 and maintain the confidentiality of their mediation communications.

Sincerely,

*[signature]*

Joyce E. Smithey

JES/dm