IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ASHLEY BOSHEA as Administrator of the Estate of DAVID JOHN BOSHEA,**<br><br>　**Plaintiff,**<br><br>　v.<br><br>**COMPASS MARKETING, INC.,**<br><br>　**Defendant.** | **Civil Action No. 1:21-CV-00309-ELH** |

**OPPOSITION TO NON-PARTY MICHAEL R. WHITE'S MOTION
TO SET MATTER FOR HEARING**

Defendant Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Opposition to the Motion to Set Matter for Hearing filed by Michael R. White ("Motion"). As explained in greater detail below and in Compass Marketing's Opposition to Motion for Sanctions filed on June 27, 2024 (ECF 272),[1] Michael White's Motion should be denied because there is absolutely no merit whatsoever to the assertions of wrongdoing (which should be evident on the face of the Motion), and there is no reason to set this matter for a hearing. Indeed, it should be abundantly clear from a cursory review of Michael White's Motion that the Motion is frivolous and intended to further Michael White's never-ending campaign to annoy and harass Compass Marketing and its counsel so that they waste time and resources responding to a frivolous filings, including the instant Motion.

---

[1] Compass Marketing notes that Local Rule 105.8(b) does not require a party to respond to any motion filed pursuant to Fed. R. Civ. P. 11 or 28 U.S.C. § 1927 unless the Court requests a response. This Court has not yet requested that Compass Marketing respond to Michael White's Motion and, as such a response from Compass Marketing is not even required. Nevertheless, Compass Marketing does not want to leave Michael White's baseless allegations left unrebutted.

As the Court is aware, on or about May 21, 2024 (more than 15 months ago), Michael White filed a baseless Motion for Sanctions, in which he sought sanctions against Compass Marketing and its attorneys (one of whom withdrew from representing Compass Marketing on or about November 18, 2022 (ECF 123)).[2] *See* ECF 269 (Motion for Sanctions). Although the Court did not require Compass Marketing or its attorneys to file a response pursuant to Local Rule 105.8(b), in order to rebut Michael White's baseless and defamatory allegations, on June 27, 2024, Compass Marketing filed an Opposition to Michael White's Motion for Sanctions. *See* ECF 272 (Opposition to Motion for Sanctions).[3] Compass Marketing thoroughly addressed Michael White's Motion for Sanctions in its Opposition to the Motion for Sanctions. Therefore, Compass Marketing incorporates by reference the entirety of the Opposition filed on June 27, 2024 as if fully set forth herein. Michael White then filed a Reply to the Opposition on or about June 27, 2023, docketed as ECF 273. Though the Motion for Sanctions has been ripe for over one year, the Court has not yet ruled on the Motion for Sanctions (nor is it required even to entertain or devote any time or resources to ruling on such a baseless filing by a non-party).

Michael White has now filed the currently pending Motion, in which he requests that the Court hold a hearing on the following issues:

> 1. Whether filings against [Michael White] in this case were knowingly authorized and filed in bad faith by Compass Marketing's counsel in this case to influence the fraudulent federal "RICO" case and the Anne Arundel Case;

---

[2] Because Ms. Yeung is no longer employed by undersigned counsel's firm, she has not reentered her appearance in this case to oppose the Motion, but, nevertheless, she has had the opportunity to review this Opposition and concurs with the positions taken herein.

[3] Michael White's Motion states that "Attorneys Stephen B. Stern, and Heather K. Yeung, and Kagan Stern Marinello & Beard, LLC never filed any request for extension, nor any opposition, nor any other response to the Motion for Sanctions." *See* ECF 367 at 1 (emphasis in original). While the Opposition to the Motion for Sanctions was not filed by Compass Marketing's attorneys in their individual capacities, the Opposition was filed by undersigned counsel and it clearly explained why the entirety of the Motion for Sanctions must be denied as to all parties. *See* ECF 272 at 3-20.

> 2. The extent to which fraudulent filings in this *Boshea* case have been used to mislead courts and harass non-parties, including [Michael White], and unnecessarily delay this case; and
>
> 3. Appropriate sanctions and remedies under Rule 11 , 28 U.S.C. § 1927, and the Court's inherent authority.

*See* ECF 367 at 2.

