Ashley Boshea, Administrator for the Estate of David Boshea, Plaintiff,
v.
Compass Marketing, Inc., Defendant.
No. 1:21-cv-00309-ELH

**HD**

Movant's Reply
to Compass Marketing's Opposition to Request for Sanctions

(Request for Hearing)

Rcv'd by: _em_

USDC - GREENBELT
'25 SEP 17 AM 9:42

Michael R. White ("Movant"), representing himself, files this Reply to Compass Marketing's opposition to Movant's request for sanctions [ECF 368].

Compass is a Virginia Corporation that was headquartered in Maryland. The owners of Compass are Daniel White ("Daniel"), Michael White ("Michael"), and John White ("John")[1]. John and his counsel sometimes pretend that John is the "CEO" of Compass, but he is not.

Movant reiterates that Compass Marketing, Inc. ("Compass") and their counsel, Stephen B. Stern, Heather K. Yeung, and Kagan, Stern, Marinello & Beard, LLC violated Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 by their malicious conduct against Movant in this *Boshea* case, particularly their unsuccessful[2] motions for sanctions, unsuccessful request for additional deposition time, unsuccessful request to incarcerate Movant, unsuccessful bogus third-party

---

[1] A review of the records of the Virginia State Corporation Commission indicates that John resigned as CEO in 2021 and has during this litigation in a musical chairs fashion given himself various corporate roles including "CEO", Executive Chairman, Chairman, President, Director, sole Director, etc. During this litigation, John and his counsel also presented Todd Mitchell and Larry McWilliams as "co-CEO" and "CEO" of Compass, and numerous parties as "President" and "Directors". John is not the "CEO", the "Executive Chairman", or "the majority shareholder" of Compass - nor any of the other disguises he assigns himself. John did not "terminate" Daniel or Michael, nor did he have the authority to terminate them.

[2] Unsuccessful, unless counsels' goal was, as Movant contends, to harass, smear, embarrass, and bankrupt Movant and his family, in which case they were somewhat successful.

complaint, unsuccessful bogus claims to the Maryland Judicial Disabilities Commission (MJDC), and the "fishing expedition" deposition itself in bad faith and for improper motives.

Movant requests that the Court incorporate in this replay previous filings in this case, including:

1.      ECF 017 – Compass (false) disclosure statement wherein John White and counsel pretended that Compass and Tagnetics were affiliated.

2.      ECF 031 – Daniel White's motion to quash a subpoena issued by counsel and for a protective order wherein Daniel White first advised the Court that John White and counsel did not actually represent Compass Marketing. (GRANTED in part).

3.      ECF 033 – Movant's motion to quash a subpoena issued by counsel and for a protective order wherein Movant first advised the Court that John White and counsel did not legitimately represent Compass Marketing.

4.      ECF 036 – James DiPaula's motion to quash improper subpoena issued by counsel (GRANTED).

5.      ECF 038 – John White and counsel's bogus "counterclaim" against David Boshea and "John Doe" (i.e. Daniel White and Movant).

6.      ECF 044 - Daniel White's reply to Compass Marketing regarding Daniel White's motion to quash subpoena and for a protective order.

7.      ECF 049 - Movant's reply to Compass Marketing regarding Movant's motion to quash subpoena and for a protective order.

8.      ECF 063 – Compass, Attorney Stern's and Attorney Yueng's unsuccessful motion for sanctions including a ludicrous request for incarceration for civil contempt.

9.      ECF 064 – Compass, Attorney Stern's and Attorney Yueng's unsuccessful motion for sanctions including a ludicrous request for incarceration for civil contempt.

10.     ECF 067 – Movant's opposition to outrageous motion for sanctions, by counsel.

11.     ECF 081 – Compass Attorney Stern's and Attorney Yueng's unsuccessful Motion to compel Movant's additional deposition filed by counsel.

12.     ECF 089 – Movant's response to Compass Marketing's motion to compel additional deposition testimony.

13.     ECF 092 – ORDER Denying Compass Marketing's ludicrous motions and calling Compass Marketing's actions "a fishing expedition"[3].

