[Exhibit 7]

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
### DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 23-1324 |
| **Originating No. & Caption** | 1:22-cv-00379-GLR, Compass Marketing, Inc. v. Flywheel Digit |
| **Originating Court/Agency** | United States District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 02/24/2023 | |
| Date notice of appeal or petition for review filed | 03/24/2023 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Compass Marketing, Inc.'s 85-page Complaint pleaded, in considerable detail, allegations setting out actionable claims for relief against all Defendants. The Complaint lay bare intersecting schemes by and among the Flywheel Defendants to misappropriate Compass's trade secrets, unfairly compete with Compass, tortiously interfere with Compass's client relationships, and breach confidentiality obligations owed to Compass, among other actionable conduct, all carried out in secret to unjustly enrich all conspirators, and by and among the White Defendants to misappropriate funds, enrich themselves, advantage Compass's competitors (including Defendants Ascential plc and Flywheel Digital LLC, along with Defendants DiPaula and Miller), and – after they were terminated from Compass – inflict devastating harm on Compass and sabotage Compass's relationships with its remaining clients. |

Compass alleges a litany of claims: violation of the Defend Trade Secrets Act of 2016 ("DTSA") against Flywheel Defendants (Count I); violation of the Maryland Uniform Trade Secrets Act ("MUTSA") against Flywheel Defendants (Count II); civil RICO under 18 U.S.C. § 1962(c) against all Defendants (Count III); civil RICO conspiracy under 18 U.S.C. § 1962(d) against all Defendants (Count IV); breach of contract against DiPaula and Miller (Count V);

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

(1) Whether the lower court erred in dismissing Appellant's claims against the Flywheel Defendants for violations of the DTSA and civil RICO on statute of limitations grounds at the motion to dismiss stage without leave to amend;

(2) In what may be a matter of first impression, whether the lower court erred in applying the discovery rule and failing to apply the "continuing harm" doctrine to toll the applicable statute of limitations to Appellant's trade secrets claims;

(3) Whether the lower court erred in dismissing Appellant's civil RICO claims against the White Defendants, without leave to amend, for Appellant's purported failure to establish that the White Defendants were engaged in an "enterprise."

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Flywheel Digital LLC | Adverse Party: James Columbus DiPaula, Jr. |
| Attorney: Alison Cate Schurick* <br> Address: 100 Light Street, 19th Fl. <br> Baltimore, MD 21202 | Attorney: Alison Cate Schurick* <br> Address: 100 Light Street, 19th Fl. <br> Baltimore, MD 21202 |
| E-mail: aschurick@bakerdonelson.com | E-mail: aschurick@bakerdonelson.com |
| Phone: (410) 685-1120 | Phone: (410) 685-1120 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: Patrick Miller | Adverse Party: Daniel J. White |
| Attorney: Alison Cate Schurick* <br> Address: 100 Light Stret, 19th Fl. <br> Baltimore, MD 21202 | Attorney: Bruce L. Marcus* <br> Address: 6411 Ivy Ln., Suite 116 <br> Greenbelt, MD 20770 |
| E-mail: aschurick@bakerdonelson.com | E-mail: bmarcus@marcusbonsib.com |
| Phone: (410) 685-1120 | Phone: (301) 441-3003 |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Compass Marketing, Inc.<br><br>Attorney: Stephen B. Stern<br>Address: 238 West Street<br>          Annapolis, MD 21401<br><br><br>E-mail: stern@kaganstern.com<br><br>Phone: 410-216-7900 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Stephen B. Stern          **Date:** April 6, 2023

**Counsel for:** Appellant Compass Marketing, Inc.

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

**_Compass Marketing, Inc v. Flywheel Digital LLC_**
**No. 23-1324**

**Docketing Statement**


**Nature of Case, Continued:**

tortious interference with contract against DiPaula, Miller, and Flywheel (Count VI); tortious interference with prospective advantage against DiPaula, Miller, and Flywheel (Count VII); unfair competition against Flywheel Defendants (Count VIII); unjust enrichment against Flywheel Defendants (Count IX); fraudulent concealment/fraud against all Defendants (Count X); conspiracy to misappropriate trade secrets against all Defendants (Count XI); conspiracy to breach contract against DiPaula and Miller (Count XII); conspiracy to tortiously interfere with contracts against DiPaula, Miller, and Flywheel (Count XIII); conspiracy to tortiously interfere with prospective advantage against DiPaula, Miller, and Flywheel (Count XIV); conspiracy to unfairly compete against all Defendants (Count XV); conspiracy to commit fraudulent concealment/fraud against all Defendants (Count XVI); aiding and abetting misappropriation of trade secrets against DiPaula, Miller, and Flywheel (Count XVII); aiding and abetting tortious interference with contracts against DiPaula, Miller, and Flywheel (Count XVIII); aiding and abetting tortious interference with prospective advantage against DiPaula, Miller, and Flywheel (Count XIX); aiding and abetting unfair competition against DiPaula, Miller, and Flywheel (Count XX); aiding and abetting fraudulent concealment/fraud against all Defendants (Count XXI); conversion against Michael and George White (Count XXII); and finally breach of fiduciary duty against Daniel and Michael White (Count XXIII).

The lower court granted the Flywheel Defendants' Motion to Dismiss as it related to violations of the DTSA and civil RICO based on statute of limitations grounds, and granted the White Defendants' Motion to Dismiss as it related to the civil RICO claim on the grounds that Compass failed to establish an "enterprise." Because the remaining causes of action sounded in state law, the lower court dismissed the remaining claims with leave to file those claims in state court. The lower court failed to give Compass leave to amend its complaint to cure the alleged deficiencies noted and did not allow the case to proceed to discovery.


**Adverse Parties, Continued:**

Adverse Party:     Michael White
Attorney:          Jeffrey M. Schwaber*
                   Stein Sperling Bennett De Jong Driscoll PC
                   1101 Wootton Parkway
                   Rockville, MD 20852
Email:             jschwaber@steinsperling.com
Phone:             (301) 354-8110

Adverse Party:     George White
Attorney:          Jeffrey M. Schwaber*
                   Stein Sperling Bennett De Jong Driscoll PC
                   1101 Wootton Parkway
                   Rockville, MD 20852
Email:             jschwaber@steinsperling.com
Phone:             (301) 354-8110


Adverse Party:     Ascential PLC
Attorney:          Alison Cate Schurick*
                   Baker Donelson
                   100 Light Street
                   19th Floor
                   Baltimore, MD 21202
Email:             aschurick@bakerdonelson.com
Phone:             (410) 685-1120


* Counsel of record in the United States District Court for the District of Maryland action, Case No. 1:22-cv-00379-GLR

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __23-1324__      Caption: __Compass Marketing, Inc. v. Flywheel Digital LLC, et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Compass Marketing, Inc.__
(name of party/amicus)

_____

who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?                              ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                        ☐ YES ☑ NO
   If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?                         ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)          ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?                              ☐YES ☑NO
    If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.  Is this a criminal case in which there was an organizational victim?                ☐YES ☑NO
    If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Stephen B. Stern                         Date:       April 6, 2023

Counsel for: Appellant Compass Marketing, Inc.

- 2 -

Print to PDF for Filing