**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| **ASHLEY BOSHEA, ADMINISTRATOR OF THE ESTATE OF DAVID JOHN BOSHEA (PETITION PENDING),** | * * * * | |
| **Plaintiff,** | * * | |
| **v.** | * * | **Case No. 1:21-CV-00309-ELH** |
| **COMPASS MARKETING, INC.** | * * | |
| **Defendant.** | * * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

**RESPONSE TO MOTION DEFENDANT COMPASS MARKETING, INC.'S MOTION FOR RELIEF FROM A JUDGMENT, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**

Ashley Boshea, administrator of the Estate of David John Boshea, ("David Boshea") for her response in opposition to Compass Marketing, Inc.'s Motion for Relief from a Judgment, or, in the Alternative, for a New Trial, states:

### INTRODUCTION

After losing at trial not once, but twice, Compass Marketing, Inc. seeks another trial. However, it has provided no basis for the relief it seeks. Contrary to its claims, Donna Eisenberg, David Boshea's expert witness, did not express new opinions at the trial, nor did the Court or anyone other than Compass decide that Compass' expert, Jeffrey Payne, not present rebuttal testimony. Despite Compass's claims, no grounds exist for the extraordinary relief it seeks.

First, Compass seeks relief under Federal Rule of Civil Procedure Rule 60(b)(3), which permits relief from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." However, the Fourth Circuit has consistently held that such relief is extraordinary and must be supported by clear and convincing evidence. Compass fails to meet this burden.

When considering the situation which Compass claims gives rise to its motion, Compass admitted that the issue was unimportant:

> THE COURT: Can she go forward with the testimony and iron this out later because how would this make any difference in the long run? Are you going to technically question her about the peaks and valleys and the ebbs and the flows?
>
> MR. STERN: Probably not, Your Honor.
>
> August 6, 2025 Transcript at p. 22:12-17, attached as Exhibit A.

**II. Legal Standard for Motions under FRCP Rule 60(b)(3)**

A party seeking relief from judgment must, as a threshold matter, demonstrate the existence of a meritorious claim or defense. *Id.* A movant seeking relief under subsection (b)(3) must prove by clear and convincing evidence fraud or misconduct that prevented him from fully and fairly presenting his claim or defense. *Harris v. Mapp*, 719 F. Supp. 1317, 1324 (E.D. Va. 1989), <u>*aff'd*,</u> 907 F.2d 1138 (4th Cir. 1990). Compass lack such a defense. The lack of meritorious defense is shown by the jury's award of enhanced damages due to Compass lacking a good faith basis for not paying severance to David Boshea. This was not a close case.

If Compass had shown a meritorious defense, to prevail under Rule 60(b)(3), Compass must demonstrate:

1.  That the adverse party engaged in fraud, misrepresentation, or misconduct; and

2.  That such conduct prevented the movant from fully and fairly presenting their case.

The 4th Circuit in *Schultz v. Butcher*, 24 F.3d 626 (4th Cir. 1994) required:

> In *Square Constr. Co. v. Washington Metro. Area Transit Auth.,* 657 F.2d 68, 71 (4th Cir.1981), we set forth three factors that a moving party must establish to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case. After proof of these elements, "the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Id*

*Schultz*, 24 F.3d at 630

Moreover, the Fourth Circuit requires that the alleged misconduct be proven by clear and convincing evidence. See *Morgan v. Tincher*, 90 F.4th 172, 177 (4th Cir. 2024) (reaffirming strict standards for Rule 60(b)(3) relief).

### COMPASS HAS NOT PRESENTED CLEAR AND CONVINCING EVIDENCE OF MISCONDUCT

Compass views two and one-half pages of testimony in which Donna Eisenberg spoke of peaks in John White's signature as dispositive. However, in her rebuttal report, Ms. Eisenberg, which Compass does not contest, she noted the same sort of pointed edges that John White uses in his signature. See Rebuttal Report at p. 9 of 12 attached as Exhibit A. Ms. Eisenberg did not change her testimony or offer new opinions. The allegation that using a different word would have made a different is highly speculative. Courts in the Fourth Circuit do not grant Rule 60(b)(3) relief based on conjecture or mere dissatisfaction with the outcome. See *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1005 (4th Cir. 2014) (affirming denial of Rule 60(b)(3) motion where movant failed to show misconduct with specificity).

### COMPASS WAS NOT PREVENTED FROM FULLY PRESENTING THEIR CASE

Even if misconduct had occurred, which it did not, Compass must show that it materially impaired their ability to present their case. See *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) (emphasizing the importance of finality and requiring a showing that the misconduct affected the outcome). Compass argues that presenting Donna Eisenberg as a rebuttal witness somehow impaired it from recalling its expert. That assertion has no basis. David Boshea made it clear that he intended to call Ms. Eisenberg after Mr. Payne. Compass Marketing retained the ability to counter Ms. Eisenberg's opinions with further testimony from its witness. It alone chose not to do so.

