## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ASHLEY BOSHEA as Administrator of the Estate of DAVID JOHN BOSHEA,** | |
| **Plaintiff.** | |
| **v.** | **Civil Action No. 1:21-CV-00309-ELH** |
| **COMPASS MARKETING, INC.,** | |
| **Defendant.** | |

## DEFENDANT COMPASS MARKETING, INC.'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM A JUDGMENT, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

Defendant Compass Marketing, Inc. ("Compass Marketing" or the "Company"), by and through its undersigned counsel and pursuant to Rules 60(b) and 59(a) of the Federal Rules of Civil Procedure, hereby files this Reply in Support of the Company's Motion for Relief from a Judgment or, in the Alternative, for a New Trial. As explained in greater detail below, the Court should grant Compass Marketing's Motion for Relief from a Judgment or, in the Alternative, for a New Trial ("Motion for Relief") because, for the second consecutive trial, counsel for Plaintiff Ashley Boshea, as Administrator of the Estate of David John Boshea ("Boshea"),[1] engaged in misconduct involving the same expert witness, the same pattern of nondisclosure, and the same resulting ambush of Compass Marketing. The Response to Motion Defendant Compass

---

[1] David J. Boshea, the original Plaintiff in this case, passed away on January 28, 2025. Thereafter, Mr. Boshea's daughter, Ashley Boshea, as Administrator of the Estate of Mr. Boshea, was substituted as the named Plaintiff. For ease of reference, this filing continues to refer to *Plaintiff* as "Boshea," and references herein to "Boshea" should be understood to include the Estate of David J. Boshea, by and through its Administrator.

Marketing, Inc.'s Motion for Relief From a Judgment, or, in the Alternative, for a New Trial ("Opposition") fails to confront the actual misconduct involved in the second trial, i.e., Boshea's failure to disclose the additional charts and analyses Donna Eisenberg ("Ms. Eisenberg") prepared and relied on in her testimony, and instead tries to trivializes the issue as a semantic dispute over the wording used by Ms. Eisenberg. The Motion for Relief is not about semantics, however; it is about repeated violations of Rules 26 disclosure obligations, misleading statements to the Court, and a pattern of trial by ambush that again deprived Compass Marketing of a fair opportunity to defend itself. The Court itself recognized the seriousness of this recurrence, remarking, "Is this déjà vu all over again?" *See* ECF 370-1 (Exhibit 1 to Motion for Relief - Trial Testimony of D. Eisenberg) at 15:17.

Boshea's Opposition fails to rebut the record facts demonstrating misconduct and that the misconduct deprived Compass Marketing from fully presenting its case, which presumably influenced the jury to reach the opposite conclusion from the original jury that found in Compass Marketing's favor on the alleged written contract claim. As a result, the Court should grant Compass Marketing relief under Rule 60(b) from the judgment that has been entered, or, in the alternative, the Court should order a new trial under Rule 59(a) of the Federal Rules of Civil Procedure.

## ARGUMENT

### I. BOSHEA DOES NOT DISPUTE THE FACTS ESTABLISHING MISCONDUCT

Boshea's Opposition argues that "Compass views two and one-half pages of testimony in which Donna Eisenberg spoke of peaks in John White's signature as dispositive." *See* ECF 374 (Opposition) at 3. Boshea further argues, "in her rebuttal report, Ms. Eisenberg . . . noted the same sort of pointed edges that John White uses in his signature." *See id.* Therefore, according to

Boshea, "Ms. Eisenberg did not change her testimony or offer new opinions." *See id.* Notwithstanding the fact that this completely mischaracterizes and trivializes what Compass Marketing argues constitutes the actual misconduct in this case, Boshea's assertions are belied when comparing the charts sent to Boshea's counsel on the morning of trial with Ms. Eisenberg's report. *Compare* Exhibit 1 (Email and Attachments from G. Jordan to S. Hayden dated August 6, 2025) at 4 *with* ECF 370-2 (Donna Eisenberg's Report dated December 20, 2024) at pp. 9 of 12.

