# EXHIBIT 2

IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND

COMPASS MARKETING, INC., :
: 
    Plaintiff, :
:
v. :   Case No. C-02-CV-23-000601
:
DANIEL WHITE, *et al.*, :
:
    Defendants. :

### THESE WHITE DEFENDANTS' RULE 1-341 MOTION
(Hearing Requested)

Defendants, Michael White ("Michael"), George White ("George"), and Debra White ("Debra") (together, "These White Defendants"), by and through their attorneys, pursuant to Rule 1-341, move this Court to find: (a) Plaintiff, Compass Marketing, Inc. and its attorneys, Stephen Stern ("Attorney Stern") and the Smithey Law Group LLC ("SLG Attorneys") (together, "Compass and its Attorneys"), filed and maintained this lawsuit in bad faith and without substantial justification; and (b) Compass and its Attorneys shall be ordered to reimburse These White Defendants for their substantial costs and expenses, including reasonable attorneys' fees, that have flowed from Compass and its Attorneys' misconduct.

I.    INTRODUCTION

Maryland Rule 1-341 is a Rule that should be used sparingly. Parties must be free to litigate cases without fear of sanctions merely for bringing unsuccessful claims. All of that is true and based on sound public policy. None of that is applicable here, where John White ("John"), Compass and its Attorneys have scorched the earth with a vicious campaign designed to ruin a family, including Michael, an Orphan's Court Judge in St. Mary's County, Maryland, and George, a commander with the Maryland State Police. That campaign was orchestrated by a team that knew its goal in this litigation was not to succeed on the merits, since the claims were neither viable nor

winnable. Instead, the goal in bringing this suit was to inflict as much harm as possible for as long as possible until the music finally stopped. While Maryland Rule 1-341 is to be used sparingly, it is rendered meaningless if it cannot be used to provide redress for the shenanigans used by Compass and its Attorneys in this case.

II.     PERTINENT FACTS

### *The Federal Court Case*

1.      As part of John's years' long crusade to destroy his brother, Michael, on February 14, 2022, Compass's then-attorney, Attorney Stern, filed an 80-page, 372-paragraph, 23-count complaint against, inter alia, Michael and his son, George, in the United States District Court for the District of Maryland (the "Federal Lawsuit"), baldly accusing one or both of them of, among other things, fraud, breach of fiduciary duty, and Racketeer Influenced and Corrupt Organizations ("RICO") Act violations.

2.      The "Various Schemes" Compass and its Attorneys concocted to form the (*false*) basis for Compass's claims against Michael and George were intentionally designed to cause the maximum harm to Michael, George, and the rest of their family. They were intentionally designed to paint a horrible, scurrilous and slanderous picture of Michael and George and to force them ultimately to spend hundreds of thousands of dollars on attorney's fees in multiple forums to defend the unrelenting barrage of nonsense hurled at them in courts and elsewhere, and to try to protect their personal and professional reputations. The barrage was a concerted coordinated campaign—under the guise of litigation privilege and first amendment protections—to use the courts and the "press" to inflict maximum harm on the White family.[1]

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

---

[1] Since February 2022, Compass has used its unique access to the Chesapeake Today (https://www.thechesapeaketoday.com) to create its platform to even more publicly broadcast and

22099461_4

3. Michael and George moved to dismiss the Federal Court Case as time-barred, and for Compass's failure to state a claim. The District Court held that Compass failed to state a RICO cause of action, and then it declined to exercise supplemental jurisdiction over the remaining state law claims. In dismissing the RICO counts, the District Court condemned Compass's overuse of "conclusory" allegations rather than the required "specific" ones.[2] *See* February 24, 2023 Memorandum Opinion, *Compass Marketing, Inc. v. Flywheel Digital, LLC, et al.*, Case 1:22-cv-00379-GLR, Document No. 64, p. 22, a copy which is attached hereto as Exhibit 2.

