IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ASHLEY BOSHEA as Administrator of the Estate of DAVID JOHN BOSHEA, <br><br> Plaintiff. <br><br> v. <br><br> COMPASS MARKETING, INC., <br><br> Defendant. | Civil Action No. 1:21-CV-00309-ELH |

## COMPASS MARKETING, INC.'S OPPOSITION TO MICHAEL WHITE'S MOTION FOR RECONSIDERATION UNDER RULE 59(e)

Compass Marketing, Inc. ("Compass Marketing"), by and through its undersigned counsel, hereby files this Opposition to the Motion for Reconsideration Under Rule 59(e) ("Motion for Reconsideration") filed by Non-Party Michael White ("White"). The Motion for Reconsideration provides no basis for this Court to reconsider its thoroughly analyzed 56-page Memorandum Opinion and Order dated October 30, 2025 (ECF 385), and, for the reasons discussed further below, the Court should deny the Motion for Reconsideration.

1.  "A motion for reconsideration under Rule 59(e) 'is discretionary' and therefore 'need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice.'" *Schrof v. Clean Earth, Inc.*, No. 1:22-1533-CDA, 2025 U.S. Dist. LEXIS 215691, at *4 (D. Md. Nov. 3, 2025) (quoting *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010)).

2.  None of these three criteria are satisfied or even come close to being satisfied in the Motion for Reconsideration.

3.  First, White does not even attempt to satisfy the first criterion, as White does not cite an intervening change in controlling law in the Motion for Reconsideration.

4.  Second, White does not attempt to satisfy the second criterion either, as the Motion for Reconsideration simply repeats and realleges the same arguments that White previously raised in his Motion for Sanctions (ECF 269),[1] which the Court already considered and disposed of in a very thorough 56-page Memorandum Opinion (ECF 385).  To the extent White's arguments concerning undersigned counsel not having authority to represent Compass Marketing in this litigation is considered "new evidence," it is not new evidence and it is not new evidence that has suddenly become available to White; it is simply a repeat of an argument that White inserted in the body of the Motion for Reconsideration that he previously included in a footnote in the Motion for Sanctions (ECF 269), which, without more, is not sufficient to preserve an argument and, more importantly, the argument about counsel's authority to represent Compass Marketing repeats the same false arguments that White has been pushing for years without any evidentiary support.[2]

5.  Third, White has not identified any clear error or manifest injustice in the Court's 56-page Memorandum Opinion (ECF 385).  Rather, White continues to repeat his rants about other litigation, including the false representation that the litigation in Anne Arundel County Circuit Court definitively established that Daniel White and Michael White collectively own 50% of the shares of Compass Marketing.[3]  Besides White's rants about other litigation, he continues to repeat

---

[1] *See also* ECF 367 (Motion to Set Matter for Hearing).

[2] Furthermore, as previously explained to this Court, John White did step down as CEO of Compass Marketing temporarily, but he remained Chairman of Compass Marketing during that time and he eventually resumed his role as CEO, none of which is in dispute.

[3] While undersigned counsel has not represented Compass Marketing in the Anne Arundel County Circuit Court litigation for more than one year, it is counsel's understanding that the case was voluntarily dismissed after the court denied most of the motions to dismiss filed by the various defendants which sought to dismiss the vast majority of Compass Marketing's claims.  In any event, Compass Marketing can show that Michael White's and Daniel White's claims to 50% ownership of Compass Marketing are demonstrably false.

false claims about the Third-Party Complaint[4] and he continues to repeat false claims about counsel's alleged ownership of a company that is not a party to this litigation.[5] In addition, White asserts arguments about his wife that have no foundation in fact or law (e.g., White does not have standing to argue about alleged events concerning his wife, the alleged events concerning his wife appear to have happened long after the initial Motion for Sanctions was filed, which does not make his motion timely, and his representations are simply untrue)[6] and he makes arguments about the underlying merits (which at best amounts to nothing more than his opinion about this case) of the claims in this lawsuit, none of which give rise to a claim for sanctions.

