**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ASHLEY BOSHEA as | ) | |
| representative of the | ) | |
| ESTATE OF DAVID J. BOSHEA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | **Civil Action No. ELH-21-00309** |
| COMPASS MARKETING, INC., | ) | |
|     Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEY'S FEES AND COSTS**

**INTRODUCTION**

This is Plaintiff Ashley Boshea as the representative of the Estate of David Boshea's

(hereafter "Estate") memorandum in support of her petition for reimbursement of attorneys' fees

and costs.

Initially brought as a breach of David Boshea's contract with his former employer,

Compass Marketing, Inc. (hereafter "Compass"), entitling him to severance pay, this litigation

evolved into something far more complex when: (1) Compass alleged the Maryland Wage

Payment and Collection Law (MWPCL) did not apply; (2) John White, Compass' president,

claimed his signature on the contract had been forged and competing experts were engaged; (3)

John White's brothers, Daniel and Michael attempts to intervene; (4) the brothers, whose

testimony was sought by one party or the other, evaded service of summons; (5) Compass

brought and abandoned a counterclaim; (6) numerous objections were raised at trial and not by

motions in limine; (7) Compass pursued posttrial motions after the both the first and second

3

trials; (8) Compass appealed the judgment in the second trial to the Fourth Circuit that it then failed to perfect and was ultimately dismissed on the Estate's motion; and (9) when it challenged without justification Ashley Boshea's appointment as the personal representative of her father's estate.

Additionally, because Compass' attorney has withdrawn his representation, there has been no opportunity to attempt to resolve the Estate's claim for fees and costs.

Under the terms of Mr. Boshea's 2007 contract (appended to his original complaint (ECF No. 1), he was entitled to $180,000 for each year of the first three years he was employed by Compass. If his employment was terminated after the third year other than for cause the contract entitled him to $540,000.

Mr. Boshea was employed for approximately 13 years, until March 3, 2020, when his employment was involuntarily terminated and he was offered only a few weeks' severance.  His attempts to reach John White to secure the agreed upon amount were stonewalled and he initiated this suit on February 5, 2021.

## LITIGATION HISTORY

Mr. Boshea's original complaint for breach of contract alleged both breach of contract and  violation of the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor & Empl. Art., §§ 3-505 and 3-507.2. (ECF No. 1) At the close of evidence in the firs trial, he orally moved, pursuant to Fed. R. Civ. P. Rule 15, to amend his complaint to include breach of oral contract. The motion was granted.

After a six-day trial, the jury found Compass breached its oral contract with Boshea and violated the MWPCL, and there was no bona fide dispute concerning the severance payment. The jury did not reach a conclusion regarding breach of a written contract. (ECF No. 246). On

March 8, 2024, Judgment was entered in Mr. Boshea's favor, awarding him $193,000 in damages for breach of oral contract and $540,000 violation of the MWPCL. (ECF No. 254)

On April 5, 2024, Compass moved for a new trial, (ECF No. 255) Although Mr. Boshea's Rule 15 motion to add an oral contract claim had been granted, the Court ordered a new trial because notes of an oral discussion regarding the terms of the agreement between Mr. Boshea and Compass President John White had been excluded. (ECF No.275 and 276)

After a second trial that took four days, Mr. Boshea prevailed on his claim that Compass both breached its written contract with him and violated the MCWPL. The jury found there was no *bona fide* dispute about the unpaid severance and awarded $1,020,000, including $540,000 as provided in the parties' agreement and $480,000 in enhanced damages under the MWPCL. (ECF No. 361)

Judgment was entered for $1,020,000, plus pre- and post-judgment interest. (ECF 365)

The MWPCL provides when there is bona fide dispute the prevailing party is entitled to reimbursement for attorneys' fees and costs.   Md. Code. Ann. Lab. & Empl. § 3-507.2(b)(1)

Compass' post-trial motions were denied (ECF 386 and 392). It filed but never perfected an appeal to the Fourth Circuit Court. (Appeal No. 26-1054 ECF 398) The Estate's Motion to dismiss the appeal was granted and this matter was remanded to this Court to consider its petition for fees and costs. (ECF 409)

### PLAINTIFF'S LEGAL COUNSEL

David Boshea initially retained Greg Jordan of Jordan & Zito ("J&Z"), who like himself resided in the Greater Chicago area. Mr. Jordan later retained Thomas J. Gagliardo, of Counsel to Gilbert Employment Law, P.C. ("GEL") who is admitted to practice in the State of Maryland and the U.S. District Court for the District of Maryland as local co-counsel and then as fully

participating co-counsel (collectively, "Plaintiff's Counsel"). Attached hereto as EXHIBITS B and C are each of their affidavits, detailing their qualifications and experience.

