UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

June 2, 2026

Re:  *Ashley Boshea, Administrator of the Estate of David John Boshea*
*v. Compass Marketing, Inc.*
Civil Action No. ELH-21-309

Dear Counsel and Mssrs. Daniel, John, and Michael White:

On May 18, 2026, Stephen B. Stern, Esq. and the law firm of Kagan Stern Marinello & Bear, LLC (the "Firm" or "KSMB") moved to withdraw as counsel for Compass Marketing, Inc. ("Compass"), in accordance with Local Rule 101.2. ECF 414 ("Motion to Withdraw"). By Order of the same date, I granted the Motion to Withdraw. ECF 415.

Local Rule 101.2(b) governs the withdrawal of appearance for parties other than individuals. It provides, in relevant part, *id.*:

In the case of any party other than an individual, including corporations, partnerships, unincorporated associations and government entities, appearance of counsel may be withdrawn only with leave of court and if

(1) appearance of other counsel has been entered, or

(2) withdrawing counsel files a certificate stating

(a) the name and last known address of both the client and the resident agent or other responsible person or persons for that client, and

(b) that the written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it.

The Motion to Withdraw includes the name and last known address of Compass and its registered agent. ECF 414 at 4. Moreover, Stern averred that on December 22, 2025, the Firm "provided formal written notice to Compass Marketing of KSMB's intent to withdraw as counsel

in various matters." *Id.* at 1; *see* ECF 414-2 (letter of 12/22/25 from Stern to John White, as CEO of Compass). And, "[i]n anticipation of the possible filing of the fee petition, KSMB sent written notice to Compass Marketing on May 4, 2026, advising of its intent to formally file a motion to withdraw as counsel for Compass Marketing in this litigation." ECF 414 at 2; ECF 414-3 (letter of 5/4/26 from Stern to John White).

Furthermore, in the Firm's letter of May 4, 2026, Stern advised Compass that it "(a) must have new counsel enter an appearance to participate in this proceeding and (b) in the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and directing any such entity to show cause why a default should not be entered on claims asserted against it." *Id.* at 2–3; *see* ECF 414-3 at 2.

On March 30, 2026, Daniel White, a brother of John White, entered an "appearance" in this case "on his own behalf." ECF 408.[1] And, on May 22, 2026, he filed a "Notice" informing the Court that Judge Louise DiMatteo, of the Circuit Court for Arlington County, Virginia, appointed him "Custodian Pendente Lite" of Compass in a case involving the defendant in Arlington County, Virginia. ECF 417; *see Michael White v. Compass Marketing Inc.,* CL-21-004012-00 ("Virginia Case"); ECF 417-1 (Order of 5/1/26, Appointing Daniel White as Custodian Pendente Lite of Compass). However, Daniel White's role as custodian pendente lite in a Virginia case does not give rise to his right to participate in this case.

On June 1, 2026, plaintiff filed a motion for attorney's fees and costs, ECF 419, and a motion for an extension of time to file affidavits in support of the fee petition. *See* ECF 418. In plaintiff's motion for an extension, plaintiff stated: "Because Defendant is without counsel, Plaintiff's counsel reached out to Daniel White, who has petitioned this Court to be appointed custodian for Compass Marketing, Inc. He has not responded to Plaintiff's request" for an extension. ECF 418 at 1–2.

Local Rule 101.1(a) provides: "All parties other than individuals must be represented by counsel." This rule reflects well settled law "that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993). Nevertheless, a district court has discretion to grant a reasonable continuance to enable an unrepresented corporate party to secure a replacement attorney. *See RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356 (4th Cir. 2007) (reversing, for abuse of discretion, a district court's denial of such a continuance).

---

[1] Daniel White is not a party to this case. Moreover, ownership of Compass was not the subject of this litigation.

Fed. R. Civ. P. 24 governs "Intervention." However, no motion to intervene was filed. The Court is unaware of any authority that permits the "appearance" of Daniel White in this case. Moreover, the Fourth Circuit recently denied a motion filed by Daniel White in the appellate court, seeking to intervene in Compass's appeal and to place the appeal in abeyance. ECF 409; *see Boshea v. Compass Marketing, Inc.,* 26-1042 (4th Cir. Apr. 23, 2026).

Further, Local Rule 101.2(b) provides: "In the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it."  The Rule is couched in permissive language. In my view, it establishes a 30-day "safe harbor" period that follows the filing of a motion to withdraw, during which a corporate defendant may obtain new counsel.

As noted, Stern and the Firm moved to withdraw on May 18, 2026.  Therefore, Compass has until **June 18, 2026,** to obtain new counsel.  In the interim, plaintiff's motion for attorney's fees and costs (ECF 419) shall be held in abeyance.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

The Clerk is directed to mail a copy of this Order to the following individuals:

John White
222 Severn Avenue
Annapolis, Maryland 21403

Daniel J. White, Esq.
Post Office Box 1760
Leonardtown, MD 20650

Michael R. White
39650 Hiawatha Circle
Mechanicsville, MD 20659

Very truly yours,

_____/s/_____
Ellen Lipton Hollander
United States District Judge

3