**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ASHLEY BOSHEA, ADMINISTRATOR OF
THE ESTATE OF DAVID JOHN BOSHEA,      Civil Action No. ELH-21-309
     Plaintiff,

v.

COMPASS MARKETING, INC.,
     Defendant.

---

**MOTION TO INTERVENE AS OF RIGHT BY DANIEL J. WHITE, ESQ., AS**
**CUSTODIAN PENDENTE LITE OF COMPASS MARKETING, INC., AND, IN THE**
**ALTERNATIVE, MOTION FOR PERMISSIVE INTERVENTION AND**
**INCORPORATED MEMORANDUM IN SUPPORT**

Daniel J. White, Esq., Court-appointed Custodian *pendente lite* of Compass Marketing, Inc., respectfully moves under Federal Rule of Civil Procedure 24(a)(2) and, in the alternative, Rule 24(b)(1)(B), for leave to intervene in this action in his official capacity. The grounds for the motion are set out below.

Although the undersigned is admitted to practice before this Court, he appears solely in his official capacity as Custodian *pendente lite* of Compass Marketing, Inc. He does not enter an appearance as counsel of record for Compass Marketing, Inc., and does not undertake to satisfy Local Rule 101.1(a) on the corporation's behalf. The Custodian is unable to comply with this Court's June 2, 2026 directive that new counsel enter for Compass because the individuals and attorneys who purported to represent Compass in this case since 2020 have abandoned the case and now refuse to provide the Compass file to the Custodian.

**STATEMENT OF FACTS**

1. Compass Marketing, Inc. ("Compass") is a Virginia stock corporation, formed by the undersigned with its registered office in Arlington County, Virginia, effective February 5,

1

1998. Ex. B (Certificate of Incorporation issued by the Virginia State Corporation Commission, February 5, 1998, and Articles of Incorporation showing the undersigned as Compass's sole initial director and registered agent, with the registered office at 6851 N. Washington Boulevard, Arlington, Virginia 22213).

2.  Compass's incorporation in the Commonwealth of Virginia, with its registered office in Arlington County, is the basis for the jurisdiction and venue of the Circuit Court for Arlington County, Virginia, in the dissolution proceeding *Michael R. White, et al. v. Compass Marketing, Inc.*, Case No. CL21004012-00. On May 1, 2026, that Court entered an Order appointing Daniel J. White, Esq. as Custodian *pendente lite* of Compass under Virginia Code § 13.1-748. A certified copy of that Order is attached as Exhibit A.

3.  The Order vests the Custodian with "full authority over [Compass's] assets, books, records, bank accounts, contracts, and pending litigation," and authorizes him to "retain counsel for Compass." Ex. A ¶ 1.

4.  The Order directs that "all current and former officers, agents, and counsel of Compass, and all third parties holding Compass property or records shall cooperate with the Custodian and produce records, credentials, and account access on demand." Ex. A ¶ 2.

5.  The Order is an Order of a Court of competent jurisdiction and is entitled to full faith and credit. U.S. Const. art. IV, § 1; 28 U.S.C. § 1738.

6.  Stephen Stern and the law firm of Kagan Stern Marinello & Beard, LLC ("KSMB") were docketed as counsel of record for Compass through May 18, 2026, when KSMB moved to withdraw and on the same day this Court granted the motion. ECF 414, 415.

7.  Since May 1, 2026, the Custodian has issued written demands for Compass property and records to Compass's prior officers, counsel, vendors, banks, insurers, benefits

administrators, and federal and state agencies. Several former officers and former counsel have acknowledged in writing that Compass business was conducted in significant part through personal email accounts of those holding themselves out as Compass officers, and that Compass corporate records were removed from Compass's offices contemporaneously with the underlying Arlington proceeding.

8. By this motion, the Custodian expressly reasserts that the persons and firms who appeared in Compass's name during the pendency of this litigation did so without authority validly conferred by Compass through duly constituted corporate governance. That question is not before the Court on this motion and is reserved.

