IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ASHLEY BOSHEA as Administrator
of the Estate of DAVID JOHN
BOSHEA,

    *Plaintiff,*

    v.

COMPASS MARKETING, INC.,
    *Defendant*.

Civil No. ELH-21-309

**MEMORANDUM**

This case is rooted in a claim of breach of a severance agreement. Suit was filed in 2021 by David Boshea, who has since died.[1] At two jury trials, John White, as CEO of defendant Compass Marketing, Inc. ("Compass"), testified that his signature on the severance agreement was forged. Two times, a jury found for plaintiff.[2]

Judgment was entered in favor of plaintiff on August 15, 2025. ECF 365. After resolution of post-trial issues, Compass noticed an appeal to the Fourth Circuit on January 8, 2026. ECF 398. The Fourth Circuit dismissed the appeal on April 23, 2026. ECF 409, ECF 410, ECF 412 (Mandate). Therefore, the case is essentially concluded, with the exception of a request for legal fees filed by plaintiff. ECF 419.

---

[1] Boshea died in January 2025. *See* ECF 310. His daughter, Ashley Boshea, as Administrator of the Estate, was substituted as the plaintiff.

[2] The reason for two jury trials is not relevant here. The grounds are addressed in opinions of this Court, docketed at ECF 275 and ECF 288.

Now pending is a motion to intervene filed by Daniel White, Movant.  ECF 428 (the "Motion").  The Motion is supported by exhibits.

Movant, who is a lawyer, is a brother of John White.[3]  He alleges that he is an owner of defendant Compass.  *Id.* at 7, 11, 13.[4]  Plaintiff has not responded to the Motion, and the time to do so has expired.  *See* Local Rule 105.2(a).  Moreover, Compass is now unrepresented and thus unable to participate.  Therefore, the Motion is ripe for resolution.

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall deny the Motion.

### I.    Background

The case has a long history, which I need not recount here.  For convenience, I incorporate by reference the factual and procedural summaries set forth in the numerous opinions that I previously issued in this case.  *See* ECF 110, ECF 117, ECF 160, ECF 205, ECF 212, ECF 222, ECF 239, ECF 275, ECF 288, ECF 304, ECF 328, ECF 340, ECF 385, ECF 391, and ECF 406.

Throughout the proceedings in this case, John White participated as the representative of Compass.  And, throughout the pendency of the case, until May 18, 2026, Compass was represented by Stephen B. Stern, Esq. and the law firm of Kagan Stern Marinello & Bear, LLC (the "Firm").  On May 18, 2026, Stern and the Firm moved to withdraw as counsel for Compass,

---

[3] To avoid confusion between Daniel White and his brothers, Michael and John White, I shall sometimes refer to the brothers by their first names.

[4] Throughout the Memorandum, the Court cites to the electronic pagination. However, the electronic pagination does not necessarily correspond to the page number imprinted on a particular submission.

in accordance with Local Rule 101.2. ECF 414.  By Order of the same date, I granted the motion to withdraw. ECF 415.[5]

Of import, Local Rule 101.1(a) provides: "All parties other than individuals must be represented by counsel."  This rule reflects well settled law "that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993).  In light of this rule, by Order of June 2, 2026, I directed Compass to obtain new counsel by June 18, 2026.  ECF 421.  But, Compass has not retained counsel.

As noted, a judgment was entered in favor of plaintiff.  ECF 365.  Compass subsequently noted an appeal to the Fourth Circuit.  ECF 398.  But, "[o]n appeal, Compass Marketing . . . failed to pay the filing fee, failed to establish representation of counsel, failed to file an opening brief, and . . . failed to respond to Boshea's motion to dismiss."  ECF 409 at 1; *see Boshea v. Compass Marketing, Inc.*, No. 26-1042 (4th Cir. Apr. 23, 2026) ("Boshea Appeal").

Notably, Daniel sought to intervene in the appeal and to place the appeal in abeyance.  ECF 409 at 2.  In particular, Daniel claimed a significant interest in this case "as a substantial shareholder and creditor" of Compass, and sought to prevent dismissal of the Boshea Appeal and to protect his "direct shareholder and creditor interests."  *Boshea Appeal*, ECF 6 at 5.  Further, Daniel claimed that the judgment for plaintiff in this case "resulted from litigation conducted in Compass's name by individuals whose corporate authority has been challenged throughout these proceedings and remains unresolved."  *Boshea Appeal*, ECF 6 at 2.

