**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ASHLEY BOSHEA, as Administrator | * | |
| of the Estate of DAVID JOHN BOSHEA, | * | |
|   Plaintiff, | * | |
| v. | * | Civil Action No. 1:21-cv-00309-ELH |
| COMPASS MARKETING, INC., | * | |
|   Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION OF DANIEL J. WHITE, AS COURT-APPOINTED CUSTODIAN PENDENTE LITE OF COMPASS MARKETING, INC., TO ALTER OR AMEND THE JULY 9, 2026 MEMORANDUM AND ORDER DENYING INTERVENTION (FED. R. CIV. P. 59(e)), WITH INCORPORATED MEMORANDUM**

Daniel J. White, in his official capacity as court-appointed Custodian *pendente lite* of Compass Marketing, Inc. (the "Custodian"), respectfully moves this Court under Federal Rule of Civil Procedure 59(e) to alter or amend the Memorandum and Order entered July 9, 2026 (ECF 429 and ECF 430) denying the Custodian's motion to intervene (ECF 428). The Custodian seeks reconsideration on the narrow ground of clear legal error and to prevent manifest injustice, and asks the Court on reconsideration to grant intervention for the limited purpose of participating in the resolution of ECF 419 (the pending motion for attorneys' fees and costs) and matters directly connected to it.

Rule 59(e) requires filing no later than 28 days after entry of the challenged order. Fed. R. Civ. P. 59(e). The Memorandum and Order were entered July 9, 2026; this Motion is filed within that period. *See Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001).

1

## I. Standard of Review

A complete denial of intervention is a final and immediately appealable disposition of the proposed intervenor's asserted right to participate. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377 (1987); *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014). A denied intervenor may seek timely reconsideration of that disposition under Federal Rule of Civil Procedure 59(e). See *Great Oak NC Lender, LLC v. Cornblum*, No. 2:12-cv-00034-MR-DLH, 2013 WL 5966875, at *2–3 (W.D.N.C. Oct. 31, 2013) (holding that a proposed intervenor had standing to seek Rule 59(e) relief from the order denying intervention).

A district court may alter or amend a prior order under Rule 59(e) on any of three grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *accord Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

Discrete legal errors in the July 9, 2026 Memorandum warrant correction and, taken together, create manifest injustice by leaving a substantial fee application against Compass to be resolved without any adversarial presentation on behalf of the corporation, although the Custodian is charged by court order with administering Compass's assets and pending litigation.

Rule 59(e) is not a vehicle for reargument. *Pac. Ins.*, 148 F.3d at 403. The Custodian therefore identifies below only issues of law that were presented and were dispositive of the Court's ruling, and does not seek to relitigate matters of judgment.

## II. Concise Posture

The Custodian was appointed by the Circuit Court for Arlington County, Virginia, on May 1, 2026 in *Michael R. White, et al. v. Compass Marketing, Inc.*, No. CL21004012-00,

under Virginia Code § 13.1-748, and is the officer presently authorized to exercise Compass's corporate powers with respect to the matters described in that Order. ECF 417-1. The intervention motion (ECF 428) was filed June 17, 2026, twenty-two days before this Court's ruling and forty-seven days after the Custodian's appointment. The Court denied the motion on July 9, 2026 (ECF 429, 430).

The Court found that this case is "essentially concluded" and that "[p]laintiff's motion for attorneys' fees (ECF 419) is the only matter that remains unresolved." ECF 429 at 1, 10. Compass has been without counsel since May 18, 2026, when the Court granted the withdrawal motion of Stephen Stern and Kagan Stern Marinello & Beard, LLC. ECF 414, 415. By Order of June 2, 2026, the Court directed Compass to obtain new counsel by June 18, 2026. ECF 421. Compass has not done so. Compass therefore is unrepresented and remained unrepresented on July 9, 2026 when the Court ruled. As described in ECF 428 at 13–14 and recognized by the Court, Compass lacks funds with which to retain replacement counsel.

## III. Argument

### A. The Memorandum did not account for the legal consequence of the Custodian Order under Virginia law governing Compass's corporate authority.

The Court twice described the Virginia proceeding in which the Custodian was appointed as "the unrelated Virginia Case," ECF 429 at 10, and concluded that the Custodian's role "does not give rise to his right to intervene in this case," *id.* The Custodian respectfully submits that this treatment does not give the authenticated Custodian Order the legal effect it must receive under 28 U.S.C. § 1738.

