IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ASHLEY BOSHEA, as Administrator
of the Estate of DAVID JOHN BOSHEA,
Plaintiff,

v. Civil Action No. 1:21-cv-00309-ELH

COMPASS MARKETING, INC.,
Defendant.

* * * * * * * * * * * * *

**MOTION AND INCORPORATED MEMORANDUM OF COMPASS MARKETING, INC. TO COMPEL FORMER COUNSEL TO SURRENDER THE CLIENT FILE**

Compass Marketing, Inc. ("Compass"), by and through Daniel J. White, its court-appointed Custodian pendente lite, acting under the authority conferred by the Custodian Order, respectfully moves for narrow relief compelling former counsel Stephen Stern, Esq. and Kagan Stern Marinello & Beard, LLC ("KSMB") (collectively, "Former Counsel") to surrender to Compass, through its Custodian, the client file and directly related records.

This Motion seeks only the return of Compass's own file and records. It does not seek to reopen the merits, disturb the judgment entered on August 15, 2025 (ECF 365), obtain post-judgment relief, revisit the dismissal of the appeal, or conduct discovery. It simply asks the Court to require attorneys who formerly represented Compass in this action to surrender the papers and property to which their former client is entitled under Maryland Rule 19-301.16(d).

Compass relies on the Custodian Order solely to establish who presently acts for the corporation; the relief sought here arises under Maryland Rule 19-301.16(d) and this Court's authority to enforce that obligation, not from any attempt to enforce the Virginia Order in this

proceeding. Compass does not concede the validity of, or authority underlying, Former Counsel's original engagements, and the Court need not resolve that question to order surrender.

Background

Judgment was entered in favor of Plaintiff on August 15, 2025, and Plaintiff's motion for attorneys' fees and costs remains pending. ECF 365; ECF 419. Stephen Stern, Esq. of Kagan Stern Marinello & Beard, LLC appeared as counsel of record for Compass in this action and remains subject to the Maryland Attorneys' Rules of Professional Conduct as applied by this Court under Local Rule 704.

On May 1, 2026, the Circuit Court for Arlington County, Virginia entered the Custodian Order in *Michael R. White, et al. v. Compass Marketing, Inc.*, No. CL21004012-00, pursuant to Va. Code § 13.1-748 (Receivership or Custodianship). A certified copy is of record at ECF 417-1. The Order remains in full force and effect and has not been stayed, modified, or vacated. It grants the Custodian full authority over Compass's assets, books, records, and pending litigation and authorizes him to retain counsel for Compass. Because Compass is a Virginia corporation, Virginia law governs who presently has authority to act for the corporation, and the Custodian Order conclusively determines that question. *Edgar v. MITE Corp.,* 457 U.S. 624, 645 (1982); *Tomran, Inc. v. Passano,* 391 Md. 1, 17-18 (2006).

The Custodian Order was served by the Circuit Court for Arlington County, Virginia on Mr. Stern and KSMB on May 5, 2026, and additionally the Custodian has directly demanded delivery of the client file and related records repeatedly since June 18, 2026. The materials transmitted in response consisted principally of publicly available filings, not the nonpublic client file, engagement authority documents, billing, or client-accounting records.

## Argument

**I. Compass, an Existing Party, Seeks Only the Return of Its Own Property.**

A former client's right to its papers and property arises from the attorney-client relationship itself; it does not depend on intervention, discovery, or any showing of misconduct. Md. Rule 19-301.16(d). Compass has been a party to this action since 2021, and this Motion asks only that former counsel who appeared on its behalf surrender its client file and related records.

