**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ASHLEY BOSHEA as Administrator of the Estate of DAVID JOHN BOSHEA,

*Plaintiff,*

v.

COMPASS MARKETING, INC.,

*Defendant.*

Civil Action ELH-21-309

**MEMORANDUM**

In February 2021, David Boshea brought suit against his former employer, Compass Marketing, Inc. ("Compass"), asserting claims for breach of contract and violation of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code (2025 Repl. Vol.), §§ 3-501 et seq. of the Labor and Employment Article. The claims are rooted in a severance agreement. Mr. Boshea has since died.[1]

Initially, Boshea's claims were predicated only on a written severance agreement. ECF 1; ECF 27; ECF 48. Two jury trials followed. Two times, a jury found for plaintiff on both the contract claim and the MWCPL claim. At both trials, John White testified for Compass, in his capacity as CEO. Each time, he stated that his signature on the written severance agreement was forged.

During the first jury trial, held in February 2024, Boshea added a claim for breach of an oral severance agreement. ECF 301 at 147–48, 172–73. That claim was also disputed. The jury

[1] Boshea died in January 2025. *See* ECF 310. His daughter, Ashley Boshea, as Administrator of the Estate, was substituted as the plaintiff. ECF 322.

at the first trial found that Compass breached the oral severance agreement. However, the Court granted defendant's motion for a new trial, for the reasons set forth in opinions docketed at ECF 275 and ECF 288. At the second jury trial, held in August 2025, the jury found that Compass breached the written severance agreement.

At the second trial, the jury awarded a total of $1,020,800 in damages, representing compensatory and enhanced damages, along with prejudgment interest. ECF 361; ECF 365. Judgment was entered in favor of plaintiff on August 15, 2025. ECF 365. And, in accordance with the MWPCL, plaintiff is entitled to recover attorneys' fees. ECF 365 at 2. But, that issue is not yet resolved.

On January 8, 2026, after resolution of other post-trial issues, Compass noted an appeal to the Fourth Circuit. ECF 398 (Defendant's Appeal"); *see also Boshea v. Compass Marketing, Inc.*, No. 26-1042 (4th Cir. Apr. 23, 2026) ("Compass's Appeal").[2] At the time of the appeal, the matter of attorney's fees had not yet been briefed. The Fourth Circuit dismissed Defendant's Appeal on April 23, 2026. ECF 409; ECF 410; *see also* ECF 412 (Mandate). Thus, the only remaining issue for this Court concerns plaintiff's motion for attorneys' fees under the MWPCL, filed on June 1, 2026. *See* ECF 419 ("Fee Motion").

On June 17, 2026, Daniel White, Movant, moved to intervene in this case, "solely in his official capacity" as "Court-appointed Custodian *pendente lite*" of Compass. ECF 428 ("Motion to Intervene"), at 1. Movant, who avers that he is a lawyer (*id.* at 1, 8), is a brother of John White.[3]

---

[2] I have titled Compass's appeal in this Court as "Defendant's Appeal." I shall refer to entries on the Fourth Circuit's docket as "*Compass Appeal*," so as to distinguish it from this Court's docket.

[3] To avoid confusion between Daniel White and his brothers, Michael and John White, I shall sometimes refer to the brothers by their first names. The relationship between John and his brothers, Daniel and Michael, is acrimonious.

The Motion to Intervene, predicated on Fed. R. Civ. P. 24(a)(2) and 24(b)(1)(B), is supported by exhibits. *See* ECF 428-1, ECF 428-2. By Memorandum and Order of July 9, 2026, the Court denied Movant's Motion to Intervene. *See* ECF 429; ECF 430.

Thereafter, Movant filed a motion for reconsideration, pursuant to Fed. R. Civ. P. 59(e). ECF 431 (the "Motion"). In the alternative, Movant asks the Court to recognize that "he is authorized to retain and instruct counsel for Compass concerning its assets and pending litigation." *Id.* at 7. Movant, who avers that he is "admitted to the Bar of this Court", *id.* at 8, also "requests leave to enter an appearance as counsel for Compass for purposes of ECF 419 and directly connected proceedings and to file a response within a period established by the Court." *Id.*

Plaintiff has not responded to the Motion, and the time to do so has expired. *See* Local Rule 105.2(a). No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

To my knowledge, Movant does not need this Court's permission to retain a lawyer for Compass. Moreover, to the extent that Daniel seeks to represent Compass here, and he is a member of this Court's Bar, and he is otherwise authorized to do so, the Court knows of no reason that would preclude Movant from serving as defendant's counsel in connection with the Fee Motion. However, the Court sees no basis to reconsider its denial of the Motion to Intervene.

