UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| ASHLEY BOSHEA, as Administrator of the Estate of DAVID JOHN BOSHEA, Plaintiff,<br><br>v.<br><br>COMPASS MARKETING, INC., Defendant. | Case No. 1:21-cv-00309-ELH |

**NON-PARTIES STEPHEN STERN AND KAGAN, STERN, MARINELLO & BEARD, LLC'S OPPOSITION TO COMPASS MARKETING, INC.'S MOTION TO COMPEL FORMER COUNSEL TO SURRENDER CLIENT FILE**

Non-Parties Stephen Stern and Kagan Stern Marinello & Beard, LLC (hereafter collectively "KSMB"), by and through their attorneys, Daniel R. Hodges, Rachael K. Morrissey, and Eccleston & Wolf, P.C., hereby respectfully submit this Opposition to Compass Marketing, Inc.'s (acting through Daniel White) Motion to Compel Former Counsel to Surrender File.[1] The grounds for this Opposition are as follows:

**I. Compass Marketing cannot proceed *pro se***

On August 21, 2026, this Court entered a Memorandum Opinion and Order denying "Motion of Daniel J. White, as Court-Appointed Custodian Pendente Lite of Compass Marketing, Inc., To Alter or Amend the July 9, 2026, Memorandum and Order Denying Intervention." *See* Docket Entries 433 & 434. In its Memorandum Opinion (Docket Entry No. 433) this Court stated that: (1) "Daniel [White]'s effort to intervene as Custodian is, in effect, an effort to enable Compass

[1] KSMB was not served with the Motion, and only learned about the filing through a review of the PACER docket for this case by their counsel.

to appear without counsel, 'undermining the longstanding rule that a corporation may appear in federal court only through its lawyer.' Jacobs, 230 F.3d at 569."; (2) "The Court determined that Daniel's appointment in the Virginia Case as Custodian of Compass did not create a 'protectable interest in the outcome of plaintiff's motion for attorneys' fees' in this case. ECF 429 at 10."; and (3) A corporation's failure to retain counsel does not provide the individuals in control of the corporation with a right to intervene, nor does it create an exception to the rule that corporations must be represented by counsel. To allow Daniel's intervention in this context would open the door to manipulation by corporate officers and shareholders, seeking to enable the appearance of a corporation to appear in federal court without incurring the cost of hiring duly licensed counsel." Docket Entry No. 433, pp. 16-17.

In the instant case, Compass Marketing, Inc.'s Motion to Compel Former Counsel to Surrender File was filed by Daniel White in his capacity as the "court-appointed Custodian pendente lite, acting under the authority conferred by the [Virgina] Custodian Order" and not through counsel. *See* Docket Entry 432, p. 1. As such, the filing (Docket Entry 432) must be dismissed, as a corporation may act (i.e., file motions) only though a lawyer, and therefore cannot proceed *pro se*.

**II. The requested relief exceeds the scope of this Court's August 21, 2026, Order**

On August 21, 2026, this Court entered an Order denying "Motion of Daniel J. White, as Court-Appointed Custodian Pendente Lite of Compass Marketing, Inc., To Alter or Amend the July 9, 2026, Memorandum and Order Denying Intervention." Docket Entry No. 434. In so doing, this Court stated that "This ruling is made without prejudice to the right of Daniel White to retain counsel for Compass Marketing, Inc. ("Compass"), <u>solely for purposes of addressing plaintiff's motion for attorneys' fees</u> (ECF 419)." *Id.* (emphasis added). As such, the only purpose for which

counsel for Compass may enter its appearance in the above captioned matter at this time is to address the pending Motion for Attorney's fees, and not to engage in new discovery with KSMB.

## III. There is nothing to compel, as KSMB has not been served with a Subpoena requesting the production of documents

Motions to Compel are governed by Federal Rule of Civil Procedure 37. The predicate for the filing of a Motion to Compel is the service of discovery on the party from which the documents or records are sought. *See* Rule 37(a)(3)(B)(iv) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if… (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34 [which governs the production of documents and electronically stored information]." In the instant case, KSMB has not been served with any subpoenas or document requests by Compass seeking the production of their files. Accordingly, there is nothing to compel from KSMB.

Moreover, Daniel White/Compass have not complied with Local Rule 104.8, which states that "This procedure shall not govern motions to compel… responses to discovery requests directed to a non-party. Such latter motions shall be filed with the Court and treated as any non-discovery motion, except that, as to disputes concerning discovery directed to a non-party, unless otherwise directed by the Court, the Court will not consider the motion until a conference has been held under L.R. 104.8.b and a certificate has been filed under L.R. 104.8.c." In the instant case, no conference has been held, nor did Daniel White file a certificate pursuant to L.R. 104.8.c.

## IV. This Court lacks jurisdiction over the Maryland Rules of Professional Conduct

The Supreme Court of Maryland has sole jurisdiction to address alleged violations of the Maryland Rules of Professional Conduct ("MRPC"). *Atty. Griev. Comm'n v. Jarosinski*, 411 Md.

432, 448 (2009); *Atty. Griev. Comm'n v. Kepple*, 432 Md. 214, 224 (2013) ("The Court of Appeals has 'original and complete jurisdiction over attorney discipline proceedings in Maryland.'") (internal citations omitted). Moreover, Local Rule 705 governs Disciplinary Proceedings in this Court. No disciplinary proceedings have been instituted against KSMB in this Court, and therefore the issue of whether KSBM has complied with its ethical obligations cannot be determined as part of these proceedings.

