**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ASHLEY BOSHEA, as Administrator of the Estate of DAVID JOHN BOSHEA,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS MARKETING, INC.,<br><br>Defendant. | Civil Action No. 1:21-cv-00309-ELH |

**REPLY OF COMPASS MARKETING, INC. IN SUPPORT OF ITS MOTION TO COMPEL FORMER COUNSEL TO SURRENDER THE CLIENT FILE**

Compass Marketing, Inc. ("Compass"), acting through Daniel J. White, its court-appointed Custodian pendente lite, who appears solely in that capacity and for the limited purpose of recovering Compass's records, replies to the Opposition of Stephen Stern and Kagan Stern Marinello & Beard, LLC (together, "KSMB") (ECF 435) to Compass's Motion to Compel Former Counsel to Surrender the Client File (ECF 432) (the "Motion"). Compass has contemporaneously moved for leave to file this Reply out of time under Fed. R. Civ. P. 6(b)(1)(B).

## Introduction

KSMB appeared as counsel of record for Compass in this case from May 4, 2021 until May 18, 2026. ECF 433 at 4. During that time it tried the case twice, with two verdicts for plaintiff, and it withdrew after judgment with a fee application of more than one million dollars pending against its former client. ECF 433 at 1-2; ECF 365; ECF 419; ECF 414; ECF 415. It left without surrendering the client file. The Motion asks for that file and nothing else. ECF 432 at 1.

The Opposition does not deny that KSMB holds the file. It does not identify a single document it is entitled to withhold from its former client, although the Motion invited it to do so. ECF 432 at 4. It does not dispute that the material it has transmitted to date consists principally of

publicly available filings. ECF 432 at 2. It instead offers six reasons why the Court should not reach the question, and each rests on something the record contradicts.

The first is that Compass "cannot proceed pro se." ECF 435 at 1. The Motion was filed by Compass, a party, through the court-appointed officer who exercises its corporate powers, and that officer is a member of the Bar of this Court. ECF 432 at 5. The second is that the Court's August 21 Order confines Compass to the fee motion. ECF 435 at 2-3. The Motion exists for the fee motion, as the Motion says and as KSMB concedes. ECF 432 at 4; ECF 435 at 4. The third is that there is "nothing to compel" because no subpoena was served. ECF 435 at 3. The Motion is not a discovery motion and says so. ECF 432 at 1. The fourth is that the Court lacks authority to enforce the surrender obligation imposed on former counsel. ECF 435 at 3-4. The Fourth Circuit rejected that proposition in United States v. Perez-Chach, No. 25-6951 (4th Cir. July 31, 2026) (per curiam) (ECF 432-2). The fifth is that the Court should wait for a Virginia appeal. ECF 435 at 5. No court has stayed the Custodian Order, this Court has already given it full faith and credit, and KSMB says in the same Opposition that it is producing under that Order now. ECF 433 at 10-11; ECF 435 at 4. The sixth is that Perez-Chach is "misplaced." ECF 435 at 5-6. The Motion cited it for exactly the proposition KSMB concedes it holds.

The Custodian serves without compensation under an order of the court with jurisdiction over Compass's internal affairs. KSMB was paid for its work; it produced its invoices to the Custodian on July 30, 2026. ECF 435 at 4 n.3. KSMB is one of seven law firms that were paid to appear or act for Compass and have not surrendered its files to the Custodian: Morgan, Lewis & Bockius LLP; King & Spalding LLP; Perkins Coie LLP; Taft Stettinius & Hollister LLP; Fedder and Garten Professional Association; Smith & Downey, P.A.; and KSMB. The Custodian, alone and unpaid, is seeking Compass's records from all of them. Compass has no counsel and no funds

with which to retain any. ECF 433 at 7 (quoting ECF 428 at 13-14). The Custodian Order enjoins John White and those acting in concert with him from directing any payment to him or to his related entities, and from holding out anyone other than the Custodian as authorized to act for Compass. ECF 417-1, ¶ 3. The corporation is entitled to its own papers from the lawyers who appeared in its name and were paid for doing so, and the Court should order them surrendered.