Michael White's current Motion fails to raise any bases as to why sanctions would be warranted against Compass Marketing or its attorneys in this case, *Ashley Boshea, as Administrator of the Estate of David J. Boshea v. Compass Marketing, Inc.* (the "Boshea case"). Instead, the Motion is based on actions supposedly taken in a different case (and by different attorneys) filed in the Circuit Court for Anne Arundel County, Maryland (*Compass Marketing Inc vs. Debra White, et al.*, C-02-CV-23-000601) (the "Anne Arundel case"), *after* the Motion for Sanctions was originally filed (namely the dismissal of the Anne Arundel case after Michael White's Motion to Dismiss the complaint for failure to state a claim was denied without a hearing).[4] Obviously, this Court has not presided over the Anne Arundel case and has no knowledge of the conduct or actions taken by Compass Marketing or its attorneys in that matter (or the Federal case). Moreover, Compass Marketing's lead attorney in this case, Stephen B. Stern, does not even represent Compass Marketing in the Anne Arundel case and has not represented Compass Marketing in that matter for more than nine months.[5]

---

[4] Michael White's frivolous Motion also alludes to what he describes as the "fraudulent 'RICO' lawsuit" without identifying that lawsuit, but, presumably, that reference is to a different lawsuit filed in the United States District Court for the District of Maryland (*Compass Marketing, Inc. v. Flywheel Digital LLC, et al.*, GLR-22-379 (D. Md.) (the "Federal case")), where undersigned counsel did not enter their appearance and were not counsel of record.

[5] While undersigned counsel is fully confident that neither Compass Marketing nor its counsel in the Anne Arundel case engaged in any conduct that even remotely approaches sanctionable conduct, it is not feasible to sanction an attorney for conduct over which the attorney does not even take or control. As a practical matter, Michael White concedes that Mr. Stern is not counsel in the Anne Arundel County case, and he tries to gloss over that glaring deficiency by contending in a conclusory manner that Mr. Stern and his firm "will likely now feign to have nothing to do with the Anne Arundel [c]ase." *See* Mtn. at 2. Michael White further dissembles by asserting that Mr. Stern was "masquerading as counsel for Compass" Marketing in the Anne Arundel case in court on June 23, 2025 (the date that motions to dismiss by other defendants were mostly denied), but, notably, he does not assert that Mr. Stern entered

3

For the reasons already set forth in the Opposition to Motion for Sanctions, Compass Marketing's filings of the following pleadings were neither frivolous nor warrant sanctions: Compass Marketing's Counterclaim and Third-Party Complaint (ECF 38), filed on August 26, 2021; Compass Marketing's Motion for a Civil Contempt Sanction on a Non-Party (ECF 63), filed on October 25, 2021; and Compass Marketing's Motion to Compel Deposition Testimony of Non-Parties Daniel White and Michael White and Extend Number of Deposition Hours for Fact Witnesses (ECF 81), filed January 14, 2022.

For the detailed reasoning in Compass Marketing's Opposition to Michael White's Motion for Sanctions (ECF 272), as well as the fact that Michael White raises no new allegations against Compass Marketing or its attorneys that would warrant sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the "Court's inherent authority," the Court should deny both Michael White's Motion for Sanctions (ECF 269) and the Motion to Set Matter for Hearing (ECF 367), and it should award Compass Marketing the attorneys' fees and costs it incurred having to respond to such utter nonsense in both motions as part of a never-ending campaign to harass and waste the resources of Compass Marketing and its counsel.

---

his appearance, sat at counsel's table, or even addressed the court that day (that is because Mr. Stern simply sat in the gallery as an observer).

Dated:  September 3, 2025               Respectfully submitted,

                                        */s/Stephen B. Stern*
                                        Stephen B. Stern, Bar No.: 25335
                                        Shannon M. Hayden, Bar No.: 30380
                                        KAGAN STERN MARINELLO & BEARD, LLC
                                        238 West Street
                                        Annapolis, Maryland 21401
                                        (Phone): (410) 216-7900
                                        (Fax):  (410) 705-0836
                                        Email:  stern@kaganstern.com
                                        Email:  hayden@kaganstern.com

                                        *Counsel for Defendant*
                                        *Compass Marketing, Inc.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 3rd day of September, 2025, the foregoing Opposition to Michael R. White's Motion to Set Matter for Hearing was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo<br>Gilbert Employment Law, PC<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, Maryland 20910<br>Email: tgagliardo@gelawyer.com | Gregory J. Jordan<br>Mark Zito<br>Jordan & Zito, LLC<br>350 N. LaSalle Drive, Suite 1100<br>Chicago, Illinois 60654<br>Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*


And on September 4, 2025, by first-class mail, postage prepaid, on the following:

Michael R. White
39650 Hiawatha Circle
Mechanicsville, Maryland 20659


                                                 */s/ Stephen B. Stern*
                                                 Stephen B. Stern