## REPLY

The Court did indeed order Compass to file a response to Movant's Request for Sanctions, in ECF 271 (June 27, 2024) and used the order proposed by Compass to do so.  In footnote 1 of their opposition, Compass Marketing indicates that *"This Court has not yet requested that Compass Marketing respond to Michael White's Motion ..."* Movant incorporates here ECF 271, this Court's Order that *"any opposition to the Motion for Sanctions shall be filed on or before June 27, 2024."*   As in prior filings, Compass Marketing Inc is the only answer the

---

[3] At the outset of this litigation, Compass and their counsel filed a Motion for Civil Contempt Sanctions on a Nonparty [ECF 063], improperly seeking to have the Court hold Movant in contempt, sought punitive damages payable to Compass and counsel, and literally asked this Court to incarcerate Movant. After a full day deposing Movant, Compass and their counsel filed a Motion to Compel and Extend the Number of Deposition Hours of Nonparties against Movant. [ECF 081].  The Court referred those motions to United States Magistrate Judge A. David Copperthite, who scheduled them for a hearing. Judge Copperthite determined, based upon review of the deposition transcripts and exhibits in this case, that ***"Michael is a third-party dragged into this litigation as part of what appears to be a fishing expedition"*** and ***"[b]ased on the deposition transcript (ECF No. 74-02), I agree that the matters sought in the previous deposition appear to go outside of what was permitted in my previous Order …".*** [ECF 092]

court has received.  All attorneys and law firms have ignored the court's order and stood silent with no response.

In the case of irony run amok, Compass Marketing complains that Movant's request for reimbursement of attorney fees is frivolous, and that Movant has made this filing only to waste time. The Court was able to observe John White's demeanor and testimony firsthand and can consider whether the jury trials themselves presented meritorious defenses or were simply designed to delay having to pay a proper debt of the company and to harass and smear Mr. Boshea and Movant in the process. If it was the latter, as Movant contends, then their antics cost Compass an additional two million dollars, plus Compass' enormous counsels' fees. Since John and counsel were never actually representing the interest of Compass and their stakeholders, and have no intention of ever paying this judgment, an additional two million dollars is of little concern to John and counsel. Interestingly, some parties have recently filed corporate documents with the Secretary of State in the State of Washington for "Compass Marketing, Inc." listing the same phony "Chief Administrative Officer" as the Maryland Compass (Karen Fox and Erin Songer, both Annapolis Compass Marketing Inc employees), but a different "Chief Financial Officer" than the Maryland company. Shockingly, their does not seem to be a mention of John White or Ronald Bateman. [Exhibit 8].

When evaluating which party has engaged in a "never-ending campaign to annoy and harass", Movant asks this Court to consider Compass Marketing and their counsels':

1. Ludicrous request to incarcerate Movant for civil contempt.

2. Request for additional deposition, after their first fishing expedition.

3. Request to depose Movant's son, also denied as frivolous.

4. Inclusion of Movant's wife on Compass' witness list.

5.  Immediate presentation of the transcript of Movant's deposition in *Boshea* to the Maryland Judicial Disabilities Commission, which deemed counsels' allegations to be without merit.

6.  False allegations to numerous administrative bodies and law enforcement agencies, which all deemed them to be without merit.

7.  Bogus "counterclaim" in this case[4].

8.  Bogus federal "RICO" lawsuit.

9.  Bogus Maryland $24,000,000,000 "RICO" lawsuit.

10.  Bogus actions in Chicago probate court and despicable false allegations against Ashley Boshea.

11.  Including on Compass witness list Movant's wife, who has literally never met David Boshea.

12.  Including bogus allegations against David Boshea in their garbage "RICO" lawsuit filed in Maryland, in which all counts against all parties have been dismissed with prejudice, and which four attorneys were granted "emergency" leave to withdraw so as not to continue to violate the Maryland Attorney Rules of Professional conduct and/or other laws.

---

[4] On August 26, 2021, Compass and their counsel attempted to drag Movant further into this *Boshea* litigation through a thinly veiled (and false) "John Doe" Counterclaim and Third-Party Complaint. [ECF 038]. Included as part of the nonsense third-party accusations, Compass, and their counsel, alleged that Boshea had conspired with "John Doe" to "receive additional 'off-payroll payments' in bi-weekly increments of $350 … which Boshea was not entitled to receive". [ECF 038]. Compass later admitted that John did authorize the payments, and they were plainly included in Boshea's paychecks and taxable income for more than 12 years in more than 250 payroll statements. Nevertheless, Compass and their counsel kept this charade up against Movant until they finally "reluctantly" withdrew their false claims with a single sentence buried in the Pretrial Order on the eve of the trial <u>more than two years later</u>. [ECF 195].