Here, Compass had ample opportunity to present Jeffery Payne a second time, present evidence, and argue its claims. Any alleged misrepresentation did not prevent Compass from litigating the case effectively.

Compass has failed to meet the stringent requirements for relief under Rule 60(b)(3). The motion is unsupported by clear and convincing evidence and does not demonstrate that Compass was prevented from fully presenting their case. Accordingly, the Court should deny the motion.

### NO BASIS EXISTS FOR GRANTING COMPASS' RULE 59 MOTION

A Rule 59(e) motion "… may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown,* 478 F.3d 634, 637 (4th Cir.2007) (citations omitted). It is an extraordinary remedy that should be applied sparingly. *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir.1997). Like a 59(e) motion, Rule 60 provides for an extraordinary remedy that should not be awarded except under exceptional circumstances. *Ackermann v. United States,* 340 U.S. 193, 202, (1950)." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).

Relief under Rule 59(e) is an "extraordinary remedy which should be used sparingly." — *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion is not an opportunity to reargue issues already decided or to present arguments that could have been raised before judgment was entered. *Collins v. Thornton*, 770 F. App'x 150, 151 (4th Cir. 2019) (per curiam)

### COMPASS FAILS TO SHOW CLEAR ERROR OR MANIFEST INJUSTICE

Compass's disagreement with the Court's ruling does not constitute "clear error." The Fourth Circuit has emphasized in *United States v. Singh*, 518 F.3d 236 such grants should be

4

exceptional. A Rule 59 motion should be denied if the Court finds no evidence that the verdict was based on false evidence or would result in a miscarriage of justice. Courts have emphasized that substantial justice must be done, and a new trial is warranted only when prejudicial error or fundamental unfairness has occurred. If the evidence presented at trial is credible and does not indicate falsehoods or injustice, the court is likely to deny the motion (*Bennett v. Fairfax County, Va.*, 432 F.Supp.2d 596 (2006). For instance, in *Driskell v. Summit Contracting Group, Inc.*, the court denied the motion for a new trial after determining that the jury's verdict was not based on false evidence and did not result in a miscarriage of justice. *Driskell v. Summit Contracting Group, Inc.*, 325 F.Supp.3d 665 (W.D.N.C. 2018)).

." The court must exercise its discretion to grant a new trial only if the verdict (1) is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Wallace v. Poulos*, 861 F. Supp. 2d 587, 599 (D. Md. 2012) (citing *Knussman v. Maryland,* 272 F.3d 625, 639 (4th Cir.2001).

Moreover, the Court's decision was based on a thorough review of the record and applicable law. Plaintiff's motion merely reiterates arguments already considered and rejected. This is insufficient to warrant reconsideration. *See JTH Tax, Inc. v. Aime*, 984 F.3d 284, 292 (4th Cir. 2021) (affirming denial of Rule 59(e) motion where movant failed to show manifest injustice).

The mention of peaks and the use of a chart did not alter the outcome in this case. The power of Ms. Eisenberg's testimony using the report that she provided years before was that John White has such a wide variety of signatures that no reasonable person could say he had only one. Moreover, she showed using her report that Compass possessed that its expert had charry picked

different items even though the same variations appeared in other signatures John White admitted to signing.

The Fourth Circuit has consistently affirmed denials of Rule 59(e) motions where the movant failed to meet the substantive standard. *See, Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 411 (4th Cir. 2010) (affirming denial where no manifest injustice was shown). It is clear that no manifest injustice exists here.

In *United States v. Arrington*, 757 F.2d 1484, the court clarified that a new trial may be granted if the verdict is against the weight of the evidence. The evidence in no way favored Compass. A review of the motion reveals that Compass alleged that Donna Eisenberg, in less than two pages of testimony, raised a matter constituting a "clear miscarriage of justice." The testimony did not provide new or different opinions. In her report, Donna Eisenberg discussed the apexes in John White's signature, which she termed peaks in at trial.

Because Compass has not demonstrated any of the limited grounds for relief under Rule 59(e), the motion should be denied.

**RESPECTFULLY SUBMITTED,**

/s/ Gregory J. Jordan
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Drive, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com

Thomas J. Gagliardo (Bar No. 08499)
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com

COUNSEL FOR DAVID J. BOSHEA

## **CERTIFICATE OF SERVICE**

      I certify that on September 24, 2025, Ashley Boshea, as the proposed administrator of the Estate of David J. Boshea served her response through the Court's CM/ECF system on:

                 Stephen B. Stern
                 Shannon Hayden
                 Kagan Stern Marinello & Beard, LLC
                 238 West Street
                 Annapolis, Maryland 21401
                 Email: stern@kaganstern.com
                 Email: hayden@kaganstern.com
                 *Attorneys for Compass Marketing, Inc.*

                         */s/* Gregory J. Jordan
                         Gregory J. Jordan