At trial, when Ms. Eisenberg was testifying as to "peak formations," Boshea was relying on a chart titled "Variation." *See* ECF 3701-1 at 11:16-18 ("Can you tell me what this first chart, it says variation, peak formation. Exhibit Q1. What is exhibit Q1?"). In his Opposition, Boshea states that this concept of "peak formations" in the undisclosed chart appears on Page 9 of 12 of Ms. Eisenberg's report. However, page 9 of 12 of Ms. Eisenberg's report relates to an entirely different concept – the concept of "apex." *See* ECF 37-2 at pp. 9 of 12. Peak formations are clearly a different concept than apex, as Ms. Eisenberg prepared a wholly separate chart (that was not disclosed) regarding the concept of "apex." *See* Exhibit 1 at 8 (discussing "Letter Formation – 'J' Pointed Apex"). Variation is a different concept than apex, which is why they appear in different charts and are termed differently. Thus, Boshea's assertion is blatantly incorrect.

It is undisputed that Ms. Eisenberg was presented as an expert witness under Rule 702 of the Federal Rules of Evidence. Boshea does not dispute that Boshea had a duty to provide Ms. Eisenberg's charts and analyses, as well as any other opinions she planned to include in her testimony, to Compass Marketing prior to trial. *See* Fed. R. Civ. P. 26(a)(2)(B)(i-iii). Boshea's failure to make this mandatory disclosure alone reflects misconduct that warrants relief from the judgment. Counsel for Boshea admitted on the record that Ms. Eisenberg emailed the charts she would be relying on at trial the morning of trial. *See* ECF 370-1 at 18:9 ("She sent these to me

this morning."). Clearly, expert materials transmitted during the trial could not have been disclosed pursuant to Rule 26(a)(2)(B) or supplemented under Rule 26(e) of the Federal Rules of Civil Procedure. Despite this admission, counsel for Boshea then repeatedly misrepresented to the Court in front of the jury that these charts were produced, which was shown to be demonstrably false. *See* ECF 370 (Motion for Judgment) at 5, n.4.

In what seems like an attempt to distract the Court from the actual misconduct at issue here, Boshea next argues that the "allegation that using a different word would have made a different [sic] is highly speculative," and that "[c]ourts in the Fourth Circuit do not grant Rule 60(b)(3) relief based on conjecture or mere dissatisfaction with the outcome." *See* ECF 374 at 3 (citing *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1005 (4th Cir. 2014)). However, Boshea's reliance on *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001 (4th Cir. 2014), for the proposition that a Rule 60(b)(3) motion is properly denied if a movant fails to show misconduct with specificity, is misplaced.

The court's decision in *Barlow* concerned "an appeal involv[ing] the interplay between 28 U.S.C. § 1447(d), which prohibits federal courts from reviewing orders remanding cases to state court, and Federal Rules of Civil Procedure 11 and 60(b)(3), which provide means for federal courts to remedy and deter the perpetration of fraud on the courts." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1004 (4th Cir. 2014). In *Barlow*, two Maryland plaintiffs sued Colgate-Palmolive and others, alleging that Colgate's "Cashmere Bouquet" powder contributed to their health problems. *See Barlow*, 772 F.3d at 1004. Colgate removed the cases to federal court, claiming fraudulent joinder of in-state defendants, but the cases were remanded after plaintiffs' counsel represented that there was a possible connection to local asbestos sources. *See id.* at 1004-05. Once the case was back in state court, however, plaintiffs contradicted those representations

4

and instead asserted that plaintiffs' only asbestos exposure came from Colgate's products. *See id.* at 1006.  Colgate moved in the district court for sanctions under Rule 11 of the Federal Rules of Civil Procedure and then "supplemented" its Rule 11 motion with a motion for relief under Rule 60(b)(3), which "sought vacatur of the remand orders." *Barlow*, 772 F.3d at 1007.  The district court denied the motions, concluding "that 28 U.S.C. § 1447(d) deprived it of jurisdiction to vacate or strike its remand orders." *See id.*  The actual issue on appeal in *Barlow* was "whether a district court retains jurisdiction to issue sanctions under Rule 11 and to vacate a remand order under Rule 60(b)(3) following remand of the case to the state court," not whether a 60(b)(3) motion was properly denied if a movant fails to show misconduct with specificity. *See Barlow*, 772 F.3d at 1007.  The issue in *Barlow* has no bearing on this case whatsoever, and it is unclear why Boshea cites it.