4. Compass appealed the District Court's decision to the Fourth Circuit, an action which forced Michael and George to continue to bleed money on attorneys' fees. Even after the Fourth Circuit affirmed the District Court's decision, Compass' barrage continued, with a petition for a rehearing en banc. That petition was denied, and on October 8, 2024, the Fourth Circuit issued its mandate.

### *This State Court Case*

5. As part of its campaign of attack, and while the Federal Court Case was still pending, on or about March 27, 2023, Attorney Stern, on behalf of Compass, launched the above-captioned lawsuit ("State Court Case") with the filing of yet another complaint that essentially mirrored the Federal Court Case. The parties agreed to stay the State Court Case pending resolution of the Federal Court Case.

---

sensationalize the Federal Court Case and this State Court Case. *See* Exhibit 1 attached hereto, which is a compilation of outrageous internet articles from the Chesapeake Today.

[2] This observation by the District Court further is worth noting: "Compass' allegations [were] far-reaching and often include[d] only vague details about the dates of the alleged conduct and the sources of the information. Although Compass explain[ed] that it discovered the alleged misdeeds after hiring a private investigator, it does not plead details about how the investigator discovered this alleged misconduct, [or] what concrete evidence exists of the misconduct[.]" Exhibit 2, p.19. Indeed, prior to filing this lawsuit, this same set of "far reaching" allegations found their way into multiple criminal complaints by these same accusers, none of which was found to have any merit.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

6.　Since the time it was reactivated after the Federal Court Case was dismissed, Compass filed three amended complaints between October 30, 2024 and July 8, 2025, each time adding only more bald, provocative, and scurrilous accusations. The most recent version, that now has been dismissed with prejudice, totaled 554 separate numbered paragraphs, 40 counts, and 141 pages.

7.　Most pertinent to the instant motion is the First Amended Complaint whereby Compass evidently decided it was time to escalate the pain already inflicted for years on Michael and George. It hired Joyce Smithy and SLG, which entered its appearance on November 4, 2024 and promptly added facially ludicrous claims against Michael's wife and George's mother, Debra White. These claims on their face were well beyond the applicable statute of limitations, and seem to have been calculated to maximize the expense, embarrassment and stress of the White family.[3]

8.　On February 14, 2025, the undersigned counsel sent a letter to the SLG on behalf of Debra, pointing out the obvious time bar and demanding that the claims against Debra be dismissed or else Debra would be forced to seek Rule 1-341 sanctions. Predictably notwithstanding the facial meritlessness of the claims against Debra in particular, Compass and its Attorneys proceeded with the claims against Debra anyway. On July 30, 2025, this Court agreed that Compass's claims were time-barred and granted Debra's motion for summary judgment. Compass and its Attorneys barely put up a fight, knowing their claim was barred but having by now accomplished their goal of dragging Debra and the family further into the mud and forcing them to continue to bleed funds on defense.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852
TELEPHONE 301-340-2020

---

[3] Attorney Stern formally withdrew his appearance on or about November 21, 2024, but still sat in the gallery with John at the June 23, 2025 hearing referenced herein. Upon information and belief, Attorney Stern stayed heavily involved in the litigation. Ms. Smithy referred last week in this Court to prior counsel's role in convincing her to come on board in this matter.

4

22099461_4

### *Compass Refuses to Participate in Discovery*

9. When this Court lifted the stay in this State Court Case on October 30, 2024, it simultaneously issued a Scheduling Order that required, inter alia, the parties to serve discovery by March 24, 2025, and to complete discovery, by April 29, 2025. These deadlines twice were extended, with the final extensions setting a July 30, 2025 deadline to serve written discovery, and a September 5, 2025 deadline for the close of discovery.

10. At a motions hearing on June 23, 2025, Compass's counsel, Ms. Smithey, acknowledged the impending deadlines and expressed to the Court that Compass somehow was going to need more time, (June 23 Hearing Transcript at 69:19-70:8)[4]—notwithstanding the fact that Compass was the party who initiated the Federal Court Case more than three years ago. This Court properly declined to entertain any extensions at that time. *See id.* at 70:9-19.