6. Reconsideration is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). "Put more colorfully, '[w]here a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish.'" *Schrof v. Clean Earth, Inc.*, No. 1:22-1533-CDA, 2025 U.S. Dist. LEXIS 215691, at *5-6 (D. Md. Nov. 3, 2025) (quoting *Siple v. First Franklin Fin. Corp.*, No. RDB-14-2841, 2015 U.S. Dist. LEXIS 141554,

---

[4] White again seems to make a rather stunning admission that tacitly implicates him as one of the John Doe defendants in the Third-Party Complaint.

[5] As counsel has stated on multiple occasions over several years in response to this lie, undersigned counsel has never owned Smart Retail, Inc., and there is no basis for White to have propagated this lie in the first place, let alone continue to propagate it.

[6] White again shows his blatant disregard for truth and his willingness to make false representations to this Court (or any court) when he asserts that, "on January 8, 2025, John White and Mr. Stern maliciously added Movant's wife, Debra White, as a defendant in" the Anne Arundel County Circuit Court litigation. A simple review of the court docket in that case shows that undersigned counsel was not counsel for Compass Marketing in January 2025 and, in fact, undersigned counsel had withdrawn as counsel for Compass Marketing approximately two months before Debra White was even added as a defendant (and this does not even account for other meritless accusations asserted by White regarding his wife). As for Debra White being named as a potential witness, Compass Marketing is allowed to preserve its rights in the event Boshea called certain witnesses and, moreover, White does not identify any action taken in this action visa-vis his wife (i.e., no subpoena or other process was served on her in this lawsuit).

2015 WL 6163791, at *2 (D. Md. Oct. 19, 2015)). The Motion for Reconsideration falls woefully short of this extremely high bar.

7. In this instance, White has not met any of the criteria that warrant reconsideration of this Court's prior Order. White simply repeats the same arguments that he has already made many times before. To that end and to the extent any of Compass Marketing's arguments in opposition warrant elaboration or further explanation, Compass Marketing incorporates by reference its Opposition to Non-Party Michael R. White's Motion for Sanctions (ECF 272).

8. At this point, it should be apparent that Michael White intends to continue to repeat defamatory accusations against Compass Marketing, John White, and Compass Marketing's counsel, in an effort to make Compass Marketing incur needless costs and try to sully each of those individuals/entities.

9. For these reasons, the Court should deny the Motion for Reconsideration.

Dated:  December 1, 2025                    Respectfully submitted,

                                                                                              /s/Stephen B. Stern
Stephen B. Stern, Bar No.: 25335
Shannon M. Hayden, Bar No.: 30380
KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
(Phone): (410) 216-7900
(Fax):  (410) 705-0836
Email:  stern@kaganstern.com
Email:  hayden@kaganstern.com

*Counsel for Defendant
Compass Marketing, Inc.*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 1st day of December, 2025, the foregoing Opposition to the Motion for Reconsideration Under Rule 59(e) was served via the CM/ECF system on the following counsel of record:

| | |
|---|---|
| Thomas J. Gagliardo<br>Gilbert Employment Law, PC<br>1100 Wayne Avenue, Suite 900<br>Silver Spring, Maryland 20910<br>Email: tgagliardo@gelawyer.com | Gregory J. Jordan<br>Mark Zito<br>Jordan & Zito, LLC<br>350 N. LaSalle Drive, Suite 1100<br>Chicago, Illinois 60654<br>Email: gjordan@jz-llc.com |

*Attorneys for Plaintiff*
*David Boshea*

And on December 2, 2025 will be mailed via first-class mail, postage prepaid on:

Michael White
39650 Hiawatha Circle
Mechanicsville, Maryland 20650


                                        */s/ Stephen B. Stern*
                                        Stephen B. Stern