Throughout this litigation Noah Wolf provided assistance and support. During the second trial Ryan Oswald read the late David Boshea's testimony from the first trial. Kate Wehba and Mary Kyriacopoulos provided assistance preparing the fee petition to which this memorandum is attached. All are paralegals.

Reimbursement for their work is being sought.

Additional assistance was provided by Mr. Jordan's law partner, Mark Zito, and several individuals at Gilbert Employment Law PC.  Only ten percent of Mr. Zito's is sought to be reimbursed, reimbursement for the work of the others is waived.

### VOLUNTARY REDUCTIONS IN BILLED TIME

Mr. Jordan and Mr. Gagliardo have reviewed the slip listings in the spread sheet attached as Exhibit A-1 They have exercised billing judgment and in their professional judgment time has been properly documented and was reasonable and necessarily expended to effectively represent Mr. Boshea and his Estate.  They are, however, waiving claims for reimbursement for certain time entries and have reduced the remaining time by ten percent (10%) across the board to account for any inefficiencies that may have occurred.

Time waived and the corresponding reduced dollar amount set forth in EXHIBIT A-3:

1.  Mr. Zito's hours of 227.3 reduced to 22.73 hours = $182,476.44 waived.

2.  Miscellaneous lawyers and staff 145.2 hours = $59,355.30 waived.

3.  The total amount waived = $241,831.74.

4.  Subtotal claimed for 1369.8 hours = $1,040,759.26.

5.  Ten percent reduction in hours 136.98 = $104,075.93

6. Final amount claimed $936,683.33

## PREVAILING PARTY STATUS

In the absence of a *bona fide* dispute, a prevailing plaintiff in a case brought under the

Maryland Wage Payment and Collection Law is entitled to petition the court to recover

attorneys' fees and costs.

> If, in an action under subsection (a) of this section, a court finds that an employer
> withheld the wage of an employee in violation of this subtitle and not as a result of a bona
> fide dispute, the court may award the employee an amount not exceeding 3 times the
> wage, and reasonable counsel fees and other costs.
> *Md. Code. Ann. Lab. & Empl. § 3-507.2(b)(1)*

A plaintiff is a "prevailing party" if he succeeds "on any significant issue in litigation

which achieves some of the benefit . . . sought in bringing suit." *Hensley v. Eckerhart et al.*, 461

U.S. 424, 433 (1983). Here, Mr. Boshea in the first trial and his Estate in the second prevailed on

the MWPCL claim and is indisputably a prevailing party. (ECF No. 365, 411)

## CALCULATING FEES USING THE LODESTAR METHOD

A court's calculation of reasonable attorneys' fees requires application of the lodestar

formula, *i.e.*, multiplying the number of hours reasonably spent by a reasonable hourly rate. See

*e.g.*, *CoStar Grp., Inc. v. Loopnet, Inc.*, 106 F. Supp. 2d 780, 787 (D. Md. 2000). The Fourth

Circuit further instructs that lodestar fees are calculated by weighing *Johnson* factors which are:

> "(1)The time and labor expended; (2) the novelty and difficulty of the
> questions raised; (3) the skill required to properly perform the legal services
> rendered; (4) the attorney's opportunity costs in pressing the instant litigation;
> (5) the customary fee for like work; (6) the attorney's expectations at the
> outset of the litigation; (7) the time limitations imposed by the client or
> circumstances; (8) the amount in controversy and the results obtained; (9) the
> experience, reputation, and ability of the attorney; (10) the undesirability of
> the case within the legal community in which the suit arose; (11) the nature
> and length of the professional relationship between attorney and client; and
> (12) attorneys' fees awards in similar cases.
> *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974).

Appendix B of this Court's local rules (*Rules and Guidelines for Determining Attorneys'*

7

*Fees in Certain Cases*", hereinafter, "Appendix B"), serves as the principle guidance for this Court.

In *Paredes v. Zen Nails Studio*, the Court of Appeals for the 4th Circuit cautioned that a district court may not treat a fee matrix as presumptively reasonable, at 134 F.4th 750, 754 (4th Cir. 2025). Rather, "the Court must consider all relevant evidence to determine 'the prevailing market rates in the relevant community'" *Id.* at 755 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Butler v. PP&G, Inc.*, 2023 U.S. Dist. LEXIS 179596, *4 (D. Md. Oct. 5, 2023) (citing *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 412 (D. Md. 2014); *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)).