9. The Custodian's contention that those who appeared in Compass's name lacked validly conferred authority is not new, and it does not surface for the first time with the Custodian's appointment. As early as August 16, 2021, the undersigned, then appearing in this very action as a nonparty *in proper person*, advised this Court and the parties in writing that Stephen Stern was not properly retained by Compass and had instead been engaged by a single Compass shareholder, John White, who shares with Mr. Stern an undisclosed financial interest in Smart Retail, Inc., the Wyoming entity the two had furtively established in 2019. ECF 31 (Nonparty Daniel White's Objection to Compass's Subpoena Duces Tecum and Motion to Quash) ¶¶ 2.D-2.G. He warned that Mr. Stern was disqualified from serving as Compass's counsel and that this litigation was being used as a proxy in a shareholder dispute rather than prosecuted for Compass's benefit. In his September 7, 2021 reply, the undersigned put the question to the Court directly: "[D]o John White and Stern actually represent Compass Marketing just because they say they do? Or . . . do they repeatedly appear as the representatives of Compass . . . simply by virtue of locking the

rightful owners and directors out of Compass[?]" ECF 44 at 3. He asked the Court to find that Mr. Stern's financial interests and conduct "prohibit him from representing Compass Marketing in this action, or any other for that matter." *Id.* The Court and the plaintiff were placed on notice of that contention nearly five years ago. What the undersigned could allege only in part in 2021 has been borne out by the record compiled since. Through those holding themselves out as its officers and the counsel they selected, Compass advanced a ludicrous forgery defense and farcical counterclaims in this action that did not withstand scrutiny at trial, and Compass was made the instrument of the conduct described below. The intervening five-year record confirms the warning the undersigned gave this Court and the plaintiff at the outset of this case.

10. On March 30, 2026, the undersigned, before his appointment as Custodian, entered an appearance on his own behalf in this action. ECF 408. The Court's June 2, 2026 Memorandum Order (ECF 421) determined that the appearance was improper because the undersigned is not a party.

11. On May 22, 2026, after the Custodian appointment, the Custodian filed a Notice (ECF 417) advising the Court of the Arlington Order. The Court's June 2 Order observed that the notice did not establish a procedural basis for the Custodian to participate. This motion is filed to address the procedural gap the Court identified.

12. The Court's June 2, 2026 Order established a thirty-day safe-harbor period under Local Rule 101.2(b) within which Compass may obtain new counsel. That period runs through June 18, 2026. This motion is filed within that period.

13. As of the date the Custodian secured Compass's account at Compass's bank of record, the balance of that account was **negative eighteen dollars and ninety-five cents (-$18.95)**.

The Custodian holds no Compass cash reserves. The residual Compass business the Custodian is charged with administering is, as of this filing, materially nothing. The Custodian's preliminary review indicates that more than twenty million dollars passed through Compass accounts during the pendency of this case, while Compass's internal records reflect approximately eight million dollars in debt, including roughly one million dollars in unpaid wages, exclusive of any obligations arising from this case.

14. Those who entered appearances in Compass's name in this action, including the firm that has now withdrawn, were retained at the direction of individuals then holding themselves out as Compass officers. Compass's corporate records, as the Custodian has reviewed them, do not reflect that those individuals were validly conferred with the authority they claimed, or that the retentions they directed were authorized by Compass through duly constituted corporate governance.

15. During the same period, individuals acting in Compass's name locked out other Compass shareholders, used Compass to facilitate transactions for the benefit of Smart Retail, Inc., a Wyoming entity in which certain of them held personal interests, and directed Compass to prosecute federal civil-RICO actions that were ultimately dismissed.

16. Based on the Custodian's review of Compass's available corporate records and third-party records since his May 1, 2026 appointment, millions of dollars have left Compass accounts and reserves during the period in which individuals were holding themselves out as Compass officers, and have not been accounted for on the corporate record.

17. The Custodian has identified, without limitation, three categories of transactions in which material amounts moved out of Compass during that period:

a. Amounts paid to KSMB and to other law firms purporting to act for Compass, in the form of fees, retainers, and disbursements;

b. Amounts paid to or for the benefit of Smart Retail, Inc., a Wyoming entity formed on August 2, 2019 by John White and Stephen Stern of KSMB, in which Stern holds a 1% interest; and

c. Amounts moved through KSMB's firm trust account (IOLTA) to third parties for purposes that did not benefit Compass.

18. The Custodian's Court-conferred authority includes the duty to locate unaccounted-for amounts and, where they have been improperly diverted, to recover them from whatever accounts or persons to which they have been transferred. Ex. A ¶ 1; Va. Code § 13.1-748.

19. Following his appointment, the Custodian made written demand on KSMB for (a) the Compass file in this action, and (b) KSMB's complete accounting of the Compass funds that moved through KSMB during the period KSMB purported to act for Compass.

20. KSMB has refused to produce the Compass file. The file contains the materials necessary to evaluate the pending fee motion, to consider whether replacement counsel could be engaged, and to discharge the Custodian's official duties to administer pending litigation.