---

[5] Shannon Hayden, another lawyer at the Firm, moved to withdraw in December 2025. ECF 389.  I granted that request.  ECF 390.

As indicated, on April 23, 2026, the Fourth Circuit dismissed the appeal.  ECF 409, ECF 410, ECF 412.  Of relevance, it also denied Daniel's motion to intervene and to hold the appeal in abeyance.  ECF 409 at 2; *see Boshea Appeal*, ECF 13 at 2.

On March 30, 2026, while the appeal was pending and while Stern was still counsel for defendant in this case, Movant entered an "appearance" in this case "on his own behalf."  ECF 408.  He also filed a "Notice" informing the Court that Judge Louise DiMatteo, of the Circuit Court for Arlington County, Virginia, appointed him "Custodian Pendente Lite" of Compass in a case initiated by Movant's brother, Michael White, against Compass.  ECF 417; *see Michael White v. Compass Marketing Inc.*, CL-21 004012-00 ("Virginia Case"); ECF 417-1 (Order of 5/1/26, Appointing Daniel as Custodian Pendente Lite of Compass).

Then, on June 17, 2026, a few weeks after Stern withdrew as counsel for Compass, Movant sought to intervene in this case.  ECF 48.  This is the first time Daniel filed such a motion with the District Court.  *See* Docket.[6]

Daniel states that he "does not enter an appearance as counsel of record for Compass Marketing, Inc., and does not undertake to satisfy Local Rule 101.1(a) on the corporation's behalf."  ECF 428 at 1.  He asserts: "Compass has no functioning governance to secure a replacement attorney in the ordinary sense and no funds with which to do so[.]"  *Id.* at 13–14.  Relying on his appointment as Custodian in the Virginia litigation, Daniel asserts: "A court-appointed officer's interest in administering the estate is distinct from the entity's interest in the underlying merits. The entity's interest is to win or settle favorably. The court-appointed officer's interest is to preserve the assets remaining for orderly administration, irrespective of merits."  *Id.* at 9.

---

[6] As noted, Daniel sought to intervene on appeal to the Fourth Circuit, but that Court denied that request. ECF 409.

Notably, Daniel recognizes that his "interest is not coextensive with Compass's interest." *Id.* But, he argues that the Custodian's interest is not represented by any party before the Court. *Id.* Furthermore, he claims that "the Custodian's official-capacity interest in proportionality of any fee award to the residual estate is an independent interest that requires a voice." *Id.*

Further, Daniel contends that "those who appeared in Compass's name lacked validly conferred authority," a matter he concedes "is not before the Court on this motion" but which he "reserve[s]" for a later time. *Id.* at 3. However, Daniel asserts: "As early as August 16, 2021, [Daniel White], then appearing in this very action as a nonparty *in proper person,* advised this Court and the parties in writing that Stephen Stern was not properly retained by Compass and had instead been engaged by a single Compass shareholder, John White, who shares with Mr. Stern an undisclosed financial interest in Smart Retail, Inc., the Wyoming entity the two had furtively established in 2019." *Id.* (italics in original) (citing ECF 31, ¶¶ 2.D–2.G).

ECF 31, cited by Daniel, is titled "Nonparty Daniel White's Objection to Compass Marketing Inc.'s Subpoena Duces Tecum And Motion to Quash Subpoenas And For Protective Order." The motion included several exhibits. It concerned Compass's pursuit of discovery during the pretrial phase.

In particular, in July and August of 2021, Compass served Daniel and Michael White, as well as James C. DiPaula, a former Executive Vice President of Compass (ECF 36-1 at 2), with document and deposition subpoenas. *See* ECF 31-1 (Daniel White Subpoena), at 2–8; ECF 33-1 (Michael White Subpoena), at 9, 12; ECF 36-3 (DiPaula Subpoena), at 3–12. All three non-parties moved to quash the subpoenas issued by Compass. ECF 31 (Daniel); ECF 33 (Michael); ECF 36 (DiPaula). The motions also included exhibits. Daniel and DiPaula also moved for protective

orders.  ECF 31 at 2; ECF 36 at 1.  And, Michael requested "a hearing . . . to determine the legitimacy of Stephen Stern Esq as an officer of the court."  ECF 33 at 1.