The Custodian does not contend that the Virginia Order itself compels intervention. Rather, the Order and Virginia Code § 13.1-748(C)(2) establish the legal capacity in which the Custodian appears and the corporate powers he may exercise through or in place of Compass's

board and officers. Rule 24 governs whether that established official interest may be protected through intervention in this Court. Section 1738 requires the authenticated Order to receive the same full faith and credit it has in Virginia, while federal law governs the procedural mechanism by which that authority may be given effect here. 28 U.S.C. § 1738; *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 232–35 (1998).

Under Virginia Code § 13.1-748 and the express terms of the Custodian Order, the Custodian presently exercises Compass's corporate authority over its assets and pending litigation. ECF 417-1 ¶¶ 1, 3. The legal effect of that Order in Virginia includes the exclusive authority to act for Compass with respect to the corporation's assets and pending litigation, in place of its board and officers, to the extent necessary in the interests of Compass's shareholders and creditors. Va. Code § 13.1-748(C). That established authority supplies the legal basis for the Custodian's asserted interest in this action. Rule 24 determines the procedural means by which that interest may be protected here.

The Rule 24 analysis must therefore be conducted with the Custodian's legally established official authority considered.

### B. The Memorandum invoked the exceptional Richman standard although no existing party could represent the asserted interest.

The Court framed the Rule 24(a)(2) adequate-representation inquiry by reference to the "onerous" burden and the "compelling showing" language of *In re Richman*, 104 F.3d 654, 660 (4th Cir. 1997) (quoting *In re Thompson*, 965 F.2d 1136, 1142 (1st Cir. 1992)). ECF 429 at 9. That standard, however, applies only "when the existing party has a legal obligation to represent the interests of the intervenor." *Richman*, 104 F.3d at 660. It rests on a presumption of adequate representation by an existing party bound to protect the interest at stake.

To the extent the Court relied upon *Richman's* heightened standard, that standard was inapplicable because the Memorandum identified no existing party with both a legal obligation

and the practical capacity to represent the Custodian's asserted interest. On the Court's own findings, no such representative existed: Compass has been unrepresented since May 18, 2026, ECF 414, 415, and did not obtain counsel by the Court's June 18, 2026 deadline, ECF 421. The applicable adequacy standard was therefore *Trbovich's* minimal burden.

Under *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972), the intervenor's burden on the adequate-representation prong is "minimal" and is satisfied by showing that representation "may be" inadequate. *See also Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). On the face of the docket, no existing party is representing the Custodian's interest in the outcome of ECF 419. That burden is therefore met.

This establishes the fourth Rule 24(a)(2) element. The Custodian separately demonstrates below his protectable interest and the practical impairment caused by exclusion from ECF 419. Even if a presumption of adequate representation arose because Compass and the Custodian share an ultimate objective concerning ECF 419, that presumption is overcome by nonfeasance. Compass has no counsel, cannot file an opposition, and cannot appear at a hearing. The absence of any corporate participation is not a difference in litigation strategy; it is complete nonrepresentation. *See Westinghouse Elec.*, 542 F.2d at 216.

### C. The Custodian has a significantly protectable interest in the outcome of ECF 419.

A "significantly protectable" interest exists where the movant "stand[s] to gain or lose by the direct legal operation" of the judgment. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).

Under Virginia Code § 13.1-748(C)(2) and the express terms of the Custodian Order, the Custodian presently exercises Compass's corporate powers with respect to its assets and pending litigation. ECF 417-1 ¶¶ 1, 3. ECF 419 seeks an additional monetary award directly against Compass. Entry of that award will increase Compass's adjudicated liabilities and may

be enforced against the assets the Custodian is charged with administering. The order resolving ECF 419 will directly alter the liabilities and assets subject to the Custodian's administration. The Custodian's official interest is therefore affected by the direct legal operation of that order within the meaning of *Teague*. The interest is neither remote nor contingent: ECF 419 is pending, Compass is the proposed fee obligor, and the Court has identified the fee request as the sole unresolved matter. *See Teague*, 931 F.2d at 261.

The Court noted that "[t]he suit did not concern a dispute between the brothers White over control or ownership of Compass." ECF 429 at 10. That is correct, and it is beside the point on which the Custodian moves. The Custodian does not appear in his individual capacity as a shareholder or creditor. He is appearing in his official capacity as an officer of the Virginia court, charged with administering Compass's assets and pending litigation. The record from 2021 concerns the undersigned acting in an individual capacity, before the Custodianship and the official-capacity interest asserted here existed.