**II. *Perez-Chach* Confirms That This Court Has Authority to Order Former Counsel to Surrender Compass's File.**

The Fourth Circuit recently held that this Court has authority to compel former counsel to produce a former client's case file under Md. Rule 19-301.16(d). In *United States v. Perez-Chach*, the court vacated an order denying exactly that relief: "[B]ecause Perez-Chach's former trial counsel should return the case file to Perez-Chach to the extent required by Rule 19-301.16(d), we conclude that the court abused its discretion in holding that it did not have the authority to grant Perez-Chach's motion to compel." *United States v. Perez-Chach,* No. 25-6951, slip op. at 2 (4th Cir. July 31, 2026) (per curiam) (unpublished) (Ex. A). The court remanded with instructions to consider the motion and to order former counsel to respond if necessary to its resolution. *Id.* Although unpublished, *Perez-Chach* is directly on point and persuasive. *See also United States v. Basham*, 789 F.3d 358, 388 (4th Cir. 2015) (recognizing counsel's obligation to deliver the client's file upon termination of representation).

**III. Maryland Rule 19-301.16(d) Requires Former Counsel to Surrender Compass's File.**

Local Rule 704 applies the Maryland Attorneys' Rules of Professional Conduct to attorneys practicing before this Court. Upon termination of representation, Rule 19-301.16(d)

requires an attorney to take steps reasonably practicable to protect the client's interests, "such as . . . surrendering papers and property to which the client is entitled."

The client in this representation was Compass, not any individual officer, employee, or agent. *See* Md. Rule 19-301.13(a). A former client is presumptively entitled to the papers and property generated during the representation, *see Attorney Grievance Comm'n v. Brown*, 426 Md. 298, 322 (2012), and those materials must therefore be delivered to Compass through the person presently authorized to act on its behalf. The attorney-client privilege likewise belongs to the corporation and is exercised by the Custodian. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348-49 (1985).

If Former Counsel contend that any specific item may properly be withheld or redacted, they should identify the item and state the legal basis for withholding, so that any dispute may be resolved by the Court. A generalized objection does not justify withholding the client file.

**IV. The Pending Fee Application Makes Prompt Surrender Especially Necessary.**

Plaintiff seeks $936,683.33 in attorneys' fees and $67,404.57 in costs against Compass. ECF 419. Compass is independently entitled to its file under Rule 19-301.16(d), but the pending fee application makes prompt surrender especially necessary: Compass cannot meaningfully evaluate or respond to that application without the record of the litigation conducted in its name, which is held by lawyers who no longer represent Compass.

**Requested Relief**

WHEREFORE, Compass Marketing, Inc., by its court-appointed Custodian and undersigned counsel, respectfully requests that the Court enter an Order directing Stephen Stern, Esq. and Kagan Stern Marinello & Beard, LLC, within ten (10) days of entry of the Order, to surrender to Compass, through its Custodian, the complete client file for this action and all

papers and property to which Compass is entitled under Maryland Rule 19-301.16(d), including the engagement and authority records, billing and payment records, client trust account records concerning Compass property received or held in connection with the representation, all correspondence and communications sent to or received from third parties on Compass's behalf in this action, and all correspondence and communications between Former Counsel and any person purporting to act on behalf of Compass regarding this action, subject to Compass's exclusive authority to assert or waive the corporate attorney-client privilege through its Custodian, *see Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348-49 (1985), and granting such other and further relief as the Court deems appropriate.

**Request for Hearing**

Compass respectfully requests a hearing pursuant to Local Rule 105.6 if the Court concludes that oral argument would assist in resolving this Motion.

Respectfully submitted,

/s/ Daniel J. White DW
Daniel J. White, Esq.
Custodian *pendente lite* of Compass Marketing, Inc.
D. Md. Bar No. 21937
Maryland AIS No. 0201030014
Virginia State Bar No. 98775
Post Office Box 1760
Leonardtown, Maryland 20650
Telephone: 240-298-8156
Email: daniel.white@danielwhite.law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2026, a copy of the foregoing Motion and the accompanying Proposed Order was filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record. In addition, a courtesy copy was served by electronic mail and first-class mail, postage prepaid, on the following:

William L. Mitchell, II, Esq.
Eccleston & Wolf, P.C.
10400 Eaton Place, Suite 400
Fairfax, Virginia 22030
Counsel for Kagan Stern Marinello & Beard, LLC

Stephen Stern, Esq.
c/o William L. Mitchell, II, Esq.

/s/ Daniel J. White DW
Daniel J. White, Esq.