## I. Background[4]

The case has a long and contentious history, which I need not recount here. But, it is noteworthy that this case involves more than friction between the litigants. Apparently, John White and his brothers, Daniel and Michael, have a very fractious relationship. But, Daniel and

---

[4] I incorporate here by reference the factual and procedural summaries set forth in the numerous opinions that I previously issued in this case. *See* ECF 110, ECF 117, ECF 160, ECF 205, ECF 212, ECF 222, ECF 239, ECF 275, ECF 288, ECF 304, ECF 328, ECF 340, ECF 385, ECF 391, ECF 406, and ECF 429.

Michael are not parties to this case, and their precise involvement with Compass is not known to this Court.

The suit has been pending for more than five years. It began on February 5, 2021, when Boshea filed suit against Compass. ECF 1. Throughout the proceedings, John White participated as the representative of Compass. And, from May 4, 2021 (ECF 11) until May 18, 2026 (ECF 415), Compass was represented by Stephen B. Stern, Esq. and the law firm of Kagan Stern Marinello & Bear, LLC (the "Firm"). On May 18, 2026, Stern and the Firm moved to withdraw as counsel for Compass, in accordance with Local Rule 101.2. ECF 414. By Order of the same date, I granted that motion. ECF 415. At that point, Compass was unrepresented.[5] But, the case is not yet over.

Local Rule 101.1(a) provides: "All parties other than individuals must be represented by counsel." This rule reflects well settled law "that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993). In light of this rule, by Order of June 2, 2026, I directed Compass to obtain new counsel by June 18, 2026. ECF 421. But, no lawyer entered an appearance on behalf of Compass. Moreover, no request was made to the Court for additional time to obtain counsel. Instead, on June 17, 2026, one day before Compass's deadline to obtain counsel, Daniel moved to intervene. *See* ECF 421; ECF 428.

This is not the only intervention sought by Daniel. As indicated, in January 2026, Compass noted an appeal to the Fourth Circuit (ECF 398) from the judgment (ECF 365) entered in favor of plaintiff. Daniel subsequently sought to intervene in the Defendant's Appeal and to place the

[5] Shannon Hayden, another lawyer at the Firm, had moved to withdraw in December 2025. ECF 389. I granted her request at that time. ECF 390.

appeal in abeyance. ECF 409 at 2. He claimed a significant interest in this case "as a substantial shareholder and creditor" of Compass, and sought to prevent dismissal of the Defendant's Appeal and to protect his "direct shareholder and creditor interests." *Compass Appeal*, ECF 6 at 5. Further, Daniel claimed that the judgment for plaintiff in this case "resulted from litigation conducted in Compass's name by individuals whose corporate authority has been challenged throughout these proceedings and remains unresolved." *Id.* at 2.

On March 30, 2026, while Defendant's Appeal was pending, and while Stern was still counsel for Compass, Movant entered an "appearance" in this case "on his own behalf." ECF 408. It is not clear what authority Movant had to do so. But, neither plaintiff nor Compass objected.

In the meantime, "[o]n appeal, Compass Marketing . . . failed to pay the filing fee, failed to establish representation of counsel, failed to file an opening brief, and . . . failed to respond to Boshea's motion to dismiss." ECF 409 at 1. On April 23, 2026, the Fourth Circuit dismissed Defendant's Appeal. ECF 409; ECF 410; *see* ECF 412. Of relevance, the Fourth Circuit also denied Daniel's motion to intervene and to hold the appeal in abeyance. ECF 409 at 2; *see Compass Appeal*, ECF 13 at 2.