That being said, and so that there is absolutely no confusion or ambiguity, at all times KSMB and its attorneys have, and will continue to, comply with their ethical obligations. In that regard, counsel for KSMB has provided, and will continue to provide, appropriate and responsive documents (pursuant to the Va. Court Order) to Compass in the ongoing Virigina litigation. In doing so, KSMB and its counsel must review the voluminous records spanning many years to ensure compliance with all applicable Rules (given the unique posture of the matter, as Daniel White was the opposing party to Compass in numerous cases,[2] and has now been appointed "Custodian" of the company), including those related to confidentiality, work product and privilege.

To this end, on June 23, 2026, and then again on July 2, 2026, KSMB (through counsel) provided Daniel White (via Dropbox Links), in his capacity as Custodian, a substantial volume of documents related to the instant case specifically so that Compass would have file materials to aid its evaluation of the motion for attorneys' fees and any opposition it may file.[3] *See* Collective

---

[2] See, for example, the matter styled *Compass Marketing, Inc. v. Daniel White*, Circuit Court for Anna Arundel County, Maryland, Case No. C-02-CV-23-000601.

[3] On July 30, 2026, KSMB produced to Daniel White invoices across all matters they handled for the company, including this case. *See* **Exhibit 2.**

**Exhibit 2.** Thus, any assertions in the Motion to Compel Former Counsel to Surrender File that KSMB has refused to turn over file materials to Daniel White are incorrect.

**V. Any ruling on Compass' Motion to Compel should be stayed pending the resolution of the appeal of the Custodian Order in Virgina**

On July 8, 2026, a Notice of Appeal was filed in the Virginia matter, Case No. CL21004012-00. In the Notice of Appeal filed by John White, it notes that the appeal challenges the May 1, 2026, Order appointing Daniel as custodian pendente lite of Compass Marketing, Inc. *See* **Exhibit 1.** As such, this matter should be stayed pending the resolution of the pending appeal of the Custodian Order in Virginia, as if the Order appointing Daniel White as custodian is reversed, he would not be entitled to Compass' otherwise privileged communications with its attorneys. *See Hunter Warfield, Inc. v. Certain Underwriters at Lloyd's Lond. & Certain Ins. Co. Subscribing to Pol'y No. B074021F3032*, 2025 U.S. Dist. LEXIS 260274, 2025 LX 533047, 2025 WL 3649520 at * 13-14 (D. Md. 2025) (stating that "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and that "Here, a limited stay of these proceedings until the Indiana State Court Appeal is resolved will conserve judicial resources and avoid burdening the parties with possibly unnecessary litigation on the issue of whether the Policy requires the Defendants to cover the punitive damages award assessed against the Plaintiff in the Judgment.").

**VI. Compass Marketing's Reliance on *United Stated of America v. Perez-Chach* is misplaced**

First, the *Perez-Chach* matter is an ongoing criminal case, not a civil matter. Second in Perez-Chach, unlike in this case, as Motion to Compel was filed. *See* U.S. District Court for the District of Maryland, Case No 13-cr-00496-DLB-8, Docket Entry No. 761. Third, in holding that

"the [trial] court abused its discretion in holding that it did not have the authority to grant Perez-Chach's motion to compel" the Fourth Circuit remanded the case "with instructions for the district court to consider Perez-Chach's motion and to order Perez-Chach's former trial counsel to respond if necessary for the resolution of the motion." The Fourth Circuit did not hold that Perez-Chach was entitled to the former counsel's file, only that the matter should be "considered" on remand. In that regard, Oppositions to the Motion to Compel have been filed and the matter is still pending. *See* Case No 13-cr-00496-DLB-8, Docket Entry Nos. 795, 796 & 797.

## VII. Conclusion

Wherefore, for the foregoing reasons, it is respectfully submitted that Compass Marketing's Motion to Compel Former Counsel to Surrender File should be denied.

## REQUEST FOR HEARING

Non-Parties Stephen Stern and Kagan Stern Marinello & Beard, LLC, by and through their undersigned counsel, hereby respectfully requests a hearing on their Opposition to Compass Marketing's Motion to Compel Former Counsel to Surrender File.

Respectfully submitted

*/s Daniel R. Hodges*______________
Daniel R. Hodges, Esq. (#28252)
ECCLESTON & WOLF. P.C.
7240 Parkway Drive, 4th Floor
Hanover, Maryland 21076
Phone: 410-752-7474
Fax: 410-752-0611
Email: hodges@ewmd.com
*Attorneys for KSMB*

*/s/ Rachael K. Morrissey*__________
Rachael K. Morrissey, Esq. (#32017)
ECCLESTON & WOLF, P.C.
7240 Parkway Drive, 4th Floor
Hanover, MD 21076
Phone: 410-752-7474
Fax: 410-752-0611
Email: morrissey@ewmd.com
*Attorneys for KSMB*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of August 2026 copies of the foregoing Opposition to Compass Marketing's Motion to Compel Former Counsel to Surrender File were e-filed and e-served on all parties and counsel of record via PACER.

*/s/Daniel Hodges*
Daniel Hodges