## Argument

### I. Compass Acts Through Its Court-Appointed Custodian, and the Motion Falls Within the Court's August 21, 2026 Order.

KSMB's lead argument is that the Motion "must be dismissed" because Compass filed it "not through counsel" and "cannot proceed pro se." ECF 435 at 2. The argument is built on selective quotation of the Court's August 21 Memorandum. The passages KSMB quotes concern the Custodian's motion to intervene in his own name, and the Court's holding that the custodianship does not create a personal interest supporting intervention. ECF 433 at 16-17. That holding has nothing to do with the Motion. The Motion is not a motion to intervene and was not filed in the Custodian's name. It was filed by Compass, a party to this case since 2021, through the officer a court has appointed to exercise its corporate powers. ECF 432 at 1; ECF 417-1, ¶ 1; Va. Code § 13.1-748(C)(2). The Custodian seeks no personal relief.

The Motion was not filed by a lay officer attempting to practice law for a corporation. The rule KSMB invokes bars a corporation from acting in federal court through a person who is not a lawyer. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); L.R. 101.1(a). Every case the Court cited on August 21 involved a non-lawyer officer or shareholder attempting to act for the corporation, or an individual attempting to intervene in his own name. ECF 433 at 13-15. None addressed a corporation acting through a court-appointed custodian vested with its corporate powers, and none addressed a custodian who is himself a member of the court's bar. The Motion

was signed by a member of the Bar of this Court, D. Md. Bar No. 21937. ECF 432 at 5. There is no layperson advocating for the corporation. The Court, with the Motion before it three days later, did not strike it or treat it as a nullity; it noted that the Motion "is not yet ripe, because the time to respond has not expired." ECF 433 at 8 n.10. The Court also stated: "to the extent that Daniel seeks to represent Compass here, and he is a member of this Court's Bar, and he is otherwise authorized to do so, the Court knows of no reason that would preclude Movant from serving as defendant's counsel in connection with the Fee Motion." Id. at 3.

The Custodian appears solely and expressly in his capacity as Custodian pendente lite, for the limited purpose of recovering Compass's records, and in no other capacity. He does not seek to reopen the merits, conduct discovery, or assert any position unrelated to obtaining Compass's records. The Motion asks the Court to enforce an obligation that its own Local Rule 704 imposes on lawyers who appeared before it, owed to their former client. The Fourth Circuit has held that this Court has authority to grant that relief on the motion of the former client himself, without counsel; the movant in Perez-Chach was pro se. ECF 432-2 at 1-2. If a pro se individual may move this Court to compel his former lawyers to return his file, a corporation may do so through the court-appointed officer who lawfully controls it, particularly where that officer is a member of this Court's Bar. Compass has no funds to retain anyone else. ECF 433 at 7 (quoting ECF 428 at 13-14). KSMB's position, if accepted, would mean that a corporation left without money by the people who ran it and the lawyers who billed it could never recover its own file from those lawyers, because it could not pay a new lawyer to ask.

KSMB's related argument, that the August 21 Order permits Compass to act "solely for purposes of addressing the pending Motion for Attorney's fees, and not to engage in new discovery," fails on the Motion's own terms. ECF 435 at 3. The Motion seeks no discovery. ECF

432 at 1. It seeks the file of this litigation from the lawyers who conducted it, and Part IV of the Motion explains why: "Compass cannot meaningfully evaluate or respond to that application without the record of the litigation conducted in its name, which is held by lawyers who no longer represent Compass." Id. at 4. KSMB agrees. It says it transmitted materials to the Custodian "specifically so that Compass would have file materials to aid its evaluation of the motion for attorneys' fees and any opposition it may file." ECF 435 at 4. A motion to obtain the file needed to respond to ECF 419 is a motion "for purposes of addressing ECF 419." ECF 433 at 18. KSMB thus concedes that access to the file serves the precise purpose the Court's August 21 Order recognizes. The dispute is not whether Compass needs the file to address ECF 419. It is whether KSMB may decide unilaterally which portions of its former client's file Compass will receive, and when.