Counsel continues their dishonesty with this Court here, in their very opposition to Movant's request for attorney fees and costs. For example, counsel states on in footnote 4 on page 3 of their most recent filing [ECF 368] that *"undersigned counsel did not enter their appearance and were not counsel of record"* in *Compass Marketing, Inc. v. Flywheel Digital LLC et al.*, GLR-22-379 (D.Md.). That is simply not true. Attached are: 1) the entry of appearance by Attorney Stern and his firm in United States Court of Appeals for the Fourth Circuit No. 23-1324, Compass Marketing v. Flywheel Digital LLC, 2) [Exhibit 1]. the appeal brief filed by Attorney Stern and his firm, [Exhibit 2]. 3) the reply brief filed by Attorney Stern and his firm, [Exhibit 6]. and 4) the opinion of the Court stating: *"ON BRIEF: Stephen B. Stern, Michael Marinello, Meagan C. Borgerson, KAGAN STERN MARINELLO & BEARD, LLC, Annapolis, Maryland, for Appellant."* [Exhibit 3][5]. In his motion for a continuance, Attorney Stern refers to himself as "lead counsel on this appeal". [Exhibit 4].

Similarly, attached is the docket report for the bogus Anne Arundel "RICO" case, where Attorney Stern is the only active attorney listed for Compass. [Exhibit 5]. Movant does not concede that Mr. Stern is not counsel in the Anne Arundel case. Attorney Smithey and her firm were the scribes, but Attorney Stern has always been the author.

---

[5] In their *Flywheel* filings, John and Mr. Stern repeatedly lie. I do not mean to be rude, but six years seems like long enough to pretend that John and Mr. Stern represent Compass. In their court filings, John and counsel repeatedly and specifically indicate that they did not know that Compass "trade secrets" had been "stolen" until January 20, 2020, when Compass "Controller" Luis Fernandez[5] ("Fernandez") supposedly discovered a 2015 article written by Flywheel on the internet website Profitero.com. *See* USCA4 Appeal 1324 at p. 2, 9, 10, 11, 16 (twice), 17, 23, 24 (four times), 29, 3032, 34, 37, JA57, JA19-20 ¶11, and JA60 ¶191. Compass and their counsel repeatedly allege that they had absolutely no idea there was a basis to concoct a "RICO complaint" against Movant and Flywheel until January 2020 when Fernandez performed a Google search and discovered the five-year-old Flywheel article on Profitero.com. Those statements are demonstrably false, and frame the "secret" reason that Attorney Stern's co-counsel in the Anne Arundel "RICO" case (Attorney Smithey) had to make an "emergency" exit, under the guidance of ethics expert Mr. Frederick. [Exhibit 3 and Exhibit 4].

Even a cursory review of the deposition of Movant by Compass and their counsel in this matter will show that the purpose of John and counsels' actions in this matter was not to develop information in *Boshea* but rather to create the false report to MJDC and also to fabricate a basis for a fraudulent companion case that John and Mr. Stern filed immediately after Movant's deposition in this matter: *Compass Marketing, v. Flywheel, et al*. 1:22-cv-00379-GLR ("*Flywheel*"). [ECF 092]. Movant requests the Court consider both the actions of John and his counsel in *Boshea* and *Flywheel* together because they are both filed in this Court and share a common scheme and purpose – retribution against Movant for exposing their unlawful activity.

<u>CONCLUSION</u>

For the foregoing reasons, under Fed. R. Civ. P. 11, 28 U.S.C. § 1927 and the Court's inherent authority, Movant respectfully requests this Court enter an Order sanctioning both Plaintiff and his counsel and awarding Movant attorneys' fees, costs and damages incurred in connection with this action, and in bringing this Motion, and associated damages, and any further appropriate remedies.

Respectfully Submitted,

Michael R. White
39650 Hiawatha Circle
Mechanicsville, MD 20659
301-481-5986
michaelrwhite@comcast.net

Certificate of Service

I hereby certify that on this 17ᵗʰ day of September, a copy of this notice was sent via first class mail, postage paid to counsel of record.

Stephen B. Stern Esq
Kagan Stern Marinello & Beard LLC
238 West Street
Annapolis Maryland 21401

Heather K. Yeung Esq
Davis, Agnor, Rapaport & Skalny LLC
11000 Broken Land Parkway Suite 600
Columbia Md 21044

Gregory J. Jordan Esq
Jordan & Zito LLC
350 North LaSalle Street Suite 1100
Chicago IL 60654

Thomas J. Gagliardo Esq
Gilbert Employment Law PC
1100 Wayne Ave Suite 900
Silver Spring Maryland 20910

Jonathan P.Kagan
Managing Partner
Kagan Stern Marinello & Beard LLC
238 West Street
Annapolis Maryland 21401

Michael R. White
39650 Hiawatha Circle
Mechanicsville Md 20659
michaelrwhite@comcast.net