The facts in this case are clear: Boshea had a duty to disclose and failed to do so (again). This demonstrates a pattern of misconduct that warrants relief under Rule 60(b)(3).[2]

## II.   <u>COMPASS WAS PREVENTED FROM FULLY PRESENTING ITS CASE</u>

Boshea's assertion that Compass Marketing was not prejudiced because Ms. Eisenberg did not change her testimony[3] is incorrect and further illustrates how Compass Marketing was not able to fully present its case.  There is no avoiding the undeniable conclusion that Ms. Eisenberg changed her testimony, which is evidenced by the fact that she was testifying off of previously undisclosed charts.  If her testimony was not going to change, she would not need new charts to illustrate whatever concepts she was going to testify about.  The fact that Ms. Eisenberg testified

---

[2] Although Compass Marketing is not under any obligation to demonstrate a pattern of misconduct to obtain the relief requested, the fact that a pattern of such misconduct has occurred is striking and noteworthy.

[3] As noted above, Boshea asserts that "Ms. Eisenberg did not change her testimony or offer new opinions." *See* ECF 374 at 3.

(for a second time) from previously undisclosed analyses begs the question, why would Boshea feel the need to withhold parts of Ms. Eisenberg's testimony prior to trial?  The answer is obvious – the undisclosed charts/analyses/testimony necessarily put Compass Marketing at a disadvantage by preventing Compass Marketing from preparing for certain elements of Ms. Eisenberg's testimony (which was exacerbated at trial when Compass Marketing's counsel was frantically trying to locate and figure out whether it had even received the newly presented charts being shown to the jury) and countering it at trial.

Boshea tries to downplay the significance of this prejudice by arguing that Compass Marketing was not prevented from fully presenting its case because it retained "its ability to counter Ms. Eisenberg's opinions with further testimony from [Jeffrey Payne]."  *See* ECF 374 at 3.  This argument ignores the fact that Ms. Eisenberg testified in rebuttal to Mr. Payne, after Compass Marketing (the defendant in this case) had already presented its case-in-chief.  At that point in time, Mr. Payne had completed his testimony and had been excused from testifying further.  Additionally, it would be impossible for Mr. Payne, who was not present during Ms. Eisenberg's testimony and did not review her undisclosed charts and analyses prior to trial, to rebut Ms. Eisenberg's testimony that he was not aware of and did not witness.  Thus, Boshea's conclusory assertion fails given that it was Boshea's misconduct that prevented Mr. Payne from being prepared to rebut Ms. Eisenberg's undisclosed opinions.[4]

Boshea further tries to distract from the prejudice Compass Marketing suffered by pointing to an exchange between the Court and lead counsel for Compass Marketing, where counsel for Compass Marketing stated "[p]robably not, Your Honor" when asked by the Court whether

---

[4] The fact that Boshea has even made this argument after altering his use of Ms. Eisenberg by limiting her to a rebuttal witness further suggests Boshea's second attempt to sneak in new exhibits and testimony at trial was part of a deliberate ploy to try to overcome Mr. Payne's powerful and persuasive testimony and analyses.

counsel was "going to technically question [Ms. Eisenberg] about the peaks and valleys and the ebbs and the flows." *See* ECF 374 at 2. The reason counsel responded "probably not" was not because Ms. Eisenberg's testimony on these issues was insignificant, as proffered by Boshea (*see id.*);[5] rather, counsel's response reflected the harsh reality of the prejudice that Compass Marketing faced at that point, as counsel was constrained in how it could respond to Ms. Eisenberg's new testimony for the reasons noted above: (1) Compass Marketing did not have advance notice of this new testimony and the new charts and, therefore, it could not plan how to cross-examine Ms. Eisenberg on these new analyses; (2) Mr. Payne was not given the opportunity to review these new charts or hear her testimony to give counsel any guidance on how to rebut these technical issues; (3) Mr. Payne could not rebut this testimony himself because Ms. Eisenberg was called solely as a rebuttal witness, which precluded Mr. Payne from testifying further.