11. After the June 23 Hearing, Compass and its Attorneys waited yet another month and then just days before the deadline to serve written discovery had the audacity to ask the Court to extend the schedule by another *four months*. At the same time Compass and its Attorneys filed the motion to extend the schedule for four months, the SLG also filed a motion to withdraw as Compass's counsel.[5]

---

[4] Cited excerpts from the June 23 Hearing Transcript are attached hereto as Exhibit 3.

[5] Prior to the SLG's motion to withdraw, the undersigned counsel had written Ms. Smithey to raise a conflicts issue. Specifically, the undersigned counsel learned that Attorney Smithey had served as the court appointed mediator in a very *related* case between George and Ron Bateman ("Ron"), Compass's Vice President of Business Development and *the* individual who Compass identifies in its complaint as having conducted the supposed investigation, which Compass purports revealed the "facts" that underly this State Court Case (and the Federal Court Case). It cannot be a mere coincidence that Attorney Stern, who represented Ron in the Bateman Matter and at the mediation, decided to pass the baton in this State Court Case to Ms. Smithey and her law firm. It further is not a coincidence that these same allegations find their way into the smut John White has repeatedly caused to be published as described in Exhibit 1. For Ms. Smithy to suggest she was unaware of the interrelation between these matters defies logic and credulity.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

5

22099461_4

12. While Compass's motions still were pending with the discovery deadlines imminent, Compass *never* served George with discovery requests, and it waited until the very last possible day to serve Michael.

13. More importantly, Compass *never* responded to Michael's written discovery requests served on June 17, 2025, including not even after the undersigned counsel filed a motion for sanctions for total failure of discovery, which this Court granted on August 14, 2025.[6]

14. Compass never asked for a single deposition. It had no intention of moving forward to try to prove its claims.

15. To further prove their insidious and disingenuous purpose here, when SLG was asked to accept service of deposition notices and subpoenas on behalf of Compass's Chief Executive Officer, John, Vice President of Business Development, Ron, the SLG refused to do so, claiming the law firm was not authorized to accept service on these principal players of Compass. These White Defendants thus were forced unnecessarily—although not surprisingly—to expend resources to hire someone to track down John and Ron – who continued to try every trick in their arsenals to evade service—and ultimately to serve them.[7]

16. This turned out to be just more gamesmanship by Compass and its Attorneys—again, all designed to inflict the maximum pain and aggravation on These White Defendants. After These White Defendants finally accomplished service on Ron,[8] the SLG notified the undersigned

---

[6] This Court also granted the Flywheel Defendants' motion for discovery sanctions.

[7] These White Defendants sought to depose Ms. Smithey to explore what confidential and/or privileged information she may have divulged to Compass that she had learned in her role as court-appointed mediator in the Bateman Matter. Ms. Smithey and her firm refused to respond to the undersigned counsel's multiple requests that the SLG agree to accept service on behalf of Ms. Smithey and therefore, These White Defendants had to hire and pay for yet another process server to accomplish in-person service.

[8] After a paid process server made multiple unsuccessful attempts to serve Ron at home, the undersigned counsel was able to serve Ron personally—but not without literally chasing him down

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

22099461_4

6

counsel that *now* they intended to represent Ron at his deposition, and as a result, they sought to delay the deposition date. Then, on the same day These White Defendants finally served John after multiple attempts, the SLG emailed the undersigned counsel to ask whether These White Defendants—who had answered the Third Amended Complaint—would consent to a voluntary dismissal without prejudice.[9]

17.   These White Defendants insisted on a dismissal *with prejudice*, including an express reservation of their right to seek sanctions under Rule 1-341 against both Compass and its Attorneys. Now facing the inevitable end of the road and with Compass' counsel asserting – but not explaining – an "emergency" conflict, Compass and its Attorneys promptly agreed.