### THE RATES CLAIMED IN THIS PETITION ARE REASONABLE

Mr. Jordan and Mr. Gagliardo both exceed the minimum number of years in practice required to claim the highest Fitzpatrick rate, *i.e.,* $933 per hour.  While 90% of Mr. Zito's time is being waived, his rate is $892 per hour based on 25 years of experience.  The rate of $255 per hour for Noah Wolf, Ryan Oswald, Kate Wehba and Mary Kyriacopolulos is the Fitzpatrick Matrix's rate for paralegals. It is not based on years of experience.

Mindful that Appendix B advises that Fitzpatrick hourly rates should be adjusted by five to twenty percent to account for the difference between Washington and Baltimore markets, a ten percent reduction in hours has been taken. Therefore, there is no need to reduce the rate itself.

### AWARDING ATTORNEY'S FEES AT *FITZPATRICK* RATES IS REASONABLE

Applying the *Johnson* factors paints a persuasive picture in favor of awarding *Fitzpatrick* rates. Particularly relevant are factors "3" (skill in litigation), "5" (customary fee for like work), "8" (amount in controversy and results), and "9" (experience and reputation of the attorneys)

8

Gilbert Employment Law (GEL), is an experienced firm, focusing on, as the name states, employment law. Its attorneys, including Mr. Gagliardo who has been "of counsel" since January 1, 2019, have been frequently awarded attorneys' fees at full *Fitzpatrick* rates including in cases before various offices of the U.S. Equal Opportunity Commission.

In October 2025, Mr. Gagliardo tried a sex discrimination case with Les Alderman of Alderman, Devorsetz and Hora in U.S. District Court for the District of Columbia in which, after a jury verdict in favor of their client, the defendant agreed to pay both attorneys their full Fitzpatrick rates. More generally and as stated in his affidavit: "I have tried cases to verdict or final disposition (including mistrials for defense misconduct, a hung jury, and the sudden illness of the client I represented) in the United States District Court for the Districts of Maryland and the District of Columbia, Superior Court of the District of Columbia, and the Circuit Courts for Prince George's and Montgomery County, Maryland.

In *Ashraf-Hassan v. Embassy of France,* 189 F. Supp. 3d 48, 58 (D.D.C. 2016) the District Court awarded full Laffey rates (the predecessor to Fitzpatrick rates) and referred to the billing practices of GEL as "exemplary"; and fees at full Fitzpatrick rates were awarded by an EEOC administrative judge in the San Antonio office and affirmed by the Office of Federal Operations in *Doyle T. v. Dep't of the Air Force*, EEOC App. No. 2022004281 (Sept. 30, 2022), aff'd No. 2023004214 (May 21, 2024).

The District Court of Maryland has previously addressed the difference between prevailing market rates in Maryland communities near to and distant from Washington, D.C. Specifically, Judge Paul Grimm awarded fees above those in Appendix B based on "satisfactory specific evidence" that demonstratede higher rates customarily charged by attorneys in the

immediate District of Columbia suburbs of Silver Spring, Bethesda, and Chevy Chase. *Wantou Siantou v. CVS Rx. Servs.* D.Md. Civil Case No. 8:17-cv-543-PWG

The hourly billing rate for Mr. Jordan and Mr. Gagliardo, pulled directly from the *Fitzpatrick* Matrix, is supported by the affidavit submitted by him, attached as EXHIBITS B and C.

Mr. Jordan and Mr. Gagliardo's litigation. experience and skills are set forth in their affidavits and affidavits vouching for them.

The amount in controversy was $540,000, the amount of severance pay due under the parties' agreement; the jury's verdict was for $1,020,000; and post judgment interest continues to accrue.

## AWARDING FEES FOR BOTH ATTORNEYS IS PROPER

It is customary for two attorneys to try a case. In this case, Plaintiff and Defendant were both represented at trial by two attorneys.

While Mr. Jordan questioned witnesses, Mr. Gagliardo assisted him in developing and implementing trial strategy, structuring direct and cross examination, participating in pretrial conferences and jury charging conferences and fashioning legal arguments.  When it was prudent to limit his participation in pretrial matters, Mr. Gagliardo asked the Court to be excused.

As stated in Mr. Jordan's affidavit, "Mr. Gagliardo played an active role throughout the litigation, including but not limited to advising me on Maryland law, reviewing motions, preparing for trial, participating in pretrial proceedings, strategizing both generally and in regard to the use of experts, attending and assisting me throughout both the first and second trials, and preparing the fee petition to which this affidavit is appended. I would not have tried this case without him." EXHIBIT B, paragraph 3.