21. KSMB has also refused to inform the Custodian (a) how much of the unaccounted-for funds described in ¶ 16 were paid to KSMB as fees, retainers, or disbursements; (b) how much was paid to or for the benefit of Smart Retail, Inc., the Wyoming entity in which Mr. Stern of KSMB holds a 1% interest together with John White; or (c) how much moved through KSMB's IOLTA to third parties for purposes that did not benefit Compass. KSMB's refusal is a refusal to account for funds the firm and its principal received from, paid out of, or moved through trust accounts for a client the firm now claims to no longer

represent. The Custodian's concern about funds moved through KSMB's IOLTA is not newly minted: the undersigned represented to this Court in 2021 that, on the same afternoon Compass funds were wired out, Mr. Stern "washed the Compass funds through the IOLTA account of Kagan Stern." ECF 44 ¶ 4.a.

22. KSMB's refusals contravene Paragraph 2 of the May 1, 2026 Custodian Order. Ex. A ¶ 2. The refusals also contravene Maryland Rule of Professional Conduct 19-301.16(d), which requires a withdrawing attorney to "tak[e] steps to the extent reasonably practicable to protect the client's interests, such as . . . surrendering papers and property to which the client is entitled." Md. Rule of Prof'l Conduct 19-301.16(d). The Custodian raises this here not to seek relief against KSMB in this Court, but to identify a material constraint on the Custodian's ability to address this Court's June 2 Order.

23. On April 23, 2026, before the Custodian appointment and before KSMB's May 18, 2026 withdrawal, the United States Court of Appeals for the Fourth Circuit denied a motion by the undersigned, in his individual capacity as a Compass shareholder, to intervene in the Compass appeal in *Boshea v. Compass Marketing, Inc.*, No. 26-1042 (4th Cir.). The undersigned filed that motion as an individual shareholder. The undersigned files the present motion in a different capacity, as Custodian *pendente lite* of Compass Marketing, Inc. by Order of the Circuit Court for Arlington County, Virginia. The Custodian capacity did not exist on April 23, 2026.

## ARGUMENT

### I.    The Court Should Grant Intervention of Right Under Rule 24(a)(2)

Rule 24(a)(2) requires the Court to permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that

disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Fourth Circuit applies a four-part test: timeliness; a significantly protectable interest; impairment without intervention; and inadequate representation. *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013); *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). Intervention provisions are construed liberally. *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986); *Newport News Shipbuilding & Dry Dock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 121-22 (4th Cir. 1981). Each element is satisfied here.

### A.    The Motion Is Timely

The motion is filed within the thirty-day safe-harbor period this Court established by Order of June 2, 2026 (ECF 421), and within forty-five days of the Custodian's May 1, 2026 appointment. Statement of Facts ("SOF") ¶¶ 2, 12. KSMB was docketed as Compass's counsel of record until May 18, 2026 (SOF ¶ 6); the Custodian had no procedural occasion to intervene before withdrawal from the docket created the present posture. Timeliness under Rule 24 is assessed in light of all circumstances. *NAACP v. New York*, 413 U.S. 345 (1973).

### B.    The Custodian Has a Significantly Protectable Interest

The Custodian's interest is direct, and Court-conferred. SOF ¶¶ 1-4. The Custodian holds full authority over Compass's assets, records, accounts, contracts, and pending litigation under the Arlington Order. The pending motion in this case (ECF 419) is one such item of pending litigation. The relief plaintiff seeks directly affects the Compass accounts the Custodian is charged with administering. SOF ¶ 13. The Compass bank account balance of negative $18.95 makes the impact of any fee award immediate and material to the administration of the entire residual estate.

The Custodian's interest is not coextensive with Compass's interest. See *Donaldson v. United States*, 400 U.S. 517, 531 (1971). A court-appointed officer's interest in administering the estate is distinct from the entity's interest in the underlying merits. The entity's interest is to win or settle favorably. The court-appointed officer's interest is to preserve the assets remaining for orderly administration, irrespective of merits.

That distinction matters here in three ways. First, even if Compass were represented and would oppose the fee motion on its merits, the Custodian's official-capacity interest in proportionality of any fee award to the residual estate is an independent interest that requires a voice. Second, the Custodian's mandate extends beyond the visible operating account to include locating and recovering the unaccounted-for amounts identified in SOF ¶¶ 16-18, including the amounts that moved through KSMB and to Smart Retail. The priority and treatment of fee awards entered now will, as a practical matter, affect the recoverable estate as well as the residual one. Third, Compass is unrepresented; the Custodian's interest is not represented by any party currently before the Court. A court-appointed fiduciary with authority over an entity's assets has a significantly protectable interest in litigation affecting those assets, because he "stand[s] to gain or lose by the direct legal operation of the ... court's judgment." *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).