In Daniel's motion to quash, he argued that the document subpoena he received was "overly broad, unreasonable and oppressive[.]"  ECF 31 at 2.  Moreover, he asserted that Compass requested documents that were "not relevant to the instant case, but instead" were part of "a sort of proxy war in a dispute among the shareholders on [sic] Compass, one of whom is a business partner of attorney Stern."  *Id.*

In addition, Daniel claimed "attorney Stern is disqualified from serving as counsel for Compass under the Maryland Attorneys' Rules of Professional Conduct because . . . attorney Stern is also the attorney for, and maintains an undisclosed financial interest in, Smart Retail, Inc. ('Smart Retail'), a business furtively established by Stern in Wyoming in 2019, and whose interests are directly and materially adverse to Compass."  *Id.* at 2–3.  Daniel also averred that Stern "maintains an undisclosed financial interest in, Tagnetics, Inc., a business who [sic] is not an 'affiliate' of Compass, and whose interests are directly and materially adverse to Compass."  *Id.* at 3.  Furthermore, Daniel claimed: "Stern was not properly retained by Compass and was instead engaged by a single shareholder of Compass who shares with attorney Stern a financial interest in Smart Retail, Inc., whose interests are directly and materially adverse to Compass[.]"  *Id.* Daniel also asserted that the subpoena "represents harassment against a nonparty[.]"  *Id.*

Michael, too, lodged a variety of allegations as to John White and Stern.  *See* ECF 33.  In particular, Michael claimed: "The board of directors of Compass Marketing Inc has not authorized Stephen Stern Esq and the law firm of Kagan Stern Marinello & Beard, LLC appearance into this case."  *Id.* at 2.  He represented that "[t]ogether he and Daniel own 50% of the issued shares for

Compass and are two of the three legitimate directors of Compass." *Id.* He also asked for a hearing to determine if Stern "is disqualified from serving as counsel" for Compass. *Id.*

Discovery disputes, including the resolution of the motions to quash, were referred to Magistrate Judge A. David Copperthite. ECF 51; *see also* ECF 56, ECF 58, ECF 83. As to the motions to quash, Judge Copperthite observed: "The only questions before this Court are whether the subpoenas *duces tecum* served on the third party movants are properly within the scope of discovery in the present matter; and, if not, whether the responses of Daniel White and DiPaula should be subject to a protective order from this Court." ECF 52 at 3–4.

Judge Copperthite granted DiPaula's motion to quash the document subpoena. *Id.* at 11. Judge Copperthite observed that Compass sought documents concerning DiPaula's "personal financial information," and requested copies of DiPaula's employment and severance agreements with Compass. *Id.*; *see id.* at 10–11. However, Judge Copperthite noted that "DiPaula began his employment after Plaintiff was hired, resigned before Plaintiff was terminated, and never supervised Plaintiff." *Id.* He concluded that Compass "does not need such information because any documents between [Compass] and DiPaula are already available to" Compass. *Id.*

As to Michael and Daniel, Judge Copperthite found that both brothers likely had relevant information, stating: "Conversations between nonparties . . . . and Plaintiff regarding his employment, termination, and a factually disputed severance agreement are important information necessary to Defendant to evaluate Plaintiff's claim." *Id.* at 8. Therefore, Judge Copperthite denied the respective motions to quash of Daniel and Michael, except as to three of Compass's document requests. *Id.* at 2. Judge Copperthite determined "that limiting the discovery is appropriate," and he barred inquiries regarding "information" not "related to the allegedly forged Employment Agreement at issue in this action." *Id.* at 9. In his view, some of the information

Compass had requested was "not for its defense, but to investigate events that occurred after the commencement of this action." *Id*.

Neither Daniel nor Michael appealed the magistrate judge's discovery ruling to this Court. Yet, both Michael and Daniel submitted several other filings during the course of the litigation. *See*, *e.g.*, ECF 62 (Michael); ECF 67 (Michael); ECF 70 (Daniel); ECF 76 (Michael); ECF 86 (Daniel); ECF 89 (Michael); ECF 91 (Daniel); ECF 269 (Michael); ECF 273 (Michael); ECF 367 (Michael); ECF 387 (Michael); ECF 403 (Michael).

It is noteworthy that counsel entered appearances for both Michael (ECF 68) and Daniel (ECF 69) in November 2021, *i.e.*, the same year the suit was filed. Counsel for Daniel has never withdrawn his appearance. Counsel for Michael White did not withdraw from the case until May 2024. ECF 266; ECF 274. In all that time, the lawyers for Daniel and Michael never filed motions to intervene. Nor did they raise issues as to the legitimacy of John White as a lawful representative of Compass in this case, or challenge the legitimacy of Stern's role as the lawyer for Compass.