### D. Denial of intervention will produce manifest injustice: an unopposed fee determination of substantial magnitude, made without any adversarial presentation on Compass's behalf.

The Court characterized the fees motion as the sole remaining matter in this case. ECF 429 at 10. On any reasonable projection, the amount sought under ECF 419 is substantial in relation to Compass's financial condition. Absent intervention or other authorized participation, disposition of ECF 419 will occur without any submission addressing Compass's position, thereby practically impairing the Custodian's ability to protect the interest assigned to him. The determination will then be enforceable against the assets the Custodian was appointed to preserve.

The entry of a substantial monetary determination against an unrepresented corporate defendant, made without any adversarial presentation on behalf of the corporation, in a case where the sole remaining matter is precisely that determination, presents the practical

impairment that Rule 24(a)(2) is designed to prevent. *See Feller v. Brock*, 802 F.2d 722, 729–30 (4th Cir. 1986).

***E. On reconsideration, the Custodian requests intervention limited to ECF 419 and matters directly connected to it.***

The Court expressed the concern that intervention would enable "a fishing expedition" into the conduct of former counsel and Compass's prior officer. ECF 429 at 11. The Custodian addresses that concern directly by narrowing the relief he requests on reconsideration.

The Custodian asks the Court to grant intervention for the sole and limited purpose of participating in the resolution of ECF 419 (the pending motion for attorneys' fees and costs) and matters directly connected to that motion, including any post-award enforcement or collection proceedings that would operate against Compass's assets. The Custodian does not seek to reopen the merits and does not seek to relitigate the 2021 disputes or the judgment. The Custodian does not presently request discovery. If a particular factual dispute material to ECF 419 requires discovery, the Custodian will seek prior leave of Court by a particularized motion identifying the information sought and its direct relevance to the fee application.

That scope is defined and confined to the adjudication, review, and enforcement of the fee award sought through ECF 419, and matches what the Court itself described as "the only matter that remains unresolved." ECF 429 at 10. It removes the concern the Court articulated at page 11 of the Memorandum.

***F. Alternative relief addressing Local Rule 101.1.***

If the Court concludes that the interest implicated by ECF 419 belongs to Compass rather than to the Custodian as a separate official-capacity intervenor, the Custodian alternatively requests recognition that he is authorized to retain and instruct counsel for Compass concerning its assets and pending litigation. Acting under that corporate authority,

7

the undersigned, who is admitted to the Bar of this Court, requests leave to enter an appearance as counsel for Compass for purposes of ECF 419 and directly connected proceedings and to file a response within a period established by the Court. *See* Va. Code § 13.1-748(C)(2) (custodian exercises corporate powers to the extent necessary in the interests of the corporation's shareholders and creditors). This alternative relief would satisfy Local Rule 101.1 and permit an adversarial presentation without requiring the Court to decide whether the Custodian possesses a distinct right of intervention.

## IV. Conclusion

For the foregoing reasons, the Custodian respectfully requests that the Court:

1. Alter or amend the July 9, 2026 Memorandum and Order (ECF 429, 430) under Federal Rule of Civil Procedure 59(e) to correct clear errors of law and prevent manifest injustice;

2. Grant the Custodian intervention under Federal Rule of Civil Procedure 24(a)(2), or in the alternative under Rule 24(b), for the sole and limited purpose of participating in the resolution of ECF 419 and matters directly connected to it;

3. In the alternative, if the Court concludes that the interest implicated by ECF 419 belongs to Compass rather than to the Custodian in his official capacity, (a) recognize that the Custodian is authorized to retain and instruct counsel for Compass; (b) permit the undersigned, as a member of the Bar of this Court acting under that authority, to enter an appearance as counsel for Compass for ECF 419 and directly connected proceedings; and (c) allow Compass a reasonable period to respond to ECF 419; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: August 3, 2026                          Respectfully submitted,


/s/ Daniel J. White

Daniel J. White, Esq.

Custodian pendente lite of Compass Marketing, Inc.

D. Md. Bar No. 21937

Maryland AIS No. 0201030014

Virginia State Bar No. 98775

Post Office Box 1760

Leonardtown, Maryland 20650

Tel: 240-298-8156

daniel.white@danielwhite.law


**<u>Certificate of Service</u>**


I HEREBY CERTIFY that on July 31, 2026, a copy of the foregoing Motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.


/s/ Daniel J. White

Daniel J. White, Esq.

9