On May 22, 2026, Daniel filed a "Notice" informing this Court that Judge Louise DiMatteo, of the Circuit Court for Arlington County, Virginia, appointed Daniel White the "Custodian pendente lite" of Compass in a case initiated by Michael and Daniel against Compass. ECF 417; *see Michael White et al. v. Compass Marketing Inc.*, CL-21 004012-00 ("Virginia Case")[6]; ECF 417-1 ("Custodian Order" of 5/1/26, Appointing Daniel as Custodian pendente lite

[6] The docket for the Virginia case indicates that John is a defendant in that case, although he is identified as an "Intervenor" on the Custodian Order. *See* Viginia Case Docket, https://perma.cc/379N-NNCW (last accessed Aug. 6, 2026).

of Compass).[7] Daniel describes the Virginia case as a "dissolution proceeding." ECF 428 at 2. Presumably, it is a dissolution proceeding pertaining to Compass.

The Custodian Order states, in part, ECF 417-1, ¶ 1: "[F]or good cause shown under Va. Code § 13.1-748, IT IS ORDERED . . . Daniel J. White is appointed Custodian pendente lite of Compass Marketing, Inc. with full authority over its assets, books, records, bank accounts, contracts, and pending litigation, and may retain counsel for Compass." Further, the Custodian Order provides, *id.*, ¶ 3: "Pending further order, John D. White and any person acting in concert with him are ENJOINED from (a) transferring or encumbering any Compass asset; (b) directing any payment to or for the benefit of John D. White, Tagnetics, Smart Retail, Eastport Partners, PTM Capital, Safe-Annapolis, or any related entity; or (c) holding out any person other than the Custodian as authorized to act for Compass."

As noted, on June 17, 2026, a few weeks after Stern withdrew as counsel for Compass in this case, Movant sought to intervene in this case (ECF 428), "solely in his official capacity" as Custodian of Compass. *Id.* at 1; *see id.* at 13.[8] Movant stated that he "does not enter an appearance as counsel of record for Compass Marketing, Inc., and does not undertake to satisfy Local Rule 101.1(a) on the corporation's behalf." *Id.* at 1. Moreover, he claimed that, as Custodian, he "is unable to comply with this Court's June 2, 2026 directive that new counsel enter for Compass because the individuals and attorneys who purported to represent Compass in this case since 2020 have abandoned the case and now refuse to provide the Compass file to the Custodian." *Id.*

---

[7] The Custodian Order is signed by John White as an "Intervenor (Pro Se)" and it reflects that John White has "seen and objected to" the Custodian Order. ECF 417-1 at 2. In addition, both Daniel and Michael White signed the Custodian Order, next to a signature line labelled, "I ask for this." *Id.*

[8] As mentioned, the Fourth Circuit had already denied Daniel's motion to intervene in Defendant's Appeal. ECF 409.

Further, Movant averred that his interest as Custodian of Compass would be "impaired without intervention[.]" *Id.* at 9. He explained that because "Compass is unrepresented . . . [t]he Custodian's interest in the orderly administration of Compass's residual and recoverable estate is not represented by any party currently before the Court." *Id.* at 10. Moreover, Daniel claimed that "Compass has no functioning governance to secure a replacement attorney in the ordinary sense and no funds with which to do so[.]" *Id.* at 13–14. Relying on Daniel's appointment as Custodian in the Virginia litigation, Daniel asserted: "A court-appointed officer's interest in administering the estate is distinct from the entity's interest in the underlying merits. The entity's interest is to win or settle favorably. The court-appointed officer's interest is to preserve the assets remaining for orderly administration, irrespective of merits." *Id.* at 9.

In addition, Movant contended that "those who [had previously] appeared in Compass's name lacked validly conferred authority . . . ." *Id.* at 3. Although Daniel conceded that the issue was "not before the Court" on his Motion to Intervene, he "reserved" the issue for a later time. *Id.* at 3.[9]

Daniel also complained that the Firm refused "to release the Compass file" to Movant.

[9] Daniel claimed that as early as August 16, 2021, he appeared in this case "as a nonparty *in proper person*, [and] advised this Court and the parties in writing that Stephen Stern was not properly retained by Compass and had instead been engaged by a single Compass shareholder, John White, who shares with Mr. Stern an undisclosed financial interest" in a company with interests adverse to Compass. ECF 428 at 3, ¶ 9.