**II. The Motion Is Not a Rule 37 Discovery Motion, and Local Rule 104.8 Does Not Apply.**

KSMB argues that "there is nothing to compel" because it was never served with a subpoena or a Rule 34 request, and that the Motion fails for want of a Local Rule 104.8 conference and certificate. ECF 435 at 3. Both points assume the Motion is a discovery motion. It is not. The Motion states that it does not "conduct discovery" and that it "simply asks the Court to require attorneys who formerly represented Compass in this action to surrender the papers and property to which their former client is entitled under Maryland Rule 19-301.16(d)." ECF 432 at 1.

Rule 37(a) governs a party's failure to respond to discovery served under Rules 26 through 36. KSMB is not a third-party witness from whom Compass seeks evidence. It is Compass's former counsel of record in this case, the material sought is Compass's client file, and the obligation arises from the termination of the representation. Local Rule 704 applies the Maryland Attorneys' Rules of Professional Conduct to attorneys practicing before this Court, and Rule 19-301.16(d) requires

a lawyer, on termination of the representation, to surrender "papers and property to which the client is entitled." Perez-Chach confirms that a former client may enforce that obligation by motion in the case in which counsel appeared, without a subpoena. There, as here, the former client moved to compel former counsel to produce the case file; there, as here, no discovery had been served on counsel; and the Fourth Circuit held that the district court "abused its discretion in holding that it did not have the authority to grant" the motion, remanding with instructions "to order Perez-Chach's former trial counsel to respond if necessary." ECF 432-2 at 2.

Local Rule 104.8, by its terms, governs "motions to compel . . . responses to discovery requests directed to a non-party." ECF 435 at 3 (quoting L.R. 104.8). There is no discovery request here. Even if a conference requirement applied, its purpose was served by the Custodian's repeated written demands beginning June 18, 2026, KSMB's partial responses, and the resulting identification of the dispute that remains. ECF 432 at 2. KSMB does not contend that a further conference would have produced the file.

**III. The Court Has Authority to Order Former Counsel to Surrender the File.**

KSMB's fourth and sixth arguments go together. It argues that only the Supreme Court of Maryland may address violations of the Rules of Professional Conduct, that Local Rule 705 governs discipline in this Court, and that "no disciplinary proceedings have been instituted." ECF 435 at 3-4. It then argues that Perez-Chach is "misplaced" because it was a criminal case, because "unlike in this case, a[] Motion to Compel was filed," and because the Fourth Circuit held only that the district court had authority to consider the motion. Id. at 5-6.

The Motion does not seek discipline. It seeks the file. The Attorney Grievance Commission cases KSMB cites concern the Supreme Court of Maryland's original jurisdiction over attorney discipline. Attorney Grievance Comm'n v. Jarosinski, 411 Md. 432, 448 (2009); Attorney

Grievance Comm'n v. Kepple, 432 Md. 214, 224 (2013). Neither holds, or suggests, that a federal court cannot order a lawyer who appeared before it to return a former client's papers. Local Rule 705 governs disciplinary proceedings; Local Rule 704, which KSMB does not mention, makes the Maryland Rules the standard of conduct for every attorney practicing in this Court. The Motion invokes Rule 704 and the Court's authority to enforce the obligations it imposes. ECF 432 at 2-3.