Thus, Compass Marketing was prevented from fully presenting its case.

## III.    A NEW TRIAL IS WARRANTED UNDER RULE 59(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE TO PREVENT MANIFEST INJUSTICE

Boshea argues that there is "no basis" to grant a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. For the reasons already explained in the Motion for Relief, however, the second trial was tainted by undisclosed expert materials and opinions and false representations of disclosure. Boshea, once again, engaged in trial by ambush and Compass Marketing was deprived of a meaningful opportunity to respond to Ms. Eisenberg's undisclosed charts, analyses, and theories, all of which she was able to testify about unchallenged at trial.

It lies within the discretion of the district court whether it should grant or deny a motion for a new trial. *See Jackson v. Egira, LLC*, Civil Action No. RDB-14-3114, 2016 U.S. Dist. LEXIS

---

[5] If Ms. Eisenberg's testimony was so insignificant, as noted above, Boshea would not feel the need to hide the ball with Ms. Eisenberg's new charts, analyses, and testimony.

153708, at *5 (D. Md. Nov. 4, 2016).  "The court must exercise its discretion to grant a new trial only if the verdict '(1) is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Wallace v. Poulos*, 861 F. Supp. 2d 587, 599 (D. Md. 2012) (citing *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001)).  And, "[g]ranting a new trial is not warranted 'unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done.'"  *Jackson v. Egira, LLC*, Civil Action No. RDB-14-3114, 2016 U.S. Dist. LEXIS 153708, at *5 (D. Md. Nov. 4, 2016) (quoting *Minter v. Wells Fargo Bank, N.A.*, No. WMN-07-3442, 2013 U.S. Dist. LEXIS 122344, 2013 WL 4603006, at *1 (D. Md. Aug. 28, 2013)).  In this case, substantial justice has not been done due to Boshea's misconduct.  Compass Marketing should be awarded the opportunity to conduct a fair trial free of misconduct.  Compass Marketing does not seek to simply relitigate this case (again), but rather to ensure that a verdict is based on evidence that is properly disclosed pursuant to the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, and the reasons in the Motion for Relief, the Court should vacate the judgment entered against Compass Marketing pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, or, in the alternative, grant a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure.

Dated:  October 20, 2025                    Respectfully submitted,

                                           */s/Stephen B. Stern*
                                           Stephen B. Stern, Bar No.: 25335
                                           Shannon M. Hayden, Bar No.: 30380
                                           KAGAN STERN MARINELLO & BEARD, LLC
                                           238 West Street
                                           Annapolis, Maryland 21401
                                           (Phone): (410) 216-7900
                                           (Fax):  (410) 705-0836
                                           Email:  stern@kaganstern.com
                                           Email:  hayden@kaganstern.com

                                           *Counsel for Defendant*
                                           *Compass Marketing, Inc.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 20th day of October, 2025, the foregoing reply in Support of Motion for a New Trial, or, in the Alternative, Motion for Relief from a Judgment was served via the CM/ECF system on the following counsel of record:

    Thomas J. Gagliardo                     Gregory J. Jordan
    Gilbert Employment Law, PC              Mark Zito
    1100 Wayne Avenue, Suite 900            Jordan & Zito, LLC
    Silver Spring, Maryland 20910           350 N. LaSalle Drive, Suite 1100
    Email:  tgagliardo@gelawyer.com         Chicago, Illinois 60654
                                            Email:  gjordan@jz-llc.com

    *Attorneys for Plaintiff*
    *David Boshea*

                                           */s/ Stephen B. Stern*
                                           Stephen B. Stern