I.   APPLICABLE LAW AND ARGUMENT

While "Maryland follows the 'American Rule' regarding attorneys' fees," it "is subject to limited exceptions, including Rule 1-341." *Edokobi v. Piper Industrial, L.P.*, 2025 WL 1442787, at *2 (Md. App. May 20, 2025). Rule 1-341 provides, in pertinent part:

> (a) **Remedial authority of court.** — In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification, the court, on motion by an adverse party, may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorneys' fees, incurred by the adverse party in opposing it.

---

the hallways of this courthouse—after Ron had attended a motions' hearing in this State Court Case.

[9] One of the "Various Schemes" Compass concocted in its complaints involves a lawsuit between Compass and a former employee, David Boshea (the "Boshea Litigation"). During the Boshea Litigation—in which Compass was represented by Attorney Stern—the court determined that Compass "maneuvered the deposition dates of John White after agreeing to produce John White as a witness[, and then] waited until the discovery deadline passed and then refused to produce the witness." *See Boshea v. Compass Marketing Inc.*, Case 1:21-cv-00309-ELH, Document No. 105, a copy of which is attached hereto as Exhibit 4. Consequently, United States Magistrate Judge, A. David Copperthite, ultimately had to order Compass to produce John for deposition. *See id.*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

7

22099461_4

The purpose of sanctions under this Rule "is not punitive, but 'to put the wronged party in the same position as if the offending conduct had not occurred.'" *Edokobi*, 2025 WL 1442787, at *2 (quoting *Kilsheimer v. Dewberry & Davis*, 106 Md. App. 600, 622 (1995)).

Under Rule 1-341, this Court must analyze whether Compass and its Attorneys acted in bad faith or without substantial justification when they filed and/or maintained the State Court Case against These White Defendants. *Id.* "[T]he issue is whether [they] had a reasonable basis for believing that the claims would generate a triable issue of fact." *Id.* In so deciding, this Court looks at the "totality of the circumstances." *Christian v. Maternal-Fetal Medicine Assocs. of Md., LLC*, 459 Md. 1, 23 (2018). Through even the most rose colored lens, the "totality of the circumstances" in this case screams out for sanctions.

"Bad faith in the Maryland rules has generally been interpreted to mean 'vexatiously, for the purpose of harassment or unreasonable delay, or for other improper reasons." *VS Clipper Mill, LLC*, 2020 WL 7348633, at *6 (quoting *Inlet Assocs. v. Harrison Inn Inlet, Inc.*, 324 Md. 254, 268 (1991). "Where a party has no evidence to support its allegations, the proceedings lack substantial justification from the outset." *Christian*, 459 Md. at 23. In addition, "frivolous claims, or claims that 'indisputably ha[ve] no merit' lack substantial justification." *Id.* An "action is frivolous ... if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for [a change in] existing law." *Id.* (quoting *Bishop's Garth Assocs. Ltd. P'ship*, 75 Md. App. 221-22 (1988)).

An objective reading of the "Pertinent Facts" reveals the inescapable conclusion: Compass and its Attorneys *never* thought there was "a triable issue of fact." Rather, this "frivolous" State Court Case (and the Federal Court Case) was filed *solely* "for the purpose of harassing [and]

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

8

22099461_4

maliciously injuring" These White Defendants. *Christian*, 459 Md. at 23. This is readily apparent from Compass and its Attorneys' failure to pursue and participate in discovery and their desire and attempts to try to continue to delay as much as possible, and then ultimately to dismiss. Compass and its Attorneys did not want or ever intend to be held to their proof—nor did they even want to try. All Compass and its Attorneys wanted was to keep this litigation alive as long as possible so John – while continually avoiding being placed under oath – could continue to utilize it as his primary (but not only) vehicle to inflict the years long excruciating emotional and financial pain he and his Attorneys have been inflicting on These White Defendants.