Courts have reduced fee awards. *Guillen v. Armour Home Improvement*, Inc., Civ. No. DLB-19-2317, 2024 U.S. Dist. LEXIS 57339 (D. Md. March 29, 2024). Unlike *Guillen*, what might have been a straightforward breach of contract claim was complicated by the Compass's conduct when it  1) moved to dismiss the Maryland Wage Payment and Collection Law (MWPCL) claim; (2) John White, Compass' president, claimed his signature on the contract had been forged and competing experts were engaged; (3) John White's brothers, Daniel and Michael attempted to intervene; (4) the brothers, whose testimony was sought by one party or the other, evaded service of summons; (5) Compass brought and abandoned a counterclaim; (6) numerous objections were raised at trial and not by motions in limine resulting in long bench conferences and an extended trial; (7) Compass pursued posttrial motions after the both the first and second trials; (8) Compass appealed the judgment in the second trial that it then failed to perfect and was ultimately dismissed on the Estate's motion; and (9) when it challenged without justification Ashley Boshea's appointment as the personal representative of her father's estate.

### PLAITIFF IS ENTITLED TO FEES SPENT ON ALL MOTIONS

Plaintiff should be awarded fees for the motions brought, successful or not. A successful plaintiff is entitled to be reimbursed for hours spent even on unsuccessful motions, because such motions were "necessary step[s] to the ultimate victory." *Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 839-40 (D. Md. 2005). The hours spent were not unreasonable or done in bad faith, but rather, "were expended in furtherance of the litigation of the case as a whole and centered on a common core of facts and related legal theories." *Durham v. Jones*, 2012 U.S. Dist. LEXIS 128360, at *8 (D. Md. Sept. 10, 2012) (declining to require deduction of hours spent on unsuccessful motion for sanctions); *see also Ross v. Fleet Reserve Ass'n Pension Plan*, 2010 U.S. Dist. LEXIS 95988 at *8 (D. Md. Sept. 14, 2010) (rejecting argument that plaintiffs should not

be compensated for time spent on two unsuccessful motions, as "the hours spent on these activities does not appear excessive and these efforts—though unsuccessful—were not unreasonable or in bad faith").

### TIME SPENT FOR BOTH THE FIRST AND SECOND TRIALS ARE COMPENSABLE

As an initial matter, Plaintiff prevailed at the first trial. This success, and the steps taken at the first trial in achieving success, informed Plaintiff's counsel's strategy at the second trial. *See, e.g.*, *Abner v. Kansas City S. Ry. Co.*, 541 F.3d 372 (5th Cir. 2008) (finding work done at the first trial contributed to the result of the second and was therefore compensable where the first trial allowed witnesses to become familiar with testifying and the first trial drew out important evidentiary issues).

Additionally, the work performed preparing for the second trial was not duplicative. Given the year and a half delay between the two trials, it was reasonably necessary for Plaintiff's Counsel to expend additional time preparing for the second trial. *See Gierlinger* v. *Gleason*, 160 F.3d 858, 878 (2nd Cir. 1998) (finding "no competent attorney would embark on a retrial without some preparation," which "is especially true when there has been a lengthy interval between the two trials.").

Accordingly, attorney's fees for both the first trial in February 2024 and the second in August 2025 are compensable.

While reimbursement for fees and costs for the second trial presents no particular issue and are subject, as any petition is, to the Court's scrutiny, those for the first trial must be examined in light of a new trial being granted.

In the first trial the jury found breach of an oral agreement and a violation of the MWPCL. Although breach of an oral agreement was not raised in the written pleadings, it was added during the trial on Plaintiff's properly brought Fed. R. Civ. Pro. Rule 15 motion; and the the jury was given both preliminary and final instructions regarding oral agreements to which Compass did not object.[1] (ECF No. 169 and ECF 204-1)

Defendant, however, moved for a new trial. (ECF No. 255) The Court granted the motion reasoning that had an oral contract claim been raised earlier notes of a discussion between Mr. Boshea and Compass' president would not have been excluded from evidence. (ECF No. 276)

While Compass obtained the relief it sought, *viz*. a new trial, David Boshea's Estate should not be denied reimbursement for fees because a motion to conform the pleadings to the evidence was granted was granted.

---

[1] *Preliminary Jury Instructions (ECF 204-1 at p. 6)*

"A contract is an agreement creating rights or obligations between two or more parties. It is a promise or set of promises for breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty.