### C.   The Custodian's Interest Will Be Impaired Without Intervention

Rule 24(a)(2)'s impairment standard requires only that the movant demonstrate that the disposition of the action may, as a practical matter, impair or impede his ability to protect his interest. That standard is satisfied where the unrepresented status of the corporate defendant means no party will speak to the Custodian's distinct interest at all.

The impairment is materially compounded by KSMB's continuing refusal to release the Compass file and to account for the Compass funds that moved through KSMB to KSMB, to Smart Retail, and to third parties not for Compass's benefit. SOF ¶¶ 19-22. The very records required to evaluate the pending fee motion are being withheld by the only parties that have them, John White and KSMB, even as the safe-harbor period runs. Without intervention, the Custodian has no procedural mechanism to be heard in this action and no procedural mechanism to seek relief from the withholding in the forum where the withholding has practical effect. The impairment is immediate and concrete.

### D.   The Custodian's Interest Is Not Adequately Represented

The burden on this element is "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Compass is unrepresented. There is no existing party-aligned voice in this action to be adequate. The plaintiff is, of course, properly aligned with her own interests. The Custodian's interest in the orderly administration of Compass's residual and recoverable estate is not represented by any party currently before the Court. The element is satisfied *a fortiori* where no purported representative even exists.

### II.   Alternatively, the Court Should Grant Permissive Intervention

If the Court declines intervention as of right, the Court should grant permissive intervention under Rule 24(b)(1)(B). Permissive intervention is appropriate where the movant has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). The Custodian's interest in the proportionality of any fee award to the residual and recoverable Compass estate shares with the pending fee motion common questions of law and fact regarding the appropriate amount of the award.

Denial of permissive intervention is reviewed for abuse of discretion. *McHenry v. Comm'r*, 677 F.3d 214, 219 (4th Cir. 2012). In the circumstances presented here, declining to permit the only party-aligned voice capable of being heard on behalf of an unrepresented corporate defendant to be heard, within the very procedural window the Court has established for that purpose, would be an abuse of discretion. Consistent with the Court's June 2, 2026 Order and the safe-harbor framework it adopted, the more orderly course is to allow the Custodian, in his official capacity, to be heard on the pending fee motion within that window.

### III.    The Fourth Circuit's April 23, 2026 Denial of Intervention Is Not Preclusive

This Court's June 2 Order noted the Fourth Circuit's April 23, 2026 denial of a prior motion to intervene in the Compass appeal. ECF 421 at 2 n.2; *Boshea v. Compass*, No. 26-1042 (4th Cir.). That denial does not preclude district-court intervention now for three independent reasons.

**A. Different movant.** The Fourth Circuit denied a motion filed by the undersigned in his individual capacity as a Compass shareholder. The present motion is filed by the undersigned in his capacity as Court-appointed Custodian *pendente lite* of Compass under Virginia Code § 13.1-748. SOF ¶¶ 2, 23. The individual capacity and the official capacity are distinct juridical postures. A court-appointed fiduciary acts in a representative capacity conferred by the appointing court; the individual exists separately as a natural person. The Custodian capacity did not exist on April 23, 2026. The Fourth Circuit could not have ruled, and did not rule, on the standing of a movant that did not yet exist. The denial of a motion brought by Daniel J. White, individual shareholder, cannot preclude a motion now brought by Daniel J. White, Esq., Custodian *pendente lite*.

**B. Different court and procedural posture.** The Fourth Circuit's denial came in an appeal, where intervention is governed by a different and more exacting standard than Rule 24. The Federal Rules of Appellate Procedure contain no general provision for intervention; apart from

11

the agency-review context of Rule 15(d), intervention in a court of appeals is committed to that court's discretion and is allowed "only in an exceptional case for imperative reasons" where intervention was not sought in the district court. *McKenna v. Pan American Petroleum Corp.*, 303 F.2d 778 (5th Cir. 1962) (per curiam). Intervention in the district court, by contrast, is governed by the specific four-part test of Rule 24(a)(2) and the common-question standard of Rule 24(b).