Moreover, both sides could have called Michael and/or Daniel as witnesses at the trials with respect to the issues in the case. Neither side did so. Notably, at the first trial, David Boshea testified that he had been hired by John White, who was the CEO of Compass. ECF 298 at 12.[7]

## II.    Discussion

With respect to intervention as a matter of right, Fed. R. Civ. P. 24(a) provides: "On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

---

[7] Mr. Boshea died prior to the second trial, which was held in August 2025. *See* Docket.

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See Rogers v. Tug Hill Operating, LLC*, 76 F.4th 279, 291 (4th Cir. 2023).

To determine whether a party has a right to intervene under Rule 24(a)(2), the Court considers four factors: "(1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999); *see Vadilal Indus. USA, Inc. v. Singh Trading Co. Inc.*, LKG-25-2028, 2025 WL 2374692, at *4 (D. Md. Aug. 14, 2025) (same). "This four-part test is to be applied liberally." *Vadilal*, 2025 WL 2374692, at *4.

In order to intervene as of right, a movant's interest in the action must be "'significantly protectable'" and a movant must "stand to gain or lose by the direct legal operation." *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)); *see Maryland v. W. L. Gore & Assocs., Inc.*, RDB-24-3656, 2025 WL 3022223, at *6 (D. Md. Oct. 29, 2025) (same). Of import, when the existing party has a legal obligation to represent the interests of the intervenor, then the intervenor has the "'onerous'" burden of making a "'*compelling showing* of inadequate representation.'" *See In re Richman,* 104 F.3d 654, 660 (4th Cir. 1997) (quoting *In re Thompson,* 965 F.2d 1136, 1142 (1st Cir. 1992)) (emphasis in *In re Thompson*).

Even if Rule 24(a)(2) does not mandate intervention, a party may be entitled to permissive intervention under Rule 24(b). *See Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013). Fed. R. Civ. P. 24(b)(1) provides: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares

with the main action a common question of law or fact." The decision to grant or deny permissive intervention "'lies within the sound discretion of the trial court.'" *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) (quoting *Hill v. Western Elec. Co. Inc.*, 672 F.2d 381, 386 (4th Cir. 1982)); *see also McHenry v. C.I.R.*, 677 F.3d 214, 219 (4th Cir. 2012).

In *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386 (D. Md. 2004), then-District Judge Andre Davis distilled, from "the text of Rule 24(b) itself [and] case law interpreting the rule," four conditions with respect to permissive intervention. They are as follows, *id.* at 387 (citations omitted; first alteration added, second alteration in *Shanghai Meihao Elec., Inc.*):

> (1) that [the intervenor's] motion is "timely"; (2) that its "claim or defense and the main action have a question of law or fact in common" . . . ; (3) that there exists an independent ground of subject matter jurisdiction; and, (4) that "intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties."

Here, a jury has twice adjudicated the merits of the case and twice found in favor of David Boshea. ECF 246; ECF 361. Notably, John White's purported signature on the disputed severance agreement was a central issue at both trials. At both trials, the parties presented expert witnesses who opined on the authenticity of John's signature. The suit did not concern a dispute between the brothers White over control or ownership of Compass.[8]

Plaintiff's motion for attorneys' fees (ECF 419) is the only matter that remains unresolved in this case. Daniel has not presented a cognizable reason why, at this juncture, in his role as Custodian of Compass in the unrelated Virginia Case, he has a distinct, protectable interest in the outcome of plaintiff's motion for attorneys' fees. Put simply, Daniel White's role as Custodian of Compass in the Virginia Case does not give rise to his right to intervene in this case.

---

[8] Michael White raised similar concerns to this Court in his nonparty motion for sanctions against Compass and its lawyers. *See, e.g.,* ECF 367 at 2. I denied Michael's motion for sanctions by Memorandum Opinion and Order dated October 30, 2025. ECF 385; ECF 386. The Fourth Circuit affirmed. ECF 411.

Nor is permissive intervention appropriate.  The filings are public and thus available to Daniel.  Daniel suggests misconduct and chicanery by John and Stern, perhaps related to this case and also in ways unrelated to this case.  Becoming a party to this case will not allow Daniel to engage in a fishing expedition as to the conduct of Stern or John.  Accordingly, the Motion (ECF 428) is denied.

An Order follows.


Date:  July 9, 2026

_____/s/_____
Ellen L. Hollander
United States District Judge