That assertion appears in a submission filed in this case by Daniel in August 2021 (ECF 31), seeking a protective order and to quash a subpoena duces tecum issued to him by Compass. *Id.* The next day, I referred the matter to U.S. Magistrate Judge A. David Copperthite. ECF 32. After full briefing, Judge Copperthite issued a Memorandum and Order on September 27, 2021, granting Daniel's motion in part and denying it in part. *see* ECF 52.

*Id.*[10] According to Daniel, "[t]he very records required to evaluate the pending fee motion are being withheld by the only parties that have them, John White and [the Firm.]" *Id.* at 10. Daniel claimed that, "[w]ithout intervention," he would have "no procedural mechanism to seek relief from the withholding [of the case file] in the forum where the withholding has practical effect." *Id.*

As indicated, by Memorandum and Order of July 9, 2026, the Court denied the Motion to Intervene. ECF 429; ECF 430. In doing so, the Court considered Fed. R. Civ. P. 24(a), which governs intervention as a matter of right, and Fed. R. Civ. P. 24(b), which governs permissive intervention. ECF 429 at 8–11. The Court concluded: "Daniel has not presented a cognizable reason why, at this juncture, in his role as Custodian of Compass in the unrelated Virginia Case, he has a distinct, protectable interest in the outcome of plaintiff's motion for Attorneys' Fees. Put simply, Daniel White's role as Custodian of Compass in the Virginia Case does not give rise to his right to intervene in this case." *Id.* at 10. And, the Court held that permissive intervention was likewise inappropriate. *Id.* at 11. Rule 59(e)

Daniel has timely moved for reconsideration of this Court's denial of his Motion to Intervene, pursuant to Fed. R. Civ. P. 59(e). ECF 431.[11] A court may grant a Rule 59(e) motion only if "the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not [previously] available . . ., or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (citing *Ingle ex rel.*

---

[10] On August 18, 2026, Daniel filed "Motion And Incorporated Memorandum Of Compass Marketing, Inc. To Compel Former Counsel To Surrender The Client File." ECF 432. The motion is not yet ripe, because the time to respond has not expired.

[11] Fed. R. Civ. P. 59(e) allows a party to move the court to "alter or amend a judgment [within] 28 days after the entry of the judgment." Here, the Court issued its Memorandum and Order on July 9, 2026 (ECF 429; ECF 430) and Daniel filed his Motion on July 31, 2026 (ECF 431). Therefore, his Motion is timely.

*Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)); *see Nicholson v. Durant*, 162 F.4th 417, 422 (4th Cir. 2025); *In re Est. of Cook*, 2025 WL 2237439, at *6 (4th Cir. Aug. 6, 2025) (unpublished); *Ashley v. Charlotte Mecklenburg Sch. Dist.*, 2025 WL 957474, at *1 (4th Cir. Mar. 31, 2025) (per curiam).

Relief pursuant to Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). Moreover, "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* And, "'[m]ere disagreement [with the court's decision] does not support a Rule 59(e) motion.'" *Nicholson*, 162 F.4th at 422 (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Of import, "[t]he standard for granting a Rule 59 motion based on newly discovered evidence is high." *Quillin v. C.B. Fleet Holding Co.*, 328 F. App'x 195, 203 (4th Cir. 2009) (per curiam). "A party seeking reconsideration based on new evidence must show: (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." *Sewell v. Int'l Longshoremen's Ass'n, Loc. No. 333*, SKG-12-00044, 2013 WL 5882790, at *2 (D. Md. Oct. 29, 2013) (citing *Quillin*, 328 F. App'x at 203).

"Generally," in resolving a Rule 59(e) motion, the court "will not examine evidence . . . that was inexcusably proffered to the district court only after the court had entered its final judgment." *Bogart v. Chapell*, 396 F.3d 548, 558 (4th Cir. 2005). However, a court "may examine

such evidence in order to determine whether 'the additional evidence, though filed untimely, indicate[s] that the decision under review, if upheld, would result in a miscarriage of justice.'" *Id.* at 558–59 (quoting *Kaiser Aluminum & Chem. Corp. v. Westinghouse Elec. Corp.*, 981 F.2d 136, 140 (4th Cir. 1992)).