Perez-Chach resolves the threshold question KSMB raises: this Court has authority, on motion in the underlying action and without a subpoena, to require former counsel to surrender the client file to the extent required by Rule 19-301.16(d). ECF 432-2 at 2. The remaining question is the application of that obligation to the records KSMB admits it continues to hold. KSMB's three distinctions do not hold. That the underlying case was criminal is immaterial; the obligation arises under Rule 19-301.16(d), which does not distinguish between civil and criminal representations, and the authority arises from the court's supervision of attorneys who appear before it. That a motion to compel was filed there is not a distinction; ECF 432 is a motion to compel. And KSMB's third point, that the Fourth Circuit held only that the district court had authority and remanded for consideration of the motion, is exactly the proposition for which the Motion cited the case. ECF 432 at 3. The Motion asks the Court to exercise that authority. That oppositions have been filed on remand in Perez-Chach, ECF 435 at 6, has no bearing on whether the authority exists.

## IV. KSMB Admits That It Holds Unproduced File Materials.

KSMB says that "any assertions in the Motion . . . that KSMB has refused to turn over file materials to Daniel White are incorrect," pointing to Dropbox links sent on June 23 and July 2, 2026 and invoices produced on July 30, 2026. ECF 435 at 4-5 & n.3. The Motion did not say KSMB had transmitted nothing. It said that "[t]he materials transmitted in response consisted principally of publicly available filings, not the nonpublic client file, engagement authority

documents, billing, or client-accounting records." ECF 432 at 2. KSMB's description of the Dropbox transmissions as "documents related to the instant case" does not answer that assertion. KSMB does not deny it, does not identify any nonpublic file material already produced, and does not state that production is complete. The invoices produced on July 30, 2026 are billing records, which the Motion also seeks; they are not the file. ECF 432 at 4-5.

The Opposition then confirms what remains. KSMB states that it "must review the voluminous records spanning many years to ensure compliance with all applicable Rules . . . including those related to confidentiality, work product and privilege" before producing. ECF 435 at 4. That representation answers KSMB's assertion that there is "nothing to compel." The records exist, KSMB holds them, and production is incomplete, more than four months after the Custodian Order was served on KSMB and a month after the Motion was filed. The stated ground for the delay is that "Daniel White was the opposing party to Compass in numerous cases." Id. The client was Compass. Md. Rule 19-301.13(a); ECF 432 at 4. Compass controls its attorney-client privilege, and KSMB cannot invoke that privilege as a basis for withholding Compass's communications from the court-appointed officer presently authorized to act for Compass. Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 348-49 (1985). The Custodian Order vests that authority in the Custodian and enjoins any person acting in concert with John White from "holding out any person other than the Custodian as authorized to act for Compass." ECF 417-1, ¶¶ 1, 3. The Arlington court entered that Order with the litigation history before it. In the Anne Arundel County action KSMB cites as evidence of adversity, ECF 435 at 4 n.2, Compass dismissed its claims against Daniel White on August 6, 2025, nine months before the Custodian Order was entered. Ex. B.

The Motion anticipated the possibility that KSMB might contend some item may properly be withheld, and asked that KSMB "identify the item and state the legal basis for withholding, so that any dispute may be resolved by the Court." ECF 432 at 4. KSMB identified nothing. If KSMB contends that a particular document is not part of the client file, implicates another client's rights, or is otherwise properly withheld, it must identify the document and state the specific legal basis for withholding it. Generalized references to confidentiality, privilege, or work product do not justify withholding the client file in its entirety or delaying production indefinitely. KSMB's assurance that it "will continue to provide appropriate and responsive documents (pursuant to the Va. Court Order)," ECF 435 at 4, is an acknowledgment of the obligation and of the Custodian Order's authority, on a timetable of KSMB's choosing. The Motion asks the Court to set the timetable.

**V. The Virginia Appeal Provides No Basis for a Stay.**

KSMB asks that any ruling be stayed because John White noticed an appeal of the Custodian Order on July 8, 2026, and "if the Order appointing Daniel White as custodian is reversed, he would not be entitled to Compass' otherwise privileged communications with its attorneys." ECF 435 at 5.