Thankfully, this Court helped put a stop it. This Court refused to permit further delays, and it granted multiple motions for discovery sanctions against Compass. This Court dismissed multiple defendants, including Debra, and gave Compass and its Attorneys stark warnings. John White finally got served with a deposition subpoena, as did Ron Bateman, notwithstanding SLG's refusal to facilitate that process and notwithstanding both men's efforts to evade service. Compass and its Attorneys heard this Court's loud and clear message, and they knew that they were out of rope. Compass and its Attorneys quickly started filing lines of dismissal without prejudice. Since Michael and George had filed an answer to the Third Amended Complaint, Compass and its Attorneys first had to obtain their consent for the dismissal. When Michael and George, through counsel, insisted on a dismissal *with* prejudice, Compass and its Attorneys quickly capitulated. This was not because Compass and its Attorneys had some dramatic revelation. It was because Compass and its Attorneys *always* knew they had *no* case against These White Defendants so, they thought if they could get out now, perhaps this Court would see it as "no harm, no foul," and ignore the totality of the circumstances that preceded the dismissal.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

9

22099461_4

These White Defendants will *never* get back the years of time and loads of emotional energy Compass and its Attorneys forced them to devote to this State Court Case. However, this Court has the power under Rule 1-341 to provide These White Defendants the small consolation of putting them "in the same [financial] position" they were in before this State Court case occurred, *Edokobi*, 2025 WL 1442787, at *2, supra. Compass and its Attorneys should be required to reimburse These White Defendants for all their costs and expenses incurred in this State Court Case, including their reasonably attorneys' fees. If ever there was a case in which Rule 1-341 sanctions were warranted, this is *the* one. While this country's court system adheres to the American Rule, Maryland Rule 1-341 is designed to ensure that adherence is not used as a shield to permit scurrilous use of our courts to inflict harm in bad faith and/or without substantial justification. As this Court adeptly phrased it at a recent hearing: "the rule's got to have a little bit of muscle in it, right?"[10] *See* August 14, 2025 Hearing Transcript, at 25:5-7. It there is any muscle in the Rule, the time to flex that muscle is in this case.

The calculation of the costs and expenses, including reasonable attorneys' fees sought herein, is as follows:

| | | |
|---|---|---|
| Attorneys' Fees | 3/27/23 – 8/25/25 | $185,089.00 |
| Costs[11]: | 3/27/23 – 8/25/25 | $    5,395.30 |

Attorneys' Fees and Costs Subtotal    $190,484.30

For the reasons set forth herein, this Motion should be granted.

\*\*\*

---

[10] *See* cited excerpts from the August 14, 2025 Hearing Transcript, which are attached hereto as Exhibit 5.

[11] Including costs incurred and/or advanced by Stein Sperling as well as other costs, such as court reporting/transcription/videography and other costs paid directly by These White Defendants.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

WHEREFORE, in consideration of the foregoing, Micheal White, George White, and Debra White respectfully request that this Honorable Court grant in favor of These White Defendants the relief specified immediately above and supported by Affidavit and accompanying billing statements that constitute Exhibit 6, and grant in favor of These White Defendants such other and further relief as this Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: /s/ Jeffrey M. Schwaber
Jeffrey M. Schwaber (CPF # 8812160244)
jschwaber@steinsperling.com

By: /s/ Judith G. Cornwell
Judith G. Cornwell (CPF # 1112130195)
jcornwell@steinsperling.com

1101 Wootton Parkway, Suite 700
Rockville, Maryland 20852
301-340-2020
Fax: 301-354-8110

*Attorneys for Defendants Michael White, George White, and Debra White*

## REQUEST FOR HEARING

Pursuant to Rule 2-311, These White Defendants request a hearing on this motion.

/s/ Jeffrey M. Schwaber
Jeffrey M. Schwaber (CPF # 8812160244)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August, 2025, a copy of the foregoing was served via MDEC on all counsel of record.

/s/ Jeffrey M. Schwaber
Jeffrey M. Schwaber (CPF # 8812160244)

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
1101 WOOTTON PARKWAY
SUITE 700
ROCKVILLE, MARYLAND 20852

TELEPHONE 301-340-2020

22099461_4

11