"A contract may be oral or written or established by conduct. But, each party must agree to be bound by its terms.

*Final Jury Instructions (Trial Transcript Vol.6, page 64, lines 10-21)*

"Mr. Boshea has sued Compass Marketing, Inc. -- I may sometimes call it Compass -- for breach of contract. Compass denies the claim. A contract is an agreement creating rights or obligations between two or more parties. A contract is a promise or set of promises for breach of which the law gives a remedy or the performance of which the law in some way recognizes as a duty. In general, a contract may be oral or written. Whether oral or written, a contract is not enforceable unless the parties agree to the terms and the contract expresses with definiteness and certainty the nature and extent of the parties' obligations, as well as the essential terms of the agreement.

As the Court candidly stated "the cure for the Court's error" is not through any fault of Plaintiff.[2] (ECF No. 288 page 29)

All that said, Plaintiff should be reimbursed for attorneys' fees and costs for the first trial. *See Abraham v. County of Greenville*, 237 F.3d 386 (4th Cir. 2001) (Affirming award of attorney's fees for first trial because "the district court's decision to declare a mistrial was within its discretion" and "Plaintiffs prevailed in the second trial.")

## PLAINTIFF IS ENTITLED TO RECOVER REASONABLE COSTS

Reasonable costs and/or out-of-pocket expenses incurred during the course of litigating an MWPCL claim may be reimbursed. Md. Code Ann. Labor and Employment 3-507(b)(2). Federal Rules of Civil Procedure Rule 54(d)(1) similarly provides that costs "should be allowed to the prevailing party" after trial "unless . . . a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). Appendix B provides that "reasonable out of pocket expenses . . . are compensable at actual cost." Appendix B(4)(a).

Plaintiff seeks reimbursement for costs associated with the litigation of his claims, totaling $67,404.57. The practices for billing such costs are detailed in the affidavit of GEL's

---

[2]  The Court granted a new trial because the untimely addition of an oral contract claim resulted in "a miscarriage of justice." (ECF 275 at 24) "But, it was the timing of Boshea's amendment to the SAC—after the close of evidence—that prejudiced Compass. Defense counsel had no opportunity to question witnesses with respect to matters that might expose shortcomings in regard to the elements of the oral contract claim. And, the Court did not permit the admission of an exhibit that is relevant to an oral contract claim. There was also an insufficient opportunity for Compass (and the Court) to address the issue of the statute of frauds. With a new trial, Compass will have the opportunity to "challenge alleged shortcomings in the proof of an oral contract." (ECF 275 at 23)

"As stated, a new trial constitutes the cure for the Court's error in allowing plaintiff's belated addition of a new contract claim."

Billing Manager/Paralegal, Mary Kyriacopoulos. See EXHIBIT A-5. Supporting documentation for these costs are attached at EXHIBIT A-6.

**CONCLUSION**

Plaintiff Ashley Boshea, personal representative of the Estate of David Boshea has petitioned this Court to order Defendant Compass Marketing, Inc., to reimburse her for attorneys' fees and costs incurred in bringing and maintaining this action.

The time her attorneys and others reasonably spent effectively and zealously representing her claim for breach of contract and violation of the Maryland Wage Payment and Collection Act is reasonable and necessary and hours for which reimbursement is claimed were documented by contemporaneously recorded time entries, which have been itemized and categorized as provided in Appendix B to this Court's local rules. An itemized entries are attached as exhibits to this Petition.

The total time recorded has been reduced based on her attorneys' billing discretion.

The rates charged are reasonable and are supported by her attorneys' affidavits, and affidavits by other attorneys who have personal knowledge of their skill, experience and reputation in the legal community.

The Petition addresses discrete legal issues supported by case law.

For these reasons the Petition should be granted and Defendant should be ordered to reimburse Plaintiff in the amounts of $936,683.33 in fees and $67,404.57 in costs.

Respectfully Submitted,

Thomas Gagliardo
Digitally signed by Thomas Gagliardo
Date: 2026.06.01 18:15:44 -04'00'

_____
Thomas J. Gagliardo

15

Of Counsel
Gilbert Employment Law, P.C.
8403 Colesville Road, Suite 1000
Silver Spring, Maryland 20910
tgagliardo@gelawyer.com


_____
Gregory J. Jordan (Admitted Pro Hac Vice)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com
Counsel for plaintiff


## CERTIFICATE OF SERVICE


I certify that a true and correct copy of the **Motion for an Award of Attorney's Fees and Costs** was served via this Court's ECF system on June 1, 2026.


_____
Gregory J. Jordan


16