The postures also differ: the Fourth Circuit motion sought intervention in an interlocutory appeal, together with an abeyance of that appeal, while this motion seeks intervention in the post-judgment fee-motion phase, with no request for abeyance. Unlike the Fourth Circuit motion, which sought to disturb a pending appellate posture, this motion seeks only to participate in the orderly disposition of the pending fee motion within the safe-harbor period this Court has set. The Fourth Circuit therefore never decided whether the Custodian satisfies Rule 24 in this Court; it applied a stricter appellate standard to a different request, at a different stage. Indeed, that demanding appellate standard exists precisely because intervention should ordinarily be sought first in the district court, so the appellate denial points to this forum as the proper one rather than foreclosing it. A discretionary denial, by a different court, under a more exacting standard, at a different procedural stage, and without findings on the Rule 24 elements, does not decide the question now before this Court.

**C. Different facts.** Even apart from the change in capacity, the record before this Court differs from the record before the Fourth Circuit in two respects material to the Rule 24 analysis. The Fourth Circuit ruled on April 23, 2026. Eight days later, on May 1, 2026, the Arlington court entered the Custodian Order; and on May 18, 2026, KSMB withdrew, leaving Compass without counsel of record. SOF ¶¶ 2, 6, 23. These are not new arguments on an unchanged record; they are new operative facts that reshape the Rule 24 inquiry. The Custodian Order created the direct,

12

Court-conferred interest in Compass's assets and pending litigation that the undersigned, as a shareholder standing alone, did not have, the significantly protectable interest Rule 24(a)(2) requires. KSMB's withdrawal then eliminated the only representative speaking for Compass, giving rise to the impairment and inadequate representation that could not have existed while Compass was represented. A ruling entered before either fact came into being neither decided, nor could have decided, whether the Custodian satisfies Rule 24 on the present record, and a prior denial does not preclude relief where the controlling circumstances have materially changed.

The motion does not ask the Court to recognize the Custodian as counsel of record for Compass and does not undertake to satisfy Local Rule 101.1(a) on Compass's behalf. The Custodian's intervention is in his official capacity. The Custodian acknowledges that Compass may be subject to the show-cause-on-default procedure contemplated by Local Rule 101.2(b). The Custodian has weighed that consequence against the alternative of undertaking the representation of a corporation he has just begun to administer, with a residual estate balance of negative $18.95, and submits that intervention in his official capacity is the orderly course.

## IV.    Denial of Intervention Would Frustrate This Court's Own June 2, 2026 Order

The Court's June 2 Order established a thirty-day safe-harbor framework under Local Rule 101.2(b) and held the pending fee motion in abeyance during that window. The Court cited *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356 (4th Cir. 2007), for the proposition that a district court must grant a reasonable continuance to enable an unrepresented corporate party to secure a replacement attorney or risk reversal for abuse of discretion. ECF 421 at 2. The Custodian, by his official-capacity intervention now, seeks to exercise his Court-conferred authority over Compass's pending litigation within the safe-harbor window the Court has established. Denying intervention during the same window, in a setting where Compass has no functioning governance

13

to secure a replacement attorney in the ordinary sense and no funds with which to do so, would

substantially frustrate the safe harbor's purpose. The Court's June 2 Order, and the RZS Holdings

line it adopts, supports granting this motion.

**CONCLUSION**

The Court should grant the Motion to Intervene under Rule 24(a)(2), or in the alternative

under Rule 24(b)(1)(B), and enter the accompanying Proposed Order. The Custodian reserves his

right to file substantive papers in response to the pending fee motion (ECF 419) once intervention

has been granted, and to address any other matter in this action that may, as a practical matter,

affect the administration of Compass.

Respectfully submitted,

Dated: June 17, 2026

_____

Daniel J. White, Esq.
Custodian Pendente Lite of Compass Marketing, Inc.,
Appearing in His Official Capacity
D. Md. Bar No. 21937
Md. Judiciary AIS No. 0201030014
Va. State Bar No. 98775
P.O. Box 1760
Leonardtown, Maryland 20650
(t) 240-298-8156
daniel.white@danielwhite.law

Exhibit A: Certified copy of Order Appointing Custodian Pendente Lite, *Michael R. White, et al. v. Compass Marketing, Inc.*, Case No. CL21004012-00 (Cir. Ct. for Arlington County, Va., May 1, 2026)

Exhibit B: Virginia State Corporation Commission Certificate of Incorporation, Compass Marketing, Inc., effective February 5, 1998 (Order, William J. Bridge, Clerk of the Commission), and Articles of Incorporation of Compass Marketing, Inc. (showing Daniel J. White as sole initial director and registered agent, registered office at 6851 N. Washington Boulevard, Arlington, Virginia 22213)

15

## CERTIFICATE OF SERVICE

I certify that on June 17, 2026, the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*DW*

_____

Daniel J. White, Esq.