## II. Discussion

Movant claims that the Court erred because it "did not account for the legal consequence of the Custodian Order under Virginia law governing Compass's corporate authority." ECF 431 at 3. In particular, Movant asserts that the Court failed to "give the authenticated Custodian Order the legal effect it must receive under 28 U.S.C. § 1738." *Id.* However, Movant acknowledges that he "does not contend that the Virginia Order itself compels intervention." *Id.* Instead, he avers that "the Order and Virginia Code § 13.1-748(C)(2) establish the legal capacity in which the Custodian appears and the corporate powers he may exercise through or in place of Compass's board and officers." *Id.* at 3–4.

Movant asserts: "Under Virginia Code § 13.1-748 and the express terms of the Custodian Order, the Custodian presently exercises Compass's corporate authority over its assets and pending litigation." *Id.* at 4 (citing ECF 417-1, ¶¶ 1, 3). According to Movant, "[t]hat established authority supplies the legal basis for the Custodian's asserted interest in this action." ECF 431 at 4.

I do not quarrel with Daniel's interest in this case, as Custodian or otherwise. Moreover, the Court is mindful that, "[p]ursuant to 28 U.S.C. § 1738, federal courts must give full faith and credit to state court judgments." *Washington v. Pellegrini*, 125 F.4th 118, 127 (4th Cir. 2025) (citing *Gilliam v. Sealey*, 932 F.3d 216, 231 (4th Cir. 2019)). Indeed, in the Court's Memorandum of July 9, 2026 (ECF 429), this Court gave full faith and credit to the Order in the Virginia Case,

by recognizing Movant's "role as Custodian of Compass in the Virginia Case[.]" *Id.* at 10. And, the Court certainly did not impede Daniel's right to retain counsel for Compass.

As discussed, in the Custodian Order, Judge Di Matteo appointed Daniel as the "Custodian pendente lite of Compass Marketing, Inc. with full authority over its assets, books, records, bank accounts, contracts, and pending litigation[.]" ECF 417-1, ¶ 1.[12] Of import, Judge DiMatteo's order also granted Daniel the authority to "retain counsel for Compass." But, the Order does not authorize Daniel to represent Compass as its lawyer in this case or any other case. *Id.*

As noted, Daniel points for support to § 13.1-748 of the Virginia Code. It is entitled "Receivership or custodianship." The provision elucidates the powers and duties of a custodian under Virginia law. Section § 13.1-748(C) provides (italics and boldface added):

> (C) *The court shall describe the powers and duties of the receiver or custodian in its appointing order*, which may be amended from time to time. Among other powers:
>
> 1. The receiver (i) may dispose of all or any part of the assets of the corporation wherever located, at a public or private sale; and (ii) ***may sue and defend in the receiver's own name as receiver of the corporation in all courts of the Commonwealth***; and
>
> 2. The custodian may exercise all of the powers of the corporation, through or in place of its board of directors or officers, to the extent necessary to manage the affairs of the corporation in the best interest of its shareholders and creditors.

Although § 13.1-748(C)(1)(ii) states that the Receiver "may sue and defend in the receiver's own name as receiver of the corporation[,]" Daniel was not named as the Receiver. In any event, by statute, the authority to sue and defend in one's own name is limited to courts in Virginia.

[12] It is unclear if "pending litigation" refers only to the case before Judge DiMatteo, or also includes cases in other jurisdictions, such as this one.

Section 13.1-748(C) also states that that court shall describe the "powers and duties of the" custodian in its appointing order. As stated, the Custodian Order grants Movant the authority to "retain counsel for Compass[.]" But, it does not authorize Daniel to seek intervention in litigation pending in federal court in Maryland for more than five years merely because Compass is a party to the case. *See* ECF 417-1, ¶ 1.