The Custodian Order "remains in full force and effect and has not been stayed, modified, or vacated." ECF 432 at 2. Under Virginia law, an appeal does not suspend the order appealed from; suspension requires a suspending bond, and the trial court may refuse to suspend an order granting injunctive relief. Va. Code § 8.01-676.1. No suspending bond has been posted, and on July 1, 2026 the Circuit Court for Arlington County denied John White's emergency motion to stay its orders and proceedings pending appeal. Ex. A. This Court has already given the Order full faith and credit under 28 U.S.C. § 1738. ECF 433 at 10-11. And KSMB's own Opposition states that it

"has provided, and will continue to provide, appropriate and responsive documents (pursuant to the Va. Court Order)." ECF 435 at 4. KSMB cannot at once comply with the Order as binding and ask this Court to treat it as suspended.

Hunter Warfield does not assist KSMB. There, the question before the federal court was whether a policy covered a punitive damages award, and the award itself was on appeal in state court; the coverage question could not be answered until the award was final. ECF 435 at 5 (quoting the decision). Here, the obligation to surrender the file runs to Compass whatever the outcome of John White's appeal. If the Custodian Order were reversed, the file would belong to whoever then lawfully controls Compass; it would not belong to KSMB. The appeal changes who may receive Compass's papers, not whether KSMB must surrender them. A stay would leave Compass's file indefinitely with former counsel, despite KSMB's acknowledgment that it remains obligated to produce under the unstayed Custodian Order.

## Conclusion

Compass respectfully requests that the Court grant the Motion and enter the revised proposed Order submitted with this Reply, directing Stephen Stern, Esq. and Kagan Stern Marinello & Beard, LLC, within ten days of entry, to surrender to Compass, through its court-appointed Custodian, the client file for this action and all papers and property to which Compass is entitled under Maryland Rule 19-301.16(d); to provide an itemized statement identifying any document withheld and the specific legal basis for withholding it; and to preserve all Compass records pending completion of production.

## Request for Hearing

KSMB has requested a hearing. ECF 435 at 6. Compass requested a hearing in the Motion and does not oppose one. ECF 432 at 5; L.R. 105.6.

Respectfully submitted,

/s/ Daniel J. White
Daniel J. White, Esq.
Custodian pendente lite of Compass Marketing, Inc.
D. Md. Bar No. 21937
Maryland AIS No. 0201030014
Virginia State Bar No. 98775
Post Office Box 1760
Leonardtown, Maryland 20650
Telephone: 240-298-8156
Email: danieljwhite@msn.com

Exhibits

Exhibit A: Order, Michael White, et al. v. Compass Marketing, Inc., No. CL21004012-00 (Va. Cir. Ct. Arlington Cnty. July 1, 2026), denying Intervenor's Emergency Motion to Stay Orders and Proceedings Pending Appeal

Exhibit B: Notice of Dismissal Without Prejudice for Defendant Daniel White, Compass Marketing, Inc. v. Daniel White, et al., No. C-02-CV-23-000601 (Cir. Ct. Anne Arundel Cnty. Aug. 6, 2025)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 17, 2026, the foregoing Reply, its exhibits, and the revised proposed Order were filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, including counsel for Stephen Stern and Kagan Stern Marinello & Beard, LLC, and that a copy was also sent by electronic mail to:

Daniel R. Hodges, Esq. (hodges@ewmd.com)
Rachael K. Morrissey, Esq. (morrissey@ewmd.com)
Eccleston & Wolf, P.C.
7240 Parkway Drive, 4th Floor
Hanover, Maryland 21076
William L. Mitchell, II, Esq. (wmitchell@ewva.com)
Eccleston & Wolf, P.C.
10400 Eaton Place, Suite 400
Fairfax, Virginia 22030

/s/ Daniel J. White
Daniel J. White, Esq.