In the Court's Memorandum of July 9, 2026 (ECF 429), the Court reviewed, *id.* at 9, that, to determine whether a party has a right to intervene under Rule 24(a)(2), the proposed intervenor "must meet all four of the following requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999); *see In re Cigar Ass'n of Am*., 812 F. App'x 128, 136–37 (4th Cir. 2020) (per curiam); *Scott v. Bond*, 734 F. App'x 188, 191 (4th Cir. 2018); *Vadilal Indus. USA, Inc. v. Singh Trading Co. Inc.*, LKG-25-2028, 2025 WL 2374692, at *4 (D. Md. Aug. 14, 2025). "This four-part test is to be applied liberally." *Vadilal*, 2025 WL 2374692, at *4.

It is true, as Daniel asserts, that "ECF 419 seeks an additional monetary award directly against Compass", *i.e.,* attorneys' fees, and that "[e]ntry of that award will increase Compass's adjudicated liabilities[.]" ECF 431 at 5. Accordingly, after Stern's withdrawal from the case, the Court afforded Compass time to obtain a new lawyer. But, in the Motion to Intervene, Movant did not make plain a personal stake in this case that warrants intervention now, after more than five years of litigation. Put another way, during the entire time that this case has been pending, Daniel never sought to intervene.

Until May of 2026, Compass's interests were vigorously defended. Based on the Movant's assertions, it appears that his interests were aligned with those of Compass. The Fee Motion was filed June 2026, after Compass became unrepresented. And, under Local Rule 101.1(a), in order to contest the award of legal fees, Compass "must be represented by counsel." This is because "a corporation may appear in the federal courts only through licensed counsel." *Rowland*, 506 U.S. at 201; *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").[13] Compass's failure to oppose the Fee Motion is a consequence of Compass's failure to obtain new counsel.

Nevertheless, Daniel's interests continue to align with those of Compass, in that he seeks to minimize the award of legal fees to Boshea and against Compass. Certainly, this would also be Compass's interest. But, Daniel cannot exploit Rule 24 in an attempt to circumvent the requirement that Compass contest the Fee Motion through counsel. Indeed, many courts have declined to countenance the exploitation of Rule 24 by corporate officers and shareholders. *See, e.g.*, *M2 Technology, Inc. v. M2 Software, Inc.*, 589 F. App'x 671, 675 (5th Cir. 2014) (per curiam) (explaining that a corporation's sole shareholder could not intervene in a trademark infringement suit on behalf of the corporation because doing so would "effectively nullify the well-established rule that in federal court, corporations must be represented by counsel"); *Motionless Keyboard Co. v. Microsoft Corp.*, 184 F. App'x 967, 968-69 (Fed. Cir. 2006) (per curiam) (denying controlling shareholder's motion to intervene, concluding that the request constituted "an attempted end run

[13] "[A]n exception to this rule exists in cases in which a corporation fails to assert an available defense to an action against it . . . that exception is itself limited to cases in which the corporation's failure to defend is due to the negligence, bad faith, collusion, or fraud of the corporation's officers." *Jacobs* v. *Patent Enforcement Fund, Inc.,* 230 F.3d 565, 568-69 (2d Cir. 2000) (citing *Price v. Gurney*, 324 U.S. 100, 105 (1945)).

around section 1654"); *Jacobs v. Pat. Enf't Fund, Inc.*, 230 F.3d 565, 568–69 (2d Cir. 2000) (finding that the corporation's president, sole officer, and director could not intervene in a suit involving the corporation because the connection between the corporation and the officer was "so intimate" that the officer's intervention was "in effect an effort to enable [the corporation] to appear without counsel"); *Rsch. Found. for State Univ. of New York v. Telluric Labs, LLC*, SIL-21-1898, 2023 WL 8472911, at *6 (E.D.N.Y. Sept. 18, 2023) ("Courts in this circuit have held that intervention may not be used to circumvent the longstanding rule that a corporation may appear in federal court only through its lawyer.") (cleaned up and citation omitted), *report and recommendation adopted,* 2023 WL 7919972 (E.D.N.Y. Nov. 16, 2023); *Waterkeeper All. Inc. v. Spirit of Utah Wilderness, Inc.*, NSR-10-1136, 2018 WL 11195445, at *2 (S.D.N.Y. Sept. 14, 2018) ("It would be an abuse of discretion to permit an individual . . . to intervene when his connection to the corporation is so intimate that the principal's intervention, even though formally on his own behalf, is in effect an effort to enable the corporation to appear without counsel, undermining the longstanding rule that a corporation may appear in federal court only through its lawyer.") (cleaned up and citation omitted).

In *United States v. High Country Broadcasting Co.,* 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam), the Ninth Circuit expounded on the reasoning that undergirds these decisions. There, Crisler, the president and sole shareholder of the corporate defendant, was not an attorney, but he attempted to represent the corporation in proceedings pending in federal court. *Id.* The district court ordered the corporation to retain counsel, but the corporation failed to do so. *Id.* As a result, the district court entered a default judgment against the corporation. *Id.* Thereafter, the corporate president moved to intervene in the suit, which the district court denied. *Id.* On appeal, the Ninth Circuit affirmed. *Id.*

The Ninth Circuit observed that Crisler's interests "would have been adequately represented by [the corporate defendant] had it complied with the court's order to retain permanent counsel." *Id.* Further, the court stated, *id*. (alterations added):

> In an ordinary case we might have our doubts whether [the corporation] could adequately represent [the president's] interests. But here [the president's] application to intervene pro se was nothing more than an end run around [28 U.S.C.] section 1654. As [the corporation]'s President, statutory agent and only shareholder, [the president] was singularly to blame for [the corporation's] failure to retain counsel. As an intervenor, [the president] sought to accomplish the exact same objectives that he did as [defendant's] counsel– to represent [the corporation] pro se. To allow a sole shareholder with interests identical to the corporation's to intervene under such circumstances, rather than hire corporate counsel, would eviscerate section 1654. We decline to read Rule 24 as condoning such a result. *See* Fed. R. Civ. P. 1 (court shall interpret rules to "secure the just, speedy, and inexpensive determination of every action"); *Marquis Theatre Corp. v. Condado Mini Cinema,* 846 F.2d 86, 89 (1st Cir. 1988) (Rule 1 prevents party from flouting spirit of rules, even if party fits within their literal meaning).

*HomeBingo Network, Inc. v. Cadillac Jack, Inc.*, WSB-05-0701, 2006 WL 3469515 (S.D. Ala. Nov. 20, 2006), is also instructive. There, the proposed intervenor purportedly had an interest in the subject matter of the suit separate from the relationship he shared with the plaintiff corporation. In that patent infringement action, the plaintiff corporation "transferred . . . its patent infringement rights and interests against the named defendants" to the corporation's founder and general manager, who then moved to intervene. *Id.* at *1. The court denied the motion, stating, in relevant part: "The obvious inference raised by this sequence of events is that [plaintiff] assigned its patent infringement rights to [the proposed intervenor] in order to circumvent the requirement that [plaintiff] be represented in this action by counsel." *Id.* at *3.

Of significance, "neither corporate officers nor shareholders may appear on behalf of the corporation . . . . Even sole shareholders of closely held corporations may not appear on behalf of the corporation." *Dedmon v. Rock Creek Films, Inc.*, RAE-2-0254, 2002 WL 31833658, at *3 (M.D.N.C. Dec. 12, 2002) (citations omitted). As the Court stated in its Memorandum of July 9,

2026, ECF 429 at 9: "Of import, when the existing party has a legal obligation to represent the interests of the intervenor, then the intervenor has the 'onerous' burden of making a '*compelling showing* of inadequate representation.' *See In re Richman*, 104 F.3d 654, 660 (4th Cir. 1997) (quoting *In re Thompson*, 965 F.2d 1136, 1142 (1st Cir. 1992)) (emphasis in *In re Thompson*)."

The Custodian Order authorizes Movant to retain legal counsel to represent Compass in pending litigation. ECF 417-1, ¶ 1. But, Daniel's position as Custodian does not create an individual interest that allows him to intervene in his own name. Daniel's effort to intervene as Custodian is, in effect, an effort to enable Compass to appear without counsel, "undermining the longstanding rule that a corporation may appear in federal court only through its lawyer." *Jacobs*, 230 F.3d at 569.

In addition, Daniel asserts: "The Memorandum invoked the exceptional Richman standard although no existing party could represent the asserted interest." ECF 431 at 4. According to Movant, this standard is inapplicable because "[i]t rests on a presumption of adequate representation by an existing party bound to protect the interest at stake." *Id.* He adds that, on "the Court's own findings . . . Compass has been unrepresented since May 18, 2026, ECF 414, 415, and did not obtain counsel by the court's June 18, 2026 deadline, ECF 421." *Id.* at 5. Accordingly, Daniel reasons: "Even if a presumption of adequate representation arose because Compass and the Custodian share an ultimate objective concerning ECF 419, that presumption is overcome by nonfeasance. Compass has no counsel, cannot file an opposition, and cannot appear at a hearing." *Id.*

As to the fourth element to intervene as of right, "[t]raditionally, the burden of demonstrating lack of adequate representation is 'treated as minimal,' and is satisfied if the proposed intervenors can show that representation of their interests 'may be inadequate.' *Trbovich*

*v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Where, however, 'the party seeking intervention has the *same ultimate objective* as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance.'" *Schmidt v. City of Norfolk*, MSD-24-621, 2025 WL 1502994, at * (E.D. Va. May 27, 2025) (quoting *Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)) (emphasis in *Schmidt*) (cleaned up); *see JLS, Inc. v. Pub. Serv. Comm'n of W. Virginia*, 321 F. App'x 286, 289 (4th Cir. 2009).

Nevertheless, the Court did not resolve the Motion to Intervene based on the fourth element of the Rule 24(a)(2) inquiry, *i.e.,* adequate representation. The Court determined that Daniel's appointment in the Virginia Case as Custodian of Compass did not create a "protectable interest in the outcome of plaintiff's motion for attorneys' fees" in this case. ECF 429 at 10. "Applicants to intervene as of right must meet all four of the . . . requirements" under Rule 24(a). *See Fordel Mktg., LLC v. Melon Corp.*, 817 F. Supp. 3d 421, 442 (S.D. Tex. 2025) (denying proposed intervenor's motion to intervene "[b]ecause failure to satisfy any one requirement under Rule 24(a)(2) precludes intervention of right").

A corporation's failure to retain counsel does not provide the individuals in control of the corporation with a right to intervene, nor does it create an exception to the rule that corporations must be represented by counsel. To allow Daniel's intervention in this context would open the door to manipulation by corporate officers and shareholders, seeking to enable the appearance of a corporation to appear in federal court without incurring the cost of hiring duly licensed counsel. *See Telluric Labs*, 2023 WL 8472911, at *7 (finding that the proposed intervenor, who was a shareholder, founding member, and Vice President of the defendant corporation, did not have a right to intervene although the corporation was unrepresented and had failed to obtain counsel,

despite the court's warning that the corporation's "failure to obtain counsel may result in default[.]"); *Waterkeeper*, 2018 WL 11195445, at *1, *2 (denying a motion to intervene filed by the defendant corporation's officer when the corporation had "failed to obtain new counsel" and was unrepresented).

To be sure, Daniel paints a dire picture of the consequences Compass will face if he does not intervene. He claims: "Absent intervention or other authorized participation, disposition of ECF 419 will occur without any submission addressing Compass's position, thereby practically impairing the Custodian's ability to protect the interest assigned to him." ECF 431 at 6. But, the Court knows of no reason that prevents Movant from retaining counsel for Compass.

In his Motion, Daniel seeks recognition from the Court that he may retain an attorney to represent Compass. *Id.* at 7–8. But, no request was made to the Court to extend the deadline for Compass to do so. Nevertheless, the Court will afford additional time for Compass to retain counsel, limited to the matter of attorney's fees.

## IV. Conclusion

For the foregoing reasons, the Court shall deny the Motion, without prejudice to Movant's right, by **September 21, 2026**, to retain counsel to represent Compass. Alternatively, Movant may enter an appearance as legal counsel for Compass, solely for purposes of addressing ECF 419, and subject to his authority to do so as a member of the Bar of this Court, as he claimed. *See* ECF 431 at 8**.**

An Order follows.

Date: August 21, 2026

/s/
Ellen Lipton Hollander

United States District Judge